UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ADRIAN SCHOOLCRAFT,

                            Plaintiff,

        -against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, SGT FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                            Defendants.
-------------------------------------------------------------------------x

10CV6005

**VERIFIED ANSWER**

**DEFENDANT ISAK ISAKOV DEMANDS TRIAL BY JURY**

      The defendant, ISAK ISAKOV, by his attorneys, IVONE, DEVINE & JENSEN, LLP, upon information and belief, answers the plaintiff's Complaint herein as follows:

## ANSWERING PRELIMINARY STATEMENT

1. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "1".

2. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "2" except denies a conspiracy.

## ANSWERING JURISDICTION

3. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "3".

## ANSWERING VENUE

4. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "4".

## ANSWERING JURY DEMAND

5. Admits to the allegations contained in the paragraph or subdivisions of the Complaint designated "5".

## ANSWERING THE PARTIES

6. Admits to the allegations contained in the paragraph or subdivisions of the Complaint designated "6" and "7".

7. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "8", "9", "10", "11", "12", "14", "19" and "20".

8. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "13" except admits JAMAICA HOSPITAL MEDICAL CENTER is a hospital located at 8900 Van Wyck Expressway, Jamaica, New York 11418.

9. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "15" except refers conclusions of law to the Court.

10. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "16" except admits DR. ISAK ISAKOV was and still is a physician duly licensed to practice medicine in the State of New York.

11. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "17" except admits DR. ISAK ISAKOV was an attending physician in the Department of Psychiatry at JAMAICA HOSPITAL MEDICAL CENTER.

12. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "18" except admits DR. LILIAN ALDANA-BERNIER was and still is a physician duly licensed to practice medicine in the State of New York.

## ANSWERING FACTUAL BACKGROUND

13. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144", "145", "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163", "164", "166", "167", "168", "169", "170", "171", "172", "173", "175", "176", "177", "178", "180", "181", "182", "183", "184", "189", "192", "201", "205", "207", "208", "209", "210", "211", "212", "214", "215", "216", "217", "218", "219", "220", "221", "222", "223", "224", "225", "226", "227", "228", "229", "230", "231", "232", "233", "234", "235", "236", "237", "238", "239", "240" and "241".

14. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "165" except admits the plaintiff was transported to the Jamaica Hospital.

15. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "174", "187", "188", "191", except refers to the hospital record.

16. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "179" except admits plaintiff was admitted into the psychiatric ward at JHMC.

17. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "185", "186", "190", "193", "194", "195", "196", "197", "198", "199", "200", "202", "203", "204", "206", "213" and "242".

## ANSWERING FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

18. As to the paragraph of the Complaint designated "243", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "242" inclusive with the same force and effect as if fully set forth at length herein.

19. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "244" and "245".

20. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "246", "247" and "248".

## ANSWERING SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

21. As to the paragraph of the Complaint designated "249", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs

"1" through "248" inclusive with the same force and effect as if fully set forth at length herein.

22. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "250" and "251".

### ANSWERING THIRD CLAIM FOR RELIEF
### VIOLATION OF FIRST AMENDMENT RIGHTS UNDER 42 U.S.C.§ 1983

23. As to the paragraph of the Complaint designated "252", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "251" inclusive with the same force and effect as if fully set forth at length herein.

24. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "253", "254", "255", "256", "257", "258", "259", "260", "261", "262", "263", "264", "265", "266" and "267".

### ANSWERING FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

25. As to the paragraph of the Complaint designated "268", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "267" inclusive with the same force and effect as if fully set forth at length herein.

26. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "269", "270", "271", "272", "273", "274" and "275".

### ANSWERING FIFTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C.§ 1983

27. As to the paragraph of the Complaint designated "276", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "275" inclusive with the same force and effect as if fully set forth at length herein.

28. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "277" and "278".

### ANSWERING SIXTH CLAIM FOR RELIEF
### FAILURE TO INTERCEDE UNDER 42 U.S.C.§ 1983

29. As to the paragraph of the Complaint designated "279", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "278" inclusive with the same force and effect as if fully set forth at length herein.

30. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "280", "281", "282" and "283".

### ANSWERING SEVENTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH AND ENTRY UNDER 42 U.S.C.§ 1983

31. As to the paragraph of the Complaint designated "284", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "283" inclusive with the same force and effect as if fully set forth at length herein.

32.     Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "285", "286", "287" and "288".

### ANSWERING EIGHTH CLAIM FOR RELIEF
### <u>INVOLUNTARY CONFINEMENT UNDER 42 U.S.C.§ 1983</u>

33.     As to the paragraph of the Complaint designated "289", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "288" inclusive with the same force and effect as if fully set forth at length herein.

34.     Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "290", "291", "292", "293", "294" and "295".

### ANSWERING NINTH CLAIM FOR RELIEF
### <u>CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C.§ 1983</u>

35.     As to the paragraph of the Complaint designated "296", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "295" inclusive with the same force and effect as if fully set forth at length herein.

36.     Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "297", "298", "299", "300" and "301".

### ANSWERING TENTH CLAIM FOR RELIEF
### <u>VIOLATION OF DUE PROCESS UNDER 42 U.S.C.§ 1983</u>

37.     As to the **second numbered** paragraph of the Complaint designated "300", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "301" inclusive with the same force and effect as if fully


set forth at length herein.

38. Denies each and every allegation contained in the **second numbered** paragraphs or subdivisions of the Complaint designated "301".

### ANSWERING ELEVENTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C.§ 1983

39. As to the paragraph of the Complaint designated "302", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "301" inclusive with the same force and effect as if fully set forth at length herein.

40. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "303", "304", **second numbered paragraph "304"**, "305", "306", "307", "308" and "312".

41. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "309", "310", "311".

### ANSWERING PENDANT STATE CLAIMS

42. As to the paragraph of the Complaint designated "313", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "312" inclusive with the same force and effect as if fully set forth at length herein.

43. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "314", "315", "316", "317", "318" and "319".

## ANSWERING FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW: ASSAULT

44.     As to the paragraph of the Complaint designated "320", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "319" inclusive with the same force and effect as if fully set forth at length herein.

45.     Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "321" and "322".

## ANSWERING SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW: BATTERY

46.     As to the paragraph of the Complaint designated "323", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "322" inclusive with the same force and effect as if fully set forth at length herein.

47.     Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "324", "325" and "326".

## ANSWERING THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW: FALSE ARREST

48.     As to the paragraph of the Complaint designated "327", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "326" inclusive with the same force and effect as if fully set forth at length herein.

49. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "328" and "329".

50. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "330".

### ANSWERING FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: FALSE IMPRISONMENT

51. As to the paragraph of the Complaint designated "331", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "330" inclusive with the same force and effect as if fully set forth at length herein.

52. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "332", "334", "335" and "336".

53. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "333".

### ANSWERING FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. As to the paragraph of the Complaint designated "337", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "336" inclusive with the same force and effect as if fully set forth at length herein.

55. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "338", "341", "342", "343", "344" and "345".

56. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "339" and "340".

### ANSWERING SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
(Defendant City of New York)

57. As to the paragraph of the Complaint designated "346", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "345" inclusive with the same force and effect as if fully set forth at length herein.

58. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "347", "348", "349", "350", "351", "352", "353", "354", "355", "356", "357", "358", "359", "360", "361", "362", "363", "364", "365", "366", "367", "368" and "369".

### ANSWERING SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW MEDICAL MALPRACTICE

59. As to the paragraph of the Complaint designated "370", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "369" inclusive with the same force and effect as if fully set forth at length herein.

60. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "371", "372" and "373".

## ANSWERING EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
### (Defendant JHMC)

61. As to the paragraph of the Complaint designated "374", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "373" inclusive with the same force and effect as if fully set forth at length herein.

62. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "375" and "378".

63. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "376" and "377".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

64. That the plaintiff contributed to the events referred to in the Complaint by culpable conduct, both intentional and negligent. By reason of the foregoing, damages are mitigated by Article 14-A of the CPLR.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

65. That the cause of action alleging a conspiracy fails to state a cause of action and accordingly is barred.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

66. That the care provided by this answering defendant, as well as the actions

taken in connection therewith, were undertaken with justification, good and probable cause, and good faith, as well. The actions herein are accordingly barred.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

67. That the evaluation and treatment provided by this answering defendant were undertaken pursuant to the Mental Hygiene Law of the State of New York so that this answering defendant acted with a privilege under the law and has immunity from liability therefor.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

68. This answering defendant pleads Article 16 of the CPLR in mitigation of damages so that joint tortfeasors are liable only for the relative share of damages for non-economic loss related to the culpable conduct of each, in proportion to that of all.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

69. Upon information and belief, plaintiff has received remuneration and/or compensation for some or all of his claimed economic loss and answering defendant is entitled to have any verdict or judgment reduced by the amount of that renumeration or compensation pursuant to Civil Practice Law and Rules § 4545.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

70. That the plaintiff's Complaint does not contain a certificate required by CPLR 3012-a and therefore fails to state a cause of action. By reason of the foregoing the actions

are barred.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

71. That the alleged cause of action pursuant to 424 U.S.C. Section 1983 is vague and conclusory and does not set forth specific allegations of fact which would entitle the plaintiff to recover. By reason of the foregoing, that cause of action is barred.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

72. That the plaintiff, by his actions and conduct failed to cooperate with the physicians who evaluated him at JAMAICA HOSPITAL MEDICAL CENTER and failed to give them important information that a reasonably prudent person, under the same or similar circumstances, would have given. By reason of the foregoing the plaintiff ADRIAN SCHOOLCRAFT knowingly and voluntarily assumed the risk of confinement and the events referred to in the Complaint, so as to bar the action; or, in the alternative, to mitigate damages herein.

WHEREFORE, defendant, ISAK ISAKOV, demands judgment dismissing the plaintiff's Complaint together with the costs and disbursements of this action.

Dated: Lake Success, New York
       September 7, 2010

Yours, etc.,

IVONE, DEVINE & JENSEN, LLP

By: *[signature]*
WILLIAM ROBERT DEVINE (7415)
Attorneys for Defendant
ISAK ISAKOV
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042
(516) 326-2400

TO:

JON L. NORINSBERG (JN2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5396
Norinsberg@aol.com

COHEN & FITCH LLP
Gerald Cohen (GC0414)
Joshua Fitch (JF2813)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York
Attorney for Defendant
CITY OF NEW YORK
100 Church Street, Room 2-124
New York, NY 10007
(212) 788-8703
dcanfiel@law.nyc.gov
Attn: Donna A. Canfield
Assistant Corporation Counsel

CALLAN, KOSTER, BRADY & BRENNAN, LLP
Attorneys for Defendant
DR. LILIAN ALDANA-BERNIER
1 Whitehall Street
New York, NY 10004-2140
(212) 248-0115

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK)
                         ) ss.:
COUNTY OF NASSAU )

      WILLIAM ROBERT DEVINE, being duly sworn, deposes and says:

      That he is a member of the firm IVONE, DEVINE & JENSEN, LLP, attorneys for the defendant ISAK ISAKOV in the within action.

      That the within ANSWER is true to the knowledge of deponent except as to the matters which are therein stated to be alleged upon information and belief and as to those matters he believes them to be true.

      That deponent further says that he maintains his office for the practice of law at 2001 Marcus Avenue, Lake Success, State of New York, and the reason why this verification is made by deponent and not by the aforesaid defendant is that said defendant is not within the County of Nassau, where deponent has his office.

      That deponent further says that the sources of his information are documents, papers, data and investigation reports secured in preparation for the defense of this lawsuit.

                                                     _____
                                                     WILLIAM ROBERT DEVINE (7415)

Sworn to before me this
7th day of September 2010

_____
Notary Public

        GLORIA L. SANDS
    Notary Public, State of NY
       No. 01SA4854128
   Qualified in Queens County
  Comm. Expires March 3, 2014

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)
                         ) ss.:
COUNTY OF NASSAU )

      Gloria Sands, being duly sworn, deposes and says that deponent is not a party to the action and is over the age of 18 years. That on September 7, 2010, deponent served the within VERIFIED ANSWER upon:

JON L. NORINSBERG (JN2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5396
Norinsberg@aol.com

COHEN & FITCH LLP
Gerald Cohen (GC0414)
Joshua Fitch (JF2813)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York
Attorney for Defendant
CITY OF NEW YORK
100 Church Street, Room 2-124
New York, NY 10007
(212) 788-8703
dcanfiel@law.nyc.gov
Attn: Donna A. Canfield
Assistant Corporation Counsel

CALLAN, KOSTER, BRADY & BRENNAN, LLP
Attorneys for Defendant
DR. LILIAN ALDANA-BERNIER
1 Whitehall Street
New York, NY 10004-2140
(212) 248-0115

those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department.

*[signature]*
Gloria Sands

Sworn to before me on
September 7, 2010

*[signature]*
Notary Public

HELEN A. GRAZIANO
Notary Public, State of New York
No. 01GR6027527
Qualified in Nassau County
Commission Expires July 6, 20 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADRIAN SCHOOLCRAFT,

                                    10CV6005

                    Plaintiff,

        -against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, SGT FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                    Defendants.

---

                    VERIFIED ANSWER

---

            IVONE, DEVINE & JENSEN, LLP
            Attorneys for Defendant
                 ISAK ISAKOV
              2001 Marcus Avenue
          Lake Success, New York  11042
                 (516) 326-2400