GJR/DA
667-82153

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

Plaintiff,

-against-

THE CITY OF NEW YORK, DEPUTY CHIEF
MICHAEL MARINO, Tax Id. 873220, Individually
and in his Official Capacity, ASSISTANT CHIEF
PATROL    BOROUGH    BROOKLYN    NORTH
GERALD NELSON, Tax Id. 912370, Individually and
in his Official Capacity, DEPUTY INSPECTOR
STEVEN MAURIELLO, Tax Id. 895117, Individually
and in his Official Capacity CAPTAIN THEODORE
LAUTERBORN, Tax Id. 897840, Individually and in
his Official Capacity, LIEUTENANT JOSEPH GOFF,
Tax Id. 894025, Individually and in his Official
Capacity, SGT. FREDERICK SAWYER, Shield No.
2576, Individually and in his Official Capacity,
SERGEANT KURT DUNCAN, Shield No. 2483,
Individually    and    in    his    Official    Capacity,
LIEUTENANT CHRISTOPHER BROSCHART, Tax
Id. 915354, Individually and in his Official Capacity,
LIEUTENANT TIMOTHY CAUGHEY, Tax Id.
885374, Individually and in his Official Capacity,
SERGEANT SHANTEL JAMES, Shield No. 3004,
AND P.O.'s "JOHN DOE" #1-50, Individually and in
their Official Capacity (the name John Doe being
fictitious, as the true names are presently unknown)
(collectively referred to as "NYPD defendants"),
JAMAICA HOSPITAL MEDICAL CENTER, DR.
ISAK ISAKOV, Individually and in his Official
Capacity,    DR.    LILIAN    ALDANA-BERNIER,
Individually    and    in    her    Official    Capacity    and
JAMAICA    HOSPITAL    MEDICAL    CENTER
EMPLOYEE'S "JOHN DOE" # 1-50, Individually and
in their Official Capacity (the name John Doe being
fictitious, as the true names are presently unknown),

10 CIV 6005 (RWS)

Defendants.

-------------------------------------------------------------------X

**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**
**BY DEFENDANT JAMAICA HOSPITAL MEDICAL CENTER**

Of Counsel:    Gregory J. Radomisli (2670)

1506416_1.DOC

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ iii

PRELIMINARY STATEMENT ..................................................................................... 1

PROCEDURAL HISTORY ............................................................................................ 1

PLAINTIFF'S AMENDED COMPLAINT ................................................................... 1

ARGUMENT.................................................................................................................... 2

    POINT I

    PLAINTIFF CANNOT MAINTAIN CLAIMS
    AGAINST JAMAICA HOSPITAL BASED UPON
    THE DOCTRINE OF *RESPONDEAT SUPERIOR* ....................................................... 2

    POINT II

    PLAINTIFF CANNOT MAINTAIN CLAIMS FOR
    CIVIL RIGHTS VIOLATIONS AGAINST JAMAICA
    HOSPITAL BECAUSE IT IS NOT A STATE ACTOR ................................................. 4

        1.    General Principles for Liability Under §1983 ......................................... 4

            A.    Defendants' actions do not pass the state
                compulsion test .............................................................................. 6

            B.    Defendants' actions do not pass the public
                function test ................................................................................... 7

            C.    Plaintiff's Amended Complaint does not sufficiently
                plead joint action/close nexus...................................................... 8

        2.    General Principles for Failure to State a Cause
            of Action ................................................................................................. 9

        3.    Plaintiff's Allegations Are Insufficient Under
            *Iqbal* and *Twombly* ............................................................................. 10

    POINT III

    THE COURT SHOULD DECLINE TO EXERCISE
    SUPPLEMENTAL JURISDICTION OVER
    PLAINTIFF'S STATE LAW CLAIM .......................................................................... 14

CONCLUSION ............................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*American Mfrs. Mut. Ins. Co. v. Sullivan,*
  526 U.S. 40, 119 S.Ct. 977 (1999) ...................................................................................5

*Amofa v. Bronx-Lebanon Hosp. Ctr.,*
  2006 WL 3316278 (S.D.N.Y. 2006) ..............................................................................5

*Ashcroft v. Iqbal,*
  __U.S. __, 129 S.Ct. 1937 (2009) ................................................................................9

*Baylis v. Marriott Corp.,*
  843 F.2d 658 (2d Cir. 1988) ..........................................................................................14

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 127 S.Ct. 1955 (2007) ........................................................................9, 10

*Blum v. Yaretsky,*
  457 U.S. 991, 102 S.Ct. 2777 (1982) .........................................................................6, 8

*Bodek v. Bunis,*
  2007 WL 1526423 (W.D.N.Y. 2007)......................................................................11, 12

*Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n,*
  531 U.S. 288 (2001) ........................................................................................................6

*Ciambriello v. County of Nassau,*
  292 F.3d 307 (2d Cir. 2002) ...................................................................................5, 11, 12

*Dahlberg v. Becker,*
  748 F.2d 85 (2d Cir. 1984) ............................................................................................12

*Doe v. Harrison,*
  254 F.Supp.2d 338 (S.D.N.Y. 2003) .......................................................................5, 7, 8

*Dove v. City of New York,*
  2005 U.S.Dist.LEXIS 22178 (S.D.N.Y. 2005) ..........................................................3, 4

*Dove v. Fordham University,*
  56 F.Supp.2d 330 (S.D.N.Y. 1999) .................................................................................4

*Dwares v. New York,*
  985 F.2d 94 (2d Cir. 1993) ............................................................................................11

*Fisk v. Letterman,*
  401 F.Supp.2d 362 (S.D.N.Y. 2005) .........................................................................3, 11

*Flagg Bros., Inc. v. Brooks,*
  436 U.S. 149, 98 S.Ct. 1729 (1978) ...............................................................................4

*Forbes v. City of New York,*
  2008 WL 3539936 (S.D.N.Y. 2008) .............................................................................13

*Garcia v. Senkowski,*
  919 F.Supp. 609 (N.D.N.Y. 1996). .................................................................................3

*Ginsberg v. Healey Car & Truck Leasing, Inc.,*
  198 F.3d 268 (2d Cir. 1999) ..................................................................................13

*Harvey v. Harvey,*
  949 F.2d 1127 (11th Cir. 1992). ...............................................................................8

*Jackson v. Metropolitan Edison Co.,*
  419 U.S. 345, 95 S.Ct. 449 (1974) .................................................................7, 8, 11

*Johns v. Home Depot U.S.A., Inc.,*
  221 F.R.D. 400 (S.D.N.Y. 2004)..............................................................................12

*Johnson v. Columbia University,*
  2003 U.S.Dist.LEXIS 20932 (S.D.N.Y. 2003) ......................................................3, 8

*Jouthe v. City of New York,*
  2009 WL 701110 (E.D.N.Y. 2009) .............................................................................3

*Kolari v. New York Presbyterian Hospital,*
  455 F.3d 118 (2d Cir. 2006) ....................................................................................14

*Koulkina v. City of New York,*
  559 F.Supp.2d 300 (S.D.N.Y. 2008) ..................................................................10, 11

*Lewis v. Krymkevich,*
  2009 U.S.Dist.LEXIS 117713 (S.D.N.Y. 2009) ......................................................11

*Luciano v. City of New York,*
  684 F.Supp.2d 417 (S.D.N.Y. 2010) ....................................................................9, 14

*Melnitzky v. HSBC Bank USA,*
  2007 WL1159639 (S.D.N.Y. 2007) .........................................................................14

*Middleton v. City of New York,*
  2006 WL 1720400 (E.D.N.Y. 2006) ........................................................................12

*Morse v. University of Vermont.,*
  973 F.2d 122 (2d Cir. 1992) ....................................................................................14

*Okunieff v. Rosenberg,*
  996 F.Supp. 343 (S.D.N.Y. 1998) ....................................................................5, 6, 8

*Okunieff v. Rosenberg,*
  166 F.3d 507 (2d Cir. 1999) ......................................................................................6

*Pitchell v. Callan,*
  13 F.3d 545 (2d Cir. 1994) ........................................................................................4

*Pollack v. Nash,*
  58 F.Supp.2d 294 (S.D.N.Y. 1999) ..........................................................................11

*Richardson v. Goord,*
  347 F.3d 431 (2d Cir. 2003) ......................................................................................2

*Rigano v. County of Sullivan,*
  2007 WL1133280 (S.D.N.Y. 2007) .........................................................................14

*Sasscer v. Barrios-Paoli,*
  2008 WL 5215466 (S.D.N.Y. 2008) .......................................................................11

*Spear v. Town of West Hartford,*
  954 F.2d 63 (2d Cir. 1992) .......................................................................................8

*Spencer v. Lee,*
  864 F.2d 1376 (7th Cir. 1989) ..................................................................................7

*Sybalski v. Independent Group Home Living Program Inc.,*
  2008 WL 4570642 (2nd Cir. 2008) ......................................................................6, 8

*Thomas v. Roach,*
  165 F.3d 137 (2d Cir. 1999) .....................................................................................4

*Tops Markets, Inc. v. Quality Markets, Inc.,*
  142 F.3d 90 (2d Cir.1998) ..................................................................................14, 15

*Valez v. City of New York,*
  2008 WL 5329974 (S.D.N.Y. 2008) ..................................................................12, 13

*Vazquez v. Combs,*
  2004 WL 2404224 (S.D.N.Y. 2004) .......................................................................13

*Veloz v. New York,*
  339 F.Supp.2d 505 (S.D.N.Y. 2004) .....................................................................2-3

**Rules**

Rule 12..............................................................................................................1, 3, 9, 12

Rule 8.........................................................................................................................1, 9

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of defendant JAMAICA HOSPITAL MEDICAL CENTER in support of its motion for an Order dismissing plaintiff's Complaint pursuant to Rules 8(a)(2), 12(b)(1), 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure because plaintiff cannot maintain this action against the moving defendant based upon the doctrine of *respondeat superior*; or in the alternative, because the moving defendant was not a state actor acting under color of law; declining to exercise supplemental jurisdiction over plaintiff's State law claims, and such other and further relief as this Court deems just and proper.

## PROCEDURAL HISTORY

Plaintiff filed a Summons and Complaint in the United States District Court, Southern District of New York, on or about August 10, 2010 (Exhibit "A"). Issue was joined by service and filing of a Verified Answer on behalf of defendant JAMAICA HOSPITAL MEDICAL CENTER ("Jamaica Hospital") on September 7, 2010 (Exhibit "B"). On or about September 12, 2010, plaintiff filed an Amended Summons and Complaint (Exhibit "C"). On October 6, 2010, Jamaica Hospital filed a Verified Answer to the Amended Complaint (Exhibit "D").

## PLAINTIFF'S AMENDED COMPLAINT

In his Amended Complaint, plaintiff claims that several codefendant New York City Police Officers ("the City defendants") unlawfully entered his home, forcibly removed him in handcuffs, seized his personal affects and "had him admitted to Jamaica Hospital against his will, under false and perjurious information that plaintiff was 'emotionally disturbed'" (¶2, Exhibit "C"). Plaintiff alleges that the codefendant police officers "conspired with Jamaica Hospital Center personnel to have plaintiff involuntarily committed in its psychiatric ward" for 6 days in

an effort "to tarnish plaintiff's reputation" and to undermine his claims that there was widespread corruption in the New York City Police Department ("NYPD") (¶2, Exhibit "C").

Plaintiff's Amended Complaint asserts 10 claims for relief under Federal law and 8 claims for relief under State law.  Of the 10 claims for relief under Federal law, the Seventh, Eighth and Ninth Claims are specifically addressed to Jamaica Hospital (¶¶270-284, Exhibit "C").[1]  Specifically, plaintiff alleges that the Jamaica Hospital physicians violated plaintiff's civil rights pursuant to 42 U.S.C. §1983 by involuntarily hospitalizing him in violation of New York Mental Hygiene Law §9.39, thereby depriving plaintiff of his substantive and procedural due process rights as set forth in the 5th and 14th Amendments of the Constitution (¶270-276, Exhibit "C"); conspired with the NYPD to violate plaintiff's civil rights pursuant to 42 U.S.C. §1983 (¶¶277-282, Exhibit "C"); and violated his rights to due process pursuant to 42 U.S.C. §1983 by involuntarily hospitalizing him without notice, hearing or an opportunity to be heard or to challenge his confinement, in violation of the 5th and 14th Amendments of the Constitution (¶¶283-284, Exhibit "C").

## ARGUMENT

### POINT I

### PLAINTIFF CANNOT MAINTAIN FEDERAL CLAIMS AGAINST JAMAICA HOSPITAL BASED UPON THE DOCTRINE OF *RESPONDEAT SUPERIOR*

Plaintiff's Federal claims should  be dismissed against Jamaica Hospital at the outset because the doctrine of *respondeat superior* is inapplicable to §1983 claims. *See Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Veloz v. New York*, 339 F.Supp.2d 505, 519 (S.D.N.Y.

---

[1]   To the extent that plaintiff may argue that the first through sixth claims for relief also apply to Jamaica Hospital notwithstanding the language which implies that they are more properly directed against the City defendants, those claims should be dismissed for the same reasons the seventh through ninth claims should be dismissed, as discussed herein.  Plaintiff's tenth claim for relief pertains to the City defendants only.

2004); *Garcia v. Senkowski*, 919 F.Supp. 609, 616 (N.D.N.Y. 1996). It is well-settled law "that private employers are not liable under [§]1983 for the constitutional torts of their employees unless the plaintiff proves that action pursuant to official policy of some nature caused the constitutional tort." *Jouthe v. City of New York*, 2009 WL 701110 at *18 (E.D.N.Y. 2009) (citation omitted); *see also Johnson v. Columbia University*, 2003 U.S.Dist.LEXIS 20932 at *7 (S.D.N.Y. 2003) (a private employer will not be liable for the constitutional torts of its employees under the doctrine of *respondeat superior* in actions brought pursuant to 42 USC 1983). Even if the codefendant attending psychiatrists were considered Jamaica Hospital employees for the purposes of this motion, plaintiff has not alleged that they (or any other Jamaica Hospital staff members) acted pursuant to an official policy to deprive the plaintiff of his civil rights. Accordingly, plaintiff cannot maintain a §1983 claim against Jamaica Hospital.

In *Jouthe v. City of New York*, the Court dismissed the Complaint against Long Island Jewish Hospital because plaintiffs did not allege that the Hospital maintained an unconstitutional policy under which one of the named defendants acted to deprive plaintiff of a constitutional right. In *Johnson v. Columbia University*, the Court dismissed the Complaint against Columbia University pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because plaintiff had not alleged that Columbia had a policy, pattern or practice that caused the alleged injury. *See also Fisk v. Letterman*, 401 F.Supp.2d 362 (S.D.N.Y. 2005) (dismissing §1983 claim against corporate defendants where plaintiff failed to allege a policy of violating individuals' civil rights). Similarly, the plaintiff herein does not make that allegation.

The Court's discussion of vicarious liability in the context of involuntary hospitalization in *Dove v. City of New York*, 2005 U.S.Dist.LEXIS 22178 (S.D.N.Y. 2005) is instructive. In that case, the plaintiff claimed that his civil rights were violated when he was involuntarily hospitalized under the Mental Hygiene Law. Plaintiff alleged that various private entities

conspired with the personnel at various state hospitals to have him committed as "punishment" for his having filed a complaint against one of the defendants.  *Dove* at \*4.  The private defendants moved to dismiss the case.  The Court noted that Section 1983 imposes liability on defendants who *personally* deprive someone of a federal right or who *personally* causes such a deprivation to occur.  *Dove* at \*8, *citing Dove v. Fordham University*, 56 F.Supp.2d 330, 336 (S.D.N.Y. 1999), *aff'd sub nom. Dove v. Fordham University*, 210 F.3d 354 (2d Cir. 2000).  The Court stated that it is "equally established that liability under Section 1983 may not be predicated on a theory of *respondeat superior* or vicarious liability." *Dove* at \*8, *citing Dove v. Fordham University*, 56 F.Supp.2d 330, 336 (S.D.N.Y. 1999), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000).  Accordingly, plaintiff cannot maintain a §1983 claim against Jamaica Hospital.

## POINT II

### PLAINTIFF CANNOT MAINTAIN CLAIMS FOR CIVIL RIGHTS VIOLATIONS AGAINST JAMAICA HOSPITAL BECAUSE IT IS NOT A STATE ACTOR

In paragraph 13 of his Amended Complaint, plaintiff alleges that Jamaica Hospital is a "privately owned hospital" (¶13, Exhibit "C").  In its Answer, Jamaica Hospital did not deny that allegation and, consequently, admitted it (Exhibit "B").

1.    General Principles for Liability Under §1983

Section 1983 does not create substantive rights, but provides a "procedure of redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).  In order to succeed on a cause of action under §1983, a plaintiff must prove 1) that the defendant was acting under color of state law and 2) that such conduct deprived the plaintiff of a right, privilege or immunity guaranteed by the federal constitution or federal law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729 (1978); *see also Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  Because the U.S. Constitution does not regulate private parties, a plaintiff

claiming his constitutional rights have been violated must first establish that the challenged conduct constitutes state action. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002).   To state a claim under §1983, then, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law. *Id.*   An act that is not performed under color of law (i.e., merely private conduct) is not a violation of §1983 "no matter how discriminatory or wrongful" the act may be. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977 (1999).  Plaintiff concedes in his Complaint that Jamaica Hospital is a private institution, and never alleges that Jamaica Hospital acted under color of law (*See* Exhibit "C").

Generally, a private hospital and its employees are not considered state actors for §1983 purposes. *See Amofa v. Bronx-Lebanon Hosp. Ctr.*, 2006 WL 3316278 at *4 (S.D.N.Y. 2006); *see also Okunieff v. Rosenberg*, 996 F.Supp. 343 (S.D.N.Y. 1998), *aff'd* 166 F3d 507 (2d Cir. 1999) (§1983 claims cannot be brought against a private hospital or private physicians based upon a patient's involuntary hospitalization pursuant to the Mental Hygiene Law); *Doe v. Harrison*, 254 F.Supp.2d 338 (S.D.N.Y. 2003) .

Accordingly, unless plaintiff demonstrates state action, plaintiff cannot state a claim against Jamaica Hospital for violation of his constitutional rights for "unlawfully and involuntarily [confining] plaintiff" to Jamaica Hospital without his consent or "any lawful basis" (¶272, Exhibit "C"); for violating Section 9.39 of the Mental Hygiene Law by allegedly failing to perform the necessary tests to determine if the plaintiff warranted hospitalization (¶273, Exhibit "C"); for involuntarily hospitalizing the plaintiff "without justification" in violation of his constitutional rights (¶274, Exhibit "C"); or for depriving him of his liberty, and/or his substantive and procedural due process rights (¶¶275, 276 and 282, Exhibit "C").  Consequently, plaintiff's claims that the Jamaica Hospital staff violated his civil rights must be dismissed. *See Okunieff, supra.*

1506416_1.DOC

5

Under certain circumstances, however, the actions of a private entity can be attributable to the state such that state action is imputed to the private party, which can then subject the private party to liability under 42 USC 1983. Those circumstances exist when 1) the entity acts pursuant to the "coercive power" of the state, or is "controlled" by the state ("the compulsion test"); 2) when the state provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the [s]tate," or the entity's functions are "entwined" with state policies ("the joint action" or "close nexus" test); or 3) when the entity "has been delegated a public function by the [s]tate" (the "public function" test). *Sybalski v. Independent Group Home Living Program Inc.*, 2008 WL 4570642 (2nd Cir. 2008), *2, *citing   Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001) (citations and internal quotation marks omitted); *Okunieff*, 996 F.Supp. at 348. Significantly, the United States Court of Appeals for the Second Circuit has already held that under all three of those tests, involuntary hospitalization by a private party, as in this case, does not convert private conduct into state action for purposes of section 1983. *See Okunieff v. Rosenberg*, 166 F.3d 507 (2d Cir. 1999).

A.    Defendants' actions do not pass the state compulsion test

Under the state compulsion test, a state can be held responsible for a private decision "only when it has exercised coercive power or provided such significant encouragement, overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777 (1982). In *Blum*, private nursing home officials discontinued plaintiffs' Medicaid benefits because plaintiffs refused a transfer to another health care facility. The Court found that the extensive New York State Social Service regulations <u>did not demonstrate that the State was responsible for the decision to discharge or transfer patients;</u>

instead, those decisions ultimately turned on medical judgments made by private physicians according to professional standards not established by the State. Id. at 1008-09. Accordingly, the Court held that the decision to transfer Medicaid patients to lower levels of care did not constitute state action under Section 1983. Id. at 1012. As stated in *Doe v. Harrison*, 254 F.Supp.2d 338, 341 (S.D.N.Y. 2003), state action through state compulsion "requires actual coercion by a state actor that impacts upon the private physician's decision-making."

According to the Amended Complaint, plaintiff alleges that the codefendant NYPD officers who transported the plaintiff to Jamaica Hospital "convinced" doctors to have him involuntarily hospitalized by making "false" statements (¶¶165-170, Exhibit "C"). Similarly, in ¶200, plaintiff alleges that the NYPD officers falsified evidence and submitted it to the Jamaica Hospital staff "in an effort to silence, intimidate, threaten or otherwise deem plaintiff incredible should the evidence of corruption and misconduct within plaintiff's possession ever surface" (Exhibit "C"). Those allegations do not constitute coercion, but chicanery. Therefore, plaintiff cannot legitimately argue that Jamaica Hospital can be considered a state actor pursuant to the state compulsion test. *See Doe v. Harrison*, 254 F.Supp.2d at 342.

### B.    Defendants' actions do not pass the public function test

Under the public function test, the plaintiff must demonstrate that the private entity assumed powers "traditionally exclusively reserved to the State." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 95 S.Ct. 449 (1974). History is extremely relevant regarding whether a given activity was an exclusive sovereign function. *Spencer v. Lee*, 864 F.2d 1376, 1380-81 (7th Cir. 1989) (Historical analysis demonstrated that involuntary commitment was not a traditional public function).

The Southern and Eastern District Courts of New York, as well as  the Second Circuit

Court of Appeals, have held in various cases that care of the mentally ill in New York was not a function that was "traditionally" and "exclusively" reserved by the state. *See Okunieff*, 996 F.Supp. at 353-55; *Sybalski v. Independent Group Home Living Program Inc.*, 2007 WL 1202864 at *5 (E.D.N.Y. 2007), *aff'd*, 2008 WL 4570642 (2nd Cir. 2008); *Doe v. Harrison*, 254 F.Supp.2d 338, 343 (S.D.N.Y. 2003).  Therefore, the defendants' actions cannot be attributed to the state under the public function test.

C. <u>Plaintiff's Complaint does not sufficiently plead joint action/close nexus</u>

Under the joint action/close nexus test, a private individual can be deemed a state actor when there is a sufficiently close nexus between the state and the challenged action of the private individual so that the individual's action may be fairly attributed to the State. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449 (1974). This requirement ensures that constitutional standards are invoked only when the State is responsible for the specific conduct of which the plaintiff complains. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Actions of a private party satisfy the nexus test only when the state government jointly participates with the private party to deprive the plaintiff of her constitutional rights. *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir. 1992).

Based upon plaintiff's allegations in the Eight and Tenth Claims for Relief, the only test which could arguably be applied to establish state action is the "joint action" test.  Plaintiff also specifically alleges in the Ninth Claim for Relief that Jamaica Hospital conspired with the NYPD to violate his civil rights.  As discussed in greater detail below, plaintiff's allegations are not sufficient to establish state action on behalf of Jamaica Hospital, and therefore plaintiff cannot state a claim for violation of his civil rights. *See e.g. Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992); *Johnson v. Columbia University*, 2003 U.S.Dist.LEXIS at *13.

2.      <u>General Principles for Failure to State a Cause of Action</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). A Complaint will also not be sufficient to state a cause of action if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, __U.S. at __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557).

Although historically Courts were required to accept plaintiff's allegations as true when deciding a motion to dismiss pursuant to Rule 12(b)(6) and failure to comply with Rule 8(a)(2), the United States Supreme Court recently recognized in *Iqbal* that, "the tenet that a court must accept as true all of the allegations contained in a complaint <u>is inapplicable to legal conclusions</u>." __U.S. at __, 129 S.Ct. at 1949 (emphasis added). The Court is not required to accept as true "a legal conclusion couched as a factual allegation." __ U.S. at __, 129 S.Ct. at 1250 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

To the extent that a Complaint contains factual allegations that are not the equivalent of legal conclusions, the Complaint must contain sufficient factual matter that, if accepted as true, would state a claim that is "plausible on its face" if the Complaint is to survive a motion to dismiss. 550 U.S. at 570, 127 S.Ct. at 1974. Pleadings that are no more than conclusions are not entitled to the assumption of truth. *Luciano v. City of New York*, 684 F.Supp.2d 417, 419 (S.D.N.Y. 2010), *quoting Ashcroft v. Iqbal*, __ U.S. at __, *129 S.Ct. at 1950*. The Supreme Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal* __ U.S. at __ , 129 S.Ct. at 1949 (citations omitted).  Plaintiff must allege "enough to raise a right to relief above the speculative level." *Twombly*, __ U.S. at __ , 127 S.Ct. at 1965.

3.  Plaintiff's Allegations Are Insufficient Under *Iqbal* and *Twombly*

The following allegations in plaintiff's Amended Complaint are relevant to determine whether plaintiff has adequately pled "joint action" or a conspiracy to violate plaintiff's civil rights:

"201.  [T]he NYPD defendants maintained contact with [Jamaica Hospital] for the six (6) days to ensure that plaintiff. . . remained at the hospital, and did so for the sole purpose of ensuring that [Jamaica Hospital] continued to detain plaintiff.

202.  In fact, when questioned by plaintiff about his release date, defendant ISAKOV responded that he "WANTED TO HEAR FROM THE [POLICE] DEPARTMENT FIRST" before he could answer that question and tell plaintiff when he would be released (emphasis original).

203.  In allowing the NYPD to dictate the medical policy at [Jamaica Hospital]. . . [Jamaica Hospital] departed from good and accepted medical practice by unlawfully and involuntarily confining plaintiff for six days.

204.  Additionally, defendant [Jamaica Hospital], in furtherance of its agreement with NYPD officials, explicitly and/or tacitly formed an agreement to involuntarily confine plaintiff despite objective medical evidence mandating his release, as a 'favor' to defendant officers in furtherance of their scheme to ultimately silence plaintiff and/or otherwise impeach his credibility.

\*     \*     \*

278.  Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, imprisonment, and involuntary confinement of plaintiff ADRIAN SCHOOLCRAFT."

Plaintiff's allegations are not sufficient to state a cause of action, particularly because  a complaint alleging a conspiracy to violate civil rights is held "to a heightened pleading standards." *Koulkina v. City of New York*, 559 F.Supp.2d 300, 318 (S.D.N.Y. 2008), *quoting*

*Pollack v. Nash*, 58 F.Supp.2d 294, 299 (S.D.N.Y. 1999). To state a claim for conspiracy, the complaint must contain more than mere conclusory allegations. *Koulkina*, 559 F.Supp.2d at 318; *see also Dwares v. New York*, 985 F.2d 94, 99 (2d Cir. 1993).

Furthermore, to satisfy the joint action test while also adhering to the pleading requirements of *Iqbal* and *Twombly*, the plaintiff must "submit factual evidence to demonstrate that the State had so far insinuated itself into a position of interdependence with [Jamaica Hospital] that it was a joint participant in the enterprise." *See Lewis v. Krymkevich*, 2009 U.S.Dist.LEXIS 117713 at *21-22 (S.D.N.Y. 2009), *citing Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357-58, 95 S.Ct. 449 (1974). In addition, in this case, plaintiff must also submit factual evidence demonstrating that the NYPD was "so involved" in the Jamaica Hospital staff's decision making "that it overrides a doctor's independent, medical judgment." *Lewis*, at *22.

In *Sasscer v. Barrios-Paoli*, 2008 WL 5215466 (S.D.N.Y. 2008), the plaintiff opposed defendants' 12(b)(6) motion to dismiss by arguing, *inter alia*, that the private defendant and the state actor "acted willfully in a joint fashion" to deprive the plaintiff of her constitutional rights. 2008 WL 5215466 at *6. The Court held that "plaintiff's conclusory assertion is insufficient to allege a conspiracy" between the private and state actors. 2008 WL 5215466 at *6. *See also Ciambriello v. County of Nassau*, 292 F.3d 307 (2d Cir. 2002) (a conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a §1983 claim against the private entity); *Bodek v. Bunis*, 2007 WL 1526423 (W.D.N.Y. 2007). Plaintiff's allegations herein are equally conclusory.

Plaintiff's allegation that the NYPD police officers spoke with Jamaica Hospital physicians about the plaintiff is insufficient to state a cause of action. *See Fisk v. Letterman*, 401 F.Supp.2d 362, 337 (S.D.N.Y. 2005) (communications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make

the private party a state actor); *Johns v. Home Depot U.S.A., Inc.*, 221 F.R.D. 400, 404 (S.D.N.Y. 2004) (a private party who calls the police is not rendered a state actor even if the call caused plaintiff to be detained).  Significantly, that principle "holds true even where, as plaintiffs assert, the statements or testimony is false." *See Bodek v. Bunis*, 2007 WL 1526423 at *7; *Middleton v. City of New York*, 2006 WL 1720400, *8 (E.D.N.Y. 2006).

Although plaintiff alleges that the NYPD police officers provided false information to the Hospital physicians in order to precipitate his hospitalization, such action is not sufficient to warrant state action. *See Bodek v. Bunis*, 2007 WL 1526423 at *7; *Middleton v. City of New York*, 2006 WL 1720400, *8 (E.D.N.Y. 2006).

In *Valez v. City of New York*, 2008 WL 5329974 (S.D.N.Y. 2008), the plaintiff's landlord provided false information to the police, resulting in his arrest and ten-day confinement.  The plaintiff sued the City and his landlords, and the landlords moved to dismiss pursuant to Rule 12(b)(6) arguing, *inter alia*, that they were not acting under color of state law.

The Court granted the motion.  The Court examined the Second Circuit decision in *Dahlberg v. Becker*, 748 F.2d 85, 92 (2d Cir. 1984), which held that in cases finding joint activity sufficient to support deeming private activity state action, the private actors and state agents "carried out a deliberate, previously agreed upon plan," or their activity "constitute[d] a conspiracy or meeting of the minds." *Valez* at *3.  The Court noted that a Complaint which merely alleged that the private actors acted in concert was not enough; a "meeting of the minds or intent to conspire" was necessary. *Valez* at *3. *See also Ciambriello v. County of Nassau*, 292 F.3d at 324 ("a merely conclusory allegation that a private entity acted in concert with a state actor is not sufficient to state a §1983 claim against the private entity").  Furthermore, providing false information to a police officer is also not sufficient to state a claim against a private party under §1983. *Valez* at *3.  Even if a complainant may "stand to benefit" from an officer's

actions, "<u>without proof</u> of a 'plan, prearrangement, conspiracy, custom or policy' between the complainant and law enforcement authorities, the complainant is not acting under color of state law." *Valez* at \*3 (emphasis added) (citing *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 198 F.3d 268, 272-73 (2d Cir. 1999)).

The Court dismissed plaintiff's complaint in *Valez* because the plaintiff had not alleged any facts suggesting that the private defendants and the police had a "meeting of the minds" or "intent to conspire," notwithstanding the allegation in the Complaint that the defendants "conspired among themselves." *Valez* at \*3. The Court found that plaintiff's allegations were not sufficient to make a plausible claim that they undertook the joint activity with the police required to state such a claim. *Valez* at \*3. The Court also rejected the additional allegation in plaintiff's Affidavit stating that the defendants "worked closely with the police" as too conclusory to allege the level of joint participation required to find that the private defendants acted under color of state law. *Valez* at \*3.

Similarly, in *Vazquez v. Combs*, 2004 WL 2404224 at \*5 (S.D.N.Y. 2004), the Court noted that plaintiff's allegations of joint participation or a conspiracy were insufficient to state a cause of action because

> Plaintiff here points to no relationship between the private defendants and [the police officer], no statements made by the private defendants that they had special connections with the police or that they could use the police to pursue their private ends.

In other words, "[t]he entire nature of the relationship between the state and the individual alleged to be a state actor—not merely the outward manifestations of that relationship—is to be considered." *Forbes v. City of New York*, 2008 WL 3539936 at \*5 (S.D.N.Y. 2008). Under that analysis, plaintiff's Federal claims should be dismissed.

## POINT III

### THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM

If this Court dismisses the plaintiff's federal claims against Jamaica Hospital, it should decline to exercise supplemental jurisdiction over the plaintiff's state law claims in accordance with 28 U.S.C. § 1367(a) and (c)(3).

28 U.S.C. § 1367(a) provides in part:

> Except as provide in subsections (b) and (c) or as expressly provided otherwise by Federal Statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy… the Court may decline to exercise supplemental jurisdiction.

In *Baylis v. Marriott Corp.*, 843 F.2d 658 (2d Cir. 1988), the Second Circuit stated that when all bases for federal jurisdiction have been eliminated, the federal court should dismiss the state claims. *See also Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1998); *Morse v. University of Vermont*, 973 F.2d 122, 127-28 (2d Cir. 1992); *Rigano v. County of Sullivan*, 2007 WL1133280 (S.D.N.Y. 2007) (declining to exercise supplemental jurisdiction over the state law claims after the Court determined that none of the plaintiff's federal claims were sufficient to survive summary judgment); *Melnitzky v. HSBC Bank USA*, 2007 WL1159639 (S.D.N.Y. 2007) (declining to exercise supplemental jurisdiction over remaining state claims where pro-se plaintiff's §1983 and §1985 federal claims were dismissed); *Luciano v. City of New York*, 684 F.Supp.2d 417, 422 (S.D.N.Y. 2010).

The Second Circuit Court of Appeals has upheld District Courts' decisions declining to exercise supplemental jurisdiction over state claims after dismissing claims over which the court would otherwise have original jurisdiction. *See Kolari v. New York Presbyterian Hospital*, 455 F.3d 118 (2d Cir. 2006) (affirming the United States District Court, Southern District of New York's decision to decline the exercise of supplemental jurisdiction where plaintiff's federal law claims were eliminated on a motion to dismiss); *Tops Markets, Inc. v. Quality Markets, Inc.*, 142

F.3d 90 (2d Cir.1998) (affirming the United States District Court, Western District of New York's refusal to exercise supplemental jurisdiction over plaintiff's state law claims).

If this Court dismisses plaintiff's federal claims, then it is respectfully requested that this Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims and dismiss those claims as well.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant defendant's motion and dismiss the Complaint as to JAMAICA HOSPITAL MEDICAL CENTER in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      October 12, 2010

Respectfully submitted,.

MARTIN CLEARWATER & BELL LLP

By: _____
      Gregory J. Radomisli (GJR 2670)
Attorneys for Defendant
JAMAICA HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, NY 10017
(212) 697-3122

1506416_1.DOC

15