UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
ADRIAN SCHOOLCRAFT,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, SGT FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown)(collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------x

Docket No.
10CV6005 (RWS)

FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

    Defendant ISAK ISAKOV, M.D. by his counsel, BRIAN E. LEE of

IVONE, DEVINE & JENSEN, LLP, hereby propounds to the plaintiff the following Request for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Any inquiry beginning "produce and identify" is to be considered a Request for Production of Documents. If a document has been produced pursuant to another paragraph herein, it is to be identified, but a duplicate need not be produced. Each reference to identify shall be deemed to mean to respond in full detail.

## INSTRUCTIONS

All response to Requests for Production, including copies of responsive documents, (1) are to be provided in detail and precisely by you and your representatives, based on documents, information, or other knowledge in the possession, custody, control, or awareness of plaintiff, plaintiff's counsel or any other person known to plaintiff; (2) are to be served within 30 days after service of the Requests on defendants's counsel, IVONE, DEVINE & JENSEN, LLP, 2001 Marcus Avenue, Lake Success, New York 11042; (3) are to be organized and labeled to correspond with the categories in this document, unless produced as kept in the usual course of business; and (4) are to be for the purposes contemplated by and in conformity to the Federal Rules of Civil Procedure and the applicable local rules.

Note that "[it] is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the

discovery of admissible evidence" (Rule 26[b][1] of the Federal Rules of Civil Procedure).

## DEFINITIONS

The following terms herein are used with the following definitions:

The terms "defendant" or "defendants," when used herein, refer to defendant in this action.

The term "plaintiff" or "plaintiffs," "you" and "your," when used herein, refer to plaintiffs in this action individually and jointly; all predecessor corporations or unincorporated associations; and the directors, officers, shareholders, employees, accountants, attorneys, or other agents of each corporate defendants or predecessor corporations.

The term "identify," when used herein in connection with documents, means upon producing the documents to organize or label them to correspond with the categories in the Request. If a document is no longer in your possession, custody or control but otherwise would have been produced or identified in response to any Request for Production, "identify" shall also mean to state whether such document is missing or lost, destroyed, transferred to others, or otherwise disposed of; to describe the surrounding circumstances, any authorization, any approximate date of such disposition; and to identify if known the present location and custodian of such documents, or the persons who would know the present location and custodian of such document.

The term "document" or "documents," as used herein, means without limitation the following items, whether printed or recorded or otherwise preserved: agreements, communications, correspondence, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, grafts and charts, plans or drawings, photographs, audio recordings, any marginal comments appearing in any document, and all other writings and data compilations from which information can be obtained, including every draft or copy of a document that is not identical thereto or that contains any notation whatsoever. If preserved in computer memory or disks or similar form, such item shall be translated by respondent into reasonably usable form on paper, or may be produced on a CD or DVD disk formatted for WordPerfect.

The term "person" or "persons," when used herein, refers to any natural person or artificial person (including partnership, corporation, unincorporated association, governmental body, or other legally cognizable entity).

The term "or," when used herein, should not be read so as to eliminate any part of the Request, but whenever applicable and broader should be read to mean "and." For example, "data or printouts" should be read as data and printouts" if both can be provided.

The term "communication" or "communications," when used herein, refers to any oral utterance made, heard or overhead, whether in person or by telephone or otherwise, as well as every

document and every other mode of intentionally conveyed meaning.

The term "including," when used herein, means including but not limited to.

### REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce original authorizations permitting Ivone, Devine & Jensen, LLP to obtain the records of:

    a. Jamaica Hospital Medical Center;

    b. Dr. Lilian Aldana-Bernier;

    c. New York City EMS (ambulance transfers);

    d. Dr. Khim

    e. Dr. Patel

    f. Dr. Lwin

    g. Dr. Nawaishianyii

    h. Dr. Katherine Lamstein

2. Produce and identify all documents in plaintiff's or plaintiff's attorney possession that were purportedly written, prepared, typed, recorded from, or otherwise produced by the defendant ISAK ISAKOV, M.D., or any of his agents, servants and/or employees.

3. Produce and identify all documents and recordings in plaintiff's or plaintiff's attorney possession that were purportedly written, prepared, typed, recorded from, or otherwise produced by each and every of the co-defendants, or any of their agents, servants and/or employees.

4. Produce and identify duly executed authorizations (containing full name and address of physicians/providers

/laboratories) permitting defendant to discover, inspect and copy the records of all physicians, psychiatrists, psychologists, social workers, mental health care workers, hospitals, outpatient care facilities and laboratories in which or by whom plaintiff was examined or received treatment or tests for any psychiatric or psychological condition, including any from the New York Police Department psychiatrist and/or psychologist and/or other mental health care professional.

5. Produce and identify all documents, bills, invoices, receipts or canceled checks concerning indemnification, payment and reimbursement, in whole or in part, which plaintiff has received from collateral sources, including but no limited to benefit programs for the cost of medical, custodial and rehabilitation services, loss of earnings and other economic loss which the plaintiff will claim as special damages in this action.

6. Produce and identify all correspondence and documents to be relied upon by plaintiff in this action, pursuant to the standing rules governing discovery in the Southern District of New York.

7. Produce and identify all correspondence and documents plaintiff intends to rely upon as proof of damages in this action, identifying the source of each such document.

8. Produce and identify all documents received by plaintiff and/or his attorneys pursuant to the solicitation/requests for police officers to share similar stories or comments as to that of plaintiff in this action on the http://schoolcraftjustice.com

website maintained by plaintiff's counsel.

Dated:    Lake Success, New York
            November 8, 2010

                                    Yours, etc.,

                                    BRIAN E. LEE (BL9495)
                                    IVONE, DEVINE & JENSEN, LLP
                                    Attorneys for Defendant
                                        ISAK ISAKOV, M.D.
                                    2001 Marcus Avenue, Suite N100
                                    Lake Success, New York  11042
                                    (516) 326-2400

To:    BY ECF FILING

JON L. NORINSBERG (JN2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5396
Norinsberg@aol.com

COHEN & FITCH LLP
Gerald Cohen (GC0414)
Joshua Fitch (JF2813)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York
Attorney for Defendant CITY OF NEW YORK
100 Church Street, Room 2-124
New York, NY 10007
(212) 788-8703
dcanfiel@law.nyc.gov
Attn: Donna A. Canfield
Assistant Corporation Counsel

CALLAN, KOSTER, BRADY & BRENNAN, LLP
Attorneys for Defendant
DR. LILIAN ALDANA-BERNIER
1 Whitehall Street
New York, NY 10004-2140
(212) 248-0115

MARTIN, CLEARWATER & BELL, LLP
Attorneys for Defendant
JAMAICA HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, NY 10017
(212) 697-3122

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Docket No. 10CV6005 (RWS)

---

ADRIAN SCHOOLCRAFT,

*Plaintiff,*

-*against*-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, SGT FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

*Defendants.*

---

REQUEST FOR PRODUCTION OF DOCUMENTS

---

**IVONE, DEVINE & JENSEN, LLP**
ATTORNEYS FOR ISAK ISAKOV, M.D.
2001 MARCUS AVENUE - SUITE N100
LAKE SUCCESS, NEW YORK 11042
(516) 326-2400