UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------x
ADRIAN SCHOOLCRAFT,

                                                    Docket No.
                                                    10CV6005 (RWS)

                    Plaintiff,

        -against-                                   INTERROGATORIES TO
                                                    PLAINTIFF

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL
MARINO, Tax Id. 873220, Individually and in
his Official Capacity, ASSISTANT CHIEF PATROL
BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id.
912370, Individually and in his Official
Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO,
Tax Id. 895117, Individually and in his
Official    Capacity,    CAPTAIN    THEODORE
LAUTERBORN, Tax Id. 897840, Individually and
in his Official Capacity, LIEUTENANT JOSEPH
GOFF, Tax Id. 894025, Individually and in his
Official Capacity, SGT FREDERICK SAWYER,
Shield No. 2576, Individually and in his
Official Capacity, SERGEANT KURT DUNCAN,
Shield No. 2483, Individually and in his
Official Capacity, LIEUTENANT CHRISTOPHER
BROSCHART, Tax Id. 915354, Individually and
in his Official Capacity, LIEUTENANT TIMOTHY
CAUGHEY, Tax Id. 885374, Individually and in
his Official Capacity, SERGEANT SHANTEL
JAMES, Shield No. 3004, and P.O.'s "JOHN DOE"
#1-50, Individually and in their Official
Capacity (the name John Doe being fictitious,
as   the   true   names   are   presently
unknown)(collectively referred to as "NYPD
defendants"),   JAMAICA   HOSPITAL   MEDICAL
CENTER, DR. ISAK ISAKOV, Individually and in
his   Official   Capacity,   DR.   LILIAN
ALDANA-BERNIER,   Individually   and   in   her
Official Capacity and JAMAICA HOSPITAL
MEDICAL CENTER EMPLOYEE'S "JOHN DOE # 1-50,
Individually and in their Official Capacity
(the name John Doe being fictitious, as the
true names are presently unknown),

                    Defendants.
---------------------------------------------x

        Defendant ISAK ISAKOV, M.D. by his counsel, BRIAN E. LEE of

IVONE, DEVINE & JENSEN, LLP, hereby propounds to the plaintiff the following hereby propounds to the above-named plaintiff, the following written Interrogatories, pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.3 of the United States District Court for the Southern District of the State of New York.

Each reference to "state" shall be deemed to mean to respond "in full detail."

## INSTRUCTIONS

All responses to Interrogatories (1) are to be provided in detail and precisely by you and your representatives, based on documents, information, or other knowledge in your possession, custody, control or awareness; (2) are to be served within 30 days after service of the Interrogatories, on defendant's counsel, BRIAN E. LEE, IVONE, DEVINE & JENSEN, LLP, 2001 Marcus Avenue, Lake Success, New York 11042.

The Interrogatories are to be answered fully (Rule 33[a]) in writing under oath.   Where knowledge or information in your possession is requested, such requests include any "information as is available to the party" (Rule 33[a]) such as information possessed by their directors, officers, employees, representatives, other agents, and attorneys, except to the extent protected by attorney, client privilege, or applicable work product privilege.

You are further advised of your duty to supplement your answers as provided under Rule 26, particularly "if the party

obtains information . . . that the response was incorrect when made, or . . . is no longer true" (Rule 26[e][2]). If you obtain subsequent information indicating that an answer to the Interrogatories was incorrect when made, or that an answer, although correct when made is no longer correct, your answers must be amended or changed accordingly.

Note that (1) "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact" (Rule 33[b]); and (2) "it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence (Rule 26[b][1]).

**DEFINITIONS**

The following terms herein are used with the following definitions:

The terms "plaintiff" or "plaintiffs," "you" and your," when used herein, refer to plaintiffs in this action.

The term "defendant" when used herein, refers to the defendant in this action and various divisions thereof.

The term "identify," when used herein in connection with natural persons, means to state their full names, titles, and job descriptions, if applicable, and their present or last known business addresses and (except in connection with plaintiffs or

their officers and directors) the home addresses and telephone numbers. The term "identify" when used herein in connection with corporate entities, means to state the corporate name and date and place of incorporation and its principal place of business and each of its other present business addresses.

The term "identify", when used herein in connection with documents, means in connection with an interrogatory, to describe the documents, setting forth their dates, titles, authors and sources, parties and addresses, and substance thereof, with such reasonable particularity as is sufficient for a specific demand for production. In connection with an interrogatory, if a document is no longer in your possession, custody, or control, but otherwise would have been identified in response to any interrogatory, "identify" and "state" shall also mean to state whether such document is missing or lost, destroyed, transferred to others, or otherwise disposed of; to describe the surrounding circumstances, any authorization, and the approximate date of such disposition; and to identify if known the present location and custodian of such document, or the persons who would know the present location and custodian of such document.

The term "document(s)," as used herein, means without limitation the following items, whether printed or recorded or otherwise preserved: agreements, communications, correspondence, memoranda, summaries or records of telephone conversations, other recordings made on digital or other audiotapes, summaries or

records of personal conversations, diaries, grafts and charts, plans and drawings, photographs, audio recordings, any marginal comments appearing in any document, and all other writings and data compilations from which information can be obtained, including every draft or copy of a document that is not identical thereto or that contains any notation whatever. If preserved in computer memory or disks or similar form, such item shall be translated by plaintiff into reasonable useable form on paper, or a CD or DVD disk may be provided which is compatible with WordPerfect. All documents produced hereunder shall be organized and labeled to correspond with the categories in the request (Rule 34[b]).

The term "person(s)," when used herein, refers to any natural person or artificial person (including partnership, corporation, unincorporated association, governmental body, or other legally cognizable entity).

The term "or", when used herein, should not be read as to eliminate any part of the interrogatory or request, but whenever applicable and broader should be read to mean "and". For example, "data or printouts" should be read as "data and printouts" if both can be provided.

The term "communication(s)," when used herein, refers to any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document in every other mode of intentionally conveyed meaning.

The term "including," when used herein, means including but

not limited to.

## INTERROGATORIES

1.   State and identify every person who is a witness of the facts on which you base or support your claim (including every document that may be relevant to and every person who may have personal information about your claim) that Dr. Isakov unlawfully detained and involuntarily confined the plaintiff pursuant to 42 U.S.C. § 1983 (as set forth in the "Seventh Claim for Relief: Involuntary Confinement under 42 U.S.C. § 1983").

2.   State and identify the existence, custodian, location and general description of all relevant documents that support the claim that Dr. Isakov unlawfully detained and involuntarily confined the plaintiff pursuant to 42 U.S.C. § 1983 (as set forth in the "Seventh Claim for Relief:  Involuntary Confinement under 42 U.S.C. § 1983").

3.   State and identify every person who is a witness of the facts on which you base or support your claim (including every document that may be relevant to and every person who may have personal information about your claim) that Dr. Isakov conspired to violate plaintiff's civil rights under 42 U.S.C. § 1983 (as set forth in the "Eighth Claim for Relief:  Conspiracy to Violate Plaintiff's Civil Rights under 42 U.S.C. § 1983").

4.   State and identify the existence, custodian, location and general description of all relevant documents that support the claim that Dr. Isakov conspired to violate plaintiff's civil rights

under 42 U.S.C. § 1983 (as set forth in the "Eighth Claim for Relief: Conspiracy to Violate Plaintiff's Civil Rights under 42 U.S.C. § 1983").

5.   State and identify every person who is a witness of the facts on which you base or support your claim (including every document that may be relevant to and every person who may have personal information about your claim) that plaintiff was deprived of his liberty and involuntarily confined for six (6) days in the psychiatric ward of JHMC without notice, hearing or any opportunity to be heard and challenge the aforesaid confinement in violation of his procedural due process as set forth in the Fifth and Fourteenth Amendments fo the Constitution of the United States (as set forth in "Ninth Claim for Relief:   Violation of Due Process under 42 U.S.C. § 1983").

6.   State and identify the existence, custodian, location and general description of all relevant documents that support the claim that plaintiff was deprived of his liberty and involuntarily confined for six (6) days in the psychiatric ward of JHMC without notice, hearing or any opportunity to be heard and challenge the aforesaid confinement in violation of his procedural due process as set forth in the Fifth and Fourteenth Amendments fo the Constitution of the United States (as set forth in "Ninth Claim for Relief:   Violation of Due Process under 42 U.S.C. § 1983").

7.   State and identify every person who is a witness of the facts on which you base or support your claim (including every

document that may be relevant to and every person who may have personal information about your claim) that plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints (as set forth in the Fourth Claim for Relief under New York State Law:  False Imprisonment).

8.   State and identify the existence, custodian, location and general description of all relevant documents that support the claim that plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints (as set forth in the Fourth Claim for Relief under New York State Law:  False Imprisonment).

9.   State and identify every person who is a witness of the facts on which you base or support your claim (including every document that may be relevant to and every person who may have personal information about your claim) contained in the Fifth Claim for Relief under New York State Law:  Intentional Infliction of Emotional Distress.

10.   State and identify the existence, custodian, location and general description of all relevant documents that support the claim contained in the Fifth Claim for Relief under New York State Law:  Intentional Infliction of Emotional Distress.

11.   State and identify every person who is a witness of the

facts upon which you base or support your claim (including every document that may be relevant to and every person who may have personal information about your claim) that Dr. Isakov departed from good and accepted standards of medical care and was negligent and careless in the service rendered for and on behalf of Adrian Schoolcraft (as set forth in the "Seventh Claim for Relief under New York State Law: Medical Malpractice").

12.   State and identify the existence, custodian, location and general description of all relevant documents that support the claim that Dr. Isakov departed from good and accepted standards of medical care and was negligent and careless in the service rendered for and on behalf of Adrian Schoolcraft (as set forth in the "Seventh Claim for Relief under New York State Law: Medical Malpractice").

Dated:     Lake Success, New York
           November 8, 2010

                                    Yours, etc.,

                                    BRIAN E. LEE (BL9495)
                                    IVONE, DEVINE & JENSEN, LLP
                                    Attorneys for Defendant
                                       ISAK ISAKOV, M.D.
                                    2001 Marcus Avenue, Suite N100
                                    Lake Success, New York  11042
                                    (516) 326-2400

To:   BY ECF FILING

JON L. NORINSBERG (JN2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5396
Norinsberg@aol.com

COHEN & FITCH LLP
Gerald Cohen (GC0414)
Joshua Fitch (JF2813)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York
Attorney for Defendant CITY OF NEW YORK
100 Church Street, Room 2-124
New York, NY 10007
(212) 788-8703
dcanfiel@law.nyc.gov
Attn: Donna A. Canfield
Assistant Corporation Counsel

CALLAN, KOSTER, BRADY & BRENNAN, LLP
Attorneys for Defendant
DR. LILIAN ALDANA-BERNIER
1 Whitehall Street
New York, NY 10004-2140
(212) 248-0115

MARTIN, CLEARWATER & BELL, LLP
Attorneys for Defendant
JAMAICA HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, NY 10017
(212) 697-3122

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Docket No. 10CV6005 (RWS)

ADRIAN SCHOOLCRAFT,

*Plaintiff,*

*-against-*

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL
MARINO, Tax Id. 873220, Individually and in his Official Capacity,
ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH
GERALD NELSON, Tax Id. 912370, Individually and in his Official
Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id.
895117, Individually and in his Official Capacity, CAPTAIN
THEODORE LAUTERBORN, Tax Id. 897840, Individually and in
his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id.
894025, Individually and in his Official Capacity, SGT FREDERICK
SAWYER, Shield No. 2576, Individually and in his Official
Capacity, SERGEANT KURT DUNCAN, Shield No. 2483,
Individually and in his Official Capacity, LIEUTENANT
CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and
in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY,
Tax Id. 885374, Individually and in his Official Capacity,
SERGEANT SHANTEL JAMES, Shield No. 3004, and P.O.'s
"JOHN DOE" #1-50, Individually and in their Official Capacity (the
name John Doe being fictitious, as the true names are presently
unknown) (collectively referred to as "NYPD defendants"),
JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV,
Individually and in his Official Capacity, DR. LILIAN ALDANA-
BERNIER, Individually and in her Official Capacity and JAMAICA
HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE # 1-
50, Individually and in their Official Capacity (the name John Doe
being fictitious, as the true names are presently unknown),

*Defendants.*

INTERROGATORIES

IVONE, DEVINE & JENSEN, LLP
ATTORNEYS FOR ISAK ISAKOV, M.D.
2001 MARCUS AVENUE - SUITE N100
LAKE SUCCESS, NEW YORK 11042
(516) 326-2400