OUR FILE NO.: 090.155440

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   Index No.: 10-CIV-6005
ADRIAN SCHOOLCRAFT,

         Plaintiff,

- against -

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, stg. Frederick sawyer, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their Official Capacity (the name Joh doe being fictitious, as the true names are presently unknown),

         Defendants.
----------------------------------------------------------------------X

**ANSWER TO AMENDED COMPLAINT**

**ECF CASE**

CALLAN, KOSTER,
BRADY & BRENNAN, LLP
COUNSELORS AND
ATTORNEYS AT LAW
One Whitehall Street
New York, New York 10004
212-248-8800

COUNSELORS:

  **PLEASE TAKE NOTICE,** that the defendant, DR. LILIAN ALDANA-BERNIER, as and for her answer to the plaintiff's Complaint, respectfully alleges the following:

## AS AND FOR THE PRELIMINARY STATEMENT

1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1" and "2".

## AS AND FOR THE JURISDICTION

2.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3".

## AS AND FOR THE VENUE

3.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4".

## AS AND FOR THE JURY DEMAND

4.     Admits the allegation contained in paragraph "5" of the Complaint.

## AS AND FOR THE PARTIES

5.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "6", "9", "10", "11", "12", "13", "14", "15", "16", "17" and "20".

6.     Admits the allegation contained in paragraphs "7", "8" and "19".

7.     Denies the allegations contained in paragraph "18", except admits that, at all times mentioned in the Complaint, defendant, DR. LILIAN ALDANA-BERNIER, was and still is a physician duly licensed to practice medicine in the State of New York, and was and is duly qualified to render proper and adequate medical services to her patients.

## AS AND FOR THE FACTUAL BACKGROUND

8.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "21", "22", "23", "24", "25", "26", "27", "28", "29", "30",

"31", "32", "33", "34", "35", "36". "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48', "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", 102", "103", "104", "105", "106", "107", "108", "109", 110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144", "145", "146", "147", '148", "149", "150", "151", "152", "153", "154", "155", "156", '157", "158", "159", "160", "161", "162", "163", "164", "165", "166", "167", "168", "169", "170", "171", "172", "173", "175", "176", "177", "178", "180", "181", "182", "183", "184", "187", "188", "189", "191", "192", "197", "198", "199", "200", "201", "202", "203", "204", "205", "206", "207", "208", "209", "210", "211", "212", "213", "214", "215", "216", "217", "218", "219", "220", "221", "222", "223", "224", "225", "226", "227", "228", "229", "230", "231", "232", "233", "234", "235", '236", "237", and "238".

9. Admits the allegation contained in paragraphs "174" and "179".

10. Denies the allegations contained in paragraphs "185", "186", "190", "193", "194", "195", "196", "239" and "240".

## AS AND FOR THE FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

11. Answering the subdivision thereof numbered "241", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

12. Denies the allegations contained in paragraphs "242", "243", "244", "245" and "246".

### AS AND FOR THE SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

13. Answering the subdivision thereof numbered "247", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

14. Denies the allegations contained in paragraphs "248" and "249".

### AS AND FOR A THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

14. Answering the subdivision thereof numbered "250", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

15. Denies the allegations contained in paragraphs "251", "252", "253", "254", "255" and "256".

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

16. Answering the subdivision thereof numbered "257", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

17. Denies the allegations contained in paragraphs "258" and "259".

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

18. Answering the subdivision thereof numbered "260", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

19. Denies the allegations contained in paragraphs "261", "262", "263" and

"264".

### AS AND FOR A SIXTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH AND ENTRY UNDER 42 U.S.C. § 1983

20. Answering the subdivision thereof numbered "265", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

21. Denies the allegations contained in paragraphs "266", "267". "268" and "269".

### AS AND FOR A SEVENTH CLAIM FOR RELIEF
### INVOLUNTARY CONFINEMENT UNDER 42 U.S.C. § 1983

22. Answering the subdivision thereof numbered "270", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

23. Denies the allegations contained in paragraphs "271", "272", "273", "274", "275" and "276".

### AS AND FOR AN EIGHTH CLAIM FOR RELIEF
### CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. § 1983

24. Answering the subdivision thereof numbered "277", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

25. Denies the allegations contained in paragraphs "278", "279", "280", "281" and "282".

### AS AND FOR A NINTH CLAIM FO RELIEF
### VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983

26. Answering the subdivision thereof numbered "283", repeats and reiterates

each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

27. Denies the allegation contained in paragraph "284".

## AS AND FOR A TENTH CLAIM FOR RELIEF MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

28. Answering the subdivision thereof numbered "285", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

29. Denies the allegations contained in paragraphs "286", "293", "294" and "295".

30. Denies knowledge or information sufficient to form a belief as to the allegation contained in paragraphs "287", "288", "289", "290", "291", "292" and "296".

## AS AND FOR PENDANT STATE CLAIMS

31. Answering the subdivision thereof numbered "297", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

32. Denies the allegation contained in paragraph "303".

33. Denies knowledge or information sufficient to form a belief as to the allegation contained in paragraphs "298", "299", "300", "301" and "302".

## AS AND FOR THE FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW: ASSAULT

34. Answering the subdivision thereof numbered "304", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

35.     Denies the allegations contained in paragraphs "305" and "306".

## AS AND FOR THE SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW: BATTERY

36.     Answering the subdivision thereof numbered "307, repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

37.     Denies the allegation contained in paragraph "310".

38.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "308" and "309".

## AS AND FOR THE THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW: FALSE ARREST

39.     Answering the subdivision thereof numbered "311", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

40.     Denies the allegation contained in paragraph "313" and "314".

41.     Denies knowledge or information sufficient to form a belief as to the allegation contained in paragraph "312".

## AS AND FOR THE FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: FALSE IMPRISONMENT

42.     Answering the subdivision thereof numbered "315", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

43.     Denies the allegations contained in paragraphs "316", "318", "319" and "320".

## AS AND FOR THE FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44.     Answering the subdivision thereof numbered "321", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

45.     Denies the allegations contained in paragraphs "322", "323", "324", "325", "326", "327", "328" and "329".

## AS AND FOR THE SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION (Defendant City of New York)

46.     Answering the subdivision thereof numbered "330", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

47.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "331", "332", "333", "334", "335", "336", "337", "338", "339", "340", "341", "342", "343", "344", "345", "346", "347", "348", "349", "350", "351","352", and "353".

## AS AND FOR THE SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: MEDICAL MALPRACTICE

48.     Answering the subdivision thereof numbered "354", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

49.     Denies the allegations contained in paragraphs "355", "356" and "357".

### AS AND FOR THE EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
(Defendant JHMC)

50. Answering the subdivision thereof numbered "358", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

51. Denies the allegations contained in paragraphs "360", "361" and "362".

52. Denies knowledge or information sufficient to form a belief as to the allegation contained in paragraph "359".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the plaintiff herein was guilty of culpable conduct, including contributory negligence and comparative negligence, which said conduct bars plaintiff's right of recovery in proportion to which the said culpable conduct or negligence attributable to plaintiff bears the culpable conduct or negligence which caused the damages, if any, or the occurrence complained of by plaintiff was caused in whole or in part by the assumption of risk of the plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The defendant reserves the right to claim the limitations of liability pursuant to the terms of Article 16 of the CPLR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

In the event the plaintiff recovers a verdict or judgment against the answering defendant, then the verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any

collateral source such as Insurance, Social Security, Workers' Compensation or employee benefit programs.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to include a Certificate of Merit as required by CPLR § 3012(a), and therefore the seventh claim for relief under N.Y. State Law must be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

At all times mentioned in the Complaint, the defendant, DR. LILIAN ALDANA-BERNIER, was acting as a private citizen, and not under color of State Law, and consequently the plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Claims for Relief, all based upon violations of 42 U.S.C. § 1983, are legally insufficient and must be dismissed.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The evaluation and treatment provided by the defendant, DR. LILIAN ALDANA-BERNIER, were undertaken pursuant to the New York State Mental Hygiene Law and thus is protected by a privilege under the law and has immunity from liability therefor.

### JURY DEMAND

Defendant, DR. LILIAN ALDANA-BERNIER, demands a trial by jury.

**WHEREFORE**, the defendant, DR. LILIAN ALDANA-BERNIER, demands judgment dismissing the Complaint against her, together with costs and disbursements of this action and attorneys' fees.

Dated:    New York, New York
          November 11, 2010

By: BRUCE M. BRADY, ESQ. (BMB4816)
A Member of the Firm
CALLAN, KOSTER, BRADY & BRENNAN, LLP

                              Attorneys for Defendant
                              DR. LILIAN ALDANA-BERNIER
                              One Whitehall Street, 10th Floor
                              New York, New York 10004
                              (212) 248-8800
                              bbrady@ckbblaw.com

TO:    JON L. NORINSBERG, ESQ. (JN2133)
        Attorney for Plaintiff
        225 Broadway, Suite 2700
        New York, New York 10007
        (212) 791-5396
        norinsberg@aol.com

        COHEN & FITCH, LLP
        GERALD COHEN (GC0414)
        JOSHUA FITCH (JF2813)
        Attorneys for Plaintiff
        225 Broadway, Suite 2700
        New York, New York 10007
        (212) 374-9115
        gcohen@cohenfitch.com
        Jfitch@cohenfitch.com

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK         )
                          : SS.:
COUNTY OF NEW YORK        )

CAMILLE D. PALMER, being duly sworn, deposes and says:

I am not a party to the action, I am over 18 years of age and I reside in Queens County, State of New York.

On November ___11___, 2010, I served a true copy of the annexed **ANSWER TO AMENDED COMPLAINT** by mailing same in a sealed envelope with postage prepaid in an official depository of the U.S. Postal Service within the State of New York addressed to:

JON L. NORINSBERG, ESQ. (JN2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 791-5396
norinsberg@aol.com

COHEN & FITCH, LLP
GERALD COHEN (GC0414)
JOSHUA FITCH (JF2813)
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 374-9115
gcohen@cohenfitch.com
Jfitch@cohenfitch.com

_____
CAMILLE D. PALMER

Sworn to before me this
___11th___ day of November, 2010

_____
NOTARY PUBLIC

Arlene Savarese
NOTARY PUBLIC, State of New York
No. 01SA6146568
Qualified in Richmond County
Term Expires: May 22, 2014