UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, DEPUTY CHIEF
MICHAEL MARINO, Tax Id. 873220, Individually
and in his Official Capacity, ASSISTANT CHIEF
PATROL BOROUGH BROOKLYN NORTH
GERALD NELSON,  Tax Id. 912370, Individually
and in his Official Capacity, DEPUTY INSPECTOR
STEVEN     MAURIELLO,      Tax Id. 895117,
Individually and in his Official Capacity, CAPTAIN
THEORDORE LAUTERBORN,  Tax Id. 897840,
Individually   and   in   his   Official   Capacity,
LIEUTENANT JOSEPH GOFF, Tax Id. 894025,
Individually and in his Official Capacity, SGT.
FREDERICK    SAWYER,   Shield   No.   2576,
Individually    and    in    his    Official    Capacity,
SERGEANT KURT DUNCAN, Shield No. 2483,
Individually    and    in    his    Official    Capacity,
LIEUTENANT  CHRISTOPHER  BROSCHART,
Tax Id. 915354, Individually and in his Official
Capacity, SERGEANT SHANTEL JAMES, Shield
No.  3004 and  P.O.'s "JOHN  DOE"  #1-50,
Individually and in their Official Capacity (the name
John Doe being fictitious, as the true names are
presently unknown) (collectively referred to as
"NYPD  defendants"),   JAMAICA  HOSPITAL
MEDICAL   CENTER,   DR.   ISAK   ISAKOV,
Individually and in his Official Capacity, DR.
LILIAN ALDANA-BERNIER, Individually and in
his Official Capacity and JAMAICA HOSPITAL
MEDICAL CENTER EMPLOYEE'S "JOHN DOE"
# 1-50, Individually and in their Official Capacity
(the name John Doe being fictitious, as the true
names are presently unknown),

                                        Defendants.

------------------------------------------------------------------------x

**NYPD DEFENDANTS'
ANSWER TO THE
AMENDED COMPLAINT**


10 CV 06005 (RWS)

Defendants, DEPUTY CHIEF MICHAEL MARINO, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON,  DEPUTY INSPECTOR STEVEN MAURIELLO,   CAPTAIN THEORDORE LAUTERBORN,    LIEUTENANT JOSEPH GOFF, SGT. FREDERICK SAWYER, SERGEANT KURT DUNCAN, LIEUTENANT CHRISTOPHER BROSCHART,    SERGEANT SHANTEL JAMES, (collectively referred to as "NYPD defendants"), by their  attorney, **MICHAEL A. CARDOZO**, Corporation Counsel of the City of New York, as and for its answer to the Amended Complaint, respectfully allege as follows:

1.    Deny the allegations set forth in Paragraphs "1" of the Amended Complaint except admit that plaintiff purports to set forth a basis for the action.

2.    Deny the allegations set forth in Paragraphs "2" of the Amended Complaint except admit that plaintiff purports to set forth a basis for the action.

3.    Deny the allegations set forth in Paragraph "3" of the Amended Complaint except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4.    Deny the allegations set forth in Paragraph "4" of the Amended Complaint except admit that the venue of this court is appropriate.

5.    Deny  the truth of the allegations set forth in Paragraph "5" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

6.    Deny the allegations set forth in Paragraph "6" of the Amended Complaint except admit that plaintiff self-identifies as a Caucasian male and is a citizen of the United States and deny knowledge or information sufficient to form a belief as to plaintiff's residence.

7.    Deny the allegations set forth in Paragraph "7" of the Amended Complaint, the City of New York ("City") is a municipal corporation organized and existing under the Constitution and laws of the State of New York.

8.    Deny the allegations set forth in Paragraph "8" of the Amended Complaint, except admit that the New York City Police Department (NYPD)  is an agency of the City of New York  and respectfully refer the Court to New York City Administrative Code §14-101 et. seq. for a complete and accurate statement of the powers and duties of the New York City Police Department ("NYPD").

9.    Deny the allegations set forth in Paragraph "9" of the Amended Complaint except admit that the Deputy Chief Michael Marino, Assistant Chief Patrol Borough Brooklyn North Gerald Nelson,  Deputy Inspector Steven Mauriello,  Captain Theordore Lauterborn, Lieutenant Joseph Goff, Sgt. Frederick Sawyer, Sergeant Kurt Duncan, Lieutenant Christopher Broschart,  Sergeant Shantel James are duly sworn police officers and at all times relevant herein were acting in the performance of their duties.

10.   Deny the allegations set forth in Paragraph "10" of the Amended Complaint except admit that at the times relevant herein the NYPD defendants acted pursuant to their duties with the NYPD.

11.   Deny the allegations set forth in Paragraph "11" of the Amended Complaint except admit that at all times relevant herein the NYPD defendants acted within the scope of their employment.

12.   Deny the allegations set forth in Paragraph "12" of the Amended Complaint except admit that at all times relevant herein the NYPD defendants acted within the scope of their employment.

13.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Amended Complaint except admit that, upon information and belief, Jamaica Hospital Medical Center ("JHMC") performs all functions of a hospital.

14.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the Amended Complaint.

15.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Amended Complaint.

16.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Amended Complaint.

17.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Amended Complaint.

18.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Amended Complaint.

19.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of the Amended Complaint.

20.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Amended Complaint.

21.   Deny the truth of the allegation set forth in the unnumbered Paragraph beginning with "Plaintiff's Exemplary Career. . . " as set forth in the Amended Complaint.

22.   Deny the truth of the allegations set forth in Paragraph "21" of the Amended Complaint except admit that plaintiff was appointed as probationary police officer on or about July 1, 2002.

23.   Deny the truth of the allegations set forth in Paragraph "22" of the Amended Complaint except admit that plaintiff is a United States Navy veteran.

24.   Deny the truth of the allegations set forth in Paragraph "23" of the Amended Complaint except admit that plaintiff served honorably in the United States Navy from 1993 to 1997.

25.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "24" of the Amended Complaint..

26.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Amended Complaint except admit that plaintiff was honorably discharged from the United States Navy.

27.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Amended Complaint except admit that plaintiff joined the NYPD in July 2002 and admit that plaintiff's father was a police officer.

28.   Deny the truth of the allegations set forth in Paragraph "27" of the Amended Complaint except admit that plaintiff began working at the 81st Precinct in or about July 2003, where he remained until October 31, 2009.

29.   Admit the allegations set forth in Paragraph "28" of the Amended Complaint.

30.   Deny the truth of the allegations set forth in Paragraph "29" of the Amended Complaint except admit that plaintiff was a patrol officer on the 4:00p.m. to 12:00p.m. tour at the 81st Precinct.

31.   Deny the allegations set forth in Paragraph "30" of the Amended Complaint.

32.   Deny the allegations set forth in Paragraph "31" of the Amended Complaint except admit that plaintiff received two commendations for his work as a police officer.

33.   Deny the truth of the allegations set forth in Paragraph "32" of the Amended Complaint except admit that plaintiff received a "Meritorious Police Duty" award.

34.   Deny the truth of the allegations set forth in Paragraph "33" of the Amended Complaint except admit that plaintiff received an "Excellent Police Duty" award.

35.   Deny the truth of the allegation set forth in the unnumbered Paragraph beginning with "Plaintiff Witnesses Enforcement . . ." as set forth in the Amended Complaint.

36.   Deny the truth of the allegations set forth in Paragraph "34" of the Amended Complaint.

37.   Deny the truth of the allegations set forth in Paragraph "35" of the Amended Complaint.

38.   Deny the truth of the allegations set forth in Paragraph "36" of the Amended Complaint.

39.   Deny the truth of the allegations set forth in Paragraph "37" of the Amended Complaint.

40.   Deny the truth of the allegations set forth in Paragraph "38" of the Amended Complaint except admit that Deputy Inspector Mauriello communicated to the members of the service that they must be active police officers.

41.   Deny the truth of the allegations set forth in Paragraph "39" of the Amended Complaint.

42.   Deny the truth of the allegations set forth in Paragraph "40" of the Amended Complaint except admit that Sergeant Stukes was assigned to the 81st Precinct and that he spoke to the members of the service regarding activity levels.

43.   Deny knowledge or information sufficient to form a belief as to what was said by an unidentified Sergeant as set forth in Paragraph "41" of the Amended Complaint.

44.   Deny knowledge or information sufficient to form a belief as to what was said by an unidentified Sergeant as set forth in Paragraph "42" of the Amended Complaint.

45.   Deny the truth of the allegation set forth in the unnumbered Paragraph beginning with "Officers Were Being Instructed . . . " as set forth in the Amended Complaint.

46.

47.   Deny the truth of the allegations set forth in Paragraph "43" of the Amended Complaint.

48.   Deny the truth of the allegations set forth in Paragraph "44" of the Amended Complaint.

49.   Deny knowledge or information sufficient to form a belief as to what was said by an unidentified Sergeant as set forth in Paragraph "45" of the Amended Complaint.

50.   Deny the truth of the allegations set forth in Paragraph "46" of the Amended Complaint.

51.   Deny the truth of the allegation set forth in the unnumbered Paragraph beginning with "NYPD Policy Making . . . " as set forth in the Amended Complaint.

52.   Deny the truth of the allegations set forth in Paragraph "47" of the Amended Complaint.

53.   Deny the truth of the allegations set forth in Paragraph "48" of the Amended Complaint except admit that three-star Chief Michael Scagnelli was the former Chief of Transportation for the NYPD.

54.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "49" of the Amended Complaint except admit that Lieutenant Delafuente was previously assigned to the 81st precinct.

55.   Deny the truth of the allegation set forth in the unnumbered Paragraph beginning with "Plaintiff Refuses to Comply . . ." as set forth in the Amended Complaint.

56.   Deny the truth of the allegations set forth in Paragraph "50" of the Amended Complaint.

57.   Deny the truth of the allegations set forth in Paragraph "51" of the Amended Complaint except admit that plaintiff was identified as being a poor performer.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "52" of the Amended Complaint.

59.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "53" of the Amended Complaint except admit that the NYPD defines "activity" to include, among others, the issuance of summonses and arrests.

60.   Deny the truth of the allegation set forth in the unnumbered Paragraph beginning with "Plaintiff Receives a Poor . . . " as set forth in the Amended Complaint except admit that plaintiff receives a poor evaluation and respectfully refers the Court to plaintiff's

Performance Evaluation for the rating period 12/15/2007 to 12/15/2008 for a complete and accurate statement of the evaluation of plaintiff's performance.

61.   Deny the truth of the allegations set forth in Paragraph "54" of the Amended Complaint except admit that plaintiff received a poor performance evaluation due to his low activity.

62.   Deny the truth of the allegations set forth in Paragraph "55" of the Amended Complaint except admit that plaintiff received an overall rating of 2.5 and respectfully refers the Court to plaintiff's Performance Evaluation for the rating period 12/15/2007 to 12/15/2008 for a complete and accurate statement of the evaluation of plaintiff's performance.

63.   Deny the truth of the allegations set forth in Paragraph "56" of the Amended Complaint and respectfully refers the Court to plaintiff's Performance Evaluation for the rating period 12/15/2007 to 12/15/2008 for a complete and accurate statement of the evaluation of plaintiff's performance.

64.   Deny the truth of the allegations set forth in Paragraph "57" of the Amended Complaint and respectfully refers the Court to plaintiff's Performance Evaluation for the rating period 12/15/2007 to 12/15/2008 for a complete and accurate statement of the evaluation of plaintiff's performance.

65.   Deny the truth of the allegations set forth in Paragraph "58" of the Amended Complaint.

66.   Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff Challenges His . . ." as set forth in the Amended Complaint except admit that plaintiff appealed his 12/15/2007 to 12/15/2008 Performance Evaluation.

67.   Deny the truth of the allegations set forth in Paragraph "59" of the Amended Complaint except admit that plaintiff informed his supervisors of his intention to appeal his performance evaluation.

68.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "60" of the Amended Complaint except admit that plaintiff reported to Dr. Lamstein that a poster was posted to his locker, which said in sum and substance that "if you don't like your job, get another one."

69.   Deny the truth of the allegations set forth in Paragraph "61" of the Amended Complaint except admit that Sergeant Meyer is a Squad Sergeant at the 81st Precinct and deny knowledge or information sufficient to form a belief as to whether Sergeant Meyer spoke to plaintiff about his activity level.

70.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "62" of the Amended Complaint except admit that plaintiff could improve future performance evaluations by being proactive and improving his activity.

71.   Deny the truth of the allegations set forth in Paragraph "63" of the Amended Complaint except deny knowledge or information sufficient to form a belief as to what plaintiff informed Lt. Moascol.

72.   Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendants Attempt . . ." as set forth in the Amended Complaint.

73.    Deny the truth of the allegations set forth in Paragraph "64" of the Amended Complaint except admit that there was a meeting with supervisors at the 81st Precinct to discuss plaintiff's performance evaluation.

74.   Deny the truth of the allegations set forth in Paragraph "65" of the Amended Complaint except admit that there was a meeting with supervisors at the 81st Precinct to discuss plaintiff's performance evaluation.

75.   Deny the truth of the allegations set forth in Paragraph "66" of the Amended Complaint.

76.   Deny the truth of the allegations set forth in Paragraph "67" of the Amended Complaint. except admit that plaintiff was advised that his evaluation rating would be viewed against the standard of his activity level.

77.   Deny the truth of the allegations set forth in Paragraph "68" of the Amended Complaint except admit that in discussing plaintiff's evaluation rating his supervisors advised that it was supported by his low activity.

78.   Deny the truth of the allegations set forth in Paragraph "69" of the Amended Complaint except admit that plaintiff could get a higher performance evaluation if he would improve his activity.

79.   Deny the truth of the allegations set forth in Paragraph "70" of the Amended Complaint regarding plaintiff's "sum and substance" allegations.

80.   Deny the truth of the allegations set forth in Paragraph "71" of the Amended Complaint.

81.   Deny the truth of the allegations set forth in Paragraph "72" of the Amended Complaint.

82.   Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "The NYPD's Quota. . ." as set forth in the Amended Complaint and respectfully

refer the Court to <u>In the Matter of P.B.A. and City of New York</u>, Case # A-10699-04 for a true and accurate statement of the determination.

83.   Deny the truth of the allegations set forth in Paragraph "73" of the Amended Complaint and respectfully refer the Court to <u>In the Matter of P.B.A. and City of New York</u>, Case # A-10699-04 for a true and accurate statement of the determination.

84.   Deny the truth of the allegations set forth in Paragraph "74" of the Amended Complaint and respectfully refer the Court to <u>In the Matter of P.B.A. and City of New York</u>, Case # A-10699-04 for a true and accurate statement of the determination.

85.   Deny the truth of the allegations set forth in Paragraph "75" of the Amended Complaint and respectfully refer the Court to <u>In the Matter of P.B.A. and City of New York</u>, Case # A-10699-04 for a true and accurate statement of the evidence presented.

86.   Deny the truth of the allegations set forth in Paragraph "76" of the Amended Complaint and respectfully refer the Court to <u>In the Matter of P.B.A. and City of New York</u>, Case # A-10699-04 for a true and accurate statement of the evidence presented.

87.   Deny the truth of the allegations set forth in Paragraph "77" of the Amended Complaint and respectfully refer the Court to <u>In the Matter of P.B.A. and City of New York</u>, Case # A-10699-04 for a true and accurate statement of the evidence presented.

88.   Deny the truth of the allegations set forth in Paragraph "78" of the Amended Complaint and respectfully refer the Court to <u>In the Matter of P.B.A. and City of New York</u>, Case # A-10699-04 for a true and accurate statement of the evidence presented.

89.   Deny the truth of the allegations set forth in Paragraph "79" of the Amended Complaint and respectfully refer the Court to <u>In the Matter of P.B.A. and City of New York</u>, Case # A-10699-04 for a true and accurate statement of the evidence presented.

90.   Deny the truth of the allegations set forth in Paragraph "80" of the Amended Complaint and respectfully refer the Court to <u>In the Matter of P.B.A. and City of New York</u>, Case # A-10699-04 for a true and accurate statement of the arbitrator's determination.

91.   Deny the truth of the allegations set forth in Paragraph "81" of the Amended Complaint except admit that Michael Marino is the Deputy Chief of patrol Borough Brooklyn North, which is where the 81st Precinct is located.

92.   Deny the truth of the allegations set forth in Paragraph "82" of the Amended Complaint.

93.   Deny the truth of the allegations set forth in Paragraph "83" of the Amended Complaint.

94.   Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff Refuses. . ." as set forth in the Amended Complaint except admit that plaintiff pursued the appeal of this evaluation.

95.   Deny the truth of the allegations set forth in Paragraph "84" of the Amended Complaint.

96.   Deny the truth of the allegations set forth in Paragraph "85" of the Amended Complaint except admit that plaintiff  pursued the appeal of his evaluation.

97.   Deny the truth of the allegations set forth in Paragraph "86" of the Amended Complaint, except admit that a letter was sent by plaintiff's counsel and respectfully refer the Court to the writing for a true and accurate statement of its contents.

98.   Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff's  Refusal. . ." as set forth in the Amended Complaint except admit that plaintiff pursued the appeal of this evaluation.

99.   Deny the truth of the allegations set forth in Paragraph "87" of the Amended Complaint.

100. Deny the truth of the allegations set forth in Paragraph "88" of the Amended Complaint except admit that plaintiff failed to document in his memo book that he had left his post and deny knowledge or information sufficient to form a belief as to whether plaintiff was issued a reprimand.

101. Deny the truth of the allegations set forth in Paragraph "89" of the Amended Complaint except admit that Lt. Caughey took plaintiff's memo book back to the command.

102. Deny the truth of  the allegations set forth in Paragraph "90" of the Amended Complaint except admit that plaintiff contacted Captain Lauterborn.

103. Deny the truth of the allegations set forth in Paragraph "91" of the Amended Complaint except admit that plaintiff requested that the fact that Lt. Caughey took plaintiff's memo book be reported.

104. Deny the truth of the allegations set forth in Paragraph "92" of the Amended Complaint regarding plaintiff's "sum and substance" allegations except admit that due to his poor performance, Captain Lauterborn told plaintiff he would be subject to more supervision.

105. Deny the truth of the allegations set forth in Paragraph "93" of the Amended Complaint.

106. Deny the truth of the allegations set forth in Paragraph "94" of the Amended Complaint except admit that plaintiff was being monitored because of his low performance.

107. Deny the truth of the allegations set forth in Paragraph "95" of the Amended Complaint except admit that plaintiff was placed on Performance Monitoring on or about

October 2009 because of his low activity and respectfully refer the Court to the NYPD Patrol Guide for details regarding Performance Monitoring.

108. Deny the truth of the allegations set forth in Paragraph "96" of the Amended Complaint.

109. Deny the truth of the allegations set forth in Paragraph "97" of the Amended Complaint.

110. Deny the truth of the allegations set forth in Paragraph "98" of the Amended Complaint.

111. Deny the truth of the allegations set forth in Paragraph "99" of the Amended Complaint.

112. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendants Attempt. . ." as set forth in the Amended Complaint.

113. Deny the truth of the allegations set forth in Paragraph "100" of the Amended Complaint except deny knowledge and information sufficient to form a belief as to whether Police Officer Chan was disciplined.

114. Deny the truth of the allegations set forth in Paragraph "101" of the Amended Complaint.

115. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendants Escalate. . ." as set forth in the Amended Complaint except admit that plaintiff is required to surrender his gun and shield.

116. Deny the truth of the allegations set forth in Paragraph "102" of the Amended Complaint except deny knowledge or information sufficient to form a belief as to what plaintiff allegedly heard from P.O Zucker.

117. Deny the truth of the allegations set forth in Paragraph "103" of the Amended Complaint.

118. Deny the truth of the allegations set forth in Paragraph "104" of the Amended Complaint.

119. Deny the truth of the allegations set forth in Paragraph "105" of the Amended Complaint except admit that plaintiff was referred to  NYPD psychiatrist Dr. Catherine Lamstein in or about April 2009 by NYPD police surgeon Dr. Joseph Cuffio.

120. Deny the truth of the allegations set forth in Paragraph "106" of the Amended Complaint except admit that plaintiff disclosed that, among others, he was having some work problems.

121. Deny the truth of the allegations set forth in Paragraph "107" of the Amended Complaint except admit that plaintiff was required to surrender his gun and shield after disclosing matters related to plaintiff's health that led Dr. Lamstein to be concerned about plaintiff's psychological state.

122. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff's Appeal. . ." as set forth in the Amended Complaint.

123. Deny the truth of the allegations set forth in Paragraph "108" of the Amended Complaint.

124. Deny the truth of the allegations set forth in Paragraph "109" of the Amended Complaint.

125. Deny the truth of the allegations set forth in Paragraph "110" of the Amended Complaint.

126. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "111" of the Amended Complaint.

127. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendants Attempt. . ." as set forth in the Amended Complaint except admit that plaintiff was assigned to the Telephone Switchboard as a result of being placed on Restrictive Duty.

128. Deny the truth of the allegations set forth in Paragraph "112" of the Amended Complaint except admit that plaintiff was reassigned to the telephone switchboard as a result of being placed on Restrictive Duty.

129. Deny the truth of the allegations set forth in Paragraph "113" of the Amended Complaint.

130. Deny the truth of the allegations set forth in Paragraph "114" of the Amended Complaint.

131. Deny the truth of the allegations set forth in Paragraph "115" of the Amended Complaint except admit that during his assignment to the telephone switchboard plaintiff processed arrest paperwork.

132. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff Reports. . ." as set forth in the Amended Complaint.

133. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "116" of the Amended Complaint.

134. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "117" of the Amended Complaint.

135. Deny the truth of the allegations set forth in Paragraph "118" of the Amended Complaint except admit that plaintiff contacted IAB by filing an Unusual Incident Report (UF-49) involving Lt. Caughey.

136. Deny the truth of the allegations set forth in Paragraph "119" of the Amended Complaint except admit that plaintiff made allegations in a report entitled "Corruption Involving the Integrity Control Program of the 81st Precinct" and respectfully refer the Court to the report for a true and accurate statement of its contents.

137. Deny the truth of the allegations set forth in Paragraph "120" of the Amended Complaint except admit that plaintiff's report was sent to Chief Charles V. Campisi, Chief of the Internal Affairs Bureau.

138. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff's Superiors. . ." as set forth in the Amended Complaint.

139. Deny the truth of the allegations set forth in Paragraph "121" of the Amended Complaint.

140. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "122" of the Amended Complaint.

141. Deny the truth of the allegations set forth in Paragraph "123" of the Amended Complaint.

142. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff Reveals. . ." as set forth in the Amended Complaint.

143. Deny the truth of the allegations set forth in Paragraph "124" of the Amended Complaint except admit that plaintiff met with the Quality Assurance Division ("QAD") in or about October 2009 to discuss his allegations.

144. Deny the truth of the allegations set forth in Paragraph "125" of the Amended Complaint except admit that plaintiff was placed on Performance Monitoring on October 14, 2009.

145. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "126" of the Amended Complaint.

146. Deny the truth of the allegations set forth in Paragraph "127" of the Amended Complaint except admit that plaintiff was interviewed by IAB, Group I.

147. Deny the truth of the allegations set forth in Paragraph "128" of the Amended Complaint.

148. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff Continues. . ." as set forth in the Amended Complaint.

149. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "129" of the Amended Complaint.

150. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "130" of the Amended Complaint.

151. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "131" of the Amended Complaint.

152. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "On October . . ." as set forth in the Amended Complaint except admit that plaintiff contacted IAB by filing an Unusual Incident Report (UF-49) involving Lt. Caughey.

153. Deny the truth of the allegations set forth in Paragraph "132" of the Amended Complaint except admit that Lt. Caughey asked plaintiff for his memo book so that Lt. Caughey could sign it.

154. Deny the truth of the allegations set forth in Paragraph "133" of the Amended Complaint except admit that Lt. Caughey made copies of the notes contained in plaintiff's memo book.

155. Deny the truth of the allegations set forth in Paragraph "134" of the Amended Complaint.

156. Deny the truth of the allegations set forth in Paragraph "135" of the Amended Complaint.

157. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff Leaves Work . . ." as set forth in the Amended Complaint

158. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "136" of the Amended Complaint.

159. Deny the truth of the allegations set forth in Paragraph "137" of the Amended Complaint except deny knowledge or information sufficient to form a belief as to the reasons why  plaintiff sought to leave work before the end of his tour.

160. Deny the truth of the allegations set forth in Paragraph "138" of the Amended Complaint.

161. Deny the truth of the allegations set forth in Paragraph "139" of the Amended Complaint except admit that after plaintiff left the precinct without permission he was ordered back to the precinct.

162. Deny the truth of the allegations set forth in Paragraph "140" of the Amended Complaint except admit that plaintiff contacted IAB.

163. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "141" of the Amended Complaint.

164. Deny the truth of the allegations set forth in Paragraph "142" of the Amended Complaint except admit that plaintiff received a voicemail from Dr. Lamstein.

165. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "The NYPD Threatens . . ." as set forth in the Amended Complaint.

166. Deny the allegations set forth in Paragraph "143" of the Amended Complaint, except admit that when plaintiff failed to respond to any of the inquiries made by the NYPD to locate him defendant Lauterborn contacted plaintiff's father to ascertain plaintiff's whereabouts.

167. Deny the truth of the allegations set forth in Paragraph "144" of the Amended Complaint except admit that Captain Lauterborn spoke to Larry Schoolcraft who told Captain Lauterborn that he had spoken to plaintiff.

168. Deny the truth of the allegations set forth in Paragraph "145" of the Amended Complaint.

169. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendants Unlawfully Enter . . ." as set forth in the Amended Complaint.

170. Deny the truth of the allegations set forth in Paragraph "146" of the Amended Complaint except admit that Chief Marino and Deputy Inspector Steven Mauriello entered plaintiff's home on or about October 31, 2009.

171. Deny the truth of the allegations set forth in Paragraph "147" of the Amended Complaint except admit that a member from the Emergency Service Unit entered plaintiff's apartment on October 31, 2009.

172. Deny the truth of the allegations set forth in Paragraph "148" of the Amended Complaint except admit that members of the NYPD entered plaintiff's home and plaintiff was ordered to return to the 81st Precinct.

173. Deny the truth of the allegations set forth in Paragraph "149" of the Amended Complaint except admit that NYPD defendants were concerned for plaintiff's safety.

174. Deny the truth of the allegations set forth in Paragraph "150" of the Amended Complaint.

175. Deny the truth of the allegations set forth in Paragraph "151" of the Amended Complaint.

176. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendants Threaten . . ." as set forth in the Amended Complaint.

177. Deny the truth of the allegations set forth in Paragraph "152" of the Amended Complaint.

178. Deny the truth of the allegations set forth in Paragraph "153" of the Amended Complaint and respectfully refer the Court to digital tape recordings made by plaintiff for a true and accurate account of how Chief Marino responded.

179. Deny the truth of the allegations set forth in Paragraph "154" of the Amended Complaint except admit that plaintiff refused medical treatment and refused to be involuntarily removed from his home.

180. Deny the truth of the "sum and substance" allegations set forth in Paragraph "155" of the Amended Complaint except admit that plaintiff was taken into protective custody.

181. Deny the truth of the allegations set forth in Paragraph "156" of the Amended Complaint.

182. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff Is Violently . . ." as set forth in the Amended Complaint.

183. Deny the truth of the allegations set forth in Paragraph "157" of the Amended Complaint except admit that Sgt. Duncan handcuffed plaintiff.

184. Deny the truth of the allegations set forth in Paragraph "158" of the Amended Complaint and respectfully refer the Court to digital tape recordings made by plaintiff for a true and accurate account of how Chief Marino responded.

185. Deny the truth of the allegations set forth in Paragraph "159" of the Amended Complaint except admit that, following a frisk of plaintiff, a digital recorder was found on plaintiff and respectfully refer the Court to digital tape recordings made by plaintiff for a true and accurate account of the events.

186. Deny the truth of the allegations set forth in Paragraph "160" of the Amended Complaint.

187. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendants Conduct an . . ." as set forth in the Amended Complaint.

188. Deny the truth of the allegations set forth in Paragraph "161" of the Amended Complaint.

189. Deny the truth of the allegations set forth in Paragraph "162" of the Amended Complaint.

190. Deny the truth of the allegations set forth in Paragraph "163" of the Amended Complaint except deny knowledge or information sufficient to form a belief as to what plaintiff's landlord allegedly claimed to have observed.

191. Deny the truth of the allegations set forth in Paragraph "164" of the Amended Complaint except admit that plaintiff was placed in restraints and carried from his home, and deny knowledge or information sufficient to form a belief as to whether this occurred in full view of friends and neighbors.

192. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendants Make Blatantly . . ." as set forth in the Amended Complaint except admit that plaintiff was confined in a psychiatric ward.

193. Deny the truth of the allegations set forth in Paragraph "165" of the Amended Complaint except admit that plaintiff was transported to Jamaica Hospital.

194. Deny the truth of the allegations set forth in Paragraph "166" of the Amended Complaint and respectfully refer the Court to the intake sheet for a statement made by the officers to hospital officials.

195. Deny the truth of the allegations set forth in Paragraph "167" of the Amended Complaint except admit that plaintiff's landlord provided keys to NYPD defendants to enter plaintiff's apartment and admit that NYPD defendants thought plaintiff may be suicidal.

196. Deny the truth of the allegations set forth in Paragraph "168" of the Amended Complaint.

197. Deny the truth of the allegations set forth in Paragraph "169" of the Amended Complaint.

198. Deny the truth of the allegations set forth in Paragraph "170" of the Amended Complaint.

199. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff Is Handcuffed . . ." as set forth in the Amended Complaint.

200. Deny the truth of the allegations set forth in Paragraph "171" of the Amended Complaint except admit plaintiff was handcuffed at the hospital .

201. Deny the truth of the allegations set forth in Paragraph "172" of the Amended Complaint except admit that Sgt. Frederick Sawyer was assigned to guard plaintiff.

202. Deny the truth of the allegations set forth in Paragraph "173" of the Amended Complaint except admit that Sgt. Sawyer, Sgt. Shantel James, P.O Raymond Miller, and P.O. Artur Sadowski assisted in placing a second handcuff on plaintiff after plaintiff threatened the officers.

203. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff Spends Three . . ." as set forth in the Amended Complaint.

204. Deny the truth of the allegations set forth in Paragraph "174" of the Amended Complaint except admit that plaintiff was confined to the psychiatric ward at Jamaica Hospital.

205. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "175" of the Amended Complaint.

206. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "176" of the Amended Complaint.

207. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "177" of the Amended Complaint.

208. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "178" of the Amended Complaint.

209. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "179" of the Amended Complaint.

210. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "180" of the Amended Complaint.

211. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "181" of the Amended Complaint.

212. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "182" of the Amended Complaint.

213. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "183" of the Amended Complaint.

214. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Plaintiff's Involuntary Confinement . . ." as set forth in the Amended Complaint except admit that plaintiff was confined to a psychiatric ward.

215. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "184" of the Amended Complaint except admit that plaintiff was confined to a psychiatric ward.

216. Deny the truth of the allegations set forth in Paragraph "185" of the Amended Complaint.

217. Deny the truth of the allegations that there was no medical basis for detaining plaintiff as set forth in Paragraph "186" of the Amended Complaint except deny knowledge or information sufficient to form a belief regarding plaintiff's confinement to a psychiatric ward for six days.

218. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "187" of the Amended Complaint and respectfully refer the Court to plaintiff's hospital records for a true and accurate account of how plaintiff presented.

219. Deny the truth of the allegations that plaintiff was not in need of psychiatric treatment as set forth in Paragraph "188" of the Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the whether plaintiff required confinement in a psychiatric ward and respectfully refer the Court to plaintiff's hospital records for a true and accurate account of how plaintiff presented.

220. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "189" of the Amended Complaint.

221. Deny the truth of the allegations set forth in Paragraph "190" of the Amended Complaint.

222. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "191" of the Amended Complaint.

223. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "192" of the Amended Complaint.

224. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "193" of the Amended Complaint.

225. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "194" of the Amended Complaint.

226. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "195" of the Amended Complaint.

227. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "196" of the Amended Complaint.

228. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "197" of the Amended Complaint.

229. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "The NYPD's Crucial . . ." as set forth in the Amended Complaint.

230. Deny the truth of the allegations set forth in Paragraph "198" of the Amended Complaint.

231. Deny the truth of the allegations set forth in Paragraph "199" of the Amended Complaint except admit the NYPD entered plaintiff's home.

232. Deny the truth of the allegations set forth in Paragraph "200" of the Amended Complaint.

233. Deny the truth of the allegations set forth in Paragraph "201" of the Amended Complaint.

234. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "202" of the Amended Complaint.

235. Deny the truth of the allegations that "NYPD dictate[d] the medical policy of JHMC set forth in Paragraph "203" of the Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the actions of JHMC.

236. Deny the truth of the allegations set forth in Paragraph "204" of the Amended Complaint.

237. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendants' Egregious Conduct . . ." as set forth in the Amended Complaint.

238. Deny the truth of the allegations set forth in Paragraph "205" of the Amended Complaint.

239. Deny the truth of the allegations set forth in Paragraph "206" of the Amended Complaint except admit that members of the NYPD attempted to contact plaintiff at his home in upstate New York.

240. Deny the truth of the allegations set forth in Paragraph "207" of the Amended Complaint except admit that members of the NYPD attempted to contact plaintiff at his home in upstate New York.

241. Deny the truth of the allegations set forth in Paragraph "208" of the Amended Complaint.

242. Deny the truth of the allegations that NYPD defendants "continuously harass[ed] and intimidate[d]  plaintiff" as set forth in Paragraph "209" of the Amended Complaint except deny knowledge and information sufficient to form a belief as to what plaintiff did with his bed.

243. Deny the truth of the allegations set forth in Paragraph "210" of the Amended Complaint except admit that members of the NYPD have visited plaintiff at his home.

244. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendants' Pattern of Misconduct . . ." as set forth in the Amended Complaint.

245. Deny the truth of the allegations set forth in Paragraph "211" of the Amended Complaint.

246. Deny the truth of the allegations set forth in Paragraph "212" of the Amended Complaint except admit that certain NYPD defendants have been the subject of NYPD investigations.

247. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendant Marino' Prior . . ." as set forth in the Amended Complaint.

248. Deny the truth of the allegations set forth in Paragraph "213" of the Amended Complaint except admit that Chief Michael Marino was the subject of an investigation involving the use of anabolic steroids and a human growth hormone.

249. Deny the truth of the allegations set forth in Paragraph "214" of the Amended Complaint except admit that investigators executed a search warrant at a pharmacy in Bay Ridge, Brooklyn.

250. Deny the truth of the allegations set forth in Paragraph "215" of the Amended Complaint except admit the steroid prescriptions were found for members of the NYPD, including Chief Marino.

251. Deny the truth of the allegations set forth in Paragraph "216" of the Amended Complaint.

252. Deny the truth of the allegations set forth in Paragraph "217" of the Amended Complaint except admit that Chief Marino was prescribed and used steroids.

253. Deny the truth of the allegations set forth in Paragraph "218" of the Amended Complaint except admit that Chief Marino's authority or duty has not been modified as a result of the investigation.

254. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendant Nelson's Prior . . ." as set forth in the Amended Complaint.

255. Deny the truth of the allegations set forth in Paragraph "219" of the Amended Complaint except admit that Chief Gerald Nelson was the subject of a NYPD investigation.

256. Deny the truth of the allegations set forth in Paragraph "220" of the Amended Complaint except admit that the investigation involved an incident that occurred while Chief Nelson was the Chief of the School Safety Division.

257. Deny the truth of the allegations set forth in Paragraph "221" of the Amended Complaint.

258. Deny the truth of the allegations set forth in Paragraph "222" of the Amended Complaint.

259. Deny the truth of the allegations set forth in Paragraph "223" of the Amended Complaint except admit that Chief Nelson received a communication from the Police Commissioner relating to the actions arising out of the 2005 investigation.

260. Deny the truth of the allegations set forth in Paragraph "224" of the Amended Complaint.

261. Deny the truth of the allegations set forth in Paragraph "225" of the Amended Complaint except admit there was an internal investigation in 2008 concerning Chief Nelson.

262. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "226" of the Amended Complaint.

263. Deny the truth of the allegations set forth in Paragraph "227" of the Amended Complaint.

264. Deny the truth of the allegations set forth in Paragraph "228" of the Amended Complaint.

265. Deny the truth of the allegations set forth in Paragraph "229" of the Amended Complaint.

266. Deny the truth of the allegations set forth in Paragraph "230" of the Amended Complaint.

267. Deny the truth of the allegations set forth in Paragraph "231" of the Amended Complaint.

268. Deny the truth of the allegations set forth in Paragraph "232" of the Amended Complaint except admit that Nelson's authority or duty was not modified in any way as a result of the investigation.

269. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Defendant Mauriello's Misconduct . . ." as set forth in the Amended Complaint.

270. Deny the truth of the allegations set forth in Paragraph "233" of the Amended Complaint except admit that defendant Mauriello was the subject of an internal affairs investigation.

271. Deny the truth of the allegation set forth in Paragraph "234" of the Amended Complaint except admit defendant Mauriello was the subject of an internal affairs investigation.

272. Deny the truth of the allegations set forth in Paragraph "235" of the Amended Complaint.

273. Deny the truth of the allegations set forth in Paragraph "236" of the Amended Complaint.

274. Deny the truth of the allegations set forth in Paragraph "237" of the Amended Complaint except admit that two officers assigned to the 81st precinct were indicted on an unrelated matter.

275. Deny the truth of the allegations set forth in Paragraph "238" of the Amended Complaint except admit that Mauriello's authority or duty was not modified in any way.

276. Deny the truth of the allegations set forth in Paragraph "239" of the Amended Complaint.

277. Deny the truth of the allegations set forth in Paragraph "240" of the Amended Complaint.

278. In response to paragraph "241" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "240" of the Amended Complaint, as if fully set forth herein.

279. Deny the truth of the allegations set forth in Paragraph "242" of the Amended Complaint.

280. Deny the truth of the allegations set forth in Paragraph "243" of the Amended Complaint.

281. Deny the truth of the allegations set forth in Paragraph "244" of the Amended Complaint.

282. Deny the truth of the allegations set forth in Paragraph "245" of the Amended Complaint.

283. Deny the truth of the allegations set forth in Paragraph "246" of the Amended Complaint.

284. In response to paragraph "247" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "246" of the Amended Complaint, as if fully set forth herein.

285. Deny the truth of the allegations set forth in Paragraph "248" of the Amended Complaint.

286. Deny the truth of the allegations set forth in Paragraph "249" of the Amended Complaint.

287. In response to paragraph "250" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "249" of the Amended Complaint, as if fully set forth herein.

288. Deny the truth of the allegations set forth in Paragraph "251" of the Amended Complaint.

289. Deny the truth of the allegations set forth in Paragraph "252" of the Amended Complaint.

290. Deny the truth of the allegations set forth in Paragraph "253" of the Amended Complaint.

291. Deny the truth of the allegations set forth in Paragraph "254" of the Amended Complaint.

292. Deny the truth of the allegations set forth in Paragraph "255" of the Amended Complaint.

293. Deny the truth of the allegations set forth in Paragraph "256" of the Amended Complaint.

294. In response to paragraph "257" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "256" of the Amended Complaint, as if fully set forth herein.

295. Deny the truth of the allegations set forth in Paragraph "258" of the Amended Complaint.

296. Deny the truth of the allegations set forth in Paragraph "259" of the Amended Complaint.

297. In response to paragraph "260" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "259" of the Amended Complaint, as if fully set forth herein.

298. Deny the truth of the allegations set forth in Paragraph "261" of the Amended Complaint.

299. Deny the truth of the allegations set forth in Paragraph "262" of the Amended Complaint.

300. Deny the truth of the allegations set forth in Paragraph "263" of the Amended Complaint.

301. Deny the truth of the allegations set forth in Paragraph "264" of the Amended Complaint.

302. In response to paragraph "265" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "264" of the Amended Complaint, as if fully set forth herein.

303. Deny the truth of the allegations set forth in Paragraph "266" of the Amended Complaint.

304. Deny the truth of the allegations set forth in Paragraph "267" of the Amended Complaint.

305. Deny the truth of the allegations set forth in Paragraph "268" of the Amended Complaint.

306. Deny the truth of the allegations set forth in Paragraph "269" of the Amended Complaint.

307. In response to paragraph "270" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "269" of the Amended Complaint, as if fully set forth herein.

308. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "271" of the Amended Complaint.

309. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "272" of the Amended Complaint.

310. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "273" of the Amended Complaint.

311. Deny the truth of the allegations to the extent asserted against NYPD defendants as set forth in Paragraph "274" of the Amended Complaint.

312. Deny the truth of the allegations to the extent asserted against NYPD defendants as set forth in Paragraph "275" of the Amended Complaint.

313. Deny the truth of the allegations to the extent asserted against NYPD defendants as set forth in Paragraph "276" of the Amended Complaint.

314. In response to paragraph "277" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "276" of the Amended Complaint, as if fully set forth herein.

315. Deny the truth of the allegations set forth in Paragraph "278" of the Amended Complaint.

316. Deny the truth of the allegations set forth in Paragraph "279" of the Amended Complaint.

317. Deny the truth of the allegations set forth in Paragraph "280" of the Amended Complaint.

318. Deny the truth of the allegations set forth in Paragraph "281" including subparts (i) – (v) inclusive of the Amended Complaint.

319. Deny the truth of the allegations set forth in Paragraph "282" of the Amended Complaint.

320. In response to paragraph "283" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "282" of the Amended Complaint, as if fully set forth herein.

321. Deny the truth of the allegations set forth in Paragraph "284" of the Amended Complaint.

322. In response to paragraph "285" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "284" of the Amended Complaint, as if fully set forth herein.

323. Deny the truth of the allegations set forth in Paragraph "286" of the Amended Complaint.

324. Deny the truth of the allegations set forth in Paragraph "287" including subparts (i) –(viii) inclusive of the Amended Complaint.

325. Deny the truth of the allegations set forth in Paragraph "288" of the Amended Complaint.

326. Deny the truth of the allegations set forth in Paragraph "289" of the Amended Complaint.

327. Deny the truth of the allegations set forth in Paragraph "290" of the Amended Complaint.

328. Deny the truth of the allegations set forth in Paragraph "291" of the Amended Complaint.

329. Deny the truth of the allegations set forth in Paragraph "292" of the Amended Complaint.

330. Deny the truth of the allegations set forth in Paragraph "293" of the Amended Complaint.

331. Deny the truth of the allegations set forth in Paragraph "294" of the Amended Complaint.

332. Deny the truth of the allegations set forth in Paragraph "295" of the Amended Complaint.

333. Deny the truth of the allegations set forth in Paragraph "296" including subparts (i) – (v) inclusive of the Amended Complaint.

334. In response to paragraph "297" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "296" of the Amended Complaint, as if fully set forth herein.

335. Deny the truth of the allegations set forth in Paragraph "298" of the Amended Complaint, and respectfully refer the Court to the document referred to therein for a complete and accurate statement of its contents.

336. Deny the truth of the allegations set forth in Paragraph "299" of the Amended Complaint except admit that the City of New York has not compromised plaintiff's claims.

337. Admit the allegations set forth in Paragraph "300" of the Amended Complaint.

338. Deny the truth of the allegations set forth in Paragraph "301" of the Amended Complaint and respectfully refer the Court to the document referred to herein for a true and accurate notice of plaintiff's claims.

339. Deny the truth of the allegations set forth in Paragraph "301" of the Amended Complaint and respectfully refer the Court to the document referenced to herein for a true and accurate notice of plaintiff's claims.

340. Paragraph "303" of the Amended Complaint sets forth legal conclusions to which no response is required.  To the extent this paragraph is found to interpose allegations of fact, NYPD defendants deny those allegations.

341. In response to paragraph "304" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "303" of the Amended Complaint, as if fully set forth herein.

342. Deny the truth of the allegations set forth in Paragraph "305" of the Amended Complaint.

343. Deny the truth of the allegations set forth in Paragraph "306" of the Amended Complaint.

344. In response to paragraph "307" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "306" of the Amended Complaint, as if fully set forth herein.

345. Deny the truth of the allegations set forth in Paragraph "308" of the Amended Complaint.

346. Deny the truth of the allegations set forth in Paragraph "309" of the Amended Complaint.

347. Deny the truth of the allegations set forth in Paragraph "310" of the Amended Complaint.

348. In response to paragraph "311" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "310" of the Amended Complaint, as if fully set forth herein.

349. Deny the truth of the allegations set forth in Paragraph "312" of the Amended Complaint.

350. Deny the truth of the allegations set forth in Paragraph "313" of the Amended Complaint.

351. Deny the truth of the allegations set forth in Paragraph "314" of the Amended Complaint.

352. In response to paragraph "315" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "314" of the Amended Complaint, as if fully set forth herein.

353. Deny the truth of the allegations set forth in Paragraph "316" of the Amended Complaint.

354. Deny the truth of the allegations set forth in Paragraph "317" of the Amended Complaint.

355. Deny the truth of the allegations set forth in Paragraph "318" of the Amended Complaint.

356. Deny the truth of the allegations set forth in Paragraph "319" of the Amended Complaint.

357. Deny the truth of the allegations set forth in Paragraph "320" of the Amended Complaint.

358. In response to paragraph "321" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "320" of the Amended Complaint, as if fully set forth herein.

359. Deny the truth of the allegations set forth in Paragraph "322" of the Amended Complaint.

360. Deny the truth of the allegations set forth in Paragraph "323" of the Amended Complaint.

361. Deny the truth of the allegations set forth in Paragraph "324" of the Amended Complaint.

362. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "325" of the Amended Complaint.

363. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "326" of the Amended Complaint.

364. Deny the truth of the allegations set forth in Paragraph "327" of the Amended Complaint.

365. Deny the truth of the allegations set forth in Paragraph "328" of the Amended Complaint.

366. Deny the truth of the allegations set forth in Paragraph "329" of the Amended Complaint.

367. In response to paragraph "330" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "329" of the Amended Complaint, as if fully set forth herein.

368. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Negligent Retention . . ." as set forth in the Amended Complaint.

369. Deny the truth of the allegations set forth in Paragraph "331" of the Amended Complaint.

370. Deny the truth of the allegations set forth in Paragraph "332" of the Amended Complaint.

371. Deny the truth of the allegations set forth in Paragraph "333" of the Amended Complaint.

372. Deny the truth of the allegations set forth in Paragraph "334" of the Amended Complaint.

373. Deny the truth of the allegations set forth in Paragraph "335" of the Amended Complaint.

374. Deny the truth of the allegations set forth in Paragraph "336" of the Amended Complaint.

375. Deny the truth of the allegations set forth in Paragraph "337" of the Amended Complaint.

376. Deny the truth of the allegations set forth in Paragraph "338" of the Amended Complaint.

377. Deny the truth of the allegations set forth in Paragraph "339" of the Amended Complaint.

378. Deny the truth of the allegations set forth in Paragraph "340" of the Amended Complaint.

379. Deny the truth of the allegations set forth in Paragraph "341" of the Amended Complaint and respectfully refer the Court to In the Matter of P.B.A. and City of New York, Case # A-10699-04 for a true and accurate statement of the determination.

380. Deny the truth of the allegations set forth in Paragraph "342" of the Amended Complaint except admit that Chief Marino was promoted.

381. Deny the truth of the allegations set forth in Paragraph "343" of the Amended Complaint.

382. Deny the truth of the allegations set forth in Paragraph "344" of the Amended Complaint.

383. Deny the truth of the allegations set forth in Paragraph "345" of the Amended Complaint.

384. Deny the truth of the allegations set forth in Paragraph "346" of the Amended Complaint.

385. Deny the truth of the allegations set forth in Paragraph "347" of the Amended Complaint.

386. Deny the truth of the allegations set forth in Paragraph "348" of the Amended Complaint.

387. Deny the truth of the allegations set forth in Paragraph "349" of the Amended Complaint.

388. Deny the truth of the allegations set forth in Paragraph "350" of the Amended Complaint.

389. Deny the truth of the allegations contained in the unnumbered Paragraph beginning with "Negligence in Failing . . ." as set forth in the Amended Complaint.

390. Deny the truth of the allegations set forth in Paragraph "351" of the Amended Complaint.

391. Deny the truth of the allegations set forth in Paragraph "352" of the Amended Complaint.

392. Deny the truth of the allegations set forth in Paragraph "353" of the Amended Complaint.

393. In response to paragraph "354" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "353" of the Amended Complaint, as if fully set forth herein.

394. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "355" of the Amended Complaint.

395. Deny the truth of the allegations to the extent asserted against NYPD defendants as set forth in Paragraph "356" of the Amended Complaint.

396. Deny the truth of the allegations to the extent asserted against NYPD defendants as set forth in Paragraph "357" of the Amended Complaint.

397. In response to paragraph "358" of Amended Complaint NYPD defendants repeat and re-allege their responses to Paragraphs "1" through "357" of the Amended Complaint, as if fully set forth herein.

398. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "359" of the Amended Complaint.

399. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "360" of the Amended Complaint.

400. Deny the truth of the allegations to the extent asserted against NYPD defendants as set forth in Paragraph "361" of the Amended Complaint.

401. Deny the truth of the allegations to the extent asserted against NYPD defendants as set forth in Paragraph "362" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

402. The amended complaint fails to state a claim against NYPD defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

403. There was probable cause for placing plaintiff in protective custody.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

404. At all times relevant to the acts alleged in the amended complaint, NYPD defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

405. The NYPD defendants have not violated any rights, privileges or immunities secured to plaintiff under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

406. The individual defendants are shielded from suit by the doctrines of absolute immunity, qualified immunity, common law immunity, judicial immunity, or any combination of these doctrines.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

407. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the NYPD defendants.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

408. At all times relevant to the acts alleged in the amended complaint, the NYPD defendants acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.  Consequently, NYPD defendants are entitled to governmental immunity.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

409. Plaintiff has not satisfied all conditions precedent to suit.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

410. Punitive damages may not be assessed against the City of New York.

**WHEREFORE**, NYPD defendants request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
December 2, 2010

          **MICHAEL A. CARDOZO**
          Corporation Counsel of the
          City of New York
          Attorney for NYPD Defendants
          100 Church Street, Room 2-124
          New York, N.Y. 10007-2601
          212-788-8703


        By:    **ECF**  /s/
            Donna A. Canfield
            Assistant Corporation Counsel
            dcanfiel@law.nyc.gov


cc:  Jon L. Norinsberg
   *Attorney for Plaintiff*
   225 Broadway, Suite 2700
   New York, New York 10007
   (by email: Norinsberg@aol.com)

   Cohen & Fitch, LLP
   Gerald Cohen
   Joshua Fitch
   *Attorneys for Plaintiff*
   225 Broadway, Suite 2700
   New York, New York 10007
   (by email: gcohen@cihenfitch.com; jfitch@cohenfitch.com)

   Gregory John Radomisli
   Martin Clearwater & Bell LLP (NYC)
   *Attorneys for Jamaica Hospital*
   220 East 42nd Street
   13th Floor
   New York, NY 10017
   (by email: radomg@mcblaw.com)

Brian E Lee
Law Office of J. David O'Brien
*Attorneys for Dr. Isak Isakov*
20 Vesey Street
Suite 1210
New York, NY 10007
(by email: blee@idjlaw.com)

Bruce Morgan Brady
Wilson Elser Moskowitz Edelman & Dicker LLP
*Attorneys for Dr. Lillian Aldana-Bernier*
150 East 42nd Street
New York, NY 10017
(by email: bbrady@ckbblaw.com)

10 CV 6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

Plaintiff,

-against-

CITY OF NEW YORK, ET AL.,

Defendants.

**NYPD DEFENDANTS' ANSWER TO THE
AMENDED COMPLAINT**

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for NYPD Defendants
100 Church Street, Room 2-124
New York, New York  10007-2601

Of  Counsel:  Donna A. Canfield
Tel.:  212-788-8703

*Service of which is hereby acknowledged:*

........................................, N.Y.  Dated:  ........................................

Signed:  ............................................................................................

Print Name: ......................................................................................

Attorney for: ....................................................................................