GJR/DA
667-82153

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ADRIAN SCHOOLCRAFT,

                          Plaintiff,

                    -against-                                10 CIV 6005 (RWS)

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, SGT. FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, AND P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                        Defendants.

-------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT JAMAICA HOSPITAL MEDICAL CENTER**

Of Counsel:   Gregory J. Radomisli (GJR 2670)

1572681_1.DOC

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT

    POINT I

    PLAINTIFF CANNOT MAINTAIN FEDERAL
    CLAIMS AGAINST JAMAICA HOSPITAL BASED
    UPON THE DOCTRINE OF *RESPONDEAT SUPERIOR* ................................................ 1

    POINT II

    PLAINTIFF CANNOT MAINTAIN CLAIMS FOR
    CIVIL RIGHTS VIOLATIONS AGAINST JAMAICA
    HOSPITAL BECAUSE IT IS NOT A STATE ACTOR ...................................................... 3

        A.    Defendants' actions do not pass the state compulsion test ........................... 4

        B.    Defendant's actions do not pass the joint action/close nexus ....................... 5

        C.    Defendants' actions do not pass the public function test............................. 7

    POINT III

    PLAINTIFF'S ALLEGATIONS OF STATE ACTION
    AND CONSPIRACY DO NOT PASS MUSTER UNDER
    *Ashcroft v. Iqbal* OR *Bell Atlantic Corp. v. Twombly* ........................................................ 8

    POINT IV

    THE COURT SHOULD DECLINE TO EXERCISE
    SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S
    STATE LAW CLAIM .......................................................................................................... 8

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

*Cases*

*Ashcroft v. Iqbal*,
  556 U.S. at __, 129 S.Ct. 1937 (2009)..................................................................8

*Back v. Hastings on Hudson Union Free School District*,
  365 F.3d 107 (2d Cir. 2004).................................................................................2

*Bell Atlantic Corp v. Twombly*,
  550 U.S. 544, 127 S.Ct. 1955 (2007)...................................................................8

*Blum v. Yaretsky*,
  457 U.S. 991, 102 S.Ct. 2777 (1982)...................................................................4

*Bodek v. Bunis*,
  2007 WL 1526423 ............................................................................................4, 6

*Bowen v. Rubin*,
  385 F.Supp.2d 168 (E.D.N.Y. 2005)................................................................2, 3

*Bullard v. City of New York*,
  240 F.Supp.2d 292 (S.D.N.Y. 2003)....................................................................8

*Coward v. Town and Village of Harrison*,
  665 F.Supp.2d 281 (S.D.N.Y. 2009)....................................................................1

*Doe v. Harrison*,
  254 F.Supp.2d 338 (S.D.N.Y. 2003).............................................................1, 4, 7

*Fisk v. Letterman*,
  401 F.Supp.2d 362 (S.D.N.Y. 2005)....................................................................4

*Green v. City of New York*,
  465 F.3d 65 (2d Cir. 2006)...............................................................................2, 3

*Henneberger v. County of Nassau*,
  465 F.Supp.2d 176 (E.D.N.Y. 2006)....................................................................1

*In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*,
  510 F.Supp.2d 299 (S.D.N.Y. 2007)...............................................................9, 10

*Jackson v. Metropolitan Edison Co.*,
  419 U.S. 345, 95 S.Ct. 449 (1974)...................................................................5, 7

*Jeffes v. Barnes*,
  208 F.3d 49 (2d Cir. 2000)...................................................................................2

*Jessamy v. City of New Rochelle*,
  292 F.Supp.2d 498 (S.D.N.Y. 2003)....................................................................8

*Johns v. Home Depot U.S.A., Inc.*,
  221 F.R.D. 400 (S.D.N.Y. 2004)..........................................................................4

*Jouthe v. City of New York*,
  2009 WL 701110 (E.D.N.Y. 2009) ..................................................................................4

*Koulkina v. City of New York*,
  559 F.Supp.2d 300 (S.D.N.Y. 2008) ...............................................................................8

*Lewis v. Krymkevich*,
  2009 U.S.Dist.LEXIS 117713 (S.D.N.Y. 2009).............................................................8, 9

*Lopez v. Bay Shore Union Free School District*,
  668 F.Supp.2d 406 (E.D.N.Y. 2009)................................................................................3

*Middleton v. City of New York*,
  2006 WL 1720400 (E.D.N.Y. 2006) .............................................................................4, 6

*Monell v. Dep't of Soc. Servs.*,
  436 U.S. 658, 98 S.Ct. 2018 (1978) ..............................................................................2, 3

*Moray v. Yonkers*,
  924 F.Supp 8 (S.D.N.Y. 1996) ........................................................................................3

*Okunieff v. Rosenberg*,
  996 F.Supp. 343 (S.D.N.Y. 1993) .........................................................................4, 5, 6, 7

*Olivier v. Robert l. Yeager Mental Health Center*,
  398 F.3d 183 (2d Cir. 2005) ............................................................................................2

*Palaimo v. Lutz*,
  837 F.Supp. 55 (N.D.N.Y. 1993)......................................................................................5

*Pangburn v. Culbertson*,
  200 F.3d 65 (2nd Cir. 1999).............................................................................................8

*Rodriguez v. City of New York*,
  644 F.Supp.2d 168 (E.D.N.Y. 2008) ...............................................................................3

*Rojas v. Alexander's Department Stores, Inc.*,
  924 F.2d 406 (2d Cir. 1990) ............................................................................................2

*Rubenstein v. Benedictine Hosp.*,
  790 F.Supp. 396 (N.D.N.Y. 1992)....................................................................................5

*Ruffler v. Phelps Memorial Hospital*,
  453 F.Supp. 1062 (S.D.N.Y. 1978)..................................................................................5

*Sasscer v. Barrios-Paoli*,
  2008 WL 5215466 (S.D.N.Y. 2008) ................................................................................8

*Sybalski v. Independent Group Home Living Program Inc.*,
  2007 WL 1202864 (E.D.N.Y. 2007) ................................................................................7

*Sykes v. McPhillips*,
  412 F.Supp.2d 197 (N.D.N.Y. 2006)........................................................................4, 5, 9

*Tewksbury v. Dowling,*
  169 F.Supp.2d 103 (E.D.N.Y. 2001) ...................................................................................6

*Turturro v. Continental Airlines,*
  334 F.Supp.2d 383 (S.D.N.Y. 2004) ...................................................................................9

*Zahra v. Town of Southold,*
  48 F.3d 674 (2d Cir. 1995) ..................................................................................................3

**Rules**

12(b)(1) ............................................................................................................................................1

12(b)(6) .......................................................................................................................................1, 3

12(c) ................................................................................................................................................1

8(a)(2) .............................................................................................................................................1

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is respectfully submitted on behalf of defendant JAMAICA HOSPITAL MEDICAL CENTER in further support of its motion for an Order dismissing plaintiff's Complaint pursuant to Rules 8(a)(2), 12(b)(1), 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure because plaintiff cannot maintain this action against the moving defendant based upon the doctrine of *respondeat superior*; or in the alternative, because the moving defendant was not a state actor acting under color of law; declining to exercise supplemental jurisdiction over plaintiff's State law claims, and such other and further relief as this Court deems just and proper.

## ARGUMENT

### POINT I

### PLAINTIFF CANNOT MAINTAIN FEDERAL CLAIMS AGAINST JAMAICA HOSPITAL BASED UPON THE DOCTRINE OF *RESPONDEAT SUPERIOR*

Plaintiff's counsel tries to circumvent well-established law that §1983 claims cannot be maintained under the doctrine of *respondeat superior* or under a theory of vicarious liability by anthropomorphizing the JAMAICA HOSPITAL MEDICAL CENTER ("JHMC"). The JHMC, however, is an inanimate entity, and can only "act" through its employees. As such, any claim against JHMC must necessarily be based upon vicarious liability/*respondeat superior*.

Plaintiff must therefore necessarily allege that some individual played some type of role in the alleged constitutional violation. *See e.g. Coward v. Town and Village of Harrison*, 665 F.Supp.2d 281, 308 (S.D.N.Y. 2009) (governmental bodies can act only through natural persons); *Henneberger v. County of Nassau*, 465 F.Supp.2d 176, 197 (E.D.N.Y. 2006) (municipal liability is dependent upon plaintiff's showing that the action of the employee in question was taken by, or attributable to, one of the entity's authorized policy makers, and is therefore considered the act of the entity itself). In *Henneberger*, for example, the Court held

1572681-1

that because plaintiffs alleged that <u>individual defendants</u> sought to deprive plaintiffs of their constitutional rights while acting as policymakers for the defendant County, the County could be held liable for a constitutional deprivations arising therefrom. 465 F.Supp.2d at 197. Plaintiff's argument that he can state a cause of action against JHMC without having to allege specific conduct by some individual does not pass muster.

Although not articulated as such by plaintiff's counsel, plaintiff's counsel is presumably trying to state a cause of action against JHMC based upon *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978), which establishes the principles under which a municipality, as a municipal employer, can be held liable as an entity. *Olivier v. Robert l. Yeager Mental Health Center*, 398 F.3d 183, 192 (2d Cir. 2005), *quoting Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000) (a municipal employer may be liable for actions "taken or caused by an official whose actions represent [the employer's] official policy" or by lawmakers whose edicts or acts "may fairly be said to represent official policy"; only municipal officials who have "final policymaking authority may, by their actions, subject the government to §1983 liability); *Back v. Hastings on Hudson Union Free School District*, 365 F.3d 107, 128 (2d Cir. 2004) (municipal employer can only be liable if its policy or custom "whether made by its lawmakers or by those whose edicts or acts may failure be said to represent official policy" causes injury).

The decision in *Monell* has been applied to private corporations. *See e.g. Rojas v. Alexander's Department Stores, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990); *Green v. City of New York*, 465 F.3d 65, 82 (2d Cir. 2006). Thus, a private corporation can only be held liable for the constitutional torts of its employees if the corporation's employee acted pursuant to "official policy or custom." *Bowen v. Rubin*, 385 F.Supp.2d 168, 176 (E.D.N.Y. 2005); *see also Rojas v. Alexander's Department Stores, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) (a private employer is not responsible for the constitutional torts of its employees unless the employee acted pursuant to

1572681-1                                    2

official policy); *Lopez v. Bay Shore Union Free School District*, 668 F.Supp.2d 406, 417 (E.D.N.Y. 2009).

In *Bowen v. Ruben*, the Court discussed the various ways in which a private corporation may be liable under §1983. In all cases, liability was based upon some sort of action by its employees. Pursuant to the decision in *Bowen*, liability may be found when: 1) the employee's action is taken by or attributable to one of the entity's policymakers, so the action is considered the act of the entity itself; 2) a policymaking official was deliberately indifferent to the constitutional deprivations caused by her subordinates; or 3) plaintiffs can show that the alleged discriminatory practice was so persistent or widespread as to constitute an official policy or custom. 385 F.Supp.2d at 177. For the purposes of a 12(b)(6) motion, plaintiff must at least make those allegations, which the plaintiff herein does not. *See Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995); *Rodriguez v. City of New York*, 644 F.Supp.2d 168, 198 (E.D.N.Y. 2008); *Moray v. Yonkers*, 924 F.Supp 8, 12 (S.D.N.Y. 1996) (granting the 12(b)(6) motion by defendant City of Yonkers because plaintiff did not make any of the necessary allegations to set forth a *Monell* claim). Accordingly, plaintiff cannot state a cause of action against JHMC.

## POINT II

### PLAINTIFF CANNOT MAINTAIN CLAIMS FOR CIVIL RIGHTS VIOLATIONS AGAINST JAMAICA HOSPITAL BECAUSE IT IS NOT A STATE ACTOR

As in *Green v. City of New York*, 465 F.3d 65 (2d Cir. 2006), this Court need not reach the issue of whether JHMC can be considered a state actor because plaintiff has not sufficiently alleged a *Monell* claim against the Hospital. If, however, this Court finds that plaintiff did, then plaintiff's Complaint should be dismissed because JHMC is not a state actor.

A.   Defendants' actions do not pass the state compulsion test

Under the state compulsion test, a state actor can be held responsible for a private decision "only when it has exercised coercive power or provided such significant encouragement, overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777 (1982). As stated in *Doe v. Harrison*, 254 F.Supp.2d 338, 341 (S.D.N.Y. 2003), state action through state compulsion in the context of plaintiff's case "requires actual coercion by a state actor that impacts upon the private physician's decision-making." Given that the plaintiff has not identified any JHMC physician who treated the plaintiff or admitted the plaintiff to JHMC, other than the two codefendants—for whom JHMC cannot be held vicariously liable—it is impossible for plaintiff to have successfully alleged that JHMC, the institution, was compelled to do anything.

Plaintiff's counsel valiantly attempts to distinguish the decisions in *Okunieff v. Rosenberg*, 996 F.Supp. 343 (S.D.N.Y. 1993) and *Jouthe v. City of New York*, 2009 WL 701110 (E.D.N.Y. 2009), but ignores the plethora of cases cited by defendant in its 10/12/10 Memorandum of Law, in which allegations of interaction between the police and a private hospital were not sufficient to establish state action. *See Fisk v. Letterman*, 401 F.Supp.2d 362, 337 (S.D.N.Y. 2005); *Bodek v. Bunis*, 2007 WL 1526423 at *7; *Middleton v. City of New York*, 2006 WL 1720400, *8 (E.D.N.Y. 2006); *see also Johns v. Home Depot U.S.A., Inc.*, 221 F.R.D. 400, 404 (S.D.N.Y. 2004) (a private party who calls the police is not rendered a state actor even if the call caused plaintiff to be detained).

The decision in *Sykes v. McPhillips*, 412 F.Supp.2d 197 (N.D.N.Y. 2006) is instructive. Like the plaintiff in the case at bar, who argues that that the JHMC staff "went so far as to permit NYPD officers to stand over, physically abuse, restrain and imprison plaintiff within its facility" (p. 7, plaintiff's Memorandum of Law in Opposition), the plaintiff in *Sykes* argued that the

defendant hospital "accommodated the particularly security measures characteristic to incarceration." 412 F.Supp.2d at 202. The Court in *Sykes* stated, however, that "this conduct is nothing more than the common sense accommodation of security officers in the proximity of the patient." 412 F.Supp.2d at 202. The Court specifically rejected plaintiff's claim that custody was a dispositive factor to transform a private party's actions into state action, which is essentially what the plaintiff is arguing herein. 412 F.Supp.2d at 203.

In his Memorandum of Law in Opposition, plaintiff, citing paragraphs 171-174 in his Amended Complaint, states that based upon their "forceful, coercive and fraudulent acts, NYPD kept plaintiff locked under their guard in a room in the psychiatric ward" (p. 8). Those allegations do not mean that the NYPD coerced the Hospital staff into admitting the plaintiff to the Hospital because they pertain to actions taken by the NYPD at the facility; not what the facility staff did as a result of the alleged coercion. Although plaintiff relies upon the decision rendered in *Palaimo v. Lutz*, 837 F.Supp. 55 (N.D.N.Y. 1993) in support of his position, that decision was based upon the decisions rendered in *Rubenstein v. Benedictine Hosp.*, 790 F.Supp. 396 (N.D.N.Y. 1992) and *Ruffler v. Phelps Memorial Hospital*, 453 F.Supp. 1062 (S.D.N.Y. 1978), both of which were, for all intents and purposes, effectively overruled when the Second Circuit affirmed this Court's decision in *Okunieff v. Rosenberg*, 996 F.Supp. 343 (S.D.N.Y. 1998), *aff'd* 166 F.3d 507 (2d Cir. 1999).

### B. Defendant's actions do not pass the joint action/close nexus

Under the joint action/close nexus test, a private individual can be deemed a state actor when there is a sufficiently close nexus between the state and the challenged action of the private individual so that the individual's action may be fairly attributed to the State. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449 (1974). Plaintiff maintains that JHMC was

1572681-1                                5

a joint actor with the NYPD when it "received and retained plaintiff at the behest of and upon information provided solely by the NYPD defendants" (pp. 9-10, plaintiff's Memorandum of Law in Opposition). Even if true, however, that conduct would not constitute joint action. *See Bodek v. Bunis*, 2007 WL 1526423 at *7; *Middleton v. City of New York*, 2006 WL 1720400, *8 (E.D.N.Y. 2006).

Plaintiff's citation to *Tewksbury v. Dowling*, 169 F.Supp.2d 103 (E.D.N.Y. 2001) is unavailing. In that case, the defendants, citing *Okunieff*, argued that the private physicians who hospitalized the plaintiff were not state actors because their decision was based upon their own medical judgment. The Court stated that "if the decision to commit Tewksbury was based purely on their own independent medical judgment, Defendants would be correct that they are not state actors." 169 F.Supp.2d at 109. The court noted, however, that the physicians acknowledged that they had accepted the plaintiff as a patient over the telephone, that an independent examination was not performed, and therefore, the initial decision to hospitalize the plaintiff was not a result of their independent medical judgment. *Id.* In contrast, plaintiff's Amended Complaint indicates that the plaintiff was seen at JHMC and admitted after an examination was performed (Exhibit "C" attached to the 10/12/10 Declaration of Gregory J. Radomisli, ¶¶ 187, 188, 189).

Furthermore, in *Tewksbury*, one of the defendants, who was "indisputably" a state actor, concluded that the plaintiff required hospitalization, telephoned the private defendant-physician, who admitted the plaintiff to the private hospital "without any further examination." *Id.* at 110. The Court found that because there was consultation among the County health professionals and the private psychiatrists, there was state action. Moreover, as the Court noted, the plaintiff could not have been hospitalized without the certification of the state-actor physician, pursuant to the terms of §9.37 of the Mental Hygiene Law, which required that the Director of Community Services certify a patient for immediate hospitalization. *Id.* Thus, the decision to hospitalize the

plaintiff at the private hospital was, in fact, a "joint" decision between state physicians and private physicians, and one, according to MHL §9.37, that could only have been made with the assistance of a state actor. In contrast, the decision to admit the plaintiff to JHMC was not made in conjunction with any state psychiatrists, and was made pursuant to MHL §9.39 (*See e.g.* Exhibit "C," attached to the Declaration of Gregory J. Radomisli, ¶273), which does not require any input from a state physician.

### C. Defendants' actions do not pass the public function test

Under the public function test, the plaintiff must demonstrate that the private entity assumed powers "traditionally exclusively reserved to the State." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 95 S.Ct. 449 (1974). The Southern and Eastern District Courts of New York, as well as the Second Circuit Court of Appeals, have held in various cases that care of the mentally ill in New York was not a function that was "traditionally" and "exclusively" reserved by the state. *See Okunieff*, 996 F.Supp. at 353-55; *Sybalski v. Independent Group Home Living Program Inc.*, 2007 WL 1202864 at *5 (E.D.N.Y. 2007), *aff'd*, 2008 WL 4570642 (2d Cir. 2008); *Doe v. Harrison*, 254 F.Supp.2d 338, 343 (S.D.N.Y. 2003).

Plaintiff's arguments to the contrary blur the distinction between the public function test and the joint action/state compulsion test. At p. 15 of his Memorandum of Law in Opposition, plaintiff's counsel states that "JHMC was acting upon the initiative and at the behest of the NYPD. . .. [T]he plaintiff has alleged that the NYPD had essentially used JHMC's facility to perform the function of their personal prison facility for confining plaintiff, which would undoubtedly fall within the category of a public function." If this Court were to accept plaintiff's argument, the public function test would simply be absorbed by the joint action/state compulsion test.

## POINT III

### PLAINTIFF'S ALLEGATIONS OF STATE ACTION AND CONSPIRACY DO NOT PASS MUSTER UNDER *Ashcroft v. Iqbal* OR *Bell Atlantic Corp. v. Twombly*

Even if this Court finds that the plaintiff's Amended Complaint contains the requisite allegations to pass the state compulsion or joint action/close nexus tests, or sets forth a claim for conspiracy under a pre-*Ashcroft v. Iqbal,* 556 U.S. at __, 129 S.Ct. 1937 (2009) or *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) analysis, they do not pass muster under recent United States Supreme Court precedent, as discussed in detail in defendant's 10/10/10 Memorandum of Law. *See Koulkina v. City of New York*, 559 F.Supp.2d 300 (S.D.N.Y. 2008); *Lewis v. Krymkevich*, 2009 U.S.Dist.LEXIS 117713 (S.D.N.Y. 2009); *Sasscer v. Barrios-Paoli*, 2008 WL 5215466 (S.D.N.Y. 2008).

Plaintiff's citations to *Bullard v. City of New York*, 240 F.Supp.2d 292 (S.D.N.Y. 2003), *Jessamy v. City of New Rochelle*, 292 F.Supp.2d 498 (S.D.N.Y. 2003), and *Pangburn v. Culbertson*, 200 F.3d 65 (2nd Cir. 1999) in support of his claim that he states a cause of action are irrelevant because all those decisions pre-date the Supreme Court decisions in *Ashcroft* and *Twombly*.

## POINT IV

### THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM

If this Court dismisses the plaintiff's federal claims against Jamaica Hospital, it should decline to exercise supplemental jurisdiction over the plaintiff's state law claims in accordance with 28 U.S.C. § 1367(a) and (c)(3).

Contrary to plaintiff's contention, Courts have declined to exercise supplemental jurisdiction in cases like the one at bar. For example, in *Turturro v. Continental Airlines*, 334

1572681-1                                          8

F.Supp.2d 383 (S.D.N.Y. 2004), the Court dismissed plaintiff's §1983 claims against two private hospitals and a physician. The Court also declined to exercise supplemental jurisdiction over the state law causes of action for false imprisonment, negligence and malpractice, even though the §1983 claims against the state defendants remained. The Court made that decision "because the claims in part" turned on potentially novel issues of New Jersey State Law. 334 F.Supp.2d at 398. Although JHMC does not anticipate novel issues of New York state law to be at stake, the consideration of novel issues was only "in part" the basis for the Court's decision.

Similarly, in *Sykes v. McPhillips*, 412 F.Supp.2d 197 (N.D.N.Y 2006), the Court dismissed the federal claims against the defendant hospital and defendant physician, even though the federal case would continue against the state defendants, noting that continuing the case was "not sufficient to justify maintenance of the malpractice/negligence claim against the Hospital" because there was "no nexus between the facts and circumstances to be demonstrated in the federal action against [the state defendants] and the state law action against the Hospital." 412 F.Supp.2d at 204.

In *In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 510 F.Supp.2d 299 (S.D.N.Y. 2007), a case cited by the plaintiff, the Southern District, citing the Second Circuit Court of Appeals, noted that when determining whether two disputes arise from "a common nucleus of operative fact," "we have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped. . . [or] the federal claim necessarily brought the facts underlying the state claim before the court." 510 F.Supp.2d at 322 (citations and quotations omitted). The instant action clearly falls within the latter category.

Finally, the Magistrate's decision in *Lewis v. Krymkevich*, 2009 U.S.Dist.LEXIS 117713, adopted by the District Judge in 2009 U.S.Dist.LEXIS 117686 (S.D.N.Y. 2009), the Court granted the private defendant Dr. Krymkevich's motion to dismiss and refused to exercise

1572681-1                                    9

supplemental jurisdiction over the state claims, even though plaintiff's federal claims were going to continue against other defendants who were not dismissed from the action.

Plaintiff's attempts to create a common nucleus of facts between his claims against the New York City Police Department and his medical malpractice claims against JHMC necessarily fail. On p. 18 of plaintiff's counsel Memorandum of Law in Opposition, plaintiff's counsel writes that the Federal and State law claims "arise out of the same allegations—that plaintiff was forcibly removed from his home, falsely arrested, brought to JHMC against his will, received and retained by JHMC as an EDP and involuntarily confined there for six (6) [days] as a result of the coercion, intentional misrepresentations of the NYPD defendants in connection with conspiracy and/or due process violations committed by JHMC and the individually named doctor defendants." In fact, however, none of the interaction between the plaintiff and the NYPD defendants before the plaintiff presented to JHMC has anything to do with whether the Hospital personnel negligently treated the plaintiff after he arrived to the Hospital. The entire history between the plaintiff and the NYPD recited in plaintiff's Amended Complaint is completely unrelated to his medical malpractice claims against JHMC. As stated by the Court in *MTBE Products Liability Litigation*, "the federal and state claims [rest] on essentially unrelated facts." 510 F.Supp.2d at 325 (citation omitted).

Section 1367(c) also allows a district court to decline to exercise supplemental jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. 1367(c)(4); *Id.* at 327. In this case, particularly given plaintiff's failure to identify anyone at JHMC who allegedly committed malpractice other than the two codefendant physicians, it would be fundamentally unfair to keep JHMC involved in this case to be "dragged through the mud" (*See* http://www.schoolcraftjustice.com/media.shtml).

1572681-1

10

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant defendant's motion and dismiss the Complaint as to JAMAICA HOSPITAL MEDICAL CENTER in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 20, 2011

Respectfully submitted,.

MARTIN CLEARWATER & BELL LLP

By: _____
Gregory J. Radomisli (GJR 2670)
Attorneys for Defendant
JAMAICA HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, NY 10017
(212) 697-3122