UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                        Plaintiff,

     -against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, SGT FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown)(collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                        Defendants.
-------------------------------------------------------------------X

Docket No.
10CV6005 (RWS)

DEFENDANT
ISAK ISAKOV, M.D.s'
ANSWER TO PLAINTIFF'S
FIRST SET OF
INTERROGATORIES

Defendant ISAK ISAKOV, M.D., by his attorney's IVONE, DEVINE & JENSEN, LLP, has and for an answer to the plaintiff's first set of interrogatories, hereinafter respectfully alleges, upon information and belief:

1.Q.   Identify any documents prepared by defendant Isak Isakov, M.D., that refer or relate to Adrian Schoolcraft.

1A.   The documents prepared by the defendant Isak Isakov, M.D., that refer or relate to Adrian Schoolcraft are the notes in the Jamaica Hospital record made by Dr. Isakov including his notes on 11/4, 11/5, 11/6 and his discharge summary relating to the patient Adrian Schoolcraft.

2Q.   Identify any tests that were performed by defendant Isak Isakov, M.D., to determine that Adrian Schoolcraft posed either a "substantial risk of physical harm to himself", or a "substantial risk of physical harm to other persons", as set forth in Mental Hygiene Law § 9.39(a).

2A.   The tests performed by Isak Isakov, M.D., so as to enable him to exercise his judgment pursuant to Mental Hygiene Law § 9.39 so as to determine whether Adrian Schoolcraft posed either a substantial risk of physical harm to himself or a substantial risk of physical harm to others, consisted of his evaluation of the entries in the Jamaica Hospital record made by others regarding their observations and opinions with respect to that issue pertaining to this patient, his mental status examination of the patient, his observations of the patient, his evaluation of whether the patient was cooperative and responsive to the questions that he asked, his analysis of the history given prior to and following admission

to the hospital, his review of the determinations of that issue by others including the hospital personnel and physicians as set forth in the hospital record, his efforts to learn information from the police department as to the history of this patient and his conduct, his discussions with the father of the patient, and his professional judgment with regard to the foregoing.

3Q.  Identify any written publications that were authored, or co-authored, by defendant Isak Isakov, M.D., that refer to relate to: i) involuntary hospitalization of a patient who is deemed to be a substantial risk of physical harm to himself; ii) involuntary hospitalization of a patient who is deemed to pose a substantial risk of physical harm to other persons; and/or iii) Mental Hygiene Law § 9.39(a).

3A.  None.

4Q.  Identify any complaints and/or investigations by the New York State Office of Professional Medical Conduct that refer to relate to defendant Isak Isakov, M.D.,

4A.  None.

5Q.  Identify all members of the NYPD and/or FDNY who had any communications with defendant Isak Isakov, M.D., concerning Adrian Schoolcraft, from October 31, 2009 through November 5, 2009.

5A.  There was a member of the Internal Affairs Department of the New York City Police Department who was invited by the patient and/or his father to participate in a discussion at Jamaica hospital who was present there at the time that Dr. Isakov was present whose name is not known by Dr. Isakov but the communications were basically

between that individual and the patient and his father regarding what the patient said that the police did to him so that, Dr. Isakov did not further participate in that discussion.

6Q.     Identify any records of communications between defendant Isak Isakov, M.D.., and any members of the NYPD and/or FDNY, regarding Adrian Schoolcraft, from the time of plaintiff's admission into JHMC on October 31, 2009 until his discharge from JHMC on November 45, 2009.

6A.     None.

7Q.     Identify any records of communications between defendant Isak Isakov, M.D., and Larry Schoolcraft regarding Adrian Schoolcraft, from the time of plaintiff's admission into JHMC on October 31, 2009 until his discharge from JHMC on November 5, 2009.

7A.     Dr. Isakov had discussions with Larry Schoolcraft regarding Adrian Schoolcraft by telephone and in the hospital with the patient on 11/5. There is no record of communication by telephone. There is a note in the hospital record dated 11/5. There was a discussion regarding treatment for the patient after discharge from the hospital and the discharge took place on 11/6. The hospital record refers to the communication of 11/6 in the discharge summary.

8Q.     Identify any training material and/or written guidelines given by JHMC to defendant Isak Isakov, M.D., that refer to relate to: I) involuntary hospitalization of a patient who is deemed to be a substantial risk of physical harm to himself; ii) involuntary

hospitalization of a patient who is deemed to pose a substantial risk of physical harm to other persons; and/or iii) Mental Hygiene Law § 9.39(a).

8A. The form in the hospital record filled out by Dr. Bernier on the front and by Dr. Isakov on the back sets forth a provision of Mental Hygiene Law § 9.39(a). There are no documents in the possession of Isak Isakov, M.D., that refer or relate to Jamaica Hospital Rules, Regulations, Procedures and Guidelines regarding the conditions under which a patient may be subjected to involuntary hospitalization and/or confinement to Jamaica Hospital Medical Center.

9Q. Identify any documents in the possession of defendant Isakd Isakov, M.D., that refer to relate to JHMC's rules, regulations, procedures and guidelines regarding the conditions under which a patient may be subjected to involuntary hospitalization and/or confinement at JHMC.

9A. A booklet of such policies is on the psychiatric floor of Jamaica Hospital. This is not in the possession of Dr. Isakov, who is no longer employed at that hospital.

10Q. Identify any documents in the possession of defendant Isak Isakov, M.D., that refer to relate to JHMC's rules, regulations, procedures and guidelines regarding the admission of patients into the psychiatric ward of JHMC, including but not limited to, any conditions or criteria that must be met prior to admitting a patient into the psychiatric ward.

10A. There are no documents in the possession of Isak Isakov, M.D., that refer or relate to the Rules, Regulations, Procedures and Guidelines regarding the admission of

patients into the Psychiatric Ward of Jamaica Hospital. There is a booklet of policies and procedures at Jamaica Hospital.

11Q. Identify any documents in the possession of defendant Isak Isakov, M.D., that refer or relate to JHMC's rules, regulations procedures and guidelines regarding the treatment of patients who have been deemed to be Emotionally Disturbed Persons ("EDP's") by the NYPD.

11A. There are no documents in the possession of Isak Isakov, M.D., that refer or relate to Jamaica Hospital's Rules, Regulations, Procedures and Guidelines regarding the treatment of patients who have been deemed to be emotionally disturbed persons by the New York Police Department.

12Q. Identify any documents in the possession of defendant Isak Isakov, M.D., concerning JHMC's rules, regulations, procedures, and guidelines for interacting with the NYPD, and in particular, for: o) patients who are brought involuntarily to the JHMC by the NYPD; ii) patients who are deemed to be EDP's by the NYPD; and iii) patients who are being monitored by the NYPD while at JHMC.

12A. None.

13Q. Identify any documents in the possession of defendant Isak Isakov, M.D., that refer to relate to JHMC's rules, regulations, procedures and guidelines regarding the use of physical restraints on patients at JHMC.

13A. There are no documents in the possession of Isak Isakov, M.D., that refer or relate to Jamaica Hospital's Rules, Regulations, Procedures and Guidelines regarding the

use of physical restraints on patient's at Jamaica Hospital. Such documents are in the possession of Jamaica Hospital.

14Q. Identify any rules, regulations, procedures or guidelines in the possession of defendant Isak Isakov, M.D., that were in effect in November 2009 regarding patients who were confined to the psychiatric ward in JHMC, including but not limited to, rules regarding : i) any restrictions on the type of clothing that the patient may wear; ii) any restrictions on the patient's right to privacy; iii) any restrictions o the patient's rights to receive visitors; iv) any periods of mandatory confinement in the patient's room; v) the patient's meal schedule; vi) the patient's sleep schedule; and vii) the patient's mandatory medical evaluations.

14A. There are none in the possession of this answering defendant. It is not known whether the policy regarding clothing is in writing.

15Q. Identify all expert witnesses whom defendant Isak Isakov, M.D., intends to call in the trial of this action.

15A. An expert witness has not yet been retained who is intended to be called on behalf of the defendant, Isak Isakov, M.D., at the trial of this action.

Dated:        Lake Success, New York
              June 17, 2011

                                                             Yours, etc.,

                                                             WILLIAM ROBERT DEVINE (7415)
                                                             IVONE, DEVINE & JENSEN, LLP
                                                             Attorneys for Defendant
                                                               ISAK ISAKOV, M.D.
                                                            2001 Marcus Avenue, Suite N100
                                                            Lake Success, New York  11042
                                                            (516) 326-2400

To:

JON L. NORINSBERG
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007

COHEN & FITCH, LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007

MARTIN, CLEARWATER & BELL, LLP
Attorneys for Jamaica Hospital
220 East 42nd Street
13th Floor
New York, New York 10017

CALLAN, KOSTER, BRADY & BRENNAN, LLP
Attorneys for Defendant
DR. LILLIAN ALDANA-BERNIER
1 Whitehall Street
New York, New York 10004-2140

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK)
                 ) ss.:
COUNTY OF NASSAU )

ISAK ISAKOV, M.D., being duly sworn, states as follows:

I am a defendant in the action of ADRIAN SCHOOLCRAFT V. THE CITY OF NEW YORK, et al., have read the annexed DEFENDANT ISAK ISAKOV, M.D.s' ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, and know the contents therein to be true to my own knowledge, with the exception of those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
ISAK ISAKOV, M.D.,

Sworn to before me this
22 day of June 2011

_____
Notary Public

GLORIA L. SANDS
Notary Public, State of NY
No. 01SA4854128
Qualified in Queens County
Comm. Expires March 3, 2014

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)
                 ) ss.:
COUNTY OF NASSAU)

NINA ARCESE, being duly sworn, deposes and says that deponent is not a party to the action and is over the age of 18 years.

That on June 22, 2011, deponent served the within **DEFENDANT ISAK ISAKOV, M.D.s' ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATTORIES** upon:

JON L. NORINSBERG
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007

COHEN & FITCH, LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007

MARTIN, CLEARWATER & BELL, LLP
Attorneys for Jamaica Hospital
220 East 42nd Street
13th Floor
New York, New York 10017

CALLAN, KOSTER, BRADY & BRENNAN, LLP
Attorneys for Defendant
DR. LILLIAN ALDANA-BERNIER
1 Whitehall Street
New York, New York 10004-2140

those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official

Case 1:10-cv-06005-RWS   Document 61    Filed 06/23/11   Page 11 of 12

depository under the exclusive care and custody of the United States Post Office Department.

_____
Nina Arcese

Sworn to before me on
the 22 day of June 2011
_____
Notary Public

GLORIA L. SANDS
Notary Public, State of NY
No. 01SA4854128
Qualified in Queens County
Comm. Expires March 3, 2014

DOCKET NO., 10CV6005(RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADRIAN SCHOOLCRAFT,

        Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

        Defendants.

---

### DEFENDANT ISAK ISAKOV, M.D.s' ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

IVONE, DEVINE & JENSEN, LLP
*Attorneys for Defendant*
ISAK ISAKOV, M.D.
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042
(516) 326-2400

---

Pursuant to 22 NYCRR §130-1.1-a, the undersigned certifies that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in §130-1.1(c).

Dated: June 17, 2011      By: _____
                                              WILLIAM ROBERT DEVINE (7415)