C440schc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
SCHOOLCRAFT,

                    Plaintiff,

           v.                              10 CV 6005

THE CITY OF NEW YORK,
                    Defendant.
------------------------------x
                                           New York, N.Y.
                                           April 4, 2012
                                           12:36 p.m.

Before:

                    HON. ROBERT W. SWEET,

                                           District Judge

                         APPEARANCES

JON L. NORINSBERG
     Attorney for Plaintiff

COHEN & FITCH
     Attorneys for Plaintiff
BY:  JOSHUA P. FITCH
     GERALD M. COHEN

SPECIAL FEDERAL LITIGATION DIVISION
     Attorney for Defendant
BY:  SUZANNA H. PUBLICKER
     RACHEL SELIGMAN WEISS

MARTIN CLEARWATER & BELL, LLP
     Attorneys for Defendant
BY:  GREGORY J. RADOMISLI

IVONE, DEVINE & JENSEN
     Attorneys for Defendant
BY:  BRIAN E. LEE

CALLAN, KOSTER, BRADY & BRENNAN, LLP
     Attorneys for Defendant
BY:  MATTHEW J. KOSTER

C440schc

1          (In open court)

2          THE COURT:  I'll hear you.

3          MR. NORINSBERG:  The City seeks to have cart blanche

4     to have discovery sealed here, despite --

5          THE COURT:  Well, that's not quite right.  The

6     stipulation is not cart blanche, it is relatively precise, it

7     seems to me.

8          MR. NORINSBERG:  Your Honor, under one provision of

9     the confidentiality order, paragraph 1L --

10         THE COURT:  Yeah.

11         MR. NORINSBERG:  -- says:  Any document identified by

12    the City is subject to this order.

13         Which I read to mean that they can designate any

14    document they wish.

15         THE COURT:  Well, yeah, when they define the

16    confidential documents, they are kind of precise, it seems to

17    me.  Right?  Or wrong.

18         Can it be that they could designate something, yeah,

19    sure, I guess that's right.  I take it that both sides would

20    have to agree, but I don't -- I'm not sure about that.

21         MR. NORINSBERG:  And that, your Honor, I think is the

22    great flaw in the order, is that there is no mechanism for

23    allowing that challenge to be made and good cause to be shown.

24    That law requires good cause.  But if you look at this

25    stipulation, there is no mechanism for challenging.  And what

C440schc

```
1   I'm really asking for here is that the City do what it did in
2   Schiller.  And it knows the law from Schiller, we were all in
3   that case together.  And in Schiller, there was a defined
4   mechanism where plaintiffs could raise, if there was an
5   improper designation, and come to the Court if the parties
6   couldn't agree.  At that point interveners, if they felt so
7   moved, could also play a role.
8           But very clearly, under the Schiller-type
9   confidentiality order, which I think is fairly standard, there
10  is a mechanism for raising whether there has been over
11  designation.  Nothing in this order allows that.
12          THE COURT:  Anything else?
13          MR. NORINSBERG:  I'd also like to speak to the City's
14  point in its letter, which we have not addressed, which is that
15  modification is disfavored.  And it cites the rule that
16  protective orders cannot be modified except for extraordinary
17  circumstances.
18          They slightly misstate that in that if you look at the
19  cases that are relied upon here, primarily the street.com case,
20  that in that case the Second Circuit says: Some protective
21  orders may not merit strong presumption against modification.
22          Then you go back to Agent Orange, the case that
23  ultimately is, I think, probably the seminal case in this.  And
24  it speaks directly to this kind of order.  What the Second
25  Circuit says in Agent Orange is that under the order, there,
```

C440schc

1      appellants needed only to designate discovery materials

2      confidential to protect them.  We conclude that the

3      exceptionally pervasive protection granted appellants, coupled

4      with the fact that the appellants never were required to show

5      good cause, mandated by 26C, amounts to the type of

6      extraordinary circumstances contemplated by required decisions.

7      But, simply, when you have an order like this one, which allows

8      broad sealing, doesn't require good cause, that is precisely

9      the kind of extraordinary circumstance that was contemplated by

10     the Second Circuit as allowing modification.

11            What we ask for here is really that the City, the

12     other defendants, be held to that standard of 26C and that

13     there be a mechanism if they do not meet that standard, if they

14     do not show good cause, that that can be brought back before

15     the Court for a resolution.  So it's a very important case, the

16     case about a coverup, the --

17            THE COURT:  I'm familiar with it.

18            MR. NORINSBERG:  I understand, your Honor.

19            And the last point I would make, your Honor, is that

20     there is meaning to that 26C good cause requirement.

21            The cases we cite show that in these cases where there

22     is a public defendant, define specific and serious injury makes

23     up the heart of good cause for sealing.

24            Thank you, your Honor.

25            THE COURT:  Thanks.

C440schc

```
 1              Yes.

 2              MS. PUBLICKER:  Your Honor, if I could just start by

 3     addressing the statements about the Agent Orange case.

 4              To begin with, the Agent Orange case is from 1987.

 5     And that preceded the change in former Rule 5D.  So prior to

 6     that time, all discovery materials were filed in Court,

 7     bringing them into the category of judicial records to which

 8     the public would have access.  And as I understand it,

 9     therefore, the modification of Rule 5D did significantly change

10     the holdings of Agent Orange based on the fact that documents

11     prior to the 5D were presumptively judicial documents that were

12     open to the public.

13              Again, as your Honor pointed out, I'll move on to the

14     confidentiality stip itself.  It does explicitly mention

15     certain classes of documents.  The vast majority of discovery

16     in this case fits into those specific categories of documents

17     previously produced.

18              THE COURT:  Yes.  But they do -- I must say, I hadn't

19     focused on it as closely as I should have, obviously.  But F,

20     1F, does sort of look cart blanche, doesn't it?

21              MS. PUBLICKER:  Yes, your Honor.  It does say that

22     documents identified by the City could be made subject to this

23     order.

24              And I understand that the argument is that there is no

25     additional provision in the stipulation as there have been in
```

C440schc

1    Schiller for a challenge mechanism.  But it's the City's

2    position that there is nothing stopping plaintiffs, had they a

3    challenge to one of the documents we had produced as

4    confidential, bringing that to the attention of the Court for

5    adjudication.

6           THE COURT:  Well, in other words, you would have no

7    objection if I were to say that the parties -- and how about,

8    of course, the parties, that's one thing.  You wouldn't have

9    any objection to that, of course.  I mean I'm assuming you

10   wouldn't from what you have just said.  But we have this new

11   party, this new, noisy party, that has just joined the fray.

12   And I take it you would not want -- there couldn't really be

13   any designation for getting them in on good cause, as I see it,

14   without giving them the document.

15          So I don't know how we solve that problem.

16          MS. PUBLICKER:  Your Honor, one idea that we have

17   considered is we would be willing to produce a broad general

18   list of the records that we have produced, stating the category

19   of documents they are.  And, again, if there is a specific

20   document within there that The Times believes is

21   inappropriately designated as confidential, we can address that

22   specifically.  But at this time, you know, their letter, as we

23   have pointed out in our response, doesn't list a single

24   document that they believe has been inappropriately labeled as

25   confidential.

7

C440schc

1          THE COURT:  Of course the reason for that is obvious,

2     because they don't know the documents.

3          MS. PUBLICKER:  However --

4          THE COURT:  Except of course we all know the elephant

5     in the corner of the room.

6          MS. PUBLICKER:  And as we -- as plaintiff stated at

7     the last conference, they were not challenging the designation

8     as confidential as those records.

9          THE COURT:  Yeah.  Anything else you want to tell me?

10          MS. PUBLICKER:  Again, I would just state that the

11     burden, as there is a confidentiality order in place in this

12     matter that does explicitly list documents such as the one

13     underneath the elephant in the corner, that it's their burden

14     to demonstrate, you know, why they have a compelling need or

15     why the order was improvidently granted.

16          THE COURT:  Anything from the defense?  Okay.

17          What would you all --

18          MR. KOSTER:  No.

19          THE COURT:  -- what would you all -- obviously, the

20     parties entered into this stipulation for their own purposes,

21     and the enumeration of the documents covered make it evident

22     why at least that enumeration was set forth.

23          The Times does raise this issue about leaving aside

24     the discovery aspect of it, as opposed to some other phase of

25     litigation.  Leaving that aside for the moment.  A procedure

C440schc

1   has been talked about here that could solve the problem of good

2   cause, it seems to me.  And what's crossing my mind is to,

3   based on the discussion today, ask the parties to consider

4   revising the stipulation to include a good cause provision.

5   And I understand the City's view is that the defense could have

6   challenged anything.  And I think that's probably right, that

7   they could have.  And I would -- I would have heard it, I

8   think.  But that could be made explicit.  And we could also say

9   because there is an element of public interest, perhaps a

10  categorization of documents should be made.

11          How would the parties to the litigation feel about

12  such a proposal.

13          MR. FITCH:  We would obviously consent, your Honor.

14  There is a little bit of a, I guess, a sticky issue now,

15  because last week we had agreed to enter into an attorney's

16  eyes only stipulation to alleviate defendant's concerns.

17          THE COURT:  That would stick.

18          MR. FITCH:  That was the only thought that crossed my

19  mind was exactly how that would interplay with a revised

20  confidentiality order.

21          THE COURT:  I don't see that it would create a

22  problem.

23          MR. FITCH:  Okay.  Obviously we would consent.

24          THE COURT:  How about the City.

25          MS. PUBLICKER:  Your Honor, we would consent as well.

C440schc

| | |
|---|---|
| 1 | THE COURT:  All right.  Well, then, may I suggest that |
| 2 | the parties see if you can work out an amendment to the |
| 3 | stipulation.  And be kind enough to share it with the New |
| 4 | York -- oh, by the way.  I think it's appropriate to grant the |
| 5 | motion of The New York Times to intervene.  I'll grant that for |
| 6 | the purpose of raising these issues.  And I think it would be, |
| 7 | under the circumstances, an appropriate courtesy to give them a |
| 8 | copy of whatever it is that you all work out. |
| 9 | So since everybody seems to think that is a good idea, |
| 10 | and I didn't have anything to do with it, the motion of The |
| 11 | Times is granted in part, and denied in part.  Granted as to |
| 12 | intervention, denied as to the rest. |
| 13 | And then we'll see how things work out, okay? |
| 14 | MS. PUBLICKER:  Thank you, your Honor. |
| 15 | THE COURT:  Thank you, all. |
| 16 | (Adjourned) |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |