

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **WILLIAM S.J. FRAENKEL**<br>Phone: 212-788-1247<br>Fax: 212-788-0940<br>E-mail: wfraenke@law.nyc.gov |

May 8, 2012



**Via Facsimile Transmission (212) 805-7925**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   Schoolcraft v. The City of New York, et al.
             Civil Action No. 10-Civ.-6005 (RWS)
             Law Dept. No. 2010-033074

Dear Judge Sweet:

        I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent the City of New York, the New York City Police Department ("NYPD"), and individual defendants Deputy Chief Michael Marino, Assistant Chief Patrol Borough Brooklyn North Gerald Nelson, Captain Theordore Lauterborn, Lieutenant Joseph Goff, Sergeant Frederick Sawyer, Sergeant Kurt Duncan, Lieutenant Christopher Broschart, and Sergeant Shantel James (collectively the "City Defendants") in the above-referenced matter.

        In advance of tomorrow's argument the City defendants respectfully submit this letter in opposition to Plaintiff's letter motion, dated April 25, 2012, seeking leave to amend the Complaint. Plaintiff wishes to add claims alleging that the City defendants violated his rights under the free speech provisions of the First Amendment to the United States Constitution. For the reasons set forth below the motion should be denied.

        Despite the liberality of the Federal Rules of Civil Procedure leave to amend a complaint may be denied if the amendment would be futile. See Oguejiofo v. Open Text Corp., 2010 U.S. Dist. LEXIS 45418, 5-6 (S.D.N.Y. May 7, 2010)(Sweet, J.), reconsideration denied 2010 U.S. Dist. LEXIS 94794 (S.D.N.Y. Sept. 4, 2010)(citing Foman v. Davis, 371 U.S. 178, 182-83 (1962). See also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). Here amending the Complaint to add a First Amendment claim would be futile. Under the Supreme Court's holding in Garcetti v. Ceballos, 547 U.S. 410 (2006), and that holding's Second Circuit progeny, the facts alleged in the proposed Amended Complaint fail to state a First Amendment

claim. Under Garcetti, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." In the instant matter the Plaintiff spoke not as a citizen but as an employee and thus his alleged speech was not protected. 547 U.S. at 421.

Plaintiff's April 25th letter to the Court plaintiff alleges that he "was speaking out regarding the widespread manipulation, tampering and falsification of civilian complaints being made by the public at large." Reporting on such matters falls squarely within a police officer's duties. Thus Plaintiff made the purported speech as an employee and not as a citizen and therefore is that speech is not protected.

The Second Circuit, in Weintraub v. Bd. of Educ., 593 F.3d 196, 202 (2d Cir.) cert denied, ___ U.S. ___, 131 S. Ct. 444, 178 L. Ed. 2d 344 (2010), explained that the inquiry into whether a public employee spoke pursuant to his official duties is both objective and "a practical one." (Citing Garcetti, 547 U.S. at 424.). The Circuit held that "under the First Amendment, speech can be 'pursuant to' a public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer." Id. at 203. Although recognizing that no single factor is dispositive, courts have considered several factors when attempting to determine if a public employee spoke pursuant to his official duties. These factors include the plaintiff's job description; the persons to whom the speech was directed; and whether the speech resulted from special knowledge gained through the plaintiff's employment. Courts have also considered whether the speech occurs in the workplace and whether the speech concerns the subject matter of the employee's job. Frisenda v. Inc. Vill. of Malverne, 775 F. Supp. 2d 486, 506 (E.D.N.Y. 2011).

The plaintiff in Weintraub was a teacher who complained about the school administration's failure to discipline students. The Second Circuit found the plaintiff's complaints were not protected speech. The Court said that the plaintiff was speaking as an employee and not a citizen as the complaints were "part-and-parcel of his concerns" about his ability to "properly execute his duties," as a public school teacher. Weintraub, at 203.

The plaintiff in Frisenda was a police lieutenant claiming to have been retaliated against for engaging in protected speech. One of the alleged speech acts in Frisenda was plaintiff's authorship of a memorandum submitted to the police chief pointing out certain procedures which plaintiff considered dangerous. Frisenda, 775 F. Supp. 2d at 504. In ruling that particular speech act was not protected the court noted that the speech's subject matter related to plaintiff's employment as a police officer; that the speech was only made internally within the police department; and, the matters the speech concerned "were things that [plaintiff] came to learn as part of his duties and responsibilities in the [police department]." Id. at 506.

Similarly, in Brady v. County of Suffolk, 657 F. Supp. 2d 331 (E.D.N.Y. 2009), plaintiff was a Suffolk County police officer who wrote a memorandum allegedly expressing concern for the public's safety as a result of the county's enforcement policies. Id. at 337. The court found the memorandum not to be protected speech. Indeed, the court noted that more than simply being "related" to plaintiff's employment, the memorandum touched on "one of plaintiff's core job functions [which] was to enforce the [Vehicle Traffic Law] VTL by issuing traffic

summonses, and his statements solely concerned the enforcement of the VTL through issuances of traffic summonses to off-duty law enforcement personnel and PBA cardholders." Id. at 344.

Recently, in Matthews v. City of New York, 2012 U.S. Dist. LEXIS 53213 at *7-8 (S.D.N.Y. Apr. 12, 2012), a police officer claimed to have suffered retaliation for voicing concerns about the alleged use of illegal quotas for arrests and summonses. Judge Jones found that such speech, voicing "concerns about illegal policing practices are 'part-and-parcel' of [the officer's] ability to "properly execute his duties." Consequently, the purported speech was unprotected under Garcetti. The Court explained that the officer's "complaints to his supervisors are consistent with his core duties as a police officer, to legally and ethically search, arrest, issue summonses, and--in general--police." The Court rejected the claim that the officer was not technically "required" to expose the problem as part of his employment duties. Judge Jones characterized such an argument as one which elevated form over substance.

Just as in Garcetti, Weintraub, Frisenda, Brady and Matthews, the Plaintiff's speech in the present action is not protected. Employing the factors identified in the foregoing cases compels the conclusion that Plaintiff was engaging in speech as an employee and not a citizen. First, the subject matter of the complaints fell within Plaintiff's job description. A police officer's job is to lawfully enforce the law. If a police officer for any reason believes that "widespread manipulation, tampering and falsification of civilian complaints being made by the public at large..." exists, the officer has a duty to report such misconduct. Reporting such misconduct is squarely within an police officer's job duties. Although many would consider the duty of a police officer to report misconduct, including records falsification, to be self evident, it is in fact an explicit obligation for uniform members of the NYPD.

All uniform NYPD members have an obligation to report misconduct. This obligation is reflected in NYPD Patrol Guide section 207-21 which states that "[a]ll members of the service have an absolute duty to report any corruption or other misconduct, or allegation of corruption or other misconduct, of which they become aware."[1] Even in the absence of the Patrol Guide section it cannot reasonably be asserted that reporting misconduct or illegality is not part of police officer's job. To the contrary, as in Matthews, speech concerning illegal policing practices are part-and-parcel of an officer's ability to properly execute his duties.

---

[1] For the convenience of the Court a copy of NYPD Patrol Guide section 207-21 is attached hereto as Appendix 1. The Patrol Guide is a public document of which the Court may take judicial notice. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998) cert. denied, 525 U.S. 1103 (1999)("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes."). Of course, reporting misconduct need not be explicitly stated in a job description or departmental rule to be deemed part of an officer's duties. As the Second Circuit noted: "speech can be 'pursuant to' a public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer." Weintraub v. Bd. of Educ., 593 F.3d 196, 203 (2d Cir.) cert. denied, ___ U.S. ___, 131 S. Ct. 444 (2010).

Second, the persons to whom the speech was directed were all within the NYPD[2]. Plaintiff's speech was not made to the public at large, to the media, or to elected officials outside of law enforcement. This limited audience to whom the speech was directed is a factor to be considered under Weintraub, 593 F.3d at 203-4. See also Frisenda v. Inc. Vill. of Malverne, 775 F. Supp. 2d 486, 506 (E.D.N.Y. 2011). And see Caraccilo v. Vill. of Seneca Falls, 582 F. Supp. 2d 390, 411 (W.D.N.Y. 2008)("the reported cases 'are consistent in holding that when a public employee raises complaints or concerns up the chain of command at his workplace about his job duties, that speech is undertaken in the course of performing his job.'")(quoting Davis v. McKinney, 518 F.3d 304, 313 (5th Cir. 2008).

Although plaintiff protests that he was going to go to the media and that the alleged retaliation was an effort at prior restraint, the proposed Amended Complaint lacks any facts supporting such a claim. Instead the proposed amended complaint contains only mere conclusory statements concerning to whom Plaintiff wanted to speak and supposition without supporting evidence baldly alleging an effort at prior restraint. As more fully discussed below, such allegations cannot withstand a motion to dismiss under Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009). The alleged facts in the proposed Amended Complaint indicate that Plaintiff spoke to no one about the purported improprieties other than his employer.

Finally, Plaintiff's complaints resulted from special knowledge gained through the his employment NYPD police officer. See also Healy v. City of New York Dep't of Sanitation, 286 Fed. Appx. 744, 746 2008 U.S. App. LEXIS 13734 at *3-5 (2d Cir. 2008)(Sanitation worker's report to his superior, based on knowledge learned only by dint of his employment, of what the employee believed to be evidence of corruption was within the scope of his duties and not protected speech). When we consider a police officer's job duties; the persons to whom he spoke; that the speech resulted from special knowledge gained through the his employment; and, that the speech occurred in the workplace and concerns the subject matter of Plaintiff's job, it is evident that Plaintiff spoke as an employee and not a citizen.

Plaintiff's letter attempts take this case out from the Garcetti rubric. However, Plaintiff either fails to comprehend or refuses to acknowledge the dictates of the Supreme Court's holding. Indeed, Plaintiff's interpretation of Garcetti is at odds with the decision itself. Plaintiff maintains that "First Amendment protection is only lost when the speech is *required* as a function of the employee's job."(emphasis in the original). But the very quotation Plaintiff brings from Garcetti refers to speech made "pursuant to their official duties" and not 'required' by the job. Moreover, Garcetti cautioned courts against undue formalism. Garcetti, 547 U.S. at 424-25. See also Weintraub, 593 F.3d at 202. ("The Garcetti Court cautioned courts against construing a government employee's official duties too narrowly."). A plaintiff may be acting pursuant to his job duties even absent a specific command to report falsified records. Of course, as noted above, there is a specific command, NYPD Patrol Guide section 207-21, to report

---

[2] It is of no moment that plaintiff did not limit his alleged speech to his chain of command. The Second Circuit, in Anemone v. Metro. Transp. Auth., 629 F.3d 97, 115-17 (2d Cir. 2011), noted that a public employee does not immunize his speech by making a report outside his chain of command. The inquiry is whether the subject matter of the report was part of his official duties.

-4-

misconduct. Thus, when plaintiff purportedly spoke about "corruption within the New York City Police" and "repeated instances of widespread fraud regarding civilian complaints"(Plaintiff's letter at 3), plaintiff was acting pursuant to his job duties.

Plaintiff seems to willfully ignore that reporting on improprieties of the types which were purportedly the subject of his speech are at the heart of a police officer's duties. See e.g., Matthews, 2012 U.S. Dist. LEXIS 53213 at *7-8. Most of the cases to which Plaintiff cites do nothing to establish that reporting on the misconduct of falsifying reports would be anything but a police officer's duty. The matter of Sassi v. Lou-Gould, 2007 U.S. Dist. LEXIS 13643, 2007 WL 635579 (S.D.N.Y. Feb. 27, 2007), cited by plaintiff was unambiguous in finding that Chief Sassi had no duty to write the letters at issue in that case concerning department funding. The Court found Chief Sassi was explicitly writing as a "'resident taxpayer' of the City of Beacon,..." Sassi, 2007 U.S. Dist. LEXIS 13643 at *12. This view of the Sassi case was echoed by the lower Weintraub court. Weintraub v. Bd. of Educ., 489 F. Supp. 2d 209, 220 (E.D.N.Y. 2006), aff'd. 593 F.3d 196, 202 (2d Cir.) cert denied, ___ U.S. ___, 131 S. Ct. 444, 178 L. Ed. 2d 344 (2010).

Plaintiff's reference to Your Honor's holding in McAvey v. Orange-Ulster BOCES, 2009 U.S. Dist. LEXIS 77152 (S.D.N.Y. 2009) is similarly of no advantage. Your Honor in a subsequent ruling on that case, 805 F. Supp. 2d 30 (S.D.N.Y. 2011), held that although McAvey's Freedom Of Information Law request constituted protected speech, her "internal complaints to her supervisors and the BOCES Board are more akin to the speech in Weintraub and Garcetti and are not afforded *First Amendment* protection." Id. at 39, n.1. Further, even if McAvey's duties did not involve "scrutinizing her supervisors for fraud", police officers by contrast have an affirmative duty to report misconduct such as a falsified report. See NYPD Patrol Guide section 207-21.

The nature of the speech Plaintiff recounts in his proposed Amended Complaint is of such character as to be unprotected under the Supreme Court's Garcetti holding. The facts alleged in the proposed Amended Complaint fail to state a First Amendment claim. Therefore amending the Complaint to add a First Amendment claim would be futile. Consequently, the request should be denied.

Plaintiff's allegation in the Second Claim for Relief that defendants were attempting to exercise prior restraint also is futile. It is futile not only because the subject matter of the speech falls within an officer's job duties, but because insufficient facts exist to survive a motion to dismiss. Mere conclusory statements are insufficient to defeat a motion to dismiss for failing to state a claim made pursuant to Fed.R.Civ.P. 12(b)(6). See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009). Although when considering a motion to dismiss a Court must assume the facts alleged in the complaint to be true, and draw all reasonable inferences in plaintiff's favor, the complaint must contain enough facts to allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Interpharm, Inc. v. Wells Fargo Bank, N.A., 655 F.3d 136, 141-142 (2d Cir. 2011). If a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, supra., 556 U.S. at ___, 129 S. Ct. at 1950. However, this plausibility standard, although not requiring probability, nonetheless requires more than a sheer possibility that a defendant has acted

unlawfully. Iqbal, supra., 556 U.S. at ___, 129 S. Ct. at 1949. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-557, 127 S. Ct. 1955, 1966 (2007)).

In paragraphs 255 and 256 of the Proposed Amended Complaint plaintiff asserts that his confinement occurred "as he was specifically preparing to disclose information to the public at large" and was intended as a "prior restraint on plaintiff's speech,..." The content of these paragraphs are not facts but conclusory statements insufficient under Iqbal to survive a motion to dismiss. Consequently, such an amendment would be futile and should not be granted.

Wherefore, the City Defendants respectfully request that Plaintiff's motion to amend the complaint be denied.

We thank the Court for its attention to this matter.

Respectfully submitted,

William S.J. Fraenkel
Assistant Corporation Counsel

Cc:
**Via Facsimile Transmission**
Jon L. Norinsberg **(Fax 212-406-6890)**
225 Broadway, Suite 2700
New York, New York 10007

Cohen & Fitch, LLP **(Fax 212-406-6890)**
Gerald Cohen
Joshua Fitch
233 Broadway, Suite 1800
New York, New York 10279

Gregory John Radomisli **(Fax 212-949-7054)**
Martin Clearwater & Bell LLP
220 East 42nd Street, 13th Floor
New York, NY 10017

Brian Lee **(Fax 516-352-4952)**
Ivone, Devine & Jensen LLP
2001 Marcus Avenue, Suite N100
Lake Success, NY 11042

Bruce M. Brady **(Fax 212-248-6815)**
Callan, Koster, Brady & Brennen LLP
1 Whitehall Street
New York, NY 10004

# APPENDIX 1



## PATROL GUIDE

| Section: Complaints | Procedure No: 207-21 |
|---|---|

### ALLEGATIONS OF CORRUPTION AND OTHER MISCONDUCT AGAINST MEMBERS OF THE SERVICE

| DATE ISSUED: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 10/16/09 | 10/23/09 | 09-05 | 1 of 2 |

**PURPOSE**      To process allegations of corruption and other misconduct against members of the service.

**SCOPE**      All members of the service must be incorruptible. An honest member of the service will not tolerate members of the service who engage in corruption or other misconduct. All members of the service have an absolute duty to report any corruption or other misconduct, or allegation of corruption or other misconduct, of which they become aware.

**DEFINITION**      CORRUPTION/OTHER MISCONDUCT: Criminal activity or other misconduct of any kind including the use of excessive force or perjury that is committed by a member of the service whether on or off duty.

**PROCEDURE**      Upon observing, or becoming aware of corruption or other misconduct or upon receiving an allegation of corruption or other misconduct involving a member of the service:

**NOTE**      *To prevent interruption or delay in vital services, a telephone switchboard operator will refer any allegation of corruption or other misconduct to the desk officer, who will record the details of the allegation(s).*

**MEMBER OF THE SERVICE CONCERNED**

1. Telephone Internal Affairs Bureau, Command Center (212) 741-8401 (24 hours) or 1-800-PRIDE PD (24 hours) or (212) CORRUPT (24 hours).
   a. Give preliminary facts.
   b. Identify self or, if opting to remain anonymous, obtain Confidential Identification Number from the Command Center investigator.
   c. Furnish details of corruption or other misconduct.

**NOTE**      *In certain cases, supervisory personnel assigned to the Command Center of the Internal Affairs Bureau may direct on duty members not reporting anonymously to prepare a detailed written report in addition to a telephone notification or request the member(s) concerned to await the arrival of an investigator.*

**OR**

2. Prepare a detailed written report addressed to the Chief of Internal Affairs.
   a. Forward DIRECT, or via FAX (212) 741-8408, to the Command Center, 315 Hudson Street, within twenty-four (24) hours.

## NEW • YORK • CITY • POLICE • DEPARTMENT

## PATROL GUIDE

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 207-21 | 10/23/09 | 09-05 | 2 of 2 |

### MEMBERS MAY OPT TO REPORT ALLEGATIONS OF CORRUPTION/OTHER MISCONDUCT IN WRITING ANONYMOUSLY

**MEMBER OF THE SERVICE CONCERNED (continued)**

3. Prepare a detailed written report, upon becoming aware of misconduct, and forward to:
   a. Chief of Internal Affairs, or
   b. Box 1001, New York, N.Y. 10014.

**NOTE**

*Obtaining a Confidential Identification Number from the Command Center investigator will satisfy the member's reporting responsibility, if the information reported is accurate and complete. Subsequent or ongoing reporting is encouraged to insure the information is timely and complete and may be made by referencing the Confidential Identification Number.*

**ADDITIONAL DATA**

*A member of the service having or receiving information relative to corruption or other misconduct, or an allegation of corruption or other misconduct, has the responsibility to report such information directly to the Internal Affairs Bureau, Command Center.*

*Failure to report corruption, other misconduct, or allegations of such act is, in itself, an offense of serious misconduct and will be charged as such when uncovered during an investigation. Conduct designed to cover up acts of corruption, prevent or discourage its report, or intimidate those who would report it, will be charged as an obstruction of justice or other criminal act with the consent of the prosecutor who has criminal jurisdiction.*

*A member of the service receiving an allegation of corruption against oneself will request a supervising officer to respond to the scene. The supervising officer will interview the complainant and confer with the Internal Affairs Bureau, Command Center, BEFORE interviewing the member concerning the allegation.*

**RELATED PROCEDURES**

*Allegations of Corruption Against City Employees (Other than Members of the New York City Police Department) (P.G. 207-22)*
*Processing Civilian Complaints (P.G. 207-31)*
*Civilian Complaints - Witness Statement (P.G. 207-30)*

**NEW • YORK • CITY • POLICE • DEPARTMENT**



# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

## FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| TO: | **Honorable Robert W. Sweet**<br>United States District Judge<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007 | FROM: | William S.J. Fraenkel<br>Phone: (212) 788-1247<br>FAX: (212) 788-0940<br>wfraenke@law.nyc.gov |
| FAX #: | **(212) 805-7925** | DATE: | MAY 8, 2012 |

You should receive **TEN (10)** page(s), including this one.
Please contact me if you do not receive all pages.

This facsimile contains CONFIDENTIAL INFORMATION which may also be LEGALLY PRIVILEGED. It is intended only for use of the addressee(s) named above. If you are neither the intended recipient of this facsimile nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that disseminating or copying this facsimile is prohibited. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you.

Re: Schoolcraft v. The City of New York, et al.
Civil Action No. 10-Civ.-6005 (RWS)
Law Dept. No. 2010-033074

In advance of tomorrow's argument the City defendants respectfully submit the following letter in opposition to Plaintiff's letter motion, dated April 25, 2012

**Copies Via Facsimile Transmission To:**
Jon L. Norinsberg **(Fax 212-406-6890)**, 225 Broadway, Suite 2700, New York, NY 10007

Cohen & Fitch, LLP **(Fax 212-406-6890)**, Gerald Cohen, Joshua Fitch, 233 Broadway, Suite 1800, New York, NY 10279

Gregory John Radomisli **(Fax 212-949-7054)**, Martin Clearwater & Bell LLP, 220 East 42nd Street, 13th Floor, New York, NY 10017

Brian Lee **(Fax 516-352-4952)**, Ivone, Devine & Jensen LLP, 2001 Marcus Avenue, Suite N100, Lake Success, NY 11042

Bruce M. Brady **(Fax 212-248-6815)**, Callan, Koster, Brady & Brennen LLP, 1 Whitehall Street, New York, NY 10004