

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | WILLIAM S.J. FRAENKEL<br>Phone: 212-788-1247<br>Fax: 212-788-0940<br>E-mail: wfraenke@law.nyc.gov |
|---|---|---|

May 11, 2012

**Via Facsimile Transmission (212) 805-7925**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: Schoolcraft v. The City of New York, et al.
           Civil Action No. 10-Civ.-6005 (RWS)
           Law Dept. No. 2010-033074

Dear Judge Sweet:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent the City of New York, the New York City Police Department ("NYPD"), and individual defendants Deputy Chief Michael Marino, Assistant Chief Patrol Borough Brooklyn North Gerald Nelson, Captain Theodore Lauterborn, Lieutenant Joseph Goff, Sergeant Frederick Sawyer, Sergeant Kurt Duncan, Lieutenant Christopher Broschart, and Sergeant Shantel James (collectively the "City Defendants") in the above-referenced matter. I write in response to plaintiff's letter of last evening.

      The Ninth Circuit Court of Appeals case of Karl v. City of Mountlake Terrace, 2012 U.S. App. LEXIS 9311 (9th Cir. March 5, 2012) which plaintiff forwarded to the Court last evening is inapposite. As an initial matter, the plaintiff in Karl was not a police officer but a civilian employee of a police department. Secondarily, the Ninth Circuit did not rule on plaintiff's job duties but for the purpose of reviewing the summary judgment decision drew all inferences in plaintiff's favor. As such, the Ninth Circuit assumed that the plaintiff did not have a duty to report corruption. The Court also noted that as a civilian the plaintiff did not share an officer's job duty to testify truthfully. Nor was the plaintiff testifying under Fed.R.Civ.P. 20(b)(6) as a representative of the government employer but testified pursuant to a subpoena.

      Drawing on the Karl case from the state of Washington, Plaintiff in this case seems to suggest there is some factual issue as to whether in New York a police officer has a duty to report corruption. Within the Second Circuit, as Judge Jones of this Court in Matthews v.

City of New York, 2012 U.S. Dist. LEXIS 53213 at *7-8 (S.D.N.Y. Apr. 12, 2012), recently reemphasized, an officer's act of voicing "concerns about illegal policing practices are 'part-and-parcel' of [the officer's] ability to "properly execute his duties." This obligation to report corruption is not subject to reasonable dispute. Moreover, if Plaintiff believed that reporting corruption was outside his job duties facts in support of such a claim should appear in the proposed amended complaint but they do not. Plaintiff offers unsupported assertions that he was not required as a duty of his job as a sworn law enforcement officer to report falsification of official government documents. Such assertions would not survive a motion under Iqbal. On the other hand, defendants have offered law and judicially noticeable facts, that police officers have a duty to report corruption. The Karl case adds nothing to this Court's analysis. Nor does the Anderson case apply. Whether the subject of the speech concerns a breach of the public trust, as a opposed to a private one, is relevant for an a analysis under Connick v. Myers, 461 U.S. 138, 147 (1983), but it is not relevant under Garcetti. Indeed, the possible use of unlawfully obtained evidence, as was the case in Garcetti, would be considered a breach of the public trust. Nonetheless, the Supreme Court found the speech in Garcetti be unprotected. So also is the speech in this case a duty of plaintiff's job and therefore unprotected.

Consequently, the City Defendants respectfully request that Plaintiff's motion to amend the complaint be denied.

We thank the Court for its attention to this matter.

Respectfully submitted,

William S.J. Fraenkel
Assistant Corporation Counsel

Cc:

**Via Facsimile Transmission**
Jon L. Norinsberg **(Fax 212-406-6890)**
225 Broadway, Suite 2700 New York, New York 10007

Cohen & Fitch, LLP **(Fax 212-406-2313)**
Gerald Cohen
Joshua Fitch
233 Broadway, Suite 1800 New York, New York 10279

Gregory John Radomisli **(Fax 212-949-7054)**
Martin Clearwater & Bell LLP 220 East 42nd Street, 13th Floor New York, NY 10017

Brian Lee **(Fax 516-352-4952)**
Ivone, Devine & Jensen LLP 2001 Marcus Avenue, Suite N100 Lake Success, NY 11042

Bruce M. Brady **(Fax 212-248-6815)**
Callan, Koster, Brady & Brennen LLP 1 Whitehall Street New York, NY 10004

City of New York, 2012 U.S. Dist. LEXIS 53213 at *7-8 (S.D.N.Y. Apr. 12, 2012), recently reemphasized, an officer's act of voicing "concerns about illegal policing practices are 'part-and-parcel' of [the officer's] ability to "properly execute his duties." This obligation to report corruption is not subject to reasonable dispute. Moreover, if Plaintiff believed that reporting corruption was outside his job duties facts in support of such a claim should appear in the proposed amended complaint but they do not. Plaintiff offers unsupported assertions that he was not required as a duty of his job as a sworn law enforcement officer to report falsification of official government documents. Such assertions would not survive a motion under Iqbal. On the other hand, defendants have offered law and judicially noticeable facts, that police officers have a duty to report corruption. The Karl case adds nothing to this Court's analysis. Nor does the Anderson case apply. Whether the subject of the speech concerns a breach of the public trust, as a opposed to a private one, is relevant for an a analysis under Connick v. Myers, 461 U.S. 138, 147 (1983), but it is not relevant under Garcetti. Indeed, the possible use of unlawfully obtained evidence, as was the case in Garcetti, would be considered a breach of the public trust. Nonetheless, the Supreme Court found the speech in Garcetti be unprotected. So also is the speech in this case a duty of plaintiff's job and therefore unprotected.

Consequently, the City Defendants respectfully request that Plaintiff's motion to amend the complaint be denied.

We thank the Court for its attention to this matter.

Respectfully submitted,

William S.J. Fraenkel
Assistant Corporation Counsel

Cc:

**Via Facsimile Transmission**
Jon L. Norinsberg **(Fax 212-406-6890)**
225 Broadway, Suite 2700 New York, New York 10007

Cohen & Fitch, LLP **(Fax 212-406-2313)**
Gerald Cohen
Joshua Fitch
233 Broadway, Suite 1800 New York, New York 10279

Gregory John Radomisli **(Fax 212-949-7054)**
Martin Clearwater & Bell LLP 220 East 42nd Street, 13th Floor New York, NY 10017

Brian Lee **(Fax 516-352-4952)**
Ivone, Devine & Jensen LLP 2001 Marcus Avenue, Suite N100 Lake Success, NY 11042

Bruce M. Brady **(Fax 212-248-6815)**
Callan, Koster, Brady & Brennen LLP 1 Whitehall Street New York, NY 10004



# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

### FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| TO: | **Honorable Robert W. Sweet**<br>United States District Judge<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007 | FROM: | William S.J. Fraenkel<br>Phone: (212) 788-1247<br>FAX: (212) 788-0940<br>wfraenke@law.nyc.gov |
| FAX #: | **(212) 805-7925** | DATE: | MAY 11, 2012 |

You should receive **Three (3)** page(s), including this one.
Please contact me if you do not receive all pages.

This facsimile contains CONFIDENTIAL INFORMATION which may also be LEGALLY PRIVILEGED. It is intended only for use of the addressee(s) named above. If you are neither the intended recipient of this facsimile nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that disseminating or copying this facsimile is prohibited. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you.

Re: Schoolcraft v. The City of New York, et al.
Civil Action No. 10-Civ.-6005 (RWS)
Law Dept. No. 2010-033074

In advance of tomorrow's argument the City defendants respectfully submit the following letter in opposition to Plaintiff's letter motion, dated April 25, 2012

**Copies Via Facsimile Transmission To:**
Jon L. Norinsberg **(Fax 212-406-6890)**, 225 Broadway, Suite 2700, New York, New York 10007

Cohen & Fitch, LLP **(Fax 212-406-2313)**, Gerald Cohen, Joshua Fitch, 233 Broadway, Suite 1800, New York, New York 10279

Gregory John Radomisli **(Fax 212-949-7054)**, Martin Clearwater & Bell LLP, 220 East 42nd Street, 13th Floor, New York, NY 10017

Brian Lee **(Fax 516-352-4952)**, Ivone, Devine & Jensen LLP, 2001 Marcus Avenue, Suite N100, Lake Success, NY 11042

Bruce M. Brady **(Fax 212-248-6815)**, Callan, Koster, Brady & Brennen LLP, 1 Whitehall Street New York, NY 10004