*[handwritten: DF #SC]*



*[handwritten: Treat as motion returnable 5/23]*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

SUZANNA PUBLICKER
phone: (212) 788-1103
fax: (212) 788-9776
email: spublick@law.nyc.gov

May 11, 2012

**BY FAX (212) 805-7925**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*[RECEIVED MAY 11 2012 JUDGE SWEET CHAMBERS stamp]*

    Re: Schoolcraft v. The City of New York, et al.
        10-CV-6005 (RWS)

Your Honor:

    I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above-referenced matter. This office writes on behalf of non-party Councilman Peter Vallone, Jr. For the reasons stated herein, Councilman Vallone respectfully requests that the Court quash the subpoena served upon him by plaintiff seeking, among other things: (1) records of complaints regarding the alleged downgrading of crime reports, and (2) documents reflecting the alleged failure of the NYPD to "report crime reports" and the alleged arrest/summons quota policy; since the sought-after information is not relevant or reasonably calculated to lead to the discovery of admissible evidence in this matter and therefore exceeds the scope of Fed. R. Civ. P. 26(b). See Subpoena dated April 17, 2012, annexed hereto as Exhibit "A". Furthermore, the request for correspondence between Councilman Vallone and Commissioner Raymond Kelly relating to "the allegations of Adrian Schoolcraft" are too vague and/or ambiguous, and accordingly, should be quashed as well.

***Procedural and Factual Summary***

    By way of background, plaintiff, a police officer with the NYPD, brings this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his Fourth and Fourteenth Amendment rights, and under New York State tort law against the City Defendants, ten (10) individually-named members of the NYPD, Jamaica Hospital, and two (2) individually named Jamaica Hospital defendants. Primarily, plaintiff alleges that he was unlawfully seized at

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
May 11, 2012
Page 2

his home by NYPD officers on October 31, 2009, and subsequently involuntarily confined at Jamaica Hospital for several days.

On April 17, 2012, this office received a courtesy copy of a subpoena subsequently served upon Councilman Peter Vallone, seeking the following documents:[1]

1. Any and all certified records of complaints received by Councilman [Peter Vallone/Albert Vann] from his constituents and/or from any third parties, relating to the following subject matters: (i) Downgrading of Crime Reports by the NYPD; and (ii) Failure to Report Crime Reports by the NYPD;

2. Any and all certified copies of correspondence between Councilman [Peter Vallone/Albert Vann] and Raymond Kelly and/or the NYPD relating to (i) Downgrading of Crime Reports by the NYPD; (ii) Failure to Report Crime Reports by the NYPD; (iii) the allegations of Adrian Schoolcraft.

3. Any and all certified copies of complaints from police officers and/or constituents regarding a quota policy by the NYPD regarding the number of arrests and/or summonses which must be issued by officers on a monthly basis.

4. Any and all certified copies of correspondence between Councilman [Peter Vallone/Albert Vann] and the NYPD regarding allegations of an unlawful quota policy.

5. Any and all certified copies of correspondence between Councilman [Peter Vallone/Albert Vann] and Mayor Bloomberg regarding allegations of an unlawful quota policy by the NYPD and/or allegations of downgrading crime reports by the NYPD.

Because the information plaintiff is seeking is outside the scope of F.R.C.P. 26, the subpoena should be quashed and the information sought therein denied.

*The Information Sought Is Not Relevant Nor Reasonably Calculated To Lead To The Discovery Of Admissible Evidence*[2]

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." Warnke v. CVS Corp., 265 F.R.D. 64, 66 (S.D.N.Y. 2010) (internal quotation omitted); see also In re Flag Telecom Holdings, Ltd. Sec. Litig., 2006 U.S. Dist. LEXIS 69140, at *5-6 (S.D.N.Y. Sept. 13, 2006). Pursuant to Rule 26(b)(1), parties may obtain discovery "that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1). However, courts in this circuit have found a subpoena upon a non-party to be "an unreasonable or burdensome misuse of the discovery process" where the information sought

---

[1] This office also received notice of an identical subpoena served upon Councilman Albert Vann. The return date for both subpoenas was originally April 30, 2012, however, plaintiffs agreed to an enlargement of time until May 11, 2012, for the Councilmen to comply. Upon information and belief, Councilman Vann responded to the subject subpoena on or about April 30, 2012.

[2] Beyond mere Councilman Vallone further reserves his right to object to the subpoena on the basis of an undue hardship and to provide an affidavit to that effect, should the Court so require.

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
May 11, 2012
Page 3

is of "doubtful or tangential relevance." Eisemann v. Greene, 1998 U.S. Dist. LEXIS 4591, at *2 (S.D.N.Y. April 8, 1998); see also, Corbett v. eHome Credit Corp., 2010 U.S. Dist. LEXIS 77712, at *10 (E.D.N.Y. Aug. 2, 2010) ("A subpoena that pursues material with little apparent or likely relevance to the subject matter, . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous, particularly where, as here, the person or entity on whom the demand is made is not a party to the action") (internal quotation marks and citations omitted); Ackermann v. New York City Dep't of Info. Tech. & Telecomms., 2010 U.S. Dist. LEXIS 28537, 3-4 (E.D.N.Y. Mar. 24, 2010). In fact, even where "some of the documents subpoenaed [] may arguably satisfy the broad concept of relevance for discovery purposes," courts have nevertheless quashed non-party subpoenas which sought additional information of only "doubtful or tangential relevance" to the facts of the case. Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ., 2011 U.S. Dist. LEXIS 102310, at *5-6 (E.D.N.Y. Sept. 12, 2011) (citing Ackermann v. New York City Dep't of Info. Tech., No. 09 CV 2436 (JBW)(LB), 2010 U.S. Dist. LEXIS 28537at *1 (E.D.N.Y. Mar. 24, 2010)). As this Court has previously stated, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Night Hawk Ltd. v. Briarpatch Ltd., L.P., 03 Civ. 1382 (RWS), 2003 U.S. Dist. LEXIS 23179, at *23 (S.D.N.Y. Dec. 23, 2003).

Here, the documents sought by plaintiff reflecting whether there was any downgrading of crime reports, a failure to report crime reports, or even an unlawful quota policy, have little or no bearing on the issues in this matter – whether plaintiff was unlawfully seized on October 31, 2009 and thereafter illegally confined at Jamaica Hospital. Whether or not the allegations of crime reporting manipulation or quotas are true is immaterial to the determination of whether the officers entered plaintiff's apartment unjustifiably, what happened once they were inside, and/or what happened thereafter at Jamaica Hospital. Furthermore, it is absolutely unclear how documents evincing complaints by constituents – not plaintiff himself – concerning crime manipulation and/or arrest quotas have any relevance herein to the sole issues in this case which relate to plaintiff's seizure and confinement. The same can be said of any correspondence between Councilman Vallone, Mayor Bloomberg and/or Raymond Kelly pertaining to crime manipulation and/or quotas. Plaintiff's attempts to inject these extraneous issues into this litigation should be denied outright.

Additionally, the subpoena should be quashed because Councilman Vallone represents Astoria, Queens, which is within the confines of the 114th Precinct. Here, plaintiff, complains solely about crime manipulation and quotas in the 81st Precinct located Bedford Stuyvesant section of Brooklyn where plaintiff worked, and for the most part, where the defendant officers herein worked at the time of the incident.[3] Plaintiff does not make any

---

[3] Defendants note for the Court's information that Councilman Albert Vann, who represents the Bedford Stuyvesant section of Brooklyn, covered by the 81st Precinct, has complied with plaintiff's subpoena. Therefore, to the extent that information pertaining to crime manipulation/quotas within the 81st Precinct has some arguable relevance to plaintiff's claim, plaintiff is already in possession of responsive documents. Interestingly, in response to the subpoena, Councilman Vann produced three letters between himself and Commissioner Kelly. Two of the letters express the Councilman's displeasure with Deputy Inspector Mauriello, the former Commanding Officer of the 81st Precinct, and the community's desire to have input in the choice of Mauriello's successor as Commanding Officer.

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
May 11, 2012
Page 4

allegations whatsoever about crime manipulation and quotas in Queens or in any precinct in that borough. Therefore, any information from Councilman Vallone's district related to the subject topics is utterly irrelevant to plaintiff's claims. Moreover, the fact that plaintiff is seeking information from a wholly unrelated district suggests that counsel is not seeking the information for its relevance herein, but for its relevance in Stinson, et al. v. City of New York, et al., 10 CV 4228 (RWS), another litigation proceeding before Your Honor which *does* involve the issue of summons quotas. It is impermissible to seek discovery one action for the purpose of another, and accordingly, any attempts by counsel to do so should be denied. See Night Hawk Ltd., supra at *24 ("When the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied.") (citing Nicholas v. Poughkeepsie Sav. Bank/FSB, 1991 U.S. Dist. LEXIS 8083, No. 90 Civ. 1607, 1991 WL 113279, at *2 (S.D.N.Y. June 14, 1991)).

Finally, with regard to plaintiff's request for "correspondence between Councilman Peter Vallone and Raymond Kelly and/or the NYPD relating to [] the allegations of Adrian Schoolcraft," the request as stated is too vague and ambiguous to allow Councilman Vallone to respond. However, to the extent that plaintiff is referring to his public allegations regarding crime reporting manipulation and quotas, plaintiff's request for the documents should be denied for the reasons stated above.

*Conclusion*

Based on the foregoing, non-party Councilman Peter Vallone respectfully submits that the requested records are only, at best, of doubtful or tangential relevance, and thus, the subpoena should be quashed since it is beyond the scope of Fed. R. Civ. P. 26.

The undersigned thanks the Court for its consideration herein.

Respectfully submitted,

Suzanna Publicker
Assistant Corporation Counsel

cc: Jon L. Norinsberg (By Fax 212-406-6890)
*Attorney for Plaintiff*
225 Broadway, Suite 2700
New York, New York 10007

---

The third letter from Commissioner Kelly, simply indicates that the NYPD will investigate the Councilman's concerns. If the Councilman Vann's response has such tenuous relevance to the claims herein, it is hard to imagine that Councilman Vallone, whose district is outside the 81st Precinct, would have *any* relevant information.

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
May 11, 2012
Page 5

    Cohen & Fitch, LLP (By Fax 212-406-6890)
    Gerald Cohen
    Joshua Fitch
    *Attorneys for Plaintiff*
    233 Broadway, Suite 1800
    New York, New York 10279

    Gregory John Radomisli (By Fax 212-949-7054)
    MARTIN CLEARWATER & BELL LLP
    *Attorneys for Jamaica Hospital Medical Center*
    220 East 42nd Street 13th Floor
    New York, NY 10017

    Brian Lee (By Fax 516-352-4952)
    IVONE, DEVINE & JENSEN, LLP
    *Attorneys for Dr. Isak Isakov*
    2001 Marcus Avenue, Suite N100
    Lake Success, New York 11042

    Bruce M. Brady (By Fax 212-248-6815)
    CALLAN, KOSTER, BRADY & BRENNAN, LLP
    *Attorneys for Lillian Aldana-Bernier*
    1 Whitehall Street
    New York, New York 10004

# EXHIBIT A

**COURTESY COPY**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

2010-033074
JF

| | |
|---|---|
| ADRIAN SCHOOLCRAFT, <br> *Plaintiff* <br> v. <br> THE CITY OF NEW YORK, et al., <br> *Defendant* | Civil Action No. 10 CV 4228 (RWS) <br><br> (If the action is pending in another district, state where: ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Councilman Peter Vallone
22-45 31st Street, Astoria, New York 11105

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER A FOR ITEMS AND INFORMATION TO BE PRODUCED

| Place: Law Offices of Jon L. Norinsberg <br> 225 Broadway, Suite 2700 <br> New York, NY 10007 | Date and Time: <br><br> 04/30/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___04/17/2012___

CLERK OF COURT

OR

_____          _____
   *Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ADRIAN SCHOOLCRAFT PLAINTIFF _____, who issues or requests this subpoena, are:

Law Offices of Jon L. Norinsberg, 225 Broadway, Suite 2700, New York NY 10007
JON. L. NORINSBERG, ESQ.        Tel: (212) 791-5396        E-MAIL: NORINSBERG@AOL.COM

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10 CV 4228 (RWS)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

                                          *Server's signature*

                                          *Printed name and title*

                                          *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person - - except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## RIDER A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Any and all certified records of complaints received by Councilman Peter Vallone from his constituents and/or from any third parties, relating to the following subject matters: (i) Downgrading of Crime Reports by the NYPD; and (ii) Failure to Report Crime Reports by the NYPD;

Any and all certified copies of correspondence between Councilman Peter Vallone and Raymond Kelly and/or the NYPD relating to (i) Downgrading of Crime Reports by the NYPD; (ii) Failure to Report Crime Reports by the NYPD; (iii) the allegations of Adrian Schoolcraft.

Any and all certified copies of complaints from police officers and/or constituents regarding a quota policy by the NYPD regarding the number of arrests and/or summonses which must be issued by officers on a monthly basis.

Any and all certified copies of correspondence between Councilman Vallone and the NYPD regarding allegations of an unlawful quota policy.

Any and all certified copies correspondence between Councilman Vallone and Mayor Bloomberg regarding allegations of an unlawful quota policy by the NYPD and/or allegations of downgrading crime reports by the NYPD.

05/11/2012 FRI 15:42 FAX 2127884123                                                                                   ☒011/011



THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

## FACSIMILE TRANSMISSION

| TO: | **Honorable Robert W. Sweet**<br>United States District Judge<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007 | FROM: | William S.J. Fraenkel<br>Phone: (212) 788-1247<br>FAX: (212) 788-0940<br>wfraenke@law.nyc.gov |
|---|---|---|---|
| FAX #. | **(212) 805-7925** | DATE: | MAY 11, 2012 |

You should receive **Eleven (11)** page(s), including this one.
Please contact me if you do not receive all pages.

This facsimile contains CONFIDENTIAL INFORMATION which may also be LEGALLY PRIVILEGED. It is intended only for use of the addressee(s) named above. If you are neither the intended recipient of this facsimile nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that disseminating or copying this facsimile is prohibited. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you.

Re: Schoolcraft v. The City of New York, et al.
Civil Action No. 10-Civ.-6005 (RWS)
Law Dept. No. 2010-033074

**Copies Via Facsimile Transmission To:**
Jon L. Norinsberg **(Fax 212-406-6890)**, 225 Broadway, Suite 2700, New York, New York 10007

Cohen & Fitch, LLP **(Fax 212-406-2313)**, Gerald Cohen, Joshua Fitch, 233 Broadway, Suite 1800, New York, New York 10279

Gregory John Radomisli **(Fax 212-949-7054)**, Martin Clearwater & Bell LLP, 220 East 42nd Street, 13th Floor, New York, NY 10017

Brian Lee **(Fax 516-352-4952)**, Ivone, Devine & Jensen LLP, 2001 Marcus Avenue, Suite N100, Lake Success, NY 11042

Bruce M. Brady **(Fax 212-248-6815)**, Callan, Koster, Brady & Brennen LLP, 1 Whitehall Street New York, NY 10004