# JON L. NORINSBERG
ATTORNEY AT LAW

TRANSPORTATION BUILDING
225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
www.norinsberglaw.com





BRONX OFFICE
5938 FIELDSTON ROAD
BRONX, NEW YORK 10471

JON L. NORINSBERG

ALEX UMANSKY

TEL (212) 791-5396
FAX (212) 406-6890
E-MAIL: norinsberg@aol.com

May 17, 2012

**VIA FACSIMILE: 212-805-7925**
Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

    Re:   *Schoolcraft v. City of New York, et al*
           *10 CV 6005 (RWS)*

Your Honor:

    I represent plaintiff Adrian Schoolcraft in the above-referenced civil rights action brought pursuant to 42 U.S.C. § 1983. I write now to respectfully oppose defendants' letter motion, dated May 11, 2012, to quash the subpoena served on non-party New York City Councilman Peter Vallone. Defendants' motion to quash the subpoena should be denied on the following grounds: (1) Defendants lack standing to quash the subpoena on behalf of a non-party; (2) the items sought are directly relevant to the claims in this action; (3) Councilman Vallone has made numerous public statements about having evidence in his possession which support the allegations of Adrian Schoolcraft. For these reasons, defendants' motion to quash the subpoena should be denied in its entirety.

**Defendants Lack Standing To Challenge The Non-Party Subpoena, As There Is No Privilege Being Claimed.**

    "In the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non party witness." Cole v. City of New York, No. 10 Civ. 5308, 2011 U.S. Dist. LEXIS 76078, *3 (S.D.N.Y. Jul 1, 2011) (quoting Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975)). See also Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004) ("[A] party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right."); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. 2008) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.").

Here, defendants have not asserted – nor could they – any privilege with respect to the documents sought from non-party Councilman Peter Vallone. Therefore, defendants have no standing to challenge the subpoena, and accordingly, their motion to quash should be denied. See Cole v. City of New York, No. 10 Civ. 5308, 2011 U.S. Dist. LEXIS 76078, *3 (S.D.N.Y. Jul 1, 2011) (defendants "asserted no personal right or privilege in connection with the non-parties or the documents subpoenaed, [and] [t]herefore, defendants have no standing to bring the motion to quash the subpoenas served by the plaintiff on the non-parties"). Nor can defendants rely upon their legal representation of Councilman Vallone as a basis for establishing standing. See Cole, 2011 U.S. Dist. LEXIS 76078 at *4 ("That the defendants' attorney might represent the non-parties served with the plaintiff's subpoena does not, by itself, establish standing to make a motion to quash the non-party subpoena."). Accordingly, defendants' motion to quash the subpoena on Councilman Vallone should be denied.

**The Items Sought In The Subpoena Are Directly Relevant To The Claims In This Action.**

Under the Federal Rules, the scope of discovery extends to "any matter not privileged which is relevant to the subject matter in the pending matter, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party ...." Fed. R. Civ. P. 26 . The phrase "relevant to the subject matter involved in the pending action has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, (1978). Therefore, limitations will be imposed only "on discovery sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant or when the examination is on matters protected by a recognized privilege." In re Six Grand Jury Witnesses, 979 F.2d 939, 943 (2d Cir. 1992).

Applying the above principles, all of the documents requested by plaintiff are *directly relevant* to the claims in this action. While defendants myopically focus only on the *seizure* which took place on October 31, 2009, the Amended Complaint repeatedly and expressly refers to the existence of the NYPD's unlawful quota policy and manipulation of crime statistics as the *reason* why defendant took the actions that they did on October 31, 2009. See, e.g., Am. Compl. ¶2 ("The NYPD had established an illegal quota policy for the issuance of summonses and arrests and [] defendants were falsifying and instructing police officers to suborn perjury on police reports to distort COMPSTAT statistics."); id. at ¶161 ("defendants illegally searched plaintiff's home and illegally seized *substantial evidence of corruption* within the 81st precinct which plaintiff had gathered, detailing the enforcement of *illegal quotas and perjurious manipulation of police reports*, as well as plaintiff's notes regarding his complaints against the 81st precinct.") (emphasis supplied). See also Am. Compl. at ¶¶ 34-53; ¶¶ 73–83 (setting forth detailed allegations relating to NYPD's illegal quota policy); id. at ¶ 287 (alleging Monell claim "creating a quota system for NYPD subordinate officers"). Thus, notwithstanding defendants' claims to the contrary, the items sought in the subpoena are directly relevant to the claims in this action.

Apart from the plain wording in the complaint, *defendants themselves* have served discovery demands relating to the *very same* items covered in the subpoena served on Councilman Vallone. See, e.g., City Defendants' First Combined Set of Interrogatories and Document Requests, Demand No. 124 ( "[P]roduce any and all documents, notes and/or recordings etc., supporting plaintiff's claim that the 81st Precinct and/or *the NYPD* has a *quota policy*.") (emphasis supplied). Thus, for

defendants to suggest, as they do now, that the items sought by plaintiff in the Vallone subpoena are irrelevant is disingenuous to the extreme. Accordingly, defendants' motion to quash on grounds of relevancy should be denied.

### Councilman Vallone Has Made Numerous Public Statements about Evidence in His Possession Which Supports the Allegations of Adrian Schoolcraft.

Defendants further argue that the materials sought from Councilman Vallone are irrelevant because Mr. Vallone does not represent constituents who reside within the confines of the 81st Precinct. However, as noted above, the allegations made in the complaint are *not* limited to the 81st Precinct, but rather, pertain to the *entire NYPD*. Moreover, Mr. Vallone has made numerous public statements about evidence which substantiates the claims made by Adrian Schoolcraft. See, e.g., New York Times Article dated January 5, 2011 ("I believe that the statistics were in fact being manipulated," Mr. Vallone said. "I have spoken to many current and former police officers who unfortunately refused to go on the record but who have corroborated that fact. And I've spoken to many civilians whose valid complaints were not accepted by the Police Department"); Daily News Article dated January 21, 2012 ("Everything from, 'You have to go the precinct to file a report' to, 'We're not going to take a report because you didn't get a good look at the guy who robbed you,' " Vallone said. "It's happened far too often to attribute it to a few confused police officers."); Village Voice article dated March 14, 2012 ("This report (the QAD investigation which substantiated Schoolcraft's allegations) might be a game changer," he says. "This is *even more evidence* that the crime statistics are not accurate. It happens far too often for it to be just mistakes.") (emphasis supplied). In fact, Councilman Vallone has expressly acknowledged the link between plaintiff's allegations and the NYPD's unlawful policy of downgrading crime statistics. Id. ("Because of the circumstances, the treatment of Schoolcraft should be looked at by the commission that Kelly established."). Based on these public statements, defendants' suggest that Councilman Vallone has no information relevant to this action is uttterly baseless, and should be rejected by the Court.

### Conclusion

For all of the foregoing reasons, plaintiff respectfully requests that the Court deny defendants' motion to quash, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Jon L. Norinsberg, Esq.

cc: Corporation Counsel
    100 Church Street
    Room 3-200
    New York, New York 10007
    Attn: Suzanna H. Publicker, Esq.

Cohen & Fitch
233 Broadway
27th Floor
New York, New York 10007

Callan, Koster, Brady & Brennan, LLP
Attorneys for Defendant
Dr. Lilian Aldana-Bernier
One Whitehall Street, 10th Floor
New York, New York 10004
Attn: Bruce M. Brady, Esq.. (BMB4816)

Ivone, Devine & Jensen, LLP
Attorney for Isak Isakov, M.D.
2001 Marcus Avenue
Suite N100
Lake Success, New York 11042

Martin, Clearwater & Bell, LLP
Attorney for Jamaica Hospital
220 East 42nd Street
New York, New York 10017
Attn: Gregory J. Radomisli, Esq.

# LAW OFFICES OF
# JON L. NORINSBERG
# 225 BROADWAY, SUITE 2700
# NEW YORK, NEW YORK 10007

## FAX TRANSMISSION

DATE: March 13, 2012

TO: Honorable Robert W. Sweet
(212) 805-7925

Suzanna Publicker, Esq.
Corporation Counsel
(212) 788-8877

Cohen & Fitch
(212) 406-2313

Gregory John Radomisli, Esq.
Martin Clearwater & Bell, LLP
(212) 949-7054

Brian Lee, Esq.
Ivone, Devine & Jensen, LLP
(516) 352-4952

Bruce M. Brady, Esq.
Callan, Koster, Brady & Brennan, LLP
(212) 248-6815

FROM: Jon L. Norinsberg, Esq.
Phone: (212) 791-5396
Fax: (212) 406-6890

PAGES: (5) Including Cover Memorandum

RE: *Adrian Schoolcraft v. City of New York, et al.*
*10 CV 6005 (RWS)*

------

MESSAGE: Please see attached.