

D+F

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*



SUZANNA PUBLICKER
phone: (212) 788-1103
fax: (212) 788-9776
email: spublick@law.nyc.gov

March 26, 2012

**BY FAX & HAND DELIVERY**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
MAR 26 2012
JUDGE SWEET CHAMBERS

Re:  Schoolcraft v. The City of New York, et al.
10-CV-6005 (RWS)

Your Honor:

I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent the City Defendants in the above-referenced matter.  City Defendants write in opposition to The New York Times' (the "Times") letter dated March 21, 2012, requesting (a) permission to intervene in this matter, (b) modification of the parties' so-ordered Stipulated Protective Order, and (c) "to remove the confidentiality designations from already-produced discovery materials." For the reasons stated below, City Defendants respectfully request that Your Honor deny the Times' application to intervene herein and appear at the oral argument currently scheduled for March 28, 2012.

**There Is No Right of Public Access to Discovery Materials**

Foremost, and perhaps most crucially, the Times has not specifically indicated any document it seeks to have de-designated as confidential.  Thus, defendants' ability to fully respond to its application is limited.  Nonetheless, as the Times admits, "there is neither a common law nor First Amendment presumption of access to unfiled discovery, as there is with judicial documents filed with a court." Times Letter at 2.  As the Second Circuit has recognized, "documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond [any presumption of public access]." Securities and Exchange Commission v. TheStreet.com, 273 F.3d 222, 232 (2d Cir. 2001). The Circuit has further expounded that "[d]iscovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public." Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982). The Times' failure to articulate any legitimate interest in the use or dissemination of discovery information outside of this litigation supports a finding of good cause for the Protective Order and for the continued confidentiality of the subject documents. See United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995).

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
March 26, 2012
Page 2

### The Times Has Failed to Meet The Standards Necessary to Modify a Protective Order

The Second Circuit has emphasized that, once a protective order is "so ordered," the Court must enforce that order. See Geller v. Branic International Realty Corporation, 212 F.3d 734 (2d Cir. 2000). "Although a district court has power to modify a protective order . . . the required showing must be more substantial than the good cause needed to obtain a sealing order in the first instance." Id. The burden of modifying a protective order, or of withdrawing protection from documents already covered by a protective order, rests with the Times – as the "party" seeking modification. See, e.g., Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53, 59 (2d Cir. 2011). There is "a general and strong presumption against access" to documents previously designated confidential. SEC, 273 F.3d at 231. Moreover, "a district court should not modify a protective order . . . 'absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need.'" Securities and Exchange Commission v. TheStreet.com, 273 F.3d 222, 229 (2d Cir. 2001).

Here, the Times has not shown that the Protective Order was improvidently granted. Each of the parties had an opportunity to thoroughly review and object to the terms of the proposed Order prior to its execution. In the end, all counsel, including plaintiff's, consented to the language of the proposed Order. Indeed, to date, no party to this litigation has challenged the appropriateness of the Protective Order, or any documents produced in accordance therewith. Thus, the Times cannot demonstrate that the Protective Order, intelligently negotiated by the parties thereto, was improvidently granted.

Similarly, the Times cannot demonstrate a compelling need for access to the confidential documents produced herein. In Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53, 59 (2d Cir. 2011), the Court implied that a party seeking to modify a protective order based on "compelling need" is required to make such a showing for each particular document it seeks to have disclosed. The Times has not mentioned a *single* document that it believes was incorrectly identified as confidential, nor has it made an attempt to explain why it has a compelling need for *any* documents produced herein. The records deemed confidential in this matter include, *inter alia*, employment records subject to protection under Public Officers Law Section 87(2)(g), documents that are part of ongoing investigations, documents that are protected under the deliberative process privilege, and plaintiff's psychiatric records. The Times would be hard-pressed to argue, or prove, that these types of documents are not subject to confidentiality.[1]

Finally, the Times seeks to force the parties to make a showing of good cause for every confidential document produced going forward. The Times' request demonstrates a complete disregard for the Court's and the parties' time. In justifying such a request, the Times

---

[1] See, e.g., Dzanis v. JPMorgan Chase & Co., 10 Civ. 3384 (BSJ) (JLC), 2011 U.S. Dist. LEXIS 137356, *5-6 (S.D.N.Y. Nov. 30, 2011)(good cause shown due to the "[legitimate privacy concerns [that] exist with regard to personnel files")(citing Ladson v. Ulltra East Parking Corp., 164 F.R.D. 376, 377 n.2 (S.D.N.Y. 1996)); Std, Inv, Chtd., Inc. v. NASD, 07 Cv. 2014 (SWK), 2008 U.S. Dist. LEXIS 4617 (S.D.N.Y. Jan. 23, 2008) ("Although a valid assertion of privilege constitutes good cause, a court may impose a protective order when no established privilege is applicable.")(citing, *inter alia*, Kunstler v. City of New York, 04 Civ. 1145 (RWS) (MHD), 2006 U.S. Dist. LEXIS 61747, at *8, *11 (S.D.N.Y. Aug. 29, 2006) (collecting cases), aff'd 242 F.R.D. 261 (S.D.N.Y. 2007)).

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
March 26, 2012
Page 3

merely asserts that the conduct of the NYPD is a "topic[] of central concern to the citizens of
New York." Times Letter at 1. Courts in this District have previously held that such protestations
of "public interest" provide an "insufficient basis for requiring the parties to justify each
confidentiality designation at the time of production." Schiller v. City of New York, 04 CV 7921
(KMK)(JCF), 2007 U.S. Dist. LEXIS 4285 (S.D.N.Y. Jan. 19, 2007).

**The Times May Make a FOIL Request for NYPD Documents**

At the heart of the Times instant application appears to be its desire to obtain
documents pertaining to the NYPD which is a "topic[] of central concern to the citizens of New
York." By the instant application, however, the Times is attempting to circumvent the state law
provisions available to it. To the extent that the Times is seeking material pertaining to the
NYPD upon which to base news stories, the appropriate venue for such requests is a FOIL
request to the NYPD. In the event such a request is unsuccessful, the Times is afforded a state
law remedy – an Article 78 Proceeding – not intervention into the instant federal action.

Based on the foregoing, City Defendants respectfully request that Your Honor
deny the Times' application to intervene herein and/or to challenge the designation of any
confidential documents in this matter, as they have no right to do so. However, if the Court is
inclined to allow the Times to be heard, defendants request the opportunity to fully brief the
issue, including providing the appropriate declarations, if necessary.

Thank you for your consideration herein.

Respectfully submitted,

Suzanna Publicker
Assistant Corporation Counsel

cc: Jon L. Norinsberg (By Fax 212-406-6890)
*Attorney for Plaintiff*

Cohen & Fitch, LLP (By Fax 212-406-6890)
*Attorneys for Plaintiff*

Gregory John Radomisli (By Fax 212-949-7054)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*

Brian Lee (By Fax 516-352-4952)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*

Bruce M. Brady (By Fax 212-248-6815)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*

David E. McCraw (By Fax 212-556-4031)
NEW YORK TIMES COMPANY
*General Counsel*



THE CITY OF NEW YORK

## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

### FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| TO: | Honorable Robert W. Sweet<br>United States District Judge<br>Southern District of New York | FROM: | Suzanna Publicker<br>phone: (212) 788-1103<br>fax: (212) 788-9776<br>email: spublick@law.nyc.gov |
| FAX #: | 212-805-7925 | DATE: | MARCH 26, 2012 |
| TO: | Jon L. Norinsberg<br>Cohen & Fitch, LLP<br>*Attorney for Plaintiff* | | |
| FAX #: | 212-406-6890 | | |
| TO: | Gregory John Radomisli<br>MARTIN CLEARWATER & BELL LLP<br>*Attorneys for Jamaica Hospital Medical Center* | TO: | Bruce M. Brady<br>CALLAN, KOSTER, BRADY &<br>BRENNAN, LLP<br>*Attorneys for Lillian Aldana-Bernier* |
| FAX #: | 212-949-7054 | FAX #: | 212-248-6815 |
| TO: | Brian Lee<br>IVONE, DEVINE & JENSEN, LLP<br>*Attorneys for Dr. Isak Isakov* | TO: | David E. McCraw<br>NEW YORK TIMES COMPANY<br>*General Counsel* |
| FAX #: | 516-352-4952 | FAX #: | 212-556-4031 |

You should receive 4 page(s), including this one.
Please contact me if you do not receive all pages.

This facsimile contains CONFIDENTIAL INFORMATION which may also be LEGALLY PRIVILEGED. It is intended only for use of the addressee(s) named above. If you are neither the intended recipient of this facsimile nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that disseminating or copying this facsimile is prohibited. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you.

Re:     Schoolcraft v. The City of New York, et al., 10-CV-6005 (RWS)