UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ADRIAN SCHOOLCRAFT,

              Plaintiff,

                                        10 Civ. 6005 (RWS)

- against -

                                        OPINION

CITY OF NEW YORK, et al.,

              Defendants.

------------------------------------X

A P P E A R A N C E S:

    <u>Attorneys for the Plaintiff</u>

    THE LAW OFFICES OF JON L. NORINSBERG, ESQ.
    225 Broadway, Suite 2700
    New York, NY 10007
    By:  Jon L. Norinsberg, Esq.

    COHEN & FITCH LLP
    225 Broadway, Suite 2700
    New York, NY 10007
    By:  Joshua Paul Fitch, Esq.
        Gerald M. Cohen, Esq.


    <u>Attorneys for the City Defendants</u>

    MICHAEL A. CARDOZO
    CORPORATION COUNSEL OF THE CITY OF NEW YORK
    100 Church Street
    New York, NY 10007
    By:  Suzanna Hallie Publicker, Esq.
        Maxwell Douglas Leighton, Esq.
        Donna Anne Canfield, Esq.
        William Solomon Jacob Fraenkel, Esq.

**Sweet, D.J.**

Plaintiff Adrian Schoolcraft ("Schoolcraft," or the "Plaintiff") has requested that the Court reconsider the portion of its opinion filed June 14, 2012 (the "June 14 Opinion"), in which Plaintiff's motion to amend his complaint to include a First Amendment claim was denied. Specifically, Plaintiff contends that the June 14 Opinion overlooked the actions of the NYPD defendants in harassing and intimidating Plaintiff at his home in upstate New York after he was suspended from the NYPD and no longer had any job duty to speak out about the corruption he witnessed. Because Plaintiff has failed to raise any controlling law or facts that the June 14 Opinion overlooked, Plaintiff's motion for reconsideration is denied.

## Facts & Prior Proceedings

The facts of the case are detailed in this Court's opinion dated May 6, 2011 which granted in part and denied in part Defendant Jamaica Hospital Medical Center's motion to dismiss. See Schoolcraft v. City of New York, No. 10 Civ. 6005(RWS), 2011 WL 1758635, at *1 (S.D.N.Y. May 6, 2011).

1

Familiarity with those facts is assumed.

On April 25, 2012, Plaintiff wrote to the Court requesting leave to amend the complaint to add a First Amendment retaliation claim under 42 U.S.C. § 1983. The letter was treated as a motion and a date set for argument. After receiving several letters from both Plaintiff and counsel for Defendants City of New York, the NYPD, and the individual police officers (the "City Defendants"), the motion was heard and marked fully submitted on May 9, 2012. On May 10, 2012, Plaintiff wrote to the Court to provide supplementary authority from the United States Court of Appeals for the Ninth Circuit, and Defendants submitted a letter in response.

In the June 14 Opinion, Plaintiff's motion to amend the complaint to include a First Amendment retaliation claim was denied on the basis that the speech at issue was made pursuant to Plaintiff's responsibilities as a government employee:

> Under Garcetti, if the speech at issue is not required by the government employee's job duties, it is protected.

2

. . .

> Evaluating whether the speech at issue in this action was made "pursuant to" Plaintiff's official duties as a government employee presents a difficult problem. On the one hand, Plaintiff engaged in extraordinary efforts: Plaintiff's complaint alleges that Plaintiff objected to the summons and arrest policy to his supervisors, reached out to a former NYPD detective who had assisted Frank Serpico in the 1970s in uncovering corruption in the NYPD, lodged a complaint with the Internal Affairs Bureau, reported his findings to the Quality Assurance Division, prepared a report for Commissioner Kelly documenting the police misconduct and, ultimately, prepared to disclose information to the public. However, on the other hand, the NYPD Patrol Guide illustrates the reporting of police misconduct to be squarely within Plaintiff's job responsibilities. Judge Jones' denial of a First Amendment retaliation claim in the recent case of <u>Matthews v. City of New York</u> also concluded that <u>Garcetti</u> and its Second Circuit progeny preclude Plaintiff's First Amendment claim. Plaintiff's complaint alleges only that Plaintiff" was specifically preparing to disclose information to the public at large," not that Plaintiff actually disclosed any information to the press. As such, Plaintiff's speech, which was confined to his supervisors, the Internal Affairs Bureau and the Quality Assurance Division, is analogous to the internal speech at issue in <u>Garcetti</u>, <u>Matthews</u>, <u>Weintraub</u>, <u>Frisenda</u> and <u>Brady</u>. Plaintiff's allegations concerning his intention to go public, coupled with his duties as stated in the NYPD Patrol Guide and the fact that government officials' internal complaints have been previously deemed insufficient to qualify for First Amendment protection, fail to nudge Plaintiff's claims over the line created by <u>Garcetti</u> from speech made by a government employee pursuant to his duties to speech made by a private citizen. Accordingly, Plaintiff's request to amend his complaint to include a First Amendment retaliation claim is denied.

<u>Schoolcraft v. City of N.Y.</u>, No. 10 Civ. 6005, 2012 WL

3

2161596, at *5, *8 (S.D.N.Y. June 14, 2012).

On June 20, 2012, Plaintiff submitted a letter to the Court requesting reconsideration of the portion of the June 14 Opinion denying Plaintiff's motion to amend his complaint to include a First Amendment claim. The letter was treated as a motion and heard on submission, and the motion was marked fully submitted on July 11.

**The Applicable Standard**

Defendants request reconsideration of the April 23 Opinion pursuant to Local Civil Rule 6.3. The standard governing motions under Local Civil Rule 6.3 is the same as that governing motions made pursuant to Fed. R. Civ. P. 59, see Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007), and a court may grant reconsideration where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. at 376. Additionally, the party moving for reconsideration can obtain relief by demonstrating an "intervening change in controlling law, the availability of

4

new evidence, or the need to correct a clear error or prevent manifest injustice." Id. (quotation marks and citations omitted); Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.") (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701-02 (S.D.N.Y. 2001) (granting reconsideration due to the court's erroneous application of a statute). The moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. See Linden v. Dist. Council 1707-AFSCME, 415 Fed. Appx. 337, 338-39 (2d Cir. 2011) (affirming dismissal of reconsideration motion as movant did not identify any relevant facts or controlling authority that the lower court overlooked); Lichtenberg v. Besicorp Grp. Inc., 28 Fed. Appx. 73, 75 (2d Cir. 2002) (affirming dismissal of reconsideration motion where movant "failed to demonstrate that the [lower] court overlooked any fact of consequence or controlling legal authority at the time the court decided [the case]").

The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation and quotation marks omitted). A court must narrowly construe and strictly apply Local Civil Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig., 08 M.D.L. No. 1963, 2009 WL 2168767, at *1 (S.D.N.Y. Jul. 16, 2009) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.") (quoting Davey v. Polan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007)); ResQNet.com v. Lansa, Inc., No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other

words, that might reasonably be expected to alter the conclusion reached by the court.") (citations and quotation marks omitted); Ballard v. Parkstone Energy, LLC, No. 06 Civ. 13099, 2008 WL 4298572, at *1 (S.D.N.Y. Sept. 19, 2008) ("Local Rule 6.3 is to be narrowly construed and strictly applied in order to avoid repetitive arguments on issues that the court has fully considered.") (quoting Abrahamson v. Bd. of Educ. of the Wappingers Cent. Sch. Dist., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002).

Motions for reconsideration "are not vehicles for taking a second bite at the apple, . . . and [the court] [should] not consider facts not in the record to be facts that the court overlooked." Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citation and quotation marks omitted).

**Plaintiff's Motion To Reconsider The June 14 Opinion Is Denied**

According to Plaintiff, the June 14 Opinion overlooked Plaintiff's allegations that, after the October 31, 2009 incident and Plaintiff's suspension from the NYPD, several members of the NYPD repeatedly made uninvited trips to Plaintiff's home in upstate New York. During these trips,

7

uniformed officers banged on and kicked in Plaintiff's door, shouted at Plaintiff to open the door and spied on Plaintiff through the windows.  Plaintiff notes that these alleged acts occurred after he was suspended from the NYPD, so any prospective speech following the October 31, 2009 incident would not have been pursuant to Plaintiff's duties as an NYPD officer.  Plaintiff contends that even if Plaintiff were under a duty at that time to report corruption, the subject matter of the speech was broader than departmental corruption, as it included Plaintiff's illegal and involuntary confinement, which did not occur pursuant to any job duty.  According to Plaintiff, the allegations in the proposed amended complaint, with respect to any speech that was uttered or intended to be uttered after Plaintiff was suspended following the October 31, 2009 incident, establish the protected speech of a citizen, or at least, a factual issue precluding resolution at the pleading stage.

Additionally, Plaintiff contends that Defendants' actions after Plaintiff was suspended constituted a prior restraint on Plaintiff's speech.  The allegations of NYPD officers traveling more than 300 miles outside of their jurisdiction to spy on Plaintiff and yell at him demonstrate

that a reasonable person would have been intimidated. Plaintiff emphasizes that the June 14 Opinion found that Plaintiff's speech concerned a matter of public concern and contends that Defendants' attempts to harass him after his suspension constituted a prior restraint on his speech as a citizen in violation of his First Amendment rights. Although Plaintiff acknowledges that his motion to amend focused on the First Amendment retaliation claim, Plaintiff states that his proposed amended complaint also asserts a claim based on the prior restraint of speech and that reconsideration should be granted to address this separate claim.

Furthermore, according to Plaintiff, Plaintiff's refusal to comply with the NYPD's unconstitutional quota constituted protected speech under Jackler v. Byrne, 658 F.3d 225 (2d Cir. 2011). In Jackler, a probationary police officer brought a civil rights action against a police chief and police officers, asserting First Amendment claims alleging retaliation for his refusals to make false statements in an investigation into civilian complaints charging excessive use of force. The Second Circuit held that refusal by the police officer to retract his truthful report and make statements that would been false constituted speech as a citizen on a

9

matter of public concern, thereby fulfilling the requirements of Garcetti for First Amendment protection. See Jackler, 658 F.3d at 234. Plaintiff requests that the Court reconsider denial of Plaintiff's First Amendment retaliation claim based on Plaintiff's refusal to comply with the allegedly illegal and unconstitutional demands of his superiors. According to Plaintiff, in finding that Plaintiff's speech did not constitute protected speech under Garcetti, the June 14 Opinion distinguished the actions Plaintiff in this case took with those of the police officer in Jackler. Specifically, the June 14 Opinion characterized the speech at issue in Jackler as the officer's refusal to comply with orders to suborn perjury, but not the officer's reports filed in connection with those same orders. Plaintiff contends that the allegations contained in the instant complaint clearly allege that Plaintiff also refused to comply with the directives of his supervisors to issue summonses pursuant to an alleged unconstitutional quota. As such, Plaintiff contends that the courts in Jackler, as well as in Matthews v. City of New York (another case cited in the June 14 Opinion), recognized that First Amendment protection was justified for the civilian analog of refusing to comply with illegal or unconstitutional orders, thereby providing a cognizable basis

10

for a First Amendment retaliation claim based on Plaintiff's refusal to adhere to the allegedly unconstitutional summons policy.

Plaintiff's motion for reconsideration is denied because Plaintiff has failed to identify any controlling issues of law or fact that the June 14 Opinion overlooked. In Plaintiff's April 25 letter requesting permission to amend, Plaintiff, after requesting permission to alter the name of a misidentified defendant, requested permission to include a First Amendment claim:

> [T]he City defendants have also produced the documents from the investigation conducted by the Quality Assurance Division (QAD) of the New York City Police Department, which had performed an investigation into the allegations made by plaintiff Adrian Schoolcraft while still an active duty police officer at the 81st Precinct. Specifically, prior to the events of October 31, 2009, Adrian Schoolcraft had made numerous complaints to supervisory personnel within the department and to outside investigative agencies regarding the enforcement and establishment of an arrest and summons quota. Additionally, he also made specific allegations that commanding officers had manipulated crime statistics and civilian complaints so as to avoid classification as index crimes. These allegations included, but were not limited to, the failure to take reports of civilian complaints, destruction of civilian complaints, downgrading complaints that would have been categorized as index crimes to lesser offenses and discouraging civilians from making or pursuing criminal complaints.

11

> Plaintiff believed, and still does, that this under-reporting was occurring in order to avoid the statistical categorization of these complaints as "major crimes" for purposes of reporting crime statistics to the public - i.e. to make it appear to the public at large that a certain manner of policing was [e]ffectively reducing crime when in fact the numbers being provided to the public were being falsified. Further, these allegations that plaintiff had made were eventually substantiated by the QAD investigative findings, which found that civilian complaints were in fact being falsified by the NYPD. As such, following the disclosure of the QAD findings, the merit and validity of plaintiff's First Amendment retaliation claim became clear - namely, that the events of October 31, 2009 and the subsequent campaign of harassment was done directly in retaliation against plaintiff because he had exercised his First Amendment right to speak out regarding this breach of the public trust and fraud on the public at large. Accordingly, plaintiff now makes the instant request to add a First Amendment [c]laim to the complaint.

In neither the April 25 letter, nor in Plaintiff's May 10 letter providing supplemental authority from the Ninth Circuit, did Plaintiff raise the issue of protected speech made after his suspension on October 31, 2009, nor did Plaintiff raise the argument that he had no duty to report misconduct following his suspension. In fact, Plaintiff's April 25 letter expressly highlights speech made "while still an active duty police officer," "prior to the events of October 31, 2009." Although Plaintiff now highlights passages from his proposed amended complaint alleging that Defendants engaged in the unlawful prior restraint of Plaintiff's First

12

Amendment rights following the events of October 31, 2009, these allegations in the proposed complaint, or even the phrase "prior restraint," are not mentioned in either the April 25 or May 10 letters. With respect to Plaintiff's contention that his actions are akin to the action deemed protected in Jackler because illegal action cannot constitute a police officer's duty, Plaintiff could have raised this argument in his original motion, but he did not. Simply put, the briefing Plaintiff filed in support of his motion to amend never raised the issues Plaintiff has identified here in his motion for reconsideration.

As noted above, "[t]he standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked[.]" Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff acknowledges "the fact that plaintiff's motion [to amend] focused on the retaliation claim." Because of the tight constraints imposed by the standard applicable to motions for reconsideration, Plaintiff's arguments regarding his proposed amended complaint's prior restraint claim – arguments that were never raised in the briefing accompanying

13

Plaintiff's motion to amend and are presented for the first time in the present motion for reconsideration - cannot be addressed at this stage of the litigation. Accordingly, Plaintiff's motion for reconsideration is denied. To the extent Plaintiff wishes to amend his complaint to include a prior restraint claim, a motion to amend pursuant to Fed. R. Civ. P. 15(a) should be filed.

Conclusion

For the reasons set forth above, Plaintiff's motion to reconsider the June 14 Opinion is denied.

It is so ordered.

New York, NY
July 18, 2012

ROBERT W. SWEET
U.S.D.J.