UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, DEPUTY CHIEF
MICHAEL MARINO, Tax Id. 873220, Individually
and in his Official Capacity, ASSISTANT CHIEF
PATROL BOROUGH BROOKLYN NORTH
GERALD NELSON,  Tax Id. 912370, Individually
and in his Official Capacity, DEPUTY INSPECTOR
STEVEN MAURIELLO,  Tax Id. 895117,
Individually and in his Official Capacity, CAPTAIN
THEORDORE LAUTERBORN,  Tax Id. 897840,
Individually  and  in  his  Official  Capacity,
LIEUTENANT JOSEPH GOFF, Tax Id. 894025,
Individually and in his Official Capacity, SGT.
FREDERICK   SAWYER,   Shield   No.   2576,
Individually  and  in  his  Official  Capacity,
SERGEANT KURT DUNCAN, Shield No. 2483,
Individually  and  in  his  Official  Capacity,
LIEUTENANT   CHRISTOPHER   BROSCHART,
Tax Id. 915354, Individually and in his Official
Capacity, LIEUTENANT TIMOTHY CAUGHY, Tax
Id. 885374, Individually and in his Official Capacity,
SERGEANT SHANTEL JAMES, Shield No. 3004
and P.O.'s "JOHN DOE" #1-50, Individually and in
their Official Capacity (the name John Doe being
fictitious, as the true names are presently unknown)
(collectively  referred  to  as  "NYPD  defendants"),
JAMAICA HOSPITAL MEDICAL CENTER, DR.
ISAK ISAKOV, Individually and in his Official
Capacity,  DR.  LILIAN  ALDANA-BERNIER,
Individually and in his Official Capacity and
JAMAICA   HOSPITAL   MEDICAL   CENTER
EMPLOYEE'S "JOHN DOE" # 1-50, Individually
and in their Official Capacity (the name John Doe
being fictitious, as the true names are presently
unknown),

                                        Defendants.
------------------------------------------------------------------------x

STIPULATION AND
PROTECTIVE ORDER
AS TO DOCUMENTS
PRODUCED BY CITY
DEFENDANTS

10 CV 06005 (RWS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/5/12

**WHEREAS**, plaintiff seeks certain documents from defendants the City of New York, and NYPD defendants Deputy Chief Michael Marino, Assistant Chief Gerald Nelson, Captain Theordore Lauterborn, Lieutenant Joseph Goff, Sgt. Frederick Sawyer, Sergeant Kurt Duncan, Lieutenant Christopher Broschart, Sergeant Shantel James, (collectively referred to herein as "City Defendants") and Deputy Inspector Steven Mauriello in discovery in this action, documents which City Defendants deem confidential, and

**WHEREAS**, City Defendants object to the production of those documents unless appropriate protection for their confidentiality is assured,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff, the City Defendants, Deputy Inspector Steven Mauriello, and Jamaica Hospital Medical Center, Dr. Isak Isakov, and Dr. Lilian Aldana-Bernier (collectively referred to herein as "Co-Defendants") as follows:

1.      As used herein, "Confidential Materials" shall mean all documents and the information contained therein as to which a party believes good cause under Fed. R. Civ. P. 26(c) exists for limiting public access.  Subject to any challenge that may be brought under this order, defendants shall designate as "Confidential Materials" all documents and the information contained therein relating to personnel of the New York City Police Department ("NYPD"), other than plaintiff in this action, except where otherwise specified in subsection (a), including, but not limited to, (a) files maintained by the NYPD's Internal Affairs Bureau ("IAB") and Brooklyn North Investigations Unit ("BNIU") with respect to any investigation into alleged misconduct by any member of the New York City Police Department, including but not limited to plaintiff; (b) files maintained by the NYPD's Quality Assurance Division ("QAD") with

respect to any investigation, including but not limited to plaintiff; (c) internal and external Equal Employment Opportunity complaints and any related investigation; (d) personnel files and the information contained therein including, but not limited to, information regarding, promotions, discipline, evaluations; (e) copies of any documents containing information about any actual or potential personnel action taken with respect to personnel of NYPD other than plaintiff in this action, including, but not limited to, copies of investigation files, disciplinary files, Employee Management Division ("EMD") files; (f) any documents identified by City defendants as subject to this order; (g) any documents that the Court directs to be produced subject to this order; and (h) any testimony concerning subsection (a), (b), (c), (d), (e),  (f), and (g) and documents and the information contained therein.

        2.     Documents and information are not Confidential Materials if they are obtained in any one of the following ways: (a) properly obtained by plaintiff from third parties; (b) obtained from the City without "Confidential Materials" designation; or (c) are otherwise publicly available.

        3.     The defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential Materials" and/or by designating such documents by Bates Number in a writing directed to plaintiffs counsel.  The City Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought by subpoena from third parties that are represented by the Office of Corporation Counsel of the City of New York, and such documents, if produced to plaintiff, shall be treated as "Confidential Materials" during such reasonable period.  The defendants reserve the right to designate any documents "Confidential Materials" pursuant to this agreement if necessary after production of such documents to the plaintiff.  If plaintiff objects to the

designation of particular documents as "Confidential Materials" plaintiff shall state such objection in writing to the defendants within 60 days of receipt, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the plaintiff shall move for an order approving such designation.

4.     Neither plaintiff, plaintiff's attorney, nor the Co-Defendants or their attorneys in this matter shall use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case or defendants' defense in this action. In addition, any party may use the Confidential Materials for cross-examination or impeachment purposes, and Confidential Materials may be used in support of, or opposition to, any summary judgment motions, provided that the Confidential Materials are appropriately redacted for ECF filing, pursuant to the provisions of paragraph 6, *infra*. To the extent that confidential records are used by either side in the trial of this action such records shall no longer be deemed confidential under the terms of this agreement and maybe used by any party without restriction. A party intending to use any confidential records at trial shall provide prior notice of intent to use the confidential records to all other parties, and provide the all other parties the opportunity to address the Court regarding whether documents should be excluded from evidence or admitted only in redacted form.

5.     Neither plaintiff, plaintiff's attorney, nor the Co-Defendants or their attorneys in this matter shall disclose the Confidential Materials to any person except under the following conditions:

   a.     Disclosure of Confidential Materials, including, but not limited to those files maintained by the NYPD's IAB, BNIU, QAD, or Office of Equal Employment Opportunity with respect to any investigation into alleged

4

misconduct, including but not limited to plaintiff, and any EMD, personnel, investigative, and/or disciplinary files and/or materials may be made only to plaintiff's and/or Co-Defendants' attorneys or a person(s) specifically employed by plaintiff's and/or Co-Defendants' attorneys only if necessary to the preparation or presentation of plaintiff's and/or Co-Defendants' case in this action.

b.  Disclosure before trial of Confidential Materials may be made only to an expert who has been retained or specially employed by plaintiff's and/or Co-Defendants attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

c.  Before any disclosure is made to a person listed in subparagraph (a) or (b) above (other than to the Court), plaintiff and Co-Defendants shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Materials except in testimony taken in this case, or attached to motions, affidavits or declarations submitted to the Court, which have been redacted for ECF filing pursuant to the provisions of paragraph 6, *infra*. The signed consent shall be retained by plaintiff's attorney and/or Co-Defendants' attorneys and a copy shall be furnished upon written request to City Defendants' attorney within ten (10) days.

6.      Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

7.      If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

8.      Should the City Defendant's produce any Confidentional Materials that have portions redacted for privilege grounds, such documents or materials shall be accompanied by a log describing the contents of the redacted portions and the grounds on which the City Defendants are redacting such portions of the materials so that the parties can properly raise objections to said redactions with the City Defendants. If such objection cannot be resolved without the Court's involvement, then any party may move for an order removing such redactions.

6

9.    With the exception of any documents or deposition testimony which are used during the trial of this action or otherwise no longer deemed Confidential Materials by the Court, as authorized in this agreement, the parties agree that within thirty (30) days after the termination of this case (including any appeals) or upon written request of the City Defendants, whichever is later, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to City defendants' attorney or, upon their written consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit or certification furnished to City defendants' attorney; plaintiff's and Co-Defendants' attorneys shall represent that all Confidential Materials have been returned; provided that notes and other materials that are or contain the work product of attorneys may be retained.  However, any such retained work product shall remain subject to the provisions in this Order and shall not be used by plaintiff's counsel and/or Co-Defendants' counsel in any other case against the City of New York, it agencies or its employees and the same shall be verified to City defendants' attorney.

10.    Nothing in this Stipulation and Protective Order shall prevent plaintiff's counsel from making an application to the Court in the matter of <u>Stinson, et al. v. City of New York, et al.</u>, 10-Civ.-4228 (RWS), or any other matter against the City of New York, for disclosure of materials that would otherwise be subject to this Protective Order.

11.    Nothing in this Stipulation and Protective Order shall be construed to limit City defendants' use of the Confidential Materials in any manner.

7

12.   Facsimile signatures herein shall be consider as original signatures.

Dated:       September 19, 2012
             New York, New York

JON L. NORINSBERG (JN2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5396
Norinsberg@aol.com

COHEN & FITCH, LLP
Gerald Cohen (GC0414)
Joshua Fitch (JF2813)
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

Suzanna Publicker (SP1005)
Assistant Corporation Counsel
MICHAEL CARDOZO
Office of the Corporation Counsel
of the City of New York
Attorney for CITY DEFENDANTS
100 Church Street, Room 3-200
New York, NY 10017
(212) 788-1103
spublick@law.nyc.gov

Gregory J. Radomisli (GJR2670)
MARTIN, CLEARWATER
& BELL, LLP
Attorneys for Defendant
JAMAICA HOSPITAL
220 East 42nd Street
New York, NY 10007
(212) 697-3122
radomg@mcblaw.com

Bruce M. Brady (BMB4816)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
Attorneys for Defendant
DR. LILIAN ALDANA-BERNIER
1 Whitehall Street
New York, NY 10004-2140
(212) 248-0115
bbrady@ckbblaw.com

Brian E. Lee (BL9495)
IVONE, DEVINE & JENSEN, LLP
Attorneys for Defendant
ISAK ISAKOV, M.D.
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042
(516) 326-2400
brianlee@idjlaw.com

Walter A. Kretz, Jr.
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
Attorney for Defendant Steven Mauriello
444 Madison Avenue, 30th Floor
New York, NY 10022
wakretz@seiffkretz.com

8

SO ORDERED:

*Sweet*

U.S.D.J.   10.4.12