UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,

                                                Plaintiff,

                        -against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO,
Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT
CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD
NELSON,  Tax Id. 912370, Individually and in his Official Capacity,
DEPUTY INSPECTOR STEVEN MAURIELLO,  Tax Id. 895117,
Individually and in his Official Capacity, CAPTAIN THEORDORE
LAUTERBORN,  Tax Id. 897840, Individually and in his Official
Capacity, LIEUTENANT JOSEPH GOUGH, Tax Id. 919124,
Individually and in his Official Capacity, SGT. FREDERICK
SAWYER, Shield No. 2576, Individually and in his Official Capacity,
SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in
his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART,
Tax Id. 915354, Individually and in his Official Capacity, LT.
TIMOTHY CAUGHEY, Tax Id. No. 885374, Individually and in his
Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004,
Individually and in her Official Capacity, SERGEANT RICHARD
WALL, Shield No. 3099, Individually and in his Official Capacity,
SERGEANT ROBERT W. O'HARE, Tax Id. 916960, Individually and
in his Official Capacity, SERGEANT SONDRA WILSON, Shield No.
5172, Individually and in her Official Capacity, LIEUTENANT
THOMAS HANLEY, Tax Id. 879761, Individually and in his Official
Capacity, CAPTAIN TIMOTHY TRAINOR Tax Id. 899922,
Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-
50, Individually and in their Official Capacity (the name John Doe
being fictitious, as the true names are presently unknown) (collectively
referred to as "City Defendants"), FDNY LIEUTENANT ELISE
HANLON, individually and in her official capacity as a lieutenant with
the New York City Fire Department, JAMAICA HOSPITAL
MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his
Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually
and in his Official Capacity and JAMAICA HOSPITAL MEDICAL
CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in
their Official Capacity (the name John Doe being fictitious, as the true
names are presently unknown),

                                                Defendants.

------------------------------------------------------------------------x

**CITY
DEFENDANTS'
ANSWER TO THE
SECOND
AMENDED
COMPLAINT**


10-CV-6005 (RWS)

JURY TRIAL
DEMANDED

Defendants, DEPUTY CHIEF MICHAEL MARINO, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, CAPTAIN THEORDORE LAUTERBORN, SGT. FREDERICK SAWYER, SERGEANT KURT DUNCAN, LIEUTENANT CHRISTOPHER BROSCHART, LT. TIMOTHY CAUGHEY, SERGEANT SHANTEL JAMES, (collectively referred to as "City defendants"), by their attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, as and for its answer to the Second Amended Complaint, respectfully allege as follows:[1]

1.        Deny the allegations set forth in Paragraphs "1" of the Second Amended Complaint except admit that plaintiff purports to proceed as stated therein.

2.        Deny the allegations set forth in Paragraphs "2" of the Second Amended Complaint except admit that plaintiff purports to set forth a basis for the action.

3.        Deny the allegations set forth in Paragraph "3" of the Second Amended Complaint except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4.        Deny the allegations set forth in Paragraph "4" of the Second Amended Complaint except admit that plaintiff purports to base venue as stated therein.

5.        Deny the allegations set forth in Paragraph "5" of the Second Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

6.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Second Amended Complaint, except admit that plaintiff self-identifies as a Caucasian male and as a citizen of the United States.

---

[1] According to a review of the Civil Docket Sheet, Lieutenant William Gough, Sergeant Richard Wall, Sergeant Robert W. O'Hare, Sergeant Sondra Wilson, Lieutenant Thomas Hanley, and Captain Timothy Trainor have not yet been served with process, and are therefore not parties to this action. According to an affidavit of service filed by plaintiff on or about October 17, 2012, Lieutenant Elise Hanlon was served with process on or about October 11, 2012, and thus her answer is not due until on or about November 1, 2012. See Docket Sheet Entry No. 108.

7.          Deny the allegations set forth in Paragraph "7" of the Second Amended Complaint, except admit that the City of New York ("City") is a municipal corporation organized and existing under the Constitution and laws of the State of New York.

8.          Deny the allegations set forth in Paragraph "8" of the Second Amended Complaint, except admit that the New York City Police Department ("NYPD") is an agency of the City of New York and respectfully refer the Court to New York City Administrative Code §14-101 et. seq. for a complete and accurate statement of the powers and duties of the New York City Police Department ("NYPD").

9.          Deny the allegations set forth in Paragraph "9" of the Second Amended Complaint, except admit, upon information and belief, that DEPUTY CHIEF MICHAEL MARINO, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, DEPUTY INSPECTOR STEVEN MAURIELLO, CAPTAIN THEORDORE LAUTERBORN, LIEUTENANT TIMOTHY CAUGHEY, LIEUTENANT WILLIAM GOUGH, SGT. FREDERICK SAWYER, SERGEANT KURT DUNCAN, LIEUTENANT CHRISTOPHER BROSCHART, SERGEANT SHANTEL JAMES, SERGEANT RICHARD WALL, SERGEANT ROBERT W. O'HARE, SERGEANT SONDRA WILSON, LIEUTENANT THOMAS HANLEY, and CAPTAIN TIMOTHY TRAINOR are duly sworn police officers; however, defendants state that the remainder of the paragraph constitutes legal conclusions rather than averments of fact, and as such, no response thereto is required.

10.          The allegations set forth in paragraph "10" of the Second Amended Complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

11.         The allegations set forth in paragraph "11" of the Second Amended Complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

12.         The allegations set forth in paragraph "12" of the Second Amended Complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

13.         Deny the allegations set forth in Paragraph "13" of the Second Amended Complaint except admit, upon information and belief, that Lieutenant Elise Hanlon is a duly sworn lieutenant with the New York City Fire Department ("FDNY"), however, defendants state that the remainder of the paragraph constitutes legal conclusions rather than averments of fact, and as such, no response thereto is required.

14.         The allegations set forth in paragraph "14" of the Second Amended Complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

15.         The allegations set forth in paragraph "15" of the Second Amended Complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

16.         The allegations set forth in paragraph "16" of the Second Amended Complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

17.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Second Amended Complaint.

18.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Second Amended Complaint.

19.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of the Second Amended Complaint.

20.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Second Amended Complaint.

21.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Second Amended Complaint.

22.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Second Amended Complaint.

23.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Second Amended Complaint.

24.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "24" of the Second Amended Complaint.

25.         Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff's Exemplary Career. . . " as set forth in the Second Amended Complaint.

26.         Deny the truth of the allegations set forth in Paragraph "25" of the Second Amended Complaint except admit, upon information and belief,  that plaintiff was appointed as probationary police officer with the New York City Police Department on or about July 1, 2002.

27.          Deny the truth of the allegations set forth in Paragraph "26" of the Second Amended Complaint except admit, upon information and belief,  that plaintiff is a United States Navy veteran.

28.          Deny the truth of the allegations set forth in Paragraph "27" of the Second Amended Complaint except admit, upon information and belief,  that plaintiff served in the United States Navy from 1993 to 1997.

29.          Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Second Amended Complaint.

30.          Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29" of the Second Amended Complaint except admit, upon information and belief,  that plaintiff was honorably discharged from the United States Navy.

31.          Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30" of the Second Amended Complaint except admit, upon information and belief,  that plaintiff joined the NYPD in July 2002.

32.          Deny the truth of the allegations set forth in Paragraph "31" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff began working at the 81st Precinct in or about July 2003, where he remained until October 31, 2009.

33.          Admit, upon information and belief,  the allegations set forth in Paragraph "32" of the Second Amended Complaint.

34.          Deny the truth of the allegations set forth in Paragraph "33" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff was a patrol officer generally assigned to the 4:00p.m. to 12:00p.m. tour at the 81st Precinct.

35.        Deny the allegations set forth in Paragraph "34" of the Second Amended Complaint.

36.        Deny the allegations set forth in Paragraph "35" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff received two commendations for his work as a police officer.

37.        Deny the allegations set forth in Paragraph "36" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff received a "Meritorious Police Duty" award.

38.        Deny the allegations set forth in Paragraph "37" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff received an "Excellent Police Duty" award.

39.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff Witnesses Enforcement . . ." as set forth in the Second Amended Complaint.

40.        Deny the allegations set forth in Paragraph "38" of the Second Amended Complaint.

41.        Deny the allegations set forth in Paragraph "39" of the Second Amended Complaint.

42.        Deny the allegations set forth in Paragraph "40" of the Second Amended Complaint.

43.        Deny the allegations set forth in Paragraph "41" of the Second Amended Complaint.

44.         Deny the allegations set forth in Paragraph "42" of the Second Amended Complaint.

45.         Deny the allegations set forth in Paragraph "43" of the Second Amended Complaint.

46.         Deny the allegations set forth in Paragraph "44" of the Second Amended Complaint.

47.         Deny knowledge and information sufficient to form a belief as to what was allegedly said by an unidentified Sergeant as set forth in Paragraph "45" of the Second Amended Complaint.

48.         Deny knowledge and information sufficient to form a belief as to what was allegedly said by an unidentified Sergeant as set forth in Paragraph "46" of the Second Amended Complaint.

49.         Deny the allegations set forth in the unnumbered Paragraph beginning with "Officers Were Being Instructed . . ." as set forth in the Second Amended Complaint.

50.         Deny the allegations set forth in Paragraph "47" of the Second Amended Complaint.

51.         Deny as the allegations set forth in Paragraph "48" of the Second Amended Complaint.

52.         Deny as the allegations set forth in Paragraph "49" of the Second Amended Complaint.

53.         Deny the allegations set forth in Paragraph "50" of the Second Amended Complaint.

54.         Deny the allegations set forth in the unnumbered Paragraph beginning with "NYPD Policy Making Officials . . ." as set forth in the Second Amended Complaint.

55.         Deny the allegations set forth in Paragraph "51" of the Second Amended Complaint.

56.         Deny the allegations set forth in Paragraph "52" of the Second Amended Complaint, except admit that three-star Chief Michael Scagnelli was the former Chief of Transportation for the NYPD.

57.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "53" of the Second Amended Complaint, except admit, upon information and belief, that Lieutenant Delafuente was previously assigned to the 81st Precinct.

58.         Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff Refuses to Comply . . ." as set forth in the Second Amended Complaint.

59.         Deny the allegations set forth in Paragraph "50" of the Second Amended Complaint.

60.         Deny the allegations set forth in Paragraph "51" of the Second Amended Complaint.

61.         Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "56" of the Second Amended Complaint.

62.         Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "57" of the Second Amended Complaint.

63.          Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff Receives a Poor Evaluation . . ." as set forth in the Second Amended Complaint.

64.          Deny the allegations set forth in Paragraph "58" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff received a poor performance evaluation in or around 2008.

65.          Deny the allegations set forth in Paragraph "59" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff received an overall rating of 2.5 and respectfully refer the Court to plaintiff's Performance Evaluation for the rating period 12/15/2007 to 12/15/2008 for a complete and accurate statement of the evaluation of plaintiff's performance.

66.          Deny the allegations set forth in Paragraph "60" of the Second Amended Complaint and respectfully refer the Court to plaintiff's Performance Evaluation for the rating period 12/15/2007 to 12/15/2008 for a complete and accurate statement of the evaluation of plaintiff's performance.

67.          Deny the allegations set forth in Paragraph "61" of the Second Amended Complaint and respectfully refer the Court to plaintiff's Performance Evaluation for the rating period 12/15/2007 to 12/15/2008 for a complete and accurate statement of the evaluation of plaintiff's performance.

68.          Deny the allegations set forth in Paragraph "62" of the Second Amended Complaint.

69.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff Challenges His Low Work Evaluation . . ." as set forth in the Second Amended Complaint.

70.        Deny the allegations set forth in Paragraph "63" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff informed his supervisors of his intention to appeal his performance evaluation.

71.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "64" of the Second Amended Complaint.

72.        Deny the allegations set forth in Paragraph "65" of the Second Amended Complaint, except admit, upon information and belief,  that Sergeant Meyer is a Squad Sergeant at the 81st Precinct, and further, deny knowledge or information sufficient to form a belief as to the content of any conversation Sergeant Meyer had with plaintiff about his activity level.

73.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "66" of the Second Amended Complaint.

74.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "67" of the Second Amended Complaint.

75.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendants Attempt to . . ." as set forth in the Second Amended Complaint.

76.        Deny the truth of the allegations set forth in Paragraph "68" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff met with supervisors at the 81st Precinct in order to discuss his performance evaluation.

77.            Deny the allegations set forth in Paragraph "69" of the Second Amended Complaint. except admit, upon information and belief, plaintiff met with supervisors at the 81st Precinct in order to discuss his performance evaluation.

78.            Deny the allegations set forth in Paragraph "70" of the Second Amended Complaint.

79.            Deny the allegations set forth in Paragraph "71" of the Second Amended Complaint.

80.            Deny the allegations set forth in Paragraph "72" of the Second Amended Complaint.

81.            Deny the allegations set forth in Paragraph "73 of the Second Amended Complaint.

82.            Deny the truth of the allegations set forth in Paragraph "74 of the Second Amended Complaint regarding plaintiff's "sum and substance" allegations.

83.            Deny the allegations set forth in Paragraph "75" of the Second Amended Complaint.

84.            Deny the allegations set forth in Paragraph "76" of the Second Amended Complaint.

85.            Deny the allegations set forth in the unnumbered Paragraph beginning with "The NYPD's Quota Policy . . ." as set forth in the Second Amended Complaint.

86.            Deny the allegations set forth in Paragraph "77" of the Second Amended Complaint and respectfully refer the Court to In the Matter of P.B.A. and City of New York, Case # A-10699-04 for a true and accurate statement of the determination.

87.      Deny the allegations set forth in Paragraph "78" of the Second Amended Complaint and respectfully refer the Court to In the Matter of P.B.A. and City of New York, Case # A-10699-04 for a true and accurate statement of the determination.

88.      Deny the allegations set forth in Paragraph "79" of the Second Amended Complaint and respectfully refer the Court to In the Matter of P.B.A. and City of New York, Case # A-10699-04 for a true and accurate statement of the evidence presented.

89.      Deny the allegations set forth in Paragraph "80" of the Second Amended Complaint and respectfully refer the Court to In the Matter of P.B.A. and City of New York, Case # A-10699-04 for a true and accurate statement of the evidence presented.

90.      Deny the allegations set forth in Paragraph "81" of the Second Amended Complaint and respectfully refer the Court to In the Matter of P.B.A. and City of New York, Case # A-10699-04 for a true and accurate statement of the evidence presented.

91.      Deny the allegations set forth in Paragraph "82" of the Second Amended Complaint and respectfully refer the Court to In the Matter of P.B.A. and City of New York, Case # A-10699-04 for a true and accurate statement of the evidence presented.

92.      Deny the allegations set forth in Paragraph "83" of the Second Amended Complaint and respectfully refer the Court to In the Matter of P.B.A. and City of New York, Case # A-10699-04 for a true and accurate statement of the evidence presented.

93.      Deny the allegations set forth in Paragraph "84" of the Second Amended Complaint and respectfully refer the Court to In the Matter of P.B.A. and City of New York, Case # A-10699-04 for a true and accurate statement of the arbitrator's determination.

94.     Deny the allegations set forth in Paragraph "85" of the Second Amended Complaint, except admit, upon information and belief,  that Michael Marino is the Deputy Chief of Patrol Borough Brooklyn North, which is where the 81st Precinct is located.

95.     Deny the allegations set forth in Paragraph "86" of the Second Amended Complaint.

96.     Deny the allegations set forth in Paragraph "87" of the Second Amended Complaint.

97.     Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff Refuses to Drop . . ." as set forth in the Second Amended Complaint.

98.     Deny the allegations set forth in Paragraph "88" of the Second Amended Complaint.

99.     Deny the allegations set forth in Paragraph "89" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff pursued the appeal of his evaluation.

100.     Deny the allegations set forth in Paragraph "90" of the Second Amended Complaint, except admit, upon information and belief,  that a letter was sent by plaintiff's counsel and respectfully refer the Court to the writing for a true and accurate statement of its contents.

101.     Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff's Refusal to Drop . . ." as set forth in the Second Amended Complaint.

102.     Deny the allegations set forth in Paragraph "91" of the Second Amended Complaint.

103.     Deny the allegations set forth in Paragraph "92" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff failed to document in his memo book that he had left his post, and further, deny knowledge or information sufficient to form a belief as to whether plaintiff was issued a reprimand.

104.     Deny the allegations set forth in Paragraph "93" of the Second Amended Complaint, except admit, upon information and belief,  that Lt. Caughey reviewed plaintiff's memo book on or about October 31, 2009.

105.     Deny the allegations set forth in Paragraph "94" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff contacted Captain Lauterborn.

106.     Deny the allegations set forth in Paragraph "95" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff requested that the fact that Lt. Caughey took plaintiff's memo book be reported.

107.     Deny the allegations set forth in Paragraph "96" of the Second Amended Complaint regarding plaintiff's "sum and substance" allegations, except admit, upon information and belief, that due to his poor performance, Captain Lauterborn told plaintiff he would be subject to more supervision.

108.     Deny the allegations set forth in Paragraph "97" of the Second Amended Complaint.

109.     Deny the allegations set forth in Paragraph "98" of the Second Amended Complaint, except admit, upon information and belief, Captain Lauterborn told plaintiff he would be subject to more supervision.

110.        Deny the allegations set forth in Paragraph "99" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff was placed on Performance Monitoring in or about October 2009 and respectfully refer the Court to the NYPD Patrol Guide for details regarding Performance Monitoring.

111.        Deny the allegations set forth in Paragraph "100" of the Second Amended Complaint.

112.        Deny the allegations set forth in Paragraph "101" of the Second Amended Complaint.

113.        Deny the allegations set forth in Paragraph "102" of the Second Amended Complaint.

114.        Deny the allegations set forth in Paragraph "103" of the Second Amended Complaint.

115.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendants Attempt to Isolate . . ." as set forth in the Second Amended Complaint.

116.        Deny the allegations set forth in Paragraph "104" of the Second Amended Complaint.

117.        Deny the allegations set forth in Paragraph "105" of the Second Amended Complaint.

118.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendants Escalate Their . . ." as set forth in the Second Amended Complaint.

119.        Deny the allegations set forth in Paragraph "106" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to what plaintiff allegedly heard from P.O Zucker.

120.        Deny the allegations set forth in Paragraph "107" of the Second Amended Complaint.

121.        Deny the allegations set forth in Paragraph "108" of the Second Amended Complaint.

122.        Deny the allegations set forth in Paragraph "109" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff was referred to NYPD psychiatrist Dr. Catherine Lamstein in or about April 2009 by NYPD police surgeon Dr. Joseph Cuffio.

123.        Deny the allegations set forth in Paragraph "110" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff disclosed to Dr. Lamstein that, among other complaints, he was having some work problems.

124.        Deny the allegations set forth in Paragraph "111" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff was required to surrender his gun and shield after disclosing matters related to his health to Dr. Lamstein.

125.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff's Appeal is Suddenly . . ." as set forth in the Second Amended Complaint.

126.        Deny the allegations set forth in Paragraph "112" of the Second Amended Complaint.

127.     Deny the allegations set forth in Paragraph "113" of the Second Amended Complaint.

128.     Deny the allegations set forth in Paragraph "114" of the Second Amended Complaint.

129.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "115" of the Second Amended Complaint.

130.     Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendants Attempt to Further Isolate . . ." as set forth in the Second Amended Complaint.

131.     Deny the allegations set forth in Paragraph "116" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff was reassigned to the telephone switchboard as a result of being placed on Restricted Duty.

132.     Deny the allegations set forth in Paragraph "117" of the Second Amended Complaint.

133.     Deny the allegations set forth in Paragraph "118" of the Second Amended Complaint.

134.     Deny the allegations set forth in Paragraph "119" of the Second Amended Complaint, except admit, upon information and belief, that during his assignment to the telephone switchboard plaintiff processed arrest paperwork.

135.     Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff Reports the Corruption . . ." as set forth in the Second Amended Complaint.

136.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "120" of the Second Amended Complaint.

137.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "121" of the Second Amended Complaint.

138.        Deny the allegations set forth in Paragraph "122" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff contacted IAB by filing an Unusual Incident Report (UF-49) involving Lt. Caughey.

139.        Deny the allegations set forth in Paragraph "123" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff made allegations in a report entitled "Corruption Involving the Integrity Control Program of the 81st Precinct" and respectfully refer the Court to the report for a true and accurate statement of its contents.

140.        Deny the allegations set forth in Paragraph "124" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff's report was sent to Chief Charles V. Campisi, Chief of the Internal Affairs Bureau.

141.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff's Superiors Become Aware . . ." as set forth in the Second Amended Complaint.

142.        Deny  the allegations set forth in Paragraph "125" of the Second Amended Complaint.

143.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "126" of the Second Amended Complaint.

144.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "127" of the Second Amended Complaint.

145.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff Reveals Rampant. . ." as set forth in the Second Amended Complaint.

146.        Deny the allegations set forth in Paragraph "128" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff met with the Quality Assurance Division ("QAD") in or about October 2009.

147.        Deny the allegations set forth in Paragraph "129" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff met with the Quality Assurance Division ("QAD") in or about October 2009 to discuss certain allegations.

148.        Deny the allegations set forth in Paragraph "130" of the Second Amended Complaint.

149.        Deny the allegations set forth in Paragraph "131" of the Second Amended Complaint.

150.        Deny the allegations set forth in Paragraph "132" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff was placed on Performance Monitoring on or about October 14, 2009.

151.        Deny the allegations set forth in Paragraph "133" of the Second Amended Complaint.

152.        Deny the allegations set forth in Paragraph "134" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff was interviewed by members of "Group 1" of the NYPD Internal Affairs Bureau ("IAB").

153.        Deny the allegations set forth in Paragraph "135" of the Second Amended Complaint.

154.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff Continue to Pursue . . ." as set forth in the Second Amended Complaint.

155.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "136" of the Second Amended Complaint.

156.        Deny the allegations set forth in Paragraph "137" of the Second Amended Complaint.

157.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "138" of the Second Amended Complaint.

158.        Deny the allegations set forth in the unnumbered Paragraph beginning with "On October 31, 2009 . . ." as set forth in the Second Amended Complaint.

159.        Deny the allegations set forth in Paragraph "139" of the Second Amended Complaint, except admit, upon information and belief,  that Lt. Caughey reviewed plaintiff's memo book on or about October 31, 2009.

160.        Deny the allegations set forth in Paragraph "140" of the Second Amended Complaint, except admit, upon information and belief, that Lt. Caughey made copies of the notes contained in plaintiff's memo book.

161.        Deny the allegations set forth in Paragraph "141" of the Second Amended Complaint.

162.        Deny the allegations set forth in Paragraph "142" of the Second Amended Complaint.

163.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff Leaves Work . . ." as set forth in the Second Amended Complaint.

164.         Deny the allegations set forth in Paragraph "143" of the Second Amended Complaint, except knowledge or information sufficient to form a belief as to what plaintiff was allegedly advised of by P.A.A. Boston.

165.         Deny the allegations set forth in Paragraph "144" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the reasons why plaintiff sought to leave work before the end of his tour.

166.         Deny the allegations set forth in Paragraph "145" of the Second Amended Complaint.

167.         Deny the allegations set forth in Paragraph "146" of the Second Amended Complaint, except admit, upon information and belief,  that after plaintiff left the precinct without permission he was ordered back to the precinct.

168.         Deny the allegations set forth in Paragraph "147" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff contacted IAB on or about October 31, 2009.

169.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "148" of the Second Amended Complaint.

170.         Deny the allegations set forth in Paragraph "149" of the Second Amended Complaint, except admit, upon information and belief,  that plaintiff received a voicemail from Dr. Lamstein on or about October 31, 2009.

171.         Deny the allegations set forth in the unnumbered Paragraph beginning with "The NYPD Threatens a City Wide Search . . ." as set forth in the Second Amended Complaint.

172.        Deny the allegations set forth in Paragraph "150" of the Second Amended Complaint, except admit, upon information and belief,  that when plaintiff failed to respond to any of the inquiries made by the NYPD to locate him defendant Lauterborn contacted plaintiff's father to ascertain plaintiff's whereabouts.

173.        Deny the allegations set forth in Paragraph "151" of the Second Amended Complaint, except admit, upon information and belief,  that during a telephone call on or about October 31, 2009, Larry Schoolcraft informed Captain Lauterborn that he had spoken to plaintiff.

174.        Deny the allegations set forth in Paragraph "152" of the Second Amended Complaint.

175.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendants Unlawfully Enter . . ." as set forth in the Second Amended Complaint.

176.        Deny the allegations set forth in Paragraph "153" of the Second Amended Complaint, except admit that Chief Marino and Deputy Inspector Steven Mauriello entered plaintiff's home on or about October 31, 2009.

177.        Deny the allegations set forth in Paragraph "154" of the Second Amended Complaint, except admit that members of the Emergency Service Unit entered plaintiff's apartment on or about October 31, 2009.

178.        Deny the allegations set forth in Paragraph "155" of the Second Amended Complaint, except admit, upon information and belief, that members of the NYPD entered plaintiff's home and asked plaintiff to return  to the 81st Precinct.  Further, defendants respectfully refer the Court to digital tape recordings made by plaintiff on or about October 31,

2009, for an accurate account of the interaction between plaintiff and City Defendants on or about October 31, 2009.

179.     Deny the allegations set forth in Paragraph "156" of the Second Amended Complaint, and respectfully refer the Court to digital tape recordings made by plaintiff on or about October 31, 2009, for an accurate account of the interaction between plaintiff and City Defendants on or about October 31, 2009.

180.     Deny the allegations set forth in Paragraph "157" of the Second Amended Complaint, except admit that plaintiff was suspended from duty on or about October 31, 2009.

181.     Deny the allegations set forth in Paragraph "158" of the Second Amended Complaint and respectfully refer the Court to digital tape recordings made by plaintiff on or about October 31, 2009, for an accurate account of the interaction between plaintiff and City Defendants on or about October 31, 2009.

182.     Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendants Threaten to Treat . . ." as set forth in the Second Amended Complaint.

183.     Deny the allegations set forth in Paragraph "159" of the Second Amended Complaint.

184.     Deny the allegations set forth in Paragraph "160" of the Second Amended Complaint and respectfully refer the Court to digital tape recordings made by plaintiff on or about October 31, 2009, for an accurate account of the interaction between plaintiff and City Defendants on or about October 31, 2009.

185.        Deny the allegations set forth in Paragraph "161" of the Second Amended Complaint, except admit that after initially agreeing to be receive medical treatment at a hospital, plaintiff thereafter refused medical treatment and refused to leave his home.

186.        Deny the allegations set forth in Paragraph "162" of the Second Amended Complaint, except admit that plaintiff was taken into protective custody and respectfully refer the Court to digital tape recordings made by plaintiff on or about October 31, 2009, for an accurate account of the interaction between plaintiff and City Defendants on or about October 31, 2009.

187.        Deny the allegations set forth in Paragraph "163" of the Second Amended Complaint.

188.        Deny the allegations set forth in Paragraph "164" of the Second Amended Complaint.

189.        Deny the allegations set forth in Paragraph "165" of the Second Amended Complaint.

190.        Deny the allegations set forth in Paragraph "166" of the Second Amended Complaint.

191.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff is Violently Attacked . . ." as set forth in the Second Amended Complaint.

192.        Deny the allegations set forth in Paragraph "167" of the Second Amended Complaint, except admit that Sgt. Duncan handcuffed plaintiff.

193.        Deny the allegations set forth in Paragraph "168" of the Second Amended Complaint.

194.        Deny the allegations set forth in Paragraph "169" of the Second Amended Complaint, except admit that, following a frisk of plaintiff, a digital recorder was found on plaintiff and respectfully refer the Court to digital tape recordings made by plaintiff on or about October 31, 2009, for an accurate account of events.

195.        Deny the allegations set forth in Paragraph "170" of the Second Amended Complaint.

196.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendants Conduct an Illegal Search . . ." as set forth in the Second Amended Complaint.

197.        Deny the allegations set forth in Paragraph "171" of the Second Amended Complaint.

198.        Deny the allegations set forth in Paragraph "172" of the Second Amended Complaint.

199.        Deny the truth of the allegations set forth in Paragraph "173" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to what plaintiff's landlord allegedly claimed to have observed.

200.        Deny the allegations set forth in Paragraph "174" of the Second Amended Complaint, except admit that plaintiff was placed in restraints and carried from his home, and deny knowledge or information sufficient to form a belief as to whether this occurred in full view of friends and neighbors.

201.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendants Make Blatantly False . . ." as set forth in the Second Amended Complaint.

202.        Deny the allegations set forth in Paragraph "175" of the Second Amended Complaint, except admit that plaintiff was transported to Jamaica Hospital on or about October 31, 2009.

203.        Deny the allegations set forth in Paragraph "176" of the Second Amended Complaint.

204.        Deny the allegations set forth in Paragraph "177" of the Second Amended Complaint, except admit that plaintiff's landlord provided keys to City Defendants to enter plaintiff's apartment and admit that City Defendants thought plaintiff may have been suicidal.

205.        Deny the allegations set forth in Paragraph "178" of the Second Amended Complaint.

206.        Deny the allegations set forth in Paragraph "179" of the Second Amended Complaint.

207.        Deny the allegations set forth in Paragraph "180" of the Second Amended Complaint.

208.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff is Handcuffed . . ." as set forth in the Second Amended Complaint.

209.        Deny the allegations set forth in Paragraph "181" of the Second Amended Complaint, except admit plaintiff was handcuffed for a period of time at Jamaica Hospital Medical Center ("JHMC") on or about October 31, 2009.

210.        Deny the allegations set forth in Paragraph "182" of the Second Amended Complaint.

211.         Deny the allegations set forth in Paragraph "183" of the Second Amended Complaint, except admit that plaintiff was restrained with handcuffs while at JHMC.

212.         Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff Spends Three . . ." as set forth in the Second Amended Complaint.

213.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "184" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff was confined to the emergency room of the psychiatric ward at JHMC on or about October 31, 2009 until November 2, 2009.

214.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "185" of the Second Amended Complaint.

215.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "186" of the Second Amended Complaint.

216.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "187" of the Second Amended Complaint.

217.         Deny the truth of the allegations set forth in Paragraph "188" of the Second Amended Complaint.

218.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "189" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff was admitted into the psychiatric ward at JHMC on or about November 2, 2009.

219.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "190" of the Second Amended Complaint.

220.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "191" of the Second Amended Complaint.

221.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "192" of the Second Amended Complaint.

222.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "193" of the Second Amended Complaint.

223.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff's Involuntary Commitment . . ." as set forth in the Second Amended Complaint.

224.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "194" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff was confined to a psychiatric ward in JHMC from on or about October 31, 2009 until November 6, 2009.

225.        Deny the allegations set forth in Paragraph "195" of the Second Amended Complaint.

226.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations that there was no medical basis for detaining plaintiff as set forth in Paragraph "196" of the Second Amended Complaint.

227.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "197" of the Second Amended Complaint and respectfully refer the Court to plaintiff's hospital records for a true and accurate account of their contents.

228.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations  set forth in Paragraph "198" of the Second Amended Complaint and respectfully refer the Court to plaintiff's hospital records for a true and accurate account of their content.

229.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "199" of the Second Amended Complaint.

230.         Deny the allegations set forth in Paragraph "200" of the Second Amended Complaint.

231.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "201" of the Second Amended Complaint.

232.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "202" of the Second Amended Complaint.

233.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "203" of the Second Amended Complaint.

234.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "204" of the Second Amended Complaint.

235.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "205" of the Second Amended Complaint.

236.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "206" of the Second Amended Complaint.

237.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "207" of the Second Amended Complaint.

238.     Deny the allegations set forth in the unnumbered Paragraph beginning with "The NYPD's Crucial Role . . ." as set forth in the Second Amended Complaint.

239.     Deny the allegations set forth in Paragraph "208" of the Second Amended Complaint.

240.     Deny the allegations set forth in Paragraph "209" of the Second Amended Complaint.

241.     Deny the allegations set forth in Paragraph "210" of the Second Amended Complaint.

242.     Deny the allegations set forth in Paragraph "211" of the Second Amended Complaint.

243.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "212" of the Second Amended Complaint.

244.     Deny the allegations set forth in Paragraph "213" of the Second Amended Complaint.

245.     Deny the allegations set forth in Paragraph "214" of the Second Amended Complaint.

246.     Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendants' Egregious Conduct . . ." as set forth in the Second Amended Complaint.

247.     Deny the allegations set forth in Paragraph "215" of the Second Amended Complaint.

248.        Deny the allegations set forth in Paragraph "216" of the Second Amended Complaint, except admit that members of the NYPD visited attempted to contact plaintiff at his home in upstate New York.

249.        Deny the allegations set forth in Paragraph "217" of the Second Amended Complaint except admit that members of the NYPD attempted to contact plaintiff at his home in upstate New York.

250.        Deny the allegations set forth in Paragraph "218" of the Second Amended Complaint.

251.        Deny the allegations set forth in Paragraph "219" of the Second Amended Complaint, except deny knowledge and information sufficient to form a belief as to what plaintiff did with his bed.

252.        Deny the allegations set forth in Paragraph "220" of the Second Amended Complaint.

253.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Plaintiff's Allegations of Corruption . . ." as set forth in the Second Amended Complaint.

254.        Deny the allegations set forth in Paragraph "221" of the Second Amended Complaint, except admit that the Quality Assurance Division ("QAD") submitted a report to the Deputy Commissioner of Strategic Initiatives following an investigation that was initiated following receipt of allegations made by plaintiff.

255.        Deny the allegations set forth in Paragraph "222" of the Second Amended Complaint, and respectfully refer the Court to the QAD Report for a true and accurate recitation of its contents.

256.         Deny the allegations set forth in Paragraph "223" of the Second Amended Complaint, and respectfully refer the Court to the QAD Report for a true and accurate recitation of its contents.

257.         Deny the allegations set forth in Paragraph "224" of the Second Amended Complaint, and respectfully refer the Court to the QAD Report for a true and accurate recitation of its contents.

258.         Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendants' Pattern of Misconduct . . ." as set forth in the Second Amended Complaint.

259.         Deny the allegations set forth in Paragraph "225" of the Second Amended Complaint.

260.         Deny the allegations set forth in Paragraph "226" of the Second Amended Complaint, except admit that certain City Defendants have been the subject of NYPD investigations.

261.         Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendant Marino's . . ." as set forth in the Second Amended Complaint.

262.         Deny the allegations set forth in Paragraph "227" of the Second Amended Complaint, except admit that Chief Michael Marino was the subject of an investigation involving the use of anabolic steroids and a human growth hormone.

263.         Deny the allegations set forth in Paragraph "228" of the Second Amended Complaint, except admit that investigators executed a search warrant at a pharmacy in Bay Ridge, Brooklyn.

264.        Deny the allegations set forth in Paragraph "229" of the Second Amended Complaint, except admit the steroid prescriptions were found for members of the NYPD, including Chief Marino.

265.        Deny the allegations set forth in Paragraph "230" of the Second Amended Complaint.

266.        Deny the truth of the allegations set forth in Paragraph "231" of the Second Amended Complaint, except admit that Chief Marino was the subject of an investigation involving the use of anabolic steroids and a human growth hormone.

267.        Deny the allegations set forth in Paragraph "232" of the Second Amended Complaint, except admit that Chief Marino's authority or duty has not been modified as a result of the investigation.

268.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendant Nelson's . . ." as set forth in the Second Amended Complaint.

269.        Deny the allegations set forth in Paragraph "233" of the Second Amended Complaint, except admit that Chief Gerald Nelson was the subject of a NYPD investigation.

270.        Deny the allegations set forth in Paragraph "234" of the Second Amended Complaint, except admit that the investigation involved an incident that occurred while Chief Nelson was the Chief of the School Safety Division on or about February 25, 2005.

271.        Deny the allegations set forth in Paragraph "235" of the Second Amended Complaint.

272.        Deny the allegations set forth in Paragraph "236" of the Second Amended Complaint.

273.    Deny the allegations set forth in Paragraph "237" of the Second Amended Complaint.

274.    Deny the truth of the allegations set forth in Paragraph "238" of the Second Amended Complaint, except admit that Chief Nelson was promoted to the position of Commanding Officer of Patrol Borough Brooklyn North sometime after February 25, 2005.

275.    Deny the allegations set forth in Paragraph "239" of the Second Amended Complaint, except admit that there was an internal affairs investigation in 2008 concerning Chief Nelson.

276.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "240" of the Second Amended Complaint.

277.    Deny the allegations set forth in Paragraph "241" of the Second Amended Complaint.

278.    Deny the allegations set forth in Paragraph "242" of the Second Amended Complaint.

279.    Deny the allegations set forth in Paragraph "243" of the Second Amended Complaint.

280.    Deny the allegations set forth in Paragraph "244" of the Second Amended Complaint.

281.    Deny the allegations set forth in Paragraph "245" of the Second Amended Complaint.

282.    Deny the allegations set forth in Paragraph "246" of the Second Amended Complaint, except admit that Nelson's authority or duty was not modified as a result of the investigation.

283.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Defendant Mauriello's . . ." as set forth in the Second Amended Complaint.

284.        Deny the allegations set forth in Paragraph "247" of the Second Amended Complaint, except admit defendant Mauriello was the subject of an internal affairs investigation.

285.        Deny the allegations set forth in Paragraph "248" of the Second Amended Complaint, except admit defendant Mauriello was the subject of an internal affairs investigation.

286.        Deny the allegations set forth in Paragraph "249" of the Second Amended Complaint, except admit defendant Mauriello was the subject of an internal affairs investigation.

287.        Deny the allegations set forth in Paragraph "250" of the Second Amended Complaint.

288.        Deny the allegations set forth in Paragraph "251" of the Second Amended Complaint, except admit that two officers assigned to the 81st Precinct were indicted in an unrelated matter.

289.        Deny the allegations set forth in Paragraph "252" of the Second Amended Complaint.

290.        Deny the allegations set forth in Paragraph "253" of the Second Amended Complaint.

291.        Deny the allegations set forth in Paragraph "254" of the Second Amended Complaint.

292.     In response to paragraph "255" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "254" of the Second Amended Complaint, as if fully set forth herein.

293.     Deny the allegations set forth in Paragraph "256" of the Second Amended Complaint.

294.     Deny the allegations set forth in Paragraph "257" of the Second Amended Complaint.

295.     Deny the allegations set forth in Paragraph "258" of the Second Amended Complaint.

296.     Deny the allegations set forth in Paragraph "259" of the Second Amended Complaint.

297.     Deny the allegations set forth in Paragraph "260" of the Second Amended Complaint.

298.     In response to paragraph "261" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "260" of the Second Amended Complaint, as if fully set forth herein.

299.     Deny the truth of the allegations set forth in Paragraph "262" of the Second Amended Complaint.

300.     Deny the truth of the allegations set forth in Paragraph "263" of the Second Amended Complaint.

301.     Deny the truth of the allegations set forth in Paragraph "264" of the Second Amended Complaint.

302.            Deny the truth of the allegations set forth in Paragraph "265" of the Second Amended Complaint.

303.            Deny the truth of the allegations set forth in Paragraph "266" of the Second Amended Complaint.

304.            Deny the truth of the allegations set forth in Paragraph "267" of the Second Amended Complaint, except admit, upon information and belief, that QAD and IAB investigated certain allegations made by plaintiff.

305.            Deny the truth of the allegations set forth in Paragraph "268" of the Second Amended Complaint, except admit that the Quality Assurance Division ("QAD") submitted a report to the Deputy Commissioner of Strategic Initiatives following an investigation that was initiated following receipt of certain allegations made by plaintiff.

306.            Deny the truth of the allegations set forth in Paragraph "269" of the Second Amended Complaint.

307.            Deny the truth of the allegations set forth in Paragraph "270" of the Second Amended Complaint.

308.            Deny the truth of the allegations set forth in Paragraph "271" of the Second Amended Complaint.

309.            Deny the truth of the allegations set forth in Paragraph "272" of the Second Amended Complaint.

310.            Deny the truth of the allegations set forth in Paragraph "273" of the Second Amended Complaint.

311.            Deny the truth of the allegations set forth in Paragraph "274" of the Second Amended Complaint.

312.     Deny the truth of the allegations set forth in Paragraph "275" of the Second Amended Complaint.

313.     Deny the truth of the allegations set forth in Paragraph "276" of the Second Amended Complaint.

314.     Deny the truth of the allegations set forth in Paragraph "277" of the Second Amended Complaint.

315.     In response to paragraph "278" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "277" of the Second Amended Complaint, as if fully set forth herein.

316.     Deny the truth of the allegations set forth in Paragraph "279" of the Second Amended Complaint.

317.     Deny the truth of the allegations set forth in Paragraph "280" of the Second Amended Complaint.

318.     In response to paragraph "281" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "280" of the Second Amended Complaint, as if fully set forth herein.

319.     Deny the truth of the allegations set forth in Paragraph "282" of the Second Amended Complaint.

320.     Deny the truth of the allegations set forth in Paragraph "283" of the Second Amended Complaint.

321.     Deny the truth of the allegations set forth in Paragraph "284" of the Second Amended Complaint.

322.      Deny the truth of the allegations set forth in Paragraph "285" of the Second Amended Complaint.

323.      Deny the truth of the allegations set forth in Paragraph "286" of the Second Amended Complaint.

324.      Deny the truth of the allegations set forth in Paragraph "287" of the Second Amended Complaint.

325.      In response to paragraph "288" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "287" of the Second Amended Complaint, as if fully set forth herein.

326.      Deny the truth of the allegations set forth in Paragraph "289" of the Second Amended Complaint.

327.      Deny the truth of the allegations set forth in Paragraph "290" of the Second Amended Complaint.

328.      In response to paragraph "291" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "290" of the Second Amended Complaint, as if fully set forth herein.

329.      Deny the truth of the allegations set forth in Paragraph "292" of the Second Amended Complaint.

330.      Deny the truth of the allegations set forth in Paragraph "293" of the Second Amended Complaint.

331.      Deny the truth of the allegations set forth in Paragraph "294" of the Second Amended Complaint.

332.	Deny the truth of the allegations set forth in Paragraph "295" of the Second Amended Complaint.

333.	In response to paragraph "296" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "295" of the Second Amended Complaint, as if fully set forth herein.

334.	Deny the truth of the allegations set forth in Paragraph "297" of the Second Amended Complaint.

335.	Deny the truth of the allegations set forth in Paragraph "298" of the Second Amended Complaint.

336.	Deny the truth of the allegations set forth in Paragraph "299" of the Second Amended Complaint.

337.	Deny the truth of the allegations set forth in Paragraph "300" of the Second Amended Complaint.

338.	In response to paragraph "301" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "300" of the Second Amended Complaint, as if fully set forth herein.

339.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "302" of the Second Amended Complaint.

340.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "303" of the Second Amended Complaint.

341.	Deny the truth of the allegations set forth in Paragraph "304" of the Second Amended Complaint.

342.        Deny the truth of the allegations set forth in Paragraph "305" of the Second Amended Complaint.

343.        Deny the truth of the allegations set forth in Paragraph "306" of the Second Amended Complaint.

344.        In response to paragraph "307" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "306" of the Second Amended Complaint, as if fully set forth herein.

345.        Deny the truth of the allegations set forth in Paragraph "308" of the Second Amended Complaint.

346.        Deny the truth of the allegations set forth in Paragraph "309" of the Second Amended Complaint.

347.        Deny the truth of the allegations set forth in Paragraph "310" of the Second Amended Complaint, and each subpart thereof.

348.        Deny the truth of the allegations set forth in Paragraph "311" of the Second Amended Complaint.

349.        In response to paragraph "312" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "311" of the Second Amended Complaint, as if fully set forth herein.

350.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "313" of the Second Amended Complaint.

351.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "314" of the Second Amended Complaint.

352.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "315" of the Second Amended Complaint.

353.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "316" of the Second Amended Complaint.

354.        Deny the truth of the allegations set forth in Paragraph "317" of the Second Amended Complaint.

355.        Deny the truth of the allegations set forth in Paragraph "318" of the Second Amended Complaint.

356.        Deny the truth of the allegations set forth in Paragraph "319" of the Second Amended Complaint.

357.        In response to paragraph "320" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "319" of the Second Amended Complaint, as if fully set forth herein.

358.        Deny the truth of the allegations set forth in Paragraph "321" of the Second Amended Complaint.

359.        Deny the truth of the allegations set forth in Paragraph "322" including subparts (i)–(viii) inclusive of the Second Amended Complaint.

360.         Deny the truth of the allegations set forth in Paragraph "323" of the Second Amended Complaint.

361.        Deny the truth of the allegations set forth in Paragraph "324" of the Second Amended Complaint.

362.        Deny the truth of the allegations set forth in Paragraph "325" of the Second Amended Complaint.

363.         Deny the truth of the allegations set forth in Paragraph "326" of the Second Amended Complaint.

364.         Deny the truth of the allegations set forth in Paragraph "327" of the Second Amended Complaint.

365.         Deny the truth of the allegations set forth in Paragraph "328" of the Second Amended Complaint.

366.         Deny the truth of the allegations set forth in Paragraph "329" of the Second Amended Complaint.

367.         Deny the truth of the allegations set forth in Paragraph "330" of the Second Amended Complaint.

368.         Deny the truth of the allegations set forth in Paragraph "331" including subparts (i)–(vi) inclusive of the Second Amended Complaint.

369.         In response to paragraph "332" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "331" of the Second Amended Complaint, as if fully set forth herein.

370.         Deny the truth of the allegations set forth in Paragraph "333" of the Second Amended Complaint, and respectfully refer the Court to the document referred to therein for a complete and accurate statement of its contents.

371.         Deny the truth of the allegations set forth in Paragraph "334" of the Second Amended Complaint, except admit that plaintiff's claims have not been settled or adjusted by the City of New York.

372.         Admit, upon information and belief, the allegations set forth in Paragraph "335" of the Second Amended Complaint.

373.         Deny the truth of the allegations set forth in Paragraph "336" of the Second Amended Complaint and respectfully refer the Court to the document referred to herein for a true and accurate notice of plaintiff's claims.

374.         Deny the truth of the allegations set forth in Paragraph "337" of the Second Amended Complaint.

375.         Paragraph "338" of the Second Amended Complaint sets forth legal conclusions to which no response is required.  To the extent this paragraph is found to interpose allegations of fact, City Defendants deny those allegations.

376.         In response to paragraph "339" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "338" of the Second Amended Complaint, as if fully set forth herein.

377.         Deny the truth of the allegations set forth in Paragraph "340" of the Second Amended Complaint.

378.         Deny the truth of the allegations set forth in Paragraph "341" of the Second Amended Complaint.

379.         In response to paragraph "342" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "341" of the Second Amended Complaint, as if fully set forth herein.

380.         Deny the truth of the allegations set forth in Paragraph "343" of the Second Amended Complaint.

381.         Deny the truth of the allegations set forth in Paragraph "344" of the Second Amended Complaint.

382.     Deny the truth of the allegations set forth in Paragraph "345" of the Second Amended Complaint.

383.     In response to paragraph "346" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "345" of the Second Amended Complaint, as if fully set forth herein.

384.     Deny the truth of the allegations set forth in Paragraph "347" of the Second Amended Complaint.

385.     Deny the truth of the allegations set forth in Paragraph "348" of the Second Amended Complaint.

386.     Deny the truth of the allegations set forth in Paragraph "349" of the Second Amended Complaint.

387.     In response to paragraph "350" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "349" of the Second Amended Complaint, as if fully set forth herein.

388.     Deny the truth of the allegations set forth in Paragraph "351" of the Second Amended Complaint.

389.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "352" of the Second Amended Complaint.

390.     Deny the truth of the allegations set forth in Paragraph "353" of the Second Amended Complaint.

391.     Deny the truth of the allegations set forth in Paragraph "354" of the Second Amended Complaint.

392.         Deny the truth of the allegations set forth in Paragraph "355" of the Second Amended Complaint.

393.         In response to paragraph "356" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "355" of the Second Amended Complaint, as if fully set forth herein.

394.         Deny the truth of the allegations set forth in Paragraph "357" of the Second Amended Complaint.

395.         Deny the truth of the allegations set forth in Paragraph "358" of the Second Amended Complaint.

396.         Deny the truth of the allegations set forth in Paragraph "359" of the Second Amended Complaint.

397.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "360" of the Second Amended Complaint.

398.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "361" of the Second Amended Complaint.

399.         Deny the truth of the allegations set forth in Paragraph "362" of the Second Amended Complaint.

400.         Deny the truth of the allegations set forth in Paragraph "363" of the Second Amended Complaint.

401.         Deny the truth of the allegations set forth in Paragraph "364" of the Second Amended Complaint.

402.        In response to paragraph "365" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "364" of the Second Amended Complaint, as if fully set forth herein.

403.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Negligent Retention . . ." as set forth in the Second Amended Complaint.

404.        Deny the truth of the allegations set forth in Paragraph "366" of the Second Amended Complaint.

405.        Deny the truth of the allegations set forth in Paragraph "367" of the Second Amended Complaint.

406.        Deny the truth of the allegations set forth in Paragraph "368" of the Second Amended Complaint.

407.        Deny the truth of the allegations set forth in Paragraph "369" of the Second Amended Complaint.

408.        Deny the truth of the allegations set forth in Paragraph "370" of the Second Amended Complaint.

409.        Deny the truth of the allegations set forth in Paragraph "371" of the Second Amended Complaint.

410.        Deny the truth of the allegations set forth in Paragraph "372" of the Second Amended Complaint.

411.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "373" of the Second Amended Complaint.

412.        Deny the truth of the allegations set forth in Paragraph "374" of the Second Amended Complaint.

413.         Deny the truth of the allegations set forth in Paragraph "375" of the Second Amended Complaint.

414.         Deny the truth of the allegations set forth in Paragraph "376" of the Second Amended Complaint and respectfully refer the Court to In the Matter of P.B.A. and City of New York, Case # A-10699-04 for a true and accurate statement of the determination.

415.         Deny the truth of the allegations set forth in Paragraph "377" of the Second Amended Complaint, except admit that Chief Marino was promoted.

416.         Deny the truth of the allegations set forth in Paragraph "378" of the Second Amended Complaint.

417.         Deny the truth of the allegations set forth in Paragraph "379" of the Second Amended Complaint.

418.         Deny the truth of the allegations set forth in Paragraph "380" of the Second Amended Complaint.

419.         Deny the truth of the allegations set forth in Paragraph "381" of the Second Amended Complaint.

420.         Deny the truth of the allegations set forth in Paragraph "382" of the Second Amended Complaint.

421.         Deny the truth of the allegations set forth in Paragraph "383" of the Second Amended Complaint.

422.         Deny the truth of the allegations set forth in Paragraph "384" of the Second Amended Complaint.

423.         Deny the truth of the allegations set forth in Paragraph "385" of the Second Amended Complaint.

424.        Deny the allegations set forth in the unnumbered Paragraph beginning with "Negligence in Failing . . ." as set forth in the Second Amended Complaint.

425.        Deny the truth of the allegations set forth in Paragraph "386" of the Second Amended Complaint.

426.        Deny the truth of the allegations set forth in Paragraph "387" of the Second Amended Complaint.

427.        Deny the truth of the allegations set forth in Paragraph "388" of the Second Amended Complaint.

428.        In response to paragraph "389" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "388" of the Second Amended Complaint, as if fully set forth herein.

429.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "390" of the Second Amended Complaint.

430.        Deny the truth of the allegations  set forth in Paragraph "391" of the Second Amended Complaint to the extent they are asserted against City Defendants.

431.        Deny the allegations set forth in Paragraph "392" of the Second Amended Complaint to the extent they are asserted against City Defendants.

432.        In response to paragraph "393" of the Second Amended Complaint, City Defendants repeat and re-allege their responses to Paragraphs "1" through "392" of the Second Amended Complaint, as if fully set forth herein.

433.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "394" of the Second Amended Complaint.

434.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "395" of the Second Amended Complaint.

435.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "396" of the Second Amended Complaint.

436.     Deny the allegations set forth in Paragraph "397" of the Second Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

437.     The Second Amended Complaint fails to state a claim against City Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

438.     There was probable cause for placing plaintiff in protective custody.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

439.     At all times relevant to the acts alleged in the amended complaint, City Defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

440.     The City Defendants have not violated any rights, privileges or immunities secured to plaintiff under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

441.     The individual defendants are shielded from suit by the doctrines of absolute immunity, qualified immunity, common law immunity, judicial immunity, or any combination of these doctrines.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

442.　　　　Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable and/or negligent acts of others, and was not the proximate result of any act of the City Defendants.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

443.　　　　At all times relevant to the acts alleged in the amended complaint, the City Defendants acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

444.　　　　Plaintiff has not satisfied all conditions precedent to suit.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

445.　　　　Punitive damages may not be assessed against the City of New York.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

446.　　　　This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

447.　　　　Plaintiff provoked any incident.

**WHEREFORE**, City Defendants request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        October 17, 2012

> **MICHAEL A. CARDOZO**
> Corporation Counsel of the
> City of New York
> *Attorney for City Defendants*
> 100 Church Street, Room 3-200
> New York, N.Y. 10007-2601
> 212-788-1103
>
> By: _____/s/_____
>          Suzanna Publicker
>          Assistant Corporation Counsel

cc:      Jon L. Norinsberg (By ECF)
         *Attorney for Plaintiff*

         Cohen & Fitch, LLP (By ECF)
         Gerald Cohen
         Joshua Fitch
         *Attorneys for Plaintiff*

         Gregory John Radomisli (By ECF)
         MARTIN CLEARWATER & BELL LLP
         *Attorneys for Jamaica Hospital Medical Center*

         Brian Lee (By ECF)
         IVONE, DEVINE & JENSEN, LLP
         *Attorneys for Dr. Isak Isakov*

         Bruce M. Brady (By ECF)
         CALLAN, KOSTER, BRADY & BRENNAN, LLP
         *Attorneys for Lillian Aldana-Bernier*

         Walter Aoysius Kretz , Jr. (By ECF)
         SEIFF KRETZ & ABERCROMBIE
         *Attorney for Defendant Mauriello*

10 Civ. 6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

                                            Plaintiff,

                    -AGAINST-

THE CITY OF NEW YORK,  ET AL.,

                                            Defendants.

**ANSWER TO PLAINTIFF'S SECOND AMENDED
COMPLAINT ON BEHALF OF CITY
DEFENDANTS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Suzanna Publicker*
*Tel:  (212) 788-1103*
*NYCLIS No. 2010-033074*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ...................................................,2012*

*.............................................................................Esq.*

*Attorney for ................................................................*