



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/12

RECEIVED
OCT 23 2012
JUDGE SWEET CHAMBERS

MICHAEL A. CARDOZO
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

SUZANNA PUBLICKER
phone: (212) 788-1103
fax: (212) 788-9776
email: spublick@law.nyc.gov

October 23, 2012

So ordered
Sweet U.S.D.J.
10-23-12

**BY FAX**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Schoolcraft v. The City of New York, et al.
10-CV-6005 (RWS)

Your Honor:

I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent the City Defendants in the above-referenced matter. City Defendants write in response to plaintiff's letter dated October 18, 2012, in which plaintiff opposes defendant Mauriello's application to compel plaintiff to appear for deposition. Specifically, City Defendants wish to address certain statements made by plaintiff concerning the current legal representation of defendant Mauriello.

First, plaintiff's allegation that the undersigned currently represents defendant Mauriello since the Office of Corporation Counsel never moved to be withdrawn as counsel is disingenuous. Regardless of what appears on the civil docket sheet, plaintiff is well aware of the fact that defendant Mauriello has been represented by Walter Kretz, Esq., since early this year.[1] Any suggestion otherwise is patently false. In any event, for the sake of clarity, since there appears to be some confusion, this office respectfully requests to be relieved as counsel for defendant Steven Maureillo.[2]

Second, plaintiff has wildly overstepped his bounds by stating that there is no actual conflict of interest between the City of New York and defendant Mauriello. Section 50-k(2) of the General Municipal Law states, among other things, that the City shall provide for the defense of an employee in an action "arising out of any alleged act or omission which the Corporation Counsel finds occurred while the employee was acting within the scope of his employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." After careful consideration, this

---

[1] Though Mr. Kretz only filed a Notice of Appearance in May 2012, he had been involved in the matter since March 2012.
[2] This office is prepared to submit a formal motion for withdrawal of representation if required by the Court.

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
October 23, 2012
Page 2

Office determined that it could not make the requisite findings under Section 50-k(2), and as a result, was unable to continue to represent defendant Mauriello. To disclose in any greater detail the reasoning behind that decision and/or to identify the specific conflict of interest necessitating outside counsel would severely prejudice defendant Mauriello, and also violate the attorney-client and work-product privileges.

Furthermore, the basis for plaintiff's unilateral decision that there is no conflict between defendants City and Mauriello – that because we represented Mauriello in the past then there can be no conflict of interest now – is meritless. Plaintiff cannot seriously dispute that prior to early this year, when Mauriello's representation changed, this action was essentially dormant. By way of background, this matter was filed on or about August 1, 2010, and amended as of right on or about September 13, 2010. Shortly thereafter, former Assistant Corporation Counsel Donna Canfield conducted representation interviews of all named City defendants and assumed representation on their behalf. On or about December 2, 2010, Ms. Canfield answered the amended complaint on behalf of all City Defendants.[3] However, prior to filing City Defendants' answer, defendant Jamaica Hospital Medical Center ("JHMC") filed a Motion to Dismiss JHMC as a defendant on or about October 12, 2010. JHMC's Motion to Dismiss was denied on or about May 6, 2011, however, due to a series of adjournments, a Pre-Trial Conference was not held until February 9, 2012. The undersigned was assigned to this matter on March 6, 2012. Shortly thereafter, I was informed that due to a conflict of interest in our representation of defendant Mauriello, Walter Kretz, Esq. would be representing him going forward. Thus, in short, this Office's representation of defendant Mauriello consisted of a representation interview by a former Assistant Corporation Counsel and filing one answer on his behalf.[4] This is hardly representative of a long-standing and involved representation relationship.[5]

Based on the foregoing, this office requests to be relieved as counsel for defendant Mauriello. The undersigned submit the defendant should not prejudiced by the granting of this request as he has been represented by Walter Kretz, Esq. for the past seven months.

I thank the Court for its consideration.

Respectfully submitted,

Suzanna Publicker
Assistant Corporation Counsel

---

[3] Plaintiff erroneously stated in his October 18, 2012 motion that the City of New York has *twice* answered on behalf of defendant Mauriello. Upon information and belief, only one answer was filed on behalf of defendant Mauriello, and that was on December 2, 2010.

[4] The undersigned has never met or spoken to defendant Mauriello.

[5] Plaintiff's argument that the defendants' are "united in interest" because of the theory of respondeat superior is equally unavailing. Indeed, plaintiff offers no supporting case law for the proposition that respondeat superior precludes a finding of a conflict of interest under New York General Municipal Law.

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
October 23, 2012
Page 3

cc: Jon L. Norinsberg (By Fax 212-406-6890)
*Attorney for Plaintiff*
225 Broadway, Suite 2700
New York, New York 10007

Cohen & Fitch, LLP (By Fax 212-406-6890)
Gerald Cohen
Joshua Fitch
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, New York 10279

Gregory John Radomisli (By Fax 212-949-7054)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By Fax 516-352-4952)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By Fax 212-248-6815)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter Aoysius Kretz, Jr. (By Fax 212-371-6883)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022