UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                                                                                                              JURY TRIAL DEMANDED

                             Plaintiff,

                  -against-

                                                                                      10-CV-06005 (RWS)

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his official capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his   Official Capacity, CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT WILLIAM GOUGH, Tax Id. 919124, Individually and in his Official Capacity, SGT. FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374 Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, Individually and in her Official Capacity, LIEUTENANT THOMAS HANLEY, Tax Id. 879761, Individually and in his Official Capacity, CAPTAIN TIMOTHY TRAINER, Tax Id. 899922, Individually and in his Official Capacity, SERGEANT SONDRA WILSON, Shield No. 5172, Individually and in her Official Capacity, SERGEAANT ROBERT W. O'HARE, Tax Id. 916960, Individually and in his Official Capacity, SERGEANT RICHARD WALL, Shield No. 3099 and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity, (the name John Doe being fictitious, as the true names are presently unknown), (collectively referred to as "NYPD defendants"), FDNY LIEUTENANT ELISE HANLON, Individually and in her Official Capacity as a lieutenant with the New York City Fire Department, JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                                                                                                 Defendants.
-----------------------------------------------------------------------------------X

DEFENDANT MAURIELLO'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant STEVEN MAURIELLO, by his attorneys, SCOPPETTA SEIFF KRETZ & ABERCROMBIE, for his Answer to the Second Amended Complaint, alleges as follows:

1. With respect to the allegations in paragraph 1 of the Second Amended Complaint, denies that he violated plaintiff's civil rights and denies plaintiff is entitled to recover compensatory or punitive damages or attorney's fees from him.

2. With respect to the allegations in paragraph 2 of the Second Amended Complaint, denies he participated in the alleged wrongdoing, and denies, upon information and belief, that any of the other defendants engaged in such wrongdoing.

3. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 4 of the Second Amended Complaint, except admits venue is properly laid in the Southern District of New York.

4. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraphs 6, 8, 13 through 30, 32, 34 through 37, 45, 46, 49, 52, 53, 56, 57, 60, 64, 65, 67, 71, 78 through 82, 84, 92, 93 through 103, 105 107, 109 through 115, 117, 120 through 125, 134 through 139, 141, 142, 145 through 152, 157 through 161, 163 through 169, 172, 173, 176, 179 through 207, 212, 213, 216 through 224, 226 through 246, 282, 289, 292, 299, 302 through 306, 313 through 319, 333 through 338, 352, 360 through 363, 366 through 382, 386, 387, 388, 390, 391, 392, 394, 395 and 396 of the Second Amended Complaint.

5. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraphs 9, 10, 11 and 12 of the Second Amended Complaint, except admits that at all relevant times he was a duly sworn officer of the

New York City Police Department and acted at all times in his official capacity in furtherance of his official duties.

6.      Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 31 of the Second Amended Complaint, except admits plaintiff worked at the 81st Precinct until October 31, 2009.

7.      With respect to the allegations in paragraph 33 of the Second Amended Complaint, denies that as a patrol officer plaintiff was designated as senior.

8.      Denies the allegations in paragraphs 38, 39, 41, 47, 50, 51, 55, 62, 70, 72, 75, 76, 86, 87, 88, 91, 108, 116, 118, 156, 178, 208, 209, 210, 215, 225, 249, 252, 253, 254, 262 through 277, 279, 280, 283 through 287, 290, 293 through 295, 297, 298, 300, 308 through 311, 321 through 331, 340, 341, 347 through 349, 351, 353, 354, 355, 357, 364, 384 and 385.

9.      Denies the allegations of paragraph 40 of the Second Amended Complaint, except admits he was assigned to the 81st Precinct in or about October 2006.

10.     With respect to the allegations in paragraphs 42 and 43 of the Second Amended Complaint, denies that he berated or threatened his officers and alleges he at all times directed and encouraged his officers to properly do the work they were obligated to do as police officers in the New York City Police Department.

11.     Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 44 of the Second Amended Complaint, except denies there was an illegal quota policy or that he enforced any such policy.

12.     Denies the allegations of paragraph 48 of the Second Amended Complaint, and respectfully refers the Court to the complete statement made by him on

the occasion cited, which, upon information and belief, was at least partially recorded by plaintiff, surreptitiously.

13. Denies the allegations in paragraph 54 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to whether plaintiff engaged in the alleged wrongdoing.

14. Denies the allegations in paragraph 58 of the Second Amended Complaint, except admits plaintiff received an overall rating of 2.5.

15. Denies the allegations in paragraph 59 of the Second Amended Complaint, except admits plaintiff received an overall rating of 2.5.

16. Denies the allegations in paragraph 63 of the Second Amended Complaint, except admits at some point plaintiff said he intended to appeal his evaluation and denies knowledge or information sufficient to form a belief as to when plaintiff first said so.

17. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 66 of the Second Amended Complaint, except denies that "the only way plaintiff improve future performance evaluations, was if plaintiff raised his 'ACTIVITY,' by writing 'MORE SUMMONSES' and being 'MORE PROACTIVE.'"

18. Denies the allegations in paragraph 68 of the Second Amended Complaint, except admits a meeting took place on or about the date alleged.

19. Admit the allegations of paragraph 69 of the Second Amended Complaint, except alleges upon information and belief that Lieutenant Crawford also attended the meeting.

20. Denies the allegations of paragraph 73 of the Second Amended Complaint, except admits plaintiff was told he would get a higher evaluation if he were more actively engaged in fulfilling the duties and responsibilities of a patrol officer while on patrol.

21. With respect to the allegations in paragraph 74 of the Second Amended Complaint, denies knowledge or information sufficient to form a belief with respect to whether the alleged statement was made at the meeting, except admits that an effort was made at the meeting to get plaintiff to understand it was his obligation to be actively engaged in fulfilling his duties and responsibilities as a patrol officer while on patrol.

22. With respect to the allegations in paragraph 77 of the Second Amended Complaint, respectfully refers the Court to the cited decision for its content.

23. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 83 of the Second Amended Complaint, except denies plaintiff's evaluation directly correlates to his failure to meet the alleged illegal summons/arrest quota, and denies there was such a quota in the 81st Precinct.

24. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 85 of the Second Amended Complaint, except admits Michael Marino is Deputy Chief of Patrol Borough Brooklyn North.

25. Denies the allegations of paragraph 89 of the Second Amended Complaint, except admits plaintiff said he would appeal his evaluation.

26. Denies the allegations in paragraph 90 of the Second Amended Complaint, except admits the alleged letter was received, and respectfully refers the Court to the letter for its complete contents.

27. Denies the allegations in paragraphs 93 and 140 of the Second Amended Complaint, except admits upon information and belief that defendant Caughey made a copy of plaintiff's memo book.

28. With respect to the allegations in paragraph 104 of the Second Amended Complaint, denies that he engaged in the alleged conduct and denies knowledge or information sufficient to form a belief as to whether anyone else engaged in any such conduct.

29. Denies the allegations in paragraph 106 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief with respect to what P.O. Zucker may have communicated to plaintiff.

30. Denies the allegations of paragraph 119 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to why plaintiff's gun and shield had been removed,

31. With respect to the allegations of paragraph 126 of the Second Amended Complaint, admits plaintiff submitted a request and respectfully refers the Court to the letter for its contents.

32. With respect to the allegations of paragraph of paragraph 127 of the Second Amended Complaint, denies plaintiff's appeal was not sent to Patrol Borough Brooklyn North, denies knowing that plaintiff's appeal had been closed, and denies plaintiff repeatedly inquired of him about the appeal.

33. Denies the allegations in paragraphs 128 and 129 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief with respect to whether the alleged meeting took place or what plaintiff might have said.

34. With respect to the allegations in paragraph 130 of the Second Amended Complaint, denies, upon information and belief, that plaintiff witnessed at least thirteen instances, or that there were thirteen instances, where crimes were being underreported in order to avoid index crime classification.

35. Upon information and belief, denies the allegations in paragraph 131 of the Second Amended Complaint.

36. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 132 of the Second Amended Complaint, except admits plaintiff was placed on performance monitoring.

37. Denies the allegations in paragraph 133 of the Second Amended Complaint, except admits receiving the alleged memo issued by defendant Caughey, and respectfully refers the Court to the memo for its contents.

38. Upon information and belief, denies the allegations of paragraph 143 of the Second Amended Complaint.

39. Upon information and belief, denies the allegations of paragraph 144 of the Second Amended Complaint, except admits that plaintiff left work before the end of his tour.

40. Denies the allegations in paragraphs 153 and 154 of the Second Amended Complaint, except admits he and Chief Michael Marino, as well as two

members of the Emergency Services Unit, were among those who entered plaintiff's apartment.

41. Denies the allegations in paragraph 155 of the Second Amended Complaint, except admits plaintiff was ordered by Chief Marino to get dressed and to return to the 81st Precinct.

42. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 162 of the Second Amended Complaint, except denies the alleged unlawful scheme.

43. Upon information and belief, denies the allegations of paragraph 170 of the Second Amended Complaint, except denies there was an illegal home invasion, and denies knowledge or information sufficient to form a belief as to whether Paul Brown was present.

44. Upon information and belief, denies the allegations of paragraph 171 of the Second Amended Complaint, except denies he participated in any such alleged activity and denies the alleged corruption existed in the 81st Precinct.

45. Denies the allegations in paragraph 174 of the Second Amended Complaint, except admits plaintiff was restrained and carried from his home.

46. Denies the allegations in paragraph 175 of the Second Amended Complaint, except admits upon information and belief that plaintiff was taken to Jamaica Hospital and admitted.

47. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 177 of the Second Amended Complaint, except admits plaintiff's landlord provided a key for plaintiff's apartment.

48. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 211 of the Second Amended Complaint, except denies he had any contact with Jamaica Hospital.

49. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 214 of the Second Amended Complaint, except denies the existence of any conspiracy with or favors by Jamaica Hospital.

50. Upon information and belief, denies the allegations in paragraph 248 of the Second Amended Complaint, except denies he participated in the manipulation of crime statistics.

51. Denies the allegations in paragraph 250 of the Second Amended Complaint, except admits he regularly encouraged police officers to be vigilant and active in performing their duties while on patrol.

52. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 251 of the Second Amended Complaint, except denies the matters alleged are evidence of any of his directives to his officers.

53. Denies the allegations in paragraphs 256 through 260, except admits that at all relevant times he was acting within the scope of his employment in furtherance of his duties as an officer of the New York City Police Department.

54. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraphs 343, 344 and 345, except denies he ever touched the plaintiff.

55. Denies the allegations in paragraphs 358 and 359, except admits that at all relevant times he was acting within the scope of his employment in

9

furtherance of his duties as an officer of the New York City Police Department.

56. With respect to the allegations in paragraph 397 of the Second Amended Complaint, denies there is any basis for an award of compensatory or punitive damages, attorney's fees or any other relief to the plaintiff, and denies there is a basis for imposing on him any liability for damages to the plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim against defendant Steven Mauriello upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Steven Mauriello has at all relevant times acted within the scope of his employment and in the proper and lawful performance of his duties and responsibilities.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against defendant Steven Mauriello may be barred in whole or in part by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Any injury allegedly sustained by plaintiff was caused by plaintiff's own culpable conduct or the culpable conduct of others, and was not caused or contributed to by defendant Steven Mauriello.

### FIFTH AFFIRMATIVE DEFENSE

Defendant Steven Mauriello has not violated any rights, privileges, or immunities secured to plaintiff under the Constitution or laws of the United States or the

State of New York or any political subdivision thereof, nor has defendant Mauriello violated any act of Congress providing for the protection of civil rights.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Steven Mauriello is shielded from suit by the doctrines of absolute immunity, qualified immunity, common law immunity or a combination of such doctrines.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant Steven Mauriello has at all relevant times acted reasonably, properly, lawfully, and in good faith in the exercise of his discretion.

WHEREFORE, defendant Steven Mauriello requests judgment dismissing the claims alleged against him in the Second Amended Complaint in their entirety, and granting such other relief as the Court deems just, together with an award of costs.

Dated: New York, New York
January 10, 2013

SCOPPETTA SEIFF KRETZ & ABERCROMBIE
Attorneys for Defendant STEVEN MAURIELLO

By: _____
Walter A. Kretz, Jr., (WK-4645)
444 Madison Avenue, 30th Floor
New York, NY  10022
wakretz@seiffkretz.com
212-371-4500