

*Docket + file* (handwritten)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-13-13

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Suzanna Publicker
*Assistant Corporation Counsel*
phone: (212) 788-1103
fax: (212) 788-9776
spublick@law.nyc.gov

RECEIVED
JUDGE SWEET CHAMBERS

March 1, 2013

*Treat as motion returnable 3/20* (handwritten)

**BY HAND DELIVERY**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Schoolcraft v. The City of New York, et al.
10-CV-6005 (RWS)

Your Honor:

I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent the City Defendants above-referenced matter.[1] City Defendants write regarding certain of plaintiff's discovery deficiencies.

By way of background, City Defendants served plaintiff with their First Set of Interrogatories and Document Requests on or about December 5, 2011, to which plaintiff belatedly responded on April 9, 2012. City Defendants served a second set of Document Requests on or about August 20, 2012, to which plaintiff again belatedly responded on October 24, 2012.[2] City Defendants outlined the deficiencies to plaintiff's responses to these requests in a letter dated December 19, 2012 (annexed hereto as Exhibit A), and have further followed up with plaintiff's counsel by letter dated February 15, 2013 (annexed hereto as Exhibit B). Plaintiff has not responded in any manner. City Defendants therefore respectfully request that the Court compel plaintiff to respond to the enumerated requests below by a date certain as City Defendants are not able to move forward with the second day of plaintiff's deposition until these documents are received.

---

[1] According to a review of the Civil Docket Sheet, Lieutenant William Gough, Sergeant Robert W. O'Hare, Sergeant Sondra Wilson, Lieutenant Thomas Hanley, and Captain Timothy Trainor have not yet been served with process, and are therefore not parties to this action.

[2] Pursuant to F.R.C.P. 33 and 34, because plaintiff failed to either respond, or seek an enlargement of time in which to respond within 30 days of service of City Defendants' discovery requests, any objections to those requests have been waived.

## A. Financial Expenses Incurred By Plaintiff

City Defendants demanded proof of all financial expenses incurred by plaintiff as a result of the allegedly unlawful conduct of defendants in this matter.[3] Plaintiff responded by stating that the demand "is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source." Plaintiff is alleging economic damages in this matter, and as such, plaintiff's contention that the document request is "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" is utterly incomprehensible. Even to the extent that plaintiff alleges that evidence of plaintiff's financial damages is more readily available from another source, plaintiff has failed to identify the source(s) from whom City Defendants may request such evidence, despite requests from City Defendants to so identify the source(s). Plaintiff has similarly refused to provide evidence of his efforts to mitigate damages by attempting to secure other employment,[4] proof of the $7,185.00 medical bill plaintiff claims he was issued as a result of his confinement,[5] and proof of purchase of the recording devices used by plaintiff.[6] Given the relevance of plaintiff's economic losses and any attempts to mitigate those losses to this litigation, City Defendants respectfully request that the Court order plaintiff to produce responsive information by a date certain.

## B. Documents Regarding Allegations of Illegality Regarding Police Officers Frank Pallestro and Adhyl Polanco

Plaintiff alleged in his Second Amended Complaint that non-party Police Officers Adhyl Polanco and Frank Pallestro have evidence that the IAB failed to keep their complaints of corruption and illegality confidential, which plaintiff believe supports his claims in this action. City Defendants therefore demanded any documents in plaintiff's possession that support these allegations.[7] Plaintiff responded in part that "[the request] demands disclosure of information and/or communications that are protected by the attorney-client or work-product privileges, or which constitute material prepared for litigation purposes." In response, City Defendants requested a privilege log for those documents plaintiff believes are protected by the attorney-client and/or work-product privileges, which plaintiff has thus far failed to provide.

Plaintiff further objected to produce responsive documents concerning Frank Pallestro that are in plaintiff's possession, without first obtaining an Attorneys Eyes Only Stipulation executed by the parties and ordered by the Court. City Defendants do not believe any Attorneys' Eyes Only Stipulation is required when none was required for plaintiff to produce similar information pertaining to Adhyl Polanco. Further, plaintiff's claim that evidence regarding Frank Pallestro cannot be produced absent such a stipulation because Pallestro fears retaliation, is meritless in light of the fact that plaintiff has already identified Frank Pallestro as having

---

[3] See 1st Set of Document Requests - Document Request Number 9.

[4] See 1st Set of Document Requests - Document Request Number 13.

[5] See 2nd Set of Document Requests - Document Request Number 6.

[6] See 2nd Set of Document Requests - Document Request Number 4.

[7] See 2nd Set of Document Requests - Document Request Number 1.

provided information to IAB regarding "allegations of illegality," and more importantly, Frank Palestro himself has given numerous interviews to media sources including the New York Daily News on these matters.[8] Accordingly, City Defendants respectfully request that the Court order plaintiff to provide all evidence in his possession regarding Police Officers Adhyl Polanco and Frank Pallestro.

### C.   Messages and Communications Received Through www.schoolcraftjustice.com

Through the course of discovery, City Defendants learned that plaintiff and his counsel operated a website with the URL of www.schoolcraftjustice.com, which asked members of the NYPD to provide information for plaintiff to use in his litigation. City Defendants demanded that plaintiff produce messages and communications received through www.schoolcraftjustice.com, including the names, contact information, and IP addresses of all respondents.[9]

Plaintiff claimed that the request implicated that "disclosure of information and/or communications that are protected by the attorney-client or work-product privileges, or which constitute material prepared for litigation purposes." So, though plaintiff provided *some* response to this request, in doing so, plaintiff redacted the names, contact, information, and IP addresses of all respondents. After City Defendants challenged the assertion of privilege, by pointing out that the website itself included a disclaimer stating  that "information on this website is not intended to create, and receipt or viewing of this information does not constitute, an attorney-client relationship," the website was taken down.[10] It is clear from counsels' website disclaimer that there is no attorney-client relationship with regard to any responses to the www.schoolcraftjustice.com website and that any claim of privilege would not be asserted in good faith. Even if there *were* a relationship, plaintiff has refused to provide a privilege log reflecting the information plaintiff contends is protected by the attorney-client and/or work-product privileges, which is required under the Local Rules to be furnished at the time the objection is asserted. See Local Rule 26.2(b).  Further, as the names, contact information, and IP addresses of all respondents is information that was not prepared for litigation purposes, it cannot be considered attorney work-product. Additionally, to the extent that plaintiff intends to rely on statements posted to the website in the furtherance of their litigation, defendants are entitled to learn the identities of the individuals providing information, and gather their contact information to investigate their claims and/or facilitate the service of subpoenas. Accordingly, City Defendants request that the Court demand plaintiff to produce the subject messages and communications received through www.schoolcraftjustice.com, inclu ding the un-redacted names, contact information, and IP addresses of all respondents.

---

[8]  See, e.g., http://www.nydailynews.com/news/nypd-whistleblower-palestro-reports-alleged-corruption-42nd-precinct-union-delegate-article-1.194881.

[9]  See 2nd Set of Document Requests - Document Request Number 2.

[10] "The information contained on this website is for general information purposes only. Nothing on this or associated pages, documents, comments, answers, emails, or other communications should be taken as legal advice for any individual case or situation. This information on this website is not intended to create, and receipt or viewing of this information does not constitute, an attorney-client relationship. This is attorney advertising. Past performance does not guarantee future results." (Screenshot of www.schoolcraftjustice.com, Exhibit C)(emphasis added).

**D.   Communications by Plaintiff with Media Outlets**

City Defendants demanded that plaintiff "[p]roduce any documents, messages, and communications including but not limited to emails, text messages, and letters reflecting any communications, interviews, conversations, or meetings plaintiff has had with any media outlet regarding the allegations of the instant lawsuit, including but not limited to blogs, newspapers, radio stations, independent reporters, and magazines." See 2nd Set of Document Requests - Document Request Number 7.  Plaintiff objected to that request by stating that it was "vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are more readily obtained from another source." City Defendants find this response wholly inappropriate given the number of statements plaintiff has made to the media pertaining to the allegations set forth in the complaint.  City Defendants are entitled to discover statements that plaintiff has made concerning his allegations herein irrespective of whether they are also available from another source.  Thus, plaintiff's objections to the document request are baseless and accordingly, City Defendants respectfully request that the Court compel plaintiff to provide documents responsive to these wholly reasonable demands.

**II.  Plaintiff's Failure to Respond to City Defendants' Requests for Admissions**

On December 19, 2012, City Defendants served plaintiff with Requests for Admission regarding the identification of plaintiff's voice on certain recordings. Responses to these requests are needed  because plaintiff could not recall whether he had made certain statements on the recordings when asked about them at his deposition on October 11, 2012.  On that same date, City Defendants also followed up on requests for production of documents first made during plaintiff's deposition. Plaintiff has not responded to any of these requests, despite having had this glaring deficiency pointed out in a letter by City Defendants on February 15, 2013.  In view of the foregoing, City Defendants respectfully request that the Court compel plaintiff to respond to City Defendants' Requests for Admissions and document discovery demands made by City Defendants first at plaintiff's deposition, and later by letter dated December 19, 2012 by a date certain.

For the reasons stated above, City Defendants respectfully request that the Court order plaintiff to provide the documents and information listed above by a date certain.

City Defendants thanks the Court for its time and consideration of this request.

Respectfully submitted,

Suzanna Publicker
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    Richard Gilbert (By Fax 212-633-1977)
       *Attorney for Plaintiff*
       115 Christopher Street, 2nd Floor
       New York, New York 10014

Gregory John Radomisli (By Fax 212-949-7054)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By Fax 516-352-4952)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By Fax 212-248-6815)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter Aoysius Kretz , Jr.   (By Fax 212-371-6883)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022

# EXHIBIT A



**THE CITY OF NEW YORK**

MICHAEL A. CARDOZO
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

SUZANNA PUBLICKER
*Assistant Corporation Counsel*
E-mail: spublick@law.nyc.gov
Phone: (212) 788-1103
Fax: (212) 788-9776

December 19, 2012

**BY FIRST-CLASS MAIL**
Richard A. Gilbert, Esq.
115 Christopher Street, 2nd Floor
New York, New York 10014

Re:  Schoolcraft v. The City of New York, et al.
10 CV 6005 (RWS)

Dear Counsel:

City Defendants are aware that you have recently been retained as counsel for plaintiff and write: 1) to address plaintiff's deficient discovery responses; and 2) regarding plaintiff's deposition, including follow-up requests for documents requested during the deposition.

**Plaintiff's Deficient Discovery Responses**

In compliance with the good faith obligations of the Federal Rules of Civil Procedure, City Defendants hereby identify the following deficiencies with respect to Plaintiff's Responses to Defendant's First and Second Sets of Interrogatories and Requests for Production of Documents.[1]

**1st Set of Document Requests - Document Request Number 9:**  And any all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, concerning the financial expenses (other than expenses for mental health services) that plaintiff

---

[1] Additionally, pursuant to F.R.C.P. 33 and 34, because plaintiff failed to either respond, or seek an enlargement of time in which to respond within 30 days of service of City Defendants' discovery requests, any such objections to those requests were waived.

claims to have incurred to date as a result of the alleged wrongful acts or omissions of the
defendants, including but not limited to attorneys' fees.

***Plaintiff's Response:*** Plaintiff objects to this request on the grounds that it is vague, ambiguous,
overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant
nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it
calls for the production of material not within plaintiff's possession, custody or control, and that
is more readily obtained from another source.

***Defendants' Notice of Deficiency:*** Plaintiff appears to be alleging economic damages in this
matter. As such, City Defendants' Document Request No. 9 clearly requests documentary
evidence of such damages. In light of plaintiff's intention to seek compensatory damages,
plaintiff's contention that the document request is "neither relevant nor reasonably calculated to
lead to the discovery of admissible evidence" is utterly incomprehensible. Thus, kindly provide
the requested documents or, in the event that plaintiff is not seeking recompense for financial
expenses incurred as a result of the alleged incident, state so. Finally, to the extent that plaintiff
alleges that evidence of *plaintiff's* financial damages is more readily available from another
source, identify the source(s) from whom City Defendants may request such evidence.


**1ˢᵗ Set of Document Requests - Document Request Number 13:** All documents concerning
plaintiffs attempts to secure other employment and/or to otherwise mitigate his alleged damages
since October 31, 2009, including but not limited to: all correspondence or other documents
plaintiff has sent to or received from any employment agencies, search firms or other
outplacement firms, any documents which reflect the dates upon which plaintiff has had contact
with such agencies or firms, and any documents concerning any job prospects such agencies or
firms have made known to plaintiff; all employment advertisements plaintiff has placed or to
which plaintiff has responded; and all correspondence, resumes, reference letters or other
documents plaintiff has sent to or received from any prospective employers, all documents
concerning any offers of employment plaintiff has received from any prospective employers' and
all documents concerning plaintiff's response(s) to any offers of employment he has received.

***Plaintiff's Response:*** Plaintiff objects to this request on the grounds that it is vague, ambiguous,
overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant
nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it
calls for the production of material not within plaintiff's possession, custody or control, and that
is more readily obtained from another source. Notwithstanding, and without waiving or in any
way limiting these objections or the General Objections, plaintiff states that responsive
documents, to the extent that such documents exist and are in the possession of plaintiff, will be
provided under separate cover.

***Defendants' Notice of Deficiency:*** To the extent that plaintiff is claiming damages for *years* of
lost income as a result of the alleged wrongful acts or omissions of the defendants, documents
concerning plaintiffs attempts to secure other employment and/or to ot herwise mitigate his
alleged damages since October 31, 2009, are clearly relevant and likely to lead to the discovery
of admissible evidence. As such, please produce the documents responsive to this request,
including those you indicated would be provided under separate cover. Further, to the extent that
plaintiff alleges that the requested documents are more readily available from another source,

2

City Defendants demand that plaintiff identify the source(s) from whom City Defendants may request the documents.

**2ⁿᵈ Set of Document Requests - Document Request Number 1:**  Produce any and all documents and/or recordings which support, or tend to support, in any way whatsoever, any of the allegations set forth in paragraph 352 through 353 of plaintiff's Amended Complaint alleging that the IAB failed to keep complaints of corruptions and illegality confidential in the 42ⁿᵈ Precinct regarding allegations of illegality involving Police Officers Frank Pallestro and Adhyl Polanco.

*Plaintiff's Response:* Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source and to the extent that it demands disclosure of information and/or communications that are protected by the attorney-client or work-product privileges, or which constitute material prepared for litigation purposes. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that responsive documents concerning Adhyl Polanco have previously been provided in plaintiff's responses to defendants first demand for discovery, dated April 9, 2012. Additionally, responsive documents concerning Frank Pallestro are in plaintiff's possession, but will only be disclosed pursuant to an Attorneys Eyes Only Stipulation executed by the parties and ordered by the Court.

*Defendants' Notice of Deficiency:*  Please provide a privilege log for those documents plaintiff believes are protected by the attorney-client and/or work-product privileges.  Additionally, in response to plaintiff's contention that "documents concerning Adhyl Polanco have previously been provided in plaintiff's responses to defendants first demand for discovery, dated April 9, 2012," please specifically identify the previously produced documents by reference to particular Bates Numbers. With regard to Frank Pallestro, it is unclear why plaintiff posits that an Attorneys' Eyes Only Stipulation is required when, ostensibly, none was required to produce similar information pertaining to Adhyl Polanco. Further, plaintiff's claim that evidence regarding Frank Pallestro cannot be produced absent such a stipulation, because he fears retaliation, is meritless in light of the fact that plaintiff has already identified Frank Pallestro as having provided information to IAB regarding "allegations of illegality," and more importantly, Frank Pallestro himself has given numerous interviews to media sources including the New York Daily News (http://www.nydailynews.com/news/nypd-whistleblower-palestro-reports-alleged-corruption-42nd-precinct-union-delegate-article-1.194881). Therefore, kindly provide any and all documents in your possession responsive to this demand and, further, to the extent there are documents responsive to this document request outside of plaintiff's custody and/or control, identify the custodian of such documents.

**2ⁿᵈ Set of Document Requests - Document Request Number 2:**  Produce any and all messages and communications received through www.schoolcraftjustice.com, including the names, contact information, and IP addresses of all respondents.

*Plaintiff's Response:* Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and to the extent that it demands disclosure of information and/or communications that are protected by the attorney-client or work-product privileges, or which constitute material prepared for litigation purposes. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections plaintiff is providing responsive documents redacted accordingly.

*Defendants' Notice of Deficiency:* According to the www.schoolcraftjustice.com website, "The information contained on this website is for general information purposes only. Nothing on this or associated pages, documents, comments, answers, emails, or other communications should be taken as legal advice for any individual case or situation. This information on this website is not intended to create, and receipt or viewing of this information does not constitute, an attorney-client relationship. This is attorney advertising. Past performance does not guarantee future results." It is clear from counsels' own statements that there is no attorney-client relationship with regard to any responses to the www.schoolcraftjustice.com website. Further, as the names, contact information, and IP addresses of all respondents is information that was not prepared for litigation purposes, it cannot be considered attorney work-product. In any event, please provide a privilege log reflecting the information plaintiff contends is protected by the attorney-client and/or work-product privileges. Additionally, to the extent that plaintiff intends to rely on statements posted to the website, defendants are entitled to learn the identities of the individuals providing information, and gather their contact information to investigate their claims and/or facilitate the service of subpoenas. Accordingly, please produce the subject messages and communications received through www.schoolcraftjustice.com, *including the un-redacted names, contact information, and IP addresses of all respondents.*

**2nd Set of Document Requests - Document Request Number 3:** Produce any and all evidence of "NYPD misconduct and corruption" that plaintiff collected and documented on or before October 31, 2009. If that evidence was destroyed, or is no longer in plaintiff's possession, please identify each item that was destroyed, the approximate dates of destruction, and the manner of its destruction. If that evidence is no longer in plaintiff's possession, please identify each item that is no longer in plaintiff's possession, and the current possessor, holder or recipient of that item.

*Plaintiff's Response:* Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source or has already been turned over in discovery. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff identifies notes and documents plaintiff had prepared identifying corruption in the NYPD, which were seized by NYPD defendants during his seizure on October 31, 2009.

*Defendants' Notice of Deficiency:* To the extent that plaintiff claims that evidence of "NYPD misconduct and corruption" was seized by NYPD defendants during the incident at plaintiff's apartment on October 31, 2009, please identify with particularity what evidence plaintiff claims was taken from his apartment by the NYPD. Additionally, to the extent that plaintiff alleges that evidence of "NYPD misconduct and corruption" is more readily available from another source,

please identify what evidence is available from another source, and the source from which that evidence may be obtained.

**2nd Set of Document Requests - Document Request Number 4:**  Produce any bills, receipts, cancelled checks or other proof of payment, insurance claims, and insurance benefits received, or like documents or things, in any form or format, concerning (a) Olympus D.V.R. (WS-331M), valued at $100.00; (b) Key Ring Light, valued at $15.00; and (c) Olympus D.V.R. (DS-50), valued at $250.00 as referred in Plaintiff's Notice of Claim. If plaintiff is still in possession of any or all of these items, defendants demand the opportunity to inspect these items.

***Plaintiff's Response:***  Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff has annexed the receipts in his possession.

***Defendants' Notice of Deficiency:***  In response to this request, plaintiff produced receipts for an Olympus DS-50 1 GB Digital Voice Recorder, valued at $159.99 ($162.94 after shipping and tax) and a receipt for an Olympus WS-331M Digital Voice Recorder, valued at $113.59 ($123.10 after shipping and tax). Please confirm that the DS-50 described in the Notice of Claim valued at $250 is the same DS-50 referenced in the receipt annexed to plaintiff's discovery responses; and that the Olympus WS-331M described in the Notice of Claim as valued at $100.00 is the same WS-331M referenced in the receipt annexed to plaintiff's discovery responses. Further, in response plaintiff's averment that this request "calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source," plaintiff's identify theresponsive evidence available from another source, as well as the source. Further, if plaintiff is still in possession of any or all of these items, defendants demand the opportunity to inspect these items at a date and time to be agreed upon by counsel.

**2nd Set of Document Requests - Document Request Number 5:**  Produce any and all documents or things, including but not limited to bills, receipts, cancelled checks or other proof of payment, insurance claims, and insurance benefits received, or like documents or things, in any form or format, that support plaintiff's claim that he received a bill in the amount of $7185.00 for his confinement at Jamaica Hospital Medical Center beginning on or about October 31, 2009.

***Plaintiff's Response:***  Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that he is not in possession of materials responsive to this request.

5

***Defendants' Notice of Deficiency:***  Please identify whether plaintiff was *ever* in possession of materials responsive to this request, and further, identify any documents responsive to the request (even if said documents are not in plaintiff's possession) and the custodian of the documents.

**2nd Set of Document Requests - Document Request Number 6:**  Produce any and all documents or things, including but not limited to bills, receipts, cancelled checks or other proof of payment, insurance claims, and insurance benefits received, or like documents or things, in any form or format, that support plaintiff's claim that Jamaica Hospital Medical Center collected money as a result of the alleged bill that plaintiff received in the amount of $7,185.00 for his confinement at Jamaica Hospital Center beginning on or about October 31, 2009.

***Plaintiff's Response:***  Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that he is not in possession of materials responsive to this request.

***Defendants' Notice of Deficiency:***  Please identify whether plaintiff was *ever* in possession of materials responsive to this request, and further, identify any documents responsive to the request (even if said documents are not in plaintiff's possession) and the custodian of the documents.

**2nd Set of Document Requests - Document Request Number 7:**  Produce any documents, messages, and communications including but not limited to emails, text messages, and letters reflecting any communications, interviews, conversations, or meetings plaintiff has had with any media outlet regarding the allegations of the instant lawsuit, including but not limited to blogs, newspapers, radio stations, independent reporters, and magazines.

***Plaintiff's Response:***  Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are more readily obtained from another source.

***Defendants' Notice of Deficiency:***  Upon information and belief, plaintiff has made numerous statements to the media pertaining to the allegations set forth in the complaint. Defendants are entitled to discover the statements that plaintiff has made concerning his allegations herein. Thus, plaintiff's objections to the document request are baseless. Accordingly, please provide documents responsive to the demand. Additionally, to the extent that plaintiff claims that documents responsive to this request are "more readily obtained from another source", identify the source(s).

Please provide the information requested herein no later than January 11, 2013. Should plaintiff fail to timely respond, City Defendants will have no choice but to seek judicial intervention.

**Plaintiff's Deposition**

During the course of plaintiff's deposition, plaintiff indicated on several occasions that he had no independent recollection of many of the events upon which he was questioned, and instead directed the undersigned to his "recordings." For example, when asked about the number of times he was told to conduct a stop, question, and frisk without reasonable suspicion, plaintiff stated "I believe there are multiple recordings of supervisors telling officers to articulate a charge later." However, when asked to identify the specific recordings supporting his claims, plaintiff was unable to identify or narrow down the recording on which such conversations could be found. See, e.g., Schoolcraft Deposition Transcript at 80:13-83:6. Given the fact that plaintiff has provided defendants with approximately 150 recordings spanning over twenty hours, a continued deposition to review said recordings would not be an efficient use of the parties' time. Accordingly, City Defendants request that plaintiff agree to review the enclosed transcript and, in each instance where plaintiff did not specifically identify those recordings supporting his claim, identify with particularity the recordings referenced by plaintiff as responsive to City Defendants' questions.

Additionally, City Defendants request production of the following documents first requested during plaintiff's deposition on October 11, 2012:

1. Affidavits provided by plaintiff in other lawsuits – 14:8-15:12;
2. All recordings relating to plaintiff's claims not previously produced – 31:4-9;
3. A copy of the hard drive of the computer used by plaintiff on or about October 31, 2009 onto which plaintiff transferred relevant recordings – 35:24-36:7;
4. Inspection of the clothing that plaintiff was wearing on October 31, 2009 – 163:7-13;
5. Letter sent by plaintiff to Senator Farley – 279:19-280:1.

**City Defendants' New Discovery Demands**

Enclosed please find City Defendants' First Set of Requests for Admissions.

Encl.

Sincerely yours,

Suzanna Publicker
*Assistant Corporation Counsel*
Special Federal Litigation Division

7

cc:   Gregory John Radomisli (By First-Class Mail)
      MARTIN CLEARWATER & BELL LLP
      *Attorneys for Jamaica Hospital Medical Center*
      220 East 42nd Street 13th Floor
      New York, NY 10017

      Brian Lee  (By First-Class Mail)
      IVONE, DEVINE & JENSEN, LLP
      *Attorneys for Dr. Isak Isakov*
      2001 Marcus Avenue, Suite N100
      Lake Success, New York 11042

      Bruce M. Brady  (By First-Class Mail)
      CALLAN, KOSTER, BRADY & BRENNAN, LLP
      *Attorneys for Lillian Aldana-Bernier*
      1 Whitehall Street
      New York, New York 10004

      Walter Aoysius Kretz , Jr.  (By First-Class Mail)
      SEIFF KRETZ & ABERCROMBIE
      *Attorney for Defendant Mauriello*
      444 Madison Avenue, 30th Floor
      New York, NY 10022

8

# EXHIBIT B



THE CITY OF NEW YORK

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

SUZANNA PUBLICKER
*Assistant Corporation Counsel*
E-mail  spublicka@law.nyc.gov
Phone  (212) 788-1103
Fax  (212) 788-9776

February 19, 2013

**BY HAND DELIVERY**
Richard A. Gilbert, Esq.
115 Christopher Street, 2nd Floor
New York, New York 10014

Re:  Schoolcraft v. The City of New York, et al.
10 CV 6005 (RWS)

Dear Counsel:

In accordance with defendants' continuing discovery obligations, enclosed please find color copies of the documents previously produced by City Defendants under Bates Nos. NYC00003728 through NYC00003286 and NYC00003257 through NYC00003276. The new color copies bear Bates Nos. NYC00007532 through NYC00007560. City Defendants also produce additional documents and recordings from the IAB Case File as described below. Documents bearing Bates Nos. NYC00007561, NYC00007567, and NYC00007676, NYC00007678-NYC00007681, NYC00007685, NYC00007689, NYC00007691, NYC00007695, NYC00007697, NYC00007699-NYC00007734, NYC00007736-NYC00007740, NYC00007742-NYC00007744, NYC00007746-NYC00007749, NYC00007752-NYC00007754, NYC00007760, NYC00007763, NYC00007766, NYC00007768-NYC00007771, NYC00007773-NYC00007774, NYC00007888-NYC00007889, NYC00007892-NYC00007942, NYC00007990-NYC00008006, NYC00008015-NYC00008048, NYC00008078-NYC00008100 are being produced subject to the Attorneys' Eyes Only Confidentiality Stipulation and Protective Order, endorsed by the Court on October 5, 2012.    Documents bearing Bates Nos. NYC00007671, NYC00007673-NYC00007675, NYC00007682-NYC00007683, NYC00007686, NYC00007690, NYC00007692, NYC00007741, NYC00007745, NYC00007750-NYC00007751, NYC00007755-NYC00007759, NYC00007761,   are being produced subject to the Confidentiality Stipulation and Protective Order, endorsed by the Court on October 5, 2012.

| | **Document Description** | **Bates Stamp No.** | **Confidentiality** |
|---|---|---|---|
| 1. | IAB CD titled Sgt. Krohley/PO Rudy | NYC00007561 | AEO |
| 2. | IAB CD titled Call-Out #09-097 (re: 09-61921) | NYC00007562 | Not Confidential |
| 3. | IAB CD titled Lt. Hudnell – Wed 01/13/10 Att to Contacts, etc. | NYC00007563 | Not Confidential |
| 4. | IAB CD titled Sgt. O'Hare IA No. 10-03173 | NYC00007564 | Not Confidential |
| 5. | IAB CD titled P.O. Schoolcraft 11.04.09 | NYC00007565 | Not Confidential |
| 6. | IAB CD titled Lt. Dronzek 01.06.10 | NYC00007566 | Not Confidential |
| 7. | IAB CD titled 159A | NYC00007567 | AEO |
| 8. | IAB CD titled Lt. Hanlon | NYC00007568 | Not Confidential |
| 9. | IAB CD titled Capt. Perez 01.06.10 | NYC00007569 | Not Confidential |
| 10. | IAB CD of Capt. Perez | NYC00007570 | Not Confidential |
| 11. | IAB CD titled 310a – PO Joseph; 311a – PO Bonnomette; 312a – PO Khela; 314a – PO Martinez; 315a – PO Brown; 317a – Sgt. Alston; 318a – PO Taveras; 319a – PO Clark | NYC00007571 | AEO |
| 12. | IAB CD titled 322a | NYC00007572 | AEO |
| 13. | IAB CD titled 325a | NYC00007573 | AEO |
| 14. | IAB CD titled 326a | NYC00007574 | AEO |
| 15. | CD Containing Documents from IAB Investigation M09-1973 | NYC0007671-NYC00008230[1] | AEO Confidential Not Confidential |

In accordance with defendants' continuing obligation under F.R.C.P. 26(e), enclosed please also find additional documents responsive to plaintiffs' First Set of Requests for Production of Documents, bearing Bates Nos. NYC00007575 through NYC NYC00007670, which are being produced subject to the Attorneys' Eyes Only Confidentiality Stipulation and Protective Order, endorsed by the Court on October 5, 2012. As to the requests for disciplinary information, please note that incidents reflecting charges of misconduct that do not involve allegations of a similar nature to the allegations against the individual officers in the complaint or false statements have been redacted. As there were no closed, relevant matters on the Central Personnel Indices for defendants Lt. Gough, Sgt. Wilson, Sgt. Wall, Lt. Hanley, and Lt. O'Hare, no CPI documents have been produced for those defendants. Similarly, there were no closed, relevant matters on the IAB Resumes of defendants Captain Trainor, Sgt. Wall, and Sgt. Wilson, therefore, no IAB Resume documents have been produced for those defendants. Additionally, there were no closed, relevant matters on the CCRB Histories of defendants Lt. O'Hare, Captain Trainor, Sgt. Wilson, and Sgt. Wall, therefore, no CCRB documents have been produced for those defendants. This office is continuing to inquire into incidents where an investigation may be ongoing. Once those matters are closed, to the extent that any exists, relevant disciplinary information will be provided. With respect to officer personnel folders, please note that City

---

[1] Please see enclosed for a log indicating documents that have been withheld on the basis of privilege, redundancy, and/or relevance.

Defendants have not produced performance evaluations that precede the incident by more than five years or post-date the incident.

| Document Description | Bates Stamp No. | Confidentiality |
|---|---|---|
| 16. Central Personnel Index for Captain Timothy Trainor | NYC00007575-<br>NYC00007576 | AEO |
| 17. CCRB History for Lt. William Gough | NYC00007577 | AEO |
| 18. CCRB History for Lt. Thomas Hanley | NYC00007578 | AEO |
| 19. IAB Resume for Lt. William Gough | NYC00007579-<br>NYC00007580 | AEO |
| 20. IAB Resume for Lt. Thomas Hanley | NYC00007581-<br>NYC00007582 | AEO |
| 21. IAB Resume for Lt. O'Hare | NYC00007583-<br>NYC00007585 | AEO |
| 22. Personnel Folder for Lt. William Gough | NYC00007586-<br>NYC00007599 | AEO |
| 23. Personnel Folder for Sgt. Sondra Wilson | NYC00007600-<br>NYC00007610 | AEO |
| 24. Personnel Folder for Captain Timothy Trainor | NYC00007611-<br>NYC00007643 | AEO |
| 25. Personnel Folder for Lt. Robert O'Hare | NYC00007644-<br>NYC00007658 | AEO |
| 26. Personnel Folder for Lt. Thomas Hanley | NYC00007659-<br>NYC00007670 | AEO |

As you are aware, plaintiff was served with City Defendants' First Set of Requests for Admissions on December 19, 2012. Pursuant to F.R.C.P. 33 and 34, plaintiff was obligated to respond to said discovery demands within thirty (30) days of service. However, to date, City Defendants have not received plaintiff's responses. Additionally, on December 19, 2012, plaintiff was served with a letter from City Defendants indicating certain enumerated deficiencies with plaintiff's Responses to City Defendants' First and Second Sets of Interrogatories and Requests for Production of Documents. Plaintiff has also failed to respond to those discovery requests. Please serve plaintiff's responses to both City Defendants' Requests for Admissions and City Defendants' December 19, 2012 deficiency letter by March 8, 2013, otherwise, City Defendants will seek court intervention. Additionally, pursuant to F.R.C.P. 33 and 34, because plaintiff failed to either timely respond, or seek an enlargement of time in which to respond, to City Defendants' discovery demands, any objections thereto have now been waived.

City Defendants note that there is no indication from the Court's Civil Docket Sheet whether Lieutenant William Gough, Sergeant Robert W. O'Hare, Sergeant Sondra Wilson, Lieutenant Thomas Hanley, and Captain Timothy Trainor have been served. On numerous occasions, City Defendants have requested both from plaintiff's former counsel and from present

3

counsel affidavits of service indicating that these individuals were served.[2]  Accordingly, if you have served these individuals, please produce the affidavits of service by February 28, 2013, otherwise City Defendants will seek Court intervention.

Finally, City Defendants request to know whether you will be accepting service of subpoenas on Larry Schoolcraft and Frank Serpico. Plaintiff's prior counsel, Jon Norinsberg, had consented to accept service of any subpoena issued to Larry Schoolcraft and to produce him for a deposition. City Defendants have previously asked present counsel about this request (*see* Letter dated January 9, 2013), but have not heard back. Additionally, a Daily News article dated February 4, 2013 (annexed hereto) indicated that Frank Serpico is now part of plaintiff's "legal team." Accordingly, please indicate whether you will accept service of a subpoena issued to Frank Serpico and whether you will produce him for deposition at a later date.

Encl.

Sincerely yours,

Suzanna Publicker
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:
Gregory John Radomisli (By Hand Delivery)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By First-Class Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By Hand Delivery)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter Aoysius Kretz , Jr. (By Hand Delivery)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022

---

[2] See Emails to Jon Norinsberg dated October 17, 2012, November 7, 2012, and November 13, 2012; Email to Richard Gilbert dated December 21, 2012; and conversation in person with Richard Gilbert at the Court conference on January 30, 2013.

# EXHIBIT C



## Welcome

Home   Complaint   Media

In a June 20[...] lawsuit, [...] Norinsberg, and Cohen & Fitch, [...] jointly filed a lawsuit against the City of New York and high ranking members of the NYPD on behalf of Police Officer Adrian Schoolcraft. This lawsuit details the substantial retaliatory experience at the hands of NYPD chiefs and commanders, who plotted a massive [...] [...] coordinated scheme to silence, intimidate, threaten and retaliate against him for his decision to report and disclose a corruption within the NYPD [...] [...] the NYPD established an illegal quota policy for the issuance of summonses [...] arrests and instructed police officers to be on police reports in order to inflate [...]PD's[?] statistics.



*Adrian Schoolcraft*

Like many police officers in New York[...], Schoolcraft cared for [...] the city's people and [...] fight the crime that plagued its residents. But [...] he was faced with enormous pressure to harass law abiding people in order to forge [...] Moreover, when his fellow officers, all [...] and all told to follow these unlawful [...] and was met with retaliation when the honest levels of the ranks. This ultimately [...] that [...] and in a [...] [...] day effort to grab [...] raw data on the [...] [...] along NYPD officials [...] into his home, seized his [...] removed him by force, and [...] against his will, under false pretense that he was "emotionally disturbed."

┌────────────────────────────────────────┐
│ Click the play button to listen to the  │
│ "home invasion"                          │
└────────────────────────────────────────┘

▶

*The purpose of this website is to allow police officers to share similar stories or comments.*

Are you an NYPD police officer?

Have you been punished for not meeting a quota or attempting to disclose NYPD corruption?

Have you been instructed to issue summonses or make arrests for offenses you did not observe?

*Post anonymously or contact us directly.*

Name: _____    [...] and

Email: _____    [...]

[...]: _____    [...]

Comment:
┌────────────────────────────────┐
│                                │
│                                │
│                                │
└────────────────────────────────┘

Submit

| The Law Office of | 225 Broadway, Suite 2700 | COHEN & | The Woolworth Building |
|---|---|---|---|
| **JON L. NORINSBERG, Esq.** | New York, New York 10007 | **FITCH** LLP | 233 Broadway, Suite 1800 |
| | Tel: **212.791.5396** | Attorneys at Law | New York, New York 10279 |
| | Fax: 212.406.6890 | | Tel: **212.374.9115** |
| | **www.norinsberglaw.com** | | Fax: 212.406.2313 |
| | *Email:* norinsberg@aol.com | | **www.cohenfitch.com** |
| | | | *Email:* gcohen@cohenfitch.com |