10-CV-6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

                            Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                            Defendants.

**NON-PARTY QUEENS DISTRICT ATTORNEY RICHARD BROWN'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO QUASH PLAINTIFF'S SUBPOENA PURSUANT TO RULES 26 AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
  *Attorney for City Defendants and Non-Party*
  *Queens District Attorney Richard Brown*
  *100 Church Street*
  *New York, N.Y.  10007*

  *Of Counsel:  Suzanna Publicker*
  *Tel:  (212) 788-1103*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

STATEMENT OF AUTHORITY ..... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ..... 2

STANDING ..... 4

A. Defense Counsel Represents the Non-Party Target of Plaintiff's Subpoena. ..... 4

B. A Non-Party Witness Has Standing to Object to a Subpoena Directed at Him. ..... 4

ARGUMENT

A. Plaintiff Failed To Provide Proper Notice Under Fed. R. Civ. P. 45. ..... 5

B. The Subpoena's Request for Investigative Documents Is Moot. ..... 6

C. The Deposition of the Queens DA Richard Brown Is Outside The Scope Of Fed. R. Civ. P. 26 and Is Unwarranted. ..... 7

CONCLUSION ..... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Pages**

Capitol Vending Co. v. Baker,
   36 F.R.D. 45 (D.D.C. 1964) ................................................................................................ 9

Church of Scientology v. I.R.S.,
   138 F.R.D. 9 (D. Mass. 1990) ............................................................................................. 9

Cootes Drive L.L.C. v. Internet Law Library, Inc.,
   01 Civ. 0877 (RLC), 2002 U.S. Dist. LEXIS 4529 (S.D.N.Y. March 18, 2002) ................... 5, 6

Crosby v. City of New York,
   269 F.R.D. 267 09 Civ. 9693 (SAS), 09 Civ. 9694 (SAS),
   09 Civ. 9695 (SAS) (S.D.N.Y. 2010) ................................................................................ 4, 5

Estate of Ungar v. Palestinian Auth.,
   18 M 302 (CM), 451 F. Supp. 2d 607 (S.D.N.Y. 2006) ........................................................ 5

Kingsway Fin. Serv., Inc. v. Price water house-Coopers,
   LLP, No. 03 Civ. 5560, 2008 U.S. Dist. LEXIS 77018 (S.D.N.Y. Oct. 2, 2008) ..................... 4

Kirschner v. Klemons,
   99 Civ. 4828 (RCC), 2005 U.S. Dist. LEXIS 9803 (S.D.N.Y. May 18, 2005) ......................... 5

Koch v. Greenberg,
   2009 U.S. Dist. LEXIS 61913, 07 Civ. 9600 (BSJ)(DF) (S.D.N.Y. July 14, 2009) .................. 4

Marisol A. v. Giuliani,
   95 Civ. 10533 (RJW), 1998 U.S. Dist. LEXIS 3719 (S.D.N.Y. March 23, 1998) ................. 8, 9

Night Hawk Ltd. v. Briarpatch Ltd., LP,
   No. 03 Civ. 1382, 2003 U.S. Dist. LEXIS 23179 (S.D.N.Y. Dec. 23, 2003) ............................ 4

Salvatore Studios Int'l v. Mako's Inc.,
   No. 01 Civ. 4430, 2001 U.S. Dist. LEXIS 11729 (S.D.N.Y. Aug. 14, 2001) ......................... 4-5

Schweizer v. Mulvehill,
   93 F. Supp. 2d 376 (S.D.N.Y. 2000) ..................................................................................... 5

**Statutes**

42 U.S.C. § 1983 ........................................................................................................................ 2

42 U.S.C. § 1988 ........................................................................................................................ 2

Fed. R. Civ. P. 26 ........................................................................................................ 1, 3, 4, 5, 7

| **Statutes** | **Pages** |
| --- | --- |
| Fed. R. 26(b)(2)(C) | 1 |
| Fed. R. Civ. P. 26(b)(2)(C)(i-iii) | 1 |
| Fed. R. Civ. P. 26(c) | 10 |
| Fed. R. Civ. P. 45 | 1, 3, 4, 5 |
| Fed. R. Civ. P. 45(b)(1) | 1, 5, 6 |
| Fed. R. Civ. P.45(c) | 5 |
| Fed. R. Civ. P. 45(c)(1) | 2 |
| Fed. R. Civ. P. 45(c)(3)(A) | 2 |

## PRELIMINARY STATEMENT

City Defendants, joined by non-party Queens District Attorney Richard Brown (hereinafter "Queens DA"), respectfully move this Court, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, to quash plaintiff's subpoena dated March 1, 2013 seeking the deposition testimony of Queens District Attorney Richard Brown on March 18, 2013 and further seeking "[a]ll documents pertaining to the investigation of criminal behavior concerning the entry into and removal of Adrian Schoolcraft from his home on October 31, 2009, as reflected in the attached Statement by District Attorney Richard A. Brown, dated December 4, 2012". Subpoena dated March 1, 2013, annexed to Declaration of Suzanna Publicker dated March 14, 2013 ("Publicker Decl.") as Exhibit "A." For the reasons set forth herein, City Defendants and non-party Queens DA respectfully request that the above-mentioned subpoena be quashed and a protective order should be issued.

## STATEMENT OF AUTHORITY

Fed. R. Civ. P. provides in relevant part: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." The Court, on motion or on its own, must limit the extent of discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . when the party seeking discovery has had ample opportunity to obtain the information by discovery in the action . . . [or] the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(i-iii).

Fed. R. Civ. P. 45 provides in relevant part: "If the subpoena commands the production of documents . . . then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). Also, "[A] party or attorney responsible for issuing and serving a

subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena . . . The issuing Court must enforce this duty and impose as appropriate sanction . . . on a party or attorney who fails to comply." Fed. R. Civ. P. 45(c)(1). The Court, on timely motion, must quash or modify a subpoena that: "fails to allow reasonable time to comply . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . [or] subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff, a police officer with the New York City Police Department ("NYPD"), brought this action on August 10, 2010, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his Fourth and Fourteenth Amendment rights, and under New York State tort law against the City Defendants, ten (10) individually-named members of the NYPD, Jamaica Hospital, and two (2) individually named Jamaica Hospital defendants. Plaintiff filed an Amended Complaint on September 13, 2010, as of right against all parties, and a Second Amended Complaint on October 3, 2012, naming multiple new parties and adding a First Amendment Prior Restraint Claim following motion practice. Second Amended Complaint dated October 3, 2012, filed with the United States District Court, Southern District of New York ("2nd Am. Compl."), annexed to Publicker Decl. as Exhibit "B."

On the afternoon of March 1, 2013, City Defendants were directed to a newspaper article in the Village Voice that, to our surprise, indicated that plaintiff's counsel had that day served a subpoena on the Queens County District Attorney Richard Brown ("Queens DA"). Graham Rayman, *Lawyers for Whistleblower Cop Slap Queens District Attorney Richard Brown With A Subpoena*, Village Voice, Mar. 1, 2013, annexed to Publicker Decl. as Exhibit "C." Plaintiff had not provided City Defendants with prior notice of the subpoena, nor, indeed, ever contacted City Defendants about the subject of said subpoena. Regardless, that very same day,

the Queens DA's office confirmed that it had been served with a subpoena demanding the appearance of the Queens DA for a deposition beginning on Monday, March 18, 2013, as well as "[a]ll documents pertaining to the investigation of criminal behavior concerning the entry into and removal of Adrian Schoolcraft from his home on October 31, 2009, as reflected in the attached Statement by District Attorney Richard A. Brown, dated December 4, 2012." Publicker Decl., Exhibit "B."  On Monday, March 4, 2013, and in an effort to confer in good faith prior to engaging in extensive motion practice, City Defendants contacted plaintiff's counsel via fax and email, informed counsel that they had not received proper notice of the subpoena pursuant to Fed. R. Civ. P. 45,[1] and further outlined the reasons why the subpoena was defective and should be withdrawn. Correspondence dated March 4, 2013, annexed to Publicker Decl. as Exhibit "D." Nevertheless, plaintiff refused to withdraw the March 1, 2013 subpoena.

In sum, the subpoena issued by plaintiff on the Queens DA should be quashed and the information sought therein denied because: (1) plaintiff failed to comply with Fed. R. Civ. P. 45 in serving the subpoena on the Queens DA, (2) the subpoena *duces tecum* is moot because plaintiff will be receiving the documents in the course of discovery, (3) the deposition of the Queens DA is outside the scope of Fed. R. Civ. P. 26 as it seeks information that is irrelevant to plaintiff's claims in this matter, and (4) even assuming the information sought is relevant, the Queens DA himself, a high ranking official, should not be deposed because he cannot provide unique information that is not otherwise available and any deposition would interfere with his ability to perform his governmental duties.

---

[1] City Defendants eventually received the subpoena by mail on Tuesday, March 5th. The postmark indicated that it had been mailed some time on Thursday, February 28th, the day before plaintiff served his subpoena on the Queens DA.

## STANDING

**A.  Defense Counsel Represents the Non-Party Target of Plaintiff's Subpoena.**

As the undersigned informed plaintiff's counsel following the service of the subpoena, the Office of the Corporation Counsel would be moving on behalf of the Queens DA to quash the subpoena. Publicker Decl., Exhibit "D." Moreover, this office has assumed representation of the Queens DA for the purpose of any deposition.

**B.  A Non-Party Witness Has Standing to Object to a Subpoena Directed at Him.**

While a party does not generally have standing to object to a subpoena directed at a non-party witness, subpoenaed non-parties *do* have standing to challenge a subpoena directed at them. See, e.g., Crosby v. City of New York, 269 F.R.D. 267, 09 Civ. 9693 (SAS),09 Civ. 9694 (SAS),09 Civ. 9695 (SAS) (S.D.N.Y. 2010) (non-party District Attorney of New York found to have standing to challenge relevance of subpoena directed at it); Koch v. Greenberg, 2009 U.S. Dist. LEXIS 61913, 07 Civ. 9600 (BSJ)(DF) (S.D.N.Y. July 14, 2009) (non-party Christie's Auction House found to have standing to move to quash subpoenas directed at it by plaintiff). Further, it is well-established fact that a non-party who is served with a subpoena still maintains an objection to the subpoena on the grounds that the information sought is irrelevant under Fed. R. Civ. P. 26 and that the subpoena failed to comply with Fed. R. Civ. P. 45.

"Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery from parties *and non-parties alike*." Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (emphasis added) (citing Kingsway Fin. Serv., Inc. v. Price water house-Coopers, LLP, No. 03 Civ. 5560, 2008 U.S. Dist. LEXIS 77018, at *4-*6 (S.D.N.Y. Oct. 2, 2008); Night Hawk Ltd. v. Briarpatch Ltd., LP, No. 03 Civ. 1382, 2003 U.S. Dist. LEXIS 23179, at *8 (S.D.N.Y. Dec. 23, 2003); Salvatore Studios Int'l v. Mako's Inc., No. 01 Civ. 4430, 2001 U.S. Dist. LEXIS 11729, at *1 (S.D.N.Y. Aug. 14, 2001)). A non-party subpoenaed for testimony or documents

may object to a subpoena directed at them based on a challenge to relevance under Rule 26 or failure to comport with procedure under Rule 45. See Crosby, 269 F.R.D. 267 (non-party standing to object based on Rule 26); Estate of Ungar v. Palestinian Auth., 18 M 302 (CM), 451 F. Supp. 2d 607 (S.D.N.Y. 2006) (non-party standing to object based on Rule 45(e)); Kirschner v. Klemons, 99 Civ. 4828 (RCC), 2005 U.S. Dist. LEXIS 9803 (S.D.N.Y. May 18, 2005) (non-party standing to object based on Fed. R. Civ. P.45(c)).

As stated above, this Office represents the Queens DA and, as the target of plaintiff's improper subpoena, Mr. Brown may challenge the subpoena on the grounds of relevance and any procedural defect. The fact that the Office of Corporation Counsel represents both the Queens DA, for the purposes of this motion, and City Defendants generally, does not impair its ability to move to quash the subpoena.

**ARGUMENT**

**A.     Plaintiff Failed To Provide Proper Notice Under Fed. R. Civ. P. 45.**

Plaintiff failed to provide prior notice of these subpoenas as required under Fed. R. Civ. P. 45(b)(1). See, e.g., Cootes Drive L.L.C. v. Internet Law Library, Inc., 01 Civ. 0877 (RLC), 2002 U.S. Dist. LEXIS 4529, *2-*3 (S.D.N.Y. March 18, 2002) (failure to provide notice of subpoenas to counsel for all parties until day after subpoenas were served is a "manifest violation of Rule 45"); Schweizer v. Mulvehill, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) ("The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date.") (internal citations omitted). "The requirement that prior notice must be given has important underpinnings of fairness and efficiency. . . , "[t]he purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things . . . " Cootes Drive, at *4; Advisory Committee note to 1991 Amendment, subdivision(b).

- 5 -

The subpoena at issue in this case, directed to the Queens DA, was served upon said individuals by hand on March 1, 2013. Though plaintiff's counsel apparently mailed a copy of the subpoena to defense counsel on February 28, 2013, plaintiff's counsel was well aware that by mailing the document the day prior, defense counsel would not receive actual notice of the subpoena before it was served on the Queens DA.  As such, plaintiff's counsel did not provide proper prior notice of the subpoena before it was served, as he is required to do by Fed. R. Civ. P. 45(b)(1). For this reason alone, plaintiff's subpoena should be quashed.

**B.     The Subpoena's Request for Investigative Documents Is Moot.**

Plaintiff originally requested the Queens DA investigative file from City Defendants in February 2012 as part of Plaintiff's Second Set of Document Requests. At that time, the Queens DA criminal investigation was ongoing, and City Defendants objected to the production of the file on the basis of privilege in their Responses and Objections to Plaintiff's Second Set of Document Requests.[2]  The Queens DA investigation was completed in December 2012, resulting in a finding of no criminality on the part of any members of the NYPD.  After learning that the Queens DA investigation had closed, City Defendants requested the file from the Queens DA, and informed plaintiff that the non-privileged portions of the file would be produced to plaintiff in the course of regular discovery.[3,4]  For this reason alone, and because

---

[2] Defendants note that plaintiff had other remedies available to him other than burdening the Queens DA and this office with the service of a subpoena.  Plaintiff could have filed a motion with this Court (after conferring with defendants, of course) to compel production of the investigative file. Plaintiff, however, chose not to do so.

[3] City Defendants note that though plaintiff's subpoena has demanded these records be produced by March 15, 2013, City Defendants have informed plaintiff's counsel that it will take approximately a month for the Queens DA to (1) review their file for privilege, (2) create a privilege log, (3) copy the investigative file, and (4) produce the requested records to this office. This office will thereafter undertake its own review and produce any relevant non-privileged documents to plaintiff.

plaintiff will receive the requested documents in the ordinary course, there is no need for the subpoena and it should be quashed.

C.  **The Deposition of the Queens DA Richard Brown Is Outside The Scope Of Fed. R. Civ. P. 26 and Is Unwarranted.**

The deposition of DA Richard Brown would not yield information that is relevant to plaintiff's lawsuit. Plaintiff alleges that on October 31, 2009, he was taken from his home and brought to Jamaica Hospital Medical Center against his will in violation of the Fourth Amendment. Plaintiff also alleges claims pursuant to the First Amendment in connection with his allegation that he was retaliated against by the NYPD for being a "whistle blower." In connection with the aforementioned incident, plaintiff was *not* prosecuted by the Queens DA, and has no claims whatsoever against the Queens DA himself or any employees thereof. *See* 2nd Am. Compl., Publicker Decl. Exh. "B." The Queens DA investigated the allegations of plaintiff well after the alleged incident occurred solely for the purposes of determining whether there was any criminal misconduct – not whether there were any Fourth and/or First Amendment violations. Therefore, Mr. Brown's deposition will not inform whether or not there was probable cause on October 31, 2009, to take Schoolcraft to Jamaica Hospital as an Emotionally Disturbed Person in need of medical assistance or whether the NYPD retaliated against plaintiff for his alleged "whistle blowing." Upon information and belief, neither the Queens DA nor any of his employees have *any* personal knowledge of any of the circumstances underlying the facts alleged by plaintiff in the Second Amended Complaint. The deposition of the Queens DA is therefore

---

[4] Moreover, upon information and belief, because plaintiff has been given the Internal Affairs Bureau ("IAB") investigative file into the incidents on October 31, 2009, and much of that file is duplicative of the Queens DA file, plaintiff is already in possession of a great number of documents sought from the Queens DA. For example, both investigative files contain plaintiff's medical records, and many witnesses were interviewed jointly by the Queens DA and the IAB and plaintiff has been provided recordings of those interviews.

- 7 -

irrelevant to plaintiff's claims in this matter, and as a high ranking government official, his deposition is further prohibited by existing case law.

Depositions of high-level government officials are only allowed if: "1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source, and 2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties." *Marisol A. v. Giuliani*, 95 Civ. 10533 (RJW), 1998 U.S. Dist. LEXIS 3719, at *6-*7 (S.D.N.Y. March 23, 1998). When applying the first prong, courts only permit the deposition of a high ranking government official if he has unique personal knowledge that cannot be obtained elsewhere. *Marisol A.*, at *8. As plaintiff was informed on March 5, 2013, upon information and belief, Queens District Attorney Richard Brown has **<u>no such unique knowledge</u>** since he was neither present during the events alleged in plaintiff's complaint, he was not present for the interviews conducted as part of the investigatory process, nor was he personally involved in the investigation of plaintiff's claims by the Queens DA's office. Therefore any deposition of the Queens DA would be wholly irrelevant and intended only to harass.[5]

Moreover, turning to the second prong outlined by *Marisol A.*, if the Queens DA were ordered to sit for a deposition in this case, it would significantly interfere with his ability to perform his governmental duties in both the long and short term. As the Court in *Marisol A.* explained, "[i]f the head of a government agency were subject to having his deposition taken concerning any litigation affecting his agency . . ., we would find that the heads of government departments and members of the President's Cabinet would be spending their time giving depositions and would have no opportunity to perform their functions." *Marisol A.*, at *10 (citing

---

[5] City Defendants attach as Exhibit "C" to the Publicker Declaration public statements by plaintiff's counsel regarding their displeasure with the conclusions reached by the Queens DA.

*Capitol Vending Co. v. Baker*, 36 F.R.D. 45, 46 (D.D.C. 1964); *Church of Scientology v. I.R.S.*, 138 F.R.D. 9, 12 (D. Mass. 1990)). In order to comply with the subpoena in this case, the Queens DA would be required to neglect his myriad duties as a high ranking public official in order to prepare for, and sit through an unnecessary deposition. In a case such as this, where neither the Queens DA nor members of his office have been named as a party to the action, and where Mr. Brown has no independent relevant knowledge, it would surely be burden to require him to forego his governmental duties in order to prepare and sit for a deposition for which plaintiff's have not even established a good faith basis for conducting.

Therefore, plaintiff's subpoena should be quashed and the information sought therein denied.

## CONCLUSION

For the foregoing reasons, non-party Queens DA respectfully requests that the Court issue an Order quashing plaintiff's subpoena, issue a Protective Order under Fed. R. Civ. P. 26(c), precluding the deposition of the Queens District Attorney Richard Brown on the grounds that the Queens DA has no relevant information and plaintiff has not demonstrated that he has unique information that cannot be obtained from another source, and for further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 14, 2013

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                    City of New York
                                    *Attorney for Non-Party Queens DA*
                                    100 Church Street, Room 3-200
                                    New York, New York 10007
                                    (212) 788-1103

                              By:   _____
                                    SUZANNA PUBLICKER
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

cc:   Nathaniel Smith (By ECF & First-Class Mail)
      Richard Gilbert (By ECF)
      Peter J. Gleason (By ECF)
      *Attorneys for Plaintiff*

      Gregory John Radomisli (By ECF & First-Class Mail)
      MARTIN CLEARWATER & BELL LLP
      *Attorneys for Jamaica Hospital Medical Center*

      Brian Lee (By ECF & First-Class Mail)
      IVONE, DEVINE & JENSEN, LLP
      *Attorneys for Dr. Isak Isakov*

      Bruce M. Brady (By ECF & First-Class Mail)
      CALLAN, KOSTER, BRADY & BRENNAN, LLP
      *Attorneys for Lillian Aldana-Bernier*

      Walter Aoysius Kretz, Jr. (By ECF & First-Class Mail)
      SEIFF KRETZ & ABERCROMBIE
      *Attorney for Defendant Mauriello*