# EXHIBIT A

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,
           PLAINTIFF

-VS-

THE CITY OF NEW YORK, et al.,

           DEFENDANTS.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 10-cv-6005 (RWS)
Southern District of New York

TO: District Attorney Richard A. Brown
Queens District Attorney
125-01 Queens Blvd.
Kew Gardens, NY 11451
718-286-6000

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear in the place, date, and time specified below to testify at the taking of a video deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law Office of Nathaniel B. Smith 111 Broadway, Ste. 1305, New York, NY 10006 | March 18, 2013 at 10:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

All documents pertaining to the investigation of criminal behavior concerning the entry into and removal of Adrian Schoolcraft from his home on October 31, 2009, as reflected in the attached Statement by District Attorney Richard. A Brown, dated December 4, 2012.

| PLACE | DATE AND TIME |
|---|---|
| Law Office of Nathaniel B. Smith 111 Broadway, Ste. 1305, New York, NY 10006 | March 15, 2013 at 10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises the date and time specified below:

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]      Attorney for Plaintiff | February 28, 2013 |

224584 v1

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Nathaniel B. Smith, Esq., 111 Broadway, Suite 1305, New York, NY 10007          (212) 227-7062

See Rule 45, Federal Rules of Civil Procedure, Parts C & D on reverse

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the placed of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objections has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

224584 v1



**RICHARD A. BROWN**
DISTRICT ATTORNEY

December 4, 2012

## STATEMENT BY DISTRICT ATTORNEY RICHARD A. BROWN

During these past many months, this office has conducted a comprehensive investigation into allegations of criminal behavior concerning the entry into and removal of Police Officer Adrian Schoolcraft from his home on October 31, 2009, and his subsequent admission as a psychiatric patient by Jamaica Hospital officials.

During the course of our investigation, which was conducted by members of my staff, including prosecutors and detective investigators, and with the assistance of the Internal Affairs Bureau of the New York City Police Department, we have interviewed numerous witnesses and obtained and analyzed various medical documents and records. We have also reviewed the audio tape recording made by Schoolcraft of the police entry into his house on Oct. 31, 2009. After thoroughly reviewing all of the available evidence and considering all applicable provisions of law we have concluded that there is no credible evidence to support the filing of criminal charges in this matter.

The initial allegations focused on possible wrongdoing by police and medical personnel, and the filing of criminal charges of unlawful imprisonment, kidnaping and conspiracy with respect to their entry into Schoolcraft's residence and his removal therefrom, and his subsequent admission as a psychiatric patient to Jamaica Hospital. Our investigation has found no credible evidence to sustain the filing of criminal charges against any police officer or medical provider involved in the incident.

Prior to the incident Schoolcraft had been placed on restricted duty for medical reasons and his shield and guns had been removed. On Oct. 31, 2009, he left his post at his precinct without express permission (although this fact is disputed by Schoolcraft), advising a sergeant that he was leaving sick and he thereafter failed to respond to inquiries at his home. Given his medical status and his statement to his supervisor, police responded to his residence. When their numerous calls went unheeded and he failed to respond to numerous attempts by them at his door to determine his condition, the police entered the premises with a key obtained from Schoolcraft's landlord.

In the case of an emergency or exigent circumstances, the police may enter a private residence without a warrant.[1] The Courts have recognized the general obligation of police officers to assist persons whom they reasonably believe to be in distress.[2] Furthermore, both State and Federal courts have sanctioned "the right of the police to enter and investigate in an emergency without the accompanying intent to either search or arrest" as "inherent in the very nature of their duties as peace officers."[3]

Once emergency medical personnel at Schoolcraft's residence determined that Schoolcraft was in need of medical assistance, he was asked to accompany emergency medical personnel to the hospital. After initially agreeing to go to the hospital, and walking to an ambulance, Schoolcraft returned to his apartment and refused medical treatment. While back in his apartment, police restrained him and Schoolcraft was transported by emergency medical personnel to Jamaica Hospital. The decision to transport Schoolcraft to Jamaica Hospital was made by emergency medical personnel, without input from the New York City Police Department. In addition, it should be pointed out that the responding ambulance and the hospital Schoolcraft was taken to were assigned by the EMS system.

In a criminal case, the burden is upon the prosecution to prove all the elements of a criminal charge against a defendant beyond a reasonable doubt. The filing of a criminal charge of unlawful imprisonment requires proof of unlawful restraint, an essential element in such a prosecution. In this case, there is no credible evidence to support such a charge. We are unable to meet the law's requirements. Because the officers were acting pursuant to the New York Mental Hygiene Law, and under a reasonable belief in Schoolcraft's need for emergency medical care, they did not "unlawfully restrain" him as required by Article 135 of the Penal Law of the State of New York. Moreover, there is no credible evidence to support the allegation that the police and medical staff conspired to unlawfully detain or kidnap Schoolcraft. Medical personnel at Jamaica Hospital made their own independent assessment based upon all the facts and circumstances determining that Schoolcraft's hospital admission was medically required.

While the conduct of police and medical personnel may give rise to questions as to the decision-making process to restrain Schoolcraft, and the medical decision to admit him as a psychiatric patient, the credible evidence does not support the allegation made that the actions taken by police or medical personnel were done with criminal intent.

ENDNOTES:
1. See, People v. Mitchell, 39 N.Y. 2d 173; Brigham City v Stuart, 547 U.S. 398.

2. See, People v Gallmon, 19 NY2d 389, 394.

3. See, e.g., United States v Barone, 330 F2d 543, 545, cert den 377 U.S. 1004; See, also, Root v Gauper, 438 F2d 361, 364; People v. Mitchell, 39 NY2d 173.