# EXHIBIT D

# EXHIBIT D



| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **SUZANNA PUBLICKER**<br>*Assistant Corporation Counsel*<br>E-mail: spublick@law.nyc.gov<br>Phone: (212) 788-1103<br>Fax: (212) 788-9776 |

March 4, 2013

**BY FAX (212-633-1977) AND EMAIL**
Richard A. Gilbert, Esq.
rgilbert@levineandgilbert.com
115 Christopher Street, 2nd Floor
New York, New York 10014

    Re: Schoolcraft v. The City of New York, et al.
       10 CV 6005 (RWS)

Dear Counsel:

  On Friday, March 1, 2013, City Defendants learned of statements made by plaintiff's counsel to the Village Voice, indicating that plaintiff had served a subpoena on the Queens District Attorney's Office ("Queens DA") regarding plaintiff's lawsuit. City Defendants confirmed this fact with our client, the Queens DA, and were surprised given the fact that City Defendants had not (and still have not) received notice of any such subpoena pursuant to Fed. R. Civ. P. 45, compliance with which is compulsory in this district. Cootes Drive L.L.C. v. Internet Law Library, Inc., 01 Civ. 0877 (RLC), 2002 U.S. Dist. LEXIS 4529, *2-*3 (S.D.N.Y. March 18, 2002) (failure to provide notice of subpoenas to counsel for all parties until day after subpoenas were served is a "manifest violation of Rule 45"); Schweizer v. Mulvehill, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) ("The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date.") (internal citations omitted). Regardless of the fact that plaintiff has improperly directly contacted the Queens DA, which is represented by this office, service of the subpoena violates the rules of discovery, and moreover, plaintiff's have no good faith basis to seek the deposition of District Attorney Richard Brown at this juncture.

  As I'm sure you are aware by now, based upon your review the case file, the Queens DA documents sought by the subpoena were previously requested by plaintiff's former counsel Jon Norinsberg, Esq., as part of plaintiff's initial discovery demands. Thus, plaintiff's attempts to circumvent the discovery process by directly subpoenaing the subject documents is highly inappropriate. Had plaintiff taken issue with either City Defendants' objections to the discovery request and/or the timing of the production of the subject documents, the proper recourse was to seek relief from the court. In any event, this office has conferred with the Queens DA and been informed that it is endeavoring to review for privilege, copy, and produce

the requested records to this office within the next month. This office will thereafter produce any relevant non-privileged documents. Accordingly, the subpoena *duces tecum* is moot.

In addition to the above, plaintiff's demand for a deposition of District Attorney Richard Brown is equally inappropriate.[1] As you are no doubt aware, depositions of high-level government officials are only allowed if: "1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source, and 2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties." *Marisol A. v. Giuliani*, 95 Civ. 10533 (RJW), 1998 U.S. Dist. LEXIS 3719, at *6-*7 (S.D.N.Y. March 23, 1998). When applying the first prong, courts only permit the deposition of a high ranking government official if he has unique personal knowledge that cannot be obtained elsewhere. *Marisol.* at *8. Upon information and belief, Richard Brown has no such unique knowledge since he was neither present during the events alleged in the complaint nor was he personally involved in the investigation of plaintiff's claims by the Queens DA. Therefore any deposition of Richard Brown would be wholly irrelevant and intended only to harass, given your recent public statements regarding your displeasure with the conclusions reached by the Queens DA. Furthermore, any such non-party deposition would be extremely premature since plaintiff's own deposition has not yet been completed, and not a single defendant has been deposed, though dozens of depositions have already been noticed.

Therefore, please withdraw your subpoena by the close of business on Wednesday, March 6, 2013, or else defendants will move on behalf of non-party District Attorney Richard Brown to quash the subpoena and for Rule 11 sanctions attendant to the making of such a motion.

Sincerely yours,

Suzanna Publicker
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:  Peter Joseph Gleason    (By Electronic Mail pjgleason@aol.com)
     Nathaniel B. Smith    (By Electronic Mail natsmith@att.net)
     *Attorneys for Plaintiff*

---

[1] City Defendants note that plaintiff's counsel and the Court was advised at the last conference held on January 28, 2013, that the undersigned is scheduled to be on trial in *Floyd v. City of New York*, 08 CV 1034 *beginning March 18th*, and thus would be unavailable for any depositions. Therefore, plaintiff's attempted scheduling of Mr. Brown's deposition on March 18th is highly questionable.

2

Gregory John Radomisli (By Fax 212-949-7054)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By Fax 516-352-4952)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By Fax 212-248-6815)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter Aoysius Kretz , Jr.   (By Fax 212-371-6883)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022