UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                         Plaintiff,              10-cv-6005 (RWS)

        -against-

THE CITY OF NEW YORK, et al,

                         Defendants.
--------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO
## MOTION TO QUASH AND COMPEL

LAW OFFICE OF
NATHANIEL B. SMITH
111 Broadway – Suite 1305
New York, New York 10006
(212) 227-7062 (tel)
(212)-346-4665 (fax)
natsmith@att.net
*Attorney for Plaintiffs*

Dated: March 27, 2013

TABLE OF CONTENTS

Preliminary Statement……………………………………………....  1

The Motion to Quash Should Be Denied………….………………… 1

   A.  The City Defendants Should Not Be Reviewing and Producing
      Documents From the Office That Was Charged With Investigating
      Them……………………………………………………………..  4

   B.  DA Brown Should Be Required To Answer Questions About His
      Statement……………………………………………………..  5

The Motion to Compel Should Be Denied…………………………  7

   A.  Schoolcraft Has No Objection To Certain of the Requests………..  7

   B.  Schoolcraft Objects To Certain Of The Requests…………………  8

    "Financial Expenses" Incurred by Schoolcraft…………………………  8

    Media Communications…………………….....................................  9

    Requests for Admissions...…………….………………….........  11

Conclusion……………….……………………………….…………..  11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,

                                                                    10–cv-6005 (RWS)

                                    Plaintiff,

            -against-                                      *MEMORANDUM OF LAW
                                                           IN OPPOSITION TO MOTION
                                                           TO QUASH AND COMPEL*

THE CITY OF NEW YORK, et al,

                                    Defendants.
----------------------------------------------------------------x

*Preliminary Statement*

Plaintiff submits this memorandum of law in opposition to the City

Defendants' motion to quash a Subpoena issued to Queens District Attorney Richard A.

Brown and in partial opposition to the motion to compel the production of discovery.

I.      *The Motion to Quash Should Be Denied*

After NYPD personnel unlawfully assaulted, arrested and kidnapped Adrian

Schoolcraft from his home on October 31, 2009, he complained to various law

enforcement agencies about this criminal conduct.  In late 2009 or early 2010,

Schoolcraft reported these criminal acts to the Queens District Attorney's Office.

(Schoolcraft Declaration ¶ 4.)  Yet over the course of the next three years, the Queens

District Attorney's Office did nothing in connection with Schoolcraft's report of

criminal conduct by senior NYPD officials, other than meet him once at his attorney's

office in the summer of 2011.  (*Id.* at ¶ 5.)

Then, a year later, on December 4, 2012, District Attorney Brown issued a press release exonerating the individuals involved, including all the NYPD personnel and all the Jamaica Hospital medical staff who cooperated in the NYPD's unjustified detainment of Schoolcraft at the Jamaica Hospital psychiatric ward for six days.  A copy of DA Brown's press release is attached to the Subpoena, which is Exhibit A to the City Defendants' Motion.

The circumstances, timing and substance of the press release on DA Brown's "investigation" relate to important issues in this case, which alleged serious acts of criminal wrongdoing by senior NYPD personnel.  First, Mr. Brown says that his "comprehensive" investigation revealed no evidence of misconduct that lies at the heart of the allegations in this action.  Accordingly, the investigation file is relevant to the claims in this case.

Second, the timing of the statement raises serious questions about whether the Queens District Attorney issued this "statement" in cooperation with the interests of the defendants in this action.  The criminal acts in this case occurred primarily on October 31, 2009, and DA Brown's statement was issued 38 months later, on December 4, 2012.  Three years to find no wrong-doing is a long time.  Moreover, the statement was issued without providing Schoolcraft -- who was the complaining witness and the crime victim -- with notice of the investigation's results or with notice that the investigation results were about to be made public.  (Schoolcraft Dec. ¶ 7.)  Furthermore, the Queens

District Attorney's office provided a "draft" of the statement to the press before the "statement" was made public, and as a consequence, the "results" of Mr. Brown's investigation were eagerly posted on the internet and made available to all, including the potential jury pool.[1]  Finally, the statement was issued just three weeks after it was reported in the press that Schoolcraft had severed his relationship with his lead attorney in this action, Jon Norinsberg, and was in the process of seeking new counsel.[2]

Under these circumstances, the deposition of DA Brown is appropriate so that Schoolcraft can explore the circumstances surrounding the creation and dissemination of the statement.  At the very least, DA Brown should be required to answer questions about:

- the grounds for the conclusions in his statement;

- why the statement was issued and made available to the press;

- why the statement was issued three years after the events;

- the circumstances that motivated the release of the statement; and

- whether DA Brown he had any discussions with anyone from the NYPD or Jamaica Hospital about preparing, drafting or releasing the statement.

In supporting the motion to quash the Subpoena, the City Defendants make two arguments.  First, the City Defendants argue that the request for the file is "moot"

---

[1] Attached hereto as Exhibit A is a copy of an article about the draft statement by Leonard Levitt, dated December 3, 2012, which appears on the internet under the name of a publication called *NYPD Confidential.*

[2] Attached hereto as Exhibit B is a copy of an article by Leonard Levitt, dated November 12, 2012, from *NYPD Confidential,* which reports on the termination of Schoolcraft's counsel.

because the lawyers representing the City Defendants are in the process of reviewing

the Queens District Attorney's file and will produce the documents at some unspecified

time in the future.   Second, the City Defendants argue that the deposition of DA Brown

ought not to be required because he is (i) a high-ranking elected official; (ii) who lacks

any personal knowledge about his statement; and (iii) any relevant information is

available from some other (unidentified) source.  (City Defendants' Mem. at 7-9.)  Both

of these arguments should be rejected.

### A.   *The City Defendants Should Not Be Reviewing and Producing Documents From the Office That Was Charged With Investigating Them.*

The City Defendants claim that the Law Department is representing the Queens

District Attorney and that, as such, they have undertaken to produce documents "in the

ordinary course" responsive to the Subpoena.  (Mem. at p. 5: "this office represents the

Queens DA.")  There are two issues that arise from this position.

First, the Subpoena was returnable on March 18, 2013, and no documents were

produced then or at any time since then.  Thus, the City Defendants -- who are

interested parties in this action -- have interjected themselves into the matter, withheld

(and interfered with) compliance with the Subpoena, and have failed to produce any

responsive documents.

Second, the files pertain to an investigation by the Queens District Attorney into

criminal wrongdoing by the Law Department's clients.  Thus, the Law Department has

placed itself into an irreconcilable conflict situation because it is now required to review

and to turn over documents in the hands of one of its clients (the Queens District Attorney) that are or may be incriminating to another of its clients (the NYPD defendants).  Under these circumstances, the Law Department should not be reviewing *any* documents, and the Queens District Attorney should be ordered to produce its file directly to the plaintiff.

### B.  DA Brown Should Be Required To Answer Questions About His Statement.

As noted above, there are several important questions pertaining to the issuance of DA Brown's statement to the press that need to be addressed, including whether DA Brown had any communications with any of the Defendants before issuing his statement and the basis for the conclusions he reached in his statement.  The Law Department objects to the deposition of DA Brown on the ground that he is a high-ranking official without any knowledge.  The Court should reject this argument and direct that DA Brown appear for a three hour examination to be scheduled promptly after the production of his file at a time that will be convenient to DA Brown and is least likely to interfere with his duties as a public officer.

The City Defendants rely on *Marisol A. v. Giuliani*, 1998 U.S. Lexis 3719 (S.D.N.Y. 1998) to support their argument that no deposition should go forward.  That decision, however, is not controlling because there the high ranking officer (Mayor Giuliani) lacked any particular knowledge about the relevant issues.  *Id.*  at *6-7.  Here, on the other hand, DA Brown is the only person who can explain his reasons for issuing

his public statement, the grounds upon which he made his statement and whether he discussed his statement with any of the defendants in this action or with anyone associated with the NYPD.   Under these kinds of circumstances, where a high-ranking official has made direct statements about subject matters that are relevant to a pending civil action, a deposition limited to three hours has been directed.  *United States v. The Vulcan Society, Inc.,* 2009 U.S. Dist. Lexis 68167 at *8-11 (E.D.N.Y. Aug. 5, 2009) (three hour deposition of Mayor Bloomberg ordered to go forward based on the Mayor's sworn statement to Congress).

Although the City Defendants claim in their memorandum of law that DA Brown has no personal knowledge of the facts set forth in his statement, the Court should reject that claim.  Neither DA Brown nor anyone else from his office has submitted an affidavit attesting to his lack of involvement in the statement. Accordingly, the Court should reject the claim of lack of knowledge because there is no evidence to support it.  *See Pisani v. Westchester County Health Care Corp.,* 2007 U.S. Dist. Lexis 3202 at * 7 (S.D.N.Y. Jan. 16, 2007) (in directing the deposition of an elected official, the court noted that the official failed to submit an affidavit attesting to his lack of knowledge and rejected the unsworn and inadmissible claims by his counsel).

It is also important to note that the Law Department has not produced documents responsive to the Subpoena, document that would show DA Brown's personal

knowledge.  Yet at the same time, the Law Department argues that DA Brown lacks any personnel knowledge.  Since the Law Department has improperly interfered with the production of DA Brown's file, this is another reason for why the Court should reject the claim that his deposition is unnecessary.  Indeed, the City Defendants have improperly withheld those documents, and the Court should therefore drawn the inference that the file, which is clearly in their control, contains information adverse to the position it is now taking (*i.e.*, that DA Brown has personal knowledge).

## II.       *The Motion to Compel Should Be Denied*

In the City Defendants' letter dated March 1, 2013, they seek an order directing Schoolcraft to produce various documents.  As set forth below, the motion should be denied for several reasons.  First, Schoolcraft maintains no objection to the production of some of the documents.  *See* Point II (A) below.  Second, Schoolcraft does object to certain of the requests and those objections should be sustained.  *See* Point II (B) below.

### A.   *Schoolcraft Has No Objection To Certain of the Requests.*

The City Defendants request the production of the following documents over which Schoolcraft does not maintain an objection:

- Documents, if any, relating to Frank Pallestro;

- Documents relating to the web site run by his prior counsel;[3]

---

[3] To the extent that the documents are not in the possession or control of the plaintiff, those documents, which are in the possession of plaintiff's former counsel, cannot be produced.  After reviewing the City Defendants' March 1, 2013 letter, the undersigned counsel contacted the plaintiff's former counsel and requested that responsive documents be produced.  We understand that the attorney responsible for the web site is on vacation

- Affidavits submitted by Schoolcraft in related actions;

- The tape recordings made by Schoolcraft that are relevant to this action, to the extent that those recordings have not been produced;[4]

- The computer hard drive used by Schoolcraft to copy the recordings;[5]

- Any of the clothing he was wearing on the night of October 31, 2009; and

- A letter he sent to Senator Farley that he mentioned in his deposition.

B.  *Schoolcraft Objects to Certain of the Requests.*

On the other hand, there are certain requests over which Schoolcraft does maintain an objection.  For the reasons set forth below, the Court should sustain these objections.

1.  *"Financial Expenses" Incurred by Schoolcraft.*

The City Defendants seek the production of "financial expenses" incurred by Schoolcraft.  In the context of this case, however, that is a vague request because it is not clear what documents the City Defendants are seeking.  To some extent, the City

---

this week and will continue in our efforts to obtain the requested information.
[4] We believe that all such recordings have already been produced and the City Defendants do not provide any information about what recordings they believe are being withheld.
[5] At the plaintiff's deposition in the related action *Floyd v. The City of New York*, 08-cv-1034 (SAS), the Law Department, by Susanne Publicker, examined the plaintiff about the hard drive and he explained that he no longer has possession of the hard drive and that after being twice evicted from his home he does not know where it is. Schoolcraft Tr. 32:8.

Defendants have explained this request for "financial expenses" by stating that they are seeking a Jamaica Hospital invoice; proof of purchase of the recording devises used by Schoolcraft; and mitigation documents.  To that extent, we do not maintain any objection and note that Schoolcraft has already produced the receipts; does not have a copy of the invoice; and is undertaking to produce mitigation documents.

On the other hand, to the extent that the City Defendants seek the production of documents pertaining to any legal fees Schoolcraft has incurred in the prosecution of this case, we do objection on the ground that the information is not relevant to any of the substantive claims in the Second Amended Complaint and that the issue of legal fees will only become relevant on a fee application at the end of the action.  In addition, the request for documents relating to legal fees is an unwarranted invasion into Schoolcraft's relationship with his counsel and implicates work-product and attorney-client issues.

2.  *Media Communications.*

The City Defendants request the production of documents relating to Schoolcraft's media communications, including emails, text messages and letters with any member of the media, and copies of all articles created by the media regarding him. We object to this request on the ground that the media articles are more easily obtained by the City Defendants and as such "can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. Pro. 26(b)(2)(C)(i).

Since Schoolcraft is an individual and the City Defendants have available the vast

resources of the City of New York, the request that he search for and produce for the

City Defendants copies of publicly-available articles is unreasonable and unduly

burdensome.

   To the extent that the City Defendants seek the production of emails, texts

messages and letters to or from Schoolcraft, we object to the request on the ground that

this constitutes an ongoing invasion into the exercise of his First Amendment rights.  As

the Court has already noted, one of the claims in this case is that the City Defendants

took illegal actions against Schoolcraft for the very purpose of chilling his First

Amendment rights.  *Schoolcraft v. City of New York,* 2012 U.S. Dist. Lexis 128557 at *

11-13 (S.D.N.Y. Sept. 10, 2012).  There cannot be any doubt that contacts that

Schoolcraft has had or may have in the future with the media about this case implicate

core concerns about his right, as a private citizen, to the free expression of his ideas.

Yet by requiring Schoolcraft to turn over all his communications with the media and to

continue to do so for the duration of the case surely will operate to chill the very

impulse to speak out that is protected by the First Amendment.  Absent some concrete

and specific request for information, the City Defendant's request should be denied

because it is not limited or tailored in any manner to seek any particularly relevant

communication but instead seeks the overly broad production of "any and all"

communications.  Having a due regard for the First Amendment concerns generally and

the specific concerns that Schoolcraft has already raised in this case, the Court should reject the City Defendants' request for media communication documents, which amounts to an invasive and ongoing monitoring of Schoolcraft's right to speak about his case.

### 3. Requests for Admissions.

The City Defendants have served Requests to Admit and have requested that the Court direct that Schoolcraft respond to those Requests. This part of the motion is moot because Schoolcraft hereby undertakes to respond to these Requests.

### Conclusion

For these reasons, the motion to quash and to compel should be denied.

Dated:  March 27, 2013

*s/NBS*

_____

Nathaniel B. Smith
Attorney for Plaintiff
111 Broadway – Suite 1305
New York, NY 10006
natbsmith@gmail.com
