UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ADRIAN SCHOOLCRAFT,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, et al,

                                  Defendants.
----------------------------------------------------------------x

10–cv-6005 (RWS)

*SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO QUASH AND COMPEL*

*Preliminary Statement*

Plaintiff submits this supplemental memorandum of law in opposition to the City Defendants' motion to quash a Subpoena issued to Queens District Attorney Richard A. Brown. The reason for this supplemental memorandum is that due to an oversight the initial memorandum filed yesterday omitted a response to the argument that the Subpoena was procedurally defective.

        *I.     The Motion to Quash Should Be Denied*

In their motion to quash the Subpoena, the City Defendants argue that the Subpoena was procedurally defective because it was served before the City Defendants received notice of the Subpoena. The City Defendants are wrong as a matter of fact and as a matter of law.

First, the City Defendants acknowledge that notice of the Subpoena was served by mail on them on February 28, 2013. (City Defendants' Mem. at p.3, n.1.) They

also acknowledge that the Subpoena was served on DA Brown the following day, March 1, 2013. (*Id* at pp. 2-3.) The City Defendants cannot complain about the fact that the notice of the Subpoena was served on them by mail because the City Defendants have refused to agree to accept service by electronic or telecopier. (*See, e.g.,* Exhibit C hereto: email from City Defendants rejected service by email). Thus, the City Defendants are wrong as a matter of fact because notice was served before the Subpoena was served on DA Brown's office.

Second, the City Defendants are wrong as a matter of law that the Subpoena's service was procedurally defective. Rule 45(b)(1) of the Federal Rules of Civil Procedure provides: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." As noted above, that notice was served before service of the Subpoena.

Moreover, the purpose of the notice provision is to provide the parties in the action with an opportunity to raise any objections to the document requests before the documents are to be produced, a proposition of law the City Defendants acknowledged in their motion. Mem. at p. 5 (citing *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376 (S.D.N.Y. 2000)). Since the notice was served before the Subpoena was served and since it was made returnable with sufficient time for the City Defendants to object, the notice argument by the City Defendants -- who have

taken the District Attorney's file and are "reviewing" it -- is meritless.

## *Conclusion*

For these reasons and the reasons set forth in the memorandum of law file on March 27, 2013, the motion to quash and to compel should be denied.

Dated:  March 28, 2013

                                                     *s/NBS*
                                      _____
                                      Nathaniel B. Smith
                                      Attorney for Plaintiff
                                      111 Broadway – Suite 1305
                                      New York, NY 10006
                                      natbsmith@gmail.com