

The New York Times Company

David McCraw
Vice President and
Assistant General Counsel

620 Eighth Avenue
New York, NY 10018
tel 212.556-4031
fax 212.556-4634

March 21, 2012

**VIA FEDERAL EXPRESS**

Hon. Robert W. Sweet
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:    Schoolcraft v. The City of New York, et al (10-cv-6005)

Dear Judge Sweet:

On behalf of The New York Times Company ("The Times"), I write to respectfully request that the Court (a) permit The Times to intervene in the above-referenced action for the limited purpose of seeking a modification of the parties' Stipulated Protective Order, filed March 12, 2012 ("Protective Order"), (b) modify the Protective Order to require a showing of "good cause" for sealing, and (c) remove the confidentiality designations from already-produced discovery materials, except to the extent the materials disclose personal medical information or identify crime victims or confidential witnesses and thereby satisfy the "good cause" standard. If the Court prefers, we are prepared to move by formal motion.

The broad sealing of discovery items in this case is contrary to Second Circuit law. Before discovery documents can be sealed, a party must make a specific showing of "good cause," which has not been demonstrated by the parties here – nor is that standard incorporated into the Protective Order. Sealing is especially inappropriate when a lawsuit is the subject of immense and legitimate public interest and deals with the practices and policies of a critical public agency. The materials at issue here deal directly with a current controversy about possible police corruption and the accountability of the police, topics of central concern to the citizens of New York.

1

52931

**The Right To Intervene.** News organizations are routinely permitted to intervene and be heard on issues involving public access to proceedings and documents, including challenges to discovery protective orders. Courts in the Second Circuit have granted such intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure, either as a matter of right or permissively. See, e.g., Securities and Exchange Comm'n v. TheStreet.Com, 273 F.3d 222, 227 (2d Cir. 2001); Schiller v. City of New York ("Schiller I"), 04 Civ. 7922 (KMK) (JCF), 2006 U.S. Dist. Lexis 70479, at * 5-*6 (S.D.N.Y. Sept. 27, 2006); Kelly v. City of New York, No. 01 Civ. 8906 (AGS)(DF), 2003 U.S. Dist. Lexis 2553, at *6-7 (S.D.N.Y. Feb. 26, 2003); In re NASDAQ Market-Makers Antitrust Litig., 164 F.R.D. 346, 350 (S.D.N.Y. 1996); Havens v. Metropolitan Life Ins. Co., No. 94 Civ. 1402 (CSH), 1995 U.S. Dist. Lexis 5183, at *6-*22 (S.D.N.Y. April 20, 1995); Savitt v. Vacco, No. 95 Civ. 1842, 1996 U.S. Dist. Lexis 16875, at * 7 (N.D.N.Y. Nov. 8, 1996) ("The Second Circuit Court of Appeals and its district courts have consistently held that news agencies have standing to challenge protective orders in cases of public interest"). The Times's intervention will assure that the public's interest in access is appropriately represented. See Schiller I, 2006 U.S. Dist. Lexis 70479, at *7-*8; Savitt, 1996 U.S. Dist. Lexis 16875, at * 7; Nasdaq, 164 F.R.D. at 351.

**Improper Confidentiality Designation.** Concededly, there is neither a common law nor First Amendment presumption of access to unfiled discovery, as there is with judicial documents filed with a court. See generally Lugosch v. Pyramid Company of Onondaga, 435 F.3d 110 (2d Cir. 2006) (First Amendment and common law right to judicial documents); United States v. Amodeo, 44 F.3d 141 (2d Cir. 1995) (common law right to judicial documents). That does not mean, however, that discovery is subject to sealing at the discretion of the parties or the court. Instead, a party must show that it has met the "good faith" standards set forth in Fed. R. Civ. P. 26(c) before sealing is permissible.

The Second Circuit has made clear that discovery is open to the public unless good cause is shown under Rule 26(c): "'[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection'." Gambale v. Deutsche Bank, 377 F.3d 133, 142 (2d Cir.2004) (quoting In re "Agent Orange" Products Liab. Litig., 821 F.2d 139, 145-46 (2d Cir. 1987)); see also San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public"); Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 853, 858 (7th Cir. 1994) (absent a protective order, "parties to a law suit may disseminate materials obtained during discovery as they see fit"); Mitchell v. Fishbein, 227 F.R.D. 239, 254 (S.D.N.Y.2005) (movant must demonstrate good cause for order barring public dissemination of discovery materials); Condit v. Dunne, 225 F.R.D. 113, 115 (S.D.N.Y. 2004) (same).

To show good cause under Rule 26(c), parties are required to make a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Havens, 1995 U.S. Dist. Lexis 5183, at *29 (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108,

1121 (3d Cir. 1986));[1] see also Carlson v. Geneva City Sch. Dist., 277 F.R.D. 90, 94 (W.D.N.Y. 2011) (requiring "defined, specific, and serious injury" in case with public agency as a defendant (citation omitted)); Schiller v. City of New York ("Schiller II"), 04 Civ 7922 (KMK) (JCF), 04 Civ. 7921 (KMK) (JCF), 2007 U.S. Dist. Lexis 4285, at *17-18 (S.D.N.Y. Jan. 19, 2007) ("'the harm must be significant, not a mere trifle'" in case involving public defendants (citation omitted)); Allen v. City of New York, 420 F.Supp.2d 295, 302 (S.D.N.Y. 2006) (to establish good cause, a party must demonstrate that "a 'clearly defined and serious injury' . . . would result from disclosure of the document." (citations omitted)); In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (ordinarily good cause, exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury").[2]

Because this litigation necessarily implicates the performance of governmental agencies and actors, the case for openness is even stronger. See Flaherty v. Seroussi, 209 F.R.D. 295, 299-300 (N.D.N.Y. 2001) (declining to seal discovery because there is "a strong, legitimate public interest on the part of the citizenry to have unfettered access to court proceedings, particularly when they involve elected officials and the performance of their governmental responsibilities"); Hawley v. Hall, 131 F.R.D. 578, 585 (D. Nev. 1990) (opening discovery because "the public interest in the conduct of public officials, elected and appointed, outweighs" the interests cited by the defendants); see generally Schiller II, 2007 U.S. Dist. Lexis 4285 (unsealing various police documents in a case challenging the practices of the New York City Police Department ("NYPD")).

Here, a review of the public filings in this litigation strongly supports the notion that the public has a legitimate interest in understanding fully both the positions of the plaintiff and the defendants. The Complaint, which has been the subject of extensive coverage, raises serious concerns about the conduct of the NYPD – whether it has had an illegal quota policy for the issuance of summonses and arrests; given instructions for police officers to suborn perjury on police reports; and attempted to prevent disclosure of these illegal acts by having officers unlawfully enter into plaintiff's home and subject him to involuntary commitment in a psychiatric ward for six days. (See Complaint at ¶ 2.) Whether these allegations are true or not, the public is ill-served by not having the opportunity to know what evidence is being offered up by the parties to support or disprove such claims – and more broadly to understand whether or no illicit conduct is being condoned by the NYPD within its own ranks.

---

[1] In re Terrorist Attacks, 454 F.Supp.2d at 222, posits that a different standard may apply in complex cases, and an earlier Southern District case (Topo v. Dhir, 210 F.R.D. 76, 77 (S.D.N.Y. 2002)) saw a split in the case law and suggested that the Cipollone standard applied only in commercial cases, but the later decisions cited here from cases involving public agency defendants show that the standard articulated in Cipollone and Allen is the appropriate standard in this case.

[2] While parties may sometimes argue that modification of a protective order is unwarranted where they have relied upon it, that principle does not apply where, as here, confidentiality designations are made without a showing of good cause. See Schiller II, 2007 U.S. Dist. Lexis 4285, at *9-10 ("Where a protective order permits parties to designate discovery materials as 'Confidential' without a showing of good cause, and one party challenges a designation made by another, the challenging party is not seeking to modify the protective order and therefore does not bear the burden of demonstrating that the confidentiality designations should be lifted").

3

The parties have failed to demonstrate any harm, let alone harm rising to the level of "good cause," that will result from the disclosure of these materials dealing with a public agency that depends on the trust and confidence of the public, especially in respect to those materials that are the records of the NYPD itself. While good cause may justify the redaction and sealing of personal medical information or the identities of crime victims or confidential witnesses to crimes, no such concern attaches to the communications, reports, and other documents of the NYPD dealing with departmental practices and policies.

Accordingly, we respectfully ask the Court to modify the Protective Order to require the parties to establish good cause before sealing discovery materials and to direct the unsealing of any already-designated discovery that does not meet the standards of good cause as set forth above.

Respectfully submitted,

David E. McCraw

Cc:  Jon L. Norinsberg, Esq.
     Bruce M. Brady, Esq.
     Brian Lee, Esq.
     Suzanna Publicker, Esq.
     Gregory John Radomisli
     (all via facsimile)

4

S2931



# The New York Times Company

**Legal Department**
Fax No. 212/556-4634

# FAX

| | |
|---|---|
| To: | Jon L. Norinsberg, Esq |
| Fax Number: | 212-406-6890 |
| To: | Bruce M. Brady, Esq. |
| Fax Number: | 212-248-6815 |
| To: | Brian Lee, Esq. |
| Fax Number: | 516-352-4952 |
| To: | Suzanna Publicker, Esq. |
| Fax Number: | 212-788-9776 |
| To: | Gregory John Radomisli |
| Fax Number: | 212-949-7059 |

| | |
|---|---|
| From: | David McCraw |
| Phone Number: | 212-556-4031 |

| | |
|---|---|
| Date: | 3/21/12 11:33 AM |
| Total Pages: | 5 pages including fax cover page |

☐ Urgent     ☐ For Review     ☐ Please Comment     ☐ Please Reply

Notes:

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.