GJR/DA
667-82153

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                            Plaintiff,

                    -against-                                                      10 CIV 6005 (RWS)

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL
MARINO, Tax Id. 873220, Individually and in his Official
Capacity, ASSISTANT CHIEF PATROL BOROUGH
BROOKLYN NORTH GERALD NELSON, Tax Id. 912370,
Individually and in his Official Capacity, DEPUTY
INSPECTOR STEVEN MAURIELLO, Tax Id. 895117,
Individually and in his Official Capacity CAPTAIN
THEODORE LAUTERBORN, Tax Id. 897840, Individually
and in his Official Capacity, LIEUTENANT JOSEPH GOFF,
Tax Id. 894025, Individually and in his Official Capacity, SGT.
FREDERICK SAWYER, Shield No. 2576, Individually and in
his Official Capacity, SERGEANT KURT DUNCAN, Shield
No. 2483, Individually and in his Official Capacity,
LIEUTENANT CHRISTOPHER BROSCHART, Tax Id.
915354, Individually and in his Official Capacity,
LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374,
Individually and in his Official Capacity, SERGEANT
SHANTEL JAMES, Shield No. 3004, AND P.O.'s "JOHN
DOE" #1-50, Individually and in their Official Capacity (the
name John Doe being fictitious, as the true names are presently
unknown) (collectively referred to as "NYPD defendants"),
JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK
ISAKOV, Individually and in his Official Capacity, DR.
LILIAN ALDANA-BERNIER, Individually and in her Official
Capacity and JAMAICA HOSPITAL MEDICAL CENTER
EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their
Official Capacity (the name John Doe being fictitious, as the
true names are presently unknown),

                            Defendants.

------------------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO LIMIT PLAINTIFF'S AND HIS ATTORNEYS' CONTACT WITH THE MEDIA

Of Counsel:   Gregory J. Radomisli (GJR 2670)
              Brian E. Lee (BEL 9495)
              Bruce M. Brady (BMB 4816)

**PRELIMINARY STATEMENT**

This Reply Memorandum of Law is respectfully submitted on behalf of defendants JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV and DR. LILIAN ALDANA-BERNIER ("the medical defendants") in further support of their motion to limit plaintiff's and his attorneys' contacts with the media.

**ARGUMENT**

**POINT I**

**STATEMENTS BY THE PLAINTIFF AND HIS FATHER**

1. The Nature and Extent of Publicity's Impact on the Jury Pool

The unique aspect of this case that distinguishes it from the cases plaintiff's counsel cites in his Memorandum in Opposition to the medical defendants' motion is the advanced knowledge we have regarding coming events. The plaintiff's father is specifically quoted as having said that he and his son replaced his attorneys because they "want[ed] a more media-driven, public airing," in contrast to his former attorneys who were litigating this case "in the traditional manner-- through the courts" (Exhibit "A" attached to the 3/28/13 letter signed by Gregory J. Radomisli) ("3/28/13 Radomisli letter").

"A more media-driven, public airing." The only motive to engage in a "more media-driven, public airing" pertaining to an event that happened 3 1/2 years ago is to influence the public from which a jury will be drawn. The plaintiff and his father have divulged their entire litigation strategy in that one sentence. Must the defendants wait until the plaintiff and the attorneys he retained with the specific purpose of engaging in a "more media-driven, public airing" have accomplished their goals? Is it not reasonable to take pre-emptive action when we know how the plaintiff intends to proceed? It is not speculation to conclude that the plaintiff

intends to taint the jury pool because he essentially conceded that he replaced his attorneys for that very purpose. There is no indication in any of the cases plaintiff's counsel cites that the parties against whom a gag order was sought telegraphed their intentions so clearly as the plaintiff has done here.

In *Jemine v. Cake Man Raven, Inc.*, 2009 U.S.Dist. LEXIS 92083 (E.D.N.Y. 2009), Magistrate Marilyn Go denied the defendants' motion to impose a "gag order" on plaintiffs' counsel. In addition to finding that the defendants had not provided any evidence that pretrial publicity was prejudicial, the Court also noted that the defendants did not provide any evidence *"that any action contemplated in the future will compromise defendants' right to a fair trial."* *Id.* at *2 (emphasis added). In this case, we are aware of plaintiff's strategy; we do not, however, know the tactics by which it will be implemented, and it is those tactics that the medical defendants seek to curtail.

In his Memorandum of Law in Opposition to the City defendants' motion to quash the subpoena served on Queens District Attorney Richard A. Brown (document #143), plaintiff's counsel recognizes the inherent danger of adverse publicity even well in advance of trial (notwithstanding his citation to *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991)) when he complains that the District Attorney's report exonerating the police officers who went to the plaintiff's house was "eagerly posted on the internet and made available to all, including the potential jury pool" (p. 3). It is not reasonable to argue that a gap in time cannot have an adverse effect on the defendants, but would on plaintiff.

The Court should also be aware of the patently unfair airing of one side to the case. The medical defendants, even if they wanted to, could not respond to any press inquiries because of patient confidentiality.

Although plaintiff's counsel complains that the medical defendants attached only two

articles to their March 28, 2013 letter, plaintiff's counsel did not respond to outstanding discovery demands requesting media communications (see the City defendants' Reply Memorandum, document #146, at p. 7).   Given defendants' limited resources and time constraints, defendants elected to submit the most recent, readily-available examples.

2.   Availability of Other Measures

The "least restrictive" alternatives suggested by plaintiff's counsel does not prevent the danger of prejudicing a jury, as plaintiff's counsel recognized in his Memorandum of Law in Opposition to the City defendants' motion, given his concerns regarding Richard Brown's statements.   Furthermore, alternative measures would not address the medical defendants' concerns regarding the effect plaintiff's and his attorneys' statements would have in other cases in which the medical defendants may be parties.

3.   Effectiveness of an Order to Prevent Jury Bias

In retrospect, the medical defendants recognize that the relief requested in the 3/28/13 Radomisli letter could have been worded more carefully.   However, the relief requested was not as broad as plaintiff's counsel implies.   For example, there was never any suggestion that the press be limited in its coverage of the case, or that public debate be halted.

Still, "public interest in particular litigation does not generate a public right of access to all discovery materials."   *Dorsett v. County of Nassau*, 2012 U.S.Dist. LEXIS 168073, *40 (E.D.N.Y. 2012).   If this Court finds that plaintiff's pre-announced game plan is not sufficient to impose a more general Order, then it is respectfully requested that this Court issue a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure, prohibiting the plaintiff and his attorneys be prohibited from disseminating information and documents (e.g., defendant

deposition transcripts) learned or obtained in the course of discovery to outside parties. *See Id.* A protective order does not run afoul of the First Amendment if it is entered "(1) on a showing of good cause as required by Rule 26(c), (2) is limited to the context of pretrial civil discovery, and (3) does not restrict the dissemination of the information if gained from other sources." *Id.* at *31 (*citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199 (1984)); *see also* Rule 26(c) (A district court may limit discovery for good cause shown by making any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue expense). For the reasons discussed above, it is respectfully submitted that defendants have met that burden.

## POINT II

### PLAINTIFF'S COUNSEL'S STATEMENTS

There is no question that attorney speech is prohibited if the speech would have a "substantial likelihood of materially prejudicing an adjudicative proceeding." *United States v. Salameh*, 992 F.2d 445, 447 (2d Cir. 1993) (quoting *Gentile v. State Bar of Nevada*, 111 S.Ct. 2720, 2745 (1991)). In *United States v. Corbin*, 620 F.Supp.2d 400 (E.D.N.Y. 2009), the Court recognized that, at least in the criminal context, a lawyer was under a duty "not to release. . . non-public information *or opinion*. . . if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the administration of justice." 620 F.Supp.2d at 409 (*citing* Southern/Eastern District of New York Local Criminal Rule 23.1) (emphasis added). The Court quoted section (d) of the Rule which provides, in pertinent part, that "Statements concerning the following subject matters *presumptively involve* a substantial likelihood" of interference with a fair trial or prejudice the due administration of justice, including "Any opinion as to the accused's guilt or innocence *or as to the merits of the case* or

*the evidence in the case.*" *Id.* at 410 (emphasis added).

Attached as Exhibit "B" to the 3/28/13 Radomisli letter was an article in which one of plaintiff's attorneys of record, Peter Gleason, comments on the plaintiff's treatment by Isak Isakov, M.D. at Jamaica Hospital: ""This was supposed to be an independent medical examination' said a lawyer for Schoolcraft, Peter Gleason. 'This doctor is not supposed to make his decisions based on what the Police Department says.'" That is precisely the issue at the heart of plaintiff's case against the medical defendants. Similarly, in the *Village Voice* article submitted by the City codefendants, Mr. Gleason is quoted discussing "'what I characterize as the kidnapping of Adrian Schoolcraft.'" Such comments are not proper and plaintiff's attorneys should be restrained from making them.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant defendants' motion, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 8, 2013

Respectfully submitted,.

MARTIN CLEARWATER & BELL LLP

By: _____
Gregory J. Radomisli (GJR 2670)
Attorneys for Defendant
JAMAICA HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, NY 10017
(212) 697-3122

1572681-1                                    5

IVONE, DEVINE & JENSEN LLP

By: /s

Brian E. Lee (BEL 9495)
Attorneys for Defendant
ISAK ISAKOV, M.D.
2001 Marcus Avenue, Suite N100
Lake Success, New York  11042
(516)  326-2400


CALLAN KOSTER BRADY & BRENNAN LLP

By: /s

Bruce Brady (BMB 4816)
Attorneys for Defendant
LILIAN ALDANA-BERNIER, M.D.
One Whitehall Street, 10th Floor
New York, New York  10004
(212)  248-8800

1572681-1

6