10-CV-6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S REQUEST TO STAY THE NYPD ADMINISTRATIVE TRIAL**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Rachel Seligman Weiss*
*Tel: (212) 356-2422*
*Matter #: 2010-033074*

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................... 1

   POINT I ................................................................................................................................... 1

      PLAINTIFF IS NOT ENTITLED TO EQUITABLE RELIEF .............................................. 1

   POINT II .................................................................................................................................. 4

      THE COURT SHOULD ABSTAIN FROM GRANTING EQUITABLE RELIEF ............... 4

         A.   The Abstention Doctrine Compels the Court to Abstain from Intervening in the NYPD's Administrative Trial ..................................................................................... 4

         B.   A Stay Would Impede Judicial Economy and Prejudice Defendants ......................... 6

   POINT III ................................................................................................................................ 7

      THE ISSUE OF COLLATERAL ESTOPPEL CANNOT BE RESOLVED PRIOR TO THE NEW YORK CITY POLICE DEPARTMENT'S ADMINISTRATIVE TRIAL .................... 7

         A.   The Identical Nature of the Administrative Trial and Federal Civil Rights Issues Cannot be Established Without First Holding the NYPD Trial ................................. 9

         B.   The Court Cannot Decide Whether Plaintiff Was Granted a Full and Fair Opportunity to Contest the Administrative Issues Without the NYPD Trial Taking Place First ................................................................................................................ 12

CONCLUSION ......................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

*Alvarez v. City of New York*,
  2 F. Supp. 2d 509 (S.D.N.Y. 1998) .................................................................................6

*Buffalo Forge Co. v. Ampco-Pittsburgh Corp.*
  638 F.2d 568 (2d Cir. 1981) ............................................................................................2

*Burkybile v. Bd. of Educ.*
  411 F.3d 306 (2d Cir. 2005) ......................................................................................8, 10

*Bush v. City of Utica*
  2013 U.S. Dist. LEXIS 78704 (N.D.N.Y June 4, 2013) ..................................................6

*Cafeteria Workers v. McElroy*
  367 U.S. 886 (1961) ........................................................................................................2

*Coca-Cola Co. v. Tropicana Prods., Inc.*
  690 F.2d 312 (2d Cir. 1982) ............................................................................................2

*Colon v. Coughlin*
  58 F.3d. 865 (2d Cir. 1995) .........................................................................................8, 9

*Curtis v. Citibank, N.A.*
  226 F. 3d 133 (2d Cir. 2000) ...........................................................................................3

*Forest City Daly Hous., Inc. v. Town of N. Hempstead*,
  175 F.3d 144 (2d Cir. 1999) ............................................................................................2

*Guiness & Sons PLC v. Sterling Pub. Co.*
  732 F.2d 1095 (2d Cir. 1984) ..........................................................................................2

*Gustave v. City of New York*
  2010 U.S. Dist. LEXIS 106916 (E.D.N.Y. Oct. 6, 2010) ................................................7

*Jeffreys v. Griffin*,
  1 N.Y.3d 34 (N.Y. 2003) ....................................................................................8, 10, 12

*Locurto v. Giuliani*
  447 F.3d 159 (2d Cir. 2006) .....................................................................................8, 12

*Mamiya Co. v. Masel Supply Co.*
  719 F.2d 42 (2d Cir. 1983) ..........................................................................................2

*Mazurek v. Armstrong*
  520 U.S. 968 (1997) ....................................................................................................2

*McCune v. Frank*
  521 F.2d 1152 (2d Cir. 1975) ......................................................................................5

*McDonald v. Metro-North Commuter R. Div. of Metropolitan Transit Authority*
  565 F. Supp. 371 (S.D.N.Y. 1983) ..........................................................................4, 5

*Med. Soc'y of New York v. Tola*
  560 F.2d. 535 (2d Cir. 1977) .......................................................................................1

*Middlesex County Ethics Comm., v. Garden State Bar Ass'n*
  457 U.S. 423 (1982) ....................................................................................................4

*Nitke v. Ashcroft*
  253 F.Supp.2d 587 (S.D.N.Y. 2003) ....................................................................... 1-2

*Polymer Tech. Corp. v. Mimran*
  37 F.3d 74 (2d Cir. 1994) ............................................................................................2

*Reynolds v. Giuliani*
  506 F.3d 183 (2d Cir. 2007) ........................................................................................5

*Rizzo v. Goode*
  423 U.S. 362 (1976) .................................................................................................2, 5

*Stork Restaurant v. Boland*
  282 N.Y. 256 (1940) ....................................................................................................8

*University of Tennessee v. Elliott*
  478 U.S. 788 (1986) ...............................................................................................7, 11

*Young v. Selsky,*
  41 F.3d 47 (2d Cir. 1994), *cert. denied,* 115 S. Ct. 1837 (1995) .................................8

*Young-Flynn v. Wright*
  2007 U.S. Dist. LEXIS 95932 (S.D.N.Y. Jan. 26, 2007) .............................................1

*Younger v. Harris*
  401 U.S. 37 (1971) ......................................................................................................4

## PRELIMINARY STATEMENT

Defendant City of New York ("City") hereby submits this memorandum of law in opposition to plaintiff's request for a stay of all further administrative proceedings by the City of New York and the New York City Police Department ("NYPD"), including the administrative trial previously scheduled to begin next week, on Monday, June 17, 2013 (the "administrative trial"). Plaintiff's motion should be denied for the following reasons: (1) plaintiff has failed to meet his burden to show entitlement to equitable relief; (2) the abstention doctrine compels the Court to abstain from interfering with the NYPD administrative trial; and (3) the potential collateral estoppel effect of the NYPD proceedings on the instant action cannot be determined until after the administrative trial has concluded.

## ARGUMENT

### POINT I

### PLAINTIFF IS NOT ENTITLED TO EQUITABLE RELIEF

Although not crafted as a request for equitable relief, that is precisely what plaintiff seeks and that is precisely what the Court has temporarily granted to plaintiff. Plaintiff, however, cannot meet the burden to entitle him to such extraordinary relief, and therefore, his request for an order staying the NYPD's administrative trial indefinitely should be denied and the temporary stay issued on June 10, 2013 should be lifted.

Whether seen as a temporary restraining order or a preliminary injunction, the legal standards are the same. *Young-Flynn v. Wright*, 2007 U.S. Dist. LEXIS 95932 (S.D.N.Y. Jan. 26, 2007). Courts have held that "injunction relief is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Med. Soc'y of New York v. Tola*, 560 F.2d. 535, 538 (2d Cir. 1977); *Nitke v.*

1

*Ashcroft*, 253 F.Supp.2d 587, 610 (S.D.N.Y. 2003) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). When a plaintiff seeks to enjoin the activity of a government agency, his case must contend with 'the well-established rule that the Government has traditionally been granted the widest latitude in the 'dispatch of its own internal affairs.'" *Rizzo v. Goode*, 423 U.S. 362, 378-79 (1976) (citing *Cafeteria Workers v. McElroy*, 367 U.S. 886, 896 (1961)).

To obtain preliminary injunctive relief in federal court, plaintiff must establish (a) that the injunction is necessary to prevent irreparable harm; and (b) "either (1) a likelihood of success on the merits of [their] case or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Polymer Tech. Corp. v. Mimran*, 37 F.3d 74, 77-78 (2d Cir. 1994) (quoting *Coca-Cola Co. v. Tropicana Prods., Inc.*, 690 F.2d 312, 314-15 (2d Cir. 1982)); *accord Guiness & Sons PLC v. Sterling Pub. Co.*, 732 F.2d 1095, 1099 (2d Cir. 1984). "Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." *Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir. 1983)(citations omitted); *see also Buffalo Forge Co. v. Ampco-Pittsburgh Corp.*, 638 F.2d 568, 569 (2d Cir. 1981) (the threat of irreparable harm is the sine qua non for the granting of injunctive relief). The claimed irreparable harm must be <u>"actual and imminent," not "remote [or] speculative," or merely a possibility</u>. *Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (emphasis added).

Plaintiff primarily argues that a stay is appropriate because he will be prejudiced if the matter is not stayed. *See* Plaintiff's Memorandum in Support dated June 10, 2013 (hereinafter "P's memo.") at pgs. 7-8. The prejudice, plaintiff argues, is that he will have to

2

divert his time, energy, and resources to the administrative trial since it will cover the same issues as this case. Plaintiff's mere claim of "prejudice," without anything more, does not equate to "irreparable harm." It is plaintiff alone who chose to bring this Section 1983 action despite the fact that his administrative trial, and the issues surrounding it, have not been resolved. Thus, the argument that he will have to divert resources to both cases simultaneously is certainly not a surprise to plaintiff and his counsel, nor is it a sufficient basis to stay the administrative trial.

Further, the possibility that the issues in the administrative trial *may* have preclusive effect is speculative and does not amount to a showing of "irreparable harm." *Id.* This possibility is wholly contingent on what happens at the administrative trial, including what facts are deduced at the trial. *See* the discussion in Point III below. As plaintiff has only put forth the possibility of there being preclusive effect on this case from the administrative trial, and nothing more, it is not appropriate for this Court to stay the administrative trial.

In addition, plaintiff cannot establish nor has he even alleged in his moving papers that he will have a likelihood of success on the merits, thereby warranting the extreme relief he seeks. City defendants believe there was probable cause for plaintiff's detention and classification as an emotionally disturbed person ("EDP") on October 31, 2009. While plaintiff certainly disputes that there was justification to detain plaintiff and take him to Jamaica Hospital, this issue will have to be decided by the Court on a motion for summary judgment or eventually at a jury trial. Therefore, it cannot be said that plaintiff is likely to succeed on the merits.

Notwithstanding the above, plaintiff argues that he is entitled to an indefinite "stay" of the administrative trial. In support, plaintiff relies exclusively on the Second Circuit's decision in *Curtis v. Citibank, N.A.*, 226 F. 3d 133, 138 (2d Cir. 2000). Plaintiff's reliance on *Curtis* is inapposite and somewhat deceptive. *Curtis* was not a case about staying or dismissing

an administrative proceeding, but rather staying or dismissing a duplicative *federal* action. Clearly, a district court has jurisdiction to dismiss or stay duplicative proceedings in that same Court. Finally, if any matter is to be stayed, case law cautions that it is defendants who are entitled to a stay of the instant federal matter. *See, e.g.*, *Middlesex County Ethics Comm., v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)(upholding district court decision to dismiss the federal court proceedings out of deference to the pending state administrative proceedings).

As plaintiff cannot meet his burden for equitable relief, his request for a stay of the NYPD's administrative trial should be denied and the temporary stay of the trial issued on June 10th should be lifted.

### POINT II

### THE COURT SHOULD ABSTAIN FROM GRANTING EQUITABLE RELIEF

A. **The Abstention Doctrine Compels the Court to Abstain from Intervening in the NYPD's Administrative Trial**

It is well-settled that there is a "fundamental policy against federal interference with state criminal prosecutions," *Younger v. Harris*, 401 U.S. 37, 45 (1971), and the court has "repeat[ed] time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* Indeed, the Supreme Court has stated that the abstention doctrine is "fundamental not only to our federal system but also to the basic functions of the Judicial Branch of the National Government under our Constitution" *Id.* at 53.

Although *Younger* involved state criminal proceedings, *Younger*'s abstention doctrine has consistently been applied to state civil and administrative proceedings, *McDonald v. Metro-North Commuter R. Div. of Metropolitan Transit Authority*, 565 F. Supp. 37, 40-41 (S.D.N.Y. 1983) ("Cases subsequent to Younger have made clear that the same principle applies

4

to ongoing state civil proceedings, whether judicial or administrative"), and to cases "where injunctive relief is sought, not against the judicial branch of the state government, but against those in charge of an executive branch of an agency of state or local governments." *Rizzo, supra.* In these cases, courts have recognized that they "must keep in mind the 'integrity and function' of state institutions, as well as the delicate balance that must be maintained between a federal court's exercise of its equitable power and a state's administration of its own affairs." *Reynolds v. Giuliani*, 506 F.3d 183, 198 (2d Cir. 2007) (internal citations omitted). Most importantly here, the *Younger* abstention doctrine has specifically been applied to the disciplinary proceedings of police officers. *See generally McDonald*, 565 F. Supp. 37; *see also McCune v. Frank*, 521 F.2d 1152, 1158 (2d Cir. 1975) ("That we are dealing with a county police department's disciplinary proceeding rather than a state court action is of little moment. A proceeding in a state court is not a pre-requisite to the applicability of *Younger*." (citations omitted)).

In *McDonald*, the Court denied plaintiff's motion for a preliminary injunction barring the Police Department of the Metro-North Commuter Railroad Division of the Metropolitan Transit Authority ("Metro-North PD") from suspending and continuing disciplinary proceedings against the plaintiff, a police officer in the Metro-North PD. *McDonald*, 565 F. Supp. 37. The court's decision was partly based on its recognition of New York State's "compelling concern in ensuring the honesty and integrity of its police officers," regardless of "the merits of the disciplinary charges brought against [plaintiff]." *Id.* at 39, 40. In deciding to abstain, the district court followed the Supreme Court's lead set in *Rizzo*, 423 U.S. 362 (1976). In *Rizzo,* the Supreme Court found that the district court had erred in granting broad injunctive relief against the Philadelphia Police Department since such an intrusion into the internal affairs of a police department was a departure from the principles of federalism. *Id.* at

5

380.

In addition to the foregoing, equitable relief is not warranted where there are alternative remedies available to plaintiff that are far less intrusive. *See Alvarez v. City of New York*, 2 F. Supp. 2d 509 (S.D.N.Y. 1998). In *Alvarez*, the Court denied plaintiff's motion to enjoin an internal NYPD investigation because the plaintiff (1) had an opportunity to exonerate himself during the investigation and subsequent disciplinary proceedings, and (2) if dissatisfied with the results, could initiate an Article 78 proceeding, and (3) could seek an injunction in state court of any penalties imposed. *Id.* at 516. The court held that the various remedies available at both the administrative and state court level were both adequate and less intrusive than federal interference with the NYPD proceedings, and accordingly, injunctive relief was inappropriate. *Id.* The court should therefore abstain from staying the NYPD administrative trial.

**B.     A Stay Would Impede Judicial Economy and Prejudice Defendants**

In addition to the reasons set forth above, a stay of the NYPD administrative trial would impede judicial economy and significantly prejudice defendants. The abstention doctrine cautions courts against enjoining pending administrative proceedings in the interest of judicial economy. *Bush v. City of Utica*, 2013 U.S. Dist. LEXIS 78704, at *9 (N.D.N.Y June 4, 2013) ("Under *Younger v. Harris*, federal courts—in the interest of comity, deference, and judicial economy—'must abstain from enjoining pending state court criminal prosecutions and allow state courts to resolve pending matters within their jurisdiction.' This abstention doctrine has been extended to state civil and administrative proceedings." (citations omitted)).

In the case at bar, plaintiff's damages cannot be determined until there is a determination on the disciplinary charges in the administrative trial. Additionally, as argued *infra*, there can be no clarity on the issue of the collateral estoppel until a decision in the administrative trial has been reached. Any delay of the administrative proceedings at this stage

6

will only cause further undue delay and will drain judicial and administrative resources. *Cf. Gustave v. City of New York*, 2010 U.S. Dist. LEXIS 106916 (E.D.N.Y. Oct. 6, 2010) (court stayed the pending federal action until the completion of the state proceeding in the interest of judicial economy).

Moreover, a stay in this case has already prejudiced defendants, and will continue to do so as long as the stay remains in effect. There is no doubt that the NYPD has a compelling interest in resolving any disciplinary and employment issues involving its officers. However, the stay that has been imposed in this case has prevented the NYPD from resolving the disciplinary issues with plaintiff in an efficient and prompt manner. Therefore, the court should deny plaintiff's request to stay the NYPD administrative trial.

### POINT III

### THE ISSUE OF COLLATERAL ESTOPPEL CANNOT BE RESOLVED PRIOR TO THE NEW YORK CITY POLICE DEPARTMENT'S ADMINISTRATIVE TRIAL

According to the Supreme Court, in the context of federal civil rights actions, state administrative fact-finding determinations are entitled to the same preclusive effect as such determinations would be given in state courts. *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986) (federal common law rule of preclusion applies to U.S.C. § 1983 actions). Pursuant to New York law,

> "[c]ollateral estoppel, or issue preclusion, gives conclusive effect to an administrative agency's quasi-judicial determination when two basic conditions are met: (1) the issue sought to be precluded is identical to a material issue necessarily decided by the administrative agency in a prior proceeding; and (2) there was a full and fair opportunity to contest this issue in the administrative tribunal."

7

*Jeffreys v. Griffin*, 1 N.Y.3d 34, 39 (N.Y. 2003); *see also Burkybile v. Bd. of Educ.*, 411 F.3d 306, 310 (2d Cir. 2005) ("New York courts give quasi-judicial administrative fact-finding preclusive effect where there has been a full and fair opportunity to litigate).

Plaintiff relies on *Colon v. Coughlin*, 58 F.3d. 865 (2d Cir. 1995), to argue that the law in the Second Circuit is unsettled as to whether "a prisoner's administrative hearing and an Article 78 determination could have a collateral estoppel impact on a later civil rights claim by a prisoner." P's memo at 8. A distinction must be made between that case and the instant matter. In *Colon*, the plaintiff was incarcerated in the custody of the New York State Department of Correctional Services and was challenging the outcome of an internal prison hearing that disciplined him for various offenses. The court in *Colon* acknowledged that there "is a substantial question as to whether, under New York law, collateral estoppel should ever apply to fact issues determined in a prison disciplinary hearing and reviewed for substantial evidence in an Article 78 proceeding, given the "procedural laxity" of such prison hearings, *see Young v. Selsky*, 41 F.3d 47, 53 (2d Cir. 1994), *cert. denied*, 131 L. Ed. 2d 756, 115 S. Ct. 1837 (1995), and the limited nature of substantial-evidence review. *See Stork Restaurant v. Boland*, 282 N.Y. 256, 274, 26 N.E.2d 247, 255 (1940) ("Evidence which is sufficient to require the court to submit a question of fact to a jury is sufficient to support a finding by the administrative [agency]."). Clearly, the open question following *Colon* (if one still exists) only relates to prison disciplinary hearings and not all administrative proceedings. To the extent plaintiff believes that the law in the Circuit is currently unsettled as to whether there can be preclusive effect following the NYPD's administrative trial, there is no question that the Circuit resolved this very issue in *Locurto v. Giuliani*, 447 F.3d 159, 170-171 (2d Cir. 2006) (recognizing that NYPD administrative disciplinary hearings can have preclusive effect, but ultimately denying collateral

8

estoppel applied since plaintiffs were denied adequate discovery into the motivations for their firings, and the ultimate decision-makers were not neutral arbitrators).

In *Locurto*, the Second Circuit examined the preclusive effect of findings of fact made during a New York City Police Department ("NYPD") administrative trial concerning the discipline of an officer, and established that NYPD administrative trials are "quasi-judicial" in nature and may be the basis of a later collateral estoppel motion.[1] Nevertheless, without first holding the administrative trial pertaining to the disciplinary charges against Schoolcraft, defendants cannot definitively answer either of the questions necessary to establishing whether the administrative trial will have any collateral estoppel effect on the present civil rights litigation.[2] Because the question of whether the administrative proceeding will have any collateral effect is highly speculative at this point, the Court should decline to extend a stay of the proceeding. *See also* Point I *supra*.

A. **The Identical Nature of the Administrative Trial and Federal Civil Rights Issues Cannot be Established Without First Holding the NYPD Trial**

Under the collateral estoppel test, the party seeking preclusion must first establish that the issue to be precluded is the identical issue that was decided during the administrative

---

[1] Even if the Court were to find that NYPD administrative trials are not quasi-judicial in nature, and therefore, incapable of being the basis for collateral estoppel, the question of whether the administrative trial of Schoolcraft will have any preclusive effect in the civil trial is still unsettled since plaintiff would be entitled to appeal any administrative determination he believed was incorrect in an Article 78 proceeding in New York State Court. In the event that plaintiff decided to seek Article 78 review, pursuant to 28 U.S.C. § 1738, the Article 78 decision would be subject to full faith and credit in this Court. While the Article 78 proceeding would be binding in this Court, without knowing the issues presented for Article 78 review, specifically, whether the issues presented are identical to the issues in the federal action, it is unclear what preclusive effect, if any, the Article 78 proceeding would have in this matter. In short, the potential collateral estoppel issue cannot be decided before the NYPD trial, and possibly the Article 78 review, take place.

[2] Plaintiff also suggests that the NYPD administrative trial may have res judicata effect. P's memo at 8. The Second Circuit has found that "claim preclusion generally does not operate to bar a § 1983 suit following the resolution of an Article 78 proceeding, since the full measure of relief available in the former is not available in the latter." *Colon v. Coughlin*, 58 F.3d at 870 n. 3. By the same token, it is highly unlikely that an administrative disciplinary proceeding will have the effect of precluding this entire action, since the rights to be vindicated, as well as the relief sought, in the two matters are wholly different. The administrative trial is concerned with resolving whether plaintiff violated the terms of his employment, and if so, the penalty to be enforced. While the civil action is concerned with alleged First and Fourth Amendment violations.

proceeding, that the issue was material at the administrative level, and that resolution of the issue was essential to the administrative proceeding. *Burkybile*, 411 F.3d at 313; *Jeffreys*, 1 N.Y.3d at 39. Here, it is unknown what issues will be presented during the administrative trial, whether the issues presented will be identical to any issues in the civil trial, or whether the disputed issues were material to the resolution of the NYPD trial. There are two disciplinary cases pending against plaintiff. The allegations in the two cases may be summarized as follows:

- One of the disciplinary matters is loosely related the October 31, 2009 incident plaintiff complains of herein. In that matter, it is alleged that "Adrian Schoolcraft was charged with failing to comply with orders, being absent [from work] without leave, failing to safeguard Departmental property, impeding an investigation, and failing to surrender a rifle in his possession."

- The other disciplinary matter alleges that "Adrian Schoolcraft was charged with failing to appear at the Department Advocate's Office, being absent [from work] without leave, failing to make himself available to be examined by a Department Surgeon, failing to report to his resident precinct, failure to appear at the Department Advocate's Office for restoration of duty, failing to notify the Department of his current residence, and impeding investigators." This disciplinary matter is primarily concerned with plaintiff's action post-October 31, 2009.

*See* Letter from the New York City Police Department to Peter J. Gleason, Esq., dated April 8, 2013, annexed to Declaration of Rachel Seligman Weiss ("RSW Decl.), dated June 17, 2013, as Exhibit A.

It is almost impossible to predict what issues will be presented by plaintiff and/or the NYPD during the course of the administrative trial on the issues above, and furthermore, which issues the arbiter will find material to resolution of the disciplinary trial. Thus, defendants cannot know whether any issues in the federal case will be identical to those in the administrative case, and therefore, subject to collateral estoppel.

However, for the sake of argument, it appears unlikely that the majority, if any, of the potential administrative factual determinations will have a preclusive effect on the issues

central to this civil litigation. It is difficult to conceive how findings pertaining to plaintiff's post-October 31, 2009 behavior will have any collateral estoppel effect on plaintiff's claims here – the focus of which is the October 31, 2009 incident and certain events leading up to that date. For example, resolution of whether plaintiff failed to make himself available for an examination by the Department Surgeon, failed to appear at the Department Advocate's office, and failed to inform the NYPD of a change in his address, are completely unrelated to, and could have no preclusive effect on, whether plaintiff was unlawfully imprisoned, wrongfully declared an emotionally disturbed person, and/or whether he had a valid prior restraint claim, *on* October 31, 2009. The charges arguably more related to the October 31, 2009 incident, are similarly unlikely to have any preclusive effect. Indeed, whether plaintiff left work without permission, failed to comply with a supervisory officer's order, or impeded a departmental investigation, is only tangentially related to the First and Fourth Amendment issues in this case.[3]

Regardless of the above, even were the NYPD's administrative findings likely to have a preclusive effect on certain issues in the civil rights action, the Court should nevertheless decline to extend a stay of the administrative trial since preclusion of certain issues will streamline the trial and preserve judicial resources. *See e.g. Elliott*, 478 U.S. at 798 n. 6 ("The law of res judicata, much more than most other segments of law, has rhyme, reason, and rhythm – something in common with good poetry….It consists entirely of an elaboration of the obvious principle that a controversy should be resolved once, not more than once. The principle is as much needed for administrative decisions as for judicial decisions.") (citing K. Davis, Administrative Law Treatise § 21.9, p. 78 (2d ed. 1983)). Plaintiff has provided no compelling

---

[3] To be sure, the disposition of these issues may inform the First and Fourth Amendment analysis, and therefore, will likely be presented as evidence at trial. Even if certain administrative factual determinations were presented to the jury as evidence, to the extent that such determinations were not introduced as stipulated facts, the jury would be free to accept or disregard any administrative factual findings it chose to. Thus, neither the province of the Court nor jury would be hampered by introduction of the administrative findings as evidence.

11

reason as to why certain issues must be decided in the federal forum versus the administrative. Moreover, plaintiff has not cited a single case supporting the extraordinary relief he seeks – a prolonged "stay" of the administrative trial pending resolution of the federal action – or in support of the notion that plaintiff should be entitled to escape the legal principle of collateral estoppel. The Court should decline to accept such a perverse position.

**B.   The Court Cannot Decide Whether Plaintiff Was Granted a Full and Fair Opportunity to Contest the Administrative Issues Without the NYPD Trial Taking Place First**

Collateral estoppel also requires the party seeking preclusion to demonstrate that the opposing party had a full and fair opportunity to contest the issues in the administrative proceeding. *Jeffreys*, 1 N.Y.3d at 39. In his memo of law, plaintiff contends that he will be prejudiced should he be required to participate in the NYPD administrative trial since "one of the defendants in this action will be in a position to act as the finder of fact on issues relating to his own liability to an adverse party in this action." P's memo at 9. Plaintiff is wrong. The NYPD administrative trial will be conducted by a member of the NYPD's Deputy Commissioner of Trials Office, who will make findings and recommendations regarding any disciplinary action to the Commissioner of the NYPD. Plaintiff is correct that Commissioner Raymond Kelly will be the ultimate fact-finder in the disciplinary matter involving plaintiff, deciding whether to accept or reject the findings and recommendations of the Deputy Commissioner of Trials Office. Commissioner Kelly, however, is not a party to this action. Furthermore, plaintiff has not presented a scintilla of evidence demonstrating that Commissioner Kelly has any bias against plaintiff or that he has pre-decided the outcome of the administrative trial. *See e.g. Locurto*, 447 F.3d at 171 (NYPD administrative findings not entitled to collateral estoppel effect since Commissioner Safir indicated that police officer would be fired prior to the time that the hearing was held, thus, Safir was not a neutral arbitrator).

12

Defendants assume that plaintiff will be allowed to present evidence, as well as call and cross-examine witnesses, and otherwise be allowed to contest the disciplinary charges in the manner he deems fit. However, again, without the administrative trial having taken place, defendants are not in a position to know whether plaintiff will claim, and present credible evidence showing, that he was prevented from fully litigating the relevant issues during the administrative proceeding. Accordingly, the collateral estoppel effect of the administrative trial can not be decided at this juncture.

## CONCLUSION

For these reasons, defendant City of New York respectfully request that the court deny plaintiff's request for a stay of the NYPD administrative proceedings pending resolution of this civil matter.

Dated: June 17, 2013
New York, New York

/s/
Rachel Seligman Weiss