UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ADRIAN SCHOOLCRAFT,

                         Plaintiff,

      -against-

THE CITY OF NEW YORK, et al.,

                         Defendants.

------------------------------------------------------------------- X

**DECLARATION OF RACHEL SELIGMAN WEISS IN OPPOSITION TO PLAINTIFF'S MOTION FOR A STAY**

10 Civ. 6005 (RWS)

        Rachel Seligman Weiss, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following is true and correct.

        1.    I am a Senior Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York ("City") in the instant matter. As such, I am familiar with the facts stated below and submit this declaration to place the relevant documents on the record in support of defendant's opposition to plaintiff's motion for a stay of all further administrative proceedings by defendant City and the New York City Police Department ("NYPD").

        2.    Plaintiff is currently a suspended NYPD police officer.

        3.    On or about January 15, 2010, plaintiff was served with disciplinary charges in connection with his employment with the New York City Police Department. *See* Letter from the New York City Police Department to Peter J. Gleason, Esq., dated April 8, 2013, attached hereto as Exhibit "A." Specifically, plaintiff was charged with being absent from work without leave, failing to make himself available to be examined by a NYPD Surgeon, failing to report to his resident precinct, failing to appear at the NYPD's Department Advocate's Office for restoration to duty, failing to notify the NYPD of his current residence, and impeding NYPD

investigators. *Id.* Charges seemingly unrelated to issues in this matter.

4.     Thereafter, on or about February 4, 2010, plaintiff was served with additional disciplinary charges. *Id.* Plaintiff was charged with failing to comply with orders, being absent without leave, failing to safeguard NYPD property, impeding an investigation, and failing to surrender a rifle in his possession. *Id.*

5.     On or about August 10, 2010, well after the time that plaintiff had been served with the disciplinary charges, he instituted this action alleging not that the pending disciplinary charges violated his constitutional rights, but that the entry into his home on October 31, 2009, and subsequent confinement in Jamaica Hospital violated his First and Fourth Amendment rights.

6.     On or about January 28, 2013, plaintiff, via counsel, forwarded a letter seeking to be restored to duty and requesting that his assignment be severely limited, not undertaking the traditional duties of a police officer. A copy of the January 28, 2013 letter is annexed hereto as Exhibit "B."

7.     In response to the January 28, 2013 letter from plaintiff the NYPD informed plaintiff that it would schedule a trial in order to resolve the outstanding disciplinary charges against plaintiff (the "Administrative Trial"). *Id.* The administrative trial was scheduled to commence on June 17, 2013.

8.     Although the Administrative Trial was prompted, in part, by plaintiff's January 28, 2013 letter, indicating his wish to be reinstated as a NYPD officer, on June 10, 2013, plaintiff moved for a stay of the NYPD administrative trial that would resolve the issue. *See* Civil Docket Entry No. 152. According to plaintiff, even though he is far from sure on the issue, the stay is necessary *just in case* the administrative trial *might* have some preclusive effect on the

issues to be resolved in this civil matter. *See* Plaintiff's Memorandum of Law in Support of Motion for a Stay, dated June 10, 2013 (hereinafter "P's memo."), at pg. 8.

9. Regardless of the apparent dissimilarities between the administrative trial (which is designed to resolved an employment issue) and the instant civil rights matter (concerned with alleged First and Fourth Amendment deprivations), plaintiff contends that defendant City may gain some unfair advantage should the findings of the administrative trial have collateral estoppel effect on issues to be tried in the civil litigation. *See* P's memo at 1.

10. A simple review of the disciplinary charges against plaintiff, however, easily highlights the differences between the two matters. *See* NYPD April 8th Letter. Because of the disparities between the disciplinary charges and the civil rights claims (i.e. disciplinary charges pertaining to plaintiff not appearing for a NYPD surgeon and/or Department Advocate's office, as well as failing to secure NYPD property, and failing to surrender a firearm), it is unlikely that the administrative trial would have the preclusive effects that plaintiff suggests.

Dated:      New York, New York
            June 17, 2013

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the City of New York
                                Attorney for Defendant City of New York
                                100 Church Street
                                New York, New York 10007
                                (212) 356-2422

                                By: _____
                                    Rachel Seligman Weiss
                                    Senior Counsel

Docket No. 10 Civ. 6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

                          Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                          Defendants.

**DECLARATION OF RACHEL SELIGMAN WEISS IN OPPOSITION TO PLAINTIFF'S MOTION FOR A STAY AND SUPPORTING EXHIBIT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Rachel Seligman Weiss*
*Tel: (212) 356-2422*
*NYCLIS No.*

*Due and timely service is hereby Admitted.*

*New York, N.Y. ..........................................,2013*

*.......................................................... Esq.*

*Attorney for ..........................................................*