UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ADRIAN SCHOOLCRAFT,

                Plaintiff,

        - against -

CITY OF NEW YORK, et al.,

                Defendants.

------------------------------------X

10 Civ. 6005 (RWS)

OPINION

A P P E A R A N C E S:

    Attorneys for the Plaintiff

    LAW OFFICE OF NATHANIEL B. SMITH
    111 Broadway
    Suite 1305
    New York, NY 10006
    By:  Nathaniel B. Smith, Esq.


    Attorneys for the Medical Defendants


    MARTIN CLEARWATER & BELL, LLP
    220 East 42nd Street
    New York, NY  10017
    By:  Gregory J. Radomisli, Esq.

    *Attorneys for defendant Jamaica Hospital Medical Center*


    IVONE, DEVINE & JENSEN, LLP
    2001 Marcus Avenue, Suite N100
    Lake Success, NY 11042
    By:  Brian E. Lee, Esq.

    *Attorneys for defendant Isak Isakov, M.D.*

```
CALLAN KOSTER BRADY & BRENNAN, LLP
One Whitehall Street, 10th Floor
New York, NY 10004
By:  Bruce M. Brady, Esq.
```

*Attorneys for defendant Lillian Aldana-Bernier, M.D.*

**Sweet, D.J.**

Defendants Jamaica Hospital Medical Center ("JHMC"), Isak Isakov, M.D. ("Dr. Isakov") and Lillian Aldana-Bernier, M.D. ("Dr. Aldana-Bernier" and collectively, the "Medical Defendants") have moved for an order prohibiting the Plaintiff and his counsel from speaking to the media or communicating via the internet and social media regarding the instant case (the "Gag Order").  In the alternative, the Medical Defendants have moved for a protective order pursuant to Fed. R. Civ. P. 26(c) ("Rule 26(c)") prohibiting Plaintiff and his counsel from publicizing information and documents learned or obtained in the course of discovery requests to outside parties (the "Protective Order").

Upon the conclusions set forth below, the Medical Defendants' motion is denied with respect to the request for a gag order, and granted with respect to the for a protective order pursuant to Rule 26(c).

**<u>Prior Proceedings</u>**

A detailed recitation of the facts of the case is

2

provided in this Court's opinion dated May 6, 2011, which
granted in part and denied in part JHMC's motion to dismiss.
See Schoolcraft v. City of N.Y., No. 10 Civ. 6005 (RWS), 2011
WL 1758635, at *1 (S.D.N.Y. May 6, 2011).  Familiarity with
those facts is assumed.

On March 28, 2013, the Medical Defendants submitted
a letter requesting imposition of the Gag Order, which would
prohibit both Plaintiff and his counsel "from speaking to the
media regarding this [case] until it is resolved," and
"utilizing the internet and social media to stigmatize the
defendants in an effort to prejudice a potential jury."
Letter of Gregory J. Radomisli dated March 28, 2013 ("Def.
Mem.") at 3.[1]  The Court opted to treat the letter as a motion
for a gag order.

In addition, in the Medical Defendants' reply brief
on the instant motion, they suggested as an alternative to the

---

[1] Although the language suggested by the Medical Defendants
applies the internet and social media prohibition only on the
Plaintiff, see Def. Mem. at 3, the overall content of the
submission makes clear that the Medical Defendants are
requesting that all of the suggested restrictions – including
those regarding internet and social media - apply to both
Plaintiff and his counsel.  See, e.g., Def. Mem. at 2 ("In
addition, it appears that the plaintiff and/or his attorneys
have created or used a Twitter account and an on-line Blog to
increase the case's online presence and amass 'support.'").

Gag Order that the Court implement a protective order pursuant
to Rule 26(c) prohibiting Plaintiff and his counsel from
publicizing information and documents learned or obtained in
the course of discovery requests to outside parties (the
"Protective Order").  Reply Memorandum of Law in Support of
Motion to Limit Plaintiff's and His Attorneys' Contact With
the Media ("Def. Reply.") at 3-4.  The Court opted to treat
this suggestion as supplementing the Medical Defendants'
initial motion with a proposed alternative remedy.

        The motion for a gag order or, in the alternative,
for a protective order pursuant to Rule 26(c), was argued and
marked fully submitted on April 10, 2013.

**The Request For A Gag Order Is Denied**

        The Gag Order sought by the Medical Defendants would
"prohibit[] the utterance or publication of particular
information or commentary[,] [and therefore] imposes a 'prior
restraint' on speech," U.S. v. Salameh, 992 F.2d 445, 446 (2d
Cir. 1993), which is "the most serious and least tolerable
infringement on First Amendment rights." Nebraska Press Ass'n
v. Stuart, 427 U.S. 539, 559 (1976).  Accordingly, even though

4

the Medical Defendants contend that the restraint on speech
contemplated by the Gag Order is justified because it is
"intended to protect a defendant's Sixth Amendment right to
trial before an impartial jury[,] [such restraint]  normally
carries a heavy presumption against its constitutional
validity." Salameh, 992 F.2d at 446-47.

     With respect to the element of the proposed Gag
Order that would restrict the speech of Plaintiff's counsel,
see Def. Mem. at 3, the Second Circuit has held that "though
the speech of an attorney participating in judicial
proceedings may be subjected to greater limitations than could
constitutionally be imposed on other citizens or on the press,
the limitations on attorney speech should be no broader than
necessary to protect the integrity of the judicial system and
the defendant's right to a fair trial." Salameh, 992 F.2d at
447 (citing Gentile v. State Bar of Nevada, 111 S.Ct. 2720,
2737 & 2744-45) (internal citation omitted).[2]

---

[2] In support of their motion, the Medical Defendants have cited
to Rule 3.6 of the New York Rules of Professional Conduct,
which, *inter alia*, prohibits an attorney from making
extrajudicial statements that are likely to prejudice a matter
in which the attorney is participating. Id. at 3.6(a).
However, the mere existence of this rule does not buttress the
Medical Defendants' request that Plaintiff's counsel be
prohibited from making any statements regarding the instant

The Gag Order as proposed by the Medical Defendants would restrict Plaintiff's counsel from making communications "regarding this matter," *i.e.*, the instant action.  Before a court issues this type of "blanket prior restraint" on an attorney's speech, it must "make a finding that alternatives to this blanket prohibition would be inadequate to protect defendants' rights to a fair trial before an impartial jury." Id.

The Medical Defendants have not provided any evidence upon which the Court could base such a finding. Moreover, the Medical Defendants appear to have implicitly acknowledged the overbroadness of their proposed gag order, noting in their reply brief that "[i]n retrospect, the medical defendants recognize that the relief requested in the 3/28/13 Radomisli letter could have been worded more carefully."  Def. Reply at 3.

---

case; to the contrary, Rule 3.6 specifically provides for certain circumstances under which an attorney is permitted to speak about a pending case with the press.  See id. at 3.6(c) & (d).  Moreover, "the appropriate remedy for any violation of Rule 3.6 is a disciplinary complaint, not a protective [or gag] order in this case."  Munoz v. City of New York, No. 11 Civ. 7402 (JMF), 2013 WL 1953180, at *1 (S.D.N.Y. May 10, 2013).

Given the lack of evidence supporting the necessity of the "blanket prior restraint" that would be entailed by the proposed Gag Order, the Medical Defendants have failed to overcome the "heavy presumption against [the] constitutional validity," of the type of restraint sought. Salameh, 992 F.2d at 446-47.

The Medical Defendants' citation to Rule 3.6 of the New York Rules of Professional Conduct ("Rule 3.6") is also unavailing. Rule 3.6 prohibits, *inter alia*, an attorney from making extrajudicial statements that are likely to prejudice a matter in which the attorney is participating. Id. at 3.6(a). However, Rule 3.6 specifically provides for certain circumstances under which an attorney is permitted to speak about a pending case with the press, see id. at 3.6(c) & (d), and therefore does not support the Medical Defendants' request for a blanket gag order prohibiting any and all speech "regarding" the instant case. Moreover, Rule 3.6 is inapposite because "the appropriate remedy for any violation of Rule 3.6 is a disciplinary complaint, not a protective [or gag] order in this case." Munoz v. City of New York, No. 11

7

Civ. 7402 (JMF), 2013 WL 1953180, at *1 (S.D.N.Y. May 10, 2013).

**The Request For A Protective Order Is Granted**

Subsection (c) of Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part:

> A party or any person from whom discovery
> is sought may move for a protective order,
> [and] [t]he court may, for good cause,
> issue an order to protect a party or
> person . . . [by] specifying terms . . .
> for the disclosure or discovery.

Fed. R. Civ. P. 26(c)(1)(B).

In the instant motion, the Medical Defendants have requested the issuance of a protective order pursuant to Rule 26(c) that "prohibit[s] the plaintiff and his counsel from . . . disseminating information and documents (e.g., defendant deposition transcripts) learned or obtained in the course of discovery to outside parties."  Def. Reply at 3-4.

8

As opposed to the Gag Order requested by the Medical Defendants, an order pursuant to Rule 26(c) "prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984).  Rather, such an order may be issued provided (i) the order is limited to the context of pretrial civil discovery, (ii) the order does not restrict the dissemination of information if gained from other sources, and (iii) there is a showing of good cause as required by Rule 26(c). Id. at 37.  "[I]t is the burden of the party seeking the order to show that good cause exists for issuance of the order." Mazzocchi v. Windsor Owners Corp., No. 11 Civ. 7913 (LBS), 2012 WL 3288240, at *9 (S.D.N.Y. Aug. 6, 2012) (quoting Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004)) (quotation marks and alterations omitted).

The plain language of the proposed Protective Order satisfies the first two requirements.  The salient question, therefore, is whether the Medical Defendants have satisfied their burden of establishing that there is "good cause" to issue such an order.

9

There is a split within the district courts of this
Circuit as to the showing necessary to establish that good
cause exists.  Some courts have held that "[t]he party
opposing disclosure must make a *particular and specific
demonstration of fact* showing that disclosure would result in
an injury sufficiently serious to warrant protection[, and
thus] broad allegations of harm unsubstantiated by specific
examples or articulated reasoning fail to satisfy the test."
In re Parmalat Sec. Litig., 258 F.R.D. 236, 244 (S.D.N.Y.
2009) (emphasis added); see also id. at n. 4 (describing split
within this Circuit).  Other courts, however, have "dispensed
with the specificity requirement, only demanding that the
moving party show good cause."  Topo v. Dhir, 210 F.R.D. 76,
77 (S.D.N.Y. 2002).[3]


Although the Second Circuit has not directly
addressed this matter, it has issued several opinions that
cite to Rule 26(c)'s good cause requirement without noting an
attendant specificity requirement.  See Dove v. Atl. Capital
Corp., 963 F.2d 15, 19 (2d Cir. 1992); Penthouse Int'l, Ltd.

---

[3] The same split exists on an inter-circuit level as well.  See
In re Parmalat, 258 F.R.D. at 244 n. 4 (recognizing circuit
split as to "the specificity of proof necessary for good cause
under Rule 26(c)").

v. Playboy Enters., Inc., 663 F.2d 371, 391 (2d Cir. 1981).
Moreover, "[t]he majority of the courts within this district
have only used the specificity requirement . . . when dealing
with protective orders seeking to prevent injury to business.
Topo, 210 F.R.D. at 78 (collecting cases).  Here, the Medical
Defendants have requested a protective order to avoiding
prejudicing the potential jury pool and thereby jeopardizing
the Medical Defendants' right to a fair trial.  See Def. Reply
at 4.  Accordingly, in the instant case the weight of
authority militates against requiring "a particular and
specific demonstration of fact," In re Parmalat, 258 F.R.D. at
244, in order to establish the requisite good cause.

        In support of their contention that the Protective
Order is merited in order to prevent jury bias, the Medical
Defendants have cited to a news article quoting Plaintiff's
father, wherein the father "is specifically quoted as having
said that he and his son replaced his attorneys because they
'want[ed] a more media-driven, public airing,' in contrast to
his former attorneys who were litigating this case 'in the
traditional manner – through the courts.'"  Def. Reply at 1
(quoting Def. Mem., Ex. A).  In addition, as evidence that
"the plaintiff and his attorneys are affirmatively seeking out

11

the press in an effort to prosecute their case," the Medical

Defendants have referenced "an abundance of press releases"

from Plaintiff's counsel, as well as "a Twitter account and an

on-line Blog [intended] to increase the case's on-line

presence and amass 'support'" for the Plaintiff.  Def. Mem. at

2.  Finally, the Medical Defendants have referenced a news

article quoting one of Plaintiff's attorneys as having

commented as follows regarding defendant Dr. Isakov's

treatment of Plaintiff while Plaintiff was detained in Jamaica

Hospital's psychiatric ward:

> This was supposed to be an independent
> medical examination . . . This doctor
> [i.e., Dr. Isakov] is not supposed to make
> his decisions based on what the Police
> Department says.

Def. Mem., Ex. B.  As the Medical Defendants note, this

comment goes directly to an issue that is "at the heart of

plaintiff's case against the medical defendants."  Def. Reply

at 5.


    Based upon the above, the Medical Defendants have

shown good cause for limiting the public disclosure of *certain*

materials produced during the course of pre-trial discovery

12

that, if released to the public, may tend to jeopardize the Medical Defendants' constitutional right to a fair trial. However, the Medical Defendants have failed to show why good cause exists with respect to *all* "information and documents . . learned or obtained in the course of discovery . . . ." Def. Reply at 4-5.

Accordingly, the Medical Defendants are directed to submit to the Court a (i) proposed protective order specifically identifying the "information and documents" whose disclosure they propose to be restricted, and (ii) an accompanying letter explaining why the public disclosure of each of the identified pieces of information and/or documents would raise a concern regarding the Medical Defendants' ability to receive a fair trial by jury.[4]

---

[4] To avoid the possibility of negating its very purpose, the letter shall be filed under seal.

13

## Conclusion

      Based upon the conclusions set forth above, the Medical Defendants' motion is denied with respect to their request for a gag order, and granted with respect to their request for a protective order, pursuant to the provisions set forth above.

      It is so ordered.

New York, NY
August 24, 2013

ROBERT W. SWEET
U.S.D.J.

14