

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

**Suzanna P. Mettham**
*Assistant Corporation Counsel*
phone: (212) 356-2372
fax: (212) 788-9776
smettham@law.nyc.gov

September 9, 2013

**BY ECF**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: <u>Schoolcraft v. The City of New York, et al.</u>
      10-CV-6005 (RWS)

Your Honor:

  I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent City Defendants in the above-referenced matter. City Defendants write in further support of their letter dated August 21, 2013 regarding certain of plaintiff's discovery deficiencies and request that this Court order plaintiff to show cause why he has failed to comply with this Court's Orders to produce the requested documents and information on April 10, 2013 and June 6, 2013, and further to provide a service address for Larry Schoolcraft, plaintiff's father. City Defendants again state that they repeatedly attempted to avoid Court intervention, but plaintiff's failure to respond to the City Defendants' correspondence on the matter necessitated the August 21, 2013 letter.

  City Defendants further request until next Wednesday, September 18, 2013 to reply to plaintiff's affirmative claims for relief as outlined in his September 9, 2013 letter, as plaintiff failed to meet and confer with City Defendants, and City Defendants believe that much of the relief requested can be agreed on by the parties, or at least narrowed in advance of this Court's involvement.

**Plaintiff's September 9, 2013 Affirmative Motions Against City Defendants**

  By way of background, plaintiff sent a letter by email to City Defendants after the close of business on Friday, August 30, 2013 regarding certain items that he wished to have returned and regarding over 1,500 pages of documents for which he wished to have the Attorneys' Eyes Only Designation removed. The following Monday, September 2, 2013 was Labor Day, and the Rosh Hashanah holiday followed thereafter at sundown on Wednesday, September 4, 2013. City Defendants were in the process of responding to plaintiff's letter when the instant submission to the Court was sent without any notice whatsoever. Based on the holidays last week, City Defendants have not have a full and fair opportunity to review and consider the thousands of pages of Attorneys' Eyes Only designated documents that plaintiff would like to have de-

designated. Moreover, plaintiff did not meet and confer with City Defendants as required under the Federal Rules before filing the letter with the Court, and further, has not satisfied the meet and confer requirements as required under the Attorneys' Eyes Only Stipulation. Therefore, City Defendants request until Wednesday, September 18, 2013 to respond to plaintiff's affirmative requests for relief.

### City Defendants' Reply in Further Support of Their August 21, 2013 Motions to Compel

Frank Pallestro and Adhyl Polanco

With regard to requests for discovery regarding Frank Pallestro and/or Adhyl Polanco, plaintiff again states that "*other than information already provided*, Officer Schoolcraft has no additional information." Plaintiff's Sept. 9, 2013 Letter at 6 (emphasis added). However, as described in City Defendants' August 21, 2013 motion to this Court, plaintiff has *never* provided any information regarding Officer Frank Pallestro. Therefore, City Defendants merely ask that plaintiff certify in writing that he has *no* relevant documents, or in the alternative, point City Defendants to documents previously produced.

Deposition Responses

City Defendants note that plaintiff *for the first time* indicated in his September 9, 2013 letter that the reason he could not respond to specific questions from the deposition with reference to a specific recording was because City Defendants had not identified each individual question that needed to be answered. To the extent that plaintiff *replied* to the Court order with general responses belies plaintiff's claims that he was confused about what questions needed to be answered. Had plaintiff truly no idea what responses were required, it is unclear how or why plaintiff responded in *any manner* to the discovery demand. Nevertheless, City Defendants list the questions and answers to which they are referring as follows: 38:8-13; 38:14-25; 44:25-45:3; 45:4-8; 45:9-19; 50:14-21; 56:4-14; 67:9-25; 69:5-10; 71:7-19; 73:4-7; 73:19-74:4; 75:3-17; 77:18-78:4; 79:14-20; 80:24-81:2; 81:9-17; 81:18-82:3; 82:4-18; 83:12-13; 121:1-5; 216:15-217:1; 224:24-225:12; 229:18-24. City Defendants therefore request that the Court order plaintiff to particularly identify which *specific recordings* are in response to the aforementioned specific questions presented by City Defendants, and/or to which *specific recording* plaintiff was referring in responding to questioning during plaintiff's October 11, 2012 deposition.

With respect to plaintiff's request for sanctions, this request is baseless. Had plaintiff simply complied with the Court's Order at the very outset, there would be no need for the exchange of letters on this topic. Instead, it is plaintiff who has chosen to engage in "wheel spinning exercises" which does not entitle him to any cost shifting.

Larry Schoolcraft

City Defendants dispute that plaintiff stated on July 25, 2013 that "the address for Officer Schoolcraft's father was the same address as the one contained in the discovery materials in this case." Plaintiff's Sept. 9, 2013 Letter at 6. Nevertheless, it is a red herring that plaintiff cannot point to a single document so stating this, or to a piece of discovery that has the appropriate service address to which plaintiff is referring. City Defendants merely ask that plaintiff provide, in writing, a service address for plaintiff's father. Though we agree that Court involvement should not have been required for such a matter, plaintiff has refused, and continues to refuse such a simple and reasonable request.

## Conclusion

For the reasons stated above, City Defendants respectfully request that the Court order plaintiff to show cause why he has not provided documents that he previously represented to the Court that he would produce or information that this Court ordered him to provide. City Defendants further respectfully request that the Court order plaintiff to provide City Defendants with a current service address for Mr. Larry Schoolcraft, or that plaintiff be precluded from calling Larry Schoolcraft as a witness at trial. Finally, City Defendants request until Wednesday, September 18, 2013 to respond to plaintiff's affirmative requests for relief in an attempt to narrow the issues for the Court's consideration in advance of that date.

City Defendants thanks the Court for its time and consideration of these requests.

Respectfully submitted,

Suzanna Publicker Mettham
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Nathaniel Smith (By ECF)
*Attorney for Plaintiff*

Gregory John Radomisli (By ECF)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*

Brian Lee (By Fax ECF)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*

Bruce M. Brady (By ECF)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*

Walter A. Kretz, Jr.  (By ECF)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*