LAW OFFICE OF
# NATHANIEL B. SMITH
ATTORNEY AT LAW
111 BROADWAY
NEW YORK, NEW YORK 10006

NATHANIEL B. SMITH

TEL: (212) 227-7062
FAX: (212) 346-4665

September 9, 2013

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 1007

>  *Schoolcraft v. The City of New York, et al.,*
>  *10-cv-6005 (RWS)*

Dear Judge Sweet:

I am writing to Your Honor to request that the Court enter an order permitting the plaintiff, Officer Adrian Schoolcraft, to review materials that have been designated by the City Defendants as subject to the attorney's-eyes-only limitation, including numerous statements by witnesses and by individual defendants taken by the NYPD during the course of its internal investigation of the claims asserted by Officer Schoolcraft. In addition, I write to request that the Court order the City Defendants to return to Officer Schoolcraft all of his personal property that was taken from him on and after October 31, 2009, when he was unlawfully arrested and imprisoned at Jamaica Hospital by the NYPD. Finally, I write to respond to the August 21, 2013 letter from the City Defendants' counsel regarding the discovery that the plaintiff has recently provided to the City Defendants.

*The Attorney's-Eyes-Only Limitation*

On October 4, 2012, the Court executed a Protective Order that permitted the designation of certain document discovery on an attorney's-eyes-only basis (hereinafter "AEO"). A copy of the Protective Order is attached as Exhibit A.

The AEO Protective Order states that the City Defendants deemed certain documents as highly sensitive and confidential, including, as examples, arrest records protected under N.Y.C.P.L 160.50, documents implicating privacy interests and safety concerns of non-parties, and documents subject to the investigative, law enforcement, and deliberative process privileges. (*Id.* at p.1; second whereas clause.) Where the City Defendants believe that there is good cause under FRCP 26(c) for a AEO designation, the Protective Order permits the City Defendants to designate as AEO certain personnel and disciplinary records of NYPD members and certain documents pertaining to investigations of NYPD members, subject to a challenge to that designation. (*Id.* ¶ 2 at pp. 2-3.) To resolve any disputes over that designation, the Protective Order provides that the plaintiff must object to the AEO designation in writing within 60 days and then the parties must seek to resolve the objection in good faith. If the objection cannot be resolved, the Protective Order provides that the City Defendant must move for an order approving of its AEO designations. (*Id.* ¶ 5 at p.4.)[1]

Five days after the Protective Order was entered, on October 9, 2012, the City Defendants produced an extensive amount of material subject to the AEO designation. Attached as Exhibit B is the City Defendants' transmittal letter, identifying Internal Affairs Bureau ("IAB") interviews of 44 witnesses and parties in this action as subject to the AEO limitation. (Exhibit B at pp. 1-2.) As a result of these designations, Officer Schoolcraft has been prohibited from reviewing the transcripts and memoranda pertaining to these witness and party statements as well as the actual tape recordings of the IAB interviews of these witnesses and parties. (*Id.*)

When the City Defendants refused to consent to lift the AEO designation, Officer Schoolcraft's prior counsel, Jon L. Norinsberg, wrote to the Court on

---

[1] The operative language of the Protective Order contains a typographical error stating that it is the plaintiff's obligation to seek an order approving the AEO designation, but the context makes clear that it is the City Defendant's obligation to seek the order approving the designation. The last two sentences of paragraph 5 state: "If plaintiff objects to the designation of particular documents as "Confidential Materials-Attorneys' Eyes Only" plaintiff shall state such objection in writing to the defendants within 60 days of receipt, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, the plaintiff [sic, the defendant] shall move for an order approving such designation." *Id.* ¶ 5 at p. 4.

October 18, 2012, seeking an order permitting Officer Schoolcraft access to the AEO materials. A copy of Mr. Norinsberg's October 18, 2012 letter to the Court together with its exhibits is attached as Exhibit C. The City Defendants' October 26, 2012 response is attached as Exhibit D.

On November 7, 2012, the Court conducted a conference on the AEO application and other matters in this action. Based on subsequent correspondence, I understand that the Court told the parties that Officer Schoolcraft should, at the very least, be permitted to review the witness and party statements and directed the parties to work in good faith to reach agreement on the matter. Later that month, however, Mr. Norisberg was relieved as counsel for Officer Schoolcraft, and the matter was not raised for several months while Officer Schoolcraft was in the process of obtaining the undersigned as new counsel.[2]

On July 25, 2013 and on August 22, 2103, while the attorneys for all parties were discussing the new discovery plan for this action, I raised again the issue about the AEO limitation with counsel for the City Defendants and was told that I should designate the specific documents that I believed Officer Schoolcraft had a right to review. On August 30, 2013, I sent the City Defendants a letter requesting that the documents and the tape recording limitation be lifted. That letter is attached as Exhibit E.

Although this AEO request has been outstanding for a substantial period of time and notwithstanding the Court's prior statements about lifting the AEO limitation, the City Defendants have not provided any kind of response to my requests in July and August to permit Officer Schoolcraft to review the AEO materials. Indeed, pursuant to the Discovery Plan executed by the Court on August 30, 2013 (Docket # 162; entered September 5, 2013), depositions in this action will be going forward at the end of his month and the beginning of next month. As such, further delay by the City Defendants compounds the unfairness to Officer Schoolcraft by precluding him from reviewing witness and party statements.

There is no basis in the law for sustaining the AEO designations by the City Defendants. Under Rule 26(c) of the Federal Rules of Civil Procedure, the party seeking to depart from the general rule of openness and transparency in the judicial

---

[2] It should be noted that one of the reasons that Mr. Norisberg was relieved by Officer Schoolcraft was because Mr. Norisberg agreed to enter into the AEO limitation without Officer Schoolcraft's knowledge or consent.

LAW OFFICE OF
NATHANIEL B. SMITH

process has the burden of showing that good cause exists for the issuance of a protective order. *Gamble v. Deutsche Bank*, 377 F. 3d 133, 142 (2d Cir. 2004); *see also Schiller v. City of New York*, 2007 U. S. Dist. Lexis 4285 at *16-17 (S.D.N.Y. Jan. 17, 2007) (party seeking to sustain confidentiality designation has the burden of proving good cause where the parties entered into a stipulated protective order that provides a mechanism for challenging a designation; rules for "modification" of an existing protective order do not apply). And the good cause required to shield the disclosure of evidence cannot be satisfied based on generalized or conclusory assertions of need or harm. Instead, good cause must be based on particular and specific demonstrations of facts showing that "disclosure will result in a clearly defined, specific and serious injury." *Schiller, at supra,* p.*17 (quoting *In re Terrorist Attacks*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)); *see also Haven v. Metropolitan Life Ins. Co.,* 1995 U. S. Dist. Lexis 5183 at * 29 (S.D.N.Y. April 20, 1995) (specific facts required); *Allen v. City of New York,* 420 F. Supp. 2d 295, 302 (S.D.N.Y. 2006) (disclosure must threaten a clearly defined and serious injury).

In this case, the City Defendants failed to seek an order approving of their AEO designations, as required by the terms of the Protective Order; they have repeatedly failed to address requests to lift the limitation; and they have failed to identify any specific harm that could arise from disclosure. As such, the Court should find that all of the AEO designations should be lifted. In addition, as noted by Officer Schoolcraft's prior counsel, the AEO designations should be lifted because they were created for the purpose of permitting discovery to proceed while the City Defendants undertook discovery on the issue of whether Officer Schoolcraft was the individual who provided Graham Raymond of the *Village Voice* with a report by the Quality Assurance Division of the NYPD. Since the City Defendants have failed to present or obtain any such evidence, the extraordinary AEO limitation ought to be removed. (*See* Exhibit C at pp. 1-2.)

In the City Defendants' October 26, 2012 response to Officer Schoolcraft's first application on the AEO issue (Exhibit D), the City Defendants claimed that Officer Schoolcraft failed to satisfy the standard for the "modification" of an existing protective order. (*Id.* at pp. 2-3.) That is a meritless argument because the Protective Order provides for a mechanism for resolving objections to AEO designations, and therefore, as a matter of law the Protective Order does not vitiate the City Defendants' burden of proving that its AEO designations satisfy the good cause requirement of FRCP 26(c). *Schiller, supra,* is directly on point.

LAW OFFICE OF
NATHANIEL B. SMITH

The other sundry justifications offered by the City Defendants in their October 26th letter also fail. Employment records of NYPD employees that are generally protected by the New York Freedom of Information Act do not contain the kind of truly sensitive information that could justify an AEO designation and there is an existing confidentiality order that should apply to that information. The City Defendants certainly failed to come forward with any specific harm that would result from any specific disclosure, as the law requires. In addition, "ongoing" investigations by the NYPD also do not merit AEO protection because those investigations have now been completed. Background checks on non-parties ought to be disclosed because that type of information is particularly relevant to a party's or a witness's credibility and motivations for testifying. Finally, concerns about the privacy of citizens who were the victims of criminal conduct or about personal medical information are bogus concerns because the City Defendants redacted that information even in the AEO documents that they produced to Officer Schoolcraft's attorneys.

Since the City Defendants utterly fail to provide any concrete facts showing any specific harm that could result from disclosure, the AEO designations should be lifted. Fundamental notions of due process require that Officer Schoolcraft be permitted to review *all* the evidence in this case, including the witness and party statements, the IAB and QAD investigation files, the relevant employment records, and the witness and party background checks. There is no basis for claiming that Officer Schoolcraft leaked confidential information to the media in this case. Indeed, a recent book entitled *The NYPD Tapes* by Graham Raymond, the *Village Voice* reporter who obtained the QAD report that became the genesis for the AEO Protective Order, contains information that suggests that Mr. Raymond, like other New York City reporters covering the NYPD, has confidential sources inside the NYPD.

*Officer Schoolcraft's Personal Property*

I am also requesting that the Court order the City Defendants to return to Officer Schoolcraft all of his personal property that the NYPD took from him on or after October 31, 2009. Despite several requests, the City Defendants have simply refused to give him back his property, which includes the tape recorder that he used to record various of the key events in this action, various papers that were in his apartment the night he was unlawfully arrested, and his father's rifle. When I specifically raised this request on July 25, 2013 with counsel for the City Defendants no justification for keeping Officer Schoolcraft's property was

provided and, as noted above, the City Defendants have ignored my August 30th letter, which reiterated this request.

*The City Defendants' Discovery Letter*

The City Defendants claim in their August 21, 2013 letter to the Court that Officer Schoolcraft has failed to comply with his discovery obligations. The City Defendants claims are meritless.

We have already stated in writing that, other than the information already provided, Officer Schoolcraft has no additional information pertaining to retaliation against Officers Pallestro and Polanco. That ought to be the end of the matter, yet the City Defendants persist with this meritless application that can only be designed to make work for opposing counsel and impose needless (and endless) discovery burdens on the plaintiff.

In addition, on July 25th I informed counsel for the City Defendants that the address for Officer Schoolcraft's father was the same address as the one contained in the discovery records in this case. Thus, the City Defendants complain about not being provided with information that they already have.

Finally, the City Defendants complain that our amplification of Officer Schoolcraft's deposition testimony about the contents of the numerous tape recordings is not sufficient. The City Defendants' complaints, which are of their own making, are as endless as they are meritless. During the course of a poorly organized examination of Officer Schoolcraft, he testified that many of the specific areas that the City Defendants were asking about were contained in the numerous tape recordings that are a substantial part of this action's discovery record.

Earlier this summer, the City Defendants requested that Officer Schoolcraft review his deposition and provide further specificity as to which tapes contained information about the various subject matters he was asked about during his deposition. The City Defendants did *not* identify any specific questions that they claimed needed further amplification; indeed, as noted above, the examination was so poorly organized and conducted that any such specificity was impossible. Accordingly, we reviewed the transcript, and reviewed the tapes over a sustained period of time, and then provided in good faith the amplification that we believed was required. (*See* Response to Court Order, dated July 1, 2013; attached as Exhibit A to the City Defendants' August 21, 2013 letter.)

Law Office of
Nathaniel B. Smith

7

Now the City Defendants claim that Officer Schoolcraft failed to provide specific answers to "specific" questions. As noted above, the City Defendants in their first request did not identify any specific questions that needed amplification. Moreover, in this second request for the same information the City Defendants again fail to point to any *specific* question that needs to be answered. And that is precisely because the substance of the information has been provided and the City could not, did not and has not pointed to any specific question that remains unanswered. Thus, the City Defendants are simply seeking to burden the plaintiff with wheel-spinning exercises that have no good faith element to them. We ask the Court to inform the City Defendants that meritless discovery complaints are subject to cost-shifting under Rule 37 of the Federal Rules of Civil Procedure.

\*   \*   \*

The AEO designations should be lifted because Officer Schoolcraft has a right to review the statements of witnesses and parties and the other evidence in the record, and the genuinely sensitive information about arrestees and about employee medical histories have already been redacted. His property should be returned to him because no justification for keeping it exists. And the City Defendants discovery complaints should be dismissed with a warning that sanctions can be imposed for meritless applications. Attached as Exhibit F is a proposed order resolving these letter applications.

Respectfully submitted,

Nathaniel B. Smith

By Hand
cc: All Counsel by email