*Sweet, J*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ADRIAN SCHOOLCRAFT,

Plaintiff,

**STIPULATION AND
PROTECTIVE ORDER FOR
ATTORNEYS EYES ONLY**

THE CITY OF NEW YORK, et al.

Defendants.                    10 CV 4228 (RWS)

-----------------------------------------------------------------X              6005

**WHEREAS**, plaintiff seeks certain documents from defendants the City of New York, and NYPD defendants Deputy Chief Michael Marino, Assistant Chief Gerald Nelson, Deputy Inspector Steven Mauriello, Captain Theordore Lauterborn, Lieutenant Joseph Goff, Sgt. Frederick Sawyer, Sergeant Kurt Duncan, Lieutenant Christopher Broschart, and Sergeant Shantel James, (collectively referred to herein as "City Defendants") in discovery in this action, documents which City Defendants deem confidential;

**WHEREAS**, the City of New York deems certain of these documents, which include information regarding non-parties to this litigation that is or may be sealed pursuant to N.Y. C.P.L. §160.50, that implicates the privacy interests and safety concerns of non-parties to this action, that is of a confidential and sensitive nature, that is subject to the investigative, law enforcement, and deliberative process privileges;

**WHEREAS**, the production of documents subject to the Attorneys' Eyes Only Stipulation and Protective Order is not a waiver of the abovementioned privileges;

**WHEREAS**, the City of New York objects to the disclosure of this information and production of any documents containing this information unless appropriate protection for the confidentiality of such information is assured;

**WHEREAS**, the City of New York has previously produced records to pursuant to a



**EXHIBIT**

**A**

ALL-STATE LEGAL®

Confidentiality Agreement, which was so-ordered by the Court on March 12, 2012, and which governs the disclosure of confidential materials in this action; and

**WHEREAS,** the City of New York wishes to ensure that the production of any additional confidential documents produced during discovery will not be disclosed to any third parties, including the plaintiff and any individually named defendants in this action, unless and until such disclosure is expressly authorized by the Court; and

**WHEREAS,** all parties to this action wish to proceed forward with discovery in an expeditious and timely manner, without any further delays:

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiff and defendants, as follows:

1.      Until such time as the Court orders otherwise, the production of any confidential information from this point onward should be for ATTORNEYS' EYES ONLY, and should be disseminated only to plaintiff's and defendants' counsel, to investigators working for and at the direction of plaintiff's and defendants' counsel, and to expert witnesses who may in the future be retained and work for and at the direction of plaintiff's and defendants' counsel;

2.      As used herein, "Confidential Materials-Attorney's Eyes Only" shall mean all documents and the information contained therein as to which a party believes good cause under Fed. R. Civ. P. 26(c) exists for limiting public access. Subject to any challenge that may be brought under this order, City defendants shall designate as "Confidential Materials-Attorney's Eyes Only" all documents and the information contained therein relating to personnel of the New York City Police Department ("NYPD"), other than plaintiff in this action, except where otherwise specified in subsection (a), including, but not limited to, (a) (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the

Civilian Complaint Review Board, or other agencies; (b) files maintained by the NYPD's Quality Assurance Division ("QAD") with respect to any investigation, including but not limited to plaintiff; (c) personnel files and the information contained therein including, but not limited to, information regarding, promotions, discipline, evaluations; (d) copies of any documents containing information about any actual or potential personnel action taken with respect to personnel of NYPD other than plaintiff in this action, including, but not limited to, copies of investigation files, disciplinary files, Employee Management Division ("EMD") files; (e) Civilian Complaint Review Board Records; (f) any other documents identified by City defendants as confidential under the "good cause" standard of Fed. R. Civ. P. 26(c).; (g) any documents that the Court directs to be produced subject to this order; (h) any testimony concerning subsection (a), (b), (c), (d), (e), (f), and (g) and documents and the information contained therein; and (i) any other documents that the defendants may in the future in good faith deem "Confidential Materials-Attorneys' Eyes Only" pursuant to this Order because of privacy, security, law enforcement, or governmental interests.

     3.    Documents and information shall not be deemed "Confidential Materials-Attorneys' Eyes Only" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants; (b) obtained by plaintiff from defendants but not designated "Confidential Materials – Attorneys' Eyes Only" (c) are otherwise publicly available, or (d) if this Order or any Confidentiality Order in this case is superseded by Order of the Court.

     4.    The "Confidential Materials – Attorneys' Eyes Only" shall not be disclosed to any of the parties to this action until such time these documents become publicly available or ordered by the Court.

     5.    The defendants shall designate in good faith particular documents "Confidential Materials-Attorneys' Eyes Only" by labeling such documents "Confidential Materials-Attorneys'

Eyes Only" and/or by designating such documents by Bates Number in a writing directed to plaintiff's counsel. The City Defendants shall have a reasonable time to inspect and designate as "Confidential Materials-Attorneys' Eyes Only" documents sought by subpoena from third parties that are represented by the Office of Corporation Counsel of the City of New York, and such documents, if produced to plaintiff, shall be treated as "Confidential Materials-Attorneys' Eyes Only" during such reasonable period. If plaintiff objects to the designation of particular documents as "Confidential Materials-Attorneys' Eyes Only" plaintiff shall state such objection in writing to the defendants within 60 days of receipt, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the plaintiff shall move for an order approving such designation.

6.     Neither plaintiff, plaintiff's attorney, nor the Co-Defendants or their attorneys in this matter shall use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case or defendants' defense in this action. In addition, any party may use the Confidential Materials for cross-examination or impeachment purposes, and Confidential Materials maybe used in support of, or opposition to, any summary judgment motions, provided that the Confidential Materials are appropriately redacted for ECF filing, pursuant to the provisions of paragraph 6, *infra.* To the extent that confidential records are used by either side in the trial of this action such records shall no longer be deemed confidential under the terms of this agreement and maybe used by any party without restriction. A party intending to use any confidential records at trial shall provide prior notice of intent to use the confidential records to all other parties, and provide the all other parties the opportunity to address the Court regarding whether documents should be excluded from evidence or admitted only in redacted form.

7.     Plaintiff's attorneys shall not disclose the "Confidential Materials-Attorneys' Eyes Only" to any person who is not a member of the staff of their law office, an investigator

working at the direction of plaintiff's counsel, or to expert. In the event a conflict arises between the parties as to whether plaintiff's attorneys may disclose the information or documents to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the "Confidential Materials-Attorneys' Eyes Only", plaintiff's attorneys agree not to do so until such time that the parties can obtain a ruling from the Court in this regard. Before any disclosure is made to any investigator and/or expert witness, plaintiff's attorneys shall provide each person with a copy of this Stipulation and Protective Order for Attorneys' Eyes Only", and such person shall consent in writing, in the form annexed hereto as Exhibit "A", not to use the Confidential Materials for any purpose other than in connection with their own work performed in connection with this case, and not to further disclose the "Confidential Materials-Attorneys' Eyes Only". The signed consent shall be retained by plaintiff's attorneys and copies provided to counsel for the defendants upon written request for same.

8.      Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

9.      If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY

This envelope contains documents or information designated
confidential pursuant to an order entered by the United States
District Court for the Southern District of New York in the
above-captioned action. This envelope shall not be opened or
unsealed without the express direction of a judge of this
Court, and its contents shall not be displayed or revealed
except as the Court may order. This envelope and its contents
shall at all times be maintained separate and apart from the
publicly available files of this case.

10. With the exception of any documents or deposition testimony which are used
during the trial of this action or otherwise no longer deemed Confidential Materials by the Court,
as authorized in this agreement, the parties agree that within thirty (30) days after the termination
of this case (including any appeals) or upon written request of the City Defendants, whichever is
later, the Confidential Materials, including all copies, notes, and other materials containing or
referring to information derived therefrom, shall be returned to City defendants' attorney or,
upon their written consent, destroyed, and all persons who possessed such materials shall verify
their return or destruction by affidavit or certification furnished to City defendants' attorney;
plaintiff's and Co-Defendants' attorneys shall represent that all Confidential Materials have been
returned; provided that notes and other materials that are or contain the work product of
attorneys may be retained. However, any such retained work product shall not be used by said
attorneys for any purposes unrelated to this litigation.

11. Should the City Defendant's produce any Confidential Materials that have
portions redacted for privilege grounds, such documents or materials shall be accompanied by a
log describing the contents of the redacted portions and the grounds on which the City
Defendants are redacting such portions of the materials so that the parties can properly raise
objections to said redactions with the City Defendants. If such objection cannot be resolved
without the Court's involvement, then any party may move for an order removing such

redactions. Nothing in this Stipulation and Protective Order shall prevent plaintiff's counsel from making an application to the Court in the matter of <u>Stinson, et al. v. City of New York, et al.</u>, 10-Civ.-4228 (RWS), or any other matter against the City of New York, for disclosure of materials that would otherwise be subject to this Protective Order.

12.     The parties may seek modification of this Stipulation and Protective Order, and the parties may seek review of confidentiality designations under this Order by application to the Court for good cause shown at anytime during the course of this litigation.

13.     Facsimile signatures or signatures transmitted electronically shall have the same force and effect as if signed in the original.

14.     This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

15.     Nothing in this Stipulation and Protective Order shall be construed to limit City Defendants' use of the Confidential Materials in any manner.

Dated:      September 19, 2012
            New York, New York

JON L. NORINSBERG (JN2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5396
Norinsberg@aol.com

COHEN & FITCH, LLP
Gerald Cohen (GC0414)
Joshua Fitch (JF2813)
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

Suzanna Publicker (SP1005)
Assistant Corporation Counsel
MICHAEL CARDOZO
Office of the Corporation Counsel
of the City of New York
Attorney for CITY DEFENDANTS
100 Church Street, Room 3-200
New York, NY 10017
(212) 788-1103
spublick@law.nyc.gov

Bruce M. Brady (BMB4816)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
Attorneys for Defendant
DR. LILIAN ALDANA-BERNIER
1 Whitehall Street
New York, NY 10004-2140
(212) 248-0115
bbrady@ckbblaw.com

Walter A. Kretz, Jr.
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
Attorney for Defendant Steven Mauriello
444 Madison Avenue, 30th Floor
New York, NY 10022
wakretz@seiffkretz.com

Gregory J. Radomisli (GJR2670)
MARTIN, CLEARWATER
& BELL, LLP
Attorneys for Defendant
JAMAICA HOSPITAL
220 East 42nd Street
New York, NY 10007
(212) 697-3122
radomg@mcblaw.com

Brian E. Lee (BL9495)
IVONE, DEVINE & JENSEN, LLP
Attorneys for Defendant
ISAK ISAKOV, M.D.
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042
(516) 326-2400
brianlee@idjlaw.com

SO ORDERED:

U.S. D.J.    10-3-12

## EXHIBIT A

The undersigned hereby acknowledges that he is an investigator and/or expert witness working for and at the direction of plaintiff's or defendant's counsel in the action title Schoolcraft v. City of New York, et al., 10 CV 4228 (RWS), has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on September 19, 2012, in that action, and understands the terms thereof. The undersigned agrees not to use materials designated "Confidential Materials-Attorneys' Eyes Only" as defined therein for any purpose other than to locate non-party witnesses in connection with the prosecution or defense of this case, and will not further disclose such information.

Date

Signature

Print Name

Occupation



THE CITY OF NEW YORK
# LAW DEPARTMENT

MICHAEL A. CARDOZO
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

SUZANNA PUBLICKER
*Assistant Corporation Counsel*
E-mail: spublick@law.nyc.gov
Phone: (212) 788-1103
Fax: (212) 788-9776

October 9, 2012

**VIA HAND DELIVERY**
Jon L. Norinsberg, Esq.
*Attorney for Plaintiff*
225 Broadway, Suite 2700
New York, New York 10007

Cohen & Fitch, LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, New York 10279

      Re:  Schoolcraft v. The City of New York, et al.
           10 CV 6005 (RWS)

Counsel:

      In accordance with defendants' continuing obligation under F.R.C.P. 26(e), enclosed please find additional documents responsive to Plaintiff's First and Second Sets of Requests for Production of Documents, bearing Bates Nos. NYC 3789 through NYC 7496. Please note that documents bearing Bates Nos. NYC 3789 through NYC 3823; NYC 00004587 through NYC 00006112; NYC 7492 through NYC 7493; and NYC 7495 through NYC 7496 are being produced subject to the attorney's eyes only stipulation and protective order, endorsed by the Court on October 5, 2012. Documents bearing Bates Nos. NYC 00003824 through NYC 00004586 and NYC 7450 through NYC 7491 are being produced subject to the confidentiality stipulation and protective order, endorsed by the Court on October 5, 2012.

| Document Description | Bates Stamp No. | Confidentiality |
|---|---|---|
| 1. IAB CD titled 101A PO Mohabir | NYC 3789 | AEO |
| 2. IAB CD titled 102A PO Gaspari | NYC 3790 | AEO |
| 3. IAB CD titled 103A PO Nowacki | NYC 3791 | AEO |
| 4. IAB CD titled 104A PO Visconi | NYC 3792 | AEO |
| 5. IAB CD titled 105A PO Drakakis | NYC 3793 | AEO |
| 6. IAB CD titled 106A PO Reyes | NYC 3794 | AEO |
| 7. IAB CD titled 108A Lt. Crawford | NYC 3795 | AEO |



EXHIBIT

| 8. IAB CD titled 109A Sgt. Scanlar | NYC 3796 | AEO |
| 9. IAB CD titled 110B Sgt. Duncan | NYC 3797 | AEO |
| 10. IAB CD titled 111A PO Gough | NYC 3798 | AEO |
| 11. IAB CD titled 113A Det. Barbara | NYC 3799 | AEO |
| 12. IAB CD titled 114A Sgt. Hawkin | NYC 3800 | AEO |
| 13. IAB CD titled 128A Captain Lauterborn | NYC 3801 | AEO |
| 14. IAB CD titled 131A (Side A)Chief Marino | NYC 3802 | AEO |
| 15. IAB CD titled 131A (Side B)Chief Marino | NYC 3803 | AEO |
| 16. IAB CD titled 146A DI Green | NYC 3804 | AEO |
| 17. IAB CD titled 147B PO Deck | NYC 3805 | AEO |
| 18. IAB CD titled 148A AC Nelson | NYC 3806 | AEO |
| 19. IAB CD titled 150B Lt. Caughey (Side A) | NYC 3807 | AEO |
| 20. IAB CD titled 150B Lt. Caughey (Side B) | NYC 3808 | AEO |
| 21. IAB CD titled 168A EMT Villaverde | NYC 3809 | AEO |
| 22. IAB CD titled 196A Sgt. Conwell | NYC 3810 | AEO |
| 23. IAB CD titled 197A PO Hurly | NYC 3811 | AEO |
| 24. IAB CD titled 198A Sgt. James | NYC 3812 | AEO |
| 25. IAB CD titled 199A PO Delafuente | NYC 3813 | AEO |
| 26. IAB CD titled 206A Det. Yeager | NYC 3814 | AEO |
| 27. IAB CD titled 207A Det. Salazar | NYC 3815 | AEO |
| 28. IAB CD titled 208A PAA Boston | NYC 3816 | AEO |
| 29. IAB CD titled 209A Sgt. Glaudino ESU | NYC 3817 | AEO |
| 30. IAB CD titled 217A PO Sadowski | NYC 3818 | AEO |
| 31. IAB CD titled 242A PAA Thompson | NYC 3819 | AEO |
| 32. IAB CD titled 243A Sgt. Weber | NYC 3820 | AEO |
| 33. IAB CD titled 244A PO Lewis | NYC 3821 | AEO |
| 34. IAB CD titled 278A PO Reyes | NYC 3822 | AEO |
| 35. IAB CD titled 279A Sgt. Gonzalez | NYC 3823 | AEO |
| 36. CD Containing Confidential Documents from IAB Investigation M09-1973 | NYC00003824-NYC00004586 | Confidential |
| 37. CD Containing AEO Confidential Documents from IAB Investigation M09-1973 | NYC00004587-NYC00006112 | AEO |
| 38. IAB CD titled 151A/152A Astor/Santana | NYC7492 | AEO |
| 39. IAB CD titled 156A Misty Schoolcraft | NYC7493 | AEO |
| 40. IAB CD titled 46A Schoolcraft Recordings | NYC7494 | Not Confidential |
| 41. IAB CD titled 157A Ewart Marshall | NYC7495 | AEO |
| 42. IAB CD titled 189A,B - P.O. Louis; 166A,B - P.O. Miller; 170A-D - P.O. Itwaru; 163A - P.O. Porter; 165A - Sgt. Gallina; 169A - Sgt. Rogers; 186A,B - PBBN IU 14 PGs | NYC7496 | AEO |

In accordance with both so-ordered stipulations and the Federal Rules of Civil Procedure, enclosed please also find a privilege log, identifying documents from the IAB case file that have been withheld on the basis of privilege.[1] Please note that for the documents provided under the assorted confidentiality designations, incidents reflecting charges of misconduct that predate the incident by more than ten years, and incidents that do not involve allegations of a similar nature to the allegations against the individual defendant officers in the complaint (Excessive Force, Unlawful Search and Seizure, Failure to Intervene, False Arrest, Malicious Abuse of Process, and Involuntary Commitment) or false statements have been redacted. All disciplinary and personnel files relating to non-party police officers have also been redacted. Additionally, pedigree information of defendants and non-parties have been redacted throughout.

Please note that City Defendants supplement their Responses and Objections to Plaintiff's Second Set of Document Requests, Document Requests Nos. 26 and 28 pertaining to IAB Case No. 558/10 regarding Defendant Marino and IAB Case No. 09-55089 regarding Defendant Lauterborn, to state, upon information and belief, that these investigations were consolidated into the larger IAB investigation into allegations regarding plaintiff Adrian Schoolcraft. Therefore, documents responsive to these requests can be found in the annexed documents. Further, in response to Document Requests Nos. 27, 30, and 36, also set forth in plaintiff's second set of discovery demands, City Defendants state, upon information and belief, that requested IAB Case Nos. 08-32052, 07-34586, and 08-15216 do not involve allegations of a similar nature to those alleged herein or false statements, and will therefore not be produced.

City Defendants had previously responded that they were continuing to search for information responsive to plaintiff's Document Requests Nos. 42-43 relating to Audio Recordings, Interview Memos, and/or DD5s from the Quality Assurance Division "investigation into downgrading and not reporting crimes as reported by Adrian Schoolcraft." Based upon a review of the relevant documentation, City Defendants maintain their objections set forth in their responses, including, but not limited to, the fact that the requests are overbroad, seek information not relevant to the subject matter of this lawsuit, is outside the scope of the complaint in this action, and seek information that is not reasonably calculated to lead to the discovery of admissible evidence. City Defendants further object to the extent that this request is unduly burdensome and seeks private and/or confidential information pertaining to non-parties to this action. As the final report from QAD has already been produced, City Defendants will not be producing the underlying investigative files.

Also enclosed herein are additional documents responsive to plaintiff's subpoena upon Councilman Peter Vallone, bearing Bates Nos. NYC 7450 through NYC 7491. Please note that because of sensitive information regarding non-party identities, these documents are being produced subject to the confidentiality stipulation and protective order, endorsed by the Court on October 5, 2012.

---

[1] Due to the size of the Internal Affairs Bureau case file, and the manner in which the documents therein were stored, logged, and categorized by City Defendants, documents withheld from the IAB Case File on the basis of relevance have also been identified in the annexed log. This in no way constitutes a commitment by City Defendants to provide a relevance log on either a retroactive or proactive basis in this litigation.

Finally, after a review of previously produced documents, City Defendants have removed the confidentiality designations of the following documents:

| Document Description | Bates Stamp No. | Confidentiality |
|---|---|---|
| Property Clerk Invoices | D000500-<br>D000501 | Not Confidential |
| NYSPIN Response Screen | D000502-504 | Not Confidential |
| Memobook Entries for Defendant Broschart | D000505-<br>D000507 | Not Confidential |
| CD: Sprint Reports/Radio Transmissions from 10/31/09<br>104 Pct. Loc: 82-60 88 Plc. | D002275 | Not Confidential |
| CD: Sprint Reports/Radio Transmissions from 10/31/09<br>104 Pct. Zone 31 Radio | D002276 | Not Confidential |
| CD: Sprint Reports/Radio Transmissions from 11/01/09<br>104 Pct. Zone 31 Radio | D002277 | Not Confidential |
| CD #1: Service Attempts | D002278 | Not Confidential |
| CD #2: Service Attempts | D002279 | Not Confidential |
| Patrol Guide Procedures | PG000001-<br>PG000703 | Not Confidential |

Sincerely yours,

Suzanna Publicker
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Gregory John Radomisli (By Hand Delivery)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By First-Class Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By Hand Delivery)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter Aoysius Kretz , Jr. (By Hand Delivery)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022

# JON L. NORINSBERG
ATTORNEY AT LAW
TRANSPORTATION BUILDING
225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
www.norinsberglaw.com

BRONX OFFICE
5938 FIELDSTON ROAD
BRONX, NEW YORK 10471

TEL (212) 791-5396
FAX (212) 406-6890
E-MAIL: norinsberg@aol.com

JON L. NORINSBERG

ALEX UMANSKY

October 18, 2012

Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

> **Re:** *Schoolcraft v. City of New York, et al*
> *10 CV 6005 (RWS)*

Your Honor:

I represent plaintiff Adrian Schoolcraft in the above referenced civil rights action brought pursuant to 42 U.S.C. § 1983. I write now to respectfully request that plaintiff Adrian Schoolcraft be granted access to materials which have been designated by the City of New York as "Attorneys Eyes Only". Defense counsel, Suzanna Publicker, Esq., opposes this request. Ms. Publicker, however, has failed to state any basis for her opposition to this request. For the reasons set forth below, plaintiff should be allowed to have access to all documents provided by the City of New York.

## Procedural History

By way of background, in March 2012, an article appeared in the Village Voice which disclosed the contents of the QAD investigation into Mr. Schoolcraft's allegations. On March 28, 2012, the parties appeared before Your Honor to address this issue. At that time, the Court ruled that the City of New York could, as part of discovery, inquire into the source of this leak before turning over any further confidential materials.

The Attorneys Eyes Only Stipulation was originally conceived as a *temporary* measure to allow the City of New York to continue to exchange discovery materials while the City investigated the source of the leak of the QAD. In fact, the record will reflect that it was *plaintiff's counsel* – and not the City of New York -- who originally proposed the idea of an Attorneys Eyes Only Stipulation, so as to ensure that discovery could proceed forward while the City investigated the source of the leak.

**EXHIBIT C**

ALL-STATE LEGAL®

On August 9, 2012, plaintiff signed an affidavit that specifically denied any involvement or knowledge into the leak of the QAD investigation materials. (Ex. A). This affidavit was drafted by the City of New York, and was provided to the City as a temporary measure until they could take plaintiff's deposition. On October 11, 2012, plaintiff appeared for his deposition. At that time, plaintiff once again specifically and emphatically denied any involvement in the QAD leak.

Following plaintiff's deposition, on October 12, 2012, plaintiff's counsel wrote to defendants to request that plaintiff – and plaintiff alone – be allowed access to the materials which had been designated as "Attorneys Eyes Only" (Ex. B). On October 16, 2012, the City of New York responded with a one line e-email, refusing to consent to plaintiff's request, but failing to offer any explanation for such a refusal. (Ex. C).

## There Is No Longer Any Valid Basis For Denying Plaintiff Access To The Discovery Materials.

The original rationale for denying plaintiff access to discovery materials no longer exists. Simply put, there is *no evidence* whatsoever that plaintiff Adrian Schoolcraft had anything to do with the QAD leak. Mr. Schoolcraft has now provided sworn testimony – twice – emphatically denying that he had anything to do with the leak of the QAD investigation findings. The City has had ample time to conduct its investigation, and has failed to discovery any evidence at all linking plaintiff to this leak. Given the complete lack of *any* evidence connecting plaintiff to this leak, the City's continued insistence that plaintiff should be denied access to discovery materials is wholly unwarranted and fundamentally unfair to plaintiff.

## Plaintiff Needs To Have Access To The Discovery Materials In Order To Meaningfully Participate In His Case.

It is fundamentally unfair to deny plaintiff access to the materials which have been exchanged during discovery. These materials – which consist largely of the interviews conducted during the IAB investigation – directly involve plaintiff's allegations in this lawsuit. There are tape recorded interviews of multiple defendants in this case relating to the October 31, 2009 invasion into plaintiff's home, as well as the events which occurred earlier in that day. To deny plaintiff access to these materials would be to effectively prevent him from participating in his own case. It would be impossible for plaintiff to meaningfully assist counsel in preparing for depositions and formulating further document requests without having any access to these discovery materials. Therefore, as a matter of fairness, plaintiff respectfully requests that the Court grant him access to the materials which have been exchanged during discovery.

## Defendants Would Suffer No Prejudice If Plaintiff Were Allowed Access to the Designated Materials.

Defendants have not argued, nor could they, that they would suffer any prejudice if plaintiff were allowed to see the materials which have been designated confidential. The only possible justification for withholding such materials – concerns about another possible leak – are non-existent at this point. Plaintiff has given sworn testimony on this issue on two occasions, and there is no evidence whatsoever linking plaintiff to the earlier leak of the QAD investigation findings. Under

such circumstances, there is simply no longer any compelling reason for denying plaintiff access to materials which directly involve his allegations in this lawsuit.

For all of the foregoing reasons, plaintiff Adrian Schoolcraft respectfully requests that the Court allow him to have access to materials designated by the City of New York as "Attorneys Eyes Only."

I thank the Court for consideration of this request.

Respectfully submitted,


Jon L. Norinsberg

JLN/nb
Enclosures

cc:
Scoppetta Seiff Kretz & Abercrombie
444 Madison Avenue
30th Floor
New York, N.Y. 10022-1010
Attn: Walter A Kretz, Jr., Esq.

Corporation Counsel
100 Church Street
Room 3-200
New York, New York 10007
Attn: Suzanna H. Publicker, Esq.

Martin, Clearwater & Bell, LLP
220 East 42nd Street
New York, New York 10017
Gregory J. Radomisli, Esq.

Callan Koster Brady & Brennan, LLP
One Whitehall Street
10th Floor
New York, New York 10004
Attn: Bruce Brady, Esq.

Ivone, Devine & Jensen, LLP
2001 Marcus Avenue
Suite N100
Lake Success, New York 11042
Attn: Brian Lee

Cohen & Fitch, LLP.
The Woolworth Building
233 Broadway
Suite 1800
New York, New York 10279

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

ADRIAN SCHOOLCRAFT,

                    Plaintiff,

           -against-

THE CITY OF NEW YORK, et al.,

                 Defendants.

------------------------------------------------------------------- x

**AFFIDAVIT OF
ADRIAN SCHOOLCRAFT**

10 CV 6005 (RWS)

STATE OF NEW YORK    )
                        : SS.:
COUNTY OF ALBANY    )

           Adrian Schoolcraft, being duly sworn, hereby states, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the plaintiff in this matter. I make this declaration based upon my personal knowledge.

2. By letter dated March 12, 2012, counsel for defendant City of New York, requested that the parties provide affidavits attesting to the fact that they have not violated the Stipulation and Protective Order in this matter, dated September 28, 2011, by producing a confidential New York City Police Department ("NYPD") Quality Assurance Division Report ("QAD Report") to any media outlet, including the Village Voice.

3. I am aware that the parties entered into a Confidentiality order in or about September 2011, which was ordered by the Court on March 12, 2012, relating to various NYPD documents, including, but not limited to, the QAD report.

4. I am aware of the general terms and conditions of the Confidentiality order and understand its terms. Most importantly, I understand that the documents which are subject to the order cannot be disclosed to anyone, except in the very limited circumstances set forth in paragraph 4.

5. I did not provide, show, or otherwise disseminate the QAD Report, bearing Bates Nos. D000508-000602, to the Village Voice newspaper or reporter Graham Rayman, and do not know or have any knowledge whatsoever about who did or may have done so.

6. I did not provide, show, or otherwise disseminate the QAD Report, bearing Bates Nos. D000508-000602, to any media outlet, including but not limited to newspapers, magazines, blogs, or television networks and I do not know or have any knowledge whatsoever about who did or may have done so.

7. I did not provide, show, or otherwise disseminate the QAD Report, bearing Bates Nos. D000508-000602, to my father, Larry Schoolcraft, or any family members and I do not know or have any knowledge whatsoever about whether anyone may have done so.

8. I do not know or have any knowledge whatsoever about who provided either Graham Rayman or the Village Voice with a copy of the QAD Report.

9. I did not violate the March 12, 2012 Confidentiality order in any respect.

Dated:

Adrian Schoolcraft

Sworn to before me this $\underline{9^{th}}$ day
of $\underline{\textit{August}}$ , 2012

NOTARY PUBLIC

- 2 -

GERALD COHEN
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
#02CO6158754

GERALD COHEN
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY LIC. #02CO6158754
COMMISSION EXPIRES JUNE 18, 20

**Exhibit B**

## JON L. NORINSBERG
ATTORNEY AT LAW
TRANSPORTATION BUILDING
225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
www.norinsberglaw.com

BRONX OFFICE
5938 FIELDSTON ROAD
BRONX, NEW YORK 10471

TEL (212) 791-5396
FAX (212) 406-6890
E-MAIL: norinsberg@aol.com

JON L. NORINSBERG

ALEX UMANSKY

October 12, 2012

Corporation Counsel
100 Church Street
Room 3-200
New York, New York 10007
Attn: Suzanna H. Publicker, Esq.

> Re: *Schoolcraft v. City of New York, et al*
> *10 CV 6005 (RWS)*

Dear Ms. Publicker:

Since plaintiff has now given both an affidavit and sworn deposition testimony denying his involvement with the QAD leak – and since there is no evidence whatsoever that plaintiff had anything to do with the QAD leak – we believe that there is no longer any basis for denying plaintiff access to confidential documents exchanged during discovery. Therefore, we intend to write to Judge Sweet to request permission for Adrian Schoolcraft, and Adrian Schoolcraft alone (i.e., not Larry Schoolcraft or any other person) to be exempt from the Attorneys Eyes Only restriction on documents exchanged by the City defendants. Please advise as to whether or not you consent to this request

Thank you for your attention to this matter.

Very truly yours,

Jon L. Norinsberg

cc: Cohen & Fitch, LLP.
The Woolworth Building
233 Broadway
Suite 1800
New York, New York 10279

**Exhibit C**

Page 1 of 1

## Nicole Bursztyn

**From:** Publicker, Suzanna [spublick@law.nyc.gov]

**Sent:** October 16, 2012 8:58 AM

**To:** Nicole Bursztyn

**Subject:** RE: Schoolcraft v. City of New York

Defendants do not consent.

**From:** Nicole Bursztyn [mailto:Nicole@norinsberglaw.com]
**Sent:** Friday, October 12, 2012 4:04 PM
**To:** Publicker, Suzanna
**Cc:** Jon Norinsberg External; Gerald Cohen; Joshua Fitch
**Subject:** Schoolcraft v. City of New York

Dear Ms. Publicker,

Please see attached correspondence from Mr. Norinsberg.

Thank you.

Nicole Bursztyn
Law Offices of Jon L. Norinsberg, Esq.
212-791-5396

```
            MODE = MEMORY TRANSMISSION              START=OCT-18 13:19      END=OCT-18 13:33

            FILE NO.=744

STN     COMM.       ONE-TOUCH/      STATION NAME/TEL NO.                       PAGES       DURATION
NO.                 ABBR NO.

001     OK      &               12128057925                                012/012     00:01:22
002     OK      &               12127889776                                012/012     00:01:26
003     OK      &               12124062313                                012/012     00:01:22
004     OK      &               12129497854                                012/012     00:01:24
005     OK      &               15163524952                                012/012     00:02:27
006     OK      &               12122486815                                012/012     00:01:21
007     OK      &               12123716883                                012/012     00:01:20
```

                                                                -LAW OFFICES                    -

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* -         - \*\*\*\*\* -              12124066890- \*\*\*\*\*\*\*\*\*

# LAW OFFICES OF
# JON L. NORINSBERG
## 225 BROADWAY, SUITE 2700
## NEW YORK, NEW YORK 10007

### FAX TRANSMISSION

DATE:      October 18, 2012

TO:        Honorable Robert W. Sweet
           (212) 805-7925

           Suzanna Publicker, Esq.
           Corporation Counsel
           (212) 788-9776

           Cohen & Fitch
           (212) 406-2313

           Gregory John Radomisli, Esq.
           Martin Clearwater & Bell, LLP
           (212) 949-7054

           Brian Lee, Esq.
           Ivone, Devine & Jensen, LLP
           (516) 352-4952

           Bruce M. Brady, Esq.
           Callan, Koster, Brady & Brennan, LLP
           (212) 248-6815

           Walter A. Kretz, Jr., Esq.
           Scoppetta Seiff Kretz & Abercrombie
           (212) 371-6883

FROM:      Jon L. Norinsberg, Esq.
           Phone: (212) 791-5396
           Fax: (212) 406-6890

PAGES:     (12) Including Cover Memorandum

RE:        *Adrian Schoolcraft v. City of New York, et al.*
           *10 CV 6005 (RWS)*
-----------------------------------------------------------------------------------------------

MESSAGE: Please see attached.

# LAW OFFICES OF
# JON L. NORINSBERG
# 225 BROADWAY, SUITE 2700
# NEW YORK, NEW YORK 10007

## FAX TRANSMISSION

DATE:     October 18, 2012

TO:       Honorable Robert W. Sweet
          (212) 805-7925

          Suzanna Publicker, Esq.
          Corporation Counsel
          (212) 788-9776

          Cohen & Fitch
          (212) 406-2313

          Gregory John Radomisli, Esq.
          Martin Clearwater & Bell, LLP
          (212) 949-7054

          Brian Lee, Esq.
          Ivone, Devine & Jensen, LLP
          (516) 352-4952

          Bruce M. Brady, Esq.
          Callan, Koster, Brady & Brennan, LLP
          (212) 248-6815

          Walter A. Kretz, Jr., Esq.
          Scoppetta Seiff Kretz & Abercrombie
          (212) 371-6883

FROM:     Jon L. Norinsberg, Esq.
          Phone: (212) 791-5396
          Fax: (212) 406-6890

PAGES:    (12) Including Cover Memorandum

RE:       *Adrian Schoolcraft v. City of New York, et al.*
          *10 CV 6005 (RWS)*

----------------------------------------------------------------------

MESSAGE: Please see attached.



## THE CITY OF NEW YORK
## LAW DEPARTMENT

MICHAEL A. CARDOZO
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

SUZANNA PUBLICKER
phone: (212) 788-1103
fax: (212) 788-9776
email: spublick@law.nyc.gov

October 26, 2012

**BY FAX (212) 805-7925**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: Schoolcraft v. The City of New York, et al.
> 10-CV-6005 (RWS)

Your Honor:

I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent the City Defendants in the above-referenced matter. City Defendants write in opposition to plaintiff's October 18, 2012 motion seeking to modify the so-ordered Attorneys' Eyes Only Stipulation and allow plaintiff access to the documents produced by City Defendants pursuant to that Stipulation.

### City Defendants Never Agreed to a Temporary Designation

Plaintiff's October 18th motion alleges that the designation of certain materials as Attorneys' Eyes Only under the Attorneys' Eyes Only Stipulation, endorsed by the Court on October 5, 2012, was a temporary one. Plaintiff is wrong. The parties never discussed, nor did City Defendants ever agree to, any such temporal limitation of the Stipulation. According to generally accepted principles of contract law, absent ambiguity, the parties' intentions must be discerned from the four corners of the document, and extrinsic evidence should not be considered. The plain language of the Attorneys' Eyes Only Stipulation and Order states that it shall be in place "[u]ntil such time as the Court orders otherwise," *not* until the City Defendants receive an affidavit from plaintiff. However, even if extrinsic evidence *could* be considered, plaintiff has not, and cannot, point to any such evidence that would support his position.

Regardless of the foregoing, plaintiff's application is premature as the protective order explicitly provides a means to address plaintiff's concerns. Pursuant to the Attorneys' Eyes Only Stipulation, "[i]f plaintiff objects to the designation of *particular* documents as "Confidential Materials – Attorneys' Eyes Only" plaintiff shall state such objection in writing to the defendants within 60 days of receipt[.]" (emphasis added). Accordingly, counsel for plaintiff should review the documents produced under the Attorneys' Eyes Only Confidentiality Order and identify, with particularity, which documents they believe plaintiff is entitled to and/or

**EXHIBIT**

**D**

ALL-STATE LEGAL®

which documents require plaintiff's input in order to litigate his case, before proceeding further with the instant application.

## Plaintiff Has Not Met The Burden Required to Modify a Protective Order

Though he has not phrased it as such, plaintiff is moving for a modification of the so-ordered Attorneys' Eyes Only Confidentiality Stipulation, however, he has not met the burden required to do so. According to the Second Circuit, "a district court should not modify a protective order. . . 'absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need.'" Securities and Exchange Commission v. TheStreet.com, 273 F.3d 222, 229 (2d Cir. 2001); see also Martindell v. International Telephone and Telegraph Corporation, 594 F.2d 291, 296-97 (2d Cir. 1979). Moreover, there is "a general and strong presumption against access to documents sealed under protective order when there was reasonable reliance upon such an order." SEC, supra at 231.

As an initial matter, prior to its execution and endorsement, all counsel had an opportunity to review and object to the terms of the Attorneys' Eyes Only Stipulation. In fact, there were several drafts exchanged amongst the parties and it took nearly six months to agree on the final language. In the end, all counsel, including plaintiff's, consented to the language of the Stipulation. Thereafter, the Court reviewed it and "so ordered" it without modification on October 5, 2012. In light of the negotiations between the parties concerning the Stipulation, and the Court's subsequent review and endorsement of the proposed Order, plaintiff has failed to show any improvidence in the granting of the Protective Order.

Further, plaintiff has failed to demonstrate a compelling need for access to any materials produced pursuant to the protective order at issue. In Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53, 59 (2d Cir. 2011), the Court implied that a party seeking to modify a protective order based on "compelling need" is required to make such a showing for each particular document it seeks to have disclosed. Plaintiff has stated that he needs to view the documents to "meaningfully assist counsel in preparing for depositions and formulating further document requests." However, as explained in more detail below, a significant number of documents designated Attorneys' Eyes Only are wholly unrelated to plaintiff's allegations, and instead, reflect sensitive information concerning both parties and non-parties to this action. Plaintiff has not mentioned a *single* particular document that he believes was incorrectly designated as Attorneys' Eyes Only, nor has he made an attempt to explain why he has a compelling need for any *spe cific* doc ument. In light of the fact that plaintiff is represented by two separate law firms which should be more than able to represent his interests, his contention that he needs unfettered access to all of the documents produced by City Defendants is unavailing.

Finally, plaintiff's application should be denied because City Defendants reasonably relied upon the protections afforded by the Attorney's Eyes Only Confidentiality Stipulation and Order in producing the subject documents. This Court has held that reliance may be presumed where information is disclosed pursuant to protective order. Ionosphere Club, Inc. v. American National Bank and Trust Company of Chicago, 156 B.R. 414, 434 (S.D.N.Y. 1993) (Sweet, J.), aff'd, 17 F.2d 600 (2d Cir. 1994) ("Absent a showing of improvidence in the grant of a ... protective order or some extraordinary circumstance or compelling need... a witness should be entitled to rely upon the enforceability of a protective order"); see also SEC, 273 F.3d at 229-

30 ("if previously entered protective orders have no presumptive entitlement to remain in force, parties would resort less often to the judicial system for fear that such orders would be readily set aside in the future"); AT&T Corporation v. Sprint Corporation, 407 F.3d 560, 562 (2d Cir. 2005) ("It is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied"). The documents at issue were produced four days after the Court so-ordered the Stipulation, thus, it is clear that City Defendants' relied upon the Protective Order in producing the documents.

Due to the nature of the documents designated "Attorney's Eyes Only", it was reasonable for City Defendants to produce them as such. City Defendants note for the Court's information, that we have not blindly designated all documents produced as Attorneys' Eyes Only. In fact, City Defendants have produced over 2,000 pages of non-confidential documents and approximately 3,000 pages of confidential documents not containing the Attorneys' Eyes Only designation, in total, around 5,000 pages of documents which may be shared with plaintiff. However, the records deemed Attorneys' Eyes Only confidential in this matter involve employment records subject to protection under Public Officers Law Section 87(2)(g), documents that are part of ongoing investigations,[1] and documents that are protected under the deliberative process privilege. Also produced pursuant to the Attorneys' Eyes Only Stipulation were criminal and financial background checks into non-parties to the litigation. City Defendants believe these extremely personal files should not be made available to plaintiff or any individual party to this litigation.

Additionally, many Attorneys' Eyes Only documents do not involve Schoolcraft's allegations regarding October 31, 2009, as was implied by counsel in their motion. The Brooklyn North Investigations Unit ("BNIU") and the Internal Affairs Bureau ("IAB") investigated a number of plaintiff's allegations. In conducting those investigations, BNIU and IAB have interviewed dozens of individuals, many of whom were not present at, and were not questioned on, Adrian Schoolcraft's allegations of retaliation or the incident occurring on October 31, 2009. In fact, the only reference many of the recordings make to Adrian Schoolcraft are a couple introductory questions pertaining to whether the interviewee knew plaintiff. Additionally, while investigating claims of crime complaint manipulation, IAB investigated specific individuals who were arrested by non-party officers to this litigation. These arrestees have no information relevant to plaintiff's claims in this matter, and their security and privacy rights should not be jeopardized by unnecessarily removing the Attorneys' Eyes Only designations.

Good cause existed for the Attorney's Eyes Only designations at the time they were made, and continues to exist for the confidentiality designations now. Plaintiff cannot demonstrate that the Attorneys' Eyes Only Stipulation was improvidently granted, that City Defendants did not rely on that so-ordered Stipulation when producing documents on October 9, 2012, nor that plaintiff has a compelling need for access to any specific documents. Therefore, plaintiff's request to modify the Stipulation should be denied.

---

[1] The IAB investigation into plaintiff's suspension, his claims of retaliation, and the incident occurring on October 31, 2009, is ongoing. In most litigations, City Defendants would not have produced a single page of these documents or would have sought a stay of the case pending the closing of the investigation. However, in a good faith effort to move this litigation along, City Defendants produced the documents subject to the applicable confidentiality designations.

## Confidential Discovery Documents Were Produced to the Village Voice

Though many, if not all, of the documents would have been designated Attorneys' Eyes Only regardless of the particular circumstances of the case, the existence of a leak to the media in this matter makes the continued existence of an Attorneys' Eyes Only Stipulation essential. As the Court may recall, in a Village Voice article dated March 7, 2012, reporter Graham Rayman indicated that he was in possession of a 95-page Quality Assurance Division ("QAD") Report. Furthermore, only two days later on March 9, 2012, a New York Times article reporting on the Village Voice article stated that "[u]sing the state's Freedom of Information Law, Mr. Rayman of The Village Voice sought the report, which was completed in June 2010. The police denied his request. He appealed. They denied it again. He finally obtained a copy through *back channels* and published an article this week."[2],[3] (emphasis added). The QAD Report remained confidential within NYPD custody for nearly two years, however, only months after its disclosure during discovery, it was published.[4] During a conference on or about March 28, 2012, Your Honor granted City Defendants' application to conduct discovery on the source of leak. To date, the issue has not been resolved.

Plaintiff contends that because he has denied leaking the documents both in an affidavit and during his deposition, that is proof positive that he did not provide the media with the documents.[5] City Defendants are not assured by either. Despite plaintiff's contentions, he is the only party in this litigation with an apparent prior relationship with Graham Rayman. In any event, City Defendants respectfully submit that in order to decrease the likelihood of future leaks of confidential information, the field of individuals with access to such documents should remain limited to the attorneys handling this matter. In light of plaintiff's inability to demonstrate any compelling need for any specific document, there does not appear to be any reason to modify the protective order.

---

[2] Telling the Truth Like Crazy, N.Y. Times, Jim Dwyer, March 9, 2012, available at http://www.nytimes.com/2012/03/09/nyregion/officer-sues-claiming-police-retaliation-for-truth-telling.html?_r=2&ref=nyregion.

[3] The NYPD has confirmed that Graham Rayman made two FOIL requests related to the Schoolcraft matter and that no records were provided to Mr. Rayman pursuant to these requests.

[4] City defendants note that two years ago, Adrian Schoolcraft provided Rayman the digital audio recordings referenced in the instant lawsuit, and spoke with him at length regarding the allegations.

[5] Plaintiff further alleges that because City Defendants have been unable to uncover evidence that Adrian Schoolcraft was involved in the QAD leak, plaintiff should be given access to Attorneys' Eyes Only confidential information. However, to the extent that plaintiff was involved, plaintiff and Graham Rayman are the only individuals that would have direct evidence of the leak. Graham Rayman is protected from subpoena power of this Court by the journalist's privilege, leaving plaintiff as the only other potential source of information. Plaintiff has refused to provide City Defendants with any documents that he is in possession of that would reflect his communications with the media in this matter. Indeed, in response to discovery demands for documents reflecting any communications with any media outlet regarding the allegations of the instant lawsuit, plaintiff responded that it was "vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are more readily obtained from another source." Plaintiff cannot use his silence as both a sword and a shield, by denying that City Defendants have any evidence, but also refusing to provide responses to Document Requests that might reveal relevant evidence.

## Plaintiff Cannot Guarantee the Privacy of Documents Provided to Him

During his deposition, when asked about the leaked documents, plaintiff stated that his counsel had given him a copy of the QAD Report on a CD, which plaintiff has kept in the house that he shares with his father. When asked whether plaintiff's father had access to the CD, plaintiff claimed that his father was "technically insufficient when it comes to computers." However, according to at least one internet source, plaintiff's father has sent emails to journalists since as early as November 13, 2009, thus, demonstrating that plaintiff's father is not as technically inept as plaintiff claims.[6] Simply stated, moving forward, City Defendants have no good faith basis to believe that documents given to plaintiff would be protected from further disclosure.

## Conclusion

The Protective Order to which all parties stipulated before its entry represents a practical and efficient solution to the many knotty and time-consuming disputes that the parties' confidentiality concerns spawn in complex litigation such as this. That Order was not entered by the Court "improvidently" and there are no "extraordinary circumstances" warranting its modification now. The Court had "good cause" to enter that Order on October 5, 2012 and "good cause" supports that Order today. Therefore, for the reasons stated herein, City Defendants respectfully request that the Court deny plaintiff's request to modify the so-ordered Attorneys' Eyes Only Stipulation, allowing plaintiff access to the documents produced subject to it.

City Defendants thank the Court for its consideration.

Respectfully submitted,

Suzanna Publicker
Assistant Corporation Counsel

cc:   Jon L. Norinsberg (By Fax 212-406-6890)
*Attorney for Plaintiff*
225 Broadway, Suite 2700
New York, New York 10007.

Cohen & Fitch, LLP (By Fax 212-406-6890)
Gerald Cohen
Joshua Fitch
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, New York 10279

---

[6] Adrian Schoolcraft: Now It's Getting Serious, NYPD Confidential, Leonard Levitt, January 31, 2011, available at http://nypdconfidential.com/columns/2011/110131.html.

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
October 26, 2012
Page 6

Gregory John Radomisli (By Fax 212-949-7054)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By Fax 516-352-4952)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By Fax 212-248-6815)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter Aoysius Kretz, Jr. (By Fax 212-371-6883)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022





## THE CITY OF NEW YORK
## LAW DEPARTMENT
### 100 CHURCH STREET
### NEW YORK, NY 10007
## FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| TO: | Honorable Robert W. Sweet<br>United States District Judge<br>Southern District of New York | FROM: | Suzanna Publicker<br>phone: (212) 788-1103<br>fax: (212) 788-9776<br>email: spublick@law.nyc.gov |
| FAX #: | 212-805-7925 | DATE: | OCTOBER 26, 2012 |
| TO: | Jon L. Norinsberg<br>*Attorney for Plaintiff* | TO: | Cohen & Fitch, LLP<br>*Attorney for Plaintiff* |
| FAX #: | 212-406-6890 | FAX #: | 212-406-2313 |
| TO: | Gregory John Radomisli<br>MARTIN CLEARWATER & BELL LLP<br>*Attorneys for Jamaica Hospital Medical<br>Center* | TO: | Bruce M. Brady<br>CALLAN, KOSTER, BRADY &<br>BRENNAN, LLP<br>*Attorneys for Lillian Aldana-Bernier* |
| FAX #: | 212-949-7054 | FAX #: | 212-248-6815 |
| TO: | Brian Lee<br>IVONE, DEVINE & JENSEN, LLP<br>*Attorneys for Dr. Isak Isakov* | TO: | Walter Aoysius Kretz, Jr.<br>SEIFF KRETZ & ABERCROMBIE<br>*Attorney for Defendant Mauriello* |
| FAX #: | 516-352-4952 | FAX #: | 212-371-6883 |

You should receive 7 page(s), including this one.
Please contact me if you do not receive all pages.

This facsimile contains CONFIDENTIAL INFORMATION which may also be LEGALLY PRIVILEGED. It is intended only for use of the addressee(s) named above. If you are neither the intended recipient of this facsimile nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that disseminating or copying this facsimile is prohibited. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you.

Re:          Schoolcraft v. The City of New York, et al., 10-CV-6005 (RWS)

LAW OFFICE OF
# NATHANIEL B. SMITH

ATTORNEY AT LAW
111 BROADWAY
NEW YORK, NEW YORK 10006

NATHANIEL B. SMITH

TEL: (212) 227-7062
FAX: (212) 346-4665

August 30, 2013

Ms. Suzanna P. Mettham
Law Department
100 Church Street – Room 3-203
New York, New York 10007

>                    *Schoolcraft v. The City of New York, et al.,*
>                    *10-cv-6005 (RWS)*

Dear Ms. Mettham:

I am writing this letter to again request that you re-consider your position on the designation of documents in the City Defendants' document productions as appropriate for the "attorney-eyes-only" limitation. As I mentioned to you on July 25th and reiterated to your co-counsel, Ryan Shaffer, on August 22, 2013, the City Defendants have improperly designated, among other things, witnesses' statements and statements by named defendants as subject to the attorney's-eyes-only confidentiality order. As a result, the attorneys for the plaintiff in this action are prohibited from showing the plaintiff the statements of witnesses and parties, thereby improperly interfering with the prosecution of this action. The documents that have been improperly so-designated consist of the NYPD's internal investigations into the plaintiff's allegations and those documents have been Bates-stamped NYC 4588-6112. I also note that none of the provided information is of a



EXHIBIT
E
ALL-STATE LEGAL®

2

LAW OFFICE OF
NATHANIEL B. SMITH

truly sensitive nature. In addition, the actual recordings of the interviews of these witnesses and parties have also been improperly designated as subject to the attorneys'-eyes-only limitation. The plaintiff has a right to know what the witnesses and defendants have stated, and a motion on these grounds should not be required.

In addition, I am also writing to again request that you arrange for the return of all of the plaintiff's personal property that was confiscated by the NYPD, including without limitation his digital recorder and the other items of his personal property listed in the NYPD's voucher, which has been Bates-stamped D000500. As I have told you in the past, there is no basis for refusing to return to the plaintiff his personal property, and a motion to compel the return of his property also should not be required.

Finally, several documents produced by your office contain improper redactions. Those documents have been Bates-stamped D000029-30, D000247-252, NYC 4700-16, 4723-38, 4754-56 4787, 4792-4830, 4838-4871, 8596-97, 8702-14, 9123-32 & 9368-71. Please provide these documents to me in unredacted form.

Sincerely,

Nathaniel B. Smith

cc: All Counsel
Via Email

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ADRIAN SCHOOLCRAFT,

                                                    10–cv-6005 (RWS)

                          Plaintiff,

            -against-                               ORDER

THE CITY OF NEW YORK, et al,

                          Defendants.
-----------------------------------------------------------------x

Sweet, J.

        Plaintiff's motion by letter dated September 9, 2013 is granted to the extent

that the attorney's eyes only limitation is hereby lifted as to the discovery already

produced and to the extent that the defendants are ordered to return to plaintiff all

of the plaintiff's personal property in the possession or control of each defendant,

and the City Defendants' motion by letter dated August 21, 2013 is denied.

        It is so ordered.


New York, NY
September __, 2013


                                        _____
                                        ROBERT W. SEET

