

**MICHAEL A. CARDOZO**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**SUZANNA P. METTHAM**
phone: (212) 356-2372
fax:  (212) 788-9776
email: smettham@law.nyc.gov

September 18, 2013

**BY ECF**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Schoolcraft v. The City of New York, et al.
     10-CV-6005 (RWS)

Your Honor:

   I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent the City Defendants in the above-referenced matter.  City Defendants write in opposition to plaintiff's September 9, 2013 motion seeking to remove the Attorneys' Eyes Only ("AEO") Stipulation and to compel the NYPD to turn over certain items to plaintiff.  City Defendants respectfully request that the Court deny plaintiff's letter motion in its entirety.

**1.** **Plaintiff's Request to Remove Designation of Attorney's Eyes Only Documents**

  **a.** **Plaintiff's Request Is Untimely and Plaintiff Failed to Confer**

   By way of background, on July 25, 2013, by telephone, plaintiff raised the prospect of removing the AEO designation from items produced by City Defendants, but would not state with particularity to which items he was referring. During that telephone conference, and later by writing, the undersigned advised plaintiff that he was required to specifically describe in writing which items he believed should have the AEO designation removed. See Email from the undersigned dated July 25, 2013, annexed hereto as Exhibit A. The undersigned informed plaintiff that if he did that, according to the language of the stipulation, City Defendants would review the list of documents, and decide whether to remove the designation from any documents. According to the stipulation, and as the undersigned informed plaintiff, only after a true dispute would plaintiff be able to write to the Court to ask to have the designation removed. Id. Plaintiff waited over a month to respond, and on August 30, 2013 plaintiff wrote the City after the close of business and requested that the City Defendants agree to remove the AEO designation from those documents bearing Bates Nos. NYC 4588-6112. See Exhibit G to Plaintiff's September 9, 2013 Letter Motion. The following Monday, September 2, 2013 was Labor Day, and Rosh Hashanah followed thereafter at sundown on Wednesday, September 4, 2013. Without waiting for a reply to his letter, or advising City Defendants that he would be writing to the Court,

Honorable Robert W. Sweet
<u>Schoolcraft v. The City of New York, et al.</u>
September 18, 2013
Page 2

plaintiff's instant submission followed on September 9, 2013. Plaintiff's submission was therefore premature, as plaintiff did not meet and confer with City Defendants as required under the Federal Rules before filing the letter with the Court.

Moreover, the AEO Confidentiality Stipulation and Order as endorsed by the Court on October 3, 2012 *unequivocally* requires plaintiff within 60 (sixty) days of receipt to identify *in writing* any documents to which plaintiff objected to the use of the AEO designation. City Defendants note that the documents to which plaintiff is opposing were produced nearly a year ago, on October 9, 2012. <u>See</u> Cover Letter to Document Production dated October 9, 2012, annexed hereto as Exhibit B. Therefore, plaintiff's nine-month belated objection to the AEO designation is improper according to the terms of the agreement reached between the parties and so ordered by the Court.

By writing to the Court only four business days[1] after sending an email about certain AEO documents, plaintiff has utterly failed to give City Defendants the opportunity to voluntarily remove AEO designation from documents. In fact, plaintiff's letter to the City Defendants only seeks the removal of the AEO designation from documents bearing Bates Nos. NYC4588-6112, however, plaintiff's letter to the Court is much more broad and seeks the removal of the AEO designation from *all* AEO documents produced in this matter. As such, plaintiff has not complied with the terms of the stipulation and has failed to provide the City Defendants with any notice of the documents to which he opposed. City Defendants respectfully submit that plaintiff's motion should be denied on these bases alone.

Plaintiff's Letter Motion also includes a willfully incorrect reading of a typographical error in the AEO Stipulation. Plaintiff's incorrect reading of the AEO Stipulation hardly merits a response given the fact that Mr. Smith was not counsel on the case at the time the agreement was reached, and that plaintiff's counsel *at that time* understood that the contract was meant to read "plaintiff bears the burden of *removing* the designation" based on lengthy negotiations and Court conferences that preceded the entry of the Stipulation. Said counsel's understanding of this provision is even more clearly set out by plaintiff in his August 30, 2013 letter, as Mr. Smith admits that plaintiff's former counsel *moved this Court* to remove the AEO designations, instead of waiting for City Defendants to make a motion as plaintiff *now* believes is required. However, a lengthy discussion of this provision is mooted by plaintiff's present motion, which though premature, is exactly what the stipulation intended: if plaintiff disagrees with AEO designations submitted by the City, it is plaintiff's obligation to move the Court to remove said designations.

Similarly, plaintiff's attempts to re-litigate the **October 2012** motion to remove the AEO Stipulation are unavailing, as the decisions by the Court therein are the law of the case and plaintiff's attempts a year later to challenge the written submissions and Court decision are belated in the extreme. However, to the extent that the Court entertains plaintiff's attempts to relitigate the previously resolved issues, City Defendants refer the Court to their opposition dated October 26, 2012, which is annexed as Exhibit C to Plaintiff's September 9, 2013 Letter Motion.

---

[1] Two of which fell during the Rosh Hashanah holiday.

Honorable Robert W. Sweet
<u>Schoolcraft v. The City of New York, et al.</u>
September 18, 2013
Page 3

### b. **City Defendants Have Already Agreed to Remove Designations from Many Documents, and the Remaining Documents Require the AEO Designation**

Notwithstanding plaintiff's complete failure to meet and confer, City Defendants agreed to remove the AEO designation from over 600 pages of documents and recordings in response to plaintiff's August 30, 2013 letter. <u>See</u> September 16, 2013 Letter from the undersigned to Plaintiff, annexed hereto as Exhibit C. For the remaining documents, plaintiff argues that because City Defendants could not *prove* that plaintiff leaked documents to the Village Voice, therefore, City Defendants have no reason to keep confidential documents from him. This reasoning is faulty. Graham Rayman, the same reporter who published the previously leaked QAD Report, also recently published a book on Adrian Schoolcraft, in which he references a great deal of confidential documents and specifically states that plaintiff aided him for at least a time in researching the book. Further, a significant change has occurred since the last time this issue was briefed: plaintiff reportedly fired past counsel and hired his present counsel because he "wanted a more media-driven, public airing" of the case. Given plaintiff's past relationship with Graham Rayman and media outlets, and his desire for an *increase* in media attention to this case, City Defendants have good cause to maintain the AEO designation of certain categories of documents listed below:

**Documents Regarding Investigations of Non-Party Arrestees:** In 2009, Plaintiff complained to the Internal Affairs Bureau ("IAB") that a number of individuals had been arrested pursuant to a Gun Amnesty Program, when they should have instead been able to walk away from the encounter. Plaintiff also complained that a number of individuals were being arrested within the 81st Precinct on insignificant criminal charges, held in the Precinct for extended periods, and then released on summonses. As part of discovery in this case and because they were included in the same general case file as the claims regarding the incident that forms the basis of this complaint, defendants produced some of these wholly irrelevant documents to plaintiff in redacted form and pursuant to the AEO provision in the Stipulation. The IAB case file documents on these topics currently considered AEO by the City Defendants do not involve any of plaintiff's claims set forth in plaintiff's Second Amended Complaint, these documents do not reference plaintiff, and they are in no way relevant to the claims and defenses in this matter. More importantly, these documents include confidential information regarding non-party arrestees whose records may be sealed pursuant to NYS Penal Law §§ 160.50 and/or 160.55, and which nevertheless implicate the privacy and security concerns of non-parties to this action. Because plaintiff has failed to demonstrate any compelling need for any of these specific documents, City Defendants therefore believe that the documents bearing Bates Nos. NYC3822-3823, NYC4657-4659, NYC5152-5248, NYC5392, NYC5444-5449, NYC5451, NYC5470, NYC5583-5604, NYC5646-5647, NYC5712, NYC5761-5766, NYC5806-5807, NYC5843-5844, NYC5888, NYC5896, NYC5923, NYC5925, NYC5949-5961, NYC5986, NYC5989, NYC5993-5994, NYC6004, NYC6006-6007, NYC6012-6015, NYC6051-6077, NYC6106-6112, NYC7567, NYC7571, NYC7676-7746, NYC7748-7749, NYC7766, NYC7888-7889, NYC7892-7942, NYC7990-8006, NYC8015-8048, NYC8078-8091, NYC8093-8100 should remain subject to the AEO Stipulation.

**Disciplinary Records of Defendant Officers:** Plaintiff has demanded that the AEO designation of disciplinary records relating to defendant officers be removed so that plaintiff can view those documents. Plaintiff in this matter is a police officer, who while currently AWOL, has asked for

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
September 18, 2013
Page 4

reinstatement to the NYPD. It would be improper to provide him with disciplinary records relating to his peers and superior officers, especially employment records subject to protection under Public Officers Law Section 87(2)(g). Because plaintiff has failed to demonstrate any compelling need for any of these specific documents, City Defendants therefore believe that the documents bearing Bates Nos. NYC5458, NYC5393, NYC5680-4761, NYC4787-4834, NYC5249-5338, NYC5363-5364, NYC5375-5376, NYC5424, NYC5456, NYC5457, NYC5461-5465, NYC5467, NYC5473-5475, NYC5478-5479, NYC5494-5495, NYC5512-5582, NYC5641-5645, NYC5655-5656, NYC5809-5812, NYC5991, NYC5605-5625, NYC5650-5653, NYC5804-5805, NYC5808, NYC5840, NYC5868, NYC5903-5904, NYC5962-5963, NYC5967-5968, NYC5976-5980, NYC6000, NYC6025-6027, and NYC7575-7670 should remain subject to the AEO Stipulation.

**Non-Party Sensitive and Confidential Information:** During the IAB investigation into Schoolcraft's claims, two individuals called IAB with information regarding Adrian Schoolcraft: his father, Larry Schoolcraft and his sister, Mystica Schoolcraft. The investigators assigned to the case gathered certain information regarding these two individuals as a result, including, *inter alia,* financial inquiries and searches of their criminal histories. While City Defendants do not dispute that this information could be utilized to make credibility determinations, City Defendants do not believe that plaintiff himself should be given access to these sensitive and confidential records regarding his family members, and posit that access to these records will not give him the ability to help his attorneys investigate this matter any further. Because plaintiff has failed to demonstrate any compelling need for any of these specific documents, City Defendants therefore believe that the documents bearing Bates Nos. NYC4660-4679, NYC4835-4837, NYC5397-5398, NYC5881-5883, NYC5890-5892, NYC5908, NYC5917-5819, NYC5930-5931, and NYC6039 should remain subject to the AEO Stipulation.

## 2. Plaintiff's Request for Property in the Possession of the NYPD Should be Denied

As an initial matter, on April 4, 2013, plaintiff demanded that the City Defendants provide for *inspection* a list of certain items, including the items which plaintiff now wishes to have returned. See Notice of Production dated April 4, 2013, annexed hereto as Exhibit D. On April 26, 2013, City Defendants responded to plaintiff's request and explained at length how, when, and where plaintiff could inspect the property listed therein which was still in the possession of the NYPD. See Letter from the undersigned dated April 26, 2013, annexed hereto as Exhibit E. City Defendants do not dispute that on July 25, 2013 plaintiff made a blanket demand for unspecified property of plaintiff. On the phone that day, which was followed up in writing, the undersigned informed plaintiff "that any request for the return of evidence would require a letter in writing from Mr. Smith, indicating what particularly needs to be returned." See Email from the undersigned dated July 25, 2013, annexed hereto as Exhibit A. Plaintiff did not follow up on this request, or the original request to inspect the items, until his letter dated August 30, 2013. Regardless, City Defendants do not believe that they have any obligation to return the property in dispute.

The first item apparently sought by plaintiff is one of plaintiff's recording devices, which has been in the custody of the IAB since 2009. This item contains numerous recordings made by plaintiff of the defendant police officers in this action, and further, contains a recording of the interaction that forms the basis of this complaint on October 31, 2009. As the Court is well

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
September 18, 2013
Page 5

aware, plaintiff is still subject to disciplinary action within the NYPD, for which the recording device is evidence. City Defendants have produced a CD which contains the recordings as downloaded by the IAB, and thus plaintiff is not prejudiced by the NYPD maintaining possession in advance of the resolution of plaintiff's departmental trial, and the trial in this matter. City Defendants further note that in the pendency of this litigation, plaintiff "lost" his computer which contained originals of his dozens of recordings from this case. Therefore, City Defendants posit that the integrity of the recording device is best maintained by its presence in the Property Clerk's Office so as to preserve its chain of custody.

Plaintiff also seeks the return of a rifle and accoutrement, which were present in his apartment at the time of the incident on October 31, 2009. Plaintiff admits candidly that he is not the lawful owner or permit holder of that rifle. The NYPD cannot return a firearm to an individual who is not the registered permit holder. Additionally, plaintiff is facing Departmental charges for being in possession of that weapon, and as such, it is evidence in that outstanding disciplinary matter. Finally, plaintiff demands the return of "various papers" that were taken from his apartment on October 31, 2009, but utterly fails to identify what these papers are. Plaintiff's unrelenting inexactitude makes City Defendants' response to his request for the return of his property more difficult than necessary. Upon information and belief, the documents removed from plaintiff's apartment were Complaint Reports taken by police officers in the 81st Precinct of victims. City Defendants state that this paperwork is the property of the NYPD, which contains confidential and sensitive information regarding victims of crimes, and further, information that may be sealed pursuant to NYS Penal Law §§ 160.50 and/or 160.55. Therefore, plaintiff cannot hold a claim to these documents and they should not be produced to plaintiff.

City Defendants again propose that plaintiff inspect the items as he originally demanded at the Property Clerk's Office, and the NYPD will maintain custody of these items with a clear chain of custody record until the resolution of this matter and plaintiff's disciplinary trial with the NYPD.

### 3. Conclusion

For all the foregoing reasons, City Defendants request that the Court deny plaintiff's requests to (1) remove the Attorneys' Eyes Only Designation from all documents produced in discovery, and (2) return all property of plaintiff's in the custody of the NYPD.

City Defendants thank the Court for its consideration.

Respectfully submitted,

S. Mettham

Suzanna P. Mettham
Assistant Corporation Counsel

cc:   Nathaniel Smith (By ECF)
      *Attorney for Plaintiff*

Honorable Robert W. Sweet
<u>Schoolcraft v. The City of New York, et al.</u>
September 18, 2013
Page 6

    Gregory John Radomisli (By ECF)
    MARTIN CLEARWATER & BELL LLP
    *Attorneys for Jamaica Hospital Medical Center*

    Brian Lee (By ECF)
    IVONE, DEVINE & JENSEN, LLP
    *Attorneys for Dr. Isak Isakov*

    Bruce M. Brady (By ECF)
    CALLAN, KOSTER, BRADY & BRENNAN, LLP
    *Attorneys for Lillian Aldana-Bernier*

    Walter Aoysius Kretz , Jr.   (By ECF)
    SEIFF KRETZ & ABERCROMBIE
    *Attorney for Defendant Mauriello*