

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

SUZANNA P. METTHAM
*Assistant Corporation Counsel*
E-mail: spublick@law.nyc.gov
Phone: (212) 356-2372
Fax: (212) 788-9776

September 16, 2013

**BY HAND DELIVERY**
Nathaniel Smith
*Attorney for Plaintiff*
111 Broadway, Suite 1305
New York, New York 10006

      Re: Schoolcraft v. The City of New York, et al.
          10 CV 6005 (RWS)

Dear Counsel:

      Enclosed please find a copy of City Defendants' Objections and Responses to Plaintiffs' Second Set of Interrogatories and Third Set of Document Requests dated August 16, 2013, and responsive documents thereto bearing Bates Nos. NYC00010227-NYC00010367 and NYC00010416-NYC00010417.[1]

      I also write in response to your letter dated August 30, 2013, requesting (1) that the City Defendants "re-consider" their position regarding the designation of documents subject to the Attorneys' Eyes Only Confidentiality Stipulation and Order bearing Bates Nos. NYC0004588-NYC0006112; (2) requesting "the return of all of the plaintiff's personal property that was confiscated by the NYPD" as itemized within the voucher that bears Bates No. D000500; and (3) requesting the removal of redactions to documents bearing Bates Nos. D000029-30; D000247-252; NYC0004700-NYC0004716, NYC0004723-NYC0004738, NYC0004754-NYC0004756, NYC0004787, NYC0004792-NYC0004830, NYC0004838-NYC0004871; NYC000C8596-NYC0008597, NYC0008702-NYC0008714, NYC0009123-NYC0009132, and NYC0009368-NYC0009671. Defendants continue to assert the objections set forth in response to Plaintiff's First Set of Interrogatories and Request for the Production of Documents, Plaintiff's Second Request for the Production of Documents, and Plaintiff's Second Set of Interrogatories and Third Request for the Production of Documents. Notwithstanding, and

---

[1] Documents bearing Bates Nos. NYC00010227-NYC00010332 are being produced subject to the Confidentiality Stipulation and Protective Order, endorsed by the Court on October 5, 2012; and documents bearing Bates Nos. NYC00010416-NYC00010417 are being produced subject to the Attorneys' Eyes Only Confidentiality Stipulation and Protective Order, endorsed by the Court on October 5, 2012.

without waiving any of those objections, City Defendants respond to plaintiff's August 30th letter as set forth below.

### Designation of Attorney's Eyes Only Documents

Plaintiff's August 30, 2013 letter requested that the City Defendants agree to remove the Attorneys' Eyes Only ("AEO") designation from those documents bearing Bates Nos. NYC0004588-NYC0006112. As you are no doubt aware, the Attorneys' Eyes Only Confidentiality Stipulation and Order as endorsed by the Court on October 3, 2012 requires plaintiff within 60 (sixty) days of receipt to identify *in writing* any documents to which plaintiff objected to the use of the Attorneys' Eyes Only designation. The documents to which you are opposing were produced nearly a year ago, on October 9, 2012. Therefore, plaintiff's nine-month belated objection to the AEO designation is improper according to the agreed-upon and so ordered Stipulation and Protective Order. Notwithstanding, City Defendants agree to reclassify the following documents as Confidential (as opposed to Attorneys' Eyes Only Confidential): NYC0004587-NYC0004656, NYC0004762-NYC0004786, NYC0004838-NYC0005151, NYC0005339-NYC0005362, NYC0005365-NYC0005374, NYC0005377-NYC0005391, NYC0005394-NYC0005396, NYC0005399-NYC0005423, NYC0005425-NYC0005443, NYC0005450, NYC0005452-NYC0005255, NYC0005459-NYC0005460, NYC0005466, NYC0005468-NYC0005469, NYC0005471-NYC0005472, NYC0005480-NYC0005493, NYC0005496-NYC0005511, NYC0005626-NYC0005640, NYC0005648-NYC0005649, NYC0005654, NYC0005657-NYC0005711, NYC0005713-NYC0005760, NYC0005767-NYC0005803, NYC0005813-NYC0005839, NYC0005841-NYC0005842, NYC0005845-NYC0005880, NYC0005884-NYC0005887, NYC0005889, NYC0005893-NYC0005895, NYC0005897-NYC0005907, NYC0005909-NYC0005916, NYC0005920-NYC0005922, NYC0005924, NYC0005932-NYC0005948, NYC0005964-NYC0005966, NYC0005969-NYC0005975, NYC0005981-NYC0005985, NYC0005987-NYC0005988, NYC0005990, NYC0005995-NYC0005999, NYC0006001-NYC0006003, NYC0006005, NYC0006008-NYC0006011, NYC0006016, NYC0006018-NYC0006024, NYC0006028-NYC0006038, NYC0006040-NYC0006050, NYC0006078-NYC0006105.

Moreover, even though plaintiff's August 30, 2013 letter only referenced documents bearing Bates Nos. NYC0004588-NYC0006112, City Defendants have undertaken their own review and further agree to reclassify the documents bearing Bates Nos. NYC0003789-NYC0003821, NYC0007492-NYC0007494, NYC0007496, NYC0007561, NYC0007568, NYC0007747, NYC0007752-NYC0007754, NYC0007760, NYC0007763 as Confidential (as opposed to Attorneys' Eyes Only Confidential).

Defendants will not agree to remove the Attorneys' Eyes Only designation from the remaining documents, which include personnel and disciplinary matters regarding defendant police officers to which plaintiff has no reason to review; confidential information regarding non-party arrestees whose records may be sealed pursuant to NYS Penal Law §§ 160.50 and/or 160.55, and which nevertheless implicate the privacy and security concerns of non-parties to this action; and documents regarding financial and other inquiries into non-parties to this action, which implicate the privacy and security concerns of those non-parties.

### Evidence Held Within the Voucher Bearing Bates No. D000500

In your August 30, 2013 letter, you demand "the return of all of the plaintiff's personal property that was confiscated by the NYPD" as itemized within the voucher that bears

2

Bates No. D000500. Your letter indicates that plaintiff's personal recording device was vouchered under that Bates range. That is incorrect. As indicated in my April 26, 2013 letter in response to your Notice of Inspection, the previously produced Property Clerk Invoice No. K319299 found under Bates Nos. D000500-D000501, included, *inter alia,* the rifle and papers removed from plaintiff's apartment. However, City Defendants note that plaintiff denied being the lawful owner of that rifle at his deposition. City Defendants therefore cannot return the firearm to plaintiff. Moreover, to the extent that plaintiff alleges that he should have the Complaint Reports, or "61s" returned to him, City Defendants once again state that this paperwork is the property of the NYPD, and plaintiff cannot hold a claim on it.

To the extent plaintiff's letter seeks the return of plaintiff's recording device, which is found under Property Clerk Invoice No. 1000259089, bearing Bates Nos. NYC0008408-NYC0008409,[2] City Defendants note that this item is evidence in the ongoing New York City Police Department administrative trial against plaintiff, and thus cannot be returned to plaintiff at this time. Again, though, plaintiff is invited to inspect these items at the Manhattan Property Clerk's Office at 1 Police Plaza on a date to be agreed upon by counsel. City Defendants merely demand that plaintiff describe exactly what type of inspection of property is requested with regard to this item of evidence no less than two weeks before the inspection, so that proper prior approval may be obtained from the New York City Police Department Property Clerk's Office.

**Plaintiff's Objections to Certain Redactions**

**D000029-30:** The information redacted from these two pages include medical information regarding a non-party to this action, and will thus not be removed.

**D000247-252:** The document bearing Bates Nos. D000247-249 clearly contains redactions made to obscure notes of communications with NYPD Agency Attorney Krista Ashbery in October 2010, a full year after the alleged incident involving Adrian Schoolcraft. These redactions are properly made on the basis of attorney-client and attorney work-product privileges, and will not be removed. City Defendants note that while the document bearing Bates Nos. D000250-252 were redacted in their entirety, these documents were later produced *unredacted* under Bates Nos. NYC0002895-NYC0002897, therefore, removal of the redactions of these pages is unwarranted.

**NYC0004700-NYC0004716, NYC0004723-NYC0004738, NYC0004754-NYC0004756, NYC0004787, NYC0004792-NYC0004830:** These documents encompass the CCRB Histories, the Central Personnel Indices, and the IAB Comprehensive Resumes for defendants Mauriello, Lauterborn, and Caughey. When these documents were produced on October 9, 2012, the cover letter specifically stated that "for the documents provided under the assorted confidentiality designations, incidents reflecting charges of misconduct that predate the incident by more than ten years, and incidents that do not involve allegations of a similar nature to the allegations against the individual defendant officers in the complaint (Excessive Force, Unlawful Search and Seizure, Failure to Intervene, False Arrest, Malicious Abuse of Process, and Involuntary

---

[2] Defendants again note that this item was previously stored in the Internal Affairs Bureau ("IAB") Group 1 case file, and documentation regarding that storage can be found, *inter alia*, under Bates Nos. NYC0004457, NYC0004458, and NYC0004461-NYC0004463.

Commitment) or false statements have been redacted." Therefore, only allegations that are of similar to the allegations specifically lodged against each individual defendant made within the ten year period prior to the incident on October 31, 2009 have been produced. Moreover, City Defendants have redacted private and sensitive information, including medical histories, regarding the individual defendants which is protected from disclosure by, *inter alia*, HIPAA and the law enforcement privilege. Notwithstanding and without waiving or in any way limiting these objections or the General Objections set forth in response to Plaintiff's First Set of Interrogatories and Request for the Production of Documents, Plaintiff's Second Request for the Production of Documents, and Plaintiff's Second Set of Interrogatories and Third Request for the Production of Documents, attached hereto are less redacted versions of NYC0004723, NYC0009368, NYC0004793-NYC0004803, and NYC0004708-NYC0004709, bearing Bates Nos. NYC00010368-NYC00010415, which are being produced subject to the Attorneys' Eyes Only Confidentiality Stipulation and Protective Order, endorsed by the Court on October 5, 2012.

**NYC0004838-NYC0004871:** The IAB Comprehensive Resume for plaintiff had been redacted as it contains unrelated allegations of misconduct that included victims' names and contact information, and the names and contact information of other police officers who were alleged to have engaged in misconduct with plaintiff. However, based on your request, attached hereto are less redacted versions of NYC0004838-NYC0004871, with the witness and complainant information redacted, bearing Bates Nos. NYC00010370-NYC00010403, which are being produced subject to the Confidentiality Stipulation and Protective Order, endorsed by the Court on October 5, 2012.

**NYC0008596-NYC0008597, NYC0009123-NYC0009132, and NYC0009368-NYC0009671:** City Defendants have redacted all information that was gained by the Queens County District Attorney's Office solely through the use of a Grand Jury Subpoena, based on the doctrine of Grand Jury Secrecy, therefore, these redactions will not be removed. See, e.g., N.Y. Crim. Proc. Law § 190.25; Rehberg v. Paulk, 132 S. Ct. 1497, 2012 U.S. Lexis 2711, at *32 (2012).

**NYC0008702-NYC0008714:** Plaintiff incorrectly assumes that because these pages are blank, City Defendants must have redacted *something* from them. These were blank pages received from the Queens County District Attorney and dutifully produced without redaction.

### Witness Identification

In accordance with City Defendants' continuing obligation under F.R.C.P. 26(e), City Defendants identify the following individual likely to have discoverable information relevant to disputed facts that the disclosing party may use to support its claims or defenses:[3]

1. Sergeant Robert Krohley, Shield No. 4535, New York City Police Department, 69th Precinct, 9720 Foster Avenue, Brooklyn, New York 11236.

---

[3] City Defendants further incorporate by reference all individuals identified by plaintiff and co-defendants in their respective initial disclosures.

Should you have any questions, please do not hesitate to contact me.

Sincerely yours,

*S. Mettham*

Suzanna Publicker Mettham
*Assistant Corporation Counsel*
Special Federal Litigation Division

Enc.

cc:

Gregory John Radomisli (By Hand Delivery)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By First-Class Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By Hand Delivery)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter A. Kretz, Jr. (By Hand Delivery)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022

NEW YORK SUPREME COURT
COUNTY OF NEW YORK
------------------------------------------------------------------ x

      SCHOOLCRAFT v. CNY, ET AL            **AFFIDAVIT OF SERVICE**

------------------------------------------------------------------ x

STATE OF NEW YORK    )
                                 : ss.:
COUNTY OF NEW YORK  )

JASON DYER, being duly sworn deposes and says that:

1. The deponent is not a party to the action and is 18 years of age or older.
2. On September 17th, **2013** the deponent served the annexed Response to 08/30 Letter & Disclosure Request upon the following person or persons:

    Nathaniel Smith, Attorney for the Plaintiff
    111 Broadway, Suite 1305 NYC NY 10006

3. The number of copies served on each of said persons was 1.
4. The method of service on each of said persons was:

    Pursuant to CPLR 2103(b)(3), where the person served is an attorney, where a person is in charge of the office, by leaving the paper(s) with such person.

                                                                        **JASON DYER**

Sworn to before me this
17th day of September, 2013.

R. WILLIAMS
Commissioner of Deeds
City of New York No. 2-12722
Certificate Filed in New York County
Commission Expires July 1, 20__