LAW OFFICE OF
## NATHANIEL B. SMITH
ATTORNEY AT LAW
111 BROADWAY
NEW YORK, NEW YORK 10006

NATHANIEL B. SMITH

TEL: (212) 227-7062
FAX: (212) 346-4665

September 18, 2013

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*Schoolcraft v. The City of New York, et al.,*
*10-cv-6005 (RWS)*

Dear Judge Sweet:

I am writing to Your Honor in accordance with the Court's direction that the plaintiff provide opposition to the letter motion by the City Defendants, dated August 21, 2013, regarding claimed discovery deficiencies by the plaintiff. In my September 9, 2013 letter to Your Honor, in which I requested an order lifting the attorney's-eyes-only limitation and directing the return of Officer Schoolcraft's personal property, I also set forth our position on the alleged discovery deficiencies raised by the City Defendants in their August 21, 2013 letter. (*See* Plaintiff's September 9, 2013 letter to the Court at pp. 6-7.) That position is, for the convenience of the Court, reprinted herein at length as follows:

> *The City Defendants' Discovery Letter*
>
> The City Defendants claim in their August 21, 2013 letter to the Court that Officer Schoolcraft has failed to comply with his discovery obligations. The City Defendants' claims are meritless.
>
> We have already stated in writing that, other than the information already provided, Officer Schoolcraft has no

additional information pertaining to retaliation against Officers Pallestro and Polanco. That ought to be the end of the matter, yet the City Defendants persist with this meritless application that can only be designed to make work for opposing counsel and impose needless (and endless) discovery burdens on the plaintiff.

In addition, on July 25th I informed counsel for the City Defendants that the address for Officer Schoolcraft's father was the same address as the one contained in the discovery records in this case. Thus, the City Defendants complain about not being provided with information that they already have.

Finally, the City Defendants complain that our amplification of Officer Schoolcraft's deposition testimony about the contents of the numerous tape recordings is not sufficient. The City Defendants' complaints, which are of their own making, are as endless as they are meritless. During the course of a poorly organized examination of Officer Schoolcraft, he testified that many of the specific areas that the City Defendants were asking about were contained in the numerous tape recordings that are a substantial part of this action's discovery record.

Earlier this summer, the City Defendants requested that Officer Schoolcraft review his deposition and provide further specificity as to which tapes contained information about the various subject matters he was asked about during his deposition. The City Defendants did *not* identify any specific questions that they claimed needed further amplification; indeed, as noted above, the examination was so poorly organized and conducted that any such specificity was impossible. Accordingly, we reviewed the transcript, and reviewed the tapes over a sustained period of time, and then provided in good faith the amplification that we believed was required. (*See* Response to Court Order, dated July 1, 2013; attached as

LAW OFFICE OF
NATHANIEL B. SMITH

Exhibit A to the City Defendants' August 21, 2013
letter.)

Now the City Defendants claim that Officer Schoolcraft
failed to provide specific answers to "specific" questions.
As noted above, the City Defendants in their first request
did not identify any specific questions that needed
amplification. Moreover, in this second request for the
same information the City Defendants again fail to point
to any *specific* question that needs to be answered. And
that is precisely because the substance of the information
has been provided and the City could not, did not and has
not pointed to any specific question that remains
unanswered. Thus, the City Defendants are simply
seeking to burden the plaintiff with wheel-spinning
exercises that have no good faith element to them. We
ask the Court to inform the City Defendants that
meritless discovery complaints are subject to cost-
shifting under Rule 37 of the Federal Rules of Civil
Procedure.

                    *           *           *

The City Defendants August 21, 2013 letter-motion should be denied with a
warning that sanctions can be imposed for meritless applications.

                                    Respectfully submitted,

                                    Nathaniel B. Smith

By ECF
cc: All Counsel by ECF