LAW OFFICE OF
# NATHANIEL B. SMITH
ATTORNEY AT LAW
111 BROADWAY
NEW YORK, NEW YORK 10006

NATHANIEL B. SMITH

TEL: (212) 227-7062
FAX: (212) 346-4665

September 23, 2013

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 1007

> *Schoolcraft v. The City of New York, et al.,*
> *10-cv-6005 (RWS)*

Dear Judge Sweet:

On behalf of Officer Schoolcraft, the plaintiff in this action, I am writing to the Court to reply to the City Defendants' opposition to Officer Schoolcraft's motion to lift the AEO designations. I am also submitting this letter in reply on Officer Schoolcraft's motion seeking the return of his personal property.

*1. The AEO Designation*

In opposing Officer Schoolcraft's motion to lift the AEO designations, the City Defendants fail to come forward with any specific facts showing any serious harm that would be caused by permitting Officer Schoolcraft to review the documentary evidence produced by the City Defendants in this case. As we noted in our September 9, 2013 letter, the Second Circuit's *Gamble* decision puts the burden of proof on the City Defendants to justify their AEO designations, and the *Schiller* decision, which is directly on point, holds that a party seeking to enforce a protective order must make a specific showing of serious injury. Rather than address this burden, the City Defendants ignore the relevant case law and assert without any authority that the burden of proof is on Officer Schoolcraft. Since the City Defendants fail to satisfy their burden on the issue, the motion should be granted and the AEO designations should be lifted in their entirety.

The City Defendants also make several other meritless arguments. First, the City Defendants suggest that this motion is simultaneously "premature" and "too late." The motion is neither. As noted in our September 9, 2013 letter to the Court, within days of the AEO production, Officer Schoolcraft's prior counsel raised objections to the City Defendants' AEO designations, and since I have appeared in this action, I raised the issue twice on the telephone and once in a formal letter, only to be ignored substantively until receiving a written response by the City Defendants two days before their opposition to this motion was due. Thus, Officer Schoolcraft's objections were raised on a timely basis and we have attempted in good faith to resolve this matter without involving the Court.

Tacitly admitting that its position is meritless, the City Defendants also state that they "have already agreed" to lift the AEO designation for "600 pages of documents." (City Defendants' September 18, 2013 letter at p. 3.) Thus, nearly one year after Officer Schoolcraft requested in October of 2012 that the AEO designations be lifted and on the eve of the return date of this motion, the City Defendants finally agreed to permit Officer Schoolcraft to review *some* of the documentary evidence in this case.

But that concession, although relevant to show that City Defendants' lack of good faith, does not resolve this motion because the City Defendants are still asserting AEO protection for *another* 925 pages of documents. Those documents, according to the City Defendants' September 18, 2013 letter to the Court, should remain subject to the AEO limitation because they pertain to "non-party arrestees," "disciplinary records of defendant officers," and "confidential" information about Officer Schoolcraft's father and his sister. (*Id.* at pp. 3-4.) As noted above, the City Defendants fail to satisfy their burden of showing a specific harm arising from disclosure of any specific document, and on that basis the Court should reject the City Defendants' blanket and generalized claims.

Moreover, the claims should be rejected for other equally important reasons. Thus, the identity of arrestees is a fake issue because that information has already been redacted. In addition, no reason is given for why Officer Schoolcraft should not know that several of the defendants in this action have had significant disciplinary action taken against them, particular since there is no limitation on their access to information about Officer Schoolcraft. Finally, the City Defendants provide no authority whatsoever for the odd proposition that Officer Schoolcraft is not entitled to background information obtained by the NYPD about his father or

Law Office of
Nathaniel B. Smith

his sister. Indeed, the City Defendants concede that the information is relevant to the case and could be relevant to credibility determinations. In the absence of any specific or concrete reason for these AEO designations, settled law requires that the AEO designation be lifted.

In a last ditch effort to run away from the real issues in this motion, the City Defendants argue that Officer Schoolcraft "hired his present counsel because he 'wanted a more media-driven, public airing' of the case." (City Defendants' September 18, 2013 letter at p. 3.) That is a gross misrepresentation. First, the reference to "a public airing" is a reference to a statement *by a journalist*, Leonard Levitt, about what Officer Schoolcraft's *father* allegedly told the journalist last year. Thus, it is not the statement by the plaintiff and is irrelevant hearsay in all events. It is also a gross misrepresentation for the City Defendants to claim that I was hired for that purpose or any other purpose. Indeed, I have not made any public comments to the press in this case at all, and have no intention whatsoever of seeking to try this case in the media, preferring to win this case where it counts – in the courtroom.

### 2. The Return of Officer Schoolcraft's Personal Property

Not surprisingly, the City Defendants fail to provide *any* support for the proposition that they are entitled to keep any of Officer Schoolcraft's property. Accordingly, the Court should order the City Defendants to return all of his property forthwith. To the extent that the City Defendants have an issue about the return of the father's rifle to its owner, we are happy to provide them with an address to which it can be shipped.

\*     \*     \*

The motion to lift the AEO designation and to order the return of Officer Schoolcraft's personal property should be granted. A proposed order, resolving this motion, is attached as Exhibit F to our September 9, 2013 letter to the Court.

Respectfully submitted,

Nathaniel B. Smith

LAW OFFICE OF
NATHANIEL B. SMITH

By ECF and Hand
cc:
All Counsel (w/o encl.)
Via ECF