UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                             Plaintiff,

    -against-

                                                       10-CV-06005 (RWS)

THE CITY OF NEW YORK, et al.,

                             Defendants.
---------------------------------------------------------------X

## DEFENDANT MAURIELLO'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND HIS ANSWER
## TO ASSERT STATE-LAW COUNTERCLAIMS

### Preliminary Statement

Defendant Steven Mauriello, a Deputy Inspector in the New York City Police Department (NYPD), respectfully requests leave to serve an amended answer to assert state-law counterclaims against the plaintiff for tortious interference with his NYPD employment and prima facie tort, and submits that justice requires such leave to be granted.

### Summary of Argument

Defendant Mauriello's counterclaims are so related to plaintiff's claims as to form part of "the same case or controversy" or "derive from a common nucleus of operative fact" warranting this Court's exercise of supplemental jurisdiction pursuant to 28 U.S.C. section 1367(a).  There are no exceptional circumstances providing any compelling reasons to decline jurisdiction pursuant to section 1367(c).

In addition, the Court "should freely give leave" to defendant Mauriello to amend his Answer to add the proposed counterclaims pursuant to Rule 15(a)(2) of the Federal Rules because "justice so requires".

Finally, the counterclaims are timely pursuant to New York state law, which is controlling, because it provides in section 203(d) of the C.P.L.R. that "a . . . counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed."

## Statement of the Case

The statement of the case for purposes of defendant Mauriello's motion for leave to amend his answer to assert the proposed counterclaims is set forth in the Declaration of Walter Kretz submitted in support of the motion.

## ARGUMENT

### POINT I

DEFENDANT MAURIELLO'S PROPOSED COUNTERCLAIMS
ARE SO RELATED TO PLAINTIFF'S CLAIMS AS TO FORM
PART OF THE SAME CASE OR CONTROVERSY
WARRANTING THE EXERCISE OF SUPPLEMENTAL JURISDICTION

When exercising federal question jurisdiction over a plaintiff's claims, federal courts have supplemental jurisdiction over state law counterclaims pursuant to 28 U.S.C. section 1367(a), which provides as follows:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . . .

Subsection (c)(4) of section 1367 permits a district court "to decline to exercise supplemental jurisdiction over a claim . . . if . . . in

2

exceptional circumstances, there are other compelling reasons for declining jurisdiction."

As discussed in the Declaration of Walter Kretz submitted in support of defendant Mauriello's motion, the proposed counterclaims clearly are so related to plaintiff's claims as to form part of the same case or controversy. "A state law claim forms part of the same controversy if it and the federal claim 'derive from a common nucleus of operative fact.'" Cicio v. Does, 321 F.3d 83, 97 (2d Cir. 2003), quoting City of Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156,165 (1997) (other citations omitted). Here, the common nucleus of operative fact is the conduct of the parties leading up to the events of October 31, 2009, and whether that conduct supports plaintiff's claim of wrongful retaliation, or defendant's claim of tortious revenge.

In addition, exceptional circumstances do not exist here to provide any compelling reasons for the Court to decline supplemental jurisdiction. Such reasons have been recognized to encompass "judicial economy, convenience and fairness to litigants." See Viacom Intern., Inc. v. Kearney, 212 F.3d 721, 728 (2d Cir. 2000), quoting Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994). Here, there can be no doubt that it would be far more efficient to resolve defendant Mauriello's counterclaims in the context of resolving plaintiff's claims, thus ensuring overall judicial economy as well as convenience and fairness to plaintiff and defendant Mauriello, without unduly burdening the other parties.

In this case to date, an enormous number of recordings and transcripts, and thousands of pages of documents, have been produced. Perhaps as many as two dozen or even more parties and witnesses will have to

3

be deposed, and to date only one out of at least three sessions of plaintiff's deposition has been taken.  The evidence relating to Mauriello's counterclaims is encompassed in the evidence that will be fully explored in the depositions and in the overall prosecution and defense of plaintiff's claims.  Having the Court exercise supplemental jurisdiction over the counterclaims therefore would make enormous sense and would create no prejudice or hardship for the parties.  Finally, Maurielo's counterclaims do not present any novel issues that might call for this Court to defer to the state court.  See <u>Dellefave v. Access Temporaries, Inc.</u>, 37 Fed. Appx. 23 (2d Cir. 2002) (that the counterclaims do not involve any novel or unsettled questions of law favors the exercise of supplemental jurisdiction (citations omitted)).

While this case involves a substantial undertaking by the Court and the litigants, there can be no serious doubt that it would be wasteful, inconvenient and unfair to require that Mauriello's counterclaims be pursued separately from plaintiff's claims given that they involve a common nucleus of operative fact, which will be fully reviewed at trial.

POINT II

THE COURT "SHOULD FREELY GIVE LEAVE" TO
DEFENDANT MAURIELLO TO AMEND HIS ANSWER
TO ADD THE COUNTERCLAIMS PURSUANT TO RULE 15(a)(2)
BECAUSE "JUSTICE SO REQUIRES"

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  The Rule then instructs that "[t]he court should freely give leave when justice so requires."  We have not requested written consent from the plaintiff, but will do so upon service

of these motion papers and immediately will notify the Court if written consent is provided. For reasons consistent with those supporting this Court's exercise of supplemental jurisdiction, we urge the Court to grant Steven Mauriello leave to serve his amended Answer to assert the proposed counterclaims because justice so requires.

The cumulative documentary and recorded evidence produced in discovery, some of which has only recently been delivered to us, and some of which has been revealed to us through the recent release of the Rayman book, provides a portrait of the plaintiff as a disaffected police officer determined to do harm to those who essentially evaluated him fairly based upon his poor performance, and properly treated him on the job as he deserved to be treated. Rather than respond to their instruction, patience, encouragement and support, he deceived them and has subjected them, and especially Mauriello, to a reckless and malicious revenge carried out secretly for an extended time. Justice requires that Mauriello not be limited to presenting this evidence in defense of plaintiff's claims, but that he be permitted to use it in support of his counterclaims.

In State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843 (2d Cir. 1981), a leading case in the Second Circuit on the issue of leave to amend, the Court instructed that "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." Id. at 856, quoting Foman v. Davis, 371 U.S. 178, 182 (1963). The Second Circuit further instructed in State Teachers that "[m]ere delay, . . . absent a showing of bad faith or undue

5

prejudice, does not provide a basis for a district court to deny the right to amend." Id. (citations omitted).

Neither bad faith, nor undue prejudice could be shown to even remotely exist here, and so the timing of the proposed counterclaims can not be deemed to constitute undue delay. In fact, the timing of the counterclaims is highly appropriate, coming at a time when the substantial amounts of documents and recordings being produced by the plaintiff and the City defendants is nearly complete and the depositions have not yet begun (other than the first session of plaintiff's deposition). The counterclaims do not give rise to any factual issues that would not already have been explored in the depositions, as they relate as much to the defendants' opposition to plaintiff's claims as they do to Mauriello's counterclaims. See State Teachers Retirement Bd. v. Fluor Corp., supra. ("This is not a case where the amendment came on the eve of trial and would result in new problems of proof" (citations omitted).).

As for the damage suffered by Mauriello due to plaintiff's tortious conduct, much of it already has been revealed, and plaintiff's counsel can fully explore all aspects of Mauriello's damage when he conducts Mauriello's deposition. If plaintiff prefers to change the order of the defendants' depositions so any records relating to Mauriello's damage might be produced before his deposition is taken, that certainly can be arranged without altering the discovery deadlines recently set by the parties and approved by the Court.

We respectfully request that defendant Mauriello be granted leave to serve the amended Answer to add the proposed counterclaims.

6

POINT III

DEFENDANT MAURIELLO'S PROPOSED
COUNTERCLAIMS ARE TIMELY

Defendant Mauriello's proposed counterclaims are state law claims to which state law statutes of limitations apply. In addition, state law determines the extent of any tolling of such a state law statute of limitations. See Sea Trade Co. Ltd. v. FleetBoston Fin'l Corp., 2006 WL 2786081 (S.D.N.Y. 2006), quoting Personis v. Oiler, 889 F.2d 424, 426 (2d Cir. 1989). Under New York state law, section 203(d) of the C.P.L.R. is controlling on the issue of tolling the statute of limitations applicable to a counterclaim, and provides as follows: "a defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed . . . ."

The complaint was interposed on August 10, 2010. At that time, neither of defendant Mauriello's counterclaims would have been time-barred, as neither cause of action would have accrued more than one year prior to that date. The statute of limitations for defendant Mauriello's prima facie tort counterclaim is either one year or three years, depending on what the essence of the claim is deemed to be. See Morrison v. National Broadcasting Co., 19 NY2d 453, 459 (1967). For Mauriello's tortious interference counterclaim, the period of limitations is three years. See, e.g., IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 NY3d 132, 141 (2009). Neither period would have expired as of August 10, 2010.

7

We respectfully request that defendant Mauriello's proposed counterclaims be deemed timely, thus clearing him to serve his amended Answer with counterclaims.

.CONCLUSION

Based upon the foregoing, and the Declaration of Walter Kretz submitted in support of defendant Mauriello's motion, we respectfully request that the Court exercise supplemental jurisdiction over defendant Mauriello's proposed counterclaims, permit him to serve his amended Answer, and deem the counterclaims timely due to the tolling of the statutes of limitations as of the date the original complaint was filed.

Dated: New York, New York
       September 24, 2013

> SCOPPETTA SEIFF KRETZ & ABERCROMBIE
> Attorneys for Defendant STEVEN MAURIELLO
>
> By: _____
>      Walter A. Kretz, Jr., (WK-4645)
> 444 Madison Avenue, 30th Floor
> New York, NY  10022
> wakretz@seiffkretz.com
> 212-371-4500