


**MICHAEL A. CARDOZO**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**SUZANNA P. METTHAM**
phone: (212) 356-2372
fax:  (212) 788-9776
email: smettham@law.nyc.gov

October 1, 2013

**BY ECF**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: <u>Schoolcraft v. The City of New York, et al.</u>
           10-CV-6005 (RWS)

Your Honor:

      I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent the City Defendants in the above-referenced matter. City Defendants write in response to plaintiff's September 27, 2013 motion seeking to expand the Court's ruling on September 25, 2013 regarding the removal of certain documents from the Attorneys' Eyes Only ("AEO") Stipulation into the Confidentiality Stipulation, so that plaintiff could view those records. City Defendants respectfully request that the Court deny plaintiff's letter motion in its entirety as plaintiff's broad and unclear language would remove the AEO designation from more documents than this Court has already ordered. City Defendants also respectfully request until Wednesday, October 9th to respond to the Court's request for further briefing on the issue of whether this Court has jurisdiction to order City Defendants to return any items and if so, whether City Defendants should be compelled to return any of the items sought by plaintiff. City Defendants asked for plaintiff's consent this morning, but have not heard from plaintiff at the time of this writing.

      By way of background, at plaintiff's deposition on Thursday, September 26th, plaintiff made a broad pronouncement that at the oral argument the preceding day, this Court had removed the AEO designation from all statements made by witnesses to IAB. I indicated to plaintiff at that time that his belief was incorrect as it was entirely too broad, based on my recollection of the oral argument, which is further supported by the transcript. Plaintiff asked me to clarify which documents I believed were still protected by the AEO designation, and the undersigned responded that I believed every document that City Defendants had listed in the September 18, 2013 letter to this Court specifically by Bates No. under the three categories discussed in Court were still covered by the AEO stipulation. Plaintiff alleged that my list of documents in the letter to the Court was not a clear enough representation of which documents were still subject to the AEO stipulation; however, the undersigned is at a loss to know what

Honorable Robert W. Sweet
<u>Schoolcraft v. The City of New York, et al.</u>
October 1, 2013
Page 2

would be more clear that listing documents believed to be subject to the AEO stipulation by those documents' Bates range. Plaintiff's letter motion followed.

As I represented to this Court on September 25, 2013, City Defendants agreed on September 16, 2013 to lift the AEO designation, and allow instead for a confidential designation, for all statements made by witnesses in this action to IAB with relevant information to the subject matter of this lawsuit. However, a number of witness interviews by IAB involved *only* claims of non-party arrestees, which this Court ordered on September 25th would not have to be produced to plaintiff. Therefore, those interviews of members of the service (none of whom are defendants or even identified witnesses to this matter) that *only* involve claims unrelated to the events of October 31, 2009, and plaintiff's ensuing hospitalization should remain AEO as previously ordered by the Court. Should plaintiff believe that any of the remaining AEO documents are improperly designated, plaintiff must, as has been Ordered by this Court on no less than three separate occasions, specify by Bates range to which documents he believes he is entitled, *first* to City Defendants, and *then* only after an agreement cannot be reached, should plaintiff burden this Court with a motion.

For the sake of clarity and to hopefully aid plaintiff in his efforts, City Defendants again identify the documents to which City Defendants believe the AEO designation is still applicable:

**Non-Party Arrestees:** Bates Nos. NYC3822-3823, NYC4657-4659, NYC5152-5248, NYC5392, NYC5444-5449, NYC5451, NYC5470, NYC5583-5604, NYC5646-5647, NYC5712, NYC5761-5766, NYC5806-5807, NYC5843-5844, NYC5888, NYC5896, NYC5923, NYC5925, NYC5949-5961, NYC5986, NYC5989, NYC5993-5994, NYC6004, NYC6006-6007, NYC6012-6015, NYC6051-6077, NYC6106-6112, NYC7567, NYC7571, NYC7676-7746, NYC7748-7749, NYC7766, NYC7888-7889, NYC7892-7942, NYC7990-8006, NYC8015-8048, NYC8078-8091, NYC8093-8100.

**Disciplinary Records of Defendant Officers:** Bates Nos. NYC5458, NYC5393, NYC5680-4761, NYC4787-4834, NYC5249-5338, NYC5363-5364, NYC5375-5376, NYC5424, NYC5456, NYC5457, NYC5461-5465, NYC5467, NYC5473-5475, NYC5478-5479, NYC5494-5495, NYC5512-5582, NYC5641-5645, NYC5655-5656, NYC5809-5812, NYC5991, NYC5605-5625, NYC5650-5653, NYC5804-5805, NYC5808, NYC5840, NYC5868, NYC5903-5904, NYC5962-5963, NYC5967-5968, NYC5976-5980, NYC6000, NYC6025-6027, and NYC7575-7670.

**Non-Party Sensitive and Confidential Information:** Bates Nos. NYC4660-4679, NYC4835-4837, NYC5397-5398, NYC5881-5883, NYC5890-5892, NYC5908, NYC5917-5819, NYC5930-5931, and NYC6039.

City Defendants respectfully request that the Court order plaintiff to identify which items out of the abovementioned list he believes he must be given access to, and what his client's compelling need for each document is.

Finally, City Defendants note that they are not able to inspect the items in the possession of the NYPD that have been requested by plaintiff until the afternoon of October 3rd, and the undersigned will be out of the office on Friday, October 4th. Therefore, City Defendants respectfully request until Wednesday, October 9th to respond to the Court's request for further briefing on the issue of whether this Court has jurisdiction to order City Defendants to return any

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
October 1, 2013
Page 3

items and if so, whether City Defendants should in fact be compelled to return any of the items sought by plaintiff.

City Defendants thank the Court for its consideration.

Respectfully submitted,

*S. Mettham*

Suzanna P. Mettham
Assistant Corporation Counsel

cc:   Nathaniel Smith (By ECF)
*Attorney for Plaintiff*

Gregory John Radomisli (By ECF)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*

Brian Lee (By ECF)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*

Bruce M. Brady (By ECF)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*

Walter A. Kretz (By ECF)
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*