

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**SUZANNA P. METTHAM**
phone: (212) 356-2372
fax:  (212) 788-9776
email: smettham@law.nyc.gov

October 9, 2013

**BY ECF**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: <u>Schoolcraft v. The City of New York, et al.</u>
> 10-CV-6005 (RWS)

Your Honor:

      I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent the City Defendants in the above-referenced matter.  City Defendants write in response to the Court's request at oral argument on September 25, 2013 for further information and briefing regarding plaintiff's request for the return of certain items in the possession of the NYPD.  Following additional research and investigation, City Defendants respectfully request that the Court deny plaintiff's request for the return of the items.

### 1. <u>Description of the Items Plaintiff Seeks to Have Returned</u>

      Plaintiff seeks the return of "the tape recorder that he [plaintiff] used to record various of the key events in this action, various papers that were in his apartment the night he was unlawfully arrested, and his father's rifle." City Defendants note that these items are found in two separate Property Clerk Invoices: 1000259089 and K319299. Property Clerk Invoice No. 1000259089 contains an Olympus-brand digital recording device with model number DS-50. City Defendants have agreed to return the digital recording device to plaintiff, as it is not required as evidence in plaintiff's Departmental disciplinary hearing, and all the evidence on that recording device has already been downloaded to CD and produced in discovery in this matter. Therefore, the return of the digital recording device is no longer at issue in this litigation.

      The second invoice, Property Clerk Invoice No. K319299, contains one 9mm High Point firearm; four 9mm black magazines; ten 9mm Luger rounds in a clear plastic bag; 44 rounds of Gold Dot Superior 9mm ammunition in a cardboard box; one clear plastic bag containing miscellaneous tools for use with a rifle; one Beam Shot 1000 laser shot package; one black fabric magazine holder; one black fabric carrying case for a 9mm High Point rifle; and one "plastic bag

Honorable Robert W. Sweet
<u>Schoolcraft v. The City of New York, et al.</u>
October 9, 2013
Page 2

containing misc papers," all of which were removed from plaintiff's apartment and vouchered on November 10, 2009.

Plaintiff has sought the return of all above-referenced items, but confusion previously arose regarding what the "misc papers" described in Invoice No. K319299 referred to. Based on plaintiff's past representations, City Defendants had believed that the "miscellaneous papers" vouchered by the NYPD were complaint reports of victims of crime, and had made legal arguments on that mistaken belief. Following the oral argument before this Court on September 25, 2013, City Defendants inspected the challenged property in the possession of the Property Clerk and learned that the "miscellaneous papers" are merely a receipt for firearms accessories, a manual for a "compactor/muzzle break," instructions for a "laser sight," and tools to affix the "compactor/muzzle break" and "laser sight" to a rifle.[1] <u>See</u> Photograph taken at October 3, 2013 evidence inspection, annexed hereto as Exhibit A. Upon information and belief, no complaint reports were removed from plaintiff's apartment on October 31, 2009 or any date thereafter.

Therefore, the property that plaintiff seeks to have returned can be summarized as a 9mm rifle, accessories for that rifle, and paperwork relating to the rifle and its accessories.

**2. Plaintiff Does Not Have Standing to Demand the Return of His Father's Possessions**

There is no dispute that the rifle and the rifle accessories are the property of his father, Larry Schoolcraft. In fact, plaintiff has admitted so multiple occasions and most recently at the oral argument before Your Honor. Therefore, plaintiff does not have a constitutionally protected interest in that property.

The Due Process Clause does not protect against all deprivations of constitutionally protected interests in life, liberty, or property, "only against deprivations without due process of law." <u>Parratt v. Taylor</u>, 451 U.S. 527, 537 (1981). Put another way, where a plaintiff alleges violations of procedural due process "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." <u>Zinermon v. Burch</u>, 494 U.S. 113, 125 (1990) (emphasis in original). To determine whether a plaintiff has a valid due process claim, the Court applies a two-step inquiry: (1) whether the plaintiff possesses a property interest and, if so, (2) what process they are due before they can be deprived of that interest. <u>See</u> <u>Ciambriello v. Cnty. of Nassau</u>, 292 F.3d 307, 313 (2d Cir. 2002).

"Although the United States Constitution protects property interests, it does not create them. Property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law[.]" <u>Jackson v. Roslyn Bd. of Educ.</u>, 652 F. Supp. 2d 332, 339 (E.D.N.Y. 2009). Here, it is uncontested that he does not own the items now, or in 2009 when they were vouchered by the NYPD. Accordingly,

---

[1] City Defendants note that the receipt included in the "misc papers" category was copied by IAB prior to its invoicing, and that copy of the receipt was produced to plaintiff previously in this case under Bates No. NYC00003250 on August 12, 2012.

plaintiff has not established that he had *any* property interest, much less a constitutionally protected interest, in the rifle and rifle accessories.

### 3. New York Has Meaningful Post-Deprivation Remedies for Intentional Deprivation of Property. Thus, Plaintiff's Claim Is Not Actionable under § 1983

Even if plaintiff had standing to challenge the taking of property, when a state employee has negligently or intentionally deprived an individual of his property, that deprivation is not actionable under § 1983 if a meaningful post-deprivation remedy is available under state law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available."); Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996) ("[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful post[-]deprivation remedy.").

Courts have consistently found that adequate post-deprivation remedies include state law causes of action. See, e.g., McCloud v. Torres, 2006 U.S. Dist. LEXIS 97914 at 8-9 (E.D.N.Y. Oct. 26, 2006) (referencing that New York provides adequate post-deprivation remedy in form of state law causes of action for negligence, replevin, or conversion for loss of property); Dawkins v. Jones, et al., 2005 U.S. Dist. LEXIS 1197 (S.D.N.Y. 2005), 65-66 (holding suit in New York Court of Claims for loss of personal property is adequate post-deprivation remedy); David v. N.Y.P.D. 42nd Precinct Warrant Squad, 2004 U.S. Dist. LEXIS 16678, 18-19 (S.D.N.Y. Aug. 20, 2004) (holding adequate post-deprivation remedy for property loss is state law causes of action for negligence, replevin, or conversion). Because plaintiff has state law causes of action available for conversion and replevin to compensate plaintiff for his property, the state provides adequate post-deprivation remedies sufficient to defeat any constitutional claims for the property. See Liranzo v. City of New York, et al, 11 CV 04434 (RJS), Slip. Op. at 12 (S.D.N.Y. Dec. 11, 2012). Plaintiff's state law claims of conversion and/or replevin are not actionable under a § 1983 cause of action, and therefore, this Court does not have jurisdiction to order the NYPD to return the items.

### 4. The Items Sought By Plaintiff Are Evidence In An Ongoing Disciplinary Matter

Aside from a lack of standing and jurisdiction, the items sought by plaintiff should not be returned to *anyone* because they are needed by the NYPD Department Advocate's Office as evidence at the Departmental trial of Adrian Schoolcraft.

Plaintiff is facing Departmental charges for being in possession of the aforementioned rifle and accessories, and as such, they are evidence in that outstanding disciplinary matter. See Charges and Specification No. 6 dated June 7, 2010, indicating that plaintiff failed to comply with an April 14, 2009 order to surrender all firearms. The Department Advocate's Office, much like a District Attorney prosecuting a crime, requires that the evidence against plaintiff be maintained with a reliable chain of custody. Therefore, City Defendants have a clear and

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
October 9, 2013
Page 4

compelling need to maintain the evidence at least until the resolution of plaintiff's Departmental disciplinary proceedings.

### 5. Conclusion

For all the foregoing reasons, City Defendants request that the Court deny plaintiff's request return the aforementioned property found in Property Clerk Invoice No. K319299 to plaintiff. City Defendants thank the Court for its consideration.

Respectfully submitted,

*S. Mettham*

Suzanna P. Mettham
Assistant Corporation Counsel

cc:   Nathaniel Smith (By ECF)
      *Attorney for Plaintiff*

      Gregory John Radomisli (By ECF)
      MARTIN CLEARWATER & BELL LLP
      *Attorneys for Jamaica Hospital Medical Center*

      Brian Lee (By ECF)
      IVONE, DEVINE & JENSEN, LLP
      *Attorneys for Dr. Isak Isakov*

      Bruce M. Brady (By ECF)
      CALLAN, KOSTER, BRADY & BRENNAN, LLP
      *Attorneys for Lillian Aldana-Bernier*

      Walter A. Kretz, Jr. (By ECF)
      SEIFF KRETZ & ABERCROMBIE
      *Attorney for Defendant Mauriello*