

**THE CITY OF NEW YORK**

# LAW DEPARTMENT

**MICHAEL A. CARDOZO**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**SUZANNA P. METTHAM**
phone: (212) 356-2372
fax:  (212) 788-9776
email: smettham@law.nyc.gov

October 16, 2013

**BY ECF**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  <u>Schoolcraft v. The City of New York, et al.</u>
             10-CV-6005 (RWS)

Your Honor:

      I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent the City Defendants in the above-referenced matter. City Defendants write: (1) in support of their October 9, 2013 motion regarding plaintiff's request for the return of certain items in the possession of the NYPD; (2) in support of their October 9, 2013 motion requesting that the Court lift the injunction dated June 28, 2013, enjoining further administrative proceedings by the NYPD against plaintiff; and (3) requesting permission to present a sur-reply to ask that the Court deny plaintiff's new request to modify the existing Attorneys' Eyes Only Stipulation and Protective Order.

### 1. Plaintiff's Demand for the Return of Certain Property

#### a. Plaintiff Abandoned His Claims Regarding the Rifle and Rifle Accessories

      Plaintiff has failed to address *in any manner* City Defendants arguments regarding the rifle and rifle accessories in the possession of the NYPD. As such, City Defendants respectfully request that the Court consider Plaintiff's allegations concerning that claim to be abandoned.

#### b. Plaintiff's Request for Sanctions Should Be Denied

      With regard to plaintiff's recording device, City Defendants heeded this Court's plea for the triumph of "common sense" and agreed to return the recording device regardless of the case law permitting the City Defendants to maintain custody of the items. See 9/25/13 Tr. of Court Conf. at 20:15-22; City Defendants' Motion dated 10/09/13 at 1 (Dkt. No. 177). Demonstrating that no good deed goes unpunished, plaintiff attempts to argue that by agreeing to return Schoolcraft's Olympus DS-50 recording device, "City Defendants admit that their arguments about their right to keep the recorder and the Court's lack power to order its return were not substantially justified." Pl. Memo. dated 10/15/13 at 12 (Dkt. No. 181). Plaintiff then asks that this Court sanction the undersigned for taking "an unjustified discovery position." This argument

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
October 16, 2013
Page 2

is preposterous.  City Defendants *never* conceded that they do not have the right to maintain custody of the recorder or that the Court has the authority to order City Defendants to return said recorder. City Defendants respectfully request that the Court deny plaintiff's request for sanctions against the undersigned.

### c. Plaintiff's Request for a Sworn Statement About Attempts to Locate Property Should Be Denied

Plaintiff for the first time requests that the Court order City Defendants to "provide a sworn statement by a responsible individual as to the whereabouts and existence of all of Officer Schoolcraft's property taken from his person, his home and from his lockers at the 81st Precinct. Among other things, according to plaintiff, the statement should affirmatively state that the second recording device and all papers, including crime reports that were at Officer Schoolcraft's home or in his locker, have been searched for and located or not located." As an initial matter, plaintiff never broached this issue at any time with City Defendants, and thus it is not properly before this Court as plaintiff has *again* failed to meet and confer with City Defendants before bringing a matter to the attention of the Court. Regardless, plaintiff's request is improper as it assumes facts not established, would not lead to the discovery of admissible evidence, is vague, and further, depositions provide a more reasonable means to obtain the information sought.

City Defendants do not dispute that certain items were removed from plaintiff's apartment on October 31, 2009 and thereafter on November 10, 2009. These items have been vouchered and invoiced as property, and those invoices and records have already been provided to plaintiff.  However plaintiff now claims that in addition to the vouchered evidence, defendants in this matter removed *further* documents and items from plaintiff's apartment and locker, a fact which City Defendants dispute.

To the extent plaintiff believes that items were taken from his apartment, plaintiff has at his disposal the appropriate means to inquire further into this issue: deposition testimony. With regard to plaintiff's lockers that were in the 81st Precinct, plaintiff was informed a month ago that the lockers were "reassigned to other police officers currently assigned to the 81st Precinct.[…] Upon information and belief, an Internal Affairs Bureau Investigation has been launched to determine who opened those lockers, when, and for what reason. City Defendants will produce the results of that investigation when it has concluded." See City Defendants' Letter dated September 18, 2013, annexed hereto as Exhibit A. To the extent that any documents were taken out of plaintiff's lockers, upon information and belief, this matter will be looked into further by IAB. Until the IAB investigation is concluded, City Defendants cannot state with any certainty where the contents of his locker, if any, may be.

Moreover, City Defendants note that plaintiff has not alleged that any of the items that were allegedly in his locker in the 81st Precinct as of October 31, 2009 were relevant to this lawsuit.  At plaintiff's deposition on September 27, 2013, he admitted that he believed he had some complaint reports in his locker on October 31, 2009, but that reports that he believed were relevant to his claims of misconduct had already been copied and produced to QAD before that date.[1] Therefore, to the extent that plaintiff claims any documents are missing from his locker, he

---

[1] Complaint Reports are records taken by police officers of victims of crimes. City Defendants state that even if complaint reports were removed from plaintiff's locker at the 81st Precinct, the paperwork and

Honorable Robert W. Sweet
<u>Schoolcraft v. The City of New York, et al.</u>
October 16, 2013
Page 3

has already admitted that copies exist for the ones that he believes are arguably relevant to this lawsuit. As City Defendants have already agreed to produce the results of the IAB investigation, and any items sought by plaintiff are irrelevant in any case, plaintiff's request for a sworn statement regarding "the whereabouts and existence of all of Officer Schoolcraft's property taken from […] his lockers at the 81st Precinct" should be denied.

## 2. <u>The Motion to Lift the Injunction Should Be Granted Because City Defendants Have Complied With One of the Court's Two Methods for Ending the Injunction</u>

In the Court's June 28, 2013 Memorandum and Opinion granting plaintiff's request for an injunction to stay the Departmental trial of Adrian Schoolcraft this Court explicitly stated that the injunction would remain in place "pending the resolution of this action *or a determination by the City that its departmental proceeding will not have a preclusive effect on the issues raised in this action*." 06/28/13 Order at 19-20 (Dkt. No. 157). As City Defendants have agreed to waive the defense of collateral estoppel in this specific case, City Defendants have complied with one of the Court's two methods for ending the injunction ordered by the Court on June 28, 2013 as the Departmental trial will no longer have a preclusive effect on the issues raised in this action.

Though City Defendants have clearly met the Court's requirements for ending the injunction, plaintiff now argues that the stay should not be lifted because counsel doesn't have enough time to simultaneously conduct both an administrative investigation and litigate the instant mater. This is an insufficient basis on which to oppose the City's request, especially given the fact that plaintiff has **five** attorneys who have made appearances on his behalf in this matter, *not counting* plaintiff's prior counsel of Cohen & Fitch and Jon Norinsberg. Given the large number of attorneys at his disposal, it is unclear why plaintiff could not proceed with an administrative trial and discovery in this litigation. Further, despite plaintiff's dubious claims regarding the City's motivations for lifting the stay,[2] City Defendants believe that a stay in this case has already prejudiced defendants, and will continue to do so as long as the stay remains in effect. There is no doubt that the NYPD has a compelling interest in resolving any disciplinary

---

lockers are the property of the NYPD and should not be returned to plaintiff. For example, complaint reports, without exception, contain confidential and sensitive information regarding victims and perpetrators of crimes, and further, complaint reports often contain information that may be sealed pursuant to NYS Penal Law §§ 160.50 and/or 160.55.

[2] Plaintiff asks the Court to "take judicial notice of the fact that the political landscape of the City Defendants and the NYPD is changing. The results of the September 2013 Democratic Primary for New York City Mayor have made clear that the current administration of the NYPD will likely be changing by the end of this year. Hence it seems clear that the only reason why the NYPD is now so eager to try Officer Schoolcraft has nothing to do with the genuine needs of the NYPD but with its current administration's attempt to discredit Officer Schoolcraft with an "adjudication" before the end of the year." Pl. 10/17/13 Memo. at 11 (Dkt. No. 181). While the Court may take judicial notice of the fact that Mayor Bloomberg's tenure will end on December 31, 2013, this Court cannot take notice of plaintiff's subjective prophecies of what the next Mayor of, whose election has yet to take place, may or may not do. Federal Rule of Evidence 201(b) defines a fact acceptable for judicial notice as: "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Electoral prognostication clearly does not fit into either of those categories.

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
October 16, 2013
Page 4

and employment issues involving its officers. City Defendants have moved to lift the stay at this time because it has prevented the NYPD from resolving the disciplinary issues with plaintiff in an efficient and prompt manner, and continues to do so. Therefore, as City Defendants have agreed to waive the only barrier presented by this Court to an administrative trial, collateral estoppel, this Court should lift the June 28, 2013 injunction.

### 3. Plaintiff Has Not Met His Burden to Modify the Current Attorneys' Eyes Only Stipulation and Protective Order

Plaintiff originally drafted a motion dated September 27, 2013 asking that the Court "issue and enter an order that the attorney's-eyes-only limitation is lifted for all documents pertaining to statements by witnesses and individual defendants that are relevant to Officer Schoolcraft's claims in this action." Pl. 09/27/13 Letter Motion at 1. City Defendants opposed that motion on October 1st; however, plaintiff's October 15, 2013 memorandum requests further relief not addressed in that original September 27, 2013 letter motion, to wit, that "the Court should rule that the only materials that are properly the subject of the AEO limitation are the designated disciplinary records of the individual defendants (subject to a later motion by the plaintiff showing that the disciplinary records are relevant to the issues in this case), and the criminal and financial background checks conducted by the NYPD of Officer Schoolcraft's father and sister". Pl. 10/17/13 Memo. at 12 (Dkt. 181). To the extent plaintiff has presented new requests for relief in his October 15th reply, City Defendants respectfully request that the Court grant them the ability to present the below sur-reply at oral argument on October 16, 2013.

In effect, plaintiff seeks in effect to completely modify the Attorneys' Eyes Only ("AEO") confidentiality stipulations entered into by this Court. As was previously briefed by City Defendants in October 2012, plaintiff has not met the standard to modify a confidentiality stipulation relied on by a producing party.[3]

#### a. Plaintiff Has Not Alleged Improvidence in the Grant of the Protective Order or Some Other Extraordinary Circumstance or Compelling Need

According to the Second Circuit, "a district court should not modify a protective order. . . 'absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need.'" Securities and Exchange Commission v. TheStreet.com, 273 F.3d 222, 229 (2d Cir. 200l); see also Martindell v. International Telephone and Telegraph Corporation, 594 F.2d 291, 296-97 (2d Cir. 1979). Moreover, there is "a general and strong presumption against access to documents sealed under protective order when there was reasonable reliance upon such an order." SEC, supra at 231.

Prior to its execution and endorsement, all counsel had an opportunity to review and object to the terms of the Attorneys' Eyes Only ("AEO") Stipulation. In fact, there were several drafts exchanged amongst the parties and it took nearly six months to agree on the final language. In the end, all counsel, including plaintiff's, consented to the language of the

---

[3] City Defendants further note that plaintiff's October 15th memorandum claims that the Court on September 25th ruled that "Plaintiff, Officer Schoolcraft, is entitled to review all documents and recordings pertaining to all interviews of witnesses and defendants by NYPD investigators. See Pl. 10/15/13 Memo. at 11 (Dkt. 181). A review of the transcript of that oral argument clearly indicates that the Court never made any such order and no order was thereafter issued by this Court.

Honorable Robert W. Sweet
<u>Schoolcraft v. The City of New York, et al.</u>
October 16, 2013
Page 5

Stipulation.  Thereafter, the Court reviewed it and "so ordered" it without modification on October 5, 2012.  In light of the negotiations between the parties concerning the Stipulation, and the Court's subsequent review and endorsement of the proposed Order, plaintiff has failed to show any improvidence in the granting of the Protective Order.

Further, plaintiff has failed to demonstrate a compelling need for access to any materials produced pursuant to the protective order at issue.  In <u>Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53, 59 (2d Cir. 2011), the Court implied that a party seeking to modify a protective order based on "compelling need" is required to make such a showing *for each particular document* it seeks to have disclosed.  Plaintiff has not mentioned a *single* particular document that he believes was incorrectly designated as AEO, nor has he made an attempt to explain why he has a compelling need for any *specific* document.  In light of the fact that plaintiff is represented by five separate attorneys at this time, who should be more than able to represent his interests, plaintiff's contention that he needs unfettered access to all of the documents produced by City Defendants aside from "the designated disciplinary records of the individual defendants (subject to a later motion by the plaintiff showing that the disciplinary records are relevant to the issues in this case), and the criminal and financial background checks conducted by the NYPD of Officer Schoolcraft's father and sister" is unavailing.

Plaintiff's application should be denied because City Defendants reasonably relied upon the protections afforded by the AEO Confidentiality Stipulation and Order in producing the subject documents.  This Court has held that reliance may be presumed where information is disclosed pursuant to protective order.  <u>Ionosphere Club. Inc. v. Ameriacn National Bank and Trust Company of Chicago</u>, 156 B.R. 414, 434 (S.D.N.Y. 1993) (Sweet, J.), <u>aff'd</u>, 17 F.2d 600 (2d Cir. 1994) ("Absent a showing of improvidence in the grant of a … protective order or some extraordinary circumstance or compelling need… a witness should be entitled to rely upon the enforceability of a protective order"); <u>see also</u> <u>SEC</u>, 273 F.3d at 229-30 ("if previously entered protective orders have no presumptive entitlement to remain in force, parties would resort less often to the judicial system for fear that such orders would be readily set aside in the future"); <u>AT&T Corporation v. Sprint Corporation</u>, 407 F.3d 560, 562 (2d Cir. 2005) ("It is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied").  The AEO documents at issue were all only produced after the Court so-ordered the AEO Stipulation and Protective Order.  In fact, City Defendants indicated on April 26, 2013 that they would no longer produce Confidential and AEO Confidential documents to plaintiff unless and until plaintiff's current counsel confirmed in writing that he understood that he was bound by the Confidentiality Orders signed by plaintiff's former counsel. <u>See</u> 04/26/13 Letter at 3, annexed hereto as Exhibit B. Thus, it is clear that City Defendants relied upon the Protective Order in producing all AEO documents in this matter.

Finally, City Defendants note that good cause precipitated the need for the AEO Stipulation in this matter and such good cause continues today. As the Court may recall, a confidential document produced in discovery in this matter appeared only two months later in an article published by the reporter with whom plaintiff has collaborated from 2010 through 2013, through the admitted production of documents, recordings, and even interviews for a recently published book. An AEO Stipulation gives City Defendants at least some assurance that a similar leak will not happen again.

Honorable Robert W. Sweet
Schoolcraft v. The City of New York, et al.
October 16, 2013
Page 6

      Plaintiff cannot demonstrate that the Attorneys' Eyes Only Stipulation was improvidently granted, that City Defendants did not rely on that so-ordered Stipulation when producing documents, nor that plaintiff has a compelling need for access to any specific documents. Additionally, good cause existed for the Attorney's Eyes Only designations at the time they were made, and continues to exist for the confidentiality designations now. Therefore, plaintiff's request to modify the AEO Stipulation should be denied.

### 4. Conclusion

      As plaintiff has abandoned any claims to the rifle and rifle accessories, and the NYPD has agreed to return plaintiff's Olympus DS-50 recording device, City Defendants respectfully state that no further issues remain for this Court to adjudicate regarding the return of plaintiff's property. Because City Defendants have complied with one of the Court's requirements to lift the June 28th injunction, said injunction should now be lifted by this Court. Finally, because the Stipulation and Protective Order was not entered by the Court improvidently, there are no extraordinary circumstances warranting its modification, and the City Defendants relied on that Order when producing confidential documents, City Defendants respectfully request that the Court deny plaintiff's request to modify the so-ordered Attorneys' Eyes Only Stipulation.

Respectfully submitted,

*/s/ S. Mettham*

Suzanna P. Mettham
Assistant Corporation Counsel

cc: Nathaniel Smith (By ECF)
*Attorney for Plaintiff*

    Gregory John Radomisli (By ECF)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*

    Brian Lee (By ECF)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*

    Bruce M. Brady (By ECF)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*

    Walter A. Kretz, Jr. (By ECF)
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*