# EXHIBIT B



THE CITY OF NEW YORK

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

SUZANNA PUBLICKER
*Assistant Corporation Counsel*
E-mail: spublick@law.nyc.gov
Phone: (212) 788-1103
Fax: (212) 788-9776

April 26, 2013

**BY FIRST CLASS MAIL**
Nathaniel B. Smith, Esq.
111 Broadway - Suite 1305
New York, New York 10006

Re:   Schoolcraft v. The City of New York, et al.
       10 CV 6005 (RWS)

Dear Counsel:

City Defendants write in response to plaintiff's "Notice of Production" dated April 4, 2013. Any inspection shall take place at the Manhattan Property Clerk's Office (1 Police Plaza, New York, New York 10038), at 9:00a.m. at a date and time to be determined by counsel.

**Plaintiff's First Demand for Production**

*Plaintiff's Demand*
The original recording devises [sic] (an Olympus D.V.R. WS-331M and an Olympus D.V.R. DS-50) that any of the defendants obtained, directly or indirectly, from the plaintiff, including all documents reflecting the chain of custody of such devises while in the possession of the City of New York, including without limitation, all vouchers thereof.

*City Defendants' Response*
Attached please find a Property Clerk Invoice for Invoice No. 1000259089, bearing Bates Nos. NYC 8408-8409 which was vouchered in the Property and Evidence Tracking System ("PETS") on November 29, 2012. Also annexed hereto is a printout of the chain of custody regarding that invoice from November 29, 2012 through March 27, 2013, bearing Bates Nos. NYC 8410-8411. Note that this evidence had previously been stored in the Internal Affairs Bureau ("IAB") Group 1 case file, and documentation regarding that storage can be found, *inter alia*, under Bates Nos. NYC0004457, NYC0004458, and NYC0004461-4463. Upon information and belief, only Olympus D.V.R. DS-50 is in the custody and control of the New York City Police Department. The physical evidence found in Invoice No. 1000259089 may be inspected at the Manhattan Property Clerk's Office at 1 Police Plaza on a date to be agreed upon by counsel. City Defendants demand that plaintiff describe exactly what type of inspection of property is

requested with regard to this item of evidence no less than two weeks before the inspection, so that proper prior approval may be obtained from the New York City Police Department Property Clerk's Office.

**Plaintiff's Second Demand for Production**

***Plaintiff's Demand***
The plaintiff's original memo books, and all copies of them or portions thereof, that employees or agents of the City of New York obtained from the plaintiff, directly or indirectly, including all documents reflecting the chain of custody of such memo books or portions thereof while in the possession of the City of New York, including without limitation, all vouchers thereof.

***City Defendants' Response***
City Defendants object to this request on the grounds that it is duplicative and overbroad. Notwithstanding, and without waiving any previously interposed objections, City Defendants note that copies of plaintiff's memo book entries were previously produced under Bates Nos. D000189-D000238. Plaintiff's original Activity Log No. A663084 is in the custody and control of Internal Affairs Bureau Group 1, as documented in NYC0004463. Upon information and belief, an inspection of that Activity Log may be done at the Manhattan Property Clerk's Office at 1 Police Plaza on a date to be agreed upon by counsel. City Defendants demand that plaintiff describe exactly what type of inspection of property is requested with regard to this item of evidence no less than two weeks before the inspection, so that proper prior approval may be obtained from the New York City Police Department Property Clerk's Office.

**Plaintiff's Third Demand for Production**

***Plaintiff's Demand***
The originals of all documents, papers, files, folders, and things that any of the defendants obtained, directly or indirectly, from the plaintiff's apartment on October 31, 2009 or on any date thereafter, including all documents reflecting the chain of custody of such documents, papers or things while in the possession of the City of New York, including without limitation, all vouchers thereof.

***City Defendants' Response***
City Defendants object to this request on the grounds that it is ambiguous, duplicative, and overbroad. Notwithstanding, and without waiving any previously interposed objections, City Defendants state that they previously produced Property Clerk Invoice No. K319299, which included, *inter alia,* the papers removed from plaintiff's apartment. That invoice, a report regarding chain of custody of the items contained therein, and other documentation regarding storage can be found, *inter alia,* under Bates Nos. D000500-D000501, NYC0003242, NYC0003249, NYC0003254-3256, NYC0004454, NYC0004459-4460. The physical evidence found in Invoice No. 1000259089 may be inspected at the Manhattan Property Clerk's Office at 1 Police Plaza on a date to be agreed upon by counsel. City Defendants demand that plaintiff describe exactly what type of inspection of property is requested with regard to this item of evidence no less than two weeks before the inspection, so that proper prior approval may be obtained from the New York City Police Department Property Clerk's Office.

**Plaintiff's Fourth Demand for Production**

***Plaintiff's Demand***
The originals of all keys and key ring attachments that any of the defendants obtained, directly or indirectly, from the plaintiff, including without limitation, all documents reflecting the chain of custody of such keys and/or attachments while in the possession of the City of New York, including without limitation, all vouchers thereof.

***City Defendants' Response***
City Defendants object to this request on the grounds that it is duplicative, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and overbroad. Notwithstanding, and without waiving any previously interposed objections, City Defendants state that they previously produced Property Clerk Invoice No. R119340 for the keys and key rings removed from plaintiff's apartment in Bates No. NYC0003440-3442. City Defendants further produce an updated version of Property Clerk Invoice No. R119340, bearing Bates No. NYC 8412, indicating that the keys were destroyed on April 13, 2010, after plaintiff failed to pick them up within 120 days. City Defendants further produce Property Guide Procedure No. 604-07, bearing Bates No. NYC 8413-8418, indicating the Retention Guidelines of the New York City Police Department, which states that evidence kept for "safekeeping" is destroyed after 120 days if not claimed during that period.

**Plaintiff's Outstanding Discovery**

As a reminder, in response to a motion to compel initially filed by City Defendants on March 1, 2013, the Honorable Judge Robert W. Sweet ruled on April 10, 2013 that plaintiff's responses to all outstanding discovery requests are due next Wednesday, May 1, 2013.

**Confidentiality Stipulation**

Finally, City Defendants write for the *third time* to request that you please confirm in writing that you understand that you are bound by the Confidentiality Order signed by plaintiff's former counsel and so-ordered by the Court on October 5, 2012, and the Attorneys' Eyes Only Confidentiality Order signed by plaintiff's former counsel and so-ordered by the Court on October 5, 2012. City Defendants will no longer produce confidential documents to plaintiff unless and until such a writing is received.

Encl.

Sincerely yours,

Suzanna Publicker
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:    Gregory John Radomisli (By First-Class Mail)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee  (By First-Class Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady  (By First-Class Mail)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter Aoysius Kretz , Jr. (By First-Class Mail)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022