UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                           Plaintiff,

     -against-

                                                                   10-CV-06005 (RWS)

THE CITY OF NEW YORK, et al.,

                           Defendants.
----------------------------------------------------------------X

DEFENDANT MAURIELLO'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION FOR LEAVE TO AMEND HIS
ANSWER TO ASSERT STATE-LAW COUNTERCLAIMS AND IN
OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO STRIKE

Preliminary Statement

On behalf of defendant Steven Mauriello, we submit this memorandum of law in further support of his motion for leave to serve an amended answer to assert state-law counterclaims against the plaintiff and in opposition to plaintiff's motion to strike allegations from the proposed counterclaims.

Summary of Argument

With respect to defendant Mauriello's motion to amend his Answer to assert counterclaims, plaintiff has not identified any exceptional circumstances providing a compelling reason for the Court to decline the exercise of supplemental jurisdiction pursuant to 28 U.S.C. section 1367(c). In addition, nothing asserted by plaintiff challenges the conclusion that the Court "should freely give leave" to defendant Mauriello to amend his Answer pursuant to Rule 15(a)(2) of the Federal Rules because "justice so requires".

ARGUMENT

POINT I

THIS COURT SHOULD EXERCISE SUPPLEMENTAL
JURISDICTION OVER THE COUNTERCLAIMS AND
FREELY GIVE DEFENDANT MAURIELLO LEAVE TO AMEND
HIS ANSWER BECAUSE JUSTICE SO REQUIRES

Subsection (c)(4) of 28 U.S.C. section 1367 permits a district court "to decline to exercise supplemental jurisdiction over a claim . . . if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Exceptional circumstances do not exist here to provide any compelling reasons for the Court to decline supplemental jurisdiction. Such reasons have been recognized to encompass "judicial economy, convenience and fairness to litigants." See Viacom Intern., Inc. v. Kearney, 212 F.3d 721, 728 (2d Cir. 2000), quoting Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994). All of these considerations favor the Court's exercise of jurisdiction over defendant Mauriello's state-law counterclaims, and the cases cited by plaintiff do not support a contrary conclusion.

Plaintiff's cite Krumme v. Westpoint Stevens, Inc., 143 F.3d 71, 88 (2d. Cir. 1998), for the proposition that leave to amend should be denied because "the amendment would delay the final disposition of the action." In Krumme, however, the motion to amend the answer to assert counterclaims was not filed until after discovery had concluded and the case was near resolution, apparently by summary judgment. In addition, the facts relied upon to support the proposed counterclaims had been known by the defendant for at least eight years. Id.

None of those conditions exist here.  See also Continental Bank, N.A. v. Meyer, 10 F.3d 1293 (7th Cir. 1993).

In addition, in THK America, Inc. v. NSK, Ltd., 157 F.R.D. 660 (N.D.Ill.,1994), also relied upon by plaintiff in opposition to defendant Mauriello's motion for leave to amend, the Court denied defendant's motion for leave to assert counterclaims because fact discovery was completed, expert discovery was about to be completed, and the case was "very close to trial."  According to the Court, after reciting a litany of discovery abuses and delay tactics by the moving defendant, "[t]o permit the filing of [the] proposed counterclaims would clearly unduly delay and complicate this case, and prejudice [the plaintiff] by imposing additional expensive and time-consuming new discovery," which the Court feared "would bring the progress of this patent infringement litigation to a virtual stand-still."  Id. at 665.  Again, none of this could be said about this case or defendant Mauriello's proposed counterclaims.

POINT II

DEFENDANT MAURIELLO'S PROPOSED
COUNTERCLAIMS ARE TIMELY

Defendant Mauriello's proposed counterclaims are state law claims to which state law statutes of limitations apply.  In addition, in conjunction with Rule 15(c) of the Federal Rules, state law determines the extent of any tolling of such state law statutes of limitations.  See Sea Trade Co. Ltd. v. FleetBoston Fin'l Corp., 2006 WL 2786081 (S.D.N.Y. 2006), quoting Personis v. Oiler, 889 F.2d 424, 426 (2d Cir. 1989).  Under New York state law, section 203(d) of the C.P.L.R. is controlling on the issue of tolling the statute of limitations applicable to a counterclaim, and is controlling here.  It provides as follows:  "a defense or

3

counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed . . . ."  Here, the proposed counterclaims were not barred at the time the complaint was filed, and therefore would not now be barred.

    Rule 15(c) of the Federal Rules specifies that "[a]n amendment to a pleading relates back to the date of the original pleading when:  (A) the law that provides the applicable statute of limitations allows relation back."  When Rule 15 was amended in 1991 to add the foregoing provision, the Commentary provided the following instruction:

> This provision is new.  It is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law.  Generally, the applicable limitations law will be state law.  If federal jurisdiction is based on the citizenship of parties, the primary reference is the law of the state in which the district court sits.  If federal jurisdiction is based on a federal question, the reference may be to the law of the state governing relations between the parties.  In some circumstances, the controlling limitations may be federal law.  <u>Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim</u> (emphasis added) (citations omitted.

See <u>Sea Trade Co. Ltd</u>., <u>supra</u>.  In <u>Sea Trade</u>, the Court engaged in the two-step process suggested in the Commentary, first explaining that the proposed counterclaims relate back to the date of the original answer pursuant to Rule 15, and then explaining, as the Commentary instructs, that New York's tolling provision applies rendering the counterclaims timely if they would have been timely as of the date of the filing of the complaint.  The same two-step process

4

yields the conclusion here that defendant Mauriello's proposed counterclaims are not time-barred.[1]

## CONCLUSION

Based upon the foregoing, the Reply Declaration of Walter Kretz, and the papers initially submitted in support of defendant Mauriello's motion, we respectfully request that the Court exercise supplemental jurisdiction over defendant Mauriello's proposed counterclaims, permit him to serve his amended Answer, and deem the counterclaims timely due to the tolling of the statutes of limitations as of the date the original complaint was filed.

Dated:  New York, New York
        October 22, 2013

> SCOPPETTA SEIFF KRETZ & ABERCROMBIE
> Attorneys for Defendant STEVEN MAURIELLO
>
> By: _____
>       Walter A. Kretz, Jr., (WK-4645)
> 444 Madison Avenue, 30th Floor
> New York, NY  10022
> wakretz@seiffkretz.com
> 212-371-4500

---

[1] In re Mission Contr. Lit., 2013 U.S. Dist. Lexis 124926 *at 45 n.16 (S.D.N.Y.), relied upon by plaintiff, found the proposed counterclaims to be timely when deemed to relate back to the date of the original answer pursuant to Rule 15(c).  The Court, therefore, did not have to consider the second step with respect to the application of the state-law tolling provision as such tolling was not needed to render the claims timely.  The decision does not alter the conclusion that defendant Mauriello's proposed counterclaims are properly deemed timely with the application of New York's tolling provision, section 203(d) of the CPLR.