## IVONE, DEVINE & JENSEN, LLP
ATTORNEYS AT LAW
2001 MARCUS AVENUE - SUITE N100
LAKE SUCCESS, NEW YORK 11042
-
(516) 326-2400
TELECOPIER (516) 328-0661
E-MAIL BRIANELEE@IDJLAW.COM

MICHAEL T. IVONE
ROBERT DEVINE
RICHARD C. JENSEN
BRIAN E. LEE

MINDY E. PLOTKIN
DEBORAH STURM
ANTHONY M. MAFFIA

October 28, 2013

The Hon. Robert W. Sweet, U.S.D.J.
United States District Court
500 Pearl Street
New York, New York 10007

      Re:    Schoolcraft v The City of New York, et al
              Docket No. 10 CV 6005 (RWS)

Honorable Sir:

      We respectfully request that the following application be added to the calendar for November 13, 2013, when other motions will also be heard in this case.

      This is a joint motion for a protective order from the medical defendants (Jamaica Hospital Medical Center; Dr. Isakov and Dr. Aldana-Bernier) concerning the method of recording the depositions of our clients. While a properly recorded video deposition is clearly permissible under the Federal Rules, it is our contention that the method utilized by the attorney for the plaintiff does not comply with those Rules and should not be permitted in this case.

      Specifically, these defendants oppose the recording of these depositions by a person disqualified to be an officer for the deposition, the attorney for the plaintiff, on a home video camera. If plaintiff's counsel wants to hire a professional videographer (as the attorneys for the City of New York did for the deposition of the plaintiff), we would have no objection.

      *Background*: At the scheduled deposition of Dr. Aldana-Bernier on October 25, 2013, the lead attorney for the plaintiff, Nat Smith, brought his home Sony Handycam video camera, and intended to use this to videotape the deposition. Prior to this time, Mr. Smith had not served a Notice of Intent to Videotape that deposition as required by Rule 30 (b)(3)[1]. The attorney for Dr. Aldana-Bernier objected, primarily because the intent to record

---

[1] Mr. Smith took the position on October 25, 2013, that he had served Notice on the Parties via email. That is moot at this point as he now as served Notices that intend to comply with the Rule for subsequent depositions (*see*, Exhibit A)

**Ivone, Devine & Jensen, llp**

Re: Schoolcraft v City of New York, et al.                                                                                      Page 2

the deposition in that fashion has not been served, and when the parties were unable to obtain a ruling, the deposition was adjourned.

*The Rules that Apply*:

Federal Rules of Civil Procedure Rule 30(b), provides as follows in pertinent part:

> (3) Method of Recording.
>
> > (A)  Method Stated in the Notice. The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.
> >
> > (B)  Additional Method. With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

Federal Rules of Civil Procedure Rule 28(b), provides as follows in pertinent part, that a deposition must be taken before an officer authorized to administer oaths by law, but Rule 28(c) provides that an attorney for the parties is disqualified.

Rule 26(c) permits the making of a motion for a protective order concerning the means or methods of conducting discovery.

*Essential Facts*: On October 25, 2013, the deposition of the defendant Dr. Aldana-Bernier was scheduled to be held at the office of Nat Smith, the lead attorney for the plaintiffs.  That morning, Mr. Smith set up his home video recorder, a Sony Handycam, and indicated his intent to videotape the deposition with that recorded.  Mr. Smith had used that same device in an earlier deposition of Deputy Chief Marino, for which a Notice had been served of his intent to videotape the deposition.

The attorney for Dr. Aldana-Bernier objected to this for a number of reasons, including the fact that plaintiff had not served a proper Notice setting for this method of recording the deposition.  It was also noted that the methodology of the attorney for the plaintiff recording the deposition was improper, and that in essence, the requirements of Rule 28 were thus not complied with.

Subsequently, after the deposition was adjourned so that this matter could be

### Ivone, Devine & Jensen, llp

Re: Schoolcraft v City of New York, et al.                                                                                          Page 3

explored further, the attorney for the plaintiff served two notices as to (1) the deposition of Dr. Aldana-Bernier; and (2) all subsequent defense depositions. These are attached hereto as Exhibit A.  Mr. Smith in the cover email set forth as follows:

> In addition, please find a general notice of depositions that provides for the video method and a notice for the deposition of Dr. Bernier for November 20th that also provides for the video method.  I intend to proceed in the same fashion as I did in the Marino deposition, by keeping the video on the witness, not zooming in or out during the deposition, and keeping it on while the deposition is going forward on the record.

*Argument*: The recording of a deposition by the attorney for a party is strictly prohibited by Rule 28(c).  The video recording must be made by an officer pursuant to Rules 28 and 30, and it is expressly stated in Rule 28(c) that an attorney for a party is disqualified from being that officer.

In the earlier deposition of Deputy Chief Marino, the plaintiff operated the video camera as he intends to do in all subsequent depositions.  In that case, the requirements and safeguards of Rule 30(b)(5) were not complied with.  There was no officer appointed or designated under Rule 28.  None of the technical requirements of Rule 30(b)(5)(i) through (v) were complied with.  Indeed, because of the different layers of confidentiality with the documents used at the deposition, there was an almost humorous attempt to turn the machine on and off and to characterize at which time what level of confidentiality applied to that testimony.

There were no microphones on the table, other than the microphone on the Handycam.  Usually all counsel, or at least the ones asking questions and defending the deposition, as well as the witness, are provided with such.  There will be no way to ascertain who was speaking on the tape at any particular time unless it was the witness himself.

In a normal deposition in which a proper officer is videotaping the proceedings, all of the Rule 30(b)(i) through (v) information is properly recorded, and the recording has a counter that allows for easy reference for rulings and editing.  If portions of the recording are found inadmissible, for instances, the order would read that the testimony at counter 00112 through 00243 is stricken.  A professional recording would be able to be quickly edited in that fashion.

After the deposition, we have not been provided with a copy of the recording that was made.

**Ivone, Devine & Jensen, llp**

Re: Schoolcraft v City of New York, et al.                                                                                                    Page 4

In *Carvalho v. Reid*, 193 F.R.D. 149, 152 (S.D.N.Y.,2000), the court refused the request to videotape a deposition under similar circumstances. Magistrate Judge Gershon ruled as follows with regard to those issues:

> Plaintiff appeared at the offices of defendant's counsel on November 21, 1994, and sought, over the objection of defense counsel, to videotape the deposition using her own videotape equipment. The parties sought a telephonic ruling. Plaintiff's request to videotape the deposition was denied for failure to provide proper notice to the defendant, as required by Rule 30(b)(3) of the Federal Rules of Civil Procedure, and for failure to arrange to have the videotaping conducted by an appropriate person, as required by Rules 30(b)(4) and 28(c).

Judge Leisure also ruled similarly in a subsequent deposition in that case. 193 F.R.D at 153.

What we are setting forth is that certain minimum standards must be met in the video recording. For instance, other courts have required standards for the equipment and the recording. Thus, the quality of equipment should be very high, at least as high as that provided by a court reporter, *Jarosiewicz v. Conlisk*, 60 F.R.D. 121, 17 Fed. R. Serv. 2d 1583 (N.D. Ill. 1973). The recording device should be reliable and capable of producing clear recordings, *Jones v. Evans*, 544 F. Supp. 769 (N.D. Ga. 1982), producing "a quality of recording which is at least as high as that provided by a court reporter." *Kallen v. Nexus Corp.*, 54 F.R.D. 610, 614, 15 Fed. R. Serv. 2d 1271, 16 A.L.R. Fed. 963 (N.D. Ill. 1972). The result should be an accurate and trustworthy record. *Barham v. IDM Corp.*, 78 F.R.D. 340 (N.D. Ohio 1978). A detailed log/index of the proceedings should be made, including the subject matter being discussed, the exhibits, the attorneys, and the witness. *Kallen v. Nexus Corp.*, 54 F.R.D. 610, 15 Fed. R. Serv. 2d 1271, 16 A.L.R. Fed. 963 (N.D. Ill. 1972). The latter case also suggests the provision of separate microphones for the participants in the deposition. *Id,* 54 F.R.D AT 614.

The recording as proposed by plaintiff has none of these safeguards.

Furthermore, the *Kallen* court set forth reasons why the operator of the equipment should be independent (54 F.R.D. at 613-14):

> The independence and integrity of the court reporter has been a traditional protection of the integrity of the record produced. To expect attorneys in hotly contested litigation to undertake, in addition to the active pursuit of their clients' interests, the technical and mechanical responsibilities of operating recording equipment of any complexity, would be undesirable and diminish the accuracy, if not the integrity, of the recording.

IVONE, DEVINE & JENSEN, LLP

Re: Schoolcraft v City of New York, et al.                                                  Page 5

An independent operator of recording equipment should provide further assurance of the integrity of the recording and relieve the attorneys completely, to represent their clients.

For these reasons, we respectfully request that the protective order be granted, precluding plaintiff's attorney from videotaping the depositions of the medical defendants.

<u>Certification</u>: I hereby certify, pursuant to Rule 26 (c)(1), that I have conferred in good faith with Nat Smith, the attorney for the plaintiff, to resolve this dispute, without court action.

Very truly yours,

*[signature]*

BRIAN E. LEE

BEL/mnps

Jointly submitted,

*[signature]*

Callan, Koster, Brady & Brennan, LLP
Attorneys for Defendant
ALDANA-BERNIER

```
MARTIN CLEARWATER & BELL LLP
By: /s/ Gregg Radomisli
Gregory. Radomisli (GJR 2670)
Attorneys for Defendant
JAMAICA HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, NY 10017
(212) 697-3122


Copy to all counsel by ECF
```