LAW OFFICE OF

# NATHANIEL B. SMITH

ATTORNEY AT LAW
111 BROADWAY
NEW YORK, NEW YORK 10006

NATHANIEL B. SMITH

TEL: (212) 227-7062
FAX: (212) 346-4665

November 11, 2013

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 1007

> *Schoolcraft v. The City of New York, et al.,*
> *10-cv-6005 (RWS)*

Dear Judge Sweet:

As one of plaintiff's counsel in this action, I am submitting this letter in response to the Medical Defendant's motion for a protective order. In their letter-motion, the Medical Defendants argue that my intended use of a video camera for the depositions of Defendant Dr. Bernier on October 25, 2013 and Defendant Dr. Isakov on October 30, 2013 was a proper basis for refusing to go forward with these so-ordered depositions.

The position is meritless. Numerous decision have held that an attorney can use a video camera to record a deposition that is being conducted before an official court reporter, who is the officer taking the deposition pursuant to Rules 28 and 30 of the Federal Rules of Civil Procedure.

*Background*

On October 25, 2013, all the attorneys for the numerous parties in this action appeared at my office for Dr. Bernier's deposition, including the court reporter and the witness. The attorney representing Dr. Bernier, Paul F. Callan, Esq., however, objected to my use of the video camera, even though there was an official court reporter present for the purpose of taking the deposition, and refused to permit the

LAW OFFICE OF
NATHANIEL B. SMITH

deposition to go forward.

Mr. Callan persisted in his objection, even though I agreed to keep the video trained on the witness, not to alter or distort the image, and to provide Mr. Callan with a copy of the video along with the official transcript of the deposition.  Mr. Callan, who has not filed a notice of appearance as counsel in this action, was not present for the deposition of Defendant Marino, which I also videotaped in the same fashion without objection.  Nor did he receive an email that I had previously sent to all appearing counsel in which I informed counsel that I was going to be videotaping the first deposition in the case of Defendant Marino.  Although I also informed Mr. Callan that Defendant Marino's deposition was conducted in the same manner as I proposed going forward with Dr. Bernier's deposition, he nevertheless continued to maintain his position and refused to go forward with the deposition.

As a result, the parties sought the Court's intervention telephonically.  The Court, however, was not then available for a ruling.  And after waiting for two hours, the parties agreed to adjourn the deposition.  As a result, the plaintiff has incurred unnecessary court reporter expenses and plaintiff's attorneys have wasted their time appearing for the deposition of Dr. Bernier on October 25, 2013 and preparing this opposition.   Since the position taken by Mr. Callan is meritless, these costs should be imposed on him or his firm.

*The Law Permits Counsel to Videotape a Deposition Being Conducted Before an Official Court Reporter*

Nothing in the law prohibits an attorney from using a video camera to record a deposition that is being conducted properly before an official court reporter. Indeed, over forty years ago, when video technology was first being used in litigation, the court in *Marlboro Products Corp. v. North America Philips Corp.*, 55 F.R.D. 487, 489 (S.D.N.Y. 1972) aptly noted:  "[T]his court is not persuaded that it is necessary always - or, specifically, in this case - to have an independent person running the recording device."

Since then, *numerous* decisions have held that an attorney can simultaneously videotape a deposition being conducted before a court reporter. *See, e.g., Maranville v Utah Val. Univ.,* 2012 WL 1493888 (D. Utah Apr. 27, 2012) ("Similarly, because an officer will be recording the depositions stenographically and the rules specifically contemplate videotaped depositions, the

LAW OFFICE OF
NATHANIEL B. SMITH

court concludes that Plaintiff's counsel may videotape the depositions."); *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 555, 556 (D. Mont. 2009) ("The Federal Rules of Civil Procedure allow, at the very least, counsel to videotape a deposition in concert with a stenographer recording it"); *Hearn v. Wilkins Township*, 2007 WL 2155573 (W.D. Pa July 25, 2007) (permitting a plaintiff's employee to operate recording equipment at a deposition where an officer authorized pursuant to Rule 28 was also present); *Anderson v Dobson*, 627 F Supp 2d 619, 624 (W.D.N.C. 2007) (Rule 28 was not violated when a party's attorney was the video recorder during the deposition); *Ott v. Stipe Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996) (noting that if a video deposition is otherwise conducted in compliance with Rule 30, Rule 28 does not prohibit the party's counsel from serving as videographer); *Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.*, 114 F.R.D. 647, 651 (M.D.N.C. 1987) ("Rule 28(a) does not disqualify plaintiff's attorney from running the videotaping equipment [at a deposition].")

The *Rice* court explained why the law is crystal clear on this issue:

Rule 28(c), which disqualifies persons from taking a deposition if they have an interest in the action, is important for stenographic depositions because the operator interprets what people say into words and puts them on paper. It has markedly less significance when the attorney is merely making a stationary video recording a deposition which can be easily duplicated and given to all parties. That procedure does not involve any interpretation on his part and correspondingly diminishes concern of a conflict of interest.

*Rice*, 114 F.R.D. at 651.

Any complaints about the *method* of the video recording of the deposition should be addressed after the deposition has been conducted, when a party can use the court reporter's transcript or the video to raise an objection. Indeed, Rule 30 specifically provides for remedies for inaccurate recording. *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 555-56 (D. Mont. 2009) ("A deposed party or counsel concerned about accuracy or image manipulation can seek a protective order, can choose an additional method to record the deposition, or can move after the fact to strike the recording.") Thus, the stenographic transcript is available for later court ruling and cures any other concern about the accuracy of testimony. *Id.* at 555-56 (the presence of court reporter provided both an assurance of an accurate record of the deposition, as well as a benchmark upon which the

4

LAW OFFICE OF
NATHANIEL B. SMITH

video record could be challenged if that was necessary); *accord Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.*, 114 F.R.D. 647, 651 (M.D.N.C. 1987) (when a stenographer is present and the video recording is in addition to the written transcript, the issue of whether to permit the video recording "is not governed by Rule 30(b)(4) as much as by the Court's general authority to regulate the deposition process.").

The sole case cited by the Medical Defendants is utterly beside the point. In *Carvalho v Reid*, 193 F.R.D. 149 (S.D.N.Y. 2000), the magistrate judge properly denied a request by a *pro se* plaintiff with an extensive record of disobeying court orders from videotaping her *own* deposition. Nothing in this decision -- or any other decision -- supports the meritless position taken by the Medical Defendants on this motion.

Accordingly, the motion for a protective order should be denied and Mr. Callan's firm should be required to pay for the court reporter's expenses incurred on October 25, 2013, as well as the lost time spent by plaintiff's attorneys appearing for the deposition on that date and the time incurred for preparing this opposition.

Respectfully submitted,

Nathaniel B. Smith

By ECF and Fax (212) 805-7925
cc:
All Counsel (w/o encl.)
Via ECF