# CALLAN, KOSTER, BRADY & BRENNAN, LLP
### COUNSELORS AND ATTORNEYS AT LAW

NEW YORK, NY   GARDEN CITY, NY   SHREWSBURY, NJ   RIDGEWOOD, NJ

www.ckbblaw.com

Matthew J. Koster, Esq.
Associate

mkoster@ckbblaw.com

ONE WHITEHALL STREET
NEW YORK, NY 10004
TEL: (212)248-8800
FAX: (212)248-6815

November 13, 2013

**BY ECF AND FACSIMILE: 212-805-7925**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Schoolcraft v The City of New York, et al.
Docket No. 10 CV 6005 (RWS)
Our File No. 090.155440

Dear Judge Sweet:

We respectfully submit this letter on behalf of the Medical Defendants in further support of the Medical Defendants' motion for a protective order and in opposition to Plaintiff's counsel, Nathaniel B. Smith's, request that Callan, Koster, Brady & Brennan be required to pay for the court reporter's expenses plaintiff's counsel incurred on October 25, 2013, as well as for the time spent by plaintiff's counsel appearing for the deposition on that date and the time incurred for preparing this opposition.

As the Court is by now aware, the deposition of Dr. Aldana-Bernier was scheduled for October 25, 2013. The deposition did not take place as Mr. Smith attempted to videotape the deposition without providing proper notice pursuant to Rule 30(b)(3). Paul Callan, Dr. Aldana-Bernier's attorney, objected to Mr. Smith videotaping the deposition primarily because Mr. Smith had not complied with Rule 30(b)(3). The parties were not able to obtain a ruling on the videotaping issue and the deposition was adjourned. Mr. Callan was ready and willing to permit the deposition of Dr. Aldana-Bernier without the use of a video camera as per plaintiff's notice of deposition. Plaintiff's counsel refused to conduct the deposition pursuant to the notice of deposition served and insisted he be able to videotape the proceeding. I am submitting this reply in lieu of Mr. Callan as he is actively engaged in a trial in the Superior Court of New Jersey, Monmouth County in the case of *Lance v. Ashok* before Judge Katie Gummer,

JSC.

In light of plaintiff's counsel's actions, it is unreasonable that he now requests Callan, Koster, Brady & Brennan pay for his costs and expenses related to the adjourned deposition. The deposition would have been conducted but for plaintiff's counsel's insistence he videotape the deposition despite his failure to provide notice of this intent pursuant to Rule 30(b)(3). If Mr. Smith had provided proper notice, the motion for a protective order would have been served prior to Dr. Aldana-Bernier's deposition and there would not have been any need to adjourn the deposition. Further, there was nothing preventing Dr. Aldana-Bernier's deposition from being conducted pursuant to the notice served. Mr. Smith never claims he served notice pursuant to Rule 30(b)(3) to videotape Dr. Aldana-Bernier's deposition. In substance, Mr. Smith seeks compensation for his failure to serve a proper notice of intent as required by Rule 30(b)(3).

*Marlboro Products Corp. v. North America Philips Corp.*, the only case from the Southern District of New York, or from the confines of the Second Circuit, cited by Mr. Smith in opposition to the motion for the protective order does not recognize an unfettered right for the attorney conducting the deposition to also operate the video camera recording the deposition. *Marlboro Products Corp. v. North America Philips Corp.*, 55 F.R.D. 487, 489 (S.D.N.Y. 1972). Rather, the Court held that it was not always necessary to have an independent person running the recording device. *Marlboro Products Corp. v. North America Philips Corp.* at 489. It is necessary in this case based upon the past experiences counsel for the Medical Defendants have witnessed with Mr. Smith personally operating the video equipment. The Medical Defendants respectfully maintain this is an action where an independent person should be operating the recording device.

In the current litigation, the parties continually switch into confidential testimony. This testimony is transcribed into a separate transcript from the non-confidential portions of the testimony. Mr. Smith is using a single video camera and simply states the video is going to the confidential portion, stops the recording and then continues the recording. This will require Mr. Smith to edit and manipulate the digital recording in order for the confidential portions to remain separate from the non-confidential portions of the video. This should be done by a person without an interest in the litigation. There is no indication how Mr. Smith intends to accomplish this task. Mr. Smith has also failed to provide opposing counsel with copies of the videos for Deputy Chief Michael Marino's deposition held on October 8, 2013. We have, however, received a copy of the 412 page transcript from the court reporter for Deputy Chief Marino's deposition.

Numerous problems related to the videotaping arose during deposition of Captain Theodore Lauterborn's deposition on November 7, 2013. The most egregious problem was that Mr. Smith ran out of memory to record the deposition prior to completion. Therefore, there is a portion that is transcript only. Additionally, although we do not have a copy of the transcript or recording of Captain Lauterborn's deposition,

we believe portions of the video recording were treated as confidential, but will not be marked as confidential in the written transcript. Further, at times during both depositions, the video camera was knocked over while recording. During portions of the deposition, the video camera was left on and captured off the record discussions between counsel when the court reporter stopped typing. The implied requirement for an attorney to record a deposition while simultaneously conducting the deposition is that simple mistakes such as these be avoided. Instead, we have numerous issues which effect the validity and accuracy of the video depositions and will create significant discrepancies with the written transcripts. The Medical Defendants respectfully believe that these issues would be reduced or eliminated by the use of a third-party to record the depositions.

The fact that the deposition of Deputy Chief Marino was conducted with plaintiff's counsel operating the video camera holds no bearing on whether such actions are permissible during Dr. Aldana-Bernier's deposition. My office does not represent Deputy Chief Marino. His counsel could have made a similar objection. The Medical Defendants are not bound by the decision made by counsel for Deputy Chief Marino.

Counsel for the plaintiff cites *Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.*, 114 F.R.D. 647 (M.D.N.C. 1987) to support his position in this matter. But the *Rice* ruling does not apply where there is evidence that the video recording taken by Mr. Smith is subject to interpretation and in fact does not comport with the stenographic record transcript. It is respectfully requested Your Honor disregard the *Rice* decision.

Mr. Smith's claim that Rule 30 provides a remedy for inaccurate recordings does not apply to this particular situation. As an initial matter, his only support for this position is a case from the District of Montana. Further, as has been detailed in this letter, plaintiff's counsel's numerous failures concerning recording have resulted in transcripts that are different from the video recording and cannot be used as an adequate comparison.

Accordingly, the motion for a protective order should be granted, precluding plaintiff's attorney from videotaping the depositions of the Medical Defendants as well as denying Mr. Smith's request for costs and expenses from Callan, Koster, Brady & Brennan. Thank you for your consideration.

Respectfully submitted,

Matthew J. Koster
mkoster@ckbblaw.com

MJK

cc:   All Counsel via ECF