UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,

                                              10–cv-6005 (RWS)

                            Plaintiff,

            -against-                           *MEMORANDUM OF LAW*
                                                *IN OPPOSITION TO*
                                                *DEFENDANT MAURIELLO'S*
                                                *RECONSIDERATION MOTION*

THE CITY OF NEW YORK, *et al.*,

                               Defendants.
------------------------------------------------------------x

*Preliminary Statement*

       Plaintiff Adrian Schoolcraft submits this memorandum of law in opposition to Defendant Steve Mauriello's motion for reconsideration of the Court's November 21, 2013 Decision, which denied Defendant Mauriello's motion to amend his answer to assert counterclaims against Plaintiff Schoolcraft.  (Dkt. # 199.)

       The reconsideration motion should be denied.  Defendant Mauriello fails to point to any factual or legal matters that the Court overlooked, as required by Local Rule 6.3, and fails to otherwise satisfy the strict standard required for a reconsideration motion.   Instead, he raises an entirely new (and specious) claim – that the plaintiff failed to provide him with a recording that his counsel at the Law Department had since the inception of this case three years ago.   Since

some context is required to address this new claim, a brief background is set

forth below.

*Background*

Officer Schoolcraft commenced this action on August 10, 2010 against

Defendant Steve Mauriello and others for their roles in unlawfully breaking into

Officer Schoolcraft's home on Halloween night on October 31, 2009, arresting him

without any basis, and taking him forcibly to Jamaica Hospital's psych ward for

six days, all in retaliation for Officer Schoolcraft's conduct in reporting

misconduct and corruption at the 81st Precinct, which was under Mauriello's

command.  (Dkt. # 1.)

Mauriello and the other NYPD Defendants filed their joint Answer to the

Complaint on December 2, 2010.  (Dkt. #. 54.)  At that time, the Law Department

appeared on behalf of Mauriello and the other City Defendants.  (*Id.*).   After

being represented exclusively by the Law Department for about 15 months, in

March of 2012, Mauriello's current counsel became involved in jointly presenting

Mauriello, and shortly thereafter, on May 24, 2012, Mauriello's current counsel

filed a Notice of Appearance in the action as an additional attorney of record for

Mauriello.  (Dkt. # 118 at p. 1 n.1 (so-ordered letter); Dkt. # 82 (notice of

appearance).   Then, about 6 months later, on October 23, 1012, the Law

Department filed a letter-motion seeking to be relieved as Mauriello's counsel on the grounds that undisclosed circumstances made it inappropriate for the Law Department to continue to represent Mauriello.  The letter-motion so-ordered by the Court on October 23, 2012.  (Dkt. # 118.)

During the course of the past three years, the parties have engaged in extensive motion practice, thousands of documents have been exchanged, Officer Schoolcraft has been deposed for three full days of testimony, inspections of the 81st Precinct and Jamaica Hospital have been conducted, and the depositions of the defendants and numerous non-party witnesses have begun.   In the midst of this heavy discovery schedule, on September 25, 2013, Mauriello filed a motion to amend his answer to assert counterclaims against Office Schoolcraft for tortious interference with prospective economic advantage and prima facie tort.  (Dkt. # 173.)

Both counterclaims arise from the allegation that Officer Schoolcraft made false and defamatory statements to NYPD investigators about the ongoing practice of downgrading reports of serious crimes at the 81st Precinct while Mauriello was its commanding officer.  According to the alleged counterclaims, Officer Schoolcraft made false and defamatory statements to internal NYPD investigators as part of a scheme the "sole purpose" of which was to exact revenge against

Mauriello and to damage his reputation within the NYPD.  (Dkt. # 174-1 (proposed counterclaims).)

On November 21, 2013, the Court denied Mauriello's motion to amend. (Dkt. # 199 at pp. 12-22.)  Although the Court found that the claims were not time-barred because they related back to the date of the commencement of the action, the motion was nevertheless denied because "Mauriello waited three years since the filing of the initial Complaint, one year after the filing of the [Second Amended Complaint] and nine months after the filing of his first answer to bring forth his proposed counterclaims." (*Id*. at 19-20.)   Since undue delay, bad faith and prejudice are the "touchstones" of the district court's discretionary authority to deny leave to amend, the Court exercised that authority to deny the motion because the new counterclaims would necessarily interject additional rounds of discovery and thereby further delay this action.  (*Id.* at 16 & 20.)

Mauriello now asks this Court to reconsider that decision in a motion that does not address the applicable standard for a reconsideration motion.

*The Standard for A Reconsideration Motion*

The Court has recently set forth the standards for a reconsideration motion in *Ferring B.V. v. Allergan, Inc.,* 2013 U.S. Dist. Lexis 111374 at p. *3-5 (S.D.N.Y. Aug. 7, 2013):

As this Court recently confirmed, reconsideration of a court's prior order under Local Rule 6.3 or Rule 59 "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sikhs for Justice v. Nath*, 893 F. Supp.2d 598, 605 (S.D.N.Y. 2012) (citations omitted). Accordingly, the standard of review applicable to such a motion is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might "'materially have influenced its earlier decision.'" *Anglo Am. Ins. Group v. CalFed, Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996) (quoting *Morser v. AT & T Information Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989)). A party seeking reconsideration may neither repeat "arguments already briefed, considered and decided," nor "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted).

The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Polsby v. St. Martin's Press, Inc.*, No. 97-690(MBM), 2000 U.S. Dist. LEXIS 596, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation and quotation marks omitted). Motions for reconsideration "are not vehicles for taking a second bite at the apple, . . . and [the court] [should] not consider facts not in the record to be facts that the court overlooked." *Rafter v. Liddle*, 288 Fed. App'x. 768, 769 (2d Cir. 2008) (citation and quotation marks omitted). Thus, a court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. *See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig.*, 08 M.D.L. No. 1963, 2009 U.S. Dist. LEXIS 61588, 2009 WL 2168767, at *1 (S.D.N.Y. Jul. 16, 2009) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.") (citation and

quotation omitted).

Local Rule 6.3 requires that motions for reconsideration be accompanied by "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Rule 6.3. "[M]atters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Sikhs for Justice*, 893 F. Supp. 2d at 605 (citing *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 ("[T]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.").

*Argument*

Mauriello does not satisfy this strict standard for a reconsideration motion for two basic reasons.  First, Mauriello fails to point to any specific law or fact that was in the record on the initial motion that the Court "overlooked."   This alone is a sufficient reason for denying the motion.  *Ferring B.V, supra* (reconsideration must direct the Court to overlooked matters before it on the original motion).

Second, his reconsideration motion is based entirely on the new claim that his three-year delay was based on some unsupported claim that Officer Schoolcraft "altered" evidence and that that alleged "alteration" was the reason that Mauriello waited three years to assert that his career at the NYPD had been damaged by allegation of misconduct made by Officer Schoolcraft to IAB in October of 2009. As noted by the Court in *Ferring:*  "[a] motion for reconsideration is not the proper venue for the submission of new material." (*Id.* at  *5.) *(citing  Sys. Mgmt. Arts,*

*Inc. v. Avesta Technologies, Inc*., 106 F. Supp. 2d 519, 520-21 (S.D.N.Y. 2000).
Thus, the assertions by Maureillo through the memorandum of law by his counsel
about these new allegations of discovery misconduct cannot be considered on the
motion and the pleading should be struck from the record.  *Ferring, supra,*
(rejecting a "certification of counsel" proffering new materials on a motion for
reconsideration).

Finally, the allegation of misconduct should be rejected because there is no
basis for it in fact, Mauriello offers no proof of this allegation, and the suggestion
that this alleged misconduct could be a basis for explaining Mauriello's delay is
specious.  *According to the motion submitted by Mauriello*, IAB obtained a copy of
the recording between Officer Schoolcraft and his father in November of 2009.
(Mem. at 2; Dkt. # 201.)   And the Law Department – which represented Mauriello
until October 2012 – produced a copy of the recording is discovery.   (*Id.*)  Thus,
Mauriello's lawyers had a copy of this recording for *years*, a fact that he simply
fails to address in his motion.  Moreover, even if Mauriello could successfully fault
the Law Department for failing to provide him with information (a dubious legal
proposition about agency law that also lacks any factual support), the plain fact is
that Mauriello has known for *years* that Officer Schoolcraft reported corruption
and misconduct at the 81st Precinct while he was in command.  Since the gravamen
of his proposed counterclaims is that as a result of those allegation his career and

reputation at the NYPD was damaged, Mauriello must be charged with knowledge of that alleged injury.   Thus, with or without specific knowledge of a specific recording between Officer Schoolcraft and his father, it is clear that Mauriello's claim for defamation, tortious interference and prima facie tort accrued more than *four* years ago and the purported fact that Mauriello "didn't know" about some purported evidence to support that claim cannot explain – and does not explain – that delay.

## *Conclusion*

For these reasons, Officer Schoolcraft respectfully requests that the reconsideration motion be denied.

Dated:  December 9, 2013

*s/NBS*

_____
Nathaniel B. Smith
Attorney for Plaintiff
111 Broadway – Suite 1305
New York, NY 10006
natbsmith@gmail.com