UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                        Plaintiff,

     -against-

                                                      10-CV-06005 (RWS)

THE CITY OF NEW YORK, et al.,

                        Defendants.
------------------------------------------------------------X

DEFENDANT MAURIELLO'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF HIS MOTION FOR RECONSIDERATION
OF HIS MOTION FOR LEAVE TO AMEND HIS ANSWER
TO ASSERT COUNTERCLAIMS

Preliminary Statement

On behalf of defendant Steven Mauriello, we submit this reply memorandum in further support of his motion for reconsideration of his motion for leave to amend his answer to assert counterclaims. We fully appreciate plaintiff's recitation of the standards applicable to motions for reconsideration and believe not only that we have fully satisfied those standards, but also that leave to amend should be granted because justice so requires.

ARGUMENT

POINT I

DEFENDANT MAURIELLO DID NOT WAIT
TO MOVE FOR LEAVE TO AMEND

In denying our original motion, the Court observed that we "waited" too long to seek leave to amend the answer to assert the counterclaims. In this motion for reconsideration, we have argued, and respectfully submit, that the

Court erred in reaching this conclusion because it did not express any consideration of, and we believe the Court therefore overlooked, the following:

    i.    defendant Mauriello knew nothing of the recorded conversation, which is the linchpin of the proposed counterclaims, until one month before we filed the motion for leave to amend;

    ii.    defendant Mauriello's present counsel only appeared in the case a little over one year prior to filing the motion for leave, by which time the case had been pending for nearly two years;

    iii.    defendant Mauriello's present counsel knew nothing about the recorded conversation at issue until one month prior to filing the motion for leave to assert the counterclaims;

    iv.    <u>plaintiff or his prior counsel had removed from plaintiff's October 7, 2009, recording the critical conversation between plaintiff and his father, and instead produced an altered recording containing only the conversations that followed that critical conversation</u>; it is worth noting that plaintiff actually produced two recordings of his conversations on October 7, 2009, and the critical conversation with his father was deleted from both;

    v.    plaintiff did not even attempt to refute the fact that an altered recording had been produced in discovery; and

    vi.    in summary, defendant Mauriello and his present counsel did not earlier learn about the critical conversation between plaintiff and his father because plaintiff or his prior counsel produced two altered copies of the recording, with the conversation removed.

Plaintiff now asserts in opposition to this motion for reconsideration that our assertion plaintiff or his prior counsel deleted the critical conversation from the October 7, 2009, recording is a "new claim" by defendant Mauriello, not raised in our original motion for leave to assert the counterclaims. Plaintiff clearly is wrong. In paragraph 18 of the September 24, 2013, Declaration of the undersigned, submitted in support of the motion for leave to assert the counterclaims, it was explained that plaintiff had removed the critical conversation with his father from the recording of October 7, 2009. We also explained that we did not learn of the conversation until reading the Rayman book, which was not published until August 2013. Plaintiff did not challenge either assertion. Moreover, at oral argument of the motion on November 13, 2013, the undersigned fully explained to the Court plaintiff's deletion of the critical conversation and its significance to the motion for leave to assert the counterclaims, to which plaintiff offered no rebuttal.

Thus, defendant Mauriello did not "wait" at all to assert his proposed counterclaims. He did not learn of the conversation critical to the counterclaims because plaintiff had deleted it from the duplicate copies of the October 7, 2009, recordings produced in discovery. We then sought leave to amend approximately one month after learning of the conversation in August 2013. We urge the court not to penalize defendant Mauriello for a lapse in time resulting from plaintiff's withholding of the critical evidence.

## POINT II

### DESPITE PLAINTIFF'S NEWLY ASSERTED CHALLENGE, THERE IS NO DOUBT AN ALTERED RECORDING WAS PRODUCED IN DISCOVERY

With respect to plaintiff's production in discovery of duplicate recordings of his October 7, 2009, conversations, with the critical conversation between plaintiff and his father deleted from each, plaintiff now asserts for the first time, in opposition to the motion for reconsideration, that we are unable to demonstrate an altered recording was produced by plaintiff in discovery. The fact is we certainly are able to do so, and would have done so in our reply on the original motion for leave to assert the counterclaims had plaintiff questioned the truth of our assertion. (Since plaintiff did not submit an affidavit refuting our assertion when opposing the original motion, we do not know if it was plaintiff or his prior counsel who deleted the critical conversation from each of the October 7, 2009, recordings.) With the Court's permission, we will submit the two altered recordings produced by plaintiff as well as the complete recording produced by the City for the Court's review so that our assertion may be confirmed.

## POINT III

### THE COUNTERCLAIMS PRESENT NO RISK OF UNDUE PREJUDICE TO PLAINTIFF

In denying our motion for permission to assert the counterclaims, the Court also found that the counterclaims would unduly delay the trial of this action, and thus cause plaintiff prejudice. We believe the Court has overlooked the causes of the delay of the case to date, most of which apparently are attributable to plaintiff, and certainly have nothing to do with defendant Mauriello

4

or his counterclaims. (For example, a full year elapsed between the first and second sessions of plaintiff's deposition for reasons substantially attributable to plaintiff and his retention of new counsel.) We also respectfully submit that the Court has misapprehended the extent of any potential additional delay. Any discovery relating to the counterclaims would be modest and could not fairly be deemed a cause of the delay of the trial given the many causes to date and the many that continue to occur.

We also respectfully submit that the Court has overlooked the absence of any identifiable undue prejudice plaintiff might suffer even if there were some slight delay that might be fairly attributed to the counterclaims. Again, plaintiff has been the cause of a great deal of the continuing delay, which alone should cause him to forfeit any claim of prejudice from any far less significant lapse of time caused by the counterclaims, especially since it would be occurring at a time when the parties are in the midst of discovery (and not on the eve of trial). In addition, any delay that might be caused by the counterclaims would have been avoided had plaintiff or his prior counsel not altered his duplicate recordings of October 7, 2009, by deleting the critical conversation between plaintiff and his father.

Finally, the Court should be aware that plaintiff's counsel has asked defendants to consent to a two-month extension of the discovery schedule due to his schedule and plaintiff's personal circumstances that have made it impossible to adhere to the existing scheduling order. All parties have consented to the extension and are in agreement it is needed. We are awaiting plaintiff's submission to the Court of a request for approval. This need for additional time

5

has nothing to do with defendant Mauriello or his counterclaims, but there is no doubt that with an extension of the discovery deadline, any discovery relating to the counterclaims would be completed without difficulty, and any risk that plaintiff might suffer <u>undue</u> prejudice would be eliminated.

## CONCLUSION

Based upon the foregoing, the memorandum in support of this motion for reconsideration, and the original papers in support of the motion for leave to assert the counterclaims, we respectfully request that the Court exercise supplemental jurisdiction over defendant Mauriello's proposed counterclaims, which the Court has determined to be timely, and permit him to serve his amended Answer.

Dated:  New York, New York
        December 16, 2013

SCOPPETTA SEIFF KRETZ & ABERCROMBIE
Attorneys for Defendant STEVEN MAURIELLO

By: _____
       Walter A. Kretz, Jr., (WK-4645)
444 Madison Avenue, 30th Floor
New York, NY  10022
wakretz@seiffkretz.com
212-371-4500