UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEORDORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOUGH, Tax Id. 919124, Individually and in his Official Capacity, SGT. FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LT. TIMOTHY CAUGHEY, Tax Id. No. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, Individually and in her Official Capacity, SERGEANT RICHARD WALL, Shield No. 3099, Individually and in his Official Capacity, SERGEANT ROBERT W. O'HARE, Tax Id. 916960, Individually and in his Official Capacity, SERGEANT SONDRA WILSON, Shield No. 5172, Individually and in her Official Capacity, LIEUTENANT THOMAS HANLEY, Tax Id. 879761, Individually and in his Official Capacity, CAPTAIN TIMOTHY TRAINOR Tax Id. 899922, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "City Defendants"), FDNY LIEUTENANT ELISE HANLON, individually and in her official capacity as a lieutenant with the New York City Fire Department, JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in his Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                                        Defendants.

ORDER

10-CV-6005 (RWS)

------------------------------------------------------------------------x

Sweet, D.J.,

        City Defendants, having moved this Court for an Order to compel plaintiff to provide certain discovery to City Defendants,

**NOW**, on motion of Suzanna Publicker Mettham, Esq., Assistant Corporation Counsel of the City of New York and attorney for the City Defendants,

**IT IS HEREBY ORDERED:**

1. Plaintiff shall re-produce the documents bearing Bates Nos. AS10059-AS10144and the documents produced on October 24, 2012 in response to City Defendants' Second Set of Document Requests, Document Request No. 2, to include the un-redacted names, contact information, and IP addresses of all respondents by January 10, 2014. If plaintiff does not produce the aforementioned documents by January 10, 2014, plaintiff will be barred in discovery, motion practice, and at trial from relying on any of the aforementioned documents, or the information contained therein.

2. Plaintiff shall produce to City Defendants by January 10, 2014 a copy of the following documents:

   a. The April 2006 memorandum written by Adrian Schoolcraft to Deputy Inspector Robert Brower "to notify [D.I. Brower] of a serious problem within the precinct, that I feel has now become a chronic safety issue. The problem [Adrian Schoolcraft is] reporting is forced overtime";

   b. The memorandum written by Adrian Schoolcraft on or after June 2007 to Deputy Inspector Robert Brower in which Adrian Schoolcraft alleged that Lieutenant Jones "threatened to punish the whole shift of officers for what Schoolcraft did";

   c. The November 7, 2012 "letter firing Norinsberg, Fitch, and Cohen from the case," written by Adrian Schoolcraft; and

   d. A copy of the "same questionable crime reports he gave QAD in October," which was provided by Adrian Schoolcraft to Rocco Parascandola, and any other evidence of plaintiff's alleged "whisleblowing."

Date:

SO ORDERED:

_____
Honorable Robert W. Sweet