# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                           Plaintiff,

      -against-

THE CITY OF NEW YORK, et al.

                          Defendants,
------------------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF NEW YORK'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

10 CV 6005 (RWS)

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules for the Southern District of New York, Adrian Schoolcraft, by his attorneys Jon L. Norinsberg and Cohen and Fitch, responds to Defendant City of New York's First Combined Set of Interrogatories and Document Requests, under oath, upon information and belief as follows.

### INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each and every person who has knowledge or information concerning the subject matter of plaintiff's Amended Complaint in this action. For each person so identified, identify the allegations of which the person has knowledge, the source of his/her knowledge or basis for his/her belief.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and is neither relevant nor reasonably calculated to lead to the discovery or admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the General

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source.

**REQUEST NO. 10:**

To the extent not produced in response to any of the foregoing or below requests, any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning any damages allegedly incurred by plaintiff.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff again states that authorizations for the release of his federal, state and local tax returns, from 2007 to 2010, are annexed hereto.

**REQUEST NO. 11:**

Produce all documents that relate to all complaints made by plaintiff to any city, state, and/or federal government agency including, the NYPD Quality Assurance Division ("QAD"), the NYPD's Internal Affairs Bureau ("IAB") of the New York City Police Department, any

elected official or representatives, and attorney general and/or inspector general offices.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that responsive documents, including audio tapes, are annexed hereto.

**REQUEST NO. 12:**

Produce all documents that relate to all complaints made by plaintiff to any non-governmental agency, organization, or media outlets (print, paper, radio, internet) including, but not limited to, the New York Times and Village Voice.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that responsive documents, to the extent that such documents exist, are in the sole possession custody and control of third parties and this cannot be provided by plaintiff.

production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that responsive documents are annexed hereto.

**REQUEST NO. 49:**

Any and all documents, notes, recordings, etc. relevant to, related to, or concerning plaintiff's supervisors at the 81th Precinct began to create an increasingly hostile work environment for [plaintiff]" as alleged in paragraph 87 of the Amended Complaint.

**RESPONSE TO REQUEST NO. 49:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that responsive documents are annexed hereto.

**REQUEST NO. 50:**

Any and all documents, notes, and/or recording, etc., supporting plaintiff's allegations contained in paragraph 92 of the Amended Complaint.

**RESPONSE TO REQUEST NO. 50:**

Responsive documents are annexed hereto.

**REQUEST NO. 51:**

Any and all documents, notes, and/or recording, etc., supporting plaintiff's allegations contained in paragraph 93 of the Amended Complaint.

readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that there are no documents responsive to this request.

**REQUEST NO. 69**

Any and all documents, notes, and/or recording, etc., supporting plaintiff's allegations contained in paragraph 121 of the Amended Complaint.

**RESPONSE TO REQUEST NO. 69:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad. and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that defendants are in sole custody, possession and control of records which are responsive to this request.

**REQUEST NO. 70**

A copy of the September 2, 2009 written request plaintiff sent to defendant Steven Mauriello as alleged in paragraph 122 of the Amended Complaint.

**RESPONSE TO REQUEST NO. 70:**

Responsive documents are annexed hereto.

**REQUEST NO. 71**

Produce any and all documents, notes, files, recordings, etc. provided to the Qaulity Assurance Division ("QAD") on October 7, 2009.

**RESPONSE TO REQUEST NO. 71:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad. and to the extent that it calls for the production of material not within plaintiff's possession, custody

or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that defendants are in sole custody, possession and control of records which are responsive to this request. See also Plaintiff's response to Document No. 66, supra.

**REQUEST NO. 72**

Produce a copy of the October 19, 2009 precinct-wide personnel memo issued by defendant CAUGHEY "ordering any and all calls from IAB be first directed to his office, regardless of the specific officer IAB was attempting to contact" as alleged in paragraph 126 of the Amended Complaint.

**RESPONSE TO REQUEST NO. 72:**

Responsive documents are annexed hereto.

**REQUEST NO. 73**

Any and all documents, notes, and/or recording, etc., supporting plaintiff's allegations contained in paragraph 127 and 128 of the Amended Complaint.

**RESPONSE TO REQUEST NO. 73:**

Responsive documents are annexed hereto.

**REQUEST NO. 74**

Any and all documents, notes, and/or recording, etc., supporting plaintiff's allegations contained in paragraph 130 of the Amended Complaint.

**RESPONSE TO REQUEST NO. 74:**

Responsive documents are annexed hereto.

**REQUEST NO. 75**

Any and all documents, notes, and/or recording, etc., supporting plaintiff's allegations

**RESPONSE TO REQUEST NO. 137:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is already within the possession, custody and control of the NYPD.

Dated: New York, New York
       April 9, 2012

                                      Yours, etc.

By: _____
JON L. NORINSBERG (norinsberg@aol.com)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5396

BY: _____
COHEN & FITCH LLP
Gerald Cohen (gcohen@cohenfitch.com)
Joshua Fitch (jfitch@cohenfitch.com)
Attorneys for Plaintiff
233 Broadway, Suite 2700
New York, New York 10279
(212) 374-9115

TO:    Corporation Counsel
        100 Church Street
        Room 3-200
        New York, New York 10007
        Attn: Suzanna H. Publicker, Esq.

Callan, Koster, Brady & Brennan, LLP
Attorneys for Defendant
Dr. Lilian Aldana-Bernier
One Whitehall Street, 10th Floor
New York, New York 10004
(212) 248-8800
bbrady@ckbblaw.com
Attn: Bruce M. Brady, Esq. (BMB4816)

Ivone, Devine & Jensen, LLP
Attorney for Isak Isakov, M.D.
2001 Marcus Avenue
Suite N100
Lake Success, New York 11042

Martin, Clearwater & Bell, LLP
Attorney for Jamaica Hospital
220 East 42nd Street
New York, New York 10017
Attn: Gregory J. Radomisli, Esq.