# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ADRIAN SCHOOLCRAFT,

                Plaintiff,

-against-

THE CITY OF NEW YORK, et al.

                Defendants,

------------------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF NEW YORK'S SECOND SET OF DOCUMENT REQUESTS**

**10 CV 6005 (RWS)**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules for the Southern District of New York, Adrian Schoolcraft, by his attorneys Jon L. Norinsberg and Cohen and Fitch, LLP, responds to Defendant City of New York's Second Set of Document Requests, under oath, upon information and belief as follows.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

Produce any and all documents and/or recordings which support, or tend to support, in any way whatsoever, any of the allegations set forth in paragraph 352 through 353 of plaintiff's Amended Complaint alleging that the IAB failed to keep complaints of corruptions and illegality confidential in the 42nd Precinct regarding allegations of illegality involving Police Officers Frank Pallestro and Adhyl Polanco.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source and to the extent that it demands disclosure of information and/or communications that are protected by the attorney-client or work-product privileges, or which constitute material prepared for litigation purposes. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that responsive documents concerning Adhyl Polanco have previously been provided in plaintiff's responses to defendants first demand for discovery, dated April 9, 2012. Additionally, responsive documents concerning Frank Pallestro are in plaintiff's possession, but will only be disclosed pursuant to an Attorneys Eyes Only Stipulation executed by the parties and ordered by the Court.

**REQUEST NO. 2:**

Produce any and all messages and communications received through www.schoolcraftjustice.com, including the names, contact information, and IP addresses of all respondents.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and to the extent that it demands disclosure of information and/or communications that are protected by the attorney-client or work-product privileges, or which constitute material prepared for litigation purposes. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections plaintiff is providing responsive documents redacted accordingly.

**REQUEST NO. 3:**

Produce any and all evidence of "NYPD misconduct and corruption" that plaintiff collected

and documented on or before October 31, 2009. If that evidence was destroyed, or is no longer in plaintiff's possession, please identify each item that was destroyed, the approximate dates of destruction, and the manner of its destruction. If that evidence is no longer in plaintiff's possession, please identify each item that is no longer in plaintiff's possession, and the current possessor, holder or recipient of that item.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source or has already been turned over in discovery. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff identifies notes and documents plaintiff had prepared identifying corruption in the NYPD, which were seized by NYPD defendants during his seizure on October 31, 2009.

**REQUEST NO. 4:**

Produce any bills, receipts, cancelled checks or other proof of payment, insurance claims, and insurance benefits received, or like documents or things, in any form or format, concerning (a) Olympus D.V.R. (WS-331M), valued at $100.00; (b) Key Ring Light, valued at $15.00; and (c) Olympus D.V.R. (DS-50), valued at $250.00 as referred in Plaintiff's Notice of Claim. If plaintiff is still in possession of any or all of these items, defendants demand the opportunity to inspect these items.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff has annexed the receipts in his possession.

**REQUEST NO. 5:**

Produce any and all documents or things, including but not limited to bills, receipts, cancelled checks or other proof of payment, insurance claims, and insurance benefits received, or like documents or things, in any form or format, that support plaintiff's claim that he received a bill in the amount of $7185.00 for his confinement at Jamaica Hospital Medical Center begining on or about October 31, 2009.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that he is not in possession of materials responsive to this request.

**REQUEST NO. 6:**

Produce any and all documents or things, including but not limited to bills, receipts, cancelled checks or other proof of payment, insurance claims, and insurance benefits received, or like documents or things, in any form or format, that support plaintiff's claim that Jamaica Hospital Medical Center collected money as a result of the alleged bill that plaintiff received in the amount of

$7,185.00 for his confinement at Jamaica Hospital Center beginning on or about October 31, 2009.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that he is not in possession of materials responsive to this request.

**REQUEST NO. 7:**

Produce any documents, messages, and communications including but not limited to emails, text messages, and letters reflecting any communications, interviews, conversations, or meetings plaintiff has had with any media outlet regarding the allegations of the instant lawsuit, including but not limited to blogs, newspapers, radio stations, independent reporters, and magazines.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are more readily obtained from another source.

.Dated: New York, New York
    October 23, 2012

                        Yours, etc.

                        By:      /S/
                             JON L. NORINSBERG (norinsberg@aol.com)
                             Attorney for Plaintiff
                             225 Broadway, Suite 2700
                             New York, NY 10007
                             (212) 791-5396

BY:      /S/- *[signature]*
     COHEN & FITCH LLP
     Gerald Cohen (gcohen@cohenfitch.com)
     Joshua Fitch (jfitch@cohenfitch.com)
     Attorneys for Plaintiff
     233 Broadway, Suite 2700
     New York, New York 10279
     (212) 374-9115

TO:   Corporation Counsel
      100 Church Street
      Room 3-200
      New York, New York 10007
      Attn: Suzanna H. Publicker, Esq.

      Callan, Koster, Brady & Brennan, LLP
      Attorneys for Defendant
      Dr. Lilian Aldana-Bernier
      One Whitehall Street, 10th Floor
      New York, New York 10004
      (212) 248-8800
      bbrady@ckbblaw.com
      Attn: Bruce M. Brady, Esq.

      Ivone, Devine & Jensen, LLP
      Attorney for Isak Isakov, M.D.
      2001 Marcus Avenue
      Suite N100
      Lake Success, New York 11042

      Martin, Clearwater & Bell, LLP
      Attorney for Jamaica Hospital
      220 East 42nd Street
      New York, New York 10017
      Attn: Gregory J. Radomisli, Esq.

      Scoppetta Seiff Kretz & Abercrombie
      444 Madison Avenue, 30th Floor
      New York, NY 10022
      Attn: Walter A. Kretz, Jr.