# EXHIBIT C



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

SUZANNA PUBLICKER
*Assistant Corporation Counsel*
E-mail: spublick@law.nyc.gov
Phone: (212) 788-1103
Fax: (212) 788-9776

December 19, 2012

**BY FIRST-CLASS MAIL**
Richard A. Gilbert, Esq.
115 Christopher Street, 2nd Floor
New York, New York 10014

>  Re:  Schoolcraft v. The City of New York, et al.
>       10 CV 6005 (RWS)

Dear Counsel:

City Defendants are aware that you have recently been retained as counsel for plaintiff and write: 1) to address plaintiff's deficient discovery responses; and 2) regarding plaintiff's deposition, including follow-up requests for documents requested during the deposition.

**Plaintiff's Deficient Discovery Responses**

In compliance with the good faith obligations of the Federal Rules of Civil Procedure, City Defendants hereby identify the following deficiencies with respect to Plaintiff's Responses to Defendant's First and Second Sets of Interrogatories and Requests for Production of Documents.[1]

**1st Set of Document Requests - Document Request Number 9:** And any all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, concerning the financial expenses (other than expenses for mental health services) that plaintiff

---

[1] Additionally, pursuant to F.R.C.P. 33 and 34, because plaintiff failed to either respond, or seek an enlargement of time in which to respond within 30 days of service of City Defendants' discovery requests, any such objections to those requests were waived.

claims to have incurred to date as a result of the alleged wrongful acts or omissions of the defendants, including but not limited to attorneys' fees.

***Plaintiff's Response:*** Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source.

***Defendants' Notice of Deficiency:*** Plaintiff appears to be alleging economic damages in this matter. As such, City Defendants' Document Request No. 9 clearly requests documentary evidence of such damages. In light of plaintiff's intention to seek compensatory damages, plaintiff's contention that the document request is "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" is utterly incomprehensible. Thus, kindly provide the requested documents or, in the event that plaintiff is not seeking recompense for financial expenses incurred as a result of the alleged incident, state so. Finally, to the extent that plaintiff alleges that evidence of *plaintiff's* financial damages is more readily available from another source, identify the source(s) from whom City Defendants may request such evidence.

**1st Set of Document Requests - Document Request Number 13:** All documents concerning plaintiffs attempts to secure other employment and/or to otherwise mitigate his alleged damages since October 31, 2009, including but not limited to: all correspondence or other documents plaintiff has sent to or received from any employment agencies, search firms or other outplacement firms, any documents which reflect the dates upon which plaintiff has had contact with such agencies or firms, and any documents concerning any job prospects such agencies or firms have made known to plaintiff; all employment advertisements plaintiff has placed or to which plaintiff has responded; and all correspondence, resumes, reference letters or other documents plaintiff has sent to or received from any prospective employers, all documents concerning any offers of employment plaintiff has received from any prospective employers' and all documents concerning plaintiff's response(s) to any offers of employment he has received.

***Plaintiff's Response:*** Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that responsive documents, to the extent that such documents exist and are in the possession of plaintiff, will be provided under separate cover.

***Defendants' Notice of Deficiency:*** To the extent that plaintiff is claiming damages for *years* of lost income as a result of the alleged wrongful acts or omissions of the defendants, documents concerning plaintiffs attempts to secure other employment and/or to otherwise mitigate his alleged damages since October 31, 2009, are clearly relevant and likely to lead to the discovery of admissible evidence. As such, please produce the documents responsive to this request, including those you indicated would be provided under separate cover. Further, to the extent that plaintiff alleges that the requested documents are more readily available from another source,

2

City Defendants demand that plaintiff identify the source(s) from whom City Defendants may request the documents.

**2nd Set of Document Requests - Document Request Number 1:** Produce any and all documents and/or recordings which support, or tend to support, in any way whatsoever, any of the allegations set forth in paragraph 352 through 353 of plaintiff's Amended Complaint alleging that the IAB failed to keep complaints of corruptions and illegality confidential in the 42nd Precinct regarding allegations of illegality involving Police Officers Frank Pallestro and Adhyl Polanco.

*Plaintiff's Response:* Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff s possession, custody or control, and that is more readily obtained from another source and to the extent that it demands disclosure of information and/or communications that are protected by the attorney-client or work-product privileges, or which constitute material prepared for litigation purposes. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that responsive documents concerning Adhyl Polanco have previously been provided in plaintiff s responses to defendants first demand for discovery, dated April 9, 2012. Additionally, responsive documents concerning Frank Pallestro are in plaintiff s possession, but will only be disclosed pursuant to an Attorneys Eyes Only Stipulation executed by the parties and ordered by the Court.

*Defendants' Notice of Deficiency:* Please provide a privilege log for those documents plaintiff believes are protected by the attorney-client and/or work-product privileges. Additionally, in response to plaintiff's contention that "documents concerning Adhyl Polanco have previously been provided in plaintiff s responses to defendants first demand for discovery, dated April 9, 2012," please specifically identify the previously produced documents by reference to particular Bates Numbers. With regard to Frank Pallestro, it is unclear why plaintiff posits that an Attorneys' Eyes Only Stipulation is required when, ostensibly, none was required to produce similar information pertaining to Adhyl Polanco. Further, plaintiff's claim that evidence regarding Frank Pallestro cannot be produced absent such a stipulation, because he fears retaliation, is meritless in light of the fact that plaintiff has already identified Frank Pallestro as having provided information to IAB regarding "allegations of illegality," and more importantly, Frank Pallestro himself has given numerous interviews to media sources including the New York Daily News (http://www.nydailynews.com/news/nypd-whistleblower-palestro-reports-alleged-corruption-42nd-precinct-union-delegate-article-1.194881). Therefore, kindly provide any and all documents in your possession responsive to this demand and, further, to the extent there are documents responsive to this document request outside of plaintiff's custody and/or control, identify the custodian of such documents.

**2nd Set of Document Requests - Document Request Number 2:** Produce any and all messages and communications received through www.schoolcraftjustice.com, including the names, contact information, and IP addresses of all respondents.

*Plaintiff's Response:* Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and to the extent that it demands disclosure of information and/or communications that are protected by the attorney-client or work-product privileges, or which constitute material prepared for litigation purposes. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections plaintiff is providing responsive documents redacted accordingly.

*Defendants' Notice of Deficiency:* According to the www.schoolcraftjustice.com website, "The information contained on this website is for general information purposes only. Nothing on this or associated pages, documents, comments, answers, emails, or other communications should be taken as legal advice for any individual case or situation. This information on this website is not intended to create, and receipt or viewing of this information does not constitute, an attorney-client relationship. This is attorney advertising. Past performance does not guarantee future results." It is clear from counsels' own statements that there is no attorney-client relationship with regard to any responses to the www.schoolcraftjustice.com website. Further, as the names, contact information, and IP addresses of all respondents is information that was not prepared for litigation purposes, it cannot be considered attorney work-product. In any event, please provide a privilege log reflecting the information plaintiff contends is protected by the attorney-client and/or work-product privileges. Additionally, to the extent that plaintiff intends to rely on statements posted to the website, defendants are entitled to learn the identities of the individuals providing information, and gather their contact information to investigate their claims and/or facilitate the service of subpoenas. Accordingly, please produce the subject messages and communications received through www.schoolcraftjustice.com, *including the un-redacted names, contact information, and IP addresses of all respondents.*

**2nd Set of Document Requests - Document Request Number 3:** Produce any and all evidence of "NYPD misconduct and corruption" that plaintiff collected and documented on or before October 31, 2009. If that evidence was destroyed, or is no longer in plaintiff's possession, please identify each item that was destroyed, the approximate dates of destruction, and the manner of its destruction. If that evidence is no longer in plaintiff's possession, please identify each item that is no longer in plaintiff's possession, and the current possessor, holder or recipient of that item.

*Plaintiff's Response:* Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source or has already been turned over in discovery. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff identifies notes and documents plaintiff had prepared identifying corruption in the NYPD, which were seized by NYPD defendants during his seizure on October 31, 2009.

*Defendants' Notice of Deficiency:* To the extent that plaintiff claims that evidence of "NYPD misconduct and corruption" was seized by NYPD defendants during the incident at plaintiff's apartment on October 31, 2009, please identify with particularity what evidence plaintiff claims was taken from his apartment by the NYPD. Additionally, to the extent that plaintiff alleges that evidence of "NYPD misconduct and corruption" is more readily available from another source,

please identify what evidence is available from another source, and the source from which that evidence may be obtained.

**2nd Set of Document Requests - Document Request Number 4:** Produce any bills, receipts, cancelled checks or other proof of payment, insurance claims, and insurance benefits received, or like documents or things, in any form or format, concerning (a) Olympus D.V.R. (WS-331M), valued at $100.00; (b) Key Ring Light, valued at $15.00; and (c) Olympus D.V.R. (DS-50), valued at $250.00 as referred in Plaintiff's Notice of Claim. If plaintiff is still in possession of any or all of these items, defendants demand the opportunity to inspect these items.

***Plaintiff's Response:*** Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff has annexed the receipts in his possession.

***Defendants' Notice of Deficiency:*** In response to this request, plaintiff produced receipts for an Olympus DS-50 1 GB Digital Voice Recorder, valued at $159.99 ($162.94 after shipping and tax) and a receipt for an Olympus WS-331M Digital Voice Recorder, valued at $113.59 ($123.10 after shipping and tax). Please confirm that the DS-50 described in the Notice of Claim valued at $250 is the same DS-50 referenced in the receipt annexed to plaintiff's discovery responses; and that the Olympus WS-331M described in the Notice of Claim as valued at $100.00 is the same WS-331M referenced in the receipt annexed to plaintiff's discovery responses. Further, in response plaintiff's averment that this request "calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source," plaintiff's identify theresponsive evidence available from another source, as well as the source. Further, if plaintiff is still in possession of any or all of these items, defendants demand the opportunity to inspect these items at a date and time to be agreed upon by counsel.

**2nd Set of Document Requests - Document Request Number 5:** Produce any and all documents or things, including but not limited to bills, receipts, cancelled checks or other proof of payment, insurance claims, and insurance benefits received, or like documents or things, in any form or format, that support plaintiff's claim that he received a bill in the amount of $7185.00 for his confinement at Jamaica Hospital Medical Center beginning on or about October 31, 2009.

***Plaintiff's Response:*** Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that he is not in possession of materials responsive to this request.

***Defendants' Notice of Deficiency:*** Please identify whether plaintiff was *ever* in possession of materials responsive to this request, and further, identify any documents responsive to the request (even if said documents are not in plaintiff's possession) and the custodian of the documents.

**2nd Set of Document Requests - Document Request Number 6:** Produce any and all documents or things, including but not limited to bills, receipts, cancelled checks or other proof of payment, insurance claims, and insurance benefits received, or like documents or things, in any form or format, that support plaintiff's claim that Jamaica Hospital Medical Center collected money as a result of the alleged bill that plaintiff received in the amount of $7,185.00 for his confinement at Jamaica Hospital Center beginning on or about October 31, 2009.

***Plaintiff's Response:*** Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that he is not in possession of materials responsive to this request.

***Defendants' Notice of Deficiency:*** Please identify whether plaintiff was *ever* in possession of materials responsive to this request, and further, identify any documents responsive to the request (even if said documents are not in plaintiff's possession) and the custodian of the documents.

**2nd Set of Document Requests - Document Request Number 7:** Produce any documents, messages, and communications including but not limited to emails, text messages, and letters reflecting any communications, interviews, conversations, or meetings plaintiff has had with any media outlet regarding the allegations of the instant lawsuit, including but not limited to blogs, newspapers, radio stations, independent reporters, and magazines.

***Plaintiff's Response:*** Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are more readily obtained from another source.

***Defendants' Notice of Deficiency:*** Upon information and belief, plaintiff has made numerous statements to the media pertaining to the allegations set forth in the complaint. Defendants are entitled to discover the statements that plaintiff has made concerning his allegations herein. Thus, plaintiff's objections to the document request are baseless. Accordingly, please provide documents responsive to the demand. Additionally, to the extent that plaintiff claims that documents responsive to this request are "more readily obtained from another source", identify the source(s).

Please provide the information requested herein no later than January 11, 2013. Should plaintiff fail to timely respond, City Defendants will have no choice but to seek judicial intervention.

**Plaintiff's Deposition**

During the course of plaintiff's deposition, plaintiff indicated on several occasions that he had no independent recollection of many of the events upon which he was questioned, and instead directed the undersigned to his "recordings." For example, when asked about the number of times he was told to conduct a stop, question, and frisk without reasonable suspicion, plaintiff stated "I believe there are multiple recordings of supervisors telling officers to articulate a charge later." However, when asked to identify the specific recordings supporting his claims, plaintiff was unable to identify or narrow down the recording on which such conversations could be found. See, e.g., Schoolcraft Deposition Transcript at 80:13-83:6. Given the fact that plaintiff has provided defendants with approximately 150 recordings spanning over twenty hours, a continued deposition to review said recordings would not be an efficient use of the parties' time. Accordingly, City Defendants request that plaintiff agree to review the enclosed transcript and, in each instance where plaintiff did not specifically identify those recordings supporting his claim, identify with particularity the recordings referenced by plaintiff as responsive to City Defendants' questions.

Additionally, City Defendants request production of the following documents first requested during plaintiff's deposition on October 11, 2012:

1. Affidavits provided by plaintiff in other lawsuits – 14:8-15:12;
2. All recordings relating to plaintiff's claims not previously produced – 31:4-9;
3. A copy of the hard drive of the computer used by plaintiff on or about October 31, 2009 onto which plaintiff transferred relevant recordings – 35:24-36:7;
4. Inspection of the clothing that plaintiff was wearing on October 31, 2009 – 163:7-13;
5. Letter sent by plaintiff to Senator Farley – 279:19-280:1.

**City Defendants' New Discovery Demands**

Enclosed please find City Defendants' First Set of Requests for Admissions.

Encl.

Sincerely yours,

Suzanna Publicker
*Assistant Corporation Counsel*
Special Federal Litigation Division

7

cc: Gregory John Radomisli (By First-Class Mail)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By First-Class Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By First-Class Mail)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter Aoysius Kretz, Jr. (By First-Class Mail)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022