# EXHIBIT D



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

SUZANNA PUBLICKER
*Assistant Corporation Counsel*
E-mail: spublick@law.nyc.gov
Phone: (212) 788-1103
Fax: (212) 788-9776

May 28, 2013

**BY FIRST-CLASS MAIL**
Nathaniel Smith
*Attorney for Plaintiff*
111 Broadway, Suite 1305
New York, New York 10006

Re:   Schoolcraft v. The City of New York, et al.
      10 CV 6005 (RWS)

Dear Counsel:

In compliance with the good faith obligations of the Federal Rules of Civil Procedure, City Defendants hereby identify the following deficiencies with respect to Plaintiff's Responses to Defendant's Second Set of Interrogatories, Third Request for Production of Documents, and First Set of Requests for Admissions.[1]

**2nd Set of Interrogatory Requests - Interrogatory Request Number 1:** Identify the medical provider(s) that prescribed plaintiff's use of the cane that plaintiff is seen using in the photograph that ran in the Village Voice article, *The NYPD Tapes: Inside Bed-Stuy's 81st Precinct*, dated May 4, 2010, annexed hereto as Exhibit A. If there is no such medical provider(s), so indicate.

***Plaintiff's Response:*** Objection on the ground that the information is irrelevant and not likely to lead to the discovery of admissible evidence.

***Defendants' Notice of Deficiency:*** Plaintiff is alleging economic damages in this matter as a result of claimed physical injuries allegedly caused by City Defendants. Moreover, plaintiff has claimed that these physical injuries barred him from being able to work In the six months following the incident that allegedly led to such injuries, plaintiff gave an interview to the Village Voice and was photographed using a cane. As such, City Defendants' Interrogatory

---

[1] Additionally, pursuant to F.R.C.P. 33 and 34, because plaintiff failed to either respond, or seek an enlargement of time in which to respond within 30 days of service of City Defendants' discovery requests, any such objections to those requests were waived.

Request No. 1 clearly requests evidence of such injuries and damages. In light of plaintiff's intention to seek compensatory damages, plaintiff's contention that the document request is "irrelevant and not likely to lead to the discovery of admissible evidence" is patently false. Thus, kindly provide the requested information or, in the event that plaintiff is not seeking recompense for physical injuries incurred as a result of the alleged incident, state so.

**2nd Set of Interrogatory Requests - Interrogatory Request Number 2:** Indicate on what date on which the photograph showing plaintiff Adrian Schoolcraft using a cane, that ran in the Village Voice article, *The NYPD Tapes: Inside Bed-Stuy's 81st Precinct,* dated May 4, 2010, annexed hereto as Exhibit A, was taken.

*Plaintiff's Response:* Objection on the ground that the information is irrelevant and not likely to lead to the discovery of admissible evidence.

*Defendants' Notice of Deficiency:* Plaintiff is alleging economic damages in this matter as a result of claimed physical injuries allegedly caused by City Defendants. Moreover, plaintiff has claimed that these physical injuries barred him from being able to work In the six months following the incident that allegedly led to such injuries, plaintiff gave an interview to the Village Voice and was photographed using a cane. As such, City Defendants' Interrogatory Request No. 1 clearly requests evidence of such injuries and damages. In light of plaintiff's intention to seek compensatory damages, plaintiff's contention that the document request is "irrelevant and not likely to lead to the discovery of admissible evidence" is patently false. Thus, kindly provide the requested information or, in the event that plaintiff is not seeking recompense for physical injuries incurred as a result of the alleged incident, state so.

**3rd Set of Document Requests - Document Request Number 1:** All of plaintiff's medical records, including psychiatric records, or like documents or things, in the possession, custody or control of plaintiff, plaintiff's agents and representatives and all persons acting for each plaintiff, including those records or materials in the control and/or custody of each plaintiff's personal or private doctors or health care professionals, including mental health professionals, chiropractors, practitioners of alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind, that indicate that a medical profession prescribed plaintiff Adrian Schoolcraft's use of the cane pictured in the Village Voice article titled *The NYPD Tapes: Inside Bed-Stuy's 81st Precinct,* dated May 4, 2010, annexed hereto as Exhibit A. If there is no such documents, so indicate.

*Plaintiff's Response:* Objection on the ground that the information is irrelevant and not likely to lead to the discovery of admissible evidence.

*Defendants' Notice of Deficiency:* Plaintiff is alleging economic damages in this matter as a result of claimed physical injuries allegedly caused by City Defendants. Moreover, plaintiff has claimed that these physical injuries barred him from being able to work In the six months following the incident that allegedly led to such injuries, plaintiff gave an interview to the Village Voice and was photographed using a cane. As such, City Defendants' Interrogatory Request No. 1 clearly requests evidence of such injuries and damages. In light of plaintiff's intention to seek compensatory damages, plaintiff's contention that the document request is "irrelevant and not likely to lead to the discovery of admissible evidence" is patently false. Thus,

kindly provide the requested information or, in the event that plaintiff is not seeking recompense for physical injuries incurred as a result of the alleged incident, state so.

**3rd Set of Document Requests - Document Request Number 2:** Releases sufficient in form, quality and quantity to obtain certified copies of all of each plaintiff's medical records, psychiatric records, or like documents or things for the medical records listed in Document No. 1, above. A copy of a sufficient form is annexed hereto as Exhibit B.

*Plaintiff's Response:* Objection on the ground that the information is irrelevant and not likely to lead to the discovery of admissible evidence.

*Defendants' Notice of Deficiency:* Plaintiff is alleging economic damages in this matter as a result of claimed physical injuries allegedly caused by City Defendants. Moreover, plaintiff has claimed that these physical injuries barred him from being able to work In the six months following the incident that allegedly led to such injuries, plaintiff gave an interview to the Village Voice and was photographed using a cane. As such, City Defendants' Interrogatory Request No. 1 clearly requests evidence of such injuries and damages. In light of plaintiff's intention to seek compensatory damages, plaintiff's contention that the document request is "irrelevant and not likely to lead to the discovery of admissible evidence" is patently false. Thus, kindly provide the requested information or, in the event that plaintiff is not seeking recompense for physical injuries incurred as a result of the alleged incident, state so.

**3rd Set of Document Requests - Document Request Number 1:** Plaintiff's alleged appeal of his 2008 annual evaluation, as required under the New York City Police Department Administrative Guide Procedure No. 314-11. If there are no such documents, so indicate.

*Plaintiff's Response:* Other than documents previously produced or exchanged in discovery plaintiff does not have any such documents.

*Defendants' Notice of Deficiency:* As there have been 10,000 pages of documents produced in this matter, please identify with reference to the Bates Number to which documents you are referring.

**1st Set of Requests for Admission - Request for Admission Number 3:** Admit that on October 31, 2009, plaintiff stated to a coworker, "they all want blowjobs", as heard on the audio recording titled "DS.50_31OCTOBER2009_DayTour_Lt.Caughey_menacing_went_Sick.WMA", found on the CD produced by plaintiff titled "School Craft CD 2 of 2," [sic] and attached hereto.

*Plaintiff's Response:* Denied.

*Defendants' Notice of Deficiency:* Identify what aspect of this Request for Admission plaintiff is denying. To the extent plaintiff denies that it is his voice heard stating "they all want blow jobs," identify whose voice makes that statement on the recording. To the extent plaintiff denies that the statement was made *to a coworker*, identify to whom the statement was made.

**1st Set of Requests for Admission - Request for Admission Number 4:** Admit, that on October 31, 2009, plaintiff stated to a coworker, "tomorrow Roll Call don't wear any clothes except your traffic vest" as heard on the audio recording titled

3

"DS.50_31OCTOBER2009_DayTour_Lt.Caughey_menacing_went_Sick.WMA", found on the CD produced by plaintiff titled "School Craft CD 2 of 2," [sic] and attached hereto.

***Plaintiff's Response:*** Denied.

***Defendants' Notice of Deficiency:*** Identify what aspect of this Request for Admission plaintiff is denying. To the extent plaintiff denies that it is his voice heard stating "tomorrow Roll Call don't wear any clothes except your traffic vest," identify whose voice makes that statement on the recording. To the extent plaintiff denies that the statement was made *to a coworker*, identify to whom the statement was made.

**1st Set of Requests for Admission - Request for Admission Number 6:** Admit that on October 31, 2009, plaintiff stated, "I'd like to have at least a fucking chance to go in a gun battle with him" as heard on the audio recording titled "DS.50_31OCTOBER2009_DayTour_Lt.Caughey_menacing_went_Sick.WMA", found on the CD produced by plaintiff titled "School Craft CD 2 of 2," [sic] and attached hereto.

***Plaintiff's Response:*** Denied.

***Defendants' Notice of Deficiency:*** Identify what aspect of this Request for Admission plaintiff is denying. To the extent plaintiff denies that it is his voice heard stating "I'd like to have at least a fucking chance to go in a gun battle with him," identify whose voice makes that statement on the recording.

**1st Set of Requests for Admission - Request for Admission Number 10:** Admit that on October 31, 2009, plaintiff stated, "Mom is speaking to me." as heard on the audio recording titled "DS.50_31OCTOBER2009_DayTour_Lt.Caughey_menacing_went_Sick.WMA", found on the CD produced by plaintiff titled "School Craft CD 2 of 2," [sic] and attached hereto.

***Plaintiff's Response:*** Denied. The incomplete statement is taken out of context.

***Defendants' Notice of Deficiency:*** Plaintiff's objection is incomprehensible. City Defendants' Request for Admission asks simply whether plaintiff's voice is heard making the statement "Mom is speaking to me." on the aforementioned recording. No context is provided nor presumed by City Defendants. It is therefore inappropriate for plaintiff to allege that such statement is "taken out of context." Therefore, City Defendants simply demand to know whether it is plaintiff's voice that is heard making the statement on the aforementioned recording.

**1st Set of Requests for Admission - Request for Admission Number 13:** Admit that on October 31, 2009, plaintiff stated, "Mentally, I'm not that stable." as heard on the audio recording titled "DS.50_31OCTOBER2009_DayTour_Lt.Caughey_menacing_went_Sick.WMA", found on the CD produced by plaintiff titled "School Craft CD 2 of 2," [sic] and attached hereto

***Plaintiff's Response:*** Denied on the ground that the statement is taken out of context.

***Defendants' Notice of Deficiency:*** Plaintiff's objection is incomprehensible. City Defendants' Request for Admission asks simply whether plaintiff's voice is heard making the statement "Mentally, I'm not that stable." on the aforementioned recording. No context is provided nor presumed by City Defendants. It is therefore inappropriate for plaintiff to allege that such

statement is "taken out of context." Therefore, City Defendants simply demand to know whether it is plaintiff's voice that is heard making the statement on the aforementioned recording.

### 2st Set of Requests for Admission – Document Request Number 2:

City Defendants understand that it is plaintiff's position that he is able to provide City Defendants with any and all messages and communications received through www.schoolcraftjustice.com, including the names, contact information, and IP addresses of all respondents, as requested by City Defendants in their 2nd Set of Document Requests, Document Request Number 2. To the extent that plaintiff will not produce these records and information in the course of discovery, City Defendants request that the parties stipulate that plaintiff will not rely on the information therein in any manner whatsoever during discovery, depositions, motion practice, and trial. On the other hand, if plaintiff intends to rely on this information, he has an obligation to obtain the requested information and provide same to City Defendants.

Finally, despite numerous requests, plaintiff has failed to indicate whether counsel will accept service of subpoenas upon plaintiff's father, Larry Schoolcraft and upon Frank Serpico. Plaintiff's prior counsel, Jon Norinsberg, had consented to accept service of any subpoena issued to Larry Schoolcraft and to produce him for a deposition. City Defendants have previously asked present counsel about this request (*see* Letter dated January 9, 2013), but have not heard back. Additionally, a Daily News article dated February 4, 2013 (annexed to the February 19, 2013 letter) indicated that Frank Serpico is now part of plaintiff's "legal team." Accordingly, please indicate whether you will accept service of a subpoena issued to Frank Serpico and whether you will produce him for deposition at a later date. If you will not accept service of subpoenas on either of these individuals, please provide addresses for them for the purpose of service.[2]

Please provide the information requested herein no later than June 6, 2013. Should plaintiff fail to timely respond, City Defendants will have no choice but to *again* seek judicial intervention.

Sincerely yours,

Suzanna Publicker
*Assistant Corporation Counsel*
Special Federal Litigation Division

Encl.

---

[2] City Defendants note that previous subpoenas on Larry Schoolcraft via the address provided by Adrian Schoolcraft during his deposition, 196 County Highway 107, Johnstown, New York 12095, turned out to be a Post Office box, and thus the subpoena was not able to be served. Therefore, please provide the address at which plaintiff resides with his father so that service may be properly effectuated.

cc:  Gregory John Radomisli (By First-Class Mail)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee  (By First-Class Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady  (By First-Class Mail)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter Aoysius Kretz , Jr.  (By First-Class Mail)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022