# EXHIBIT E



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

SUZANNA PUBLICKER METTHAM
*Assistant Corporation Counsel*
E-mail: smettham@law.nyc.gov
Phone: (212) 356-2372
Fax: (212) 788-9776

December 6, 2013

**BY HAND DELIVERY & E-MAIL**
Nathaniel Smith
*Attorney for Plaintiff*
111 Broadway, Suite 1305
New York, New York 10006

> Re:  Schoolcraft v. The City of New York, et al.
>      10 CV 6005 (RWS)

Dear Counsel:

   I write in regards to your recent production dated December 4, 2013. In that production, you unilaterally state that the documents you have produced are subject to an attorney's eyes only ("AEO") limitation. However, if you review the operative AEO Stipulation so-ordered by the Court on October 3, 2012, you will note that the AEO Stipulation only applies to documents produced by City Defendants in this matter.[1] Moreover, you should be aware that pursuant to the AEO Stipulation, "[n]othing in th[e] Stipulation and Protective Order shall be construed to limit City Defendants' use of the Confidential Materials in any manner."

   Regardless, a review of the documents you have produced indicates that there is nothing in those documents that constitutes "good cause" for such a limitation. Importantly, plaintiff has previously produced a great number of those same or similar documents previously without any such AEO limitation in response to City Defendants' Second Set of Document

---

[1] See Paragraph 2, "(a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies; (b) files maintained by the NYPD's Quality Assurance Division ("QAD") with respect to any investigation, including but not limited to plaintiff; (c) personnel files and the information contained therein including, but not limited to, information regarding, promotions, discipline, evaluations; (d) copies of any documents containing information about any actual or potential personnel action taken with respect to personnel of NYPD other than plaintiff in this action, including, but not limited to, copies of investigation files, disciplinary files, Employee Management Division ("EMD") files; (e) Civilian Complaint Review Board Records; (f) any other documents identified by City defendants as confidential under the "good cause" standard of Fed. R. Civ. P. 26(c).; (g) any documents that the Court directs to be produced subject to this order; (h) any testimony concerning subsection (a), (b), (c), (d), (e), (f), and (g) and documents and the information contained therein; and (i) any other documents that the defendants may in the future in good faith deem "Confidential Materials-Attorneys' Eyes Only" pursuant to this Order because of privacy, security, law enforcement, or governmental interests."

Requests, Document Request No. 2. Additionally, even if the AEO Stipulation applied to these documents, which City Defendants dispute, the subject documents include allegations against individual defendants. The individual defendants' ability to defend and to respond to such accusations would be limited if such a designation were in place.[2] Therefore, such a designation is inappropriate here.

Additionally, the documents you have produced have been redacted to remove the names and contact information of the sources of the information you have provided. As I have previously stated *for a year*,[3] to the extent that plaintiff intends to rely on these documents and the similar documents previously produced in the furtherance of his litigation, defendants are entitled to learn the identities of the individuals providing information, and gather their contact information to investigate their claims and/or facilitate the service of subpoenas. In plaintiff's response to City Defendants' Second Set of Document Requests, Document Request No. 2, plaintiff indicated that redactions made to these documents were made on the basis of attorney-client and/or work-product privileges. According to the www.schoolcraftjustice.com website, "The information contained on this website is for general information purposes only. Nothing on this or associated pages, documents, comments, answers, emails, or other communications should be taken as legal advice for any individual case or situation. This information on this website is not intended to create, and receipt or viewing of this information does not constitute, an attorney-client relationship. This is attorney advertising. Past performance does not guarantee future results." It is clear from counsels' own statements that there is no attorney-client relationship with regard to any responses to the www.schoolcraftjustice.com website. Further, as the names, contact information, and IP addresses of all respondents is information that was not prepared for litigation purposes, it cannot be considered attorney work-product. Finally, a review of the documents previously produced, and those produced on December 4, 2013 reveals that none of the individuals at issue were seeking legal advice or counsel; rather they were writing to assist Adrian Schoolcraft in the prosecution of his civil lawsuit. Thus, no apparent attorney-client relationship exists.

Finally, I note that on April 9, 2012 plaintiff produced two recordings dated *after* plaintiff left the 81st Precinct. Plaintiff has not provided any information regarding the name of the individual, the manner of recording, the chain of custody, and other factors impacting authenticity and admissibility of that recording at trial. An unredacted version of plaintiff's recent production appears to contain the identity of that individual. See AS10059-AS10060. City Defendants are entitled to know the identity of that individual in order to probe the provenance of that recording in order to challenge its potential admission at trial according to the seven step authentication process favored in the Second Circuit. See, e.g., Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd., 262 F. Supp. 2d 251, 263-264 (S.D.N.Y. 2003) (citing United States v. Dinero Express, Inc., 2000 U.S. Dist. LEXIS 11314 (S.D.N.Y. 2000); United States v. Morrison, 153 F.3d 34, 56 (2d Cir. 1998)).

---

[2] In fact, plaintiff previously moved the Court, *and succeeded*, to remove the same type of AEO limitations on documents which included allegations against plaintiff based on the theory that plaintiff should be given the opportunity to challenge allegations that may be used against him at trial.

[3] See City Defendants' Letter dated December 19, 2012, City Defendants' Motion to Compel dated March 1, 2013, and City Defendants' Letter dated May 28, 2013.

Accordingly, City Defendants demand that plaintiff either (1) re-produce the subject messages and communications, including the un-redacted names, contact information, and IP addresses of all respondents, and that plaintiff remove the AEO designation from the materials or (2) stipulate in writing that he will not use at trial the recently produced documents bearing Bates Nos. AS10059-AS10144, the recordings produced on April 9, 2012 titled by plaintiff as "Meeting between D.I. Mauriello and Captain Alex Perez and two other supervisors on April 1,2010," and "Meeting of Commanding Officers at the 81st Precinct (date unknown)", and the documents produced on October 24, 2012 in response to City Defendants' Second Set of Document Requests, Document Request No. 2. If plaintiff refuses to comply with either option by December 10, 2013, City Defendants will seek Court intervention.

Sincerely yours,

Suzanna Publicker Mettham
*Assistant Corporation Counsel*
Special Federal Litigation Division

Enc.

cc:

Gregory John Radomisli (By First-Class Mail and E-Mail)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee  (By First-Class Mail and E-Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady  (By First-Class Mail and E-Mail)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter A. Kretz , Jr.  (By First-Class Mail and E-Mail)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022