# EXHIBIT G



THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**SUZANNA PUBLICKER METTHAM**
*Assistant Corporation Counsel*
E-mail: smettham@law.nyc.gov
Phone: (212) 356-2372
Fax: (212) 788-9776

December 3, 2013

**BY HAND DELIVERY & E-MAIL**
Nathaniel Smith
*Attorney for Plaintiff*
111 Broadway, Suite 1305
New York, New York 10006

    Re: Schoolcraft v. The City of New York, et al.
      10 CV 6005 (RWS)

Dear Counsel:

    In compliance with the good faith obligations of the Federal Rules of Civil Procedure, City Defendants hereby identify the following deficiencies with respect to Plaintiff's Responses to Defendant's First and Second Requests for Production of Documents.

    On September 17, 2013, City Defendants wrote regarding three items referenced in former *Village Voice* reporter Graham Rayman's recently published book, *The NYPD Tapes*: (1) a "ten-page single-spaced account Schoolcraft himself wrote," (2) emails to reporters, including Len Levitt and Graham Rayman, and (3) "1,000 hours of recordings." Plaintiff responded by letter dated October 23, 2013.

    In that letter, plaintiff indicated that "[Adrian Schoolcraft] also has looked for [the ten-page account] in his files and has not been able to locate it. Finally, I have requested that prior counsel undertake a review of their files to determine whether it can be located and will inform you about the results of their search." To the extent that you were able to secure a copy of the writing from plaintiff's prior counsel, please produce it to defendants by December 10, 2013, otherwise confirm in writing that prior counsel is not in possession of the subject document.

    In response to the City Defendants' demand for emails to reporters, plaintiff indicated that plaintiff "does not have access to his old email communications with the press that he was examined about at his deposition." Plaintiff, however, made no mention of email correspondence between himself and the media after September 26, 2013. Accordingly, City Defendants request that plaintiff provide any emails exchanged between him and the media *since* September 26, 2013.

    In the October 23, 2013 letter, counsel also indicated that in regards to the "1,000 hours of recordings," he was "not aware of any relevant recordings by the plaintiff that are being withheld." Plaintiff's contention is undermined by several passages in *The NYPD Tapes* which

evince that plaintiff has not produced all relevant records. City Defendants demand that you immediately produce all the recordings referenced in *The NYPD Tapes* including, but not limited to, those listed below, and any other recordings made by plaintiff of his coworkers at the NYPD that are relevant to the claims and defenses of this lawsuit, and responsive to a number of City Defendants' Document Requests, including, but not limited to Document Request No. 1-2, and 137 of City Defendants' First Request for Documents and Document Requests Nos. 7 of City Defendants' Second Request for Documents, Interrogatory No. 2 of City Defendants' First Set of Interrogatories, City Defendants' letter dated December 19, 2012 following up on requests made during the plaintiff's deposition (31:4-9), and City Defendants' letter dated September 17, 2013:

1. A copy of the CD provided by Adrian Schoolcraft to Graham Rayman containing recordings made by Adrian Schoolcraft mentioned on page 170 of *The NYPD Tapes.*

2. A copy of the February 22, 2010 recording of a meeting between Adrian Schoolcraft, Councilman Peter Vallone, retired Lieutenant Anthony Miranda, and "another retired cop" which was provided by Adrian Schoolcraft to Graham Rayman in which Adrian Schoolcraft states "I'll probably be able to be a big help to Mr. Vallone in my civil suit in acquiring court orders. So perhaps that can be of help" mentioned on pages 168-169 of *The NYPD Tapes.*

3. A copy of the August 17, 2009 recording of a "a woman [who] walked into the station house to report that her cell phone had been stolen" and subsequent interactions with D.I. Steven Mauriello made by Adrian Schoolcraft, which was provided by Adrian Schoolcraft to Graham Rayman mentioned on page 94 of *The NYPD Tapes.*

4. A copy of the September 12, 2009 recording of a "downgrading incidents" made by Adrian Schoolcraft, which was provided by Adrian Schoolcraft to Graham Rayman mentioned on page 96 of *The NYPD Tapes.*

Further, although plaintiff has not produced them in this litigation, a number of documents responsive to outstanding discovery requests have been identified in Mr. Rayman's book. City Defendants demand that plaintiff comply with his obligations under Federal Rule of Civil Procedure 26(e) and immediately produce the requested documents below, and any other documents responsive to City Defendants' Interrogatories and Requests for Documents not already produced:

1. A copy of the "same questionable crime reports he gave QAD in October," which was provided by Adrian Schoolcraft to Rocco Parascandola, mentioned on page 165 of *The NYPD Tapes.*

    a. This document appears to be responsive to a number of City Defendants' Discovery Requests, including, but not limited to Document Request Nos. 1, 2, 11, 12, 71, and 130 of City Defendants' First Request for Documents, Interrogatory No. 13 of City Defendants' First Set of Interrogatories,  and Document Requests Nos. 3 and 7 of City Defendants' Second Request for Documents.

2. A copy of the April 2006 memorandum written by Adrian Schoolcraft to Deputy Inspector Robert Brower "to notify [D.I. Brower] of a serious problem within the precinct, that I feel has now become a chronic safety issue. The problem [Adrian Schoolcraft is] reporting is forced overtime" mentioned on page 41 of *The NYPD Tapes.*

2

      a. This document appears to be responsive to a number of City Defendants' Discovery Requests, including, but not limited to Document Request Nos. 1, 2, 11, and 49 of City Defendants' First Request for Documents, Interrogatory Nos. 12 and 18 of City Defendants' First Set of Interrogatories, and Document Requests Nos. 3 and 7 of City Defendants' Second Request for Documents.

3. A copy of the memorandum written by Adrian Schoolcraft on or after June 2007 to Deputy Inspector Robert Brower in which Adrian Schoolcraft alleged that Lieutenant Jones "threatened to punish the whole shift of officers for what Schoolcraft did" mentioned on pages 44 of *The NYPD Tapes*.

      a. This document appears to be responsive to a number of City Defendants' Discovery Requests, including, but not limited to Document Request Nos. 1, 2, 11, and 49 of City Defendants' First Request for Documents, Interrogatory Nos. 12 and 18 of City Defendants' First Set of Interrogatories, and Document Requests Nos. 3 and 7 of City Defendants' Second Request for Documents.

4. A copy of the summer 2009 letter from David Morris to Adrian Schoolcraft indicating that "the PBA's general counsel's office does not represent police officers in disciplinary matters" mentioned on pages 93 of *The NYPD Tapes*, paragraph 111 of the Amended Complaint, and paragraph 115 of the Second Amended Complaint.

      a. This document appears to be responsive to a number of City Defendants' Discovery Requests, including, but not limited to Document Request Nos. 2, 64, and 128 of City Defendants' First Request for Documents.

Additionally, plaintiff has made representations to the Court that the Leonard Levitt article which indicated that plaintiff fired his prior counsel because he wanted "a more media-driven, public airing than is now occurring," was a complete falsehood. Therefore, City Defendants demand a copy of the November 7, 2012 "letter firing Norinsberg, Fitch, and Cohen from the case," which was provided by Adrian Schoolcraft to Graham Rayman mentioned on page 240 of *The NYPD Tapes*. As this document was provided to Mr. Rayman, any privilege that may have existed has been waived.

To the extent plaintiff claims that any responsive document is no longer in plaintiff's possession, as stated in Paragraph "I" of the "General Notice" that precedes each of the City Defendants' Discovery Demands, with respect to any document which is responsive to a document request that was formerly in the possession, custody or control of plaintiff and has been lost or destroyed, in lieu of each such document, plaintiff should submit a written statement which (a) describes in detail the nature of the documents and its contents, (b) identifies the author, (c) specifies the date written or originated, (d) identifies each person to whom the original or a copy was addressed and/or delivered, (e) identifies every other person who has ever had possession of the original or a copy of the documents and (f) specifies, if possible, the date on which the document was lost or destroyed, and if destroyed, the conditions of and reasons for such destruction, and the person(s) requesting or performing such destruction.

Each of the documents requested above should be provided to City Defendants by close of business on December 10, 2013.

Finally, enclosed herewith please find a copy of a subpoena directed at Graham Rayman, which City Defendants will be serving tomorrow.

Sincerely yours,

Suzanna Publicker Mettham
*Assistant Corporation Counsel*
Special Federal Litigation Division

Enc.

cc:

Gregory John Radomisli (By First-Class Mail and E-Mail)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee  (By First-Class Mail and E-Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady  (By First-Class Mail and E-Mail)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter A. Kretz , Jr.  (By First-Class Mail and E-Mail)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022