E1FBSCHC                    Conference

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   ADRIAN SCHOOLCRAFT,

4                  Plaintiff,

5            v.                         10 CV 6005 (RWS)

6   THE CITY OF NEW YORK, et als,

7                  Defendants.

8   ------------------------------x
                                        New York, N.Y.
9                                       January 15, 2014
                                        12:06 p.m.
10
    Before:
11
                       HON. ROBERT W. SWEET,
12
                                        District Judge
13
                           APPEARANCES
14
    NATHANIAL B. SMITH
15       Attorney for Plaintiff

16  JOHN LENOIR
         Attorney for Plaintiff
17
    MICHAEL A. CARDOZO, Corporation Counsel
18  for the City of New York
         Attorneys for Defendant
19  SUZANNA PUBLICKER METTHAM

20  SCOPPETTA SEIFF KRETZ & ABERCROMBIE
         Attorneys for Defendant Mauriello
21  WALTER A. KRETZ, JR.

22  MARTIN CLEARWATER & BELL LLP
         Attorneys for Defendant Jamaica Hospital
23  GREGORY JOHN RADOMISLI

24  IVONE, DEVINE and JENSEN, LLP
         Attorneys for Defendant Isakov
25  BRIAN E. LEE

1              (In open court)

2              THE COURT:  Schoolcraft.

3              MS. METTHAM:  Good afternoon, your Honor.  We're here

4    on a motion by City defendants from December 18th.  It sounds

5    like some of the matters are more or less resolved.  So I

6    think we could start with the easiest and go to the more

7    difficult.

8              THE COURT:  Okay.

9              MS. METTHAM:  The easiest is plaintiff provided some

10   memoranda to nonparty NYPD witnesses, or so he claims.  We

11   searched NYPD for these memoranda; have not been able to find

12   them.  In our original document requests three years ago, we

13   requested them of plaintiff, but haven't received them.  In

14   plaintiff's opposition, he stated he has no objection to

15   providing them.

16             So we simply ask that he be ordered to provide those

17   documents by next week.

18             THE COURT:  Any problem?

19             MR. SMITH:  I just don't want anyone to suggest --

20   this is Nathanial Smith for Schoolcraft.  I just want to

21   identify myself for the record.

22             I don't know that the plaintiff has these documents.

23   These are two memos that --

24             THE COURT:  Well, if he has them, he'll produce them.

25             MR. SMITH:  Yes.

E1FBSCHC                       Conference

1          THE COURT:  Okay.

2          MS. METTHAM:  Your Honor, the second one is a letter

3    that plaintiff wrote firing previous counsel on this case.  As

4    the City defendants have --

5          THE COURT:  I think I understand that.  Well, you told

6    me.  Has that been resolved?

7          MS. METTHAM:  It has not.

8          THE COURT:  And this is the issue as to whether or not

9    there was a waiver?

10         MS. METTHAM:  Yes, your Honor.

11         THE COURT:  Well, at this stage, we don't know that

12   there's a waiver.  Right?  We know that-- you take the position

13   that either the reporter was lying -- you should pardon the

14   expression -- or something, but we don't know.

15         MS. METTHAM:  Correct.

16         THE COURT:  How are we going to resolve that?  I mean,

17   maybe the only thing you can do is subpoena the reporter and

18   then we can have a litigation over sources.  We'll have a grand

19   old time.

20         MS. METTHAM:  I hate to inform your Honor that we have

21   done just that.  So we will be having a grand old time, just

22   not today.

23         THE COURT:  Okay.

24         MS. METTHAM:  My proposal, though, in my reply was

25   that if plaintiff could provide an affidavit either stating

1   that he never provided these documents --

2              THE COURT:  Oh, sure, that would have solved it.

3              MS. METTHAM:  Yes.

4              THE COURT:  But obviously he's not going to do that or

5   is he?  Maybe?

6              MR. SMITH:  Well, I mean, he's been asked --

7              THE COURT:  That would obviate the problem.  I guess

8   the answer is unless you depose him or something, I don't know

9   how you can compel him to give you an affidavit.

10             MR. SMITH:  Well, part of the problem is that they've

11  taken his deposition for 21 consecutive hours.  They knew about

12  this issue seven hours into the 21 hours.  And now they've

13  decided, well, we'd really like to get our hands on this juicy

14  piece of totally irrelevant information about why the plaintiff

15  fired his prior lawyer.

16             You know, I mean, yeah, could he provide an affidavit?

17  Should he?  No.

18             THE COURT:  Okay.  All right.

19             MS. METTHAM:  Your Honor, I would actually cite to the

20  case cited by Mr. Smith in his opposition, the Wellnx Life

21  Sciences case which, in a similar matter, had an evidentiary

22  hearing before the Court to resolve it.  I simply ask that in

23  going through the process of another deposition or another

24  evidentiary hearing, that the Court order plaintiff to either

25  produce the document or provide an affidavit that he did not

1    produce those documents to Graham Raymond (ph) or his father.

2              THE COURT:  What's my authority to do that?  I mean, I

3    will order him to be deposed again if you want.  We can do

4    that.

5              MS. METTHAM:  I mean, I would ask, then, that your

6    Honor order his deposition.  And if plaintiff would like to

7    avoid the deposition by providing an affidavit, we would be

8    willing to do so.

9              THE COURT:  Sure.  Okay.  Fine.

10             MS. METTHAM:  Thank you, your Honor.

11             The third matter is with regard to messages that

12   plaintiff's counsel received through a website set up--

13             THE COURT:  Yes.

14             MS. METTHAM:  So what happened is a few years ago

15   plaintiff's prior counsel produced hundreds of pages of these

16   documents without any confidentiality designation whatsoever,

17   but with the names and contact information redacted.  We have

18   been for the last two years in a protracted attempt to avoid

19   coming to the Court about this matter.

20             I have proposed to both prior and current counsel that

21   either plaintiff provide the names and contact information of

22   these individuals so that we can probe the veracity and

23   credibility of these statements or that plaintiff be precluded

24   from relying on these documents and statements in discovery and

25   at trial.

1              THE COURT:  What do you think?  How do we solve this?

2              MR. SMITH:  My solution, your Honor, was that the

3    names be provided to just the lawyers and the reason for

4    that --

5              THE COURT:  No, I understand.  That's fine, but that

6    doesn't quite solve the problem.  It seems to me one of two

7    things:  You can provide all of the information eyes only,

8    attorneys' eyes only, all of the information, or if you want to

9    give them the name and keep the redaction as to the

10   identification, I would permit that.  But you will not be-- if

11   you're going to use any of that information in any way -- and

12   the trouble with that is how do we determine whether you do

13   that or not?  I mean, obviously if any of these people are

14   going to be called, they've got to be deposed, et cetera, et

15   cetera.  I mean, if the City wants to.

16             So what would you like?

17             MR. SMITH:  Well, my preference would be to provide

18   all of the information on an attorneys' eyes only basis and --

19             THE COURT:  That's fine.

20             MR. SMITH:  And --

21             THE COURT:  That's fine, but you also have to at some

22   time indicate if you're going to call any of these people.

23             MR. SMITH:  Yes.  And that's where I think this rather

24   substantial concern of safety has got to be addressed in a

25   thoughtful and careful way.  And right now I can think of one

E1FBSCHC                    Conference

```
 1   person who sent an e-mail who may actually have to testify as a

 2   witness in this case, because he actually also was tape

 3   recording one of the other --

 4             THE COURT:  Okay.  I saw that.

 5             MR. SMITH:  Yes.  So, I mean --

 6             THE COURT:  Clearly any evidence that you want to

 7   adduce based on those eyes only production, you have to now--

 8   when are you going to be able to-- where are we?  Is there an

 9   end in sight?  Probably not, but is there an end in sight for

10   discovery?

11             MR. SMITH:  Yes.  Your Honor has given us until the

12   middle of March approximately.  We've done, as I indicated, the

13   plaintiff for three days.  The father of the plaintiff has been

14   taken.

15             THE COURT:  Well, look, at some time-- did you say the

16   end of March?

17             MR. SMITH:  The middle of March.

18             THE COURT:  So obviously you've got to tell the City

19   quite soon if you're going to call any of these, use any of

20   these people.

21             MR. SMITH:  Yes, I recognize that.

22             THE COURT:  What would you say?  Within a week?

23             MR. SMITH:  Well, with respect to this one, we're

24   moving pretty-- we're working hard now on discovery.  We really

25   are, Judge.  I've taken, like, seven depositions.
```

1          THE COURT:  That was not a smile.  That was an

2    involuntary acid attack.

3          MR. SMITH:  Well, I apologize if I had any role in

4    that attack.

5          THE COURT:  Oh, you certainly had.

6          MS. METTHAM:  Your Honor, if I might just bring up one

7    issue, which is that --

8          THE COURT:  But let's be sure we're finished on this.

9    So within a week you'll advise -- one, you'll give the City all

10   of the information, eyes only for attorneys; and within a week

11   if you're going to use any of these people, you will notify the

12   City within a week or, say, ten days so that they will have an

13   opportunity, if they choose to, to depose them.

14         MR. SMITH:  Very well.

15         MS. METTHAM:  Your Honor, my only concern with the

16   attorneys' eyes only is that, if you'll recall, when City

17   defendants had marked similar documents attorneys' eyes only,

18   plaintiff argued to the Court that because those complaints

19   included allegations against him, he should be able to see the

20   documents to defend himself.  And so your Honor removed the

21   attorneys' eyes only confidentiality and made them

22   confidential.

23         And my concern is that these documents similarly

24   contain allegations against the City and Detective Mauriello.

25         THE COURT:  Well, I think what's going to happen is

E1FBSCHC                    Conference

```
 1   when he designates these people, the basis for the eyes only

 2   is, on the one hand, work product, arguable; on the other is

 3   the blue wall problem.  If he's going to elect to use any of

 4   these folks, the blue wall problem is out of it.  I mean, that

 5   doesn't exist anymore.

 6          MS. METTHAM:  So I would suggest, your Honor, if it

 7   would be possible, that documents --

 8          THE COURT:  Excuse me.  So it seems to me the logical

 9   conclusion is the attorneys' eyes only is lifted as to those

10   that he's going to use.

11          MS. METTHAM:  Yes, your Honor.

12          THE COURT:  Okay.

13          MR. SMITH:  Well, if you don't mind, your Honor, I'd

14   like to just get a little bit of delay into when ultimately it

15   has to be lifted.  But it doesn't have to be lifted in a week.

16          THE COURT:  No, except they're going to have to--

17   they're going to have to get these people in.

18          MR. SMITH:  The lawyers have to get this person in.

19   We don't have to have, you know, public knowledge of who these

20   people are.

21          THE COURT:  That's fine.  Okay, at that point.  But at

22   some point that's gone.

23          MR. SMITH:  Yes.  Certainly when the person is listed

24   in a pretrial order, stands up and takes an oath and starts

25   testifying, for sure.
```

1          THE COURT:  Oh, yes, but before then.

2          MR. SMITH:  Well before then.  I understand that.

3          THE COURT:  Yes.

4          MR. SMITH:  But we're not there yet.

5          THE COURT:  Well, let's just say as to anybody that is

6   going to be used, a month before the designation is over.

7          MS. METTHAM:  Could you just clarify that?

8          THE COURT:  I mean a month before-- I'm saying

9   mid-February.

10          MS. METTHAM:  So to be clear, your Honor, you've

11   stated that plaintiff shall provide the names and contact

12   information to City defendants within -- was it a week?

13          THE COURT:  Right.

14          MS. METTHAM:  And then anyone that plaintiff wishes to

15   use as a witness in this case, he must identify them as a

16   witness within that same week.  And then a month from now, say

17   February 14th--

18          THE COURT:  As to those that are designated.

19          MS. METTHAM:  -- as to those that are designated, the

20   attorneys' eyes only designation.

21          THE COURT:  Right.  Okay.  Yes.  Anything else?

22   Good-bye.

23          MS. METTHAM:  Thank you, your Honor.

24          MR. KRETZ:  Walter Kretz for Defendant Mauriello.

25          I would just like the Court to be aware there are 13

E1FBSCHC                    Conference

1   named defendants that have yet to be deposed.  There are

2   anywhere, it seems to me, from half a dozen to a dozen

3   nonparties who have yet to be deposed.

4            THE COURT:  So you're saying mid-march, May.

5            MR. KRETZ:  I just want the Court to be aware of that.

6            THE COURT:  There's another little problem that's

7   hanging out there, which is the PBA and this same --

8            MS. METTHAM:  Your Honor, I think you're mistaking

9   this for Stinson.  The Stinson oral argument is scheduled for

10  next week and the matter with the PBA is with regard to the

11  Stinson case.

12           THE COURT:  Okay.

13           MS. METTHAM:  One thing off your plate for now.

14           THE COURT:  Well, it's our weekly get-together.  Thank

15  you, all.

16           (Adjourned)

17

18

19

20

21

22

23

24

25