

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**SUZANNA PUBLICKER METTHAM**
*Assistant Corporation Counsel*
E-mail: smettham@law.nyc.gov
Phone: (212) 356-2372
Fax: (212) 788-9776

February 14, 2014

**BY ECF**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  Schoolcraft v. The City of New York, et al.
             10 CV 6005 (RWS)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent the City Defendants in the above-referenced matter. City Defendants write in further support of their January 30, 2014 letter motion to respectfully request the Court preclude plaintiff from relying, in any way whatsoever, on documents and witnesses which he was ordered to identify no later than January 22, 2014, or at the very latest, January 26, 2014.

      As an initial matter, City Defendants note that pursuant to this Court's Order, opposition papers, if any, were to be served in accordance with Local Civil Rule 6.1. (See Docket Entry No. 215.) According to Local Civil Rule 6.1, an opposition is to be served within seven days after service of the moving papers, and thus, plaintiff's opposition should have been served upon the undersigned on or before February 6, 2014. Plaintiff never sought consent from City Defendants for an extension of time to respond, and instead claimed that he had an *ex parte* oral communication with the Court, in which the Court granted him an enlargement of time to respond until February 11, 2014. (See Pl. Letter dated 02/10/2014.) There is no such Order on the Docket Sheet regarding this alleged *ex parte* communication, and plaintiff never sought to have the City Defendants be present on any such phone call with the Court.

      Regardless, plaintiff *still* replied a day late even with the alleged extension. In light of plaintiff's continued inability to respond to motions and Orders within the time set by the Court, City Defendants respectfully request that the motion be deemed unopposed and that the Court so-order the City Defendants' previously requested Proposed Order. However, to the extent the Court is inclined to consider plaintiff's belated opposition, the transcript of January 15, 2014 conference shows that plaintiff's stated understanding of the Court's Orders are at best, willfully ignorant, and at worst, conscious misstatements of the record. See Tr. of 01/15/14 Conference, annexed hereto as Exhibit A.

**Names and Contact Information**

On January 15, 2014, the Court ordered plaintiff to provide defendants, within seven to ten days of the conference, the names and contact information of all the individuals whose emails and other correspondence was previously produced without that information. The Court stated that as long as plaintiff was not going to rely on these witnesses at trial, the documents bearing the witnesses' names and contact information would remain Attorneys' Eyes Only. On January 24, 2014, in blatant violation of Your Honor's Order, City Defendants received **only** un-redacted reproductions of the documents bearing Bates Nos. AS10059-AS10144.

Plaintiff's opposition dated February 12, 2014 misses the point by stating that he provided un-redacted documents bearing Bates Nos. AS10059-AS10144; City Defendants do not dispute that fact. However, City Defendants asked, and the Court ordered in no uncertain terms that plaintiff was required to **also** produce without redaction the documents previously produced on October 24, 2012 in response to City Defendants' Second Set of Document Requests, Document Request No. 2. See City Defendants Letter Motion dated 12/18/13 at 2. As plaintiff has failed to produce records in accordance with the January 15, 2014 Order of the Court, it is respectfully requested that plaintiff be precluded in discovery, motion practice, and at trial from relying on documents previously produced on October 24, 2012 in response to City Defendants' Second Set of Document Requests, Document Request No. 2, or the information contained therein.

**Witnesses**

Plaintiff's opposition falsely claims that the Court allowed him to designate witnesses within 30 days after the production of unredacted documents, listed above, thus permitting him to wait until February 21, 2014 to designate witnesses for his case. In fact, on January 15, 2014, the Court clearly ordered plaintiff to identify within seven to ten days of the conference, the individuals from the previous productions that plaintiff intended to rely upon as witnesses in this matter. See Tr. of 01/15/14 Conf. at 8:8-13; 10:5-13, annexed hereto as Ex. A ("THE COURT: So within a week you'll advise -- one, you'll give the City all of the information, eyes only for attorneys; **and within a week if you're going to use any of these people, you will notify the City within a week or, say, ten days so that they will have an opportunity, if they choose to, to depose them**. MR. SMITH: Very well.") (emphasis added). The Court on January 15, 2014, and the transcript thereof could not have been any clearer on this matter.

As discovery closes in this matter on March 14, 2014, it would be grossly prejudicial to City Defendants to allow plaintiff to designate witnesses with less than three weeks left in discovery, when plaintiff has known of these witnesses' identities for *years* and intentionally withheld this crucial information from defendants. City defendants submit that plaintiff has waived the right to call any witnesses identified within the documents bearing Bates Nos. AS10059-AS10144 and the documents produced on October 24, 2012 in response to City Defendants' Second Set of Document Requests, Document Request No. 2 at trial in this matter, and ask that the Court order the same.

Accordingly, because plaintiff has intentionally violated Your Honor's January 15, 2014 Order he should be sanctioned as set forth herein. Thank you for your consideration of these requests.

                                                Sincerely yours,

                                                /s
                                          Suzanna Publicker Mettham
                                          *Assistant Corporation Counsel*
                                          Special Federal Litigation Division

cc:    Nathaniel Smith (By ECF)
        *Attorney for Plaintiff*
        111 Broadway, Suite 1305
        New York, New York 10006

        Gregory John Radomisli (By ECF)
        MARTIN CLEARWATER & BELL LLP
        *Attorneys for Jamaica Hospital Medical Center*
        220 East 42nd Street 13th Floor
        New York, NY 10017

        Brian Lee  (By ECF)
        IVONE, DEVINE & JENSEN, LLP
        *Attorneys for Dr. Isak Isakov*
        2001 Marcus Avenue, Suite N100
        Lake Success, New York 11042

        Bruce M. Brady  (By ECF)
        CALLAN, KOSTER, BRADY & BRENNAN, LLP
        *Attorneys for Lillian Aldana-Bernier*
        1 Whitehall Street
        New York, New York 10004

        Walter A. Kretz , Jr.  (By ECF)
        SCOPPETTA SEIFF KRETZ & ABERCROMBIE
        *Attorney for Defendant Mauriello*
        444 Madison Avenue, 30th Floor
        New York, NY 10022