

| | | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | RYAN G. SHAFFER<br>*Assistant Corporation Counsel*<br>E-mail: rshaffer@law.nyc.gov<br>Phone: (212) 356-2386<br>Fax: (212) 788-9776 |

February 18, 2014

**BY ECF**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: Schoolcraft v. The City of New York, et al.
            10 CV 6005 (RWS)

Your Honor:

        I am the Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent the City Defendants above-referenced matter. City Defendants write to respectfully request that the Court issue a Protective Order precluding plaintiff from conducting untimely depositions and generally seeking discovery in an untimely and improper manner.

**Notices of Deposition**

        As the Court is no doubt aware, this matter has been pending for nearly four years. During that time, plaintiff was provided with the identities of countless individuals in accordance with defendants' discovery obligations. Additionally, unlike many plaintiffs, since plaintiff was a member of the NYPD, he actually worked with many of the witnesses and defendants, and thus, did not have to wait for initial disclosures or discovery responses to discover their names. Moreover, plaintiff has sought and received multiple extensions of time to complete discovery, but to date has conducted only a handful of depositions. Nonetheless, twenty-nine days before the scheduled close of discovery, plaintiff served a notice of deposition and subpoenas seeking to depose seven NYPD employees (some of whom are defendants in this action) and two Emergency Medical Technicians[1]. Plaintiff does so despite the fact that he has

---

[1] Plaintiff's notice of deposition lists Emergency Medical Technicians Sal Sangianetti and Jessica Marquez and was served upon counsel for the City Defendants. However, Sangianetti and Marquez were not acting on behalf of defendant City of New York on October 31, 2009, are not represented by this office for purposes of this litigation, and City Defendants have therefore rejected service of those subpoenas.

been aware of the identities of all but one of the individuals he wishes to depose since at least October 31, 2009, plaintiff himself identified six of the aforementioned nine witnesses in his own initial disclosures in May 2011, and the fact that discovery in this action is set to close on March 14, 2014. For the reasons set forth herein, City Defendants request that the Court preclude plaintiff from engaging in what can amount to nothing more than discovery by ambush and deny him the ability to conduct the aforementioned depositions and engage in any additional unreasonable discovery practices.

"Generally, discovery requests are to be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date. Discovery requests which are served too late in the discovery period to allow for a timely response, have been disallowed." See Jones v. Hirschfeld, 01 Civ. 7585 (PKL), 2003 U.S. Dist LEXIS 10370 at n.13, (S.D.N.Y. June 19, 2003) internal citations omitted. Here, 29 days prior to the close of discovery, when discovery has been pending for over *three* years, and plaintiff has routinely sought extensions of the discovery deadline, he seeks to depose individuals whose identities he has had for no less than three years. Moreover, rather than even try to confer with the defendants about mutually agreeable dates, plaintiff provided for a schedule of nine additional depositions that begin on February 20th (four business days after the service of that witness's subpoena) and conclude less than two weeks later on March 5th.

To be clear, had plaintiff so much as given City Defendants any sort of notice about his intention to depose these witnesses in advance of last week, City Defendants would have made their best efforts to arrange the schedules of both counsel and witnesses to accommodate such a request, even if all depositions were planned to go forward in February and March. The problem lies in the fact that plaintiff sprung these nine depositions on counsel with less than three weeks to prepare and produce all witnesses, while also complying with plaintiff's outrageous and voluminous documentary demands, as described below. Given that defendants would need, and are certainly entitled to, prepare each witness for what will no doubt amount to a lengthy deposition, it is clear that plaintiff's notice of deposition is untimely and should be disallowed.[2] Accordingly, it is respectfully requested that the Court preclude plaintiff from conducting any further depositions including the ones noticed on February 13.

### Supplemental Discovery Demands

On top of the aforementioned notices of deposition, plaintiff also chose, on the eleventh hour, to bombard City Defendants with an additional one hundred and seven (107) requests for production of documents and eight (8) interrogatories. Of the one hundred and fifteen (115) additional discovery requests, fifty-four were received on February 7, 2014, and the

---

[2] In the limited instances where plaintiff has actually conducted depositions in this case, he has conducted examinations lasting seven hours consisting largely of irrelevant and harassing questions. Rather than adjourn the depositions in light of plaintiff's counsels' conduct, defendants have endured these depositions so as not to further delay discovery in this action. Nonetheless, plaintiff's counsel now believe it is appropriate to conduct nine depositions in a period of thirteen days on one week notice.

remainder were received on February 14, 2014. Similar to how plaintiff has chosen to bombard the defendants with depositions on the eve of the discovery deadline, he has also chosen to serve an unreasonable amount of written discovery requests in what can only be characterized as discovery by ambush.

Moreover, a cursory review of the written demands indicates that many are duplicative of previous requests that have already been responded to, or repetitive within the same supplemental demand. See Plaintiff's Supplemental Discovery Demands annexed hereto as exhibits A and B. For example, document requests 2, 5, 15, 26, 27, 40, and 41 from the supplemental requests dated February 7th 2014 have already been responded to. Similarly, it appears that the supplemental request Nos. 1 through 51 dated February 14, 2014 are identical to the 51 requests served on February 7th. Finally, many of the requests seek information wholly irrelevant to the claims in this action. For example, request No. 45 asks for "The row-tow logs for the 81st Precinct for the period from January 2006 through January 1, 2010." Four years of logs relating to the towing of illegally parked vehicles in the 81st Precinct is clearly irrelevant to this action and such requests are an inappropriate litigation tactic, attempting to overwhelm City Defendants in the last weeks of discovery. Additionally, prior to the most recent discovery requests plaintiff propounded nineteen (19) interrogatories on City Defendants. Therefore the eight (8) additional interrogatories contained within the February 7th and 14th requests take plaintiff beyond the twenty-five (25) allowed by Fed. R. Civ. P. 33(a)(1).

Accordingly, even if the Court were to allow plaintiff to conduct discovery in the manner which he has chosen he should be required to review the materials he already has, and further ensure that his demands are not repetitive. Additionally, and for the same reasons that plaintiff should be precluded from conducting the aforementioned depositions, he should be precluded from seeking any further written discovery. This is especially so since plaintiff has had all of the information necessary to tender the instant demands for several years. Finally, and because discovery in this matter has been ongoing for over three years, City Defendants submit that no further extensions of discovery should be granted.

Thank you for your attention to these matters.

Respectfully Submitted,

Ryan G. Shaffer
Assistant Corporation Counsel

cc:   Nathaniel Smith (By ECF)
*Attorney for Plaintiff*
111 Broadway, Suite 1305
New York, New York 10006

Gregory John Radomisli (By ECF)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By ECF)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By ECF)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter A. Kretz , Jr. (By ECF)
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022