UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ADRIAN SCHOOLCRAFT,                                    **DECLARATION OF**
                                                      **SUZANNA**
                                     Plaintiff,       **PUBLICKER METTHAM**

              -against-

THE CITY OF NEW YORK, et al.,                         10-CV-6005 (RWS)

                                     Defendants.

------------------------------------------------------------------------X

   **SUZANNA PUBLICKER METTHAM,** an attorney duly admitted to practice in

the State of New York, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746, that

the following statements are true:

   1.  I am an Assistant Corporation Counsel in the Office of Zachary W. Carter,

Corporation Counsel of the City of New York, attorney for defendant City of New York, in the

above captioned case.

   2.  This declaration is submitted in support of City Defendants' motion to compel the

production of documents from Graham Rayman.  I am familiar with the facts and circumstances

stated herein based upon personal knowledge, the books and records of the City of New York, and

conversations with its agents and employees.

   3.  Annexed hereto as Exhibit "A" is a copy of the subpoena for records dated

December 3, 2013, seeking records in the possession of Graham Rayman which were provided to

Mr. Rayman by either plaintiff or plaintiff's father. The return date for the subpoena was dated

December 20, 2013.

4.     Annexed hereto as Exhibit "B" is an affidavit from Robert Moore confirming that the subpoena annexed hereto as Exhibit "A" was personally served on Mr. Rayman on December 7, 2013.

5.     Annexed hereto as Exhibit "C" are Mr. Rayman's written objections to the subpoena annexed hereto as Exhibit "A," dated January 24, 2014. There were no documents or privilege logs produced with Mr. Rayman's objections.

6.     Annexed hereto as Exhibit "D" are the portions of plaintiff's deposition on October 11, 2012 wherein City Defendants inquired about whether plaintiff had created any written accounts of this incident, and plaintiff denied having done so.

7.     Annexed hereto as Exhibit "E" are relevant pages from Graham Rayman's book entitled *The NYPD Tapes*:

> A. On page 41 and 44 of *The NYPD Tapes*, Mr. Rayman indicates that plaintiff wrote two memoranda regarding NYPD misconduct to former 81st Precinct Commanding Officer Deputy Inspector Robert Brower in 2006 and 2007.

> B. On page 94 of *The NYPD Tapes*, a August 17, 2009 recording made by Adrian Schoolcraft is mentioned which allegedly captured "a woman [who] walked into the station house to report that her cell phone had been stolen" and subsequent interactions with defendant D.I. Steven Mauriello.

> C. On page 96 of *The NYPD Tapes*, a September 12, 2009 recording made by Adrian Schoolcraft of a "downgrading incident" is mentioned.

D.  On page 141, Mr. Rayman indicates that plaintiffs provided him with a "ten-page single-spaced account Schoolcraft himself wrote," in which Schoolcraft discussed a "record of the next six days," referring to Adrian Schoolcraft's confinement to Jamaica Hospital Medical Center on or about October 31, 2009 through November 6, 2009.

E.  On pages 155 and 169, Mr. Rayman states that plaintiff sent emails to reporters such as Len Levitt and Graham Rayman that "detailed the sequence of the previous two months," (sent in November 2009) and including such statements by plaintiff as "Pay me or fire me… I'm never quitting… Never!'"

F.  On pages 168-169 of *The NYPD Tapes*, Mr. Rayman described a February 22, 2010 recording of a meeting between Adrian Schoolcraft, Councilman Peter Vallone, retired Lieutenant Anthony Miranda, and "another retired cop" which was provided by Adrian Schoolcraft to Graham Rayman in which Adrian Schoolcraft states "I'll probably be able to be a big help to Mr. Vallone in my civil suit in acquiring court orders. So perhaps that can be of help."

G.  On page 170 of *The NYPD Tapes*, Mr. Rayman quotes plaintiff as stating that plaintiff made (and was in possession of) "about 1,000 hours […of recordings…] Roll calls, patrol, the locker room, stuff in the station house."

H.  On page 240 of *The NYPD Tapes*, Mr. Rayman refers to a letter that Adrian Schoolcraft sent in order to fire prior counsel, which seems to have been later sent by plaintiff to journalists Mr. Levitt and Mr. Rayman.

8.    Annexed hereto as Exhibit "F" is a copy of a request dated September 17, 2013 from City Defendants to plaintiff seeking documents, including but not limited to:

A.  The ten page letter referenced in Exhibit "E."

B.  Any recordings not previously produced by plaintiff in this matter, including those mentioned in Exhibit "E."

C.  The emails sent by plaintiff to reporters referenced in Exhibit "E."

D.  The 1,000 hours of recordings references in Exhibit "E."

9.    Annexed hereto as Exhibit "G" is a copy of plaintiff's response to City Defendants' September 17, 2013 letter, dated October 23, 2013, which stated that "[Adrian Schoolcraft] also has looked for [the ten-page account] in his files and has not been able to locate it," that plaintiff "does not have access to his old email communications with the press that he was examined about at his deposition," and that plaintiff's counsel was "not aware of any relevant recordings by the plaintiff that are being withheld."

10.   Annexed hereto as Exhibit "H" is a motion by City Defendants dated March 1, 2013, seeking all emails sent to and from Adrian Schoolcraft and journalists.

11.   Annexed hereto as Exhibit "I" is a copy of the May 28, 2013 Order to Show Cause by City Defendants regarding plaintiff's failure to comply with the Court's Order of April 10, 2013 as a result of the motion referenced in Exhibit "H."

12.   Annexed hereto as Exhibit "J" is a letter from plaintiff dated June 4, 2013, representing to the Court that plaintiff had "several times reviewed the file and discussed this

request with the Plaintiff, and other than the news stories that have already been produced in this case and an audio tape of an interview with NPR, which I understand was previously produced, the Plaintiff does not have any statements about the case that he made to the media."

13.   Annexed hereto as Exhibit "K" is a copy of the transcript of the Court conference dated January 15, 2014 at which the Court compelled plaintiff to:

A. Produce any memoranda regarding misconduct in the 81st Precinct in his possession by January 22, 2014.

B. Sit for a deposition to determine whether he provided a copy of a letter written by plaintiff to prior counsel was given to any third parties.

14.   Annexed hereto as Exhibit "L" is a letter dated January 30, 2014, which included a Notice of Deposition for February 19, 2014 and offered plaintiff the ability to avoid the deposition if he agreed to sign an affidavit indicating that he did *not* provide the document to any third parties.

15.   Annexed hereto as Exhibit "M" is a copy of the subpoena issued to Larry Schoolcraft on November 21, 2013.

16.   Annexed hereto as Exhibit "N" is a copy of the Order by Honorable Judge Peebles in the Northern District of New York requiring Larry Schoolcraft to appear for a deposition and produce the subpoenaed documents on December 11, 2013.

17.   Annexed hereto as Exhibit "O" are relevant pages from Mr. Larry Schoolcraft's deposition on December 11, 2013, wherein Mr. Larry Schoolcraft admitted that he had not

brought any documents responsive to the subpoena annexed as Exhibit "N". Pages are additionally

included which indicate that Mr. Larry Schoolcraft was offered money by Mr. Rayman to include

material in *The NYPD Tapes*.


Dated: New York, New York
          March 14, 2014


                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                            City of New York
                                        *Attorney for City Defendants*
                                        100 Church Street, Room 3-200
                                        New York, New York 10007
                                        (212) 356-2372


                              By:     _____
                                        Suzanna Publicker Mettham
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division


TO:     David S. Korzenik (BY HAND DELIVERY)
          Miller Korzenik Sommers LLP
          *Attorney for Graham Rayman*
          488 Madison Avenue
          New York, NY 10022

          Nathaniel Smith (By ECF)
          *Attorney for Plaintiff*
          111 Broadway, Suite 1305
          New York, New York 10006

          Gregory John Radomisli (By ECF)
          MARTIN CLEARWATER & BELL LLP
          *Attorneys for Jamaica Hospital Medical Center*
          220 East 42nd Street 13th Floor
          New York, NY 10017

          Brian Lee  (By ECF)
          IVONE, DEVINE & JENSEN, LLP
          *Attorneys for Dr. Isak Isakov*
          2001 Marcus Avenue, Suite N100
          Lake Success, New York 11042

- 7 -

Bruce M. Brady  (By ECF)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004


Walter A. Kretz , Jr.  (By ECF)
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022

Docket No 10-CV-6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

                                                      Plaintiff,

                    -against-

THE CITY OF NEW YORK, et al.,

                                                      Defendants.

**DECLARATION OF
SUZANNA PUBLICKER METTHAM**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street, Room 3-200*
*New York, New York  10007*

*Of Counsel: Suzanna Publicker Mettham*
*Tel:  (212) 356-2372*

*Due and timely service is hereby admitted.*

*New York, N.Y......................................................, 2014*

*.................................................................. Esq.*

*Attorney for.......................................................*