# EXHIBIT F



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

SUZANNA P. METTHAM
*Assistant Corporation Counsel*
E-mail: spublick@law.nyc.gov
Phone: (212) 356-2372
Fax: (212) 788-9776

September 17, 2013

**BY FIRST-CLASS MAIL & E-MAIL**
Nathaniel Smith
*Attorney for Plaintiff*
111 Broadway, Suite 1305
New York, New York 10006

Re: Schoolcraft v. The City of New York, et al.
   10 CV 6005 (RWS)

Dear Counsel:

In compliance with the good faith obligations of the Federal Rules of Civil Procedure, City Defendants hereby identify the following deficiencies with respect to Plaintiff's Responses to Defendant's First and Second Requests for Production of Documents. It has been brought to the undersigned's attention that in *Village Voice* reporter Graham Rayman's recently published book, *The NYPD Tapes*, Mr. Rayman references myriad documents which City Defendants believe are responsive to outstanding discovery requests in this matter, and have not been produced by plaintiff. City Defendants demand that plaintiff comply with his obligations under Federal Rule of Civil Procedure 26(e) and immediately produce the requested documents, and any other documents responsive to City Defendants' Interrogatories and Requests for Documents not already produced.

**"Ten-Page Single-Spaced Account Schoolcraft himself wrote"**

On page 141 of *The NYPD Tapes*, Mr. Rayman states that "Other than a few hospital documents, there is no independent record of the next six days, except for a ten-page single-spaced account Schoolcraft himself wrote." Plaintiff has not produced this document, which is clearly responsive to a number of City Defendants' Document Requests, including, but not limited to Document Requests Nos. 1-2, 6, 9-10, and 103-115 of City Defendants' First Request for Documents. City Defendants demand that plaintiff immediately produce this document.

**E-Mails to Reporters, Including Len Levitt and Graham Rayman**

Throughout *The NYPD Tapes*, including but not limited to pages 155 and 169, Mr. Rayman states that plaintiff sent emails to reporters such as Len Levitt and Graham Rayman that "detailed the sequence of the previous two months," (sent in November 2009) and including such statements by plaintiff as "Pay me or fire me... I'm never quitting... Never!'" These emails

are clearly relevant to the claims and defenses of this lawsuit, and responsive to a number of City Defendants' Document Requests, including, but not limited to Document Request No. 12 of City Defendants' First Request for Documents and Document Request No. 7 of City Defendants' Second Request for Documents. City Defendants demand that plaintiff immediately produce any documents, messages, and communications including but not limited to emails, text messages, and letters reflecting any communications, interviews, conversations, or meetings plaintiff has had with any media outlet regarding the allegations of the instant lawsuit, including, but not limited to blogs, newspapers, radio stations, independent reporters, and magazines.

**"1,000 of Hours of Recordings"**

On page 170 of *The NYPD Tapes*, Mr. Rayman quotes plaintiff as stating that plaintiff made (and was in possession of) "about 1,000 hours [...of recordings...] Roll calls, patrol, the locker room, stuff in the station house." City Defendants note that they have not received *anywhere near* 1,000 hours of recordings from plaintiff. Any recordings made by plaintiff of his coworkers at the NYPD are clearly relevant to the claims and defenses of this lawsuit, and responsive to a number of City Defendants' Document Requests, including, but not limited to Document Request No. 1-2, and 137 of City Defendants' First Request for Documents and Document Requests Nos. 7 of City Defendants' Second Request for Documents, and City Defendants' letter dated December 19, 2012 following up on requests made during the plaintiff's deposition (31:4-9). City Defendants demand that plaintiff immediately produce any recordings not previously produced by plaintiff in this matter, in any form or format, relevant to, related to, or concerning allegations or claims contained in plaintiff's Second Amended Complaint and any recordings made by plaintiff of any employee of the NYPD.

To the extent plaintiff claims that any responsive document is no longer in plaintiff's possession, as stated in Paragraph "I" of the "General Notice" that precedes each of the City Defendants' Discovery Demands, with respect to any document which is responsive to a document request that was formerly in the possession, custody or control of plaintiff and has been lost or destroyed, in lieu of each such document, plaintiff should submit a written statement which (a) describes in detail the nature of the documents and its contents, (b) identifies the author, (c) specifies the date written or originated, (d) identifies each person to whom the original or a copy was addressed and/or delivered, (e) identifies every other person who has ever had possession of the original or a copy of the documents and (f) specifies, if possible, the date on which the document was lost or destroyed, and if destroyed, the conditions of and reasons for such destruction, and the person(s) requesting or performing such destruction.

Sincerely yours,

*S. Mettham*

Suzanna Publicker Mettham
*Assistant Corporation Counsel*
Special Federal Litigation Division

2

...

cc:

Gregory John Radomisli (By First-Class Mail and E-Mail)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By First-Class Mail and E-Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By First-Class Mail and E-Mail)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter A. Kretz , Jr. (By First-Class Mail and E-Mail)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022