# EXHIBIT G

LAW OFFICE OF
**NATHANIEL B. SMITH**
ATTORNEY AT LAW
111 BROADWAY
NEW YORK, NEW YORK 10006

NATHANIEL B. SMITH

TEL: (212) 227-7062
FAX: (212) 346-4665

October 25, 2013

Ms. Suzanna P. Mettham
Law Department
100 Church Street – Room 3-203
New York, New York 10007

      *Schoolcraft v. The City of New York, et al.,*
      *10-cv-6005 (RWS)*

Dear Ms. Mettham:

  In response to your recent letters, I write to provide the following response:

  1. I object to the NYPD requirement that the plaintiff personally go to One Police Plaza to obtain his digital recorder that you were ordered to return two weeks ago. Please make arrangements to have the recorder delivered to my office or make arrangements to authorize it to be picked up by my office. I also object to the recorder being produced on November 1, 2013. Since I have been asking for it for five months, and since you we ordered to turn it over two weeks ago, please do so forthwith.

  2. Please explain to me why the three recordings by IAB of my client (NYC 10458-60) were not previously produced. It appears that the recordings

Law Office of
Nathaniel B. Smith

were withheld until after the plaintiff's deposition.

3. I am in the process of reviewing the materials that you claim are still subject to the AEO limitation and will let you know whether I agree with you or not as soon as possible. Please provide me with copies of the documents you identified as falling within the range of 7678-8092 because I have searched my file for those documents and have been unable to locate them. It appears from a February 19, 2013 transmittal letter to Mr. Gilbert that you forwarded to him as item number 15 a CD containing those documents but I have not been able to locate the documents or that CD.

4. Since Judge Sweet said that all relevant disciplinary records should not be subject to the AEO limitation, please confirm in writing by October 30th, which is two days before the Mauriello deposition, that the records of the disciplinary action taken against Mauriello arising from his conduct while the commanding officer of the 81st Precinct are not subject to the AEO provision.

5. I have now received the transcripts of the plaintiff's deposition, which is now completed, and will undertake to have all the transcripts reviewed in accordance with Rule 30 of the Federal Rules of Civil Procedure. Since the transcripts are extensive please let me know if you will consent to permitting an additional 30 days in which to make the review.

6. I have reviewed my file for the "ten-page" document mentioned in Mr. Rayman's book and have not been able to locate it. My client also has looked for it in his files and has not been able to locate it. Finally, I have requested that prior counsel undertake a review of their files to determine whether it can be located and will inform you about the results of their search.

7. As my client testified at his deposition, he does not have access to his old email communications with the press that he was examined about at his deposition. However, in my recent search of the file I did locate several emails from other police officers who sent emails to prior counsel, Mr. Norinsberg, and will be producing those documents after appropriate redactions as soon as possible.

LAW OFFICE OF
NATHANIEL B. SMITH

      8. As to the "1,000 hours" of recordings, I can only say that I am not aware of any relevant recordings by the plaintiff that are being withheld and assume that the referenced to "1,000" was a journalistic exaggeration.

                                                Sincerely,

                                                Nathaniel B. Smith

cc: All Counsel
Via Email