# EXHIBIT H



MICHAEL A. CARDOZO
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Suzanna Publicker
*Assistant Corporation Counsel*
phone: (212) 788-1103
fax: (212) 788-9776
spublick@law.nyc.gov

March 1, 2013

**BY HAND DELIVERY**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  Schoolcraft v. The City of New York, et al.
           10-CV-6005 (RWS)

Your Honor:

      I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent the City Defendants above-referenced matter.[1] City Defendants write regarding certain of plaintiff's discovery deficiencies.

      By way of background, City Defendants served plaintiff with their First Set of Interrogatories and Document Requests on or about December 5, 2011, to which plaintiff belatedly responded on April 9, 2012. City Defendants served a second set of Document Requests on or about August 20, 2012, to which plaintiff again belatedly responded on October 24, 2012.[2] City Defendants outlined the deficiencies to plaintiff's responses to these requests in a letter dated December 19, 2012 (annexed hereto as Exhibit A), and have further followed up with plaintiff's counsel by letter dated February 15, 2013 (annexed hereto as Exhibit B). Plaintiff has not responded in any manner. City Defendants therefore respectfully request that the Court compel plaintiff to respond to the enumerated requests below by a date certain as City Defendants are not able to move forward with the second day of plaintiff's deposition until these documents are received.

---

[1] According to a review of the Civil Docket Sheet, Lieutenant William Gough, Sergeant Robert W. O'Hare, Sergeant Sondra Wilson, Lieutenant Thomas Hanley, and Captain Timothy Trainor have not yet been served with process, and are therefore not parties to this action.

[2] Pursuant to F.R.C.P. 33 and 34, because plaintiff failed to either respond, or seek an enlargement of time in which to respond within 30 days of service of City Defendants' discovery requests, any objections to those requests have been waived.

### A. Financial Expenses Incurred By Plaintiff

City Defendants demanded proof of all financial expenses incurred by plaintiff as a result of the allegedly unlawful conduct of defendants in this matter.[3] Plaintiff responded by stating that the demand "is vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it calls for the production of material not within plaintiff's possession, custody or control, and that is more readily obtained from another source." Plaintiff is alleging economic damages in this matter, and as such, plaintiff's contention that the document request is "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" is utterly incomprehensible. Even to the extent that plaintiff alleges that evidence of plaintiff's financial damages is more readily available from another source, plaintiff has failed to identify the source(s) from whom City Defendants may request such evidence, despite requests from City Defendants to so identify the source(s). Plaintiff has similarly refused to provide evidence of his efforts to mitigate damages by attempting to secure other employment,[4] proof of the $7,185.00 medical bill plaintiff claims he was issued as a result of his confinement,[5] and proof of purchase of the recording devices used by plaintiff.[6] Given the relevance of plaintiff's economic losses and any attempts to mitigate those losses to this litigation, City Defendants respectfully request that the Court order plaintiff to produce responsive information by a date certain.

### B. Documents Regarding Allegations of Illegality Regarding Police Officers Frank Pallestro and Adhyl Polanco

Plaintiff alleged in his Second Amended Complaint that non-party Police Officers Adhyl Polanco and Frank Pallestro have evidence that the IAB failed to keep their complaints of corruption and illegality confidential, which plaintiff believe supports his claims in this action. City Defendants therefore demanded any documents in plaintiff's possession that support these allegations.[7] Plaintiff responded in part that "[the request] demands disclosure of information and/or communications that are protected by the attorney-client or work-product privileges, or which constitute material prepared for litigation purposes." In response, City Defendants requested a privilege log for those documents plaintiff believes are protected by the attorney-client and/or work-product privileges, which plaintiff has thus far failed to provide.

Plaintiff further objected to produce responsive documents concerning Frank Pallestro that are in plaintiff's possession, without first obtaining an Attorneys Eyes Only Stipulation executed by the parties and ordered by the Court. City Defendants do not believe any Attorneys' Eyes Only Stipulation is required when none was required for plaintiff to produce similar information pertaining to Adhyl Polanco. Further, plaintiff's claim that evidence regarding Frank Pallestro cannot be produced absent such a stipulation because Pallestro fears retaliation, is meritless in light of the fact that plaintiff has already identified Frank Pallestro as having

---

[3] See 1st Set of Document Requests - Document Request Number 9.

[4] See 1st Set of Document Requests - Document Request Number 13.

[5] See 2nd Set of Document Requests - Document Request Number 6.

[6] See 2nd Set of Document Requests - Document Request Number 4.

[7] See 2nd Set of Document Requests - Document Request Number 1.

provided information to IAB regarding "allegations of illegality," and more importantly, Frank Pallestro himself has given numerous interviews to media sources including the New York Daily News on these matters.[8] Accordingly, City Defendants respectfully request that the Court order plaintiff to provide all evidence in his possession regarding Police Officers Adhyl Polanco and Frank Pallestro.

### C. Messages and Communications Received Through www.schoolcraftjustice.com

Through the course of discovery, City Defendants learned that plaintiff and his counsel operated a website with the URL of www.schoolcraftjustice.com, which asked members of the NYPD to provide information for plaintiff to use in his litigation. City Defendants demanded that plaintiff produce messages and communications received through www.schoolcraftjustice.com, including the names, contact information, and IP addresses of all respondents.[9]

Plaintiff claimed that the request implicated that "disclosure of information and/or communications that are protected by the attorney-client or work-product privileges, or which constitute material prepared for litigation purposes." So, though plaintiff provided *some* response to this request, in doing so, plaintiff redacted the names, contact, information, and IP addresses of all respondents. After City Defendants challenged the assertion of privilege, by pointing out that the website itself included a disclaimer stating that "information on this website is not intended to create, and receipt or viewing of this information does not constitute, an attorney-client relationship," the website was taken down.[10] It is clear from counsels' website disclaimer that there is no attorney-client relationship with regard to any responses to the www.schoolcraftjustice.com website and that any claim of privilege would not be asserted in good faith. Even if there *were* a relationship, plaintiff has refused to provide a privilege log reflecting the information plaintiff contends is protected by the attorney-client and/or work-product privileges, which is required under the Local Rules to be furnished at the time the objection is asserted. See Local Rule 26.2(b). Further, as the names, contact information, and IP addresses of all respondents is information that was not prepared for litigation purposes, it cannot be considered attorney work-product. Additionally, to the extent that plaintiff intends to rely on statements posted to the website in the furtherance of their litigation, defendants are entitled to learn the identities of the individuals providing information, and gather their contact information to investigate their claims and/or facilitate the service of subpoenas. Accordingly, City Defendants request that the Court demand plaintiff to produce the subject messages and communications received through www.schoolcraftjustice.com, inclu ding the un-redacted names, contact information, and IP addresses of all respondents.

---

[8] See, e.g., http://www.nydailynews.com/news/nypd-whistleblower-palestro-reports-alleged-corruption-42nd-precinct-union-delegate-article-1.194881.

[9] See 2nd Set of Document Requests - Document Request Number 2.

[10] "The information contained on this website is for general information purposes only. Nothing on this or associated pages, documents, comments, answers, emails, or other communications should be taken as legal advice for any individual case or situation. This information on this website is not intended to create, and receipt or viewing of this information does not constitute, an attorney-client relationship. This is attorney advertising. Past performance does not guarantee future results." (Screenshot of www.schoolcraftjustice.com, Exhibit C)(emphasis added).

### D.   Communications by Plaintiff with Media Outlets

City Defendants demanded that plaintiff "[p]roduce any documents, messages, and communications including but not limited to emails, text messages, and letters reflecting any communications, interviews, conversations, or meetings plaintiff has had with any media outlet regarding the allegations of the instant lawsuit, including but not limited to blogs, newspapers, radio stations, independent reporters, and magazines." See 2nd Set of Document Requests - Document Request Number 7. Plaintiff objected to that request by stating that it was "vague, ambiguous, overbroad and unduly burdensome, to the extent that it seeks documents that are more readily obtained from another source." City Defendants find this response wholly inappropriate given the number of statements plaintiff has made to the media pertaining to the allegations set forth in the complaint. City Defendants are entitled to discover statements that plaintiff has made concerning his allegations herein irrespective of whether they are also available from another source. Thus, plaintiff's objections to the document request are baseless and accordingly, City Defendants respectfully request that the Court compel plaintiff to provide documents responsive to these wholly reasonable demands.

## II. Plaintiff's Failure to Respond to City Defendants' Requests for Admissions

On December 19, 2012, City Defendants served plaintiff with Requests for Admission regarding the identification of plaintiff's voice on certain recordings. Responses to these requests are needed because plaintiff could not recall whether he had made certain statements on the recordings when asked about them at his deposition on October 11, 2012. On that same date, City Defendants also followed up on requests for production of documents first made during plaintiff's deposition. Plaintiff has not responded to any of these requests, despite having had this glaring deficiency pointed out in a letter by City Defendants on February 15, 2013. In view of the foregoing, City Defendants respectfully request that the Court compel plaintiff to respond to City Defendants' Requests for Admissions and document discovery demands made by City Defendants first at plaintiff's deposition, and later by letter dated December 19, 2012 by a date certain.

For the reasons stated above, City Defendants respectfully request that the Court order plaintiff to provide the documents and information listed above by a date certain.

City Defendants thanks the Court for its time and consideration of this request.

Respectfully submitted,

Suzanna Publicker
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Richard Gilbert (By Fax 212-633-1977)
*Attorney for Plaintiff*
115 Christopher Street, 2nd Floor
New York, New York 10014

4

Gregory John Radomisli (By Fax 212-949-7054)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By Fax 516-352-4952)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By Fax 212-248-6815)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter Aoysius Kretz , Jr.   (By Fax 212-371-6883)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022