# EXHIBIT I



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Suzanna Publicker
*Assistant Corporation Counsel*
phone: (212) 788-1103
fax: (212) 788-9776
spublick@law.nyc.gov

May 28, 2013

**BY HAND DELIVERY**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   Schoolcraft v. The City of New York, et al.
            10-CV-6005 (RWS)

Your Honor:

      I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent City Defendants in the above-referenced matter. City Defendants write regarding certain of plaintiff's discovery deficiencies and request that this Court order plaintiff to show cause why he has failed to comply with this Court's Order to produce the requests documents on April 10, 2013.[1]

      By way of background, City Defendants moved to compel plaintiff to produce certain discovery on March 1, 2013. Following written motion practice, an oral argument was held on April 10, 2013. At that conference, Your Honor granted City Defendants' motion in part[2] and compelled plaintiff to produce outstanding documentary evidence within three weeks of that conference, by May 1, 2013. Thereafter, on April 26, 2013, the undersigned wrote to plaintiff, memorializing the results of the April 10th conference and reminding plaintiff that discovery responses were due by May 1, 2013. By email dated May 2, 2013, plaintiff's counsel, Nathaniel Smith, indicated that he believed that "that the parties were to *discuss* exchanging the discovery by May 8th." (emphasis added). As the undersigned was on trial, Senior Counsel Rachel Seligman Weiss responded to Mr. Smith's email, again stating the Court's April 10th Orders and indicating that as a courtesy, City Defendants would agree to give plaintiff until May 8, 2013 to provide responses. On May 8, 2013, plaintiff responded in part to City Defendants' demands, but plaintiff continues to refuse to produce documents which this Court previously ordered produced. City Defendants attempted to avoid unnecessary litigation by repeatedly imploring

---

[1] The undersigned will be out of the office from June 6th through June 26th. I respectfully request that any reply and/or oral argument be held before that day, or in the alternative, be held in abeyance until my return.
[2] This Court denied City Defendants' demand for attorney billing records.

plaintiff to provide the requested documents by May 22, 2013 to avoid Court intervention. Plaintiff refused to respond.

First and arguably most importantly, though City Defendants *expressly* moved to compel all statements made by plaintiff to the media, and the Court *expressly* granted that relief on April 10, 2013, plaintiff has utterly failed to respond to this discovery demand and alleges that he instead "maintains an objection" to the production of this information. For all the reasons set forth in City Defendants' motion to compel dated March 1, 2013, in City Defendants' reply dated April 4, 2013, and stated orally at the April 10, 2013 conference, City Defendants are entitled to the discovery of this material, and it should be provided immediately.

Second, City Defendants' March 1, 2013 motion to compel included discovery demands regarding evidence of "whistle-blowing" allegations related to Adhyl Polanco and Frank Pallestro, mentioned in plaintiff's Second Amended Complaint. In plaintiff's March 27, 2013 opposition to that motion, plaintiff indicated that he had no objection to producing these documents. However, no records have been received regarding Adhyl Polanco or Frank Pallestro to-date. City Defendants are entitled to the discovery of this material, and it should be provided immediately.

Third, City Defendants' March 1, 2013 motion to compel included demands for responses to requests made during plaintiff's deposition. City Defendants outlined these requests in a letter to Mr. Gilbert dated December 19, 2012, which demanded that plaintiff review his deposition transcript "and, in each instance where plaintiff did not specifically identify those recordings supporting his claim, identify with particularity the recordings referenced by plaintiff as responsive to City Defendants' questions." Annexed hereto is a copy of City Defendants' December 19, 2012 letter to plaintiff. City Defendants were forced to take this step, since, during plaintiff's deposition, he *repeatedly* responded to questioning by stating that he had no independent recollection, but could only answer the question by listening to his *over 150 recordings*. Furthermore, plaintiff could not narrow the scope of the recordings he was referring to by even providing a range of dates and/or file names for the recordings. Plaintiff has provided *dozens* of hours of recordings in this matter, and therefore, plaintiff's deposition would span at least a week if City Defendants were required to play each recording in order to refresh plaintiff's recollection.

Finally, City Defendants served plaintiff with City Defendants' Third Set of Requests for Production of Documents on March 26, 2013. Pursuant to F.R.C.P. 33 and 34, plaintiff's responses thereto were due on or about April 29, 2013, within thirty (30) days of service. However, City Defendants only received plaintiff's responses today, May 28, 2013.[3] City Defendants are reviewing plaintiff's responses, which do not appear to be substantive, and reserve the right to move to compel complete responses thereto after the parties have had an opportunity to meet and confer.

---

[3] Pursuant to F.R.C.P. 33 and 34, because plaintiff failed to either respond, or seek an enlargement of time in which to respond, to City Defendants discovery requests, any such objections have now been waived.

For the reasons stated above, City Defendants respectfully request that the Court order plaintiff to show cause why he has not provided documents that he previously represented to the Court that he would produce or produced documents that this Court ordered him to provide.

City Defendants thanks the Court for its time and consideration of these requests.

Respectfully submitted,

Suzanna Publicker
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Nathaniel Smith (By Fax 212-346-4665)
*Attorney for Plaintiff*
111 Broadway, Suite 1305
New York, New York 10006

Gregory John Radomisli (By Fax 212-949-7054)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By Fax 516-352-4952)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By Fax 212-248-6815)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter Aoysius Kretz, Jr.   (By Fax 212-371-6883)
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022