# EXHIBIT J

NATHANIEL B. SMITH

NEW YORK, NEW YORK 10008

TEL: (212) 227-7062
FAX: (212) 346-4665

June 4, 2013

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 1007

>  *Schoolcraft v. The City of New York, et al.,*
>  *10-cv-6005 (RWS)*

Dear Judge Sweet:

I am writing on behalf of Plaintiff Adrian Schoolcraft to respond to the May 28, 2013 letter from the City Defendants about various alleged discovery deficiencies by the Plaintiff.

1. *Statements to the Media.* I have several times reviewed the file and discussed this request with the Plaintiff, and other than the news stories that have already been produced in this case and an audio tape of an interview with NPR, which I understand was previously produced, the Plaintiff does not have any statements about the case that he made to the media.

2. *Evidence of the City Defendants' Retaliation Against Other Police Officers.* As I have already informed the City Defendants, the Plaintiff does not have any evidence in his possession relating to the NYPD's retaliation against Police Officers Adhyl Polanco or Frank Pallestro. I note, however, that the Plaintiff and his counsel understand that there is evidence of those facts in the public record of the action that was recently tried before Judge Shira Schiendlin in *Floyd v. The City of New York*, 08-cv-1034 (SAS). Counsel for the City

3.  *Interrogatories to Plaintiff.* Contrary to their suggestions, the City Defendants did not make a request for a ruling in their last motion for an order directing the Plaintiff to answer questions in the form of interrogatories about what he could not recall at his deposition. On that basis, the City Defendants incorrectly suggest that this issue was resolved by the Court. It was not and therefore the request should be denied on that basis. The request should also be denied because Local Rule 33 provides strict limitations on the types of interrogatories that can be propounded, and this type of interrogatory violates that express limitation. Finally, I am aware of no rule or procedure that requires a party who does not recall a specific fact or event to "supplement" an answer given at a deposition with further research, and such a potentially endless process should not be invented for purposes of this case.

For these reasons, the City Defendants' motion, by letter dated May 28, 2013, for further discovery should be denied.

Respectfully submitted,

*/s/ Nathaniel B. Smith*

Nathaniel B. Smith

By Hand
cc: All Counsel (with encl.)
Via Email