# EXHIBIT M

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

### NORTHERN                    DISTRICT OF                    NEW YORK

| Adrian Schoolcraft | **SUBPOENA IN A CIVIL CASE** |
|---|---|

V.

**CASE NUMBER:** 13 MC 63 (DNH)(DEP)
10 CV 6005 (RWS)

The City of New York, et al.

TO:     Larry Schoolcraft
        196 County Highway 107
        Johnstown, New York 12095

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[X] **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| O'Connor, O'Connor, Bresee & First PC, 20 Corporate Woods Blvd., Albany, New York 12211 | December 11, 2013 at 10:00 A.M. |

[X] **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

## (1) See Exhibit "A" attached hereto for a list of items to be produced.

| PLACE | DATE AND TIME |
|---|---|
| O'Connor, O'Connor, Bresee & First PC, 20 Corporate Woods Blvd., Albany, New York 12211 | December 11, 2013 at 10:00 A.M. |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Assistant Corporation Counsel Attorney for Defendant City of New York | November 21, 2013 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ryan G. Shaffer, Assistant Corporation Counsel
New York City Law Department, 100 Church Street
New York, New York 10007  (212) 356-2386

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

i. requires disclosure of privileged or other protected matter and no exception or waiver applies, or
ii. subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

1.      Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, written by Larry Schoolcraft relevant to, related to, or concerning plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned Adrian Schoolcraft v. City of New York, et al., Docket No. 10 CV 6005 (RWS).

2.      Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning any damages allegedly incurred by Larry Schoolcraft personally to date in connection with plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned Adrian Schoolcraft v. City of New York, et al., Docket No. 10 CV 6005 (RWS).

3.      Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, that relate to all complaints made by Larry Schoolcraft to any city, state, and/or federal government agency including, but not limited to, the NYPD Quality Assurance Division ("QAD"), the NYPD's Internal Affairs Bureau ("IAB") of the New York City Police Department, the United States Department of Justice, any District Attorney's Office, the Federal Bureau of Investigation, any elected official or representatives, and attorney general and/or inspector general offices in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned Adrian Schoolcraft v. City of New York, et al., Docket No. 10 CV 6005 (RWS).

4.      Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, that relate to all complaints made by Larry Schoolcraft to any non-governmental agency or organization in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned Adrian Schoolcraft v. City of New York, et al., Docket No. 10 CV 6005 (RWS).

5.      Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, that relate to any communications, interviews, conversations, or meetings Larry Schoolcraft has had with any media outlet regarding the allegations of the instant lawsuit, including, but not limited to blogs, newspapers, radio stations, independent reporters, and magazines in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York

City Police Department Officers, pending in the Southern District of New York, captioned <u>Adrian Schoolcraft v. City of New York, et al.</u>, Docket No. 10 CV 6005 (RWS).

6.    Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning communications between Larry Schoolcraft and David Durk in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned <u>Adrian Schoolcraft v. City of New York, et al.</u>, Docket No. 10 CV 6005 (RWS).

7.    Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning communications between Larry Schoolcraft and Leonard Levitt in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned <u>Adrian Schoolcraft v. City of New York, et al.</u>, Docket No. 10 CV 6005 (RWS).

8.    Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning communications between Larry Schoolcraft and Adrian Schoolcraft in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned <u>Adrian Schoolcraft v. City of New York, et al.</u>, Docket No. 10 CV 6005 (RWS).

9.    Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning communications between Larry Schoolcraft and Graham Rayman in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned <u>Adrian Schoolcraft v. City of New York, et al.</u>, Docket No. 10 CV 6005 (RWS).

10.    Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, that relate to any communications, interviews, conversations, or meetings Larry Schoolcraft has had with the Patrolman's Benevolent association ("PBA") regarding the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned <u>Adrian Schoolcraft v. City of New York, et al.</u>, Docket No. 10 CV 6005 (RWS).

11.     A copy of any and all personal diaries, web-pages, or blogs that were maintained or created by or on behalf of Larry Schoolcraft from 2007 to the present concerning the subject matter of plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned Adrian Schoolcraft v. City of New York, et al., Docket No. 10 CV 6005 (RWS).

12.     Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, that relate to all statements Larry Schoolcraft took from plaintiff Adrian Schoolcraft's landlord and/or plaintiff Adrian Schoolcraft's neighbors at 82-60 88th Place, Glendale, NY 11385 regarding the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned Adrian Schoolcraft v. City of New York, et al., Docket No. 10 CV 6005 (RWS).

13.     Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, that relate to all communications made by Larry Schoolcraft to Mayor Bloomberg's Office in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned Adrian Schoolcraft v. City of New York, et al., Docket No. 10 CV 6005 (RWS).

14.     Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, that relate to all communications with Mayor Bloomberg's Office in reference to inquiries made by Larry Schoolcraft as to the reason plaintiff Adrian Schoolcraft was being deprived the right to appeal his performance evaluation, as plaintiff alleged in his lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned Adrian Schoolcraft v. City of New York, et al., Docket No. 10 CV 6005 (RWS).

15.     Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning communications between Larry Schoolcraft and Jon Norinsberg, Esq., or any employee of Mr. Norinsberg's law firm, in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned Adrian Schoolcraft v. City of New York, et al., Docket No. 10 CV 6005 (RWS).

16.     Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning communications between Larry Schoolcraft and Joshua Fitch and/or Gerald Cohen, or any employee of Cohen & Fitch, LLP, in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City

Police Department Officers, pending in the Southern District of New York, captioned <u>Adrian Schoolcraft v. City of New York, et al.</u>, Docket No. 10 CV 6005 (RWS).

17.     Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning communications between Larry Schoolcraft and Nathaniel Smith, John Lenoir, Howard Suckle, and/or Magdalena Bauza, in connection with the allegations set forth in the lawsuit captioned <u>Adrian Schoolcraft v. City of New York, et al.</u>, Docket No. 10 CV 6005 (RWS).

18.     Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning communications between Larry Schoolcraft and Christopher Dunn, or any employee of the New York Civil Liberties Union, in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned <u>Adrian Schoolcraft v. City of New York, et al.</u>, Docket No. 10 CV 6005 (RWS).

19.     Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning communications between Larry Schoolcraft and any employees of the New York Times Company, in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned <u>Adrian Schoolcraft v. City of New York, et al.</u>, Docket No. 10 CV 6005 (RWS).

20.     Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning communications between Larry Schoolcraft and any employees of the Village Voice, in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned <u>Adrian Schoolcraft v. City of New York, et al.</u>, Docket No. 10 CV 6005 (RWS).

21.     Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning communications between Larry Schoolcraft and any current or former member of the New York City Police Department in reference to the wrongful acts and/or alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned <u>Adrian Schoolcraft v. City of New York, et al.</u>, Docket No. 10 CV 6005 (RWS).

22.     Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning communications between Larry Schoolcraft and any member of the Queens County District Attorney's Office in reference to the wrongful acts and/or omissions alleged in plaintiff Adrian Schoolcraft's lawsuit against the City of New York and various New York City Police Department Officers, pending in the Southern District of New York, captioned Adrian Schoolcraft v. City of New York, et al., Docket No. 10 CV 6005 (RWS).

23.     Any and all recording devices in the possession of Larry Schoolcraft.

## DEFINITIONS

1.     When City Defendants refer to "plaintiff Adrian Schoolcraft's lawsuit pending in the Southern District of New York, captioned Adrian Schoolcraft v. City of New York, et al., Docket No. 10 CV 6005 (RWS)," (a copy of which is annexed hereto as Exhibit "B"), City Defendants refer generally to plaintiff Adrian Schoolcraft claims that he was retaliated against by his peers and superiors at the NYPD following his attempts to document and expose alleged quotas, crime complaint manipulation, and general misconduct at the 81st Precinct. Plaintiff further claims that he was falsely arrested in his apartment on October 31, 2009, and that he was involuntarily committed to Jamaica Hospital Medical Center for six days immediately following that incident. Finally, plaintiff claims that defendants harassed plaintiff at his home in Johnstown, New York in an attempt to discourage plaintiff from going public with his allegations of misconduct.

2.     The term "communication" is defined as the transmittal of information, whether written or oral, in the form of facts, ideas, inquiries or otherwise.

3.     The term "document" includes all written, typed printed, recorded or graphic statements, communications or other matters, however produced or reproduced, including, but not limited to, all letters, notes, memoranda, e-mails, faxes, telegrams, telexes, cables, telephone records, records, bills, invoices, ledgers, journals, bulletins, directives, instructions, reports, memoranda of conversations, diaries, affidavits, briefs, pleadings, decrees, transcriptions, recordings, computer records, photographs, diagrams, charts, drawings, graphs and other writings, including all originals, copies, drafts and non-identical copies in the possession, custody or control of Mr. Schoolcraft or his representatives.

4.     When asked to "identify" a document, Mr. Schoolcraft's response should (a) describe the type of document (e.g., letter, memo, etc.), (b) identify the author, (c) specify the date written or originated, (d) identify each person to whom the original or a copy was addressed and/or delivered, and (e) identify each and every person who has ever had possession of the document.

5.     A document is within the "possession, custody or control" of Mr. Schoolcraft or his representatives, if Mr. Schoolcraft or his representative has the right to secure the document or a copy thereof from another person or entity having actual physical possession thereof.

6.      The term "person" is defined as any natural person or any business, corporation, firm, partnership, proprietorship, joint venture, board, authority, commission, legal or government entity or other association.

7.      The term "concerning" is defined as relating to, referring to, pertaining to, alluding to, describing, detailing, embodying, evidenced, reflecting, comprising or constituting, whether directly or indirectly, the subject matter identified in a specific interrogatory or document request.

8.      The terms "all" and "each" should be construed as all and each.

9.      The terms "and" and "or" should be construed either disjunctively or consecutively, as necessary to bring within the scope of each discovery request all responses or document might otherwise be construed to be construed to be outside of its scope.

10.     The use of the singular form of a word should be construed to include the plural form and vice versa.

11.     The use of the masculine form of a word should be construed to include the feminine and neuter forms and vice versa.

12.     The use of the past tense form of a word should be construed to include the present tense form and vice versa.