# EXHIBIT O

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
ADRIAN SCHOOLCRAFT,

                          Plaintiff,        10 Civ. 6005
                                               (RWS)

      -against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO,
Tax Id. 873220, Individually and in his Official
Capacity, ASSISTANT CHIEF PATROL BUREAU BROOKLYN NORTH
GERALD NELSON, Tax Id. 912370, Individually and in his
Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO,
Tax Id. 895117, Individually and in his Official
Capacity, CAPTAIN THEORDORE LAUTERBORN, Tax Id. 897840,
Individually and in his Official Capacity, LIEUTENANT
JOSEPH GOUGH, Tax Id. 919124, Individually and in his
Official Capacity, SGT. FREDERICK SAWYER, Shield No.
2576, Individually and in his Official Capacity,
SERGEANT KURT DUNCAN, Shield No. 2483, Individually and
in his Official Capacity, LIEUTENANT CHRISTOPHER
BROSCHART, Tax Id. 915354, Individually and in his
Official Capacity, LT. TIMOTHY CAUGHEY, Tax Id. No.
885374, Individually and in his Official Capacity,
SERGEANT SHANTEL JAMES, Shield No. 3004, Individually
and in her Official Capacity, SERGEANT RICHARD WALL,
Shield No. 3099, Individually and in his Official
Capacity, SERGEANT ROBERT W. O'HARE, Tax Id. 916960,
Individually and in his Official Capacity, SERGEANT
SONDRA WILSON, Shield No. 5172, Individually and in her
Official Capacity, LIEUTENANT THOMAS HANLEY, Tax Id.
879761, Individually and in his Official Capacity,
CAPTAIN TIMOTHY TRAINOR, Tax Id. 899922, Individually
and in his Official Capacity, and P.O.'s "JOHN DOE"
#1-50, Individually and in their Official Capacity
(The name John Doe being fictitious, as the true names
are presently unknown)(collectively referred to as "City
Defendants"), FDNY LIEUTENANT ELISE HANLON, individually
and in her official capacity as a lieutenant with the
New York City Fire Department, JAMAICA HOSPITAL MEDICAL
CENTER, DR. ISAK ISAKOV, Individually and in his
Official Capacity, DR. LILIAN ALDANA-BERNIER,
Individually and in his Official Capacity and

```
#1-50, Individually and in their Official Capacity
(The name John Doe being fictitious, as the true
names are presently unknown),
                        Defendants.
------------------------------------
                        20 Corporate Woods Blvd.
                        Loundonville, New York  12211
                        December 11, 2013
                        10:22 a.m.
```

EXAMINATION BEFORE TRIAL of LARRY C. SCHOOLCRAFT, a Non-Party Witness in the above entitled action, held pursuant to Court Order at the above place and time, before a Notary Public within and for the State of New York.

```
 1   LARRY C. SCHOOLCRAFT
 2        residence?
 3   A.   No.
 4   Q.   Have you ever paid rent to live at that
 5        residence?
 6   A.   No.
 7   Q.   When did you sell the residence to Mr.
 8        Varnardum?
 9   A.   May of this year.
10   Q.   Do you recall being served with this
11        subpoena to come here and testify
12        today?
13   A.   I was not served personally.
14   Q.   Do you recall, prior to today's
15        subpoena, being served with a subpoena
16        to come and testify on a different
17        date?
18   A.   Correct.
19   Q.   Do you recall being served with what
20        are known as document requests and
21        interrogatories along with that initial
22        subpoena?
23   A.   Correct.
24   Q.   Did you bring with you today any
25        responses to those documents requests
```

Schmieder & Meister Inc.   (845) 452-1988

```
 1    LARRY C. SCHOOLCRAFT
 2              or interrogatories?
 3       A.     No.
 4       Q.     Okay.  I'm going to ask you, in the
 5              interim, although I do believe you
 6              still need to respond, I will ask you
 7              those questions before we move forward.
 8                   Do you have, in your possession,
 9              any audio recordings pertaining to your
10              son's allegations against the
11              defendants in lawsuit that we are here
12              to discuss today?
13       A.     I'm sure I do.
14       Q.     How many audio, separate audio
15              recordings, do you have pertaining to
16              your son's allegations against the
17              defendants in the lawsuit we are here
18              to discuss?
19       A.     I have no idea.
20       Q.     Do you have more than ten?
21       A.     I have no idea.
22       Q.     What format are they in?
23       A.     They would be on a digital recorder.
24       Q.     Where is the digital recorder?
25       A.     I have no idea.
```

```
 1   LARRY C. SCHOOLCRAFT
 2        Q.   Did you ever ask to be paid by Mr.
 3             Rayman?
 4        A.   No.
 5        Q.   Did Mr. Rayman ever offer to pay either
 6             of you?
 7        A.   For the photographs.
 8        Q.   How much did he offer to pay you for
 9             the photographs?
10        A.   $100 per photograph.
11        Q.   Did he tell you that he was going to
12             pay for those photographs, did he do
13             that in writing or would that be a
14             phone conversation or something else?
15        A.   Phone.
16        Q.   You mentioned that you had spoke to Mr.
17             Levitt about the allegations in the
18             lawsuit; is that right?
19        A.   Yes.
20        Q.   How many times have you spoken with Mr.
21             Levitt?
22        A.   Dozens and dozens of times.
23        Q.   More than 50?
24        A.   I would say no more than 50.
25        Q.   How was it that you came -- how was it
```