UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ADRIAN SCHOOLCRAFT,

        Plaintiff,

  - against -

CITY OF NEW YORK, et al.,

        Defendants.

------------------------------------------X

10 Civ. 6005 (RWS)

OPINION

A P P E A R A N C E S:

  Attorneys for the Plaintiff

  LAW OFFICE OF NATHANIEL B. SMITH
  111 Broadway
  Suite 1305
  New York, NY 10006
  By:  Nathaniel B. Smith, Esq.

  Attorney for Defendant Mauriello

  SCOPPETTA SEIFF KRETZ & ABERCROMBIE
  444 Madison Avenue, 30th Floor
  New York, N.Y. 10022
  By:  Walter A. Kretz, Jr., Esq.

**Sweet, D.J.**

Defendant Deputy Inspector Steven Mauriello ("Mauriello" or "Defendant") has moved pursuant to Local Rule 6.3 for reconsideration of the Court's November 21, 2013 Opinion, Schoolcraft v. City of New York, No. 10 Civ. 6005 (RWS), 2013 WL 6139647 (S.D.N.Y. Nov. 21, 2013) (the "November 21 Opinion" or "Opinion"), denying Defendant's motion for leave to file an answer amended with counterclaims. Plaintiff Adrian Schoolcraft ("Plaintiff" or "Schoolcraft") opposes Mauriello's motion.

Based on the conclusions set forth below, Defendant Mauriello's motion is granted.

**Prior Proceedings**

A detailed recitation of the facts of this case is provided in this Court's opinion dated May 6, 2011, see Schoolcraft v. City of N.Y., 10 Civ. 6005, 2011 WL 1758635, at *1 (S.D.N.Y. May 6, 2011), and the November 21 Opinion, see November 21 Opinion, at *4-7. Familiarity with those facts is assumed.

1

Defendant Mauriello filed the instant motion for reconsideration on November 25, 2013. The motion was heard on submission, briefing was submitted by Mauriello and Plaintiff only, and the matter was marked fully submitted on December 18, 2013.

**The Motion For Reconsideration Is Granted**

*Standard Of Review*

The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59 are the same, and a court may grant reconsideration where the party moving for reconsideration demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quotation marks and citations omitted); Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.") (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

2

Reconsideration of a court's prior order under Local Rule 6.3 or Rule 59 "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Ferring B.V. v. Allergan, Inc., No. 12 Civ. 2650(RWS), 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (quoting Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012). Accordingly, the standard of review applicable to such a motion is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might "'materially have influenced its earlier decision.'" Anglo Am. Ins. Group v. CalFed, Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996) (quoting Morser v. AT&T Information Sys., 715 F. Supp. 516, 517 (S.D.N.Y. 1989)); see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 ("[T]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."). A party seeking reconsideration may neither repeat "arguments already briefed, considered and decided," nor "advance new facts, issues or arguments not previously presented

3

to the Court." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted).

The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Polsby v. St. Martin's Press, Inc., No. 97-690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation and quotation marks omitted). Motions for reconsideration "are not vehicles for taking a second bite at the apple, . . . and [the court] [should] not consider facts not in the record to be facts that the court overlooked." Rafter v. Liddle, 288 Fed. App'x 768, 769 (2d Cir. 2008) (citation and quotation marks omitted). Thus, a court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig., 08 M.D.L. No.1963, 2009 WL 2168767, at *1 (S.D.N.Y. Jul. 16, 2009) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.") (citation and quotation omitted).

4

### *Defendant Mauriello Raises Overlooked Facts That Warrant Reconsideration*

The standard for a reconsideration motion is strict, but Defendant Mauriello has provided additional explanation regarding facts that warrants granting his motion for reconsideration. As an initial matter, Mauriello counterclaims are based upon a portion of a recorded conversation that was not produced by Plaintiff and was discovered by Defendant one month before he filed his motion to amend. Defendant contends that Plaintiff deleted portions of recordings made on October 7, 2009, including a "critical conversation" between Plaintiff and his father and Plaintiff subsequently produced only the altered recordings. Mauriello's proposed counterclaims are based upon the information gained from this "critical conversation."

Defendant's briefings for the instant motion provide additional color to the circumstances surrounding the exposition of the conversation at issue. The allegedly altered recordings were first produced to Defendant Mauriello in or around September 2012 by Defendant City of New York ("City Defendant" or "City") when the City Defendant provided to Mauriello copies of Plaintiff's April 9, 2012 production to City Defendant. Over

5

the course of the next four weeks, City Defendant produced to Mauriello additional documents and recordings, which were understood by Mauriello to include duplicates of the recordings produced by the Plaintiff. Defendant Mauriello only reviewed Plaintiff's recordings of the October 7, 2009 conversation, which did not contain the "critical conversation," while the recordings produced by City Defendant did. Mauriello and his counsel knew nothing of the recorded conversation until one month before the motion for leave to file an answer amended with counterclaims was filed, whereby they learned of the recorded conversation through the book THE NYPD TAPES by Graham A. Rayman. Plaintiff has not provided an explanation as to why Plaintiff's produced recording provided to Mauriello was altered. The November 21 Opinion overlooked these critical facts.

Another factor that favors reconsideration is the current pace of discovery in the matter. At the time Mauriello filed his motion for leave to amend, document production was still far from completed, even though the case had been pending for three years. In the two months between the time Mauriello filed his motion to amend and his motion for reconsideration, the parties have deposed only Plaintiff, Michael Marino ("Marino") and Theodore Lauterborn ("Lauterborn") and completed inspection of the 81st Precinct and Jamaica Hospital. According

6

to Mauriello, none of completed discovery would have to be revisited on account of the counterclaims. Plaintiff has also indicated that he wishes to conduct a second session of the Marino and Lauterborn depositions for reasons unrelated to Defendant's counterclaims and requested for extensions of the discovery schedule. Defendant's counterclaims do not allege any new matter not already at issue in the case, and Mauriello assures the Court that his alleged harms can be covered at his deposition and would only minimally expand the scope of discovery. It does not appear that the counterclaims will cause any delay to this already protracted and long discovery or significantly expand its scope, factors that were overlooked in the November 21 Opinion.

With the above factors, the Court's reliance on Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983), and Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1298 (7th Cir. 1993), was misplaced and State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981), is more applicable in this instance. In Evans, the Circuit Court found a two-year delay to defendant's motion to amend sufficient to deny the motion. Evans, 704 F.2d at 47. In Continental Bank, the Seventh Circuit also upheld the district court's decision to refuse to allow defendant to amend an answer to add counterclaims where

7

defendant waited more than two years and the amendment would require additional discovery. Continental Bank, 10 F.3d at 1298. In this instance, Mauriello did not know of the "critical conversation" until one month before filing his motion to amend, and this delay was caused, in significant part, by Plaintiff's actions. In addition, an amendment with counterclaims would not significantly expand the scope of the already delayed discovery. Thus, Defendant's proposed amendment "may result in [some] delay, [but] it will not unduly prejudice" Plaintiff. Fluor, 654 F.2d at 856.

Defendant Mauriello has provided additional color to several facts that the November 21 Opinion overlooked. These additional facts "alter the conclusion reached by the court," Sikhs for Justice, 893 F. Supp. 2d at 606 (quoting Shrader, 70 F.3d at 257), and reconsideration is warranted.

## Conclusion

Given the reasoning above, Defendant Mauriello's motion for reconsideration is granted. Defendant has leave to file an answer amended with counterclaims.

It is so ordered.

**New York, NY**
**March 13, 2014**

_____
**ROBERT W. SWEET**

9