UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,                                   10-cv-6005 (RWS)

                                                                                                     **MEMORANDUM OF**
                                   Plaintiff,                **LAW**
     -against-


THE CITY OF NEW YORK, et al.,

                                  Defendants.
---------------------------------------------------------------x

## PRELIMINARY STATEMENT

      Plaintiff, Police Officer Adrian Schoolcraft, submits this memorandum of law in support of his motion to strike scandalous, inflammatory and immaterial allegations of racist comments falsely attributed to Officer Schoolcraft that were maliciously inserted without any legitimate purpose into the counterclaims recently filed by Defendant Steven Mauriello (Docket # 231) on March 18, 2014.  Not only are the comments false, inflammatory and irrelevant to the claims being assert by Defendant Mauriello but they were designed to be – and have already been – printed and reprinted on the internet.  (*See* Exhibit A.)   Thus, the *Daily News* article appeared on the same date that the counterclaims were filed with the Court, and another media account appeared in the *Village Voice* when Defendant Mauriello initially filed last year his motion to amend his answer to assert the

counterclaims.  (*Id.*)

The motion to strike should be granted for the reasons set forth below.

## ARGUMENT

Defendant Mauriello has filed his counterclaims against Officer Schoolcraft for tortious interference with prospective economic advantage and for prima facie tort.  Both counterclaims arise from the allegation that Officer Schoolcraft made false and defamatory statements to NYPD investigators about the ongoing practice of downgrading reports of serious crimes at the 81st Precinct, which was run by Defendant Mauriello.  According to the counterclaims, Officer Schoolcraft made defamatory statements to internal NYPD investigators as part of a scheme the "sole purpose" of which was to exact revenge against Mauriello and to damage his reputation within the NYPD.

In paragraph six of the counterclaims (Docket No. 231 at p. 13), Mauriello also alleges that Officer Schoolcraft made a statement to the effect that he did not want to work with "any n_ _ _ _ _" [a particular offensive and racist comment which is reprinted in full in the paragraph] and that he made false statements to NYPD investigators about his concern for predominantly minority community served by the 81st Precinct.  (*Id.*)   While these are utterly false and scurrilous allegations, they are also totally irrelevant to the claims being asserted by

2

Mauriello and were inserted into the counterclaim for the purpose of generating negative publicity and media coverage in an effort to taint Officer Schoolcraft as a racist.  Accordingly, we request that the Court enter an order striking paragraph of the counterclaims.

Rule 12(f) of the Federal Rules of Civil Procedure gives the Court the power to strike from a pleading "any redundant, immaterial impertinent, or scandalous matter."  Fed. R. Civ. Pro 12(f).  While motions under Rule 12(f) are not favored, materials will be stricken if they "serve no purpose except to inflame the reader."  *Shahzad v. H. J. Meyers & Co.*, 1997 U.S. Lexis 1128 at *40 (S.D.N.Y. Feb. 4, 1997) (Batts, J.).  In addition, a motion to strike "may be granted where the allegations challenged have no real bearing on the subject matter or are likely to prejudice the movant."  *Id*.  Thus, the Court may strike matter from a pleading "if it is likely to be immaterial or its effect would be prejudicial."  *Lenihan v. B & E Rock Corp.*, 1997 U.S. Dist. Lexis 12259 at 1 (S.D.N.Y. Jan. 16, 1997) (Scheindlin, J.).

Inflammatory materials, like the ones at issue here, that are placed in a pleading for no legitimate reason are properly stricken.  *See, e.g., Morse v. Weingarten,* 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (Lasker, J.) (allegations regarding Michael Milken's criminal conviction and income level stricken because

3

neither allegation bore remotely on the allegations in a securities fraud class action and the allegations serve no purpose except to inflame); *Roberto's Fruit Market, Inc. v. Schaffer*, 13 F. Supp. 2d 390, 396 (E.D.N.Y. 1998) (Spatt, J.) (allegations in RICO action of ties to organized crime, ongoing federal investigations and criminal conduct which could not be predicate acts under RICO were stricken because "even assuming such allegations were true, they are interesting side issues which bear no relation to a RICO claim.")

According, paragraph six of the Mauriello pleading should be stricken.

This motion was previously filed by Officer Schoolcraft on October 15, 2013 (Dkt # 181), when Mauriello filed his motion to amend his answer to assert the counterclaims. On November 21, 2013, the Court denied Defendant Mauriello's motion for leave to amend his answer (Dkt # 199) and denied as moot Plaintiff's motion to strike paragraph six. However, on March 14, 2014, the Court, on reconsideration, granted Defendant Mauriello leave to file the counterclaims (Dkt # 228). Accordingly, the issue about the inflammatory allegations in paragraph six is no longer moot and should be adjudicated.

## CONCLUSION

The motion to strike should be granted because paragraph six of the counterclaims is inflammatory and has no logical relevance to the claims asserted by Defendant Mauriello.

Dated:  April 7, 2014

                                LAW OFFICE OF
                                NATHANIEL B. SMITH

                                  *s/NBS*

                                By:_____
                                  Nathaniel B. Smith
                                  111 Broadway – Suite 1305
                                  New York, New York 10006
                                  (212) 227-7062
                                  Attorney for Plaintiff

                                  Of Counsel,
                                  John D. Lenoir