# MARTIN CLEARWATER & BELL LLP

COUNSELORS AT LAW

220 EAST 42ND STREET, NEW YORK, NY 10017-5842
TELEPHONE (212) 697-3122   FACSIMILE (212) 949-7054
www.mcblaw.com

GREGORY J. RADOMISLI
PARTNER

DIRECT DIAL: (212) 916-0923
E-MAIL: radomg@mcblaw.com

April 15, 2014

**BY ECF**

Hon. Robert W. Sweet
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    **Schoolcraft v. Jamaica Hospital Medical Center**
            Civil Action No.    10 CV 6005 (RWS)
            MCB File No.       667-82153

Dear Judge Sweet:

      We represent the defendant Jamaica Hospital Medical Center ("JHMC") in the above-referenced matter. This letter pertains to plaintiff's Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (Exhibit "A").

      On April 7, 2014, I sent a letter to plaintiff's counsel in an attempt to resolve the issues raised in this letter without Court intervention (Exhibit "B"). I indicated that if plaintiff's counsel did not respond to my letter by April 14, 2014, I would have no choice but to seek Court intervention. This letter to Your Honor is necessary because plaintiff's counsel never responded to my letter.

      Specifically, in my April 7, 2014 letter, I objected to several of the subject matters upon which plaintiff's counsel proposed to question the JHMC Rule 30(b)(6) witness. As discussed below, JHMC contends that plaintiff's proposed topics seek either privileged or palpably irrelevant information. It is therefore respectfully requested that this Court preclude plaintiff's counsel from asking questions regarding those topics. *See e.g. Uto v. Job Site Services, Inc.*, 269 F.R.D. 209 (E.D.N.Y. 2010); *Polaroid Corp. v. Commerce International Corp.*, 20 F.R.D 394

GJR/da
2230729_1.DOC

WESTCHESTER COUNTY OFFICE
245 MAIN STREET
WHITE PLAINS, NY 10601
TELEPHONE (914) 328-2969
FACSIMILE (914) 328-4056

NASSAU COUNTY OFFICE
90 MERRICK AVENUE - SUITE 401
EAST MEADOW, NY 11554-1576
TELEPHONE (516) 222-8500
FACSIMILE (516) 222-8513

NEW JERSEY OFFICE
744 BROAD STREET
NEWARK, NJ 07102
TELEPHONE (973) 735-0578
FACSIMILE (973) 735-0584

(S.D.N.Y. 1957); *Doe v. District of Columbia*, 230 F.R.D. 47 (D.C. 2005) (ruling on defendant's motion to limit plaintiff's topics for the 30(b)(6) deposition).

### Topics (a), (b) and (c)

Topics (a), (b) and (c) pertain to the evaluation of the performance of psychiatrists working at JHMC, the factors, protocols and considerations involved in the review and evaluation of psychiatrists, and the names of the officials who are responsible for conducting those reviews.

For one, the proposed topics are over broad because the only psychiatrists involved in this case are Dr. Lillian Aldana-Bernier and Dr. Isak Isakov. Secondly, the proposed topics seek irrelevant information. When requested in my letter of April 7, 2014, plaintiff's counsel was unable to explain how the information sought reasonably calculated to lead to the discovery of admissible evidence that was relevant to plaintiff's claims. Finally, the information regarding the evaluation of psychiatrists and the evaluation process is privileged. *See* New York Public Health Law §2805-j; New York Public Health Law §2805-k; New York Public Health Law §2805-m; and New York Education Law §6527(3); *see also Logue v. Velez*, 9 NY2d 13, 677 NYS2d 6 (1998); *Francis v. United States*, 2011 U.S.Dist. LEXIS 59762 (S.D.N.Y. 2011); *Callahan v. County of Schenectady*, 2010 U.S.Dist. LEXIS 24058 (N.D.N.Y. 2010); *see generally Sabharwal v. Mount Sinai Medical Center*, 2011 U.S.Dist. LEXIS 11023, *7-10 (E.D.N.Y. 2011).

These objections were asserted in JHMC's August 5, 2011 response to plaintiff's First Request for Documents (which went unchallenged), and plaintiff's counsel should not be able to circumvent those objections by taking a deposition on those issues.

### Topics (d) and (g)

In its August 5, 2011 response to plaintiff's First Request for Documents, JHMC responded to plaintiff's demand for policies regarding the decision to involuntarily admit patients to JHMC pursuant to the Mental Hygiene Law. Plaintiff's counsel had the opportunity to question Dr. Aldana-Bernier and Dr. Isakov about those policies, and the policies regarding documentation thereof, at their depositions. Accordingly, there is no reason to take a 30(b)(6) deposition other than for annoyance, oppression and imposing undue expense on the defendant.

Similarly, JHMC indicated it would provide a copy of the JHMC policy, if any, regarding psychiatric patients who wanted to vote in a public election while being involuntarily hospitalized at JHMC, and plaintiff's counsel had the opportunity to question Dr. Aldana-Bernier and Dr. Isakov about those policies at their depositions. Accordingly, there is no reason to take a 30(b)(6) deposition other than for annoyance, oppression and imposing undue expense on the defendant.

April 15, 2014
Page 3

### Topics (e), (m) and (n)

Topics (e), (m) and (n) pertain to various financial issues and revenues earned by JHMC. For one, questions to a witness about the period from "January 1, 2003, through December 31, 2009" (topic (e)), and the period from "2000 through 2010" (topics (m) and (n)), would be over broad, as they extend well before and somewhat beyond the period that is at issue in this case. Furthermore, the proposed topics seek irrelevant information. When requested in my letter of April 7, 2014, plaintiff's counsel was unable to explain how the information sought reasonably calculated to lead to the discovery of admissible evidence that was relevant to plaintiff's claims

### Topic (f)

As I informed plaintiff's counsel, it is impossible for someone at JHMC to testify about what insurance coverage the plaintiff had. That information is in his client's possession. Furthermore, plaintiff's billing records were provided. In my April 7, 29014 letter, I asked plaintiff's counsel to provide further details as to what information he was seeking and how the information sought was reasonably calculated to lead to the discovery of admissible evidence that was relevant to his claims, but plaintiff's counsel did not respond.

### Topic (h)

Plaintiff's counsel had the opportunity to question Dr. Aldana-Bernier and Dr. Isakov about the security systems in place on the psychiatric ward at JHMC. Accordingly, there is no reason to take a 30(b)(6) deposition other than for annoyance, oppression and imposing undue expense on the defendant. Furthermore, the proposed topics seek irrelevant information. When requested in my letter of April 7, 2014, plaintiff's counsel was unable to explain how the information sought reasonably calculated to lead to the discovery of admissible evidence that was relevant to plaintiff's claims

### Topic (i)

Plaintiff's counsel had the opportunity to question Dr. Aldana-Bernier and Dr. Isakov about the psychiatric ward(s) at JHMC at their depositions. Accordingly, there is no reason to take a 30(b)(6) deposition other than for annoyance, oppression and imposing undue expense on the defendant. Furthermore, the proposed topics seek irrelevant information. When requested in my letter of April 7, 2014, plaintiff's counsel was unable to explain how the information sought reasonably calculated to lead to the discovery of admissible evidence that was relevant to plaintiff's claims.

### Topic (j)

Defendant would be willing to answer an Interrogatory requesting the employment status of Seeth Vivek and his title. Plaintiff's father identified and located Dr. Steven Luel, so it is not

April 15, 2014
Page 4

clear what information plaintiff's counsel wants, or what he meant by a "relationship" between JHMC and Dr. Luel. In my April 7, 29014 letter, I asked plaintiff's counsel to provide further details as to what information he was seeking, but plaintiff's counsel did not respond. I also asked him to identify Shirley Huntley and her relation to this case, but he did not.

### Topic (k)

Seeking a witness to testify about the relationship, if any, "between **any** security personnel, social worker, nurse or doctor working at JHMC in 2008 and 2009 and **any** former or active member of service of the NYPD" is over broad and would require a witness to be familiar with every staff member's friends, former co-workers, etc. As such, this presents an undue (and impossible) burden on JHMC. Furthermore, the proposed topic seeks irrelevant information. When requested in my letter of April 7, 2014, plaintiff's counsel was unable to explain how the information sought reasonably calculated to lead to the discovery of admissible evidence that was relevant to plaintiff's claims.

### Topic (l)

Information regarding the corporate or organizational structure of JHMC, including its purposes, mission statement, charter, articles of incorporation, by-laws and constitution (if any) is over broad, and seeks irrelevant information. When requested in my letter of April 7, 2014, plaintiff's counsel was unable to explain how the information sought reasonably calculated to lead to the discovery of admissible evidence that was relevant to plaintiff's claims.

For the foregoing reasons, it is respectfully requested that plaintiff's counsel be precluded from taking a 30(b)(6) deposition of JHMC.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,.

MARTIN CLEARWATER & BELL LLP

Gregory J. Radomisli (GJR 2670)

cc: **BY ECF**

Law Office of Nathaniel B. Smith
111 Broadway
New York, New York 10006

2230729_1.DOC

April 15, 2014
Page 5

Callan Koster Brady & Brennan, LLP
One Whitehall Street, 10th Floor
New York, New York 10004
Attn: Walter Koster, Esq.

Ivone, Devine & Jensen, LLP
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042
Attn: Brian Lee, Esq.

Corporation Counsel
Law Department of the City of New York
100 Church Street Room 2-124
New York, New York 10007
Attn: Suzanna Publicker-Mettham, Esq.

Seiff Kretz & Abercrombie
444 Madison Avenue, 30th Floor
New York, New York 10022
Attn.: Walter Kretz, Esq.
Fax: (212) 371-6883