**GREGORY J. RADOMISLI**
PARTNER

DIRECT DIAL: (212) 916-0923
E-MAIL: radomg@mcblaw.com

April 7, 2014

**BY FAX (212) 346-4665**
**& REGULAR MAIL**

Law Office of Nathaniel B. Smith
111 Broadway
New York, New York 10006

    Re:    **Schoolcraft v. Jamaica Hospital Medical Center**
              MCB File No.    667-82153

Dear Mr. Smith:

    Please be advised that we hereby object to several of the subject matters upon which you propose to question a witness on behalf of Jamaica Hospital Medical Center ("JHMC") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Please allow this letter to serve as a good faith effort to resolve these issues without having to seek Court intervention.

**Topics (a), (b) and (c)**

    Topics (a), (b) and (c) pertain to the evaluation of the performance of psychiatrists working at JHMC, the factors, protocols and considerations involved in the review and evaluation of psychiatrists, and the names of the officials who are responsible for conducting those reviews.

    For one, the proposed topics are over broad because the only psychiatrists involved in this case are Dr. Lillian Aldana-Bernier and Dr. Isak Isakov. Secondly, the proposed topics seek irrelevant information. Please explain how the information you seek is reasonably calculated to lead to the discovery of admissible evidence that is relevant to your claims. Finally, the information regarding the evaluation of psychiatrists and the evaluation process is privileged. *See* New York Public Health Law §2805-j; New York Public Health Law §2805-k; New York Public Health Law §2805-m; and New York Education Law §6527(3); *see also Logue v. Velez*, 9 NY2d 13, 677 NYS2d 6 (1998); *Francis v. United States*, 2011 U.S.Dist. LEXIS 59762

GJR/me
2225285_1.DOC

April 7, 2014
Page 2

(S.D.N.Y. 2011); *Callahan v. County of Schenectady*, 2010 U.S.Dist. LEXIS 24058 (N.D.N.Y. 2010); *see generally Sabharwal v. Mount Sinai Medical Center*, 2011 U.S.Dist. LEXIS 11023, *7-10 (E.D.N.Y. 2011).

These objections were asserted in JHMC's August 5, 2011, response to plaintiff's First Request for Documents (which went unchallenged), and cannot be circumvented by taking a deposition.

**Topics (d) and (g)**

In its August 5, 2011, response to plaintiff's First Request for Documents, JHMC responded to plaintiff's demand for policies regarding the decision to involuntarily admit patients to JHMC pursuant to the Mental Hygiene Law. You had the opportunity to question Dr. Aldana-Bernier and Dr. Isakov about those policies, and the policies regarding documentation thereof, at their depositions. Accordingly, there is no reason to take a 30(b)(6) deposition other than for annoyance, oppression and imposing undue expense on the defendant.

Similarly, JHMC indicated it would provide a copy of the JHMC policy, if any, regarding psychiatric patients who want to vote in a public election while being involuntarily hospitalized at JHMC, and you had the opportunity to question Dr. Aldana-Bernier and Dr. Isakov about those policies at their depositions. Accordingly, there is no reason to take a 30(b)(6) deposition other than for annoyance, oppression and imposing undue expense on the defendant.

**Topics (e), (m) and (n)**

Topics (e), (m) and (n) pertain to various financial issues and revenues earned by JHMC. For one, questions to a witness about the period from "January 1, 2003, through December 31, 2009" (topic (e)), and the period from "2000 through 2010" (topics (m) and (n)), would be over broad, as they extend well before and somewhat beyond the period that is at issue in this case. Furthermore, the proposed topics seek irrelevant information. Please explain how the information you seek is reasonably calculated to lead to the discovery of admissible evidence that is relevant to your claims.

**Topic (f)**

It is impossible for someone at JHMC to testify about what insurance coverage the plaintiff had. That information is in your client's possession. Furthermore, plaintiff's billing records were provided. Please provide further details as to what information you are seeking and how the information you seek is reasonably calculated to lead to the discovery of admissible evidence that is relevant to your claims.

April 7, 2014
Page 3

**Topic (h)**

You had the opportunity to question Dr. Aldana-Bernier and Dr. Isakov about the security systems in place on the psychiatric ward at JHMC. Accordingly, there is no reason to take a 30(b)(6) deposition other than for annoyance, oppression and imposing undue expense on the defendant. Furthermore, the proposed topics seek irrelevant information. Please explain how the information you seek is reasonably calculated to lead to the discovery of admissible evidence that is relevant to your claims.

**Topic (i)**

You had the opportunity to question Dr. Aldana-Bernier and Dr. Isakov about the psychiatric ward(s) at JHMC at their depositions. Accordingly, there is no reason to take a 30(b)(6) deposition other than for annoyance, oppression and imposing undue expense on the defendant. Furthermore, the proposed topics seek irrelevant information. Please explain how the information you seek is reasonably calculated to lead to the discovery of admissible evidence that is relevant to your claims.

**Topic (j)**

Defendant would be willing to answer an Interrogatory requesting the employment status of Seeth Vivek and his title. Your client's father identified and located Dr. Steven Luel, so it is not clear what information you want, or what you mean by a "relationship" between JHMC and Dr. Luel. Please provide more specifics. Finally, please identify Shirley Huntley and her relation to this case.

**Topic (k)**

Seeking a witness to testify about the relationship, if any, "between **any** security personnel, social worker, nurse or doctor working at JHMC in 2008 and 2009 and **any** former or active member of service of the NYPD" is over broad and would require a witness to be familiar with every staff member's friends, former co-workers, etc. As such, this presents an undue (and impossible) burden on JHMC. Furthermore, the proposed topic seeks irrelevant information. Please explain how the information you seek is reasonably calculated to lead to the discovery of admissible evidence that is relevant to your claims.

**Topic (l)**

Information regarding the corporate or organizational structure of JHMC, including its purposes, mission statement, charter, articles of incorporation, by-laws and constitution (if any) is over broad, and seeks irrelevant information. Please explain how the information you seek is reasonably calculated to lead to the discovery of admissible evidence that is relevant to your claims.

April 7, 2014
Page 4

    Please provide your rationale for each of the topics upon which you seek to question a 30(b)(6) witness by April 14, 2014, and we will then determine whether we will seek Court intervention, or whether we will reconsider our position. If you do not respond by April 14, 2014, we will write to the Court and indicate, *inter alia*, that you were not able to provide us with any justification to question the witness on the topics you identified.

    Thank you for your anticipated cooperation in this matter.

                  Very truly yours,

                    MARTIN CLEARWATER & BELL LLP

                    Gregory J. Radomisli

cc:   **BY FAX and REGULAR MAIL**

      Callan Koster Brady & Brennan, LLP
      One Whitehall Street, 10th Floor
      New York, New York 10004
      Attn: Matthew Koster, Esq.
      Fax: (212) 248-6815

      Ivone, Devine & Jensen, LLP
      2001 Marcus Avenue, Suite N100
      Lake Success, New York 11042
      Attn: Brian Lee, Esq.
      Fax: (516) 352-4952

      Corporation Counsel
      Law Department of the City of New York
      100 Church Street Room 2-124
      New York, New York 10007
      Attn: Suzanna Publicker-Mettham, Esq.
      Fax: (212) 788-0367

April 7, 2014
Page 5

>Seiff Kretz & Abercrombie
>444 Madison Avenue, 30th Floor
>New York, New York 10022
>Attn.:   Walter Kretz, Esq.
>Fax: (212) 371-6883

2225285_1.DOC