UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                          Plaintiff,

    -against-

                                                      10-CV-06005 (RWS)

THE CITY OF NEW YORK, et al.,

                          Defendants.
------------------------------------------------------------X

DEFENDANT MAURIELLO'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
AN ALLEGATION FROM MAURIELLO'S COUNTERCLAIMS

Preliminary Statement

On behalf of defendant Steven Mauriello, we submit this memorandum of law in opposition to plaintiff's motion to strike an allegation from Mauriello's counterclaims on the grounds that it is false, inflammatory and irrelevant. In truth, the challenged allegation is a precisely quoted statement of plaintiff uttered in circumstances accurately described – and it was recorded by the plaintiff himself in a recording that has been preserved. It is not inflammatory, but revealing, and highly relevant as evidence that provides part of the story of plaintiff's true bias and motivation. It will help at trial, along with several other similarly bigoted statements, to undermine the false foundation plaintiff has tried to create to support his fictional account of the events at issue.

In the end, the challenged statement and others like it will help defeat plaintiff's claims as well as yield a verdict in Steven Mauriello's favor on his counterclaims.

ARGUMENT

STRIKING THE CHALLENGED STATEMENT FROM
THE COUNTERCLAIMS PURSUANT TO RULE 12(f)
IS A DRASTIC REMEDY NOT WARRANTED
UNDER THE CIRCUMSTANCES OF THIS CASE

The Second Circuit has made clear that striking an allegation from a complaint pursuant to Rule 12(f) of the Federal Rules is a "drastic remedy", and "motions under Rule 12(f) are viewed with disfavor and are infrequently granted." FRA S. p. A. v. Surg-O-Flex of America, Inc., 415 F.Supp. 421, 427 (S.D.N.Y 1976) (citations omitted).  According to the Court in Surg-O-Flex, "[u]nless it is clear that the portion of the pleading has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendant, the complaint should remain intact." Id.  In a more recent articulation of how a district court should approach a motion to strike, the Court in Hargett v. Metropolitan Transit Authority, 552 F.Supp.2d 393 (S.D.N.Y.2008), observed as follows:

> As a general rule, motions to strike are not favorably viewed, and will be granted only where 'there is a strong reason for so doing.'  To prevail on a motion to strike, the defendant [in this case, the plaintiff] must show that: '(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant.'

Id. at 404.  This Court simply will not be in a position to make such determinations until the case is presented at trial.  See Federated Dept. Stores, Inc. v. Grinnell Corp., 287 F.Supp. 744 (S.D.N.Y. 1968) (it is well-established that "it must clearly appear that the matters alleged can have no possible bearing on the issues of the trial") (quoting Fleischer v. A. A. P., Inc., 180 F.Supp. 717, 721 (S.D.N.Y. 1959).

Here, it simply can not be said that plaintiff's apparent bias against African Americans has no possible bearing on the issues. The quoted comment as well as others, some of which plaintiff also recorded, reveal a bias or bigotry that appears to have had a significant impact on plaintiff's performance as a police officer, and thus will have a direct bearing on a jury's assessment of plaintiff's ridicule of his performance evaluation. It also will shed light on other incidents leading up to the events of October 31, 2009, that will help a jury properly evaluate that incident. In addition, the quoted comments undermine the portrayal plaintiff has tried to create of himself – as a person out to fight for the interests of the minority community served by the 81st Precinct, in a way that no one else at the Precinct was willing to do. That portrayal will be exposed at trial as nonsense with the help of the challenged allegation. The challenged allegation as well as the other similarly bigoted comments will thus also help us demonstrate that the plaintiff maliciously maligned Steve Mauriello under false pretenses. They also will help us show plaintiff engaged in improper conduct not only to do Mauriello harm, but also to improperly yield a monetary recovery for the plaintiff in this lawsuit. Quite simply, the challenged comment and the other similar comments to be exposed at trial will help put this entire dispute in a whole new light that will help defeat plaintiff's claims and yield a verdict for Steven Mauriello on his counterclaims.

On the issue of striking matter deemed by the movant to be scandalous, in Hargett, supra, the MTA had asked the Court to strike allegations of sensational abuses of the MTA's e-mail policy by non-party employees that went unchallenged by the MTA (e.g., electronically transmitting pornographic material within as well as outside the

3

agency).  Plaintiff made such allegations in an attempt to show that the MTA engaged in racially discriminatory action when it disciplined plaintiff for violating that same e-mail policy.  The Court denied the motion to strike, despite the sensational nature of the allegations, finding that the MTA failed to satisfy the three requirements recited by the Court.

So, too, in von Bulow by Auersperg v. von Bulow, 657 F.Supp. 1134 (S.D.N.Y.1987), a Rule 12(f) motion to strike portions of the complaint "as containing 'impertinent' or 'scandalous' matter" was denied.  The Court confirmed that "motions to strike 'are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter." Id. at 1146.  The von Bulow Court also observed, as the Second Circuit has instructed, that "the courts should not tamper with the pleadings unless there is a strong reason for so doing." Id., quoting Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir.1976).

In von Bulow, there also is a discussion that reflects to some degree the circumstances here -- to the extent that plaintiff seeks to strike an allegation against him that he has made against one of the defendants (i.e., the use of the N-word).  The von Bulow Court refused to strike the challenged allegation, explaining, among other things, as follows:

> [a]lthough the complaint describes Auersperg's motives in tones ranging from cynical to caustic, Auersperg previously leveled volatile accusations against von Bulow in the 1985 civil action, which alleges that von Bulow attempted to murder Martha von Bulow and fraudulently acquired her property. Given the tenor of Auersperg's complaint, he is 'hardly in a position to complain when plaintiff responds in kind.'

von Bulow, supra, at 1146 (citations omitted).

4

Finally, in Lynch v. Southampton Animal Shelter Foundation Inc., 278 F.R.D. 55 (E.D.N.Y. 2011), the Court engaged in an extensive analysis of the issues raised by a motion to strike, much of which is instructive here.  In Lynch, the plaintiff challenged the denial of her volunteer application at an animal shelter.  In the complaint, the plaintiff set forth detailed allegations about the defendants' "involvement in the cruel and unnecessary treatment of animals," which the Court concluded could properly be considered scandalous or inflammatory.  According to the Court, however, "[o]n a motion to strike . . . '[i]t is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action.'"  Id. at 64-65 (citations omitted).  One of the cases relied upon by the Court in Lynch was Illiano v. Mineola Union Free School Dist., 585 F.Supp.2d 341, 357 (E.D.N.Y.2008), in which the Court denied a motion to strike allegations "pertaining to a defendant's alleged anti-Semitic remarks because they were relevant to gender-based hostile work environment claims and retaliation claims."  Lynch, supra, at 65.

The Lynch Court found that the plaintiff's allegations about animal cruelty were "relevant both to establishing that her speech addressed matters of public concern and to provide the background, motivation, context, and content of her speech . . . that serve as the basis for her retaliation claims."  Id.  The Court also found that the defendants "failed to show that they are prejudiced by the allegations relating to the Shelter's policies and practices."  Among other things, the Court observed that

> the Defendants concern about prejudice resulting from the jury seeing the allegedly irrelevant, scandalous, or inflammatory material is unfounded. As is the practice of this Court, the jury will only see such allegations if the Court ultimately determines that they are relevant and admissible under the Federal Rules of Evidence.

5

Id. at 67.

        Here, of course, the same is true. This Court will make the final determination at trial as to what evidence will be admitted. Clearly, the challenged allegation quotes plaintiff making what all should consider a scandalous, offensive comment. Yet, the comment is not unlike comments plaintiff attributes to one of the other defendants, and there is no doubt it has a clear bearing on critical issues that are likely to strongly influence the outcome not only of the claims in the complaint, but the counterclaims as well. Plaintiff cannot claim undue prejudice at having his true bias and motivations revealed.

## CONCLUSION

        Based upon the foregoing, it is respectfully requested that plaintiff's motion to strike be denied in its entirety, and that the Court grant such other relief as it deems just.

Dated:    New York, New York
            April 24, 2014

                              SCOPPETTA SEIFF KRETZ & ABERCROMBIE
                              Attorneys for Defendant Steven Mauriello

                              By: _____
                                  Walter A. Kretz, Jr.
                              444 Madison Avenue, 30th Floor
                              New York, NY 10022