UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ADRIAN SCHOOLCRAFT,

                                                                10-cv-6005 (RWS)

                                            Plaintiff,

                  -against-                                     **Reply Memorandum
                                                                of Law In Further
                                                                Support of Plaintiff's
THE CITY OF NEW YORK, et al,                                    Motion To Strike**

                                            Defendants.
--------------------------------------------------------------x

### *Argument*

Plaintiff, Adrian Schoolcraft, submits this memorandum in reply to the opposition

filed by Defendant, Steven Mauriello, to Plaintiff's motion to strike paragraph six of

Mauriello's counterclaim.  Mauriello fails to provide any logical nexus between:

- his claim that Officer Schoolcraft made false statements about Mauriello to

  NYPD investigators about Mauriello's misconduct as the commanding officer

  of the 81st Precinct; and

- his claim that Officer Schoolcraft is a "racist" who has used the "n" word.

Mauriello's counterclaims are for tortious interference with Mauriello's employment

relationship with the NYPD and for *prima facie* tort.  The counterclaims are based on the

allegation that Officer Schoolcraft reported Mauriello's misconduct to NYPD

investigators for the sole purpose of maliciously injuring his career and reputation.

(Counterclaims, ¶2; Dkt #231.)

Tossed into the midst of these claims is the irrelevant, false, and inflammatory allegation that Officer Schoolcraft used the "n" word in a conversation that he had with his father.  As we argued in our motion to strike, this false allegation also has absolutely nothing to do with Mauriello's counterclaim.  In response, Mauriello now tries to justify his pleading by claiming that plaintiff's alleged bias against African Americans "had a significant impact on plaintiff's performance as a police officer."  (Opp. Mem. at p. 3; Dkt #249.)  That argument should be rejected because the plaintiff's performance as a police officer has no relevance to Mauriello's counterclaims.

Mauriello also argues that pleading the use of the "n" word is relevant to his counterclaims because that claim will "undermine the portrayal plaintiff has tried to create of himself as a person out to fight for the interests of the minority community served by the 81st Precinct."  (*Id.*)  Yet again, this argument does not provide any justification or logical connection to the counterclaims, which are based on the claim that Officer Schoolcraft made damaging statements to Internal Affairs about Mauriello, a white male.  Thus, the simple fact is that Mauriello has found a way to interject a false and inflammatory allegation that has nothing to do with Mauriello's claims as a means of tainting the plaintiff in the eyes of the media and the jury pool.  As we have already noted, Mauriello has made and continues to make comments to the press about this allegation (*see* Exhibit A hereto) and the prejudice to the plaintiff is clear and continuing.

2

At the bottom, Mauriello has tossed into his counterclaim an inflammatory allegation that he says could be used as a basis for cross examination of Officer Schoolcraft about an "inconsistent statement" to impeach Schoolcraft's credibility. The argument (such as it is) is that Schoolcraft claimed to want to serve the community in which he worked but allegedly harbored some otherwise unexpressed racism against African Americans and that his alleged use of the "n" word is "inconsistent" with the desire to serve that community. Thus, the basis for paragraph six of the counterclaim is the baseless suggestion that Officer Schoolcraft will interject race issues into the case and that this alleged use of the "n" word will be or could be a proper basis for cross examination at trial. The far-fetched possibility that the subject of the use of the "n" word on cross examination will be permitted is far too attenuated a basis for permitting an otherwise inflammatory and irrelevant allegation in a pleading to stand.

Nathaniel B. Smith
111 Broadway -- Suite 1305
New York, New York 10006
(212) 227-7062

Dated:   New York, New York
         April 29, 2014

3

# EXHIBIT A

# Whistleblower cop: supervisor made up racist quote for legal fight

By Rich Calder

April 14, 2014 | 3:24am



A woman walks past the NYPD's Times Square station.

Photo: Getty Images

Insisting he's no racist, whistleblower cop Adrian Schoolcraft is accusing a top NYPD supervisor of "maliciously" claiming he used the N-word to bolster a bitter legal fight.

Schoolcraft asked Manhattan federal Judge Robert Sweet last week to remove a controversial sentence from a March countersuit filed against him by Deputy Inspector

Steven Mauriello. The sentence quotes Schoolcraft as saying that officers at the 81st Precinct in Brooklyn, which Mauriello previously commanded, "just worked together, so we wouldn't have to work with any n——s."

In an April 7 legal filing, Schoolcraft's lawyer, Nathaniel Smith, claimed that the racist comments in the countersuit were "maliciously inserted without any legitimate purpose."

Mauriello's lawyer, Walter Kretz, said Sunday that Schoolcraft was "not misquoted and there is nothing alleged maliciously." He claimed a recording proves Schoolcraft used the slur.

In his $2 million counterclaim, Mauriello alleges Schoolcraft drummed up bogus complaints about wrongdoing at the 81st because he wanted to punish his ex-commander. He filed the countersuit in response to a $50 million lawsuit Schoolcraft filed claiming he was forced to spend time in a mental ward after saying cops at the 81st fudged crime stats.

**ADRIAN SCHOOLCRAFT**, **NYPD**, **WHISTLEBLOWERS**

**Hundreds mourn fallen...**

## *YOU MIGHT ALSO LIKE*

Recommended by

