UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ADRIAN SCHOOLCRAFT,

              Plaintiff,

  - against -

CITY OF NEW YORK, et al.,

              Defendants.

------------------------------------------X

10 Civ. 6005 (RWS)

OPINION



A P P E A R A N C E S:

  <u>Attorneys for the Plaintiff</u>

  LAW OFFICE OF NATHANIEL B. SMITH
  111 Broadway
  Suite 1305
  New York, NY 10006
  By:  Nathaniel B. Smith, Esq.

  <u>Attorney for Defendant Mauriello</u>

  SCOPPETTA SEIFF KRETZ & ABERCROMBIE
  444 Madison Avenue, 30th Floor
  New York, N.Y. 10022
  By:  Walter A. Kretz, Jr., Esq.

**Sweet, D.J.**

Plaintiff Adrian Schoolcraft ("Plaintiff" or "Schoolcraft") has moved pursuant to Fed. R. Civ. P. 12(f) to strike a portion of the counterclaims filed by Defendant Deputy Inspector Steven Mauriello ("Mauriello" or "Defendant") (the "Counterclaims"). For the reasons set forth below, Plaintiff's motion is denied.

**Prior Proceedings**

A detailed recitation of the facts of the case is provided in this Court's opinion dated May 6, 2011, which granted in part and denied in part Defendant Jamaica Hospital Medical Center's motion to dismiss. *See Schoolcraft v. City of N.Y.*, 10 Civ. 6005, 2011 WL 1758635, at *1 (S.D.N.Y. May 6, 2011). Familiarity with those facts is assumed. The action involves claims brought by Plaintiff in the Second Amended Complaint, dated September 25, 2012 (the "SAC") against the City, Mauriello, several other members of the New York City Police Department ("NYPD"), Jamaica Hospital Medical Center ("JHMC"), two doctors employed by JHMC, and others.

The instant motion involves the Counterclaims filed by

1

Defendant Mauriello on March 18, 2014. The Counterclaims seek recovery from Plaintiff for the damages suffered by Mauriello as a result of Plaintiff's alleged interference with Mauriello's employment relationship with the NYPD. The Counterclaims allege that Plaintiff willfully and maliciously engaged in conduct to damage the career and reputation of Mauriello, which included Plaintiff's reports to the NYPD Quality Assurance Division ("QAD") that Mauriello imposed illegal quotas on his officers. The Counterclaims allege that Plaintiff undertook his actions to get revenge against Mauriello for signing off on Plaintiff's 2008 NYPD evaluation in which he received a sub-standard rating. (*See* Counterclaims ¶¶ 2, 3, 7.) Paragraph 6 of the Counterclaims contain an allegation that Schoolcraft made a racist statement concerning African Americans that Mauriello contends is contradictory to Plaintiff's stated reasons for his report to QAD. (*Id.* ¶ 6.) The statement was not directed at Mauriello, a Caucasian male. (*Id.*)

Plaintiff filed the instant motion on April 11, 2014. It seeks to strike the alleged racist statement said by Plaintiff in Paragraph 6 of the Counterclaims. Oral arguments were held and the matter was marked fully submitted on April 30, 2014.

**The Motion To Strike Is Denied**

2

Fed. R. Civ. P. 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike under Rule 12(f) "are not favorably viewed, and will be granted only where 'there is a strong reason for so doing.'" *Hargett v. Metro. Transit Auth.*, 552 F. Supp. 2d 393, 404 (S.D.N.Y. 2008) (quoting *M'Baye v. World Boxing Ass'n*, No. 05 Civ. 9581(DC), 2007 WL 844552, at *4 (S.D.N.Y. Mar. 21, 2007)). To prevail on a motion to strike, a party must show that: "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant." *Id.*

The allegation set forth in Paragraph 6 of the Counterclaim contains a statement by Plaintiff that includes a race-based discriminatory remark against African Americans. Plaintiff contends that there is no legitimate reason for this inflammatory material to be placed in the Counterclaims and that the statement serves no purpose other than to inflame the reader.

The Plaintiff has not shown that the allegation in Paragraph 6 is not relevant to the Counterclaims, as the statement at issue may potentially shed light on issues at the crux of the

3

Counterclaims. The Counterclaims allege that Plaintiff had a personal grudge and bias against Defendant and this grudge was the true reason for Plaintiff's complaints to the QAD about Mauriello's alleged misconduct as the commanding officer of the 81st Precinct. (Counterclaims ¶¶ 3-7.) Central to this alleged resentment was Plaintiff's 2008 NYPD evaluation. The Counterclaims also challenge Plaintiff's purported motivation for bringing his complaints to the QAD: that Schoolcraft sought to fight for the interests of the minority community served by the 81st Precinct. (Id. ¶ 6.) Plaintiff's purported motivation for his reports to QAD is directly at odds with Defendant's version of Schoolcraft's motivations.

The statement in Paragraph 6 is pertinent in two ways to the Counterclaims. First, the statement is germane as to whether Plaintiff's 2008 performance evaluation was related to his alleged failure to comply with illegal quotas imposed by Mauriello or on his actual performance as a police officer. Second, it is also relevant to whether Plaintiff brought the QAD complaints because of his grudge against Mauriello or, as Plaintiff contends, of his concern towards the predominantly minority community served by the 81st Precinct. Given that the statement allegedly made by Plaintiff bears on relevant issues, the statement's inflammatory

4

nature is not sufficient to grant the motion to strike.[1] "[I]t is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2011); *see also Lynch v. Southampton Animal Shelter Foundation Inc.*, 278 F.R.D. 55, 65 (E.D.N.Y. 2011) (same). Even if an allegation "may not pass Rule 11 scrutiny at a later stage in the litigation" it may not be stricken if it has have some "possible bearing on the subject matter of the [party's] claim". *Velez v. Lisi*, 164 F.R.D. 165, 167 (S.D.N.Y. 1995); *see also Illiano v. Mineola Union Free School Dist.*, 585 F. Supp. 2d 341, 357 (E.D.N.Y. 2008) (denying a motion to strike allegations pertaining to a defendant's alleged anti-Semitic remarks because they were relevant to gender-based hostile work environment claims and retaliation claims).

---

[1] The inflammatory nature of the derogatory remark is also softened by Plaintiff's allegations in the SAC of others using the same word: once allegedly by one officer speaking to another officer and another by one of the defendant officers to berate a subordinate officer. (*See* SAC ¶¶ 240-43.)

5

**Conclusion**

Based on the reasoning above, Plaintiff's motion for strike is denied.

It is so ordered.

**New York, NY**
**May 7, 2014**

_____
ROBERT W. SWEET
U.S.D.J.