## MARTIN CLEARWATER & BELL LLP

COUNSELORS AT LAW

220 EAST 42ND STREET, NEW YORK, NY 10017-5842
TELEPHONE (212) 697-3122   FACSIMILE (212) 949-7054
www.mcblaw.com

GREGORY J. RADOMISLI
PARTNER

DIRECT DIAL: (212) 916-0923
E-MAIL: radomg@mcblaw.com

May 23, 2014

**BY ECF**
**AND FAX (212-805-7925)**

Hon. Robert W. Sweet
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:  **Schoolcraft v. Jamaica Hospital Medical Center**
             Civil Action No.   10 CV 6005 (RWS)
             MCB File No.      667-82153

Dear Judge Sweet:

      We represent the defendant Jamaica Hospital Medical Center ("JHMC") in the above-referenced matter. This letter is submitted in opposition to plaintiff's counsel's May 22, 2014 letter requesting that Your Honor order JHMC to produce two additional witnesses for depositions.

      Three weeks before the discovery cut-off date, plaintiff's counsel states that he wants two depose two JHMC psychiatrists: Dr. Khin Mar Lwin and Dr. Indira Patel. Both those physicians were identified as potential witnesses when JHMC responded to plaintiff's Stage I Interrogatories on <u>August 5, 2011</u>. If plaintiff's counsel had wanted to take those depositions, he could have noticed them at any time *within the past three years*.

      Furthermore, a conference was held before Your Honor on March 13, 2014. At the conference, the following exchange occurred at page 8 (a portion of the transcript is attached as Exhibit "A"):

GJR/da
2258036_1.DOC

WESTCHESTER COUNTY OFFICE
245 MAIN STREET
WHITE PLAINS, NY 10601
TELEPHONE (914) 328-2969
FACSIMILE (914) 328-4056

NASSAU COUNTY OFFICE
90 MERRICK AVENUE - SUITE 401
EAST MEADOW, NY 11554-1576
TELEPHONE (516) 222-8500
FACSIMILE (516) 222-8513

NEW JERSEY OFFICE
744 BROAD STREET
NEWARK, NJ 07102
TELEPHONE (973) 735-0578
FACSIMILE (973) 735-0584

May 23, 2014
Page 2

|  |  |
|---|---|
| MR. SHAFFER: | If I may ask, could the Court preclude plaintiff from noticing any additional depositions of people he has got identities of at this point? We are so late in the game here. |
| THE COURT: | Oh, yes. All right. Unless there is something that's presented today, there are no further discovery demands -- depositions, documents, etc., etc. -- unless there is something that comes up today. |

Accordingly, plaintiff's counsel is not entitled to take any more depositions. The fact that one of the City witnesses offered testimony that contradicts portions of the JHMC chart is not an adequate excuse to justify prolonging discovery. Indeed, if obtaining contradictory testimony was sufficient to continue engaging in discovery, discovery would never end.

Finally, plaintiff's counsel has already taken 13 depositions, and he plans to take two or three more before the June 13, 2014 discovery cut-off date. Pursuant to Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure, plaintiff's counsel was required to seek leave to take Dr. Lwin's and Dr. Patel's depositions, which he has now done. According to the Rule, the Court must grant leave to the extent consistent with Rule 26(b)(2).

Rule 26(b)(2)(C) states that the Court must limit the extent of discovery if (i) the discovery sought can be obtained from some other source that is more convenient or less expensive or (ii) the party seeking discovery has had an ample opportunity to obtain the information. In this case, plaintiff's counsel clearly had ample opportunity to take Dr. Lwin's and/or Dr. Patel's depositions, and he should not be permitted to take them now. If, however, this Court determines that plaintiff's counsel is entitled to ask the doctors about "the sources, if any for their notes" (plaintiff's 5/22/14 letter at p. 15), then is it respectfully requested that Dr. Lwin, who actually wrote the note in question, be permitted to submit an Affidavit attesting to her belief that Sergeant James had relayed the information to her, as reflected in her note.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

MARTIN CLEARWATER & BELL LLP

Gregory J. Radomisli (GJR 2670)

2258036_1.DOC

May 23, 2014
Page 3

cc: **BY ECF AND E-MAIL**

      Attorneys for all parties