```
                                                                    1
 1   E3ddschc                    Conference
 2   UNITED STATES DISTRICT COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3   ------------------------------x
 3
 4   ADRIAN SCHOOLCRAFT,
 4
 5              Plaintiff,
 5
 6         v.                                  10 CV 6005 (RWS)
 6
 7   THE CITY OF NEW YORK, et al.,
 7
 8              Defendants.
 8
 9   ------------------------------x
 9                                             New York, N.Y.
10                                             March 13, 2014
10                                             2:00 p.m.
11   Before:
11
12                    HON. ROBERT W. SWEET,
12
13                                        District Judge
13
14                         APPEARANCES
14
15   NATHANIAL B. SMITH
15        Attorney for Plaintiff
16
16   JOHN LENOIR
17        Attorney for Plaintiff
17
18   MICHAEL A. CARDOZO
18        Corporation Counsel for the
19        City of New York
19        Attorney for City Defendants
20   BY:  SUZANNA PUBLICKER METTHAM
20        RYAN G. SHAFFER
21
21   SCOPPETTA SEIFF KRETZ & ABERCROMBIE
22        Attorneys for Defendant Steven Mauriello
22   BY:  WALTER A. KRETZ, JR.
23
23   MARTIN CLEARWATER & BELL LLP
24        Attorneys for Defendant Jamaica Hospital
24   BY:  GREGORY JOHN RADOMISLI
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
 1                   APPEARANCES CONTINUED
 2
 2     IVONE, DEVINE and JENSEN, LLP
 3          Attorneys for Defendant
 3          Dr. Isak Isakov
 4     BY:  BRIAN E. LEE
 4
 5     CALLAN, KOSTER, BRADY & BRENNAN, LLP
 5          Attorneys for Defendant
 6          Dr. Lilian Aldana-Bernier
 6     BY:  PAUL F. CALLAN
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                  3
1              THE COURT:  Please, be seated.  Thanks very much.
2              I am going to take as our text the March 5 letter from
3    the city.
4              Have all the witnesses now been identified by the
5    plaintiff?
6              MS. METTHAM:  Well, your Honor, plaintiff identified
7    one witness.  However, he did so nearly a month after the Court
8    had ordered him.
9              THE COURT:  That wasn't quite my question.  My
10   question was, have all the witnesses now been identified?
11             MR. LENOIR:  Yes, your Honor.  I believe so from the
12   plaintiff's side.
13             THE COURT:  All right.  OK.  So I think that sort of
14   takes care of that.
15             Who is the late witness?
16             MS. METTHAM:  Your Honor, the witness is an individual
17   by the name of Joe Ferrara.  City defendants seek to have him
18   precluded as a witness based on plaintiff's failure to comply
19   with the Court's order and the fact that plaintiff had known of
20   this witness for three-and-a-half years prior to the
21   identification.
22             THE COURT:  OK.  Is there a real problem with this
23   witness?
24             MS. METTHAM:  We don't believe he is relevant in any
25   way but --
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

                                                                    4
1            THE COURT:  OK.  All right.  So we've solved that.
2    Everybody has been identified.
3            Second, subpoenas.  Now, let's see if we could figure
4    this out.  The plaintiff has sought depositions of the Jamaica
5    Hospital defendants, correct?  And we haven't agreed on -- you
6    haven't been able to work out whether or not those depositions
7    are going to be taken.  Yes?
8            MR. RADOMISLI:  Well, they designated two emergency
9    medical technicians who were at the plaintiff's home.  The only
10   issue is if your Honor needs to extend discovery, then
11   certainly they will be produced.
12           THE COURT:  OK.
13           MR. LENOIR:  We have also asked for the hospital to be
14   deposed, and we could not really discuss the time or who would
15   be the person representing the hospital for deposition.
16           MR. RADOMISLI:  They were supposed to serve a 30(b)(6)
17   notice and an identification.  So that hadn't been done.
18           THE COURT:  That had been done?
19           MR. RADOMISLI:  Had not been done.
20           THE COURT:  What is the problem?
21           MR. RADOMISLI:  I don't know.  They just haven't
22   served it.  They haven't identified anyone other than the two
23   EMTs is what I am trying to say.
24           THE COURT:  Do you want a 30(b)(6) witness from the
25   hospital?  What do you want?
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

```
                                                                  5
 1              MR. LENOIR:  To depose the hospital itself regarding
 2    its policy --
 3              THE COURT:  Yes.  But I drove by the hospital the
 4    other day and, oddly enough, it can't speak.  Now, who do you
 5    want?
 6              MR. LENOIR:  We don't know who the hospital would want
 7    to represent it, whether it is counsel or -- but somebody who
 8    would speak on behalf of the hospital.
 9              THE COURT:  Well, it sounds like a 30(b)(6) witness,
10    doesn't it?
11              MR. RADOMISLI:  Yes.
12              THE COURT:  It sounds like you want to designate
13    somebody to testify on behalf of the hospital.
14              MR. RADOMISLI:  About what?
15              THE COURT:  Well, I suspect it is about the incident.
16              MR. RADOMISLI:  They've already deposed --
17              THE COURT:  No.  No.  I understand that.  But I don't
18    know what he wants to ask them.  Nor do you.  But somebody
19    who -- you don't know who you want?
20              MR. LENOIR:  Well, we want, I guess, a 30(b)(6), but
21    someone to speak on behalf of the hospital regarding their
22    policies for admitting patients in the context of Officer
23    Schoolcraft.
24              THE COURT:  OK.  I take it -- wait a minute.  Let's
25    see if we can be clear.  Patients admitted under claims of
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                              6
 1    what?
 2              MR. LENOIR:  Emotionally disturbed persons.
 3              THE COURT:  OK.  All right.  We solved that.  You all
 4    can get together on a schedule.
 5              Now, subpoenas.  I mean, is that it for the hospital?
 6              MR. RADOMISLI:  As far as the hospital witnesses go?
 7              THE COURT:  Yes.
 8              MR. RADOMISLI:  I believe so.
 9              THE COURT:  OK.  How about the city?
10              MR. SHAFFER:  Your Honor, it is the city's position
11    that plaintiff, he waived his right to depose the witnesses he
12    is now seeking to depose by waiting until the last minute to
13    seek their depositions.  He has known about these witnesses who
14    are defendants since 2011, and then he seeks to depose them on
15    a two-week expedited schedule without conferring with anybody,
16    knowing full well that all of the other depositions took months
17    to schedule.  And he does so in an attempt to basically garner
18    an extension of discovery from the Court by saying, oh, I
19    couldn't have possibly known who I wanted to depose without
20    deposing the first ten witnesses, which makes no sense because
21    he has known about all of these people since 2011.  In fact,
22    they were identified in his own initial disclosures, some of
23    them.
24              THE COURT:  Yes.
25              MR. SHAFFER:  So our position is that he has waived
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                 7
 1    his right to depose them and by waiting until the last minute
 2    and then just unilaterally selecting dates to depose them.
 3             THE COURT:  What are we talking about in terms of
 4    numbers?
 5             MR. SHAFFER:  I believe seven additional witnesses,
 6    all of whom their identities have been known for years in this
 7    case.
 8             THE COURT:  These are not defendants?
 9             MR. SHAFFER:  Six of them are defendants.  I believe
10    one of them is a nonparty city employee.
11             THE COURT:  And the six defendants have not been
12    deposed?
13             MR. SHAFFER:  No.  And no formal notice was ever
14    served until, I believe, 28 days before the close of discovery,
15    seeking to depose them within a matter of two weeks.
16             THE COURT:  And then who is the additional person?
17             MR. SHAFFER:  It is an NYPD sergeant who is not named
18    as a defendant but has been identified as a witness by both
19    sides, I believe.  And he was not present on the night of the
20    incident.
21             THE COURT:  All right.  So the plaintiff can take
22    those seven depositions and we'll talk about scheduling.  That
23    is something that you will have to work out but we'll talk
24    about it.
25             MR. SHAFFER:  Your Honor.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                  8
 1              THE COURT:  Yes.
 2              MR. SHAFFER:  If I may ask, could the Court preclude
 3    plaintiff from noticing any additional depositions of people he
 4    has got identities of at this point?  We are so late in the
 5    game here.
 6              THE COURT:  Oh, yes.  All right.  Unless there is
 7    something that's presented today, there are no further
 8    discovery demands -- depositions, documents, etc., etc. --
 9    unless there is something that comes up today.
10              MR. SHAFFER:  OK.
11              THE COURT:  Now, document demands.  Do I have the
12    sense that that was resolved, or am I wrong?
13              MR. SHAFFER:  Not resolved.
14              THE COURT:  OK.  And the city's position is that the
15    document demands recently served are duplicative and largely
16    have been complied with.
17              MR. SHAFFER:  Some are duplicative.  The remainder for
18    the most part are just blatantly irrelevant to the case.
19              Just a brief example, your Honor:  Requests for
20    several years worth of logs relating to vehicles towed in the
21    81st Precinct, with no connection to Mr. Schoolcraft or any of
22    the defendants.
23              And it's the city's position that serving duplicative
24    and irrelevant complaints is an abuse of the discovery process.
25              THE COURT:  OK.  Now, duplicative, that should be --
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```