UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ADRIAN SCHOOLCRAFT,                              10CV6005(RWS)

                     Plaintiff,             Rule 26(f)(3)

   -against-                                    Amended Discovery Plan

THE CITY OF NEW YORK, et al.,

                     Defendants.
-----------------------------------------------------------------x

      The parties submit the following Amended Discovery Plan, pursuant to Federal Rules of Civil Procedure Rule 26(f)(3).

      1.     The depositions of the following parties and non-party witnesses will proceed as set forth below. Each deposition shall consist of a maximum of seven hours of actual testimony time. Depositions will be at the office of Nat Smith, 111 Broadway, NYC unless otherwise noted.

| Witnesses | Date of deposition |
|---|---|
| Dr. Lwin | TBD |
| Dr. Patel (if subpoenaed by plaintiff) | TBD |
| Christopher Broschart | TBD |
| Steven Mauriello | July 1, 2014 at Walter Kretz' office, 444 Madison Avenue |
| NYC 30b6 witness | TBD |
| Jamaica Hospital | TBD (involuntary admission policy witness) |
| Kurt Duncan | TBD (completion of deposition) |

Each deposition shall consist of a maximum of seven hours of actual testimony time. Each party maintains the right to apply to the court for additional time if this is deemed necessary by that party. It is further understood that these dates are subject to slight adjustments due to scheduling conflicts that may arise and due to the availability of witnesses.

      2.     The handling of confidential and attorneys' eyes only confidential and/or privileged information continues to be controlled by the Stipulation and Protective Order and

DEFENDANTS' PROPOSAL

Attorneys' Eyes Only Stipulation and Protective Order so-ordered by the Court on October 3, 2012[1].

3.  Local Rule 33.3(c) interrogatories seeking the claims and contentions of the opposing parties shall be served after the depositions of the parties are completed. Plaintiff will respond thereto within two weeks and defendants will respond within twenty days after the plaintiff's response[2].

4.  Fact discovery shall be completed by July 18, 2014. Documents previously ordered by the Court to be produced by the City defendants shall be produced by June 30, 2014.

5.  Any expert disclosure not previously made, and the depositions of experts, shall be scheduled for the two months after the fact discovery is completed. Plaintiff's expert disclosure shall be made by August 4, 2014 and defendants' expert disclosure shall be made by September 11, 2014. Depositions of plaintiff's expert(s) shall be completed by September 19, 2014 and depositions of defendants' experts shall be completed by October 9, 2014. Expert disclosure shall be completed no later than October 9, 2014.

6.  Any dispositive motions shall be served to be returnable on November 14, 2014, 

---

[1] Plaintiff states that the attorney's-eyes-only designations are too broad, improper, and are interfering with the plaintiff's ability to prepare for and participate in pre-trial proceedings. Plaintiff's counsel has raised these objections with the City Defendants and is in the process of designating the documents that the plaintiff's counsel contends should not be subject to the attorney's-eyes-only restriction. As such, the plaintiff objects to this paragraph of the discovery plan.

[2] Plaintiff objects to the provision providing for contention interrogatories on the ground that they are unnecessary, unduly broad and burdensome and duplicative of other pre-trial proceedings and devises.

with motion papers served by October 17, 2014; opposition papers served by October 31, 2014; and reply papers served by November ~~11~~ 5, 2014.

7. The parties have conferred on this Schedule and Agree on the provisions hereof. The plaintiff does not agree on that dates in paragraphs 5 and 6, above, and also requests an earlier trial date to be set forth in paragraph 8. The defendants propose this schedule as set forth herein as dispositive motions must be made after expert disclosure is completed, and the plaintiff's proposed schedule would mandate such motions in the middle of expert discovery.

~~8~~ 7. Based on the above extensions of time, the trial date for this matter shall be rescheduled by the Court. The trial date shall be set for a date two weeks after the Court decides the dispositive motions, or at another date to be set by the Court.

Dated: New York, New York
~~June 10, 2014~~

It is so Ordered

_____
The Hon. Robert W. Sweet, U.S.D.J.

6·12·14