UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,

                                            10-cv-6005 (RWS)

                         Plaintiff,

     -against-                           *MEMORANDUM OF LAW
IN OPPOSITION TO CITY
DEFENDANTS'
RECONSIDERATION MOTION*

THE CITY OF NEW YORK, *et al.*,

                                   Defendants.
--------------------------------------------------------------x

*Preliminary Statement*

       Plaintiff, Police Officer Adrian Schoolcraft, submits this memorandum of law in opposition to the City Defendants' June 12, 2014 letter, requesting a conference on their proposed motion for reconsideration of the Court's May 28, 2014 oral orders to produce certain documents and certain Rule 30(b)(6) witnesses. The four matters that are the subject of the reconsideration motion are the production of:

       (1) a witness on the NYPD's gun amnesty program;

       (2) a witness on the NYPD's overtime policies and practices;

       (3) documents consisting of 81st Precinct logs for towing, sick reports and the gun amnesty program; and

       (4) findings or reports regarding disciplinary action taken by the NYPD

against Defendant Marino.

Although Local Rule 6.3 requires a party seeking reconsideration to set forth "concisely the matters or controlling decisions which counsel believes Court overlooked," the City Defendants ignore this requirement with respect to three of the matters.  And on the fourth matter, pertaining to the overtime claim, the City Defendants merely parrot the term "overlook" when they argue that the Court overlooked that the plaintiff's deposition testimony allegedly "contradicts his relevancy arguments." (City Defendants' June 12, 2014 Letter at p. 3.)  Since this point in merely another way of making a relevancy argument that was previously made and rejected, there is no basis for suggesting that the Court did not consider (and reject) the City Defendants' relevancy argument the first time.

Accordingly, the City Defendants fail to point to any factual or legal matters that the Court actually overlooked, as required by Local Rule 6.3.  This Court has recently set forth the strict standards for a reconsideration motion in *Ferring B.V. v. Allergan, Inc.,* 2013 U.S. Dist. Lexis 111374 at p. *3-5 (S.D.N.Y. Aug. 7, 2013).  The City Defendants fail that test, which is set forth below:

> As this Court recently confirmed, reconsideration of a court's prior order under Local Rule 6.3 or Rule 59 "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sikhs for Justice v. Nath*, 893 F. Supp.2d 598, 605 (S.D.N.Y. 2012)

(citations omitted). Accordingly, the standard of review applicable to such a motion is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might "materially have influenced its earlier decision." *Anglo Am. Ins. Group v. CalFed, Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996) (quoting *Morser v. AT & T Information Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989)). A party seeking reconsideration may neither repeat "arguments already briefed, considered and decided," nor "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted).

The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Polsby v. St. Martin's Press, Inc.*, No. 97-690(MBM), 2000 U.S. Dist. LEXIS 596, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation and quotation marks omitted). Motions for reconsideration "are not vehicles for taking a second bite at the apple, . . . and [the court] [should] not consider facts not in the record to be facts that the court overlooked." *Rafter v. Liddle*, 288 Fed. App'x. 768, 769 (2d Cir. 2008) (citation and quotation marks omitted). Thus, a court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. *See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig.*, 08 M.D.L. No. 1963, 2009 U.S. Dist. LEXIS 61588, 2009 WL 2168767, at *1 (S.D.N.Y. Jul. 16, 2009) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.") (citation and quotation omitted).

Local Rule 6.3 requires that motions for reconsideration be accompanied by "a memorandum setting forth concisely the

matters or controlling decisions which counsel believes the Court has overlooked." Local Rule 6.3. "[M]atters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Sikhs for Justice*, 893 F. Supp. 2d at 605 (citing *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 ("[T]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.").

## *Argument*

The City Defendants do not satisfy this strict standard for a reconsideration motion for three reasons.  First, as noted above, they fail to point to any specific law or fact that was in the record on the initial motion that the Court "overlooked." This alone is a sufficient reason for denying the motion.  *Ferring B.V, supra* (reconsideration must direct the Court to overlooked matters before it on the original motion).

Second, the reconsideration motion is based on (i) re-arguing relevancy objections previously made and rejected or (ii) raising entirely new arguments. Yet as noted by the Court in *Ferring:*  "[a] motion for reconsideration is not the proper venue for the submission of new material." (*Id.* at *5.) *(citing  Sys. Mgmt. Arts, Inc. v. Avesta Technologies, Inc*., 106 F. Supp. 2d 519, 520-21 (S.D.N.Y. 2000).

Third, the arguments with respect to these four matters should be rejected substantively as well.  We address each of the matters below:

### 1.  The Gun Amnesty Program

The City Defendants claim that the gun amnesty program is irrelevant.  As we made clear on the initial motion, the gun amnesty program is relevant because the 81st Precinct was using the program improperly as a trap in order to increase the number of reported gun arrests.  Indeed, the abuse of this program was one of the issues Officer Schoolcraft raised with internal NYPD investigators.  Thus, the request for reconsideration of this prior ruling should be denied.

### 2.  The Overtime Witness

The City Defendants argue that the overtime witness is "irrelevant" because the plaintiff testified at his deposition that he was not a specific victim of a practice of using the denial of overtime to enforce the 81st Precinct's quotas on stops, summons, and arrests.  Since plaintiff was never punished with the denial of overtime, the matter is irrelevant, so the argument goes.  But that argument misses the point already made on the prior motion (and previously pointed out by Officer Schoolcraft at his deposition), which was that other officers at the 81st Precinct were denied overtime as a means for enforcing the quota policy.  Since relevancy is obviously not limited to what a party has personally experienced, the request for reconsideration should be rejected.

### 3.  The Tow, Sick and Gun Amnesty Logs

The City Defendants argue that the tow, sick, and amnesty logs are not

relevant.  Yet, we already demonstrated that these logs are relevant to the

misconduct at the 81st Precinct.  For example, as noted above, the amnesty logs are

relevant to the gun amnesty program, which was used to improperly inflate gun

arrest.  Similarly, the sick logs are relevant because Officer Schoolcraft alleged

violated the sick policy on October 31, 2009 when he left the precinct before the

end of his schedule tour.  Finally, the tow logs are relevant to the summons quotas

for tickets.  Thus, this argument should also be rejected.

### 4.  *The Marino Report and Findings*

The City Defendants finally argue that they should not be required to

produce a report on findings against Defendant Marino.  At the outset, the Court

should note that initially the City Defendants produced a conclusory summary,

document in response to the Court's oral order on March 13, 2014 to produce the

determination of the NYPD's action against Defendant Marino.  And in response

to our request for the actual findings, the City Defendants at first claimed that they

had produced all that was required.  Now, however, only after being directed to

produce any findings, and in their "reconsideration" motion, the City Defendants

state that "following the May 28th conference the undersigned was able to

determine that such a report [on Marino] does exists."  (June 12, 2014 Letter at p.

4).  Based on this "new" discovery of a report that should have been produced in

response to the March 13, 2014 Order, the City Defendants raise a new argument:

that the report contains "nothing more than a detailed discussion of defendant

Marino's personal medical history."  (*Id.*)

Since this is a report by a Deputy Commissioner of Trials to the NYPD

Commissioner of Police, we doubt that this is "all" that the report states.

Accordingly, the Court should determine that any such objection has been waived

by (1) failing to acknowledge the report's existence and (2) by failing to raise this

issue on the initial motion.

*Conclusion*

For these reasons, Officer Schoolcraft respectfully requests that the

reconsideration motion be denied.

Dated:  June 20, 2014

*s/NBS*

_____

Nathaniel B. Smith
Attorney for Plaintiff
111 Broadway – Suite 1305
New York, NY 10006
natbsmith@gmail.com
