UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

ADRIAN SCHOOLCRAFT,

                 Plaintiff,

  - against -                            10 Civ. 6005 (RWS)

                                                          OPINION

CITY OF NEW YORK, et al.,

                 Defendants.

-----------------------------------------X

A P P E A R A N C E S:

    <u>Attorneys for the Plaintiff</u>

    LAW OFFICE OF NATHANIEL B. SMITH
    111 Broadway
    Suite 1305
    New York, NY 10006
    By:  Nathaniel B. Smith, Esq.

    <u>Attorneys for the City Defendants</u>

    MICHAEL A. CARDOZO
    CORPORATION COUNSEL OF THE CITY OF NEW YORK
    100 Church Street
    New York, NY 10007
    By:  Ryan G. Shaffer, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/14

**Sweet, D.J.**

Defendant City of New York (the "City" or "City Defendants") has written a letter moving for reconsideration of certain rulings made by this Court in a May 28, 2014 hearing (the "May 28 Hearing") for City Defendants' motion for a protective order pursuant to Local Civil Rule 6.3. For the reasons set forth below, the City's motion is denied.

**Prior Proceedings**

A detailed recitation of the facts of the case is provided in this Court's opinion dated May 6, 2011. See Schoolcraft v. City of N.Y., 10 Civ. 6005, 2011 WL 1758635, at *1 (S.D.N.Y. May 6, 2011). Familiarity with those facts is assumed.

The instant motion is related to the May 28 Hearing regarding City Defendants' motion for a protective order (the "May 28 Hearing"). City Defendants submitted a letter on June 12, 2014 (the "June 12 Letter") seeking reconsideration of four orders (the "Orders") made at the May 28 Hearing. Treating the letter as a motion, the matter was marked fully submitted on July 2, 2014.

**Standard of Review**

1

A motion for reconsideration is proper where "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Farez-Espinoza v. Napolitano*, 08 Civ. 11060(HB), 2009 U.S. Dist. LEXIS 35392, at *9 (S.D.N.Y. Apr. 27, 2009). Pursuant to Local Civil Rule 6.3 the Court may reconsider a prior decision to "correct a clear error or prevent manifest injustice." *Medisim Ltd. v. BestMed LLC*, 2012 U.S. Dist. LEXIS 56800, at *2-3, 2012 WL 1450420 (S.D.N.Y. Apr. 23, 2012) (citing *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 2009 WL 274467, at *1 (S.D.N.Y. 2009)).

Reconsideration of a court's prior order under Local Rule 6.3 "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Ferring B.V. v. Allergan, Inc.*, No. 12 Civ. 2650(RWS), 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (quoting *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)). Accordingly, the standard of review applicable to such a motion is "strict." *CSX*, 70 F.3d at 257 (2d Cir. 1995).

2

The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion and that might "'materially have influenced its earlier decision.'" *Anglo Am. Ins. Group v. CalFed, Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996) (quoting *Morser v. AT & T Info. Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989)); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("[T]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."). A party seeking reconsideration may neither repeat "arguments already briefed, considered and decided," nor "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted).

**City Defendants' Motion for Reconsideration Is Denied**

The City seeks reconsideration of the four Orders made at the May 28 Hearing. The Orders are that: (1) Plaintiff is permitted to question a Fed. R. Civ. P. 30(b)(6) witness on the topic of the New York City Police Department's (the "NYPD") Gun Amnesty Program; (2) Plaintiff is permitted to question a Fed. R. Civ. P. 30(b)(6) witness on the allocation of overtime within the

3

81st Police Precinct; (3) the City is required to produce the 81st Precinct's Road Tow, Sick, and Gun Amnesty log books; and (4) the City is required to produce additional documents pertaining to an unrelated disciplinary proceeding against defendant Michael Marino ("Marino"). The City's contention with regards to the Orders do not meet the strict standards for reconsideration.

The June 12 Letter raises several arguments for reconsideration of the Orders, but its main argument against all four Orders pertains to the relevancy of the information sought. City Defendants at the May 28 Hearing repeatedly raised the issue of relevancy when discussing the underlying subject matters pertaining to the Orders. See, e.g., May 28 Hearing Tr. 12:12-13, 14:22-24, 34:13-35:2. The City again raises the issue of relevancy of the four issues in its June 12 Letter. See June 12 Letter at 2 ("In neither his May 22 letter nor in his arguments before the Court on May 28th, has [P]laintiff gone beyond a conclusory statement that the information is relevant."), 3 ("if the Court believes that the topic of overtime use within the 81st precinct is relevant to this action ...." and "[i]n arguing for production of the aforementioned logs [P]laintiff never specified how they were relevant to this action .... at no time has [P]laintiff ever articulated the relevance of these three log."), 4 ("City [D]efendants ask that the Court reconsider its ruling to produce

4

the [report pertaining to disciplinary proceeding against Marino] .... because it is irrelevant."). The City contends that the information sought by Plaintiff is not relevant and therefore not discoverable. Notwithstanding such contentions, the City has not provided any overlooked controlling decisions or material facts that were not previously argued at the May 28 Hearing with respect to relevancy on any of the Orders and has, instead, merely restated its arguments. Given such, reconsideration of the relevancy arguments must be denied.

The City's remaining arguments similarly do not meet the high burden for reconsideration. With respect to the 30(b)(6) witness for the NYPD Gun Amnesty Program, the City contends that any inconsistencies regarding the Gun Amnesty Program would not make any material fact in dispute in this litigation any more or less probable. The City had previously raised this argument at the May 28 Hearing, see May 28 Hearing Tr. 14:22-24 (City attorney arguing that the gun amnesty program "has nothing to do with this case"), and provides no further support for the veracity of its contention. Given such, the City's urging for reconsideration on the 30(b)(6) witness for the NYPD Gun Amnesty Program is denied.

The City Defendants' contentions against having a 30(b)(6) witness on the allocation of overtime in the 81st Precinct

5

also does not meet the strict standards for reconsideration. Other than its relevancy argument, the City contends that the topic of overtime use is more appropriate for a fact witness and that two fact witnesses, defendants Steven Mauriello and Theodore Lauterborn, have already been deposed, likely had knowledge of overtime use within the 81st Precinct, and Plaintiff had failed to question them on the issue. However, Plaintiff seeks a 30(b)(6) witness for testimony on official NYPD overtime policy. A 30(b)(6) witness speaks for the corporation or entity. *See Soroof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys.*, LLC, 10 CIV. 1391 LGS JCF, 2013 WL 1286078 (S.D.N.Y. Mar. 28, 2013) ("The 'plain[ ]' language of Rule 30(b)(6) 'makes clear that a designee is not simply testifying about matters within his or her own personal knowledge, but is speaking for the corporation about matters to which the corporation has reasonable access.'" (quoting *Great Am. Ins. Co. of New York v. Summit Exterior Works, LLC*, No. 3:10 CV 1669, 2012 WL 459885, at *3 (D. Conn. Feb. 13, 2012))); *Cipriani v. Dick's Sporting Goods, Inc.*, 3:12 CV 910 JBA, 2012 WL 5869818, at *2 (D. Conn. Nov. 19, 2012) ("The testimony provided by a corporate representative at a [Rule] 30(b)(6) deposition binds the corporation." (quoting *New Jersey v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 610671, at *1 (D. Kan. Feb. 19, 2010))). A fact witness is an inappropriate witness for the questions Plaintiff seeks to ask, and City Defendants have cited to no authority

suggesting otherwise. Consequently, the City Defendants request for reconsideration of this issue must be denied.

With regards to the road tow, sick and gun amnesty logs, City Defendants contend that production of the sick and gun amnesty logs may implicate the sealing provisions of Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and N.Y.C.P.L. §§ 160:50 and 160.55, respectively. However, the City has only cursorily raised this argument and has provided no further analysis. The June 12 Letter only states that "these logs ... implicate additional concerns which the Court may not have considered .... the sick log potentially implicates the sealing provisions of HIPAA and the privacy rights of countless non-parties to this action .... the gun amnesty log ... may implicate the sealing provisions of N.Y.C.P.L. §§ 160:50/160.55." "[I]ssues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Lima v. Hatsuhana of USA, Inc.*, 13 CIV. 3389 JMF, 2014 WL 177412 (S.D.N.Y. Jan. 16, 2014) (quoting *Lyn v. Inc. Vill. of Hempstead*, No. 03 Civ. 5041(DRH), 2007 WL 1876502, at *16 n. 13 (E.D.N.Y. June 28, 2007), aff'd, 308 F. App'x 461 (2009) (summary order)); see also, e.g., *Chevron Corp. v. Donziger*, No. 11 Civ. 691(LAK)(JCF), 2013 WL 4045326, at *1 n. 3 (S.D.N.Y. Aug. 9, 2013) (noting that the plaintiff "ha[d] waived [an] argument by failing to develop it").

7

Apart from citing to the HIPAA or the N.Y. C.P.L., the City has not presented an argument as to why these provisions apply. Accordingly, reconsideration as to this issue is denied, and the City is to produce the requested information, although any privileged information may be redacted subject to later consideration and review.

The City also moved for reconsideration on the production of the findings on Marino. At the May 28 Hearing, the production of reports on certain disciplinary charges against Marino and the findings in the disciplinary proceedings on those charges (the "Marino Report") was ordered. In the June 12 Letter, City Defendants raised concerns of relevancy. As previously noted, the City's contentions regarding relevancy in the June 12 Letter as to the Marino Report does not present any controlling decisions or data that were overlooked or show any clear error or manifest injustice. The City's relevancy concerns are insufficient to compel reconsideration.

City Defendants next contend that the Marino Report contains only Marino's personnel medical history and that such private medical information is protected from unwarranted disclosure by HIPAA. The City has also cited to cases that have found a privacy interest in a party's medical records. See

8

*Olszewski v. Bloomberg L.P.*, 2000 U.S. Dist. LEXIS 17951 (S.D.N.Y. Dec. 12, 2000); *Whalen v. Roe*, 429 U.S. 589, 598, 51 L. Ed. 2d 64, 97 S.Ct. 869 (1977). City Defendants did not raise these arguments either at the May 28 Hearing or in its briefing for the May 28 Hearing. New arguments advanced by a party without excuse as to why these arguments were not raised previously are not cognizable on a motion for reconsideration. *Richard Feiner & Co., Inc. v. BMG Music Spain*, 01 CIV. 0937 (JSR), 2003 WL 21496812 (S.D.N.Y. June 27, 2003); *see also Novomoskvsk Joint Stock Company "Azot" v. Revson*, 95 Civ. 5399(JSR), 1999 WL 767325 at *1 (S.D.N.Y. Sept. 28, 1999) ("[N]ew arguments ... are not to be considered [on a motion for reconsideration] unless there is some valid reason they could not have been previously advanced when the motion was originally argued." (citation omitted)); *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) ("It is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." (citation omitted)). The City has not put forward any excuse as to why these arguments were not previously raised. Accordingly, the City's new arguments cannot be considered at this time, and the City's motion for reconsideration on the production of the Marino Report is denied.

9

**Conclusion**

Based on the reasoning set forth above, Defendant's motion for reconsideration is denied.

It is so ordered.

New York, NY
July 30, 2014

　　　　　　　　　　　　　　　　　　　ROBERT W. SWEET
　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.