```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

ADRIAN SCHOOLCRAFT,

                    Plaintiff,              10 Civ. 6005 (RWS)

       - against -                                OPINION


CITY OF NEW YORK, et al.,

                    Defendants.

-----------------------------------------X
```

A P P E A R A N C E S:

   Attorneys for the Plaintiff

   LAW OFFICE OF NATHANIEL B. SMITH
   111 Broadway
   Suite 1305
   New York, NY 10006
   By: Nathaniel B. Smith, Esq.


   Attorneys for the City Defendants

   MICHAEL A. CARDOZO
   CORPORATION COUNSEL OF THE CITY OF NEW YORK
   100 Church Street
   New York, NY 10007
   By: Ryan G. Shaffer, Esq.


   Attorneys for Jamaica Hospital Medical Center

   MARTIN CLEARWATER & BELL LLP
   220 East 42nd Street, 13th Floor
   New York, NY 10017
   By: Gregory John Radomisli, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/14

1

Attorneys for Dr. Isak Isakov

IVONE, DEVINE AND JENSEN, LLP
2001 Marcus Avenue
Lake Success, NY 11042
By:  Brian Lee, Esq.


Attorneys for non-party Dr. Indira Patel

VOUTÉ, LOHRFINK, MAGRO & MCANDREW LLP
100 Park Avenue
New York, NY 10017
By:  Mark McAndrew, Esq.

1

**Sweet, D.J.**

Discovery disputes have plagued this highly controversial action, perhaps understandably. The letters submitted by Plaintiff Adrian Schoolcraft ("Schoolcraft" or the "Plaintiff") on July 23, July 25, August 5, and August 12, 2014, defendant the City of New York (the "City") on July 29 and August 12, 2014, defendant Dr. Isak Isakov ("Dr. Isakov") on August 5, 2014, defendant Jamaica Hospital Medical Center ("JHMC") on July 24, 2014, and non-party witness Dr. Indira Patel ("Dr. Patel") on July 31, August 14, and August 15, 2014 are being treated as motions to compel discovery and oppositions to such motions.

**Prior Proceedings**

A detailed recitation of the facts of the case is provided in this Court's opinion dated May 6, 2011. See Schoolcraft v. City of N.Y., 10 Civ. 6005, 2011 WL 1758635, at *1 (S.D.N.Y. May 6, 2011). Familiarity with those facts is assumed.

The instant motion concerns several issues related to discovery. Plaintiff has moved for (1) continuation of the deposition of Sergeant Michael Purpi ("Sergeant Purpi"); (2)

2

continuation of the deposition of Dr. Khin Mar Lwin ("Dr. Lwin"); (3) several outstanding documents Plaintiff had requested from the City in discovery; and (4) an order for the counsel representing Dr. Patel to limit his interference in Plaintiff's deposition of Dr. Patel. The City has moved for Plaintiff to update his discovery responses pertaining to his financial and physical/emotional damages. Dr. Isakov has moved to suppress Plaintiff's use of deposition recordings in his current motions regarding the deposition of Dr. Patel.

**The Deposition of Sergeant Purpi**

The deposition of Sergeant Purpi will be continued for one hour and a half. Short objections may be stated, but the witness will answer all questions other than those to which an objection based on privilege is made.

**Document Production**

The following documents shall be produced by the City to Plaintiff:

Compstat, Trafficstat and comparable documents relating to Patrol Borough Brooklyn North in which defendant

Deputy Inspector Steven Mauriello ("Mauriello"), defendant Deputy Chief Michael Marino ("Marino") and defendant Captain Theodore Lauterborn's ("Lauterborn") participated or had knowledge concerning;

The Compstat-generated crime records of the 81st Precinct for October 31, 2009;

The Crime Reporting Handbook;

Documents demanded in Plaintiffs February 14, 2014 demand #51, 52 and Interrogatory #4;

The Early Intervention Unit file by Sergeant Weiss of early spring 2009; and

The file maintained by the NYPD on the Plaintiff's administrative appeal of his 2008 performance evaluation.

**The Deposition of Dr. Levin**

No further deposition of Dr. Levin will be taken.

**The Deposition of Dr. Patel**

4

The deposition of Dr. Patel will be resumed for one hour. All questions will be answered except those asked and an objection on the ground of privilege is made. Grounds for any objection will be briefly stated in the deposition.

**Plaintiff's Discovery Responses**

Plaintiff shall update his discovery responses pertaining to his financial and physical/emotional damages within two weeks of the filing of this Order.

**Dr. Isakov's Request**

Given the aforementioned ruling on Dr. Patel's deposition, the motion of Dr. Isakov is denied as moot.

It is so ordered.

Dated:   New York, New York
         August 29, 2014

                                          _____
                                          Robert W. Sweet, U.S.D.J.