# EXHIBIT B



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NEW YORK 10007

ZACHARY W. CARTER
*Corporation Counsel*

SUZANNA PUBLICKER METTHAM
*Assistant Corporation Counsel*
E-mail: smettham@law.nyc.gov
Phone: (212) 356-2372
Fax: (212) 788-9776

August 15, 2014

**BY FIRST CLASS MAIL & E-MAIL**
Nathaniel Smith
*Attorney for Plaintiff*
111 Broadway, Suite 1305
New York, New York 10006

      Re:  Schoolcraft v. The City of New York, et al.
           10 CV 6005 (RWS)

Counsel:

      City Defendants write in regard to certain deficiencies in plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B) in the above-referenced action. These deficiencies are as follows:

    **A.**    **Dr. Roy H. Lubit**

      Neither plaintiff nor his expert, Dr. Roy Lubit, have disclosed the cases in which Dr. Lubit has testified at trial and/or deposition for the past four (4) years as required by Rule 26(a)(2)(B)(v). Additionally, neither plaintiff nor his expert, Dr. Roy Lubit, have provided a statement of the fees for the aforesaid expert's study as required by Rule 26(a)(2)(B)(vi).

    **B.**    **Dr. Dan Helpren-Ruder**

      Neither plaintiff nor his expert, Dr. Dan Halpren-Ruder, have disclosed the cases in which Dr. Halpren-Ruder has testified at trial and/or deposition for the past four (4) years as required by Rule 26(a)(2)(B)(v). Additionally, neither plaintiff nor his expert, Dr. Dan Halpren-Ruder, have provided a statement of the fees for the aforesaid expert's study as required by Rule 26(a)(2)(B)(vi). Finally, neither plaintiff nor his expert, Dr. Dan Helpren-Ruder, have identified the data considered by the witness in forming his opinions as required by Rule 26(a)(2)(B)(ii). Specifically, while Dr. Halpren-Ruder's report at times mentions "audiotapes" and "audio records", (p. 2), which are not clearly identified, however neither the expert report, nor Plaintiff's Supplemental Expert Disclosures dated August 13, 2014 indicate that Dr. Halpren-Ruder reviewed any audiotapes. Please therefore provide a *complete* list of the documents, facts, and data relied upon by this expert in reaching his opinions.

C.     **Eli B. Silverman & John A. Eterno**

Neither plaintiff nor his experts, Eli Silverman and John Eterno, have disclosed the cases in which they have testified at trial and/or deposition for the past four (4) years as required by Rule 26(a)(2)(B)(v). Additionally, neither plaintiff nor his experts, Eli Silverman and John Eterno, have provided a statement of the fees for the aforesaid experts' study as required by Rule 26(a)(2)(B)(vi).

Importantly, neither plaintiff nor his experts, Eli Silverman and John Eterno, have identified the data considered by the witness in forming his opinions as required by Rule 26(a)(2)(B)(ii). Specifically, the Silverman & Eterno expert report repeatedly makes such statements as "our research has uncovered current occurrences of similar practices" (p. 6) and "[t]he evidence of overwhelming pressures which lead to illegal quotas on summonses, arrests, and forcible stops as well as downgrading crime reports is reflected in union statements, media accounts, non NYPD data sources, accounts of whistleblowers, court cases (*Floyd v City of New York*) and our research" (p. 4). However, this "research", the "data sources", evidence regarding Officer Polanco and Sergeant Borrelli, and the claimed PBA statements have not been produced in this matter. Additionally, the report references "hospital data, available through 2006", (p. 11), however the exact source of the data, and the data itself has not been produced. Moreover, the expert report identifies research conducted by Silverman and Eterno, but the data underlying that research has not been produced. Accordingly, in addition to the data and documentation already requested, City Defendants demand all documentation regarding the 2008 and 2012 surveys conducted by Professors Jon Eterno and Eli Silverman, including but not limited to:

1. The list of retirees that Professors Silverman and/or Eterno mailed their surveys to, including the names and contact information of those individuals;

2. Any Freedom of Information Law Requests made by Professors Silverman and/or Eterno used to obtain retiree contact information;

3. Any and all communications between Professors Silverman and/or Eterno and the New York City Police Department, or any employees thereof, regarding the 2008 and 2012 surveys, however served, electronic or otherwise;

4. Any and all raw data relied upon by Professors Silverman and/or Eterno, including but not limited to, the completed surveys received by Professors Silverman and/or Eterno for both the 2008 and 2012 surveys;

5. Any electronic databases created or utilized by Professors Silverman and/or Eterno in their analysis of the raw data;

6. Any notes created by Professors Eterno and/or Silverman regarding the 2008 and 2012 surveys;

7. A list of any other researchers or professors who aided Professors Eterno and/or Silverman in their analysis of the 2008 and 2012 survey data;

8. Drafts of the articles and surveys used by Professors Silverman and/or Eterno;

2

9. Documentation regarding any prior surveys or articles created by Professors Silverman and/or Eterno in this area; and

10. Any and all documents not specified above that bear on the 2008 and 2012 surveys conducted by Professors Eterno and Silverman and/or the articles published regarding those surveys.

**D.   Confidentiality Stipulations**

As you are no doubt aware, the Confidentiality Stipulation and Attorneys' Eyes Only Confidentiality Stipulation in place in this matter require that "[b]efore any disclosure is made to a person listed in subparagraph (a) or (b) above (other than to the Court), plaintiff and Co-Defendants shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Materials except in testimony taken in this case, or attached to motions, affidavits or declarations submitted to the Court, which have been redacted for ECF filing pursuant to the provisions of paragraph 6, infra. The signed consent shall be retained by plaintiff's attorney and/or Co-Defendants' attorneys and a copy shall be furnished to City Defendants' attorney within ten (10) days." It is apparent from the plaintiff's expert disclosures that confidential and Attorneys' Eyes Only Confidential documents were provided to some, if not all, of plaintiff's experts. However, no signed consent forms have been provided to City Defendants' attorneys heretofore in this matter.

**E.   Conclusion**

Please immediately forward the aforementioned information, documentation from plaintiff's experts, and signed consent forms for any of plaintiff's experts whom were shown confidential documents to avoid unnecessary Court intervention.

Encl.

Sincerely yours,

Suzanna Publicker Mettham
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:

Gregory John Radomisli (By First-Class Mail & E-Mail)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

3

Brian Lee  (By First-Class Mail & E-Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady  (By First-Class Mail & E-Mail)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter A. Kretz , Jr.  (By First-Class Mail & E-Mail)
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022

## DECLARATION OF SERVICE BY MAIL

I, Suzanna Publicker Mettham, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on August 15, 2014, I served the annexed:

EXPERT DEFICIENCY LETTER.

upon the following plaintiff and co-defendants by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff and co-defendants at the addresses set forth below, being the address designated by plaintiff and co-defendants for that purpose:

Nathaniel B. Smith, Esq.
111 Broadway – Suite 1305
New York, New York 10006

Gregory John Radomisli
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter A. Kretz, Jr.
SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022

Dated: New York, New York
August 15, 2014

_____
Suzanna Publicker Mettham (SP1005)
Assistant Corporation Counsel
Special Federal Litigation Division