



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

RYAN G. SHAFFER
Senior Counsel
E-mail: rshaffer@law.nyc.gov
Phone: (212) 356-2386
Fax: (212) 788-9776

September 18, 2014

**BY FAX**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*[Handwritten note: Treat as motion to compel and to bar not previously disclosed witnesses or hearsay 9-24. So ordered Sweet USDJ 9-19-14]*

Re: Schoolcraft v. City of New York et al., 10 Civ. 6005 (RWS)

Your Honor:

As one of the Senior Counsels representing City defendants in the above-referenced matter I write concerning: 1) plaintiff's failure to comply with the Court's August 29, 2014 Order directing him "update his discovery responses pertaining to his financial and physical/emotional damages within two weeks"; and 2) plaintiff's untimely disclosure of no less than seventeen individuals whom he claims, for the very first time, "may have information relevant to this action".

### I. Plaintiff's Failure to Comply with the Court's August 29, 2014 Order

By way of background on June 16, 2014, City defendants requested that plaintiff supplement his prior discovery responses concerning his alleged financial harm suffered as a result of the October 31, 2009 incident.[1] Nonetheless, plaintiff has not supplemented with additional tax returns or releases for same since that time.

City defendants June 16, 2014 letter sought supplemental responses regarding "attempts to secure other employment and/or to mitigate [plaintiff's] alleged damages since

---

[1] On December 5, 2011 City defendants served plaintiff with their first set of interrogatories and document requests which sought, in part, the aforementioned information pertaining to plaintiff's financial harm/damages. Thereafter, plaintiff responded by providing releases for same on April 9, 2012.

October 31, 2009, including but not limited to; all correspondence or other documents plaintiff has sent to or received from any employment agencies, search firms or other outplacement firms, any documents which reflect the dates upon which plaintiff has had contact with such agencies or firms, and any documents concerning any job prospects such agencies or firms have made known to plaintiff; all employment advertisement plaintiff has placed or to which plaintiff has responded; and all correspondence resumes, reference letters or other documents plaintiff has sent to or received from any prospective employers, all documents concerning nay offers of employment plaintiff has received from any prospective employers and all documents concerning plaintiff's responses to any offers of employment he has received."

On July 29, 2014 City defendants wrote the Court requesting an Order to compel plaintiff to supplement his previous responses and specifically referred to their June 16, 2014 to which plaintiff failed to respond. On August 29, 2014 the Court granted City defendants' July 29, 2014 request to compel plaintiff to respond by directing him to "update his discovery responses pertaining to his financial and physical/emotional damages within two weeks". Nonetheless, plaintiff failed to adequately update his responses. Instead, on September 12, 2014, plaintiff simply stated "since the plaintiff was last deposed he has received no additional wages or other income from employment and has not received any additional governmental benefits other than those associated with his position as a Police Officer with the NYPD or his benefits as a military veteran." It is clear that such a response is inadequate as it does not comply with the Court's Order. Moreover, on September 10, 2014, plaintiff's counsel indicated that while he was aware that tax returns and releases for tax returns were previously provided, he would not be providing any updated returns or releases because plaintiff has a new attorney who was not privy to those prior productions.

Plaintiff should not be permitted to shield himself from complying with a Court's Order merely because he obtains new counsel who disagrees with prior counsels' decisions to disclose certain documents. Accordingly, City defendants respectfully request that the Court compel plaintiff to provide updated releases for his tax returns and other information and documentation relating to his economic damages within three days.

## II. Plaintiff's Untimely Disclosure of Witnesses

As an additional matter, rather than comply with the Court's August 29, 2014 Order to supplement his financial and medical disclosures, plaintiff viewed the Court's Order as *carte blanche* to identify witnesses upon which he proposes to rely[2] despite the fact that discovery closed on July 25, 2014, and the additional fact that he was directed to identify any and all witnesses which he sought to rely upon no later than **February 21, 2014**. See January 15, 2014 Court Transcript at p. 8:8-13 annexed hereto as Exhibit "A". Plaintiff cannot now claim that he was unaware of his obligation to identify these witnesses by that time, as his own Court filings belie such an allegation. See Docket Entry No. 218, Letter Response from Plaintiff at p. 2 ("...the plaintiff is required to make that designation by February 21, 2014."

---

[2] To be clear, none of the newly identified witnesses are related to plaintiff's claims of financial, medical, or emotional damages.

2

The purpose behind the Court's Order that plaintiff identify any and all witnesses no later than February 21, 2014 (and consistent with F.R.C.P 26) was to provide defendants with an opportunity to depose those witnesses. However, plaintiff's untimely disclosure of no less than seventeen additional witnesses nearly two months after the completion of fact discovery, provides no opportunity to do so. Plaintiff's tactic of "litigation by surprise" is not in keeping with the Federal Rules, is a blatant violation of this Court's prior orders, and should not permitted. Plaintiff disingenuously told the Court that the he could not have identified the witnesses any sooner because the Court previously denied his request for discovery that would have resulted in the witnesses being identified for him. He argues this despite the fact that he never moved for reconsideration of the Court's Order denying the discovery requests, and the fact that the September 12, 2014 letter in which he identifies the witnesses states that their information was obtained in part from documents that were produced on or about October 9, 2012. Moreover, one of the witnesses, a "Tyrell or Tyron Gardenhire" has been known to plaintiff since approximately October 2009. Accordingly, City defendants request that the Court preclude plaintiff from relying on any of the individuals identified in his September 12, 2014 letter.

City defendants thank the Court for its time and consideration of these matters.

Respectfully submitted,

Ryan G. Shaffer
Senior Counsel
Special Federal Litigation

cc:   Nathaniel Smith (By E-Mail)
      *Attorney for Plaintiff*
      111 Broadway, Suite 1305
      New York, New York 10006

      Gregory John Radomisli (By E-Mail)
      MARTIN CLEARWATER & BELL, LLP
      *Attorneys for Jamaica Hospital Medical Center*
      220 East 42nd Street 13th Floor
      New York, NY 10017

      Brian Lee (By E-Mail)
      IVONE, DEVINE & JENSEN, LLP
      *Attorneys for Dr. Isak Isakov*
      2001 Marcus Avenue, Suite N100
      Lake Success, New York 11042

      Bruce M. Brady (By E-Mail)
      CALLAN, KOSTER, BRADY & BRENNAN, LLP

*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter A. Kretz , Jr. (By E-Mail)
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022