# MARTIN CLEARWATER & BELL LLP

COUNSELORS AT LAW

220 EAST 42ND STREET, NEW YORK, NY 10017-5842
TELEPHONE (212) 697-3122   FACSIMILE (212) 949-7054
www.mcblaw.com

GREGORY J. RADOMISLI
PARTNER

DIRECT DIAL: (212) 916-0923
E-MAIL: radomg@mcblaw.com

October 6, 2014

**RECEIVED OCT 06 2014 JUDGE SWEET CHAMBERS**

*Treat as motion returnable 10-22*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/3/14

**BY FAX (212-805-7925)**

Hon. Robert W. Sweet
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  **Schoolcraft v. Jamaica Hospital Medical Center**
     Civil Action No.    10 CV 6005 (RWS)
     MCB File No.        667-82153

Dear Judge Sweet:

We represent the defendant Jamaica Hospital Medical Center ("JHMC") in the above-referenced matter.

On October 1, 2014, only five days ago, the parties appeared before Your Honor for a conference. At the conference, Your Honor scheduled January 21, 2015 as the return date for dispositive motions, and a trial date of April 6, 2015.

When I returned to my office, I learned that the attorney scheduled to try this case, Kenneth R. Larywon, Esq., will be in China throughout most of April and May. It is therefore respectfully requested that Your Honor adjourn the trial date to May 20, 2015, or a date thereafter that is convenient for the Court.

Counsel for all defendants have consented to this request. Plaintiff's counsel opposes it. Presumably, plaintiff's counsel will submit a letter replete with eloquent hyperbole about how the defendants have allegedly delayed this case. A close look at the specifics, however, demonstrates that all the delays are attributable to plaintiff. For example, plaintiff's counsel has still not provided complete expert discovery. In addition, plaintiff's counsel recently identified additional fact witnesses, necessitating an extension of the fact-discovery deadline, despite its

GJR/dn
2401482_1

October 6, 2014
Page 2

having expired months ago. I do not believe that plaintiff's counsel will be able to identify any *specific* delays as a result of defendants' counsel's conduct beyond having to accommodate the schedules of the attorneys who have appeared in this action.

I am not suggesting that plaintiff's counsel is to "blame." Rather, in light of the various delays that have plagued this case from the beginning, I am suggesting that an additional 6 weeks out of the past 216 weeks this case has been pending is a "drop in the bucket," and that any opposition by plaintiff's counsel to defendants' request would by unreasonable. Indeed, we are only requesting a 6 week adjournment, in contrast to the 6 month delay that was necessitated by plaintiff's belated disclosure.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

MARTIN CLEARWATER & BELL LLP

Gregory J. Radomisli (GJR 2670)

cc: **BY E-MAIL**

Attorneys for all parties

2401482_1