10-CV-6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION TO FILE A
THIRD AMENDED COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorneys for City Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Suzanna Publicker Mettham*
*Tel:  (212) 356-2372*
*Matter No.: 2010-033074*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

PROCEDURAL HISTORY............................................................................................. 1

ARGUMENT

      POINT I

            ANY ATTEMPT TO NAME NEWLY IDENTIFIED INDIVIDUAL DEFENDANTS WOULD BE FUTILE. ....................................................................................2

      POINT II

            PLAINTIFF HAS FAILED TO ALLEGE OR ESTABLISH THAT ANY OFFICERS "KNEW OR SHOULD HAVE KNOWN THAT THE ACTION WOULD HAVE BEEN BROUGHT AGAINST IT, BUT FOR A MISTAKE CONCERNING THE PROPER PARTY'S IDENTITY"...................................................7

      POINT III

            PLAINTIFF CANNOT SHOW GOOD CAUSE IN FAILING TO SERVE MASCOL AND WEISS..........................................8

      POINT IV

            PLAINTIFF'S CHANGES TO THE REMAINING DOCUMENT ARE NEITHER "TYPOGRAPHICAL" NOR "EDITORIAL"............................................11

      POINT V

            PLAINTIFF'S REQUEST TO ADD A CLAIM FOR "DECLARATORY RELIEF" IS ACTUALLY A NEW CLAIM FOR INJUNCTIVE RELIEF. ............................................15

CONCLUSION.................................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Abdell v. City of New York,
   05-CV-8453, 2006 WL 2620927 (S.D.N.Y. Sept. 12, 2012) ..................................................... 6

Abreu v. City of New York,
   657 F. Supp. 2d 357 (E.D.N.Y. 2009) ................................................................................. 11

Alvarez v. Strack,
   09-CV-1138 (PGG), 2010 U.S. Dist. LEXIS 111574 (S.D.N.Y. Oct. 20, 2010) ..................... 5

Barrow v. Wethersfield Police Dep't,
   66 F.3d 466 (2d Cir. 1995)............................................................................................... 5, 6

Beauvoir v. United States Secret Serv.,
   234 F.R.D. 55 (E.D.N.Y. 2006) ........................................................................................ 10

Bunim v. City of New York,
   No. 05-CV-1562, 2006 U.S. Dist. LEXIS 50309 (S.D.N.Y. Jul. 21, 2006) ............................ 9

Burch v. Pioneer Credit Recovery, Inc.,
   551 F.3d 122 (2d Cir. 2008)................................................................................................. 2

Coleman v. Milwaukee Bd. of Sch. Dirs.,
   290 F.3d 932 (7th Cir. 2002) ............................................................................................... 9

Cornwall v. Robinson,
   23 F.3d 694 (2d Cir. 1994).............................................................................................. 5, 6

Couloute v. Ryncarz,
   11-CV-5986, 2012 WL 541089 (S.D.N.Y. Feb. 17, 2012)...................................................... 2

Davidson v. Bronx Municipal Hospital,
   64 N.Y.2d 59, 484 N.Y.S.2d 522 (1984) ............................................................................. 4

Deluca v. AccessIT Grp., Inc.,
   695 F. Supp. 2d 54 (S.D.N.Y. 2010).................................................................................. 10

Dominguez v. City of New York,
   10-CV-2620 (BMC), 2010 U.S. Dist. LEXIS 88818 (E.D.N.Y. Aug. 27, 2010) ..................... 5

Glover v. City of New York,
   No. 05-CV-5552 (ENV) (RML),
   2007 U.S. Dist. LEXIS 7693 (E.D.N.Y. Feb. 2, 2007)........................................................... 9

**Cases**                                                                                                          **Pages**

Goldberg v. Boatmax://, Inc.,
    840 N.Y.S.2d 570 (N.Y. App. Div. 2007) .............................................................. 6

Gordon v. Hunt,
    835 F.2d 452 (2d Cir.1987)....................................................................... 9

Hollomon v. City of New York,
    No. 04-CV-2964, 2006 U.S. Dist. LEXIS 52424 (E.D.N.Y. July 31, 2006)......................... 9

Howard v. City of New York, et al.,
    02-CV-1731, 2006 U.S. Dist. LEXIS 63426 (S.D.N.Y. September 6, 2006) .......................... 3

Hyde v. Arresting Officer Caputo,
    98 Civ. 6722 (ASC), 2001 U.S. Dist. LEXIS 6253 (E.D.N.Y. May 11, 2001).......................... 4

Krupski v. Costa Crociere S. p. A.,
    560 U.S. 538 (2010).......................................................................... 4, 5

Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.,
    197 F.R.D. 104 (S.D.N.Y. 2000) ............................................................ 9-10

Mejia v. City of New York,
    96 Civ. 3007, 119 F. Supp. 2d 232 (E.D.N.Y. 2000)............................................. 4

Monahan v. New YorkC. Department of Corr.,
    214 F.3d 275 (2d Cir. 2000)................................................................ 2, 3

Okure v. Owens,
    816 F.2d 45 (2d Cir. 1987),
    aff'd,  Owens v. Okure, 488 U.S. 235 (1989). ..................................................... 3-4

Roe v. Johnson,
    07-CV-2143 (RJD)(RER), 2011 U.S. Dist. LEXIS 155584 (E.D.N.Y. Aug. 12, 2011) .......... 5

Shakur v. McGrath,
    517 F.2d 983 (2d Cir. 1975)................................................................... 4

Soto v. Brooklyn Correctional Facility,
    80 F.3d 34 (2d Cir. 1996)..................................................................... 4

Strada v. City of New York, et al.,
    11-CV-5735 (MKB), 2014 U.S. Dist. LEXIS 94687 (E.D.N.Y. July 11, 2014) ...................... 2

Tapia-Ortiz v. Doe,
    171 F.3d 150 (2d Cir. 1999)................................................................... 5

**Cases**                                                                                                      **Pages**

Vaher v. Town of Orangetown,
    916 F. Supp. 2d 404 (S.D.N.Y. 2013)................................................................. 10, 11

Warner v. Village of Goshen Police Dep't.,
    01 Civ. 9857 (CM), 2003 U.S. Dist. LEXIS 6368 (S.D.N.Y. Apr. 2, 2003)............................ 4

Warner v. Village of Goshen Police Department.,
    01 Civ. 9857 (CM)(GAY), 256 F. Supp. 2d 171 (S.D.N.Y. 2003)................................. 4

Zapata v. City of New York,
    502 F.3d 192 (2d Cir. 2007)................................................................ 10

**Statutes**

42 U.S.C. § 1983 ........................................................................ 1, 3, 17

42 U.S.C. § 1988 ............................................................................ 1

Fed. R. Civ. P. 4(m) .............................................................. 7, 9, 10, 11

Fed. R. Civ. P. 6(b) .......................................................................... 9

Fed. R. Civ. P. 15 ............................................................................. 8

Fed. R. Civ. P. 15(c) ................................................................ 4, 5, 6, 7, 8

Fed. R. Civ. P. 15(c)(1) ..................................................................... 4

N.Y. Gen. Mun. L. § 50-3 ................................................................... 3

N.Y. Gen. Mun. L. § 50-i .................................................................... 3

## PRELIMINARY STATEMENT

City Defendants oppose plaintiff's belated request to amend the complaint for a third time to add two new defendants and make significant changes to the text of the proposed Third Amended Complaint because (1) the proposed amendments to add Rafael Mascol ("Mascol") and Steven Weiss ("Weiss") are futile, cause undue delay, are motivated by bad faith or dilatory motive, plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed, and undue prejudice to the non-moving parties; (2) plaintiff has failed to allege or establish that Mascol and Weiss knew or should have known that the action would have been brought against them, but for a mistake concerning their identities; (3) plaintiff has failed to show good cause in failing to serve Mascol and Weiss; (4) plaintiff's changes to the remaining document are neither "typographical" nor "editorial"; and (5) plaintiff's request to add a claim for "declaratory relief" is actually a new claim for injunctive relief that must be denied. City Defendants consent to plaintiff's request to withdraw claims against defendants Sondra Wilson, Robert O'Hare, Thomas Hanley, and Richard Wall, and to withdraw his "redundant claims for relief under § 1983" and respectfully request that the Court so-order the enclosed Proposed Stipulation and Order permitting such dismissal of claims.

## PROCEDURAL HISTORY

Plaintiff brought this action on August 10, 2010 pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his Fourth and Fourteenth Amendment rights, and under New York State tort law against the City, ten individually-named members of the NYPD, Jamaica Hospital, and two individually named Jamaica Hospital defendants. (Complaint dated Aug. 10, 2010, annexed to the Declaration of Suzanna Publicker Mettham dated December 18, 2014 (hereinafter "Mettham Decl.") as Ex. A). Plaintiff filed an Amended Complaint on September 13, 2010, as of right against all parties. (Amended Complaint dated Sept. 13, 2010, annexed to

the Mettham Decl. as Ex. B). Plaintiff thereafter filed a Second Amended Complaint on October 3, 2012, naming multiple new parties and adding a First Amendment Prior Restraint Claim following motion practice. (2nd Amended Complaint, annexed to the Declaration of Nathaniel Smith dated December 4, 2014 (hereinafter "Smith Decl.") as Ex. 2). Captain Rafael Mascol and Lieutenant Steven Weiss have never appeared in a caption of this complaint and have never been served. The parties have engaged in extensive discovery for the last three years, and fact discovery closed on July 25, 2014. Plaintiff has known the identities of these individuals since working with them at the 81st Precinct in 2009, and this knowledge is confirmed by his reference to attending meetings with Weiss and Mascol in January and February 2009 in the initial Complaint dated August 10, 2010. (Ex. A to Mettham Decl. at ¶¶ 52, 65).

## ARGUMENT

### POINT I

### ANY ATTEMPT TO NAME NEWLY IDENTIFIED INDIVIDUAL DEFENDANTS WOULD BE FUTILE.

"Leave to amend should be given 'absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility.'" Strada v. City of New York, et al., 11-CV-5735 (MKB), 2014 U.S. Dist. LEXIS 94687, *7 (E.D.N.Y. July 11, 2014) (quoting Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000))(citing Couloute v. Ryncarz, 11-CV-5986, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012)). "However, motions to amend 'should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.'" Stradada, 2014 U.S. Dist. LEXIS 94687, *7-8 (quoting Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008)) (citing Monahan, 214 F.3d at 283).

2

Any attempt by plaintiff to seek leave of Court to amend his complaint to name Rafael Mascol and Steven Weiss as new defendants would be futile because the statute of limitations for all claims has run.  Owens v. Okure, 488 U.S. 235, 251 (1989).  Federal law determines the accrual of a §1983 claim.  Howard v. City of New York, et al., 02-CV-1731, 2006 U.S. Dist. LEXIS 63426, at *8 (S.D.N.Y. September 6, 2006).  Moreover, plaintiff has unduly delayed in bringing the instant motion by waiting to file it until two weeks prior to the serving of summary judgment motions, and after the close of all discovery–discovery which has lasted almost three years.   His timing in bringing the motion evinces a bad faith and dilatory motive that unduly prejudices both the existing defendants and the individuals plaintiff seeks to name as new defendants. Finally, plaintiff should not be rewarded for his failure to cure the alleged deficiencies in his *three* prior complaints. Accordingly, plaintiff's request to amend the Complaint for a third time should be denied.

A §1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action."  Id.  The incident alleged in the complaint occurred on October 31, 2009.  Despite the fact that plaintiff has known the identities of Mascol and Weiss since 2009 based on his working relationship with them and his explicit references to them by name in all three complaints filed to date, plaintiff now claims that their exclusion from the caption as defendants was a "mistake." (Ex. A to Mettham Decl. at ¶¶ 52, 65; Ex. B to Mettham Decl. at ¶¶ 52, 65; Ex. 2 to Smith Decl. at ¶¶ 56, 69). As to plaintiff's federal claims, the limitations period for § 1983 claims brought in New York state is three years.[1]  See Okure v.

---

[1] Plaintiff is similarly barred from brining state law claims against Mascol and Weiss due to his failure to file a notice of claim against these individuals.  "[I]n a federal court, state notice-of-claim statutes apply to state law claims."  Hyde v. Arresting Officer Caputo, 98 Civ. 6722 (ASC), 2001 U.S. Dist. LEXIS 6253, *13 (E.D.N.Y. May 11, 2001).  Thus, a plaintiff can proceed with state law claims only if he first complies with the New York State notice of claim requirements.  Section 50-i of the New York General Municipal Law requires a notice of claim to be filed when bringing an action against the City of New York.  N.Y. Gen. Mun. L. §50-i.  Section 50-e of the statute requires a plaintiff to "file a notice of claim within ninety days after the claim arises and commence the action

Owens, 816 F.2d 45, 47 (2d Cir. 1987), aff'd, Owens v. Okure, 488 U.S. 235 (1989).  Plaintiff's claims against Mascol and Weiss accrued *at the latest* on October 31, 2009, and the limitations period expired on October 31, 2012. Plaintiff first sought leave to amend his complaint to name them as defendants on December 4, 2014, over *two years* after the statute of limitations on the claims expired and over four months after the close of fact discovery. Accordingly, at this stage of the litigation, the only way for these claims to survive a motion to dismiss as time-barred would be if the amendment "relates back" to the original complaint for purposes of the statute of limitations under Fed. R. Civ. P. 15(c)(1).  See Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations"); Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 35 (2d Cir. 1996) (a party may amend its complaint after the statute of limitations expires to add additional defendants only if the amendment would "relate back" to the date that the original complaint was filed).

Fed. R. Civ. P. 15(c)(1) provides that an amendment that attempts to bring a new party into a lawsuit will "relate back" to the date of the original pleading when (1) the claim arises out of the same conduct originally pleaded and (2) within 120 days of the original filing date, that party "received such notice of the action that it will not be prejudiced in defending on

---

within one year and ninety days from the date the cause of action accrued."  Hyde, 2002 U.S. Dist. LEXIS 6253, at *13;  N.Y. Gen. Mun.L. §50-3.  A plaintiff's "failure to comply with the mandatory New York statutory notice-of-claim requirements results in dismissal of his claims."  Warner v. Village of Goshen Police Dep't., 01 Civ. 9857 (CM), 2003 U.S. Dist. LEXIS 6368, at *7 (S.D.N.Y. Apr. 2, 2003); see also Mejia v. City of New York, 96 Civ. 3007 (DGT), 119 F. Supp. 2d 232, 255-56 (E.D.N.Y. 2000) (suits for torts arising from conduct of police officers in the course of their employment must be filed in accordance with New York notice of claim statutes); Hyde, 2001 U.S. Dist. LEXIS 6253 at * 15; Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 62, 484 N.Y.S.2d 522 (1984); Warner v. Village of Goshen Police Dep't., 01 Civ. 9857 (CM)(GAY), 256 F. Supp. 2d 171  (S.D.N.Y. 2003). These provisions have been strictly construed.  Shakur v. McGrath, 517 F.2d 983, 985 (2d Cir. 1975).  Because plaintiff has failed to file a Notice of Claim against the newly named defendants, his state-law claims against them fail. (Plaintiff's Four Notices of Claim dated January 27, 2010, annexed to Mettham Decl. as Ex. C).

the merits; *and* [the party] knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*." (emphasis added). Accordingly, the claims against any newly added defendants will not "relate back" to the date of the original complaint where plaintiff's failure to name the prospective defendant was "the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity." See Krupski, 560 U.S. at 541; Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994) (failure to name a known party constitutes a choice not to sue rather than a mistake of a party's identity).

Consistent with this principle, an amended complaint seeking to replace a John Doe with an identified defendant after the expiration of the statute of limitations does not relate back to the initial complaint under Rule 15(c) because the "failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995); see also Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999); Alvarez v. Strack, 09-CV-1138 (PGG), 2010 U.S. Dist. LEXIS 111574 (S.D.N.Y. Oct. 20, 2010); Dominguez v. City of New York, 10-CV-2620 (BMC), 2010 U.S. Dist. LEXIS 88818 (E.D.N.Y. Aug. 27, 2010); cf. Roe v. Johnson, 07-CV-2143 (RJD)(RER), 2011 U.S. Dist. LEXIS 155584, at *15 n. 6 (E.D.N.Y. Aug. 12, 2011) (discussing the application of Rule 15(c) in another context but noting that "a plaintiff cannot use 'Doe' pleadings to make an end-run around the statute of limitations."). Instead, where a plaintiff is aware of the purported misconduct of certain individuals, and where a plaintiff "was not required to sue them . . . her failure to do so in the original complaint, in light of her obvious knowledge and the detailed nature of that pleading[] . . . must be considered a matter of choice, not mistake." Cornwall v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994). In fact, the Second Circuit has expressly stated that "the failure to identify individual defendants when the plaintiff knows

that such defendants must be named cannot be characterized as a mistake." <u>Barrow</u>, 66 F.3d at 470; <u>see also</u> <u>Abdell v. City of New York</u>, 05-CV-8453, 2006 WL 2620927, at *7 (S.D.N.Y. Sept. 12, 2012) ("Where a plaintiff fails to timely sue a potentially liable party despite incriminating disclosures made within the statute of limitations, the Court cannot find that a mistake was made for relation back purposes."); <u>Goldberg v. Boatmax://, Inc.</u>, 840 N.Y.S.2d 570, 571 (N.Y. App. Div. 2007) ("[P]laintiff knew the identities of the intended defendants and their role in the alleged wrongful disposition of property nearly one year before he sought to add them to the action, and, accordingly, his failure to name them earlier cannot be characterized as a mistake for relation-back purposes.").

Plaintiff was well aware of the identities of Mascol and Weiss within the three year statute of limitations, and did not name them as defendants or serve them with a summons and complaint despite filing *three separate complaints* and having been represented by *eight* separate attorneys. (Civil Docket Sheet, annexed to Mettham Decl. as Ex. D). Given this background, it is clear that plaintiff made a deliberate choice, not a mistake, in not naming them as defendants.  Consequently, at this very late stage in the litigation, any amendment to the complaint to add individual officers as defendants would be futile because plaintiff's claims against newly added defendants do not relate back to the date of the original complaint under Federal Rule of Civil Procedure 15(c) and are therefore barred by the statute of limitations.

## POINT II

**PLAINTIFF HAS FAILED TO ALLEGE OR ESTABLISH THAT ANY OFFICERS "KNEW OR SHOULD HAVE KNOWN THAT THE ACTION WOULD HAVE BEEN BROUGHT AGAINST IT, BUT FOR A MISTAKE CONCERNING THE PROPER PARTY'S IDENTITY"**

Even if plaintiff could demonstrate that Mascol and Weiss would have been named in the original complaint but for a mistake concerning their identities, plaintiff cannot demonstrate that either Mascol or Weiss had notice of the action against them. Under Fed. R. Civ. P. 15(c), a new party may be added to a complaint where a plaintiff shows that within the period provided by Rule 4(m) for serving the summons and complaint, that party "received such notice of the action that it will not be prejudiced in defending on the merits; <u>and</u> [the party] knew or should have known that the action would have been brought against it." (emphasis added). The original filing date of the most recent amendment was October 2, 2012, and the statute of limitations expired on October 31, 2009. Plaintiff has not presented any evidence whatsoever in his Motion to Amend the Complaint a Third Time that Mascol or Weiss knew or should have known by February 28, 2013 that they would have been defendants in this action *but for* plaintiff's mistake.

First, because Mascol and Weiss have never been named as a defendant in any of the complaints previously filed by plaintiff, nor served with a summons and complaint, nor listed on the docket sheets, they never had *actual notice* that they were intended to be defendants in this lawsuit. (Civil Docket Sheet, annexed to Mettham Decl. as Ex. D). Second, plaintiff cannot demonstrate that either Mascol or Weiss had constructive knowledge of this action within the period provided by Rule 4(m) for serving the summons and complaint.  Plaintiff appears to allege that because three times in a sixty-seven page complaint, plaintiff referred to Mascol and

Weiss as "defendant" (while referring to them as something *other than* defendant on eleven other occasions in numerous paragraphs (Ex. 2 to Smith Decl. at ¶¶ 56, 57, 69, 93, 122, 123)), therefore Mascol and Weiss had constructive knowledge of the suit. As an initial matter, the undersigned, the Clerk of Court, and none of plaintiffs prior seven attorneys realized that Mascol and Weiss intended to be named as defendants. Nor has plaintiff presented evidence that Mascol or Weiss even saw the complaint prior to February 28, 2013. Accordingly, it is difficult to discern how plaintiff can argue, in good faith, that laymen Mascol and Weiss should have known they were intended to be defendants in this matter. Regardless, the mere naming of the City as a defendant does not automatically put other non-defendants on notice of a lawsuit, especially as the City has never put in a notice of appearance or assumed personal representation of these individuals as defendants in this matter.  Accordingly, even if the complaint were found to "relate back" for the purposes of Fed. R. Civ. P. 15(c), plaintiff cannot show that they received such notice of the action that they would not be prejudiced in defending on the merits *and* that they knew or should have known that the action would have been brought against them.

## POINT III

### PLAINTIFF CANNOT SHOW GOOD CAUSE IN FAILING TO SERVE MASCOL AND WEISS.

As discussed *supra*, plaintiff's attempt to drag two new defendants into this litigation at this late date is not appropriate under Fed. R. Civ. P. 15, as their identities were known and no "mistake as to their identities" was made by plaintiff in filing any of the three prior complaints. In fact, plaintiff himself argues that they have *always been defendants*. (Plaintiff's Letter dated Dec. 9, 2014, annexed hereto as Ex. E ("the two individuals are not 'new defendants' -- they were expressly identified as defendants in the Second Amended Complaint.")).  Accordingly, even accepting plaintiff's proposition as true (though City

Defendants dispute it), plaintiff's most recent motion should be treated not as a request to amend the complaint to name two new defendants, but rather for an extension of time to serve defendants pursuant to 4(m). Even construing plaintiff's motion thusly, plaintiff nonetheless failed to serve these defendants at any time in the litigation, and accordingly, has failed to comply with Fed. R. Civ. P. 4(m).

Rule 4(m) of the Federal Rules of Civil Procedure states that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "A plaintiff bears the burden of showing good cause for failing to timely serve the defendant." Glover v. City of New York, No. 05-CV-5552 (ENV) (RML), 2007 U.S. Dist. LEXIS 7693, at *5 (E.D.N.Y. Feb. 2, 2007) (citing Bunim v. City of New York, No. 05-CV-1562, 2006 U.S. Dist. LEXIS 50309 (S.D.N.Y. Jul. 21, 2006)). "Good cause means a valid reason for delay, such as the defendant's evading service." Id. (quoting Coleman v. Milwaukee Bd. of Sch. Dirs., 290 F.3d 932, 934 (7th Cir. 2002)). "In assessing whether a plaintiff has made a showing of good cause, a court should look to whether 'the plaintiff was diligent in making reasonable efforts to effect service, including but not limited to whether plaintiff moved under [Federal Rule of Civil Procedure] 6(b)' for an extension of time in which to serve the defendant." Id. at *5-6 (quoting Gordon v. Hunt, 835 F.2d 452, 453 (2d Cir.1987)). Importantly, a "delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." Hollomon v. City of New York, No. 04-CV-2964, 2006 U.S. Dist. LEXIS 52424, *9-10 (E.D.N.Y. July 31, 2006) (quoting Managed Mkt.

Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000)); see also Beauvoir v. United States Secret Serv., 234 F.R.D. 55, 56 (E.D.N.Y. 2006).

Here, plaintiff cannot show good cause for his failure to serve the individual defendants to date.  In his Memorandum of Law, plaintiff has not indicated *any efforts* he has made to serve the individual defendants.  Plaintiff does not claim to have made *any* attempt to contact the undersigned or the New York City Police Department in order to locate their correct service addresses.  Nor did plaintiff seek an extension of the 4(m) period before its expiration. This conduct cannot be described as a showing of good cause. Instead, this Court has been presented with a textbook example of "delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney," which explicitly does not constitute good cause. Id.

City Defendants recognize that District Courts have discretion to grant an extension of the 4(m) period even where a plaintiff fails to show good cause.  Zapata v. City of New York, 502 F.3d 192, 197-98 (2d Cir. 2007).  "In determining whether a discretionary extension is appropriate in the absence of good cause, courts in this Circuit generally consider four factors: '(1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service.'"  Vaher v. Town of Orangetown, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (Ramos, J.) (quoting Deluca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 67 (S.D.N.Y. 2010)).

This Court should not exercise its discretion to extend the 4(m) period in this case.  As to the first factor, defendants concede that the statute of limitations on plaintiff's claims has expired.  While courts generally find the expiration of the statute of limitations as favoring

plaintiff, it is not the determinative factor. Vaher v. Town of Orangetown, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (Ramos, J.) (finding that the first factor favored plaintiff but, nonetheless, denying plaintiff's motion for an extension of the 4(m) period); Abreu v. City of New York, 657 F. Supp. 2d 357, 362 (E.D.N.Y. 2009) (Vitaliano, J.) (dismissing claims for failure to timely serve even though statute of limitations had expired because prejudice to defendant caused by the delay was "obvious"). As to the second factor, as discussed *supra* plaintiff has no evidence that the individual defendants had actual notice of the existence of this suit against them prior to the expiration of the statute of limitations period. Thus, plaintiff cannot meet his burden as to this factor.  Third, there is no evidence that defendants attempted to conceal the defect in service.  As to the fourth and final factor, defendants would be severely prejudiced by an extension of the 4(m) period because they would be required to commence their defense of this action more than two years after the expiration of the statute of limitations.  Moreover, by choosing to wait to bring the instant motion until two years after the statute of limitations had run, plaintiff assumed the risk that deficient service could preclude his claims entirely.  Plaintiff should not be allowed to effectively extend the statute of limitations by more than two years merely because he negligently failed to serve Mascol and Weiss.

## POINT IV

### PLAINTIFF'S CHANGES TO THE REMAINING DOCUMENT ARE NEITHER "TYPOGRAPHICAL" NOR "EDITORIAL".

Plaintiff claims that the remaining changes to the document are merely "editorial and typographical". (Plaintiff's Memorandum of Law dated December 4, 2014 at 15). In fact, the changes are substantive in nature, and plaintiff's false statements as such in his Memorandum of Law and letter dated December 9, 2014 should be sanctioned by this Court as egregious misstatements.

Exhibit 1 to plaintiff's Motion to Amend is rife with examples, and thus City Defendants will only point out the most egregious examples of substantive changes masquerading as "typographical edits." For example, throughout plaintiff's original complaints, he only sought relief for Municipal liability based on a policy or practice of a summons quota. In the Proposed Third Amended Complaint, plaintiff now seeks to allege a quota for "stops, arresting [sic], or summonses per month." (Compare Ex. 2 to Smith Decl. at ¶ 322 <u>with</u> Ex. 1 to Smith Decl. at ¶ 303). City Defendants have already spent considerable time researching and drafting their summary judgment motion based on the unique argument regarding a summons quota. By now alleging a quota for stops and arrests, plaintiff has completely changed the landscape of the discovery and litigation to date. Moreover, City Defendants' defenses to an allegation of a citywide policy of a quota regarding stops and arrests are different than for a quota policy regarding summonses alone.

Similarly, plaintiff has changed his claim for malicious abuse of process, which first alleged that defendants "issued legal process" and "arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process." (Ex. 2 to Smith Decl. at ¶ 282-283). Plaintiff's proposed new complaint asserts that the defendants instead "commenced" and "instituted" legal process. (Ex. 1 to Smith Decl. at ¶¶ 266-267). These changes are small, but significant in what he actually accuses the City Defendants of doing.

Additionally, plaintiff has added in completely new facts. For example, plaintiff's original claim for Conspiracy alleged that defendants manufactured false evidence. (Ex. 2 to Smith Decl. at ¶ 310). Plaintiff's Proposed Third Amended Complaint for the first time claims that defendants "destroyed evidence." (Ex. 1 to Smith Decl. at ¶ 291). Plaintiff also for the first time in the Proposed Third Amended Complaint that Sgt. Sawyer "stated 'This is what happens

to rats.'" (Ex. 1 to Smith Decl. at ¶ 183). Plaintiff also changed the attribution of statements in the complaint from "supervisors" to a "PBA union officer." (Ex. 3 to Smith Decl. at ¶¶ 71, 75). These changes are *significant* and alter the claims against existing defendants in a meaningful way.

Plaintiff's Third Amended Complaint also *removes* salient facts, such as deleting the sentence that Sgt. Huffman rescinded her approval of plaintiff's request to leave early "via voicemail to plaintiff's cell phone, ordering him back to the precinct immediately." (Ex. 3 to Smith Decl. at ¶ 146). Plaintiff also removed the fact that on October 28, 2009, he was "still unaware that his appeal had been closed." (Ex. 3 to Smith Decl. at ¶ 136). Similarly, plaintiff had claimed that a PO Zucker told him that "defendants were attempting to execute a scenario portraying plaintiff as being psychologically unfit to work." (Ex. 3 to Smith Decl. at ¶ 106). In the new complaint, plaintiff has deleted the remainder of that sentence, which indicates that PO Zucker told him that "plaintiff would be involuntarily committed to a hospital." (Ex. 3 to Smith Decl. at ¶ 106). These are central facts in dispute in this litigation. And while it may seem unimportant, plaintiff's original complaints allege that he is a Caucasian male. (Ex. 2 to Smith Decl. at ¶ 6). The proposed amendments delete this reference. (Ex. 1 to Smith Decl. at ¶ 6). City Defendants are concerned that plaintiff does so in reference to his Equal Protection claim, which defendants believed was based on First Amendment retaliation, but now wonder if it is instead based on race-based discrimination.

Plaintiff also made the following changes, which indicate not merely a "typographical or editorial" change, but rather change or add to a significant factual allegation in the complaint:

- "ADRIAN SCHOOLCRAFT became the senior patrol officer on the 4:00p.m. to 12:00a.m. at the 81st Precinct" to "ADRIAN SCHOOLCRAFT was a patrol officer at the 81st Precinct" (Ex. 3 to Smith Decl. at ¶ 33)
- "failure to meet an illegal summons/arrest quota" was changed to "non-compliance with an illegal summons/arrest quota" (Ex. 3 to Smith Decl. at ¶ 83)
- "witnessed" was changed to "reported" (Ex. 3 to Smith Decl. at ¶ 130)
- "falsified" was changed to "manipulated" (Ex. 3 to Smith Decl. at ¶ 131)
- "actively working with IAB" was changed to "communicating with IAB" (Ex. 3 to Smith Decl. at ¶ 125)
- "confronted plaintiff and immediately ordered plaintiff to surrender his memo book" was changed to "asked to 'scratch' or inspect plaintiff's memo book and when plaintiff complied, defendant CAUGHEY confiscated the memo book." (Ex. 3 to Smith Decl. at ¶ 139).
- "in full view of friends and neighbors" was changed to "all persons at the scene on the street." (Ex. 3 to Smith Decl. at ¶ 174)
- "plaintiff was denied access to the outside world" was changed to "plaintiff was denied *physical* access to the outside world" (Ex. 3 to Smith Decl. at ¶ 188)
- Plaintiff claims in the new complaint that his requests to "speak with internal affairs, and to have photographs taken of his multiple bruises" were ignored by "NYPD personnel until sometime 48 hours or more after the assault on plaintiff at his home on October 31, 2009." (Ex. 3 to Smith Decl. at ¶ 188)
- "making over a dozen appearances to his home in upstate New York" was changed to "making over a dozen appearances to his home in upstate New York" (Ex. 3 to Smith Decl. at ¶ 216)
- "three hundred and fifty (350) miles away from New York City" was changed to "two hundred (200) miles away from New York City" (Ex. 3 to Smith Decl. at ¶ 215, 218)
- "touched" was changed to "assaulted" (Compare Ex. 1 to Smith Decl. at ¶ 343 with Ex. 2 to Smith Decl. at ¶ 324)

Importantly, **ALL** of these changes are facts of which plaintiff was aware of on October 31, 2009, and at the very latest, at the time of plaintiff's most recent amended complaint in October of 2012. Plaintiff has not indicated *any* good faith basis for such a delay. Accordingly, plaintiff's request to amend the complaint to make "typographical" and "editorial" changes should be denied.

14

## POINT V

**PLAINTIFF'S REQUEST TO ADD A CLAIM FOR "DECLARATORY RELIEF" IS ACTUALLY A NEW CLAIM FOR INJUNCTIVE RELIEF.**

Plaintiff claims that he is seeking declaratory relief, by amending the complaint to have his "medical and personnel files[] expunged to the extent they contain a record or finding that Officer Schoolcraft was mentally ill, dangerous or otherwise a person who required involuntary commitment to a psychiatric ward." (Plaintiff's Memorandum of Law dated December 4, 2014 at 15). As an initial matter, the relief sought by plaintiff is actually *injunctive*, not declaratory. Moreover, though plaintiff claims that defendants "cannot demonstrate any cognizable prejudice from these amendments," he is mistaken. The original declaratory and injunctive relief requested by plaintiff was only aimed at JHMC. Accordingly, if this Court were to permit the requested amendments, defendants would require additional time and pages to address the new claims in their summary judgment motion.

Plaintiff's first three complaints did not challenge the NYPD's decision in April 2009 to remove plaintiff's weapons from him, based on him receiving a prescription for a psychotropic drug from an independent physician sought by plaintiff himself. Accordingly, City Defendants have not called or deposed witnesses that support the City's decision in April 2009 to remove his weapons. However, if amendment were permitted and by now seeking an injunction that would challenge that decision in April 2009, City Defendants are prejudiced in their lack of discovery on that issue, and their summary judgment motion (and/or evidence at trial) would suffer accordingly.

**CONCLUSION**

For the foregoing reasons, City Defendants respectfully request that the Court deny plaintiff's belated motion to amend the complaint, and other relief and sanctions as deemed appropriate by the Court. If, however, the Court were to permit plaintiff to amend the complaint to make the requested changes and additions, City Defendants respectfully request that the summary judgment motions and trial schedule be adjourned *sine die* so that representation decisions may be determined, the pre-existing and newly added defendants are given sufficient time to respond to the newly amended complaint, and additional discovery may be taken. Discovery would also need to be re-opened and extended in the first instance for City Defendants to take another deposition of plaintiff to inquire regarding the changes, including plaintiff's reasons for suing the newly named defendants and inquiring more fully into those allegations. Moreover, the changes discussed within alter some of the summary judgment arguments made by City Defendants, and thus, City Defendants would need to conduct further discovery to learn about those matters. Based on what, if any, amendments were permitted, City Defendants would also seek to re-open discovery to take additional depositions and make additional discovery requests.

Finally, based on plaintiff's admission that he lacks a good faith basis to continue to pursue those claims, City Defendants respectfully request that the court so-order the enclosed Proposed Stipulation and Order to withdraw claims against defendants Sondra Wilson, Robert O'Hare, Thomas Hanley, and Richard Wall, and to withdraw plaintiff's claims for relief under § 1983.

Dated:       New York, New York
             December 18, 2014

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                      City of New York
                                    *Attorney for City Defendants*
                                    100 Church Street, Room 3-200
                                    New York, New York 10007
                                    (212) 356-2372

                                    By: _____
                                         SUZANNA PUBLICKER METTHAM
                                         Senior Counsel
                                         Special Federal Litigation Division

cc:   Nathaniel Smith (By ECF)
      *Attorney for Plaintiff*

      Gregory John Radomisli (By ECF)
      MARTIN CLEARWATER & BELL LLP
      *Attorneys for Jamaica Hospital Medical Center*

      Brian Lee (By ECF)
      IVONE, DEVINE & JENSEN, LLP
      *Attorneys for Dr. Isak Isakov*

      Paul Callan (By ECF)
      CALLAN, KOSTER, BRADY & BRENNAN, LLP
      *Attorneys for Lillian Aldana-Bernier*

      Walter Kretz (By ECF)
      SEIFF KRETZ & ABERCROMBIE
      *Attorney for Defendant Mauriello*

17