# EXHIBIT C



## CLAIM AGAINST THE CITY OF NEW YORK
## FOR PROPERTY DAMAGE OR LOSS
## *****READ & FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE*****
## TYPE OR PRINT ALL INFORMATION CLEARLY

### 1 – PERSONAL INFORMATION

Last Name of Claimant: SCHOOLCRAFT        First Name: ADRIAN

Address: 16 North East Avenue, Apartment J-58, Johnstown, NY 12095
County: Fulton

Date of Birth: ▮▮▮▮▮        Social Security #: ▮▮▮▮▮        Telephone #: (718) 570-6224

### 2 – INSURANCE INFORMATION

Name of Carrier: Not Applicable
Complete Street Address: Not Applicable
Policy Number: Not Applicable
Name of Agent: Not Applicable
Telephone #: Not Applicable
Do you have Insurance? NO

### 3 – DAMAGE OR LOSS INFORMATION

Exact Date of Occurrence:        Month: OCTOBER Day: 31 Year: 2009 Time: 9:38 pm

Exact Accident Location:        8260 88th Place, Apartment 2L, Glendale, NY 11385

Detailed Description of Damage or Loss:

    On or about 0700 hours on the 31st of October 2009, Claimant, New York City Police Patrolman, Adrian P. Schoolcraft, Shield No. 12943, reported for duty at the 81st Precinct, 30 Ralph Avenue, Brooklyn, NY 11221. While working his assigned duty(s) as a Telephone/Switchboard Operator, the Precinct Integrity Control Officer, Lt. Timothy Caughey, began to menace Claimant with his sidearm (firearm) by displaying it in an unsafe and unsecure manner, while out of uniform. Coworkers also warned Claimant

of Lt. Caughey's strange behavior, which they felt was being directed at Claimant, and expressed concern for his safety. Lt. Caughey was the subject of a New York City Police Department memorandum (49) authored by Claimant, in August '09, and sent to the Chief of Internal Affairs, Charles Campisi. The memorandum detailed Lt. Caughey's involvement in a Burglary at the 81ˢᵗ Precinct concerning Civilian Complaint Review Board Complaints (C.C.R.B.s), Command Discipline(s), and other Sensitive Departmental Document(s)/Record(s). Feeling his identity had been disclosed, the Internal Affairs Bureau and the Chief of the Department's Office was contacted regarding Lt. Caughey's menacing conduct. When both departments refused to respond to Claimant's concern for safety, Claimant advised the 81ˢᵗ Precinct Desk Sergeant that he wasn't feeling well, filled out the appropriate paperwork and left the 81ˢᵗ Precinct to return to his residence, at 8260 88th Place, Apartment 2L, Glendale, NY 11385.

At approximately 2138 hours of the same day (Halloween Night), multiple high ranking, sworn, active and retired member(s) of the New York City Police Department, led by Deputy Chief Michael Marino (aka: Elephant Balls/Captain Midnight) unlawfully entered Claimant's home and using excessive force pulled Claimant from his bed, tearing his clothes as they threw him to the floor and assaulted him. Claimant was violently handcuffed causing excruciating pain and injury to his wrist(s), head, neck, back, shoulder(s), arm(s), and leg(s). During the assault, New York City Police Supervisor(s) searched Claimant's home and person, seizing personal property including Digital Recording device(s), key(s) to residence, and various file(s) containing Claimant's documentation of corruption in the New York City Police Department (i.e. **Report to the Police Commissioner, Raymond Kelley**) and details of his collaboration with retired New York Police Detective/Lieutenant David Durk.

Claimant was then placed in a restraint apparatus and carried from his home in full view of friend(s) and neighbor(s) by multiple member(s) of the New York City Police Department. Claimant was then transported by E.M.S. to Jamaica Hospital, 8900 Van Wyck Expressway, Jamaica, NY 11418, via ambulance. Upon arrival to the Jamaica Hospital Emergency Room, Claimant was handcuffed to a gurney for more than nine hour(s) during which he was denied use of a phone, water, food, or bathroom facilities. Claimant was continually harassed, intimidated, and assaulted by various member(s) of the New York City Police Department who were also intimidating hospital staff from assisting Claimant. During that time, an evaluation of Claimant was conducted, which

concluded when the Dr. exclaimed "THIS IS REDICULOUS." Soon after Dr.'s evaluation, NYPD Supervisor(s) advised hospital staff the Claimant would be going with them to the 81st Precinct. When Claimant refused to go back to the Precinct, he was admitted to psychiatric confinement, on Sunday, November 1st, 2009. Claimant was held, against his will, in a locked-down ward on the third floor of Jamaica Hospital where he was exposed to disease and violence on a daily basis until his release on Thursday, November 5th, 2009, with no explanation and a bill for $7,185.

After Claimants release from the Jamaica Hospital Psychiatric Ward, Claimant no longer felt safe in his own home and relocated upstate to recuperate with his immediate family. Since his release, the New York City Police Department has, on more than a dozen occasion(s), dispatched team(s) of detective(s) and or other agent(s) of the New York City Police Department to harass and intimidate Claimant by pounding on his door shouting "NYPD, WE KNOW YOUR IN THERE, OPEN UP" and honking car horn(s) during all hour(s) of the day and night, including weekend(s). The New York City Police Department has also solicited the help of the Johnstown New York Police Department to serve as its proxy in their ongoing harassment of Claimant.

The New York City Police Department and the New York City Fire Department failed to provide oversight for its member(s) and or agent(s) and had a special duty to provide for and protect Claimant's safety and well-being as well as his personal property and Civil Right(s) and to conduct themselves in a manner consistent with all New York State and Federal Law(s) as well as New York City Police Department and Civil Service Regulation(s).

As the result of the aforementioned, the Claimant, Adrian P. Schoolcraft, sustained serious physical, mental, and emotional injury(s) in addition to the following damage(s):

1. Aggravated Assault.
2. False Arrest.
3. Unlawful Incarceration.
4. Retaliation for reporting criminal conduct of the New York City Police Department to his employer, the New York City Police Department. Reports of corruption including but not limited to Fraud, Burglary, False Arrest(s), 61(s), UF-250(s), etc...
5. Seizure of personal property.

     a.  Olympus D.V.R. (WS-331M)................................................................$100.00

     b.  File(s)/Folder(s) containing Document(s).

     c.  Key(s) to Residence and Motor Vehicle.

     d.  Key Ring Light..............................................................................$15.00

     e.  Olympus D.V.R. (DS-50)..............................................................$250.00

6.   Loss of benefit(s) including but not limited to Wage(s), Sick-Time, Vacation, Pension, and Medical.

7.   Harassment and Intimidation.

8.   Fraud – including but not limited to the destruction and or fabrication of government record(s) concerning Claimant.

9.   Conspiracy.

10.   Violation(s) of Claimant's Civil Rights, including but not limited to the 2nd, 4th, 5th, 8th, and 9th Amendment(s).

11.   Slander and Libel.

12.   Violation(s) of H.I.P.A.A. (Health Insurance Portability and Accountability Act) – discussing and or distributing Claimant's medical information and or record(s) with institution(s) and or person(s) not authorized by Claimant.

13.   Intentional infliction of pain and suffering.

14.   Cruel and unusual punishment.

15.   Irreparable damage to character.

The Claimant has sustained damage(s) in an amount which would exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

    The claim is filed within ninety (90) days of the accrual of said cause of action and the claimants have complied with all the statutory provisions of Section 50-e of the General Municipal Law of the State of New York.

    Copy(s) of corresponding Notice of Claim(s) attached; Notice of Claim, Personal Injury, and Salary.

**Did the Police Investigate the Incident?**  Yes

**If YES, then identify the Police Officer with the following:**

Lt. McAteer (Internal Affairs Bureau, Group 1)........................................(646) 208-5115

## 4 – LIST OF DAMAGES AND COST

| Date: | Description: | Cost: |
|---|---|---|
| October 31, 2009 | Olympus D.V.R. (WS-331M) | $100.00 |
| October 31, 2009 | File(s)/Folder(s) containing Document(s) | |
| October 31, 2009 | Key(s) to residence and Motor Vehicle | |
| November 6, 2009 | Olympus D.V.R. (DS-50) | $250.00 |

TOTAL AMOUNT OF CLAIM IS:  Not available at this time…

## 6 – NOTARY CERTIFICATION

SS:    STATE OF NEW YORK)
       COUNTY OF FULTON)

I, Adrian P. Schoolcraft, being duly sworn, deposes and says that I have read the foregoing NOTICE OF CLIAM, consisting of this and four (4) additional page(s), and know the contents thereof: that same is true to the best of my own knowledge, except as to those matters here stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Signature of Claimant: X: _____
                                    Adrian P. Schoolcraft

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27th DAY OF JANUARY, 2010

Signature of Notary: _____

CAROL R. HADCOCK
Notary Public State of New York
Fulton County 01HA4605621
Commission Expires Sept. 30, 2013

## OFFICE OF THE COMPTROLLER CITY OF NEW YORK
## NOTICE OF CLAIM

### CLAIMANT INFORMATION

CLAIMANT'S NAME:  ADRIAN P. SCHOOLCRAFT          TELEPHONE. #:  (718) 570-6224

STREET ADDRESS:  16 North East Avenue, Apartment J-58

CITY:  JOHNSTOWN          STATE:  NEW YORK          ZIP:  12095

SOCIAL SECURITY # or TAX I.D. #: 

### CLAIM INFORMATION

CITY AGENCY(s) INVOLVED:  CITY OF NEW YORK POLICE DEPARTMENT and
                         CITY OF NEW YORK FIRE DEPARTMENT

NATURE OF CLAIM:

On or about 0700 hours on the 31ˢᵗ of October 2009, Claimant, New York City
Police Patrolman, Adrian P. Schoolcraft, Shield No. 12943, reported for duty at the 81ˢᵗ
Precinct, 30 Ralph Avenue, Brooklyn, NY 11221. While working his assigned duty(s) as
a Telephone/Switchboard Operator, the Precinct Integrity Control Officer, Lt. Timothy
Caughey, began to menace Claimant with his sidearm (firearm) by displaying it in an
unsafe and unsecure manner, while out of uniform. Coworkers also warned Claimant
of Lt. Caughey's strange behavior, which they felt was being directed at Claimant, and
expressed concern for his safety. Lt. Caughey was the subject of a New York City Police
Department memorandum (49) authored by Claimant, in August '09, and sent to the
Chief of Internal Affairs, Charles Campisi. The memorandum detailed Lt. Caughey's
involvement in a Burglary at the 81ˢᵗ Precinct concerning Civilian Complaint Review
Board Complaints (C.C.R.B.s), Command Discipline(s), and other Sensitive
Departmental Document(s)/Record(s). Feeling his identity had been disclosed, the
Internal Affairs Bureau and the Chief of the Department's Office was contacted
regarding Lt. Caughey's menacing conduct. When both departments refused to respond

to Claimant's concern for safety, Claimant advised the 81st Precinct Desk Sergeant that he wasn't feeling well, filled out the appropriate paperwork and left the 81st Precinct to return to his residence, at 8260 88th Place, Apartment 2L, Glendale, NY 11385.

At approximately 2138 hours of the same day (Halloween Night), multiple high ranking, sworn, active and retired member(s) of the New York City Police Department, led by Deputy Chief Michael Marino (aka: Elephant Balls/Captain Midnight) unlawfully entered Claimant's home and using excessive force pulled Claimant from his bed, tearing his clothes as they threw him to the floor and assaulted him. Claimant was violently handcuffed causing excruciating pain and injury to his wrist(s), head, neck, back, shoulder(s), arm(s), and leg(s). During the assault, New York City Police Supervisor(s) searched Claimant's home and person, seizing personal property including Digital Recording device(s), key(s) to residence, and various file(s) containing Claimant's documentation of corruption in the New York City Police Department (i.e. **Report to the Police Commissioner, Raymond Kelley**) and details of his collaboration with retired New York Police Detective/Lieutenant David Durk.

Claimant was then placed in a restraint apparatus and carried from his home in full view of friend(s) and neighbor(s) by multiple member(s) of the New York City Police Department. Claimant was then transported by E.M.S. to Jamaica Hospital, 8900 Van Wyck Expressway, Jamaica, NY 11418, via ambulance. Upon arrival to the Jamaica Hospital Emergency Room, Claimant was handcuffed to a gurney for more than nine hour(s) during which he was denied use of a phone, water, food, or bathroom facilities. Claimant was continually harassed, intimidated, and assaulted by various member(s) of the New York City Police Department who were also intimidating hospital staff from assisting Claimant. During that time, an evaluation of Claimant was conducted, which concluded when the Dr. exclaimed "THIS IS REDICULOUS." Soon after Dr.'s evaluation, NYPD Supervisor(s) advised hospital staff the Claimant would be going with them to the 81st Precinct. When Claimant refused to go back to the Precinct, he was admitted to psychiatric confinement, on Sunday, November 1st, 2009. Claimant was held, against his will, in a locked-down ward on the third floor of Jamaica Hospital where he was exposed to disease and violence on a daily basis until his release on Thursday, November 5th, 2009, with no explanation and a bill for $7,185.00.

After Claimants release from the Jamaica Hospital Psychiatric Ward, Claimant no longer felt safe in his own home and relocated upstate to recuperate with his immediate family. Since his release, the New York City Police Department has, on more than a

dozen occasion(s), dispatched team(s) of detective(s) and or other agent(s) of the New York City Police Department to harass and intimidate Claimant by pounding on his door shouting "NYPD, WE KNOW YOUR IN THERE, OPEN UP" and honking car horn(s) during all hour(s) of the day and night, including weekend(s). The New York City Police Department has also solicited the help of the Johnstown New York Police Department to serve as its proxy in their ongoing harassment of Claimant.

The New York City Police Department and the New York City Fire Department failed to provide oversight for its member(s) and or agent(s) and had a special duty to provide for and protect Claimant's safety and well-being as well as his personal property and Civil Right(s) and to conduct themselves in a manner consistent with all New York State and Federal Law(s) as well as New York City Police Department and Civil Service Regulation(s).

As the result of the aforementioned, the Claimant, Adrian P. Schoolcraft, sustained serious physical, mental, and emotional injury(s) in addition to the following damage(s):

1. Aggravated Assault.
2. False Arrest.
3. Unlawful Incarceration.
4. Retaliation for reporting criminal conduct of the New York City Police Department to his employer, the New York City Police Department. Reports of corruption including but not limited to Fraud, Burglary, False Arrest(s), 61(s), UF-250(s), etc...
5. Seizure of personal property:
   a. Olympus D.V.R. (WS-331M)............................................................$100.00
   b. File(s)/Folder(s) containing Document(s).
   c. Key(s) to Residence and Motor Vehicle.
   d. Key Ring Light...........................................................................$15.00
   e. Olympus D.V.R. (DS-50)...............................................................$250.00
6. Loss of benefit(s) including but not limited to Wage(s), Sick-Time, Vacation, Pension, and Medical.
7. Harassment and Intimidation.
8. Fraud – including but not limited to the destruction and or fabrication of government record(s) concerning Claimant.
9. Conspiracy.

10.     Violation(s) of Claimant's Civil Rights, including but not limited to the 2nd,
        4th, 5th, 8th, and 9th Amendment(s).

11.     Slander and Libel.

12.     Violation(s) of H.I.P.A.A. (Health Insurance Portability and Accountability
        Act) – discussing and or distributing Claimant's medical information and or
        record(s) with institution(s) and or person(s) not authorized by Claimant.

13.     Intentional infliction of pain and suffering.

14.     Cruel and unusual punishment.

15.     Irreparable damage to character.

The Claimant has sustained damage(s) in an amount which would exceed the
jurisdictional limits of all lower courts which would otherwise have jurisdiction of this
matter.

The claim is filed within ninety (90) days of the accrual of said cause of action
and the claimants have complied with all the statutory provisions of Section 50-e of the
General Municipal Law of the State of New York.

Copy(s) of corresponding Notice of Claim(s) attached; Personal Injury, Property
Damage or Loss, and Salary.

SS:     STATE OF NEW YORK)
        COUNTY OF FULTON)

I, Adrian P. Schoolcraft, being duly sworn, deposes and says that I have read the foregoing
NOTICE OF CLIAM, consisting of this and three (3) additional page(s), and know the contents thereof:
that same is true to the best of my own knowledge, except as to those matters here stated to be alleged
upon information and belief, and as to those matters, I believe them to be true.

Signature of Claimant: X: _____

                                        Adrian P. Schoolcraft

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27th DAY OF JANUARY, 2010

Signature of Notary: _____

                        CAROL R. HADCOCK
                     Notary Public State of New York
                      Fulton County 01HA4605621
                    Commission Expires Sept. 30, 2013

# PERSONAL INJURY CLAIM FORM

Claim must be filed *in person or by registered or certified mail within 90 days of the occurrence* at the NYC Comptroller's Office 1 Centre St. Room 1225, New York, New York 10007. It must be *notarized*. If claim is not resolved within *1 yr and 90 days of the occurrence* you must start legal action to preserve your rights

To the Comptroller of the City of NY: I herewith present my claim against the City of New York

## PERSONAL INFORMATION

<u>Last Name of Claimant</u>: Schoolcraft          <u>First Name</u>:  Adrian

<u>Address</u>:  16 North East Avenue, Apartment J-58, Johnstown, NY  <u>Zip Code</u>:  12095
<u>County</u>:  Fulton

<u>Date of Birth</u>: ███████          <u>Social Security #</u>: ███████          <u>Telephone #</u>:  (718) 570-6224

---

## ACCIDENT / INCIDENT INFORMATION

<u>Date of Incident</u>:  31 October, 2009          <u>Time</u>:  9:38 pm

<u>Exact Location of Incident</u>:  8260 88th Place, Apartment 2L, Glendale, NY 11385

<u>Describe how incident happened</u>:

On or about 0700 hours on the 31st of October 2009, Claimant, New York City Police Patrolman, Adrian P. Schoolcraft, Shield No. 12943, reported for duty at the 81st Precinct, 30 Ralph Avenue, Brooklyn, NY 11221. While working his assigned duty(s) as a Telephone/Switchboard Operator, the Precinct Integrity Control Officer, Lt. Timothy Caughey, began to menace Claimant with his sidearm (firearm) by displaying it in an unsafe and unsecure manner, while out of uniform. Coworkers also warned Claimant of Lt. Caughey's strange behavior, which they felt was being directed at Claimant, and expressed concern for his safety. Lt. Caughey was the subject of a New York City Police Department memorandum (49) authored by Claimant, in August '09, and sent to the Chief of Internal Affairs, Charles Campisi. The memorandum detailed Lt. Caughey's involvement in a Burglary at the 81st Precinct concerning Civilian Complaint Review

NOTICE OF CLAIM
(Personal Injury)
January 27, 2010                                                              Page 1 of 6

Board Complaints (C.C.R.B.s), Command Discipline(s), and other Sensitive Departmental Document(s)/Record(s). Feeling his identity had been disclosed, the Internal Affairs Bureau and the Chief of the Department's Office was contacted regarding Lt. Caughey's menacing conduct. When both departments refused to respond to Claimant's concern for safety, Claimant advised the 81st Precinct Desk Sergeant that he wasn't feeling well, filled out the appropriate paperwork and left the 81st Precinct to return to his residence, at 8260 88th Place, Apartment 2L, Glendale, NY 11385.

At approximately 2138 hours of the same day (Halloween Night), multiple high ranking, sworn, active and retired member(s) of the New York City Police Department, led by Deputy Chief Michael Marino (aka: Elephant Balls/Captain Midnight) unlawfully entered Claimant's home and using excessive force pulled Claimant from his bed, tearing his clothes as they threw him to the floor and assaulted him. Claimant was violently handcuffed causing excruciating pain and injury to his wrist(s), head, neck, back, shoulder(s), arm(s), and leg(s). During the assault, New York City Police Supervisor(s) searched Claimant's home and person, seizing personal property including Digital Recording device(s), key(s) to residence, and various file(s) containing Claimant's documentation of corruption in the New York City Police Department (i.e. **Report to the Police Commissioner, Raymond Kelley**) and details of his collaboration with retired New York Police Detective/Lieutenant David Durk.

Claimant was then placed in a restraint apparatus and carried from his home in full view of friend(s) and neighbor(s) by multiple member(s) of the New York City Police Department. Claimant was then transported by E.M.S. to Jamaica Hospital, 8900 Van Wyck Expressway, Jamaica, NY 11418, via ambulance. Upon arrival to the Jamaica Hospital Emergency Room, Claimant was handcuffed to a gurney for more than nine hour(s) during which he was denied use of a phone, water, food, or bathroom facilities. Claimant was continually harassed, intimidated, and assaulted by various member(s) of the New York City Police Department who were also intimidating hospital staff from assisting Claimant. During that time, an evaluation of Claimant was conducted, which concluded when the Dr. exclaimed "THIS IS REDICULOUS." Soon after Dr.'s evaluation, NYPD Supervisor(s) advised hospital staff the Claimant would be going with them to the 81st Precinct. When Claimant refused to go back to the Precinct, he was admitted to psychiatric confinement, on Sunday, November 1st, 2009. Claimant was held, against his will, in a locked-down ward on the third floor of Jamaica Hospital

where he was exposed to disease and violence on a daily basis until his release on Thursday, November 5th, 2009, with no explanation and a bill for $7,185.

After Claimants release from the Jamaica Hospital Psychiatric Ward, Claimant no longer felt safe in his own home and relocated upstate to recuperate with his immediate family. Since his release, the New York City Police Department has, on more than a dozen occasion(s), dispatched team(s) of detective(s) and or other agent(s) of the New York City Police Department to harass and intimidate Claimant by pounding on his door shouting "NYPD, WE KNOW YOUR IN THERE, OPEN UP" and honking car horn(s) during all hour(s) of the day and night, including weekend(s). The New York City Police Department has also solicited the help of the Johnstown New York Police Department to serve as its proxy in their ongoing harassment of Claimant.

The New York City Police Department and the New York City Fire Department failed to provide oversight for its member(s) and or agent(s) and had a special duty to provide for and protect Claimant's safety and well-being as well as his personal property and Civil Right(s) and to conduct themselves in a manner consistent with all New York State and Federal Law(s) as well as New York City Police Department and Civil Service Regulation(s).

As the result of the aforementioned, the Claimant, Adrian P. Schoolcraft, sustained serious physical, mental, and emotional injury(s) in addition to the following damage(s):

1.  Aggravated Assault.
2.  False Arrest.
3.  Unlawful Incarceration.
4.  Retaliation for reporting criminal conduct of the New York City Police Department to his employer, the New York City Police Department. Reports of corruption including but not limited to Fraud, Burglary, False Arrest(s), 61(s), UF-250(s), etc...
5.  Seizure of personal property.
    a.  Olympus D.V.R. (WS-331M)..............................................$100.00
    b.  File(s)/Folder(s) containing Document(s).
    c.  Key(s) to Residence and Motor Vehicle.
    d.  Key Ring Light..............................................................$15.00
    e.  Olympus D.V.R. (DS-50)..................................................$250.00

6.   Loss of benefit(s) including but not limited to Wage(s), Sick-Time, Vacation, Pension, and Medical.

7.   Harassment and Intimidation.

8.   Fraud – including but not limited to the destruction and or fabrication of government record(s) concerning Claimant.

9.   Conspiracy.

10.  Violation(s) of Claimant's Civil Rights, including but not limited to the 2nd, 4th, 5th, 8th, and 9th Amendment(s).

11.  Slander and Libel.

12.  Violation(s) of H.I.P.A.A. (Health Insurance Portability and Accountability Act) – discussing and or distributing Claimant's medical information and or record(s) with institution(s) and or person(s) not authorized by Claimant.

13.  Intentional infliction of pain and suffering.

14.  Cruel and unusual punishment.

15.  Irreparable damage to character.

The Claimant has sustained damage(s) in an amount which would exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

The claim is filed within ninety (90) days of the accrual of said cause of action and the claimants have complied with all the statutory provisions of Section 50-e of the General Municipal Law of the State of New York.

Copy(s) of corresponding Notice of Claim(s) attached; Notice of Claim, Property Damage or Loss, and Salary.

**Names(s) of Witness(s):** Not available at this time…

**Addresses of Witness(s):** Not available at this time…

**Were Police present at accident site?** Yes

**Police Report #:** Not available at this time...

**Police Officer's names(s), including but not limited to:**

Deputy Chief Michael Marino  (Patrol Borough Brooklyn North)
Deputy Inspector Steven Mauriello  (Commanding Officer, 81st Precinct)
Captain Theodore Lauterborn  (Former Executive Officer, 81st Precinct)
Lieutenant Christopher Broschart  (Squad Commander, 81st Precinct)
Lieutenant Thomas Crawford  (Special Operations Lieutenant, 81st Precinct)
Sergeant James  (81st Precinct)
Sergeant Frederick Sawyer  (81st Precinct)
Police Officer Sadowski  (81st Precinct)
Police Officer Miller  (81st Precinct)
Multiple Plain-Clothed Male(s), including retired member(s) of the service.

## MEDICAL INFORMATION

<u>Date of First Treatment</u>:  November 9, 2009

<u>Location of First Medical Treatment</u>:  94-25 60th Avenue
Elmhurst, NY  11373

<u>Was claimant taken by ambulance</u>:  YES

<u>Date treated in Emergency Room</u>:  31 October, 2009

<u>Name of Hospital</u>:  Jamaica Hospital

<u>Name and address of treating physician(s)</u>:  Dr. Hertzel K. Sure
94-25 60th Avenue
Elmhurst, NY  11373

<u>Describe injury in detail</u>:  Chronic pain, caused by assault, to head, neck, shoulder(s), arm(s), back, and leg(s).

<u>Name & Address of your Health Insurer Policy #</u>:  AETNA Health Inc.
P.O. Box 981106
El Paso, TX  79998-1106

<u>Total Out of Pocket Expenses Doctors Hospital Other</u>:  $7,185.00 (Jamaica Hospital)

## EMPLOYMENT INFORMATION

**Status on day of accident**: Employed

**Amount earned yearly**: $102,880.89

**Days lost from work**: YES

**Employer's Name**: City of New York Police Department

**Address**: City of New York Police Department
One Police Plaza
New York, NY 10038

**Employer's Telephone**: (646) 610-5410

SS:    STATE OF NEW YORK)
COUNTY OF FULTON)

I, Adrian P. Schoolcraft, being duly sworn, deposes and says that I have read the foregoing NOTICE OF CLIAM, consisting of this and five (5) additional page(s), and know the contents thereof: that same is true to the best of my own knowledge, except as to those matters here stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Signature of Claimant _____
Adrian P. Schoolcraft

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27th DAY OF JANUARY, 2010

Signature of Notary _____

CAROL R. HADCOCK
Notary Public State of New York
Fulton County 01HA4605621
Commission Expires Sept. 30, 2013

(SALARY)
## OFFICE OF THE COMPTROLLER - CITY OF NEW YORK
## NOTICE 0F CLAIM

### CLAIMANT INFORMATION:

CLAIMANT'S NAME:   ADRIAN P. SCHOOLCRAFT                TEL. #:(718) 570-6224

STREET ADDRESS:   16 North East Avenue, Apartment J-58

SOCIAL SECURITY #: ▆▆▆▆▆▆▆

CITY:  Johnstown          STATE:  New York        ZIP:  12095

### CLAIM INFORMATION:

CITY AGENCY INVOLVED:   CITY OF NEW YORK POLICE DEPARTMENT

LOCATION OF INCIDENT:   8260 88th Place, Apartment #2L, Glendale, NY 11385

WORK PHONE #:   (646) 610-5410

| TYPE OF CLAIM: | DATE FROM | TO | AMOUNT DUE |
|---|---|---|---|
| OVERTIME | October 31, 2009 | continuing | Amount to be determined |
| COMPENSATORY TIME | October 31, 2009 | continuing | Amount to be determined |
| DIFFERENTIAL | October 31, 2009 | continuing | Amount to be determined |
| ANNUAL LEAVE/VACATION | October 31, 2009 | continuing | Amount to be determined |
| SICK LEAVE | October 31, 2009 | continuing | Amount to be determined |
| SALARY | October 31, 2009 | continuing | Amount to be determined |
| PENSION | October 31, 2009 | continuing | Amount to be determined |
| TOTAL | ----------------------- | ------------ | Total to be determined |

**NATURE OF CLAIM**:

On or about 0700 hours on the 31st of October 2009, Claimant, New York City Police Patrolman, Adrian P. Schoolcraft, Shield No. 12943, reported for duty at the 81st Precinct, 30 Ralph Avenue, Brooklyn, NY 11221. While working his assigned duty(s) as a Telephone/Switchboard Operator, the Precinct Integrity Control Officer, Lt. Timothy Caughey, began to menace Claimant with his sidearm (firearm) by displaying it in an unsafe and unsecure manner, while out of uniform. Coworkers also warned Claimant of Lt. Caughey's strange behavior, which they felt was being directed at Claimant, and expressed concern for his safety. Lt. Caughey was the subject of a New York City Police Department memorandum (49) authored by Claimant, in August '09, and sent to the Chief of Internal Affairs, Charles Campisi. The memorandum detailed Lt. Caughey's involvement in a Burglary at the 81st Precinct concerning Civilian Complaint Review Board Complaints (C.C.R.B.s), Command Discipline(s), and other Sensitive Departmental Document(s)/Record(s). Feeling his identity had been disclosed, the Internal Affairs Bureau and the Chief of the Department's Office was contacted regarding Lt. Caughey's menacing conduct. When both departments refused to respond to Claimant's concern for safety, Claimant advised the 81st Precinct Desk Sergeant that he wasn't feeling well, filled out the appropriate paperwork and left the 81st Precinct to return to his residence, at 8260 88th Place, Apartment 2L, Glendale, NY 11385.

At approximately 2138 hours of the same day (Halloween Night), multiple high ranking, sworn, active and retired member(s) of the New York City Police Department, led by Deputy Chief Michael Marino (aka: Elephant Balls/Captain Midnight) unlawfully entered Claimant's home and using excessive force pulled Claimant from his bed, tearing his clothes as they threw him to the floor and assaulted him. Claimant was violently handcuffed causing excruciating pain and injury to his wrist(s), head, neck, back, shoulder(s), arm(s), and leg(s). During the assault, New York City Police Supervisor(s) searched Claimant's home and person, seizing personal property including Digital Recording device(s), key(s) to residence, and various file(s) containing Claimant's documentation of corruption in the New York City Police Department (i.e. **Report to the Police Commissioner, Raymond Kelley**) and details of his collaboration with retired New York Police Detective/Lieutenant David Durk.

Claimant was then placed in a restraint apparatus and carried from his home in full view of friend(s) and neighbor(s) by multiple member(s) of the New York City

Police Department. Claimant was then transported by E.M.S. to Jamaica Hospital, 8900 Van Wyck Expressway, Jamaica, NY 11418, via ambulance. Upon arrival to the Jamaica Hospital Emergency Room, Claimant was handcuffed to a gurney for more than nine hour(s) during which he was denied use of a phone, water, food, or bathroom facilities. Claimant was continually harassed, intimidated, and assaulted by various member(s) of the New York City Police Department who were also intimidating hospital staff from assisting Claimant. During that time, an evaluation of Claimant was conducted, which concluded when the Dr. exclaimed "THIS IS REDICULOUS." Soon after Dr.'s evaluation, NYPD Supervisor(s) advised hospital staff the Claimant would be going with them to the 81st Precinct. When Claimant refused to go back to the Precinct, he was admitted to psychiatric confinement, on Sunday, November 1st, 2009. Claimant was held, against his will, in a locked-down ward on the third floor of Jamaica Hospital where he was exposed to disease and violence on a daily basis until his release on Thursday, November 5th, 2009, with no explanation and a bill for $7,185.

After Claimants release from the Jamaica Hospital Psychiatric Ward, Claimant no longer felt safe in his own home and relocated upstate to recuperate with his immediate family. Since his release, the New York City Police Department has, on more than a dozen occasion(s), dispatched team(s) of detective(s) and or other agent(s) of the New York City Police Department to harass and intimidate Claimant by pounding on his door shouting "NYPD, WE KNOW YOUR IN THERE, OPEN UP" and honking car horn(s) during all hour(s) of the day and night, including weekend(s). The New York City Police Department has also solicited the help of the Johnstown New York Police Department to serve as its proxy in their ongoing harassment of Claimant.

The New York City Police Department and the New York City Fire Department failed to provide oversight for its member(s) and or agent(s) and had a special duty to provide for and protect Claimant's safety and well-being as well as his personal property and Civil Right(s) and to conduct themselves in a manner consistent with all New York State and Federal Law(s) as well as New York City Police Department and Civil Service Regulation(s).

As the result of the aforementioned, the Claimant, Adrian P. Schoolcraft, sustained serious physical, mental, and emotional injury(s) in addition to the following damage(s):

1.       Aggravated Assault.

2.      False Arrest.

3.      Unlawful Incarceration.

4.      Retaliation for reporting criminal conduct of the New York City Police
        Department to his employer, the New York City Police Department.
        Reports of corruption including but not limited to Fraud, Burglary, False
        Arrest(s), 61(s), UF-250(s), etc…

5.      Seizure of personal property.
        a.  Olympus D.V.R. (WS-331M)..............................................................$100.00
        b.  File(s)/Folder(s) containing Document(s).
        c.  Key(s) to Residence and Motor Vehicle.
        d.  Key Ring Light.............................................................................................$15.00
        e.  Olympus D.V.R. (DS-50)..................................................................$250.00

6.      Loss of benefit(s) including but not limited to Wage(s), Sick-Time, Vacation,
        Pension, and Medical.

7.      Harassment and Intimidation.

8.      Fraud – including but not limited to the destruction and or fabrication of
        government record(s) concerning Claimant.

9.      Conspiracy.

10.     Violation(s) of Claimant's Civil Rights, including but not limited to the 2nd,
        4th, 5th, 8th, and 9th Amendment(s).

11.     Slander and Libel.

12.     Violation(s) of H.I.P.A.A. (Health Insurance Portability and Accountability
        Act) – discussing and or distributing Claimant's medical information and or
        record(s) with institution(s) and or person(s) not authorized by Claimant.

13.     Intentional infliction of pain and suffering.

14.     Cruel and unusual punishment.

15.     Irreparable damage to character.

The Claimant has sustained damage(s) in an amount which would exceed the
jurisdictional limits of all lower courts which would otherwise have jurisdiction of this
matter.

The claim is filed within ninety (90) days of the accrual of said cause of action and the claimants have complied with all the statutory provisions of Section 50-e of the General Municipal Law of the State of New York.

Copy(s) of corresponding Notice of Claim(s) attached; Notice of Claim, Personal Injury, Property Damage or Loss.

SS:   STATE OF NEW YORK)
      COUNTY OF FULTON)

I, Adrian P. Schoolcraft, being duly sworn, deposes and says that I have read the foregoing NOTICE OF CLIAM, consisting of this and four (4) additional page(s), and know the contents thereof: that same is true to the best of my own knowledge, except as to those matters here stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Signature of Claimant _____

Adrian P. Schoolcraft

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27th DAY OF JANUARY, 2010

Signature of Notary _____

CAROL R. HADCOCK
Notary Public State of New York
Fulton County 01HA4605621
Commission Expires Sept. 30, 2013

TO: OFFICE OF THE COMPTROLLER
    DIVISION OF LAW - ROOM 1225
    1 CENTRE STREET
    NEW YORK, N.Y.  10007