# EXHIBIT E

LAW OFFICE OF
## NATHANIEL B. SMITH
ATTORNEY AT LAW
111 BROADWAY
NEW YORK, NEW YORK 10006

NATHANIEL B. SMITH

TEL: (212) 227-7062
FAX: (212) 346-4665

December 9, 2014

**BY FAX**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 1007

        *Schoolcraft v. The City of New York, et al.,*
        *10-cv-6005 (RWS)*

Dear Judge Sweet:

    As one of plaintiff's counsel I write to respond to the defendants' recent letters, dated December 5, 2014, regarding plaintiff's motion to amend. The defendants label the plaintiff's motion to amend as "meritless" and "exceedingly tardy" and based on these self-serving generalities, the defendants announce that they "do not intend to respond" to the motion until or unless the Court orders them to do so.

    The defendants also request that the Court hold in abeyance the current schedule for summary judgment motions and trial on the ground that the plaintiff has had the audacity to file a motion to amend his pleading. The last time the City Defendants claimed they needed an extension, they told the Court that they needed two months to take the depositions of 12 "new" witnesses. Based on that claim, the Court granted the requested two-month extension. Yet, since then, *the defendants have not taken one single deposition of any of these witnesses.* Thus, the defendants are simply looking for excuses to justify delay, and the December

Law Office of
Nathaniel B. Smith

5th letters are just the most recent attempts to delay this case. And a review of the substance of those letter proves the point: to support the current extension request, the defendants fail to point to any additional discovery that could be required in the light of the motion to amend.

The defendants' arguments are long on sweeping generalities and short on facts or analysis. The defendants deem the plaintiff's motion "meritless" because it was filed four years after the filing of the original complaint and "nearly a year" after the depositions that form the basis for the motion to amend. (City Letter at p. 1; Jamaica Hospital Letter at p. 1.) While it is correct that this action was commenced in 2010 and the plaintiff has filed this motion in 2014, the suggestion that plaintiff has "delayed" four years is exceedingly simplistic and the suggestion that plaintiff waited "nearly a year" is flatly wrong.

Since context and facts do matter, we set them forth briefly for the Court's consideration. The plaintiff's motion seeks to amend the complaint in the following six ways: (1) to drop four named defendants; (2) to drop one claim for relief; (3) to clarify that two individuals identified in the complaint as defendants (Weiss and Mascol) but mistakenly omitted from the caption are defendants; (4) to re-assert a claim under § 1983 against Jamaica Hospital that was previously dismissed before discovery without prejudice; (5) to assert a claim for declaratory relief that is based on the same facts and legal claims already asserted in the complaint; and (6) to make various editorial and typographical changes to the complaint. We address the defendants' various objections to these six items in turn.

     1. *Dropping Defendants.* The defendants to not object to the first part of the motion, seeking to drop four defendants. Thus, that part of the motion should be granted.

     2. *Dropping A Claim.* Nor do the defendants object to the dropping of the first claim of relief. Thus, that part of the motion should be granted.

     3. *Classification of Two Defendants' Status.* The City Defendant object to the motion "to add two new defendants" based on the statute of limitations and based on their need "to undertake a representation decision regarding the newly named defendant." City Letter at p. 1 & 2. As noted in our

2

Law Office of
Nathaniel B. Smith

motion, however, the two individuals are not "new defendants" -- they were expressly identified as defendants in the Second Amended Complaint. (*See* Motion Exhibit 2 at ¶¶ 66, 100, 107 & 134; references in the Second Amended Complaint to "defendant Weiss" and "defendant Mascol.") In addition in our motion, we addressed the statute of limitations issue, the relation-back doctrine, and the reasons why the claims are not time-bared. The City Defendants fail to address that analysis and fail to provide any other substantive response to our point about the relation-back doctrine. Finally, the need to undertake a "representation" decision for these two individuals is not the kind of undue prejudice that could justify denying the motion because the City Defendants do not point to any particular concerns that they might have with these representations or any undue prejudice arising from having to make this determination.

4. *Re-assertion of the § 1983 Claim Against Jamaica Hospital.* The defendants object to the request to re-asset the § 1983 claim against Jamaica Hospital on the ground of delay of "nearly a year" in filing the motion. That argument is factually incorrect and fails to take into account the relevant facts. First, the deposition of Jamaica Hospital by its Rule 30(b)(6) witness (Dr. Dhar) was taken on July 7, 2014, which was only five months ago. Second, the deposition of the last Jamaica Hospital witness, Dr. Patel, was not completed until October 31, 2014. Finally, the parties have only recently completed expert and fact discovery this month.[*] Since the motion to re-assert the § 1983 claim against Jamaica Hospital is made as the discovery period is coming to a close and since the Court's initial decision to dismiss the claim was made *without prejudice*, the defendants cannot claim any genuine surprise and certainly fail to point to any specific prejudice. Thus, this part of the motion should be granted.

5. *Declaratory Relief.* The City Defendants object to the request to add a claim for declaratory relief but do not explain the basis for their objection. The request for declaratory relief is based on the *same facts and legal theories* as set forth in the existing complaint. Thus, there is no cognizable prejudice to the defendants arising from this claim. Rule 15 provides that leave should be freely given. Fed. Rule Civ. Pro. 15(a)(2). Indeed, Rule 15 permits amendment during and even after trial "when doing so will aid in presenting the merits and the

---

[*] Indeed, the City Defendant have defaulted in their obligation to produce COMPSTAT videos previously ordered to be produced by the Court.

3

Law Office of
Nathaniel B. Smith

objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense." Fed. Rule Civ. Pro. 15(b)(1). Since the claim for declaratory relief will not require additional discovery and the claim is based on the existing facts and legal claims in the case, the motion should be granted. *See Hanlin v. Mitchelson,* 794 F.2d 834, 841 (2d Cir. 1986) (reversing district court's denial of motion to amend complaint because "the new claims are merely variations on the original theme . . ., arising from the same set of operative facts as the original complaint"); *see also Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.,* 734 F. Supp. 1071, 1078 (S.D.N.Y. 1990) (allowing amended complaint because it "contains no new factual allegations" and was "not a situation where the proposed amendment alleges an entirely new set of operative facts"); *Kuczynski v. Ragen Corp.,* 732 F. Supp. 2d 378 (S.D.N.Y.1989) (amended complaint merely "reformulated the old factual allegations" to state an additional cause of action or claim for relief)

   6. *Editorial and Typographical Changes.* Finally, the City Defendants complain about the proposed editorial and typographical changes by stating that the proposed changes are "significant changes." (City Letter at p.1.) But the City Defendants fail to explain this objection, and rather than offering any reasoning for their position, make the conclusory claim that the proposed changes "completely change the landscape of the litigation." Since the City Defendants state that the landscape will be "completely changed" it seems that they ought to have been able to come up with at least one specific change in the "landscape." Since the defendants have failed to demonstrate any prejudice, this part of the motion should also be granted.

     \*   \*   \*

   For all these reasons, the motion to amend should be granted and the request to adjourn the summary judgment motions and trial dates should be denied.

               Respectfully submitted,

               Nathaniel B. Smith

By Telecopier
(212) 805-7925
cc: All Counsel
Via Email

4