GJR/DA
667-82153

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT WILLIAM GOUGH, Tax Id. 919124 Individually and in his Official Capacity, SGT. FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, Individually and in her Official Capacity, LIEUTENANT THOMAS HANLEY, Tax Id. 879761, Individually and in his Official Capacity, CAPTAIN TIMOTHY TRAINER, Tax Id. 899922, Individually and in his Official Capacity, SERGEANT SONDRA WILSON, Shield No. 5172, Individually an din her Official Capacity, SERGEANT ROBERT W. O'HARE, Tax Id. 916960, Individually and in his Official Capacity, SERGEANT RICHARD WALL, Shield No. 3099 and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), FDNY LIEUTENANT ELISE HANLON, individually and in her official capacity as a lieutenant with the New York City Fire Department, JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------------X

**VERIFIED ANSWER TO SECOND AMENDED COMPLAINT**

Civil Action No.:
10 CIV 6005 (RWS)

**JURY TRIAL DEMANDED**

Defendant JAMAICA HOSPITAL MEDICAL CENTER, by its attorneys, MARTIN CLEARWATER & BELL LLP, answers the plaintiff's second amended complaint as follows, upon information and belief:

## PRELIMINARY STATEMENT

1.  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the second amended complaint designated "1", except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

2.  Denies each and every allegation contained in the paragraph of the second amended complaint designated "2".

## JURISDICTION

3.  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the second amended complaint designated "3", except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

## VENUE

4.  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the second amended complaint designated "4", except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

## JURY DEMAND

5.  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the second amended complaint designated "5", except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

## PARTIES

6.  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "6", "7",

1934094-1

"8", "9", "10", "11", "12", "13", "14", "15", and "16".

7. Denies each and every allegation contained in the paragraph of the second amended complaint designated "18", except admits that at all relevant times herein, THE JAMAICA HOSPITAL MEDICAL CENTER is a private hospital duly licensed to operate under the laws of the State of New York and operates a facility located at 8900 Van Wyck Expressway, Jamaica, New York.

8. Denies each and every allegation contained in the paragraph of the second amended complaint designated "19", except admits that at all relevant times herein, THE JAMAICA HOSPITAL MEDICAL CENTER is a private hospital duly licensed to operate under the laws of the State of New York and operates a facility located at 8900 Van Wyck Expressway, Jamaica, New York and begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

9. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "20" and "22", except admits that defendants DR. ISAK ISAKOV and DR. LILIAN ALDANA-BERNIER were, and still are, duly licensed to practice medicine in the State of New York.

10. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "21" and "23", except admits that defendants DR. ISAK ISAKOV and DR. LILIAN ALDANA-BERNIER were, and still are, associated with the defendant Hospital.

11. Denies each and every allegation contained in the paragraph of the second amended complaint designated "24".

## FACTUAL BACKGROUND

12. Denies knowledge or information sufficient to form a belief as to each and every

1934094-1

allegation contained in the paragraphs of the second amended complaint designated "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144", "145", "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163", "164", "172", "173", "174", "182", "183", "191", "192", "209", "216", "217", "218", "219", "220", "222", "223", "224", " "226", "227", "228", "229", "230", "231", "232", "233", "234", "235", "236", "237", "238", "239", "240", "241", "242", "243", "244", "245", "246", "247", "248", "249", "250", "251", and "252".

13. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "175", "177", "180", "201", "207", and "215", except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

14. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "176", "178", and "221" except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

15. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "179", "181", "188", "193", "195", "196", "197", "198", "199", "200", "203", "204", "205", "206", "213", "214", "225", "253" and "254".

1934094-1

16. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "184", "185", "186", "187", "189", "190", "194" and "202", except admits that defendant rendered certain professional services in accordance with acceptable medical standards and due care and begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

17. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "198", "208", "210", "211" and "212", except admits that defendant rendered certain professional services in accordance with acceptable medical standards and due care and begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

### AS TO THE FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

18. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "255".

19. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "256", "257", and "260" except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

20. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "258", and "259".

1934094-1

## AS TO THE SECOND CLAIM FOR RELIEF
## VIOLATION OF FIRST AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983

21. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "261".

22. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "262", "263", "264", "265", "266", "267", "268", "269", "270", "271", "272", "273", "274", "275", "276", and "277".

## AS TO THE THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

23. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "278".

24. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "279" and "280", except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

## AS TO THE FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

25. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended

1934094-1

complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "281".

26. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "282", "283", "284", "285", "286" and "287".

## AS TO THE FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

27. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "288".

28. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "289" and "290".

## AS TO THE SIXTH CLAIM FOR RELIEF
## FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

29. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "291".

30. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "292", "293" "294", and "295".

1934094-1

### AS TO THE SEVENTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH AND ENTRY UNDER 42 U.S.C. § 1983

31. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "296".

32. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "297", "298" "299" and "300".

### AS TO THE EIGHTH CLAIM FOR RELIEF
### INVOLUNTARY CONFINEMENT UNDER 42 U.S.C. § 1983

33. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "301".

34. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "302", and "303" except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

35. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "304", "305", and "306".

### AS TO THE NINTH CLAIM FOR RELIEF
### CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. § 1983

36. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended

1934094-1


complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "307".

37. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "308", "309" and "310" except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

38. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "311".

## AS TO THE TENTH CLAIM FOR RELIEF
## VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983

39. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "312".

40. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "313", "314", "315", "316", "317", "318", and "319".

## AS TO THE TWELFTH [SIC] CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

41. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "320".

42. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "321", "322", "323", "324", "325", "326", "327", "328", "329", "330", and "331".

1934094-1

### PENDANT STATE CLAIMS

43. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "332".

44. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "333", "334", "335", "336" and "337".

45. Denies each and every allegation contained in the paragraph of the second amended complaint designated "338".

### AS TO THE FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW: ASSAULT

46. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "339".

47. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "340" and "341".

### AS TO THE SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW: BATTERY

48. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "342".

1934094-1

49. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "343" and "344".

50. Denies each and every allegation contained in the paragraph of the second amended complaint designated "345".

### AS TO THE THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW: FALSE ARREST

51. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "346".

52. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the second amended complaint designated "347".

53. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "348" and "349".

### AS TO THE FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: FALSE IMPRISONMENT

54. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "350".

55. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "351", "352", "353", "354" and "355".

1934094-1

## AS TO THE FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW:
## INFLICTION OF EMOTIONAL DISTRESS

56.  Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "356".

57.  Denies each and every allegation contained in the paragraphs of the second amended complaint designated "357", "360", "361", "362", "363" and "364".

58.  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "358" and "359".

## AS TO THE SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW:
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
### (Defendant City of New York)

59.  Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "365".

60.  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the second amended complaint designated "366", "367", "368", "369", "370", "371", "372", "373", "374", "375", "376", "377", "378", "379", "380", "381", "382", "383", "384", "385", "386", "387" and "388".

1934094-1

### AS TO THE SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: MEDICAL MALPRACTICE

61. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "389".

62. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "390", "391" and "392".

### AS TO THE EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
(Defendant JHMC)

63. Repeats and reiterates each and every denial and denial of knowledge or information sufficient to form a belief as to each of the allegations of the second amended complaint reiterated and realleged by the plaintiff in the paragraph of the second amended complaint designated "393".

64. Denies each and every allegation contained in the paragraph of the second amended complaint designated "394", except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

65. Denies each and every allegation contained in the paragraphs of the second amended complaint designated "395", "396" and "397".

### AS A FIRST AFFIRMATIVE DEFENSE

66. Defendant JAMAICA HOSPITAL MEDICAL CENTER denies liability, but if liability is found against this defendant and the liability is found to be 50% or less of the total liability assigned to all persons liable, then this defendant invokes the limits on liability for noneconomic loss set forth in CPLR §1601.

1934094-1

### AS A SECOND AFFIRMATIVE DEFENSE

67. That defendant asserts the terms, provisions, limitations and rights contained in §4545 of the CPLR.

### AS A THIRD AFFIRMATIVE DEFENSE

68. Whatever injuries plaintiff may have sustained at the time and place alleged in the second amended complaint were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff.

### AS A FOURTH AFFIRMATIVE DEFENSE

69. That the second amended complaint fails to state a cause or causes of action upon which relief can be granted against defendant JAMAICA HOSPITAL MEDICAL CENTER.

### AS A FIFTH AFFIRMATIVE DEFENSE

70. Defendant reserves its rights pursuant to CPLR 3017(c) to move to strike plaintiff's AD DAMNUM clause and all other reference to specific amounts of monetary damages in plaintiff second amended complaint.

### AS A SIXTH AFFIRMATIVE DEFENSE

71. Defendant objects to all punitive language, as defendant was not negligent, careless nor reckless. Defendant reserves its right to strike any and all punitive language from the second amended complaint and all future pleadings.

### AS A SEVENTH AFFIRMATIVE DEFENSE

72. This Court lacks subject matter jurisdiction over this action.

### AS AN EIGHTH AFFIRMATIVE DEFENSE

73. Defendant THE JAMAICA HOSPITAL MEDICAL CENTER is immune from suit under the doctrines of qualified and absolute immunity.

1934094-1

### AS A NINTH AFFIRMATIVE DEFENSE

74.     Defendant THE JAMAICA HOSPITAL MEDICAL CENTER at all times acted in good faith and with justification.

### AS A TENTH AFFIRMATIVE DEFENSE

75.     Defendant THE JAMAICA HOSPITAL MEDICAL CENTER was and is not a state actor.

### AS AN ELEVENTH AFFIRMATIVE DEFENSE

76.     The actions by defendant THE JAMAICA HOSPITAL MEDICAL CENTER were privileged under Article 9 of the Mental Hygiene Law.

WHEREFORE, defendant JAMAICA HOSPITAL MEDICAL CENTER demands judgment dismissing the second amended complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
       October 10, 2012

                                            Yours, etc.

                                            MARTIN CLEARWATER & BELL LLP

                                            By: _____
                                                Gregory J. Radomisli (GJR 2670)
                                                Attorneys for Defendant
                                                JAMAICA HOSPITAL MEDICAL CENTER
                                                220 East 42nd Street
                                                New York, NY 10017
                                                (212) 697-3122

TO:   COHEN & FITCH, LLP
      Attorneys for Plaintiff
      233 Broadway, Suite 1800
      New York, New York 10279
      (212) 374-9115

1934094-1

LAW OFFICES OF JON L. NORINSBERG
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 791-5396

CALLAN KOSTER BRADY & BRENNAN, LLP
Attorneys for Defendant
LILIAN ALDANA-BERNIER, M.D.
One Whitehall Street, 10th Floor
New York, New York 10004
(212) 248-8800

IVONE, DEVINE & JENSEN, LLP
Attorneys for Defendant
ISAK ISAKOV
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042
(516) 326-2400

MICHAEL A. CARDOZO
CORPORATION COUNSEL
Attorneys for Defendants
NEW YORK CITY POLICE DEPARTMENT
Law Department of the City of New York
100 Church Street Room 2-124
New York, New York 10007
Attn: Suzanne Publicker, Esq.
(212) 788-8703

SEIFF KRETZ & ABERCHROMBIE
Attorneys for Defendants
DEPUTY INSPECTOR STEVEN MAURIELLO
444 Madison Avenue, 30th Floor
New York, New York 10022

1934094-1

## ATTORNEY'S VERIFICATION

I, Gregory J. Radomisli, the undersigned, an attorney admitted to practice in the courts of New York State, state that I am an attorney with the firm of MARTIN CLEARWATER & BELL LLP, the attorneys of record for defendant JAMAICA HOSPITAL MEDICAL CENTER in the within action; I have read the foregoing **VERIFIED ANSWER TO THE SECOND AMENDED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true. The reason this verification is made by me and not by the defendant is that defendant has its place of business outside the county where the affirmant has his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: review of all file materials in the offices of MARTIN CLEARWATER & BELL LLP.

I affirm the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
October 12, 2012

By: _____
Gregory J. Radomisli

1934094-1