GJR/DA
667-82153
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                                    Plaintiff,

                        -against-                                                    10 CIV 6005 (RWS)

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL
MARINO, Tax *Id.* 873220, Individually and in his Official
Capacity, ASSISTANT CHIEF PATROL BOROUGH
BROOKLYN NORTH GERALD NELSON, Tax *Id.* 912370,
Individually and in his Official Capacity, DEPUTY
INSPECTOR STEVEN MAURIELLO, Tax *Id.* 895117,
Individually and in his Official Capacity CAPTAIN
THEODORE LAUTERBORN, Tax *Id.* 897840, Individually
and in his Official Capacity, LIEUTENANT JOSEPH GOFF,
Tax *Id.* 894025, Individually and in his Official Capacity, SGT.
FREDERICK SAWYER, Shield No. 2576, Individually and in
his Official Capacity, SERGEANT KURT DUNCAN, Shield
No. 2483, Individually and in his Official Capacity,
LIEUTENANT CHRISTOPHER BROSCHART, Tax *Id.*
915354, Individually and in his Official Capacity,
LIEUTENANT TIMOTHY CAUGHEY, Tax *Id.* 885374,
Individually and in his Official Capacity, SERGEANT
SHANTEL JAMES, Shield No. 3004, AND P.O.'s "JOHN
DOE" #1-50, Individually and in their Official Capacity (the
name John Doe being fictitious, as the true names are presently
unknown) (collectively referred to as "NYPD defendants"),
JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK
ISAKOV, Individually and in his Official Capacity, DR.
LILIAN ALDANA-BERNIER, Individually and in her Official
Capacity and JAMAICA HOSPITAL MEDICAL CENTER
EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their
Official Capacity (the name John Doe being fictitious, as the
true names are presently unknown),

                                    Defendants.

-------------------------------------------------------------------------------X

## MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION
## TO AMEND THE COMPLAINT


Of Counsel:    Gregory J. Radomisli (GJR 2670)


2439163_1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................ii

PRELIMINARY STATEMENT ............................................................................1

PROCEDURAL HISTORY ..................................................................................1

ARGUMENT

POINT I

PLAINTIFF HAS NOT DEMONSTRATED GOOD CAUSE
TO AMEND THE SCHEDULING ORDERS ........................................................3

POINT II

PLAINTIFF'S COUNSEL CANNOT MEET
THE STANDARD FOR LEAVE TO AMEND

      A.    General Principles.....................................................6

           1.    Undue Delay.....................................................7

           2.    Futility

                a.    Plaintiff's Counsel Has Not Alleged the
                      Necessary Elements to State a Claim. ................9

                b.    Plaintiff's counsel does not have a
                      factual basis for his amendment...........................10

                    1.   An official policy.........................................10

                    2.   The direction of a policy maker.........................11

                    3.   A widespread custom...................................11

            3.    Undue Prejudice.................................................14

            4.    Bad Faith.............................................................15

CONCLUSION.....................................................................................................18

# TABLE OF AUTHORITIES

## *Cases*

Amer. v. Town of West Harford,
    361 F.3d 113, 125 (2d Cir. 2004)......................................................................................................... 10, 13

Barry v. New York City Police Dept.,
    2004 U.S. Dist. LEXIS 5951 (S.D.N.Y. April 7, 2004)........................................................................... 13

Bernstein v. N.V. Nederlandsche-Amerikaansche Stoomvaart Maatschapij, 79 F.Supp. 38, 42 (S.D.N.Y. 1948)........ 16

Board of the County of Comm'rs of Bryan County v. Brown,
    520 U.S. 397 (1997) ............................................................................................................................. 13

Green v. City of New York,
    465 F.3d 65 (2d Cir. 2006).................................................................................................................... 12

Jeffes v. Barnes,
    208 F.3d at 57 ................................................................................................................................. 11, 14

Parker v. Columbia Pictures Industries,
    204 F.3d 326 (2d Cir. 2000)...................................................................................................... 3, 4, 5, 6, 15

Schoolcraft v. City of New York, 2011 U.S.Dist. LEXIS 48996, *17 (S.D.N.Y. May 5, 2011)..................... 8, 9, 10, 11, 13

Sokol Holdings, Inc. v. BMB Munai, Inc., 2009 U.S.Dist. LEXIS 72659 (S.D.N.Y. August 14, 2009) ................................4

Sorlucco v. New York City Police Department,
    971 F.2d 864, 871 (2d Cir. 1992)......................................................................................................... 12

Warheit v. City of New York,
    2006 U.S.Dist. LEXIS 58167 (S.D.N.Y. August 15, 2006) .................................................................... 14

## *Rules*

12(b)(1)...............................................................................................................................................1

12(c)....................................................................................................................................................1

Anderson News, L.L.C. v. Am. Media, Inc., 680 F.2d 162 (2d Cir. 2012)...........................................................9

Ansam v. Assocs., Inc. v. Cola Petroleum Ltd., 760 F.2d 442, 446 (2d Cir. 1985) .........................................7

Beckett v. Incorporated Village of Freeport, 2014 U.S.Dist. LEXIS 45605, *13 (E.D.N.Y. March 31, 2014)............ 4, 14

Burch v. Pioneer Credit Recovery, Inc.,
    551 F.3d 122, 126 (2d Cir. 2008)........................................................................................................ 8, 10

Cresswell v. Sullivan & Cromwell,
    922 F.2d 60, 72 (2d Cir. 1990)...............................................................................................................8

Dilworth v. Goldberg,
    914 F.Supp.2d 433, 452 (S.D.N.Y. 2012) ...........................................................................9

Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.,
    665 F.Supp.2d 239, 262 (S.D.N.Y. 2009) ..........................................................................15

Kassner v. 2nd Ave. Delicatessen, Inc.,
    496 F.3d 229, 244 (2d Cir. 2007)...............................................................................4, 5, 6

McCarthy v. Dun & Bradstreet Corp.,
    482 F.3d 184, 200 (2d Cir. 2007)..........................................................................................7

Mina Inv. Holdings, Ltd. v. Lefkowitz,
    184 F.R.D. 245, 247 (S.D.N.Y. 1999)....................................................................................9

NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd., 262 F.Supp.2d 134, 150 (S.D.N.Y. 2003)................4

Rule 12(b)(6) ......................................................................................................................................9

Rule 15 ...............................................................................................................................................6

Rule 15(a) ..................................................................................................................................3, 4, 5, 6

Rule 16 ..........................................................................................................1, 2, 3, 4, 5, 6, 14, 15

Rule 16(b) .................................................................................................................................3, 4, 5

Rule 16(b)(4) ....................................................................................................................................3

Rules 8(a)(2) .....................................................................................................................................1

Sanders v. Thrall Car Mfg. Co.,
    582 F.Supp. 945, 952, aff'd 730 F.2d 910 (2d Cir. 1984)...........................................8, 16

Shallow v. Scofield,
    2012 U.S.Dist. LEXIS 135697 (S.D.N.Y. September 21, 2012) ..........................................9

Strada v. City of New York,
    (E.D.N.Y. 2014)....................................................................................................................8

Tokio Marine & Fire Ins. Co. v. Employers Ins. Of Wausau,
    768 F.2d 101, 103 (2d Dir. 1986) ......................................................................................8

Williams v. Citigroup, Inc.,
    659 F.3d 208 (2d Cir. 2011); McCarthy, 482 F.3d at 200 ..................................................7

Zahra v. Town of Southold,
    48 F.3d 674, 686 (2d Cir. 1995).........................................................................................7

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of defendant JAMAICA HOSPITAL MEDICAL CENTER in opposition to plaintiff's motion for an Order amending the Second Amended Complaint.

## PROCEDURAL HISTORY

Plaintiff filed a Summons and Complaint in the United States District Court, Southern District of New York, on or about August 10, 2010 (Exhibit "A"). Issue was joined by service and filing of a Verified Answer on behalf of defendant JAMAICA HOSPITAL MEDICAL CENTER ("Jamaica Hospital" or "JHMC") on September 7, 2010 (Exhibit "B"). On or about September 12, 2010, plaintiff filed an Amended Summons and Complaint (Exhibit "C"). On October 6, 2010, Jamaica Hospital filed a Verified Answer to the Amended Complaint (Exhibit "D").

On October 12, 2010, Jamaica Hospital filed a motion to dismiss plaintiff's Amended Complaint pursuant to Rules 8(a)(2), 12(b)(1), 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure with an accompanying Memorandum of Law (Exhibit "E"). On May 5, 2011, this Court issued its Opinion on Jamaica Hospital's motion, dismissing all federal claims against Jamaica Hospital, finding that plaintiff failed to state a claim against JHMC pursuant to 42 U.S.C. §1983 (Exhibit "F"). This Court decided to exercise supplemental jurisdiction over the plaintiff's state- law claims against Jamaica Hospital (Exhibit "F").

On August 15, 2011, this Court issued an Order establishing March 30, 2012 as the deadline to complete fact discovery (Exhibit "G"). On October 5, 2011, this Court issued another Order, establishing June 29, 2012 as the deadline to complete fact discovery (Exhibit "H"). On February 9, 2012, the deadline to complete fact discovery was extended again to September 12, 2012, and expert discovery was to be completed by November 1, 2012 (Exhibit "I"). Significantly, the February 9, 2012 Rule 16 Scheduling Order specifically stated that "The

parties shall file **all** motions, other than motions *in limine*, by this date. . . after which no discovery will be conducted and **no motion will be entertained without a showing of special circumstances**" (Exhibit "I," emphasis added).

On April 25, 2012, plaintiff's counsel wrote to the Court requesting leave to amend the Complaint to add a First Amendment retaliation claim under 42 U.S.C. §1983, which this Court granted in part and denied in part by Order of June 14, 2012 (Exhibit "J"). On August 1, 2012, plaintiff's counsel wrote to the Court again, requesting permission to amend the complaint to add a prior restraint claim under 42 USC §1983 (Exhibit "K"). On September 10, 2012, this Court granted in part and denied in part plaintiff's *second* motion to amend the Complaint (Exhibit "L").

On September 18, 2012, plaintiff's counsel wrote to the Court a third time, asking permission to amend the Complaint again, to add Lt. Elise Hanlon as a defendant (Exhibit "M"). This Court So-Ordered plaintiff's counsel's letter (Exhibit "M"). As plaintiff's counsel noted in that letter, two prior requests to amend the Complaint had already been made. Thus, as of December 2014, when plaintiff's counsel made his motion, **this Court had already permitted plaintiff to amend the Complaint three times**. Moreover, plaintiff's counsel had the opportunity to make a motion to amend the Complaint to re-instate the §1983 claims against JHMC when he wrote his letters to the Court on April 25, 2012, August 1, 2012 and September 18, 2012 to amend the Complaint in other ways, but did not.

On September 21, 2012, the deadline to complete fact discovery was extended again to January 12, 2013 (Exhibit "N"). Significantly, the Rule 16 Scheduling Order specifically stated that "The parties shall file **all** motions, other than motions *in limine*, by this date. . . after which no discovery will be conducted and **no motion will be entertained without a showing of special circumstances**" (Exhibit "N," emphasis added).

On October 1, 2012, plaintiff filed a Second Amended Complaint (Exhibit "O"). **Plaintiff's Second Amended Complaint specifically states that the Federal causes of action alleged therein are not being asserted against Jamaica Hospital** (Exhibit "O", p. 43; fn. 1).

On October 15, 2012, Jamaica Hospital filed a Verified Answer to the Second Amended Complaint (Exhibit "P").

Discovery has proceeded for the past two years. Notwithstanding prior deadlines, this Court issued Orders extending the deadline to complete fact discovery again to December 6, 2013 (Exhibit "Q"), January 10, 2014 (Exhibit "R"), March 14, 2014 (Exhibit "S"), June 14, 2014 (Exhibit "T") and July 18, 2014 (Exhibit "U"). *Plaintiff's counsel never requested that the dates by which to file all motions, other than motions in limine, be extended.* Even if he had, using this Court's prior Orders as a guide, that deadline would presumably have been July 18, 2014 (the cut-off for fact discovery) or October 9, 2014 (the cut-off for expert discovery).

On October 29, 2014, the Court ordered all summary judgment motions to be served by December 22, 2014, and set a trial date of April 6, 2015 (Exhibit "V"). On December 4, 2014, two weeks before dispositive motions were due, plaintiff's counsel served the current motion to amend the Complaint—essentially *for the fourth time*.

## ARGUMENT

### POINT I

### PLAINTIFF HAS NOT DEMONSTRATED GOOD CAUSE TO AMEND THE SCHEDULING ORDERS

According to Rule 16(b)(3) of the Federal Rules of Civil Procedure, the Court "**must** issue a scheduling order" which "**must** limit the time to join other parties [and] amend the pleadings" (emphasis added). Rule 16(b)(4) states that scheduling orders may be modified, "only for good cause." Therefore, when a plaintiff seeks leave to amend a Complaint pursuant to Rule 15(a) after the deadline to amend the pleadings has expired, he must first demonstrate "good cause." *Parker v. Columbia Pictures Industries*, 204 F.3d 326 (2d Cir. 2000) (finding that the "good cause" standard, rather than the more liberal standard of Rule 15(a) governs a motion to amend filed after the deadline to amend the pleadings has expired); *Beckett v. Incorporated Village of*

*Freeport*, 2014 U.S.Dist. LEXIS 45605, *13 (E.D.N.Y. March 31, 2014).

"Good cause" exists if the Court determines that a deadline could not be met, despite the diligence of the party seeking to extend the deadline. *Id.*; *Parker*, 204 F.3d at 339-340.  In those cases where a deadline could not be met despite due diligence, the Court may grant leave to amend the scheduling order to extend the deadline. *See Beckett*, 2014 U.S.Dist. LEXIS at *14; *Parker*, 204 F.3d at 339-340.

"Good cause" depends upon "the diligence of the moving party, and, to satisfy the standard, the movant must demonstrate that it has been diligent in its effort to meet the Court's deadlines." *Id.*; *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 U.S.Dist. LEXIS 72659 (S.D.N.Y. August 14, 2009).  As the Court stated in *Sokol*, "The party must show that, despite its having exercised diligence, the applicable deadline could not reasonably have been met." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 U.S.Dist. LEXIS 100478, *24 (S.D.N.Y. October 27, 2009).

Significantly, while not the only consideration, the "primary consideration" to determine if good cause exists is whether the moving party can demonstrate diligence. *Beckett*, 2014 U.S.Dist. LEXIS at *15; *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *see also Parker v. Columbia Pictures Industries, supra*.  It is only after plaintiff has established "good cause" to modify the scheduling order under Rule 16(b)(4) that the Court may consider if plaintiff satisfied the requirements of Rule 15(a).  *Beckett*, 2014 U.S.Dist. LEXIS at *15; *Sokol*, 2009 U.S.Dist. LEXIS 100478 at *16 ("The standards of Rule 16(b) must be met first, and cannot 'be short circuited by an appeal to those of Rule 15'") (emphasis original, citations and quotations omitted); *see also NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F.Supp.2d 134, 150 (S.D.N.Y. 2003) ("Before leave is granted [pursuant to Rule 15(a)], a motion

to amend the pleading must satisfy the terms of [the] Court's scheduling order").

The Second Circuit's decisions in *Parker* and *Kassner* demonstrate the relationship between Rules 16 and 15, and the significance of demonstrating "good cause" to amend a Scheduling Order before considering a motion to amend the Complaint. In *Parker*, the plaintiff moved to amend the complaint after the deadline to amend pleadings had expired. The Court stated that it was the first occasion the Second Circuit had to "balance" the "freely granted" standard of Rule 15(a) with the "good cause" standard of Rule 16. 204 F.3d at 339. In its analysis, the Court noted that Rule 16(b) "directs" district court judges to set scheduling orders, limiting the time to make such amendments. *Id.* It reviewed the case law in several Circuits, and ultimately concluded that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline" to amend the pleadings has passed. *Id.* at 340-341.

The Second Circuit's decision in *Kassner* emphasizes the importance of adhering to the deadlines established in the Rule 16 Scheduling Order. In that case, the Second Circuit considered the relationship between Rule 16 and the portion of Rule 15(a) allowing a party to serve an amending pleading "as a matter of course at any time before a responsive pleading is served." F.R.C.P. 15(a). Discussing both rules, the Second Circuit held that even amending a pleading "as a matter of course" pursuant to rule 15(a) "is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)." 496 F.3d at 244.

As discussed above, the February 9, 2012 and September 21, 2012 Rule 16 Scheduling Orders specifically state that "The parties shall file **all** motions, other than motions *in limine*, by this date. . . after which no discovery will be conducted and **no motion will be entertained**

**without a showing of special circumstances**" (Exhibits "I" and "N," emphasis added). Significantly, another Rule 16 Scheduling Order was not entered, and therefore September 21, 2012 remained the deadline by which to make a motion to amend the pleadings.[1] *Plaintiff's counsel never requested that the dates by which to file all motions, other than motions in limine, be extended.* Even if he had, using this Court's prior Orders as a guide, that deadline would presumably have been July 18, 2014, the cut-off for fact discovery, or October 9, 2014, the cut-off for expert discovery (Exhibit "U"). Clearly, the deadline to make a motion to amend the pleadings has expired.

Plaintiff's counsel has not moved to amend the Scheduling Orders pursuant to Rule 16, and therefore plaintiff's motion to amend the Complaint pursuant to Rule 15 should be summarily denied. Furthermore, he has not even tried to demonstrate "good cause" as to why the deadlines previously established in two Scheduling Orders should be extended (as distinct from his arguments regarding Rule 15(a)).[2] Accordingly, it is respectfully submitted that this Court need not even reach the issue of whether plaintiff's counsel may amend the Complaint pursuant to Rule 15(a).

**POINT II**

**PLAINTIFF'S COUNSEL CANNOT MEET**
**THE STANDARD FOR LEAVE TO AMEND**

A.      General Principles

Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires," the Court still has discretion to grant or deny

---

[1] In contrast, this Court set specific deadlines by which dispositive motions were to be made, thereby superseding those dates.

[2] As the Second Circuit noted in *Parker* and *Kassner*, the "good cause" standard is stricter than the standard applied under a Rule 15 analysis.

leave to amend. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *see also Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995) (upholding the denial of a motion to amend the complaint that was filed 2 1/2 years after commencement of the action, and three months prior to trial); *Ansam Assocs., Inc. v. Cola Petroleum Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (upholding denial of a motion to amend a complaint when discovery had been completed and motions for summary judgment had been filed). The factors to consider include futility, bad faith, undue delay or undue prejudice to the opposing party. *Williams v. Citigroup, Inc.*, 659 F.3d 208 (2d Cir. 2011); *McCarthy*, 482 F.3d at 200. In *McCarthy*, the Second Circuit upheld the district court's denial of plaintiff's motion to amend the complaint as a result of plaintiff's "inordinate delay," given that discovery had been closed, defendants had moved for summary judgment and two years had passed since the filing of the original complaint. *Id.* at 202.

1.    Undue Delay

As discussed in detail above, this action has been pending for over four years. During that time, plaintiff's counsel has made three applications to amend the Complaint, and discovery has been proceeding extraordinarily slowly over the past two years. Plaintiff's latest motion to amend the Complaint was made after a trial date was scheduled, and two weeks before defendants were to make summary judgment motions, when it could have been made as soon as this Court rendered its decision on JHMC's motion to dismiss for failure to state a cause of action.

Furthermore, plaintiff's counsel claims that his motion to amend the Complaint to reinstate the previously dismissed §1983 claims against Jamaica Hospital could not have been made earlier because he had not obtained the testimony of the codefendants Dr. Lilian Aldana-

Bernier and Dr. Isak Isakov, and non- party Dr. Vinod Dhar (pp. 11-12 of plaintiff's counsel's 12/4/14 Memorandum of Law).   However, Dr. Aldana-Bernier was deposed on February 11, 2014, Dr. Isakov was deposed on February 12, 2014 and Dr. Dhar was deposed on July 7, 2014. Nevertheless, plaintiff's counsel waited an additional five months to make his motion to amend the Complaint.   There has clearly been an inordinate delay, and therefore plaintiff's motion should be denied.   *See Strada v. City of New York*, (E.D.N.Y. 2014); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (motions to amend should be denied if there is undue delay and repeated failure to cure deficiencies by amendments previously allowed).

Significantly, plaintiff's counsel has not offered a "satisfactory explanation" for the delay. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990); *Tokio Marine & Fire Ins. Co. v. Employers Ins. Of Wausau*, 768 F.2d 101, 103 (2d Cir. 1986); *Sanders v. Thrall Car Mfg. Co.*, 582 F.Supp. 945, 952, *aff'd* 730 F.2d 910 (2d Cir. 1984).   In *Sanders*, the court noted that "where, as here, 'a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some 'valid reason for his neglect and delay'" (citations omitted).   582 F.Supp. at 953.

Given that this Court dismissed plaintiff's §1983 claims against Jamaica Hospital because plaintiff's counsel did not plead the necessary elements to state a claim, plaintiff's counsel's attempts to justify his tardiness by claiming he needed discovery is spurious— discovery is not necessary to amend a pleading simply to state a cause of action.   In that regard, while plaintiff's counsel cites the *Schoolcraft* decision for the alleged holding that "[a]bsent a policy or practice that caused the violation of Officer Schoolcraft's constitutional rights, the Court held that no claim could be stated" (p. 7, plaintiff's counsel's Memorandum of Law), the actual holding of that case was that absent *allegations* that a policy or practice caused a violation of plaintiff's

rights, no claim could be stated. That distinction is significant because it demonstrates that plaintiff's counsel did not have to rely upon discovery to make a motion to amend.

2.   Futility

a.   Plaintiff's Counsel Has Not Alleged the Necessary Elements to State a Claim

An amendment is "futile" if it cannot withstand a motion to dismiss under Rule 12(b)(6). *Shallow v. Scofield*, 2012 U.S.Dist. LEXIS 135697 (S.D.N.Y. September 21, 2012); *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.2d 162 (2d Cir. 2012); *see also Mina Inv. Holdings, Ltd. v. Lefkowitz*, 184 F.R.D. 245, 247 (S.D.N.Y. 1999) (a proposed amendment is futile when it fails to state a claim).

In the context of private actors, private employers are not vicariously liable under §1983 for the constitutional torts of their employees "absent allegations of conduct pursuant to an official policy." *Dilworth v. Goldberg*, 914 F.Supp.2d 433, 452 (S.D.N.Y. 2012). In its prior decision, this Court discussed the standard under which a private corporation could be liable under §1983 for the unconstitutional actions of its employees, and noted that plaintiff could not state a cause of action for violation of his civil rights because plaintiff had not "sufficiently alleged that JHMC's employees acted pursuant to an official policy, the direction of a JHMC policy maker, or JHMC custom when they participated in the deprivation of Plaintiff's constitutional rights." *Schoolcraft v. City of New York*, 2011 U.S.Dist. LEXIS 48996, *17 (S.D.N.Y. May 5, 2011). Significantly, **plaintiff's third proposed amended complaint (attached as Exhibit 1 to plaintiff's motion) does not contain any of those allegations. There are no allegations regarding the "official policy" to which the Jamaica Hospital employees were allegedly acting; there are no allegations regarding any Jamaica Hospital "policy maker"; and there are no allegations that any of the Jamaica Hospital staff were**

**acting pursuant to Jamaica Hospital custom when they allegedly participated in the alleged deprivation of plaintiff's constitutional rights.** Because allowing plaintiff to file the third Proposed Amended Complaint would be futile, plaintiff's motion should be denied. *See Amnesty Amer. v. Town of West Harford*, 361 F.3d 113, 125 (2d Cir. 2004); *Burch, supra*, 551 F.3d at 126 (motion to may be denied if there has been repeated failure to cure deficiencies in a complaint).

          b.     Plaintiff's counsel does not have a factual basis for his amendment

Even if plaintiff's proposed third amended complaint contained the necessary allegations, plaintiff could still not establish them, particularly given this Court's observation that plaintiff's theory is that "the hospital's employees defied its standard practices in taking orders from and/or collaborating with the NYPD to deprive him of his constitutional rights." *Schoolcraft*, 2011 U.S.Dist. LEXIS at *13.[3]

          1.     An official policy

As this Court recognized, the Supreme Court has identified at least two situations that constitute an official policy: "(1) where there is an officially promulgated policy as that term is generally understood. . . and (2) where a single act is taken by a municipal employee who, as a matter of State law, has final policymaking authority in the area in which the action was taken." *Schoolcraft*, 2011 U.S.Dist. LEXIS at *12 (citations omitted).

In his motion, plaintiff's counsel admits that the "official policy" of Jamaica Hospital conforms with the Mental Hygiene Law (p. 11, plaintiff's counsel's 12/4/14 Memorandum of

---

[3] If plaintiff's counsel is not alleging that the JHMC staff cooperated with the police and acted at their direction, then plaintiff's counsel cannot establish state action, which would also be required for plaintiff to assert a §1983 claim against the Hospital.

Law).   In addition, there is no dispute that Dr. Aldana-Bernier and Dr. Isakov were the psychiatrists who admitted and treated the plaintiff, and there is nothing to suggest that they had authority to make policy— only individual treatment decisions.   Although they may have had discretion in terms of whether to admit and retain the plaintiff, discretionary authority is not the same as final policymaking authority. *See e.g., Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000). Therefore, the isolated decisions of Dr. Aldana-Bernier and Dr. Isakov to admit and retain the plaintiff, respectively, do not constitute an act by someone who has final policymaking authority.

### 2.       The direction of a policy maker

Plaintiff's counsel has not alleged, and does not have evidence of, who had "**final policymaking authority**" at Jamaica Hospital, which is necessary to sustain a claim under this prong. *See Jeffes v. Barnes*, 208 F.3d at 57 (emphasis added).   Although Dr. Dhar was the assistant chair of the psychiatric department (Exhibit "X", p. 16), the chair of the department was Dr. Vivek (Exhibit "X", p. 26).   Furthermore, Dr. Dhar testified that he did not have any role in creating the Jamaica Hospital policy on involuntary admissions; rather, Dr. Vivek did (Exhibit "X", pp. 44-45).   Therefore, based upon the evidence before this Court, plaintiff cannot sustain a cause of action against Jamaica Hospital for alleged §1983 violations as a result of a policymaker's "direction."

### 3.       A widespread custom

As this Court recognized in its decision, a "custom" need not receive formal approval by the appropriate decision maker. *Schoolcraft*, 2011 U.S.Dist. LEXIS at *12.   Rather, an act performed pursuant to a "custom" that has not been "formally approved by an appropriate

decision maker" may subject an employer to liability "on the theory that the relevant practice is so widespread as to have the force of law" *Schoolcraft*, 2011 U.S.Dist. LEXIS at *12-13 (citation omitted).  To prevail on that theory, the plaintiff must prove that "the custom at issue is well settled" and that it is "so permanent and well settled as to constitute a custom or usage with the force of law." *Schoolcraft*, 2011 U.S.Dist. LEXIS at *13 (citations omitted).  The unconstitutional practice must be "so manifest as to imply the constructive acquiescence of senior policy-making officials." *Sorlucco v. New York City Police Department*, 971 F.2d 864, 871 (2d Cir. 1992).

Plaintiff's counsel has not alleged and cannot establish a widespread custom of depriving a patient of his civil rights.  In *Green v. City of New York*, 465 F.3d 65 (2d Cir. 2006), the Court held that the plaintiff did not have sufficient evidence of a widespread custom to establish municipal liability because plaintiff could only point to one instance in which emergency personnel were not familiar with the correct protocol, and could not point to any other instances in which City personnel had engaged in similar actions as the defendants had engaged.  *See Green*, 465 F.3d at 81.

Although plaintiff's counsel refers to Dr. Isakov's and Dr. Aldana-Bernier's understanding of the Mental Hygiene Law, neither testified about the general practice at Jamaica Hospital or their understanding of how countless other psychiatrists who practice at Jamaica Hospital apply the Mental Hygiene Law.  In fact, while plaintiff's counsel may question whether Dr. Aldana-Bernier appropriately followed Jamaica Hospital policy, there was no doubt that she was aware that the policy was to admit a patient who presented a "substantial danger" to himself or others; she testified as follows (Exhibit "W", pp. 239-241):

> **Q:**   Do you endeavor to follow the written policies of Jamaica Hospital, the written ones?

A:    The written, yes.

Q:    In dealing with Mr. Schoolcraft, did you endeavor to follow the policy set forth here as Exhibit 70 [referring to JHMC's policy on emergency admissions, attached as Exhibit 6 to plaintiff's motion]?

         *      *      * [Colloquy]

Q:    Is your answer, yes, you tried to—
A:    That's what I'm saying, yes.

Dr. Dhar testified that whether the risk of physical harm is considered "substantial" is "not really defined.  It's clinical judgment and based on that clinical judgment, you make a determination" (Exhibit "X", p. 128).  Similarly, when asked whether there was "any difference between a potential or any potential risk of dangerousness and a substantial risk of dangerousness" under the Jamaica Hospital policy, he answered, "Again, it's a clinical judgment. I don't think it's defined in the policy" (Exhibit "X", p. 133).  Thus, whether any risk is deemed substantial is up to the individual clinician—it is not a policy issue.

Furthermore, when a plaintiff's constitutional rights have been violated by an employee's single tortious decision or course of action, "the inquiry focuses on whether the actions of the employee in question may be said to represent the conscious choices of the municipality itself." *Amnesty Amer. v. Town of West Harford*, 361 F.3d 113, 125-126 (2d Cir. 2004).  A municipality will not be liable unless the municipality's policies were the "moving force" behind the alleged constitutional violation.  *Barry v. New York City Police Dept.*, 2004 U.S. Dist. LEXIS 5951 (S.D.N.Y. April 7, 2004) (*citing  Board of the County of Comm'rs of Bryan County v. Brown*, 520 U.S. 397 (1997)).  There must be a causal link between the custom or policy and the alleged wrongdoing.  *Id.*  Courts must apply "rigorous standards of culpability and causation. . . to ensure that the indirect-causation theory not result in the municipality's being 'held liable solely

for the actions of its employee.'" *Id.* at 32 (*citing Jeffes v. Barnes*, 20 F.Supp.2d 204 (N.D.N.Y. 1998)).

The decision in *Warheit v. City of New York*, 2006 U.S.Dist. LEXIS 58167 (S.D.N.Y. August 15, 2006) is on point.  In that case, the police brought the plaintiff to Bellevue Hospital, where he was involuntarily hospitalized.  Plaintiff brought a cause of action for violation of his civil rights.  The Court granted the defendant's motion for summary judgment and dismissed plaintiff's claim against the defendant Hospital.  The court noted that in order to sustain a *Monell* claim alleging violation of §1983 against the hospital, the plaintiff would have to establish a policy or custom

> to involuntarily commit patients to the hospital in violation of their substantive and procedural due process rights.  This would require proof of a written directive or regulation by [defendant], an act by an [*sic*] policymaking employee at [defendant hospital], or a practice so widespread that it has the force of law at [the defendant hospital].  [Plaintiff] establishes none of these. All [plaintiff] pleads is that a number of physicians at [defendant hospital], none of whom worked in a policymaking capacity, committed him to [defendant hospital] on an emergency basis pursuant to New York's Mental Hygiene Law. . ..  A single incident by persons without policymaking authority cannot create liability under *Monell*.  Were the Court to hold differently, it would in essence be holding [defendant hospital] liable in respondeat superior for the conduct of its employees.  This is exactly what *Monell* forbids.

*Warheit* at *27-38.  As in *Warheit*, plaintiff's counsel fails to meet his burden.

### 3.    Undue Prejudice

According to Rule 16(b) of the Federal Rules of Civil Procedure, the Court must enter a scheduling order setting various deadlines, including "the time to join other parties [and] amend the pleadings."  That Rule "is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed."  *Beckett v.*

*Incorporated Village of Freeport, supra* at \*13 (*citing Parker v. Columbia Pictures Industries*, 204 F.3d at 339-340 (2d Cir. 2000)). Although plaintiff's counsel argues that Jamaica Hospital is not prejudiced because it was aware that this Court dismissed plaintiff's §1983 claims without prejudice, he does not address the fact that the defendant was able to take comfort in knowing that the Rule 16 scheduling orders established a deadline by which plaintiff's counsel could make his motion, and that that deadline had passed.

In addition, one of the factors to consider in determining whether a party will be prejudiced is whether there would be significant delay in the resolution of the dispute. *See e.g. Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*, 665 F.Supp.2d 239, 262 (S.D.N.Y. 2009). In this case, it will take time to resolve plaintiff's motion. If plaintiff's motion is granted, Jamaica Hospital will have to re-draft and re-submit its summary judgment motion to dismiss the §1983 claims that were not previously asserted against it. For example, in the proposed Third Amended Complaint, plaintiff's second, third, fourth, fifth and sixth claims appear to be alleged against Jamaica Hospital, and defendant would want to make a summary judgment motion as to those claims. Similarly, given the evidence that has emerged through discovery, it is clear that Jamaica Hospital could not be considered a state actor, and defendant would want to make a summary judgment motion dismissing plaintiff's §1983 claims on those grounds as well.

### 4.    Bad Faith

Plaintiff's counsel's bad faith is evident by his utter failure to raise the issues presented in his motion at the numerous conferences held before this Court in which briefing schedules and potential trial dates had been discussed.[4] It is inconceivable that plaintiff's counsel did not

---

[4] Plaintiff's counsel also did not request that the Rule 16 Scheduling Orders be modified—presumably so he would not telegraph his intentions to make a motion to amend the Second Amended Complaint.

intend to surprise all defendants' counsel with a last minute motion at the same time defendants'

attorneys would be drafting summary judgment motions.   As this Court stated in *Sanders v.*

*Thrall Car Manufacturing Co.*, 582 F.Supp. at 951:

> While the defendants were in the midst of preparing a motion to dismiss the
> original complaint, plaintiff filed a first amended complaint containing new
> factual allegations and adding several causes of action. . .. Defendants allege that
> although plaintiff 'was aware that defendants were expending considerable time
> and effort in preparing a motion to dismiss, they were given no advance notice of
> plaintiff's intention to amend. . .. Confronted with a materially altered complaint,
> defendants once again commenced preparation of motion papers responsive to the
> new pleadings.
>
> '[A]fter defendants had largely completed new motion papers, plaintiff requested
> leave to again amend the complaint. . . Defendants strongly opposed a
> continuation of 'plaintiff's ever-shifting pleadings' and averred that plaintiff's
> conduct, 'by design or negligence has imposed unwarranted burdens on the
> defendants.'

Although the Court in *Sanders* granted plaintiff's motion to file a second amended

complaint, it stated, "In light of the history of this case, we may well have reached—as

defendants urge—'the time [which] must arrive at some stage of every litigation when plaintiff

must be required to stand upon the allegations he is asserting.'"   *Id. (quoting Bernstein v. N.V.*

*Nederlandsche-Amerikaansche Stoomvaart Maatschapij*, 79 F.Supp. 38, 42 (S.D.N.Y. 1948).

The Court then denied plaintiff's motion to amend the Complaint for a third time, in part because

of "plaintiff's excessive delay in asserting an additional cause of action and her repeated failure

to cure this alleged deficiency in previous amendments." 582 F.Supp. at 952.

Plaintiff's counsel's bad faith is demonstrated by his Memorandum of Law in which he

implies that this Court's statement that plaintiff "ought to be afforded the opportunity to test his

claim on the merits" (pp. 2 and 13) was related to Jamaica Hospital's motion to dismiss for

failure to state a claim.   Rather, plaintiff cites the Court's decision on plaintiff's motion to amend

the Complaint; the Court did not make that comment in relation to JHMC's motion, and

plaintiff's counsel's implication that it did so demonstrates bad faith.

Finally, plaintiff's Proposed Third Amended Complaint (attached as Exhibit 1 to plaintiff's motion) does not simply make "editorial and typographical changes to the Second Amended Complaint" (p. 15, plaintiff's counsel's Memorandum of Law).   Rather, there are many substantial changes, designed to augment plaintiff's position.  For example, in paragraph 6, plaintiff's counsel seeks to remove the word "Caucasian," which is clearly to diminish the impact of the tape recording in which the plaintiff said he did not want to work with any n.....s. Similarly, in paragraph 181, plaintiff's counsel attempts to minimize the hyperbole in the complaint by adding that plaintiff was denied "the free" use of a phone or "reasonable access to" water, food or bathroom facilities (as opposed to being denied the use of a phone and all access to water, food and bathroom facilities).  In paragraphs 184 and 194, plaintiff's counsel wants to correct factual misrepresentations, and in paragraph 295, plaintiff's counsel has the temerity to **add an additional allegation** that plaintiff was forcibly restrained and not provided with less restrictive alternatives.

The above-referenced examples are by no means exhaustive.   In the absence of contention Interrogatories, defendants must rely upon the complaint.   The Second Amended Complaint has been the operative pleading for two years.   For plaintiff's counsel to make any changes at this late juncture, even if they simply were "editorial and typographical" (which they are not), is the epitome of bad faith.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court deny plaintiff's motion in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      December 18, 2014

                         Respectfully submitted,.

                         MARTIN CLEARWATER & BELL LLP

                         By: _____
                             Gregory J. Radomisli (GJR 2670)
                         Attorneys for Defendant
                         JAMAICA HOSPITAL MEDICAL CENTER
                         220 East 42nd Street
                         New York, NY 10017
                         (212) 697-3122