UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                                                           Plaintiff,

-against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEORDORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOUGH, Tax Id. 919124, Individually and in his Official Capacity, SGT. FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LT. TIMOTHY CAUGHEY, Tax Id. No. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, Individually and in her Official Capacity, SERGEANT RICHARD WALL, Shield No. 3099, Individually and in his Official Capacity, SERGEANT ROBERT W. O'HARE, Tax Id. 916960, Individually and in his Official Capacity, SERGEANT SONDRA WILSON, Shield No. 5172, Individually and in her Official Capacity, LIEUTENANT THOMAS HANLEY, Tax Id. 879761, Individually and in his Official Capacity, CAPTAIN TIMOTHY TRAINOR Tax Id. 899922, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "City Defendants"), FDNY LIEUTENANT ELISE HANLON, individually and in her official capacity as a lieutenant with the New York City Fire Department, JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in his Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                                                                                   Defendants.
------------------------------------------------------------------------------------X

**DECLARATION OF SUZANNA PUBLICKER METTHAM**

10-CV-6005 (RWS)

**SUZANNA PUBLICKER METTHAM**, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.  I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants the City of New York, Deputy Chief Michael Marino, Assistant Chief Gerald Nelson, Captain Theodore Lauterborn, Lieutenant William Gough, Sergeant Frederick Sawyer, Sergeant Kurt Duncan, Lieutenant Christopher Broschart, Lieutenant Timothy Caughey, Lieutenant Shantel James, Sergeant Richard Wall, Sergeant Robert W. O'Hare, Sergeant Sondra Wilson, Lieutenant Thomas Hanley, Captain Timothy Trainor, and FDNY Lieutenant Elise Hanlon (collectively "City Defendants"). As such, I am familiar with the facts stated below and submit this declaration to place on the record the relevant documents in support of said City Defendants' motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

2. Attached as Exhibit "A" is a true and accurate copy of plaintiff Adrian Schoolcraft's Second Amended Complaint in the instant action, dated September 25, 2012. (Docket Entry No. 103.) Plaintiff filed the instant action originally on August 10, 2010. (Docket Entry No. 1.) Plaintiff previously filed his First Amended Complaint on September 13, 2010. (Docket Entry No. 21.) Plaintiff's Second Amended Complaint alleges claims against City Defendants for deprivation of rights under 42 U.S.C. § 1983; violation of his First Amendment rights under 42 U.S.C. § 1983; false arrest under 42 U.S.C. § 1983; malicious abuse of process under 42 U.S.C. § 1983; excessive force under 42 U.S.C. § 1983; failure to intercede under 42 U.S.C. § 1983; unlawful search and seizure under 42 U.S.C. § 1983; involuntary confinement under 42 U.S.C. § 1983; conspiracy to violate plaintiff's rights under 42 U.S.C. § 1983; municipal liability under 42 U.S.C. § 1983; assault under New York State Law; battery under

New York State Law; false arrest under New York State Law; false imprisonment under New York State Law; intentional infliction of emotional distress under New York State Law; and negligent hiring, supervision, and retention under New York State Law.

3. Attached as Exhibit "B" is a true and accurate copy of relevant portions of plaintiff Adrian Schoolcraft's first deposition, taken on October 11, 2012 in which he testifies to various facts and circumstances that he believes support the allegations in his complaint, and during which he was unable to point to any evidence supporting certain claims.

4. Attached as Exhibit "C" is a true and accurate copy of relevant portions of plaintiff's medical records from Dr. Hertzel K. Sure, M.D., showing that plaintiff sought treatment on April 6, 2009 and was excused from work for eight days.

5. Attached as Exhibit "D" is a true and accurate copy of relevant portions of plaintiff's New York City Police Department (hereinafter "NYPD") psychological file summarizing plaintiff's contacts with Dr. Catherine Lamstein-Reiss from April 13, 2009 through January 19, 2010.

6. Attached as Exhibit "E" is a true and accurate copy of relevant portions of Dr. Catherine Lamstein-Reiss' deposition, taken on January 30, 2014 in which she testifies about her interaction with plaintiff and about how she informed NYPD Captain Theodore Lauterborn that he needed to locate plaintiff on October 31, 2009 to ensure his wellbeing.

7. Attached as Exhibit "F" is a true and accurate copy of relevant portions of Captain Theodore Lauterborn's deposition, taken on November 7, 2013, in which he testifies about his knowledge of plaintiff's whereabouts and physical and mental condition on October 31, 2009.

8. Attached as Exhibit "G" is a true and accurate copy of relevant portions of Deputy Chief Michael Marino's deposition, taken on October 8, 2013, in which he testifies about his knowledge of plaintiff's whereabouts and physical and mental condition on October 31, 2009.

9. Attached as Exhibit "H" is a true and accurate copy of relevant portions of Lieutenant Christopher Broschart's deposition, taken on June 18, 2014, in which he testifies about his knowledge of plaintiff's whereabouts and physical and mental condition on October 31, 2009.

10. Attached as Exhibit "I" is a true and accurate copy of relevant portions of Deputy Inspector Steven Mauriello's first deposition, taken on December 20, 2013, in which he testifies about his knowledge of plaintiff's placement on restricted duty.

11. Attached as Exhibit "J" is a true and accurate copy of relevant portions of Emergency Medical Technician Sal Sangeniti's deposition, taken on May 15, 2014, in which he testifies about his assessment of plaintiff's medical condition as an "emergency" on October 31, 2009.

12. Attached as Exhibit "K" is a true and accurate copy of plaintiff's Jamaica Hospital Medical Center ("JHMC") patient care report ("PCR") dated October 31, 2009, showing plaintiff's medical condition and complained of symptoms on October 31, 2009.

13. Attached as Exhibit "L" is a true and accurate copy of relevant portions of plaintiff's second deposition, taken on September 26, 2013 in which he testifies to various facts and circumstances that he believes support the allegations in his complaint, and during which he was unable to point to any evidence supporting certain claims.

14. Attached as Exhibit "M" is a true and accurate copy of a February 1, 2010 New York Daily News Article, written by Rocco Prascandola entitled *Brooklyn's 81st Precinct Probed by NYPD for fudging stats; felonies allegedly marked as misdemeanors,* which reflects the first time plaintiff's allegations became public.

15. Attached as Exhibit "N" is a true and accurate copy of relevant portions of Lieutenant William Gough's deposition, taken on April 11, 2014, in which he testifies about the motivation for the NYPD's visitation to plaintiff's Johnstown, New York residence.

16. Attached as Exhibit "O" is a true and accurate copy of relevant portions of plaintiff's third deposition, taken on September 27, 2013 in which he testifies to various facts and circumstances that he believes support the allegations in his complaint, and during which he was unable to point to any evidence supporting certain claims.

17. Attached as Exhibit "P" is a true and accurate copy of plaintiff's Memorandum of Law to Amend the Complaint a Third Time, dated December 4, 2014 in which plaintiff expresses his intention to remove defendants Wilson, Wall, O'Hare, and Hanley as defendants and to withdraw his first claim for relief alleging a deprivation of rights under 42 U.S.C. § 1983.

18. Attached as Exhibit "Q" is a true and accurate copy of the Civil Court Docket Sheet in this action, which reflects that plaintiff has not filed a stipulation of withdrawal with the Court agreeing to dismiss defendants Wilson, Wall, O'Hare, and Hanley as defendants or withdrawing his first claim for relief alleging a deprivation of rights under 42 U.S.C. § 1983.

19. Attached as Exhibit "R" is a true and accurate copy of relevant portions of Sergeant Shantel James' deposition, taken on May 12, 2014, in which she testifies that she has

never discussed plaintiff with Lieutenant Timothy Caughey and does not know Lieutenant Timothy Caughey.

20. Attached as Exhibit "S" is a true and accurate copy of relevant portions of Joseph Ferrara's deposition, taken on June 5, 2014 in which he alleges that he was retaliated against for whistleblowing.

21. Attached as Exhibit "T" is a true and accurate copy of relevant portions of Police Officer Adhyl Polanco's deposition, taken on March 29, 2010, in which he alleges that he was the victim of retaliation.

22. Attached as Exhibit "U" is a true and accurate copy of relevant portions of John Eterno's deposition, taken on October 17, 2014, in which he testifies that the New York City Police Department is a model police department and that its policies and practices are within the standards of police departments throughout the United States.

23. Attached as Exhibit "V" is a true and accurate copy of a letter titled "Suspension from Duty and Notification to Appear while on Suspension" dated December 9, 2010, from Captain Timothy Trainor to plaintiff, in which plaintiff was informed that he was suspended from duty effective December 7, 2009, and was directed to appear on in person at either the 50th Precinct Station House or the 104th Precinct Stationhouse at 9:00a.m. every Monday, Wednesday, and Friday, pursuant to Patrol Guide Procedure 206-08.

24. Attached as Exhibit "W" is a true and accurate copy of a letter titled "Notification to Appear for Restoration to Duty" dated January 19, 2010, from Captain Timothy Trainor to plaintiff, in which plaintiff was directed to appear on January 21, 2010 at the NYPD's Department Advocate's Office for restoration to "active duty."

25. Attached as Exhibit "X" is a true and accurate copy of a letter titled "Notification to Appear for Restoration to Duty" dated January 11, 2010, from Captain Timothy Trainor to plaintiff, in which plaintiff was directed to appear on January 13, 2010 at the NYPD's Department Advocate's Office for restoration to "active duty."

26. Attached as Exhibit "Y" is a true and accurate copy an email from Captain Timothy Trainor to Louis Luciani, Liju Thotam, and Mark Berger dated January 12, 2010, in which defendant Trainor indicated that supervisors within the Brooklyn North Investigation Unit that same day unsuccessfully attempted to serve plaintiff with a restoration to "active duty".

27. Attached as Exhibit "Z" is a true and accurate copy an email from Captain Timothy Trainor to Louis Luciani, Liju Thotam, and Mark Berger dated January 18, 2010, in which Captain Timothy Trainor indicated that on January 17, 2010, staff within the Brooklyn North Investigation Unit unsuccessfully attempted to serve plaintiff for a fourth time with a restoration to "active duty".

28. Attached as Exhibit "AA" is a true and accurate copy of a letter titled "Notification to Appear for Restoration to Duty" dated January 20, 2010, from Captain Timothy Trainor to plaintiff, in which plaintiff was directed to appear on January 21, 2010 at the NYPD's Department Advocate's Office for restoration to "active duty."

29. Attached as Exhibit "BB" is a true and accurate copy an email from Captain Timothy Trainor to Louis Luciani, Liju Thotam, and Mark Berger dated January 20, 2010, in which Captain Timothy Trainor indicated that supervisors within the Brooklyn North Investigation Unit unsuccessfully attempted to serve plaintiff for a fifth time with a restoration to "active duty".

30. Attached as Exhibit "CC" is a true and accurate copy of a letter titled "Notification to Appear for Restoration to Duty" dated January 31, 2010, from Captain Timothy Trainor to plaintiff, in which plaintiff was directed to appear on February 1, 2010 at the NYPD's Department Advocate's Office for restoration to "active duty."

31. Attached as Exhibit "DD" is a true and accurate copy an email from Captain Timothy Trainor to Louis Luciani, Liju Thotam, and Mark Berger dated February 1, 2010, in which Captain Timothy Trainor indicated that on Sunday, January 31, 2010, members of the Brooklyn North Investigation Unit unsuccessfully attempted to serve plaintiff with a restoration to "active duty".

32. Attached as Exhibit "EE" is a true and accurate copy of a letter titled "Notification to Appear for Restoration to Duty" dated February 3, 2010, from Captain Timothy Trainor to plaintiff, in which plaintiff was directed to appear on February 4, 2010 at the NYPD's Department Advocate's Office for restoration to "active duty."

33. Attached as Exhibit "FF" is a true and accurate copy of the Civilian Complaint Review Board history for Deputy Chief Michael Marino, in which there are no substantiated incidents involving any allegation that any physical force was used by Deputy Chief Michael Marino in any incident, and there are no substantiated allegations of unlawful search or seizure, conspiracy, or retaliation.

34. Attached as Exhibit "GG" is a true and accurate copy of the Central Personnel Index for Deputy Chief Michael Marino, in which there are no substantiated incidents involving any allegation that any physical force whatsoever was used by Deputy Chief Michael Marino in any incident, and there are no substantiated allegations of unlawful search or seizure, conspiracy, or retaliation.

35. Attached as Exhibit "HH" is a true and accurate copy of the Internal Affairs Bureau Officer Resume for Deputy Chief Michael Marino, in which there are no substantiated incidents involving any allegation that any physical force whatsoever was used by Deputy Chief Michael Marino in any incident, and there are no substantiated allegations of unlawful search or seizure, conspiracy, or retaliation.

36. Attached as Exhibit "II" is a true and accurate copy of the Civilian Complaint Review Board history for Deputy Inspector Steven Mauriello, in which there are no substantiated allegations of unlawful search or seizure, conspiracy, or retaliation.

37. Attached as Exhibit "JJ" is a true and accurate copy of the Central Personnel Index for Deputy Inspector Steven Mauriello, in which there are no substantiated allegations of unlawful search or seizure, conspiracy, or retaliation.

38. Attached as Exhibit "KK" is a true and accurate copy of the Internal Affairs Bureau Officer Resume for Deputy Inspector Steven Mauriello, in which there are no substantiated allegations of unlawful search or seizure, conspiracy, or retaliation.

39. Attached as Exhibit "LL" is a true and accurate copy of the Central Personnel Index for Assistant Chief Gerald Nelson, in which there are no substantiated allegations of unlawful search or seizure, conspiracy, or retaliation.

40. Attached as Exhibit "MM" is a true and accurate copy of the Internal Affairs Bureau Officer Resume for Assistant Chief Gerald Nelson, in which there are no substantiated allegations of unlawful search or seizure, conspiracy, or retaliation.

41. Attached as Exhibit "NN" is a true and accurate copy of the Charges and Specifications issued against Deputy Inspector Steven Mauriello.

42. Attached as Exhibit "OO" is a true and accurate copy of a recording of an interview of plaintiff by the NYPD Quality Assurance Division in which plaintiff *explicitly* told the NYPD investigator with whom he spoke that he did not want to be anonymous and that he was not concerned with confidentiality.

43. Attached as Exhibit "PP" is a transcript of Exhibit "OO," *supra*.

44. Attached as Exhibit "QQ" is a true and accurate copy of the Charges and Specifications issued against plaintiff, indicating that he was suspended on October 31, 2009 for refusing to return to the 81st Precinct after being accused of leaving without authorization, and thereafter re-suspended for refusing to return to work after he was released from Jamaica Hospital Medical Center on November 6, 2009.

45. Attached as Exhibit "RR" is a true and accurate copy of relevant pages from the Jamaica Hospital Medical Center file relating to plaintiff's admission pursuant to the Section 9.39 of the Mental Hygiene Law.

Dated:   New York, New York
         December 22, 2014

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                        City of New York
                                        *Attorney for City Defendants*
                                        100 Church Street, Room 3-200
                                        New York, New York 10007
                                        (212) 356-2372

                                By:     _____
                                        Suzanna Publicker Mettham
                                        Senior Counsel
                                        Special Federal Litigation Division

cc: Nathaniel Smith (By ECF)
*Attorney for Plaintiff*

Gregory John Radomisli (By ECF)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*

Brian Lee (By ECF)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*

Paul Callan (By ECF)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*

Walter Kretz (By ECF)
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*

| |
|---|
| Docket No 10-CV-6005 (RWS) |
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ADRIAN SCHOOLCRAFT,<br><br>               Plaintiff,<br><br>       -against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>               Defendants. |
| **DECLARATION OF<br>SUZANNA PUBLICKER METTHAM** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for City Defendants*<br>*100 Church Street, Room 3-200*<br>*New York, New York  10007*<br><br>*Of Counsel: Suzanna Publicker Mettham*<br>*Tel:  (212) 356-2372* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y......................................................., 2014*<br><br>*................................................................................ Esq.*<br><br>*Attorney for.......................................................................* |