```
```
# SM EXHIBIT BG

**POLICE DEPARTMENT
CITY OF NEW YORK
INTERNAL AFFAIRS BUREAU
INVESTIGATING OFFICERS REPORT**

From: Lt David Cagno             Command: I.A.B. Group # 31

Callout # 09-3332    Log: 09-42646          Group #: 09-120

**Subject Officers: P.O. Adrian Schoolcraft, Tax #931186 81 Pct**

**Allegation: Retaliation- Other**

**SUBJECT: INVESTIGATION INTO CALLOUT #09-3332**

| Time: 0930 | Day: Wednesday | Date: 09/02/09 |
|---|---|---|

On the above date at time, the undersigned investigator was contacted by P.O. Schoolcraft Tax #931186 regarding his IAB complaint. P.O. Schoolcraft stated the following:

Inspector Mauriello, Tax # [redacted] is pressuring his Administration to change the classification of crimes listed on UF-61's. He stated some of these reports even end up in the garbage. P.O. Schoolcraft stated numerous people (civilians) have come to pick up their reports and they were either downgraded or couldn't be found. P.O. Schoolcraft states he has been keeping track of these missing and downgraded reports since 2008. He also states that Insp. Mauriello or his Special Operations (Lt Crawford Tax # [redacted]) respond to all in progress jobs and makes sure the reports are downgraded. P.O. Schoolcraft states it common practice that the administration under the direction of Insp. Mauriello makes Petit Larceny's and Grand Larceny's reports, lost property. On a few occasions he has viewed these reports and noticed the changes. He has approached his bosses on these changes and never gets answers. P.O. Scholcraft stated he "bust his supervisors balls over these reports" but dosent get any valid answer. P.O. Schoolcraft stated he would provide the necessay information at the proper time.

He also informed his command is being directed by Insp. Muriello and other supervisors to make arrest for little infraction and bring these people into the command instead of writing summons. At the command they are being held for 7 or 8 hours then let go with summons. P.O. Schoolcraft stated "this is the violation of peoples civil rights"

His second complaint involves an incident that occurred at Central Booking.

He stated an unknown Lt. accused him of some type of allegation of mishandling a prisoner (he want really sure of the allegation). He stated the Lt. called his command and told his supervisor (unknown) about the allegation. P.O. Schoolcraft informed the undersigned he has prepared and forwarded a letter to Chief Campisi regarding this incident in February 2009.

His third complaint involved a conversation with a third party. P.O. Schoolcraft was not reluctant in providing the name of the third party but stated" you should be able to figure it out." He stated he was informed that Lt McCoy, ICO 81 Precinct and Sgt Weiss, Tax # [redacted] Assist. ICO broke into or gained accesses somehow to the C.O. Clerical office and removed paperwork from Sgt Weiss personnel folder. He stated he removed all the bad paperwork in the folder such as CD's. P.O. Schoolcraft stated he prepared and forwarded a UF-49 to Chief Campisi in August 2009. A review of the Pct roster disclosed no Lt. McCoy assigned to the 81 Precinct

P.O. Schoolcraft also informed the undersigned that he thinks his evaluations are not a true reflection of his performance. He states his received a poor evaluation because he doesn't believe in summons and arrest quotas. He also stated he is in the appeal process and waiting to hear back from the Boro Adjunct. He also states his last few evaluations stated he was instructed and retrained in the areas of his poor performance which he states never happened. P.O. Schoolcraft stated his firearm and shield was removed from him in March 2009 but was never given a reason. He denied seeing or speaking to any counseling units or psychiatrist. P.O. Schoolcraft stated he wants an answer why the 81 Precinct removed his gun and shield. When I/O asked further questions about his evaluation, he became defensive and stated that's not what I am calling about. I already took the necessary steps and will inform you of the results at a later date.

P.O. Schoolcraft also added there is an extensive amount of pressure coming down from the supervisors which is directed by Insp. Mauriello. He stated Police Officers cannot get days off, Supervisors have to sign UF-28's the last minute so they don't get denied by Insp. Mauriello. He states Officers are being forced to sign the training log even though they don't get the necessary training.

In closing P.O. Schoolcraft informed the undersigned he doesn't feel he is being retaliated against from the Members of his Command and has no problems with his supervisors and peers. He stated he wants answers regarding his evaluation appeal and the UF 49's he forwarded to Chief Campisi. He also stated he doesn't want any pressure to come down on the Police Officers of his command because of this phone call but stated that's what usually happens.

An IA-PRO history for P.O. Schoolcraft disclosed he has been the subject of (4) FADO, (2) DRV Rules and Procedures, (2) Disputed Summons, (1) Disputed Arrest. A PERP disclosed he was appointed July 2002. He has reported sick 11 times and not chronic. His last evaluations are 2008 #2.5, 2007 #3, 2006 #3.5. He has made 70 arrest.

This interview was conducted using the hello phone tape recorder. During this interview I/O noticed the tape recorder malfunctioned and was not taped

*********************************************************************************

**TIME SPENT**
Clerical: 1:00 Hours          Observation: 00 Mins.
Interview: 25 Mins.           Travel: N/A                    Vehicle:

Supervisor: _____
            Lt. David Cagno

Group # 31 C.O. _____
              Captain Philip J. Romanzi

CONFIDENTIAL                                                                 NYC00004318