# PLAINTIFF'S MOTION
# EXHIBIT 8

**BROWN & GROPPER, LLP**
ATTORNEYS AT LAW
275 SEVENTH AVENUE · 25TH FLOOR
NEW YORK, N.Y. 10001
TEL. (212) 366-4600
FAX. (212) 366-6950

JOSHUA GROPPER
JAMES A. BROWN

March 11, 2009

**FEDERAL EXPRESS**
Steven Mauriello
Deputy Inspector
Commanding Officer, 81st Precinct
30 Ralph Avenue
Brooklyn, N.Y.  11221

Dear Deputy Inspector Mauriello:

    We are the attorneys for Police Officer Adrian Schoolcraft who is assigned to your Command. We have been advised that Officer Schoolcraft recently received an annual performance evaluation with an overall rating of "2.5" which is below the desirable standard. We have been asked by our client to assist him with his pending appeal pursuant to Patrol Guide Procedure No. 205-58.

    We are aware that Officer Schoolcraft appeared before you, and other superior officers, on February 25th at which time his annual evaluation was discussed. It is our understanding that a final decision from Command has not yet been rendered.

    Please know that a review of Officer Schoolcraft's annual evaluation reveals ratings which do not support his overall 2.5 rating. While we recognize that various "performance areas" and "behavioral dimensions" may be weighted differently, the overall rating was mistakenly calculated. For example, our client's average for "performance areas" equals 3.75 (and contains no rating of less than 3). For "behavior dimensions", our client's average equals 3.25 (and contains only two ratings of less than 3). In addition, the balance of the evaluation includes the following praise:

> P.O. Schoolcraft shows good community interaction by eliciting information from witnesses and victims. He also mediates problems between disputing individuals and provides counseling when families have conflicts.

PLAINTIFF'S EXHIBIT 517

NYC00002846

Dep. Inspector Mauriello       - 2 -             March 11, 2009

>P.O. Schoolcraft is able to complete arrest forms accurately and completely is able to fingerprint, photograph and process all arrest related paperwork.

Clearly, Officer Schoolcraft's overall evaluation fails to correspond to his evident accomplishments as reflected in his strong ratings and the above praise.

We are concerned that our client's negative evaluation is based not on the factors set forth in Patrol Guide 205-48, but rather on his alleged lack of "activity" related to his number of arrests and summons issued. Yet, Patrol Guide 205-48 makes no reference to "activity" levels. Furthermore, we are unaware of any Patrol Guide provision which defines how much "activity" is required to achieve a satisfactory evaluation. In other words, no stated numeric goals should be imposed on any ratee. At any rate, we are confident that Officer Schoolcraft's level of "activity" is comparable to most other police officers (and you will note he achieved a "4" in most of the specified performance areas related to arrests and the issuance of summons).

We urge you to weigh the above considerations before issuing a decision related to our client's evaluation. Specifically, we ask you to again consider Officer Schoolcraft's individual ratings together with his CPI record, Department recognition, sick record, commendation letters, CCRB records and other factors expressly referenced in Patrol Guide 205-48. It remains Officer Schoolcraft's preference not to invoke any appeal rights to the Borough Command.

Please know that any opportunity for our client to advance his career within the Department, or in some other jurisdiction, is significantly hindered by this latest annual evaluation. We hope and trust this matter can be adjusted based on a fresh review of this matter so that the appeal process may now be concluded.

We look forward to hearing from you or your designee.

Sincerely,

James A. Brown

cc: Adrian Schoolcraft

NYC003002847