UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,                                                10CV6005(RSW)

                             Plaintiff,

      -against-                                              STATEMENT OF
                                                                   MATERIAL FACTS
                                                                   PER LOCAL RULE

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, SGT FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                                             Defendants.
------------------------------------------------------------------------------x

        PLEASE TAKE NOTICE, that pursauant to Local Rule 56.1(a), the defendant ISAK

ISAKOV, M.D., sets forth the following material facts, to which it is contended there is no

genuine issue to be tried:

1. Following a lengthy interaction with members of the New York City Police Department ("NYPD"), Adrian Schoolcraft (hereafter "Schoolcraft") was brought to the Jamaica Hospital Medical Center (hereafter ("JHMC") medical emergency room by EMS personnel on October 31, 2009 (Exhibit C, JHMC Chart, pages 1, 2-3, 4, and numerous other places in the chart).

2. Schoolcraft was transferred from the medical emergency room to the psychiatric emergency room on November 1, 2009 (Exhibit C, JHMC Chart).

3. On November 3, 2009, Dr. Aldana-Bernier signed part 1 of the involuntary admission papers for 9.39 admission under the New York State Mental Hygiene Law, thus involuntarily confining Schoolcraft (Exhibit C, JHMC Chart, page 57). Schoolcraft was then transferred to the psychiatric ward on the third floor of JHMC.

4. On November 4, 2009, Dr. Isak Isakov signed part 2 of the involuntary admission papers for 9.39 admission under the New York State Mental Hygiene Law, thus confirming the involuntary confinement of Schoolcraft (Exhibit C, JHMC Chart, page 58, affidavit of Isak Isakov, M.D., page 8).

5. Dr. Isakov carefully evaluated the patient, his claims, his need for hospitalization, and did so free from constraint or undue influence. (Affidavit of Dr. Isakov, pages 6-12).

6. Dr. Isakov had no contact with any New York City employees, including Police Department, Fire Department, EMS, or any other NYC employee, with the exception of an officer from the Internal Affairs Bureau (hereafter "IAB") (Affidavit of Isak Isakov,

M.D., pages 2, 10-12; declaration of Brian E. Lee including quotation of testimony at depositions of numerous NYC employees attesting to no such contact).

7. Dr. Isakov was at a family meeting with Schoolcraft and his father, Larry Schoolcraft, which included, at the request of the Schoolcrafts, the officer from the IAB, Licensed Mental Social Worker Colleen McMahon and Dr. Isakov (Affidavit of Isak Isakov, M.D., pages 2, 10-12).

8. The meeting was tape recorded (Source: Affidavit of Isak Isakov, M.D., page 11). The IAB officer did not request, pressure or in any way influence the independent medical judgment concerning Schoolcraft made by Dr. Isakov (Affidavit of Isak Isakov, M.D., pages 2, 10-12).

9. Dr. Isakov requested permission from Schoolcraft to obtain a copy of his prior records from the police psychologist who had ordered taking his gun away (Source: Affidavit of Isak Isakov, M.D., page 12). That request was denied by Adrian Schoolcraft (Exhibit D, deposition of Adrian Schoolcraft, page 436-437).

10. All of the decisions made by Dr. Isakov were the result of the exercise of his independent professional medical judgment (Affidavit of Isak Isakov, M.D., pages 2, 4, 10).

Dated:   Lake Success, New York
         December 22, 2014

Respectfully submitted,

*/s/ Brian E. Lee*

BRIAN E. LEE (BL9495)
Ivone Devine & Jensen, LLP
Attorneys for defendant Isak Isakov, M.D.
2001 Marcus Avenue
Lake Success, New York 11042
(516) 326-2400