2443171_1

eat2schA

1

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
     ADRIAN SCHOOLCRAFT,
 3
                    Plaintiff,              New York, N.Y.
 4
               v.                           10 Civ. 6005(RWS)
 5
     THE CITY OF NEW YORK, et al.,
 6
                    Defendants.
 7   ------------------------------x
                                             October 29, 2014
 8                                           12:05 p.m.
     Before:
 9
                      HON. ROBERT W. SWEET,
10
                                             District Judge
11                         APPEARANCES

12   LAW OFFICE OF NATHANIEL B. SMITH
          Attorney for Plaintiff
13   BY:  NATHANIEL B. SMITH

14   JOHN LENOIR
          Attorney for Plaintiff
15
     ZACHARY W. CARTER
16        Corporation Counsel of the City of New York
     BY:  RYAN G. SHAFFER
17        SUZANNA PUBLICKER METTHAM
          Assistant Corporation Counsel
18   MARTIN CLEARWATER & BELL, LLP
          Attorneys for Defendant Jamaica Hospital
19   BY:  KENNETH R. LARYWON
          GREGORY J. RADOMISLI
20
     SCOPPETTA SEIFF KRETZ & ABERCROMBIE
21        Attorneys for Defendant Mauriello
     BY:  WALTER A. KRETZ, JR.
22
     CALLAN, KOSTER, BRADY & BRENNAN, LLP
23        Attorneys for Defendant Aldona-Bernier
     BY:  MATTHEW J. KOSTER
24
     IVONE, DEVINE & JENSEN, LLP
25        Attorneys for Defendant Isak Isakov, M.D.
     BY:  BRIAN E. LEE
```

♀

2

eat2schA

 1        THE COURT:  Schoolcraft.  How nice to see you all

2443171_1

2  again.
3        We have three problems -- I suspect we will probably
4  end up having more than three -- trial date, videos of the what
5  do you call it?
6        MR. SMITH:  CompStat, the CompStat videos.
7        THE COURT:  CompStat, right.
8        -- and the city's designation of an expert.
9        What else have I missed?
10       MR. LEE:  A briefing schedule, your Honor, for
11 dispositive motions.
12       THE COURT:  Oh, yeah.  Isn't that nice.  You fellows,
13 lady -- I don't know whether the fellows are the ones that are
14 the problem.
15       MS. PUBLICKER METTHAM:  Yes.
16       THE COURT:  I suspect that they are, and to think that
17 we have a big hassle over nine days -- I think it is nine
18 days -- is pretty silly.
19       However, having said that --
20       MR. LEE:  Your Honor, I think once we resolve the
21 trial date --
22       THE COURT:  Okay.  Anything else?
23       MR. SMITH:  Two other issues, your Honor.
24       THE COURT:  Ah-ha.  I thought so.
25       MR. SMITH:  I requested an affidavit from the city

♀

3

eat2schA

1  defendants with respect to the appeal file and the early
2  intervention files.
3        THE COURT:  Gotcha.  Anything else?
4        MR. SMITH:  And then I raised another issue, which is

2443171_1

```
 5   this question about witnesses for trial, designation of
 6   witnesses for trial.  I raised this issue, I would call it the
 7   witness list issue for purposes of designation, and I am more
 8   than glad to go into that issue now or some other date.
 9            THE COURT:  Anything else?
10            MR. SMITH:  That's my list.
11            THE COURT:  Trial date, no change.
12            MR. LARYWON:  That's my application, your Honor.
13            THE COURT:  No change.  Sorry about that.  Too many
14   lawyers.  Too many commitments.  If we start fiddling around in
15   the trial date -- I could give you a week.  That wouldn't be
16   the end of the world.
17            MR. LARYWON:  No, your Honor.  I am speaking at a
18   conference in China.
19            THE COURT:  Congratulations.  That's great.  I hope
20   you enjoy it.  I did something of the same once in my life or
21   more than once.  Great experience.  Find somebody else.
22            MR. LARYWON:  Your Honor, this case has been assigned
23   to me --
24            THE COURT:  I understand, but listen.  You have a list
25   of superb lawyers in that firm that are as long as my arm, so
```

                                                                    4
     eat2schA

```
 1   just find somebody else or some other solution, I don't know,
 2   but I am not going to change the trial date.
 3            Videos, yes, give them.
 4            MR. SHAFFER:  Your Honor, Mr. Smith hasn't said
 5   anything that would change your Honor's ruling from the last
 6   conference where you said he can't have the videos.
 7            THE COURT:  Well, he says that he can't understand the
```

2443171_1

```
 8  notes.
 9          MR. SHAFFER:  But he hasn't said why he can't
10  understand them or what about them --
11          THE COURT:  Look.  It is discovery.  It is not the end
12  of the world.  Give him the videos.
13          The city's designation of an expert, they are not
14  going to designate an expert because they don't need one.  Come
15  on.  You know their view toward this case.  Why would they need
16  an expert?  Okay, in any case, they haven't designated it, so
17  no expert.  If at the end of the day something dramatic happens
18  and they desperately need an expert and can rationalize why
19  they didn't tell us now, okay, maybe I will hear him.  So
20  that's tomorrow's problem.
21          Briefing schedule, give him 30 days, poor fellow.  You
22  know, he has worked so hard on this case, and he ought to have
23  the extra nine days or whatever.  Now, you can adjust within
24  that framework.
25          MR. LEE:  Maybe, your Honor, can we push the date back
```

                                                                5
eat2schA

```
 1  from January 21, the return date, to January 28.
 2          THE COURT:  Perfectly all right with me.
 3          MR. LEE:  Then we could serve by 12/22, which is a
 4  Monday.  He will have until January 21.
 5          THE COURT:  Sure.
 6          MR. LEE:  Good?
 7          THE COURT:  That sounds rational.
 8          MR. SMITH:  That sounds good to me.  Thank you.
 9          THE COURT:  The affidavit, why not give him the
10  affidavit?
```

2443171_1

11    MR. SHAFFER:  Your Honor, because this is an endless
12  chain of conjuring up things that don't even exist.
13         THE COURT:  I know, I know, I know, and I am
14  desperately trying to unchain or whatever.
15         MR. SHAFFER:  Your Honor --
16         THE COURT:  Yes, I understand.
17         MR. SHAFFER:  If I may, Mr. Smith was ordered to
18  provide an affidavit to us at the last conference.  He still
19  hasn't done that.  So the audacity it takes for him to ask us
20  for a statement.
21         THE COURT:  That's fair.  You give him your affidavit
22  within a week after he gives you his affidavit, how's that?
23         MR. SHAFFER:  With no -- he has already had a month to
24  do it and he still hasn't done it.  It is much easier for him
25  to get an affidavit from his client than it is for me to get an

♀
                                                                  6
    eat2schA

 1  affidavit from that large building over there.
 2         THE COURT:  I understand your problem.
 3         MR. SMITH:  I drafted the affidavit.  I have sent it
 4  to the client for his execution.  I expect it should be back by
 5  post.  He is not -- he is in a different century in terms of
 6  communications.  But I have drafted an affidavit.  I expect
 7  it --
 8         THE COURT:  I think the defense would probably agree
 9  with you.
10         MR. SMITH:  I know they would.
11         MR. SHAFFER:  It's nothing to do with his access to
12  the Postal Service.
13         THE COURT:  So that's the affidavits.

2443171_1

14       The last thing that we have to do, worry about the
15  witness list.
16       What do we have to do about that?
17       MR. SHAFFER:  Your Honor, if I may, at the last
18  conference, plaintiffs indicated that there were only 12
19  witnesses that they were seeking to identify.  I think there is
20  a misunderstanding of trial witnesses and witnesses that are
21  identified during the course of discovery.  Mr. Smith is
22  seeking to identify people after the close of discovery, giving
23  us no opportunity to depose them, to determine whether they
24  would be.
25       THE COURT:  If he identifies anybody for trial and you

♀
                                                                7
    eat2schA

1   want to depose them, you may.
2        MR. SHAFFER:  But, your Honor, I mean, we are running
3   out of time to even depose the people that you have already.
4        THE COURT:  No, no, no.  You have got plenty of time.
5   You have got two months easy.
6        MS. PUBLICKER METTHAM:  Your Honor, you set a schedule
7   of Thanksgiving for to us depose the 12 individuals previously
8   listed by plaintiff.
9        THE COURT:  Right.
10       MS. PUBLICKER METTHAM:  He has now identified tons
11  more and individuals of which he had knowledge at least on
12  August 11 prior to our last conference.
13       THE COURT:  How can we make it miserable for him for
14  doing that?
15       MR. SHAFFER:  We can just tell him to stop identifying
16  witnesses, because there comes a point in time where --

2443171_1

17        THE COURT:  I don't want to do that, but how can we
18   make it miserable for him in any other way?
19        MS. PUBLICKER METTHAM:  As lovely as the offer is,
20   your Honor, I would love to take you up on, I think in the end
21   this really just as miserable for us.
22        THE COURT:  It is kind of nonsense, you know.  It is
23   kind of nonsense because you know, I suspect you know without
24   much question what these witnesses are going to testify to.
25        MR. SHAFFER:  But --

♀
                                                                8
     eat2schA

1         THE COURT:  I know, I bet you -- I suspect you really
2    do, and I can't believe these depositions are going to be very
3    long.
4         MS. PUBLICKER METTHAM:  Your Honor, with all due
5    respect, we don't know who some of these individuals are.  We
6    haven't been able to identify even service addresses for them.
7    Plaintiff hasn't responded to our requests.
8         THE COURT:  No witnesses will be -- what was the chain
9    we were trying to break?  Let's do this:  Has the plaintiff
10   actually designated these 12 as trial witnesses?
11        MR. SMITH:  No.  What I have done, your Honor is --
12        THE COURT:  All right.
13        MR. SMITH:  Let me --
14        THE COURT:  Let's get clear about that.
15        MR. SMITH:  Right.  My understanding is that we need
16   to designate trial witnesses, we have a firm trial date in
17   April.  There needs to be a pretrial order process which would
18   kick in in February and March.
19        THE COURT:  You have the advantage of me there.  I

2443171_1

```
20  don't know.  Have we got a schedule for identifying --
21          MS. PUBLICKER METTHAM:  We do not your Honor.
22          THE COURT:  I thought the defense said that there was.
23  I may have been wrong.
24          MS. PUBLICKER METTHAM:  Your Honor, what Mr. Shaffer
25  was referring to is that we had had prior discovery orders in
```

♀
                                                                 9
    eat2schA

```
 1  which plaintiff had been ordered to identify witnesses on which
 2  he might later rely at the trial under Rule 26.  He has
 3  continued to identify new witness since then, since the close
 4  of discovery, and since even your Honor's close of additional
 5  fact --
 6          THE COURT:  But we haven't got any date for
 7  designating trial witnesses.
 8          MS. PUBLICKER METTHAM:  Correct, your Honor.  We do
 9  not have a JPTO or pretrial submission date.
10          THE COURT:  That means you have got to depose them
11  just to be on the safe side.
12          MS. PUBLICKER METTHAM:  Exactly.
13          THE COURT:  Okay.
14          How can we make those depositions uncomfortable for
15  the plaintiff?
16          MS. PUBLICKER METTHAM:  Your Honor, I would suggest
17  one thing that has worked in other complex litigation, which
18  is, if plaintiff identifies additional individuals and later
19  intends on relying on them at trial and identifies them in the
20  JPTO, that we be given the opportunity to depose them.
21          THE COURT:  I think that that would work, wouldn't it?
22  Wouldn't that work?  In other words, he has given you the
```

2443171_1

23  names.  You can do whatever you want to do with the names,
24  investigate, whatever.  Should we do it now, should we try to
25  work some kind of a schedule?  Yes, the answer is, yes, we

♀

                                                                    10
    eat2schA

 1  probably should, because there may be motions with all of these
 2  eminent lawyers.  There have got to be motions.  So --
 3          MS. PUBLICKER METTHAM:  Your Honor, might I point out,
 4  though, just see if your Honor might have a suggestion, my only
 5  concern would be the identification of a dozen new witnesses in
 6  a JPTO that hadn't previously been identified.
 7          THE COURT:  You can take any depositions -- these are
 8  likely designated.  You can take the depositions if you wish to
 9  do it any time.  If you don't want to do it, that's fine,
10  that's okay.
11          MS. PUBLICKER METTHAM:  Thank you, your Honor.
12          THE COURT:  Let me ask you this:  Do you think, this
13  is highly unlikely, but do you think that if this group went
14  off into the jury room, including the plaintiff's counsel,
15  regrettably, you could come up with a reasonable schedule for
16  motions, you know, any dispositive motions, filing of a
17  pretrial order, and keeping the trial date that we have?
18          MS. PUBLICKER METTHAM:  The only concern, your Honor,
19  so we have set dispositive motion schedule, is that our
20  pretrial order and our motion in limine would be dependent on
21  your Honor's rulings on the summary judgment motion, since we
22  are seeking to dismiss many defendants.
23          THE COURT:  I recognize that.  Is there a schedule for
24  those motions?
25          MS. PUBLICKER METTHAM:  Yes, January 28 --

2443171_1

eat2schA                                                                11

| | |
|---|---|
| 1 | THE COURT:  Okay. |
| 2 | MS. PUBLICKER METTHAM:  -- the replies are due. |
| 3 | THE COURT:  To make it on the 28th? |
| 4 | MR. SMITH:  Returnable on the 28th. |
| 5 | THE COURT:  Returnable. |
| 6 | MS. PUBLICKER METTHAM:  They will be fully briefed on |
| 7 | the 28th. |
| 8 | THE COURT:  Returnable on the 28th, so I will decide |
| 9 | them on the 29th.  It might take me a little longer.  When did |
| 10 | we set the trial date? |
| 11 | MR. SMITH:  April 6. |
| 12 | MS. PUBLICKER METTHAM:  April 6. |
| 13 | THE COURT:  Incidentally, would two weeks help you? |
| 14 | MR. LARYWON:  No, your Honor.  Thank you, though.  I |
| 15 | appreciate that. |
| 16 | THE COURT:  It would? |
| 17 | MR. LARYWON:  No, your Honor, I am not going to be |
| 18 | back until the end of April. |
| 19 | THE COURT:  I have got criminal cases, etc., etc., so |
| 20 | I have got some problems in May. |
| 21 | God forbid we actually try this thing, but if we did, |
| 22 | does anybody have a guess as to how long?  I am thinking a |
| 23 | week, ten days. |
| 24 | MS. PUBLICKER METTHAM:  I think longer, your Honor, |
| 25 | unfortunately. |

eat2schA                                                                12

2443171_1

| | |
|---|---|
| 1 | THE COURT:  You think two weeks? |
| 2 | MS. PUBLICKER METTHAM:  At least.  There are at |
| 3 | presently around two dozen defendants.  So even to get through |
| 4 | the parties in this case -- |
| 5 | THE COURT:  Three weeks, okay, okay, all right.  I |
| 6 | think we had better not fool around with the trial date. |
| 7 | What would you all think about filing a pretrial order |
| 8 | on the 4th of March.  Would that make sense? |
| 9 | MS. PUBLICKER METTHAM:  Yes, your Honor, that would. |
| 10 | MR. SMITH:  If we have a decision from your Honor on |
| 11 | the motions shortly after they are submitted, then that's |
| 12 | realistic.  I don't mean to be difficult, but -- |
| 13 | THE COURT:  Well, I understand if I get the motions on |
| 14 | the 29th, we will have to do something with them.  It depends |
| 15 | on how many motions.  If there are about ten motions, I can go, |
| 16 | "Granted, Denied, Granted, Denied, Granted, Denied." |
| 17 | MR. SMITH:  March 4 pretrial order deadline makes |
| 18 | sense if we are going to have by the end of January |
| 19 | dispositive -- |
| 20 | THE COURT:  And that would give us time, in the event |
| 21 | that there had to be some emergency depositions, it would give |
| 22 | us a month to do that.  So what do you think?  Any objections |
| 23 | to that schedule? |
| 24 | MS. PUBLICKER METTHAM:  No, Judge. |
| 25 | THE COURT:  Is there anything else we can do this |

eat2schA                                                                 13

| | |
|---|---|
| 1 | morning? |
| 2 | MS. PUBLICKER METTHAM:  No, your Honor. |

2443171_1

3    THE COURT:  You all are very well behaved today.  I
4 don't understand it.  It is a very strange circumstance.
5 Whatever caused it, let's keep it that way.
6        Thank you all.
7        MS. PUBLICKER METTHAM:  Thank, your Honor.

♀