UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
ADRIAN SCHOOLCRAFT,

                        Plaintiff,

      -against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT WILLIAM GOUGH, Tax Id. 919124, Individually and in his Official Capacity, SGT FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, and others omitted (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                        Defendants.
----------------------------------------------------------------------x

10CV6005

**VERIFIED ANSWER TO SECOND AMENDED COMPLAINT**

**DEFENDANT ISAK ISAKOV DEMANDS TRIAL BY JURY**

       The defendant, ISAK ISAKOV, by his attorneys, IVONE, DEVINE & JENSEN, LLP, upon information and belief, answers the plaintiff's Second Amended Complaint herein as follows:

### ANSWERING PRELIMINARY STATEMENT

      1.    Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "1".

2. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "2" except denies a conspiracy.

## ANSWERING JURISDICTION

3. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "3".

## ANSWERING VENUE

4. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "4".

## ANSWERING JURY DEMAND

5. Admits to the allegations contained in the paragraph or subdivisions of the Amended Complaint designated "5".

## ANSWERING THE PARTIES

6. Admits to the allegations contained in the paragraph or subdivisions of the Amended Complaint designated "6" and "7".

7. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "8", "9", "10", "11", "12", "13", "14", "15", "16", "18", "23" and "24".

8. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended

Complaint designated "17" except admits JAMAICA HOSPITAL MEDICAL CENTER is a hospital located at 8900 Van Wyck Expressway, Jamaica, New York 11418.

9. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "19" except refers conclusions of law to the Court.

10. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "20" except admits DR. ISAK ISAKOV was and still is a physician duly licensed to practice medicine in the State of New York.

11. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "21" except admits DR. ISAK ISAKOV was an attending physician in the Department of Psychiatry at JAMAICA HOSPITAL MEDICAL CENTER.

12. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "22" except admits DR. LILIAN ALDANA-BERNIER was and still is a physician duly licensed to practice medicine in the State of New York.

## ANSWERING FACTUAL BACKGROUND

13. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52",

"53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144", "145", "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163", "164", "165", "166", "167", "168", "169", "170", "171", "172", "173", "174", "176", "177", "178", "179", "180", "181", "182", "183", "185", "186", "187", "188", "190", "191", "192", "193", "194", "199", "202", "207", "208", "209", "210", "211", "215", "216", "217", "218", "219", "220", "221", "222", "223", "224", "226", "227", "228", "229", "230", "231", "232", "233", "234", "235", "236", "237", "238", "239", "240", "241", "242", "243", "244", "245", "246", "247", "248", "249", "250", "251", and "252".

14. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "175" except admits the plaintiff was transported to the Jamaica Hospital.

15. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "184", "197", "198", "201", except refers to the hospital record.

16. Denies any knowledge or information thereof sufficient to form a belief as to

the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "189" except admits plaintiff was admitted into the psychiatric ward at JHMC.

17. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "195", "196", "200", "203", "204", "205", "206", "212", "213", "214", "225", "253", and "254".

## ANSWERING FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

18. As to the paragraph of the Amended Complaint designated "255", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "254" inclusive with the same force and effect as if fully set forth at length herein.

19. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "256" and "257".

20. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "258", and "259".

21. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "260" as to answering defendant.

## ANSWERING SECOND CLAIM FOR RELIEF
## VIOLATION OF FIRST AMENDMENT RIGHTS UNDER 42 USC § 1983

22. As to the paragraph of the Amended Complaint designated "261", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "260" inclusive with the same force and effect as if fully set forth

at length herein.

23. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "262", "263", "264", "267", "268", "269", "270", "272", "273", "274", "275", and "276".

24. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "265", "266", "271", and "277".

### ANSWERING THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

25. As to the paragraph of the Amended Complaint designated "278", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "277" inclusive with the same force and effect as if fully set forth at length herein.

26. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "279" and "280".

### ANSWERING FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

27. As to the paragraph of the Amended Complaint designated "281", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "280" inclusive with the same force and effect as if fully set forth at length herein.

28. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "282", "283", "284", "285", "286", and "287", except denies insofar

as the allegations allege any acts or omissions on the part of Isak Isakov, M.D.

## ANSWERING FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C.§ 1983

29. As to the paragraph of the Amended Complaint designated "288", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "287" inclusive with the same force and effect as if fully set forth at length herein.

30. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "289" and "290".

## ANSWERING SIXTH CLAIM FOR RELIEF
## FAILURE TO INTERCEDE UNDER 42 U.S.C.§ 1983

31. As to the paragraph of the Amended Complaint designated "291", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "290" inclusive with the same force and effect as if fully set forth at length herein.

32. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "292", "293", "294" and "295", except denies insofar as the allegations allege any acts or omissions on the part of Isak Isakov, M.D.

## ANSWERING SEVENTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND ENTRY UNDER 42 U.S.C.§ 1983

33. As to the paragraph of the Amended Complaint designated "296", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "295" inclusive with the same force and effect as if fully set forth

at length herein.

34. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "297", "298", "299" and "300".

### ANSWERING EIGHTH CLAIM FOR RELIEF
### INVOLUNTARY CONFINEMENT UNDER 42 U.S.C.§ 1983

35. As to the paragraph of the Amended Complaint designated "301", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "300" inclusive with the same force and effect as if fully set forth at length herein.

36. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "302", "303", "304", "305" and "306".

### ANSWERING NINTH CLAIM FOR RELIEF
### CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C.§ 1983

37. As to the paragraph of the Amended Complaint designated "307", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "306" inclusive with the same force and effect as if fully set forth at length herein.

38. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "308", "309", "310" and "311".

### ANSWERING TENTH CLAIM FOR RELIEF
### VIOLATION OF SUBSTANTIVE AND PROCEDURAL
### DUE PROCESS UNDER 42 U.S.C.§ 1983

39. As to the paragraph of the Amended Complaint designated "312", answering

defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "311" inclusive with the same force and effect as if fully set forth at length herein.

40. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "313", "314", "315", "316", "317", "318", and "319".

**THERE IS NO ELEVENTH CLAIM FOR RELIEF IN
THE SECOND AMENDED COMPLAINT**

**ANSWERING TWELFTH CLAIM FOR RELIEF
MUNICIPAL LIABILITY UNDER 42 U.S.C.§ 1983**

41. As to the paragraph of the Amended Complaint designated "320", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "319" inclusive with the same force and effect as if fully set forth at length herein.

42. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "321", "322", "323", "324", "325", "326", "327" and "331".

43. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "328", "329", "330".

**ANSWERING PENDANT STATE CLAIMS**

44. As to the paragraph of the Amended Complaint designated "332", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "331" inclusive with the same force and effect as if fully set forth at length herein.

45. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "333", "334", "335", "336", "337" and "338".

## ANSWERING FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW: ASSAULT

46. As to the paragraph of the Amended Complaint designated "339", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "338" inclusive with the same force and effect as if fully set forth at length herein.

47. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "340" and "341".

## ANSWERING SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW: BATTERY

48. As to the paragraph of the Amended Complaint designated "342", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "341" inclusive with the same force and effect as if fully set forth at length herein.

49. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "343", "344" and "345".

## ANSWERING THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW: FALSE ARREST

50. As to the paragraph of the Amended Complaint designated "346", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "345" inclusive with the same force and effect as if fully set forth

at length herein.

51. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "347".

52. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "348" and "349".

### ANSWERING FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: FALSE IMPRISONMENT

53. As to the paragraph of the Amended Complaint designated "350", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "349" inclusive with the same force and effect as if fully set forth at length herein.

54. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "351", "353", "354" and "355".

55. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "352".

### ANSWERING FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. As to the paragraph of the Amended Complaint designated "356", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "355" inclusive with the same force and effect as if fully set forth at length herein.

57. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "357", "360", "361", "362", "363" and "364".

58. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "358" and "359".

### ANSWERING SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
(Defendant City of New York)

59. As to the paragraph of the Amended Complaint designated "365", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "364" inclusive with the same force and effect as if fully set forth at length herein.

60. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "366", "367", "368", "369", "370", "371", "372", "373", "374", "375", "376", "377", "378", "379", "380", "381", "382", "383", "384", "385", "386", "387" and "388".

### ANSWERING SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW MEDICAL MALPRACTICE

61. As to the paragraph of the Amended Complaint designated "389", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "388" inclusive with the same force and effect as if fully set forth at length herein.

62. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "390", "391" and "392".

## ANSWERING EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW:
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
### (Defendant JHMC)

63. As to the paragraph of the Amended Complaint designated "393", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "392" inclusive with the same force and effect as if fully set forth at length herein.

64. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "394".

65. Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "395", "396" and "397".

### AS AND FOR A FIRST AFFIRMATIVE
### DEFENSE THIS ANSWERING DEFENDANT
### ALLEGES UPON INFORMATION AND BELIEF:

66. That the plaintiff contributed to the events referred to in the Amended Complaint by culpable conduct, both intentional and negligent. By reason of the foregoing, damages are mitigated by Article 14-A of the CPLR.

### AS AND FOR A SECOND AFFIRMATIVE
### DEFENSE THIS ANSWERING DEFENDANT
### ALLEGES UPON INFORMATION AND BELIEF:

67. That the cause of action alleging a conspiracy fails to state a cause of action and accordingly is barred.

### AS AND FOR A THIRD AFFIRMATIVE
### DEFENSE THIS ANSWERING DEFENDANT
### ALLEGES UPON INFORMATION AND BELIEF:

68. That the care provided by this answering defendant, as well as the actions

taken in connection therewith, were undertaken with justification, good and probable cause, and good faith, as well. The actions herein are accordingly barred.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

69. That the evaluation and treatment provided by this answering defendant were undertaken pursuant to the Mental Hygiene Law of the State of New York so that this answering defendant acted with a privilege under the law and has immunity from liability therefor.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

70. This answering defendant pleads Article 16 of the CPLR in mitigation of damages so that joint tortfeasors are liable only for the relative share of damages for non-economic loss related to the culpable conduct of each, in proportion to that of all.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

71. Upon information and belief, plaintiff has received remuneration and/or compensation for some or all of his claimed economic loss and answering defendant is entitled to have any verdict or judgment reduced by the amount of that remuneration or compensation pursuant to Civil Practice Law and Rules § 4545.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

72. That the plaintiff's Amended Complaint does not contain a certificate

required by CPLR 3012-a and therefore fails to state a cause of action. By reason of the foregoing the actions are barred.

### AS AND FOR AN EIGHTH AFFIRMATIVE
### DEFENSE THIS ANSWERING DEFENDANT
### ALLEGES UPON INFORMATION AND BELIEF:

73. That the alleged cause of action pursuant to 42 U.S.C. Section 1983 is vague and conclusory and does not set forth specific allegations of fact which would entitle the plaintiff to recover. By reason of the foregoing, that cause of action is barred.

### AS AND FOR A NINTH AFFIRMATIVE
### DEFENSE THIS ANSWERING DEFENDANT
### ALLEGES UPON INFORMATION AND BELIEF:

74. That the plaintiff, by his actions and conduct failed to cooperate with the physicians who evaluated him at JAMAICA HOSPITAL MEDICAL CENTER and failed to give them important information that a reasonably prudent person, under the same or similar circumstances, would have given. By reason of the foregoing the plaintiff ADRIAN SCHOOLCRAFT knowingly and voluntarily assumed the risk of confinement and the events referred to in the Amended Complaint, so as to bar the action; or, in the alternative, to mitigate damages herein.

### AS AND FOR A TENTH AFFIRMATIVE
### DEFENSE THIS ANSWERING DEFENDANT
### ALLEGES UPON INFORMATION AND BELIEF:

75. The action against answering defendant pursuant to 42 U.S.C. Section 1983 is barred because answering defendant is not an actor acting under color of State law.

### AS AND FOR A TENTH AFFIRMATIVE
### DEFENSE THIS ANSWERING DEFENDANT
### ALLEGES UPON INFORMATION AND BELIEF:

76. Plaintiff's action, or parts thereof, are barred by reason of the expiration of the applicable Statute(s) of Limitations before the commencement of this action,

WHEREFORE, defendant, ISAK ISAKOV, demands judgment dismissing the plaintiff's Amended Complaint together with the costs and disbursements of this action.

Dated: Lake Success, New York
October 19, 2012

Yours, etc.,

IVONE, DEVINE & JENSEN, LLP

By: _____
BRIAN E. LEE (BL 9495)
Attorneys for Defendant
ISAK ISAKOV
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042
(516) 326-2400

TO:

JON L. NORINSBERG (JN2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5396
Norinsberg@aol.com

COHEN & FITCH LLP
Gerald Cohen (GC0414)
Joshua Fitch (JF2813)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York
Attorney for Defendant CITY OF NEW YORK and City employees
100 Church Street
New York, NY 10007
(212) 788-8703
Suzanna Hallie Publicker, Esq.
Assistant Corporation Counsel
spublick@law.nyc.gov

<u>DECLARATION OF SERVICE BY MAIL</u>

       Brian E. Lee, declares that I served the within VERIFIED ANSWER TO SECOND AMENDED COMPLAINT upon:

JON L. NORINSBERG (JN2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5396
Norinsberg@aol.com

COHEN & FITCH LLP
Gerald Cohen (GC0414)
Joshua Fitch (JF2813)
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10007
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York
Attorney for Defendant CITY OF NEW YORK
100 Church Street, Room 2-124
New York, NY 10007
(212) 788-8703

CALLAN, KOSTER, BRADY & BRENNAN, LLP
Attorneys for Defendant
DR. LILIAN ALDANA-BERNIER
1 Whitehall Street
New York, NY 10004-2140
(212) 248-0115

MARTIN, CLEARWATER & BELL, LLP
Attorneys for Defendant
JAMAICA HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, NY 10017
(212) 697-3122

Walter Aoysius Kretz, Jr.
SEIFF KRETZ & ABERCROMBIE
Attorneys for Defendant Mauriello
444 Madison Avenue, 30th Floor
New York, NY 10022

those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department.

_____
Brian E. Lee (BL9495)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, SGT FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                                  Defendants.

10CV6005

## VERIFIED ANSWER TO SECOND AMENDED COMPLAINT

IVONE, DEVINE & JENSEN, LLP
Attorneys for Defendant
ISAK ISAKOV
2001 Marcus Avenue
Lake Success, New York 11042
(516) 326-2400