OUR FILE NO.: 090.155440

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Index No.: 10-CIV-6005
ADRIAN SCHOOLCRAFT,

                              Plaintiff,

- against -

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL
MARINO, Tax Id. 873220, Individually and in his Official
Capacity, ASSISTANT CHIEF PATROL BOROUGH
BROOKLYN NORTH GERALD NELSON, Tax Id. 912370,
Individually and in his Official Capacity, DEPUTY
INSPECTOR STEVEN MAURIELLO, Tax Id. 895117,
Individually and in his Official Capacity, CAPTAIN
THEODORE LAUTERBORN, Tax Id. 897840, Individually
and in his Official Capacity, LIEUTENANT JOSEPH GOFF,
Tax Id. 894025, Individually and in his Official Capacity, stg.
Frederick sawyer, Shield No. 2576, Individually and in his
Official Capacity, SERGEANT KURT DUNCAN, Shield No.
2483, Individually and in his Official Capacity,
LIEUTENANT CHRISTOPHER BROSCHART, Tax Id.
915354, Individually and in his Official Capacity,
LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374,
Individually and in his Official Capacity, SERGEANT
SHANTEL JAMES, Shield No. 3004, and P.O.'s "JOHN
DOE" #1-50, Individually and in their Official Capacity (the
name John Doe being fictitious, as the true names are
presently unknown) (collectively referred to as "NYPD
defendants"), JAMAICA HOSPITAL MEDICAL CENTER,
DR. ISAK ISAKOV, Individually and in his Official Capacity,
DR. LILIAN ALDANA-BERNIER, Individually and in her
Official Capacity and JAMAICA HOSPITAL MEDICAL
CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually
and in their Official Capacity (the name John doe being
fictitious, as the true names are presently unknown),

**ANSWER TO SECOND AMENDED COMPLAINT**

**ECF CASE**

                              Defendants.
------------------------------------------------------------------------X

COUNSELORS:

        **PLEASE TAKE NOTICE,** that the defendant, DR. LILIAN ALDANA-BERNIER,

as and for her answer to the plaintiff's second Amended Complaint, respectfully alleges

CALLAN, KOSTER,
BRADY & BRENNAN, LLP
COUNSELORS AND
ATTORNEYS AT LAW
One Whitehall Street
New York, New York 10004
212-248-8800

the following:

## AS AND FOR THE PRELIMINARY STATEMENT

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1" and "2".

## AS AND FOR THE JURISDICTION

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3".

## AS AND FOR THE VENUE

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4".

## AS AND FOR THE JURY DEMAND

4. Admits the allegation contained in paragraph "5" of the Complaint.

## AS AND FOR THE PARTIES

5. Denies allegation contained in paragraph "23".

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21" and "24".

7. Denies the allegations contained in paragraph "22", except admits that, at all times mentioned in the Complaint, defendant, DR. LILIAN ALDANA-BERNIER, was and still is a physician duly licensed to practice medicine in the State of New York, and was and is duly qualified to render proper and adequate medical services to her patients.

## AS AND FOR THE FACTUAL BACKGROUND

8. Denies the allegations contained in paragraphs "195", "196", "200", "202",

"203", "204", "205", "206", "213", "214", "253" and "254".

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", 102", "103", "104", "105", "106", "107", "108", "109", 110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144", "145", "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163", "164", "165", "166", "167", "168", "169", "170", "171", "172", "173", "174", "175", "176", "177", "178", "179", "180", "181", "182", "183", "184", "185", "186", "187", "188", "189", "190", "191", "192", "193", "194", "197", "198", "199", "201", "207", "208", "209", "210", "211", "212", "215", "216", "217", "218", "219", "220", "221", "222", "223", "224", "225", "226", "227", "228", "229", "230", "231", "232", "233", "234", "235", "236", "237", "238", "239", "240", "241", "242", "243", "244", "245", "256", "247", "248", "249", "250", "251" and "252".

### AS AND FOR THE FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

10. Answering the subdivision thereof numbered "255", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

11. Denies the allegations contained in paragraphs "256", "257", "258", "259" and "260".

## AS AND FOR THE SECOND CLAIM FOR RELIEF
## VIOLATION OF FIRST AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983

12. Answering the subdivision thereof numbered "261", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

13. Denies the allegations contained in paragraphs "262", "263", "264", "265", "266", "267", "269", "270", "271", "272", "273", "274", "275", "276" and "277".

14. Denies knowledge or information sufficient to form a belief as to the allegation contained in paragraph "268".

## AS AND FOR A THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

15. Answering the subdivision thereof numbered "278", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

16. Denies the allegations contained in paragraphs "279" and "280".

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

17. Answering the subdivision thereof numbered "281", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

18. Denies the allegations contained in paragraphs "282", "283", "284", "285", "286" and "287".

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

19. Answering the subdivision thereof numbered "288", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

20. Denies the allegations contained in paragraphs "289" and "290".

### AS AND FOR A SIXTH CLAIM FOR RELIEF
### FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

21. Answering the subdivision thereof numbered "291", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

22. Denies the allegations contained in paragraphs "293" and "295".

And for a response to the allegations contained in paragraph "292" and "294", the defendant denies and refers all questions of law to the Trial Court.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH & ENTRY UNDER 42 U.S.C. § 1983

23. Answering the subdivision thereof numbered "296", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

24. Denies the allegations contained in paragraphs "297", "298", "299" and "300".

### AS AND FOR AN EIGHTH CLAIM FOR RELIEF
### INVOLUNTARY CONFINEMENT PROCESS UNDER 42 U.S.C. § 1983

25. Answering the subdivision thereof numbered "301", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect

as if again set forth at length herein.

26. Denies the allegation contained in paragraph "338".

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "333", "334", "335", "336" and "337".

### AS AND FOR THE FIRST CLAIM FOR RELIEF
### UNDER N.Y. STATE LAW: ASSAULT

28. Answering the subdivision thereof numbered "339", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

29. Denies the allegations contained in paragraphs "340 and "341".

### AS AND FOR THE SECOND CLAIM FOR RELIEF
### UNDER N.Y. STATE LAW: BATTERY

30. Answering the subdivision thereof numbered "342", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

31. Denies the allegation contained in paragraph "345".

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "343" and "344".

### AS AND FOR THE THIRD CLAIM FOR RELIEF
### UNDER N.Y. STATE LAW:   FALSE ARREST

33. Answering the subdivision thereof numbered "346", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

34. Denies the allegation contained in paragraph "348" and "349".

35. Denies knowledge or information sufficient to form a belief as to the

allegation contained in paragraph "347".

## AS AND FOR THE FOURTH CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: FALSE IMPRISONMENT

36. Answering the subdivision thereof numbered "350", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

37. Denies the allegations contained in paragraphs "351", "353", "354" and "355".

38. Denies knowledge or information sufficient to form a belief as to the allegation contained in paragraph "352".

## AS AND FOR THE FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Answering the subdivision thereof numbered "356", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

40. Denies the allegations contained in paragraphs "357", "358", "359", "360", "361", "362", "363" and "364".

## AS AND FOR THE SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW:
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
## (Defendant City of New York)

41. Answering the subdivision thereof numbered "365", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "366", "367", "368", "369", "370", "371", "372", "373",

"374", "375, "376", "377", "378", "379", "380", "381", "382", "383", "384", "385", "386", "387" and "388".

## AS AND FOR THE SEVENTH CLAIM FOR RELIEF UNDER
## N.Y. STATE LAW: MEDICAL MALPRACTICE

43. Answering the subdivision thereof numbered "389", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

44. Denies the allegations contained in paragraphs "390", "391" and "392".

## AS AND FOR THE EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW:
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
### (Defendant JHMC)

45. Answering the subdivision thereof numbered "393", repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

46. Denies the allegations contained in paragraphs "394", "395" and "396".

47. Denies knowledge or information sufficient to form a belief as to the allegation contained in paragraph "397".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the plaintiff herein was guilty of culpable conduct, including contributory negligence and comparative negligence, which said conduct bars plaintiff's right of recovery in proportion to which the said culpable conduct or negligence attributable to plaintiff bears the culpable conduct or negligence which caused the damages, if any, or the occurrence complained of by plaintiff was caused in whole or in part by the assumption of risk of the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The defendant reserves the right to claim the limitations of liability pursuant to the terms of Article 16 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

In the event the plaintiff recovers a verdict or judgment against the answering defendant, then the verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as Insurance, Social Security, Workers' Compensation or employee benefit programs.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to include a Certificate of Merit as required by CPLR § 3012(a), and therefore the seventh claim for relief under N.Y. State Law must be dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

At all times mentioned in the Complaint, the defendant, DR. LILIAN ALDANA-BERNIER, was acting as a private citizen, and not under color of State Law, and consequently the plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Claims for Relief, all based upon violations of 42 U.S.C. § 1983, are legally insufficient and must be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The evaluation and treatment provided by the defendant, DR. LILIAN ALDANA-BERNIER, were undertaken pursuant to the New York State Mental Hygiene

Law and thus is protected by a privilege under the law and has immunity from liability therefor.

### JURY DEMAND

Defendant, DR. LILIAN ALDANA-BERNIER, demands a trial by jury.

**WHEREFORE**, the defendant, DR. LILIAN ALDANA-BERNIER, demands judgment dismissing the Complaint against her, together with costs and disbursements of this action and attorneys' fees.

Dated:  New York, New York
        October 22, 2012

                    Yours, etc.,
                    CALLAN, KOSTER, BRADY & BRENNAN, LLP

                    By: BRUCE M. BRADY, ESQ. (BMB4816)
                    A Member of the Firm
                    Attorneys for Defendant
                    DR. LILIAN ALDANA-BERNIER
                    One Whitehall Street, 10th Floor
                    New York, New York 10004
                    (212) 248-8800

TO: JOSHUA F. FITCH, ESQ.
    COHEN & FITCH, LLP
    Attorneys for Plaintiff
    233 Broadway, Suite 1800
    New York, New York 10279
    (212) 374-9115

    LAW OFFICES OF JON L. NORINSBERG, ESQ.
    Attorneys for Plaintiff
    225 Broadway, Suite 2700
    New York, New York 10007
    (212) 791-5396

    MARTIN, CLEARWATER & BELL, LLP
    Attorneys for Defendant
    JAMAICA HOSPITAL MEDICAL CENTER
    220 East 42nd Street
    New York, New York 10017-5842
    (212) 697-3122

IVONE, DEVINE & JENSEN, LLP
Attorneys for Defendant
ISAK ISAKOV
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042
(516) 326-2400

MICHAEL A. CARDOZO, ESQ.
CORPORATION COUNSEL
Attorneys for Defendant
NEW YORK CITY POLICE DEPARTMENT
100 Church Street, Room 2-124
New York, New York 10007
(212) 788-8703

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                             : SS.:
COUNTY OF NEW YORK           )

CAMILLE D. PALMER, being duly sworn, deposes and says:

I am not a party to the action, I am over 18 years of age and I am employed at One Whitehall Street, New York, New York 10004.

On October 22, 2012, I served a true copy of the annexed **ANSWER TO SECOND AMENDED COMPLAINT** by mailing same in a sealed envelope with postage prepaid in an official depository of the U.S. Postal Service within the State of New York addressed to:

JOSHUA F. FITCH, ESQ.
COHEN & FITCH, LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, New York 10279
(212) 374-9115

LAW OFFICES OF JON L. NORINSBERG, ESQ.
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 791-5396

MARTIN, CLEARWATER & BELL, LLP
Attorneys for Defendant
JAMAICA HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, New York 10017-5842
(212) 697-3122

IVONE, DEVINE & JENSEN, LLP
Attorneys for Defendant
ISAK ISAKOV
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042
(516) 326-2400

MICHAEL A. CARDOZO, ESQ.
CORPORATION COUNSEL
Attorneys for Defendant
NEW YORK CITY POLICE DEPARTMENT
100 Church Street, Room 2-124
New York, New York 10007
(212) 788-8703

_____
CAMILLE D. PALMER

Sworn to before me this
22nd day of October, 2012

_____
NOTARY PUBLIC

KELLY FILBERT
Notary Public, State of New York
No. 01FI5026463
Qualified in Kings County
Commission Expires April 18, 2014