GJR/da
82-82153

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                              Plaintiff,

                         -against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, SGT. FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, AND P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                              Defendants.
---------------------------------------------------------------X

**AMENDED DECLARATION**

Civil Action No.:
10 CIV 6005 (RWS)

      **GREGORY J. RADOMISLI**, declares the following pursuant to 28 USC §1746, under penalty of perjury:

2461639.1

1. I am a Member of Martin Clearwater & Bell LLP, attorneys of record for defendant JAMAICA HOSPITAL MEDICAL CENTER and am fully familiar with the facts and circumstances of this action by virtue of a review of the file in my office.

2. This Amended Declaration is respectfully in support of the motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by defendant JAMAICA HOSPITAL MEDICAL CENTER ("Jamaica Hospital"). This Declaration amends the Declaration dated December 22, 2014 and filed on January 5, 2015 (Doc #326).[1]

3. As discussed in detail in the accompanying Amended Memorandum of Law, Jamaica Hospital's motion for summary judgment should be granted for the following reasons:

   a) In its May 5, 2011 Order, this Court granted Jamaica Hospital's pre-Answer motion to dismiss plaintiff's federal causes of action against Jamaica Hospital because plaintiff failed to state a cause of action. Following discovery, plaintiff moved to file a Third Amended Complaint, and this Court granted plaintiff's motion, allowing plaintiff to allege that Jamaica Hospital violated plaintiff's due process rights under 42 U.S.C. §1983. The Court also allowed the defendants to submit revised motions for summary judgment to address the allegations in plaintiff's Third Amended Complaint.

   b) Although plaintiff may have made the necessary allegations to survive a 12(b)(6) motion, Jamaica Hospital is entitled to summary judgment pursuant to Rule 56 because 1) Jamaica Hospital is not a "person," and therefore cannot be directly liable under the statute; 2) Jamaica Hospital and codefendants DR. ISAK ISAKOV ("Dr. Isakov") and

---

[1] The December 22, 2014 Declaration was not filed until January 5, 2015 because there was an issue as to whether some of the Exhibits to which the Declaration referred could be filed under seal.

2461639.1

DR. LILLIAN ALDANA-BERNIER ("Dr. Aldana-Bernier") were not state actors; and 3) Jamaica Hospital cannot be held vicariously liable for Dr. Isakov and/or Dr. Aldana-Bernier because they were not acting pursuant to an official policy, as required by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978), as applied to private entities. *See e.g. Rojas v. Alexander's Department Stores, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990); *Green v. City of New York*, 465 F.3d 65, 82 (2d Cir. 2006).

    c) The other causes of action as to Jamaica Hospital are plaintiff's state law claims for medical malpractice, false arrest, false imprisonment, and negligent hiring, training or supervision;

    d) The plaintiff cannot maintain a cause of action directly against Jamaica Hospital for medical malpractice because plaintiff does not make any allegations of medical malpractice as to any specific members of the Jamaica Hospital staff separate from the codefendant psychiatrists, and there are no issues of fact regarding the care rendered by the Jamaica Hospital residents;

    e) The plaintiff cannot maintain a cause of action for false arrest or false imprisonment because plaintiff has not presented any evidence that Jamaica Hospital committed medical malpractice, and because plaintiff's detention was otherwise privileged;

    f) The plaintiff cannot maintain a cause of action for negligent hiring, training, or supervision because plaintiff's Second Amended Complaint does not contain any allegations that the codefendant psychiatrists or any of the Jamaica Hospital staff had, or should have known of, a propensity to improperly hospitalize patients or to commit false arrest or false imprisonment; plaintiff has not submitted any evidence of Jamaica Hospital's hiring, training, supervision or retention policies; and plaintiff has not alleged and cannot

2461639.1

demonstrate that any of the Jamaica Hospital staff or the codefendant psychiatrists were acting outside the scope of their employment when they treated the plaintiff; and

    g) The plaintiff cannot maintain a cause of action for intentional infliction of emotional distress because plaintiff cannot satisfy the elements to state a claim and because a cause of action for intentional infliction of emotional distress is duplicative, and falls within the ambit of plaintiff's claim for medical malpractice.

  4. Exhibits "A" through "KK" were attached to the Declaration of Gregory J. Radomisli filed on January 5, 2015. A copy of Plaintiff's Third Amended Complaint is attached hereto as Exhibit "LL." A copy of the December 22, 2014 Declaration of Brian E. Lee is attached hereto as Exhibit "MM." A copy of the Jamaica Hospital policy on involuntary admissions is attached hereto as Exhibit "NN."

**WHEREFORE**, it is respectfully requested that defendant's motion be granted in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
    January 30, 2015

        Yours, etc.,

        MARTIN CLEARWATER & BELL LLP

        By: _/s/ Gregory J. Radomisli_
          Gregory J. Radomisli (GJR – 2670)
        A Member of the Firm
        Attorneys for Defendant
        JAMAICA HOSPITAL MEDICAL CENTER
        220 East 42nd Street
        New York, New York 10017-5842
        (212) 697-3122

2461639.1