OUR FILE: 090.155440
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
ADRIAN SCHOOLCRAFT,

                              Docket No.: 10-CIV-6005

            Plaintiff,

    -against-

THE CITY OF NEW YORK, DEPUTY CHIEF
MICHAEL MARINO, Tax ID 873220, Individually
and in his Official Capacity; ASSISTANT CHIEF
PATROL BOROUGH BROOKLYN NORTH
GERALD NELSON, Tax ID 912370 Individually
and in his Official Capacity; DEPUTY INSPECTOR
STEVEN MAURIELLO, Tax ID 895117, Individually
and  in his Official Capacity; CAPTAIN THEODORE
LAUTERBORN, Tax ID 897840, Individually and in
his Official Capacity; LIEUTENANT WILLIAM GOUGH,
Tax ID 894025, Individually and in his Official
Capacity; SERGEANT FREDERICK SAWYER,
Shield No. 2576, in his Official Capacity; SERGEANT
KURT DUNCAN, Shield No. 2483, Individually and in
his Official Capacity; LIEUTENANT CHRISTOPHER
BROSCHART, Tax ID 915354, Individually and in his
Official Capacity; LIEUTENANT TIMOTHY CAUGHEY,
Tax ID 885374, Individually and in his Official Capacity;
SERGEANT SHANTEL JAMES, Shield No. 3004,
Individually and in his Official Capacity, , CAPTAIN
TIMOTHY TRAINER, Tax Id. 899922, Individually and in
Their Official Capacity and P.O.'s "JOHN DOE" #1-50,
Individually and in their Official Capacity (the name John Doe
 being fictitious, as the true names are presently unknown)
(collectively referred to as "NYPD defendants");
JAMAICA HOSPITAL MEDICAL CENTER; DR. ISAK ISAKOV,
 Individually and in his Official Capacity; DR. LILIAN ALDANA-
BERNIER, Individually and in her Official Capacity and JAMAICA
HOSPITAL MEDICAL CENTER EMPLOYEES "JOHN DOE"
#1-50, Individually and in their Official Capacity (the name
John Doe being fictitious, as the true names are presently
Unknown),

**DR. ALDANA-BERNIER'S STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1**

                       Defendants.
--------------------------------------------------------------------------------x

1

Defendant DR. LILIAN ALDANA-BERNIER, by her attorneys, CALLAN, KOSTER, BRADY & NAGLER, LLP, submit this statement pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York to set forth the material facts as to which Dr. Aldana-Bernier contends there are no genuine issues to be tried.

1. Plaintiff, Adrian Schoolcraft, filed his Second Amended Complaint, on September 25, 2012. (Plaintiff's Second Amended Complaint is annexed to Declaration of Paul Callan (hereinafter "Callan Decl.) as Exhibit A).

2. Dr. Aldana-Bernier served a timely partial motion for summary judgment to dismiss some of plaintiff's causes of action.

3. After Dr. Aldana-Bernier served her partial motion for summary judgment, Judge Sweet partially granted plaintiff's motion to amend his complaint for a third time on January 16, 2015. (Judge Sweet's Opinion and Order dated January 16, 2015, is annexed to Callan Decl. as Exhibit F).

4. Plaintiff filed his Third Amended Complaint on January 22, 2014. (Plaintiff's Third Amended Complaint is annexed to Callan Decl. as Exhibit G).

5. In his Third Amended Complaint, plaintiff alleges he was a New York City Police officer assigned to the 81st precinct in October 2009. (Plaintiff's Second Amended Complaint is annexed to Declaration of Paul Callan (hereinafter "Callan Decl.) at Exhibit A at ¶¶30-32).

6. Plaintiff alleges Dr. Aldana-Bernier violated Mental Hygiene Law § 9.39(a) by failing to perform the necessary test and examinations to determine whether plaintiff

2

was either "1) a 'substantial risk of physical harm to himself as manifested by threats or attempts at suicide or other conduct demonstrating that he his dangerous to himself' or 2) 'a substantial risk of physical harm to other persons as manifested by homicidal or other violent behavior by which others are placed in reasonable fear of serious physical harm." (Exhibit G at ¶204.)

7. Plaintiff also alleges Dr. Aldana-Bernier "falsified hospital reports in order to secure plaintiffs continued confinement in the psychiatric ward when she noted "PATIENT IS A DANGER TO HIMSELF," without performing any medical test to substantiate this." (Exhibit G at ¶205).

8. Plaintiff further alleges that the NYPD defendants conspired to, and intentionally falsified evidence and submitted it to the Jamaica Hospital staff for the sole purpose of having plaintiff committed to its psychiatric ward. (Exhibit G at ¶210).

9. In addition, plaintiff alleges Dr. Aldana-Bernier's actions were "taken under the assumed governmental authority and responsibility to protect the public, in violation of accepted medical standards and New York Mental Hygiene Law §9.39." (Exhibit G at §243).

10. In attempting to determine the causes of action actually plead against Dr. Aldana-Bernier, is appears plaintiff asserts his Seventh, Eighth and Ninth claims under §1983 against Dr. Aldana-Bernier as well as his Fourth, Fifth and Seventh claims under New York State Law. (Exhibit G at ¶¶ 245-373).

11. Plaintiff's Seventh Claim for Relief is for Involuntary Confinement under 42 U.S.C. §1983. (Exhibit G at ¶¶ 282-287).

12. Plaintiff claims Dr. Aldana-Bernier "unlawfully and involuntarily confined plaintiff to JHMC for six (6) days without plaintiff's permission, consent or any lawful basis for doing so, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States." (Exhibit G at ¶283).

13. It is also alleged that Dr. Aldana-Bernier violated plaintiff's rights under the New York State Mental Hygiene Law §9.39(a) when she failed to perform the proper tests pursuant to the aforementioned section. (Exhibit G at ¶ 284).

14. Plaintiff's Eighth Claim for Relief is Conspiracy to Violate Plaintiff's Civil Rights under 42 U.S.C. § 1983. It is alleged that Dr. Aldana-Bernier conspired and acted in concert to do whatever was necessary, lawful of not, to arrest, imprison and involuntarily confine plaintiff. (Exhibit G at ¶¶ 288-292).

15. This included manufacturing false evidence; destroying evidence; unlawfully entering plaintiff's home; illegally seizing plaintiff's property; verbally and physically threatened plaintiff in an attempt to silence him; stalked and menaced plaintiff at his home; and pressured, bribed, coerced and induced individuals to have plaintiff involuntarily confined to hospital treatment without his consent or any other lawful basis for doing so. (Exhibit G at ¶291).

16. Plaintiff's Ninth Claim for Relief is Violation of Substantive and Procedural Due Process under 42 U.S.C. §1983. (Exhibit G at ¶¶ 293-300).

17. The claims are Dr. Aldana-Bernier had no objective information to believe plaintiff was a danger to himself or others and was involuntarily hospitalized for six (6) days; never made a determination plaintiff was a danger to himself or others; unlawfully and involuntarily confined plaintiff to Jamaica Hospital for six (6) days without plaintiff's

permission; forcibly restrained plaintiff; permitted forcible restraints without considering less restrictive alternatives; and deprived him of his substantive and procedural due process rights. (Exhibit G at ¶¶ 294-300).

18. There is no allegation that Dr. Aldana-Bernier is or was an employee of any federal, state or local government entity. (Exhibit G).

19. Dr. Aldana-Bernier interposed an Answer to the Second Amended Complaint on October 22, 2012. (A copy of Dr. Aldana-Bernier's Answer to the Second Amended Complaint is attached to Callan Decl. as Exhibit B).

20. Dr. Aldana-Bernier is a physician duly licensed to practice medicine in the State of New York. (A copy of Dr. Aldana-Bernier's Affidavit dated December 19, 2014 is attached to Callan Decl. as Exhibit C) (Exhibit C at ¶1).

21. In November 2009, at all times, she was an attending psychiatrist at Jamaica Hospital and director of the psychiatric emergency room. (Exhibit C at ¶2).

22. She was privately employed at all relevant times to the instant lawsuit. (Exhibit C at ¶2).

23. Plaintiff, Adrian Schoolcraft, first underwent a psychiatric examination/assessment at Jamaica Hospital at approximately 6:30 a.m. on November 1, 2009. He was examined by Dr. Khin Mar Lwin in the medical emergency room. (Exhibit C at ¶3); (A copy of Jamaica Hospital Medical Records is attached to Callan Decl. as Exhibit D) (Exhibit D at pg 4-6).

24. Dr. Lwin's note indicated that as per a Sergeant James of the 81st Precinct, plaintiff complained about not feeling well the prior afternoon and left work early after becoming agitated and cursing a supervisor. The police followed plaintiff to his home.

Plaintiff barricaded himself in his apartment and the door had to be broken down to get him. Plaintiff initially agreed to go with them for evaluation, but once outside, he ran and had to be chased and brought to the medical emergency rom. (Exhibit C at ¶4; Exhibit D at pgs 4-6).

25. Dr. Lwin's note also indicated, again listing Sergeant James as the source, that plaintiff was evaluated by a New York City Police Department psychiatrist and had not been able to carry a gun or a badge for nearly a year. (Exhibit C at ¶5; Exhibit D at pgs 4-6).

26. Dr. Indira Patel, a psychiatrist at Jamaica Hospital, subsequently reviewed Dr. Lwin's note and concurred with Dr. Lwin's findings. (Exhibit C at ¶6; Exhibit D at pgs 4-6).

27. Later that day, plaintiff was transferred to the psychiatric emergency room at Jamaica Hospital. (Exhibit C at ¶7).

28. Dr. Tariq, a psychiatrist at Jamaica Hospital, performed a psychiatric examination of plaintiff at approximately 12 p.m. on November 1, 2009. In the section marked chief complaints, Dr. Tariq writes "they just came to my place and handcuffed me" and that according to the accompanying New York City Police Department officer (Sergeant James as per the ER consult note), plaintiff had been acting bizarre. (Exhibit C at ¶8; Exhibit D at pgs 74-79).

29. Plaintiff was next psychiatrically examined by Dr. Slowik on November 2, 2009, at 2:15 p.m. (Exhibit C at ¶9; Exhibit D at pg 87).

30. Dr. Aldana-Bernier examined plaintiff, Adrian Schoolcraft, at Jamaica Hospital on November 2, 2009, at approximately 3:10 pm. (Exhibit C at ¶10).

31. Prior to examining plaintiff, she reviewed the notes created by prior treating physicians and nurses, including, but not limited to, Dr. Lwin, Dr. Patel, Dr. Tariq and Dr. Slowick.  (Exhibit C at ¶11).

32. Dr. Aldana-Bernier made her medical decision regarding plaintiff based on the notes made by prior physicians and nurses as well as her own evaluation of plaintiff.  (Exhibit C at ¶12).

33. Dr. Aldana-Bernier also sought a second opinion from Dr. Dhar concerning plaintiff.  (Exhibit C at ¶13).

34. Dr. Aldana-Bernier was never told by anyone from the New York City Police Department, or anyone acting on their behalf, to keep plaintiff at Jamaica Hospital against his will.  (Exhibit C at ¶14).

35. She never spoke with the Sergeant James, or any other officer, who is identified in the notes of prior treating physicians.  (Exhibit C at ¶15).

36. Dr. Aldana-Bernier never spoke with any police officer concerning plaintiff.  (Exhibit C at ¶16).

37. She never spoke with Dr. Catherine Lamstein, who she is advised is a psychiatrist attached to the New York City Police Department, concerning plaintiff.  (Exhibit C at ¶17).

38. Dr. Aldana-Bernier was not, and is not, a participant in any conspiracy to keep plaintiff at Jamaica Hospital against his will.  (Exhibit C at ¶18).

39. Dr. Aldana-Bernier's medical decisions concerning plaintiff were entirely based on her sound medical judgment.  They were not influenced by her contact with anyone from the New York City Police Department or any other state actor.  (Exhibit C at ¶19).

40. Dr. Aldana-Bernier was not pressured, encouraged or compelled by anyone from the New York City Police Department to keep plaintiff against his will.  (Exhibit C at ¶19).

41. Dr. Aldana-Bernier was not pressured, encouraged or compelled by anyone from Jamaica Hospital to keep plaintiff there against his will.  (Exhibit C at ¶20).

42. Dr. Aldana-Bernier never falsified any medical records concerning plaintiff. (Exhibit C at ¶21).

43. Dr. Roy Lubit has been retained by plaintiff as a psychiatric expert.  Pursuant to his retention, Dr. Lubit issued an expert report.  (A copy of Dr. Lubit's report is attached to Callan Decl. as Exhibit E.)

44. In his report, Dr. Lubit claims Dr. Aldana-Bernier committed malpractice, in part, due to her failure to failure to gather information about Mr. Schoolcraft, including speaking with IAB and other key collaterals such as the police.  (Exhibit E at pgs 11-13).

Dated:   New York, New York
         January 30, 2015

        Yours, etc.,
        CALLAN, KOSTER, BRADY, & NAGLER, LLP

        _/s/___Paul F. Callan _____
        By: PAUL F. CALLAN, ESQ. (PFC2005)
        Of Counsel
        Attorneys for Defendant
        DR. LILIAN ALDANA-BERNIER
        One Whitehall Street, 10th Floor
        New York, New York 10004
        (212) 248-8800
        pcallan@ckbblaw.com

TO:   NATHANIEL SMITH, ESQ.
      111 Broadway, Suite 1305
      New York, New York 10006

(212) 227-7062
natbsmith@gmail.com

Walter A. Kretz, Jr., Esq. (WK-4645)
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
Attorneys for Defendant
DEPUTY INSPECTOR STEVEN MAURIELLO
444 Madison Avenue, 30th Floor
New York, New York 10022
(212) 371-4500
wakretz@seiffkretz.com

Gregory J. Radomisli, Esq. (GJR2670)
MARTIN, CLEARWATER & BELL, LLP
Attorneys for Defendant
JAMAICA HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, New York 10017-5842
(212) 697-3122
radomg@mcblaw.com

Brian E. Lee, Esq. (BL9495)
IVONE, DEVINE & JENSEN, LLP
Attorneys for Defendant
ISAK ISAKOV
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042
(516) 326-2400
brianelee@idjlaw.com

Ryan Shaffer
Senior Assistant Corporation Counsel
ZACHARY W. CARTER, ESQ.
CORPORATION COUNSEL OF THE CITY OF NEW YORK
Attorneys for CITY Defendants
NEW YORK CITY POLICE DEPARTMENT
Special Federal Litigation Division
New York City Law Department
100 Church Street, Room 2-124
New York, New York 10007
(212) 788-8703
rshaffer@law.nyc.gov