UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: H6-15

------------------------------------------X

ADRIAN SCHOOLCRAFT,

        Plaintiff,

    10 Civ. 6005 (RWS)

- against -

    OPINION

CITY OF NEW YORK, ET AL.,

        Defendants.

------------------------------------------X

A P P E A R A N C E S:

    Attorney for the Plaintiff

    LAW OFFICE OF NATHANIEL B. SMITH
    111 Broadway
    Suite 1305
    New York, NY 10006
    By:  Nathaniel B. Smith, Esq.


    Attorney for the City Defendants

    ZACHARY W. CARTER
    CORPORATION COUNSEL OF THE CITY OF NEW YORK
    100 Church Street
    New York, NY  10007
    By:  Suzanna P. Mettham, Esq.


    Attorneys for Defendant Jamaica Hospital Medical Center

    MARTIN CLEARWATER & BELL, LLP.
    220 East 42nd Street
    New York, NY  10017
    By:  Gregory J. Radomisli, Esq.

**Sweet, D.J.**

Plaintiff Adrian Schoolcraft ("Schoolcraft" or "Plaintiff") moves for an order allowing him to amend the operative Second Amended Complaint ("SAC") pursuant to Rule 15 of the Federal Rules of Civil Procedure.

For the reasons set out below, Plaintiff's motion is granted in part and denied in part, and Plaintiff may file a Third Amended Complaint ("TAC") in keeping with this Opinion.

**Prior Proceedings**

A detailed recitation of the facts of the underlying case is provided in this Court's opinion dated May 6, 2011, which granted in part and denied in part Defendant Jamaica Hospital Medical Center's motion to dismiss. See Schoolcraft v. City of New York, 10 Civ. 6005, 2011 WL 1758635, at *1 (S.D.N.Y. May 6, 2011). Familiarity with those facts is assumed. The action involves claims brought by Schoolcraft in the SAC against the City, several members of the New York City Police Department ("NYPD"), collectively the "City Defendants"), and Jamaica Hospital Medical Center ("JHMC"), two doctors employed by JHMC, and others, (collectively with the City Defendants, the

1

"Defendants").

Through the instant motion, Plaintiff seeks to:

1. Remove four of the named Defendants: Police Officers Sondra Wilson ("Wilson"); Richard Wall ("Wall"); Robert O'Hare ("O'Hare"); and Thomas Hanley ("Hanley");

2. Remove a redundant claim for relief brought under 42 U.S.C. § 1983;

3. Add Officers Steven Weiss ("Weiss") and Rafel A. Mascol ("Mascol") as named Defendants and amend the case caption accordingly;

4. Reassert claims brought under 42 U.S.C. § 1983 against JHMC;

5. Add a claim for injunction and declaratory relief, seeking an order: (a) finding that all of the Defendants' conduct with respect to their treatment of Schoolcraft was unlawful; (b) and directing the expungement of Schoolcraft's medical and personnel records to the extent that those records suggest that Schoolcraft was properly admitted to a psychiatric ward, that he suffers from a mental illness, that his condition required his commitment to a psychiatric hospital, and that he is dangerous to himself or others; and

6. Modifying the phrasing of numerous factual allegations in the SAC.

The instant motion was marked fully submitted on December 31, 2014.

**Applicable Standard**

Rule 15 of the Federal Rules of Civil Procedure directs that leave to amend a pleading be given freely when justice requires. Schoolcraft v. City of New York, 10-cv-6005, 2012 WL 2161596, at *1 (S.D.N.Y. June 14, 2012). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claim on the merits." Id. (quoting Williams v. Citigroup, Inc., 659 F.3d 208, 213 (2d Cir. 2011)). "However, [a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Id. (quoting McCarthy v. Dunn & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)); see also Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995) (upholding the denial of a motion to amend the complaint that was filed 2 1/2 years after commencement of the action, and three months prior to trial); Ansam Assocs., Inc. v. Cola Petroleum Ltd., 760 F.2d 442, 446 (2d Cir. 1985) (upholding denial of a motion to amend a complaint when discovery had been

3

completed and motions for summary judgment had been filed).

With respect to futility, a proposed amendment is evaluated on a motion to dismiss standard. See Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012); Mina Inv. Holdings, Ltd. v. Lefkowitz, 184 F.R.D. 245, 258 (S.D.N.Y. 1999). To determine whether there would be undue prejudice from a proposed amendment, a court must consider whether the new aspects of the proposed pleading would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Monahan v. New York City Dep't of Corrs., 214 F.3d 275, 284 (2d Cir. 2000) (internal quotations and citations omitted). Delay alone, in the absence of a showing of undue prejudice or bad faith, typically provides an insufficient basis for denying a motion to amend. See Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995) (citing State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); cf. Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000) ("despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling

4

order where the moving party has failed to establish good cause."). Furthermore, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." United States v. Continental Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989). Nor is "undue prejudice" established by allegations that an amendment will require the expenditure of additional time, effort, or money. Block v. First Blood Assocs., 988 F.2d 344, 351 (2d Cir. 1993).

### The Four Named Defendants Are Removed

Plaintiff moves, at the Defendants' request, to remove Officers Wilson, Wall, O'Hare, and Hanley as Defendants. Pl.'s Mem. in Supp't 3-5. As this part of the motion is unopposed, these individuals are hereby removed. See City Defs.' Mem. in Opp'n 1.

### The First Claim Under 42 U.S.C. § 1983 Is Stricken

Plaintiff moves, at the Defendants' request, to strike its first claim under Section 1983 against all Defendants except JHMC. Pl.'s Mem. in Supp't 5. As this part of the motion is unopposed, that claim is stricken. See City Defs.' Mem. in

5

Opp'n 1.

**Two Additional Defendants May Not Be Added to the Complaint**

Plaintiff moves, over Defendants' objection, for leave to add Officers Weiss and Mascol as Defendants. See Pl.'s Mem. in Supp't 1-2.; City Defs.' Mem. in Opp'n 2-11.

Under federal law, which determines the accrual of a Section 1983 claim, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." See Howard v. City of New York, et al., 02-CV-1731, 2006 WL 2597857, at *4 (S.D.N.Y. September 6, 2006). As to Plaintiff's federal claims against Officers Weiss and Mascol, the limitations period for § 1983 claims brought in New York state is three years from date of accrual, i.e., October 31, 2012. See Okure v. Owens, 816 F.2d 45, 47 (2d Cir. 1987), aff'd 488 U.S. 235 (1989). Those federal claims are therefore barred.

Plaintiff's state law claims are also barred. "[I]n a federal court, state notice-of-claim statutes apply to state law claims." Hyde v. Arresting Officer Caputo, 98 Civ. 6722, 2001 WL 521699, at *4 (E.D.N.Y. May 11, 2001). Section 50-i of the New York General Municipal Law requires a notice of claim to be

filed when bringing an action against the City of New York. N.Y. Gen. Mun. L. §50-i. Section 50-e of the statute requires a plaintiff to "file a notice of claim within ninety days after the claim arises and commence the action within one year and ninety days from the date the cause of action accrued." Hyde, 2001 WL 521699, at *4; N.Y. Gen. Mun. L. §50-3. A plaintiff's "failure to comply with the mandatory New York statutory notice-of claim requirements results in dismissal of his claims." Warner v. Village of Goshen Police Dep't, 256 F.Supp.2d 171, 175 (S.D.N.Y. 2003); see also Mejia v. City of New York, 119 F. Supp. 2d 232, 255-56 (E.D.N.Y. 2000) (suits for torts arising from conduct of police officers in the course of their employment must be filed in accordance with New York notice of claim statutes); Hyde, 2001 WL 521699, at *4; Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 62 (N.Y. 1984). These provisions have been strictly construed. Shakur v. McGrath, 517 F.2d 983, 985 (2d Cir. 1975). Because Plaintiff has failed to file a Notice of Claim against the newly named defendants, his state-law claims against them fail. See Plaintiff's Four Notices of Claim dated January 27, 2010, annexed to Mettham Decl. as Ex. C.

Since these claims are barred, adding Officers Weiss and Mascol is permissible only if these amended claims relate back to the original complaint under Rule 15(c) of the Federal

7

Rules of Civil Procedure. See Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010); Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 35 (2d Cir. 1996) (a party may amend its complaint after the statute of limitations expires to add additional defendants only if the amendment would "relate back" to the date that the original complaint was filed).

Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure provides that an amendment that attempts to bring a new party into a lawsuit will "relate back" to the date of the original pleading when (1) the claim arises out of the same conduct originally pleaded and (2) within 120 days of the original filing date, the party to be added both "received such notice of the action that it will not be prejudiced in defending on the merits;" and the party had actual or constructive notice that "that the action would have been brought against it, but for a mistake concerning the proper party's identity." Plaintiff argues this provision allow him to add Officers Weiss and Mascol. See Pl.'s Mem. in Supp't 6.

Claims against any newly added defendants will not "relate back" to the date of the original complaint where the plaintiff's failure to name the prospective defendant was "the result of a fully informed decision as opposed to a mistake

8

concerning the proper defendant's identity." See Krupski, 560 U.S. at 541; Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994) (failure to name a known party constitutes a choice not to sue rather than a mistake of a party's identity). An amended complaint seeking to replace a John Doe with a named defendant after the expiration of the statute of limitations does not relate back to the initial complaint under Rule 15(c) because the "failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995); see also Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999). Where a plaintiff is aware of the purported misconduct of certain individuals, and where a plaintiff "was not required to sue them . . . her failure to do so in the original complaint, in light of her obvious knowledge and the detailed nature of that pleading[] . . . must be considered a matter of choice, not mistake." Cornwall v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994); see also Barrow, 66 F.3d at 470 ("the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake"); Abdell v. City of New York, 05-CV-8453, 2006 WL 2620927, at *7 (S.D.N.Y. Sept. 12, 2012) ("Where a plaintiff fails to timely sue a potentially liable party despite incriminating disclosures made within the

9

statute of limitations, the Court cannot find that a mistake was made for relation back purposes.").

Here, Plaintiff knew the identities of Officers Mascol and Weiss within the applicable statute of limitations and did not name them as defendants or serve them with a summons and complaint during that time. This constitutes a deliberate choice, not a mistake of identity as contemplated by Rule 15. Since the claims would not relate back, this proposed amendment would be futile and this portion of the motion is denied.

**Plaintiff May Include Its Section 1983 Claim Against JHMC**

Plaintiff moves, over JHMC's objection, for leave to reinstate a Section 1983 claim against JHMC. See Pl.'s Mem. in Supp't 7-15; JHMC Def.'s Mem. in Opp'n 3-16. As discussed above, undue delay, futility, bad faith, or undue prejudice to the opposing party warrant denial of a motion to amend under Rule 15. See McCarthy, 482 F.3d 184, 200 (2d Cir. 2007).

With respect to futility: "to maintain a viable § 1983 action against a municipality, a government agent (such as [a private corporation]), or individual policymaking defendants in their official capacities ..., a plaintiff must demonstrate that

10

a constitutional deprivation occurred as the result of an express policy or custom promulgated by that entity or an individual with policymaking authority." Schoolcraft, 2011 WL 1758635, at *3 (internal quotations and citations omitted).

The deposition testimonies of two physicians involved in the decision to commit Schoolcraft, Drs. Bernier and Isakov, and the testimony of JHMC through Dr. Dhar, suggest that JHMC's policy was to "to involuntarily commit a patient where there was any risk of dangerousness" rather than the "substantial risk of dangerousness" standard which has been held to be constitutional. Pl.'s Mem. in Supp't 8-10 (emphasis added) (citing Project Release v. Prevost, 722 F.2d 960, 972-74 (2d Cir. 1983)). Indeed, JHMC admitted that its practice, contrary to written policy, was to involuntarily commit for any risk, not simply for a substantial risk. Dhar Tr. at 134:21-135:04 ("Q. So under Jamaica's policy, any possible risk is a sufficient basis [upon] which to involuntary admit somebody, because of the conclusion that they are dangerous to themselves or others; is that correct? . . . . A. Yes."). The proposed amendment adequately alleges that the decision to involuntarily commit Schoolcraft was taken by "JMHC officers, employees or agents pursuant to the customs . . . [of] JHMC" and that "Defendants . . . while acting under color of state law, engaged in conduct

11

which constituted a custom, usage or practice . . . forbidden by the Constitution of the United States," specifically, failing to "perform the proper and necessary tests to determine" that Schoolcraft posed a substantial risk of physical harm to himself or others. TAC ¶¶ 243-44, 282-87. These allegations are sufficient to survive a motion to dismiss, and are therefore not futile.

Dr. Dhar's deposition took place in July 2014. Though Plaintiff has not justified the delay between the date of the deposition and the request for leave to amend, JHMC too has not explained how it would be prejudiced or otherwise harmed beyond the inconvenience of potentially having to amend its summary judgment briefing. JHMC has also not demonstrated Plaintiff's bad faith in making this request in December. While admittedly an inconvenience for the Defendants and the Court, the request came prior to the deadline for summary judgment briefings and the timing alone does not indicate bad faith. The amendment is permitted.

12

**Plaintiff May Request Declaratory and Injunctive Relief**

Plaintiff moves, over JHMC's objection, for leave to add a claim seeking declaratory and injunctive relief, specifically, a declaration that the City Defendants' conduct was illegal and an injunction requiring JHMC and the City Defendants to expunge from Schoolcraft's medical files any "record or a finding that Officer Schoolcraft was mentally ill, dangerous or otherwise a person who required involuntary commitment to a psychiatric ward." Pl.'s Mem. in Supp't 15.

City Defendants object on the basis that the proposed injunctive relief would prejudice them, since they lacked sufficient notice upon which to develop the evidence that would constitute their defense to this proposed claim and would require extra time and pages in their summary judgment papers to respond. City Def.'s Mem. in Opp'n 15. Specifically, the City Defendants are concerned about their ability to address an April 2009 decision to remove Schoolcraft's weapon on the basis of the fact that Schoolcraft had a prescription for a psychotropic medication from his private doctor. Id. However, as noted above, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." Continental, 889 F.2d at 1255. Likewise,

13

"expenditure of additional time, effort, or money" does not constitute prejudice. Block, 988 F.2d at 351. Therefore, Plaintiff may amend to include this claim.

## Plaintiff May Make His Proposed "Typographical or Editorial" Amendments

Plaintiff moves for leave to make various "typographical or editorial" modifications to the SAC. Pl.'s Mem. in Supp't 15-16. Both City Defendants and JHMC object, on the grounds that the proposed changes are substantive rather than editorial or typographical. See City Defs.' Mem. in Opp'n 11-15; JMHC Def.'s Mem. in Opp'n 17. The most significant amendments to which Defendants specifically object are discussed below seriatim.

City Defendants object to amendments alleging existence of quotas for stops, arrests, and summons, to paragraphs that previously alleged the existence of summons quotas only. City Defs.' Mem. in Opp'n 12. City Defendants contend that they have "spent considerable time researching and drafting their summary judgment motion based on the unique argument regarding a summons quota" and that the changes would alter the "landscape of discovery and litigation to date,"

14

therefore the amendments should be barred. City Defs.' Mem. in Opp'n 12. Three considerations counsel against adopting the City Defendants' position. <u>First</u>, as discussed above, additional discovery, and expenditure time and effort do not warrant rejection of a motion to amend. <u>Continental</u>, 889 F.2d at 1255; <u>Block</u>, 988 F.2d at 351. <u>Second</u>, Defendants will be allotted additional time in which to prepare arguments addressing the TAC's new amendments. <u>Third</u>, the pre-existing allegations in the SAC commonly refer to quotas for "arrest/summons" or "arrests and summons," undermining City Defendants' argument that the SAC is currently limited to summons quotas alone. <u>See e.g.</u>, SAC ¶¶ 2, 38, 40, 54, 62-63, 83. These amendments are permitted.

City Defendants object to amendments changing allegations that Defendants "issued legal process" and "arrested plaintiff" to allegations that Defendants "issued and/or commenced legal process" and "arrested and/or instituted legal process [against] plaintiff." City Defs.' Mem. in Opp'n 12; Pl's Mem. in Supp't Ex. 3 (TAC with track changes showing current SAC) ¶¶ 266-67 (formerly ¶¶ 282-83 in SAC). They also object to additional language alleging that City Defendants destroyed evidence and that Defendant Sgt. Frederick Sawyer stated that "This is what happens to rats" while handcuffing

15

Schoolcraft. City Defs.' Mem. in Opp'n 12-13; Pl's Mem. in Supp't Ex. 3 (TAC with track changes showing current SAC) ¶¶ 183, 291 (formerly ¶ 310 in SAC). City Defendants have not demonstrated how these amendments would be futile, how they would result in undue delay or prejudice, or that they were requested in bad faith. These amendments are permitted.

The same conclusion applies to: (a) City Defendants' contentions that Plaintiff should not be allowed to alter the attribution of a previously alleged statement, from Plaintiff's "supervisors" to a "PBA union officer;" (b) City Defendants' contentions that the proposed amendments omit "salient facts" that are "central facts in dispute in this litigation;" (c) City Defendants' and JMHC's contentions that Plaintiff should not be allowed to omit his race from the Complaint; and (d) City Defendant's bulleted list of objectionable modifications to factual allegations. City Defs.' Mem. in Opp'n 12, 14; JHMC Def.'s Mem. in Opp'n 17; Pl's Mem. in Supp't Ex. 3 (SAC with track changes showing proposed TAC) ¶¶ 6, 33, 83, 106, 125, 130, 131, 136, 139, 146, 174, 188, 216, 343 (formerly 324).

These proposed amendments are most fairly read as clarifications and corrections of the factual allegations rather than wholesale new allegations. Should these "corrections" in

16

fact prove inaccurate, all parties will have the opportunity to demonstrate as much through the additional time afforded by the Court for modifications to the summary judgment submissions. In any event, the bases for denying Plaintiff's motion to amend with respect to this amendment have not been established. The proposed amendments are therefore permitted.

**Conclusion**

Plaintiff's motion to amend the SAC is granted in part and denied in part. Specifically, all proposed amendments save the request to add Officers Weiss and Mascol are permitted. Plaintiff will file a new TAC in keeping with this Opinion within a week of the signing of this Opinion. Defendants need not file separate Answers to the TAC, and the TAC's allegations will be deemed denied by all Defendants on the basis of the briefing in opposition to the instant motion.

All parties shall have an additional week following filing of the TAC to file amended summary judgment papers referencing the TAC rather than the SAC. The hearing on all summary judgment motions in this case, consistent with this Court's Order dated January 15, 2015, is rescheduled for Wednesday February 11, 2015 in Courtroom 18C, United States

17

Courthouse, 500 Pearl Street, to provide Defendants with additional time during which to prepare their modified summary judgment papers.

    It is so ordered.

**New York, NY**
**January 16, 2015**

                                    ROBERT W. SWEET
                                        U.S.D.J.