10 Civ. 6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

                                   Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

                                   Defendants.

**CITY DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Ryan G. Shaffer*
*Tel: (212) 356-2386*
*Matter #: 2010-033074*

**PRELIMINARY STATEMENT**

This memorandum of law is offered in opposition to plaintiff's Motion for partial Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("hereinafter "Plaintiff's Motion"), dated December 23, 2014, along with the accompanying Declaration of Ryan G. Shaffer in support of City Defendants' Opposition to Plaintiff's Motion for Summary Judgment, dated February 11, 2015 ("Shaffer Decl.") and City defendants' Counter Statement Pursuant to Fed. R. Civ. P. 56. For the reasons set forth herein, and since the undisputed facts necessitate granting summary judgment in favor of City defendants, plaintiff's motion should be denied.

**ARGUMENT**

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – which summary judgment is sough. The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For the reasons set forth herein, plaintiff has failed to set forth any material undisputed facts that would support granting him summary judgment on any claim. Accordingly, plaintiff's motion should be denied.

**POINT I**

**PLAINTIFF FAILED TO COMPLY WITH LOCAL RULE 56.1.**

In support of his Motion for Summary Judgment plaintiff submitted a "Rule 56 Statement" that is deficient in several ways. Despite the clear requirements of Local Rule 56.1(b), plaintiff's Rule 56.1 statement ("plaintiff's statement") fails to comply with the Local Rules. As such, plaintiff's statement is inadequate and must be disregarded.

Local Civil Rule 56.1(a) states that "upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion."

As an initial matter plaintiff's statement is rife with allegations the majority of which have absolutely nothing to do with the claims upon which plaintiff is seeking summary judgment. By way of example, paragraphs 12-21 of plaintiff's statement are wholly immaterial to each and every one of the claims upon which seeks summary judgment. Specifically, paragraph 14 states "the [evaluation] appeal process involved the transmission of paperwork to the next level of the command structure, which was the Brooklyn North Patrol Borough, headed by Defendant Chief Gerald Nelson and Defendant Deputy Chief Michael Marino." However, it is abundantly clear that the process for appealing an NYPD performance evaluation has nothing to do with defendant Mauriello's counterclaims, the entry into plaintiff's home on October 31, 2009, or the declaration that plaintiff was an emotionally disturbed person and subsequent decision to keep him in Jamaica Hospital Medical Center for six days[1].

More important than the sheer irrelevance of numerous paragraphs in plaintiff's statement, is the fact that over ten percent of the paragraphs include no citation whatsoever to any record evidence. Plaintiff's failure to provide citations to admissible evidence in paragraphs 9, 35, 37, 44, 75, 95, 98, 106, 113, 118, 123-126, and 128 is in direct violation of Local Civil Rule 56.1(d) which requires that "each statement by the movant or opponent pursuant to Rule

---

[1] At a minimum, paragraphs 2-27, 30, 34-36, 39, 45, 69, 71-73, 80, 89, 107, 113-129 are wholly immaterial to the claims on which plaintiff seeks summary judgment against the City defendants. Accordingly the Court must ignore them.

56.1(a) and (b), including each statement controverting any statement of material fact, *must* be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."

"[W]here there are no citations or where the cited materials do not support the factual assertions in the [Rule 56.1] Statements, the Court is free to disregard the assertion." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001) (internal quotation marks and citations omitted); see also Wilson v. McMullen, 07-CV-948 (SLT) (LB), 2010 U.S. Dist. LEXIS 32335, at *3-4 n.1 (E.D.N.Y. Mar. 30, 2010) ("Parties are not permitted to controvert a moving party's material facts with conclusory and unsupported statements . . ."); see also Headley v. Fisher, 06 Civ. 6331 (PAC) (KNF), 2010 U.S. Dist. LEXIS 34917, at *14-16 (S.D.N.Y. Apr. 7, 2010) (defendant's Local Rule 56.1 Statement deemed admitted where plaintiff failed cite to admissible evidence in his counter-statement of facts); Morey v. Somers Cent. Sch. Dist., 06 Civ. 1877 (PGG), 2010 U.S. Dist. LEXIS 26262, at *2-3 n. 3 (S.D.N.Y. Mar. 19, 2010) (Court relied on facts asserted in defendant's 56.1 Statement where plaintiff either failed to dispute the facts or provide citations to admissible evidence); Cooper v. Gottlieb, No. 95 Civ. 10543, 2000 U.S. Dist. LEXIS 12936, 2000 WL 1277593, at *4 (S.D.N.Y. Sept. 4, 2000) (deeming the statements contained in movants' Rule 56.1 statement admitted where non-movants failed to cite to or submit any evidentiary support for the statements in their Rule 56.1 statement in opposition to motion).

With respect to the paragraphs in plaintiff's statement which do contain a citation, when examined closely, in many instances the citations are inaccurate and/or appear to misrepresent and/or mischaracterize the record evidence, and therefore should be disregarded.

4

By way of example, paragraphs 15 and 16[2] of plaintiff's statement concern the appearance of two posters on plaintiff's NYPD locker. Nonetheless, plaintiff's Exhibit 1 to which he cites in support of paragraphs 15 and 16, contains monthly activity reports and personnel documents from plaintiff's NYPD file, information which utterly fails to support the fact claimed by plaintiff.[3] Even more egregious is paragraph 102 of plaintiff's statement in which he asserts that it is undisputed that defendant Sergeant Sawyer excessively tightened plaintiff's handcuffs and stated "this is what happens to rats". Plaintiff does this with blatant disregard for Sergeant Sawyer's own deposition testimony in which he flatly denies making any such statement. City Defendants have provided the Court with the relevant portions from Sgt. Sawyer's deposition which is attached to the Shaffer Declaration as Exhibit B.

Accordingly, the Court should disregard all of the paragraphs in plaintiff's statement which do not contain a citation to the record in violation of Local Civil Rule 56.1(d) as well as those portions which mischaracterize the record evidence and/or contain an inaccurate citation. Finally, and any all immaterial factual allegations which were submitted by plaintiff in an effort to "color" his arguments, should be ignored.

---

[2] Defendants have addressed each of those paragraphs in our counter 56.1 Statement by directing the Court to the exhibits cited by plaintiff for an accurate recitation of their contents.

[3] To be fair, plaintiff's statement string cites to what City defendants believe are Bates Numbers. When those Bates Numbers are cross-referenced to the documents in City defendants' possession, the documents support the irrelevant facts set forth by plaintiff. However, the point of a 56.1 statement and corresponding citations are to aid the *Court* not the defendants who are in possession of all the documents exchanged during discovery.

## POINT II

### THE UNDISPUTED FACTS CONCLUSIVELY ESTABLISH THAT THERE WERE EXIGENT CIRCUMSTANCES JUSTIFYING THE ENTRY INTO PLAINTIFF'S APARTMENT ON OCTOBER 31, 2009

Plaintiff's Motion for Partial Summary Judgment asserts that the October 31, 2009 entry into plaintiff's apartment lacked any justification because no reasonable person could have concluded that exigent circumstances existed. In requesting Summary Judgment in his favor on the unlawful entry claim, plaintiff incorrectly and disingenuously sets forth the governing standard concerning exigent circumstances. Plaintiff asserts that defendants must prove that plaintiff was dangerous either to himself or others in order to establish the existence of exigent circumstances. Plaintiff is wrong. In fact, to show exigent circumstances, it is well-established that defendants need only demonstrate a need "to render emergency aid and assistance to a person whom they reasonably believe to be in distress and in need of that assistance." Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998) (quoting Root v. Gauper, 438 F.2d 361, 364 (8th Cir. 1971)); see also Keeney v. City of New London, 196 F. Supp. 2d 190, 196-97 (D. Conn. 2002) (applying Tierney standard). One such exigency which may justify a warrantless entry is the need to "render emergency aid and assistance to a person whom [officers] reasonably believe to be in distress and in need of that assistance." Tierney, 133 F.3d at 196.

In support of his position, plaintiff points to various "facts" which he claims should have led the defendants to conclude that no exigency existed. Specifically, plaintiff points to 1) defendant Marino having no information that plaintiff was a threat to himself or others; 2) NYPD Psychologist Catherine Lamstein telling defendant Lauterborn that as of October 28,

6

2009 plaintiff was not a danger to himself or others; and 3) plaintiff's father telling defendant Lauterborn that plaintiff "sounded fine" and was "sick with a tummy ache and probably sleeping".  Examining each of these assertions individually, however, it is clear that none of them establish the absence of exigent circumstances.  In fact, each "fact" referenced by plaintiff is rendered essentially meaningless when the Court considers the one undisputed fact that plaintiff has conspicuously left out of his motion entirely. Specifically, plaintiff disregards the very crucial fact that, on October 31, 2009, the date of the allegedly unlawful entry, NYPD Psychologist Dr. Catherine Lamstein told defendant Captain Lauterborn that she had evaluated Plaintiff's mental health prior to October 31, 2009, and that Captain Lauterborn "absolutely needed" to find Plaintiff and "make sure that he was ok". (See *City Defendants'* 56.1 in support of their motion for summary judgment at ¶30).  Plaintiff not only repeatedly ignores this crucial fact but also flatly misrepresents in his motion papers that "the only relevant information [the officers] obtained during that five-hour waiting period was that an NYPD psychologist said [plaintiff] was not dangerous and his father said he was fine and probably sleeping." Accordingly, it is clear that plaintiff has cherry picked information so that he could craft a more favorable presentation of the facts for his motion.  Such tactics are impermissible and should not be condoned.

In his motion, plaintiff makes much ado of the fact that defendant Marino did not have the information that an NYPD psychologist said that plaintiff needed to be found.  Even if plaintiff is correct, it is of no moment since it is enough that Captain Lauterborn alone knew that information. In fact, under the collective or imputed knowledge doctrine, an arrest or search is permissible where the actual arresting or searching officer lacks the specific information to form the basis for probable cause or reasonable suspicion but sufficient information to justify the

7

arrest or search was known by other law enforcement officials initiating or involved with the investigation. See United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2001) (citing United States v. Hensley, 469 U.S. 221, 230-33, (1985); United States v. Canieso, 470 F.2d 1224, 1230 n. 7 (2d Cir. 1972)). This rule acknowledges the reality of modern police work that an officer often cannot know every fact relevant to a particular case and may reasonably rely on the knowledge of his or her fellow officers for a fuller picture. See id.

Plaintiff also asserts that the only relevant piece of information necessary to grant him summary judgment is his own audio recording. In support of this argument, plaintiff relies exclusively on Cameron v. City of New York, 598 F.3d 50 (2d Cir. 2010). A closer review of Cameron, however, confirms that plaintiff's reliance is entirely misplaced. The Court in Cameron actually *denied* the plaintiff's motion for summary judgment because the video upon which the plaintiff in that case relied was incomplete.  Accordingly, Cameron actually supports defendants' position that plaintiff is cherry picking only facts which favor his position.  Here, to the extent plaintiff is asking the Court to rely only upon his *audio only* recording this is precisely the argument that was rejected in Cameron.  That is because much like the video in Cameron was not continuous and incomplete, the recording here contains *no visual* and is not continuous or complete. In fact, plaintiff's motion is a poorly constructed attempt to allege undisputed facts by placing his own spin and characterization on a partial audio recording.

Similarly, plaintiff's reliance upon United States v. Sikut is also misplaced as that matter is easily distinguishable from the case at bar. While it may be correct that officers are required to leave upon becoming aware of facts showing that no exigency existed or has ceased existing, the exigency here – concern for plaintiff's well-being – continued upon entry into plaintiff's apartment.  In Sikut the defendants admitted that they learned the exigency was non-

existent and thus were required to leave. Here, numerous facts cited by plaintiff himself, including plaintiff's refusal to obtain medical treatment, and his rapid retreat back into his apartment, coupled with NYPD psychologist Lamstein's directive to find him and ensure plaintiff's well-being clearly indicate that the exigency continued even after the entry was made.

The statements of Dr. Lamstein therefore render her October 28, 2009 assessment of plaintiff – which was only relevant at the time it was made - and the statements of plaintiff's father – who wasn't actually with plaintiff and only indicated that he had spoken to plaintiff and that he *seemed* fine - irrelevant to the determination of whether or not exigent circumstances existed to justify the entry into plaintiff's apartment and the subsequent decision to remove him for a further evaluation. Accordingly, plaintiff's motion for summary judgment *must* be denied in its entirety as it pertains to City defendants.

## **CONCLUSION**

For all the reasons set forth herein plaintiff's motion for partial summary judgment must be denied.

Dated: New York, New York
February 11, 2015

> ZACHARY W. CARTER
> Corporation Counsel of the City of New York
> *Attorney for City Defendants*
> 100 Church Street
> New York, New York 10007
> (212) 356-2386
>
> By: _____/s_____
> Ryan G. Shaffer
> Senior Counsel