UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                Plaintiff,

     -against-
                                     **CITY DEFENDANTS'**
                                     **RESPONSE TO PLAINTIFF'S**
                                     **RULE 56**
                                     **STATEMENT**

THE CITY OF NEW YORK, *et al*.,
                                     10-CV-6005 (RWS)

                Defendants.

------------------------------------------------------------X

       Pursuant to the Local Rules of the Court, City Defendants by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, submit this counter statement pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York to Plaintiffs' Rule 56.1 Statement of Facts.

1. Admit.

2. Admit.

3. Admit.

4. Deny. See Exhibit 4 to the Declaration of Nathaniel B. Smith.

5. Deny. See Id.

6. Deny that any decline was related to Defendant Mauriello's arrival at the 81st Precinct and that a 3.0 rating is the equivalent of a "marginally satisfactory rating" but admit that in 2007 plaintiff's performance evaluation scores declined. See Exhibit 1 to the Declaration of

1

Nathaniel B. Smith.

7. Deny. <u>See</u> Exhibit 1 to the Declaration of Nathanial B. Smith.

8. Admit.

9. Deny. (no citation provided by plaintiff)

10. Deny, except admit that plaintiff did not meet activity standards. <u>See</u> Exhibit 1 to the Declaration of Nathaniel B. Smith.

11. Deny, except admit that plaintiff received an evaluation score of 2.5 in January of 2009. <u>See</u> Exhibit 1 to the Declaration of Nathaniel B. Smith.

12. Deny. <u>See</u> Exhibit 1 to the Declaration of Nathaniel B. Smith.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Deny, and refer the Court to the letter referenced herein for an accurate recitation of its content. <u>See</u> Exhibit 8 to the Declaration of Nathaniel B. Smith.

23. Admit.

24. Admit.

25. Deny, except admit that plaintiff requested the presence of a Duty Captain.

26. Deny, and refer the Court to the recording for an accurate recitation of its contents. See Exhibit 11 to the Declaration of Nathaniel B. Smith.

27. Deny, and refer the Court to the recording for an accurate recitation of its contents. See Exhibit 11 to the Declaration of Nathaniel B. Smith.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Admit.

33. Deny. See Exhibit 12 to the Declaration of Nathaniel B. Smith.

34. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Admit.

40. Admit.

41. Admit.

42. Deny.  See Exhibit 16 to the Declaration of Nathaniel B. Smith.

43. Admit.

44. Deny.

45. Deny. See Exhibit 10 to the Declaration of Nathaniel B. Smith.

46. Admit.

47. Deny. See Exhibit 10 to the Declaration of Nathaniel B. Smith.

48. Admit.

49. Deny. See Exhibit 17 to the Declaration of Nathaniel B. Smith.

50. Admit.

51. Deny. See Exhibit 18 to the Declaration of Nathaniel B. Smith.

52. Admit.

53. Deny, except admit that plaintiff testified to his state of mind.

54. Deny, except admit that plaintiff testified to his state of mind.

55. Deny, except admit that PAA Boston testified in the manner set forth in ¶55.

56. Deny, except admit that PAA Boston testified in the manner set forth in ¶56.

57. Deny. See Exhibit 13 to the Declaration of Nathaniel B. Smith.

58. Deny. See Exhibit 20 to the Declaration of Nathaniel B. Smith.

59. Deny, except admit that Sergeant Huffman told Plaintiff he could take "lost time".

60. Admit.

61. Admit.

62. Admit.

63. Admit.

64. Admit.

65. Deny. <u>See</u> Exhibit 20 to the Declaration of Nathaniel B. Smith.

66. Admit.

67. Admit.

68. Deny, except refer the Court to Exhibit 22 to the declaration of Nathaniel B. Smith for an accurate recitation of its contents.

69. Deny.  <u>See</u> City Defendants' Statement of Undisputed Facts at ¶30 (Dr. Lamstein told Captain Lauterborn that he "absolutely needed" to find Plaintiff and "make sure that he was ok").

70. Admit.

71. Admit.

72. Deny, except refer the Court to Plaintiff's Exhibit 11 annexed to the Declaration of Nathaniel B. Smith for an accurate recitation of its contents.

73. Admit.

74. Admit.

75. Admit.

76. Admit.

77. Deny, except admit that Keith Green, Thomas Crawford, Kevin Scanlon, and other police officers were outside of plaintiff's home at some point on October 31, 2009. <u>See</u> Exhibit 16 to the Declaration of Nathanial B. Smith.

78. Admit.

79. Admit. <u>See</u> Exhibits 3 and 7 to the Declaration of Nathanial B. Smith; (Entry made out of concern for *both* safety and well-being).

80. Admit.

81. Deny. See City Defendants' Statement of Undisputed Facts at ¶30, (Dr. Lamstein told Captain Lauterborn that he "absolutely needed" to find Plaintiff and "make sure that he was ok").

82. Admit.

83. Admit.

84. Admit.

85. Admit.

86. Deny. See Exhibit 11 to the Declaration of Nathaniel B. Smith for an accurate recitation of its content.

87. Admit.

88. Deny. See Exhibit 11 to the Declaration of Nathaniel B. Smith for an accurate recitation of its contents.

89. Deny. See Exhibit 11 to the Declaration of Nathaniel B. Smith for an accurate recitation of its contents.

90. Deny, except admit that plaintiff initially agreed to go to Forest Hills Hospital. See Exhibit 11 to the Declaration of Nathaniel B. Smith for an accurate recitation of its contents.

91. Deny, except admit that plaintiff eventually refused further medical attention and went back into his apartment.

92. Deny. <u>See</u> Exhibit 11 to the Declaration of Nathaniel B. Smith for an

accurate recitation of its contents.

93. Deny. <u>See</u> Exhibit 11 to the Declaration of Nathaniel B. Smith for an accurate recitation of its contents.

94. Deny. <u>See</u> Exhibits 10 and 21 to the Declaration of Nathaniel B. Smith.

95. Deny.

96. Deny, except admit that Lieutenant Broschart rode in the ambulance with plaintiff and refer the Court to Exhibit 11 to the Declaration of Nathanial B. Smith for an accurate recitation of its contents.

97. Deny. <u>See</u> Exhibit A to the Shaffer Declaration in support of City Defendants' Opposition to Plaintiff's Motion for Summary Judgment (hereinafter "Shaffer Decl.") (Marino Dep. at 319:20-25).

98. Admit.

99. Deny. See Exhibit 27 to the Declaration of Nathaniel B. Smith for an accurate recitation of its contents.

100. Admit.

101. Admit.

102. Deny, except admit that plaintiff had to be "double cuffed" to the gurney. <u>See</u> Plaintiff's Exhibit 29 at p.143:2-10.

103. Deny. <u>See</u> Exhibit B to the Shaffer Decl. at p. 160:14-16 wherein Sgt. Sawyer flatly denies the conduct alleged.

104. Deny. <u>See</u> Plaintiff's Exhibit 27 for a thorough explanation of the reasoning behind plaintiff's stay.

105. Admit.

106. Deny.

107. Admit.

108. Admit.

109. Deny. ("Statements and reports **[*34]** that are unsworn and not affirmed to be true under the penalty of perjury are inadmissible in opposition to a motion for summary judgment.") Jimenez v. Gubinski, 2012 U.S. Dist. LEXIS 11857, at *8 (S.D.N.Y. Jan. 30, 2012) (citing, *inter alia*, McLoyd v. Pennypacker, 178 A.D.2d 227, 228, 577 N.Y.S.2d 272, 273 (1st Dep't 1991)).

110. Admit.

111. Admit.

112. Deny, except admit that plaintiff was released from Jamaica Hospital on November 6, 2009. See Exhibit 27 to the Declaration of Nathanial B. Smith for an accurate recitation of the status of plaintiff's insurance benefits at the time he was released.

113. Deny.

114. Deny. See Exhibit 16 to the Declaration of Nathanial B. Smith for an accurate recitation of its contents.

115. Admit.

116. Admit.

117. Deny. See Exhibit 35 to the Declaration of Nathanial B. Smith for an accurate recitation of its contents.

118. Deny knowledge and information sufficient to form a belief as to the

8

truth of this allegation and note that defendant Mauriello is the party most capable of responding to same.

119. Admit.

120. Admit.

121. Admit.

122. Deny.[1]

123. Deny knowledge and information sufficient to form a belief as to the truth of this allegation and note that defendant Mauriello is the party most capable of responding to same.

124. Deny.  See Counterclaims at Docket Entry No. 231 for an accurate recitation of their contents.

125. Deny.

126. Admit.

127. Deny. See Exhibit 15 to the Declaration of Nathaniel B. Smith for an accurate recitation of its contents.

128. Admit.

129. Deny. See Exhibit 16 to the Declaration of Nathaniel B. Smith for an accurate recitation of its contents.

---

[1] A complete copy of Defendant Mauriello's deposition today, which spanned the course of 2 days and which several hundred pages long, can be provided to the Court upon request but is too voluminous to attach here.  There can be no dispute that Mauriello testified extensively on many topics.

Dated: February 11, 2015

/s/

_____

Ryan G. Shaffer
Senior Counsel
New York City Law Department
100 Church Street
New York, New York 10007