SM EXHIBIT BW



NEW YORK CITY POLICE DEPARTMENT

OFFICE OF THE DEPUTY COMMISSIONER - LEGAL MATTERS

# LEGAL BUREAU BULLETIN

Vol. 40, No. 2 — November 2010

I. **SUBJECT:** AMENDMENT TO NEW YORK STATE LABOR LAW SECTION 215-a, COMMONLY REFERRED TO AS THE QUOTA BILL

II. **DISCUSSION:**

### A. WHAT IS THE QUOTA BILL?

An amendment to New York State Labor Law Section 215-a which became effective on August 31, 2010, is commonly referred to as the *Quota Bill*. Until earlier this year, Labor Law 215-a prohibited an employer from transferring or penalizing an employee *solely* because such an employee failed to meet a quota for the issuance of a certain number of tickets or summonses within a specified period of time for traffic violations. A recent amendment to the law significantly expanded the scope of the prohibition to include not just quotas for traffic violations, but also for: (1) arrests, summonses or tickets for any violation of a law for which an arrest could be made or a summons or ticket issued; and (2) for stops of individuals suspected of criminal activity.

In addition, the new law specifically prohibits an employer not only from transferring, but also from penalizing or threatening in any other manner, an employee as to his or her employment, including but not limited to, reassignment, scheduling change, adverse evaluation, constructive dismissal, denial of promotion, or denial of overtime, based *in whole or in part* on the failure to meet a quota.

### B. WHAT IS A QUOTA?

Under Labor Law 215-a a quota is defined as a requirement that a specific number of arrests or stops be made, or that a specific number of tickets or summonses be issued within a specified period of time. A direction to an officer to issue a certain number of summonses each week or make a certain number of arrests each month would be a violation of the law, if any adverse action is taken against the officer for failing to meet those requirements.

1

### C. DOES THE DEPARTMENT HAVE QUOTAS FOR ENFORCEMENT ACTIVITY?

The use of quotas for arrests, summonses or stops as a performance measure has never been an acceptable managerial practice for the supervision of officers in the NYPD. The requirement that a specific number of summonses be issued or arrests be made over a specific period of time has always been prohibited by Department policy. The Department does not train supervisors to set quotas as a measure of individual officer performance, nor has it ever condoned the taking of disciplinary or other adverse action against an employee who fails to meet a quota.

### D. HOW DOES THIS NEW LAW IMPACT A SUPERVISOR'S ABILITY TO MAXIMIZE EMPLOYEE PERFORMANCE?

The law does not prohibit the use of appropriate managerial measures to maximize employee performance. The Department and Department managers can set performance goals for the officers under their supervision and can insist that officers take appropriate enforcement action to address crime and quality of life conditions in the commands they are responsible for policing.

The new law does not prohibit the Department or any other law enforcement employers from making sure that employees are doing their job. Public safety is the Department's responsibility and ensuring public safety requires that enforcement activities be undertaken. In fulfilling this responsibility police officers are expected to make self initiated arrests, issue traffic and criminal court summonses, conduct stops of individuals who are suspected of criminal activity and engage in other enforcement activities, as the complaints, conditions and circumstances in their command require. Officers can be directed to take specific actions to address specific problems and to document what actions they have taken pursuant to those instructions. Such enforcement activity must be based on the meeting of the appropriate legal standard, i.e., probable cause or reasonable suspicion, not on the requirement that a specific number of arrest or summonses be completed each tour, week or month. Officers who avoid engaging in enforcement activities, despite the existence of crime and public safety conditions in their work environment, can be subjected to adverse consequences. The standard for such consequences must be the failure to perform as an officer is expected to perform; not the failure to meet a specific quota. The changes to Labor Law 215-a, do not impede or prevent a supervisor from ensuring that an employee is doing his/her job.

### E. PERMISSIBLE PERFORMANCE INDICATORS

The current evaluation form for police officers contains a wide range of measures that can be used to evaluate police officer performance. An obvious way of gauging an officer's activity level is to count the number of enforcement encounters that an officer has over time. The setting of a specific number of arrests to be made or summonses to be issued over a specific time

period is prohibited, but that does not mean that the number of enforcement encounters over time cannot be considered in evaluating officer performance. Officers are expected to make arrests, issue summonses and stop criminal suspects. An officer who does not engage in such activities to the same degree as officers performing similar duties can be given a lower rating on specific performance measures in an evaluation or be subjected to discipline, a transfer or a change of assignment in an appropriate case, without violating the quota bill. Measuring an officer's activity against the activity level of similarly situated officers, who are actively addressing conditions, is an appropriate measure of performance. Other things that supervisors can do include the following:

- Define conditions that officers should be observing and correcting

- Direct officers to address specific conditions or problems in a command

- Monitor efforts undertaken to address those conditions or problems through appropriate documentation

- Accompany officers on patrol to point out conditions and direct that enforcement action be legally taken when legally appropriate

### F. WHAT IS THE REMEDY FOR A VIOLATION OF THE LAW?

An employee may file a grievance proceeding if an employer transfers, penalizes or takes or threatens any adverse action against an employee, in whole or part, for failing to meet a quota. Adverse employment action includes, but is not limited to, a scheduling change, adverse evaluation, constructive dismissal, denial of promotion and denial of overtime.

### III. CONCLUSION:

The amendment to NYS Labor Law sec. 215-a, is consistent with existing Department policy. The Department has never had a policy of making or setting quotas for police officers for issuing summonses, making arrests, or stopping criminal suspects. The *Quota Bill* as enacted does not prohibit the use of managerial measures to maximize employee performance. Police Officers are expected to make arrests, issue summonses, conduct stops of individuals who are suspected of criminal activity and engage in other enforcement activities, as the complaints, conditions, and circumstances in their commands require. Such police initiated enforcement actions must be based, however, on standards established by the New York State and the United States Constitutions and other applicable law.