

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

RYAN G. SHAFFER
Senior Counsel
E-mail: rshaffer@law.nyc.gov
Phone: (212) 356-2386
Fax: (212) 356-3509

February 13, 2015

*[Handwritten note: The summary judgment motion will be heard on submission on March 6. Trial date will be April 20. The remaining requests are granted. / S/ee / USDJ / 2-13-15]*

BY ECF
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     Schoolcraft v. City of New York, et al., 10 Civ. 6005 (RWS)

Your Honor:

I am Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York representing City defendants in the above-referenced matter. I write to respectfully request that the Court: 1) extend the City defendants time to submit their reply memorandum of law from February 25, 2015, until March 6, 2015; 2) extend the time for the parties to submit their joint pre-trial order and motions *in limine* until 14 days after the Court decides the pending motions; and 3) adjourn the trial date from April 6, 2015 until a date after the Court as decided the pending motions. Counsel for co-defendants Mauriello, Isakov, Aldana-Bernier, and Jamaica Hospital Medical Center consent to this request. We have conferred with plaintiff's counsel regarding this request and the parties were unable to reach agreement.

### I. Extension of Time to Submit Reply Memorandum

The Court's current deadline for defendants to submit reply papers in support of their respective summary judgment motions of February 25, 2015 must be extended until March 18, 2015, because plaintiff disregarded the Court's November 5, 2014 Order, granting him an extension of the Court's 25 page limit to 50 pages per motion. Rather than either comply with that order, or request additional pages, plaintiff submitted an opposition memorandum totaling 130 pages, 84 of which are devoted to opposing City defendants' motion (a 68% increase over the allotted 50 pages). Responding to the excessive submission will necessarily require more time than was contemplated under the original schedule. To cure the prejudice to the City defendants, defendants respectfully request that Your Honor either strike the excess 34 pages, or

grant City defendants an extension of time until March 6, 2015 within which to submit their reply papers. This is a 64% extension, directly comparable to plaintiff's excess 68% of briefing.

## II. Extension of Time to Submit Pre-Trial Order and Motions *in limine*

At the October 29, 2014 status conference in this matter the Court set a deadline of March 4, 2015, for the parties to submit a pre-trial order and motions *in limine*. The Court, along with all parties chose that date in anticipation of the parties' summary judgment motions being fully briefed by January 28, 2015. As it stands now the motions have not yet been fully briefed, and that is through no fault of any defendant. In fact the briefing schedule was adjusted twice at *plaintiff's* request (See Docket Entry Nos. 339 and 372). Moreover, another extension of the briefing schedule is now necessary due to plaintiff's disregard of the page limitations set by the Court.

The pending motions address several material aspects of the case and could substantially narrow or otherwise affect the evidence that will need to be presented at trial. Therefore, even with the current briefing schedule, the parties cannot reasonably submit a pre-trial order or motions *in limine* without a decision on the pending motions. Indeed, the original schedule was set contemplating that the motions would be decided in advance of pre-trial submissions. As such, defendants request that the Court extend the time for the parties to submit the pre-trial order and motions *in limine* until 14 days after the Court decides the motions for summary judgment.

## III. Adjournment of the April 6, 2015 Trial Date.

As the Court is aware, similar to the date for pre-trial submissions, the April 6, 2015 trial date was set in conjunction with the original briefing schedule. As that schedule has already been adjusted twice due to plaintiff's requests, the trial date must also be adjourned so that the Court has an opportunity to review the voluminous motion papers and decide which claims and defendants will remain.[1]

The Court has not yet scheduled a date for oral argument on the aforementioned motions. The City defendants, at least, are requesting oral argument, and the Court has indicated that the earliest date argument can be held is March 25, 2015.[2] It is unlikely that a decision on the motion

---

[1] Under the current schedule the trial date is 30 days following *motions in limine*. In the City defendants' view it is unnecessary to set a specific trial date until the summary judgment motions are decided. In that regard, however, we wish to advise the Court that we understand that defendant Mauriello is unavailable from May 12 to May 17 due to a family vacation that cannot be rescheduled.

[2] We note that not all parties are available for the March 25, 2015 date for oral argument. Based on conferral among counsel, April 1, 2015, five days before the current trial date, is the first possible date that all are available for oral argument.

can be issued with enough time for the parties to prepare pre-trial submissions and make the necessary parties available for trial.

There are other reasons as well for an adjournment of the trial date. The Passover Holiday begins on April 3, 2015 and runs through April 11, 2015. As at least some of the individuals involved in trial of this matter will require time to observe. Additionally, to the extent any potential juror observes Passover; they will likely seek excusals from jury duty, significantly altering the jury pool in this matter.[3]

In the alternative, should the Court not grant the request to extend the trial date until after summary judgment motions are decided, the City defendants respectfully request that the trial date be adjourned at least to April 20, 2015. The Court previously noted April 20 as a possible trial date, and it would represent a mere two-week adjournment.

Therefore, we respectfully request that the Court grant the adjournments set forth above.

Respectfully,

/s/
Ryan G. Shaffer
Senior Counsel
*Attorney for City Defendants*

TO: Nathaniel Smith (By ECF and E-Mail)
*Attorney for Plaintiff*
111 Broadway, Suite 1305
New York, New York 10006

Gregory John Radomisli (By ECF and E-Mail)
Martin Clearwater & Bell LLP
*Attorneys for Jamaica Hospital Medical Center*
220 East 42nd Street 13th Floor
New York, NY 10017

Brian Lee (By ECF and E-Mail)
IVONE, DEVINE & JENSEN, LLP

---

[3] In addition, as the Court is aware, my former co-counsel on this matter, Suzanna P. Mettham, is no longer assigned to this case because she has left the Law Department. As a result, another Senior Counsel, Alan H. Scheiner, was assigned to this matter on February 9, 2015. Having no prior familiarity with this case, Mr. Scheiner would benefit from additional time to prepare for trial.

3

*Attorneys for Dr. Isak Isakov*
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042

Bruce M. Brady (By ECF and E-Mail)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*
1 Whitehall Street
New York, New York 10004

Walter A. Kretz , Jr. (By ECF and E-Mail)
Seiff Kretz & Abercrombie
*Attorney for Defendant Mauriello*
444 Madison Avenue, 30th Floor
New York, NY 10022