10-CV-6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

                              Plaintiff,

      -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.

# MEMORANDUM OF LAW IN FURTHER SUPPORT
# OF DR. ALDANA-BERNIER'S
# MOTION FOR SUMMARY JUDGMENT

*Matthew J. Koster*
*Callan, Koster, Brady & Nagler, LLP*

*Attorney for Defendant*
*Dr. Lilian Aldana-Bernier*
*One Whitehall Street*
*10th Floor*
*New York, New York 10004*

CALLAN, KOSTER,
BRADY & BRENNAN, LLP
COUNSELORS AND
ATTORNEYS AT LAW
One Whitehall Street
New York, New York 10004
212-248-8800

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................……........... ii

PRELIMINARY STATEMENT ...................................................................……........... 1

FACTUAL SUMMARY ...............................................................................……........... 1

ARGUMENT

    POINT I

        PLAINTIFF HAS FAILED TO ESTABLISH THAT DR. ALDANA-
        BERNIER WAS A STATE ACTOR IN CONNECTION WITH HIS
        §1983 CLAIM ...........................................................................…................. 2

    POINT II

        PLAINTIFF HAS FAILED TO DEMONSTRATE DR. ALDANA-
        BERNIER IS NOT ENTITLED TO SUMMARY JUDGMENT TO
        DISMISS HIS CLAIM FOR INTENTIONAL INFLICTION OF
        EMOTIONIAL DISTRESS UNDER NEW YORK STATE LAW ...... 9

    POINT III

        PLAINTIFF HAS FAILED TO DEMONSTRATE THAT THE
        REMAINING CLAIMS SHOULD NOT BE REMANDED TO STATE
        COURT IF HIS §1983 CLAIMS ARE DISMISSED ......................... 9

    POINT IV

        PLAINTIFF FAILS TO REFUTE THAT THE COURT DID NOT
        GRANT HIM PERMISSION TO AMEND HIS COMPLAINT TO
        INCLUDE A CLAIM OF RELIEF FOR DECLARATORY
        JUDGMENT AGAINST HER ........................................................…..... 10

CONCLUSION............................................................................................................ 10

**TABLE OF AUTHORITIES**

<u>**Pages**</u>

Doe v. Rosenberg,
996 F. Supp. 343 (S.D.N.Y 1998) ............................................................................ 3, 5

Doe v. Rosenberg,
166 F.3d 507 (2d Cir. 1999) ................................................................................... 3, 5

Jane Doe v. Harrison,
254 F. Supp. 2d 338 (S.D.N.Y. 2003) ....................................................................... 3, 5

McGugan v Aldana-Bernier,
752 F.3d 224 (2d Cir 2014) .................................................................................. 3, 5, 8

Ruhlmann v. Smith,
234 F.Supp.2d 140 (N.D.N.Y. 2002) ...................................................................... 3, 5-6

Sybalski v. Indep. Group Home Living Program, Inc.,
546 F.3d 255 (2d Cir. 2008) .................................................................................... 3, 5

Tewksburg v. Dowling,
169 F.Supp.2d 103 (E.D.N.Y. 2001) ......................................................................... 3, 5

Washington v. County of Rockland,
373 F.3d 310 (2d Cir. 2004) .................................................................................... 3, 5

## PRELIMINARY STATEMENT

Plaintiff has failed to raise any issues of genuine fact or law sufficient to deny Dr. Aldana-Bernier's motion for summary judgment dismissing plaintiff's claims for relief under 42 U.S.C. §1983, for intentional infliction of emotional distress under New York State law and remanding the action to state court after dismissal of the federal claims.

Plaintiff has failed to cite any evidence to create an issue of fact concerning Dr. Aldana-Bernier's contact and interaction with the NYPD sufficient to establish that she was a "state actor" in recommending involuntary hospitalization for the plaintiff. Further, plaintiff has not provided any evidence to support his claims that Dr. Aldana-Bernier was involved in a conspiracy with the NYPD to involuntarily commit plaintiff. The cases cited by plaintiff are inapplicable to the facts of this case.

Plaintiff did not address why Dr. Aldana-Bernier is not entitled to dismissal of plaintiff's claim for intentional infliction of emotional distress. Plaintiff claims that remanding the remaining state causes of action would be a waste of resources, but fails to address the fact that dismissal of his §1983 claim leaves no federal questions or issues pertaining to Dr. Aldana-Bernier's actions. Lastly, plaintiff fails to address Dr. Aldana-Bernier's argument that plaintiff never moved to amend his complaint to add a claim for declaratory judgment; instead, he simply claims his motion was granted.

## FACTUAL SUMMARY

Full recitations of Dr. Aldana-Bernier's treatment of plaintiff at Jamaica Hospital are set forth in her Dr. Aldana-Bernier's 56.1 statement and memo of law in support of her motion for summary judgment as well as her 56.1 statement and memo of law in opposition to plaintiff's motion for summary judgment. All of these documents are

1

collectively incorporated by reference. (Copies of Dr. Aldana-Bernier's memo of law and 56.1 statement in opposition to plaintiff's motion for summary judgment are annexed to Declaration of Matthew J. Koster as Exhibits A and B, respectively). Plaintiff admits that Dr. Aldana-Bernier was privately employed at all times relevant to this lawsuit. Plaintiff 56.1 Responsive Statement ("R56.1") pg 93 ¶22. Plaintiff admits Dr. Aldana-Bernier never spoke with any police officer regarding plaintiff or with Dr. Catherine Lamstein, a NYPD psychiatrist. R56.1 pg 95 ¶¶35-37.

As relevant to the instant motion, plaintiff does not cite to any evidence in the record in opposing Dr. Aldana-Bernier's 56.1 Statement that she was a member of a conspiracy to involuntary commit plaintiff or that she was pressured, encouraged or compelled by anyone from the NYPD to keep plaintiff against his will. R56.1 pgs 89-96. Plaintiff objects to the portions of Dr. Lwin's note containing statements made by Sergeant James due to hearsay. R.56.1 pgs 93-94 ¶¶24-25. However, plaintiff also denies that Dr. Aldana-Bernier was ever told by anyone from the NYPD, or anyone acting on their behalf, to keep plaintiff at Jamaica Hospital against his will because Dr. Aldana-Bernier claimed to have reviewed the notes in the chart, including the statements allegedly made by Sgt. James. R.56.1 pg 95 ¶34.

## ARGUMENT

### POINT I

### PLAINTIFF HAS FAILED TO ESTABLISH THAT DR. ALDANA-BERNIER WAS A STATE ACTOR IN CONNECTION WITH HIS §1983 CLAIM

In opposition to Dr. Aldana-Bernier's motion for summary judgment, plaintiff fails to cite a single decision from either the Southern District of New York or the Second

Circuit involving involuntary commitment pursuant to MHL §9.39 to support his argument.

Plaintiff claims that Dr. Aldana-Bernier is a state actor under the decisions in Ruhlmann v. Smith, 234 F.Supp.2d 140 (N.D.N.Y. 2002) and Tewksburg v. Dowling, 169 F.Supp.2d 103 (E.D.N.Y. 2001).   However, the instant fact pattern is easily distinguishable from the facts of both of those cases.  Further, it is telling plaintiff is unable to cite any other decision from either the Southern District of New York or the Second Circuit to support his claim that Dr. Aldana-Bernier is a state actor.  In her moving papers in support of her position, Dr. Aldana-Bernier cited Second Circuit decisions in McGugan v. Aldana-Bernier, 752 F.3d 224 (2d Cir 2014), Washington v. County of Rockland, 373 F.3d 310 (2d Cir. 2004), and Sybalski v. Indep. Group Home Living Program, Inc., 546 F.3d 255 (2d Cir. 2008), as well as the Southern District of New York decision in Jane Doe v. Harrison, 254 F. Supp. 2d 338 (S.D.N.Y. 2003), which were all decided subsequent to Ruhlmann and Tewksburg.  These decisions, in addition to this Court's decision in Doe v. Rosenberg, 996 F.Supp. 343 (S.D.N.Y. 1998) (aff'd 166 F.3d 507 (1999)), are the controlling precedents to decide the instant case.

Plaintiff cites Tewksburg to claim the fact pattern therein is precisely the same as the fact pattern herein.  Plaintiff claims that in Tewksburg, the private doctor's summary judgment motion was denied due to the state action defense "because the evidence suggested that there was joint action based on the direct contact by a state actor with the private hospital and the decision to retain the patient based on that contact, even before the first psychiatric evaluation was conducted."  Plaintiff Memo of Law ("PMOL") pgs 105-106.

3

In this case, Dr. Aldana-Bernier never had any direct contact with any state actor, including anyone from the New York City Police Department.  Even accepting plaintiff's claims that the Jamaica Hospital EMTs conspired with the NYPD or jointly made the decision to declare plaintiff an emotionally disturbed person, Dr. Aldana-Bernier never had any direct contact with the Jamaica Hospital EMTs who transported plaintiff to the hospital.  Further, Dr. Aldana-Bernier examined plaintiff before making her commitment decision.

Plaintiff alleges Dr. Aldana-Bernier was made a state actor because she read Dr. Lwin's note in the chart.  Among the three pages of Dr. Lwin's note, the following language appeared: "As per Sergent James of 81st Precinct, [plaintiff] complained of not feeling well yesterday afternoon and left his work early after getting agitated and cursing a supervisor.  They follow him home and he had barricaded himself and the door had to be broken to get to him.  He initially agreed to go with them for evaluation but once outside, he ran and had to be chased and brought to the medical ER, handcuffed." [sic].  (Ex. D to Callan Decl. pg 5).  In the same note, Dr. Lwin also wrote "As per Sergeant James, [plaintiff] was evaluated by NYPD psychiatrist and can not carry a gun or a badge for nearly a year." [sic].  Id.  Dr. Aldana-Bernier read Dr. Lwin's note, as well as the notes of every prior physician who examined plaintiff, and personally examined plaintiff prior to making her decision pursuant to MHL §9.39.  Plaintiff does not argue that any of the information provided by Sgt. James was untrue, but rather she never made the statements attributed to her by Dr. Lwin.

Although plaintiff is not clear in his argument, it appears he is implying that Dr. Aldana-Bernier was a state actor for purposes of §1983 because she reviewed Dr.

4

Lwin's note containing Sgt. James' comments and those comments were one of the many things she based her decision to commit plaintiff under MHL §9.39. It is dispositive that plaintiff does not offer a single case to support this viewpoint. Tewksburg is distinguishable from the instant matter as Tewskburg involved a situation where there was direct contact between the private physician and a state actor. Further, the private physician agreed to accept Tewksburg for involuntary committal pursuant to MHL §9.37 without examining her. Tewksburg 169 F.Supp.2d 103, 110. Additionally, the holding in Tewksburg has not been cited in a single Second Circuit or New York State Court of Appeals decision concerning involuntary commitment pursuant to the New York State Mental Hygiene Law. This strongly indicates Tewksburg does not set forth the analysis or reasoning used in the subsequent Second Circuit decisions in McGugan, Washington v. County of Rockland, and Sybalski., or the decision by the United States District Court for the Southern District in Jane Doe v. Harrison. These decisions reject the Tewksburg rationale.

Similarly, plaintiff's reliance on Ruhlmann is misplaced. Ruhlmann, a Northern District of New York case, rejects the analysis and conclusions set forth in Doe v. Rosenberg, a case this Court decided concerning whether private physicians committing someone pursuant to the New York State Mental Hygiene Law are state actors for the purpose of §1983. Ruhlmann, 234 F.Supp.2d 140 (N.D.N.Y. 2002). As Doe v. Rosenberg was upheld by the Second Circuit Court of Appeals and has been cited by that Court in subsequent cases, it is clear that this Circuit Court of Appeals has adopted the analysis and rationale in Doe v. Rosenberg as opposed to that offered in Ruhlmann.

5

Despite this, plaintiff argues Ruhlmann's analysis should be applied to the instant matter.  According to plaintiff, Ruhlmann is on point because there, Ruhlmann was a state employee.  PMOL pg 105.  His superiors, who were also state employees, used their influence and connections with a private hospital and its staff to involuntarily commit Ruhlmann under MHL §9.39.  Id.  Plaintiff does not actually cite to Ruhlmann or go into any further detail about the facts of the case or why it is applicable to the present matter.  Id.  Plaintiff also fails to indicate why Ruhlmann is similar to this case or what acts and/or interactions led the Court to believe that summary judgment should be denied.  Id.  According to plaintiff, summary judgment was denied in Ruhlmann because "A private party may be transformed into a state actor by virtue of willful participation in joint action with the state or its agents."  Id.  Plaintiff does not provide any indication how, under Ruhlmann's rubric, Dr. Aldana-Bernier was a willful participant in joint action with the state or its agents.  Id.  Plaintiff does not dispute that Dr. Aldana-Bernier never met with any member of the NYPD.  Instead, according to plaintiff, a private physician such as Dr. Aldana-Bernier, through the act of merely reading a statement attributed to a police officer in another physician's note, becomes a state actor.  It is unclear how a police officer's statement written in another private physician's note exerts sufficient influence to compel Dr. Aldana-Bernier to act in a manner that makes her a state actor.  Plaintiff does not actually cite to a specific portion of Ruhlmann to support this claim against Dr. Aldana-Bernier.

Plaintiff also continues to deliberately misconstrue Dr. Aldana-Bernier's deposition testimony and mischaracterize it in an effort to mislead this Court.  Plaintiff claims that Dr. Aldana-Bernier testified she made the decision to involuntarily commit

6

plaintiff based on a mere possibility that he could be dangerous.  PMOL pg 109.  Dr. Aldana-Bernier never actually gave such testimony.   The cited testimony does not contain any mention of involuntarily commitment, standards or that she actually used the "possibility" standard.  (Dr. Aldana-Bernier's deposition transcript is annexed to Koster Decl. as Exhibit C; Exhibit C pg 248 ln 2-pg 249 ln 25).  Plaintiff also claims Dr. Aldana-Bernier testified the purpose of the "process" is "'for the benefit of the whole society as well as the patient.'"  PMOL pgs 109-110.  However, a review of the cited testimony actually demonstrates that Dr. Aldana-Bernier's testimony concerned the form she has to sign pursuant to MHL §9.39.  (Exhibit C Pg 83 ln 20-pg 84 ln 10).  Even if we accept Plaintiff's unsupported characterizations of Dr. Aldana-Bernier's testimony as true, they have no relevance to plaintiff's causes of action pursuant to §1983 as they do not demonstrate she was a state actor as required by the statute.

Plaintiff next argues that Dr. Aldana-Bernier's failure to speak with officers from the New York City Internal Affairs Bureau, directly or indirectly, is further evidence that she is a state actor.  Put in different words, plaintiff argues that Dr. Aldana-Bernier was a joint conspirator because she didn't communicate with the other conspirators.  Plaintiff does not provide any case law to support the theory that failing to speak with a state actor turns a private actor into a state actor pursuant to §1983.  The absurdity of plaintiff's position is obvious.  On the one hand, he argues that Dr. Aldana-Bernier became a state actor when she read statements made by Sergeant James to Dr. Lwin contained in the Jamaica Hospital chart.  On the other hand, plaintiff argues because Dr. Aldana-Bernier did not speak to anyone from IAB, she is a state actor.  Further, there is no evidence that the IAB officers wanted to speak with Dr. Aldana-Bernier, tried

7

to reach out to her specifically or even why they were at Jamaica Hospital. Plaintiff chose not to depose these IAB officers or procure affidavits from them to support his claims.

Plaintiff also claims that since Sergeant James testified at her deposition that she did not make those statements to Dr. Lwin they cannot be offered for the truth of those statements. Even accepting plaintiff's argument, and Dr. Aldana-Bernier does not concede such a point, this issue is irrelevant to the instant analysis. If the comments from Sgt. James are not to be considered in determining this motion for summary judgment, then there is absolutely nothing from the NYPD, or any other state actor, that could have influenced Dr. Aldana-Bernier's decision in any manner.

Plaintiff claims that Doe v. Rosenberg, is distinguishable from the instant matter by noting that in Doe the hospitalization was prompted by a private physician and the plaintiff was not transported by state employees. The Second Circuit in McGugan specifically held that the mere fact that a state transported McGugan to Jamaica Hospital did not make the physicians who committed her state actors. McGugan at 230. How plaintiff arrived at the hospital is irrelevant to the instant matter and does not transform Dr. Aldana-Bernier's decision into state action.

Plaintiff fails to cite any case law to support his claim that any indirect involvement by a police officer, or any other state actor, turns every single private actor downstream from this involvement into a state actor. This would be a massive expansion of who would be considered a state actor pursuant to §1983. Similarly,

8

plaintiff has not provided any evidence Dr. Aldana-Bernier was part of a conspiracy to involuntarily commit plaintiff.

## POINT II

### PLAINTIFF HAS FAILED TO DEMONSTRATE DR. ALDANA-BERNIER IS NOT ENTITLED TO SUMMARY JUDGMENT ON HIS CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONIAL DISTRESS UNDER NEW YORK STATE LAW

Plaintiff does not specifically oppose the portion of Dr. Aldana-Bernier's motion for summary judgment concerning his claim for intentional infliction of emotional distress under New York State law.  Instead, he simply refers to arguments made in other portions of his memorandum of law.  Plaintiff's counsel does not indicate what portions of his 130 page memo of law address this issue.  Plaintiff's opposition to the City's motion for summary judgment on this claim cites cases which present fact patterns that are completely unrelated to the alleged conduct of Dr. Aldana-Bernier as none involve involuntary committal, actions by a psychiatrist or any other sort of physician.  Further, plaintiff's opposition to the City's motion for summary judgment for intentional infliction of emotional distress only addresses factual allegations against the police; he does not address what conduct by Dr. Aldana-Bernier constituted intentional infliction of emotional distress.

## POINT III

### PLAINTIFF HAS FAILED TO DEMONSTRATE THE REMAINING CLAIMS SHOULD NOT BE REMANDED TO STATE COURT IF HIS §1983 CLAIMS ARE DISMISSED

Plaintiff claims that since the City defendants only moved for partial summary judgment, it would be a waste of time and resources for the Court to remand a part of this matter to state court for a second trial.  However, plaintiff does not cite any case law to support this claim and does not address the fact that upon dismissal of his §1983

9

claims, there are no federal questions or issues remaining concerning Dr. Aldana-Bernier.   The issues facing the City defendants are separate and distinct from the remaining causes of action against Dr. Aldana-Bernier.

## POINT IV

### PLAINTIFF DID NOT MOVE FOR DECLARATORY JUDGMENT AGAINST DR. ALDANA-BERNIER

In opposing this portion of Dr. Aldana-Bernier's motion, plaintiff claims that this Court's Order granting his motion to amend the complaint dated January 16, 2015, included a claim for declaratory judgment against Dr. Aldana-Bernier.   He fails, however, to address Dr. Aldana-Bernier's argument that in regards to declaratory judgment, his motion only sought such relief against the City and his claim for an injunction was limited to the City and Jamaica Hospital.  It is axiomatic that this Court's Order, including the language cited by plaintiff in his opposition, would not grant a relief not sought by plaintiff in his moving papers.

## CONCLUSION

For the foregoing reasons, Dr. Aldana-Bernier respectfully requests the Court grant her motion for summary judgment pursuant to FED. R. CIV. P. 56 in its entirety as well as for other relief as deemed appropriate by the Court.

Dated:    New York, New York
          March 6, 2015

                        Respectfully Submitted,
                        CALLAN, KOSTER, BRADY, & NAGLER, LLP


                        By: MATTHEW J. KOSTER, ESQ. (3080)

10