

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ALAN H. SCHEINER**
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

March 20, 2015

**BY EMAIL
(Andrei_Vrabie@nysd.uscourts.gov)**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:   <u>Schoolcraft v. The City of New York, et al.</u>
               10-CV-6005 (RWS)

Your Honor:

    I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent City Defendants in the above-referenced matter. I write in response to plaintiff's March 17, 2015 request for a pre-motion conference to address his proposed motion to strike the Declaration of Dr. Catherine Lamstein-Reiss, and objections to arguments raised by defendants in their Summary Judgment reply papers. Additionally, City defendants write to request that the Court consider adjourning the April 20, 2015 trial date for the reasons set forth herein.

### A. Dr. Lamstein-Reiss' Declaration Should be Considered

    Plaintiff asks that the Court strike Dr. Lamstein-Reiss' declaration, which was attached to defendants' reply memorandum of law, because it is 1) inconsistent with her deposition testimony; and 2) is new evidence being submitted in reply that should have been submitted with City defendants' original motion papers, or in opposition to plaintiff's motion for summary judgment.

    Plaintiff's motion to strike should be denied because Dr. Lamstein-Reiss' declaration is consistent with her deposition testimony, and plaintiff in response merely restates his factual argument that the relevant statements by Dr. Lamstein-Reiss were not actually made. Plaintiff's argument that the sham affidavit rule should bar Dr. Lamstein-Reiss' declaration must be rejected because, as is obvious from a review of the relevant testimony, the declaration clarifies Dr. Lamstein-Reiss' testimony, and plaintiff's contrary interpretation of her testimony is unwarranted and disingenuous. Here, plaintiff ignores the fact that the testimony at issue was

given in response to the question: "What else did you tell Captain Lauterborn?" Plfs. Ex. A, Tr. 319:8—9.  Although plaintiff focuses on the word "thought," the most reasonable, common sense reading of the testimony is that Dr. Lamstein-Ross was relating – as called for by the question – the substance of her conversation with Lauterborn (see Id., Tr. 319:10 to 321:3) and she used the past tense "thought" to refer to her beliefs as expressed to Lauterborn on October 31, 2009, which were: "I [think you] absolutely do need to find him and make sure that he is okay."  Id. Tr. 320:25-321:3.  If that was unclear, plaintiff's counsel could have asked a clarifying question, but he did not.

The sham affidavit rule "does not apply where the later sworn assertion addresses an issue that was not, or was not thoroughly or clearly, explored in the deposition." Palazzo v. Corio, 232 F.3d 38, 43 (2d Cir. 2000); see also Markut v. Verizon N.Y. Inc. (In re World Trade Ctr. Lower Manhattan Disaster Site Litig.), 758 F.3d 202, 213 (2d Cir. N.Y. 2014).  Indeed, where, as here, a deponent's answers can be manipulated due to the limited scope of the question and answer at issue, and the *failure of the deposing attorney to sufficiently pin down the witness' answers*, a subsequent clarifying affidavit is permissible.  See Interdonato v. Bae Sys., 16 Fed. Appx. 25, 27 (2d Cir. 2001).

Plaintiff's purported legal authority is inapposite.  The Northern District decision relied upon refers to new testimony that changes the "flavor and theory of *the case* by introducing new causes of action or entirely new theories of recovery not previously disclosed." Smith v. Target Corp., 2012 U.S. Dist. LEXIS 165256, 17 (N.D.N.Y Nov. 20, 2012) (quoting Young v. United States*,* 2002 U.S. Dist. LEXIS 19802, 2002 WL 31341082, at *5, n.2 (E.D. Pa. 2002) ).  The concern in Smith v. Target, irrelevant here, was that the defendant did not have sufficient notice of a theory of causation to ask the right questions in deposition.  Id.  Here there was ample notice given by the witness herself, but Mr. Smith chose not to follow up.

Therefore the Court should consider the Lamstein-Reiss declaration in consideration of the pending motions.  Nevertheless, the City defendants do not object to plaintiff's request for a surreply on the merits in response to the Lamstein declaration (although the letter of March 17 already reargues the merits), as long as the trial date is adjusted accordingly as set forth below.

**B. The Qualified Immunity Argument Should Be Considered**

Plaintiff also asks the Court to disregard City defendants' arguments concerning qualified immunity on plaintiff's First Amendment Claims. Plaintiff argues that because qualified immunity was not raised in City defendants' initial motion papers, the Court cannot consider it on reply.

But plaintiff fails to acknowledge that the change in case law cited by defendants – namely the Second Circuit's decision in Matthews v. City of New York – was not rendered until after defendants motion *and* plaintiff's opposition were filed, and was raised in candor by the City.  Moreover, the plaintiff asserted in his opposition brief that, as a result of Lane v. Franks, 134 S. Ct. 2369 (2014), there was a "change in the law" narrowing the scope of government employee speech that is exempted from First Amendment protection, warranting a reversal of this Court's decision of September 12, 2012.  Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, February 11, 2015, Docket No. 383, at 21; see Schoolcraft v. City of New York, 10-CV-6005 (RWS), 2012 U.S. Dist. LEXIS 128557, at 15-16 (S.D.N.Y. Sept. 7, 2012).  Therefore, because the City defendants were responding to plaintiff's assertion of a

change in the law and a new Second Circuit decision rendered shortly before the brief was filed, there was a good reason why the argument was raised in reply and not before.[1]

Accordingly, plaintiff's request that the Court disregard the qualified immunity argument should be denied. The City defendants do not oppose plaintiff's request to file a surreply on qualified immunity for the First Amendment claim, so long as the trial date is adjusted accordingly, for the reasons set forth below.

### C.  The Need for an Adjournment of the Trial Date

The City defendants respectfully suggest that the April 20, 2015 trial date is not realistic, and should be adjourned until a date to be scheduled after the summary judgment motions are decided.

As set forth in City defendants' prior application of February 13, 2014, time is required between a ruling on the pending motions and the trial in order for the parties to prepare in light of the rulings, which we hope will substantially focus the issues to be tried, shorten the trial, and conserve judicial and party resources.[2] The Court granted defendants' request on February 13, 2014 to have the JPTO and motions *in limine* due 14 days after the Court's rulings on the summary judgment motions made by all parties. The Court did not grant defendants' request for adjournment of the trial without date, but granted the alternative relief requested in the event that an indefinite adjournment was denied: an adjournment from April 6 to April 20.

The default period per the Court's practices for the submission of motions *in limine* and other pre-trial materials is 15 days before trial. The 15-day period is intended for much simpler matters than the case that plaintiff seeks to try here, which would include a long time-period, rather than a single incident, and events and subject-matter unrelated to the plaintiff. Even if the Court were to decide the motions on March 23, without consideration of the plaintiff's requested surreply, the JPTO and other submissions will be due just 14 days before the April 20 trial date. This creates very little time for the Court to consider the pre-trial submissions, and for the parties to prepare in light of any pre-trial rulings.

The City defendants also wish to bring to the Court's attention several logistic issues with respect to the April 20 trial date. First, Senior Counsel for the City, Ryan Shaffer, the only counsel with prior experience in the matter, will be unable to fully participate in a trial beginning on April 20, due to the expected birth of a child on a date which is, as usual, uncertain. Second, certain defendants and principal witnesses are unavailable during the first two weeks of trial as it is currently scheduled: defendant Duncan is out of the country on a pre-paid vacation from April 20-29; defendant Trainor is out of state on police business April 20-21, and unavailable on April

---

[1] Moreover, even were the qualified immunity argument deemed not asserted for the purposes of a summary judgment motion, it certainly has not been waived for the purposes of trial. It would be wasteful to reserve an issue for trial when it could be determined before trial, with no prejudice to the parties. This Court has discretion to consider any legal issue before it, and it should do so at the first opportunity.

[2] Defendants conservatively estimate that at least 35 witnesses will be called to testify and approximately 100 exhibits may be entered into evidence.

22-24; defendant James is scheduled for special training on April 20-24; and Dr. Lamstein-Reiss, a key witness, has limited availability April 22-23, and is unavailable April 24.

For the reasons set forth above, the City defendants respectfully renew their prior request that the Court adjourn the trial to a date to be determined after rulings on the summary judgment motions. All other defendants join in this request.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/

Alan H. Scheiner
Senior Counsel
Special Federal Litigation Division

cc: Nathaniel Smith (By E-Mail)
*Attorney for Plaintiff*

Gregory John Radomisli (By E-Mail)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*

Brian Lee (By E-Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*

Matthew Koster (By E-Mail)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*

Walter A. Kretz , Jr.   (By E-Mail)
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*