

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ALAN H. SCHEINER
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

April 6, 2015

**BY ECF & EMAIL
(Andrei_Vrabie@nysd.uscourts.gov)**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:   Schoolcraft v. The City of New York, et al.
                10-CV-6005 (RWS)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent City Defendants in the above-referenced matter. I write to respectfully request that the Court: 1) adjourn the April 20, 2015 trial until five (5) weeks after the pending motions for summary judgment have been decided, and; 2) set dates for the submission of a Joint Pre-Trial Order ("JPTO") and other pre-trial submissions set forth herein.

      By way of background, on October 29, 2014, the Court ordered that trial in this matter should take place on April 6, 2015. The Court further ordered that the JPTO be submitted on March 4, 2015. When these dates were set, the schedule provided five weeks from the date that summary judgment motions would be fully submitted until submission of the JPTO, and an additional month after the JPTO submission before trial commenced.

      Plaintiff then twice requested an extension of time for the filing of summary judgment motions, and on February 13, 2015, the City defendants requested one extension in light of plaintiffs' over-sized brief. These extensions ultimately adjourned the time for the summary judgment motions to be fully briefed by thirty-seven (37) days to March 6, 2015, two days after the date previously set for the JPTO.

      On February 13, 2015, in response to a request by the City defendants for an adjournment of the trial in light of the summary judgment schedule, the trial date was adjourned from April 6 to April 20, with pre-trial submissions due fourteen (14) days after a decision on the summary judgment motion. *See* Docket No. 394. On March 20, 2015, the City defendants requested an

adjournment of the current trial date in light of the continued pendency of the summary judgment motions, and the Court has not ruled on that application.

Presuming that no decision is issued today, under the current schedule the JPTO, motions *in limine* and other pre-trial filings will not be due until after the April 20 trial date. We respectfully submit that neither the Court nor any party intended this result, which would frustrate the purposes of both summary judgment and pre-trial submissions to focus and expedite trials and trial preparation.

Under these circumstances, an adjournment is in the interests of justice and judicial economy, and will prevent undue prejudice to the parties. An adjournment would allow the Court to further consider all parties' summary judgment motions before trial; allow the parties a reasonable time to craft pre-trial submissions and prepare for trial in light of the Court's rulings; and allow pre-trial submissions to be made sufficiently in advance of trial for the Court to fully consider them. Absent the requested adjournment, or something similar to it, the interests of the parties will be severely and unnecessarily prejudiced at the conclusion of a long and costly litigation.

Accordingly, the City defendants propose that the Court adjourn the trial until five (5) weeks after the pending motions are decided and set the following schedule for the exchange and submission of pre-trial materials:

- Four (4) weeks before trial: Plaintiff to provide defendants with his portions of the JPTO
- Three (3) weeks before trial: Parties to file the JPTO
- Two (2) weeks before trial: The parties file motions *in limine,* and proposed jury charges, verdict sheet, and *voir dire* questions
- One (1) week before trial: The parties to file opposition to motions *in limine* and responses to proposed charges, verdict sheet and *voir dire* questions

All defendants except Jamaica Hospital Medical Center[1] join in the request to adjourn the trial date, but counsel for defendant Isakov has differing views on the precise schedule following adjournment.[2] We have attempted to confer with plaintiff on the application, but have not yet received a response.

---

[1] Counsel for Jamaica Hospital have not spoken with their client on the question and therefore are unable to take a position.
[2] While all parties would benefit from an adjournment, the City is especially prejudiced by the current schedule because the City is responsible for most of the witnesses and parties involved in this matter.

The City defendants thank the Court for its time and attention to these matters.

Respectfully submitted,

/s/

Alan H. Scheiner
Senior Counsel
Special Federal Litigation Division

cc:  Nathaniel Smith (By E-Mail)
*Attorney for Plaintiff*
Gregory John Radomisli (By E-Mail)
MARTIN CLEARWATER & BELL LLP
*Attorneys for Jamaica Hospital Medical Center*

Brian Lee (By E-Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*

Matthew Koster (By E-Mail)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*

Walter A. Kretz , Jr.   (By E-Mail)
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*