Law Office of
# Nathaniel B. Smith
Attorney at Law
100 Wall Street
New York, New York 10005

Nathaniel B. Smith
natbsmith@gmail.com

Tel: 212-227-7062
Fax: 212-230-1090

April 7, 2015

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      *Schoolcraft v. The City of New York, et al.,*
      *10-cv-6005 (RWS)*

Dear Judge Sweet:

  I write to the Court as one of Plaintiff's counsel to oppose (once again) the City Defendants' application to further delay this trial. Our prior letters to the Court have outlined the many reasons why the adjournment request should be denied. As the April 20th trial date approaches, those reasons become even more compelling.

  The plaintiff has identified over 30 witnesses for what is expected to be a four-week trial. Three experts for the plaintiff (Dr. Eterno, Dr. Lubit, and Dr. Halpren-Ruder) have scheduled their time. The plaintiff has issued over 20 third-party trial subpoenas, and the plaintiff's trial team has been working steadily to prepare this case for an April 20th trial. Indeed, the plaintiff has reconciled his prior differences with his prior counsel, Jon Norinsberg and Cohen & Fitch LLP, who have joined the plaintiff's trial team precisely so that the plaintiff will be ready to proceed with the final stage of this long and important litigation.

  Although the parties have all submitted motions for summary judgment, we have been steadily preparing for trial for *months*, notwithstanding the pending motions. Exhibit list, witness list, proposed voir dire, jury instructions, and a jury

LAW OFFICE OF
**NATHANIEL B. SMITH**

verdict sheet are drafted and ready to be exchanged with the defendants. For all these reasons and the reasons previously submitted to the Court, plaintiff objects to any adjournment of the trial date.

The City Defendants cannot use the pending motions as an excuse for delay. The City Defendants only made a *partial* motion for summary judgment against some of the claims against some of the individual defendants. Thus, they cannot claim that they had any expectation that their motion could resolve all claims against them. Indeed, not even all the defendants have consented to this adjournment request, an uncertainty that makes this most recent request all the more untenable and unmanageable. That being said, should the Court be willing to consider a short adjournment of only a single week, I write to state that the plaintiff does not object so long as we were *certain* that the Court would, consistent with the Court's calendar, be prepared to proceed to trial without interruption and without entertaining any further requests for delay.

Respectfully submitted,

Nathaniel B. Smith

By ECF and Fax
cc: all Counsel
(by email w/o encl.)