

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALAN H. SCHEINER**
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

April 21, 2015

**BY ECF & EMAIL
(Andrei_Vrabie@nysd.uscourts.gov)**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:   Schoolcraft v. The City of New York, et al.
                10-CV-6005 (RWS)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent City Defendants in the above-referenced matter.  I write in light of the continued pendency of summary judgment motions to request that the Court definitively adjourn the trial until sometime after May 2015.  This will allow the parties a reasonable time for the court to resolve the summary judgment motions and prepare for trial in light of that resolution. The interim period will also allow the parties an opportunity to attend to meaningful settlement discussions, which cannot occur under the current conditions of an impending trial of uncertain date and scope.  We have spoken with plaintiff's counsel regarding this application but have not reached agreement on the matter.

      At the conference on April 13, 2015, we understood the Court to indicate that a trial before November 2, 2015 was extremely unlikely, in light of the continued pendency of the summary judgment motions and plaintiff's declared intent, set forth in Mr. Smith's letter of April 8, 2015, to have a four-week trial with over 30 witnesses (presumably for plaintiff's case alone), including several proffered experts, for which plaintiff has issued over 20 subpoenas (19 of which were served on the City's counsel for present or former City employees).

      Despite these plans, Mr. Smith suggested on April 13 that the plaintiff would narrow its case to 2 ½ weeks, for plaintiff's case only, if that would allow time for a trial in May.  The Court indicated that the earliest that a trial would commence would be May 4, 2015 (assuming a decision on summary judgment in approximately one week), allowing for a two-week trial until the Court's previously scheduled criminal trial would commence on May 18, 2015.  The Court also indicated that it hoped to have a summary judgment decision in about one week and to have

a conference in about ten days (from April 13) in which it would ask the parties to address scheduling and settlement.

As the City's counsel noted at the conference, plaintiff's estimate does not leave time for the City to present its own case, even if plaintiff could fit his case within the two-week window. Every trial has delays, and much expense and time would be wasted if a mistrial were necessary because defendants did not have adequate time to present a case, which seems inevitable under the scenario envisioned by plaintiff.

So far plaintiff has not taken any steps to narrow its case. Plaintiff has not withdrawn any of the *nineteen* subpoenas served on the City's counsel, or otherwise indicated that any of the witnesses will not be needed. The City and other defendants will of course also have their own witnesses, and must plan for the maximum possible scope of the trial in the absence of a summary judgment decision.

A May 4 trial would unreasonably shorten the period between a decision on the summary judgment motion (which has not yet been issued) and the submission of a pre-trial order, proposed jury instructions, voir dire questions, and motions *in limine*. The Court had previously ordered that the parties should have 14-days in which to make pre-trial submissions after a decision on summary judgment. As the City set forth in its letter of April 6, neither the parties nor the Court contemplated making pre-trial submissions on or after the trial date itself, without any time for response by the parties or consideration by the Court. A period of less than two weeks between a summary judgment ruling and the trial date would necessarily leave an insufficient time for the parties to prepare and for the Court to consider pre-trial submissions.

For these reasons, the City respectfully submits that the potential but unlikely May 4 trial date imposes an unreasonable burden for the City, especially given the number of witnesses that it is expected to have available and prepared for a trial of uncertain scope and timing.

Accordingly, the City respectfully requests that the Court definitively adjourn the trial date until a date that is certain to be several weeks after the Court's ruling on summary judgment. This will allow the parties, in the interim, to attend to serious settlement negotiations, which are not possible under current conditions.

The City defendants thank the Court for its time and attention to these matters.

                                          Respectfully submitted,

                                          /s/

                                        Alan H. Scheiner
                                        Senior Counsel
                                        Special Federal Litigation Division

cc:    Nathaniel Smith (By E-Mail)
        *Attorney for Plaintiff*
        Gregory John Radomisli (By E-Mail)
        MARTIN CLEARWATER & BELL LLP
        *Attorneys for Jamaica Hospital Medical Center*

Brian Lee (By E-Mail)
IVONE, DEVINE & JENSEN, LLP
*Attorneys for Dr. Isak Isakov*

Matthew Koster (By E-Mail)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for Lillian Aldana-Bernier*

Walter A. Kretz , Jr.   (By E-Mail)
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
*Attorney for Defendant Mauriello*