10-CV-6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE CITY DEFENDANTS' MOTION FOR BIFURCATION

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:*
*Alan Scheiner*
*Tel:  (212) 356-2344*
*Cheryl Shammas*
*Tel: (212) 356-2406*
*Kavin Thadani*
*Tel: (212) 356-2351*
*Matter #:  2010-033074*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ............................................................................................................ 1

THE COURT SHOULD BIFURCATE THE PLAINTIFF'S MONELL CLAIM FROM THE TRIAL OF THE MAIN ISSUES IN THE CASE TO AVOID SUBSTANTIAL PREJUDICE TO THE DEFENDANTS AND UNDUE BURDEN AND EXPENSE .......................................................................... 1

    A. Bifurcation is warranted so that the jury can first determine whether a constitutional violation occurred separately from the question of whether any constitutional violation found was caused by a municipal policy. ..................................................... 2

    B. Bifurcation is warranted because there will be substantial prejudice to the City defendants if the plaintiff's proffered *Monell* evidence is considered on the main issues in the case; there is little or no prejudice to plaintiff from bifurcation; and there are potential cost-savings from a bifurcated trial since trial on all or part of the *Monell* claim may never be needed.......................................... 3

        1. There is no presumption against bifurcation, as to which the Court has broad discretion ...................................................... 3

        2. The defense of qualified immunity does not change the Monell bifurcation analysis because the prejudice to defendants and potential for judicial economy remain even when qualified immunity is present ............................................ 5

        3. The City defendants would be substantially prejudiced from a non-bifurcated trial, but plaintiff would suffer no prejudice from bifurcation .................................................. 6

        4. If the Court finds a risk of duplicative evidence it could have the *Monell* trial with

**Page**

    the same jury, immediately following the
main trial........................................................................................ 9

CONCLUSION............................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                          **Pages**

*Amato v. City of Saratoga Springs,*
170 F.3d 311 (2d Cir. 1999).................. 3, 4, 9

*Askins v. Doe,*
727 F.3d 248 (2d Cir. 2013)................. 2

*Bombard v. Volp,*
44 F. Supp. 3d 514 (D. Vt. 2014)................. 4

*Carson v. Syracuse,*
1993 U.S. Dist. LEXIS 9508 (N.D.N.Y June 30, 1993)................. 9

*City of Los Angeles v. Heller,*
475 U.S. 796 (1986)................. 2

*Daniels v. Loizzo,*
178 F.R.D. 46 (S.D.N.Y. 1998) ................. 9

*Ismail v. Cohen,*
706 F. Supp. 243 (S.D.N.Y.1989),
*aff'd*, 899 F.2d 183 (2d Cir. 1990))................. 3

*Jeanty v. County of Orange,*
379 F. Supp. 2d 533 (S.D.N.Y. 2005)................. 4, 6

*Lewis v. Triborough Bridge & Tunnel Auth.,*
2000 U.S. Dist. LEXIS 4982 (S.D.N.Y. Apr. 19, 2000)................. 4

*Martinez v. Robinson,*
2002 U.S. Dist. LEXIS 4454 (S.D.N.Y. Mar. 19, 2002) ................. 4

*McCoy v. City of New York,*
2008 U.S. Dist. LEXIS 62567 (E.D.N.Y. Aug. 13, 2008)................. 6

*Miller v. Am. Bonding Co.,*
257 U.S. 304 (1921)................. 4

*Mineo v. City of New York,*
2013 U.S. Dist. LEXIS 46953, 2013 WL 1334322 (E.D.N.Y. Mar. 29, 2013)................. 4, 9

*Monell v. Dep't of Social Services,*
436 U.S. 658 (1978)................. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10

*Reynolds v. Giuliani,*
506 F. 3d 183 (2d Cir. 2007)................. 9

**Cases**                                                                                     **Pages**

*Ricciuti v. New York City Transit Authority,*
   796 F. Supp. 84 (S.D.N.Y.1992) ................................................................................ 3

*Santiago v. New York,*
   1992 U.S. Dist. LEXIS 6731 (S.D.N.Y. May 15, 1992).............................................. 7

*Schoolcraft v. City of New York,*
   2012 U.S. Dist. LEXIS 128557 (S.D.N.Y. Sept. 7, 2012)...................................... 7, 8

*Schoolcraft v. City of New York,*
   2015 U.S. Dist. LEXIS 58831 (S.D.N.Y. May 5, 2015).............................................. 7

*Williams v. Blvd. Lines, Inc.,*
   2013 U.S. Dist. LEXIS 149707 (S.D.N.Y. Sept. 30, 2013)...................................... 3, 6

**Statutes**

42 U.S.C. § 1983................................................................................................................ 4

Fed. R. Civ. P. 42.............................................................................................................. 5

Fed. R. Civ. P. 42(b) .................................................................................................. 1, 3, 4, 5

## PRELIMINARY STATEMENT

City defendants respectfully submit this Reply memorandum of law in further support of

their motion for bifurcation of the plaintiff's claim against the City of New York under *Monell v.*

*Dep't of Social Services*, 436 U.S. 658 (1978) for the purposes of trial, pursuant to Fed. R. Civ.

P. 42(b).

## ARGUMENT

### THE COURT SHOULD BIFURCATE THE PLAINTIFF'S MONELL CLAIM FROM THE TRIAL OF THE MAIN ISSUES IN THE CASE TO AVOID SUBSTANTIAL PREJUDICE TO THE DEFENDANTS AND UNDUE BURDEN AND EXPENSE

Plaintiff does not dispute that the vast weight of authority in the Second Circuit favors the

bifurcation of *Monell* claims; in such cases bifurcation is the rule and not, as plaintiff suggests,

the exception.  Instead, plaintiff asserts an incorrect legal standard and mischaracterizes the City

defendants' position, in order to distract from the substantial prejudice that would be imposed by

a non-bifurcated trial, especially in light of plaintiff's ambitious notions about his wide-ranging

*Monell* claim.  First, plaintiff erroneously claims that the City argued that a judgment against

individual defendants is a prerequisite to *Monell* liability – in fact the City never so argued –

rather the City made the well-settled point that a finding of a constitutional violation is a

prerequisite to *Monell* liability.  Second, plaintiff erroneously suggests that bifurcation is not

required because of qualified immunity, which is not the case, since the jury must still find that a

constitutional violation occurred before any *Monell* liability can be found. Third, plaintiff argues

that a bifurcated trial would require the repetition of evidence, when in fact there would be little

duplication.  Fourth, if the Court concludes that there is a risk of substantial duplication, it can be

readily cured by the common practice of bifurcating the trial into phases with the same jury

hearing any surviving *Monell* claim after all other issues are decided.  Fifth, plaintiff cannot be

prejudiced by bifurcation, and opposes it solely to unfairly prejudice defendants by the

introduction of evidence of other misconduct by individuals not involved here.

> **A. Bifurcation is warranted so that the jury can first determine whether a constitutional violation occurred separately from the question of whether any constitutional violation found was caused by a municipal policy.**

As an initial matter, contrary to plaintiff's straw-man argument, the City does *not* contend

that "plaintiff must establish the officers' individual liability in order to succeed on the *Monell*

claim," as plaintiff claims without quotation or citation.  Plaintiff's Memorandum of Law in

Opposition to Bifurcation Motion ("Plf. Mem."), Docket No. 447, at 7.  Rather, as the City

contended, black-letter law provides that "if the plaintiff fails to first prove *any violation* of his

constitutional rights, then there cannot be *Monell* liability and the court and jury need not hear

evidence on these complex and time-consuming matters of policy, custom and causation."  City

Memorandum of Law in Support of Motion for Reconsideration and Bifurcation ("City Mem."),

Docket No. 438, at 15.  "Establishing the liability of the municipality requires a showing that the

plaintiff suffered a tort in violation of federal law committed by the municipal actors and, in

addition, that their commission of the tort resulted from a custom or policy of the municipality."

*Askins v. Doe*, 727 F.3d 248, 253 (2d Cir. 2013).  That is so because "[i]f a person has suffered

no constitutional injury at the hands of the individual police officer, the fact that the departmental

regulations might have authorized" a constitutional violation "is quite beside the point."  *City of*

*Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).[1]

---

[1] In *City of Los Angeles v. Heller,* "the jury returned a verdict for the defendant police officer and against respondent," and the Court held that as a result, in the procedural posture of that case, the district court properly dismissed the *Monell* claim without further trial. *Id*., 475 U.S. at 798.  But qualified immunity or the failure to name proper defendants can lead to cases where no individual is held liable, but the jury finds that a constitutional violation occurred.  *Askins*, 727 F.3d at 253-54.

**B. Bifurcation is warranted because there will be substantial prejudice to the City defendants if the plaintiff's proffered *Monell* evidence is considered on the main issues in the case; there is little or no prejudice to plaintiff from bifurcation; and there are potential cost-savings from a bifurcated trial since trial on all or part of the *Monell* claim may never be needed.**

Bifurcation is warranted because there is a host of evidence that would be offered in a *Monell* trial which is not properly admissible in any trial of the issue of whether a constitutional violation occurred. Bifurcation can eliminate this prejudice, and avoid the cost and burden of a *Monell* phase which could be rendered moot by a prior decision on the main issues.

**1. There is no presumption against bifurcation, as to which the Court has broad discretion.**

First, plaintiff incorrectly asserts that there is a presumption against bifurcation. *See* Plf. Mem. at 2. As the Second Circuit has stated: "Rule 42(b) of the Federal Rules of Civil Procedure affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency. *See* Fed. R. Civ. P. 42(b)." *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999). This discretion is "broad." *Williams v. Blvd. Lines, Inc.*, 2013 U.S. Dist. LEXIS 149707, *23-24 (S.D.N.Y. Sept. 30, 2013) (citing *Ricciuti v. New York City Transit Authority*, 796 F. Supp. 84, 86 (S.D.N.Y.1992)). "Bifurcation may be justified if even one of these three factors is met." *Id*. at *24 (citing *Ismail v. Cohen*, 706 F. Supp. 243, 251 (S.D.N.Y.1989)), *aff'd*, 899 F.2d 183 (2d Cir. 1990)).

As the City previously demonstrated in its moving memorandum, there are ample grounds for bifurcation here because it will avoid the substantial prejudice that would arise from consideration of plaintiff's *Monell* evidence on the main questions of the case, and would promote convenience and efficiency by avoiding potentially unnecessary proof.

Indeed, not only is the issue left to the trial court's sound discretion, but as the City defendants demonstrated, and plaintiff does not deny, "[c]ourts in the Second Circuit generally "'favor bifurcating Monell claims.'" *Bombard v. Volp*, 44 F. Supp. 3d 514, 528 (D. Vt. 2014) (quoting *Mineo v. City of New York*, 2013 U.S. Dist. LEXIS 46953, 2013 WL 1334322, at *1 (E.D.N.Y. Mar. 29, 2013))); s*ee also* City Defendant's Mem of Law in Support of Motion for Reconsideration and Bifurcation, Docket No. 439, at 14. As the Second Circuit stated in *Amato v. City of Saratoga Springs*, there is "frequent bifurcation of proceedings where a plaintiff has initiated a § 1983 action against individual officials and municipal entities [and] Section 1983 actions are particularly well suited for bifurcation . . . ." 170 F.3d 311, 320 (2d Cir. 1999). That in part is because "if a plaintiff fails to show that a constitutional violation occurred in the suit against the individual official, the corresponding cause of action against the municipality will be mooted . . . ." *Id*. "For these reasons, trial courts will, *with some frequency*, exercise their discretion pursuant to Rule 42(b) of the Federal Rules of Civil Procedure and sever the proceedings." *Id*. (emphasis added).

In response, plaintiff cites an inapt standard (although the circumstances here meet even that standard). The language on which plaintiff relies for a so-called "presumption" against bifurcation appears in only a short string of district court cases, and is derived from a Supreme Court ruling of 1921. *See* Plf. Mem. at 2 n. 2 (quoting *Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 549 (S.D.N.Y. 2005) (citing *Martinez v. Robinson*, 2002 U.S. Dist. LEXIS 4454, (S.D.N.Y. Mar. 19, 2002) (quoting *Lewis v. Triborough Bridge & Tunnel Auth.*, 2000 U.S. Dist. LEXIS 4982  (S.D.N.Y. Apr. 19, 2000) (quoting *Miller v. Am. Bonding Co.*, 257 U.S. 304, 307 (1921)))))). The source of the "presumption" language, *Miller v. Am. Bonding Co.*, 257 U.S. 304 (1921), was decided 16 years before Fed. R. Civ. P. 42(b) was enacted in 1937. *See* Advisory

4

Committee Notes, Fed. R. Civ. P. 42.  The *Miller* ruling was based on a statute governing actions

on surety bonds said "only one action shall be brought," and therefore a claimant was not entitled

to a separate trial of his own claim.  257 U.S. at 306.  This authority does not govern bifurcation

under Fed. R. Civ. Pl 42(b), which is later in time and contains no presumption against

bifurcation.  Accordingly, the Second Circuit has never adopted plaintiff's purported

"presumption" against bifurcation under Fed. R. Civ. P. 42(b).

### 2.  The defense of qualified immunity does not change the *Monell* bifurcation analysis because the prejudice to defendants and the potential for judicial economy remain even when qualified immunity is present.

Second, plaintiff wrongly contends that because qualified immunity has been granted on

his First Amendment claims, and, as in every case, could be granted on other claims at trial,

bifurcation is inappropriate.  Plf. Mem. at 7. That is not so, because the same prejudice from

plaintiff's *Monell* evidence and the same potential cost-savings[2] are present, regardless of

qualified immunity.  The question of whether a constitutional violation occurred may be tried

and decided prior to the question of whether that violation was directly caused by a municipal

policy, whether or not there is qualified immunity or any named individual defendants.  If that

question is resolved in the defendants' favor there is no need for the *Monell* evidence, and the

prejudice and cost that it would entail.  Moreover, even a partially favorable ruling for the

defendants on the main issues could save time and cost.  For example, if plaintiff here prevails

on his false arrest theory, but the jury finds that the individuals involved did not act with a

retaliatory motive, then plaintiff's *Monell* claim becomes entirely moot because in that case a

policy of quotas, retaliation or downgrading could not have caused plaintiff's arrest.  Moreover,

---

[2] A certainty of cost-savings is not required: it is always true that the *Monell* phase may be needed if plaintiff prevails on the main issue, regardless of qualified immunity.

the court need not find that there will be cost-savings to justify bifurcation where, as here,

prejudice is also established.  *See Williams*, 2013 U.S. Dist. LEXIS 149707, at \*24.[3]

### 3.   The City defendants would be substantially prejudiced by a non-bifurcated trial, but plaintiff would suffer no prejudice from bifurcation.

Third, plaintiff has identified no prejudice that would flow from  bifurcation.  He cites

only the supposed substantial duplication of evidence, but in fact there is no overlap at all

between *Monell* and other issues.  In *Jeanty*, the only case directly cited by plaintiff for this idea,

the defendant had called for the court to "try two cases that are essentially the same, except for

additional evidence" concerning *Monell*.  379 F. Supp. 2d at 549.  Plaintiff claims that

bifurcation here would require evidence to be similarly "repeated" (Plf. Mem. at 5).[4]

On the contrary, most of plaintiff's *Monell* evidence has nothing to do with the

individuals' conduct or motivations.  Rather, plaintiff's *Monell* case consists mostly of what he

concedes are "background facts," having nothing to do with the individuals involved.  Plf. Mem.

at 4.  For example, plaintiff proffers the Mollen Commission Report from 1994 – *fifteen years*

*before the events here* – and testimony from officers from other precincts, other boroughs and at

other times; the testimony of proffered expert John Eterno based on media reports about other

---

[3]  Even plaintiff's sole authority on this point agrees that prejudice alone could call for bifurcation, even if efficiency savings were arguably lessened due to qualified immunity.  *See McCoy v. City of New York*, 2008 U.S. Dist. LEXIS 62567, \*7-8 (E.D.N.Y. Aug. 13, 2008). In *McCoy*, however, the court – declining to bifurcate before discovery, without prejudice to a later motion – assumed the absence of prejudice because it was not asserted.  *Id*.

[4] The cases relied on by the court in *Jeanty* and string cited by plaintiff are even further afield. In *Martinez*, 2002 U.S. Dist. LEXIS 44454, at \*6-7, discovery had "barely begun" and the court declined to bifurcate on pleadings alone.  In *Lewis*, a Title VII case, a defendant asked to have the case by one plaintiff against one defendant bifurcated from a related claim by a co-plaintiff against a co-defendant in the same action.  2000 U.S. Dist. LEXIS 4982, at \*2-3.  In denying the motion to bifurcate, the court distinguished that case from Section 1983 actions, where a trial on one issue (whether a constitutional violation occurred) could dispose of another claim or issue (*Monell* liability).  2000 U.S. Dist. LEXIS 4982, at \*12 n.2.

people and survey responses from unidentified police commanders from unknown time-periods and commands.[5]   Plf. Mem. at 4-5; *see* City's Opposition to Plaintiff's Motion for Reconsideration ("City Opp. Mem."), Docket No. 450, at 16.

Defendants contend that this evidence is irrelevant even to plaintiff's *Monell* claim because quotas and downgrading did not cause a constitutional harm to Schoolcraft.  But even if deemed relevant to *Monell* – which it is not – the evidence is certainly not relevant to the conduct of the individuals because plaintiff's *Monell* case consists almost entirely of events having no connection to Marino, Mauriello or any other individual involved.[6]  In plaintiff's theory of the case, plaintiff must prove that the individual defendants engaged in retaliation, quotas or downgrading, not that someone else did, outside the knowledge of anyone involved.  As stated by this Court in its decision granting bifurcation in *Santiago v. New York*, the "potentially voluminous evidence of the Municipal Defendants' policies or customs will simply not be probative of whether [an individual] inflicted a constitutional injury." 1992 U.S. Dist. LEXIS 6731, *8-9 (S.D.N.Y. May 15, 1992) (Sweet, J.).

Indeed, plaintiff's opposition grants a small window into how confusing a non-bifurcated case would be.  For example, plaintiff would like to prove that the supposedly City-wide practices of quotas caused his subpar performance evaluation in January 2009.  *See* Plf. Mem. at 3; *Schoolcraft v. City of New York*, 2015 U.S. Dist. LEXIS 58831, *11 (S.D.N.Y. May 5, 2015) ("*Schoolcraft IV*").  But the reason for plaintiff's subpar personnel evaluation in January 2009 is

---

[5] The City defendants reserve all arguments and objections regarding the admissibility of such evidence for any purpose.

[6] Without conceding that any of plaintiff's Monell evidence is relevant and  admissible, the only *Monell* evidence that plaintiff could point to as plausibly duplicative is a labor arbitration ruling from 2006 concerning Marino. A single labor arbitration ruling, were it ruled admissible over the City defendants' objections, does not constitute any significant duplication of evidence.

irrelevant to whether a constitutional violation occurred, because, as this court previously ruled

as a matter of law, plaintiff's purported non-compliance with quotas – which he claims caused

his bad performance evaluation – is not protected by the First Amendment; in fact, plaintiff

engaged in no protected speech before the evaluation.  *See* City Opp. Mem. at 10-11; *Schoolcraft*

*v. City of New York*, 2012 U.S. Dist. LEXIS 128557, *27-30 (S.D.N.Y. Sept. 7, 2012).  Nor is

plaintiff's appeal of his personnel evaluation in January-February 2009 protected by the First

Amendment.  *Schoolcraft IV,* 2015 U.S. Dist. LEXIS 58831, at *100-103. Nor is a negative

evaluation a sufficiently concrete "adverse employment action" for which plaintiff can seek

relief.  *See* City Opp. Mem. at 10-11.  Allowing plaintiff to present evidence of a claim that is

not actionable under the guise of *Monell* would only confuse the jury about the triable issues.

Plaintiff bootlessly argues that this case is distinguishable from the host of decisions

granting bifurcation because his case involves numerous incidents over the course of a two-year

period.  Plf. Mem. at 3.  But that is all the more reason why bifurcation is necessary: an already

long and complex trial should not be further complicated by mixing in evidence having nothing

to do with the events at issue.  Plaintiff's proffered solution of limiting instructions only adds

needless burden and complexity to the jury's deliberations and the parties' conduct of the trial.

Such instructions are especially unlikely to be effective in a trial of this size and scope.

Moreover, in the wide-ranging trial envisioned by plaintiff, the City would be compelled

to offer even more evidence in response.  A municipality cannot be held liable under a *Monell*

custom and usage theory if the City prohibits, investigates and combats the purported custom.

*See Reynolds v. Giuliani*, 506 F. 3d 183, 196-196 (2d Cir. 2007) ("efforts to foster compliance

preclude a finding of deliberate indifference").  Therefore, at trial the City would face a

Hobson's choice: either add to the mass of prejudicial matter to show that the City punished

8

other instances of misconduct, or allow the plaintiff to suggest that the City did nothing at all.

There is no need to impose such a prejudicial choice on defendants because the remedy of

bifurcation is available.

### 4. If the Court finds a risk of duplicative evidence it could have the *Monell* trial with the same jury, immediately following the main trial.

Fourth, even if the Court were to find a risk of excessive duplication of evidence, there is

a costless and commonplace solution: the Court may hold the *Monell* phase of the bifurcated trial

before the same jury, immediately following a verdict on all other issues, if the jury finds that a

constitutional violation occurred.  *See, e.g.*, *Amato v. City of Saratoga Springs*, 170 F.3d 311,

316 (2d Cir. 1999) (affirming trial courts order to have *Monell* phase of the trial  occur with the

same jury immediately following the trial on other issues); *Mineo v. City of New York*, 2013 U.S.

Dist. LEXIS 46953, *7 (E.D.N.Y. Mar. 29, 2013) ("A verdict in favor of plaintiff will be

followed immediately by a trial on damages, before the same jury."); *Carson v. Syracuse*, 1993

U.S. Dist. LEXIS 9508, *19 (N.D.N.Y June 30, 1993) (ordering *Monell* trial to occur "back to

back" with the same jury as the trial on other issues); *Daniels v. Loizzo*, 178 F.R.D. 46, 49

(S.D.N.Y. 1998)  (same).

Plaintiff cannot possibly be prejudiced by such bifurcation.  If the plaintiff can

demonstrate at trial that evidence is admissible regarding whether a constitutional violation

occurred, [7] then plaintiff would present such evidence in the first phase of a trial.  The evidence

need not be repeated because the same jury would determine *Monell* questions.

---

[7] The City defendants reserve all objections and arguments regarding the admissibility of any evidence, whether or not the case is bifurcated.

## CONCLUSION

For the foregoing reasons and those stated in the City defendants' prior submissions, the

Court should bifurcate the trial to allow for a separate determination of *Monell* issues.

Dated: New York, New York
       July 10, 2015

                     Respectfully submitted,

                     ZACHARY W. CARTER
                     Corporation Counsel of the
                     City of New York
                     *Attorneys for City Defendants*
                     100 Church Street, Room 3-174
                     New York, New York 10007
                     (212) 356-2344

                     By:      _____
                           Alan Scheiner
                           Senior Counsel
                           Cheryl Shammas
                           Senior Counsel
                           Kavin Thadani
                           Senior Counsel
                           Assistant Corporation Counsel
                           Special Federal Litigation Division