SM EXHIBIT DO

# SCOPPETTA SEIFF KRETZ & ABERCROMBIE

ERIC A. SEIFF
WALTER A. KRETZ, JR.
CHARLES D. ABERCROMBIE*
----------

MARIANA OLENKO
----------
* ALSO ADMITTED IN CT

444 MADISON AVENUE
30TH FLOOR
NEW YORK, NY 10022-1010
(212) 371-4500
FAX (212) 371-6883
----------
ROLAND R. ACEVEDO
NICHOLAS SCOPPETTA
OF COUNSEL

March 7, 2014

By Fax
Honorable Robert W. Sweet
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Schoolcraft v. The City of New York, et al., 10-CV-6005 (RWS)

Dear Judge Sweet:

      I write on behalf of defendant Steven Mauriello in furtherance of the Court's consideration of the issues identified in the March 5, 2014, letter to the Court from Suzanna Publicker Mettham on behalf of all parties. Those issues were first raised in the City defendants' motion for a protective order against further discovery by the plaintiff, in the plaintiff's letter of February 28, 2014, seeking a variety of relief relating to discovery, including the extension of the fact discovery deadline for another 90 days, and in the meet and confer session in which the Court directed the parties to participate.

      As one who has participated in or observed the discovery conducted thus far, it is my view that on the one hand, the pace of discovery has hardly been optimal, and that pace principally has been imposed by the plaintiff. On the other hand, while the discovery notices recently served by the plaintiff could have been served some time ago, the noticed depositions should not have come as a surprise to anyone. The document demands appear to be exhaustive, but also substantially redundant. They are drafted as if there has been no production to date by the City, when in fact the City has been extremely diligent in producing tens of thousands of documents in response to plaintiff's demands. Surely the new set of demands can be reduced and the requests made more precise.

      In my view, if the Court were to extend the discovery deadline, the parties then could work to resolve any issues with respect to the noticed discovery, and bring to the Court only those particularized disputes the parties are unable to resolve. I also think

it is time to set a deadline to serve notice of any remaining depositions to ensure the timely completion of the depositions. (For good cause shown, the parties then could seek permission to conduct a limited number of additional depositions not identified.)

On behalf of defendant Mauriello, we favor the foregoing approach for the following additional reasons, which relate to three of the issues identified in Ms. Mettham's March 5th letter in which Mr. Mauriello has a direct interest:

First, plaintiff will not suffer any cognizable prejudice if the Court grants defendant Mauriello's motion for reconsideration of his motion for leave to amend his answer to assert counterclaims. (Issue IV.B.)

Second, it would give the parties an opportunity to review relevant records of plaintiff's father, Larry Schoolcraft. (Issue IV.A.) Plaintiff's father has agreed to provide defendants access to what may be a substantial amount of relevant records presently in storage in his garage. According to statements made by Larry Schoolcraft, in one of the recordings made of conversations he had with the NYPD, for every document or other record of the plaintiff allegedly stolen by the NYPD, Mr. Schoolcraft has three copies. While we are dubious of their existence, the records referred to would include documents plaintiff supposedly accumulated to reveal wrongdoing in the 81st Precinct and beyond with respect to crime reporting and enforcement activity. At his deposition, plaintiff's father "confirmed" the existence of such records, and testified the records are stored in his garage. He also testified he did not search those records for purposes of responding to the deposition subpoena served upon him, which clearly sought the production of any such records. Mr. Schoolcraft also said at his deposition that counsel were welcome to arrange with him an opportunity to search those records in his garage. I contacted plaintiff's attorney to coordinate arrangements for such a review since Mr. Schoolcraft is not represented, but was told plaintiff objects to the review of the records, at least to the extent it would be conducted on plaintiff's father's premises. The explanation given was plaintiff resides with his father and would be traumatized or distressed if counsel for the parties were to appear on the premises. It is a position plaintiff's counsel repeated in the meet-and-confer session. We respectfully request that defendants be permitted to proceed with review of Larry Schoolcraft's records currently in storage in his garage, as agreed by Larry Schoolcraft at his deposition, so long as appropriate arrangements are made so that the review does not create any distress for the plaintiff. For example, the review could be conducted on a date and at a time when plaintiff can arrange to be away from his father's premises.

And third, if the discovery deadline is extended and defendant Mauriello is permitted to assert his counterclaims, he surely should be required to appear for a second deposition session, as plaintiff requests. (Issue III.C.) If the motion for reconsideration is not granted, however, there would be no justification for a second session. Plaintiff has acknowledged we did not engage in any obstructive tactics at Mr. Mauriello's deposition, and 397 pages of testimony were provided over a period of more than seven hours on the record. While each attorney is entitled to conduct an examination as he or she sees fit, in my opinion plaintiff's counsel spent an inordinate amount of time asking about trivial matter and matter well-established by other witnesses. Plaintiff's counsel has only

himself to blame for the choices he made if he now believes there are other matters on which he wishes he had examined Mr. Mauriello. Also, the deposition was taken more than two months ago. If plaintiff believed he had good cause for a continuation, he should have pressed that issue and brought it to the Court right away, just as he should have done with the other depositions he seeks to continue. Prolonged gaps between deposition sessions, each of which takes place years after the events at issue, simply are unfair to witnesses who have fully prepared themselves to testify at the first session, only to have to go through the preparation process all over again months later when memory has again faded. This especially is so if the focus of the second session is not very narrowly restricted.

In his letter to the Court, plaintiff's counsel continues to describe Mr. Mauriello as "a key defendant" "directly involved in all of the events leading up to and including the invasion of Officer Schoolcraft's home." This description is consistent with the effort plaintiff and his father made to get revenge against Mr. Mauriello and in the process to sensationalize his role in the events that landed plaintiff in the Jamaica Hospital psychiatric ward. The perception plaintiff has sought to impose, however, is illusory. He will not succeed in his claims against Mr. Mauriello. Mr. Mauriello only hopes the Court grants him a chance to succeed on his claims against the plaintiff, which are based upon facts and circumstances that that also help form his defense.

Thank you for your consideration.

Respectfully submitted,

Walter A. Kretz, Jr.

cc: All Counsel, By E-Mail

3