

ZACHARY W. CARTER
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**CHERYL SHAMMAS**
*Senior Counsel*
phone: (212) 356-2406
fax: (212) 356-3509
cshammas@law.nyc.gov

July 29, 2015

**BY ECF & EMAIL (Andrei_Vrabie@nysd.uscourts.gov)**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *Schoolcraft v. The City of New York, et al.*, 10-CV-6005 (RWS)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent the City Defendants in the above-referenced action. I write to respectfully request that the Court strike Plaintiff's Reply Memorandum of Law in Further Support of his Motion for Reconsideration (Docket No. 464) and decline to consider any of the arguments contained therein on grounds that the filing was untimely. Defendants Jamaica Hospital Medical Center and Steven Mauriello, the other parties who filed briefs opposing plaintiff's motion for reconsideration, also join in this application.

      Pursuant to agreement between all parties, and as so ordered by this Court on July 17, 2015 (Docket Entry No. 458), July 23, 2015 was the due date for all Reply memoranda in support of the motions for reconsideration filed by plaintiff, the City Defendants, Mauriello and Jamaica Hospital Medical Center.[1] All parties complied with that deadline except plaintiff, who served and filed his Reply in the late afternoon of July 24, 2015. At no point did plaintiff request an extension from any defendant or the Court; seek leave of Court to file after the deadline; or even acknowledge, apologize for or explain plaintiff's failure to meet the deadline.[2]

---

[1] All parties had previously been granted a one-week extension of time, on consent, from the original deadline of July 17, 2015.

[2] In addition, plaintiff's memorandum exceeds by four (4) pages the Court's 10-page limit for reply memoranda, without having requested permission to do so. Although plaintiff was responding to more than one opposition brief, consent and leave of Court ought to have been

Continued…

Hon. Robert W. Sweet, U.S.D.J.<br>
July 29, 2015<br>
Page 2 of 2

      The late filing engenders substantial prejudice to the defendants because it permitted plaintiff's counsel additional time to prepare their Reply over and above that allowed to the other parties, and afforded plaintiff's counsel an opportunity to peruse the arguments contained in defendants' reply briefs and respond to or otherwise anticipate them.  A simple request for additional time by plaintiff could have avoided both, but the plaintiff chose instead to flout the deadline.  The Court would be well within its discretion to strike the brief and not consider the arguments contained therein on these grounds.  *See, e.g., Brown v. City of Syracuse*, 648 F. Supp. 2d 461, 467-468 (N.D.N.Y. 2009) (granting defendants' motion to strike and disregarding plaintiff's motion *in limine* and supporting submissions for untimeliness); *Collins v. Washington*, 520 Fed. Appx. 577, 578 (9th Cir. 2013) ("The district court did not abuse its discretion in granting defendants' motion to strike [plaintiff's] untimely submissions."); *Carvajal-Uzcategui v. INS*, 1994 U.S. App. LEXIS 656 (9th Cir. Jan. 11, 1994) (granting INS's motion to strike petition for review of BIA's order because the filing was untimely); *United States v. Galaviz*, 645 F.3d 347, 363 (6th Cir. 2011) (granting government's motion to strike untimely reply brief concerning evidence suppression).

      Accordingly, defendants respectfully request that the Court strike Plaintiff's Reply Memorandum of Law in Further Support of his Motion for Reconsideration (DE # 464) and decline to consider any of the arguments contained therein.  We thank the Court for its consideration.

Respectfully submitted,<br><br>
     /s/Cheryl Shammas<br><br>
Cheryl Shammas<br>
*Senior Counsel*

Cc.:   All parties (*via* email and ECF)

---

sought for this as well.  This is the second time that plaintiff has exceeded Court's limits on the length of briefing without seeking the consent of the parties or leave of Court.