

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ALAN SCHEINER
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 356-3509
ascheine@law.nyc.gov

August 17, 2015

**BY ECF & EMAIL (Andrei_Vrabie@nysd.uscourts.gov)**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Schoolcraft v. The City of New York, et al.*, 10-CV-6005 (RWS)

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent the City defendants in the above-referenced action. On August 13, 2014, plaintiff filed an application to modify the deadline for submission of the JPTO from August 14th to August 21st. I write to respectfully request that the Court (a) deny plaintiff's application; and (b) "so order" the JPTO that was submitted on August 14, 2015 and deem plaintiff's objections as waived and defendants' exhibits admitted at trial; or (c) in the alternative, should the extension be granted, extend all other deadlines in this action to avoid prejudice to the City defendants as follows: extension of the motions *in limine* due date to September 17 and the motions *in limine* opposition date to October 9, 2015. All defendants join in requesting this relief, except for defendant Mauriello who joins only in part (c) of the request.

### A. Plaintiff's Request for an Extension is Dilatory and Stems Solely from Lack of Readiness

In April 2015, plaintiff represented to the Court and the parties that his JPTO and other court filings were ready for exchange and no further extensions in this case should be granted. *See* Letter from Nathaniel Smith to the Court, 4/7/2015, Document No. 430 (stating "[e]xhibit list, witness list, proposed voir dire, jury instructions, and a jury verdict sheet are drafted and ready to be exchanged with defendants" and opposing defendants' request for an extension of time on grounds of "further delay" of trial and insisting that the Court should be "prepared to proceed to trial . . . without entertaining any further requests for delay").

In July, plaintiff reiterated his opposition to any further extension of the JPTO deadline in an email to the parties, stating: "All, Kicking out the date for replies on the reconsideration motions is fine with the plaintiff but we also do not want to move the other dates, including the JPTO dates. Nat". (Email from Mr. Smith to all parties dated 7/15/2015, Document No. 46, annexed as Exhibit A).

Notwithstanding these representations, plaintiff has not only agreed to several adjournments of the deadlines associated for the draft and final JPTO, but has requested and taken more time to complete it than defendants. Plaintiff was the last party to circulate his proposed draft JPTO, and when exchanged it was far from complete: it had missing or incomplete sections required by Your Honor's Individual Practices, inaccurate exhibit numbering, improper formatting, and inadequately identified exhibits.[1]

Notwithstanding these representations, plaintiff's lack of readiness was evidenced two weeks ago, when plaintiff pushed for a JPTO deadline of August 18th instead of August 14th, as all defendants proposed. Plaintiff agreed to the August 14th date and submitted a joint application to the Court for an extension of time (Docket No. 472).[2] A day later, plaintiff demanded from defendants an additional week to complete the JPTO, to August 21. The City defendants did not agree, stating that they would be prejudiced due to the compression of the time between the JPTO submission and the later deadline for motions *in limine* and the impending trial date of October 19, 2015. Rather than participating in the completion of the JPTO, plaintiff applied for an extension of the deadline and did no further work on the JPTO until August 14, 2015.

Notably, plaintiff has a team of approximately seven attorneys to assist in prosecuting his case. As such, there is no shortage of hands to complete ordinary pre-trial procedures such as the JPTO, scheduled long ago and already extended on several occasions. Nevertheless, despite prior representations of readiness and accusations of inexcusable delay leveled against the defendants, plaintiff now seeks an extension of the JPTO deadline without consent, and without any protections for the defendants against the resulting prejudice.

---

[1] *See* Exhibit A (Email of August 5, 2015 With Attached Draft JPTO). Among other omissions, plaintiff's exhibit list contained no bates numbers, in some cases contained only the vaguest descriptions of the exhibits or very large composite exhibits. In other instances plaintiff referred to exhibits by plaintiff's deposition exhibit number, although plaintiff had refused prior requests to provide copies of his deposition exhibits, and ignored additional requests to do so after the draft JPTOs were exchanged. Plaintiff failed to respond to additional requests for further information after issuing the draft. The defendants reserve all rights and remedies as to plaintiff's inadequately identified exhibits, and will move *in limine* to exclude the improperly identified exhibits.

[2] In light of the Court's approval of prior adjournment requests, the parties treated the agreed-upon schedule submitted to the Court as their working schedule, although the Court had not yet so-ordered the application.

Case 1:10-cv-06005-RWS   Document 478   Filed 08/17/15   Page 3 of 5

Hon. Robert W. Sweet
August 17, 2015
Page 3 of 5

### B. The Recently-Circulated Documents Had No Impact Plaintiff's Ability to Timely File the JPTO

Plaintiff argues that more time is required so that he can review documents recently produced by the City, in connection with the JPTO process.[3] However, under Your Honor's Individual Rules of Practice, plaintiff was only required to note whether or not he had any objections to the exhibits, and if so whether he objected on grounds of authenticity. In its draft JPTO of August 5, 2015, the City defendants listed approximately 14 items not previously produced to plaintiff, and those documents were provided on August 11, 2015. The City defendants' exhibit list contained in total only 99 exhibits – as compared to plaintiff's list which extends to exhibit number 431 (not sequentially numbered). Nothing prevented plaintiff from reviewing the City defendants' exhibit list and noting his objections. If plaintiff required further information about any exhibits, he did not ask for it, despite encouragement to ask such questions.

The majority of the exhibits about which plaintiff complains contained no information new to plaintiff or which was not publicly available. For example, some were items publicly available on the internet (Exhibits O-1 and H-1); photos of a rifle he possessed and secreted in his apartment on October 31, 2009 (Exhibits O-2); and a copy of a complaint in a lawsuit filed by his father (Exhibit L-1). Exhibits N-3 to N9, and N-11 are NYPD Patrol Guide sections that are publicly available.[4]

To the extent that any of the exchanged material presented difficulties for plaintiff, he could have asked to reserve rights with respect to those items and proceeded with the rest. Indeed, that is how the defendants addressed the dozens of items that were insufficiently identified by plaintiff in his draft exhibits list (including one exhibit identified only as "roll call recordings"). Instead, plaintiff never indicated whether plaintiff had any specific objections to *any* of the City defendants' exhibits, or *any* of Mauriello's exhibits.[5]

Defendants worked diligently on the proposed JPTO in order to meet the Court-ordered deadline of August 14th and submitted a joint JPTO by that date. Plaintiff received drafts of

---

[3] All of the new material provided to plaintiff was disclosed in detail on the City defendants' draft exhibit list of August 5, 2015.

[4] The other exhibits exchanged by the City defendants were N-10, K-3 (produced in *Floyd v. City*), G3, and L-4.

[5] For that same reason, plaintiff's argument that more time was required in order to put forth rebuttal evidence fails because he was required only to identify exhibits for his case in chief, and in any event could have reserved that issue to supplement the JPTO as needed. Moreover, the addition of witnesses after the exchange of first drafts of the JPTO is irrelevant, as the parties are not required to list objections to witnesses or otherwise respond to them.

defendants' objections and other changes prior to the deadline, but plaintiff failed, after August 11, 2015, until the eleventh hour on August 14, 2015, to even purport to participate in the joint effort. Accordingly, any objections plaintiff may have as to the exhibits listed in the JPTO that he did not note during the JPTO process should be deemed waived and the exhibits admitted at trial.

### C. Prejudice to Defendants

Defendants would be substantially prejudiced by any further extension of the JPTO deadline beyond the agreed-upon schedule that plaintiff submitted to the Court on August 10, 2015.[6] The parties' motions *in limine* necessarily depend, at least in part, on the contents of the JPTO. For that reason, since May 2015 the pre-trial schedule has always included at least three weeks between the JPTO due date and the motion *in limine* date. *See* Docket No. 437. Plaintiff's request, if granted, would push the final JPTO submission to a date only two weeks from the due date for motions *in limine* that the parties had last requested on consent to be September 7, 2015 (assuming a JPTO due date of August 14).

Plaintiff's adjournment – without any concomitant adjournment of the motion schedule – would leave the defendants with only two weeks to complete motions *in limine* after the JPTO is completed. Due to previously scheduled family vacations in the last week of August for two of the City defendants' counsel that time is effectively only one week. Moreover, an extension of the JPTO and motion schedule would still result in prejudice, since both would be closer to the trial date of October 19, 2015, complicating trial preparation.

### **Conclusion**

Accordingly, for the foregoing reasons, the City defendants jointly request that the Court (a) deny plaintiff's application for an extension of time; and (b) "so order" the JPTO that was submitted on August 14, 2015 and deem plaintiff's objections to exhibits to be waived to the extend not noted for the purposes of the JPTO; and (c) in the event that the Court does grant plaintiff's application for an extension, defendants respectfully request that at all other deadlines in this action be concomitantly extended as follows:

- Motions *in Limine* to be due September 17
- Oppositions to Motions *in Limine* due October 9 (no replies to be filed)[7]

---

[6] This is not the first time plaintiff has flouted a court-ordered deadline. Pending before this Court is a motion to strike plaintiff's reply brief in further support of his motion for reconsideration, which plaintiff filed after the due date.

[7] The extension is from the prior dates agreed to and stated in plaintiff's letter of August 10, 2015, Docket No. 472. Four additional business days are added to the 7 day extension due to the intervening holiday of Labor Day (September 7), and the Jewish high holy days of Rosh Hashanah and Yom Kippur (September 13, 15 and 23, and the evenings prior).

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/Alan Scheiner
Alan Scheiner
Cheryl Shammas
*Senior Counsel*

Cc.:   All parties (*via* email and ECF)