Law Office of
**NATHANIEL B. SMITH**
Attorney at Law
100 Wall Street - 23rd Flr.
New York, New York 10005

Nathaniel B. Smith
natbsmith@gmail.com

Tel: 212-227-7062
Fax: 212-230-1090

**Via ECF**  August 18, 2015

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*Schoolcraft v. The City of New York, et al.,*
*10-cv-6005 (RWS)*

Dear Judge Sweet:

  I write to the Court as one of the plaintiff's counsel to respond to the defendants' August 17, 2015 letter. Since the defendants are now willing to adjourn the motion in limine dates, there is no possible prejudice to the plaintiff's request that the JTPO deadline be moved to August 21, 2015. As stated in their August 17th letter, when I originally requested this adjournment, the City objected the ground that "they would be prejudiced due to the compression on the time between the JPTO submission and the later deadline for motions in limine." (August 17, 2015 letter at p. 2.) Now the defendants are all willing to have motions in limine filed by September 17, 2015. Thus, any claim of prejudice has been addressed and the plaintiff's request should be granted.

  While these facts ought to resolve the matter, the City's personal attack requires a brief response. First, all parties exchanged witness lists and exhibit lists on the same day and the suggestion that plaintiff was late is false.

  Second, all the parties submitted lists of exhibits that in one way or another

LAW OFFICE OF
NATHANIEL B. SMITH

had issues, such as incomplete or insufficient designations or, in the case of the City, the identification of exhibits for documents that had *never* even been produced in this action. Indeed, the City admits that fourteen of its trial exhibits were based on documents that were produced on August 11th, which was three days before the deadline. The suggestion that "nothing prevented plaintiff from reviewing the City defendants' [new] exhibits," conveniently glides over the fact that the documents recently produced consisted of over two hundred pages of materials that have to be read and analyzed and rebutted in a matter of days when counsel's time was already jammed with all the other matters required for the preparation of a joint pre-trial order. Indeed, all I was requesting from the City and now from the Court was a reasonable opportunity to review the materials and assert any appropriate objection.

Third, the City states that the plaintiff failed to assert objections to the City's exhibits or Mauriello's exhibits and that any objections have been waived. That is not our understanding of how the Court's objection procedure operates. As noted in the City's own list, a single "*" means that a party has no objection on authenticity grounds and a double "**" indicates that the party has no objection on any ground. Thus, the absence of a single or double "*" necessarily means that the party is preserving all objections, which is precisely what the plaintiff stated in the draft of the pre-trial order we provided to the defendants. (JPTO, dated August 14, 2015, at n. 24; Dkt # 477.1.)

*   *   *

For these reasons, the JPTO deadline should be adjourned to August 24, 2015; the motions in limine deadline should be adjourned to September 17, 2015; and opposition should be filed on October 9, 2015. In addition, we request that the Court schedule a final pre-trial conference at noon on the Wednesday before the trial, i.e., October 14, 2015.

Respectfully submitted,

Nathaniel B. Smith