

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ALAN H. SCHEINER
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

August 18, 2015

**BY ECF & EMAIL
(Andrei_Vrabie@nysd.uscourts.gov)**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   <u>Schoolcraft v. The City of New York, et al.</u>
           10-CV-6005 (RWS)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent City defendants in the above-referenced matter. I write to respectfully request that the Court order plaintiff to proffer a single police practices expert to testify at trial in this matter, rather than the two redundant experts that plaintiff has listed in his proposed witness list. The requested order is necessary to avoid undue burden and prejudice upon the City defendants in preparing their motions *in limine*.

      In his draft witness list provided in connection with the JPTO, plaintiff identified as witnesses both John Eterno and Eli Silverman. *See* Defendants' Proposed JPTO, Docket No. 477, at 13, n. 10. Both experts are authors of a single expert report purporting to concern police practices, and both would testify on the very same subject matter. *See* Plaintiff's Exhibit 11 in Opposition to Motion for Summary Judgment, Docket No. 397-1. Testimony from both witnesses would therefore be cumulative and inadmissible for that reason alone. *See Williams v. County of Orange*, 2005 U.S. Dist. LEXIS 46051, *20-21 (S.D.N.Y. Dec. 13, 2005) (citing *USA v. Walker*, 910 F. Supp. 861, 863 (S.D.N.Y. 1995) and *AUSA Life Insurance Co. v. Dwyer*, 899 F. Supp. 1200, 1203 (S.D.N.Y. 1995) (granting motion to exclude expert as duplicative of the same parties' other expert); *Levinson v. Westport Nat'l Bank*, 2013 U.S. Dist. LEXIS 71208, *18 (D. Conn. May 20, 2013) (granting motion to exclude testimony by more than one expert on the same subject-matter). Exclusion of one of the two experts is inevitable here, because the two experts attested to the exact same opinions in the exact same report.

      By email to plaintiff's counsel on August 6, 2015, the City defendants asked plaintiff to state which of the two experts would be offered to testify. That request was reiterated on August

14, 2015.  Plaintiff has not responded to that request.  It would be unfair and unduly burdensome to require City defendants to move to preclude both experts, Eterno and Silverman, when both would never be permitted to testify.  Plaintiff would thereby burden the City defendants with making unnecessary arguments.  Accordingly, the City defendants respectfully request that plaintiff be ordered choose one of the two experts, Eterno or Silverman, to be proffered at trial, so that the City defendants may prepare a motion *in limine* directed only at the appropriate expert.

  Thank you for your consideration in this matter.

               Respectfully submitted,

               /s/

               Alan H. Scheiner
               Senior Counsel
               Special Federal Litigation Division

cc: All counsel by ECF.