UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,

Plaintiff,

**JOINT PROPOSED
PRETRIAL ORDER**

-against-

10-CV-6005(RWS)

THE CITY OF NEW YORK, et al.,

Defendants.

-----------------------------------------------------------------------x

Counsel having conferred pursuant to Fed. R. Civ. P. 16 and the Court's Individual

Practices, the parties submit the following statements as their Joint Pretrial Order:

i.     **Full Caption of the Action**

A.  **Plaintiff's Proposed Caption**

ADRIAN SCHOOLCRAFT, Plaintiff,

-against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id.895117, Individually and in his Official Capacity, CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT WILLIAM GOUGH, Tax Id.919124, Individually and in his Official Capacity, SGT. FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, Individually and in her Official Capacity, , CAPTAIN TIMOTHY TRAINER, Tax Id. 899922, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),  (collectively referred to as "NYPD defendants"), FDNY LIEUTENANT ELISE HANLON, individually and in her official capacity as a lieutenant with the New York City Fire Department, JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity  and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown), Defendants.

## B.  Defendants' Proposed Caption[1]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,

Plaintiff,

10-CV-6005 (RWS)

-against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON,  Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO,  Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEORDORE LAUTERBORN,  Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOUGH, Tax Id. 919124, Individually and in his Official Capacity, SGT. FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LT. TIMOTHY CAUGHEY, Tax Id. No. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, Individually and in her Official Capacity, (collectively referred to as "City Defendants"), FDNY LIEUTENANT ELISE HANLON, individually and in her official capacity as a lieutenant with the New York City Fire Department, JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in his Official Capacity,

Defendants.

-------------------------------------------------------------------------------------x

## ii.    Names, Addresses, and Telephone and Fax Numbers of Trial Counsel[2]

---

[1] Defendants propose to amend the caption as follows to reflect the current posture of the case.

[2] Unless otherwise indicated, lists of the names of counsel are set forth in alphabetical order.

| | |
|---|---|
| For Plaintiff | For City Defendants |
| Gerald Cohen<br>COHEN & FITCH, LLP<br>225 Broadway, Suite 2700<br>New York, New York 10007<br>(212) 374-9115<br>(212) 406-6890 (fax) | City of New York, Michael Marino, Gerald Nelson,<br>Theodore Lauterborn, William Gough, Frederick<br>Sawyer, Kurt Duncan, Christopher Broschart,<br>Timothy Caughey and Elise Hanlon |
| John Lenoir<br>JOHN LENOIR<br>829 Third Street Ne<br>Washington, DC 20002<br>(202) 492-3739<br>(646) 417-7245 (fax) | ZACHARY W. CARTER<br>Corporation Counsel of the City of New York<br>100 Church Street<br>New York, New York 10007<br>(212) 356-2344<br>(212) 356-3509 (fax)<br>    By:  Alan H. Scheiner<br>          Cheryl L. Shammas<br>          Kavin Thadani |
| Jon L. Norinsberg<br>LAW OFFICES OF JON L. NORINSBERG<br>225 Broadway, Suite 2700<br>New York, New York 10007<br>(212) 791-5396<br>(212) 406-6890 (fax) | For Defendant Mauriello<br><br>SEIFF KRETZ & ABERCROMBIE<br>444 Madison Avenue, 30th Floor<br>New York, New York 10022<br>(212) 371-4500<br>(212) 371-6883 (fax)<br>    By:  Walter A. Kretz , Jr. |
| Nathaniel B. Smith<br>LAW OFFICE OF NATHANIEL B. SMITH<br>100 Wall Street, 23rd Floor<br>New York, NY 10005<br>212 227 7062<br>212 346 4665 (fax) | Patrick C. Nolan |
| | For Defendant Jamaica Hospital Medical Center<br><br>MARTIN CLEARWATER & BELL LLP<br>220 E. 42nd Street, 1th Floor<br>New York, New York 10017<br>(212) 916-0919<br>(212) 949-7054 (fax)<br>    By:  William P. Brady<br>          Brian Osterman<br>          Gregory John Radomisli |
| | For Defendant Lillian Aldana-Bernier<br><br>CALLAN, KOSTER, BRADY & BRENNAN, LLP<br>One Whitehall Street<br>New York, New York 10004 |

|  | (212) 248-8800<br>(212) 248-6815 (fax)<br>By: Meredith Borg<br>Bruce M. Brady<br>Matthew J. Koster |
|---|---|
|  | For Defendant  Dr. Isak Isakov<br><br>IVONE, DEVINE & JENSEN, LLP<br>2001 Marcus Avenue<br>Lake Success, New York 11042<br>(516) 326-2400<br>(516) 352-4952 (fax)<br>By: William R. Devine<br>Brian Lee |

### iii.   Basis of Subject Matter Jurisdiction

#### A.  Plaintiff's Version

Subject matter jurisdiction is based on federal question jurisdiction and supplemental jurisdiction except to the extent that there is a dispute over the Court's jurisdiction over the claim for declaratory relief as noted below and the parties to not dispute that the Court has subject matter or personal jurisdiction.

#### B.  Defendants' Version

Subject matter jurisdiction is based on federal question jurisdiction and supplemental jurisdiction.  The parties do not dispute that the Court has subject matter or personal jurisdiction except to the extent that there is a dispute over the Court's jurisdiction over the claim for declaratory relief as noted below.

### iv.   Summary of Claims and Defenses

#### A.  Plaintiff's Summary of Claims and Defenses

Plaintiff asserts claims against the defendants under federal and state law arising from a series of actions taken by the various defendants in this case over the course of a sustained period of time from later 2008 though the early spring of 2010.  During this period of time, the NYPD-related defendants began an escalating series of retaliatory actions against the plaintiff for failing to achieve improper quotas, for reporting misconduct by the NYPD defendants, and for speaking out about these issues.  As a result, the NYPD Defendants entered and searched plaintiff's home illegally on October 31, 2009 and he was assaulted, handcuffed, arrested and declared an "emotionally disturbed person" and then taken and kept against his will and without any justification to Jamaica Hospital where he was unlawfully and involuntarily committed as a mentally ill and dangerous person for six days by the Medical Defendants.  After his release, the

4

NYPD Defendants continued to harass and threaten the plaintiff in an effort to punish the plaintiff for speaking out and reporting misconduct and in an effort to inhibit him from speaking out further.

The facts that form the basis for the plaintiff's claims are set forth in the Third Amended Complaint.  Although the Court in part granted some of the defendants summary judgment on some of the claims being asserted against the defendants, the plaintiff, the City Defendants and Defendant Mauriello have moved for reconsideration on various claims.  Once the Court has rendered its decision on the various motions for consideration, the plaintiff will set forth the nature of the various claims and legal theories to be tried before the Court and a jury on October 19, 2015.   At this point the plaintiff contends that all the NYPD Defendants, including the City of New York and Defendant Mauriello, are liable to the plaintiff on the following theories of liability:  unlawful entry; unlawful search; unlawful remaining upon entry; unlawful re-entry; exessive and unjustified force; assault and battery; unlaful seizure of the plaintiff's body; unlawful seizure of the plaintiff's personal property, papers and effects; false imprisonment; failure to intercede; and first amendment retaliation.  The plaintiff also contends that the Medical Defendants are liable on the following theories:  false imprisonment; unlawful commitment; negligence and malpractice.  Finally, as set forth in the Third Amended Complaint, the plaintiff seeks a declaratory judgment in his favor and against all the defendants, finding that each of the defendants' conduct was unlawful, including without limitation, findings that the claims for relief have been established; that the practices and policies of the NYPD on quotas for stops, summons and arrests and the manipulation and downgrading of crime reports are unlawful; that the practices and policies for falsification of training records are unlawful; and that the NYPD and JHMC records should be expunged to the extent that those records suggest that plaintiff is (is or ever was) emotional disturbed, or suffering from a mental illness or dangerous to himself or others.

## B.  The City Defendants' Summary of Claims and Defenses[3]

### 1.  Plaintiff's Claims

Plaintiff's Third Amended Complaint ("TAC") asserts the following federal claims:  (1) First Amendment Retaliation; (2) False Arrest; (3) Malicious Abuse of Process; (4) Excessive Force; (4) Failure to Intercede;  (6) Unlawful Search and Entry; (7) Involuntary Confinement; (8) Conspiracy; (9) Substantive and Procedural Due Process; and (10) Municipal Liability.  The TAC also asserts the following pendent state law claims: (1) Assault; (2) Battery; (3) False Arrest;  (4) False Imprisonment; (5) Intentional Infliction of Emotional Distress; and (6) Negligent Hiring / Training/ Supervision/ Retention.

By Opinion dated May 5, 2015, the Court disposed of numerous claims and dismissed certain parties from the action and from specific claims.[4]  The following constitute the claims remaining to be tried against the remaining City Defendants:[5]

---

[3] By identifying a defense in this Pre-Trial Order, defendants do not concede that the contention listed is an affirmative defense or that they have the burden of proof as to the contention.

1. A claim under Section 1983 for false arrest and false imprisonment in violation of the Fourth Amendment for taking plaintiff into custody under the New York Mental Hygiene Law § 9.41 for mental health evaluation and treatment;
2. A claim under Section 1983 for excessive force in violation of the Fourth Amendment;
3. A claim under Section 1983 for a failure to intercede to prevent the above, in violation of the Fourth Amendment;
4. A claim under Section 1983 for unlawful search and entry into the plaintiff's apartment, in violation of the Fourth Amendment;[6]
5. A claim under Section 1983 and the Fourth Amendment for municipal liability for the above; and
6. State law claims for the above for the common law torts of: Assault; Battery; False Arrest; False Imprisonment; and Intentional Infliction of Emotional Distress.

Plaintiff also purports to assert a First Amendment claim.  The First Amendment claim pled in the Third Amended Complaint was dismissed by the Court.  The Court held on May 5, 2015 that the plaintiff may proceed with an action for retaliatory adverse employment action against a government employee under the First Amendment.  Such a claim was not pled in the Third Amended Complaint.  The Court also held that all individual defendants would have qualified immunity with respect to any such claim.  The City Defendants contend that no First Amendment claim is properly triable in this action.

Plaintiff also purports to assert a claim for declaratory relief.  The City Defendants contend that declaratory relief is not appropriate in this action.

## 2.  City Defendants' Defenses

Plaintiff cannot prevail on his unlawful search and entry claim because entry into the home was justified by exigent circumstances

Plaintiff cannot prevail on his false arrest or false imprisonment claims because the defendants had probable cause to place plaintiff in protective custody, pursuant to NY Mental Health and Hygiene Law § 9.41, which is a complete defense to all claims.

---

[4] The Court dismissed plaintiff's claims for post-suspension First Amendment violations, Malicious Abuse of Process, Conspiracy, Negligent Hiring / Training/ Supervision/ Retention, Negligence, Negligent Disclosure of IAB Complaint, and claims against individual defendants under the First Amendment.  The Court also dismissed all claims against defendant Trainor, and all claims against defendant Mauriello except for the Failure to Intercede claim and Warrantless Entry Claim.  Defendant Trainor was dismissed from the action.

[5] Listing a claim here is not a concession that the claim is legally sufficient or that it should not be dismissed before or during trial.

[6] Plaintiff's purported claims under the Due Process clause are redundant to the Fourth Amendment claims and are not properly tried as a separate claim.

Plaintiff cannot prevail on his unlawful entry, false arrest or false imprisonment claim because plaintiff was, at the time he was taken into custody, mentally ill and conducting himself in a manner which was likely to result in serious harm to himself or others.

Even assuming, *arguendo*, that probable cause and exigent circumstances did not exist, the City Defendants are entitled to qualified immunity because there was arguable probable cause in that they were reasonable in their mistaken belief, or officers of reasonable competence could disagree, that there were exigent circumstances and justification to seize plaintiff pursuant to Mental Hygiene Law § 9.41 to ensure plaintiff's safety through a mental health evaluation. The individual defendants are shielded from suit by the doctrines of absolute immunity, qualified immunity, common law immunity, judicial immunity, or any combination of these doctrines.

The City Defendants deny that excessive force was used in connection with plaintiff's seizure.  To the extent that one or more of the City Defendants used any force, it was reasonable, necessary and justified to accomplish the City Defendants' official duties and to protect their own physical safety and the physical safety of others.

Because plaintiff's constitutional rights were not violated, defendant City of New York cannot be liable under *Monell*.

The City Defendants deny that plaintiff was retaliated against because he engaged in any activity protected by the First Amendment; deny that any adverse employment action occurred that would not have occurred in the absence of any retaliatory animus; and assert that defendants' conduct was objectively justified by exigent circumstances and probable cause.

The City denies the existence of any unlawful policy or practice alleged by plaintiff and denies that any policy or practice of the City caused any of the alleged constitutional violations against Schoolcraft, as required under the *Monell* doctrine for municipal liability.

Plaintiff cannot prevail on his pendent state law claims because the City Defendants deny plaintiff was assaulted, battered, falsely imprisoned or subjected to intentional infliction of emotional distress, and defendants' conduct was justified under the circumstances.

Defendants' conduct did not meet the elements required for liability for intentional infliction of emotional distress.

The City Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

 At all relevant times, the City Defendants acted reasonably, properly, lawfully and in good faith in the exercise of their discretion, and as such, the City is entitled to governmental immunity.

Plaintiff provoked any incident.

Any injury alleged to have been sustained by plaintiff resulted from his own culpable or negligent conduct, or the culpable or negligent conduct of third parties and was not the proximate result of any act of the City Defendants.

Plaintiff has failed to mitigate his damages.

Punitive damages may not be assessed against the City of New York.

Declaratory or injunctive relief is not appropriate in this action.

### C. **Defendant Mauriello's Defenses**

Plaintiff's unlawful entry claim against defendant Mauriello must fail because defendant Mauriello did not direct any NYPD personnel to enter plaintiff's apartment and his entry into plaintiff's home for approximately three minutes was justified by the exigent circumstances.  He also would have had no reason or justification for intervening in the entry of the apartment by the other NYPD personnel, and in any event would not have done so since he was not in charge at the scene and was not the highest ranking NYPD officer present at the scene.  He also is entitled to qualified immunity from liability for entering the apartment and for not intervening to stop the other NYPD personnel from entering the apartment due not just to the exigent circumstances and the fact that he was not the highest ranking officer at the scene, but also because he acted at all times in good faith in furtherance of his duties and responsibilities as an officer of the NYPD out of concern that plaintiff may have been a danger to himself and/or others.

Defendant Mauriello has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

At all relevant times, defendant Mauriello acted reasonably, properly, lawfully and in good faith in the exercise of his discretion, and therefore is entitled to qualified immunity.

Plaintiff engaged in malicious, deceitful, fraudulent conduct to achieve inappropriate results, and orchestrated the events that culminated in the NYPD entering his apartment, which they did in good faith out of concern for the apparent danger he posed to himself and/or others.  Thus, any injury alleged to have been sustained by plaintiff resulted from his own culpable conduct.

To the extent plaintiff suffered any harm not due to his own culpable conduct, it would have been caused by the culpable conduct of third parties, and was not the proximate result of any act or failure to act of defendant Mauriello.

Even if defendant Mauriello were liable for participating in the first entry into plaintiff's apartment, the harm cause to plaintiff by Mauriello's presence in the apartment was de minimus and would not justify any award to plaintiff other than nominal damages.

Plaintiff has failed to mitigate his damages.

There is no basis for the jury to give any consideration to an award of punitive damages in favor of plaintiff against defendant Mauriello.

**D.  Defendant Jamaica Hospital Medical Center's Defenses**

Plaintiff cannot maintain a cause of action directly against Jamaica Hospital for medical malpractice because plaintiff does not make any allegations of medical malpractice as to any specific members of the Jamaica Hospital staff separate from the codefendant psychiatrists, and there are no issues of fact regarding the care rendered by the Jamaica Hospital residents. Moreover, the care provided by the Jamaica Hospital staff and residents was at all times proper, appropriate, timely, and within the standard of care. In addition, plaintiff cannot maintain a cause of action for false arrest or false imprisonment because plaintiff has not presented any evidence that Jamaica Hospital committed medical malpractice, and because plaintiff's detention was otherwise privileged. Plaintiff also cannot maintain a cause of action for negligent hiring, training, or supervision because plaintiff's Third Amended Complaint does not contain any allegations that the codefendant psychiatrists or any of the Jamaica Hospital staff had, or should have known of, a propensity to improperly hospitalize patients or to commit false arrest or false imprisonment; plaintiff has not submitted any evidence of Jamaica Hospital's hiring, training, supervision or retention policies, and plaintiff has not alleged and cannot demonstrate that any of the Jamaica Hospital staff or the codefendant psychiatrists were acting outside the scope of their employment when they treated the plaintiff.

Jamaica Hospital has also pled and maintains the following Affirmative Defenses:

1.      Defendant JAMAICA HOSPITAL MEDICAL CENTER denies liability, but if liability is found against this defendant and the liability is found to be 50% or less of the total liability assigned to all persons liable, then this defendant invokes the limits on liability for noneconomic loss set forth in CPLR §1601.

2.      That defendant asserts the terms, provisions, limitations and rights contained in §4545 of the CPLR.

3.      Whatever injuries plaintiff may have sustained at the time and place alleged in the second amended complaint were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff.

4.      Defendant reserves its rights pursuant to CPLR 3017(c) to move to strike plaintiff's AD DAMNUM clause and all other reference to specific amounts of monetary damages in plaintiff second amended complaint.

5.      Defendant objects to all punitive language, as defendant was not negligent, careless nor reckless. Defendant reserves its right to strike any and all punitive language from the second amended complaint and all future pleadings.

6.      Defendant THE JAMAICA HOSPITAL MEDICAL CENTER is immune from suit under the doctrines of qualified and absolute immunity.

7.      Defendant THE JAMAICA HOSPITAL MEDICAL CENTER at all times acted in good faith and with justification.

8.      The actions by defendant THE JAMAICA HOSPITAL MEDICAL CENTER were privileged under Article 9 of the Mental Hygiene Law.

**E.  Defendant Bernier's Defenses**

**1.  Federal Claims**

The federal claims against Dr. Isakov were dismissed by the prior order of this court.

## 2. State Law Claims

Adrian Schoolcraft claims that Dr. Aldana-Bernier departed from the standards of accepted medical practice in her decision to admit Adrian Schoolcraft to Jamaica Hospital pursuant to Section 9.39 of the NYS Mental Hygiene Law. Adrian Schoolcraft also claims that Dr. Aldana-Bernier is liable for false imprisonment by virtue of his involuntary admission to Jamaica Hospital.

Dr. Aldana-Bernier claims that her decision to admit Adrian Schoolcraft to Jamaica Hospital pursuant to Section 9.39 of the NYS Mental Hygiene Law was consistent with the standards of accepted medical practice. Dr. Aldana-Bernier also claims that her decision to involuntarily admit Adrian Schoolcraft to Jamaica Hospital is privileged because she did not commit medical malpractice.

## 3. Declaratory Relief

Adrian Schoolcraft further seeks a declaration that the conduct of, inter alia, Dr. Aldana-Bernier was unlawful.

Dr. Aldana-Bernier claims that the Court lacks jurisdiction over this claim as the Declaratory Judgment Act does not in itself provide subject matter jurisdiction, but simply provides a remedy for disputes already within realm of federal jurisdiction. Since all federal claims were dismissed against Dr. Aldana-Bernier, there is no subject matter jurisdiction over this claim. 28 U.S.C.A. § 2201, § 2202. Supplemental jurisdiction allows for a hearing of the state law claims (28 U.S.C. § 1367), but this does not provide a basis for jurisdiction for the federal declaratory relief sought.

## 4. Affirmative Defenses

Dr. Aldana-Bernier claims that the plaintiff contributed to the events referred to in the TAC by culpable conduct, both intentional and negligent, are as a result, plaintiff's damages, if any, are mitigated by New York CPLR Article 14-A.

Dr. Aldana-Bernier pleads Article 16 of the CPLR in mitigation of damages so that joint tortfeasors are liable only for the relative share of damages for non-economic loss related to the culpable conduct of each, in proportion to that of all.

Upon information and belief, plaintiff has received remuneration and/or compensation for some or all of his claimed economic loss and answering defendant is entitled to have any verdict or judgment reduced by the amount of that remuneration or compensation pursuant to Civil Practice Law and Rules § 4545.

Dr. Aldana-Bernier asserts that the plaintiff, by his actions and conduct failed to cooperate with the physicians who evaluated him at JAMAICA HOSPITAL MEDICAL CENTER and failed to give them important information that a reasonably prudent person, under the same or similar circumstances, would have given.  By reason of the foregoing the plaintiff

10

ADRIAN SCHOOLCRAFT knowingly and voluntarily assumed the risk of confinement and the events referred to in the Amended Complaint, so as to bar the action; or, in the alternative, to mitigate damages herein.

### F. Defendant Isakov's Defenses

#### 1. Federal Claims

The federal claims against Dr. Isakov were dismissed by the prior order of this court.

#### 2. State Law Claims

Adrian Schoolcraft claims that Dr. Isakov departed from the standards of accepted medical practice in his decision to confirm the admission of Adrian Schoolcraft to Jamaica Hospital pursuant to Section 9.39 of the New York State Mental Hygiene Law. Adrian Schoolcraft also claims that Dr. Isakov is liable for false arrest and imprisonment by virtue of Schoolcraft's involuntary admission to Jamaica Hospital.

Dr. Isakov claims that his decision to confirm the admission of Adrian Schoolcraft to Jamaica Hospital pursuant to Section 9.39 of the New York State Mental Hygiene Law was consistent with the standards of accepted medical practice. Dr. Isakov also claims that his decision to confirm the admission of Adrian Schoolcraft to Jamaica Hospital is privileged because he did not commit medical malpractice. In this regard defendant Isak Isakov, M.D. contends that all of his care and treatment of the patient, and all decisions made with respect to Adrian Schoolcraft, were in accordance with the standards of practice in the community within which he practices.

#### 3. Declaratory Relief

Adrian Schoolcraft further seeks a declaration that the conduct of, inter alia, Dr. Isakov was unlawful.

Dr. Isakov claims that the Court lacks jurisdiction over this claim as the Declaratory Judgment Act does not in itself provide subject matter jurisdiction, but simply provides a remedy for disputes already within the realm of federal jurisdiction. Since all federal claims were dismissed against Dr. Isakov, there is no subject matter jurisdiction over this claim. 28 U.S.C.A. §§ 2201, 2202. Supplemental jurisdiction allows for a hearing of the state law claims (28 U.S.C. § 1367), but this does not provide a basis for jurisdiction for the federal declaratory relief sought.

#### 4. Affirmative Defenses[7,8]

---

[7] By identifying a defense in this Pre-Trial Order, defendant Isakov does not concede that the contention listed is an affirmative defense or that he has the burden of proof as to the contention.

[8] Plaintiff objects to these affirmative defenses to the extent not set forth in the pleadings.

Dr. Isakov claims that the plaintiff contributed to the events referred to in the TAC by culpable conduct, both intentional and negligent, are as a result, plaintiff's damages, if any, are mitigated by New York CPLR Article 14-A.

Dr. Isakov pleads Article 16 of the CPLR in mitigation of damages so that joint tortfeasors are liable only for the relative share of damages for non-economic loss related to the culpable conduct of each, in proportion to that of all.

Upon information and belief, plaintiff has received remuneration and/or compensation for some or all of his claimed economic loss and answering defendant is entitled to have any verdict or judgment reduced by the amount of that remuneration or compensation pursuant to Civil Practice Law and Rules § 4545.

That the plaintiff, by his actions and conduct failed to cooperate with the physicians who evaluated him at JAMAICA HOSPITAL MEDICAL CENTER and failed to give them important information that a reasonably prudent person, under the same or similar circumstances, would have given.  By reason of the foregoing the plaintiff ADRIAN SCHOOLCRAFT knowingly and voluntarily assumed the risk of confinement and the events referred to in the Amended Complaint, so as to bar the action; or, in the alternative, to mitigate damages herein.

### G.  Defendant Mauriello's Counterclaims

The Court granted summary judgment to plaintiff dismissing defendant Mauriello's counterclaims for tortious interference with Mauriello's relationship with the NYPD and for prima facie tort.  Defendant Mauriello has moved for reconsideration of that decision and for reinstatement of his counterclaims.  A decision has not yet been rendered.

### v.     Trial by Jury

Plaintiff's Statement

The parties have demanded a jury trial, which is expected to require approximately thirty days.

Defendants' Statement

The case is to be tried before a jury and, if all of plaintiff's claims are tried as asserted, the trial is expected to last forty (40) trial days.

Defendant Jamaica Hospital anticipates one week to present its defense.

Defendant Isakov anticipates two to three days to present his defense.

### vi.    Consent to Trial by Magistrate Judge

The parties have not consented to a trial before a magistrate judge.

### vii.   Stipulations of Fact

None.

**viii.    Witnesses**

**A.  <u>Plaintiff's Witnesses</u>**[9]

1.  Aldana-Bernier, Lilian
2.  Broschart, Christopher
3.  Bukunola, Okuwobi, LPN
4.  Calderone, Virnalyn RN
5.  Cagno, David
6.  Carter, Monique
7.  Caughey, Timothy
8.  Cooper, Alan – NYC 30(b)(6)
9.  Duncan, Kurt
10. Eterno, John PhD[10]
11. Ferrara, Joseph
12. Greene, Keith
13. Gough, William
14. Hacker, Scott
15. Halpren-Ruder, Daniel MD
16. Hanlon, Elise
17. Huffman, Rasheeda
18. Isakov, Isak
19. Kehoe, Kevin J. Det. Queens
20. James, Shantel
21. Lamstein, Catherine MD
22. Lauterborn, Theodore
23. Ledbetter, RN Glenda
24. Lubit, Roy MD
25. Lwin, MD Khin Mar
26. Maffia, Anthony, JHMC 30(b)(6)
27. Marino, Michael
28. Marquez, Jessica EMT
29. Mattews, Craig
30. Mauriello, Steven
31. Milone, William NYC 30(b)(6)
32. Nelson, Gerald
33. Nwaishienyi, Silas MD
34. Patel, Indira MD
35. Murpi, Michael –NYC 30(b)(6)

---

[9] This is a list of witnesses that the plaintiff may call or seek to call to trial.

[10] Defendants reserve all objections as to plaintiff's witnesses and their testimony.  The City Defendants object, *inter alia*, to the plaintiff's designation of two expert witnesses on the same subject matter – John Eterno and Eli Silverman.

36. Polanco, Adhyl
37. Rinehart, Nedie, RN
38. Sangeniti, Salvatore, EMT
39. Sawyer, Frederick
40. Schoolcraft Adrian
41. Schoolcraft, Larry
42. Serrano, Pedro
43. Silverman, Eli PhD[10]
44. Stremoyer, Carol
45. Stretmoyer, Ted
46. Stukes, Raymond
47. Tariq, Khwaja Khusro MD
48. Trainor, Timothy
49. Valenti, Dominic
50. Whalen, Bernard – NYC 30(b)(6)l
51. Weiss, Steven
52. Witnesses Identified by Defendants
53. Witnesses Required to Authenticate Exhibits
54. Wittman, David
55. Woodruff, Brian RN
56. Yeager, Robert

## B. City Defendants' Witnesses[11]

---

[11] Pursuant to the Court's individual practices, this list includes only witnesses that may be called in the City Defendants' case-in-chief.  The City Defendants reserve the right to call at trial any witness listed by any other party, and any individual or entity who is a party at the time of filing of this JPTO, whether or not that party remains a party at the time of trial.  This witness list is contingent on the court's rulings before and after trial and the development of the evidence at trial.  The listing of a witness is not a concession that the witness may be properly called by another party in all parts of the trial or for all purposes.  Defendants reserve the right to not call listed witnesses or to supplement this witness list in the future.  City Defendants reserve the right to designate the deposition testimony of any witness who is unavailable for trial.  A motion for bifurcation of the trial into a main phase and *Monell* phase is pending,

| | Witness to be offered in the City Defendants' Case in Chief[12] | Testimony in Person or by Deposition |
|---|---|---|
| 1. | Michael Marino | In person |
| 2. | William Gough | In person |
| 3. | Gerald Nelson | In person |
| 4. | Kurt Duncan | In person |
| 5. | Timothy Trainor | In person |
| 6. | Theodore Lauterborn | In person |
| 7. | Frederick Sawyer | In person |
| 8. | Christopher Broschart | In person |
| 9. | Timothy Caughey | In person |
| 10 | Shantel James | In person |
| 11 | Elisa Hanlon | In person |
| 12 | Joseph Cuiffio, M.D. | In person |
| 13 | Jean Delafuente | In person |
| 14 | Rasheena Huffman | In person |
| 15 | Catherine Lamstein | In person |
| 16 | Alroy Scott | In person |
| 17 | David Cagno | In person |
| 18 | William Meyer | In person |
| 19 | Marie Devino | In person |
| 20 | Hertzl K. Sure, M.D. | In person |
| 21 | Grigorly Bardash | In person |
| 22 | Kevin Sinclair | In person |
| 23 | Robert Krohley | In person |
| 24 | Marc Cruz | In person |
| 25 | Russell Thatcher | In person |
| 26 | Michael Barbara | In person |
| 27 | John Beirne | In person |
| 28 | Alan Cooper | In person |
| 29 | Michael Brill | In person |
| 30 | Joseph Esposito | In person |
| 31 | Cynthia Watson | In person |
| 32 | Aetna Inc. (by a representative) | In person |

and certain witnesses may be called only in the *Monell* phase of the trial.  The City Defendants reserve the right to offer deposition testimony in lieu of in person testimony insofar as permitted by the Federal Rules of Civil Procedure, and reserve the right to use deposition testimony on cross-examination.

[12] To the extent that the witness was not identified as a witness in the defendant's disclosures, plaintiff objects to the designation of such a witness.  To the extend that any defendant intends, conditionally or otherwise, to designate and read a portion of any deposition, then the plaintiff objects on the ground that the defendants have failed to designate by page and line any such deposition designations.  To the extent that the defendant is permitted to read any designated portions of deposition testimony, plaintiff reserves the right to provide counter-designations.

| | Witness to be offered in the City Defendants' Case in Chief[12] | Testimony in Person or by Deposition |
|---|---|---|
| 33 | Catherine Stayton | In person |
| 34 | John Flynn | In person |
| 35 | Louis W. Luciani | In person |
| 36 | Larry Schoolcraft | In person (by deposition if not made available) |
| 37 | Linda Nevels | |
| 38 | Robert O'Hare | In person |
| 39 | Thomas Hanley | In person |
| 40 | Arthur Sadowsky | In person |
| 41 | Alex Perez | In person |

## C. Defendant Mauriello's Witnesses[13,14]

Joseph J. Albanese, NYPD
Fadil Astor, NYPD
Michael Barbara, NYPD
Sgt. Bonilla, NYPD
P.O. Bonhomete
Curtis Boston, NYPD
Richie Braun, NYPD (retired)
Michael Brill, NYPD
Christopher Broschart, NYPD
Robert Brower, NYPD
Anthony Caggiano, NYPD
Daniel Carion, NYPD
Monique Carter, NYPD
Timothy Caughey, NYPD
P.O. Chan, NYPD
Wayne Chu, NYPD
Shawn Charlson, NYPD
Dr. Joseph Ciuffo, NYPD
Alan Cooper, NYPD
Thomas Crawford, NYPD
John Crisalli, NYPD
Mary Cronin, NYPD (retired)
Robert Deck, NYPD
Jean Delafuente, NYPD

---

[13] Defendant Mauriello reserves the right to call any other witnesses listed by any other party to this action during his case in chief depending on trial developments.

[14] To the extent that the witness was not identified as a witness in the defendant's disclosures, plaintiff objects to the designation of such a witness.

Brandon Delpozo, NYPD
Marie Devino, NYPD
Kurt Duncan, NYPD
Kevin Finnegan, NYPD
William Gaspari, NYPD
Edgar Gonzalez, NYPD
William Gough, NYPD
Keith Green, NYPD
David Grossi, NYPD (retired)
Lieut. Scott Hacker, NYPD
Dr. James Halfpenny
Emily Harris, NYPD
Raymond Hawkins, NYPD
Tony Herbert
Glenda Hollaman, NYPD
Rasheena Huffman, NYPD
Thomas Karakis
Sgt. Robert Krohley, NYPD
Dr. Catherine Lamstein
Lieutenant Lee, NYPD EIU
Dirya Lewis, NYPD
Louis Luciani, NYPD
Michael Marino, NYPD
Rafael Mascol, NYPD
William Meyer, NYPD
Michael Miller, NYPD
Gerald Nelson
Larry Nikunen, NYPD
Sylvia Nowacki, NYPD
Kathleen O'Connor, NYPD
Lera Potts
Dr. Propper, NYPD
Michael Purpi, NYPD
Roy Richter, NYPD
Yadira Rodriguez, NYPD
Douglas Rolston, NYPD
P.O. Rudy, NYPD
Salvatore Sangeniti
Antoinette Santana, NYPD
P.O. Scandol
Larry Schoolcraft[15]
Julie Schwartz

---

[15] If plaintiff does not agree to produce Larry Schoolcraft to testify at trial, the City Defendants will seek a missing witness charge and the Court's permission to read portions of his deposition transcript, to be designated.

Alroy Scott, NYPD
Shaundel Seymour, NYPD
Wendell Seymour, NYPD
Kimberly Smith, NYPD
Carol Stremoyer
Ted Stretmoyer
Raymond Stukes, NYPD
Dr. Herzel Sure
Jason Surillo, NYPD
Daryl Sweeney
Butch Thompson
Dominic Valenti, NYPD
Pelocka Binns, NYPD
Steven Weiss, NYPD
David Wittman, NYPD

**D. Defendant Jamaica Hospital Medical Center's Witnesses**[16]

    a. Dr. Khin Mar Lwin
    b. Dr. Vinod Dhar
    c. Dr. Khwaja Kurso Tariq
    d. Dr. Renata Slowik
    e. Dr. Silas Nwaishianyi
    f. Dr. Javaldia Yazdani
    g. Dr. Shushan Hovanesian
    h. Nurse Amy Marie Phillips
    i. Nurse Vimalyn Calderona
    j. Nurse Glenda Ledbetter
    k. Nurse Nadia Rinehart
    l. Nurse Sharon Barnaby
    m. Nurse Dante Fabunan
    n. Nurse Brian Woodruff
    o. Nurse Michael Calise
    p. Ms. Christine McMahon
    q. Salvatore Sanginetti
    r. Jessica Marquez
    s. Dr. Robert Levy
    t. Defendant JHMC reserves the right to call any and all additional witnesses noticed by the other parties

**E. Defendant Aldana-Bernier's Witnesses**

    Dr. Lilian Aldana-Bernier
    Catherine Lamstein, PhD

---

[16] To the extent that the witness was not identified as a witness in the defendant's disclosures, plaintiff objects to the designation of such a witness.

Dr. Indira Patel
Dr. KhinLwin
Dr. Khwaja Tariq,
Dr. IsakIsakov
Dr. Laurence Tancredi

## F.  Defendant Isakov's Witnesses

a.  Isak Isakov, M.D., in person
b.  Frank Dowling, M.D., in person.
c.  Dr. Lilian Aldana-Bernier, in person
d.  Dr. Indira Patel, in person
e.  Dr. Khwaja Tariq, in person
f.  Dr. Vinot Dhar, in person
g.  Christine McMahon, in person.
h.  Dr. Silas Nwaishianyi, in person
i.  Sgt. Wayne Chu, in person
j.  Defendant Isakov reserves the right to call any other witnesses listed by any other party to this action during our case in chief depending on trial developments.


## ix.    Designation of Deposition Testimony[17]

## A.  City Defendants' Designations

*See* footnote 11.  *See also* footnote 12.

## B.  Defendant Jamaica Hospital Medical Center's Designations

The following deposition testimony may be offered for Jamaica Hospital's defense:

a. Dr. Khin Mar Lwin
b. Dr. Vinod Dhar
c. Salvatore Sanginetti
d. Jessica Marquez
e. Adrian Schoolcraft
f. Dr. Isak Isakov
g. Dr. Lilian Aldana-Bernier
h. Elise Hanlon
i. Dr. Indira Patel
j. Dr. Catherine Lamstein

---

[17] The City Defendants request that plaintiff make Larry Schoolcraft available to testify at trial.  If plaintiff will not or unable to produce Larry Schoolcraft to testify at trial, then the City Defendants will present his testimony by deposition, and will designate such testimony if plaintiff refuses to produce the witness, reserving all other remedies with respect to Larry Schoolcraft.

k. Defendant JHMC reserves the right to utilize any and all additional deposition testimony offered by the other parties

### C. Defendant Isakov's Designations

The defendant Isak Isakov may offer portions of the deposition testimony of the following in his case in chief:

a.  Adrian Schoolcraft
b.  Lilian Aldana-Bernier, M.D.
c.  Dr. Catherine Lamstein
d.  Indira Patel, M.D.
e.  Vinod Dhar, M.D.
f.  Adrian Schoolcraft
g.  Larry Schoolcraft
h.  Defendant Isakov reserves the right to utilize any and all additional deposition testimony offered by the other parties

*                    *                    *

Plaintiff objects to the "designations" by defendants of "portions" of these depositions on the ground that the designation is insufficient to frame an objection.  To the extent the designation is of the entire deposition transcript, the plaintiff objects on FRE 403 grounds of a waste of time.  To the extent that the designation is of a defendant's own testimony or that of witness identified with a co-defendant, plaintiff objects on the ground that the party should be required to testify live or not at all, that unavailability has not been established and that the evidence is hearsay.  To the extend that any defendant intends, conditionally or otherwise, to designate and read a portion of any deposition, then the plaintiff objects on the ground that the defendants have failed to designate by page and line any such deposition designations.  To the extent that the defendant is permitted to read any designated portions of deposition testimony, plaintiff reserves the right to provide counter-designations.

x.   **Exhibit Lists**

A. **Plaintiff's Exhibit List[18]**

---

[18] These exhibits, recordings and other evidence are being identified in the list subject to redaction on relevancy or undue prejudice grounds or in accordance with the defendants' objections to the admissibility of certain portions therein and/or in accordance with the Court's evidentiary rulings at and before trial.

| PTX | Description | Objections[19] |
|---|---|---|
| 1 | Lauterborn Memo 10-31-09 (PDX 16) | ** |
| 2 | Fitness for Duty Report 10-31-09 by Lauterborn (PDX 24) | ** |
| 3 | Fitness for Duty Report by Broschart (PDX 134) | ** |
| 4 | Brown Letter to Mauriello 3-1-09 (PDX 22; PMX 8; PDX 57)) | * |
| 5 | Command Disciplines Issued to Schoolcraft in 2009 (PMX 9; PDX 168) | * |
| 6 | Schoolcraft Report 8-20-09 to IAB re Caughey and Weiss (PDX 40; PMX 15) | |
| 7 | Schoolcraft Performance Evaluations (PMX 1) | * |
| 8 | Schoolcraft Report, dated 9-2-09 (PMX 14; PDX 58) | * |
| 9 | Schoolcraft Sick Report 10-31-09 (PDX 26) | * |
| 10 | Schoolcraft Monthly Activity Logs (PMX 5; PDX 21) | ** |
| 11 | Schoolcraft Memo to Mauriello 9-2-09 re request to appeal (PDX 13) | * |
| 12 | Crime Numbers for October 31, 2009 (POX 45) | * |
| 13 | Cagno Report 9-2-09 re Schoolcraft Report (NYC 4316-19) | * |
| 14 | Yeager Memo Book (NYC 3724-26) | |
| 15 | Caughey Memorandum, dated 10-19-09 (PMX 17) | * |
| 16 | IAB Log on Menacing (POX 57) | |
| 17 | Handwritten Notes of Queens DA Interview of Lauterborn 10-13-11 (PDX 23) | |
| 18 | Memo on Huffman Interview by QAD (NYC 5183-5184) | * |
| 19 | Notice Placing Schoolcraft on Restricted Duty (NYC 3005 & 3010) | ** |
| 20 | Report to IAB by Duncan (POX 7) | * |
| 21 | Lamstein Handwritten Notes (PDX 29) (D000282-87) | |
| 22 | Schoolcraft W-2s for 2005-2008 | |
| 23 | Hertzel Sure, M.D. Records (to be subpoenaed) | |
| 24 | Forest Hills Medical Record (to be subpoenaed) | |
| 25 | Huffman Roll Call (PDX 64) | |
| 26 | Huffman Interview Memo by Scott (PDX 63) | * |
| 27 | Event Timeline (PDX 39) | |
| 28 | Operations Incident Report 10-31-09 (PDX 27) | * |
| 29 | Schoolcraft Memo Book (PDX 44)  (D00189-238) | |

---

[19] Defendants object to those of plaintiff's exhibits that have not been sufficiently identified, in which case no asterisk is listed.  Should these exhibits later be identified and admitted into evidence over objection, defendants reserve the right to supplement their own exhibit or witness lists in response to the additional evidence.

| 30 | Schoolcraft Memo Book for 8-11-09 to 10-31-09 (PDX 45) (NYC 8614-55) | |
| 31 | Intentionally Deleted | |
| 33 | IAB Campisi reprimand of Mauriello 10-28-08 (PDX 49) | * |
| 34 | Roll Call Transcripts on Mauriello (PDX 50) | |
| 35 | Gough Investigative Report 2-12-10 (PDX 99) | |
| 36 | Intentionally Deleted | |
| 37 | Yeager ESU Report 11-1-09 (NYC 3723) | * |
| 38 | Performance Monitoring Memo on Schoolcraft 10-14-09 (PDX 59) | ** |
| 39 | Mauriello Memo on Performance Monitoring  (PDX 60) | * |
| 40 | Roll Call by Huffman 10-12-09 (PDX 64) | |
| 41 | Command Log for 81st Precinct on 10-31-09 (PDX 62) | * |
| 42 | IAB Investigative Findings 2-13-13 (PDX 37) | * |
| 43 | Intentionally Deleted | |
| 44 | 911 Sprint Report for 10-31-09 (PDX 66) | * |
| 45 | Lamstein File on Schoolcraft (PDX 68) | |
| 46 | Report by BNIU (PDX 76) | |
| 47 | Aided System Search Report (PDX 80) | |
| 48 | 911 Sprint Report for 10-31-09 (PDX 81) | |
| 49 | BNUI Email re Upstate Visits (PDX 82) | |
| 50 | Caughey Report to IAB re Schoolcraft Benefits Application (PDX 89) | |
| 51 | IAB Report on Caughey Report on Schoolcraft (PDX 91) | |
| 52 | BNUI Report on Gough and Duncan Upstate Trip on 1-20-10 (PDX 95) | |
| 53 | Trainor Report on Request to Mauriello to Seal Schoolcraft's Lockers (PDX 97) | |
| 54 | BNIU Report on Gough and Duncan Upstate Trip on 2-12-10 (PDX 99) | |
| 55 | BNIU Report on Certified Mailing of Notice to Schoolcraft on 6-17-10 (PDX 101) | |
| 56 | Intentionally Deleted | |
| 57 | Duncan Report to IAB 10-31-09 re Schoolcraft Suspension (PDX 114) | * |
| 58 | James Memo Book for 11-1-09 (PDX 117) | |
| 59 | Leader Herald Article on Schoolcrafts (PDX 126) | |
| 60 | BNIU Report on Duncan et al upstate trip on 1-13-10 (PDX 138) | * |
| 61 | Devino Fax of Appeal Request 6-24-10 (PDX 153) | |

| 62 | Activity for 81st Precinct Police Officers: Arrests, Summons and 250s (PDX 161) | |
|---|---|---|
| 63 | IAB Summary of Patrol Guide on Investigations (PDX 166) (NYC 12656-58) | * |
| 64 | QAD Report (PDX 169) [redacted] | * |
| 65 | IAB Report (PDX 170) [redacted] | * |
| 66 | Confidential Attorney Eyes Only Productions filed under seal (PMX 16; PMX 144 & 170; PDX 169) | |
| 67 | Lamstein Notes (PMX 22; PDX 29) | |
| 68 | Intentionally Deleted | |
| 69 | Intentionally Deleted | |
| 70 | IAB Memo on Nelson (POX 6) | |
| 71 | Intentionally Deleted | |
| 72 | Memo by BNIU (POX 15; PDX 82) | * |
| 73 | Intentionally Deleted | |
| 74 | Intentionally Deleted | |
| 75 | Operation Report (POX 27; PDX 27) | * |
| 76 | 911 Sprint Report (POX 28; PDX 66) | * |
| 77 | ESU Report (NYC 3535; part of POX 30) | * |
| 78 | Scott Memo, dated 11-3-09 (POX 33) | * |
| 79 | Mollen Commission Report (excerpts) (POX 36) | |
| 80 | Intentionally Omitted | |
| 81 | IAB Police Corruption Report (POX 38) | |
| 82 | Intentionally Deleted | |
| 83 | Charges and Specification and Mailing (POX 43) | * |
| 84 | Roll Call Transcripts (POX 58; PDX 50) | |
| 85 | Schoolcraft Oath of Office, dated 7-1-02 (D00001) | * |
| 86 | Expense Report for 12-11-09 trip to Johnstown (425 miles) (D001763) | |
| 87 | Request for Hostage Negotiation Team 10-31-09 at 21:35 for barricaded EDP (NYC 2285-87) | * |
| 88 | Intentionally Deleted | |
| 89 | Intentionally Deleted | |
| 90 | Intentionally Deleted | |
| 91 | Intentionally Deleted | |
| 92 | Sadowski Memo Book (NYC 3707-09) | * |
| 93 | Arbitration Opinion and Award (NYC 12475-12502) | * |
| 94 | Charges and Specification (POX 8) | |
| 95 | Schoolcraft Memo Book (POX 22; PDX 45) | |

23

| 96 | Broschart Memo Book (PDX 135) (D505-507) | * |
| 97 | Property Voucher for Keys (PDX 136) | * |
| 98 | Photo of Hospital (PDX 118) | |
| 99 | Photo of Hospital (PDX 119) | |
| 100 | Photo of Hospital (PDX 120) | |
| 101 | Hospital Nursing Notes (PDX 121) | * |
| 102 | Intentionally Deleted | |
| 103 | Lwin Consultation Report (PDX 123) | * |
| 104 | Command Log for 81st Precinct for October 27, 2009 | |
| 150 | PG 205-56-Evaluation Procedures (PDX 6) | * |
| 151 | PG 205-48 MOS Evaluations | |
| 152 | PG 205-07 – Monthly/Quarterly Rating System (PDX 15) | * |
| 154 | PG 202-15 – ICO duties (PDX 35) | * |
| 155 | PG 320-31 – ICO Assignment Process (PDX 36) | * |
| 155 | PG 202-09 – CO duties (PDX 56) | * |
| 156 | PG 205-18 Absent Without Leave (PDX 3) | * |
| 157 | PG 205-01 Reporting Sick (PDX 4) | * |
| 158 | PG 205-58-Appeal Procedures    (PDX 5) | * |
| 159 | PG 216-05-EDP Rules (PDX 7) | * |
| 160 | PG 206-13 – Interrogation of MOS (PDX 158) | * |
| 161 | Performance Guide for NYPD Captain to Deputy Chief (PDX 159) | * |
| 162 | PG 205-238 (POX 34; PDX 163) | ** |
| 163 | PG – Excessive Force Rules | |
| 200 | JHMC Chart (PDX 69) | |
| 201 | JHMC Policy on § 9.39 (PDX 70) | |
| 202 | JHMC Policy re Restrictions on Visits, etc (PDX 72) | |
| 203 | JHMC Policy – Psych Unit Rules (PDX 74) | |
| 204 | Nursing Note 11-1-09 2 am & 5:54 am (PDX 121) | |
| 205 | JHMC ER Nursing Notes (from Chart) | |
| 206 | PCR Report (darker version) (PDX 125) | |
| 207 | JHMC Emergency Admission Procedures (PDX 130) | |
| 208 | Memo (POX 16; PDX 92) | |
| 209 | JHMC Policy of Use of Restraints (PDX 152) | |
| 210 | Section 9.39 Form Signed by Bernier and Isakov (PDX 171) | |
| 211 | Jamaica Hospital Medical File or Chart (PMX 69; PDX 69) | |
| 212 | Emergency Admission Form (PMX 38; PDX 171) | |
| 213 | Jamaica Hospital Manual (PMX 39; PDX 70) | |
| 214 | Form 9.39 executed by Dr. Bernier and Dr. Isakov (POX 19; PDX 171) | |

| 215 | Intentionally Deleted | |
|-----|-----------------------|---|
| 216 | JHMC Restraint Policy (POX 49) | |
| 217 | Form 9.39 (POX 54; PDX 171) | |
| 300 | Home Invasion Recording and Transcript[20,21] | |
| 301 | Google Maps Screen Shots (POX 31) | |
| 302 | Photos:  Schoolcraft Allowed to Handle Guns after Gun Removal | |
| 303 | Lauterborn-L. Schoolcraft Recording and Transcript | |
| 304 | Appeal Meeting 2-25-09 Recording | |
| 305 | Photos – 81st Precinct (PDX 61) | |
| 306 | Lauterborn-Schoolcraft Recording re Reporting Retaliation | |
| 307 | Photo of Gurney (PDX 120) | |
| 308 | IAB Report on Menacing 10-31-09 | |
| 309 | Mascol-Schoolcraft Reporting re Activity; CD # 70/Lt. Mascol Audacity_Cut_Watch_20Feb2009_LtMascol.wav | |
| 310 | Photos of Schoolcraft Lockers (PDX 142) | |
| 311 | Compact Disc with Recordings (PMX 11) | |
| 312 | Conversation with Huffman  (excerpts from 10-31-09 recording) | |
| 313 | CD of Recordings (POX 5) | |
| 314 | Ferrara Recording re Rat Upstate | |
| 315 | Photos of JHMC – JLS 190, 191,202, 205, 206, 252, 260, 261, 299, 320 | |
| 316 | O'Hare NYPD Upstate Visit; WS.331M-11December2009_NYPD_JPD_Harrassment.wma | |
| 317 | Compstat Video 9-20-07 (CD #17); 10-12-09 (CD #12) (POX 44) | * |
| 318 | IAB Conversation 9-2-09 | |
| 319 | Handcuffs – Silver | |
| 320 | Intentionally Deleted | |
| 321 | Handcuffs – Black | |
| 322 | Voice Message by Lamstein 10-31-09- (CD# 1 DS500011) & (CD # 61; DS.50_31OCTOBER2009_Dr. Lamstin_IAB_6NOV2009 | |
| 323 | Diagram of Apartment | |

---

[20] The transcripts of various recordings are being provided and/or identified without prejudice to the rights of the plaintiff to provide further information about the content of the recordings by testimony, exhibits, or other evidence, including enhancement on the recordings or portions thereof.

[21] The City Defendants object to the use of any modified or "enhanced" recording on the grounds, *inter alia*, of lack of authenticity and on the grounds that no such modified or enhanced recordings have been provided to defendants.

| | | |
|---|---|---|
| 324 | Johnstown PD – PO Millias Visit 12-7-09; CD # 71 WS.33M_7Dec09_1740hrs_JohnstonPoliceDept_P.O.Millian_No. 1.WMA | |
| 325 | Photos of the 81st Precinct – JLS 0050, 70, 75, 108, 109 | |
| 326 | Photos of the Glendale House – JLS 348, 349 | |
| 327 | COMPSTAT Video – Numbers and Activity | |
| 328 | COMPSTAT Video re Halloween Night | |
| 329 | Photo of Olympus Record | |
| 330 | Yeager Interview – CD # 5 | |
| 331 | Home Surveillance Videos – CD # 22 | |
| 332 | Home Surveillance Videos – CD # 32 | |
| 333 | Intentionally Deleted | |
| 334 | Intentionally Deleted | |
| 335 | District Surgeon Meeting on 4-4-09 - WS.331M_Saturday_4APRIL2009_DistrictSurgeon1Lefrak | |
| 336 | O'Hare Banging on Door 12-11-09 – CD # 71 | |
| 337 | Roll Call Excerpts | |
| 338 | Schoolcraft Tape Recordings – CD # 90 Copy of Schoolcraft CD | |
| 339 | Schoolcraft T-shirt (see NYC 11829-44) | |
| 400 | Marino CPI (PDX 8)[22] | * |
| 401 | Marino IAB Resume (PDX 11) | * |
| 402 | Mauriello PG Tr. 8-11-10 (PDX 47) | |
| 403 | Marino PG (PDX 1) | |
| 404 | Mauriello Floyd Tr. 4-2-13 (PDX 48) | |
| 405 | Caughey PPI (PDX 38) | * |
| 406 | Mauriello History (iPro) (PDX 54) | * |
| 407 | Mauriello IAB Resume (PDX 55) | * |
| 408 | Caughey PG Transcript (PDX 33) | |
| 409 | Lauterborn PG Transcript 8-11-10 (PDX 18) | |
| 410 | Marino Floyd TC (PDX 2) | |
| 411 | Mauriello Tr. in Floyd v City of New York (PMX 35; PDX 48) | |
| 412 | Quota Memo for Sergeant Lurch re Arbitration | |
| 413 | Lamstein Intake Forms and Notes | |
| 414 | NYPD PES File Documents (PDX 68) | * |
| 415 | Lamstein Declaration | |

[22] Exhibits in the 400 series are identified as impeachment exhibits and by identifying these exhibits plaintiff is not stating that there are all the impeachment documents that may be used at trial and plaintiff reserves the right to use other documents for impeachment purposes as well as for rebuttal.

| 416 | Lamstein Errata Sheet | |
|---|---|---|
| 417 | Lamstein Interview Summary (NYC 4556-58) | |
| 418 | Mauriello Affidavit (Dkt # 358), dated 12-22-14 | * |
| 419 | Mauriello Affidavit (Dkt. # 385), dated 2-12-15 | * |
| 420 | Marino Command Discipline 11-24-10 (NYC D 00452-53) | * |
| 421 | Decision on Marino Charges (NYC 12965-13095) | * |
| 422 | Scott Background Check on Marino (PDX 10) | * |
| 423 | Team Leader Case Review (PDX 107) | * |
| 424 | Lauterborn IAB Transcript (POX 4; PDX 18) | |
| 425 | Caughey IAB Transcript (POX 23; PDX 33) | |
| 426 | Mauriello PG Transcript (POX 25; PDX 47) | |
| 427 | Lauterborn Interview Memo re 9-17-09 Interview (NYC 5786-89) | * |
| 428 | Yeager Interview Memo (NYC 6023-24) | * |
| 429 | Scott Report of James Interview (PDX 122) | * |
| 430 | Lamstein-Schoolcraft Meeting on 10-27-09 – CD # 65 WS.331M_27OCTOBER2009_3rdAppt-1Lefrak_Dr. Lamstein | |
| 431 | Lamstein-Schoolcraft Meeting on 7-27-09 – CD # 67 DS.50_27JULY2009_MONDAY_Dr.Lamstein_SecondOrderedAppearance | |

## B.  City Defendants' Exhibit List[23,24]

It is the City Defendants' position that, because plaintiff has failed to make any specific objections to the City Defendants' exhibits, plaintiff has waived any and all objections.  The plaintiff disagrees with this position and with the suggestion that the plaintiff failed to make specific objections.

| xi. | **Description** | **Bates or other information** | **\* = No objection on grounds of authenticity \*\* = No objection on any ground[25]** |
|---|---|---|---|
|  |  |  |  |

[23] Pursuant to the Court's individual practices, this list includes only exhibits that the City anticipates offering into evidence in its case-in-chief.  The City Defendants reserve the right to offer and/or use at trial any exhibit listed by any other party, whether or not the party remains a party at the time of trial.  The listing of an exhibit is not an admission that an exhibit is admissible if offered by any other party, or that it is relevant and admissible for all parts of the trial or for all phases or purposes at trial. Defendants reserve the right to not use listed exhibits or to supplement this exhibit list in the future.  This exhibit list is contingent in part on the Court's rulings before and after trial and the development of the evidence at trial.  A motion for bifurcation of the trial into a main phase and *Monell* phase is pending, and certain exhibits may be offered only in the *Monell* phase of the trial. The City Defendants reserve the right to offer certain exhibits in redacted form.

[24] Plaintiff objects to the Defendants' Exhibits on the ground that the City Defendants produced documents for the first time in this litigation without providing the plaintiff with an adequate opportunity to review and object to the documents identified or mentioned by the City Defendants.  After discovery had long closed, on July 3, 2015, the City Defendants produced over 500 pages of documents (NYC 14451-14952) and refused to provide any explanation about where those documents can from.  On August 11, 2015, the City Defendants produced over 200 new pages of documents (NYC 14963-15146) and refused to consent to an adjournment of the pre-trial order deadline.  In addition, the defendants repeatedly peppered the plaintiff with new exhibit list and additions to their witness in the days and hours leading up to the filing deadline.  Finally, when plaintiff suggested that the parties meet and confer over the various issues and objections arising from all the trial exhibits, the defendants informed the plaintiff that they were going to be filing the "joint" pre-trial order unilaterally.   Although the plaintiff has pending an application to adjourn the pre-trial order deadline, we are submitting this document without prejudice.

[25] Plaintiff's specific objections under the Federal Rules of Evidence are asserted based on a citation to the applicable Rule of Evidence.  Thus "403" is an objection on the ground that the exhibit or evidence should be excluded on the grounds set forth in Rule 403 of the Federal Rules of Evidence.  Since plaintiff was denied an adequate opportunity to review the City Defendants' and Mauriello's Exhibits and the defendants declined the opportunity to meet and confer over the evidentiary issues arising from the numerous trial exhibits identified by the parties, plaintiff is not yet in a position to stipulate to the authenticity of those defendants' trial exhibits or otherwise waive any objection to these exhibits.  Plaintiff does not intend to waive any objection merely

| xi. | Description | Bates or other information | * = No objection on grounds of authenticity ** = No objection on any ground[25] |
|---|---|---|---|
| A-1 | Removal of Shield, Full Duty Identification, and Firearms | D000039 | * |
| A-2 | Restricted Duty Medical Order | D0296-0297 | * |
| A-3 | Property Receipt - Discontinuance of Service | D00037 | * |
| A-4 | Return of Firearm | D00035 | ** |
| A-5 | Online Performance Evaluation | D000002-4 | ** |
| A-6 | IA08-39664 | NYC00010388-89 | |
| A-7 | Personnel Profile -- Monitoring Sum. | NYC00003222 | |
| A-8 | Adrian Schoolcraft Personnel Profile | NYC00002727-2748 | |
| A-9 | Voucher for Schoolcraft Weapons – Restricted Duty P610230 | NYC00002857 | |
| B-1 | IAB Log 8/31/09 | NYC00004303 | ** |
| B-2 | Notice Amendment of Charges | NYC00003880-82 | |
| B-3 | Notice Amendment of Charges | NYC00003877-79 | |
| B-4 | Charges/Specifications | D000239 | ** |
| B-5 | Charges/Specifications | D000240 | ** |
| C-1 | Online Perf. Evaluation Syst. | NYC00003321-3323 | ** |
| C-2 | Online Perf. Evaluation Syst. | NYC00003319-3320 | ** |
| C-3 | Online Perf. Evaluation Syst. | NYC00002627-29 | ** |

---

because other specific objections have been made.   Nor does plaintiff intend to limit the plaintiff's motion in limine, either by inclusion or exclusion of any objection herein.

| xi. | Description | Bates or other information | * = No objection on grounds of authenticity **= No objection on any ground[25] |
|---|---|---|---|
| C-4 | Online Perf. Evaluation Syst. | NYC00002630-32 | ** |
| C-5 | PO Monthly Perf. Reports | NYC00002633-2672 | ** |
| D-1 | 81 Pct. UF250 Reports | NYC00012207-10 | ** |
| D-2 | 81 Pct. 2007 Arrest Activity | NYC00012211-14 | ** |
| D-3 | 81 Pct. 2007 C - Summons Activity | NYC00012215-18 | ** |
| D-4 | 81 Pct. 2008 UF250 Activity | NYC00012219-22 | ** |
| D-5 | 81 Pct. 2008 C - Summons Activity | NYC00012223-26 | ** |
| D-6 | 81 Pct. 2008 Arrest Activity | NYC00012227-30 | ** |
| D-7 | 81 Pct. 2009 UF250 Activity | NYC00012231-34 | ** |
| D-8 | 81 Pct. 2009 Arrest Activity | NYC00012235-38 | ** |
| D-9 | 81 Pct. 2009 C - Summons Activity | NYC00012239-42 | ** |
| D-10 | Officer Activity Reports – Schoolcraft | NYC11653-676 | Not produced[26] |
| E-1 | NYPD Voucher #K319299 (gun) | NYC00003242 | |
| E-2 | IAB recording of interview of Adrian Schoolcraft at his residence | M09-1973, Tape 30A | I.D.[27] & not produced |
| E-3 | IAB Log#09-41517 | NYC00004459-60 | |
| E-4 | IAB call Out Report #09-4441 | NYC00004357 | |
| E-5 | Inv. Off. Report | D001908-09 | |

[26] Plaintiff states that by stating any textual objection to an exhibit, plaintiff also intends to preserve objections by omitting a "*" or "**" notation.

[27] "I.D." stands for "insufficient designation."

| xi. | Description | Bates or other information | * = No objection on grounds of authenticity ** = No objection on any ground[25] |
|---|---|---|---|
| E-6 | Inv. Off. Report | D001891-92 | |
| E-7 | Inv. Off. Report | D001885 | |
| E-8 | Inv. Off. Report | D001878 | |
| E-9 | Inv. Off. Report | D001877 | |
| E-10 | PBBN Inv. Report | NYC00004115-16 | |
| E-11 | Inv. Report | D001867 | ** |
| E-12 | Inv. Report | D001868 | |
| E-13 | PBBN Inv. Report | D001865 | |
| E-14 | Inv. Off. Report | D001845-46 | |
| E-15 | Inv. Off. Report | D001826-27 | ** |
| F-1 | Restoration of Duty Letter | D001610 | |
| F-2 | Restoration of Duty Letter | D001611 | |
| F-3 | Restoration of Duty Letter | D001582 | |
| G-1 | Jamaica Hospital Certified Medical Records | NYC3587-3700 | |
| G-2 | Dr. Hertzl Sure Medical Records | NYC2288-2351 | |
| G-3 | Certification of Medical Records by Dr. Hertzl Sure | NYC014966 | |
| G-4 | NYPD Psychological Evaluation File and Related Documents | D000247-262; D00268-275; D00281-316; NYC02950-2991; NYC00013444; NYC0013445-47; NYC00014920 | |
| G-5 | Deposition Exhibits – Photos Exs. F-J | NYC00007545, 47, 50, 56 &58 | Not produced |
| G-6 | Photos of Schoolcraft Apartment | NYC 00007546-NYC00007560 | Not produced |

| xi. | Description | Bates or other information | * = No objection on grounds of authenticity ** = No objection on any ground[25] |
|---|---|---|---|
| G-7 | Supervisor's Complaint Report Command Discipline Election Report | NYC00002853-54 | |
| G-8 | Schoolcraft Memo book | NYC00008615-8656 | ** |
| G-9 | North Shore/Forest Hills Medical Records | NYC2432-2445 | |
| G-10 | Department of Veterans Affairs Medical Records | NYC2352-NYC2431 | |
| H-1 | Hi Point Firearms | http://www.hi-pointfirearms.com/Hi-Point-carbines/9MM_Carbine.html NY14967-14972 | Not produced |
| H-2 | Hi-Point Carbine rifle vouchered as evidence | | Not produced |
| H-3 | Photos of Hi-Point Carbine Rifle equipment, receipt, recording device, etc. | NYC10864-10910 | |
| H-4 | Recording Device Receipts | AS10001-10003 | ** |
| I-1 | Online Performance Evaluation 2005-2006 | NYC14448-NYC14449 | Not produced |
| I-2 | IAB M#09-197/Log#09-41517 | NYC00005924 | |
| J-1 | Compstat Meeting Video | NYC VIDEO 14 | I.D. |
| J-2 | Compstat Meeting Video | NYC VIDEO 15 | I.D. |
| J-3 | Compstat Meeting Video | NYC VIDEO 16 | I.D. |
| J-4 | Compstat Meeting Video | NYC VIDEO 17 | I.D. |
| J-5 | Compstat Meeting Video | NYC VIDEO 19 | I.D. |
| J-6 | Schoolcraft Recording of | DS.50_31OCTOBE | I.D.[28] |

---

[28] The recordings, J-6 to J-10, are also subject to the plaintiff's motion in limine.

| xi. | Description | Bates or other information | * = No objection on grounds of authenticity ** = No objection on any ground[25] |
|---|---|---|---|
| | Precinct Tour of Duty on 10/31/2009 | R2009_DayTour_Lt. Caughey_menacing_ went_Sick..WMA | |
| J-7 | Schoolcraft Recording of Telephone Call with Larry Schoolcraft on 10/31/2009 at Schoolcraft's Apartment | DS.50_31OCTOBE R2009_Home_1640 _hours. | I.D. |
| J-8 | Schoolcraft Recording of Telephone Call with Larry Schoolcraft on 10/7/2009 | DS.50_DownLoad_ 6NOV2009 (Recording by Schoolcraft beginning "7 October 2008 9:38 am" from time 0:00 to 23:00) | I.D. |
| J-9 | IAB Recording of Interview of Adrian Schoolcraft at Hospital 11/2/2009 | NYC011898 | I.D. |
| J-10 | IAB Recording of Interview of Adrian Schoolcraft, Larry Schoolcraft, Hospital Personnel, 11/4/2009 | NYC07565 | I.D. |
| J-11 | Schoolcraft Recording of Meeting with Marie Devino on 10/28/2009 | WS.331M_28OCTO BER2009_WEDNE SDAY_Sgt.Devino_ PBBN_Personel | I.D. |
| J-12 | Schoolcraft Recording of Message Left by Dr. Lamstein on 10/31/2009 | DS.50_31OCTOBE R2009_Dr.Lamstein _VoiceMessage | I.D. |
| K-1 | Level I - Performance Monitoring re PO Schoolcraft | D000062 | ** |
| K-2 | Schoolcraft 2007 complaint re Lt. Jones, ICO 81st Pct | NYC012204-12205 | |
| K-3 | NYPD Legal Bureau Bulletin, Vol 40, No. 2, November 2010 "Amendment to New York State Labor Law Section 215-a, Commonly Referred to as the Quota Bill" | NYC014963-NYC-14965 | Not produced |

| xi. | Description | Bates or other information | * = No objection on grounds of authenticity ** = No objection on any ground[25] |
|---|---|---|---|
| K-4 | April 10, 2006 Schoolcraft Complaint Re Forced Overtime | Produced by Plaintiff Without Bates Number | I.D. |
| L-1 | Summons &Complaint Larry Schoolcraft v. County of Montgomery, 2008-432 (4/5/08) | NYC014973-14977 | |
| L-2 | Summons & Complaint, Larry Schoolcraft v. Fort Worth, Plaintiff's Original Petition and First Amended Petition, Court of Appeal Documents | NYC 00003448-87 | |
| L-3 | Discipline re Substantiated Retaliation Claims | NYC00012827 | |
| L-4 | Q.A.D. Investigations Resulting in Recommendation of Discipline | NYC0014978-NYC014979 | |
| M-1 | Memo Re Retrieval of Firearm from PO Schoolcraft's residence | NYC00004459-60 | |
| M-2 | Crime Complaint Reporting System Reference Guide, December 2004 | NYC00015093-NYC00015146 | |
| M-3 | Sprint Report 10/31/2009 | D001567-68 | ** |
| N-1 | Videotape of 2/3/2015 NYPD visit to Schoolcraft Apartment, 3:46 pm, 3:47 pm, 3:52 pm | File Names: "M2U0017" and "M2U0018" | I.D. |
| N-2 | Videotape of 12/31/2009 In-Person Notification to Schoolcraft by Lt. Hudnell, 3:06 pm, 3:07 pm | File Names: "M2U0079" and "notification by Lt. Hudnell" | I.D. |
| N-3 | PG 203-03 - General Regulations (compliance with orders) | NYC14980 | |
| N-4 | PG 203-10 – Public Contact - Prohibited Conduct | NYC-14981-14982 | |
| N-5 | PG 205-38 - Investigation of | NYC00014983- | |

| xi. | Description | Bates or other information | * = No objection on grounds of authenticity ** = No objection on any ground[25] |
|---|---|---|---|
|  | Incidents of Retaliation Against Members of the Service | NYC00014985 |  |
| N-6 | PG 205-58 - Appeal of Evaluation | PG000701-PG000702 |  |
| N-7 | PG 206-06 Service and Disposition of Charges and Specifications | NYC00014989-90 |  |
|  |  |  |  |
| N-8 | PG 207-21 - Allegations of Corruption and Serious Misconduct | NYC015169-015170 | Not produced |
| N-9 | PG 212-08 - Command Operations ( Activity Logs) | NYC014986-014988 |  |
| N-10 | IAB Guide 620-14 - Programmatic Review Program | NYC014991-14996 | Not procuced |
| N-11 | PG 207-07 - Complaints (preliminary investigation of complaints other than vice related or narcotics complaints, dated 1/01/2000; -Interim Order No. 36 dated 9/10/2001; -Interim Order No. 36-1, S.01 dated 10/17/2002; -Interim Order No. 38 dated 8/15/2003; -Interim Order No. 1 dated 1/10/2005; -Interim Order No. 36 dated 6/28/2007 | NYC015147-15168 | Not produced |
| O-1 | A Forensic Manual for Directors of Community Services for Mental Hygiene Law | NYC014997-15088 | Not produced |
| O-2 | Photographs of Firearm Found in Schoolcraft's | NYC015089-15092 | Not produced |

| xi. | Description | Bates or other information | * = No objection on grounds of authenticity<br>** = No objection on any ground[25] |
|---|---|---|---|
| | apartment | | |

## A.  Defendant Mauriello's Exhibit List[29]

| xii.      MAURIELLO'S PROPOSED TRIAL EXHIBITS (SM 1-SM 239) | PLAINTIFF'S OBJECTIONS |
|---|---|
| 1. 2009 1031 - 104 Radio transmission re checking AS plates NYC00003289 | |
| 2. 2009 1031 - 104th Pct radio run summaries - NYC00002818 | |
| 3. 2009 1031 - 2010 02 03 -- AS Description of Events- NYC 00012189-12203 (to limited extent of admissions made) | |
| 4. 2009 1031 81st Pct Command Log - entire day - NYC00003560-70 | * |
| 5. 2009 1031 81st Pct Command Log- NYC 00003567 | * |
| 6. 2009 1031 81st Pct Scheduled Roll Call roster- NYC 00011854-5 | |
| 7. 2009 1031 911 Calls - Location Analysis – NYC 00003552, 2772-3, 2816-7, 3257 | * |
| 8. 2009 1031 AS Fitness For Duty Report Broschart- D001682 | ** |
| 9. 2009 1031 AS Fitness Report by TL- NYC 00002858 | ** |
| 10. 2009 1031 Brooklyn North Duty Sheet- NYC 00011797-9 | Not produced |
| 11. 2009 1031 Broschart activity log- D000505-7 | * |
| 12. 2009 1031 Cambria memo book- NYC 2286-7 | |
| 13. 2009 1031 Hostage Negotiating Team Request- NYC 2285 | |
| 14. 2009 1031 IAB log re: notification of AS suspension- NYC 00004027 | |
| 15. 2009 1031 Incident record timeline - radio NYC00002772-3 | ** |
| 16. 2009 1031 PO Krohley memo book- D001533-5 | * |
| 17. 2009 1031 Lamstein notes- D000252-7 | I.D. |
| 18. 2009 1031 Lauterborn notes- NYC 00004220-4 | |
| 19. 2009 1031 Lauterborn Unusual Incident Report- D000094-8 | ** |
| 20. 2009 1031 Offenses in 81 and 104 on 10-31-09- NYC 00011908 | ** |
| 21. 2009 1031 Operations Division Incident Report- NYC 00003577-81 | |

---

[29] Pursuant to the Court's individual practices, this list is intended to include only exhibits defendant Mauriello may seek to offer into evidence in his defense-in-chief to plaintiff's claims.  Some may be used only for impeachment purposes.

| | |
|---|---|
| 22. 009 1031 Property clerk invoice for keys- NYC 8412 | * |
| 23. 2009 1031 recording- entry into AS apartment | I.D. |
| 24. 2009 1031 recording- Lamstein call and voicemail to AS | I.D. |
| 25. 2009 1031 recording- AS Day Tour 0658 to 228 | I.D. |
| 26. 2009 1031 recording- AS tcall with LS in apartment | I.D. |
| 27. 2009 1031 recording- PG of Sgt Huffman and PO Rodriguez | I.D. |
| 28. 2009 1031 Scanlar memo book- D001530-2 | |
| 29. 2009 1031 Schoolcraft Sick Report- NYC 00002860-1 | ** |
| 30. 2009 1110 Property Clerk invoice for shotgun NYC00003254 | |
| 31. 2009 1110 Property Guide 604-07- NYC 8413-7 | ** |
| 32. 2009 0114 Memo re Mascol 1-13-09 meeting with AS - AS10028 and Pl0091 | |
| 33. 2009 0203 AS 2008 record viewed- NYC 14609-617 | |
| 34. 2009 0220 AS conv with Mascol to set up eval mtg - | I.D. |
| 35. 2009 0225 AS memo book entry by Delafuente - D0000191 | ** |
| 36. 2009 0225 AS recording of evaluation mtg | I.D. |
| 37. 2009 0225 AS duplicate recording of evaluation meeting | I.D. |
| 38. 2009 0317 AS records reviewed -NYC 14668-9 | |
| 39. 2009 0817 PBA counsel ltr to AS re appeal- unstamped (plaintiff's production) | I.D. |
| 40. 2009 1028 AS recording of Devino Mtg | I.D. |
| 41. 2009 1028 Devino note to AS re how to appeal on AG 314-11- unstamped (plaintiff's production) | I.D. |
| 42. 2009 1028 PG re appeal w Devino notes- unstamped (plaintiff's production) | I.D. |
| 42. 2009 0203 AS Command Discipline Late and Improper dress in court -D000083 | ** |
| 43. 2009 0315 AS CD - off post with Chan- D000081-2 | ** |
| 44. 2009 0909 AS CD for perf on TS- D001692-3 | ** |
| 45. 2009 1024 Sgt Meyer CD to AS re failure to notify child abuse squad- NYC 02853-4 | ** |
| 46. 2009 1028 CD re PBBN- NYC 00002855-6 | I.D. |
| 47. 2002 0701 Schoolcraft NYPD Officer Oath | ** |

| City Clerk- D00001 | |
|---|---|
| 48. 2007 1215 AS 2007 Performance Evaluation – D000067-9 | ** |
| 49. 2007 1231 AS 2007 activity- NYC 00014818 | |
| 50. 2008 01-12 AS Monthly Performance Reports - D000099-138 | ** |
| 51. 2008 0319 AS personnel profile report- NYC 00014678-89 | |
| 52. 2009 0317 AS Activity History - NYC 00014668-9 | |
| 53. 2009 0427 AS 2008 Perf Eval - printed 42009 signed 4-27-09 – NYC 00002627-29 | ** |
| 54. 2009 0930 AS 2008 Perf Eval - printed 090809 signed 093009- unstamped (plaintiff's production) | I.D. |
| 55. 2009 1014 AS Level I Perf monitoring memo to SM- D000062 | ** |
| 56. 2009 1025 SM memo to Perf Analysis section re AS Level I Monitoring- D000063 | ** |
| 57. 2005 0823 Endorsements AS FMLA Hardship leave- D000024 | |
| 58. 2008 06 JHMC Emergency Admission Procedures Dept of Psychiatry- unstamped, plaintiff's dep. ex. 130 | ** |
| 59. 2009 03 or 04 Medication Profile  - NYC 2293 | |
| 60. 2009 03 or 04 Progress Notes - NYC 2350 | |
| 61. 2009 0305 AS NYPD sick report - NYC14917 | |
| 62. 2009 0305 Dr. Sure letter excusing AS from work- NYC 2331 | ** |
| 63. 2009 0305 Dr. Sure Progress Notes and Physical Exam form- NYC 2345-6 | |
| 64. 2009 0305 Dr. Sure Px -– NYC 0000291 | I.D. |
| 65. 2009 0403 AS Med Rec Forest Hills ER- NYC 2432-45 | |
| 66. 2009 0404 AS NYPD sick report and 4-14 follow-up- NYC 00014915 [WAITING FOR PLAINTIFF'S PRODUCTION OF 0404 RECORDING.] | I.D. |
| 67. 2009 0406 Dr. Sure letter excusing AS from work- NYC 2326 | ** |
| 68. 2009 0406 Lab report issued 4-17- NYC 2314-7 | |
| 69. 2009 0413 AS PES Authorization to Use or Release Personal Health Information- NYC 00003008-9 | |
| 70. 2009 0413 Dr. Ciuffo Referral to Dr. Lamstein and Consultation report-  D 000313 | |

| | |
|---|---|
| 71. 2009 0413 Dr. Sure Progress Notes- NYC 2344 | |
| 72. 2009 0413 Dr. Sure Px for AS- NYC 2322 | |
| 73. 2009 0413 Fitness for Duty Interview Form-NYC 00003006-7 | |
| 74. 2009 0413-15 Lamstein deposition excerpts pp. 181-212 | |
| 75. 2009 0413-15 Lamstein notes- NYC 00002992-2997 | |
| 76. 2009 0414 Dr. Lamstein placement of AS on Restricted Duty and removal of firearms and ID- D0000296-8 | |
| 2009 0414 Lamstein restricted duty notes & memo- NYC 00003005-11 | |
| 77. 2009 0414 Property receipt for AS- D000019 | ** |
| 78. 2009 0430 NYPD EIU record re AS interview-NYC 00013444 | |
| 79. 2009 0522 AS revoke HIIPA auth Lamstein-NYC 00002906 | |
| 80. 2009 0727 Lamstein notes of mtg with AS - partially blocked by other note- NYC 00002947-8 | [DOES ANYONE HAVE AN UNBLOCKED COPY OF THE 7/27 NOTES?] |
| 81. 2009 0727 recording- Lamstein-AS second meeting | I.D. |
| 82. 2009 0805 AS Change of Emergency Notification - First Copy- D 000018 | |
| 83. 2009 0805 AS Change of Emergency Notification- Second Copy- NYC 00014706-7 | |
| 84. 2009 1006 IAB memo re inquiry to Med Div re AS- NYC 00004489 | |
| 85. 2009 1013 Dr. Propper note re Bonilla tc with LS- NYC 00002947 | |
| 86. 2009 1027 recording- AS meeting with Lamstein- | I.D. |
| 87. 2009 1027 Lamstein notes of meeting and tcs with AS- NYC 00002902-5 | |
| 88. 2009 1031 - AS Sick report worksheet with note re Huffman call to NYPD Sick Desk NYC00002860-1 | ** |
| 89. 2009 1031 JHMC ePCR by Jessica Marquez- unstamped, plaintiff's PX 65 and PX125 | ** |
| 90. 2009 1031 Lamstein depo excerpts pp. 347-351 | |
| 91. 2009 1031 Lamstein depo excerpts pp. 325-330 | |
| 92. 2009 1031 Lamstein notes on post-entry-D000287 | |
| 93. 2009 1031 Lamstein  notes on pre-entry D000282-283 | |

| | |
|---|---|
| 94. 2009 1101 JHMC Chart - unstamped, plaintiff's PX 69 | ** |
| 95. 2009 1101 JHMC Nursing Notes- unstamped, plaintiff's PX121 | ** |
| 96. 2009 1101 JHMC Psych Consultation Report- unstamped, plaintiff's PX123 | ** |
| 97. 2009 1103 Notice of Status and Rights Creedmoor Psychiatric Center- unstamped, plaintiff's PX131 | ** |
| 98. 2010 1014 Lamstein notes- addendum D000284 | |
| 99. 2010 1014 Lamstein depo excerpts pp. 347-351 | |
| 100. 2008 1023 [C_____] Complaint Report with QAD Miscl Sheet- SM 0017-30 | |
| 101. 2008 1205 [O_____] Complaint Report with QAD Miscl sheet- SM 0041-60 | |
| 102. 2009 0427 [D_____] Complaint Report with QAD Miscl Sheet- SM 009-0016 | |
| 103. 2009 0427 Redacted  Complaint Report  with DD5- NYC 00011600-607 | |
| 104. 2009 0513 Redacted Complaint report with DD5- NYC 00011616-618 | |
| 105. 2009 0518 Redacted Complaint Report with DD5-  NYC 00011619-621 | |
| 106. 2009 0527 [M_____] Complaint Report with QAD Miscl Sheet- SM 005-008 | |
| 107. 2009 0527 Redacted Complaint Report with DD5- NYC 00011596-599 | |
| 108. 2009 0609 Redacted Complaint report with 2 DD5s- NYC 00011622-625 | |
| 109. 2009 0818 [L_____] Complaint Report with DD5- SM 0031-40 | |
| 110. 2009 1024 Redacted Complaint report with 1-14-10 DD5- NYC 00011612-615 | |
| 111. 2009 1024 Redacted Complaint report with 10-30-09 DD5- NYC 00011626-628 | |
| 112. 2009 1026 [J_____] Complaint Report with QAD Miscl Sheet- SM 001-004 | |
| 113. 2009 1026 Redacted Complaint report with 6-2-10 DD5- NYC 00011608-611 | |
| 114. 2001 0831 77th Precinct award- SM 00359 | |
| 115. 2002 0812 NYPD certificate of appreciation- SM 00360 | |
| 116. 2003 1031 Promotion certificate- SM 00085 | |
| 117. 2003 1031 Promotion plaque- SM 00354 | |
| 118. 2003 77th Precinct Shomrim man of year | |

| | |
|---|---|
| plaque- SM 00385 | |
| 119. 2005 0710 2005-06 evaluation- SM 00347-8 | |
| 120. 2006 0607 perfect attendance certificate- SM 00056 | |
| 121. 2006 0817 2005-06 evaluation- SM 00344-6 | |
| 122. 2007 0624 certificate from IS 267- SM 00353 | |
| 123. 2007 0717 2005-06 performance- SM 00349-50 | |
| 124. 2007 0729 2006-07 evaluation- SM 00340-3 | |
| 125. 2008 0218 81st precinct clergy community award- SM 00357 | |
| 126. 2008 0331 SM commendation from Alicia Thomas- D 000816-7 | |
| 127. 2008 0904 2007-08 evaluation- SM 00335-8 | |
| 128. 2008 1031 SM plaque- promotion- SM 00356 | |
| 129. 2008 1115 Meritorious duty certificate- SM 00087 | |
| 130. 2009 0630 Assemblywoman Barron letter- SM 00088 | |
| 131. 2009 0717 2008-09 evaluation- SM 00322-4 | |
| 132. 2009 1016 plaque from Unity Democratic club- SM 00355 | |
| 133. 2009 1020 Rep. Townes SM tribute- SM 00093-4 | |
| 134. 2009 1231 PMI certificate- SM 00089 | |
| 135. 2009 1231 PMI plaque- PX 140 | |
| 136. 2010 0615 20 years service certificate- SM 00090 | |
| 137. 2012 0919 2011-12 evaluation- SM 00327-9 | |
| 138. 2013 0613 Perfect attendance cert- SM 00091 | |
| 139. 2013 0725 2012-13 evaluation- SM 00324-6 | |
| 140. 2000 0101 PG 201-02 Hospitalized Prisoners | I.D. |
| 141. 2000 0101 PG 202-09 Commanding Officer | |
| 142. 2000 0101 PG 202-19 Training Sergeant | |
| 143. 2000 0101 PG 205-01 Reporting Sick PX4 | ** |
| 144. 2000 0101 PG 205-18 Absent Without Leave PX3 | |
| 145. 2000 0101 PG 206-02 Command Discipline | |
| 146. 2000 0101 PG 206-03 Violations subject to CD | |
| 147. 2000 0101 PG 206-05 Preparation of Charges and Specs | |
| 148. 2000 0101 PG 206-08 Suspension from duty | |
| 149. 2000 0101 PG 207-01 Complaint Reporting System | |
| 150. 2000 0101 PG 207-09 Follow-Up | |

| | |
|---|---|
| Investigations of Complaint Already Recorded | |
| 151. 2004 0319 PG 205-47 Temporary Removal of Firearms in Non-Disciplinary Cases | ** |
| 152. 2005 0601 PG 320-13 Assignment of Command ICO | |
| 153. 2007 0921 PG 206-13 Interrogation of Members of the Service | ** |
| 154. 2007 0928 PG 216-05 'Mentally Ill or Emotionally Disturbed Persons | ** |
| 155. 2008 0125 PG 202-15 'Command Integrity Control Officer | |
| 156. 2008 0613 PG 205-48 Evaluations General Members of Service | |
| 157. 2008 0613 PG 205-56 PO Annual Evaluation | |
| 158. 2008 0613 PG 205-57 PO Performance Review and Rating PX15 | |
| 159. 2008 0620 PG 205-58 Appeal of Evaluation-Uniformed Members of Service Ex BU and PX% | |
| 160. 2008 1003 PG 206-17 Removal and restoration of Firearms | |
| 161. 2009 1028 AG 314.11 re Appeal | |
| 162. Photo of 81st Pct front (2)- unstamped (google image) | I.D. |
| 163. Photo of 81st Pct front- unstamped (google image) | I.D. |
| 164. Photo of 81st Pct side and parking- unstamped (google image) | I.D. |
| 165. Photo of 81st Pct side and Quincy Street- unstamped (google image) | I.D. |
| 166. Photo of ammunition- NYC 00010889 | |
| 167. Photo of ammunition- NYC 00010896- 910 | |
| 168. Photo of weapons- NYC 00010890-1 | |
| 169. Photo of ammunition pouch- NYC 00010885-8 | |
| 170. Photo of clip for handgun- NYC 00010892-5 | |
| 171. Photo of Hi- Point Rifle- SM 00318 | |
| 172. Photo of Hi- Point Rifle- unstamped | |
| 173. Photo of laser point for gun- NYC 00010884 | |
| 174. Photo of Olympus Digital Recorder PX116 | ** |
| 175. Photo of Olympus Digital recorder –NYC 00010863-9 | |
| 176. Photos of receipts for ammunition- NYC 00010904-8 | |
| 177. Photo of rifle case- NYC 00010870-883 | |
| 178. Photo of Schoolcraft's house exterior 82-60 88th Pl- unstamped (google image) | I.D. |

| | |
|---|---|
| 179. Photo of Schoolcraft's street - 88th Pl- unstamped (google image) | I.D. |
| 180. Photo of Schoolcraft's street -- 88th Pl- unstamped (google image) | I.D. |
| 181. Photos of 81st Pct- unstamped PX61 | ** |
| 182. Photos of AS apartment- NYC 7545, 7547, 7550, 7556, 7558 | |
| 183. 2009 1015 IAB Scott WS#15 re attempts to contact AS- NYC 00004488 | |
| 184. 2009 1016 IAB Scott WS#17 re efforts to contact AS- NYC 00004487 | |
| 185. 2009 1019 IAB Scott WS #18 interview with AS- NYC 00004485-6 | |
| 186. 2009 1031 IAB log - 1-7-10 copy - re notification of AS suspension- D 001983 | |
| 187. 2009 1031 IAB log re Caughey and memo book- NYC 00004876-9 | |
| 188. 2009 1102 IAB DeFabrizio IO Report re AS events – NYC 00004353-6 | |
| 189. 2009 1102 IAB Brennan Report- NYC 4350-2 | |
| 190. 2009 1102 IAB log re Caughey-AS memo book with copy of 2 pages- NYC 00004415-8 | |
| 191. 2009 1102 IAB report of communications- NYC 00004330-6 | |
| 192. 2009 1102 IAB Scott WS# 29 re: tc with AS- NYC 00004480-1 | |
| 193. 2009 1103 IAB Scott WS #30 re: AS interview- NYC 00004478-9 | |
| 194. 2009 1106 IAB Scott WS# 42 re: AS meeting in apartment-  NYC 00004463-4 | |
| 195. 2009 1109 IAB Scott WS# 44 re: 2nd meeting at AS apartment- NYC 00004459-60 | |
| 196. 2010 0219 IAB Scott WS# 66 re: review of recordings- NYC 00004447-9 | |
| 197. 2009 02 Memo book entry- D 000194 | |
| 198. 2009 0225 Memo book entry- D 000201 | |
| 199. 2009 0313 Memo book entry- D 000195 | |
| 200. 2009 0315-16 Memo book entry- D 000196-7 | |
| 201. 2009 0923 Memo book entry- D 000221 | |
| 202. 2009 1004-1005 Memo book entry- D 000225 | |
| 203. 2009 1013 Memo book entry- D 000226 | |
| 204. 2009 1014 Memo book entry- D 000237 | |
| 205. 2009 1020 Memo book entry- D 000229 | |
| 206. 2009 1020 Memo book entry- D 000230 | |
| 207. 2009 1026 Memo book entry- D 000234 | |
| 208. 2009 1028 Memo book entry- D 000206 | |

| | |
|---|---|
| 209. 2009 1031 Memo book entry- NYC 00008654 | |
| 210. 2009 81 officer crime stats- NYC12207-12242 | ** |
| 211. 2009 0403 QAD-Cronin report of 81 audit 8-08 to 1-09- SM 00534-536 | |
| 212. 2009 0902 Schoolcraft recording of conversation with IAB (Cagno) (awaiting production by plaintiff) | I.D. |
| 213. 2009 0904 QAD audit documents- SM 00531-3 | |
| 214. 2009 0909 QAD memo re AS tele operator- NYC 00010401 | |
| 215. 2009 0917 QAD Blondo IO Report WS#4 re attempt to contact AS- SM 00442 | |
| 216. 2009 0923 QAD Spataro IO Report WS#5 re attempt to re-interview AS- SM 00441 | |
| 217. 2009 0928 recording- QAD/Brill tc with AS | |
| 218. 2009 0928 QAD Blondo IO Report WS#6 re contact with AS and gets cell phone- SM 00440 | |
| 219. 2009 1005 QAD Smester IO Report WS#7 re AS directed to appear at QAD- SM 00439 | |
| 220. 2009 1007 recording- AS edited recording of QAD meeting | I.D. |
| 221. 2009 1007 recording- AS unedited recording of QAD meeting with prior tc with Larry Schoolcraft | I.D. |
| 222. 2009 1009 QAD Smester WS#9- sprint audit- SM 00436 | |
| 223. 2009 1111 QAD Spataro IO Report WS#17 re AS approach of Deck with related log- SM 00419-421 | |
| 224. 2006 0118 NYPD Memo re quota Arbitration ruling- NYC 0012503-5 | |
| 225. 2006 0410 AS report to Brower 'Forced Overtime'- NYC 00012206 | |
| 226. 2007 0611 AS report to Brower - Lt Jones Misconduct- NYC 00012204-5 | |
| 227. 2007 0901 Amended quota bill eff 9-1-07- NYC 00012506-7 | |
| 228. 2007-2009 - 81 summaries of 250s, arrests and c summonses - NYC00012207-NYC00012242 (3) | ** |
| 229. 2008 Screenshots of AS roll call recording folders by month | I.D. |
| 230. 2008 1108 AS allegation re jail incident - NYC 00010468-77 | |

| | |
|---|---|
| 231. 2009 0327 Receipt for digital recorder-unstamped, plaintiff's production | I.D. |
| 232. 2009 0424 AS FOIA request – unstamped (plaintiff's production) | I.D. |
| 233. 2009 0930 AS Change of Phone number form - D000017 | |
| 234. 2009 1019 ICO Memo to all Roll Call Personnel- unstamped (plaintiff's production) | I.D. |
| 235. 2009 1030 Lauterborn transfer- NYC 0010699 | |
| 236. 2009 1101 Larry Schoolcraft tc with IAB | I.D. |
| 237. 2009 1104 AS and Larry Schoolcraft meeting with IAB and JHMC representatives | I.D. |
| 238. 2009 FrontEnd_Memo_Lt.Mascol- unstamped (plaintiff's production) | I.D. |
| 239. 2009 Instruction for DS-50 recorder- SM motion exhibit DG | |
| 240. NYPD Legal Bureau Bulletin, Vol 40, No. 2, November 2010 "Amendment to New York State Labor Law Section 215-a, Commonly Referred to as the Quota Bill" NYC014963-NYC-14965 | |

| | Mauriello's Exhibit List with City Defendants' Objections | |
|---|---|---|
| 1 | 1. 2009 1031 - 104 Radio transmission re checking AS plates NYC00003289 | * |
| 2 | 2. 2009 1031 - 104th Pct radio run summaries - NYC00002818 | * |
| 3 | 3. 2009 1031 - 2010 02 03 -- AS Description of Events- NYC 00012189-12203 | * |
| 4 | 4. 2009 1031 81st Pct Command Log - entire day - NYC00003560-70 | * |
| 5 | 5. 2009 1031 81st Pct Command Log- NYC 00003567 | * |
| 6 | 6. 2009 1031 81st Pct Scheduled Roll Call roster- NYC 00011854-5 | * |
| 7 | 7. 2009 1031 911 Calls - Location Analysis – NYC 00003552, 2772-3, 2816-7, 3257 | * |

| | | |
|---|---|---|
| 8 | 8. 2009 1031 AS Fitness For Duty Report Broschart-D001682 | * |
| 9 | 9. 2009 1031 AS Fitness Report by TL- NYC 00002858 | * |
| 10 | 10. 2009 1031 Brooklyn North Duty Sheet- NYC 00011797-9 | * |
| 11 | 11. 2009 1031 Broschart activity log- D000505-7 | * |
| 12 | 12. 2009 1031 Cambria memo book- NYC 2286-7 | * |
| 13 | 13. 2009 1031 Hostage Neg Team Request- NYC 2285 | * |
| 14 | 14. 2009 1031 IAB log re: notification of AS suspension-NYC 00004027 | * |
| 15 | 15. 2009 1031 Incident record timeline - radio NYC00002772-3 | * |
| 16 | 16. 2009 1031 PO Krohley memo book- D001533-5 | * |
| 17 | 17. 2009 1031 Lamstein notes- D000252-7 | * |
| 18 | 18. 2009 1031 Lauterborn notes- NYC 00004220-4 | * |
| 19 | 19. 2009 1031 Lauterborn Unusual Incident Report-D000094-8 | ** |
| 20 | 20. 2009 1031 Offenses in 81 and 104 on 10-31-09- NYC 00011908 | * |
| 21 | 21. 2009 1031 Operations Division Incident Report- NYC 00003577-81 | * |
| 22 | 22. 009 1031 Property clerk invoice for keys- NYC 8412 | * |
| 23 | 23. 2009 1031 recording- entry into AS apartment | * |

| 24 | 24. 2009 1031 recording- Lamstein call and voicemail to AS | ** |
|---|---|---|
| 25 | 25. 2009 1031 recording- AS Day Tour 0658 to 228 | * |
| 26 | 26. 2009 1031 recording- AS tcall with LS in apartment | ** |
| 27 | 27. 2009 1031 recording- PG of Sgt Huffman and PO Rodriguez | * |
| 28 | 28. 2009 1031 Scanlar memo book- D001530-2 | * |
| 29 | 29. 2009 1031 Schoolcraft Sick Report- NYC 00002860-1 | * |
| 30 | 30. 2009 1110 Property Clerk invoice for shotgun NYC00003254 | * |
| 31 | 31. 2009 1110 Property Guide 604-07- NYC 8413-7 | * |
| 32 | 32. 2009 0114 Memo re Mascol 1-13-09 meeting with AS - AS10028 and Pl0091 | * |
| 33 | 33. 2009 0203 AS 2008 record viewed- NYC 14609-617 | * |
| 34 | 34. 2009 0220 AS conv with Mascol to set up eval mtg - | * |
| 35 | 35. 2009 0225 AS memo book entry by Delafuente - D0000191 | * |
| 36 | 36. 2009 0225 AS recording of Eval Mtg | * |
| 37 | 37. 2009 0225 AS duplicate recording of evaluation meeting | * |
| 38 | 38. 2009 0317 AS records reviewed -NYC 14668-9 | * |
| 39 | 39. 2009 0817 PBA counsel ltr to AS re appeal- unstamped, plaintiff's production. | * |

| | | |
|---|---|---|
| 40 | 40. 2009 1028 AS recording of Devino Mtg | ** |
| 41 | 41. 2009 1028 Devino note to AS re how to appeal  on AG 314-11- unstamped, plaintiff's production | * |
| 42 | 42. 2009 1028 PG re appeal w Devino notes- unstamped, plaintiff's production. | * |
| 43 | 42. 2009 0203 AS Command Discipline Late and Improper dress in court -D000083 | ** |
| 44 | 43. 2009 0315 AS CD - off post with Chan- D000081-2 | * |
| 45 | 44. 2009 0909 AS CD for perf on TS- D001692-3 | ** |
| 46 | 45. 2009 1024 Sgt Meyer CD to AS re failure to notify child abuse squad- NYC 02853-4 | ** |
| 47 | 46. 2009 1028 CD re PBBN- NYC 00002855-6 | * |
| 48 | 47. 2002 0701 Schoolcraft NYPD Officer Oath City Clerk- D00001 | * |
| 49 | 48. 2007 1215 AS 2007 Performance Evaluation – D000067-9 | ** |
| 50 | 49. 2007 1231 AS 2007 activity- NYC 00014818 | ** |
| 51 | 50. 2008 01-12 AS Monthly Performance Reports - D000099-138 | ** |
| 52 | 51. 2008 0319 AS personnel profile report- NYC 00014678-89 | ** |
| 53 | 52. 2009 0317 AS Activity History - NYC 00014668-9 | ** |
| 54 | 53. 2009 0427 AS 2008 Perf Eval - printed 42009 signed 4-27-09 – NYC 00002627-29 | ** |
| 55 | 54. 2009 0930 AS 2008 Perf Eval - printed 090809 signed 093009- unstamped, plaintiff's production | ** |

| | | |
|---|---|---|
| 56 | 55. 2009 1014 AS Level I Perf monitoring memo to SM- D000062 | ** |
| 57 | 56. 2009 1025 SM memo to Perf Analysis section re AS Level I Monitoring- D000063 | * |
| 58 | 57. 2005 0823 Endorsements AS FMLA Hardship leave- D000024 | ** |
| 59 | 58. 2008 06 JHMC Emergency Admission Procedures Dept of Psychiatry- unstamped, plaintiff's dep. ex. 130 | * |
| 60 | 59. 2009 03 or 04 Medication Profile  - NYC 2293 | * |
| 61 | 60. 2009 03 or 04 Progress Notes - NYC 2350 | * |
| 62 | 61. 2009 0305 AS NYPD sick report - NYC14917 | ** |
| 63 | 62. 2009 0305 Dr. Sure letter excusing AS from work- NYC 2331 | ** |
| 64 | 63. 2009 0305 Dr. Sure Progress Notes and Physical Exam form- NYC 2345-6 | ** |
| 65 | 64. 2009 0305 Dr. Sure Px -– NYC 0000291 | ** |
| 66 | 65. 2009 0403 AS Med Rec Forest Hills ER- NYC 2432-45 | ** |
| 67 | 66. 2009 0404 AS NYPD sick report and 4-14 follow-up- NYC 00014915 | ** |
| 68 | 67. 2009 0406 Dr. Sure letter excusing AS from work- NYC 2326 | ** |
| 69 | 68. 2009 0406 Lab report issued 4-17- NYC 2314-7 | ** |
| 70 | 69. 2009 0413 AS PES Authorization to Use or Release Personal Health Information- NYC 00003008-9 | ** |
| 71 | 70. 2009 0413 Dr. Ciuffo Referral to Dr. Lamstein and Consultation report-  D 000313 | ** |

| | | |
|---|---|---|
| 72 | 71. 2009 0413 Dr. Sure Progress Notes- NYC 2344 | ** |
| 73 | 72. 2009 0413 Dr. Sure Px for AS- NYC 2322 | ** |
| 74 | 73. 2009 0413 Fitness for Duty Interview Form- NYC 00003006-7 | * |
| 75 | 74. 2009 0413-15 Lamstein deposition excerpts pp. 181-212 | * |
| 76 | 75. 2009 0413-15 Lamstein notes- NYC 00002992-2997 | * |
| 77 | 76. 2009 0414 Dr. Lamstein placement of AS on RD and removal of firearms and ID- D0000296-8 | ** |
| 78 | 2009 0414 Lamstein restricted duty notes & memo- NYC 00003005-11 | * |
| 79 | 77. 2009 0414 Property receipt for AS- D 000019 | * |
| 80 | 78. 2009 0430 NYPD EIU record re AS interview- NYC 00013444 | * |
| 81 | 79. 2009 0522 AS revoke HIIPA auth Lamstein- NYC 00002906 | ** |
| 82 | 80. 2009 0727 Lamstein notes of mtg with AS - partially blocked by other note- NYC 00002947-8 | * |
| 83 | 81. 2009 0727 recording- Lamstein-AS second meeting | * |
| 84 | 82. 2009 0805 AS Change of Emer Notification - First Copy- D 000018 | * |
| 85 | 83. 2009 0805 AS Change of Emer Notification- Second Copy- NYC 00014706-7 | * |
| 86 | 84. 2009 1006 IAB memo re inquiry to Med Div re AS- NYC 00004489 | * |
| 87 | 85. 2009 1013 Dr. Propper note re Bonilla tc with LS- NYC 00002947 | * |

| | | |
|---|---|---|
| 88 | 86. 2009 1027 recording- AS meeting with Lamstein- | * |
| 89 | 87. 2009 1027 Lamstein notes of meeting and tcs with AS-NYC 00002902-5 | ** |
| 90 | 88. 2009 1031 - AS Sick report worksheet with Huffman re: NYPD Sick Desk NYC00002860-1 | * |
| 91 | 89. 2009 1031 JHMC ePCR by Jessica Marquez- unstamped, plaintiff's PX 65 and PX125 | * |
| 92 | 90. 2009 1031 Lamstein depo excerpts pp. 347-351 | * |
| 93 | 91. 2009 1031 Lamstein depo excerpts pp. 325-330 | * |
| 94 | 92. 2009 1031 Lamstein notes on post-entry- D000287 | * |
| 95 | 93. 2009 1031 Lamstein  notes on pre-entry D000282-283 | * |
| 96 | 94. 2009 1101 JHMC Chart - unstamped, plaintiff's PX 69 | * |
| 97 | 95. 2009 1101 JHMC Nursing Notes- unstamped, plaintiff's PX121 | * |
| 98 | 96. 2009 1101 JHMC Psych Consultation Report- unstamped, plaintiff's PX123 | * |
| 99 | 97. 2009 1103 Notice of Status and Rights Creedmoor Psychiatric Center- unstamped, plaintiff's PX131 | * |
| 100 | 98. 2010 1014 Lamstein notes- addendum D000284 | * |
| 101 | 99. 2010 1014 Lamstein depo excerpts pp. 347-351 | * |
| 102 | 100. 2008 1023 [C_____] Complaint Report with QAD Miscl Sheet- SM 0017-30 | * |
| 103 | 101. 2008 1205 [O_____] Complaint Report with QAD Miscl sheet- SM 0041-60 | * |

| | | |
|---|---|---|
| 104 | 102. 2009 0427 [D_____] Complaint Report with QAD Miscl Sheet- SM 009-0016 | * |
| 105 | 103. 2009 0427 Redacted  Complaint Report  with DD5- NYC 00011600-607 | * |
| 106 | 104. 2009 0513 Redacted Complaint report with DD5- NYC 00011616-618 | * |
| 107 | 105. 2009 0518 Redacted Complaint Report with DD5- NYC 00011619-621 | * |
| 108 | 106. 2009 0527 [M_____] Complaint Report with QAD Miscl Sheet- SM 005-008 | * |
| 109 | 107. 2009 0527 Redacted Complaint Report with DD5- NYC 00011596-599 | * |
| 110 | 108. 2009 0609 Redacted Complaint report with 2 DD5s- NYC 00011622-625 | * |
| 111 | 109. 2009 0818 [L____] Complaint Report with DD5- SM 0031-40 | * |
| 112 | 110. 2009 1024 Redacted Complaint Report with 1-14-10 DD5- NYC 00011612-615 | * |
| 113 | 111. 2009 1024 Redacted Complaint report with 10-30-09 DD5- NYC 00011626-628 | * |
| 114 | 112. 2009 1026 [J_____] Complaint Report with QAD Miscl Sheet- SM 001-004 | * |
| 115 | 113. 2009 1026 Redacted Complaint report with 6-2-10 DD5- NYC 00011608-611 | * |
| 116 | 114. 2001 0831 77th Precinct award- SM 00359 | * |
| 117 | 115. 2002 0812 NYPD certificate of appreciation- SM 00360 | * |
| 118 | 116. 2003 1031 Promotion certificate- SM 00085 | * |
| 119 | 117. 2003 1031 Promotion plaque- SM 00354 | * |

| | | |
|---|---|---|
| 120 | 118. 2003 77th Precinct Shomrim man of year plaque- SM 00385 | * |
| 121 | 119. 2005 0710 2005-06 evaluation- SM 00347-8 | * |
| 122 | 120. 2006 0607 perfect attendance certificate- SM 00056 | * |
| 123 | 121. 2006 0817 2005-06 evaluation- SM 00344-6 | * |
| 124 | 122. 2007 0624 certificate from IS 267- SM 00353 | * |
| 125 | 123. 2007 0717 2005-06 performance- SM 00349-50 | * |
| 126 | 124. 2007 0729 2006-07 evaluation- SM 00340-3 | * |
| 127 | 125. 2008 0218 81st precinct clergy community award- SM 00357 | * |
| 128 | 126. 2008 0331 SM commendation from Alicia Thomas- D 000816-7 | * |
| 129 | 127. 2008 0904 2007-08 evaluation- SM 00335-8 | * |
| 130 | 128. 2008 1031 SM plaque- promotion- SM 00356 | * |
| 131 | 129. 2008 1115 Meritorious duty certificate- SM 00087 | * |
| 132 | 130. 2009 0630 Assemblywoman Barron letter- SM 00088 | * |
| 133 | 131. 2009 0717 2008-09 evaluation- SM 00322-4 | * |
| 134 | 132. 2009 1016 plaque from Unity Democratic club- SM 00355 | * |
| 135 | 133. 2009 1020 Rep. Townes SM tribute- SM 00093-4 | * |

| | | |
|---|---|---|
| 136 | 134. 2009 1231 PMI certificate- SM 00089 | * |
| 137 | 135. 2009 1231 PMI plaque- PX 140 | * |
| 138 | 136. 2010 0615 20 years service certificate- SM 00090 | * |
| 139 | 137. 2012 0919 2011-12 evaluation-  SM 00327-9 | * |
| 140 | 138. 2013 0613 Perfect attendance cert- SM 00091 | * |
| 141 | 139. 2013 0725 2012-13 evaluation- SM 00324-6 | * |
| 142 | 140. 2000 0101 PG 201-02 Hospitalized Prisoners | * |
| 143 | 141. 2000 0101 PG 202-09 Commanding Officer | * |
| 144 | 142. 2000 0101 PG 202-19 Training Sergeant | * |
| 145 | 143. 2000 0101 PG 205-01 Reporting Sick PX4 | * |
| 146 | 144. 2000 0101 PG 205-18 Absent Without Leave PX3 | * |
| 147 | 145. 2000 0101 PG 206-02 Command Discipline | * |
| 148 | 146. 2000 0101 PG 206-03 Violations subject to CD | * |
| 149 | 147. 2000 0101 PG 206-05 Preparation of Charges and Specs | * |
| 150 | 148. 2000 0101 PG 206-08 Suspension from duty | * |
| 151 | 149. 2000 0101 PG 207-01 Complaint Reporting System | * |

| | | |
|---|---|---|
| 152 | 150. 2000 0101 PG 207-09 FollowUp Investigations of Complaint Already Recorded | * |
| 153 | 151. 2004 0319 PG 205-47 Temporary Removal of Firearms in NonDisciplinary Cases | * |
| 154 | 152. 2005 0601 PG 320-13 Assignment of Command ICO | * |
| 155 | 153. 2007 0921 PG 206-13 Interrogation of Members of the Service | * |
| 156 | 154. 2007 0928 PG 216-05 'Mentally Ill or Emotionally Disturbed Persons | * |
| 157 | 155. 2008 0125 PG 202-15 'Command Integrity Control Officer | * |
| 158 | 156. 2008 0613 PG 205-48 Evaluations General Members of Service | * |
| 159 | 157. 2008 0613 PG 205-56 PO Annual Evaluation | * |
| 160 | 158. 2008 0613 PG 205-57 PO Performance Review and Rating PX15 | * |
| 161 | 159. 2008 0620 PG 205-58 Appeal of Evaluation-Uniformed Members of Service Ex BU and PX% | * |
| 162 | 160. 2008 1003 PG 206-17 Removal and restoration of Firearms | * |
| 163 | 161. 2009 1028 AG 314.11 re Appeal | * |
| 164 | 162. Photo of 81st Pct front (2)- unstamped (google image) | |
| 165 | 163. Photo of 81st Pct front- unstamped (google image) | |
| 166 | 164. Photo of 81st Pct side and parking- unstamped (google image) | |
| 167 | 165. Photo of 81st Pct side and Quincy Street- unstamped (google image) | |

| | | |
|---|---|---|
| 168 | 166. Photo of ammunition- NYC 00010889 | ** |
| 169 | 167. Photo of ammunition- NYC 00010896- 910 | ** |
| 170 | 168. Photo of weapons- NYC 00010890-1 | ** |
| 171 | 169. Photo of ammunition pouch- NYC 00010885-8 | ** |
| 172 | 170. Photo of clip for handgun- NYC 00010892-5 | ** |
| 173 | 171. Photo of Hi- Point Rifle- SM 00318 | ** |
| 174 | 172. Photo of Hi- Point Rifle- unstamped | |
| 175 | 173. Photo of laser point for gun- NYC 00010884 | ** |
| 176 | 174. Photo of Olympus Digital Recorder PX116 | ** |
| 177 | 175. Photo of Olympus Digital recorder –NYC 00010863-9 | ** |
| 178 | 176. Photos of receipts for ammunition- NYC 00010904-8 | ** |
| 179 | 177. Photo of rifle case- NYC 00010870-883 | ** |
| 180 | 178. Photo of Schoolcraft's house exterior 82-60 88th Pl- unstamped (google image) | |
| 181 | 179. Photo of Schoolcraft's street - 88th Pl- unstamped (google image) | |
| 182 | 180. Photo of Schoolcraft's street -- 88th Pl- unstamped (google image) | |
| 183 | 181. Photos of 81st Pct- unstamped PX61 | |

| | | |
|---|---|---|
| 184 | 182. Photos of AS apartment- NYC 7545, 7547, 7550, 7556, 7558 | ** |
| 185 | 183. 2009 1015 IAB Scott WS#15 re attempts to contact AS- NYC 00004488 | * |
| 186 | 184. 2009 1016 IAB Scott WS#17 re efforts to contact AS- NYC 00004487 | * |
| 187 | 185. 2009 1019 IAB Scott WS #18 interview with AS- NYC 00004485-6 | * |
| 188 | 186. 2009 1031 IAB log - 1-7-10 copy - re notification of AS suspension- D 001983 | * |
| 189 | 187. 2009 1031 IAB log re Caughey and memo book- NYC 00004876-9 | * |
| 190 | 188. 2009 1102 IAB DeFabrizio IO Report re AS events – NYC 00004353-6 | * |
| 191 | 189. 2009 1102 IAB Brennan Report- NYC 4350-2 | * |
| 192 | 190. 2009 1102 IAB log re Caughey-AS memo book with copy of 2 pages- NYC 00004415-8 | * |
| 193 | 191. 2009 1102 IAB report of communications- NYC 00004330-6 | * |
| 194 | 192. 2009 1102 IAB Scott WS# 29 re: tc with AS- NYC 00004480-1 | ** |
| 195 | 193. 2009 1103 IAB Scott WS #30 re: AS interview- NYC 00004478-9 | ** |
| 196 | 194. 2009 1106 IAB Scott WS# 42 re: AS meeting in apartment-  NYC 00004463-4 | ** |
| 197 | 195. 2009 1109 IAB Scott WS# 44 re: 2nd meeting at AS apartment- NYC 00004459-60 | ** |
| 198 | 196. 2010 0219 IAB Scott WS# 66 re: review of recordings- NYC 00004447-9 | * |
| 199 | 197. 2009 02 Memo book entry- D 000194 | * |

| | | |
|---|---|---|
| 200 | 198. 2009 0225 Memo book entry- D 000201 | * |
| 201 | 199. 2009 0313 Memo book entry- D 000195 | * |
| 202 | 200. 2009 0315-16 Memo book entry- D 000196-7 | * |
| 203 | 201. 2009 0923 Memo book entry- D 000221 | * |
| 204 | 202. 2009 1004-1005 Memo book entry- D 000225 | * |
| 205 | 203. 2009 1013 Memo book entry- D 000226 | * |
| 206 | 204. 2009 1014 Memo book entry- D 000237 | * |
| 207 | 205. 2009 1020 Memo book entry- D 000229 | * |
| 208 | 206. 2009 1020 Memo book entry- D 000230 | * |
| 209 | 207. 2009 1026 Memo book entry- D 000234 | * |
| 210 | 208. 2009 1028 Memo book entry- D 000206 | * |
| 211 | 209. 2009 1031 Memo book entry- NYC 00008654 | * |
| 212 | 210. 2009 81 officer crime stats- NYC12207-12242 | * |
| 213 | 211. 2009 0403 QAD-Cronin report of 81 audit 8-08 to 1-09- SM 00534-536 | * |
| 214 | 212. 2009 0902 recording- QAD/Brill contact with AS | * |
| 215 | 213. 2009 0904 QAD audit documents- SM 00531- 3 | * |

| | | |
|---|---|---|
| 216 | 214. 2009 0909 QAD memo re AS tele operator- NYC 00010401 | * |
| 217 | 215. 2009 0917 QAD Blondo IO Report WS#4 re attempt to contact AS- SM 00442 | * |
| 218 | 216. 2009 0923 QAD Spataro IO Report WS#5 re attempt to re-interview AS- SM 00441 | * |
| 219 | 217. 2009 0928 recording- QAD/Brill tc with AS | * |
| 220 | 218. 2009 0928 QAD Blondo IO Report WS#6 re contact with AS and gets cell phone- SM 00440 | * |
| 221 | 219. 2009 1005 QAD Smester IO Report WS#7 re AS directed to appear at QAD- SM 00439 | * |
| 222 | 220. 2009 1007 recording- AS edited recording of QAD meeting | * |
| 223 | 221. 2009 1007 recording- AS unedited recording of QAD meeting with tc with Larry Schoolcraft | * |
| 224 | 222. 2009 1009 QAD Smester WS#9- sprint audit- SM 00436 | * |
| 225 | 223. 2009 1111 QAD Spataro IO Report WS#17 re AS approach of Deck with related log- SM 00419-421 | ** |
| 226 | 224. 2006 0118 NYPD Memo re quota Arbitration ruling- NYC 0012503-5 | * |
| 227 | 225. 2006 0410 AS report to Brower 'Forced Overtime'- NYC 00012206 | ** |
| 228 | 226. 2007 0611 AS report to Brower - Lt Jones Misconduct- NYC 00012204-5 | ** |
| 229 | 227. 2007 0901 Amended quota bill eff 9-1-07- NYC 00012506-7 | * |
| 230 | 228. 2007-2009 - 81 summaries of 250s, arrests and c summonses - NYC00012207-NYC00012242 (3) | * |
| 231 | 229. 2008 Screenshots of AS roll call recording folders by month | * |

| | | |
|---|---|---|
| 232 | 230. 2008 1108 AS allegation re jail- NYC 00010468-77 | ** |
| 233 | 231. 2009 0327 Receipt for digital recorder- unstamped, plaintiff's production | ** |
| 234 | 232. 2009 0424 AS FOIA request – unstamped, plaintiff's production | * |
| 235 | 233. 2009 0930 AS Change of Phone number form- D000017 | ** |
| 236 | 234. 2009 1019 ICO Memo to all Roll Call Personnel- unstamped, plaintiff's production | * |
| 237 | 235. 2009 1030 Lauterborn transfer- NYC 0010699 | * |
| 238 | 236. 2009 1101 Larry Schoolcraft tc with IAB | * |
| 239 | 237. 2009 1104 AS and Larry Schoolcraft meeting with IAB and JHMC representatives | ** |
| 240 | 238. 2009 FrontEnd_Memo_Lt.Mascol- unstamped, plaintiff's production | * |
| 241 | 239. 2009 Instruction for DS-50 recorder- SM motion exhibit DG | * |

## A.  Defendant Jamaica Hospital Medical Center's Exhibit List

| | Description | Objections |
|---|---|---|
| 1 | The Jamaica Hospital chart for Adrian Schoolcraft | |
| 2 | The records maintained by Dr. Catherine Lamstein as they pertain to Adrian Schoolcraft | I.D. |
| 3 | The records maintained by Dr. Hertzel Sure as they pertain to Adrian Schoolcraft | I.D. |

Defendant JHMC reserves the right to utilize any and all additional exhibits offered by the other parties.

**B.  Defendant Aldana-Bernier's Exhibit List**

|  | Description | Objections |
|---|---|---|
| 1 | Jamaica Hospital Medical Center Record (10/31/09-11-6-09) |  |
| 2 | Records of Catherine Lamstein, PhD | I.D. |
| 3 | Records of Hertez Sure, M.D. | I.D. |

**C.  Defendant Isakov's Exhibit List**

In addition to the below, Defendant Isakov reserves the right to utilize any and all additional exhibits offered by the other parties

| Ex. No. | Description | Objections |
|---|---|---|
| IKV-1 | Full Certified Records of Jamaica Hospital Medical Center for Adrian Schoolcraft for October 31, 2009 through November 6, 2009, Bates stamped by NYC as NYC3587 through NYC3700. |  |
| IKV-2 | Records of Dr. Catherine Lamstein, Bates stamped by NYC as D000247 through D000262; D000268 through D000275; D000281 through D000316. |  |
| IKV-3 | Records of Hertzel Sure, M.D., Bates stamped by NYC as NYC2288 through NYC 2351, with certification of the records Bates stamped NYC014966 | I.D. |
| IKV-4 | Deleted |  |
| IKV-5 | Recording designated PO Schoolcraft, 081 Pct 11.04.09 MSV, produced as NYC 00007565.  This is the Interview with Adrian Schoolcraft, Larry Schoolcraft, Internal Affairs, the social worker and Dr. Isakov that took place at Jamaica Hospital Medical Center on or about 11/04/09. | I.D. |
| IKV-5a | The certified transcript of the interview marked as ISK-5 that was used in our reply papers in the summary judgment motions | I.D. |

Dated:  August __, 2015
       New York, New York


SO ORDERED:


By: _____
       HON. ROBERT W. SWEET, U.S.D.J.