

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALAN H. SCHEINER**
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

August 21, 2015

**BY ECF & EMAIL**
**(Andrei_Vrabie@nysd.uscourts.gov)**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: <u>Schoolcraft v. The City of New York, et al.</u>
      10-CV-6005 (RWS)

Your Honor:

  I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent City defendants in the above-referenced matter. I write in response to plaintiff's submission of August 20, 2015. Defendants Jamaica Hospital Medical Center and Dr. Isak Isakov join in this response.

  Plaintiff has a large legal team of several attorneys from multiple law firms, and apparently desires a mega-trial, listing more than 50 witnesses and hundreds of exhibits, spanning years of events. Yet plaintiff has failed to meet basic milestones of necessary pre-trial procedures, despite several agreed-upon adjournments. Plaintiff's dilatory conduct has caused continuing prejudice to defendants by impairing their ability to fully and fairly prepare for trial. Accordingly, plaintiff's request for relief should be denied and his untimely submission of the JPTO stricken.

  **A. Plaintiff's Untimely Proposed JPTO**

  Defendants object to the plaintiff's proposed JPTO as untimely. Plaintiff continues to flout the schedule in this matter, causing material prejudice to defendants. The schedule was set at all stages since May 2015 to allow for an orderly progression to the October 19, 2015 trial date. Plaintiff, while purporting to desire that the trial date not slip, has engaged in dilatory conduct that prejudices the defendants by delaying key milestones that must occur – e.g., the disclosure of exhibits and the filing of motions *in limine* based on those disclosures – to allow for reasonable trial preparation.

Judge Robert W. Sweet
August 21, 2015
Page 2

As set forth below, plaintiff has failed to properly identify many of his exhibits, and did not exchange objections to the City defendants' and Mauriello's exhibits until August 20, 2015, six days after the previously-agreed upon date for a final JPTO.[1]  This is neither professional nor permissible, and the August 20, 2015 submission should be stricken for that reason alone.

### A. The Defendants' JPTO is Accurate

Plaintiff makes the frivolous assertion that the defendants' proposed JPTO of August 14, 2015 is misleading.  As set forth in the Court's Individual Practices, and as the City defendants' previously explained to plaintiff's counsel by email on August 14, 2015, the JPTO is not required to identify the party making objections. Therefore, plaintiff's objections to the medical defendants' exhibits were accurately reflected on the defendants' JPTO by the absence of asterisks for those exhibits.

In addition, plaintiff's position on the City defendants' and Mauriello's exhibits was disclosed in numerous places in the defendants' JPTO.  *See* Defendants' Joint Proposed Pretrial Order, Document No. 477-1, at 27 n. 24, n. 25, n.26.  In fact, the defendants' JPTO contains plaintiff's own statement on the matter:

> Since plaintiff was denied an adequate opportunity to review the City Defendants' and Mauriello's Exhibits and the defendants declined the opportunity to meet and confer over the evidentiary issues arising from the numerous trial exhibits identified by the parties, plaintiff is not yet in a position to stipulate to the authenticity of those defendants' trial exhibits or otherwise waive any objection to these exhibits. Plaintiff does not intend to waive any objection merely because other specific objections have been made.

*Id*., n. 25.  Accordingly, plaintiff's assertion that the defendants' proposed JPTO was misleading is not even colorable.

### B. Plaintiff's Failure to Timely Identify Exhibits

As noted in the City defendants' submission on August 17, 2015, plaintiff has failed to identify numerous exhibits on his exhibit list.  He only began to share copies of some of the unidentified exhibits by an illegible fax on August 20, 2015, *fifteen days* after the parties first exchanged exhibit lists.[2]

As shown on Exhibit A (a list of insufficiently identified plaintiff's exhibits), plaintiff identified numerous exhibits by a vague description of a recording or other material; without a bates number or file name (in some cases even without a date); or provided only a CD number that does not correspond to any production designation.  In at least one instance, plaintiff lists a

---

[1] Plaintiff also added one exhibit in the interim to his own list (PTX 339), and inserted additional material into the proposed JPTO.

[2] Today plaintiff posted those exhibits to an internet download site.

recording that appears to have been withheld from discovery (Exhibit A, PTX 316), and has ignored an August 9, 2015 request to produce it.[3]

Plaintiff's rolling identification of exhibits – which even now is far from complete – is improper and severely prejudices the defendants ability to prepare for trial, draft motions *in limine* addressed to the evidence, and obtain rulings from the Court sufficiently in advance of trial.

### C. **Plaintiff's Request for a Court-Ordered Meet and Confer**

Plaintiff's request for a court-ordered meet-and-confer next week is a dilatory tactic intended to excuse plaintiff from timely compliance with pre-trial procedures.  There is no benefit from a discussion regarding exhibits when plaintiff has failed to even take the minimal step of identifying the exhibits.  Moreover, plaintiff's counsel is aware from the defendants' August 17, 2015 letter, Docket No. 478, at 4, that both lead counsel for the City defendants are away and unavailable next week, and cannot meet during that time.

Accordingly, for the reasons stated above the City defendants respectfully request that the Court strike plaintiff's proposed JPTO of August 20, 2015 as untimely and deny plaintiff's other requests for relief.[4]

In the alternative, should the Court grant plaintiff additional time to complete the JPTO process, the City defendants respectfully request, in addition to the request for adjournment of the motion *in limine* schedule previously submitted, a Court conference to discuss when a trial could reasonably be  had in light of plaintiff's delays.

We thank the Court for its consideration in this matter.

Respectfully submitted,

/s/

Alan H. Scheiner
Senior Counsel
Special Federal Litigation Division

cc:     All counsel by ECF.

---

[3] Numerous other requests for additional information were ignored.  For example, several exhibits are identified only by "PDX" (plaintiff's deposition exhibit) or plaintiff's summary judgment exhibit number ("PMX" and "POX").  Some of these exhibits were never provided to the City defendants, and on June 23, 2015 (if not before), and again on August 10, 2015, the City defendants requested them.  Plaintiff has not provided those materials.

[4] The City defendants reserve the right to move *in limine* to preclude the exhibits that plaintiff  failed to sufficiently identify as of August 14, 2015, and all other rights and remedies with respect to plaintiff's exhibits and witnesses.