LAW OFFICE OF
## NATHANIEL B. SMITH
ATTORNEY AT LAW
100 WALL STREET - 23rd Flr.
NEW YORK, NEW YORK 10005

NATHANIEL B. SMITH
natbsmith@gmail.com

TEL: 212-227-7062
FAX: 212-230-1090

August 25, 2015

Honorable Robert R. Sweet
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 1007

*Schoolcraft v. The City of New York, et al.,*
*10-cv-6005 (RWS)(DCF)*

Dear Judge Sweet:

On behalf of the plaintiff, I am writing to the Court in response to Alan Scheiner's August 18, 2015 and August 21, 2015 letters to the Court. In his August 18th letter, Mr. Scheiner complains, on behalf of City Defendants, that plaintiff has named two police practices experts on our Proposed Pretrial Order as potential witnesses to be called at trial. In his August 21st letter, he complains, on behalf of the City Defendants, JHMC and Dr. Isakov, about the proposed pre-trial order filed by the plaintiff. While all of these issues should have, in the first instance, been resolved by all counsel conducting a good faith meet-and-confer, Mr. Scheiner has instead determined to pepper the Court with his objections and needless letters. As a result, we are required to respond.

*The August 18th Letter About the Two Experts*

City Defendants argue that since both experts authored plaintiff's expert report on police practices, testimony from both experts would be cumulative and inadmissible at trial.

The City Defendants' demand that plaintiff's Proposed Pretrial Order list

Law Office of
Nathaniel B. Smith

only one police practices expert is without merit and should be denied. First, the Proposed Pretrial Order clearly states that the list of witness names provided by all parties are witnesses that the party *may* call or seek to call to trial. If one expert covers the subject matter plaintiff seeks to introduce in his case in chief, there will be no need to call a second expert. Certainly, the Court would disallow duplicate or cumulative testimony - an issue that can readily be resolved at trial by proffer. There is no good reason to disallow a witness simply on what one party thinks may be grounds for objection two months prior to trial.

Second, City Defendants know full well that plaintiff's two police practices experts bring different experience and expertise to the issues of police practice in issue here. City Defendants deposed each of plaintiff's police practices experts separately and sought to highlight specific and distinct areas of expertise of the two experts. Defendants now seek to game any perceived distinctions between plaintiffs police practices experts by excluding one at trial. The Court should deny this motion. In the very unlikely event that the plaintiff will repeat with one expert the testimony of another expert, we are confident that the Court will be able to manage the introduction of evidence during the trial in the typical ways – by directing the parties to avoid repetition. But that decision cannot in any meaningful way be made at this juncture, where neither expert has testified. Importantly, we note that the City Defendants fail to point to any specific evidence that they content will necessarily be repeated at trial.

*The August 21st Letter About the Plaintiff's Proposed Pre-Trial Order*

The City Defendants claim that the plaintiff's filing of his proposed pre-trial order was "late" yet they ignore several important facts. First, the version that the defendants unilaterally filed contains plaintiff's contentions as well as a list of witnesses and exhibits as of that date, and thus the City Defendants' argument that they have been prejudiced glides over the fact that they knew of and had this information at the time.

Second, the City Defendants do not mention the fact that three days before the deadline, the City Defendants dumped several hundred pages of newly produced materials into the plaintiff's lap. And to compound the document production stunt, City Defendants had the temerity to fault the plaintiff for not being ready to go forward with the filing and to object to any kind of extension, despite being required by the City Defendants' own delays in producing documents

LAW OFFICE OF
NATHANIEL B. SMITH

3

in discovery.

Third, the City Defendants claim that the plaintiff failed to sufficiently identify trial exhibits. While it is certainly correct that there were an isolated number of exhibits that were not, in the light of the defendants' comments, sufficiently identified, vast portions of the exhibits were properly identified. For example, our designations of "PDX" or "PMX" or "POX" refer to plaintiff's deposition exhibits, or plaintiff's exhibits filed in support of or in opposition to the motions for summary judgment. Since the deposition exhibits were provided to the defendants in discovery and at the depositions and since the exhibits in support of plaintiff's motion for summary judgment and in opposition to the defendants' motions for summary judgment were served and filed in this action, the claims that the defendants do not have the exhibits and that they are insufficiently identified should be rejected. And to the extent that we have not sufficiently identified a document, we have undertaken to do so and will continue to do so. Indeed, the defendants have noted in their pre-trial order that they intend to move in limine on September 7, 2015 to exclude documents not sufficiently identified and we are continuing to undertake to resolve any legitimate concern that a party may have regarding the identity of exhibits.

Fourth, the defendants have failed to provide proper designations in their pre-trial order, which we intend to address in our motion in limine. For example, the City Defendants have suggested that they may want to read the deposition of the plaintiff's father. (Defendants' JPTO, date filed, 8-14-15 at p. 15 & 17 n. 15.) Similarly, the Medical Defendants have stated that they "may" seek to offer deposition testimony of numerous witnesses at trial. (*Id.* at 19.). The Court's Individual Rules, however, specifically require "[a] designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party." (Individual Rule 3 (ix).) The defendants, in violation of this rule and established practice, have failed to designate by page and line those specific portions that they "may" want to read to the jury, an obvious departure from required practice and the Court's Individual Rules.

As another example, the City Defendants have designated as their Trial Exhibit J-6 a recording made by the plaintiff on October 31, 2009 of his tour that day. Since the recording is over seven hours long, we contend that the City Defendants have failed to sufficiently identify which portions of the entire, day-long recording they will seek to offer into evidence. Similarly, the Medical Defendants have failed to sufficiently identify their exhibits. *See, e.g.* Defendants'

LAW OFFICE OF
NATHANIEL B. SMITH

4

JPTO, date filed 8-14-15, at p. 41 (unspecified "records of" Dr. Lamstein and Dr. Sure). As noted, it is plaintiff's position that all these types of issues should be addressed in a meet-and-confer, not an endless stream of letters to the Court.

\* \* \*

The City Defendants repeatedly claim prejudice but offer nothing concrete to support it. Indeed, it appears that the City Defendants' recent letter-writing campaign has little to do with the proffered merits and more to do with the City Defendants' real agenda, which is to delay the October 19, 2015 trial date. *See* Scheiner Letter, dated August 21, 2015, at p. 3 (suggesting a conference "to discuss when a trial could reasonable be had in light of plaintiff's delays.")

For all these reasons, the request to strike the plaintiff's August 20, 2015 filing should be denied and the Court should direct the parties to meet and confer at mutually convenient date before the motions in limine are due on September 7, 2015 to resolve any remaining issues on the pre-trial order submission. For reasons far too obvious to the Court, the suggestion that the trial should be moved must be rejected.

Respectfully submitted,

*Nathaniel B. Smith*

Nathaniel B. Smith

By ECF
cc:
All Counsel
(by ECF)