

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

ALAN H. SCHEINER
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

September 3, 2015

**BY ECF & EMAIL**
**(Andrei_Vrabie@nysd.uscourts.gov)**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  Schoolcraft v. The City of New York, et al.
              10-CV-6005 (RWS)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent City defendants in the above-referenced matter.

      We write to clarify the schedule in this matter. On August 13, 2015, plaintiff applied for an extension of time to file the parties' JPTO in this matter (Docket No. 473). On August 17, 2015, the City defendants (and other defendants) opposed the application, and requested that should plaintiff be granted additional time that the motion in limine deadline for all parties be likewise extended, to September 17, 2015 with oppositions due October 9, 2015 (Docket No. 478).  On August 18, 2015, plaintiff responded by consenting to the requested extension of the motion schedule, should his application to extend the JPTO deadline be granted (Docket No. 481).

      On August 14, 2015, the defendants filed their proposed JPTO in accordance with  the schedule last agreed-upon by all counsel (Docket No. 477).  On August 20, 2015, plaintiff filed his proposed JPTO, in accord with the schedule that he had previously requested (Docket No. 483). The City defendants requested that the Court strike the JPTO as untimely (Docket No. 484 ) and plaintiff responded on August 25, 2015 in further support of his application (Docket No. 485).

      As the Court has not ruled on these disputes, after consultation with the Court's clerk by all parties on August 31, 2015, and to avoid further prejudice, the City defendants deem

Sweet, J.
September 3, 2015
Page 2

plaintiff's application to have been *de facto* granted, and accordingly the extension to the motion deadline requested by the City defendants and agreed to by plaintiff should be in effect. The City defendants will act according to that schedule, absent further Order from the Court, and respectfully request that the Court "So Order" this schedule at the Court's convenience.

For the Court's convenience, we note the following additional motions that remain pending and which could affect the substance of the trial in this matter, including motions *in limine* and the evidence to be offered:

- City Defendants' Motion for Bifurcation of *Monell* Issues, fully briefed as of July 23, 2015 (*see* Docket Nos. 438, 439, 449, 452 and 461)

- Plaintiff's and City and Mauriello Defendants' Motions for Reconsideration, fully briefed as of July 24, 2015 (*see* Docket Nos. 438, 439, 441, 453, 456, 462, and 463)

- Defendants' Motion to Strike Plaintiff's Reply Brief on Motion for Reconsideration, fully submitted as of August 18, 2015 (*see* Docket Nos. 467, 471, 475, and 476)

- City defendants' motion to require plaintiff to designate only one of two police practices experts to testify at trial, fully briefed as of August 25, 2015 (*see* Docket Nos. 482, 485)

We thank the Court for its consideration in this matter.

Respectfully submitted,

/s/

Alan H. Scheiner
Senior Counsel
Special Federal Litigation Division

cc: All counsel by ECF.