| | |
|---|---|
| **From:** | John Lenoir <john.lenoir@gmail.com> |
| **Sent:** | Monday, July 20, 2015 11:18 AM |
| **To:** | Scheiner, Alan (Law) |
| **Cc:** | Nathaniel Smith; Shammas, Cheryl (Law); Thadani, Kavin (Law); Jon Norinsberg |
| **Subject:** | Re: Schoolcraft - Police practice expert production |

Alan, the point really is that Plaintiff's police procedures experts relied on cohort groups of retirees to chart and represent responses to the 2012 survey. This data was provided to defendants well before depositions of Plaintiff's two police procedures experts. Through the depositions there has been full and robust examination of the data and methods of the 2008 and 2012 surveys which the experts included in their report. There was no call for such data-behind-data of cohort aggregates during discovery and depositions, and it is improper for City defendants to try to reopen discovery almost a year later on a new and trivial matter such as this.
Respectfully
John Lenoir


On Fri, Jul 17, 2015 at 5:24 PM, Scheiner, Alan (Law) <ascheine@law.nyc.gov> wrote:

John:


The point is that there is data on which the expert relied – namely the year of retirement of the 2012 survey respondents – which was not produced.  The court ordered plaintiff to produce all such information, but you did not do so.  I raised this in order to ensure that I had seen the entire disclosure and to give plaintiff an opportunity to correct the omission, which you have declined to do.  Accordingly, defendants will move to exclude the expert on the grounds, among others, that the court-ordered disclosure was materially incomplete.  We also reserve the right to seek additional remedies for the violation of the Court's order.


Of course, however, if you change your view and are willing to produce the omitted data, please let me know by the close of business on Monday.  Thank you for your cooperation in this matter.


Sincerely,


Alan H. Scheiner

Senior Counsel

New York City Law Department

Special Federal Litigation Division

100 Church Street, Room 3-174
New York, NY 10007

(212) 356-2344

ascheine@law.nyc.gov

**From:** John Lenoir [mailto:john.lenoir@gmail.com]
**Sent:** Friday, July 17, 2015 11:41 AM
**To:** Scheiner, Alan (Law)
**Cc:** Nathaniel Smith; Shammas, Cheryl (Law); Thadani, Kavin (Law)
**Subject:** Re: Schoolcraft - Police practice expert production

Alan

About a year ago plaintiff produced the source data that our police practice experts used for the survey charts referenced in their report.  Both experts were subsequently deposed extensively.  In Dr. Eterno's October 17, 2014 deposition, particularly, the questionnaires and methods for the surveys of 2008 and 2012 were examined at length. There was no concern raised by the City, or any other defendants about the exact year a respondent retired as opposed to the grouping of cohort retirement categories which the charts depict.  It is improper and untimely to now demand for production of this type of insignificant and irrelevant data well after discovery has closed and as we are preparing for trial.  At worst, such a demand seems to be an unworthy harassment tactic.


With regards,

John Lenoir




On Tue, Jul 14, 2015 at 10:10 AM, Scheiner, Alan (Law) <ascheine@law.nyc.gov> wrote:

John:  I do not agree that this issue is in any sense time-barred.  Perhaps we simply have a factual misunderstanding.  My understanding is that the original 2012 survey respondents provided their actual year of retirement.  The time-period cohorts that appear in the data you produced and the expert's chart were created by the expert.  So the actual year of

retirement which was contained in the survey responses was not produced by plaintiff.  Please check with your expert and let me know if you disagree with those facts.  Thank you for your cooperation in this matter.  Sincerely, Alan

**From:** John Lenoir [mailto:john.lenoir@gmail.com]
**Sent:** Monday, July 13, 2015 4:36 PM
**To:** Scheiner, Alan (Law)
**Cc:** Nathaniel Smith; Shammas, Cheryl (Law); Thadani, Kavin (Law)
**Subject:** Re: Schoolcraft - Police practice expert production

Alan:

By authority, I refer to the September 19, 2014 hearing before Judge Sweet where we litigated the expert production issue to exhaustion. We believe we have complied with Judge Sweet's "Scheindlin rule" by producing the data from which Drs Eterno and Silverman created the 2008 and 2012 survey charts for their expert report in this case. The 2008 suvey did not ask for year of retirement, and the 2012 survey categorized the retirement dates. The City defendants have the data ("facts") that our experts used to make their charts.

> THE COURT: I think we will have what we'll call the Scheindlin rule for the 2008, 2012 surveys. Any identified fact or literature will be produced.  (p. 20)
>
> ...
>
> MS. METTHAM: So the narrative responses, the long-form written responses were provided but not all of the multiple choice underlying data was provided. And, again, your Honor, the multiple choice is what we believe is relevant so that we can look into the actual years that these individuals --
>
> THE COURT: All right. You can have the multiple choice and the narratives. (p. 24)

**It is a little late to be relitigating discovery issues; and I do not know what else you could reasonably request regarding these two surveys that were neither designed nor conducted**

for this case. Again, with the survey responses produced by plaintiff, City defendants have the data that formed the charts that were inclued in plaintiff's expert's report.

Respectfully

John Lenoir


On Fri, Jul 10, 2015 at 12:47 PM, Scheiner, Alan (Law) <ascheine@law.nyc.gov> wrote:

Thank you John. As I tried to explain in my initial inquiry – what is missing is the original survey responses, and especially the responses from 2012 stating the year of retirement. That data is part of what the expert relied on in creating the summaries of the responses that you produced, and the original data is necessary for any thorough test of the expert's conclusions. In other words, the data as provided is incomplete and omits necessary information. Please let me know as soon as possible whether you will provide the original survey response data, including the year of retirement of the 2012 respondents. We deem the production incomplete without it and reserve all remedies and objections.

I am not sure if the last sentence of your email was intended to be included – but if you believe that you are not required to produce the underlying data based on a prior decision of this Court or some other court, kindly provide the authority.

Thank you for your cooperation in this matter.

Sincerely,

Alan H. Scheiner

Senior Counsel

New York City Law Department

Special Federal Litigation Division

100 Church Street, Room 3-174
New York, NY 10007

(212) 356-2344

ascheine@law.nyc.gov

**From:** John Lenoir [mailto:john.lenoir@gmail.com]
**Sent:** Friday, July 10, 2015 11:36 AM
**To:** Scheiner, Alan (Law)
**Cc:** Nathaniel Smith
**Subject:** Police practice expert production


Mr. Scheiner:

Nat asked me to respond to your email of June 23, 2015 since I will be responsible for plaintiff Schoolcraft's police practices expert at trial.  I have reviewed the relevant hearings, the correspondence and our production (attached), and conferred with Dr. John Eterno.  Our production of Oct 9, 2014 represents all the survey data which Dr. Eterno and Dr. Silverman used to form the charts and inform their expert report in this case.  With regard to the 2008 survey, there was no information as to the retirement date of respondents.  For the 2012 survey, the retirement dates of respondents were grouped into categories of pre-CompStat, 1994-2001, and 2002--2012. This data concerning retirement date categories is contained in the SPSS file provided in October 2014. According to Dr. Eterno, using the data provided, you could produce the same charts they did for the plaintiff's expert report (which is why the data is considered confidential and proprietary.)

We have thus complied with the Court's September 17, 2014 "Scheindlin" rule:


Regards,

John Lenoir

212.335.0250




From: **Scheiner, Alan (Law)** <ascheine@law.nyc.gov>

Date: Tue, Jun 23, 2015 at 5:56 PM
Subject: Schoolcraft - expert data
To: Nat Smith <natbsmith@gmail.com>

Nat,

It appears that there is something missing from the documents produced by the plaintiff relating to Eterno/Silverman's survey study.  In response to the City's request for all materials relied on by the expert, plaintiff produced the blank surveys used by the experts, plus a statistical application file containing summaries of the responses.  That statistical file in some respects does not include all of the data in the original sample, such as, for example, the year of retirement of the survey respondent.  The plaintiff did not, so far as I can tell, produce the original survey responses or a file containing the original response data.  Do you think that you did produce the original survey responses, or data reporting the exact original responses?  If you did not produce it, would you produce it now?

Thank you for your cooperation in this matter.

Regards, Alan

Alan H. Scheiner

Senior Counsel

New York City Law Department

Special Federal Litigation Division

100 Church Street, Room 3-174
New York, NY 10007

(212) 356-2344

**Nat Smith <natbsmith@gmail.com>**

to Suzanna, Gregory, Brian, Walter, Ryan, me, Matthew, Rachel, magdalena, pcallan



I have confirmed that there are no documents responsive to these requests. The Health and Ho

spital Corporation data is no longer available on its web site and no hard copy has been maintained by the experts. In addition, the references to the other police officers in the report is based on anecdotal evidence and common knowledge and there are no documents in their possession that are responsive to this request.

Accordingly, there is no basis to claim that the depositions need to be adjourned.

Please confirm that we are going forward on the dates and times I specified yesterday ( "Dr. Eterno and Dr. Silverman are respectively confirmed for 10:00 AM on October 17, 2014 and 10:00 AM on October 24, 2014, with both depositions being conducted at the Law Department, 100 Church Street, New York, New York.")

**From:** "Mettham, Suzanna (Law)" <smettham@law.nyc.gov>
**Date:** Thu, 9 Oct 2014 23:17:00 +0000
**To:** Nat Smith <natbsmith@gmail.com>, "Gregory J. Radomisli" <radomg@mcblaw.com>
**Cc:** "Brian E. Lee" <brianelee@idjlaw.com>, Walter Kretz <wakretz@seiffkretz.com>, "Shaffer, Ryan (Law)" <rshaffer@law.nyc.gov>, "John D. Lenoir" <john.lenoir@gmail.com>, "Koster, Matthew" <mkoster@ckbblaw.com>, "Seligman, Rachel A. (Law)" <rseligma@law.nyc.gov>, magdalena bauza <bauza.magdalena@gmail.com>, "pcallan@ckblaw.com" <pcallan@ckblaw.com>
**Subject:** RE: Dispositive motion schedule

Mr. Smith,

You have still not produced the remaining data relied on by Professors Eterno and Silverman which you were clearly ordered to, including but not limited to:

· The Health & Hospitals Corporation data cited on page 11; and

· Evidence regarding Officer Polanco and Sergeant Borrelli cited on page 7.

Provide those immediately, or we will *again* not be going forward with the depositions as scheduled, based on your own dilatory tactics. If I am mistaken, and they have been produced, please point me to their respective Bates numbers.

Sincerely,

**Suzanna Publicker Mettham**

Senior Counsel

Tel. No.: (212) 356-2372

smettham@law.nyc.gov

**From:** Nat Smith [mailto:natbsmith@gmail.com]
**Sent:** Thursday, October 09, 2014 7:13 PM
**To:** Gregory J. Radomisli
**Cc:** Mettham, Suzanna (Law); Brian E. Lee; Walter Kretz; Shaffer, Ryan (Law); John D. Lenoir; Koster, Matthew; Seligman, Rachel A. (Law); magdalena bauza; pcallan@ckblaw.com
**Subject:** Re: Dispositive motion schedule

Counsel,  Subject to the attached Protective Order, dated October 1, 2014, which was filed with ECF today, I am enclosing production of two data files and documents bates-stamped E & S Production # 1-149.  Please note that identifying information in the production, including name, address, contact information and other identifying information has been redacted.   Please further note that the data files are in a program that is used for social scientists known as SPSS (Statistical Package for Social Scientists).

In addition, this confirms that the depositions of Dr. Eterno and Dr. Silverman are respectively confirmed for 10:00 AM on October 17, 2014 and 10:00 AM on October 24, 2014, with both depositions being conducted at the Law Department, 100 Church Street, New York, New York.

Thank you.

Nat Smith

--

*****************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by an attorney and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

--

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by an attorney and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

--

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by an attorney and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

--

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by an attorney and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.