# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ADRIAN SCHOOLCRAFT,

                   Plaintiff,

-against-

THE CITY OF NEW YORK, et al.

                   Defendants,

-------------------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF NEW YORK'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

**10 CV 6005 (RWS)**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules for the Southern District of New York, Adrian Schoolcraft, by his attorneys Jon L. Norinsberg and Cohen and Fitch, responds to Defendant City of New York's First Combined Set of Interrogatories and Document Requests, under oath, upon information and belief as follows.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each and every person who has knowledge or information concerning the subject matter of plaintiff's Amended Complaint in this action. For each person so identified, identify the allegations of which the person has knowledge, the source of his/her knowledge or basis for his/her belief.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and is neither relevant nor reasonably calculated to lead to the discovery or admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the General

additional statements responsive to this request are contained in the audio recordings from the 81st Precinct, annexed hereto.

### INTERROGATORY NO. 3:

Identify all injuries claimed by plaintiff as result of the allegations involving the City defendants as contained in the Amended Complaint and the medical, psychiatric, psychological, and other treatment provided, if any. For each such treatment received, identify the provider who rendered the treatment to plaintiff. If not treatment was provided for any claimed injury, so state.

### RESPONSE TO INTERROGATORY NO. 3:

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and is neither relevant nor reasonably calculated to lead to the discovery or admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that he was physically assaulted, forcibly removed from his residence against his will, was involuntarily confined in a psychiatric ward, was deprived of his liberty for six days, and was thereafter repeatedly harassed and intimidated by members of NYPD at his apartment in Johnstown, all of which caused plaintiff to suffer severe emotional distress.

### INTERROGATORY NO. 4:

Identify all economic injuries claimed by plaintiff as a result of the allegations involving the City defendants as contained in the Amended Complaint, including but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorneys fees. Identify the specific amounts claimed for each injury.

### RESPONSE TO INTERROGATORY NO. 4:

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and is neither relevant nor reasonably calculated to lead to the discovery or admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the General

Objections, plaintiff is asserting a claim for both lost earnings and lost future earnings as a result of this incident. Plaintiff states that the salary for his last full calendar year with the N.Y.P.D. was $104,763.08.

### INTERROGATORY NO. 5:

Identify all medical providers including, but not limited, doctors, hospitals, psychiatrist, psychologists, social workers and other counseling services, who have rendered treatment to the plaintiff within the past ten (10) years.

### RESPONSE TO INTERROGATORY NO. 5:

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and is neither relevant nor reasonably calculated to lead to the discovery or admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, plaintiff states that an authorization for the release of medical records from the following medical providers are annexed hereto: i) Steven A. Luel, M.D., at the following locations: Steven A. Luel, M.D., 1651 Third Avenue, Suite 201, New York, New York 10128 and Steven A. Luel, M.D., 114-06 Queens Blvd., Suite A-91, Forest Hills, New York 11375; and ii) Dr. Hertzel Sure, 1000 Northern Boulevard, Great Neck, New York 11021.

### INTERROGATORY NO. 6:

Has plaintiff applied for social security disability benefits within the past three (3) years? If so, identify each state, city, or other jurisdiction that provided social security disability benefits to plaintiff.

### RESPONSE TO INTERROGATORY NO. 6:

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad and is neither relevant nor reasonably calculated to lead to the discovery or admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the General