# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEORDORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, SGT. FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004 and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in his Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                              Defendants.

-------------------------------------------------------------------------x

**CITY DEFENDANTS' FIRST COMBINED SET OF INTERROGATORIES AND DOCUMENTS REQUESTS**

10 CV 06005 (RWS)

professionals, including mental health professionals, chiropractors, practitioners of alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind, covering the period from February 2007 to the present.

4. Releases sufficient in form, quality and quantity to obtain certified copies of all of each plaintiff's medical records, psychiatric records, or like documents or things. A copy of a sufficient form is annexed hereto as Exhibit "A."

5. Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals, diary entries, notes, files, bills, receipts, cancelled checks or other proof of payment, insurance claims, and insurance benefits received, or like documents or things, in any form or format, concerning every examination, evaluation, or treatment or counseling, of plaintiff from 2007 through the present, by any doctors or health care professionals, including mental health professionals, chiropractors, practitioners of alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind, on account of any mental impairment, emotional or mental distress, or injury, including, but not limited to, emotional distress allegedly suffered by plaintiff as a result of the alleged wrongful acts or omissions that form the subject matter of this lawsuit.

6. Any and all other documents concerning plaintiff's claims for emotional and physical distress or other non-economic damages.

7. Any and all documents concerning plaintiff's actual or deferred compensation from any employment, including but not limited to federal, state and local tax returns (including all schedules, forms, statements and exhibits annexed thereto or submitted

11

therewith) filed by or on behalf of plaintiff, W-2 statements, wage statements, benefits statements or 401K or similar plan statements and pension statements for the years 2007 through the present.

8. Releases sufficient in form, quality and quantity to obtain certified copies of all of each plaintiff's federal and state tax returns for the years 2007 through 2010. Copies of sufficient forms are annexed hereto as Exhibit "B."

9. Any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, concerning the financial expenses (other than expenses for mental health services) that plaintiff claims to have incurred to date as a result of the alleged wrongful acts or omissions of the defendants, including but not limited to attorneys' fees.

10. To the extent not produced in response to any of the foregoing or below requests, any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning any damages allegedly incurred by plaintiff.

11. Produce all documents that relate to all complaints made by plaintiff to any city, state, and/or federal government agency including, the NYPD Quality Assurance Division ("QAD"), the NYPD's Internal Affairs Bureau ("IAB") of the New York City Police Department, any elected official or representatives, and attorney general and/or inspector general offices.

16. Execute and return with plaintiff's responses the accompanying Unemployment Records Release. A copy of a sufficient release forms are annexed hereto as Exhibit "D."

17. Any and all documents concerning any Medicaid or other social assistance benefits plaintiff has applied for or received since October 31, 2009.

18. Execute and return with plaintiff's responses the accompanying Social Assistance Benefits Records Release. A copy of a sufficient release forms are annexed hereto as Exhibit "E."

19. To the extent not produced in response to any of the foregoing or below requests, any and all documents or things, including but not limited to audiotapes, videotapes, or other electronic recordings, emails, letters, journals or diary entries or notes or like documents or things, in any form or format, relevant to, related to, or concerning any damages allegedly incurred by plaintiff.

20. Any and all documents relevant to, related to, or concerning plaintiff's allegations that supervisors in the 81st precinct were enforcing a *de facto* quota policy requiring police officers to issue a certain number of summons and arrests per month as alleged in paragraph 34 of the Amended Complaint.

21. Any and all documents relevant to, related to, or concerning plaintiff's allegations that "officers failing to meet the required amount [of summons and arrests per month] were subject to work related consequences, such as loss of overtime, tour changes and denial of vacation days" as alleged in paragraph 35 of the Amended Complaint.