USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                  Plaintiff,

THE CITY OF NEW YORK, et al.

                  Defendants.
-----------------------------------------------------------X

**STIPULATION AND PROTECTIVE ORDER FOR ATTORNEYS EYES ONLY**

10 CV 4228 (RWS)

**WHEREAS**, plaintiff seeks certain documents from defendants the City of New York, and NYPD defendants Deputy Chief Michael Marino, Assistant Chief Gerald Nelson, Deputy Inspector Steven Mauriello, Captain Theordore Lauterborn, Lieutenant Joseph Goff, Sgt. Frederick Sawyer, Sergeant Kurt Duncan, Lieutenant Christopher Broschart, and Sergeant Shantel James, (collectively referred to herein as "City Defendants") in discovery in this action, documents which City Defendants deem confidential;

**WHEREAS**, the City of New York deems certain of these documents, which include information regarding non-parties to this litigation that is or may be sealed pursuant to N.Y. C.P.L. §160.50, that implicates the privacy interests and safety concerns of non-parties to this action, that is of a confidential and sensitive nature, that is subject to the investigative, law enforcement, and deliberative process privileges;

**WHEREAS**, the production of documents subject to the Attorneys' Eyes Only Stipulation and Protective Order is not a waiver of the abovementioned privileges;

**WHEREAS**, the City of New York objects to the disclosure of this information and production of any documents containing this information unless appropriate protection for the confidentiality of such information is assured;

**WHEREAS**, the City of New York has previously produced records to pursuant to a

Confidentiality Agreement, which was so-ordered by the Court on March 12, 2012, and which governs the disclosure of confidential materials in this action; and

**WHEREAS**, the City of New York wishes to ensure that the production of any additional confidential documents produced during discovery will not be disclosed to any third parties, including the plaintiff and any individually named defendants in this action, unless and until such disclosure is expressly authorized by the Court; and

**WHEREAS**, all parties to this action wish to proceed forward with discovery in an expeditious and timely manner, without any further delays:

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiff and defendants, as follows:

1. Until such time as the Court orders otherwise, the production of any confidential information from this point onward should be for ATTORNEYS' EYES ONLY, and should be disseminated only to plaintiff's and defendants' counsel, to investigators working for and at the direction of plaintiff's and defendants' counsel, and to expert witnesses who may in the future be retained and work for and at the direction of plaintiff's and defendants' counsel;

2. As used herein, "Confidential Materials-Attorney's Eyes Only" shall mean all documents and the information contained therein as to which a party believes good cause under Fed. R. Civ. P. 26(c) exists for limiting public access. Subject to any challenge that may be brought under this order, City defendants shall designate as "Confidential Materials-Attorney's Eyes Only" all documents and the information contained therein relating to personnel of the New York City Police Department ("NYPD"), other than plaintiff in this action, except where otherwise specified in subsection (a), including, but not limited to, (a) (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the

Civilian Complaint Review Board, or other agencies; (b) files maintained by the NYPD's Quality Assurance Division ("QAD") with respect to any investigation, including but not limited to plaintiff; (c) personnel files and the information contained therein including, but not limited to, information regarding, promotions, discipline, evaluations; (d) copies of any documents containing information about any actual or potential personnel action taken with respect to personnel of NYPD other than plaintiff in this action, including, but not limited to, copies of investigation files, disciplinary files, Employee Management Division ("EMD") files; (e) Civilian Complaint Review Board Records; (f) any other documents identified by City defendants as confidential under the "good cause" standard of Fed. R. Civ. P. 26(c).; (g) any documents that the Court directs to be produced subject to this order; (h) any testimony concerning subsection (a), (b), (c), (d), (e), (f), and (g) and documents and the information contained therein; and (i) any other documents that the defendants may in the future in good faith deem "Confidential Materials-Attorneys' Eyes Only" pursuant to this Order because of privacy, security, law enforcement, or governmental interests.

3. Documents and information shall not be deemed "Confidential Materials-Attorneys' Eyes Only" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants; (b) obtained by plaintiff from defendants but not designated "Confidential Materials – Attorneys' Eyes Only" (c) are otherwise publicly available, or (d) if this Order or any Confidentiality Order in this case is superseded by Order of the Court.

4. The "Confidential Materials – Attorneys' Eyes Only" shall not be disclosed to any of the parties to this action until such time these documents become publicly available or ordered by the Court.

5. The defendants shall designate in good faith particular documents "Confidential Materials-Attorneys' Eyes Only" by labeling such documents "Confidential Materials-Attorneys'

Eyes Only" and/or by designating such documents by Bates Number in a writing directed to plaintiff's counsel. The City Defendants shall have a reasonable time to inspect and designate as "Confidential Materials-Attorneys' Eyes Only" documents sought by subpoena from third parties that are represented by the Office of Corporation Counsel of the City of New York, and such documents, if produced to plaintiff, shall be treated as "Confidential Materials-Attorneys' Eyes Only" during such reasonable period. If plaintiff objects to the designation of particular documents as "Confidential Materials-Attorneys' Eyes Only" plaintiff shall state such objection in writing to the defendants within 60 days of receipt, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the plaintiff shall move for an order approving such designation.

6. Neither plaintiff, plaintiff's attorney, nor the Co-Defendants or their attorneys in this matter shall use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case or defendants' defense in this action. In addition, any party may use the Confidential Materials for cross-examination or impeachment purposes, and Confidential Materials maybe used in support of, or opposition to, any summary judgment motions, provided that the Confidential Materials are appropriately redacted for ECF filing, pursuant to the provisions of paragraph 6, *infra*. To the extent that confidential records are used by either side in the trial of this action such records shall no longer be deemed confidential under the terms of this agreement and maybe used by any party without restriction. A party intending to use any confidential records at trial shall provide prior notice of intent to use the confidential records to all other parties, and provide the all other parties the opportunity to address the Court regarding whether documents should be excluded from evidence or admitted only in redacted form.

7. Plaintiff's attorneys shall not disclose the "Confidential Materials-Attorneys' Eyes Only" to any person who is not a member of the staff of their law office, an investigator

working at the direction of plaintiff's counsel, or to expert. In the event a conflict arises between the parties as to whether plaintiff's attorneys may disclose the information or documents to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the "Confidential Materials-Attorneys' Eyes Only", plaintiff's attorneys agree not to do so until such time that the parties can obtain a ruling from the Court in this regard. Before any disclosure is made to any investigator and/or expert witness, plaintiff's attorneys shall provide each person with a copy of this Stipulation and Protective Order for Attorneys' Eyes Only", and such person shall consent in writing, in the form annexed hereto as Exhibit "A", not to use the Confidential Materials for any purpose other than in connection with their own work performed in connection with this case, and not to further disclose the "Confidential Materials-Attorneys' Eyes Only". The signed consent shall be retained by plaintiff's attorneys and copies provided to counsel for the defendants upon written request for same.

8. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

9. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

10. With the exception of any documents or deposition testimony which are used during the trial of this action or otherwise no longer deemed Confidential Materials by the Court, as authorized in this agreement, the parties agree that within thirty (30) days after the termination of this case (including any appeals) or upon written request of the City Defendants, whichever is later, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to City defendants' attorney or, upon their written consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit or certification furnished to City defendants' attorney; plaintiff's and Co-Defendants' attorneys shall represent that all Confidential Materials have been returned; provided that notes and other materials that are or contain the work product of attorneys may be retained. However, any such retained work product shall not be used by said attorneys for any purposes unrelated to this litigation.

11. Should the City Defendant's produce any Confidential Materials that have portions redacted for privilege grounds, such documents or materials shall be accompanied by a log describing the contents of the redacted portions and the grounds on which the City Defendants are redacting such portions of the materials so that the parties can properly raise objections to said redactions with the City Defendants. If such objection cannot be resolved without the Court's involvement, then any party may move for an order removing such

redactions. Nothing in this Stipulation and Protective Order shall prevent plaintiff's counsel from making an application to the Court in the matter of <u>Stinson, et al. v. City of New York, et al.</u>, 10-Civ.-4228 (RWS), or any other matter against the City of New York, for disclosure of materials that would otherwise be subject to this Protective Order.

12. The parties may seek modification of this Stipulation and Protective Order, and the parties may seek review of confidentiality designations under this Order by application to the Court for good cause shown at anytime during the course of this litigation.

13. Facsimile signatures or signatures transmitted electronically shall have the same force and effect as if signed in the original.

14. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

15. Nothing in this Stipulation and Protective Order shall be construed to limit City Defendants' use of the Confidential Materials in any manner.

Dated: September 19, 2012
New York, New York

_____
JON L. NORINSBERG (JN2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5396
Norinsberg@aol.com

_____
COHEN & FITCH, LLP
Gerald Cohen (GC0414)
Joshua Fitch (JF2813)
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

Suzanna Publicker (SP1005)
Assistant Corporation Counsel
MICHAEL CARDOZO
Office of the Corporation Counsel
of the City of New York
Attorney for CITY DEFENDANTS
100 Church Street, Room 3-200
New York, NY 10017
(212) 788-1103
spublick@law.nyc.gov

Bruce M. Brady (BMB4816)
CALLAN, KOSTER, BRADY & BRENNAN, LLP
Attorneys for Defendant
DR. LILIAN ALDANA-BERNIER
1 Whitehall Street
New York, NY 10004-2140
(212) 248-0115
bbrady@ckbblaw.com

Walter A. Kretz, Jr.
SCOPPETTA SEIFF KRETZ & ABERCROMBIE
Attorney for Defendant Steven Mauriello
444 Madison Avenue, 30th Floor
New York, NY 10022
wakretz@seiffkretz.com

Gregory J. Radomisli (GJR2670)
MARTIN, CLEARWATER
& BELL, LLP
Attorneys for Defendant
JAMAICA HOSPITAL
220 East 42nd Street
New York, NY 10007
(212) 697-3122
radomg@mcblaw.com

Brian E. Lee (BL9495)
IVONE, DEVINE & JENSEN, LLP
Attorneys for Defendant
ISAK ISAKOV, M.D.
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042
(516) 326-2400
brianlee@idjlaw.com

SO ORDERED:

U.S.D.J.    10-3-12

## EXHIBIT A

The undersigned hereby acknowledges that he is an investigator and/or expert witness working for and at the direction of plaintiff's or defendant's counsel in the action title Schoolcraft v. City of New York, et al., 10 CV 4228 (RWS), has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on September 19, 2012, in that action, and understands the terms thereof. The undersigned agrees not to use materials designated "Confidential Materials-Attorneys' Eyes Only" as defined therein for any purpose other than to locate non-party witnesses in connection with the prosecution or defense of this case, and will not further disclose such information.

_____        _____
Date                            Signature

                                _____
                                Print Name

                                _____
                                Occupation