UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                 Plaintiff,                                 10 CV 6005 (RWS)

    -against-


THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, SGT. FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, AND P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),
Defendants.
-------------------------------------------------------------------------X

## MEMORANDUM OF LAW

*Of Counsel*:   Brian E. Lee

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE BY DEFENDANT ISAK ISAKOV, M.D. TO PRECLUDE TESTIMONY ON THE PURPORTED DECLARATORY JUDGMENT CLAIM AS THE DECLARATORY JUDGMENT ACTION DOES NOT CONFER FEDERAL JURISDICTION UNLESS IT ALREADY EXISTS**

**PRELIMINARY STATEMENT**

Any testimony on the purported declaratory judgment claim against Dr. Isakov should be precluded as the Court lacks jurisdiction over the Declaratory Judgment claim. The Declaratory Judgment Act does not in itself provide subject matter jurisdiction, but simply provides a remedy for disputes already within realm of federal jurisdiction. Since all federal claims were dismissed against Dr. Isakov, there is no subject matter jurisdiction over this claim. 28 U.S.C.A. § 2201, § 2202. Supplemental jurisdiction allows for a hearing of the state law claims (28 U.S.C. § 1367), but this does not provide a basis for jurisdiction for the federal declaratory relief sought.

**PERTINENT HISTORY**

This Court, in the decision May 5, 2015, Docket No. 436 (Exhibit A), pages 198-199 held that the declaratory judgment claims were properly included, *inter alia*, against this defendant. That was in response to our claim that the prior order (dated January 2015 and filed under Docket No. 340 (Exhibit B), pages 14-15) only permitted declaratory judgment claims against the City.

...

The Third Amended Complaint (Exhibit C) containing this claim may be found at Docket 342, and sets forth the following on page 64 in paragraph 373 the paragraph claiming relief:

> *Declaratory judgment in favor of plaintiff and against each of the defendants, finding that the defendants' conduct was unlawful*, including without limitation, findings that the claims for relief have been established; that the practices and policies of the NYPD on quotas for stops, summons and arrests and the manipulation and downgrading of crime reports are unlawful; that the practices and policies for falsification of training records are unlawful; and that the NYPD and JHMC records should be expunged to the extent that those records suggest that plaintiff is (or or ever was) emotional disturbed, or suffering from a mental illness or dangerous to himself or others (emphasis supplied).

## POINT I

**TESTIMONY AS TO THE CLAIMED UNLAWFUL CONDUCT OF DR. ISAKOV SHOULD BE PRECLUDED AS THIS COURT HAS NO JURISDICTION TO HEAR A FEDERAL DECLARATORY JUDGMENT CLAIM AGAINST DR. ISAKOV**

The Declaratory Judgment Act (hereafter "DJA"), found at 28 U.S.C. §2201, provides as follows in pertinent part:

> In a case of actual controversy within its jurisdiction, * * * any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. § 2201 (West).

The statute envisions the granting of relief only where there is a preexisting ground of federal jurisdiction. "The operation of the Declaratory Judgment Act is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617, 108 A.L.R. 1000. Amplifying this, the Court in *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, 70 S. Ct. 876, 879, 94 L. Ed. 1194 (1950), found that in enacting the DJA Congress was enlarging the range of available remedies but not extending the jurisdictional basis required for federal court litigation. The Court continued:

> When concerned as we are with the power of the inferior federal courts to entertain litigation within the restricted area to which the Constitution and Acts of Congress confine them, 'jurisdiction' means the kinds of issues which give right of entrance to federal courts. Jurisdiction in this sense was not altered by the Declaratory Judgment Act. Prior to that Act, a federal court would entertain a suit on a contract only if the plaintiff asked for an immediately enforceable remedy like money damages or an injunction, but such relief could only be given if the requisites of jurisdiction, in the sense of a federal right or diversity, provided foundation for resort to the federal courts. The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked. But the requirements of jurisdiction—the limited subject matters which alone Congress had authorized the District Courts to adjudicate—were not impliedly repealed or modified. *See Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 300, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407; *Colegrove v. Green*, 328 U.S. 549, 551—552, 66 S.Ct. 1198, 1199, 90 L.Ed. 1432.

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72.

A declaratory judgment action must meet all the substantive and procedural jurisdictional prerequisites of the usual civil action. *Maryland Cas. Co. v. Rosen*, 445 F.2d

1012 (2d Cir. 1971).  The claims against Dr. Isakov and the medical defendants lack such prerequisites.  "The Federal Declaratory Judgment Act is merely an added ground upon which litigants may enter the federal courts. One of the essential prerequisites of any civil action in the federal courts is that it state a 'case or controversy' within Article III of the Constitution. (*Alabama State Federation of Labor, Local Union No. 103, United Brotherhood of Carpenters and Joiners of America v. McAdory*, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945); *Standard Accident Insurance Co. v. Alexander, Inc.,* 23 F.Supp. 807 (D.Tex.1938).)" *Maryland Cas. Co.*, 445 F.2d 1012, 1014 (2d Cir. 1971).

It was held in *Ragoni v. United States*, 424 F.2d 261, 264 (3d Cir. 1970), that 28 U.S.C. § 2201, "is limited in operation to those cases which would otherwise be within the jurisdiction of the federal courts; the mere fact that a declaratory judgment is being sought is not, of itself, ground for federal jurisdiction."  Further, this section is not jurisdictional, and a plaintiff must show that his complaint falls within ambit of a jurisdictional statute. *Southern Trust Ins. Co. v. Griner*, 550 F.Supp. 39 (S.D.Ga.1982).\

Since there is no ground for federal jurisdiction against Dr. Isakov, there is no basis for a Declaratory Judgment against him, and any claims in that regard should be precluded by this Court.

Thus, in this case, the only federal claims against this defendant were dismissed by this court.  The court found that this defendant was not a state actor and the 1983 claims were dismissed.  Exhibit A, page 198. The court permitted supplemental jurisdiction because of the "common nucleus of overlapping facts" as to the state claims of medical

malpractice, false arrest and false imprisonment. *Id.*, pp. 198-199. No federal claims remained against Dr. Isakov and the medical defendants. As a result, there is no jurisdiction for this court to hear the Declaratory Judgment claims, and no testimony should be permitted in that regard.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant defendant's motion in its entirety, together with such other and further relief as this Court deems just and proper.

Dated:    Lake Success, New York
          September 21, 2015

                                        Respectfully submitted,
                                        IVONE, DEVINE & JENSEN, LLP

                              By:   */s/ Brian E. Lee*

                                        Brian E. Lee (BEL 9495)
                                        Attorneys for Defendant
                                        ISAK ISAKOV, M.D.
                                        2001 Marcus Avenue
                                        Lake Success, New York 11042
                                        (516) 326-2400