
OUR FILE NO.: 090.155440

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                      Plaintiff,

   - against -

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax Id. 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax Id. 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id. 895117, Individually and in his Official Capacity, CAPTAIN THEODORE LAUTERBORN, Tax Id. 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and in his Official Capacity, STG. FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, and P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                      Defendants.
---------------------------------------------------------------------X

10CV6005 (RWS)

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE***

This Memorandum of Law is respectfully submitted on behalf of defendant Dr. Lilian Aldana-Bernier in opposition to portions of plaintiff's motion *in limine*. Specifically, Dr. Aldana-Bernier opposes the portions of plaintiff's motion *in limine* which seek the following:

- Exclusion all evidence of rifle found in plaintiff's apartment as irrelevant and prejudicial;

- Limitation of witness examinations by the defendants;

- Exclusion of any reference to the ruling in McGugan v. Aldana-Bernier;

- Exclusion of any reference to the "Navy Yard Disaster" as irrelevant and prejudicial; and

- Exclusion of any evidence from media sources as inadmissible hearsay lacking trustworthiness.

But for the issues related to the ruling in McGugan v. Aldana-Bernier, plaintiff has failed to establish that the exclusions and limitations sought in his motion *in limine* are supported by law and fact. Further, many of the limitations sought by plaintiff are premature and should be addressed if, and when, they arise as they are heavily fact and circumstance dependant.

## ARGUMENT

**I.   EVIDENCE THAT PLAINTIFF POSSESSED A RIFLE IN HIS APARTMENT IS RELEVANT AS ACCESS TO WEAPONS WAS ONE OF THE FACTORS CONSIDERED BY DR. ALDANA-BERNIER IN HER DECISION TO COMMIT PLAINTIFF**

It appears that the portion of plaintiff's motion *in limine* seeking to exclude evidence concerning the existence of a rifle in plaintiff's apartment is directed solely at the City of New York and related police defendants and not against the medical defendants. To the extent that plaintiff claims that this portion of the motion is applicable to all the defendants, Dr. Aldana-Bernier opposes this portion of the motion.

Plaintiff's possession of a rifle that he claims was his father's is relevant to this matter. Dr.

Aldana-Bernier testified that one of the factors that she considered when weighing whether plaintiff needed committal was that as a police officer, plaintiff had easy access to guns even if his guns had already been taken away by the NYPD pursuant to the order of a department psychiatrist. Dr. Aldana-Bernier Transcript Pg 149 ln 17-pg 150 ln 11; pg 196 ln 18-pg 197 ln 3; pg 214 lns 12-16 . Additionally, Dr. Aldana-Bernier also testified that as an emergency room doctor one of the factors she has to consider in assessing whether a patient is a potential danger to others is the presence of weapons. Dr. Aldana-Bernier Transcript Pg 198 lns 6-11. Further, Dr. Aldana-Bernier testified that one of the reasons to stabilize a patient is to limit that person's access to weapons. Aldana-Bernier Transcript pg 219 lns 9-16. Physicians work to ascertain whether a patient has access to weapons before discharge. Id. The presence and access to weapons played a role in Dr. Aldana-Bernier's decision to involuntarily commit plaintiff as well as the treatment he would receive as a result of stabilization. Dr. Aldana-Bernier would be extremely prejudiced if she was not able to introduce evidence of a key factor at trial in her decision to commit plaintiff.

 Plaintiff argues that "...since the defendants were completely unaware of the existence of this [rifle] on October 31, 2009, it has absolutely no relevance on any issue in this trial and must be excluded." At no point does plaintiff argue that this evidence is irrelevant to the decisions made by Dr. Aldana-Bernier in treating plaintiff. Instead, plaintiff claims that evidence of the rifle "...is entirely irrelevant to the issue of whether there was probable cause to justify defendants' actions on October 31, 2009." Plaintiff also argues that such evidence is irrelevant because internal NYPD charges were levelled against plaintiff and that an NYPD hearing will take place after the trial on that issue. This objection is does not relate to the relevance of the rifle to Dr. Aldana-Bernier's decision to involuntarily admit the plaintiff to Jamaica Hospital.

Dr. Aldana-Bernier, however, reserves her right to raise the issue of the plaintiff's violation of NYPD policy against possession of a firearm after being placed on restricted duty. This clearly has a bearing on the plaintiff's credibility.

## II. DR. ALDANA-BERNIER IS ENTITLED TO QUESTION ANY AND ALL WITNESSES CALLED AT TRIAL

Bluntly said, plaintiff seeks to deprive Dr. Aldana-Bernier of her Constitutional right to counsel of her own choosing. The portion of plaintiff's motion *in limine* seeking to limit witness examinations should be denied for the following reasons: 1) it is premature as the Court has discretion at the time of trial to decide whether to limit questioning; 2) each defendant has the right to cross-examine a witness; 3) Dr. Aldana-Bernier is entitled to explore prior events as they bear on plaintiff's credibility and damages; and 4) circumstances have changed since plaintiff made this motion and the number of witnesses and evidence to be submitted has drastically been reduced.

This portion of plaintiff's motion *in limine* is premature and does not need to be addressed at this time. Plaintiff appears to be extremely concerned that each defense counsel will conduct their own separate full examination of every witness in the case. However, this assumption is without basis and completely contradicted by the prior conduct of defense counsel in this matter. Defense counsel have appeared at dozens of depositions and have avoided the exact scenario that plaintiff claims will happen at trial. Every case cited by plaintiff in support stands for the proposition that limiting cross-examination is left to the discretion of the trial judge. We trust the Court to exercise its discretion if it believes that questioning is becoming duplicative or cumulative. However, it is premature to issue such a ruling at this time, especially as plaintiff's basis for relief is his assumption that each defendant will conduct a full and separate cross-examination of each witness; plaintiff has failed to proffer any evidence that such an occurrence

is even remotely likely to occur.

Dr. Aldana-Bernier, and each of the other defendants, has the right to cross-examine a witness. Dr. Aldana-Bernier is certainly entitled to counsel of her own choosing. She cannot be forced to rely on an attorney for another defendant to question a witness. It is almost assured that counsel for Dr. Isakov, Jamaica Hospital and Dr. Aldana-Bernier may have different opinions as to evidence necessary to support their particular client's position. Plaintiff's proposed limitation would leave Dr. Aldana-Bernier at the mercy of questions asked by counsel for Dr. Isakov or Jamaica Hospital. If the Court granted this relief, Dr. Aldana-Bernier would be denied the opportunity to cross-examine a witness on a particular issue simply because counsel for one of the other defendants had already questioned the witness. Dr. Aldana-Bernier is particularly harmed by plaintiff's proposed limitation as she is the last named defendant in the caption and will have the last priority in questioning witnesses.

Dr. Aldana-Bernier is entitled to the opportunity to explore prior events as they bear on plaintiff's credibility and damages. Simply because counsel for another defendant asks cross-examination questions on a particular topic does not bar Dr. Aldana-Bernier from exploring that issue in more detail or for a different purpose than a prior questioner.

The situation plaintiff apparently fears no longer exists. As the City defendants and Mauriello have settled with plaintiff, dozens of witnesses listed in the proposed Joint Pretrial Order will likely no longer be called by any party. Plaintiff's fear of separate full examinations extending this trial by several months is no longer an issue.

The final issue that needs to be addressed is that the cases cited by plaintiff in support of his application largely do not ultimately stand for the proposition he claims. As an initial matter, plaintiff cites to cases that were only published on Westlaw and not provided as exhibits. As

such, the holdings in both cases should be ignored by this Court as counsel does not have access to those decisions. United States v. Owens, does not involve multiple attorneys for various defendants. 263 F.2d 720, 722 (2d Cir. 1959). United States v. Crosby, 294 F.2d 928, 944 (2d Cir. 1961), does not contain the language quoted by plaintiff and concerned a claim by only 1 of 9 defendants that he was denied the opportunity to question a witness. No details are provided in the decision to indicate the extent to which he was denied the opportunity to question. In Jones v. Berry, 80 F.2d 670, 673 (2d Cir. 1989), the Second Circuit Court of Appeals actually found that the questioning was erroneously curtailed, but that the error was harmless. The questioning limited in United States v. Rahme, 813 F.2d 31, 37 (2d Cir. 1987), concerned the maximum sentence an informant was eligible to receive in the absence of a cooperation agreement. The Second Circuit also found that defendant was denied due process as a result of the trial court putting a time limit on cross-examination time in In re Peters, 642 F.3d 381, 389 (2d Cir. 2011).

### III. DR. ALDANA-BERNIER IS ENTITLED TO REFERENCE, CITE AND RELY ON THE DECISION IN MCGUGAN V. ALDANA-BERNIER TO THE EXTENT IT IS RELEVANT TO THE INSTANT MATTER

In his motion, plaintiff conjectured that, "Defendant Bernier most likely wishes to use the court's finding that her decision to involuntary confine the plaintiff in that case was not, 'unrelated to" or improper to consideration of' the likelihood that she posed a danger to herself or others." This is simply unfounded speculation on his part. The ruling in McGugan v. Aldana-Bernier clearly has no collateral estoppel effect in this case and Dr. Aldana-Bernier has no intention to assert this position. To assume that Dr. Aldana-Bernier would speciously argue that they have some relevance and are admissible in the trial of this action is the stuff of make-believe. The ruling by the trial court and Court of Appeals was clearly relevant to Dr. Aldana-Bernier's motion for summary judgment on the plaintiff's 1983 claim. If these rulings become

relevant to any legal decision required of this Court, the defendants are certainly entitled to rely upon the rulings by these Courts for their precedential value.

IV.     DR. ALDANA-BERNIER'S REFERENCE TO "THE NAVY YARD DISASTER" IS NEITHER IRRELEVANT NOT UNDULY PREJUDICIAL

Plaintiff is being disingenuous when claiming that Dr. Aldana-Bernier referred to an "unknown 'Navy Yard Disaster'" at her deposition. As plaintiff's counsel took Dr. Aldana-Bernier's deposition on February 11, 2014, he had the clear opportunity to ask Dr. Aldana-Bernier to specify the Navy Yard Disaster that she referenced if he was unsure of the incident she was referring to. Dr. Aldana-Bernier was referring to the Washington Naval Yard shooting of September 16, 2013, which left 12 people dead and involved a shooter apparently suffering from delusions.

Plaintiff misinterpreted Dr. Aldana-Bernier's testimony to mean that she was referring to an event that occurred <u>before</u> October 31, 2009. In fact, Dr. Aldana-Bernier merely referred to a event that had occurred shortly before her deposition as representative of the type of incident she feared might happen given plaintiff's symptoms and easy access to weapons. Dr. Aldana-Bernier had to consider whether plaintiff was a danger to others. The potential that someone with plaintiff's symptoms with easy access to weapons as a police officer could commit a mass homicide has to be considered in assessing plaintiff. To this extent, her testimony is relevant and admissible.

V.      DR. ALDANA-BERNIER IS ENTITLED TO REFERENCE MEDIA SOURCES FOR THEIR OWN VALUE, FOR IMPEACHMENT, CREDIBILITY AND DAMAGES ISSUES

Dr. Aldana-Bernier is entitled to cross-examine plaintiff regarding statements he made to different media outlet. If these statements are contradictory to the plaintiff's trial testimony, they

.

present legitimate and valuable avenues for cross-examination. Whether such statements are made during the course of a deposition, contained in writings authored by the plaintiff or are spoken to third parties, including the media, they are valid subjects for the purpose of cross-examination. The fact that a statement is made to a media outlet does not somehow cloak the statement with a privilege. The recipient of the statement is irrelevant; it is the content of the statement that makes it "fair game."

Obviously, third-party media accounts or descriptions of the events at issue here, not based on personal knowledge, are inadmissible as hearsay. Dr. Aldana-Bernier has no intention to attempt to introduce hearsay evidence that doesn't comport with any recognized exception. The plaintiff's request for a blanket preclusion of any reference to media accounts is both premature and overbroad. If the plaintiff is merely seeking an *in limine* ruling that all evidence conform to the rules of evidence then the application is unnecessary.

## CONCLUSION

For the reasons articulated herein, plaintiff's motion *in limine* seeking to exclude evidence of the rifle in plaintiff's possession should be denied as it is not directed at the medical defendants. Even if the Court finds that the application is directed to Dr. Aldana-Bernier, the evidence is necessary and relevant to her defense. The portion of plaintiff's motion seeking to limit Dr. Aldana-Bernier's ability to cross-examine witnesses should be denied as premature, an attempt to violate Dr. Aldana-Bernier's constitutional rights and prejudicial to her defense. Plaintiff's motion *in limine* concerning the prior lawsuit in McGugan v. Aldana-Bernier should be denied as it is unclear what relief plaintiff is seeking; the determination may be relevant to plaintiff's declaratory judgment claims and is premature. The portion of plaintiff's motion *in limine* seeking to exclude any reference to the Navy Yard Disaster should be denied as her this

reference is relevant, not unduly prejudicial and is simply illustrative of the type of incident she was worried that plaintiff might commit based on his easy access to weapons and his symptoms. Finally, the portion of plaintiff's motion seeking to exclude evidence from media sources should be denied as premature and overbroad as some of the media sources contain statements made by plaintiff, and if contradictory to plaintiff's trial testimony, may be used for impeachment and credibility purposes.

    **WHEREFORE**, it is respectfully requested that portions of plaintiff's motion *in limine* opposed herein be denied in their entirety.

Dated:    New York, New York
             October 5, 2015

                                                        Bruce M. Brady
                                                        Attorneys for Defendant
                                                        DR. LILIAN ALDANA-BERNIER
                                                        One Whitehall Street, 10th Floor
                                                        New York, New York 10004
                                                        (212) 248-8800