BSO/lmt
82-82153

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ADRIAN SCHOOLCRAFT,

                       Plaintiff,

                       -against-

                                                    10 CIV 6005 (RWS)

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL MARINO, Tax *Id.* 873220, Individually and in his Official Capacity, ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH GERALD NELSON, Tax *Id.* 912370, Individually and in his Official Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax *Id.* 895117, Individually and in his Official Capacity CAPTAIN THEODORE LAUTERBORN, Tax *Id.* 897840, Individually and in his Official Capacity, LIEUTENANT JOSEPH GOFF, Tax *Id.* 894025, Individually and in his Official Capacity, SGT. FREDERICK SAWYER, Shield No. 2576, Individually and in his Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483, Individually and in his Official Capacity, LIEUTENANT CHRISTOPHER BROSCHART, Tax *Id.* 915354, Individually and in his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax *Id.* 885374, Individually and in his Official Capacity, SERGEANT SHANTEL JAMES, Shield No. 3004, AND P.O.'s "JOHN DOE" #1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) (collectively referred to as "NYPD defendants"), JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually and in his Official Capacity, DR. LILIAN ALDANA-BERNIER, Individually and in her Official Capacity and JAMAICA HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" # 1-50, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                       Defendants.

-------------------------------------------------------------------------X

                  **MEMORANDUM OF LAW IN OPPOSITION**
                  **TO THE PLAINTIFF'S MOTION *IN LIMINE***

Of Counsel:   William P. Brady (WPB- 7686)
                    Gregory J. Radomisli (GJR- 2670)
                    Brian Osterman (BO- 5881)

2612974_1

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of defendant JAMAICA HOSPITAL MEDICAL CENTER ("JHMC" or "Jamaica Hospital") in opposition to the Plaintiff's Motion in Limine.  At the outset, it must be noted that plaintiff's Motion seeks to preclude various evidence, reference, testimony, or claims as to the City Defendants and Defendant Mauriello, who are no longer a part of this case as it proceeds, and does not address Jamaica Hospital or the other medical defendants.  Accordingly, plaintiff's arguments and accompanying case law are not relevant as to Jamaica Hospital and the medical defendants.  Indeed, nearly all of plaintiff's plethora of citations deals with police officers and police decisions, and is therefore inapplicable to Jamaica Hospital.

## PLAINTIFF'S ARGUMENTS I – III, V – VII, X AND XV ARE NOT RELEVANT AND SHOULD BE DISREGARDED

Plaintiff's Arguments I – III, seeking to determine the standard of relevancy, exclude evidence plaintiff's racial slurs, and exclude reference to plaintiff's prior lawsuits, Plaintiff's Arguments V – VII, seeking to preclude evidence of the plaintiff's disciplinary history, IAB findings, and the Queens District Attorney's Office, and Plaintiff's Arguments X and XV, seeking to exclude Defendant Mauriello's experience and charge the jury regarding the City Defendants' spoliation of evidence are directed only at the City Defendants and Defendant Mauriello and are therefore not relevant as these parties are no longer a part of this matter.  Furthermore, Plaintiff's Argument VIII pertaining to plaintiff's expert in police procedure Dr. John Eterno is also no longer relevant to this matter as it proceeds because Dr. Eterno's analysis was confined to the procedures of the City Defendants, only.  Accordingly, these aspects of plaintiff's motion should be disregarded and/or denied.

### PLAINTIFF'S ARGUMENT XIII SHOULD BE DENIED BECAUSE THE COURT HAS ALREADY RULED THAT DR. HALPREN-RUDER IS PRECLUDED FROM TESTIFYING AT TRIAL

Plaintiff's Argument XIII pertains to Dr. Halpren-Ruder. The Court has already precluded Dr. Halpren-Ruder from testifying at trial and denied plaintiff's Motion to reconsider its decision. As such, Dr. Halpren-Ruder is not permitted to testify at trial and this aspect of plaintiff's Motion should be disregarded and/or denied.

### EVIDENCE OF THE RIFLE FOUND IN PLAINTIFF'S APARTMENT IS RELEVANT AND BUTTRESSES THE LEGITIMACY OF DR. ALDANA-BERNIER'S DETERMINATION AND PLAINTIFF'S ARGUMENT IV SEEKING TO EXCLUDE IT SHOULD BE DENIED

Plaintiff argues that presenting evidence of the rifle found in the plaintiff's apartment is irrelevant because it did not contribute to the decision to enter the plaintiff's home on October 31, 2009. Notably, however, plaintiff does not address the relevance as it applies to the medical staff and personnel at Jamaica Hospital, presumably because plaintiff is aware that such evidence is of paramount importance in assessing whether the plaintiff was a danger to himself or others, as will be required at trial. Indeed, at no point does plaintiff argue that this evidence is irrelevant as to the decisions made by the medical defendants in treating the plaintiff. It would be prejudicial to the defense of the medical defendants to exclude this evidence, as it goes toward the consideration of whether the plaintiff was a danger at the time he presented to Jamaica Hospital.

The presence of the rifle further reveals the legitimacy of Dr. Aldana-Bernier's determination that the plaintiff was a potential danger. Dr. Aldana-Bernier testified at her deposition that one of the factors she considered in her determination was that as a police officer the plaintiff had increased access to guns, regardless of whether his service weapon was taken away by the NYPD pursuant to the order of a department psychiatrist. *See, e.g.* Dr. Aldana-Bernier Dep. Tr. (Feb. 11, 2014) pp. 149-150, 196-197, 214. Additionally, Dr. Aldana-Bernier testified that as an emergency room doctor one of the factors she has to consider in

2612974_1                                          2

assessing whether a patient is a potential danger to others is the presence of weapons, and one reason to stabilize a patient is to limit that individual's access to weapons as physicians ought to ascertain whether a patient has access to weapons. Id. pp. 198, 219. The presence and access to weapons played a role in the decision to involuntarily commit the plaintiff as well as the treatment he would receive as a result of stabilization. All of the medical defendants would therefore be prejudiced if such a vital factor in the assessment of whether the plaintiff was a danger were to be excluded at trial.

Plaintiff further avers that presenting this evidence would delay what was originally assumed to be a lengthy trial by creating a mini-trial as to the propriety of the plaintiff's possession of the gun. This argument fails, however, as the medical defendants will not seek to address the propriety of the possession but rather that its presence is relevant as to the determination of whether the plaintiff was a danger to himself or others. Moreover, with the absence of the City Defendants and Defendant Mauriello, and the multitude of claims pertinent only to them, the length of this trial is no longer of such concern.

### THE MCGUGAN CASE AND DR. BERNIER'S DEPOSITION TESTIMONY ARE BOTH RELEVANT AND IT IS IMPROPER TO ATTEMPT TO PRECLUDE THESE ASPECTS OF LAW AND TESTIMONY AS REQUESTED IN PLAINTIFF'S ARGUMENT IX

Plaintiff seeks to prevent defendant Dr. Aldana-Bernier from referring to the case of *McGugan v. Aldana-Bernier*, 752 F.3d 224 (2d Cir. 2014) and speculates that Dr. Aldana-Bernier may attempt to utilize this case to show that her actions in the present case are within the standard of care. While not endorsing Dr. Aldana-Bernier, or any other party, from relying upon *McGugan* to obtain immediate vindication in this case, the parties should be entitled to utilize the holdings of the case on various points of law, if applicable, and it is improper for plaintiff to attempt to prevent a party from relying on appropriate legal precedent.

Plaintiff also undertakes to preemptively preclude Dr. Aldana-Bernier from testifying at trial as to a statement made at her deposition about the "Navy Yard Disaster" because plaintiff does not know what she meant by the reference during her deposition testimony and subsequently could not find a corresponding media reference. It was plaintiff, however, who was questioning Dr. Aldana-Bernier during her deposition when she made reference to the "Navy Yard Disaster," and in the eight hours and three hundred and twenty-five pages of testimony, plaintiff did not once ask a follow-up question of Dr. Aldana-Bernier to ascertain the details that he now protests are unclear. Plaintiff's failure to fully explore aspects of Dr. Aldana-Bernier's testimony at the time of her deposition does not permit plaintiff to now seek to preclude Dr. Aldana-Bernier from testifying as to these aspects at trial.

Since Dr. Aldana-Bernier will testify at trial, if any party, including the plaintiff, takes issue with her testimony, the appropriate remedy would be to Move to Strike at that time. For the plaintiff to seek to preclude Dr. Aldana-Bernier from testifying to something at trial that she has only referenced at her deposition is premature and improper. Upon offering her testimony at trial, the parties are free to move to strike aspects of it at that time if they believe the testimony is somehow improper.

## **PLAINTIFF'S ARGUMENT XI SEEKING TO EXCLUDE ALL MEDIA SOURCES IS PREMATURE AND OVERLY BROAD**

Plaintiff's efforts to exclude, directly and indirectly, any reference to or admission of any media coverage of any kind prior to any party's attempt to introduce or refer to it, is premature, indiscriminate, and overly broad. As plaintiff acknowledges, "there is no way to predict what manner any of this information might potentially be used at trial". It is submitted, however, that it may be necessary for impeachment purposes or to evaluate credibility. As plaintiff is well aware, he and his team have been exceedingly cooperative with the media, and he has often been directly quoted in articles and books. Some media accounts even contain direct excerpts of the plaintiff talking and describing the events at issue

2612974_1                                  4

in this lawsuit. While plaintiff is correct that as a general rule media reports constitute inadmissible hearsay, there are exceptions, and it would be imprudent and premature to unilaterally designate any potential reference to or admission of a media source as inadmissible hearsay, before any party has even sought to utilize it and without consideration as to whether it may in fact present an exception and/or be admissible.

### WITNESS EXAMINATIONS SHOULD NOT BE LIMITED AS REQUESTED IN PLAINTIFF'S ARGUMENT NUMBER XIV BECAUSE THE PARTIES' INTERESTS ARE SEPARATE AND DISCTINCT AND CONCERN FOR A LENGTHY TRIAL HAS BEEN MITIGATED

Plaintiff seeks to limit the defendants from separate examinations of the witnesses called at trial for fear of a lengthy and confusing trial. In support of his application to prevent the majority of defendants from conducting their own examinations of witnesses, plaintiff has cited a number of cases that plaintiff avers uphold the tenet that the trial judge retains discretion to limit cross-examination. The cases cited by plaintiff in support of his application, however, do not stand for the proposition he claims. *United States v. Owens*, does not involve multiple attorneys for various defendants. 263 F.2d 720, 722 (2d Cir. 1959). *United States v. Crosby*, 294 F.2d 928, 944 (2d Cir. 1961), does not contain the language quoted by plaintiff and concerned a claim by only 1 of 9 defendants that he was denied the opportunity to question a witness. Further, in the decision there were no details provided to indicate the extent to which he was denied the opportunity to question. In *Jones v. Berry*, 80 F.2d 670, 673 (2d Cir. 1989), the Second Circuit actually found that the questioning was erroneously curtailed, but that the error was harmless. The questioning limited in *United States v. Rahme*, 813 F.2d 31, 37 (2d Cir. 1987), concerned the maximum sentence an informant was eligible to receive in the absence of a cooperation agreement. The Second Circuit also found that defendant was denied due process as a result of the trial court putting a time limit on cross-examination time in *In re Peters*, 642 F.3d 381, 389 (2d Cir. 2011).

Moreover, plaintiff does not cite a single case that holds for a consolidating the right to exam a trial witness by only one of the parties, under the assumption that the excluded parties' interests are aligned, before the trial had even begun, as plaintiff now seeks. The remaining medical defendants in this case have unique roles in the events at issue in this matter, and their concerns and interests are separate and distinct from one another. While trial counsel for Dr. Aldana-Bernier and Dr. Isakov are both very capable attorneys, it would be prejudicial to the defense of Jamaica Hospital to have to rely on their examination of a witness and be unable to conduct our own examination. Moreover, such a request deprives the parties of their Constitutional right to counsel of their choosing.

Plaintiff's concern for potential overlap or repetition in each party's examination is unwarranted and without merit. More than 50 depositions have taken place in the course of discovery. At each of these depositions, the defendants were represented by their five separate attorneys. At no point, however, did plaintiff's concern for overlap or repetition transpire. The consistent conduct of the attorneys for the defendants at these numerous depositions confirms that there is no need for concern as to this possibility.

This potential concern is further mitigated by the recent reduction in the parties and the scope of the trial of this matter. Plaintiff's Motion was filed prior to the plaintiff's acceptance of the City Defendants' and Defendant Mauriello's Rule 68 Offer of Judgment, when the defendants were represented by five separate attorneys and the issues to be tried spanned a period of years and multiple events. With plaintiff's acceptance of the Rule 68 Offer, the City Defendants and Defendant Mauriello, their attorneys, and the multitude of claims directed against them, are no longer a part of this trial.

Plaintiff's concerns are also, once again, premature. To preemptively limit the parties' rights to examine various witnesses at trial because of the possibility that repetition or overlap might occur is prejudicial to the remaining medical defendants. Should such a circumstance

materialize at trial, the Judge maintains discretion to remedy and determine at that time if limiting the examinations is appropriate.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court deny the above parts of plaintiff's Motion in Limine, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      October 5, 2015

Respectfully submitted,

MARTIN CLEARWATER & BELL LLP

By: _____
    Brian Osterman (BSO 5881)
Attorneys for Defendant
JAMAICA HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, NY 10017
(212) 697-3122