

**ZACHARY W. CARTER**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY  10007

**ALAN H. SCHEINER**
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

October 9, 2015

**BY ECF & EMAIL**
**(Talia_Nissimyan@nysd.uscourts.gov)**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   <u>Schoolcraft v. The City of New York, et al.</u>
              10-CV-6005 (RWS)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent City Defendants in the above-referenced matter.

      We write to request that the Court enter the Judgment Pursuant to Rule 68 submitted by the City Defendants on October 7, 2015 (attached as Exhibit A), and enter the attached proposed Order of Dismissal with Prejudice (attached as Exhibit B).

      Plaintiff accepted the Offer of Judgment on September 29, 2015. *See* Acceptance of Offer of Judgment, Exhibit A (the "Offer of Judgment"), Docket No. 531.  At the conference before the Court on October 7, 2015, plaintiff objected to the entry of the proposed Judgment, but plaintiff has expressed no basis for such objection and there is none.  The proposed Judgment simply incorporates the terms of the Offer of Judgment that plaintiff accepted, as anticipated by Rule 68, which provides that once an Offer of Judgment is accepted, "the clerk must then enter Judgment."  Fed. R. Civ. P. 68(a).

      As this Court has previously held, "the entry of final judgment pursuant to Rule 68 is a ministerial act that does not require the action of the judge."  *Harris v. City of New York*, 03 Civ. 8767 (RWS), 2004 U.S. Dist. LEXIS 12879, *2-3 (S.D.N.Y. July 7, 2004) (Sweet, J.) (citations omitted); *see Bowles v. J.J. Schmitt & Co.*, 170 F.2d 617, 620 (2d Cir. 1948) ("the clerk may enter final judgment without action of the judge or jury … upon notice of acceptance of an offer of judgment under rule 68"); *Christian v. R. Wood Motors*, 91-CV-1348, 1995 U.S. Dist. LEXIS

Sweet, J.
October 9, 2015
Page 2

5560, *15 (N.D.N.Y Apr. 17, 1995) ("Rule 68 judgments are self-executing. Once the parties agree on the terms of a Rule 68 judgment, the court has no discretion to withhold its entry or otherwise to frustrate the agreement.") (quotation omitted)).

 The Judgment proposed by the City, which was requested by the Court, would accomplish precisely what the Rule requires: entry of the accepted Offer of Judgment as a judgment. But in fact no document is required other than the accepted Offer of Judgment filed by plaintiff, and any objection to entry of the accepted Offer of Judgment as a judgment is frivolous; under Rule 68, the clerk "must" enter the accepted Offer of Judgment as a judgment. Fed. R. Civ. P. 68(a).

 Plaintiff also objected on October 7, 2015 to an order dismissing the claims against the individual City-employed defendants, purportedly on the grounds that Judgment was offered against all the individual City Defendants, and therefore the claims against them are resolved by Judgment not dismissal. That assertion was contrary to the terms of the Offer of Judgment accepted by plaintiff, which unambiguously offered judgment *only* against the City of New York, as follows:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendants the City of New York, Michael Marino, Gerald Nelson, Theodore Lauterborn, William Gough, Frederick Sawyer, Kurt Duncan, Christopher Broschart, Timothy Caughey, Shantel James, Timothy Trainor, and FDNY Lieutenant Elise Hanlon (hereinafter "City Defendants") hereby offer to allow plaintiff Adrian Schoolcraft to take a judgment against the City of New York in this action . . . .

Offer of Judgment at 1.

 As to the individual City Defendants and defendant Steven Mauriello, the Offer of Judgment expressly stated that those defendants were released from any liability by acceptance of the Offer of Judgment, and plaintiff was released from liability for counter-claims asserted by defendant Mauriello:

> Acceptance of this offer of judgment will act to release and discharge the City Defendants as well as defendant Steven Mauriello; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, from any and all claims that were or could have been alleged by plaintiff arising out of the facts and circumstances that are the subject of this action.

> Acceptance of this offer of judgment will act to release and discharge plaintiff and his successors or assigns from any and all claims that were or could have been alleged by defendant Steven Mauriello arising out of the facts and circumstances that are the subject of this action.

Sweet, J.
October 9, 2015
Page 3

Offer of Judgment at 2-3.  The Second Circuit has recognized that an Offer of Judgment against the City alone and not all individual defendants is valid and effective, and may properly require that individual defendants against whom judgment is not offered shall be released from liability as a term of the Offer of Judgment. "Nothing in this language [of Rule 68] appears to require that the defending party's (or parties') offer must permit taking judgment against every defending party. To the contrary, the Rule provides the defending party with discretion to 'allow judgment on specified terms,' terms which we believe need not include taking judgment against each defendant." *Stanczyk v. City of New York*, 752 F.3d 273, 283 (2d Cir. 2014) (holding that Offer of Judgment offering judgment only against the City served to bar fees for claims against all defendants that would have been released by operation of the offer).

      The Offer of Judgment here, with precisely the language upheld by the Second Circuit in *Stanczyk*, was accepted by plaintiff, and therefore plaintiff unambiguously released all claims against any present or former City employees in this action, including but not limited to the individually named City Defendants and Steven Mauriello. The claims against those defendants accordingly must be dismissed with prejudice, as set forth in the enclosed proposed Order.

      We thank the Court for its consideration in this matter.

                                   Respectfully submitted,

                                   /s/

                                 Alan H. Scheiner
                                 Senior Counsel
                                 Special Federal Litigation Division

Encl.

cc:     All counsel by ECF.