UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

ADRIAN SCHOOLCRAFT,                                     10 Civ. 6005 (RWS)

                                       Plaintiff,

        -against-                                             **JUDGMENT PURSUANT**
                                                                              **TO RULE 68**
THE CITY OF NEW YORK, et al.,

                                       Defendants

------------------------------------------------------------------------ X

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

Pursuant to Rule 68 of the Federal Rules of Civil Procedure and the plaintiff's acceptance on September 29, 2015 of an Offer of Judgment by executing and filing the Offer of Judgment with the Court at Docket No. 531, plaintiff Adrian Schoolcraft will take a judgment against the City of New York in this action according to the terms of the Offer of Judgment, appended as Exhibit A to this Judgment, which are fully and completely incorporated herein.

Dated:       New York, New York
                10 - 15, 2015

                                                                */s/ Sweet*
                                                           HON Robert W. Sweet, U.S.D.J

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/15

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

ADRIAN SCHOOLCRAFT,

                                      Plaintiff,

          -against-

THE CITY OF NEW YORK, et al.,

                                      Defendants

-------------------------------------------------------------------------- x

10 Civ. 6005 (RWS)

**RULE 68 OFFER OF JUDGMENT**

        Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendants the City of New York, Michael Marino, Gerald Nelson, Theodore Lauterborn, William Gough, Frederick Sawyer, Kurt Duncan, Christopher Broschart, Timothy Caughey, Shantel James, Timothy Trainor, and FDNY Lieutenant Elise Hanlon (hereinafter "City Defendants") hereby offer to allow plaintiff Adrian Schoolcraft to take a judgment against the City of New York in this action for the total sum of SIX HUNDRED THOUSAND AND ONE DOLLARS ($600,001.00), in addition to back pay and benefits (to the extent not previously paid), from October 31, 2009 through December 31, 2015, including, but not limited to, vested pension and other retirement benefits (including any medical retirement benefits) resulting therefrom, to be calculated for a police officer of the same rank and seniority as plaintiff, in accordance with the Collective Bargaining Agreement between the Patrolmen's Benevolent Association and the City of New York (the "CBA"), as amended or supplemented and then in effect during the period of backpay, and the New York City Police Pension Plan, Tier 2 (the "Plan"), and all applicable laws, with the plaintiff's period of service and pension plan membership to include the period of back pay.

        The back pay shall include: (i) the applicable base salary under the CBA; (ii) backpay for imputed overtime according to the CBA and governing law or agreements, as follows 30 hours per year of overtime paid at the "Premium Rate (Uniformed Forces)", 80 hours

of overtime per year paid at the "Night Rate (Companion Code)" and "Premium Night Rate"; and 45 hours of overtime per year paid at the "Portal to Portal Same Borough Rate"; (iii) all pension plan contributions as called for by the Plan during the backpay period; (iv) less lawful tax withholdings and applicable deductions, and (v) plus pre-judgment interest on backpay at the applicable federal law rate.

Should plaintiff accept this offer of judgment, plaintiff shall be entitled to reasonable attorneys' fees, expenses, and costs to the date of this offer for plaintiff's federal claims.

This judgment shall be in full satisfaction of all federal and state law claims or rights that plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of City Defendants, Steven Mauriello or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof, in connection with the facts and circumstances that are the subject of this action.

This offer of judgment may only be accepted up to and including September 30, 2015.

This offer of judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed as an admission of liability by City Defendants, Steven Mauriello, or any other official, employee, or agent of the City of New York, or any agency thereof; nor is it an admission that plaintiff has suffered any damages.

Acceptance of this offer of judgment will act to release and discharge the City Defendants as well as defendant Steven Mauriello; their successors or assigns, and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, from any and all claims that were or could have been alleged by plaintiff arising out of the facts and circumstances that are the subject of this action

2

Acceptance of this offer of judgment will act to release and discharge plaintiff and his successors or assigns from any and all claims that were or could have been alleged by defendant Steven Mauriello arising out of the facts and circumstances that are the subject of this action.

Acceptance of this offer of judgment also will operate to waive plaintiff's rights to any claim for judgment interest on the amount of the judgment, other than pre-judgment interest on any backpay amounts.

Plaintiff Adrian Schoolcraft agrees that payment of SIX HUNDRED THOUSAND AND ONE DOLLARS ($600,001.00), in addition to back pay and benefits, including, but not limited to, pension and other retirement benefits (including medical benefits) to the extent then payable, through December 31, 2015, less lawful withholdings and applicable deductions, within ninety (90) days of the date of acceptance of the offer shall be a reasonable time for such payment.

However, if plaintiff received medical treatment in connection with the underlying claims in this case for which Medicare has provided, or will provide, payment in full or in part, then the ninety (90) day period for payment shall start to run from the date plaintiff submits to counsel for City Defendants a final demand letter from Medicare.

By acceptance of this Rule 68 Offer of Judgment, plaintiff Adrian Schoolcraft agrees to resolve any claim that Medicare may have for reimbursement of conditional payments it has made as secondary payer, and a Medicare Set-Aside Trust shall be created, if required by 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26. Plaintiff Adrian Schoolcraft further agrees to hold harmless City Defendants and defendant Deputy Inspector Steven Mauriello and all past and present officials, employees, representatives and agents of the City of

3

New York, or any agency thereof, regarding any past and/or future Medicare payments, presently known or unknown, made in connection with this matter.

The judgment shall contain and recite the terms and conditions set forth herein

Dated: New York, New York
September 16, 2015

        ZACHARY W CARTER
        Corporation Counsel of the
          City of New York
        *Attorney for defendants the City of New York,*
        *Marino, Nelson, Lauterborn, Gough, Sawyer,*
        *Duncan, Broschart, Caughey, James, Trainor, and*
        *Hanlon*
        100 Church Street, Room 3-174
        New York, New York 10007
        (212) 356-2344

By [signature]

        *Alan Scheiner*
        *Senior Counsel*


        SCOPPETTA SEIFF KRETZ & ABERCROMBIE

By [signature]
        Walter A Kretz, Jr
        444 Madison Avenue, 30th Floor
        New York, NY 10022
        (212) 371-4500

        *Attorney for Steven Mauriello*

To   *Attorneys for Plaintiff*

     NATHANIEL SMITH, ESQ (*via* hand delivery and email)
     111 Broadway, Suite 1305
     New York, New York 10006

     JON NORINSBERG, ESQ (*via* email)

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

Rec'd By: Imar
9/16/15 at
5:35 pm
NBS

Nathaniel B Smith, Esq.
100 Wall Street – 23rd Fl.
New York, NY 10005