```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

-----------------------------------------X

ADRIAN SCHOOLCRAFT,

                Plaintiff,

    - against -

CITY OF NEW YORK, ET AL.,

                Defendants.

-----------------------------------------X

10 Civ. 6005 (RWS)

Opinion

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-23-15

A P P E A R A N C E S:

    Attorney for the Plaintiff

    LAW OFFICE OF JON L. NORINSBERG
    225 Broadway, Suite 2700
    New York, NY 10007
    By: Jon L. Norinsberg, Esq.

    Attorneys for Defendant Jamaica Hospital Medical Center

    MARTIN CLEARWATER & BELL, LLP.
    220 East 42nd Street
    New York, NY 10017
    By: Gregory J. Radomisli, Esq.

    Attorneys for Defendant Lillian Aldana-Bernier

    CALLAN, KOSTER BRADY & BRENNAN, LLP
    220 East 42nd Street
    New York, NY 10017
    By: Matthew Joseph Koster, Esq.

    Attorneys for Defendant Isak Isakov

IVONE, DEVINE & JENSEN, LLP
2001 Marcus Avenue, Suite N100
Lake Success, NY 11042
By:  Brian E. Lee, Esq.

**Sweet, D.J.**

Defendants Jamaica Hospital Medical Center ("JHMC"), Dr. Lillian Aldana-Bernier ("Bernier"), and Dr. Isak Isakov have made motions in limine to exclude the testimony of Dr. Roy Lubit ("Dr. Lubit" or "Lubit") from testifying as to his diagnosis of Plaintiff's Post-Traumatic Stress Disorder ("PTSD"). For the reasons set forth below, the motions are denied.

**Prior Proceedings**

A detailed recitation of the facts of the underlying case is provided in this Court's opinion dated May 5, 2015, which granted in part and denied in part five motions for summary judgment. See Schoolcraft v. City of New York, No. 10 CIV. 6005 RWS, 2015 WL 2070187, at *1 (S.D.N.Y. May 5, 2015). Familiarity with those facts is assumed. The instant motions were marked fully submitted on October 12, 2015.

**Applicable Standard**

The standard for the admissibility of expert testimony at trial is set forth in Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or

> to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the case.

Fed.R.Evid. 702.

The standard was the subject of extensive analysis by the Supreme Court in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), and <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999). The Court emphasized that "[t]he inquiry envisioned by Rule 702 is . . . a flexible one. Its overarching subject is the scientific validity and thus the evidentiary relevance and reliability of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." <u>Id.</u> at 594-95. The Federal Rules of Evidence assign to the district court the responsibility to act as a gatekeeper and to ensure that "an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." <u>Daubert</u>, 509 U.S. at 597.

"[I]n analyzing the admissibility of expert evidence, the district court has broad discretion in determining what method is appropriate for evaluating reliability under the

circumstances of each case." Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 265 (2d Cir. 2002). However, "[t]he Rules' basic standard of relevance ... is a liberal one," Daubert, 509 U.S. at 587. "A review of the caselaw after Daubert shows that the rejection of expert testimony is the exception rather than the rule." Fed.R.Evid. 702, Advisory Comm. Notes.

**The Motion to Exclude is Denied**

Dr. Lubit has been proffered as an expert by Plaintiff to testify regarding his diagnosis that Plaintiff suffers from PTSD as a result of the events at issue in this case. Defendants have moved to bar his testimony under Daubert on the grounds that Lubit's opinion lacks sufficient medical basis to properly reach a PTSD diagnosis. Def. Jamaica Hospital Medical Center Mem. in Supp. of Mot. in Limine to Preclude Dr. Roy Lubit, Schoolcraft v. Jamaica Hospital Medical Center, No. 10-civ-6005 (Sept. 22, 2015) (hereinafter "JHMC MIL").[1] Defendants do not

---

[1] Defendant Dr. Isakov submitted a brief to the Court identical in substance (though not format) to the JHMC brief. See Mem. of Law in Supp. of Mot. in Limine by Def. Isak Isakov to Preclude Dr. Roy Lubit, No. 10-civ-6005 (Sept. 21, 2015). Dr. Aldana-Bernier submitted a brief adopting the content of the JHMC and Isakov briefs. See Mem. of Law in Supp. of Mot. in Limine by Def. Dr. Lilian Aldana-Bernier to Preclude Dr. Roy Lubit, No. 10-civ-6005 (Sept. 22, 2015). Because all Defendants make the same substantive arguments in the same words, for the purposes of brevity and ease of reference, the Court cites only to the

5

argue that Dr. Lubit is generally unqualified to make a PTSD diagnosis, but rather that the methodology used to diagnose Plaintiff in particular was medically insufficient to reliably reach that conclusion. Lubit's opinion is relevant to damages Plaintiff sustained as a result of the events at issue in this case. Defendants do not argue the testimony lacks relevance. The question is whether Lubit's examination and methodology provided a sufficient basis for his diagnosis. Id. at 2.

Plaintiffs point to numerous elements underlying Dr. Lubit's diagnosis, including but not limited to: (i) a 90 minute interview with Plaintiff; (ii) review of depositions by the doctors that assessed Plaintiff at Jamaica Hospital; and (iii) review of medical records including Plaintiff's Jamaica Hospital chart, a 2002 psychological evaluation of Plaintiff, and NYPD psychologist Dr. Lamstein's records on Plaintiff. Pl.'s Opp. at 8-9. This methodology amounts to more than a diagnosis based on the patient's route recitation of symptoms, or a conclusion based only on temporal correlation. See JHMC MIL at 4-5. Lubit based his diagnosis on multiple facts and data points from a variety of sources, applying his medical experience to those facts. This is a tried and true method of diagnosis consistent

---

JHMC brief.

with the standards set out for admissibility in Rule 702. See Fed.R.Evid. 702.

That Lubit's method does not conform to an alternative method of PTSD diagnosis used by some (or even most) psychologists does not alone show unreliability without evidence or argument that the alternative method somehow precludes the reliability of the method Lubit used. See JHMC MIL at 3-5. Indeed, even if another method was used by most doctors diagnosing PTSD (whether psychologists or psychiatrists), "general acceptance" of a methodology is no longer the test of admissibility. See Daubert, 509 U.S. at 587 (holding that adoption Federal Rules of Evidence overruled the Frye test). The Supreme Court has been clear that "the bright-line 'general acceptance' test established by Frye was at odds with the 'liberal thrust' of the Federal Rules of Evidence. Amorgianos, 303 F.3d at 265 (citing Daubert, 509 U.S. at 588).

Because Lubit spent a significant amount of time analyzing multiple sources to assess Plaintiff and himself observed Plaintiff for an extended period of time, the Court finds Dr. Lubit's opinion as to Plaintiff's PTSD to be based on a reliable methodology. Defendants' criticisms of Lubit's approach based on comparison to other methods of PTSD diagnosis are "means of

7

attacking shaky but admissible evidence" more appropriate for "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." Daubert, 509 U.S. at 596; accord Amorgianos, 303 F.3d at 267.

Defendants make other arguments attacking Dr. Lubit's conclusion that Plaintiff suffered from PTSD based on Plaintiff's testimony about his own symptoms, and on an apparent absence of symptoms associated with PTSD. JHMC MIL at 6. These arguments go directly to Lubit's conclusion. Only the methodology, not the district court's belief as to the correctness of such conclusions, is the focus of a Daubert inquiry. Daubert, 509 U.S. at 594-95. Amorgianos recognized that where a great "analytical gap" existed between the method employed and the conclusion reached, exclusion is required. Id. However, where the foundation and methodology are adequately reliable to reach such a conclusion, the liberal standard of Rule 702 must be heeded, even where arguments challenging the conclusion can be made. See Daubert, 509 U.S. at 594-95.

Having found Dr. Lubit's diagnosis methodology to be sufficiently reliable to meet the admissibility standard set by Daubert, and finding no great "analytical gap" between that method and the conclusion drawn, the testimony is admissible.

8

## Conclusion

Based on the facts and conclusions of law set forth above, Defendants' motions to exclude Dr. Lubit's testimony is denied.

It is so ordered.

New York, NY
October 22, 2015

_____
ROBERT W. SWEET