UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                Docket No. 10-cv-6005 (RSW)

      Plaintiff,

 - against -

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL
MARINO, Tax Id. 873220, Individually and in his Official
Capacity, ASSISTANT CHIEF PATROL BOROUGH
BROOKLYN NORTH GERALD NELSON, Tax Id. 912370,
Individually and in his Official Capacity, DEPUTY INSPECTOR
STEVEN MAURIELLO, Tax Id. 895117, Individually and in his
Official Capacity, CAPTAIN THEODORE LAUTERBORN,
Tax Id. 897840, Individually and in his Official Capacity,
LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and
in his Official Capacity, stg. Frederick sawyer, Shield No. 2576,
Individually and in his Official Capacity, SERGEANT KURT
DUNCAN, Shield No. 2483, Individually and in his Official Capacity,
LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354,
Individually and in his Official Capacity, LIEUTENANT TIMOTHY
CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity,
SERGEANT SHANTEL JAMES, Shield No. 3004, JAMAICA
HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually
and in his Official Capacity, DR. LILIAN ALDANA-BERNIER,
Individually and in her Official Capacity,

      Defendants.
---------------------------------------------------------------------------X


# REQUESTS TO CHARGE
# OF
# DR. LILIAN ALDANA-BERNIER

            Callan, Koster, Brady & Nagler, LLP
            One Whitehall Street, 10th Fl.
            New York, New York 10004
            (212) 248-8800

Bruce M. Brady
Of Counsel

The defendant Dr. Aldana-Bernier requests that the following charges be submitted to the jury

1. <u>PJI 1:7 Consider Only Competent Evidence</u>

As the sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it. At times during the trial I may sustain objections to questions and you may hear no answer, or, where an answer has been made, I may instruct that it be stricken or removed from the record and that you disregard it and dismiss it from your minds. You may not draw any inference or conclusion from an unanswered question nor may you consider testimony which has been stricken or removed from the record in reaching your decision. The law requires that your decision be made solely upon the evidence before you. Such items as I exclude from your consideration will be excluded because they are not legally admissible.

2. <u>PJI 1:8 Weighing Testimony</u>

The law does not, however, require you to accept all of the evidence I shall admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you decide for yourselves the reliability or unreliability of things people tell you. The same tests that you use in your everyday dealings are the tests which

you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness' testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness' testimony. If it appears that there is a conflict in the evidence, you will have to consider whether the apparent conflict can be reconciled by fitting the different versions together. If, however, that is not possible, you will have to decide which of the conflicting versions you will accept.

3. <u>PJI 1:10</u>     <u>Do Not Visit Scene</u>

Since this case involves something that happened at a particular location, you may be tempted to visit the location yourself. Please do not do so. Even if you happen to live near the location, please avoid going to it or past it until the case is over. In addition, please do not attempt to view the scene by using computer programs such as Google Earth. Viewing the scene either in person or through a computer program would be unfair to the parties, since the location as it looked at the time of the accident and as it looks now may be very different. This case involves a location as it existed at the time of the accident, not as it exists today. Thus, you should rely on the evidence that is presented here in court to determine the circumstances and conditions under which the accident occurred. Also, in making a visit without the benefit of explanation, you might get a mistaken impression on matters not properly before you, leading to unfairness to the parties who need you to decide this case based solely upon the evidence that is relevant to this matter.

4. <u>PJI 1:11        Discussions With Others – Independent Research</u>

In fairness to the parties to this lawsuit, it is very important that you keep an open mind throughout the trial. Then, after you have heard both sides fully, you will reach your verdict only on the evidence as it is presented to you in this courtroom, and only in this courtroom, and then only after you have heard the summations of each of the attorneys and my instructions to you on the law. You will then have an opportunity to exchange views with each member of the jury during your deliberations to reach your verdict.

Please do not discuss this case either among yourselves or with anyone else during the course of the trial. Do not do any independent research on any topic you might hear about in the testimony or see in the exhibits, whether by consulting others, reading books or magazines or conducting an internet search of any kind. All electronic devices including any cell phones, smartphones, laptops or any other personal electronic devices must be turned off while you are in the courtroom and while you are deliberating after I have given you the law applicable to this case. [*In the event that the court requires the jurors to relinquish their devices, the charge should be modified to reflect the court's practice*.]

It is important to remember that you may not use any internet services or social media, including Google, Facebook, Twitter, to individually or collectively give or get information about the case or to research topics concerning the trial. Some of the topics you are not to research or discuss through the use of your computers or personal electronic devices are the law, information about any of the issues in the case, the parties, the lawyers or the court. After you have rendered your verdict and have been discharged, you will be free to do any research you choose, or to share your experiences, either directly, or through your favorite electronic means.

For now, be careful to remember these rules whenever you use a computer or other personal electronic device during the time you are serving as a juror but you are not in the courtroom.

Similarly, in the event that there is any media attention to this case, you are not to read newspaper accounts, listen to radio broadcasts or watch television reports about the case.

While this instruction may seem unduly restrictive, it is vital that you carefully follow these directions. The reason is simple. The law requires that you consider only the testimony and evidence you hear and see in this courtroom. Not only does our law mandate it, but the parties depend on you to fairly and impartially consider only the admitted evidence. To do otherwise, by allowing outside information to affect your judgment, is unfair and prejudicial to the parties and could lead to this case having to be retried.

Accordingly, I expect that you will seriously and faithfully abide by this instruction.

5. <u>PJI 1:36</u>      <u>Impartiality</u>

6. <u>PJI 1:37</u>      <u>Jury Function</u>

7. <u>PJI 1:38</u>      <u>Court Function</u>

8. <u>PJI 1:39</u>      <u>No Interference from Rulings</u>

9. <u>PJI 1:40</u>      <u>Consider Only Competent Evidence</u>

At times during the trial I have sustained objections to questions asked without allowing the witness to answer or where an answer was made, instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference or conclusions from an unanswered question nor may you consider testimony which has been stricken from the record in reaching your decision. The law requires that your decision be made

solely upon the evidence before you. Such items as I have excluded from your consideration were excluded because they were not legally admissible.

10. PJI 1:41    Weighing Testimony

The law does not, however, require you to accept all of the evidence I admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you decide for yourselves the reliability or unreliability of things people tell you. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness' testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness' testimony. If it appears that there is a conflict in the evidence, you will have to consider whether the apparent conflict can be reconciled by fitting the different versions together. If, however, that is not possible, you will have to decide which of the conflicting versions you will accept.

11. <u>PJI 1:22</u>        Falsus in Uno

If you find that any witness has wilfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

12. <u>PJI 1:60</u>        Burden of Proof

To say that a party has the burden of proof on a particular issue means that, considering all the evidence in the case, the party's claim on that issue must be established by a fair preponderance of the credible evidence. The credible evidence means the testimony or exhibits that you find worthy of belief. A preponderance means the greater part of the evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase preponderance of the evidence refers to the quality of the evidence, its weight, and the effect that it has on your minds. In order for a party to prevail on an issue on which he or she has the burden of proof, the evidence that supports his or her claim on that issue must appeal to you as more nearly representing what happened than the evidence opposed to it. If it does not or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must decide the question against the party who has the burden of proof and in favor of the opposing party.

The plaintiff has the burden of proving that the defendants were negligent and that defendant's negligence was a substantial factor in causing the plaintiff's injuries. The defendant has the burden of proving that the plaintiff was negligent and that the plaintiff's negligence was a substantial factor in causing his own injuries.

13. PJI 1:24        Return to Courtroom

14. PJI 1:25        Consider Only Testimony and Exhibits

15. PJI 1:26        Five-Sixths Verdict

16. PJI 1:27        Exclude Sympathy

17. PJI 1:28        Conclusion

18. <u>PJI 1:90        Expert Witnesses</u>

You will recall that the witnesses, Dr. Roy Lubit (psychiatrist), Dr. Robert Levy (psychiatrist), Dr. Frank Dowling, (psychiatrist), Laurence Tancredi, M.D. (psychiatrist), Dr. Isak Isakov (psychiatrist), Dr. Aldana-Bernier, M.D. (psychiatrist) testified concerning their qualifications as experts in the field psychiatry and gave their opinions concerning issues in this case. When a case involves a matter of science or art or requires special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his or her opinion for the information of the court and jury. The opinions stated by each expert who testified before you were based on particular facts, as the expert obtained knowledge of them and testified to them before you, or as the attorney who questioned the expert asked the expert to assume. You may reject an expert's opinion if you find the facts to be different from those which formed the basis for the opinion. You may also reject the opinion if, after careful consideration of all the evidence in the case, expert and other, including the cross-examination of an expert, you decide that the opinion is not convincing. In other words, you are not required to accept an expert's

opinion to the exclusion of the facts and circumstances disclosed by other evidence. Expert opinion is subject to the same rules concerning reliability as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the expert's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.

19. PJI 1:91    Interested Witnesses – Generally

The plaintiff and the defendants both testified before you. As parties to the action, both are interested witnesses.

An interested witness is not necessarily less believable than a disinterested witness. The fact that he or she is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by his or her interest. You may, if you consider it proper under all of the circumstances, not believe the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness, and may accept all or such part of his or her testimony as you find reliable and reject such part as you find unworthy of acceptance.

20. PJI 1:75 Failure to Produce Witness—In General

A party is not required to call any particular person as a witness. However, the failure to call a certain person as a witness may be the basis for an inference against the party not calling the witness. For example, in this case the plaintiff did not call his father, Larry Schoolcraft, to testify regarding his participation in the events of October 31, 2009 and regarding the injuries the plaintiff allegedly sustained. The plaintiff [has offered the following explanation for not calling

Larry Schoolcraft (*summarize explanation*), as a witness] or [has offered no explanation for not calling Larry Schoolcraft].

[*If explanation is offered*] If you find that this explanation is reasonable, then you should not consider the failure to call Larry Schoolcraft in evaluating the evidence. If, however, you find [the explanation is not a reasonable one] or *alternatively,* [no explanation has been offered] you may, although you are not required to, conclude that the testimony of Larry Schoolcraft would not support the plaintiff's position on the question of whether or not Adrian Schoolcraft's conduct precipitated the plaintiff's admission to Jamaica Hospital or on the question of the injuries allegedly sustained by the plaintiff and would not contradict the evidence offered by defendants on these questions and you may, although you are not required to, draw the strongest inference against the plaintiff on those questions, that opposing evidence permits.

21. PJI 1:94       Use of Depositions

You are about to hear the lawyer for (plaintiff, defendant) read portions of a document referred to as an examination before trial of (plaintiff, defendant, the witness AB). You may hear the lawyers refer to this document as an EBT or deposition.

At some point before this trial began the (plaintiff, defendant, witness AB), under oath, answered certain questions put to (him, her) by the lawyers for (plaintiff, defendant, all parties). A stenographer recorded the questions and answers and transcribed them into a document which the (plaintiff, defendant, witness AB) later signed before a notary public. The portions of the transcript of the examination before trial that you will hear are to be considered as if (plaintiff, defendant, witness AB) were testifying from the witness stand.

22. <u>PJI 1:97</u>       Special Verdict

This case will be decided on the basis of the answers that you give to certain questions that will be submitted to you. Each of the questions asked calls for a "Yes" or "No" answer, some numerical figure or some percentage. When you have agreed on any answer, the foreperson of the jury will write the answer in the space provided for each answer and each juror will sign in the appropriate place to indicate his or her agreement.

When you have answered all the questions that require answers, report to the court.
Do not assume from the questions or from the wording of the questions or from my instructions on them what the answers should be.

23. <u>PJI 2:10</u>       Common Law Standard of Care-Negligence Defined

Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

24. <u>PJI 2:150</u>       Physician Malpractice

Malpractice is professional negligence and medical malpractice is the negligence of a doctor. Negligence is the failure to use reasonable care under the circumstances, doing something that a reasonably prudent doctor would not do under the circumstances, or failing to do something that a reasonably prudent doctor would do under the circumstances. It is a deviation or departure from accepted practice.

A doctor who renders medical service to a patient is obligated to have that reasonable degree of knowledge and skill that is expected of an average doctor, who provides that medical service in the medical community in which the doctor practices.

The law recognizes that there are differences in the abilities of doctors, just as there are differences in the abilities of people engaged in other activities. To practice medicine a doctor is not required to have the extraordinary knowledge and ability that belongs to a few doctors of exceptional ability. However every doctor is required to keep reasonably informed of new developments in his or her field and to practice medicine in accordance with approved methods and means of treatment in general use. A doctor must also use his or her best judgment and whatever superior knowledge and skill he or she possesses, even if the knowledge and skill exceeds that possessed by the average doctor in the medical community where the doctor practices.

By undertaking to perform a medical service, a doctor does not guarantee a good result. The fact that there was a bad result to the patient, by itself, does not make the doctor liable. The doctor is liable only if he or she was negligent. Whether the doctor was negligent is to be decided on the basis of the facts and conditions existing at the time of the claimed negligence.

A doctor is not liable for an error in judgment if he or she does what he or she decides is best after careful evaluation if it is a judgment that a reasonably prudent doctor could have made under the circumstances. In other words, a doctor is not liable for malpractice if he or she chooses one of two or more medically acceptable courses of action.

If the doctor is negligent, that is, lacks the skill or knowledge required of him or her in providing a medical service, or fails to use reasonable care in providing the service, or fails to

exercise his or her best judgment, and such failure is a substantial factor in causing harm to the patient, then the doctor is responsible for the injury or harm caused.

25. PJI 2:36     Comparative Fault

If you find that any defendant was negligent and that the defendant's negligence contributed to causing the plaintiff's injuries, you must next consider whether the plaintiff was also negligent and whether the plaintiff's conduct contributed to causing his injuries. The burden is on the defendant to prove that the plaintiff was negligent and that his negligence contributed to causing his own injuries. If you find that the plaintiff was not negligent, or if negligent, that his negligence did not contribute to causing his own injuries, you must find that plaintiff was not at fault and you must go on to consider damages.  If, however, you find that the plaintiff was negligent and that his negligence contributed to causing his own injuries, you must then apportion the fault between the plaintiff and the defendant or defendants.  Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of both the plaintiff and the defendant or defendants and determine what percentage of fault is chargeable to each. In your verdict, you will state the percentages you find. The total of those percentages must equal one hundred percent

26. PJI 2:70     Proximate Cause – In General

An act or omission is regarded as a cause of an injury if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury. There may be more than one cause of an injury, but to be substantial, it cannot be slight or trivial. You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it.

27. <u>PJI 2:277</u>       Damages – General

28. <u>PJI 2:277A</u>     Damages – Comment by Counsel During Closing Remarks

During his closing remarks, counsel for the plaintiff suggested a specific dollar amount he believes to be appropriate compensation for specific elements of plaintiff's damages. An attorney is permitted to make suggestions as to the amount that should be awarded, but those suggestions are argument only and not evidence and should not be considered by you as evidence of plaintiff's damages. The determination of damages is solely for you, the jury, to decide.

Dated:    New York, New York
          October 28, 2015

Respectfully submitted,

_____
Bruce M. Brady, Esq. (BMB-4816)
Callan, Koster, Brady & Nagler, LLP
Attorneys for Defendant
DR. ALDANA-BERNIER
One Whitehall Street, 10th Fl.
New York, New York 10004
(212) 248-8800

TO:   <u>VIA ECF</u>
      LAW OFFICE OF NATHANIEL B. SMITH
      110 Wall Street
      New York, New York 10005

      MARTIN CLEARWATER & BELL, LLP.
      220 East 42nd Street
      New York, NY  10017

      IVONE, DEVINE & JENSEN, LLP
      2001 Marcus Avenue, Suite N100
      Lake Success, NY 11042