UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                                                                                      Docket No. 10-cv-6005 (RSW)

                    Plaintiff,

      - against -

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL
MARINO, Tax Id. 873220, Individually and in his Official
Capacity, ASSISTANT CHIEF PATROL BOROUGH
BROOKLYN NORTH GERALD NELSON, Tax Id. 912370,
Individually and in his Official Capacity, DEPUTY INSPECTOR
STEVEN MAURIELLO, Tax Id. 895117, Individually and in his
Official Capacity, CAPTAIN THEODORE LAUTERBORN,
Tax Id. 897840, Individually and in his Official Capacity,
LIEUTENANT JOSEPH GOFF, Tax Id. 894025, Individually and
in his Official Capacity, stg. Frederick sawyer, Shield No. 2576,
Individually and in his Official Capacity, SERGEANT KURT
DUNCAN, Shield No. 2483, Individually and in his Official Capacity,
LIEUTENANT CHRISTOPHER BROSCHART, Tax Id. 915354,
Individually and in his Official Capacity, LIEUTENANT TIMOTHY
CAUGHEY, Tax Id. 885374, Individually and in his Official Capacity,
SERGEANT SHANTEL JAMES, Shield No. 3004, JAMAICA
HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV, Individually
and in his Official Capacity, DR. LILIAN ALDANA-BERNIER,
Individually and in her Official Capacity,

                    Defendants.
---------------------------------------------------------------------------X

## PROPOSED SPECIAL VERDICT SHEET
## OF
## DR. LILIAN ALDANA-BERNIER

                                                         Callan, Koster, Brady & Nagler, LLP
                                                         One Whitehall Street, 10th Fl.
                                                         New York, New York 10004
                                                         (212) 248-8800

Bruce M. Brady
Of Counsel

1. Did the defendant Jamaica Hospital, by its agents and employees, depart from accepted standards of medical practice by involuntarily admitting the plaintiff Adrian Schoolcraft to Jamaica Hospital?

    Yes_____ No_____

    If Yes, proceed to Question 2. If No, proceed to Question 3.

2. Was the departure on the part of the defendant Jamaica Hospital a substantial factor in causing personal injuries to the plaintiff Adrian Schoolcraft?

    Yes_____ No_____

3. Did the defendant Dr. Isak Isakov depart from accepted standards of medical practice by involuntarily admitting the plaintiff Adrian Schoolcraft to Jamaica Hospital?

    Yes_____ No_____

    If Yes, proceed to Question 4. If No, proceed to Question 5.

4. Was the departure on the part of the defendant Dr. Isak Isakov a substantial factor in causing personal injuries to the plaintiff Adrian Schoolcraft?

    Yes_____ No_____

5. Did the defendant Dr. Aldana-Bernier depart from accepted standards of medical practice by involuntarily admitting the plaintiff Adrian Schoolcraft to Jamaica Hospital?

    Yes_____ No_____

    If Yes, proceed to Question 6. If No, proceed to Question 7.

6. Was the departure on the part of the defendant Dr. Aldana-Bernier a substantial factor in causing personal injuries to the plaintiff Adrian Schoolcraft?

    Yes_____ No_____

    If you have answered Yes to either Question 2, 4 or 6, proceed to Question 7.  If you have not answered Yes to either Question 2, 4 or 6, then report your verdict to the Court.

7. If you find that any of the above-named defendants were responsible personal injuries sustained by the plaintiff Adrian Schoolcraft, (by answering Yes to either Question 2, 4 or 6), please answer the following questions.

    (1)    Set forth the total amount of damages sustained by the plaintiff Adrian Schoolcraft from October 31, 2009 to the date of your verdict for:

    (a)    Pain and suffering:    $_____

If your answer to this question is zero, then insert the word, "None."

    (2)    Set forth the total amount of damages sustained by the plaintiff Adrian Schoolcraft from the date of your verdict into the future for:

    (a)    Pain and suffering:    $_____

If your answer to either question is zero, then insert the word, "None" for that item of damage.

    (3)    Set forth the number of years that the plaintiff Adrian Schoolcraft will sustain future damages.

_____ Years

8.    Was the plaintiff Adrian Schoolcraft negligent in his conduct on October 31, 2009 leading up to his admission to Jamaica Hospital?

Yes_____ No_____

If Yes, proceed to Question 9. If No, proceed to Question 10.

9.    Was the plaintiff Adrian Schoolcraft's negligence a substantial factor in causing his own injuries?

Yes_____ No_____

10.    State the percentage by which each party contributed to the plaintiff Adrian Schoolcraft's injuries. If a party did not contribute to the plaintiff's injuries, then insert the word, "None," next to that party's name

Jamaica Hospital    _____%

Dr. Isak Isakov    _____%

Dr. Aldana-Bernier    _____%

  Adrian Schoolcraft            _____%

 The total of the percentages must equal 100%.

 This is a preliminary proposed jury verdict sheet that is being submitted prior to trial as per the Court's rules. The defendant Dr. Aldana-Bernier reserves the right to change or supplement the proposals based on the evidence presented at trial.

Dated:    New York, New York
      October 28, 2015

               Respectfully submitted,

               _____
               Bruce M. Brady, Esq. (BMB-4816)
               Callan, Koster, Brady & Nagler, LLP
               Attorneys for Defendant
               DR. ALDANA-BERNIER
               One Whitehall Street, 10th Fl.
               New York, New York 10004
               (212) 248-8800

TO:   <u>VIA ECF</u>
    LAW OFFICE OF NATHANIEL B. SMITH
    110 Wall Street
    New York, New York 10005

    MARTIN CLEARWATER & BELL, LLP.
    220 East 42nd Street
    New York, NY  10017

    IVONE, DEVINE & JENSEN, LLP
    2001 Marcus Avenue, Suite N100
    Lake Success, NY 11042