UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                                         Docket No. 10-cv-6005 (RSW)

                Plaintiff,

- against -

JAMAICA HOSPITAL MEDICAL CENTER,
DR. ISAK ISAKOV, Individually and in his
Official Capacity, DR. LILIAN ALDANA-BERNIER,
Individually and in her Official Capacity,

Defendants.
------------------------------------------------------------------------X


REQUESTS TO CHARGE OF
DR. ISAK ISAKOV


                              Ivone, Devine & Jensen, LLP
                              2001 Marcus Avenue, Suite N100
                              Lake Success, New York 11042
                              (516) 326-2400

*Brian E. Lee*
*Of Counsel*

The defendant Dr. Isak Isakov requests that the following charges be submitted to the jury:

1.      PJI 1:22[1]  *Falsus in Uno*.  If you find that any witness has wilfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

2.      I charge you that the parties are to be judged under the circumstances that existed at the time, and not in hindsight.  In this case, this means that you must judge the parties based upon the information that was available to them at the time of their interaction with the plaintiff.  *Henry v. Bronx Lebanon Medical Center*, 53 A.D.2d 476, 385 N.Y.S.2d 772, 69 ALR2d 1250; *Topel v. Long Island Jewish Medical Center*, 55 N.Y.2d 682, 685, 446 N.Y.S.2d 932 (1981); *Krapivka v. Maimonides Medical Center*, 119 A.D.2d 801, 501 N.Y.S.2d 429.

3.      PJI 2:150  *Physician Malpractice*.  Malpractice is professional negligence and medical malpractice is the negligence of a doctor. Negligence is the failure to use reasonable care under the circumstances, doing something that a reasonably prudent

---

[1] References to PJI refer to the NEW YORK PATTERN JURY INSTRUCTIONS.

doctor would not do under the circumstances, or failing to do something that a reasonably prudent doctor would do under the circumstances. It is a deviation or departure from accepted practice.

A doctor who renders medical service to a patient is obligated to have that reasonable degree of knowledge and skill that is expected of an average doctor, who provides that medical service in the medical community in which the doctor practices.

The law recognizes that there are differences in the abilities of doctors, just as there are differences in the abilities of people engaged in other activities. To practice medicine a doctor is not required to have the extraordinary knowledge and ability that belongs to a few doctors of exceptional ability. However every doctor is required to keep reasonably informed of new developments in his or her field and to practice medicine in accordance with approved methods and means of treatment in general use. A doctor must also use his or her best judgment and whatever superior knowledge and skill he or she possesses, even if the knowledge and skill exceeds that possessed by the average doctor in the medical community where the doctor practices.

By undertaking to perform a medical service, a doctor does not guarantee a good result. The fact that there was a bad result to the patient, by itself, does not make the doctor liable. The doctor is liable only if he or she was negligent. Whether the doctor was negligent is to be decided on the basis of the facts and conditions existing at the time of the claimed negligence.

A doctor is not liable for an error in judgment if he or she does what he or she decides is best after careful evaluation if it is a judgment that a reasonably prudent doctor

could have made under the circumstances. In other words, a doctor is not liable for malpractice if he or she chooses one of two or more medically acceptable courses of action.

If the doctor is negligent, that is, lacks the skill or knowledge required of him or her in providing a medical service, or fails to use reasonable care in providing the service, or fails to exercise his or her best judgment, and such failure is a substantial factor in causing harm to the patient, then the doctor is responsible for the injury or harm caused.

4.      I charge you that a physician is entitled to make a judgment based on the circumstances in deciding on a course of action.  He cannot be held liable for a judgmental decision, provided he exercised his judgment after a careful evaluation.  *Topel v. Long Island Jewish Medical Center*, 76 A.D.2d 862, 428 N.Y.S.2d 507 aff'd 55 N.Y.2d 682, 446 N.Y.S.2d 932 (1981);  *Oelsner v. State of New York*, 66 N.Y.2d 636, 495 N.Y.S.2d 359 (1985);  *Sciarabba v. State of New York*, 182 A.D.2d 892, 581 N.Y.S.2d 491 (3d Dep't 1992).  Thus, I charge you that if you find that Dr. Aldana-Bernier and/or Dr. Isakov chose a course of treatment, within a range of medically accepted choices for Mr. Schoolcraft, after a proper examination and evaluation, the doctrine of professional medical judgment will insulate such psychiatrist from liability, and require a finding in his/her favor.  *Durney v. Terk*, 42 A.D.3d 335, 840 N.Y.S.2d 30 (1st Dept.2007), *lv. denied* 9 N.Y.3d 813, 848 N.Y.S.2d 24, 878 N.E.2d 608 (2007); *see Centeno v. City of New York*, 48 A.D.2d 812, 369 N.Y.S.2d 710 (1st Dept.1975),  *affd*. 40 N.Y.2d 932, 389 N.Y.S.2d 837, 358 N.E.2d 520 (1976); *Betty v. City of New York*, 65 A.D.3d 507, 884 N.Y.S.2d 439 (2d Dept.2009).

5.      I charge you that in order to recover, the plaintiff must prove through expert testimony:

   a.   The standard of care in the community where
        the treatment occurred;

   b.   That the defendant physician departed from the
        standard of care; and

   c.   That a departure from the standard of care was
        a proximate cause of injury to the plaintiff.

In this regard, *see Berk v. St. Vincent's Hospital and Medical Center*, 380 F.Supp.2d 334, 342

(S.D.N.Y.2005), *Sitts v. United States*, 811 F.2d 736, 739–40 (2d Cir.1987); *Gibson v. D'Amico*,

97 A.D.2d 905, 470 N.Y.S.2d 739 (3d Dep't 1983).   *Pipers v. Rosenow*, 39 A.D.2d 240, 333

N.Y.S.2d 480 (2d Dep't 1972).

   6.   I charge you that the burden of proof on each of the foregoing elements, rests

on the plaintiff.   *Berk v. St. Vincent's Hospital and Medical Center*, 380 F.Supp.2d 334, 342

(S.D.N.Y.2005),   *Sitts v. United States*, 811 F.2d 736, 739–40 (2d Cir.1987); *Charlton v.

Montefiore*, 45 Misc.2d 153, 256 N.Y.S.2d 219 (1965).   *Topel v. Long Island Jewish Medical

Center*, 76 A.D.2d 862, 428 N.Y.S.2d 507 aff'd 55 N.Y.2d 682, 446 N.Y.S.2d 932 (1981).   I

charge you that if the plaintiff has failed to establish the burden of proof on any one of the

foregoing elements, you must find for the defendant.

   7.   I charge you that you may not find a departure from accepted medical

practice or the element of proximate cause, on anything other than expert testimony.   *Berk*

*v. St. Vincent's Hospital and Medical Center*, 380 F.Supp.2d 334, 342 (S.D.N.Y.2005), *Sitts v.*

*United States*, 811 F.2d 736, 739–40 (2d Cir.1987); *Leiman v. Long Island Jewish Medical Center*,

60 A.D.2d 908, 401 N.Y.S.2d 562 (2d Dep't 1978).

   8.   PJI 1:90 *Expert Witnesses*.   You will recall that the witnesses, Dr. Roy Lubit

(psychiatrist), Dr. Robert Levy (psychiatrist), Dr. Frank Dowling, (psychiatrist), Laurence Tancredi, M.D. (psychiatrist), Dr. Isak Isakov (psychiatrist), Dr. Aldana-Bernier, M.D. (psychiatrist) testified concerning their qualifications as experts in the field psychiatry and gave their opinions concerning issues in this case. When a case involves a matter of science or art or requires special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his or her opinion for the information of the court and jury. The opinions stated by each expert who testified before you were based on particular facts, as the expert obtained knowledge of them and testified to them before you, or as the attorney who questioned the expert asked the expert to assume. You may reject an expert's opinion if you find the facts to be different from those which formed the basis for the opinion. You may also reject the opinion if, after careful consideration of all the evidence in the case, expert and other, including the cross-examination of an expert, you decide that the opinion is not convincing. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other evidence. Expert opinion is subject to the same rules concerning reliability as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the expert's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.

9.    PJI 1:75 *Failure to Produce Witness-In General*.  A party is not required to call any particular person as a witness. However, the failure to call a certain person as a witness may be the basis for an inference against the party not calling the witness. For example, in this case the plaintiff did not call his father, Larry Schoolcraft, to testify regarding his

participation in the events of October 31, 2009, and his interactions on the following dates, and regarding the injuries the plaintiff allegedly sustained. The plaintiff [has offered the following explanation for not calling Larry Schoolcraft (summarize explanation), as a witness] or [has offered no explanation for not calling Larry Schoolcraft].  [If explanation is offered] If you find that this explanation is reasonable, then you should not consider the failure to call Larry Schoolcraft in evaluating the evidence.  If, however, you find [the explanation is not a reasonable one] or alternatively, [no explanation has been offered] you may, although you are not required to, conclude that the testimony of Larry Schoolcraft would not support the plaintiff's position on the question of whether or not Adrian Schoolcraft's conduct precipitated the plaintiff's admission to Jamaica Hospital or on the question of the injuries allegedly sustained by the plaintiff and would not contradict the evidence offered by defendants on these questions and you may, although you are not required to, draw the strongest inference against the plaintiff on those questions, that opposing evidence permits.


10.     PJI 2:36 (with amendments which are underlined) *Comparative Fault.* If you find that any defendant was negligent and that the defendant's negligence contributed to causing the plaintiff's injuries, you must next consider whether the plaintiff was also negligent and whether the plaintiff's conduct contributed to causing his injuries, or whether plaintiff's intentional actions contributed to causing his claimed injuries.  The burden is on the defendant to prove that the plaintiff was negligent and that his negligence

contributed to causing his own injuries, <u>or whether plaintiff's intentional actions</u> <u>contributed to causing his claimed injuries</u>. If you find that the plaintiff was not negligent, or if negligent, that his negligence did not contribute to causing his own injuries, <u>or if you</u> <u>find that plaintiff's intentional actions  did not contribute to causing his own injuries</u> you must find that plaintiff was not at fault and you must go on to consider damages.  If, however, you find that the plaintiff was negligent and that his negligence contributed to causing his own injuries, <u>or if you find that plaintiff's intentional actions  did contribute to</u> <u>causing his own injuries</u> you must then apportion the fault between the plaintiff and the defendant or defendants.  Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of both the plaintiff and the defendant or defendants and determine what percentage of fault is chargeable to each. In your verdict, you will state the percentages you find. The total of those percentages must equal one hundred percent.

11.     PJI 2:277A *Damages - Comment by Counsel During Closing Remarks*.  During his closing remarks, counsel for the plaintiff suggested a specific dollar amount he believes to be appropriate compensation for specific elements of plaintiff's damages. An attorney is permitted to make suggestions as to the amount that should be awarded, but those suggestions are argument only and not evidence and should not be considered by you as evidence of plaintiff's damages. The determination of damages is solely for you, the jury, to decide.

12.     I charge you that if you award damages to the plaintiff, that the plaintiff need not pay taxes on the award.  *Lanzano v. New York*, 71 N.Y.2d 208 (at 212), 324 N.Y.S.2d 420; *Cramer v. Kuhns*, 213 A.D.2d 131, 630 N.Y.S.2d 128.

In order to not duplicate requests by other parties, we would ask that the following general charges from the PJI also be given, which have also been requested by another party or parties:

| PJI 1:7 | Consider Only Competent Evidence |
| PJI 1:8 | Weighing Testimony |
| PJI 1:10 | Do Not Visit Scene |
| PJI 1:11 | Discussions With Others - Independent Research |
| PJI 1:36 | Impartiality |
| PJI 1:37 | Jury Function |
| PJI 1:38 | Court Function |
| PJI 1:39 | No Interference from Rulings |
| PJI 1:40 | Consider Only Competent Evidence |
| PJI 1:41 | Weighing Testimony |
| PJI 1:60 | Burden of Proof |
| PJI 1:24 | Return to Courtroom |
| PJI 1:25 | Consider Only Testimony and Exhibits |
| PJI 1:27 | Exclude Sympathy |
| PJI 1:28 | Conclusion |
| PJI 1:91 | Interested Witnesses - Generally |
| PJI 1:94 | Use of Depositions |
| PJI 1:97 | Special Verdict |
| PJI 2:70 | Proximate Cause - In General |
| PJI 2:277 | Damages - General |

Dated:       Lake Success, New York
             October 28, 2015

                                      Respectfully submitted,

                                      */s/ Brian E. Lee*

                                      BRIAN E. LEE
                                      Ivone, Devine & Jensen, LLP
                                      Attorneys for defendant Dr. Isak Isakov
                                      2001 Marcus Avenue
                                      Lake Success, New York 11042
                                      (516) 326-2400

TO:     All attorneys via ECF

LAW OFFICE OF NATHANIEL B. SMITH
and all other lawyers for the Plaintiff
110 Wall Street
New York, New York 10005

MARTIN CLEARWATER & BELL, LLP.
Attorneys for Jamaica Hospital Medical Center
220 East 42nd Street
New York, NY  10017

CALLAN KOSTER BRADY & NAGLER, LLP
Attorneys for Dr. Aldana-Bernier
One Whitehall Street, 10th Fl.
New York, New York 10004