# EXHIBIT "G"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,                            )
                                               )
                    Plaintiff,                 )
                                               )
    -against-                                  )
                                                    10 Civ. 6005 (RWS)
                                               )
THE CITY OF NEW YORK, et al.,                  )
                                               )
                    Defendants.                )
-------------------------------------------------------------X

DECLARATION OF MAGDALENA BAUZA IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND OTHER DISCRETIONARY COSTS PURSUANT TO 42 U.S.C.§ 1988 AND FED. R. CIV. PROC. 54(d)

MAGDALENA BAUZA declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, as follows:

1.   I am a law graduate who worked with Nathaniel B. Smith and John Lenoir, attorneys in this case. I submit this declaration in support of this motion for costs, expenses and reasonable attorneys' fees, pursuant to the terms of the Offer of Judgment, 42 U.S.C. § 1988 and Fed. R. Civ. Proc. 54(d)(2).

2.   I started work on the Schoolcraft case in March of 2013. At that time, Mr. Smith was lead counsel on the case and I received my assignments from him and was directly supervised by him.

3.   I seek reasonable fees in the amount of $193,175.00, representing 1273:05 hours of work at the hourly rate of $150 per hour, and 29:30 hours of travel at the rate of $75 per hour.

4.   In making this request I have researched the rates of other law graduates like myself and based on that research I submit that a rate of $150 per hour is a reasonable hourly rate

1

for an individual with my level of experience.  In reaching this conclusion, I have relied primarily on *Zahrey v. City of New York,* Slip Op. 98-cv-4546; Dkt. # 264 (DCP) (JCF) (S.D.N.Y. June 8, 2010) (report and recommendation by Magistrate Judge Francis), which concluded that $150 per hour was a reasonable hourly rate as of 2010 for a law graduate.

My Background

5.  I received my BFA degree, with honors, from The City University of New York in May 2003.  I began my law education at CUNY School of Law in August of 2011.  From August 2014 to December 2014, I was a legal intern at the Legal Aid Society Health Law Division.  I received my Juris Doctor degree from CUNY School of Law in December of 2014.

6.  Attached as Exhibit N are true and correct copies of my annual time records in this case for the three years, 2013, 2014 and 2015.  The time records, which reflect a total of 1520.4 hours, are based on my contemporaneous logging of my work hours as the work was performed. In 2013, I recorded my time into my word processing program upon completion of the task or at the end of the day.  This data was then provided to Mr. Smith's office and entered into the Time Slips office database.  Beginning in 2014 and through 2015, I used Toggl, a time tracking software program that allows me to record my work hours in real time.

7.  My time records reflect in detail the work I did on behalf of the plaintiff.  In summary, my work involved the following:  conducting legal research relating to the numerous issues in this litigation such as First Amendment rights; *Monell* liability; Fourth Amendment violations; state action; the intracorporate conspiracy doctrine; qualified immunity; tortious interference with prospective employment opportunity; the collective knowledge doctrine; intentional infliction of emotional distress; various negligence causes of actions, medical malpractice and vicarious liability; prior restraint in response to a gag order motion; false

imprisonment and legal justification under Mental Health Law 9.39; and conducting research on various evidentiary and federal procedural issues as they arose.  My work also included assisting counsel in conducting inspections at the 81st Precinct and Jamaica Hospital; assisting the investigator on the case in conducting separate interviews of Carol and Ted Stretmoyer (two witnesses to the Oct. 31, 2009 events); assisting the investigator in canvassing the Queens neighborhood and prior residence of plaintiff where the events of Oct. 31, 2009 occurred and interviewing neighbors; drafting and revising jury instructions (in response to this Court's summary judgment decision and motion for reconsideration) relating to plaintiff's numerous claims; preparing for and attending 23 depositions; drafting portions of summary judgment motions, opposition papers, reply papers, motions for reconsideration, memorandum of law in support of motion to amend and motion *in limine* opposition; and summarizing the deposition and drafting the direct examination of Professor Eterno, the main police practices expert.

8. My time records reflect that I attended 23 depositions, for a total of 169 hours. Since Mr. Smith and Mr. Lenoir were also attending those depositions, I am not seeking compensation as the "third chair" for that time, other than the deposition of Larry Schoolcraft, which was attended only by Mr. Lenoir and me.  Thus, my time charges reflect a reduction of 153 hours for the 22 depositions that I attended as the third person on behalf of the plaintiff.[1]  For the 30-month period, from February 2013 to September 2015, I billed a total of 1520:40 hours. After the adjustment for the depositions the total billable hours are 1367:40.  Accordingly, the total adjusted fee is $205,150.00.

---

[1] The 2013 time record reflects an entry of "No Charge" for depositions that I attended that year. The depositions I attended in 2014 and 2015 are reflected in the time records as unbillable hours on the top of the first page of the reports. The reports also reflect the deposition time entries without any dollar calculation.

9. My time charges should also be adjusted for time spent travelling. The time entries reflect that on six occasions I travelled to meet the plaintiff or other witnesses in this case. The travel time for these six trips totals 29:30 hours, and in accordance with established practice and decisions in this District, that time should be billing at one half of my requested hourly rate (or $75 per hour). Based on this travel adjustment, my total time charges should be reduced by $ 2,212.50. Thus, the total adjusted fee is $202,937.50.

10. Finally, my time charges have already been adjusted to reflect that fees are compensable only up to the date of the Offer of Judgment, September 16, 2015. Accordingly, the last page of my time records for 2015 reflect 65:05 hours of unbillable time spent after September 16, 2015 on the case. Thus, my total adjusted compensable billing is $ 193,175.00.

11. Much of the time I expended on the Schoolcraft case was spent conducting legal researching, writing memoranda to Mr. Smith and Mr. Lenoir on the results of that research, drafting portions of the numerous memorandum of law and the proposed jury instruction submitted in this case to the Court. I respectfully submit that the work I performed was reasonable and necessary for the proper representation of Officer Schoolcraft.

Date:   New York, New York
        December 16, 2015

                                             /S MB
                            By: _____
                                       Magdalena Bauza