# EXHIBIT "Q"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
ADRIAN SCHOOLCRAFT,

                          Plaintiff,                     **DECLARATION OF**
                                                                                        **AFSAAN SALEEM**

                  -against-                                       **10-CV-6005 (RWS)**

CITY OF NEW YORK,

                          Defendant.
------------------------------------------------------------------------------------X

      AFSAAN SALEEM, an attorney admitted to practice in the State of New York, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows:

      1.    I submit this Declaration in support of the attorneys' fee application submitted in the above-captioned matter by plaintiff's counsel, Jon L. Norinsberg, an attorney whom I have known for several years.

      2.    I received my law degree from Brooklyn Law School in 2001.  At Brooklyn Law, I was an Edward V. Sparer Public Interest Law Fellow, an Academic Achievement scholar and a participant in the Federal Litigation and Social Justice Project Clinic.

      3.    Upon graduation from law school, I was appointed as an Assistant Corporation Counsel of the City of New York and began working in the Brooklyn Borough Office of the Tort Division defending the municipality and its employees in state court negligence and civil rights actions.

      4.    In 2005, after only four years at the Law Department, I was promoted to Senior Counsel and designated as a trial attorney.  During my tenure in the Brooklyn Tort office, I tried thirteen cases to verdict, had several cases settle during trial and picked over thirty juries. I have engaged in extensive

pre-trial and post-trial motion practice, conducted over 200 depositions and drafted several motions that were decided in the City's favor on appeal to the Second Department.  *See Dick v. The Gap, Inc.*, 16 A.D.3d 615 (2nd Dept. 2005); *Santoro v. City of New York*, 795 N.Y.S.2d 60 (2nd Dept. 2005); *Moody v New York City Bd. of Educ.,* 8 AD3d 639 (2nd Dept. 2004); *Palopoli v. City of New York*, 305 A.D.2d 388 (2nd Dept. 2003).  Further, I served as trial counsel in *Shaperonovitch v. City of New York*, which resulted in a landmark 2008 New York Court of Appeals decision fundamentally changing the notice requirements in personal injury cases in New York State.  *See D'Onofrio v. City of New York*, 11 N.Y.3d 581 (2008).

5. In 2006, I transferred to the Special Federal Litigation Division of the New York City Law Department.  I was immediately assigned to the role of a Senior Counsel on the class action entitled *McBean v. City of New York*, 02-CV-5426 (JGK) (THK) and the related action brought by intervenor-plaintiffs, *Ramos v. City of New York.*  The *McBean* litigation involved constitutional challenges to the New York City Department of Correction's ("DOC") new admission strip-search policies at six of the jails on Rikers Island.  The case garnered extensive media attention and ultimately settled in 2010 for $33 million, including $4 million in attorneys' fees.

6. Aside from work on *McBean*, while serving in Special Federal Litigation, I handled approximately eighty four §1983 cases in the Southern and Eastern Districts of New York involving claims of false arrest, malicious prosecution and/or excessive force by police officers.  I have litigated

and tried cases against some of the most well-known plaintiff's civil rights attorneys. I was lead trial counsel in the 2007 trial of *Green v. City of New York* before the Honorable Richard M. Berman in the Southern District of New York, which involved the involuntary hospitalization of a ventilator-dependent individual with Lou Gehrig's Disease.

7. In 2008, I tried *Estes v. City of New York*, a § 1983 false arrest and excessive force case, before the Honorable Sandra L. Townes in the Eastern District of New York, obtaining a defense verdict against Fred Lichtmacher, a well-respected civil rights plaintiff's attorney. *See* 01-CV-5158 (SLT). In 2009, I tried the § 1983 false arrest and excessive force case *Stephen v. Hanley* before the Honorable Kiyo A. Matsumoto in the Eastern District of New York. The plaintiffs in *Stephen* were represented *pro bono* by a team of attorneys from Mayer Brown. One of the plaintiffs obtained nominal damages on a single claim against one of the defendants. The verdict was otherwise in favor of the nine defendants. On appeal, the Second Circuit affirmed and the Supreme Court denied *certiori*. *Stephen v. Hanley*, 376 Fed.Appx. 158 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 795 (2010).

8. In September 2010, I entered private practice and founded Harvis & Saleem with Mr. Harvis. Since its founding, the firm has filed approximately 50 § 1983 civil rights cases in the Southern and Eastern Districts of New York, the vast majority of which involve claims of false arrest, excessive force and/or malicious prosecution. In that time, I have tried three cases against the City of New York with Mr. Harvis. In March 2012, the firm merged with two other law firms to create the firm of Harvis Marinelli Saleem & Wright LLP.

3

9.      In May 2013, I left the firm to work on a political campaign and then to serve as the Deputy Director of the Legal Division of the New York City Department of Consumer Affairs. I have since returned to private practice joining The Rameau Law Firm where I am responsible for all aspects of the firm's cases , including but not limited to, conducting depositions, attending court conferences, conducting client intakes, and raising and responding to discovery issues.

10.     I have litigated against Mr. Norinsberg on several occasions in the past. Mr. Norinsberg's reputation as a skilled litigator precedes him. I have been impressed by how Mr. Norinsberg conducted himself. He was adept at recognizing the issues and worked quickly to resolve cases early, which proved to be in the best interest of all the parties. Mr. Norinsberg has always presented himself with the utmost professionalism and has proven himself to be a skilled litigator.

11.     Accordingly, based upon my fifteen years practicing as an attorney, half of which has been spent practicing in the field of civil rights litigation, I fully support Mr. Norinsberg's requested hourly rate of $600.00 as entirely reasonable, and in line with the prevailing rates for an attorney of his caliber, experience and reputation in the Southern District.

DATED:   New York, New York
         December 9, 2015

_____
AFSAAN SALEEM

4