UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF
NEW YORK
----------------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, DEPUTY CHIEF MICHAEL
MARINO, Tax Id. 873220, Individually and in his Official Capacity,
ASSISTANT CHIEF PATROL BOROUGH BROOKLYN NORTH
GERALD NELSON, Tax Id. 912370, Individually and in his Official
Capacity, DEPUTY INSPECTOR STEVEN MAURIELLO, Tax Id.
895117, Individually and in his Official Capacity, CAPTAIN
THEODORE LAUTERBORN, Tax Id. 897840, Individually and in
his Official Capacity, LIEUTENANT WILLIAM GOUGH, Tax Id.
919124, Individually and in his Official Capacity, SGT.
FREDERICK SAWYER, Shield No. 2576, Individually and in his
Official Capacity, SERGEANT KURT DUNCAN, Shield No. 2483,
Individually and in his Official Capacity, LIEUTENANT
CHRISTOPHER BROSCHART, Tax Id. 915354, Individually and in
his Official Capacity, LIEUTENANT TIMOTHY CAUGHEY, Tax
Id. 885374, Individually and in his Official Capacity, SERGEANT
SHANTEL JAMES, Shield No. 3004, Individually and in her
Official Capacity, , CAPTAIN TIMOTHY TRAINER, Tax Id.
899922, Individually and in his Official Capacity, and P.O.'s "JOHN
DOE" #1-50, Individually and in their Official Capacity (the name
John Doe being fictitious, as the true names are presently unknown),
(collectively referred to as "NYPD defendants"), FDNY
LIEUTENANT ELISE HANLON, individually and in her official
capacity as a lieutenant with the New York City Fire Department,
JAMAICA HOSPITAL MEDICAL CENTER, DR. ISAK ISAKOV,
Individually and in his Official Capacity, DR. LILIAN ALDANA-
BERNIER, Individually and in her Official Capacity and JAMAICA
HOSPITAL MEDICAL CENTER EMPLOYEE'S "JOHN DOE" #
1-50, Individually and in their Official Capacity (the name John Doe
being fictitious, as the true names are presently unknown),

                                            Defendants.
----------------------------------------------------------------------x

**AFFIRMATION IN
SUPPORT
OF ATTORNEYS
FEES, EXPENSES
AND COSTS**

**10 CV 6005 (RWS)**

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

      HARVEY A. LEVINE, ESQ., declares under penalty of perjury the following to be true and correct.

1.     I am the managing partner of the law firm of Levine and Gilbert. From mid-November, 2012 through mid-April 2013 my partner, Richard Gilbert, and I, together with Peter Gleason, represented plaintiff in this action. I am submitting this affirmation in support of plaintiff's application for reasonable attorneys' fees, costs and expenses in connection with this action, pursuant to the Judgment, dated October 15, 2015 (Dkt.# 541).

2.     Our firm entered this litigation at the behest of Peter Gleason, an attorney who was Of Counsel to our firm, because we possess over 80 years of successful experience in litigation involving the City of New York and, in particular, representing NYPD officers in virtually every aspect of their professional and personal lives. For over 50 your affirmant has been bringing civil damage suits against the City of New York and others for injuries sustained by its police officers, securing disability pensions for those injured officers, defending NYPD officers charged with criminal acts or disciplinary violations, prosecuting claims against police officers for official misconduct, including deprivation of civil rights, false arrest and

excessive force, in both State and Federal Court in additional to litigating on behalf of medical malpractice victims.

3.      Set forth below is your affirmant's legal background justifying the reasonableness of your affirmant's hourly fee of $600 per hour and a summary description of the work performed by your affirmant.

5.      Your affirmant has been practicing law for over 50 years.  Over the course of my career I have tried hundreds of cases, a great many of which have gone to verdict, including complex jury trials for personal injuries and wrongful death in which I have secured seven figure verdicts and settlements, criminal defense of police officers charged with federal civil rights violations and other felonies and administrative trials charging police officers with official misconduct. I am admitted to all the Courts of the State of New York, the United States District Court for the Southern and Eastern Districts of New York, the United States Supreme Court and U.S. Court of Military Appeals.

6.      Your affirmant customarily charges between $500 and $600 per hour for his time.  In light of your afffirmant's extensive experience in police matters, civil litigation against the City of New York and the complexity of the instant matter, it is respectfully submitted plaintiff's hourly fee of $600 per hour is fair and reasonable.

7. Our firm's representation of plaintiff was relatively short but certainly intense. From the outset of our representation of Adrian Schoolcraft your affirmant and our firm were immersed in the case. Your affirmant's work included breaking down the prior attorneys' files found in six 3foot long banker's boxes, comprised of thousands of pages of documents, including the contents of the NYPD investigation of this matter, hours of plaintiff's audio recordings of roll calls, pleadings, transcripts, and an extensive Jamaica Hospital Record. Upon receipt of the outgoing attorney's files your affirmant dedicated himself and virtually all his office time to reviewing and analyzing the contents of the file, taking copious notes and then summarizing them in a memorandum to the file which summarized your affirmant's view of the quality of evidence and charted the course for this litigation to move forward.

8. Your affirmant's billable time was recorded in accordance with our regular office practices, with my time recorded in tenth of an hour increments through contemporaneous notes, which were subsequently transcribed in running time records. Your affirmant recorded just under 75 hours in connection with this litigation. Numerous telephone calls with plaintiff, plaintiff's father and co-counsel were not included in the bill.

**Conclusion**

9. This matter touched upon virtually every aspect of your affirmant's experience over his 50+ years as a litigator. Not only police related issues but medical malpractice issues were necessarily analyzed and required thoughtful consideration of all the issues in the case in advance of taking action. It is respectfully submitted that your affirmant's billing and hourly fees and fair and reasonable. Your affirmant respectfully requests that this application for attorneys' fees be granted.

Dated:   New York, New York
         November 29, 2015

_____
Harvey A. Levine