

**ZACHARY W. CARTER**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY  10007

**ALAN H. SCHEINER**
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

January 28, 2016

**BY ECF & EMAIL**
**(Talia_Nissimyan@nysd.uscourts.gov)**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   Schoolcraft v. Jamaica Hospital Medical Center, et al.
>        10-CV-6005 (RWS)

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing the motion respondent City of New York (the "City"), in connection with the trial of above-captioned matter.

The City writes to respectfully requests that: (1) the Court order the former plaintiff's counsel, Levine and Gilbert and Peter J. Gleason, who filed a fee application on and after December 27, 2016 (Docket No. 564 et seq.), to produce to the Court and the City evidence of their standing to file a fee application on behalf of plaintiff or have their application stricken; (2) that the Court require all counsel to submit contemporaneous fee records in electronic form sufficient to show whether the fee records were complete and contemporaneous as required by the Second Circuit as the *sine qua non* for fee recovery; and (3) that the City be allowed an additional four weeks to respond to the plaintiff's application for attorneys' fees, extending the time from February 29, 2016 to March 28, 2016.[1]  Plaintiff's counsel has refused their consent to any of the relief requested and has failed to offer any compromise position.

The City is mindful of the Supreme Court's caution that a "request for attorney's fees should not result in a second major litigation." *Buckhannon Ed. & Care Home, Inc. v. W.*

---

[1] This is the second request for adjournment of time to respond to the motion; the first request for a two-month adjournment, with the consent of plaintiff, was granted.

Sweet, J.
January 28, 2016
Page 2

*Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 609 (2001).  The fee application here, however, already resembles a major litigation, and is more akin to a class action fee claim than the sort usually submitted for a single plaintiff.  Counsel demand over $4.2 million in fees and costs, with an estimated 5,500 discrete time entries made by 17 individual attorneys and paralegals, from nine separate law firms.  Just some of the factors adding to the complexity and burden of the fee application: (a) all counsel other than Nat Smith (and his associated counsel) were terminated by plaintiff at one time or another, requiring plaintiff's counsel to duplicate the work of prior attorneys when hired or rehired; (b) the work claimed involves several state law claims by or against private parties for which no attorneys-fees are available under Section 1988 (e.g., claims against the medical defendants and the counter-claim by defendant Mauriello); and (c) there are serious doubts about the standing of some counsel to seek fees and the contemporaneous nature of the time records submitted.

Moreover, plaintiff's counsel have exacerbated the burden of responding to the application.  First, counsel failed to heed the Supreme Court's admonition that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (U.S. 1983) ("In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here." (quotation omitted)); *accord DiFilippo v. Morizio,* 759 F.2d 231, 235 (2d Cir. 1985); *see Toussie v. County of Suffolk*, 2012 U.S. Dist. LEXIS 127143, *23-24, *30 (E.D.N.Y. Sept. 6, 2012) (denying fee application in its entirety, in part due to inclusion of non-compensable elements).  Plaintiff's counsel made no attempt to pare from their application fees related to non-compensable claims (e.g., plaintiff's medical malpractice claims); duplicative and redundant work by replacement or returning counsel; work on non-litigation activities such as media publicity-seeking and lobbying for a criminal prosecution; or any other excessive or non-chargeable tasks and time (other than work after the Rule 68 was accepted). *See, e.g,* Plaintiff's Memorandum of Law at 3-4, 6, Docket No. 561 (including substantial time spent on media relations and urging the District Attorney's office bring criminal charges).

Second, plaintiff's counsel refused to provide even readily available information that would have facilitated analysis by the City: Excel versions of counsel's fee spreadsheets which would allow the City to organize and analyze the plantiff's time entries.  Instead, the City was required to convert over 5,000 billing entries from scanned images into a usable spreadsheet amenable to quantitative analysis; a time-consuming and painstaking process that is not yet complete.  Counsel refused even to negotiate regarding several other targeted requests for additional information, such as counsel's original billing entries; work-product cited by the plaintiff's submission; evidence of actual hourly rates received; counsel's retainer agreements; correspondence regarding plaintiff's reasons for the termination of counsel; and evidence of other fee claims made in this case.  *See* January 14, 2016 Email of Alan Scheiner to Plaintiff's Counsel with January 12, 2016 Letter Attached, Ex. A; Letter January 15, 2016, From Nat Smith to Alan Scheiner, Ex. B.

Sweet, J.
January 28, 2016
Page 3

After considering in good faith plaintiff's objections to discovery and in the interests of expediency, the City does not at this time seek to compel a response to most of its requests for information – although all of them are relevant to the application – and seeks here only the bare minimum of additional information required to determine if plaintiff's application meets clear threshold requirements.

First, the right to attorneys' fees under Section 1988 belongs *to the plaintiff*, not counsel, and only counsel representing the plaintiff may file on his behalf. *See, e.g.*, *Venegas v. Mitchell*, 495 U.S. 82, 87-88 (1990) (Section 1988 makes the prevailing party eligible for a discretionary award of attorney's fees . . . . rather than the lawyer  . . . .")(quotations and citations omitted). Here, attorneys Levine & Gilbert and Peter J. Gleason, Esq. (and associated persons) previously ceased appearing as counsel for plaintiff in or about April 2013, after only three or four months of work. *See* Affirmation of Richard A. Gilbert, Docket No. 564-2. ¶¶ 8-9. These attorneys – who have not stated that they currently represent plaintiff – should be required to submit to the Court and the City evidence of their authority to file a fee application on plaintiff's behalf. In the absence of such evidence produced in a timely fashion, the fee application should be stricken so that the City need not be further burdened to respond to it.

Second, the City seeks production of all of plaintiff's counsel's original billing records in electronic form, to determine whether they are in fact contemporaneous with the work alleged, as is strictly required under Second Circuit law. Contrary to plaintiff's position, there is no authority that there is a blanket ban on discovery relating to fee applications. Even case law that plaintiff has cited to the City indicates that although discovery is not favored, it is permitted at least where there is "ample need." *Indu Craft v. Bank of Baroda,* 1996 U.S. Dist LEXIS 14342 at* 18-19 (S.D.N.Y. Sep. 30, 1996) (citations omitted). There is such ample need here.

In the Second Circuit, under Section 1988 "[a]ll applications for attorney's fees, whether submitted by profit-making or non-profit lawyers, for any work done after the date of this opinion should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. N.Y. 1983). "The records must be made contemporaneously, which is to say, while the work is being done or, more likely, immediately thereafter. Descriptions of work recollected in tranquility days or weeks later will not do." *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 250 n. 5 (S.D.N.Y. 2010).

Because of the critical, threshold nature of this requirement, at least one Southern District court has held that discovery of billing records would be appropriate where, as here, it is unclear whether they were made contemporaneously. *Handschu,* 727 F. Supp. 2d 239 at 250, n. 5 ("While the City could have sought the original source documents in discovery and did not do so, that does not shift the burden of proof and persuasion from Class Counsel, who are applying for the fees.")  Plaintiff has argued to the City that computer printouts of electronic fee entries are sufficient where they are contemporaneous. *Tri-Star Pictures, Inc.* v. *Unger,* 42 F. Supp. 2d 296, 302-03 (S.D.N.Y. 1999). But the time entries submitted here by most counsel (excluding Nat Smith and his team) do not appear to be computer printouts from a time-keeping application, but rather appear to be work-product compilations based on alleged billing entries.

Sweet, J.
January 28, 2016
Page 4

None of the purported billing entries from any counsel state the date or time that the information was entered, and neither do most of the declarations submitted in support of the application. The Plaintiff's Memorandum of Law asserts the legal conclusion that the records are "contemporaneous," without citation to any evidence.  *See* Plaintiff's Memorandum of Law at 36.  Even the most detailed statements on this subject – two declarations for only two of the attorneys, asserting that some time information was recorded at the time of or on the day of the work[2] – does not establish that all of the required elements were recorded contemporaneously, as *Carey* demands.  *Handschu*, 727 F. Supp. at 250 ("Counsel's declarations do not say if the source documents, which are not produced, gave specifics with respect to 'the date, the hours expended, and the nature of the work done,' as *Carey* requires.  Accordingly, the Court cannot place complete confidence in the proof.)  Certainly merely repeating the word "contemporaneous . . . like a mantra," as most of the declarations here do, is not enough. *Id*.  Given the paucity of the record on this issue, we ask the Court to require production of the original billing records to allow a determination of whether plaintiff can in fact satisfy the *Carey* requirements. *Id*.[3]

Finally, the City requests an adjournment of the time to respond to the application to March 29, 2016, because of the extraordinary burden of the plaintiff's application (which became more apparent upon more detailed examination); the additional fee application filed after the current deadline to respond was set; and the plaintiff's refusal to accommodate the City's request for spreadsheets that could have substantially reduced the time required to respond.

We thank the Court for its consideration in this matter.

Respectfully submitted,

/s/

Alan H. Scheiner
Senior Counsel
Special Federal Litigation Division

---

[2] The Declaration of Magdalene Bauza, ¶ 6, Docket No. 560-7 and the Declaration of Nat Smith, ¶ 21, Docket No. 560-2, like the declarations in *Hanschu*, assert that some billing information was recorded on a daily basis (or could have been), but they do not state that the complete, final time record was created on a daily basis.  *See* Smith, ¶ 21 ("My time records are regularly made, kept and prepared by me at the time or on the day that the time is spent working for each of my clients and that information *is then* inputted into the "Time Slips" computer software database.") (emphasis added); Bauza, ¶ 6 (time records were input daily into MS Word and then converted to "Time Slips," and in other years the "Toggl" program "allowed" her to record time in "real time," but not stating that she did so).  The other declarations seeking significant fees do not say even this much, and assert only the legal conclusion that the records are "contemporaneous."  *See* Declaration of Gerald Cohen, ¶¶ 45, 48, 49, 50, Docket No. 560-4; Declaration of Joshua Fitch, ¶¶ 42, 43, 44, Docket No. 560-3; Declaration of Jon Norinsberg, ¶¶ 40, 42, Docket No. 560-1.

[3] The requested billing records will also facilitate attempts to resolve the fee dispute without the necessity of further briefing, or a Court hearing and ruling, by allowing the City to evaluate whether plaintiff's counsel's billing records in fact pass muster under *Carey*.

Sweet, J.
January 28, 2016
Page 5

cc:     All counsel by ECF

# EXHIBIT A

EXHIBIT A

## Scheiner, Alan (Law)

| | |
|---|---|
| **From:** | Scheiner, Alan (Law) |
| **Sent:** | Thursday, January 14, 2016 2:16 PM |
| **To:** | 'Gerald Cohen'; 'Nat Smith'; 'Jon Norinsberg'; 'Joshua Fitch'; 'John Lenoir'; 'rgilbert@levineandgilbert.com'; 'lawyers@suckleschlesinger.com' |
| **Subject:** | RE: Schoolcraft v. City |
| **Attachments:** | Letter to Schoolcraft Fee Counsel Jan 12 2016.pdf |

Counsel, In addition to the items requested in the attached letter of January 12, 2016, previously emailed, the City also requests the following:

Electronic copies with complete metadata of any work-product upon which plaintiff's counsel relies in their fee application, including but not limited to the: (1) "cross-examination outlines"; "Opening Statement"; and the "global case summary," all referred to on page 11 of your Memorandum of Law.

Billing records since January 1, 2010 showing all hourly rates actually paid by a client or by an adverse party for the time of any timekeeper for whom fees are claimed in this case.

Thank you for your cooperation in this matter.

Sincerely,

Alan

**From:** Scheiner, Alan (Law)
**Sent:** Tuesday, January 12, 2016 7:41 PM
**To:** 'Gerald Cohen'; Nat Smith; Jon Norinsberg; Joshua Fitch; 'John Lenoir'; rgilbert@levinandgilbert.com'; 'lawyers@suckleschlesinger.com'
**Subject:** Schoolcraft v. City

Counsel, Please see the attached letter. Sincerely,

Alan H. Scheiner
Senior Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street, Room 3-174
New York, NY 10007
(212) 356-2344
ascheine@law.nyc.gov



**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALAN H. SCHEINER**
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

January 12, 2016

**By Email**

Gerald Cohen, Esq.
Joshua Fitch, Esq.
Cohen & Fitch
The Woolworth Building
233 Broadway, Suite 1800
New York, New York 10279
Tel: 212.374.9115
gcohen@cohenfitch.com

Jon Louis Norinsberg
Law Offices of Jon L. Norinsberg
225 Broadway, Suite 2700
New York, NY 10007
212-791-5396
Fax: 212-406-6890
Email: norinsberg@aol.com

Nathaniel B. Smith
Law Office of Nathaniel B. Smith
100 Wall Street, 23rd Floor
New York, NY 10005
212 227 7062
Fax: 212 346 4665
Email: natbsmith@gmail.com

Howard Andrew Suckle
Suckle Schlesinger PLLC
224 West 35th Street, Suite 1200
New York, NY 10001
(212)-226-4200
Fax: (212)-226-4226
Email: lawyers@suckleschlesinger.com

John David Lenoir
John Lenoir - Attorney

829 Third Street, NE
Washington, DC 20002
(202)-492-3739
Fax: (646)-417-7245
Email: john.lenoir@gmail.com

Richard A. Gilbert
Levine & Gilbert
115 Christopher Street
New York, NY 10014
(212)-645-1990
Fax: (212)-633-1977
Email: rgilbert@levineandgilbert.com

      Re:    *Schoolcraft v. The City of New York, et al.*, 10-CV-6005 (RWS)

Dear Counsels:

      The respondent City of New York (the "City") hereby requests production of the following documents relevant to your claim for fees and expenses, which the City requires to fully evaluate and respond to your application. If, as you have indicated previously, the plaintiff refuses to provide any additional fee information, we will take the matter up with Judge Sweet.

      This request is without prejudice to any additional requests for discovery, including but not limited to depositions of plaintiff's counsel, third-parties who signed affidavits in support of the fee application, and/or the plaintiff. Including items previously requested, the City requests the following:

      1.    Electronic Excel versions of fee spreadsheets submitted to the Court.

      2.    Original billing, expense, activity and/or time records of this case for the attorneys and other individuals for whom fees are claimed, including native electronic files with all metadata intact, as well as hard copy mages of such files.

      3.    All bills, invoices, demands or requests for payment issued by any of plaintiff's lawyers or law firms, whether issued to plaintiff, a third party, another counsel, or otherwise.

      4.    All correspondence between and among counsel for the plaintiff relating to any disputes concerning the payment of attorneys' fees or the possession of files relating to the case.

      5.    All correspondence between and among plaintiff and counsel regarding the termination of the representation of any attorney for plaintiff.

      6.    All retainer or fee agreements between and among counsel for the plaintiff and/or the plaintiff.

      7.    All documents concerning agreements to pay, demands for payment, requests to pay, or

payments of, legal fees and/or expenses as or between plaintiffs and any defendants in this matter other than the City.

8.    All documents reflecting payments received by counsel representing or previously representing plaintiff in this case of legal fees and/or expenses incurred in this case.

9.    All documents reflecting any authorization of attorneys submitting fee applications in this matter to represent the plaintiff in this case, in general or for the purposes of any fee claim.

10.    All documents reflecting any assignment by the plaintiff of any fee claim under Section 1988 to counsel submitting claims for fees and expenses in this case.

Thank you for your cooperation in this matter.

Sincerely,

/s/

Alan H. Scheiner
Senior Counsel
Special Federal Litigation Division

# EXHIBIT B

EXHIBIT C

LAW OFFICE OF
NATHANIEL B. SMITH
ATTORNEY AT LAW
100 WALL STREET
NEW YORK, NEW YORK 10005

NATHANIEL B. SMITH
natbsmith@gmail.com

TEL: 212-227-7062
FAX: 212-250-1080

January 15, 2016

Alan Scheiner, Esq.
Senior Counsel
Special Federal Litigation Division
100 Church Street
New York, N.Y. 10007

*Schoolcraft v. City of New York, et al.*
*Index No. 10 Civ. 6005 (RWS)*

Dear Alan:

We are in receipt of your letter, dated January 12, 2016 and your follow-up email, dated January 14, 2016, requesting extensive discovery in connection with our motions for an award of reasonable attorneys' fees, costs and expenses. We write to respond to this request and to draw your attention to well-established case law, which consistently rejects these types of requests.

As you know, the plaintiff's attorneys in this action filed on December 16, 2015 and December 27, 2015 extensive papers in support of their motions, including detailed records supporting the fee motions. As such, you have already been provided with full, complete and contemporaneous time records – consisting of thousands of time entries – in support of the motion. In your January 12th letter and your January 14th email, however, you request a massive quantity of discovery and reserve the "right" to take depositions of the plaintiff, his counsel and the attorneys who submitted declarations attesting to the market rate for attorneys and their knowledge of the plaintiff's attorneys.[1]   Notably, you do not indicate in your

---

[1] The items requested are:

1. Electronic Excel versions of fee spreadsheets submitted to the Court.

2. Original billing, expense, activity and/or time records of this case for the attorneys and other individuals for whom fees are claimed, including native electronic files with all metadata intact, as well as hard copy images of such files.

3. All bills, invoices, demands or requests for payment issued by any of plaintiff's lawyers or law firms, whether

LAW OFFICE OF
NATHANIEL B. SMITH

2

request that the extensive documentation submitted in support of the motions is insufficient in any particular manner and instead make a blunderbuss demand for massive "discovery."

That is not permitted, and these types of blunderbuss demands are regularly rejected by courts in this Circuit. For example, in *Indu Craft v. Bank of Baroda*, the court held:

> Indu Craft also seeks discovery of EVW's litigation files, internal memoranda, billing records, time records and time sheets, computer files, accounts payable and receivable, and bank account statements concerning this action to adequately object to an award of attorney fees. Indu Craft has failed to show ample need for this extensive discovery. For one thing, with the exception of the time and billing information, the request is overbroad and does not even directly relate to the question of attorney fees. Second, while Indu Craft is entitled to EVW's time sheets and disbursement records, it has been provided with this information. Moreover, EVW bears the burden of establishing entitlement to an award and documenting the appropriate hours expended. EVW has submitted twenty-eight invoices and some

---

issued to plaintiff, a third party, another counsel, or otherwise.

4. All correspondence between and among counsel for the plaintiff relating to any disputes concerning the payment of attorneys' fees or the possession of files relating to the case.

5. All correspondence between and among plaintiff and counsel regarding the termination of the representation of any attorney for plaintiff.

6. All retainer or fee agreements between and among counsel for the plaintiff and/or the plaintiff.

7. All documents concerning agreements to pay, demands for payment, requests to pay, or payments of, legal fees and/or expenses as or between plaintiffs and any defendants in this matter other than the City.

8. All documents reflecting payments received by counsel representing or previously representing plaintiff in this case of legal fees and/or expenses incurred in this case.

9. All documents reflecting any authorization of attorneys submitting fee applications in this matter to represent the plaintiff in this case, in general or for the purposes of any fee claim.

10. All documents reflecting any assignment by the plaintiff of any fee claim under Section 1988 to counsel submitting claims for fees and expenses in this case.

11. Electronic copies with complete metadata of any work-product upon which plaintiff's counsel relies in their fee application, including but not limited to the: (1) "cross-examination outlines"; "Opening Statement"; and the "global case summary," all referred to on page 11 of your Memorandum of Law.

12. Billing records since January 1, 2010 showing all hourly rates actually paid by a client or by an adverse party for the time of any timekeeper for whom fees are claimed in this case.

13. Depositions of plaintiff's counsel, third-parties who signed affidavits in support of the fee application, and/or the plaintiff.

LAW OFFICE OF
NATHANIEL B. SMITH

3

> of the accompanying itemizations. If, as Indu Craft alleges,
> discrepancies exist between the invoices, accounting records, and
> EVW's own fee request, it is EVW's burden to clarify the
> inconsistencies. Furthermore, Indu Craft has not demonstrated ample
> need for the original time records and time sheets
> because chronological computer printouts satisfy the contemporaneous
> time record requirement. Accordingly, this aspect of Indu
> Craft's discovery requests is denied.

*Indu Craft v. Bank of Baroda*, 1996 U.S. Dist LEXIS 14342 at *18-19 (S.D.N.Y. Sep. 30, 1996) (citations omitted).

Since the law neither requires us to produce, nor entitles you to demand, any more documentation or discovery from plaintiff or counsel, we object to your requests. The Supreme Court has cautioned, "[a] request for attorney's fees should not result in a second major litigation." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001); *see also In re Pall Corp. Class Action Attorneys' Fees Application*, 2013 WL 1702227 at *3 (E.D.N.Y. Apr. 8, 2013), *adopted sub nom*, 2013 WL 3244824 (E.D.N.Y. June 25, 2013) ("Accordingly, courts have avoided an interpretation of fee-shifting statutes that would 'spawn a second litigation of significant dimension.'"). While the fee applicant must submit appropriate documentation "trial courts need not, and indeed should not, become green-eyeshade accountants." *Spence v. Ellis*, 2012 WL 7660124 at *2 (E.D.N.Y. Dec. 19, 2012), *adopted*, 2013 WL 867533 (E.D.N.Y. Mar. 7, 2013).

To that end, there is absolutely "no authority holding that [] counsel must open its books to objectors for inspection by virtue of filing a fee motion." *Cassese v. Williams*, 503 F. App'x 55, 58 (2d Cir. 2012); *see also Young v. Credit Bureau of Lockport, Inc.*, 1991 WL 37818, at *1 (W.D.N.Y. Mar. 12, 1991) ("The defendant objects to the amounts of fees sought and has requested an evidentiary hearing be held to determine the propriety thereof . . . This Court deems an evidentiary hearing on the issue of fees unnecessary"); *Bingham v. Zolt*, 66 F.3d 553, 565 (2d Cir. 1995):

> Zolt's demands do not mesh with the policy that '[a] request for
> attorney's fees should not result in a second major litigation. . . .
> [P]laintiff submitted a detailed accounting of over 500 pages
> containing time records for the attorneys, summer clerk, and paralegal

LAW OFFICE OF
NATHANIEL B. SMITH

who worked on this case. . . . This information was supported by an affidavit provided by plaintiff's counsel. After reviewing those records, the district court found itself fully satisfied with the detailed documentation and able to determine an appropriate award *without any additional discovery* or evidentiary hearings.

*Id.* (emphasis added).

Moreover, where – as here – plaintiff's counsel "has submitted typewritten transcriptions of their original records *"no more is required."* *Lenihan v. City of New York*, 640 F. Supp. 822, 824 (S.D.N.Y. 1986). Indeed, the Second Circuit has rejected any basis upon which defendants could plausibly claim the relevancy of such documents as they are not required in connection with a fee application.

Local Union No. 3 claims that attorney's fees should not have been awarded herein because, *inter alia,* Davis & Eisenberg did not submit actual contemporaneous time records, but instead submitted a typed listing of their hours from their computer records. *This argument is unpersuasive.* A review of the submissions made by Davis & Eisenberg shows that they made contemporaneous entries as the work was completed, and that their billing was based on these contemporaneous records. We believe this falls sufficiently within the meaning of "contemporaneous," and that such a practice is not contrary to the dictates of *Carey.*

*Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160-61 (2d Cir. 1994) (emphasis supplied).

Courts consistently rejected "fishing expeditions" by counsel in the context of attorneys' fees motions. See e.g., *Lenihan, supra.*; *Tri-Star Pictures, Inc. v. Unger*, 42 F. Supp. 2d 296, 302-03 (S.D.N.Y. 1999) ("The actual original time sheets are *not necessary*; submitting an affidavit and attaching a computer printout of the pertinent contemporaneous time records is acceptable."); *David v. Sullivan*, 777 F. Supp. 212, 223 (E.D.N.Y. 1991) ("[I]t would make no sense to penalize a party for attempting to present the contemporaneous records in a form convenient to the court.").

In short, under the law of this Circuit, you have *no legal basis* for requesting the additional records that you now seek. This is also true for the other a demand

LAW OFFICE OF
NATHANIEL B. SMITH

made in your letter – *i.e.,* retainer agreements, emails and potentially taking depositions. As such, none of the requests will be entertained.

We have already been required to expend attorney time in researching and preparing this response and will accordingly be requesting compensation from the Court for that additional time. Should you continue to pursue this matter, we will also seek to recover the additional attorney's fees incurred in responding to your requests or in response to any motion to compel a response.

Sincerely,

NATHANIEL B. SMITH
100 Wall Street, 23rd Floor
New York, New York 10005
212-227-7062
natbsmith@gmail.com

JON L. NORINSBERG
225 Broadway, Suite 2700
New York, New York 10007
(212) 791-5396
Norinsberg@aol.com

JOSHUA P. FITCH
GERALD M. COHEN
COHEN & FITCH LLP
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

JOHN LENOIR
100 Wall Street, 23rd Floor
New York, New York 10005
212-335-0250
john.lenoir@gmail.com