# COHEN & FITCH LLP

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 1800
NEW YORK, NY 10279
TEL: 212.374.9115
FAX: 212.406.2313

---

February 1, 2016

**VIA EMAIL & ECF**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **_Schoolcraft. v. The City of New York_**
             **_10 CV 06005 (RWS)_**

Your Honor:

      We represent plaintiff Adrian Schoolcraft in the above referenced civil rights action. We write now in response to defendants' January 28, 2016 letter requesting a thirty day extension of time to file their opposition to plaintiff's application for attorneys' fees, and for an order requiring "all counsel to submit contemporaneous fee records in electronic form." [1] Defendants' application should be denied for the following reasons.

      *First*, courts in this Circuit have repeatedly and consistently rejected similar attempts by defendants to obtain "discovery" in opposing attorney's fee motions. See e.g., Richards v. New York City Bd. of Educ., No. 83 Civ. 7621 (CBM), 1988 WL 70209, at *9 (S.D.N.Y. June 27, 1988) (rejecting an *identical* request by the Office of Corporation Counsel, and holding that such a request was "frivolous" and "worse than disingenuous," and imposing a monetary sanction on the City for making such a baseless request).

      *Second*, defendants' exhaustive discovery demands – including threats to depose all of plaintiff's counsel and the attorneys who provided supporting declarations– are grossly improper and patently baseless. Notably, the defendants fail to cite one case that authorizes the discovery demands that the defendants now make.

      *Third*, defendants' arguments regarding the *merits* of plaintiffs' fee application

---

[1] This letter does not address the portion of defendants arguments pertaining to Levine and Gilbert, and Peter Gleason, Esq. It is anticipated that these attorneys will be submitting their own letter in response.

1

are wholly improper at this stage, and should be made only in defendants' opposition brief.

*Fourth*, defendants' request for another *full month* to oppose plaintiff's application – when they have already had *three full months* to respond – is both premature and wholly unwarranted. Each ground is discussed further below.

I. **COURTS IN THIS CIRCUIT HAVE REPEATEDLY REJECTED SIMILAR ATTEMPTS TO GET "ORIGINAL" TIME SHEET RECORDS.**

The billing records submitted by plaintiff's counsel in this case – namely, "typewritten transcriptions of the original handwritten time sheets filled out by the attorneys" – have consistently been "treated as contemporaneous records" by the Second Circuit. David v. Sullivan, 777 F. Supp. 212, 223 (E.D.N.Y. 1991). For this reason, "[o]riginal time sheets [] are *not* required; computer print-outs of the pertinent entries, when accompanied with an affidavit, are sufficient." Video-Cinema Films, Inc. v. Cable News Network, Inc., No. 98 CIV.7128 BSJ, 2004 WL 213032, at *4 (S.D.N.Y. Feb. 3, 2004) (emphasis supplied). Indeed, the Second Circuit has expressly rejected the argument made by defense counsel herein. See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160-61 (2d Cir. 1994):

> Local Union No. 3 claims that attorney's fees should not have been awarded herein because, *inter alia*, Davis & Eisenberg did not submit actual contemporaneous time records, but instead submitted a typed listing of their hours from their computer records. *This argument is unpersuasive*.

Id. (emphasis supplied)

Indeed, courts in this Circuit have repeatedly and consistently rejected similar requests by defense counsel for "original" billing records. See, e.g., Mills v. Capital One, N.A., No. 14 CIV. 1937 HBP, 2015 WL 5730008, at *10 (S.D.N.Y. Sept. 30, 2015) ("Such transcriptions of contemporaneous time records have been found to satisfy the requirements set forth above."); Meriwether v. Coughlin, 727 F. Supp. 823, 826-27 (S.D.N.Y. 1989)("chronological computer printouts as satisfy[] the contemporaneous time record requirement")(citing New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir.1983)); Johnson v. Kay, 742 F. Supp. 822, 837 (S.D.N.Y. 1990)("Where the attorneys have provided the court with affidavits that have been reconstructed from contemporaneous records and that set forth all charges with specificity, fees have not been denied.")

Moreover, for nearly three decades the, Second Circuit has recognized that the contemporaneous records "requirement would certainly not be served by penalizing plaintiffs for attempting to present the contemporaneous records in a form convenient to the court." David v. Sullivan, 777 F. Supp. 212, 223 (E.D.N.Y. 1991). Indeed numerous courts have found that "typed transcriptions of [] handwritten time records[, are] a welcome convenience for the court." Richards v. New York City Bd. of Educ., No. 83 CIV. 7621 (CBM), 1988 WL 70209, at *9 (S.D.N.Y. June 27, 1988); Koster v. Perales,

No. CV-82-2892, 1989 WL 79482, at *3 (E.D.N.Y. July 13, 1989) aff'd, 903 F.2d 131 (2d Cir. 1990)("The court will not, as the State would suggest, preclude recovery on this portion of the fee application because the hand-written time sheets filled out by attorneys have been replaced by typewritten, easier-to-read versions of precisely the same information.").  As such, there is simply no authority – and defendants have not cited to any – that would somehow invalidate the records submitted on behalf of plaintiff's counsel in this case simply because they were reduced to computerized form for the court's convenience.

II.     COURTS HAVE CONSISTENTLY AND REPEATEDLY REJECTED SIMILAR "FISHING EXPEDITION" DISCOVERY REQUESTS IN THE CONTEXT OF ATTORNEY FEE MOTIONS.

   A. Defendants' Discovery Requests Are Palpably Improper and Utterly Baseless.

While defendants complain about plaintiff's counsel's alleged "refusal" to cooperate with defendants, this portrait is inaccurate and misleading.  In fact, defendants have *bombarded* plaintiff's counsel with multiple sets of discovery demands that are patently improper and wholly unsupported by the law.  Worse still, defendants have coupled their discovery demands with threats to take "the depositions of plaintiff's counsel" and all of the "third parties who signed affidavits in support of the fee application," as well as "the plaintiff" himself. (Ex. A).  In response to these grossly improper demands, plaintiff's attorneys have been forced to expend several hours researching the law in this area, summarizing the applicable law in a five page letter to defense counsel on January 15, 2016, and preparing this response.[2]

Despite the overwhelming authority against their position, defendants continue to insist that they are entitled to "original" time records from plaintiff's counsel. However, defendants have failed to cite to *a single case* upon which to entertain such discovery requests in connection with a fee application.[3]  Indeed, as the Supreme Court has cautioned, "'[a] request for attorney's fees should not result in a second major litigation." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 609 (2001); In re Pall Corp. Class Action Attorneys' Fees Application, No. CV 07-3359 JS GRB, 2013 WL 1702227, at *3 (E.D.N.Y. Apr. 8, 2013) report and recommendation adopted sub nom. In re Pall Corp., No. 07-CV-3359 JS ARL, 2013 WL 3244824 (E.D.N.Y. June 25, 2013) ("Accordingly, courts have avoided an interpretation of fee-shifting statutes that would 'spawn a second litigation of significant dimension.'").  While "[t]he fee applicant ... must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award[,] trial courts need not, and indeed

---

[2] It is only now -- after being *educated* by plaintiff's counsel about the law in this area  – that defendants have agreed to drop their most oppressive and vexatious demands.

[3] The *one case* which defendants rely upon – Indu Craft, Inc. v. Bank of Baroda, No. 87 CIV.7379 (SHS)(LB), 1996 WL 556935 (S.D.N.Y. Oct. 1, 1996) --  actually *rejected* an identical claim because defendants had "*not demonstrated* ample need for the original time records." Id. at *6 (emphasis added).

3

should not, become green-eyeshade accountants." Spence v. Ellis, No. CV 07-5249 TCP ARL, 2012 WL 7660124, at *2 (E.D.N.Y. Dec. 19, 2012) report and recommendation adopted, No. 07-CV-5249 TCP, 2013 WL 867533 (E.D.N.Y. Mar. 7, 2013).

As such, there is simply absolutely "no authority holding that [] counsel must open its books to objectors for inspection [or engage in discovery] by virtue of filing a fee motion." Cassese v. Williams, 503 F. App'x 55, 58 (2d Cir. 2012). As the Second Circuit explained, in rejecting similar demands:

> Zolt's demands do not mesh with the policy that '[a] request for attorney's fees should not result in a second major litigation'... plaintiff submitted a detailed accounting of over 500 pages containing time records for the attorneys, summer clerk, and paralegal who worked on this case...This information was supported by an affidavit provided by plaintiff's counsel. After reviewing those records, the district court found itself fully satisfied with the detailed documentation and able to determine an appropriate award *without any additional discovery* or evidentiary hearings.

Bingham v. Zolt, 66 F.3d 553, 565 (2d Cir. 1995) (emphasis added).[4]

### B. Defendants' Have Failed to Establish *Any Basis* to Support Their Specious Allegations.

While defendants profess a "need" to obtain counsel's original time entries, defendants have failed to articulate *any basis* upon which to question the validity of counsels' submissions. Indeed, defendants have failed to identify a *single* billing entry – much less a pattern of billing entries – that would even *remotely support* their spurious claim that the time entries were not, in fact, contemporaneous. Instead of furnishing the Court with actual support for their claims -- despite having over *one-and-a-half months* to scrutinize plaintiff's counsels' billing records -- defendants resort to rank speculation and bald accusations, claiming that they have "serious doubts" about whether counsel's records are "in fact contemporaneous," without *a shred* of support to back up such claims. Accordingly, this court should deny any request based on such spurious allegations as those made by defendants herein. See e.g, David v. Sullivan, 777 F. Supp. 212, 222-23 (E.D.N.Y. 1991):

> Defendants, however, allege that these do not constitute the requisite contemporaneous time records in that they are not the original records, asserting that the production of the "actual time records" is "particularly necessary"...Defendants have *not suggested any reason to question*

---

[4] Even if defendants request could be considered legitimate, the relief that defendants seek – the original computerized version of these records – reveals a complete misunderstanding of how these records are actually generated. In fact, the vast majority of the plaintiff's counsels' original time entries consist of *handwritten notes, not computer entries.* Thus, defense counsel's request for original electronic entries is, like so much else in their letter, based on erroneous assumptions and utter speculation.

4

>*plaintiffs' claim*. Moreover, since defendants have *not adduced any convincing evidence* that these transcriptions are inaccurate, I see no reason to examine the original time slips.

Id. (emphasis added); see also Morin v. Sec'y of Health & Human Servs., 835 F. Supp. 1431, 1439 (D.N.H. 1993)("Absent anything which suggests that plaintiff submitted a reconstructed record where no contemporaneous records had been kept, the court concludes that plaintiff's submission is a properly contemporaneous one."); Pastre v. Weber, 800 F. Supp. 1120, 1124 (S.D.N.Y. 1991)("Defendant's argument has several times been rejected by district judges in this Circuit...We, too, perceive no justification for requiring plaintiff to produce the daily time sheets which would add little to our consideration of the reasonableness of the award sought.").

Moreover, defendants' assertions that plaintiffs' counsels' Declarations are "not enough" to establish the contemporaneousness of their records "without citation to any evidence," is also *directly contradicted* by the law in this Circuit. See e.g., Lenihan v. City of New York, 640 F. Supp. 822, 824 (S.D.N.Y. 1986):

>I need not linger long on this contention. There is nothing to suggest that the records Lenihan has submitted are not contemporaneous records. To be sure, Lenihan has not submitted the original, handwritten time sheets filled out by her attorneys on a daily basis...However, Lenihan has submitted typewritten transcriptions of those original records. No more is required...The Court routinely receives computerized transcriptions of contemporaneous time records from firms whose billing records are maintained in computers. Lenihan's submission is no less contemporaneous.

Id.

As such, contrary to defendants suggestions, counsels' Declarations – all of which affirm the contemporaneity of the records – are amply sufficient to establish the contemporaneousness of the time records in this case especially where defendants have failed to raise even *one solitary reason* to question the veracity of plaintiffs" counsels' submissions. See e.g., Brennan v. New York Law Sch., No. 10 CIV. 0338 DLC HBP, 2012 WL 4177736, at *10 (S.D.N.Y. Aug. 15, 2012) report and recommendation adopted, No. 10 CIV. 0338 DLC, 2012 WL 4195826 (S.D.N.Y. Sept. 20, 2012)("Plaintiff has *no evidence that these representations are false*. In the absence of evidence to the contrary, Piotrowski's statement establishes the sufficiency of the time records offered."); Castillo v. Time Warner Cable of New York City, No. 09 CIV. 7644 PAC, 2013 WL 1759558, at *2 (S.D.N.Y. Apr. 24, 2013) (rejecting the argument that an declaration was insufficient to establish that the records were contemporaneous because "counsel, has submitted a declaration affirming that the 'fee petition submitted in this case was and continues to be based on contemporaneous records kept manually (handwritten), by the undersigned'"); Video-Cinema Films, Inc. v. Cable News Network, Inc., No. 98 CIV.7128 BSJ, 2004 WL 213032, at *4 (S.D.N.Y. Feb. 3, 2004) ("Original time sheets,

however, are not required; computer print-outs of the pertinent entries, when accompanied with an affidavit, are sufficient...Video-Cinema's argument that such documentation is inadequate is both unsupported and directly contrary to prevailing law.").

Furthermore, plaintiff's counsels' time entries *fully comport* with Second Circuit standards regarding sufficiency. Specifically, it is well settled that billing records must "specify the name of each attorney working on the file, the date the work was done, the hours spent, and the nature of the work performed." <u>Mikes v. Straus</u>, 274 F.3d 687, 706 (2d Cir. 2001); <u>Auscape Int'l v. Nat'l Geographic Soc'y</u>, No. 02 CIV. 6441 LAKHBP, 2003 WL 21976400, at *3 (S.D.N.Y. Aug. 19, 2003)(billing records must "set forth the date on which services were performed, the hours spent and the nature of the work performed."). Thus, defendants' assertion that counsel must present additional proof that "state[s] the date or time that information [in the bills] was entered." (Def. Ltr. at 4) is as unreasonable as it is without merit. Such a request would create a brand new standard for fee applications in addition to that which is *actually* required under the law and must be rejected.

Lastly, even assuming, *arguendo,* that the original Declarations failed to properly articulate that these records were typewritten versions of contemporaneous written timesheets, this letter response is more than sufficient to cure any purported defect. <u>See Abel v. Town Sports Int'l, LLC</u>, No. 09 CIV. 10388 DF, 2012 WL 6720919, at *27 (S.D.N.Y. Dec. 18, 2012):

> Davis has now explained that his 'time records [were] drawn from [his] time notations on contemporaneous notes of work performed pre-litigation and post-trial'...This is sufficient to satisfy the requirement that time records be contemporaneous...There is thus no need for this Court to conduct a hearing on the question of whether counsel's time was recorded contemporaneously with the work performed, and the Court will proceed with the lodestar calculation.

<u>Id</u>.

### C. The Office of Corporation Counsel Has Previously Been Sanctioned for Making The Same "Frivolous" Argument, Which the District Court Found to be "Worse than Disingenuous."

What is perhaps most galling about defendants' letter to the Court is that it fails to acknowledge – much less address – a case which is *directly on point* and which resulted in sanctions to the Office of Corporation Counsel. See <u>Richards v. New York City Bd. of Educ.</u>, No. 83 CIV. 7621 (CBM), 1988 WL 70209, at *9 (S.D.N.Y. June 27, 1988). In <u>Richards</u>, the City argued – as it does here – that plaintiff's counsel's typewritten transcriptions of handwritten entries was insufficient, and that counsel should be required to provide additional proof establishing that the records were contemporaneous. The District Court emphatically rejected this request, finding the City's position to be

"frivolous" and imposing a monetary sanction for making such a baseless argument:

> Attorney Moore provided typed transcriptions of his handwritten time records. This was a welcome convenience for the court. The Corporation Counsel, however, insisted that Attorney Moore provide photocopies of his handwritten records...The Corporation Counsel's position is *worse than disingenuous*. The Corporation Counsel tried this argument in *Lenihan,* and Judge Conner rightly rejected it...Thus, Attorney Moore fully satisfied the Second Circuit's requirements on September 28, 1987, when he submitted the typed version of his time sheets, and the Corporation Counsel's insistence, [] that he provide "contemporaneous time records" is *frivolous.* In consequence, as a *penalty to the Corporation Counsel*, this court will add a multiplier of 2 to the hour claimed by Attorney Moore for providing photocopies of his diary, which hour the Corporation Counsel disputes.

Richards, 1988 WL 70209 at *9 (emphasis supplied).  Since the Richards case involved the same law firm (the Office of Corporation Counsel), making the *exact same argument*, there is no excuse for defense counsel making this same frivolous argument to the  Court now. The Court should impose the same penalty that the Richards Court imposed on the City for forcing plaintiff's counsel to engage in such needless, time-consuming and wasteful motion practice.

### III. DEFENDANTS' ARGUMENTS REGARDING THE MERITS OF PLAITNIFF'S FEE APPLICATION ARE PREMATURE AND SHOULD BE ADDRESSED ONLY IN THEIR RESPONSIVE BRIEF.

In a transparent attempt to "poison the well" before the Court has a chance to consider plaintiff's motion as a whole, defendants launch a series of petty attacks on the merits plaintiff's fee application. However, these claims – like so many of defendants' other claims – are inaccurate and misleading.  Nonetheless, plaintiff's counsel will refrain from responding to these specious claims for now, and instead will respond to these claims only when they are properly raised by defendants in opposition to plaintiff's fee application.

### IV. DEFENDANTS HAVE UTTERLY FAILED TO EXPLAIN WHY THEY NEED *FOUR FULL MONTHS* TO RESPOND TO AN ATTORNEY FEE APPLICATION.

Having already been granted *three months* to respond to plaintiff's fee application, defendants now ask the Court for yet *another full month* to put in opposition papers.  This request is not only premature, but also, it is wholly unwarranted.  As of today's date, defendants still have almost a *full month* before their opposition papers are due.  Defendants have utterly failed to offer any explanation – nor could they – as to *why*

they cannot submit their opposition brief within this time frame.[5] It is readily apparent that defendants' *real reason* for requesting more time is so that defendants can continue to pursue their utterly baseless – and sanctionable (Richards, supra.) – efforts to obtain additional "proof" from plaintiff's counsel regarding their time entries. Accordingly, defendants' request for more time should be rejected.

For all of the foregoing reasons, it is respectfully submitted that defendants' application should be flatly rejected by this Court in all respects.

Thank you for your consideration of this request.

Sincerely,

_____/s_____
JOSHUA P. FITCH
GERALD M. COHEN
COHEN & FITCH LLP
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

NATHANIEL B. SMITH
100 Wall Street, 23rd Floor
New York, New York 10005
212-227-7062
natbsmith@gmail.com

JON L. NORINSBERG
225 Broadway, Suite 2700
New York, New York 10007
(212) 791-5396
Norinsberg@aol.com

JOHN LENOIR
100 Wall Street, 23rd Floor
New York, New York 10005
212-335-0250

---

[5] By comparison, fully briefed appeals in the Second Circuit – which are often based on *thousands of pages* of  testimony and exhibits – must be submitted within 90 days.  Likewise, summary judgment opposition papers are typically submitted within 30 to 60 days.

8

john.lenoir@gmail.com

CC:
Alan Scheiner
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007