

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ALAN H. SCHEINER**
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

February 2, 2016

**BY ECF & EMAIL**
**(Talia_Nissimyan@nysd.uscourts.gov)**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  <u>Schoolcraft v. Jamaica Hospital Medical Center, et al.</u>
             10-CV-6005 (RWS)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing the motion respondent City of New York (the "City"), in connection with the above-captioned matter.

      The City writes in Reply to plaintiff's eight-page letter opposing the defendants' application of January 28, 2016. Most notably, plaintiff does not attempt to distinguish or even discuss the City's principal authority on point, *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 250 n. 5 (S.D.N.Y. 2010), where a Southern District court plainly stated that "the City could have sought the original source [billing] documents in discovery and did not do so . . . ." *Handschu* post-dates all of the authorities relied on by plaintiff. It is hardly "frivolous," as plaintiff contends, for the City to seek information that a Southern District court noted that it could have sought in another case directly on point, which post-dates plaintiff's authorities in some cases by more than two decades.

      Plaintiff's submission cites inapposite authority to obscure the issue presented. The City does not contend that plaintiff is always required to submit original billing records and that its later-prepared typescripts are *per se* insufficient. Rather the City contends that where, as here, plaintiff's declarations do not contain facts establishing contemporaneous recording of the same detailed information that it has submitted to the Court, then the City is entitled to more data about what was recorded and when.

Sweet, J.
February 2, 2016
Page 2

    Very few of plaintiff's case authorities addresses a request for discovery, rather they discuss objections to any fee recovery at all based on the record submitted in those particular cases.[1]  As such they are inapposite.

    The authorities are also distinguishable due to the paucity of the record here concerning when the time records were created.  In the 2014 decision of *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 149 (2d Cir. 2014) the Second Circuit discussed the three principal authorities on fees on which plaintiff here relies.[2]  The court then distinguished those cases, stating:

> Here [in contrast], *it is not clear from the record whether or not Mishkin kept contemporaneous time records*.  Mishkin's attorney told the district court that she tracked her time contemporaneously, and that "she did have everything time-stamped." App'x at 1395. . . . . *On this evidence, the district court could not make a determination that Mishkin did, or did not, keep contemporaneous records of the date, the hours expended, and the nature of the work* . . . .

767 F.3d at 149-150 (emphasis added) (quotations omitted).  Although reversing the District Court's denial of all fees in that case, the Second Circuit instructed the court below on remand, notwithstanding counsel's assertion of contemporaneousness, to make "further inquiry into [counsel's] timekeeping practices."  *Id*. at 150; *see also Jerolmon v. Astrue*, 2013 U.S. Dist. LEXIS 7654, *8-9 (D. Conn. Jan. 18, 2013) (requiring for fees under EAJA a sworn statement of "the Firm practices, procedures, record-keeping technology and the like" sufficient to establish contemporaneousness). To the extent prior authority supports plaintiff's view (and it does not), it is superseded by *Mishkin*.

    The "further inquiry" called for by *Mishkin* is warranted here.  Plaintiff does not dispute that the Second Circuit requires contemporaneous recording of "for each attorney, the date, the hours expended, and the nature of the work done."  *Handschu*, 727 F. Supp. 2d at 242 (quoting *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). Most of plaintiff's authorities do not quote the attorney declarations that they find sufficient on this issue.  But in *Lenihan*, the attorney declarations stated that time was recorded on a "daily basis."  640 F. Supp. at 824.  In another case, the attorney declaration stated "I have recorded the time spent on this matter either on a daily basis, or sometimes at the end of the business week."

---

[1]  *See e.g.*, *Cruz v. Local Union No. 3, Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994); *Video-Cinema Films, Inc. v. CNN, Inc.*, 2004 U.S. Dist. LEXIS 1428, *12 (S.D.N.Y. Feb. 3, 2004); *Lenihan v. City of New York*, 640 F. Supp. 822, 824 (S.D.N.Y. 1986); *Brennan v. New York Law Sch.*, 2012 U.S. Dist. LEXIS 135095, *32-33 (S.D.N.Y. Aug. 15, 2012); *David v. Sullivan*, 777 F. Supp. 212, 223 (E.D.N.Y. 1991); *Pastre v. Weber*, 800 F. Supp. 1120, 1123 (S.D.N.Y. 1991); *Castillo v. Time Warner Cable of New York City*, No. 09 CIV. 7644 PAC, 2013 WL 1759558, at *2 (S.D.N.Y. Apr. 24, 2013); *Koster v. Perales*, 1989 U.S. Dist. LEXIS 8444, *10 (E.D.N.Y. July 11, 1989) (same), *aff'd*, 903 F.2d 131 (2d Cir. 1990); *see also Morin v. Sec'y of Health & Human Servs.*, 835 F. Supp. 1431, 1439 (D.N.H. 1993) (fee reduction not warranted under First Circuit law, not *Carey*).

[2]  767 F.3d at 149 (discussing *Cruz*, *David v. Sullivan*, and *Lenihan*).

Sweet, J.
February 2, 2016
Page 3

*Brennan v. New York Law Sch.*, 2012 U.S. Dist. LEXIS 135095 at *33 (S.D.N.Y. Aug. 15, 2012).[3]  In *Pastre v. Weber*, 800 F. Supp. 1120, 1124 (S.D.N.Y. 1991), the time records were the computerized output of "*daily* time sheets of each attorney or paralegal for whose services reimbursement is sought." *Id*. (emphasis added).  Most of the attorney declarations submitted by plaintiff here[4] state no such facts.

     The few cases cited by plaintiff actually discussing discovery are also readily distinguishable.  In *Bingham v. Zolt*, 66 F.3d 553, 565 (2d Cir. 1995), decided under the RICO statute, the Court rejected a blanket request for a "jury trial, discovery and a hearing" on attorneys' fees: no specific discovery requests were mentioned.  The City does not request a jury trial or generalized discovery, and any request for a hearing – while not barred as a matter of law – would be premature.  Rather, the City seeks focused and narrow discovery on threshold issues, of information readily available to the plaintiff.[5]

     While plaintiff purports to add to the record to establish contemporaneousness, in fact plaintiff's counsel adds only that their time was initially recorded by hand, not electronically, and fails to state *precisely what information was recorded by hand* or *when it was recorded* in relation to the work performed.  *See* Plaintiff's Counsel's Feb. 1, 2016 Letter ("Plf. Ltr.") at 4, 6. Instead, counsel continues merely to utter the ambiguous magic word "contemporaneous."  This deliberate hand waiving over crucial facts engenders further doubt whether the time was recorded in necessary detail "while the work is being done or, more likely, immediately thereafter." *Handschu*, 727 F. Supp. 2d at 250.

     Plaintiff's case law is also distinguishable by the amounts in dispute, which are dwarfed by the fee application here.  The Federal Rules of Civil Procedure were recently amended to

---

[3] "At the end of the business week" would not be sufficient under *Handschu* or *Carey*.

[4] As the City previously explained, two of Nat Smith's team's declarations stated that handwritten time notes were prepared daily, but did not state what information those notes contained or whether the final submissions added information, but the most of the attorneys submitting time did not aver any facts about how and when the time was recorded.  *See* City's Letter Application of January 29, 2016, at 4 n. 2, Docket No. 576.

[5] One other case cited by plaintiff on discovery was already cited and discussed by the City.  *See* Plf. Ltr. at 3 n. 3; City Ltr. at 3 (citing *Indu Craft v. Bank of Baroda,* 1996 U.S. Dist. LEXIS 14342 at *18-19 (S.D.N.Y. Sep. 30, 1996)). In *Indu Craft*, a private fee dispute decided under state law, the court found that depositions *were warranted* to resolve factual issues, but that sweeping discovery of the law firm's books and records (not just billing information) was not warranted.  *Id*.  The other authority on discovery cited by plaintiff, *Cassese v. Williams*, 503 Fed. Appx. 55, 58 (2d Cir. 2012), rejected a request by class-member objectors to the fees of class counsel – not parties in the case liable for the fees.  *Id*.  Moreover, unlike the City here, those class members failed to articulate how the records would have been relevant to their objections.  *Id*.  In the 1988 decision in *Richards v. New York City Bd. of Educ.*, No. 83 CIV. 7621 (CBM), 1988 WL 70209, at *9, n.21 (S.D.N.Y. June 27, 1988), heavily relied on by plaintiff, the City *received* handwritten time record requested from plaintiff's counsel, but then asked the Court to exclude the time spent to retrieve the records.  *Id*.  In any event, the *Richards* decision is a ruling on a discretionary matter that is not binding on this Court, and the record in that case is unclear: the court found that plaintiff's attorneys "submitted contemporaneous time records" but also that "there were no contemporaneous time records." *Id*. at *8.

Sweet, J.
February 2, 2016
Page 4

emphasize the long-standing rule that discovery should suit "the needs of the case," including *inter alia* "the importance of the issues at stake in the action, *the amount in controversy*, [and] the parties' relative access to relevant information . . . ." Fed. R. Civ. P. 26(b)(1).  Unlike the $4.2 million in fees and expenses claimed here, plaintiff's principal authorities involve fee claims ranging only from $5,000 to $150,000.  *See e.g.*, *Lenihan*, 640 F. Supp. at 831, Table 1 (less than $150,000 in fees awarded); *Richards*, 1988 WL 70209, at *9 (less than $60,000 awarded); *David v. Sullivan,* 777 F. Supp. at 234 (less than $70,000 awarded); *Castillo,* 2013 WL 1759558, at *7 ($5,000 awarded).  In contrast, *Handschu* concerned a $274,000 fee claim in a class action, 727 F. Supp. 2d at 256, Table 1, and *Mishkin* concerned a $418,999 fee claim. 767 F.3d at 146.  Moreover, plaintiff's counsel has sole access to information about how they recorded their time, and the information sought is readily available to plaintiff since it was compiled for the purposes of the fee application itself.  For these reasons, the Court should exercise its discretion to allow the limited discovery sought here.[6]

In opposition to the City's request for an extension of time, plaintiff refers the Court to briefing periods for oppositions to summary judgment or appeals.  Plf. Ltr. at 7.  These examples are inapposite.  Motions for summary judgment and appeals are based on a record and legal issues with which counsel are typically intimately familiar well before the motions or appeals are filed.  In contrast, the present motion is in essence a new proceeding, based on a dense record with which defense counsel (unlike plaintiff's counsel) has no prior familiarity.  After conversion of plaintiff's time entries to calculable form the City has determined that plaintiff's counsel submitted approximately 6,400 time entries (900 more than its prior estimate). If each entry requires on average even only one minute to review and compare to other information for minimal factual verification – such as comparison to other entries and known events at that time – that requires 6400 minutes, or 106.7 hours, solely for a single pass-through of basic review.  Of course much, much more is required in terms of analysis, research and writing to fully respond to the submission, all while attending to several other active matters.  Accordingly, the request for an extension is reasonable.

We thank the Court for its consideration in this matter.

                                           Respectfully submitted,

                                           /s/

                                         Alan H. Scheiner
                                         Senior Counsel
                                         Special Federal Litigation Division

cc:      All counsel by ECF

---

[6] Plaintiff makes no mention of the City's request for proof of standing by the attorneys who moved for fees on December 24, 2015.  For reasons previously set forth, if those attorneys move on their own behalf and not plaintiff's, which appears to be the case (*see* Notice of Motion, December 24, 2015, Docket No. 566), the motion should be stricken.