# COHEN & FITCH LLP
233 BROADWAY, SUITE 1800
NEW YORK, NY 10279
TEL: 212.374.9115
FAX: 212.406.2313

February 5, 2016

**BY EMAIL & ECF**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: *Schoolcraft v. City of New York, et al*
> 10 CV 6005 (RWS)

Your Honor:

I am co-counsel for plaintiffs in the above referenced action. I write now in response to defendants' "supplemental reply" letter dated February 5, 2016.

Instead of simply addressing the *merits* of plaintiff's fee application, defense counsel continues to engage in frivolous and wasteful motion practice, forcing plaintiff's counsel to expend significant time and energy responding to these baseless letters. In their "supplemental reply," defendants once again launch a disingenuous attack on plaintiff's fee application without a *shred of evidence* to support their specious claims that the billing records are "reconstructed." This claim is simply made up without any basis in fact or in any of the papers submitted in support of the motion. Indeed, in support of their claimed "need" for a fishing expedition into all counsels' billing practices, defendants have *still* not identified a single entry – *now in three separate letters* to the Court – to warrant such discovery.

Further, despite having presented this Court with *no basis* upon which to question plaintiff's records, defendants have also twisted and misrepresented the case law they cite in support their frivolous request. For example, defendants' most recent letter claims that their request finds support in Your Honor's decision in Williamsburg Fair Hous. Comm. v. New York City Hous. Auth., No. 76 CIV. 2125 (RWS), 2005 WL 736146 (S.D.N.Y. Mar. 31, 2005) opinion amended on reconsideration, No. 76 CIV.2125 RWS, 2005 WL 2175998 (S.D.N.Y. Sept. 9, 2005) – a 2005 case that they apparently just "learned" of. However, defendants have deliberately taken the quote out of context, and have failed to apprise the Court that the ruling was, in fact, made only *after the original submissions were found to be deficient* by the Court. Specifically, as Your Honor recognized in

1

Williamsburg, many of the time entries submitted to the Court in connection with the fee application in that case were, inter alia, "impermissibly vague" and did not "adequately describe the subject matter of the tasks purportedly performed" and "fail[ed] to indicate the subject matter of telephone calls, conferences, and documents reviewed and drafted." Id. at 10.  By contrast, in this case there are *no such deficiencies*, and more importantly, defendants have not alleged any to justify their request.[1]

Moreover, People ex rel. Vacco v. Rac Holding, Inc., 135 F. Supp. 2d 359 (N.D.N.Y. 2001), the origin of the singular quote from Williamsburg cited in defendants' "supplemental reply" involves a fee application that suffered from the *same* infirmities – namely, bills that were "impermissibly vague," and that "'omit[ed] any explanation of what work transpired'" – thereby "failing to satisfy the *Carey* standard."  Id. at 364.  Further, in Vacco, the fee applicants submitted "*revised billing records*" in response to these deficiencies that provided more detail that the original submissions. Id. (emphasis supplied). Consequently, the court found that "unlike transcriptions of the original records" these supplemental records were not contemporaneous because they had added "much greater detail than the original[ly] [submitted] records." Id. at 364 (fn 1).  As such, the purported rationale in both Williamsburg and Vacco is neither applicable in this matter, nor does it support defendants' request for discovery on the fee application in this case.  Indeed, contrary to defendants' position, the Vacco case actually *recognized* that "the *actual contemporaneous time records need not be submitted* to satisfy *Carey*," which is presumably why they chose to "omit" that citation from their letter and why their requests should be denied.

Similarly, while defendants placed heavy reliance on Handschu v. Special Servs. Div., 727 F. Supp. 2d 239 (S.D.N.Y. 2010) and Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144 (2d Cir. 2014) in their second letter[2] their reliance suffers from the same factual divergences.  First, in Handshcu, it was *undisputed* that the bills submitted to the court were "not a contemporaneous record."  Id. at 250 ("counsel do not pretend that it is" contemporaneous). Here, on the other hand, plaintiff's counsel have submitted declarations detailing their billing practices and the defendants have simply made up a claim of "reconstructed" records for the purpose of providing a justification for massive discovery over thousands of billing entries. Further, while defendants represent that Handschu would invalidate declarations that merely state that bills were "contemporaneous" without greater detail into practices, the reality is that the Handschu court *did* accept such a proclamation but found that the bills failed to "satisfy the element of *content*." Id. ("I accept that they were made at the times described," but they failed to specify "'the date, the hours expended, and the nature of the work done,' as *Carey* requires."). The same is true for Marion, where the court only required discovery because the attorney "argue[d] that she *need not produce* contemporaneous time records

---

[1] It should be noted that Williamsburg *did not concern any discovery requests* but in fact was addressing the merits of the fee application itself.

[2] Plaintiff did not intend to issue any response to defendants letter until they submitted their "supplemental reply," thus necessitating a further expenditure of time and resources by plaintiff's counsel to respond to this improper and wasteful filing.

to get paid" and "*need not track time contemporaneously for a court to award fees*." Id. at 147 (emphasis added).  Indeed, the *only* reason the case was remanded to the district court was because the Second Circuit found that it "was clear error to deny Mishkin any fee on the basis of her *failure to keep contemporaneous time records* without further inquiry into her timekeeping practices." Id. at 150.  None of those deficiencies exist in this case and defendants – despite two months and three letters later – have failed to articulate any.

Here, plaintiffs' counsels have submitted detailed records, outlining the date, the specific nature of the work performed and the attorney who performed the work.  Further, counsel have all submitted declarations that the bills were kept contemporaneously.  Defendants' misplaced citations to cases where courts have either found deficiencies in the bills themselves, or where counsel has never even submitted contemporaneous records in the first instance, have *no application* here.  Rather, defendants continue to burden this Court and plaintiff's counsel with requests and applications which have no articulable basis outside of rank speculation and sheer conjecture.  While plaintiff acknowledges that, under very limited circumstances (not present here),  discovery may be allowed with respect to fee applications, this rule  is not an *entitlement* to conduct such discovery without *some cognizable basis* upon which to justify such discovery.[3]

Accordingly, having failed on three separate occasions to allege any articulable basis upon which to question the billing records submitted in this case, defendants' request should be denied and they should be required to file a response to the *merits* of the application itself when it is presently due on February 29, 2016.

Thank you for your consideration of this request.

Very truly yours,

_____/s_____
JOSHUA P. FITCH
GERALD M. COHEN
COHEN & FITCH LLP
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115

---

[3] Equally baseless and unavailing is defendants' claim that plaintiff's counsel has failed to produce records regarding fees that have been reimbursed.  Apart from the fees remitted to Mr. Norinsberg, which are already *expressly set forth* in his Declaration (Docket No. 560-2, Ex. H, at 20, n.7), *no other fees* have been reimbursed to plaintiff's counsel. Therefore, defense counsel's purported "need" for these records is, once again, baseless.

        gcohen@cohenfitch.com
        jfitch@cohenfitch.com

        NATHANIEL B. SMITH
        100 Wall Street, 23rd Floor
        New York, New York 10005
        212-227-7062
        natbsmith@gmail.com

        JON L. NORINSBERG
        225 Broadway, Suite 2700
        New York, New York 10007
        (212) 791-5396
        Norinsberg@aol.com

        JOHN LENOIR
        100 Wall Street, 23rd Floor
        New York, New York 10005
        212-335-0250
        john.lenoir@gmail.com


Cc:    Alan Scheiner, Esq.
       Assistant Corporation Counsel
       The City of New York Law Department
       100 Church Street
       New York, New York 10007