

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

ALAN H. SCHEINER
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

February 5, 2016

**BY ECF & EMAIL**
**(Talia_Nissimyan@nysd.uscourts.gov)**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  Schoolcraft v. Jamaica Hospital Medical Center, et al.
> 10-CV-6005 (RWS)

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing the motion respondent City of New York (the "City"), in connection with the above-captioned matter.

The City writes submits this supplemental reply letter because, since filing its reply on February 2, 2016, the City's counsel learned of two prior decisions of this Court directly relevant to the pending application.  First, on March 19, 2014 and March 26, 2014, this Court granted a motion to compel discovery relating to a fee application under the IDEA, requiring the production of plaintiff's counsel's invoices for payment of fees that had been reimbursed by a third-party. *See A.R. v. New York City Dep't of Educ.*, No. 12 Civ. 7144, Docket No. 46, Tr. at 5, 10 (Exhibit A) (S.D.N.Y. March 26, 2014)(Sweet, J.); *see also A.R. v. New York City Dep't of Educ.*, 2014 U.S. Dist. LEXIS 153103, *2-3 (S.D.N.Y. Oct. 28, 2014) ("On March 19, 2014 and March 26, 2014, the Court granted the DOE's motion to compel and directed Plaintiff's counsel to produce records related to their respective agreements and payment relationships with JRC.").

In addition to demonstrating that discovery is not barred with respect to fee applications, this Court's decision in *A.R.* calls for discovery relating to third-party claims and payments of fees and expense, which plaintiff here refused to provide (although one counsel disclosed a declaration a $5,000 payment received for expenses.  *See* Declaration of Jon Norinsberg, Ex. H, Docket No. 560-1, at 20, n. 7).  Accordingly, the City makes a supplemental request for an order requiring the same disclosure by all counsel here.

Sweet, J.
February 5, 2016
Page 2

      Second, in *Williamsburg Fair Hous. Comm. v. N.Y. City Hous. Auth.*, 2005 U.S. Dist. LEXIS 5200, *28 (S.D.N.Y. Mar. 31, 2005) (Sweet, J.), this Court held that although "[a]ttorney affidavits which set forth all charges with the required specificity but which are reconstructions of the contemporaneous records satisfy the rationale underlying Carey[,] . . . . such typed reconstructions fail to satisfy Carey if they contain more detail than the original records." *Id*. (citations omitted).  The City seeks plaintiff's original time records precisely to determine whether plaintiff's "typed reconstructions" in fact "contain more detail than the original records." *Id*.

      The City regrets the necessity for this supplemental Reply and apologizes for any inconvenience, but respectfully requests the Court's consideration of these matters due to their direct relevance to the issues at hand.

      We thank the Court for its consideration in this matter.

                                     Respectfully submitted,

                                     /s/

                                   Alan H. Scheiner
                                   Senior Counsel
                                   Special Federal Litigation Division

cc:      All counsel by ECF