

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ALAN H. SCHEINER
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

February 8, 2016

**BY ECF & EMAIL**
**(Talia_Nissimyan@nysd.uscourts.gov)**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:  Schoolcraft v. Jamaica Hospital Medical Center, et al.
                10-CV-6005 (RWS)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing the motion respondent City of New York (the "City"), in connection with the above-captioned matter.

      The City submits this Reply in response to the letter of February 5, 2016, submitted on behalf of Richard A. Gilbert, Harvey A. Levine and Peter J. Gleason (the "Attorney Applicants"), Docket No. 580. The Attorney Applicants did not previously submit a letter opposing the City's application of January 28, 2016, so the City had not yet replied to them.

      The Attorney Applicants' letter leaves no doubt that they act solely on their own behalf, as they explicitly state as much. *See* February 5, 2016 Letter from Richard A. Gilbert, Docket No. 580, at 1 ("submits this letter on behalf of himself, his partner, Harvey A. Levine and Peter J. Gleason, Esq."); *see also* Notice of Motion, Docket No. 564 (stating that the Attorney Applicants "move and will move this Court"). Contrary to the Attorney Applicants' odd assertion that the City cited no authority for its position that they have no standing, the City already cited the Supreme Court's decision in *Venegas v. Mitchell*, 495 U.S. 82, 87-88 (1990). *See* Jan. 28, 2016 Letter, at 3, Docket No. 576. As held by the Supreme Court, the fee statute, 42 U.S.C. § 1988, grants any entitlement to statutory fees to "the prevailing party," not attorneys, and should any other authority be needed the Second Circuit has repeatedly reaffirmed this point. *See Soliman v. Ebasco Services, Inc.*, 822 F.2d 320, 322-324 (2d Cir. 1987) (sanctioning counsel for appealing denial of fees without authorization from plaintiff); *Brown v. General Motors Corp., Chevrolet*

Sweet, J.
February 8, 2016
Page 2

*Div.*, 722 F.2d 1009, 1011 (2d Cir. N.Y. 1983) ("[A] claim for such an award [of attorneys' fees] must itself be made by the party rather than the attorney."").

    Accordingly, the Attorney Applicants' fee application should be stricken.

    We thank the Court for its consideration in this matter.

Respectfully submitted,

/s/

Alan H. Scheiner
Senior Counsel
Special Federal Litigation Division

cc:    All counsel by ECF