```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ADRIAN SCHOOLCRAFT,

                        Plaintiff,
                                              10 Civ. 6005 (RWS)
     - against -
                                                   OPINION

CITY OF NEW YORK, ET AL.,

                        Defendants.
------------------------------------------X


A P P E A R A N C E S:


        Attorney for the Plaintiff

        LAW OFFICE OF JON L. NORINSBERG
        225 Broadway, Suite 2700
        New York, NY 10007
        By:  Jon L. Norinsberg, Esq.


        Attorney for Defendant City of New York
        NEW YORK CITY LAW DEPARTMENT
        100 Church Street, Room 3-174
        New York, NY 10007
        By:  Alan H. Scheiner, Esq.
```

**Sweet, D.J.**

Defendant City of New York ("Defendant" or the "City"), by letter dated January 28, 2016, requests the following relief: (1) that the Court order Plaintiff's former counsel, Levine & Gilbert and Peter J. Gleason (respectively, "Levine & Gilbert" and "Gleason") produce evidence of their standing to file a fee application on behalf of plaintiff or have their application stricken; and (2) that the Court order all counsel to submit contemporaneous fee records in electronic form.[1] As set forth below, Levine & Gilbert and Gleason are ordered to produce evidence of their standing to file a fee application, and Defendant's request to discover Plaintiff counsel's fee records is denied.

**Prior Proceedings**

A detailed recitation of the facts of the underlying case is provided in this Court's opinion dated May 5, 2015, which granted in part and denied in part five motions for summary judgment. See Schoolcraft v. City of New York, No. 10 CIV. 6005 RWS, 2015 WL 2070187, at *1 (S.D.N.Y. May 5, 2015). Familiarity

---

[1] The January 28, 2016 letter also requested the City be permitted until March 28, 2016 to respond to Plaintiff's application for attorney's fees. By letter to the Court filed February 17, 2016, the City withdrew that request in favor of a stipulated 10 day extension. Scheiner Letter of Feb. 17, 2016.

2

with those facts is assumed.

By Judgment Pursuant to Federal Rule of Civil Procedure 68 filed October 16, 2015, Plaintiff accepted an Offer of Judgment against the City of New York. On December 16, 2015, Plaintiff filed a motion for attorney's fees, costs, and disbursements through counsel. By motion filed on Plaintiff's behalf but purportedly submitted on their own behalf, Levine & Gilbert and Peter J. Gleason submitted a motion for attorney's fees beginning on January 5, 2016.[2]

The instant requests were made by letter on January 28, 2016. The letter was treated as a motion, oral argument was held on February 11, 2016, and the matter deemed fully submitted.

**The Request to Produce Evidence of Standing is Granted**

"Section 1988 makes the prevailing *party* eligible for a discretionary award of attorney's fees." Venegas v. Mitchell,

---

[2] It is difficult to identify the date the Levine & Gilbert and Gleason motion was submitted. Levine & Gilbert and Gleason filed various elements of their motion deficiently and with error approximately seven times between December 27, 2015 and February 11, 2016, the date of oral argument. For purposes of managing the Court's docket, this opinion concerns docket no. 566, filed January 5, 2016.

495 U.S. 82, 87, 110 S. Ct. 1679, 1683, 109 L. Ed. 2d 74 (1990) (citing Evans v. Jeff D., 475 U.S. 717, 730, 106 S.Ct. 1531, 1538, 89 L.Ed.2d 747 (1986)) (emphasis in original). "[I]t is the party, rather than the lawyer, who is so eligible." Id.

Levine & Gilbert and Gleason represented Plaintiff for approximately four months in late 2012 and early 2013. Levine & Gilbert and Gleason Mem. in Supp. Pl.'s Fee App. at 3 ("Levine Motion"). Levine & Gilbert and Gleason move on their own behalf, and produce no evidence of coordination or approval by Plaintiff.[3] See Levine & Gilbert and Gleason Notice of Motion; Gilbert Letter of Feb. 5, 2015.[4]

Levine & Gilbert and Gleason insist the fact of their representation entitles them to fee recovery. Levine Motion; Gilbert Letter of Feb. 5, 2015. The Supreme Court and Second Circuit have repeatedly and explicitly rejected this notion. See

---

[3] By representation to the Court during oral argument, Levine & Gilbert and Gleason "corrected" that they intended to bring their motion on behalf of the Plaintiff. Their application nonetheless lacks any hallmarks of approval by Plaintiff. Nominal approval by other counsel, as occurred at oral argument, is insufficient.

[4] Though this document was filed with error and not refiled as directed, the Court is in receipt of the letter and considers it nonetheless. Dkt. no 584. To avoid errors that may result in documents the Court is unable to consider or decide, the ECF Help Desk is available to the public at (212) 805-0136.

4

Venegas, 495 U.S. at 87; see also Evans, 475 U.S. at 730; Soliman v. Ebasco Servs. Inc., 822 F.2d 320, 322 (2d Cir. 1987) ("independent of his client, an attorney has no personal right to an award of statutory attorney's fees under 42 U.S.C. § 2000e-5(k)."). Fee entitlement belongs to the Plaintiff so that he may be enabled to disperse payment as he sees fit, whether pursuant to private agreement or otherwise. See Soliman, 822 F.2d at 322. In a case such as this one where whole teams of attorneys have been rotated in, out, and sometimes back in over the course of years of litigation, the reasoning for the rule is all the more apparent.

Accordingly, Levine & Gilbert and Gleason are hereby ordered to produce evidence of their standing to bring a fee application on behalf of the Plaintiff within fourteen days of the filing of this opinion or their application will be stricken by operation of this opinion.

**The Request to Order Counsel to Produce Contemporaneous Fee Records is Denied**

"In similar cases with voluminous fee applications, courts have recognized that it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application."

New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983). Attorneys must "specify, for each attorney, the date, the hours expended, and the nature of the work done." Id. at 1148. While contemporaneous records are required for recovery, the actual records are not necessary; typed listings are acceptable. Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994); see also e.g. Johnson v. Kay, 742 F. Supp. 822, 837 (S.D.N.Y. 1990) ("Where the attorneys have provided the court with affidavits that have been reconstructed from contemporaneous records and that set forth all charges with specificity, fees have not been denied." (citing Lenihan v. City of New York, 640 F.Supp. 822, 824 (S.D.N.Y. 1986).

The City's objections boil down to the imprecision of the word "contemporaneous." The City clearly doubts that Plaintiff's fee records are indeed contemporaneous. See Scheiner Letter of Jan. 28, 2016; Scheiner Letter of Feb. 2, 2016. Plaintiffs have represented to the Court, both in their declarations accompanying each fee application and during oral argument, that the records submitted were contemporaneous.[5] During oral

---

[5] Norinsburg Decl. in Supp. Mot. for Att'ys Fees at ¶ 40; Smith Decl. in Supp. Pl.'s App. for Att'ys Fees at ¶ 21; Fitch Decl. in Supp. Mot. for Att'ys Fees at ¶ 42; Cohen Decl. in Supp. Mot. for Att'ys Fees at ¶ 49; Lenoir Decl. in Supp. Att'ys Fees at ¶

argument, the City pointed to several records it believed were duplicative or otherwise problematic in support of their request for electronic fee records. However, Plaintiff's counsel represented that these records only pertain to Norinsberg, Cohen, and Fitch between 2010 and 2012, and rightfully overlap because the three shared an office at the time and worked on the case together. The records therefore appear duplicative, but nonetheless are accurate reflections of time spent that do not give rise to an inference that they were not recorded contemporaneously. The City has thus far been unable to point to any particular records or evidence tending to show the records are not contemporaneous. All of the City's other concerns relate to the merit of the fee request.

In consideration of the issues presented by this litigation and the pending fee motions, an effort will be made to simplify the procedure for fee resolution. Given Plaintiff's counsel have represented to the Court orally and by declaration that the records are contemporaneous, in the absence of any evidence to the contrary, the request of the City is denied. The City may present its merit arguments in response to the Plaintiff's fee applications and challenge the contemporaneousness of the

---

12; Suckle Decl. Pursuant to 28 U.S.C. 1746 at ¶ 6; Bauza Decl. in Supp. Pl.'s Mot. for Att'ys Fees at ¶6.

records accordingly

**Conclusion**

Based on the facts and conclusions set forth above, Gilbert & Levine and Peter J. Gleason are ordered to produce evidence of their standing to file a fee application on Plaintiff's behalf within fourteen days of the filing of this opinion. In the event no evidence of standing is produced within fourteen days, the Levine & Gilbert and Gleason applications and related filings[6] will be stricken from the record by operation of this opinion.

The request to order Plaintiff's counsel to produce electronic fee records is denied.

This matter is further referred to the designated Magistrate Judge Debra C. Freeman for conference related to settlement of the pending fee motions.

---

[6] Docket no.s 566-570, 572-575.

It is so ordered.

New York, NY
February 21, 2016

---
ROBERT W. SWEET
U.S.D.J.