

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

ALAN H. SCHEINER
*Senior  Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

February 29, 2016

**BY ECF & EMAIL**
(Talia_Nissimyan@nysd.uscourts.gov)

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Magistrate Judge Debra Freeman
Unites States Magistrate Judge
Southern District of New York
500 Pearl St.
New York, New York 10007

    Re: Schoolcraft v. Jamaica Hospital Medical Center, et al.
       10-CV-6005 (RWS)

Your Honors:

  I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing the motion respondent City of New York (the "City"), in connection with the above-captioned matter.

  I write with the following requests in response to the Court's order of February 26, 2016, requiring counsel to produce evidence of standing by 14 days of the date of the Order (February 26, 2016) for certain counsel seeking fees in this matter and referring this matter to Magistrate Judge Freeman for settlement discussions (the "Order").

  First, the City respectfully requests, in light of the Court's order, that that the Court briefly adjourn the due date for the City's opposition to plaintiff's application from May 10, 2016 to May 17, 2016 or at least seven days following the settlement conference, whichever is later.  The current May 10, 2016 due date was agreed to by counsel as a compromise, prior to the Order being issued.  The adjournment is warranted in light of the Order so as to allow time for

Sweet, J.
Freeman, M.J.
February 29, 2016
Page 2

the standing issue to be resolved and for the settlement conference to be had in an effective fashion before the submission is required.

Second, the City respectfully requests that the matter proceed to a settlement conference as soon as possible pursuant to Magistrate Judge Freeman's rules governing settlement conferences, provided that the briefing deadline is adjourned as requested above to allow time for a full and fair mediation in the manner contemplated by the Judge's rules.

With respect to the standing issue: the deadline for submission of proof of standing will fall on the date that the opposition is due on March 10, 2016. Even if purported proof of standing is submitted before that date, the City is entitled to evaluate and respond to that proof before the Court rules on the standing issue. The City should not be required to respond to a fee application (or portion of which) that was filed without standing, unless and until standing issues are resolved.

In addition, the plaintiff is entitled to only one claim for a reasonable fee, the entirety of which must be evaluated for reasonableness as a whole. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184-85 (2d Cir. 2007) ("[T]he district court (unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively.") This holistic evaluation cannot be done if the scope of the entire application is unknown or presents a moving target.

Second, with respect to the settlement conference, the City respectfully requests to proceed with a conference pursuant to Magistrate Judge Freeman's rules as soon as possible. Those rules appropriately call for a conference in the nature of a mediation, including a five page *ex parte* letter submission to be made the Friday before a conference. The City prefers to follow these standard procedures, which are the most likely to produce a fruitful discussion. The City is unable, however, to finalize its opposition papers on the one hand *and* prepare a mediation submission and attend a meaningful mediation, all within the remaining time until the opposition is due. Nor would it be appropriate or effective for the mediation to occur after the City's submission, which would remove part of the efficiency and motivation that drive settlement discussions.

Accordingly, the City respectfully requests that the Court schedule the settlement conference for the earliest possible date next week, but adjourn the due date for the City's opposition to March 17, or seven days after the settlement conference, whichever is later. This short delay would not be prejudicial to plaintiff, who is the only other party to this proceeding and who has to date not had to pay out any funds for his attorneys.[1] The adjournment is a minor

---

[1] As plaintiff's attorneys note in their moving brief, they are compensated for delay in payment by the determination of rates by the Court with reference the present day, in the light of many additional factors, rather than by reference to the dates when the services were actually rendered.

Sweet, J.
Freeman, M.J.
February 29, 2016
Page 3

matter in a case with a five year history including many adjournments requested by the plaintiff as well as defendants.

     I have conferred with plaintiff's counsel Nat Smith regarding these requests. He indicated that he opposes any adjournment of the due dates or oral argument on the fee application, and opposes the submission of mediation letters to the Magistrate prior to the settlement conference. Plaintiff's counsel does however agree that the settlement conference should be held as early as possible. (This is the third request for adjournment of the due date of the opposition: the first was granted upon consent adjourning the date to February 29, 2016; the second request was opposed and not ruled upon until modified by agreement of the parties to March 10, 2016, and granted as such.)

     We thank the Court for its consideration in this matter.

     Respectfully submitted,

     /s/

Alan H. Scheiner
Senior Counsel
Special Federal Litigation Division

cc:    All counsel by ECF