LAW OFFICE OF
NATHANIEL B. SMITH
ATTORNEY AT LAW
100 WALL STREET
NEW YORK, NEW YORK 10005

NATHANIEL B. SMITH
natbsmith@gmail.com

TEL: 212-227-7062
FAX: 212-230-1090

March 2, 2016

**BY ECF and EMAIL**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Magistrate Judge Debra C. Freeman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*Schoolcraft v. The City of New York, et al.,*
*10-cv-6005 (RWS) (DCF)*

Dear Judge Sweet and Magistrate Judge Freeman:

    As one of plaintiff's counsel, I am writing in response to the City Defendants' February 29, 2016 letter requesting to adjourn the City's time to submit opposition to the pending motions for attorney's fees and expenses. The motions for attorneys' fees and expenses were filed on December 16, 2015 and December 27, 2015, (Dkt. # 559 & 564), the City Defendants' opposition papers are due on March 10, 2016, and the Court has scheduled March 17, 2016 as the return date for oral argument the motions. (Dkt. # 582 & 587.) On behalf of all movants, I write to state that we oppose the request for an adjournment.

LAW OFFICE OF
**NATHANIEL B. SMITH**

Hon. Robert W. Sweet
Hon Debra C. Freeman
March 2, 2016

*Background*

On December 18, 2015, the City Defendants requested a two-month adjournment of the deadline for submitting their opposition papers to the motions. (Dkt. # 563.) One of the stated grounds for this extensive adjournment was that the City Defendants wanted the additional time to explore settlement options with the movants. (*Id.*) ("Counsel [for all parties] have agreed to confer, after the City has had an opportunity to review the submission, during the period of the adjournment, in an attempt to resolve the motion.") Based on these representations, the movants consented to the requested adjournment, and the Court set March 10, 2016 as the return date for the motions with opposition papers due by February 29, 2016. (Dkt. # 571.)

The City Defendants, however, did not make any attempts to settle the motions. Instead, five weeks later, on January 28, 2016, the City wrote to the Court requesting (i) an order striking the fee motion by Levine & Gilbert on standing grounds; (ii) discovery from the moving attorneys of their original and electronic time records, and (iii) an additional month in which to submit opposition papers. (Dkt. # 576 at p. 1.) The movants opposed each of these requests for relief, (Dkt. # 577 & 584), and the Court heard oral argument on February 11, 2016.

On February 25, 2016, the Court issued a Decision directing Levine & Gilbert to submit evidence of standing and denying the request for discovery. (Dkt. # 586.) With the consent of the movants, the City Defendants withdrew their request for an additional month to oppose the motions, and in the alternative, the Court granted the City Defendants' request, on consent, for an additional ten days in which to file opposition papers on the fee motions. (Dkt. # 587; *see also* Dkt. # 586; February 25, 2016 Decision at p. 2 n.1.) Thus, the deadline for opposition papers was adjourned to March 10, 2016.

Now the City Defendants are requesting yet another adjournment of the deadline for submitting their opposition papers on the ground that the adjournment is needed to conduct a settlement conference. In their letter, the City Defendants request that their opposition papers be served seven days after the parties have

LAW OFFICE OF
**NATHANIEL B. SMITH**

Hon. Robert W. Sweet
Hon Debra C. Freeman
March 2, 2016

actually conducted (and apparently concluded) a settlement conference with Magistrate Judge Freeman.

While we do not oppose conducting a settlement conference, we do object to any further delay in the deadline for the City Defendants to submit opposition papers, which are currently due on March 10, 2016.[1] As I told counsel for the City Defendants on February 29th, we were willing to contact Magistrate Judge Freeman's chambers immediately to set up a conference with Magistrate Judge Freeman for a date as soon as possible consistent with Magistrate Judge Freeman's calendar. Counsel for the City Defendants rejected my suggestion that we contact Magistrate Judge Freeman's chambers and instead wrote his February 29, 2016 letter requesting that the deadline for submitting his opposition papers be adjourned.

*The Adjournment Request Should Be Denied*

There are several reasons why we oppose this last request for an adjournment. The plaintiff filed his formal Acceptance of the City Defendants' Rule 68 Offer of Judgment five months ago, on September 29, 2015, (Dkt. # 531), and one of the express terms of the resulting Judgment was a right to recover reasonable attorneys' fees and expenses. Based on the Judgment, we filed the motions in December of 2015, and consented to an extensive, two-month adjournment because the City Defendants' claimed that they wanted to seek to settle the motions after reviewing the papers. Since then, however, I have on three separate occasions asked counsel for the City Defendants for an offer to settle the motions or to otherwise engage in substantive discussions. On each occasion, counsel merely informed me that they were working on formulating a proposal. Indeed, as of today, none of the attorneys has received any kind of proposal for resolving the motions, and it was only at the last conference before the Court last month that the City Defendants set the groundwork for this request for further adjournments with a request for a settlement conference. Under these

---

[1] The City Defendants state in their February 29, 2016 letter that the return date and the deadline for their opposition papers are respectively May 17th and May 10th, which are typographical errors. The correct dates are March 17th and March 10th.

LAW OFFICE OF
**NATHANIEL B. SMITH**

Hon. Robert W. Sweet
Hon Debra C. Freeman
March 2, 2016

circumstances, we do not believe that the City is acting on a good faith basis in an attempt to resolve the motions, and the most recent adjournment request is another delay tactic.

More important, there is no legitimate reason why the parties cannot complete the briefing on the motions and at the same time conduct a settlement conference with Magistrate Judge Freeman. A fully-briefed motion will frame the issues and thereby promote settlement. Although the City Defendants suggest that the settlement conference would require additional paperwork, I already suggested to counsel for the City Defendants that we agree to forego additional paper work or submit very short position statements supported by the papers generated in support of and in opposition to the motions. This suggestion was rejected out of hand and instead the City Defendants chose to file this application.

Finally, the standing issue raised by the City Defendants on the motion by Levine & Gilbert and Peter Gleason is not a basis for further delay. In the Court's February 25th Decision, the Court directed those attorneys to submit evidence of their standing to the Court. Attached hereto is a Declaration by the plaintiff in which he states that he consents to and authorizes those attorneys to seek the recovery of their fees and expenses pursuant to the Judgment. While we believe that this statement resolves the standing issue raised by the City Defendants, the City Defendants can still raise whatever other standing objections they might have in their opposition papers, which should be filed in accordance with the schedule on March 10, 2016.

For all these reasons, the request for another adjournment should be denied.

Respectfully submitted,

/s/ Nathaniel B. Smith

Nathaniel B. Smith

All Counsel
(by ECF and Email w/ encl.)

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
    ADRIAN SCHOOLCRAFT,                         10-CV-6005(RWS)

                            Plaintiff,
        -against-

    THE CITY OF NEW YORK, et al.,

                            Defendants.
-------------------------------------------------------------x
```

## *DECLARATION OF ADRIAN SCHOOLCRAFT*

Adrian Schoolcraft hereby declares under the penalties of perjury under the laws of the United States that the following is true and correct:

1. I am the Plaintiff in this case and am submitting this Declaration in connection with the pending motions for attorneys' fee in this action.

2. During the course of this case, I retained as my attorneys Peter Gleason, Esq., and the firm, Levine & Gilbert, from about November of 2011 through May 2012. I understand and believe that pursuant to the City of New York's Offer of Judgment and my Acceptance of that Offer of Judgment, my attorneys and I are entitled to seek reasonable attorneys' fees, costs and expenses incurred during the course of this action. I also understand that a question has been raised about whether Peter Gleason and Levine & Gilbert, have a right to file a motion for the recovery of their reasonable attorney's fees, costs, and expenses. As such, I am submitting this Declaration to state that as the Plaintiff in this action I authorize and approve of Peter Gleason and Levine & Gilbert seeking to recovery from the City of New York the reasonable fees, costs and expenses that the Court may determine that they are entitled to in connection with the work that they did on my behalf in this action.

Executed on the 1st day of March, 2016.

/s/ AS
_____
Adrian Schoolcraft