UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ADRIAN SCHOOLCRAFT,

                                  Plaintiff(s),                        **AFFIRMATION**

       -against-                                                     10-CV-6005(RWS)

THE CITY OF NEW YORK, et. al.,

                                  Defendant(s),

-----------------------------------------------------------------x

STATE OF NEW YORK, COUNTY OF NEW YORK ) ss.:

        RICHARD A. GILBERT, an attorney duly licensed to practice before all the courts of this State and admitted to this Court, hereby affirms under penalties of perjury:

        1.      That he is one of the attorneys for the plaintiff in the within-entitled action, and makes this affirmation in opposition to the City of New York's challenge to the standing of your affirmant, his partner, Harvey A. Levine and an attorney who is Of Counsel to our firm, Peter J. Gleason, in connection with the pending motion for attorneys' fees in this action pursuant to the Rule 68 Offer of Judgment.

        2.      A review of the Court's docket in this matter will reveal that on November 16, 2012, Jon Norinsberg's firm was relieved as counsel for plaintiff and directed to deliver all the files maintained by his office to plaintiff, (docket entry 119). At or about that time, Peter J. Gleason approached your affirmant and advised him that he was assembling a team of attorneys to represent plaintiff in place of Mr. Norinsberg's firm. Because of our firm's collective 75+ years representing New York City Police Officers in civil litigation and pension matters, Mr. Gleason asked if our firm would be interested in leading the effort. After meeting with plaintiff, a retainer agreement was executed by plaintiff Adrian Schoolcraft in our firm's favor on November 23, 2103, (see Exhibit "A"). A review of docket entry 121 reveals the filing by your affirmant

of a Notice of Appearance in this matter on behalf of our firm of Levine & Gilbert.

3. Thereafter, extended negotiations over the transfer of the numerous files already compiled in this matter took place between your affirmant and Mr. Norinsberg, culminating in an agreement to transfer the files to the undersigned. Annexed hereto as Exhibit "B" is a copy of correspondence embodying the agreement reached between counsel and a copy of the check payable to Mr. Norinsberg's order as reimbursement for the agreed upon a portion of his firm's claimed expenses/disbursements to that point.

4. As detailed in the respective affirmations we have submitted in connection with this fee application, while the time in which your affirmant, Mr. Levine and Mr. Gleason were at the forefront of plaintiff's representation only lasted approximately six (6) months, it was a period in which this firm was compelled to expend an enormous amount of time, energy and effort, not only familiarize ourselves with the pleadings and proceedings that had already been completed, but to review the enormous number of discovery documents and "attorneys eyes only" materials exchanged by the City defendants and formulate a litigation strategy going forward.

5. During the period of our representation, in or about late February 2013 we were introduced by Mr. Gleason to Nat Smith and John Lenoir as additional attorneys who would be joining the team. Mr. Smith's Notice of Appearance appears in the docket along with Mr. Gleason's in February 2013, (see docket #126 &#127). Mr. Lenoir appeared in the action on April 10, 2013 (docket #150). Ultimately, Mr. Smith together with Mr. Lenoir and other members of plaintiff's legal team took over the lead attorneys and the roles of the undersigned and his partner Harvey Levine diminished.

6. Annexed hereto as Exhibit "C" is a copy of the previously filed Declaration of plaintiff, Adrian Schoolcraft, acknowledging that he retained your affirmant's firm, Levine & Gilbert, and Peter J. Gleason, Esq. to represent him in this litigation and authorizes and approves our seeking to recover the reasonable fees, costs and expenses incurred in connection with that representation (Document 590).

7. While the amount of time expended by myself and Mr. Levine on Mr. Schoolcraft's representation diminished with Mr. Smith and Mr. Lenoir's entry into the case, our firm and Mr. Gleason, remained actively involved in this litigation until May 2013. However, contrary to assertions made in connection with this fee application, our representation was never terminated and our names remained on the docket as part of the team of attorneys representing plaintiff.

8. Indicative of our firm continuing representation of plaintiff can be found in Nat Smith's September 9, 2015 billing records. This time entry reflects Mr. Smith conferring with Mr. Levine regarding pension issues relative to the prospective settlement of this action. While not reflected in Mr. Levine's time records, Mr. Levine makes reference in his affirmation in support of the attorneys fees application, to his conversations with Mr. Smith regarding some of the nuances associated with police pensions during the settlement phase of this action.

9. In summary, as the records indicate and Mr. Schoolcraft acknowledges, your affirmant, Harvey A. Levine and Peter J. Gleason were retained by Mr. Schoolcraft and provided him with able representation during this litigation, which as the docket indicates, was never terminated.

10. Therefore, the circumstances presented are clearly distinguishable from decisions such as Brown v. General Motors Corp., 722 F.2d.1009 (2nd. Cir., 1983) where the former attorneys' fee application was deemed to be independent of plaintiff's right to seek fees as the prevailing party under Section 1988 and denied due to the Court's determination that as a discharged attorney he lacked standing.

11. Here, the docket demonstrates that our collective representation was never terminated by plaintiff and he has expressly authorized and approved of our submission of reasonable attorneys fees, costs and expenses to the Court for determination.

**WHEREFORE**, affirmant respectfully requests that the instant application to challenge our collective standing be denied.

Dated: New York, New York
       March 7, 2016

_____
RICHARD A. GILBERT