UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

ADRIAN SCHOOLCRAFT,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

------------------------------------------------------------------- X

10-CV-6005 (RWS)

**DECLARATION OF
ALAN H. SCHEINER IN
SUPPORT OF THE CITY'S
OPPOSITION TO
PLAINTIF'S FEE
APPLICATION**

I, **ALAN H. SCHEINER**, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.   I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for the motion-respondent the City of New York (the "City"). As such, I am familiar with the facts stated below and submit this declaration to place on the record the relevant facts and documents in support of City's opposition to plaintiff's application or attorneys' fees and costs.

2.   "Exhibit A" or "Ex. A" to this Declaration is an electronic spreadsheet containing all of the fee information submitted by plaintiff's counsel in their numerous declarations and submissions, in hard copy, disparate formats.  The data it contains is drawn from plaintiff's counsel's submissions except for the following: (1) rates and amounts charged are omitted; (2) travel time is adjusted to half-time unless that was already done; (3) the time entered by Magdalena Bauza was converted to decimal format where it was in purported 'elapsed time' format (hours:minutes:seconds); (4) a unique identifying number was added in the "No." column for each time entry for ease of reference.  The electronic version of the spreadsheet will be submitted to the Court by email and by the filing of a Compact Disc.  Hard copy versions of

Exhibit A are filed as Exhibits A-1, being a chronological version of Exhibit A; and Exhibit A-2, being a version listing the time entries in order of the "No." assigned to those entries which appears in Column A of the spreadsheet.  References to "Exhibit A" in the accompanying Memorandum of Law are to all three of these exhibits.

   3. Exhibit B to this Declaration is the Declaration of Judith A. Bronsther, Esq. (the "Bronsther Declaration") together with its Exhibits A and B.

   4. Exhibit C is this Declaration is the Resume of Judith A. Bronsther, Esq., also designated "Exhibit A" to Exhibit B.

   5. Exhibit D to this Declaration is the Audit Report of Accountability Services, Inc. (the "Audit Report") of the fees claimed in this matter, also designated "Exhibit C" to the Bronsther Declaration, together with the exhibits to the Audit Report.

   6. Exhibit E to this Declaration is a letter addressed to the Court from Richard A. Gilbert, dated Dec. 14, 2012.

   7. There were 488 docket entries in this case as of September 15, 2015; at least 91 of them appear to relate on their face solely to the medical defendants.  In many cases it is difficult to tell on the face of a docket entry which defendant the entry relates to, or it clearly relates to more than one defendant.

   8. Plaintiff produced several recordings of events on October 31, 2009, including the incident in his apartment; his entire tour of duty at the precinct; telephone calls he had with IAB and his father; a voicemail message from an NYPD psychologist; and a recording of a telephone call between his father and a defendant.  Plaintiff also produced recordings of nearly every interaction where he claimed that he was harassed or retaliated against including numerous

conversations with his supervising officers, an NYPD psychologist, and other NYPD staff, while on the job and at his residence in upstate New York.

9.   Plaintiff did not receive any promise of a pension in the Offer of Judgment beyond that which would be available, upon information and belief, as a matter of course to any employed and fully paid Member of the Service upon retirement.

10.   Exhibit F is the Magistrate's Report and Recommendation issued January 25, 2013 in *Marshall v. City of New York*, 10cv2714 (E.D.N.Y.) ("*Marshall*").

11.   Exhibit G is an excerpt from Jon Norinsberg's fee application in *Marshall*.

12.   Exhibit H is an excerpt from Gerald Cohen's fee application in *Marshall*.

13.   On April 24, 2015, while on trial in *Marshall,* Cohen billed more than 14 hours to *Marshall.*   Ex. H.   Cohen also charged 0.85 hours to the Schoolcraft case, for review of a First Amendment application also worked on by Fitch, and for review of an email from the City.   *See* Ex. A, Nos. 2687, 3910, 3911.

14.   On April 25, 2012, while also on trial in *Marshall*, Norinsberg delivered the closing argument and examined a witness, billing 8.5 hours to *Marshall*. *See* Ex. G.   For that same day, Norinsberg also charges 0.85 hours to the Schoolcraft case.   *See* Ex. A, Nos. 824, 825.

15.   Exhibit I is an October 26, 2012 letter from the City's counsel to the Court opposing the plaintiff's request to modify the protective order in this case to allow the disclosure of certain attorneys-eyes-only information.

16.   Exhibit J is a letter of October 18, 2012 from plaintiff's counsel to the Court requesting modification of the attorneys-eyes-only provisions of the protective order in this case.

17.   Exhibit K a letter of October 1, 2013 from the City's counsel to the Court opposing plaintiff's request to lift the attorneys-eyes-only protections as to certain documents.

18.   Exhibit L is a letter of September 9, 2013 from plaintiff's counsel to the Court requesting to allow disclosure of certain attorneys-eyes-only information produced in discovery.

19.   Exhibit M is a letter of December 18, 2013 from the City's counsel to the Court moving to compel the production of communications relating to schoolcraftjustice.com, among other things.

20.   Upon information and believe based upon the undersigned counsel's familiarity with the record in this case from working on the matter since February 2015, and based upon electronic searches of documents produced in the case, of the purported witnesses identified by plaintiff's counsel listed in Plaintiff's Memorandum of Law at 2, Rodrigeuz, Whitehead, Vasquez and Miller appear never to have been named in any document produced in discovery, or otherwise identified in disclosures by the plaintiff.

21.   Prior to the plaintiff's fee submission, plaintiff did not ask the City's counsel to discuss settlement of plaintiff's claim for attorneys' fees or disclose any information about the total amount of fees that would claimed prior to the filing of the  motion.  The City requested that the Court schedule a settlement conference at the oral argument on the City's application for discovery on February 11, 2016.

22.   The vast majority of emails in routine legal practice require only seconds to review or 1-2 minutes at most to send.

23.   Exhibit N is a Chart of Depositions taken in Schoolcraft which, upon information and belief, lists all of the depositions taken in this case, the start and end time recorded in the transcript, and the counsel and other persons present.

24.   Exhibit O is a Chart of Plaintiff's Counsel's Experience and Rates prepared by the undersigned, that accurately reflects the undersigned counsel's knowledge, upon information

and belief, concerning the experience of the respective counsels; the rates demanded in this case; and the rates that the City deems reasonable on the basis of case law, the attorneys' role in the matter, the nature and duration of their relationship with the plaintiff, the reputational value to counsel in taking on this representation, the subject-matter, nature and complexity of the case, and the variety of other factors deemed relevant by case law.

25. Upon information and belief, the NYC Law Department automated case tracking system show that Cohen and Fitch initiated at least 202 cases adverse to the Law Department in 2010, 2011, 2012 and 2015, the years that they worked on Schoolcraft.

26. Upon information and belief, the NYC Law Department automated case tracking system shows that of the cases brought by Cohen & Fitch in or after 2010 and concluded as of the end of 2015, the plaintiff recovered *nothing* in eleven cases and $15,000 or less in 95 cases.

27. Exhibit P is a compilation of information downloaded from PACER listing the cases in which Smith Team attorneys appeared, to the extent that such attorneys could be identified on PACER and disambiguated from other attorneys with similar names. Where other attorneys appear on the printout I have so indicated, to the best of my information and belief.

28. Exhibit Q is a compilation of information downloaded from PACER listing the cases in which Norinsberg Team attorneys appeared, to the extent that such attorneys could be identified on PACER and disambiguated from other attorneys with similar names. Where other attorneys appear on the printout I have so indicated, to the best of my information and belief.

29. Exhibit R is a compilation of information downloaded from PACER listing the cases in which Gleason Team attorneys appeared, to the extent that such attorneys could be

identified on PACER and disambiguated from other attorneys with similar names.  Where other attorneys appear on the printout I have so indicated, to the best of my information and belief.

30.   Upon information and belief, the NYC Law Department's case tracking database indicates that Norinsberg initiated 76 matters during the four years that he worked on *Schoolcraft* (2010, 2011, 2012, 2015).

31.   Upon information and belief, the NYC Law Department's case tracking database shows only two matters in which Nat Smith is listed as counsel as having been resolved during the period 2010-2016, one is this case, the other is a commercial matter involving the City where he represented a defendant.  The same database shows only the *Schoolcraft* case for John Lenoir, although I am aware of one other where he has appeared with Nat Smith.  The same database shows only two Labor & Employment matters for Patrick Gleason adverse to the City, in addition to *Schoolcraft*.  The NYC Law Department's database may not reflect cases where an attorney appears as co-counsel or substitutes for other counsel after initiation of the matter.

32.   Exhibit S is a printout of Table 24, from the CPI Detailed Report-December 2015 published by the U.S. Bureau of Labor Statistics.

33.   Exhibit T is a printout of the Consumer Price Index for 2010-2015, for the New York-Northern New Jersey Region–December 2015, published by the U.S. Bureau of Labor Statistics.

34.   Upon information and belief and based on calculations using Excel, the 2010-2015 annual CPI increase rates reported in Exhibit T for the NY-Northern NJ region from 2010-2015, $425 as of the end of 2009 would be $463 as of the end of 2015.

35.   Upon information and belief and based on calculations using Excel, the 2000-2015 annual CPI increase rates in Exhibit S, $250 at the start of the year 2000 would be $355 at the end of 2015.

36.   Based on my experience and familiarity with the legal market as a lawyer practicing in the area of private financial litigation from 2007 through 2015, in the years since the financial crisis of 2008, corporate clients have initiated strong market pressures to bring down legal fees by insisting on lower rates and specific billing practices, including: no charge for summer and first-year associates; consolidation of time spent on short emails into accurate estimates of total time; minimum 0.1 billing increments for tasks requiring at least 0.1 hours; and prohibitions or limitations on charges for meetings.

37.   Exhibit U is a copy of plaintiff's first Amended Complaint filed September 13, 2010, at Docket No. 21.

38.   Exhibit V is a March 12, 2012 letter from the City's counsel to the Court concerning the apparent disclosure of confidential discovery information to the press.

39.   Exhibit X is a Report and Recommendation concerning attorneys' fees in the case of *O'Hara v. City of New York*, 11cv3990, No. 188.

40.   Exhibit Y is the memo book of Sgt. Shantel James, marked as Exhibit 117 at Ms. James' deposition.

41.   Exhibit Z is a list of the witnesses who testified in the trial in Floyd v. City of New York.

42.   I have conducted a search of the New York State Office of Court Administration online attorney registration database for Magdalena Bauza and have found no record of that name.

43.   Upon information and belief based upon reasonable investigation, the electronic case tracking system of the NYC Law Department indicates that while Mr. Norinsberg was employed by the Law Department he worked in cases primarily assigned to the Manhattan Tort Division, a division handling state court matters.  He had no assigned cases in federal court that appeared in the system.  The system shows that he was assigned a general mix of tort matters in state courts, including the following subject-matters as stated in the database: defective roadway, defective sidewalk, auto accidents, schools, recreation and personal injury from officer action.

44.   I am unaware of any reported decision on a fee application in a single-plaintiff civil rights case where the fee sought or awarded was equal to or exceeded the total hours and or fees sought in this case.

45.   Exhibit AA is a letter from Adrian Schoolcraft dated November 12, 2012, terminating his representation by Jon Norinsberg and asking that Norinsberg delete www.schoolcraftjustice.com from the internet.

46.   Ex. BB is a copy of "The Schoolcraft Problems," NYPD Confidential (November 12, 2012), http://nypdconfidential.com/columns/2012/121112.html.

47.   See Ex. CC is a copy of "So Whose Crazy Now," NYPD Confidential (August 23, 2012), http://nypdconfidential.com/columns/2010/100823.html;

48.   Exhibit DD is a Chart of the City's Proposed Reasonable Fee and Expense Calculation.

49.   Ex. EE is a printout of the AmLaw 100 top law firms by profits per partner for 2015, published by the *American Lawyer*.

Dated:      New York, New York
            April 8, 2016

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for City Defendants*
100 Church Street, Room 3-174
New York, New York 10007
(212) 356-2344

By:    /s/ Alan H. Scheiner_____
       Alan H. Scheiner
       Senior Counsel
       Special Federal Litigation Division

cc:     All counsel by ECF

Docket No 10-CV-6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**DECLARATION OF
ALAN H. SCHEINER IN
SUPPORT OF CITY DEFENDANTS'
MOTION *IN LIMINE***

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street, Room 3-174*
*New York, New York  10007*

*Of Counsel: Alan H. Scheiner*
*Tel:  (212) 356-2344*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................................, 2015*

*............................................................................... Esq.*

*Attorney for ........................................................................*