**COHEN & FITCH LLP**
233 BROADWAY, SUITE 1800
NEW YORK, NY 10279
TEL: 212.374.9115
FAX: 212.406.2313

---

April 27, 2016

**BY EMAIL & ECF**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                *RE*:    *Schoolcraft v. The City of New York*,
                          *10-cv-6005 (RWS) (DCF)*

Dear Judge Sweet:

      I am one of the counsel that represent plaintiff in the above-referenced case and I am writing in response to defendants letter requesting that this court set a page for plaintiff's forthcoming Reply Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees and to limit plaintiff's submission to one Memorandum of Law for all three groups of attorneys who represented plaintiff throughout this case. We respectfully disagree with defendants on both points.

      With respect to the page limit, defendants claim that it is "typical" for a reply memorandum to be half the length of the opposition memorandum. However, what is also "typical" is for opposition memorandum to be the same size as the moving briefs. Here, however, defendants have filed a seventy three (73) page memorandum along with another one hundred nineteen (119) pages of argument, disguised as an "expert report," which really amounts to nearly two (200) pages of briefing. This is more than six (6) times the pages in plaintiff's moving papers. In short, nothing has been "typical" about this second round of litigation the City has imposed on plaintiff and this Court. Nonetheless, counsels do not intend to file even close to the (200) two hundred pages of argument that defendants have submitted and will use our best judgment to limit our response to the multitude of attacks defendants aimed at our fee application.

      Further the need for flexibility on the page limit is due to the fact that three (3) separate teams are filing responses to an enormous opposition that attacked each group in separate and distinct ways. Each team would like an opportunity to specifically address the issues raised against them.  Further, defendants attacks on billing practices, individual time entries, and the like can only be addressed by counsel familiar with those practices. Although there is some overlap, much of the arguments for each team will be different.

As such, it is necessary for each team to respond to the specific attacks lobbed against them in their own separate filing.

Accordingly, it is respectfully requested that Your Honor grant plaintiff's counsel permission to file an oversize memoranda of law using their best judgment as to the amount of pages necessary to succinctly yet adequately respond to defendants' opposition and permit each team to file separate memoranda to address the specific attacks lodged against them.

Thank you for your consideration of this request.

Sincerely,

_____/s_____
JOSHUA P. FITCH
GERALD M. COHEN
COHEN & FITCH LLP
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

NATHANIEL B. SMITH
100 Wall Street, 23rd Floor
New York, New York 10005
212-227-7062
natbsmith@gmail.com

JON L. NORINSBERG
225 Broadway, Suite 2700
New York, New York 10007
(212) 791-5396
Norinsberg@aol.com

JOHN LENOIR
100 Wall Street, 23rd Floor
New York, New York 10005
212-335-0250
john.lenoir@gmail.com

CC VIA ECF:
Alan Scheiner
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007