UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK
-------------------------------------------------------------x
ADRIAN SCHOOLCRAFT,

                                                  10-cv-6005 (RWS)

                  Plaintiff,           DECLARATION
-against-                                   OF HOWARD A. SUCKLE

THE CITY OF NEW YORK, et al,

                                 Defendants.
-------------------------------------------------------------x

**DECLARATION OF HOWARD A. SUCKLE PURSUANT TO 28
U.S.C. § 1746 UNDER THE PENALTY OF PERJURY**

Howard A. Suckle, being an attorney, hereby declares under the laws of the United States of America that the following is true and correct:

1. I am an attorney duly admitted to practice law in the States of New York and New Jersey. I was admitted to practice in New York in January of 1987 and in New Jersey in June of 1987.

2. I have reviewed the City of New York's opposition papers and submit this declaration in further support of my fee application. First, I adopt all of the legal and factual arguments contained in the memorandum and declarations of the all of the attorneys submitting fee applications in the Schoolcraft v NYC, et al. matter and will not repeat those arguments herein. Simply, any claim of a reduction in hours is plainly improper.

3. Second, according to the City of New York's opposition papers, the City of New York and its "expert" have argued without any facts that my hourly rate should be reduced from my going rate of $575.00 per hour to the arbitrarily made up rate of their "expert" of $300.00. To support this, the City of New York's "expert" acknowledges that I have been litigating as an attorney since 1987 and I have a wealth of experience both in civil rights actions and a multitude of other complex litigation. The "expert"

who is a hired gun and who herself has never handle a single civil rights action "opines" that my experience somehow justifies the arbitrary reduction of my hourly rate. As the Court will note: I was admitted to the Bar of the United States District Court for: The Southern District of New York in March of 1987; The Eastern District of New York in April of 1987; and The District of New Jersey in June of 1987. I have, in the past, been admitted pro hac vice in the States of Florida and California. Since 2002, I have been a Member of Suckle Schlesinger PLLC with offices at 224 West 35th Street, Suite 1200, New York, New York and a second office in New Jersey. Prior to that, I was the only Member of the Law Office of Howard A. Suckle from November 1998-March 2002 and a Partner at Silk, Bunks and Suckle PC from September 1989-October 1998. I started my career in law as an Associate at Silk and Bunks PC from September 1986-August 1989. I have been an instructor of Civil Procedure at Saint Thomas Aquinas College in Orangeburg, New York. I obtained my Juris Doctor at The University of Buffalo, School of Law, in 1986.

4. From the beginning of my practice of law, I have practiced nearly exclusively as a trial lawyer. I started out litigating criminal defense, false arrest and false imprisonment cases. I have litigated numerous Civil Rights actions, all on the plaintiff's side. In fact, contrary to the "expert's" opinion that I have little civil rights experience, my very first trial was in 1989, and it was an action originating under 42 U.S.C. 1983, entitled: Pitt v. The City of New York. Thereafter, I tried and won the wrongful conviction action of Johnson v. State, in the Court of Claims of the State of New York. In addition, I have litigated in the area of employment, age, and sex discriminations in matters such as: Silk v. New York Medical College and Marte v. Nine West Holdings, Inc., and in the areas of First Amendment and Defamation in the matters of Lutwin v. Montauk; Ferguson, et al. v. Sherman Square Realty Corp., et al.; and Sokol v. Daycock, et al. In addition to all of the above, I have litigated over 150 matters in the areas of Medical Malpractice, Product Liability, Labor Law, Petroleum Spills, New York CPLR Article 78, Shareholder Derivative, and Personal Injury actions, as well as, several dozen varying types of commercial matters.

5. When not litigating on a contingent fee, my hourly rate is $575.00 per hour for all matters. A review of my records finds that not since 1998 have I billed at the $300.00 per hour rate the City's "expert" blindly assigns as the value of my hourly work.

6. At page 57 of the "expert's" report she does correctly note errors in the transcription of my time sheet. She notes that my time entry for 2/11/2014 states: "prep Isakov Deposition" 9 hours. In fact, a review of my contemporaneous time sheet reads: "Dep Bern & prep Isakov 9 hours". In fact, as the "expert" concedes, the transcript of Dr. Bernier's deposition confirms that I was the attorney that appeared for the Plaintiff on 2/11/14 and conducted the deposition of Dr. Bernier and my timesheets and the transcript of Dr. Isakov's deposition of the very next day (2/12/14) confirm that I conducted the deposition of Dr. Isakov on 2/12/14 after having prepared for it as part of the 9 hours billed on 2/11/14. By this Declaration I seek to correct the 2/11/14 entry to reflect that I conducted the deposition of Dr. Bernier on 2/11/14 and then prepared for the next day's deposition of Dr. Isakov. The 9 hours in the timesheet was correct but the transcriber inadvertently omitted that I had also conducted the Brenier deposition on 2/11/14.

7. In addition, the "expert" notes that that three entries for 4/20, 4/22 and 4/23/2014 also contain transcription errors. The dates actually were 1/20/2014, 1/22/2014 and 1/23/2014, and the 1/23/2014 inadvertently reflected that I prepared for, and conducted the deposition of Dr. Bernier on 1/23/14, when clearly I conducted the deposition 2/11/14, as stated above. On 1/23/14, I only prepared for the deposition Dr. Bernier. The hours for all three entries were accurate, and by this Declaration I seek to amend the timesheet to reflect the correct dates and transcription errors.

Dated:  New York, New York
        April 25, 2016

_____
Howard A. Suckle