10-CV-6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

CITY OF NEW YORK'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE THE DECLARATION AND AUDIT REPORT
OF JUDITH BRONSTHER

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Alan Scheiner*
*Tel:  (212) 356-2344*
*Matter No.:  2010-033074*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................... iii

PRELIMININARY STATEMENT ............................................................ 1

ARGUMENT ............................................................................................. 1

POINT I

BRONSTHER'S PROFFERED TESTIMONY IS
ADMISSIBLE UNDER FED. R. EVID. 702
BECAUSE IT WOULD BE HELPFUL TO THE
COURT, IS BASED UPON RELEVANT
EXPERTISE AND APPLIES RELIABLE,
STRAIGHTFORWARD METHODS ........................................................ 2

A.   The standard for the admissibility of expert
     testimony ........................................................................... 2

B.   Bronsther's testimony has been admitted into
     evidence in federal and state courts..................................... 4

C.   Bronsther's testimony would be helpful to the
     Court and such testimony is generally admitted
     in federal courts to aid in the consideration of
     legal fee disputes. .............................................................. 5

D.   Bronsther has more than adequate experience
     to qualify her to perform the legal fee analysis
     she offers here. .................................................................. 11

POINT II

THE CALCULATIONS OF TIME CHARGES IN
SPECIFIC CATEGORIES IN THE AUDIT
REPORT ARE ADMISSIBLE AS
CONVENTIONAL FACTUAL TESTIMONY OR
AS SUMMARY EVIDENCE UNDER FED. R.
EVID. 1006 ............................................................................................. 14

**Page**

POINT III

        IN THE ALTERNATIVE, SHOULD THE COURT
        NOT CONSIDER THE FACTS AND OPINIONS
        IN THE AUDIT REPORT, THE COURT
        SHOULD REFER THE MATTER TO A SPECIAL
        MASTER FOR DETAILED ANALYSIS OF
        PLAINTIFF'S COUNSEL'S BILLINGS ................................................. 17

CONCLUSION .......................................................................................................... 18

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                     <u>**Pages**</u>

*Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*,
    2013 U.S. Dist. LEXIS 124190 (S.D.N.Y. Aug. 29, 2013) ......................................................5

*Arista Records LLC v. Lime Group LLC*,
    2011 U.S. Dist. LEXIS 47416 (S.D.N.Y. Apr. 29, 2011) ......................................................13

*Avaya, Inc. v. Telecom Labs*,
    2016 U.S. Dist. LEXIS 6111 (D.N.J. Jan. 19, 2016) ......................................................6, 17

*Boucher v. United States Suzuki Motor Corp.*,
    73 F.3d 18 (2d Cir. 1996)......................................................3

*Camarillo v. City of Maywood*,
    2015 U.S. Dist. LEXIS 14702 (C.D. Cal. Feb. 4, 2015)......................................................6, 10

*Campbell v. Green*,
    112 F.2d 143 (5 Cir. 1940)......................................................7

*Castro v. Terhune*,
    2011 U.S. Dist. LEXIS 131740 (N.D. Cal. Nov. 14, 2011)......................................................12

*Catapult Communs. Corp. v. Foster*,
    2010 U.S. Dist. LEXIS 14786 (N.D. Ill. Feb. 19, 2010) ......................................................6

*Cont'l Cas. Co. v. N. Am. Capacity Ins. Co.*,
    2010 U.S. Dist. LEXIS 144580 (S.D. Tex. Jan. 13, 2010) ......................................................7, 10

*Cohen v. Brown Univ.*, 2001 U.S. Dist. LEXIS 22438 (D.R.I. Aug. 10, 2001)………………….. 18

*Crop Prod. Servs. v. Narum Concrete Constr., Inc.*,
    2014 U.S. Dist. LEXIS 84300 (E.D. Wash. June 18, 2014) ......................................................6

*Cruz v. Starbucks Corp.*,
    2013 U.S. Dist. LEXIS 79231 (N.D. Cal. June 5, 2013) ......................................................6

*De La Paz v. Rubin & Rothman, LLC*,
    11 Civ. 9625(ER), 2013 U.S. Dist. LEXIS 168093 (S.D.N.Y. Nov. 25, 2013) ......................10

*EEOC v. Enterprise Ass'n Steamfitters Local*
    *No.* 638, 542 F.2d 579 (2d Cir. 1976) ......................................................17

*Fagiola v. National Gypsum Co.*,
    906 F.2d 53 (2d Cir. 1990)......................................................15

**Cases**                                                                                               **Pages**

*Helms v. Sec'y of HHS*,
    2002 U.S. Claims LEXIS 295 (Fed. Cl. Aug. 8, 2002) ...........................................................17

*Houlihan v. Marriott Int'l, Inc.*,
    00-cv-7439 (RCC),
    2003 U.S. Dist. LEXIS 17382, 2003 WL 22271206 (S.D.N.Y. Sept. 30, 2003)......................3

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) ........................................................4

*Lightfoot v. Walker*,
    826 F.2d 516 (7th Cir. 1987) ...................................................................................................5

*Mathis v. Exxon Corp.*,
    302 F.3d 448 (5th Cir. 2002) ...................................................................................................7

*In Re McClanahan*,
    137 B.R. 73 (Bankr. M.D. Fla. 1992) ...................................................................................8, 9

*McCord v. Jaspan Schlesinger Hoffman, LLP*
    *(In re Monahan Ford Corp.)*,
    390 B.R. 493 (Bankr. E.D.N.Y. 2008)......................................................................................9

*McCullock v. H.B. Fuller Co.*,
    61 F.3d 1038 (2d Cir. 1995).....................................................................................................12

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
    2008 U.S. Dist. LEXIS 37331 (S.D.N.Y. May 7, 2008).......................................................3, 13

*Microsoft Corp. v. Motorola, Inc.*,
    2013 U.S. Dist. LEXIS 109905 (W.D. Wash. Aug. 5, 2013) ..................................................14

*NLRB v. Baby Watson Cheesecake*,
    1994 U.S. App. LEXIS 40849 (2d Cir. 1994) ........................................................................17

*On Track Innovations Ltd. v. T-Mobile USA, Inc.*,
    106 F. Supp. 3d 369 (S.D.N.Y. April 3, 2015) ...............................................................2, 3, 4

*In re Parsons*,
    2010 Bankr. LEXIS 2934 (Bankr. D.N.M. Sept. 9, 2010).......................................................7

*Palmer  v. Rice*,
    CA No. 76-1439 (HHK/JMF),
    2005 U.S. Dist. LEXIS 13677 (D.D.C. July 11, 2005),
    *adopted in part*, Memorandum Opinion and Order
    (D.D.C. June 27, 2007), Docket No. 303.........................................................................4, 5, 12

**Cases**                                                                                                              **Pages**

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
    382 F.3d 546 (5th Cir. 2004) ...................................................................5, 7

*In re River Landings, Inc.*,
    180 B.R. 701 (Bankr. S.D. Ga. 1995) ...........................................................6

*Rodriguez v. County of L.A.*,
    96 F. Supp. 3d 1012 (C.D. Cal. 2014) .......................................................12, 16

*Saxton v. Secretary of HHS*,
    3 F.3d 1517 (Fed. Cir. 1993)......................................................................18

*SE Prop. Holdings, LLC v. Sandy Creek II, LLC*,
    2014 U.S. Dist. LEXIS 1228 (S.D. Ala. Jan. 7, 2014)...........................................7

*SEC v. Competitive Techs., Inc.*,
    2006 U.S. Dist. LEXIS 85983 (D. Conn. Nov. 6, 2006) .....................................15

*Slimfold Mfg. Co. v. Kinkead Indus. Inc.*,
    932 F.2d 1453 (Fed. Cir. 1991)..................................................................18

*Stephen Feldman, P.C. v. Talon Paint Prods.*,
    2002 U.S. Dist. LEXIS 20110 (S.D.N.Y. 2002) ...............................................9

*Sullivan v. Ford Motor Co.*,
    1998 U.S. Dist. LEXIS 1539 (S.D.N.Y. 1998).................................................11

*Sweeney v. Athens Regional Medical Center*,
    917 F.2d 1560 (11th Cir. 1990) .................................................................9

*Takeda Chem. Indus. v. Mylan Labs., Inc.*,
    2007 U.S. Dist. LEXIS 19614 (S.D.N.Y. Mar. 21, 2007) ....................................16

*Tedone v. H.J. Heinz Co.*,
    686 F. Supp. 2d 300 (S.D.N.Y. 2009).........................................................13

*TMT Trailer Ferry, Inc.*,
    577 F.2d 1296 (5th Cir. 1978) ..................................................................7

*United States ex rel. Maris Equip. Co. v. Morganti, Inc.*,
    163 F. Supp. 2d 174 (E.D.N.Y. 2001) .........................................................15

*Webb v. County Bd. of Educ.*,
    471 U.S. 234 (1985).............................................................................5

**Cases**                                                                                                     **Pages**

*WeddingChannel.Com, Inc. v. The Knot, Inc.*,
    03-cv-7369 (RWS),
    2005 U.S. Dist. LEXIS 991, 2005 WL 165286 (S.D.N.Y. Jan. 26, 2005) ...............................3

*Welch v. Metro. Life Ins. Co.*,
    2004 U.S. Dist. LEXIS 28578 (C.D. Ca. Sept. 20, 2004)........................................................13

*In re Worldwide Direct, Inc.*,
    316 B.R. 637 (Bankr. D. Del. 2004) ..............................................................................10, 11

*Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*,
    571 F.3d 206 (2d Cir. 2009)...........................................................................................3

**Statutes**

28 U.S.C. § 636 ......................................................................................................................17

42 U.S.C. § 1983 ....................................................................................................................10

11 U.S.C.S. § 329 ....................................................................................................................9

Fed. R. Civ. P. 53 ...............................................................................................................2, 17

Fed. R. Evid. 702 ..............................................................................1, 2, 3, 4, 6, 9, 14, 15, 16, 17

Fed. R. Evid. 1006 ..............................................................................................1, 14, 15, 16

## PRELIMININARY STATEMENT

The City of New York (the "City") respectfully submits this Memorandum of Law in Support of its Opposition to Plaintiff's Motion to Strike the Declaration and Audit Report of Judith Bronsther.

## ARGUMENT

Plaintiff moves by letter application ("Plf. Ltr") to strike the Declaration of Judith Bronsther ("Bronsther Dec.") and Audit Report submitted in support of the City's opposition to plaintiff's fee application. The Bronsther Dec. was annexed as Exhibit B to the Declaration of Alan Scheiner ("Scheiner Dec.") (Docket No. 600-5) and Ms. Bronsther's Audit Report was annexed as Exhibit D to the Scheiner Dec. (and Ex. C to the Bronsther Dec.). Docket Nos. 600-7, 598-4. While styled as a motion to strike, plaintiff's application is an objection to the admissibility of Ms. Bronsther's proffered testimony as reflected in her Declaration and Audit Report under Fed. R. Evid. 702. The motion should be denied for the following reasons.

First, the proffered expert testimony is admissible because (a) it would be helpful to the Court and does not invade the province of the Court; (b) it is grounded upon Ms. Bronsther's extensive experience with attorneys' fees issues and generally accepted legal market practices; and (c) it is based on a straightforward methodology well grounded in that experience.

Second, the Audit Report consists largely of factual information, namely summaries and calculations organizing the contents of plaintiff's voluminous and disjointed submissions. These summaries and calculations are helpful and even necessary for the Court's thorough consideration of plaintiff's application, and properly admissible as conventional factual testimony or under Fed. R. Evid. 1006, and are not subject to the requirements of Fed. R. Evid. 702. Accordingly, the Court should consider those factual portions of the report on that basis alone.

Third, in the alternative, if the Court determines to nevertheless exclude the Declaration and Audit Report of Judith Bronsther (and it should not), the Court should refer the matter to a special master for a similar analysis of plaintiff's fee application by a neutral expert, pursuant to Fed. R. Civ. P. 53.

**POINT I**

**BRONSTHER'S PROFFERED TESTIMONY IS ADMISSIBLE UNDER FED. R. EVID. 702 BECAUSE IT WOULD BE HELPFUL TO THE COURT, IS BASED UPON RELEVANT EXPERTISE AND <u>APPLIES RELIABLE, STRAIGHTFORWARD METHODS</u>**

Plaintiff's argument that Bronsther's testimony is inadmissible under Fed. R. Evid. 702 is incorrect in several respects and the Court should consider the proffered testimony in full.  First, as an initial matter, contrary to plaintiff's suggestion, Bronsther's expert testimony has been previously admitted into evidence into federal court.  It has never been ruled inadmissible. Second, Bronsther's opinions would not invade the province of the Court and would be helpful to the trier of fact.  Indeed, the testimony of experts on the reasonableness of legal fees and billing practices has been generally admitted in federal court and is not *per se* inadmissible, as plaintiff contends.  Third, Bronsther has more than sufficient credentials to qualify her to testify concerning legal fees, and she applies a straightforward and sound methodology to quantify key aspects of the plaintiff's fees and recommend reductions.

**A.  The standard for the admissibility of expert testimony**

"The Federal Rules allow for an individual to be qualified as an expert through possession of 'knowledge, skill, experience, training, or education.'" *On Track Innovations Ltd. v. T-Mobile USA, Inc*., 106 F. Supp. 3d 369, 411 (S.D.N.Y. April 3, 2015)(citing Fed. R. Evid. 702). "Moreover, within the Second Circuit, courts liberally construe expert qualification requirements in determining whether a witness can be deemed an expert."  *Id.* (citation omitted).

Thus, a trial judge should not exclude expert testimony absent proof that it is "speculative or conjectural or based on assumptions that are 'so unrealistic and contradictory as to suggest bad faith' or to be in essence 'an apples and oranges comparison.'" *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213-214 (2d Cir. 2009)(citing *Boucher v. United States Suzuki Motor Corp*., 73 F.3d 18, 21 (2d Cir. 1996)).  Additionally, contentions that the expert's "assumptions are unfounded go to the weight, not the admissibility, of the testimony." *Id*.

An experts' methodology is not required to be scientific and where it does not purport to be scientific, it is not judged by scientific standards.  *See On Track Innovations Ltd. v. T-Mobile USA, Inc*., 106 F. Supp. 3d 369, 411 (S.D.N.Y. 2015) ("The Federal Rules anticipate that '[s]ome types of expert testimony will not rely on anything like a scientific method.'") (quoting *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 37331 (S.D.N.Y. May 7, 2008)) (quoting Fed. R. Evid. 702 Advisory Committee Note)).  Thus, while the requirement of reliability "applies equally when an expert's testimony is not scientific in nature", the four *Daubert* factors "may not be applicable when assessing the testimony of non-scientific experts." *Id*. (citations and quotations omitted); *see also Houlihan v. Marriott Int'l, Inc.*, 00-cv-7439 (RCC), 2003 U.S. Dist. LEXIS 17382, 2003 WL 22271206, at *3 (S.D.N.Y. Sept. 30, 2003) (concluding that although a court "may look to the *Daubert* criteria when evaluating the admissibility of non-scientific expert testimony, the standard under Rule 702 is a liberal and flexible one, and the factors outlined in *Daubert* are merely guidelines in aiding a court's reliability determination.").  "[I]n some cases, reliability concerns may focus on personal knowledge or experience rather than strict scientific methods." *WeddingChannel.Com, Inc. v. The Knot, Inc.*, 03-cv-7369 (RWS), 2005 U.S. Dist. LEXIS 991, *17 (S.D.N.Y. Jan. 26, 2005)

(quotation omitted).  While *Kumho Tire* reaffirmed that the district court must act as a gatekeeper for all expert testimony, not merely scientific testimony, it also affirmed that the *Daubert* factors "do not constitute a definitive checklist." *On Track Innovations Ltd.*, 106 F. Supp. 3d at 411-412 (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 138, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)).  The ultimate question is whether [the witness's] testimony is "properly grounded, well-reasoned, and not speculative."  *Id*. (quoting Fed. R. Evid. 702 Advisory Committees Note).

### B.   Bronsther's testimony has been admitted into evidence in federal and state courts.

Plaintiff misleadingly implies that Ms. Bronsther's testimony has not been admitted into evidence in federal court (Plf. Ltr. at 4), when in fact her testimony was considered in at least two federal attorneys' fee cases (both disclosed in her Resume[1] at 2, 5), and there are no cases where her testimony was ruled inadmissible.  For example, in *Palmer v. Rice*, Bronsther's testimony was fully considered and in large parted adopted by the Magistrate's Report and Recommendation, which was later approved in part and modified in part by the district court judge.  *Palmer v. Rice*, CA No. 76-1439 (HHK/JMF), 2005 U.S. Dist. LEXIS 13677 (D.D.C. July 11, 2005), *adopted in part*, Memorandum Opinion and Order (D.D.C. June 27, 2007), Docket No. 303.  The Magistrate noted that he had "performed an independent analysis of the data, and . . . only considered those portions of Bronsther's testimony that [he found] to be both credible and persuasive," which was most of it.  *Palmer*, 2005 U.S. Dist. LEXIS 13677 at *21, n. 4.  The Magistrate agreed with Bronsther that the excessiveness of the time charges in that case was "egregious."  *Id*. at *30; *see also id*. at *44, 48 ("outrageous"); *see* Report of Judith A. Bronsther, *Palmer v. Rice*, CA No. 76-1439 (HHK/JMF), Docket No. 264-1, at 27.  Where Bronsther had recommended an overall reduction in hours and rates of attorneys' fees of 75%,

---

[1] Bronsther's Resume is Scheiner Dec. Ex. C, and Exhibit A to the Bronsther Dec.  Docket Nos. 598-3, 600-6.

the Magistrate recommended a reduction of nearly 70% of the original attorneys' fees. *Id*. at *3, 64. [2] There are several other state and federal cases where Bronsther's testimony was admitted into evidence. *See* Declaration of Judith A. Bronsther, May 3, 2016 ("Bronsther Dec. II"), ¶ 6; *see also Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, 2013 U.S. Dist. LEXIS 124190, *3 (S.D.N.Y. Aug. 29, 2013) (considering Bronsther's analysis and recommendations).

### C. Bronsther's testimony would be helpful to the Court and such testimony is generally admitted in federal courts to aid in the consideration of legal fee disputes.

Plaintiff argues that Bronsther's testimony would not be helpful to the Court because the Court is an 'expert' in legal fees and therefore no legal fee experts can ever be helpful to the Court.  Plaintiff ignores the substantial authority that such testimony is routinely considered in legal fee disputes, including in cases previously cited by the City but ignored by plaintiff.  *See, e.g., Webb v. County Bd. of Educ.*, 471 U.S. 234, 238 (1985) ("Two expert witnesses testified for the petitioner that the request of $ 120 per hour for 141.1 hours was reasonable."); *Lightfoot v. Walker*, 826 F.2d 516, 522 (7th Cir. 1987) (recounting testimony from both sides' experts regarding the reasonableness of fees); *Palmer v. Rice*, 2005 U.S. Dist. LEXIS 13677 at *21-24, *30 (considering expert testimony of Bronsther and stating "it is the court's opinion that the fees and costs the Terris firm seeks are not only unreasonable; they are egregious. The bill is, quite simply, staggering . . . .").

Several courts have considered and rejected objections to the admissibility of expert testimony on the reasonableness of legal fees and billing practices.  *See, e.g., Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) ("the problems NAICO

---

[2] Upon review of the Report and Recommendation, the court in *Palmer v. Rice* revised this figure upward for three specific categories, but did not question the propriety or admissibility of Bronsther's testimony.  *See* June 27, 2007 Order, Docket No. 303, at 8, 10, 12.

cites with [the attorneys' fee expert's] testimony go to the weight of the evidence, not to its admissibility"); *Crop Prod. Servs. v. Narum Concrete Constr., Inc.*, 2014 U.S. Dist. LEXIS 84300, *27-29 (E.D. Wash. June 18, 2014) (rejecting challenge to admissibility of expert on the reasonableness of legal fees); *In re River Landings, Inc.*, 180 B.R. 701, 704 (Bankr. S.D. Ga. 1995)(expert testimony on the reasonableness of attorneys' fees admitted).

In an American Disabilities Act case, a district court considered and rejected an objection that a proffered fee expert's opinions on reasonableness and billing practices were inadmissible because the expert lacked experience with disability litigation (like plaintiff's objection here that Bronsther lacks experience as a civil rights litigator). *Cruz v. Starbucks Corp.*, 2013 U.S. Dist. LEXIS 79231, *8-10, *22-23 (N.D. Cal. June 5, 2013). The court not only overruled the objection but favorably considered the expert's recommendations in detail. *Id.*, at *22-23; *see also Camarillo v. City of Maywood*, 2015 U.S. Dist. LEXIS 14702, *28-29 (C.D. Cal. Feb. 4, 2015) (admitting expert testimony on reasonableness of fees over objection: "Expert opinion is one of many sources to which the Court may look for guidance in determining a reasonable fee award."); *Crop Prod. Servs..*, 2014 U.S. Dist. LEXIS 84300 at *27-29 (ruling that expert testimony on reasonableness of fees applying "lodestar" method was admissible); *Catapult Communs. Corp. v. Foster*, 2010 U.S. Dist. LEXIS 14786, *6-7 (N.D. Ill. Feb. 19, 2010) (testimony of lawyer offered as expert on the reasonableness of attorneys' fees admitted on the basis of practical experience).

Federal courts also frequently consider expert testimony on the reasonableness of attorneys' fees without apparent objection under Rule 702, implicitly finding the testimony helpful. *See, e.g., Avaya, Inc. v. Telecom Labs*, 2016 U.S. Dist. LEXIS 6111, *13 (D.N.J. Jan. 19, 2016) (expert report on the reasonableness of fees to be considered by a special master);

*Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002) ("the two [expert] affidavits, combined with the presumption of reasonableness and the court's ability to use judicial notice to guide the reasonableness finding is enough for us to conclude that the district court did not abuse its discretion in awarding fees as contemplated by plaintiffs' contingency fee contract"); *Cont'l Cas. Co. v. N. Am. Capacity Ins. Co.*, 2010 U.S. Dist. LEXIS 144580, *30 (S.D. Tex. Jan. 13, 2010) (jury should consider experts on both sides concerning the reasonableness of fees); *see supra* at 4-5 (citing court's considering Bronsther's testimony).

Such testimony on legal fees is deemed helpful and admissible even when attorneys' fees are to be determined by the court, and even though the court itself is deemed an "expert" on attorneys' fees. *Primrose Operating Co.*, 382 F.3d at, 562 (district court may use its own expertise to determine if testifying legal fees expert relied on appropriate sources). As the Fifth Circuit made clear in *TMT Trailer Ferry, Inc.*, -- on which plaintiff relies -- the Court could decide the reasonable amount of fees "*either with* or without the aid or testimony of witnesses as to value." 577 F.2d 1296, 1304 (5th Cir. 1978) (quoting *Campbell v. Green*, 112 F.2d 143 (5th Cir. 1940)). "With or without" does not mean always without. Accordingly, "[t]he trial court may consider *both expert opinion and its own judgment* in determining the reasonableness of requested fees." *SE Prop. Holdings, LLC v. Sandy Creek II, LLC*, 2014 U.S. Dist. LEXIS 1228, *17-18 (S.D. Ala. Jan. 7, 2014) (emphasis added) (citations omitted); *see also In re Parsons*, 2010 Bankr. LEXIS 2934, *7-9 (Bankr. D.N.M. Sept. 9, 2010) ("The Court will admit the proffered expert testimony and will give the testimony the weight the Court deems appropriate. The Court is not bound by the expert opinions.").

Indeed, plaintiff's argument that the Court should exclude or strike Bronsther's testimony because the Court has expertise in the area of legal fees turns logic on its head, since the Court is better able than the jury to avoid being misled by expert testimony or giving it undue weight.

Of course, the Court may apply its own judgment about what is reasonable or generally acceptable, but that is no reason why the expert's views should be inadmissible.  Moreover where, as here, the Court is the trier of fact, there is *less* risk of prejudice from the Court considering expert testimony than would arise with a jury trial (where the jury may give the expert's views undue weight), and therefore *less* reason to exclude the expert's testimony than in a jury trial.

Plaintiff misleadingly cites Bankruptcy Court rulings showing only that expert testimony on reasonableness is not required or controlling in the bankruptcy context (even if unrebutted); the cases, however, do not say that such testimony should never be admitted into evidence.  For example*, in In Re McClanahan*, cited by plaintiff, the Bankruptcy Court found only that expert testimony was not binding on the Court, even if unrebutted.  137 B.R. 73, 74 (Bankr. M.D. Fla. 1992) ("[T]his Court has in the past and intends in the future to reject outright the proposition that the ruling on the Fee Application should be based on testimony of experts, *and the role of the Judge considering the application is merely that of a potted plant, and if the expert testimony is unrebutted, which is almost always the case, the Judge is relegated to accept the unrebutted testimony . . . .*").  The bankruptcy court's ruling was based in part on the special statutory duties of a bankruptcy court to conduct an independent review of the fees of Chapter 13 debtors' counsel – a statute not applicable here – and on the special jurisdiction of the Bankruptcy Court handling fee applications in virtually every Chapter 13 case.  137 B.R. 73 at 74 ("[I]f the expert testimony on the subject of what is a reasonable fee would be binding on the Court because it is

unrebutted, § 329 of the Bankruptcy Code would be totally meaningless and unnecessary"). While the court in *McClanahan* did state that it "rejected" the experts' testimony, it did not do so under Rule 702 or any evidentiary standard, but rather for reasons of credibility and weight, in part because one expert was from a firm that files its own Chapter 13 fee petitions (just like plaintiff's own opinion witnesses filing declarations declaring plaintiff's rates are reasonable). *Id*. 137 B.R. at 77. [3]

*McCord v. Jaspan Schlesinger Hoffman, LLP (In re Monahan Ford Corp.)*, cited by plaintiff, is even more off point.  390 B.R. 493, 503-04 (Bankr. E.D.N.Y. 2008).  In that case, the Bankruptcy Court ruled that the trustee of the bankruptcy estate was not *required* to offer expert testimony on legal malpractice on summary judgment in an adversary proceeding against the firm that had represented the estate in the same proceeding.  *Id*.  That ruling has no relevance here, since Bronsther offers no opinion on the quality of representation and the issue here is the admissibility of her testimony, not whether the testimony is required.

Plaintiff contends that Bronsther's testimony invades the province of the Court by offering legal opinions.  But, as Bronsther explains, she offers no legal opinions.  Bronsther Dec. II, ¶ 8.  The reasonableness of attorneys' fees and billing practices is a question of fact (at least in part).  *Stephen Feldman, P.C. v. Talon Paint Prods.*, 2002 U.S. Dist. LEXIS 20110, 19-20 (S.D.N.Y. 2002) ("A question of fact also exists as to whether the fees charged by the Firm were reasonable, in light of the time and labor required for the appeal, the difficulty of the legal questions presented, the lawyers' experience and ability, and the benefit resulting to Talon from the Firm's services. . . . The reasonableness of the fees is a matter that can only be resolved at

---

[3] Likewise, in *Sweeney v. Athens Regional Medical Center*, 917 F.2d 1560, 1569 (11th Cir. 1990), cited by plaintiff, the Court ruled only that expert law professors' opinions should not supervene the Court's view of reasonableness; there was no holding that the opinions were inadmissible.

trial."); *Cont'l Cas. Co. v. N. Am. Capacity Ins. Co.*, 2010 U.S. Dist. LEXIS 144580, *30 (S.D.

Tex. Jan. 13, 2010) ("Whether attorneys' fees are reasonable is typically a question of fact.").

Bronsther's Audit Report cites case law only as informative of actual standards and practices of

reasonableness and billing methodology (such as practical standards relating to billing

increments (Audit Report at 60) and as contextual background, such as the standard for fee

awards generally in Section 1983 cases (Audit Report at 18-19).  Bronsther Dec. II, ¶ 8.  This is

entirely acceptable. *See Camarillo v. City of Maywood*, 2015 U.S. Dist. LEXIS 14702, *28-29

(C.D. Cal. Feb. 4, 2015) ("The Court considers this [legal discussion] relevant background and

foundational information.")

In *De La Paz v. Rubin & Rothman, LLC*, 11 Civ. 9625(ER), 2013 U.S. Dist. LEXIS

168093, *36 (S.D.N.Y. Nov. 25, 2013), cited by plaintiff, the proffered expert did not submit a

detailed analysis of the billing records in that case, but rather a conclusory letter, belatedly

offered for a limited purpose.  The contents of the letter were not set forth in full by the Court,

but it appears as Docket No. 77 , 11 Civ. 9625(ER).  The letter is only two pages, expressing the

view that discovery should be permitted regarding the plaintiff's fees.  *Id.*  The letter was offered

solely for the purpose of seeking discovery from the plaintiff.  *De La Paz,*, 2013 U.S. Dist.

LEXIS 168093 at *36.  The court did not give weight to the letter for reasons irrelevant here: it

contained legal conclusions about whether discovery should be permitted and was not submitted

to the Magistrate prior to ruling.  *Id.*  Moreover, the Magistrate had already reduced the fees by

30%.  *Id.*  Bronsther's opinion here is far more detailed than the law professor's letter in *De La*

*Paz*, is on a different subject, and contains no legal conclusions about discovery.

In the Chapter 11 bankruptcy petition case *In re Worldwide Direct, Inc.*, 316 B.R. 637,

642 (Bankr. D. Del. 2004), relied on by plaintiff, the court heard testimony from a legal fee

auditor, rather than excluding the testimony out of hand on the basis of motion papers alone.  In the testimony, the auditor "acknowledged that there is no such thing" as generally acceptable billing practices; that "he utilized internal procedures only (which he refused to produce asserting they are proprietary);" and that he had not "explain[ed] what he did in this case."  *Id*. Here, the expert has not made any such admissions , and has stated that her methods and opinions are based on generally acceptable standards and practices relating to legal fee billing, including guidelines in a fee arbitration advisory promulgated by the California State Bar (a fact ignored by plaintiff), and corporate legal billing policies.  Audit Report 44 & Ex. 6 to the Audit Report; Bronsther Dec. II, ¶ 7.  Accordingly, the decision in *re Worldwide Direct, Inc.*is not on point.[4]

### D.   Bronsther has more than adequate experience to qualify her to perform the legal fee analysis she offers here.

Plaintiff argues that Bronsther is not qualified to offer expert testimony here, and claims that there are no generally accepted standards for her to apply, citing a 1999 article by Bronsther. Bronsther's article fails to support plaintiff's position: it reflects the fact that there is a long-standing field of legal bill auditing that is useful to clients seeking to challenge unreasonable fees. Plf. Ltr. 4, Ex. A.  Whether or not most attorney bills meet legal fee auditing standards in every respect is beside the point and does not mean that there are no such standards.

Bronsther has extensive qualifications based on 25 years of practical experience: she has evaluated legal billings in dozens of litigation matters pending in both state and federal courts, including several civil rights and employment cases, and testified or advised clients on both sides

---

[4] At a minimum, if the Court has any doubts about the basis for Bronsther's Audit Report, the Court should allow Bronsther to testify about it, as occurred in *Worldwide* prior to any finding of inadmissibility.  *See, e.g., Sullivan v. Ford Motor Co*., 1998 U.S. Dist. LEXIS 1539, 11-12 (S.D.N.Y. 1998)(expert discovery was needed and potentially a *Daubert* hearing was required before the Court could determine summary judgment because, "[t]he alternative -- to grant summary judgment at this juncture, on the basis of an incomplete record and absent the deposition of a critical expert witness -- would be inappropriate.").

of the issue: those opposing a legal fee claim and also parties seeking to collect reasonable fees. *See* Audit Report 2; Bronsther Dec. II, ¶¶ 5-7; Resume, Ex. C; *see also, e.g., Castro v. Terhune*, 2011 U.S. Dist. LEXIS 131740, *2, *4 (N.D. Cal. Nov. 14, 2011) (prisoner civil rights action where objections to Bronsther's expert testimony were denied as moot); *Palmer v. Rice*, 2005 U.S. Dist. LEXIS 13677, at *2-3, *49 (considering Bronsther's testimony in employment discrimination action against federal government). Thus, unlike the expert in the case of *Rodriguez v. County of L.A.*, 96 F. Supp. 3d 1012, 1027 (C.D. Cal. 2014), on which plaintiff relies, Bronsther does have prior experience in cases of comparable subject-matter to that at issue here. [5]

In any event, experience with civil rights litigation is not required given the nature of her opinions here. Bronsther does not opine on issues particular to civil rights law, or whether particular civil rights issues were legally important to the case. Rather, her opinions are based on generally applicable standards about reasonable billing practices in litigation, and standards relating to how to bill time, *i.e.*, billing increments and block billing. Qualifications as a civil rights lawyer are not necessary to such opinions, and any lack of such qualifications, if relevant at all, goes to the weight of her testimony not its admissibility. *See McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043 (2d Cir. 1995)(holding that dispute over an expert's qualifications go to the weight and credibility afforded to the testimony, not to its admissibility).Bronsther has published numerous articles on the subject of legal fee practices and disputes, taught CLE programs on legal fee issues, and testified by deposition or provided reports in 26 court cases or arbitrations, plus, in at least five cases, she provided testimony in court or in an arbitration. *See* Bronsther Dec. II 5-6; Resume, Ex. C. As a result of her 25 years of work in the field, she is

---

[5] Even in *Rodriguez*, the Court held that the expert was qualified in the field of legal fee analysis generally and the Court considered much of the expert's testimony as summary evidence). *Id.*

intimately familiar with real world industry practices in the form of corporate legal fee billing policies; guidance on fee arbitrations from the California State Bar (ignored by plaintiff); and the actual practices of clients and law firms.  Bronsther Dec. II, ¶ 7; Audit Report 44 & Ex. 6 to the Bronsther Report; *see also Welch v. Metro. Life Ins. Co.*, 2004 U.S. Dist. LEXIS 28578, *8-9 (C.D. Ca. Sept. 20, 2004) (quoting Arbitration Advisory, 03-01, *Detecting Attorney Bill Padding*).[6]  Most importantly, Bronsther's experience well equips her to organize and understand the very large volume of disorganized fee information submitted by plaintiff in this case: a task that is not only helpful to the Court but essential towards understanding the nature of the fee application. Bronsther provides factual testimony that is facilitated by her experience with legal fee audits. Bronsther Dec. II, ¶ 9-10.  To the extent that a lawyers' judgment is required to identify the categories of entries that are set forth the Audit Report, Bronsther is fully qualified to make such judgments.  It remains for the Court to determine the reasonableness of the hours claimed, and the appropriateness of the exclusions and reductions that are recommended by Bronsther and requested by the City on the basis of the facts, the expert's analysis, and the case law in the City's Memorandum of Law.

Plaintiff attacks Bronsther for lack of methodology, but entirely overlooks her statement of methodology at Exhibit 2 of the Audit Report.  There, Bronsther explains how she categorizes the time charges and enters codes for that time representing major aspects of the matter; specific

---

[6] Plaintiff's attack based on the website of Bronsther's firm (Plf. Ltr. 6) to show bias towards opposing unreasonable fees is beside the point – an expert is not expected nor required to be an unbiased neutral: bias goes to the weight of the expert's testimony not its admissibility.  *Arista Records LLC v. Lime Group LLC*, 2011 U.S. Dist. LEXIS 47416, *24-25 (S.D.N.Y. Apr. 29, 2011) ("[M]any witnesses are biased to some degree, and lack of bias is not required for expert testimony to be admissible."(quotation omitted); a*ccord In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 37331, *48 (S.D.N.Y. May 7, 2008); *see also Tedone v. H.J. Heinz Co.*, 686 F. Supp. 2d 300, 311 (S.D.N.Y. 2009) (allowing testimony from expert who had been employed by defendant for 31 years, and holding that issue of bias is an issue more appropriate for cross-examination).  In any event, Bronsther conducts a pre-screening before taking on a retention to give testimony, to determine whether her opinion is likely to be congruent with her client's goals.  Bronsther Dec. II, ¶ 4.

witnesses, topics or issues; and tasks.  She also indicates how she applies these methods to block

billing and vague entries.  *Id*.  Plaintiff has not asserted any defect in this methodology,

preferring instead to ignore it.  As held in the cases cited above concerning similar expert

testimony, this methodology is sufficient for the straightforward, non-technical task of

categorizing and calculating attorneys' fees.  An expert's work need not involve science or

complex mathematics to be admissible: the categorization, organization and addition of legal

fees is proper testimony for an expert.  *See Microsoft Corp. v. Motorola, Inc.*, 2013 U.S. Dist.

LEXIS 109905, *27-28 (W.D. Wash. Aug. 5, 2013) (ruling expert testimony admissible that

revised, allocated and presented legal fee data).

Accordingly, Bronsther's testimony embodied in her Audit Report meets the

requirements of Rule 702 and should be considered by the Court.

## POINT II

### THE CALCULATIONS OF TIME CHARGES IN SPECIFIC CATEGORIES IN THE AUDIT REPORT ARE ADMISSIBLE AS CONVENTIONAL FACTUAL TESTIMONY OR AS SUMMARY EVIDENCE UNDER FED. R. EVID. 1006

While moving to strike the entirety of the Audit Report under Rule 702, plaintiff fails to

address the numerous factual calculations of the number of hours billed in various categories

according to subject-matter as well as billing practices, which make up the bulk of the Audit

Report.  For example, the Audit Report calculates the number of hours billed to: (i) claims

against the medical defendants; (ii) depositions (in total and in particular) and deposition

digesting; (iii) trial preparation (in total and for particular witnesses); (iv) summary judgment

motions; (v) meetings and conferences with the same description by multiple counsel; (vi)

lobbying and public relations; and many other specific categories.  Audit Report 19-27, 32-25,

36-42, 81-85, 86-91, 92-103, 104-107.  Similar facts are set forth regarding the expenses claims.

- 14 -

Audit Report at 2, 15-18, 109-112.  In addition, the Audit Report contains calculations based on those subtotals.  Audit Report 109.  All of this factual evidence is admissible, without regard to Rule 702.

These calculations are based on the time charges submitted by plaintiff, and could be confirmed or disputed by the parties or the Court by reference to the material submitted by plaintiff.  Bronsther Dec. II, ¶ 9.  If the plaintiff believes that the calculations are in error, he can submit his own calculations.  Certainly Bronsther's expertise in legal fee auditing is helpful in identifying the relevant categories for these calculations, and prior experience with legal fee audits expedites the formulation of the categories and the review of the entries.  *Id.*  In other words, especially given the nature of the data – which was particularly disjointed in this case – it helps to have done this before.  But expert testimony is not required as a prerequisite for this essentially factually testimony.  Therefore, the Court may consider Bronsther's calculations solely as factual testimony, or as summary evidence admissible under Fed. R. Evid. 1006. Rule 1006 is "based on the common-law rule that a party may prove the contents of voluminous writings that cannot be examined in court without causing inconvenience and waste of time by presenting evidence of their contents in abbreviated form." *United States ex rel. Maris Equip. Co. v. Morganti, Inc.*, 163 F. Supp. 2d 174, 201 (E.D.N.Y. 2001) (quoting 6 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 1006.02 (2d ed. 1997) ("Weinstein's Evidence")).  A "'quintessential summary' is one 'used to facilitate the jury's deliberations and to avoid forcing the jury to examine boxes of documents in order to make simple calculations.'" *Id.* (quoting *Fagiola v. National Gypsum Co.*, 906 F.2d 53, 57 (2d Cir. 1990)); *see also e.g.*, *SEC v. Competitive Techs., Inc.*, 2006 U.S. Dist. LEXIS 85983, *11 (D. Conn. Nov. 6, 2006) (expert

testimony not required for basic statistical calculations to be admitted into evidence under Rule 1006).[7]

Even the case law on which plaintiff relies supports the admissibility of fee calculations and other factual contentions regarding a fee submission, even without expert opinion testimony that may accompany it.  *See  Rodriguez v. County of L.A.*, 96 F. Supp. 3d 1012, 1027 (C.D. Cal. 2014) ("The Court considers only Mr. Bruning's quantification of Plaintiffs' counsel's billing records and the evidence establishing the time Plaintiffs' counsel spent preparing the opposition to Defendants' summary judgment motion.");  *Takeda Chem. Indus. v. Mylan Labs., Inc.*, 2007 U.S. Dist. LEXIS 19614, *26 (S.D.N.Y. Mar. 21, 2007) ("To the extent that summary figures from the Marquess report are also contained in Mylan's brief, they have been considered in connection with Mylan's arguments on this application.").

The Audit Report calculations and summaries are helpful and indeed necessary to assist the Court in processing the information relevant to its determination of reasonable fees.  Without such calculations and summaries – whether conducted by the Court or the parties – it is impossible for the Court to analyze with any granularity the reasonableness of plaintiff's fee request.[8]

---

[7] Plaintiff wrongly claims that the City conceded that Bronsther's Audit Report was inadmissible as expert testimony by referring to it as a "useful guide" (Plf. Ltr. 1) even if the Court were to not consider it under Rule 702. There was no such concession.  The statement in the City's Memorandum of law on which plaintiff relies reflected only the same point made here: the report contains highly useful factual summaries of plaintiff's submission that are admissible regardless of Rule 702.  Plaintiff says nothing about why Bronsther's factual observations and calculations should be inadmissible.  Indeed, the Court could not ignore such portions of the Audit Report without ignoring factual evidence in the record.

[8] In addition, of course, the Court may also consider the total number of hours requested, in comparison to the hours expended in comparable cases and the Court's judgment about what was reasonably required by this case were it reasonably staffed and litigated.  *See* City Mem. at 17-18.

Accordingly, Bronsther's calculations regarding the amount of hours charged to various categories of work and in various types of entries are admissible, regardless of the admissibility of her opinions under Rule 702.

## POINT III

### IN THE ALTERNATIVE, SHOULD THE COURT NOT CONSIDER THE FACTS AND OPINIONS IN THE AUDIT REPORT, THE COURT SHOULD REFER THE MATTER TO A SPECIAL MASTER FOR DETAILED ANALYSIS OF PLAINTIFF'S COUNSEL'S BILLINGS

Should the Court not consider the Audit Report, the City respectfully requests that the Court refer the fee dispute to a Special Master pursuant to Fed. R. Civ. P. 53, so that a qualified neutral can conduct the same type of detailed analysis that Bronsther conducted. *See, e.g., EEOC v. Enterprise Ass'n Steamfitters Local No*. 638, 542 F.2d 579, 588 (2d Cir. 1976)("recognizing "the administrative burden that the trial of a backpay suit necessarily imposes upon the district court" and recommending "that the court utilize its full powers under 28 U.S.C. § 636 and Fed. R. Civ. P. 53, to refer these matters to a special master")(citations omitted).  Where, as here, fee applications are particularly complicated, voluminous or cumbersome, it is not unusual for district courts to employ special masters as court-appointed experts to opinion of reasonable fees. *See e.g., NLRB v. Baby Watson Cheesecake*, 1994 U.S. App. LEXIS 40849, *41 (2d Cir. 1994)(ordering that, should any dispute arise concerning attorneys' fees warranting a hearing, the Court "may refer such dispute to a special master, upon such terms as the Court shall determine, for a Report and Recommendation."); *Avaya, Inc. v. Telecom Labs*, 2016 U.S. Dist. LEXIS 6111, *13 (D.N.J. Jan. 19, 2016) (referring fee dispute to special master); *Helms v. Sec'y of HHS*, 2002 U.S. Claims LEXIS 295, *14 (Fed. Cl. Aug. 8, 2002) (referring question of reasonable fees to special master) (citing *Slimfold Mfg. Co. v.*

- 17 -

*Kinkead Indus. Inc.*, 932 F.2d 1453, 1459 (Fed. Cir. 1991); *Saxton v. Secretary of HHS*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).

## CONCLUSION

For the reasons stated above,[9] plaintiff's motion to strike the Declaration of Judith Bronsther and Bronsther's Audit Report should be denied.  In the alternative, should the Court grant the motion, the Court should refer the matter to a special master for a comparable analysis of plaintiff's legal fees.

Respectfully submitted,

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorneys for City Defendants*
100 Church Street, Room 3-212
New York, New York 10007
(212) 356-2344

By: _____/s_____
Alan H. Scheiner
Senior Counsel

---

[9] On April 29, 2016, plaintiff filed papers including supplemental briefing in support of plaintiff's motion to strike the Bronsther Declaration and Audit Report. The City has requested leave to respond to that supplemental briefing in a separate memorandum.  The City notes, however, that *Cohen v. Brown Univ.*, 2001 U.S. Dist. LEXIS 22438, *30-31 (D.R.I. Aug. 10, 2001), cited by plaintiff in its supplemental briefing, did not exclude any testimony or expert report of Bronsther and none was offered in that case. Rather, the decision concerned a 17-page summary appendix to a party's brief, where Bronsther's firm had participated in preparing the appendix as a consultant to a party, not as an expert witness. No fact-specific finding from that 15-year old proceeding, the full factual basis for which is not before this Court, is relevant to this Court's ruling under Rule 702. The City will more fully address this and plaintiffs' other new arguments in a supplemental submission in response to the April 29, 2016 filing, if granted leave to do so by the Court.