


ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ALAN H. SCHEINER
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

May 3, 2016

*Adjournment of argument denied. Surreply permitted. So ordered.*
*Sweet U.S.D.J.*
*5-4-16*

**BY ECF & EMAIL**
(Talia_Nissimyan@nysd.uscourts.gov)

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Schoolcraft v. City of New York*, 10-CV-6005 (RWS)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing the motion respondent City of New York (the "City"), in connection with the above-captioned matter.

      I write to respectfully request an adjournment of the oral argument date on plaintiff's fee application from May 12, 2016 to some date after May 13, 2016, and to request leave to file a 14-page surreply Memorandum of Law on May 13, 2016, in opposition to plaintiff's fee application, in light of plaintiff's multiple submissions of April 29, 2016 and May 2, 2016. In those submissions, plaintiff's counsel – all purporting to represent the same plaintiff – filed submissions in three groups, with the Smith group filing a 38 page Reply Memorandum accompanied by three argumentative declarations totaling 32 pages; the Norinsberg group filing a 59 page Reply Memorandum accompanied by 19 exhibits; and the Gilbert group filing on May 2, 2016 a 14 page argumentative Affirmation (apparently in lieu of a Memorandum). Thus, plaintiff's Reply submission totaled 143 pages of argument.

      Plaintiff's filing was made without a ruling on plaintiff's counsel's prior application to file multiple and oversize submissions. In partial opposition to that application, the City did not oppose an oversize submission of reasonable size (to be determined at the Court's discretion), but did object to multiple submissions by a single plaintiff and noted that the City could be prejudiced by an oversize submission due to the oral argument date of May 12, 2016. To cure that prejudice, the City noted that it may be required to request adjournment of the oral argument to allow a reasonable time to review and prepare to respond to the submission, and that the City

Sweet, J.
May 3, 2016
Page 2

might request leave to file a written surreply. *See* City Letter of April 27, 2016 (Docket No. 618). If the Court accepts plaintiff's oversize and multiple submissions, the City should not be prejudiced thereby.

Plaintiff includes within his submission several points that were not raised in plaintiff's moving Memorandum of Law. Both the Smith and Norinsberg groups make the new argument that the Rule 68 obligates the City under contract law to pay legal fees incurred in prosecuting claims against the private medical defendants who were not parties to the Rule 68 settlement, even if that would be contrary to the requirements of 42 U.S.C. § 1988 on which plaintiff's motion had previously relied. *See* Norinsberg Reply Memorandum at 13-14 (Docket No. 624); Smith Reply Memorandum at 9-11 (Docket No. 620); *compare* Notice of Motion (Docket No. 559) ("pursuant to . . . 42 U.S.C. § 1988").

The Smith and Norinsberg groups also make a new argument asserting that they are entitled to *9% interest under state law* on attorneys' fees and expenses, under the theory that plaintiff's attorneys fees claim is grounded on state contract law and not 42 U.S.C. § 1988. Norinsberg Reply Memorandum, at 58 n. 31; Smith Reply Memorandum at 36 n. 31. The Smith group also seeks fees-on-fees for the fees and costs incurred in prosecuting the attorneys' fees application, which was not sought in plaintiff's moving papers. Smith Reply Memorandum at 35-36. The City should be allowed the opportunity to respond in writing to these new matters.

Plaintiff's counsel also included at least four additional pages of argument that the City's proffered expert testimony should be excluded, in further support of their motion to strike (while stating an intent to file even more briefing on that issue in Reply, although date for Reply briefing has been set). *See* Norinsberg Reply Memorandum at 6-10; Smith Reply Declaration at 4-6. That portion of plaintiff's submission is in the nature of a supplemental moving Memorandum, to which the City should be entitled to make a supplemental opposition to be included in the surreply.[1] The City also respectfully requests the opportunity to include in its 14-page surreply any argument necessary to address additional *new* case law and *new* factual assertions presented for the first time on Reply.

The City also requires additional time solely to prepare for oral argument in light of the sheer volume of plaintiff's Reply papers and new matters asserted therein.

The City has emailed with plaintiff's counsel about this request, and plaintiff's counsel refused to agree to any adjournment of the oral argument date or any surreply on any issue.

For the foregoing reasons, the City respectfully requests that the oral argument date be briefly adjourned and that that the City be permitted until May 13, 2016 to file a 14-page surreply to plaintiff's submission to address the new matters set forth above. The City

---

[1] The City will file its opposition in response to the plaintiff's *initial* motion to strike the Bronsther declaration and Audit Report today, as scheduled.

Sweet, J.
May 3, 2016
Page 3

respectfully requests that oral argument be scheduled on a date to follow May 13, 2016 that will allow the Court sufficient time to consider all the submissions.[2]

    We thank the Court for its consideration of this matter.

                                   Respectfully submitted,

                                   /s/

                                 Alan H. Scheiner
                                 Senior Counsel
                                 Special Federal Litigation Division

cc:    All counsel by ECF

---

[2] The oral argument date for the plaintiff's fee application was previously adjourned three times. First, the date was adjourned to allow time for the parties to participate in a settlement conference with Magistrate Judge Freeman. Docket No. 586. Second, after the settlement conference was concluded, the oral argument date was adjourned upon consent of the parties due to the unavailability of the City's counsel from April 20, 2016 through May 1, 2016. Docket No. 610. Third, the date was adjourned upon consent of the parties in light of plaintiff's request for additional time to file their Reply papers. Docket No. 614. In addition, the date was moved forward by one day at the request of plaintiff due to plaintiff's unavailability. Docket No. 612.