**COHEN & FITCH LLP**
THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 1800
NEW YORK, NY 10279
TEL: 212.374.9115
FAX: 212.406.2313

---

May 6, 2016

**BY EMAIL & ECF**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                *RE*:    *Schoolcraft v. The City of New York*,
                          10-cv-6005 (RWS) (DCF)

Dear Judge Sweet:

      On behalf of all of plaintiff's counsel, I am writing this letter in reply to defendants' opposition to plaintiff's motion to strike the Declaration and Report of Judith Bronsther, Esq. pursuant to Rule 104(a) and Rule 702 of the Federal Rules of Evidence.

      Plaintiff's initial motion, provides all of the relevant reasons to strike the aforementioned materials – namely, because Bronsther's "expert" opinion about the reasonableness of counsels' fees and their billing practices are not proper subjects of expert testimony and cannot survive the *Daubert* analysis. Given that defendants' opposition has failed to provide any reason to doubt that conclusion, plaintiff will not burden this Court with any additional arguments on that issue.

      Notwithstanding, plaintiff must respond to defendants' suggestion that the determination of the reasonableness of the fees should be referred to a special referee for determination in this case.  Such a request is wholly improper given Your Honor's own experience and expertise in this litigation.

      Specifically, it is well settled that "[i]n making such a determination the court is itself an expert and can properly consider its own knowledge and experience concerning reasonable and proper fees and in light of such knowledge and experience and from the evidence presented, can form an independent appraisal of the services presented and determine a reasonable value thereof."  Newman v. Silver, 553 F. Supp. 485, 497 (S.D.N.Y. 1982), aff'd in part, vacated in part, 713 F.2d 14 (2d Cir. 1983); Langbein v. Kirkland (In re TMT Trailer Ferry, Inc., 577 F.2d 1296, 1304 (5th Cir.1978) ("[t]he

court...is itself an expert on the question (of attorneys' fees) and may consider its own knowledge and experience concerning reasonable and proper fees."). Indeed, a "'judge is presumed knowledgeable as to the fees charged by attorneys in general and as to the quality of legal work presented to him by particular attorneys.'" Glenn v. Chatmon, No. CIV.A. 87-5107, 1988 WL 11677, at *2 (E.D. Pa. Feb. 12, 1988); In re Monahan Ford Corp. of Flushing, 390 B.R. 493, 504 (Bankr. E.D.N.Y. 2008)("a judge, who routinely observes and evaluates the professional performance of attorneys in bankruptcy cases, is better situated than a law professor to judge the professional competence of debtor's counsel").

Moreover, under the plain language of FRCP 53, "reference to a master shall be the exception and not the rule,'" and shall only be made upon a "finding of an exceptional circumstance." Wilver v. Fisher, 387 F.2d 66, 69 (10th Cir. 1967)("variety, number, and complicated nature of the problems, the issues involved, and 'the best interests of justice.' None of these amount to an exceptional circumstance."); In re U.S., 816 F.2d 1083, 1088-91 (6th Cir.1987) (calendar congestion, complexity of issues, possibility of lengthy trial, extraordinary pretrial management in case with 250 parties, and public interest in quick resolution of case did not satisfy "exceptional condition" for appointment of special master); Jack Walters & Sons Corp. v. Morton Bldg., 737 F.2d 698, 712 (7th Cir.1984) (lack of time for lengthy trial, several thousand pages of materials, and large number of issues did not satisfy "exceptional condition" standard); Hanover Ins. Co. v. Emmaus Mun. Auth., 38 F.R.D. 470, 473 (E.D. Pa. 1965)("The mere fact, however, that an accounting may be necessary is not enough to justify a reference ... It is our opinion that the matters involved in this case are not so complex in nature as to justify the appointment of a master.").

In addition, while, "Rule 53 of the Federal Rules of Civil Procedure authorizes the appointment of special masters to *assist*" the court, it should "not [be used] to *replace*, the adjudicator" especially in a matter where this Court has its own expertise and experience in evaluating the legal and factual issues in connection with the fee application. In re Bituminous Coal Operators' Ass'n, Inc., 949 F.2d 1165, 1168 (D.C. Cir. 1991). Indeed, "[t]he use of masters is [only] permitted because they improve the judicial process by bringing to the court skills and experience which courts frequently *lack*." Reed v. Cleveland Bd. of Ed., 607 F.2d 737, 747 (6th Cir. 1979). In this case, the issue of legal fees is not such an exceptional circumstance that would warrant appointment of a special referee given that Your Honor has had the experience of presiding over this case - and the work performed in connection therewith - for the past six years, not to mention the Court's experience in adjudicating dozens of fee applications in the past. See e.g., id. ("courts are presumed to be informed on legal issues, and the determination of purely legal questions is the responsibility of the court itself."). Finally, the cost and delay associated with appointing a special master clearly militates against any such referral here on an application that has already been pending for six (6) months. See e.g., Goins v. Hitchcock I.S.D., 191 F. Supp. 2d 860, 867-68 (S.D. Tex. 2002), aff'd sub nom. Goins v. Hitchcock Indep. Sch, 65 F. App'x 508 (5th Cir. 2003):

> In light of the relevant circumstances, the Court concludes that referring this case to a Special Master would only delay the ultimate resolution of

this case and bring about considerable added expenses for all involved, without providing any corresponding benefits to the Parties. This Court has handled literally hundreds of Title VII and Title IX cases over the past eleven and one-half years, and to suggest that the Court requires a Special Master to aid the Court in understanding the issues at hand or in dealing with routine discovery disputes is wholly unjustified...Such a situation would violate the explicit directive of Fed.R.Civ.P. 53(b) and lead to an altogether undesirable result.

Id.; Cityside Archives, Ltd. v. New York City Health & Hosp. Corp., 37 F. Supp. 2d 652, 662 (D.N.J. 1999)(denying "a special master to address the issue of attorney's fees because the court was "unwilling to create a trial within a trial."  there was "a legitimate question as to whether this Court can actually appoint a special master in a non-complex case such as the present one," and "the appointing of a special master will further prolong a final resolution to this matter.").

Based on the reasons set forth in plaintiff's initial motion to strike, defendants' "fee expert" report should not be considered by this Court. Finally, for the reasons set forth herein, Your Honor should decline any invitation to appoint a special master to adjudicate an issue that is more properly in the province of this Court, which has experience in fee applications and unique knowledge of this particular case.

Thank you for your consideration of this request.

Sincerely,

_____/s_____
JOSHUA P. FITCH
GERALD M. COHEN
COHEN & FITCH LLP
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

NATHANIEL B. SMITH
100 Wall Street, 23rd Floor
New York, New York 10005
212-227-7062
natbsmith@gmail.com

JON L. NORINSBERG
225 Broadway, Suite 2700

New York, New York 10007
(212) 791-5396
Norinsberg@aol.com

JOHN LENOIR
100 Wall Street, 23rd Floor
New York, New York 10005
212-335-0250
john.lenoir@gmail.com

CC VIA ECF:
Alan Scheiner
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007