Index No. 10-CV-6005 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN SCHOOLCRAFT,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**SURREPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S FEE APPLICATION**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street - Room 3-174*
*New York, NY 10007*

*Of Counsel:  Alan Scheiner*
*Tel:  (212) 356-2344*
*Matter No. 2010-033074*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

       POINT I

              PLAINTIFF IS NOT ENTITLED TO 'FEES ON
              FEES' .............................................................................................. 1

       POINT II

              PLAINTIFF IS NOT ENTITLED TO 9%
              INTEREST ON ANY FEE-AWARD ...................................................... 4

       POINT III

              PLAINTIFF MAY NOT RECOVER FEES FROM
              THE CITY INCURRED IN CLAIMS AGAINST
              THE MEDICAL DEFENDANTS UNDER THE
              OFFER OF JUDGMENT ..................................................................... 6

       POINT IV

              THE COURT SHOULD CONSIDER THE AUDIT
              REPORT OF JUDITH BRONSTHER ................................................... 11

       POINT V

              THE ADDITIONAL EVIDENCE OFFERED BY
              SMITH REGARDING HIS RATES IS
              IRRELEVANT ................................................................................. 13

CONCLUSION ...................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                    **Pages**

*Aiello v. Town of Brookhaven,*
   2005 U.S. Dist. LEXIS 11462 (E.D.N.Y. June 13, 2005) ........................................5

*Albahary v. City & Town of Bristol,*
   96 F. Supp. 2d 121 (D. Conn. 2000) ........................................................6

*Albany Sav. Bank v. Halpin,*
   117 F.3d 669, 674 (2d Cir. 1997) ...........................................................7

*In re Am. Int'l Group, Inc.,*
   2014 U.S. Dist. LEXIS 143375 (S.D.N.Y. Sept. 29, 2014) ..........................9

*Barile v. Allied Interstate, Inc.,*
   2013 U.S. Dist. LEXIS 32483 (S.D.N.Y. Jan. 30, 2013) ...........................2

*Blum v. Stenson,*
   465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) .......................14

*Brady v. Wal-Mart Stores, Inc.,*
   2010 U.S. Dist. LEXIS 115380 (E.D.N.Y. Oct. 29, 2010) ......................14

*Brown v. City of New York,*
   2012 U.S. Dist. LEXIS 24365 (E.D.N.Y. Jan. 30, 2012) .........................5

*Cabral v. City of New York,*
   2015 U.S. Dist. LEXIS 105392 (S.D.N.Y. Aug. 11, 2015) ......................10

*CARCO GROUP, Inc. v. Maconachy,*
   718 F.3d 72 (2d Cir. 2013) ...............................................................4, 5

*Cavada v. City of Chicago,*
   2014 U.S. Dist. LEXIS 116089 (N.D. Ill. Aug. 18, 2014) ......................14

*Cob Shipping Canada, Inc. v. Trans Mktg. Houston, Inc.,*
   1993 U.S. Dist. LEXIS 10795 (S.D.N.Y. Aug. 4, 1993) ..........................9

*Cohen v. Brown University,*
   2001 U. S. Dist. Lexis 22438 (D.R. I. 2001) .......................................12

*Collins v. Stolzenberg,*
   970 F. Supp. 303 (S.D.N.Y. 1997) .......................................................6

*Columbia Cas. Co. v. Neighborhood Risk Mgmt. Corp.,*
   2015 U.S. Dist. LEXIS 85014 (S.D.N.Y. June 29, 2015)......................7-8

**Cases**                                                                   **Pages**

*Commercial Union Assurance Co. PLC v. Milken*,
  17 F.3d 608 (2d Cir. 1994)..................................................................5

*Computer Sys. of Am., Inc. v. Unum Life Ins. Co.*,
  975 F.2d 922 (1st Cir. 1992)..............................................................8

*Cronin v. Executive House Realty*,
  1982 U.S. Dist. LEXIS 12662 (S.D.N.Y. May 5, 1982)...........................4

*Ekeberg v. Shook-Brown*,
  2010 U.S. Dist. LEXIS 70947 (N.D. Ga. Apr. 14, 2010) ........................2

*Espinosa v. Wells Fargo Bank, N.A.*,
  2014 Bankr. LEXIS 1017 (Bankr. D. Or. Mar. 14, 2014) .......................4

*Fein v. Chi. Ins. Co.*,
  2003 U.S. Dist. LEXIS 12374 (S.D.N.Y. July 16, 2003) ........................7

*Foster v. Kings Park Cent. Sch. Dist.*,
  174 F.R.D. 19 (E.D.N.Y. 1997).........................................................2

*Galli v. Metz*,
  973 F.2d 145 (2d Cir. 1992)..............................................................8

*Guerrero v. Cummings*,
  70 F.3d 1111 (9th Cir. 1995) ............................................................1

*Hargroves v. City of New York*,
  2014 WL 1270585 (E.D.N.Y. 2014),
  *report and recommendation adopted*, 2014 WL 1271039 (E.D.N.Y. 2014)............................3

*Hunt Ltd. v. Lifschultz Fast Freight, Inc.*,
  889 F.2d 1274 (2d Cir. 1989)............................................................7

*Jordan v. Equifax Information Svcs.*,
  LLC, 549 F. Supp. 2d 1372 (N.D. Ga. 2008) ...................................1-2

*King v. JCS Enters.*,
  325 F. Supp. 2d 162 (E.D.N.Y. 2004) ...............................................6

*Lane v. Grant County*,
  2013 U.S. Dist. LEXIS 139659 (E.D. Wash. Sept. 20, 2013) ................10

*Lee v. Santiago*,
  2013 WL 4830951 (S.D.N.Y. 2013).................................................3

**Cases**                                                                                       **Pages**

*Long v. City of New York*,
   2010 U.S. Dist. LEXIS 81020 (S.D.N.Y. Aug. 6, 2010) (Hellerstein, J.) ...........................2, 3

*McCord v. Jaspan Schlesinger Hoffman*, *LLP*,
   390 B.R. 493, 504 (Bankr. E.D.N.Y. 2008)...............................................................11

*Mercury Partners LLC v. Pac. Med. Bldgs., L.P.*,
   2007 U.S. Dist. LEXIS 55855 (S.D.N.Y. July 30, 2007) ..........................................8

*Montanez v. Simon*,
   755 F.3d 547 (7th Cir. 2014) ....................................................................................14

*In re Nat'l Basketball Ass'n*,
   630 F. Supp. 136 (S.D.N.Y. 1986) ...........................................................................8

*Natural Organics, Inc. v. Nutraceutical Corp.*,
   2009 U.S. Dist. LEXIS 71077 (S.D.N.Y. Aug. 6, 2009) ..........................................6

*Palmer v. Rice*,
   2005 U.S. Dist. LEXIS 13677 (D.D.C. July 11, 2005).............................................12

*Palmieri v. Allstate Ins. Co.*,
   445 F.3d 179 (2d Cir. 2006).......................................................................................5

*Penley v. City of New York*,
   2015 U.S. Dist. LEXIS 119808 (S.D.N.Y. Sept. 8, 2015) (Koeltl, J.)....................2, 5

*Petrovits v. New York City Transit Auth.*,
   No. 95 Civ. 9872 (DFE), 2004 U.S. Dist. LEXIS 174, 2004 WL 42258
   (S.D.N.Y. Jan. 7, 2004)..............................................................................................6

*Playtex Prods. v. Procter & Gamble Co.*,
   2003 U.S. Dist. LEXIS 8913 (S.D.N.Y. May 28, 2003).........................................11

*Rosado v. City of New York*,
   955510 (S.D.N.Y. 2012) ............................................................................................3

*Said v. Va. Commonwealth Univ.*,
   130 F.R.D. 60 (E.D. Va. 1990) .................................................................................2

*Seiden Assocs. v. ANC Holdings, Inc.*,
   959 F.2d 425 (2d Cir. N.Y. 1992)..............................................................................7

*Spegon v. Catholic Bishop*,
   175 F.3d 544 (7th Cir. 1999) ...................................................................................14

**Cases**                                                                                                                    **Pages**

*Statler v. Buffalo-Bodega Complex, Inc.*,
    2008 U.S. Dist. LEXIS 87685 (D.S.D. Oct. 23, 2008) ...........................................................10

*Sussman v. Patterson*,
    108 F.3d 1206 (10th Cir. 1997) .......................................................................................1

*Takeda Chem. Indus. v. Mylan Labs., Inc.*,
    2007 U.S. Dist. LEXIS 19614 (S.D.N.Y. Mar. 21, 2007) .......................................................11

*Torres v. Walker*,
    356 F.3d 238 ...............................................................................................................9

*United States Naval Inst. v. Charter Communications, Inc.*,
    875 F.2d 1044 (2d Cir. 1989)..........................................................................................9

*Valdez v. Squier*,
    676 F.3d 935 (10th Cir. 2012) .........................................................................................9

*Walk-In Medical Centers, Inc. v. Breuer Capital Corp.*,
    818 F.2d 260 (2d Cir. 1987)...........................................................................................7

*Zavodnick v. Gordon & Weisberg, P.C.*,
    Civ. No. 10-7125, 2012 U.S. Dist. LEXIS 78868, 2012 WL 2036493
    (E.D. Pa. June 6, 2012) .................................................................................................2

**Statutes**

28 U.S.C. § 1961 ...................................................................................................................4

28 U.S.C. § 1961(a) ..............................................................................................................5

42 U.S.C. § 1988...................................................................................................................4

Rule 68 ..................................................................................................1, 2, 3, 4, 5, 8, 9, 10

**Other Authorities**

13 Moore's Federal Practice § 68.05[5] (1997).........................................................................2

## PRELIMINARY STATEMENT

The City of New York (the "City") hereby submits this Surreply Memorandum of Law in Opposition to Plaintiff's Fee Application.[1]

## POINT I

## PLAINTIFF IS NOT ENTITLED TO 'FEES ON FEES'

Some of the plaintiff's counsel now press a claim for 'fees on fees' – i.e., the fees incurred in prosecuting their fee application – which they declined to assert in their moving papers. Smith Reply Mem. 35-36 (Docket No. 620). This claim is barred by the plain terms of the Rule 68, which plaintiff accepted, and on which plaintiff now heavily relies in other respects: "Should plaintiff accept this offer of judgment, plaintiff shall be entitled to reasonable attorneys' fees, expenses, and costs *to the date of this offer* for plaintiff's federal claims." Accepted Rule 68 Offer of Judgment ("Offer of Judgment"), Docket No. 531-1 at 3 (emphasis added).

The restriction of the offer of attorneys fees' "to the date of this offer" – ignored by plaintiff– is sufficient in and of itself to bar any claim for fees on fees, which are of course incurred after the date of issuance of the Rule 68 Offer of Judgment. *See Sussman v. Patterson*, 108 F.3d 1206, 1210-11 (10th Cir. 1997) (offer of judgment provided for "costs of suit to date and attorneys' fees to date" limited fees to the date of acceptance of the offer); *Guerrero v. Cummings,* 70 F.3d 1111, 1113-14 (9th Cir. 1995) (offer of judgment providing for costs "incurred by this plaintiff prior to the date of this offer in amount to be set by the court" cut off

---

[1] The City previously requested an adjournment of the oral argument of May 12, 2016 to allow additional time to prepare a Surreply of 14 pages and oral response to the plaintiff's oversized Reply submission. Plaintiff objected to an adjournment, but allowed that if a Surreply were permitted it could be filed "at any time." Fitch May 3, 2016 Letter at 2. The Court denied the request for an adjournment, but granted leave for the City to submit a Surreply, without setting a due date. Docket No. 629. Since then, plaintiff submitted two more memoranda in support of his motion to strike, to which the City does not here respond. Docket No. 630, 631. The City respectfully notes its continuing objection to the short time-frame permitted to prepare its response to plaintiff's oversize, multiple submissions on both motions.

fees as of time of offer); *Jordan v. Equifax Information Svcs.*, LLC, 549 F. Supp. 2d 1372, 1377 (N.D. Ga. 2008) (offer of judgment providing for "accrued to the date hereof and plaintiff's reasonable attorney's fees, through the date of this offer," allowed costs only through the date of the offer); *Said v. Va. Commonwealth Univ.*, 130 F.R.D. 60, 64 (E.D. Va. 1990) (offer of judgment "with costs accrued to this date" limited costs to those that had accrued through the date of the offer); 13 Moore's Federal Practice § 68.05[5] (1997) ("a Rule 68 offer accepted by the plaintiff may contain language, either the Rule's 'costs then accrued' as of the time of the offer, or other terms, that can be interpreted to exclude any fees incurred after the time of the offer. . ."). Accordingly, Judge Koeltl of this district held that a Rule 68 with language identical to that here barred 'fees on fees,' in a decision relied upon by plaintiff. *See Penley v. City of New York*, 2015 U.S. Dist. LEXIS 119808, *5 (S.D.N.Y. Sept. 8, 2015) (Koeltl, J.), *cited by* Smith Reply Mem. 35 n. 47 ); *see also Barile v. Allied Interstate, Inc.*, 2013 U.S. Dist. LEXIS 32483, *76-79 (S.D.N.Y. Jan. 30, 2013) (Freeman, M.J.) (plaintiff who accepted offer of judgment setting fees as of date of offer could not recover for additional time on the fee application) (also cited by plaintiff here); *Foster v. Kings Park Cent. Sch. Dist.*, 174 F.R.D. 19, 29 (E.D.N.Y. 1997) (finding "that by accepting the offer, the plaintiff has waived any right to attorney's fees incurred after such acceptance"); *Zavodnick v. Gordon & Weisberg, P.C.*, Civ. No. 10-7125, 2012 U.S. Dist. LEXIS 78868, 2012 WL 2036493, at *4 (E.D. Pa. June 6, 2012) (same); *Ekeberg v. Shook-Brown*, 2010 U.S. Dist. LEXIS 70947, *6-7 (N.D. Ga. Apr. 14, 2010) (same).

Plaintiff argues that "equitable" considerations call for fees on fees. Smith Mem. 38. But the few cases allowing 'fees on fees' on equitable grounds require some showing of "bad faith" to overcome the terms of the Rule 68. *Long v. City of New York*, 2010 U.S. Dist. LEXIS 81020, *5-6 (S.D.N.Y. Aug. 6, 2010) ("If the City's dispute over recoverable fees were in bad faith, than

compensation for the work necessary for plaintiffs fee application may be justified. No such

showing has here been made.") (Hellerstein, J.).  Even plaintiff's authorities – which are not

binding on this Court – call for a justification to depart from the terms of the Rule 68 terms.  *See*

*Lee v. Santiago*, 2013 WL 4830951 at \*10, \*13 (S.D.N.Y. 2013) (Acknowledging that "[w]hen a

plaintiff accepts an offer of judgment that includes fees "up to the date" of the offer, the Court, as

a general matter, should not award fees for work performed on the plaintiff's claims after that

date, citing *Long v. City of New York*, 2010 U.S. Dist. LEXIS 81020, at \*5); *Rosado v. City of*

*New York*, 955510, at \*6 (S.D.N.Y. 2012) (the City by "refusing to settle" the fee dispute

justified fees on fees). [2]  Where, as here, plaintiff failed to even *attempt* to negotiate the fee

dispute before filing its fee application (Scheiner Dec. ¶ 21),[3] plaintiff can hardly claim that the

City should have settled fees before the plaintiff's motion was brought.  Moreover, it was the

City that first requested a settlement conference in this matter at oral argument on February 11,

2016, and the City participated in the conference with Magistrate Judge Freeman, making a

substantial submission and settlement offers in good faith. Scheiner Dec.¶  21. [4]  Nor should the

Court punish the City with fees on fees merely for defending itself.

---

[2] Plaintiff misleading cites *Hargroves v. City of New York*, 2014 WL 1270585, at \*23 (E.D.N.Y. 2014), *report and recommendation adopted*, 2014 WL 1271039 (E.D.N.Y. 2014). That case did not decide whether to allow 'fees on fees' since they were not claimed; the decision only noted *Long* and *Rosado* in dicta.

[3] Citation abbreviations herein generally conform to those used in the City's prior memoranda on both pending motions.

[4] Although the parties agreed to keep their settlement talks strictly confidential, because plaintiff insists on putting the City's settlement position in issue, should the Court deem the City's settlement position relevant, the City would propose to disclose settlement discussions to the Court by *in camera* conference.

## POINT II

## PLAINTIFF IS NOT ENTITLED TO 9% INTEREST ON ANY FEE-AWARD

Plaintiff's counsel now argue that plaintiff is entitled to 9% post-judgment interest on attorneys' fees and costs from the date of entry of Judgment fails on several grounds. Norinsberg Reply Mem. at 58 n. 31 ("the interest rate on any fee award in this case must apply the New York statutory rate of 9% from October 16, 2015"); Smith Reply Mem. at 37, n. 51. There is no such entitlement.

First, if there were a valid claim for post-judgment interest, since it is based on a federal judgment it would necessarily be governed by 28 U.S.C. § 1961, which provides for post-judgment interest based on federal Treasury bill market rates – not the state law artificial 9% statutory rate.  28 U.S.C. § 1961.  Second, plaintiff's claim for interest is inconsistent with the Offer of Judgment, which expressly bars any claim for interest except for interest on backpay, in terms that plaintiff chooses to ignore: "Acceptance of this offer of judgment also shall operate to waive plaintiffs rights to any claim for judgment interest on the amount of the Judgment. other than pre-judgment interest  on any backpay amounts."  Offer of Judgment at 3.  Plaintiff does not even attempt to explain why the Court should ignore this plain language of the Judgment.

Of necessity, plaintiff reaches far afield and cites invalid cases law in attempting to justify a state law statutory rate of 9% to its claim made under 42 U.S.C. § 1988 and a federal Judgment.  Plaintiff relies on *Cronin v. Executive House Realty*, 1982 U.S. Dist. LEXIS 12662, *42-43 (S.D.N.Y. May 5, 1982), which relies on *a prior version* of 28 U.S.C. § 1961 which had incorporated the state law rate, but no longer does.[5]

---

[5] *Espinosa v. Wells Fargo Bank, N.A.*, 2014 Bankr. LEXIS 1017, *2 (Bankr. D. Or. Mar. 14, 2014), on which plaintiff relies, is a Bankruptcy Court decision from a Ninth Circuit district court in Oregon, relying on California law, does not concern interest rates at all.

Plaintiff then mixes apples and oranges, citing a case involving *pre-judgment* interest rather than post-judgment interest, despite the Norinsberg group dating the accrual of the interest on the date of entry of the Judgment.  In *CARCO GROUP, Inc. v. Maconachy*, 718 F.3d 72, 75 (2d Cir. 2013), the court considered interest on attorneys' fees that were owed under business contracts – an Employment Agreement and Asset Purchase Agreement – not any Rule 68, federal claim, or fee shifting statute.  718 F.3d 72 at 76.  Because that claim arose from a private contract that pre-existed the Judgment, the Court applied state law *pre-judgment* interest under that contract, finding that pre-judgment interest was owed on attorneys-fees *pursuant to the contract* from the date that plaintiff prevailed.[6]

That is a distinction with an important difference: the Offer of Judgment is just that – an offer to allow entry of a federal Judgment – and it is not enforceable except as a federal Judgment pursuant to Fed. R. Civ. P. 68.   As a Judgment, any interest on it is governed by federal law; even plaintiff's own authorities support this point.  *See* Smith Reply Mem. at 37 n. 51, citing *Aiello v. Town of Brookhaven*, 2005 U.S. Dist. LEXIS 11462, *29-31 (E.D.N.Y. June 13, 2005) (holding that the federal statutory rate applies to such interest from the date that it accrues).  The Smith group, while dating its interest claim from *before* the Judgment was entered (and well before any fee was even demanded, let alone due), nevertheless cites *post-judgment interest* cases as authority for an interest award.  Smith Reply Mem. 37 n. 5.[7]

---

[6] *See also Commercial Union Assurance Co. PLC v. Milken*, 17 F.3d 608, 614 (2d Cir. 1994), cited by plaintiff, holding that whether or not to award *pre-judgment* interest under a contract and the rate of such interest is a matter of equitable discretion. There is no such discretion here, since the contract bars such interest, and no payment is due absent a Judgment.

[7] *Brown v. City of New York*, 2012 U.S. Dist. LEXIS 24365, *5 (E.D.N.Y. Jan. 30, 2012) is inapplicable here.  In *Brown*, the Magistrate considered whether a New York statute concerning payment of a settlement with the City governed a claim for amounts due under a settlement agreement, not a Rule 68 Offer of Judgment or a federal Judgment.  First, as the district court in the S.D.N.Y. observed in *Penley v. City of New York*, 2015 U.S. Dist. LEXIS 119808, *5 (S.D.N.Y. Sept. 8, 2015), the *Brown* settlement agreement did not expressly bar interest, and where, as here, it does bar interest. *Id.*  Second, plaintiff seeks here to enforce a claim pursuant to a Rule 68 Offer of Judgment embodied in a federal Judgment, which necessarily implicates federal law.  The court in *Brown* acknowledged that

Moreover, the accrual rule that plaintiff urges on the Court – dating the interest from when the Rule 68 was accepted or entered into a Judgment, rather than when the amount is adjudicated – is deemed fair *only because* it incorporates *the federal statutory rate* reflecting the Treasury bill market determined time-value of money.  *See Albahary v. City & Town of Bristol*, 96 F. Supp. 2d 121, 123 (D. Conn. 2000) ("[W]hile the fee-paying party is under no legal compulsion to satisfy its obligation before quantification, it also 'suffers no prejudice from any delay in quantifying the award because it has use of the money in the interim and because the statutory interest rate is tied to the U.S. Treasury Bill rate.'")(quotation and citations omitted), *cited by* Smith Reply Mem. 37, n. 51; *accord Natural Organics, Inc. v. Nutraceutical Corp.*, 2009 U.S. Dist. LEXIS 71077, *34 (S.D.N.Y. Aug. 6, 2009); *King v. JCS Enters.*, 325 F. Supp. 2d 162, 175 (E.D.N.Y. 2004).[8]

Accordingly, the Court should deny plaintiff's claim for interest on the attorneys' fees claim in its entirely, and certainly deny any claim at the state statutory rate of 9%.

## POINT III

### PLAINTIFF MAY NOT RECOVER FEES FROM THE CITY INCURRED IN CLAIMS AGAINST THE MEDICAL DEFENDANTS UNDER THE OFFER OF JUDGMENT

Plaintiff now argues that notwithstanding the law under Section 1988, it may as a matter of contract recover from the City the fees and expenses incurred in prosecuting "federal claims"

---

"'federal common law . . . .generally adopts the relevant state law rule *unless there is a significant conflict between the state rule and a federal interest.*'" *Id.* at *9-10 (quoting *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 188-89 (2d Cir. 2006)) (emphasis added).  Here there is a contrary federal interest, embodied in the federal interest rate under 28 U.S.C. § 1961(a) applicable to federal judgments.

[8] Several district courts within the Second Circuit have ruled that post-judgment interest, where available, runs from the date *that the amount due is determined by the Court*, even while also using the federal interest rate.  *See, e.g., Petrovits v. New York City Transit Auth.*, No. 95 Civ. 9872 (DFE), 2004 U.S. Dist. LEXIS 174, 2004 WL 42258 (S.D.N.Y. Jan. 7, 2004); *Collins v. Stolzenberg*, 970 F. Supp. 303, 305 (S.D.N.Y. 1997); *Natural Organics, Inc. v. Nutraceutical Corp.*, 2009 U.S. Dist. LEXIS 71077, *34 (S.D.N.Y. Aug. 6, 2009).

against the private medical defendants, who separately settled the claims against them with plaintiff.

Plaintiff's argument puts basic principles of contract interpretation on their head, but claiming that because the Offer of Judgment should be construed against the drafter, single phrase ("federal claims") is ambiguous and can be imbued with an unreasonable meaning: that is, federal claims against other defendants not named in the Offer of Judgment.  As an initial matter, the Offer of Judgment is not ambiguous: it offers attorneys' fees for "federal claims" against the parties named in the Offer of Judgment and the parties released by the Offer of Judgment, and no one else.  Only "ambiguous contract language is to be construed against the drafter." *Fein v. Chi. Ins. Co.*, 2003 U.S. Dist. LEXIS 12374, *16-18 (S.D.N.Y. July 16, 2003); *see Albany Sav. Bank v. Halpin*, 117 F.3d 669, 674 (2d Cir. 1997)(construing bank release)).

 The Offer of Judgment, like any other instrument, is only ambiguous if it is "'capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context *of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business*.'" *Seiden Assocs. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. N.Y. 1992) (emphasis added) (quoting *Walk-In Medical Centers, Inc. v. Breuer Capital Corp.*, 818 F.2d 260, 263 (2d Cir. 1987)).  Conversely, language is not ambiguous when it has "'a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference in opinion.'" *Id*. (quoting *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989)).

"To determine whether a contract is ambiguous, a court should examine the entire contract and consider the relation of the parties and the circumstances under which it was

executed.  Particular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby. Form should not prevail over substance and a sensible meaning of words should be sought." *Columbia Cas. Co. v. Neighborhood Risk Mgmt. Corp.*, 2015 U.S. Dist. LEXIS 85014, *17-18 (S.D.N.Y. June 29, 2015) (quotations and citations omitted); *see also Mercury Partners LLC v. Pac. Med. Bldgs., L.P.*, 2007 U.S. Dist. LEXIS 55855, *22-24 (S.D.N.Y. July 30, 2007) (A "contract must be interpreted as a whole, with regard to all of its provisions; provisions should not be selected and interpreted in isolation, without regard to other provisions of the contract which bear upon them.") (citing *Galli v. Metz*, 973 F.2d 145, 149 (2d Cir. 1992); *Computer Sys. of Am., Inc. v. Unum Life Ins. Co.*, 975 F.2d 922, 925 (1st Cir. 1992) ("The intention of the parties must be gleaned from all corners of the document, rather than from sentences or clauses viewed in isolation." (quotations omitted)).  In addition, "[i]n construing the provisions of a contract, courts are to give due consideration 'to the circumstances surrounding its execution, to the purpose of the parties in making the contract and, if possible, . . . give the agreement a fair and reasonable interpretation.'" *Id.* at 23-24 (quoting *In re Nat'l Basketball Ass'n*, 630 F. Supp. 136, 140 (S.D.N.Y. 1986)).

Here the Offer of Judgment is unambiguously limited to attorneys' fees for "federal claims" against the parties who issued the Offer of Judgment (the municipal defendants, not the private medical defendants), which are the same parties whom plaintiff released by the plaintiff's acceptance of the Offer of Judgment; the medical defendants are not mentioned at all.  *See* Offer of Judgment.  Limiting the attorneys' fees to those recoverable in claims against the defendants named in the Offer of Judgment is consistent with the entire agreement and standard practice in Section 1983 cases.  There is no rational reason for any defendant to offer attorneys' fees that

were not otherwise recoverable from it, and accordingly, no reasonable attorney offering or

accepting a Rule 68 would construe it to cover claims against third parties.

Moreover, even if there were any ambiguity, the agreement taken as a whole and other

extrinsic evidence would trump the rule that language should be interpreted against the drafter.

"The Second Circuit, applying New York law, has repeatedly held that rules of construction,

such as *contra proferentum*, should only be applied when all other guides to interpretation of the

contract have failed to resolve the ambiguity." *Cob Shipping Canada, Inc. v. Trans Mktg.*

*Houston, Inc.*, 1993 U.S. Dist. LEXIS 10795, *13-14 (S.D.N.Y. Aug. 4, 1993) (citing *United*

*States Naval Inst. v. Charter Communications, Inc.*, 875 F.2d 1044, 1050 (2d Cir. 1989)); *accord*

*In re Am. Int'l Group, Inc.*, 2014 U.S. Dist. LEXIS 143375, *16 (S.D.N.Y. Sept. 29, 2014).

Accordingly, where, as here, the "the document . . . in the light of the contract as a whole" is

contrary to plaintiff's interpretation, that interpretation must be rejected as contrary to the

parties' intent.  *Id.*[9]

Plaintiff's authorities are off point.  *Torres v. Walker*, 356 F.3d 238, 243 (2d Cir. 2004

did not involve a Rule 68 Offer of Judgment, or any Judgment at all.  There the Court held only

that the PLRA did not apply of its own force to the parties' stipulation of voluntary dismissal,

and that the stipulation did not invoke the PLRA of its own force, based in part on extrinsic

evidence.  *Id*. at 243, 246 ("[W]e see no reason to apply the PLRA fee caps to this action, in

which a money judgment never was entered.").  This has nothing to do with whether a Judgment

pursuant to Rule 68 covers claims against third parties.

---

[9] The absence of any pending federal claims against the medical defendants at the time of the Offer of Judgment is
strong extrinsic evidence against plaintiff's construction.  In addition, plaintiff's moving papers did not even
mention this extraordinary theory when discussing the medical claims.  Plf. Mem. 4.  Rather plaintiff relied on
Section 1988.  Plf. Mem.15-16.  In any event, if the Court were to find the Offer of Judgment ambiguous on this
issue, discovery and a hearing should be permitted on the issue.

*Valdez v. Squier*, 676 F.3d 935, 948 (10th Cir. 2012) is also off point (as well as non-binding on this Court).  That case concerned *a global settlement agreement made and signed by several defendants* – not a separate Rule 68 Offer of Judgment that did not even mention other defendants – where two of the three jointly-settling defendants later made a separate agreement on attorneys' fees with plaintiff.  *Id.*  The court held that the amount paid by the other defendants *should* be deducted from the remaining fee claim (i.e., each defendants was not responsible for fees against all others), but that the remaining claim could not be rejected *in toto* because plaintiff failed to allocate fees amongst the defendants.  *Id.*  Here, in contrast, there is no joint settlement with the medical defendants, and here it *is* possible here to segregate fees arising solely from the claims against medical defendants where, as the City has done in the Audit Report, Exhibit 3 (Docket No. 598-4) at 127-143.

Plaintiff's alternative argument that the work on the claims against the medical defendants was "substantially related" or "inextricably intertwined" with  its claims against the City is also inapt, because the only hours deducted by defendants here was procedurally separate from any claim against the City defendants.  *Id.*  Even plaintiff's authorities support this point. *See Cabral v. City of New York*, 2015 U.S. Dist. LEXIS 105392, *26-27 (S.D.N.Y. Aug. 11, 2015) (holding that fees incurred in plaintiff's criminal defense proceeding *were not* substantially related to prosecution of his civil rights claims).[10] The work that the City proposes to deduct

---

[10] Even the best authorities plaintiff finds, after reaching far afield, fail to address the circumstances here, where the fees are *procedurally segregable* to litigation solely against the other defendants. In *Lane v. Grant County*, 2013 U.S. Dist. LEXIS 139659, *2 (E.D. Wash. Sept. 20, 2013), cited by plaintiff, only one defendant is ever mentioned by the Court, so any mention of other defendants is dicta.  In *Statler v. Buffalo-Bodega Complex, Inc.*, 2008 U.S. Dist. LEXIS 87685, *3-4 (D.S.D. Oct. 23, 2008) , cited by plaintiff, the South Dakota district court dealt with a typical sexual harassment claim against an employer and an employee of that employer.  *Id.*  Those were obviously intertwined claims, where liability of the employer depends on liability of the individual employee, which is not comparable to claims against two distinct sets of defendants with different employers sued for different conduct.

simply would not have been necessary had the medical defendants not been sued in this proceeding.  *See* Audit Report, Exhibit 3 (Docket No. 598-4) at 127-143.

**POINT IV**

**THE COURT SHOULD CONSIDER THE**
**AUDIT REPORT OF JUDITH BRONSTHER**

In his Reply, plaintiff once again briefs his motion to strike the Audit Report of Judith Bronsther, and the City responds here solely to the arguments set forth in the Reply submission on the motion for fees (not the motion to strike).

Plaintiff fails to cite any apt legal authority.  In *Playtex Prods. v. Procter & Gamble Co.*, 2003 U.S. Dist. LEXIS 8913, *31 (S.D.N.Y. May 28, 2003), mis-cited by plaintiff (Norinsberg Reply at 7), the Court held that an expert could not rely on the party's subjective assertions to the expert – not that the expert could not give her own subjective opinions.  *Id.* (expert "based her opinion 'entirely on what Playtex told [her] they did'" and "heavy reliance on *Playtex's subjective view*, without analysis of the basis for *that party's conclusion*, is wholly insufficient"). In *Takeda Chem. Indus. v. Mylan Labs., Inc.*, 2007 U.S. Dist. LEXIS 19614, *24 (S.D.N.Y. Mar. 21, 2007), the Court found that the particular expert in that case lacked basis for their opinions for reasons that are not applicable here: (i) their work was conducted over only nine days (the scope of Bronsther's Audit Report reflects far more effort); (ii) the expert "did nothing" to familiarize himself with the case at hand (Bronsther read pleadings and decisions as well as the docket, *see* Bronsther Dec. Ex. B, Docket No. 600 at 11; (iii) the expert had no prior experience in the complex field of patent litigation (as compared to the relatively non-technical area of civil rights litigation, where Bronsther does have experience (City Mem. in Opposition to Motion to Strike, Docket No. 627, at 11-12); (iv) and the expert in Takeda made errors that plaintiff has not argued occurred here: mistakes in allocating work among tasks, and criticizing the use of

- 11 -

contract attorneys.  The Bankruptcy court decision in *McCord v. Jaspan Schlesinger Hoffman, LLP (In re Monahan Ford Corp.)*, 390 B.R. 493, 504 (Bankr. E.D.N.Y. 2008), held only that the Bankruptcy Court did not require expert testimony to judge the quality of representation provided to the estate by bankruptcy counsel, where the quality of plaintiff's counsel's representation is not opined upon by Bronsther.[11]

Plaintiff also argues that Bronsther's Audit Report should be rejected because it is "rife" with errors (Norinsberg Reply Mem. 8), but plaintiff, in four separate briefs, fails to identify more than a handful of purported mistakes.  For example, Norinsberg asserts – without citation to the Audit Report – that Bronsther erroneously deducts the Norinsberg team's initial efforts to get up to speed on the case.  Norinsberg Reply Mem. 28.  In fact, Bronsther carefully selected entries relating specifically to counsel's retainer agreements and dealings with prior counsel, not general investigation at the outset of the case, which constituted nearly 480 hours.  *Compare* Audit Report 29-30 (56.9 hours) & Exhibit 4 (Docket No. 598-4) at 144, *with* Audit Report 76 (479.7 hours incurred from inception to initial complaint).

The Norinsberg team suggests that Bronsther erred by not reviewing counsel's emails to determine whether the Norinsberg team's billings were excessive. This is nonsense.  Bronsther is not expected to review counsel's emails, and plaintiff submits only a few handpicked emails, while even now refusing to produce counsel's original timesheets, which are far more  relevant, while offering to submit the timesheets only *ex parte*, without the benefit of the adversarial

---

[11] Plaintiff misleadingly implies that the decision in *Cohen v. Brown University*, 2001 U. S. Dist. Lexis 22438 at * 32-33 (D.R. I. 2001) finds that Bronsther's expert opinions are unreliable. Bronsther issued no expert report and gave no testimony in that case.  Rather, the court there found that summary charts appended to a party's brief (which Bronsther's firm was involved as a consultant in preparing, although that is not mentioned in the decision) did not confirm to plaintiff's actual billing records.  *Id.* Plaintiff has not and cannot find any comparable errors in the Audit Report in this case, which is based on and reproduces plaintiff's actual billing records. It is the evidence in this case that must govern here.  *See Palmer v. Rice*, 2005 U.S. Dist. LEXIS 13677, *21 (D.D.C. July 11, 2005) (holding that any findings of errors in a Rhode Island case, "if true," were "irrelevant" and "consider[ing]d those portions of Bronsther's testimony that [the court] find[s] to be both credible and persuasive.").

system.  Norinsberg Reply Mem. 42 n. 21. The timesheets *should be* submitted to the Court, and

fairness and the adversarial process requires that they be produced to the City for comment.[12]

     Smith also asserts that the City concluded without basis that his team submitted expenses

for cash provided to plaintiff and an unknown person.[13]   Bronsther correctly attributed those

expenses to the Norinsberg team, and they are set forth plainly in plaintiff's submission.  *See*

Audit Report at 16, 17; 111-12; Docket No. 560-8 at 64-65.  Among other things plaintiff's

counsel seeks to charge the City for cash forwarded to "Yudelka Cepeda," the unknown person

referenced in the City's brief.  *Id*. at 65.[14]

### POINT V

### THE ADDITIONAL EVIDENCE OFFERED BY SMITH REGARDING HIS RATES IS IRRELEVANT

     With respect to rates, the City responds here only to Smith's new evidence which

provides fees that clients purportedly paid for legal services that are not comparable on their face

to the matter here.  Smith asserts that an "asset management firm" has agreed to pay him $575

for a *pre-litigation evaluation* of a potential challenge to "certain out-of-state tax collection

authorities."  Smith Reply. Aff. ¶ 13.  That is a business-motivated matter brought by a financial

---

[12] Smith claims that Bronsther erroneously confused him with a paralegal using the initials "NB" on the Norinsberg team.  Smith Reply Aff. ¶ 9.  This mischaracterizes the issue.  The Audit Report contains a typographical error referring to the Smith team where it was intended to refer to the Norinsberg team (and includes only one entry from Nat Smith in a block of time otherwise billed solely by the Norinsberg team).  Bronsther Dec. II, ¶ 11 n.1 (Docket No. 627.  The Audit Report clearly shows that Bronsther knows the different between the "NB" and "NBS".  Audit Report 598-4 at 6.  Plaintiff also curiously asserts that "the City Defendants and their expert do not provide any foundation for the conclusory claims about the existence and magnitude of block billing."  Smith Reply Mem. 28.  In fact, the Audit Report contains every single block billing entry identified by Bronsther.  Audit Report Ex. 9 (Docket No. 598-4) at 214-51.

[13] The City's memorandum mistakenly and regrettably referred to the Smith team as charging those improper expenses, and counsel's misstatement cannot reflect poorly upon Bronsther.  City Opp. Mem. at 2.  Nevertheless, this is plaintiff's claim and it must stand or fall as a single claim; it is not a claim made by individual lawyers.

[14] Plaintiff's additional contentions on the merits of Bronsther's opinions and the City's arguments will be addressed at oral argument.

firm – not a civil rights matter seeking damages to vindicate an individual's civil rights. Moreover, that agreement (which ought to be submitted to the Court and the City) does not involve *actual litigation of a claim*, which is a far more costly undertaking.  Smith also cites a "corporate litigation between former shareholders" where a client agreed to pay $550 per hour – which is even further afield and obviously irrelevant.  *Id*. ¶ 14.

This reliance on rates charged in dissimilar matters is insufficient. "[T]he burden is on the fee applicant to produce satisfactory evidence ... that the requested rates are in line with those prevailing  in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Brady v. Wal-Mart Stores, Inc.*, 2010 U.S. Dist. LEXIS 115380, *8-9 (E.D.N.Y. Oct. 29, 2010) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).[15]

## CONCLUSION

For the reasons stated above and in the City's prior submissions, the Court should consider the Audit Report of Judith Bronsther and should adjust the plaintiff's fee claim as requested by the City.

Dated:          New York, New York
                May 10, 2016

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                 City of New York
                                *Attorney for Defendants*
                                100 Church Street, Room 3-174
                                New York, New York 10007

                                By:     ___/s/_____
                                        Alan Scheiner

---

[15] S*ee also Montanez v. Simon*, 755 F.3d 547, 554 (7th Cir. 2014) ("[C]onclusory affidavits from attorneys merely opining on the reasonableness of another attorney's fee—unlike affidavits describing what comparable attorneys charge for similar services—have little probative value."); *Spegon v. Catholic Bishop*, 175 F.3d 544, 556 (7th Cir. 1999) (same); *Cavada v. City of Chicago*, 2014 U.S. Dist. LEXIS 116089, *9-10 (N.D. Ill. Aug. 18, 2014) (same).