

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

ALAN H. SCHEINER
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 788-9776
ascheine@law.nyc.gov

May 10, 2016

**BY ECF & EMAIL
(Talia_Nissimyan@nysd.uscourts.gov)**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Schoolcraft v. City of New York*, 10-CV-6005 (RWS)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing the motion respondent City of New York (the "City"), in connection with the above-captioned matter.

      I write to respectfully move to strike plaintiff's second purported "Reply" submission filed today by Nat Smith, relating to on plaintiff's motion to strike the Declaration and Audit Report of Judith Bronsther.  *See* Docket No. 631.  Plaintiff already filed a letter "on behalf of plaintiff's counsel" on May 6, 2016, in reply to defendant's opposition to plaintiff's Motion to Strike.  Docket No. 630.  This was in addition to further briefing on the expert issue in plaintiff's Reply on the fee application.  *See* Docket No. 629 at 2.

      Plaintiff made no request to file multiple Reply submissions on the motion to strike to the Court or to the City, and there is no justification for multiple submissions on the expert motion. Plaintiff made its motion to strike with a single letter, and there is nothing in Smith's purported Reply that is specific to the Smith team's billings. Rather, Smith presents general legal arguments, including new arguments and case law which could have been submitted in plaintiff's original moving papers, or at the latest in its already filed Reply.

      As this court has already ruled, plaintiff's counsel are not parties to this proceeding and are not entitled to make submissions on their own behalf.  The most recent multiple filing was done without prior request and without any justification.

Sweet, J.
May 10, 2016
Page 2

      In addition to constituting a multiple filing on behalf of a single party, Smith's letter also flouts page limitations, without prior permission. On May 6, 2016, plaintiff filed a three page single-spaced reply letter-brief, equivalent to six pages of a correctly formatted memorandum. Docket No. 630. Now plaintiff files an eight-page single spaced letter, equivalent to a 16 page memorandum. Thus, plaintiff has filed in total a 24 page "Reply" memorandum in response to an opposition brief that was only 18 pages. *See* Docket No. 627. This court's page limit for Reply memorandum is 10 pages. *See* Local Rule 7.1(c) and Court's Individual Practices.

      The plaintiffs' counsel's piling-on by multiple, oversize filings flouts procedural rules and causes prejudice to the City's fair opportunity to evaluate and respond to the submissions in an orderly fashion. The City therefore respectfully requests that the Court strike the plaintiff's newest submission as procedurally improper and not consider it.

      We thank the Court for its consideration of this matter.

                                                        Respectfully submitted,

                                                         /s/

                                                      Alan H. Scheiner
                                                      Senior Counsel
                                                      Special Federal Litigation Division

cc:      All counsel by ECF