```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-31-17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ADRIAN SCHOOLCRAFT,

                        Plaintiff,         10 Civ. 6005

    -against-                               OPINION

THE CITY OF NEW YORK, et al.,

                        Defendants.

------------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        NATHANIEL B. SMITH, ESQ.
        100 Wall Street, 23rd Floor
        New York, NY 10005

        JOHN LENOIR, ESQ.
        829 Third Street, NE
        Washington, DC 20002

        Attorneys for Defendants

        NEW YORK CITY LAW DEPARTMENT
        100 Church Street, 3rd Floor
        New York, NY 10007
        By:  Alan H. Scheiner, Esq.

**Sweet, D.J.**

The plaintiff Adrian Schoolcraft ("Schoolcraft" or the "Plaintiff") has moved pursuant to Local Civil Rule 6.3 and Rules 59(e), 54(b), and 60(b), Fed R. Civ. P., for reconsideration of certain portions of the September 6, 2016 order awarding the Plaintiff $1,093,658.04 for attorneys' fees, costs, and disbursements in this civil rights action against The City of New York, certain of its officers and employees (the "City"), Jamaica Hospital Center, and certain of its employees (collectively, the "Defendants"). Based upon the conclusions set forth below, the motion for reconsideration is granted, and upon reconsideration, the 35% reduction of attorneys' fees is modified to a 25% reduction.

**I.  Prior Proceedings**

The September 6, 2016 order (the "September 2016 Order") described the prior proceedings. *See Schoolcraft v. City of N.Y.*, No. 10 CIV. 6005 (RWS), 2016 WL 4626568, at *1-2 (S.D.N.Y. Sept. 6, 2016). Familiarity with the prior proceedings and facts is assumed.

The instant motions were marked fully submitted on November 17, 2016.

## II.  The Applicable Standard

A motion for reconsideration is properly granted where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Farez-Espinoza v. Napolitano*, 08 Civ. 11060 (HB), 2009 WL 1118098, at *3 (S.D.N.Y. Apr. 27, 2009). Pursuant to Local Civil Rule 6.3, the Court may reconsider a prior decision to "correct a clear error or prevent manifest injustice." *Medisim Ltd. v. BestMed LLC*, 2012 U.S. Dist. LEXIS 56800, at *2-3 (S.D.N.Y. Apr. 23, 2012) (citing *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 364-65 (S.D.N.Y. 2009)).

Reconsideration of a court's prior order under Local Rule 6.3 "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Ferring B.V. v. Allergan, Inc.*,

2

No. 12 Civ. 2650 (RWS), 2013 WL 4082930, 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (quoting *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)). Accordingly, the standard of review applicable to such a motion is "strict." *CSX*, 70 F.3d at 257.

The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion and that might "materially have influenced its earlier decision." *Anglo Am. Ins. Group v. CalFed, Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996) (internal quotation marks and citation omitted). A party seeking reconsideration may neither repeat "arguments already briefed, considered and decided" nor "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted).

"The reason for the rule confining reconsideration to matters that were 'overlooked' is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ.

690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation and quotation marks omitted).

### III. The Motion to Reconsider is Granted

Plaintiff's counsel Nathaniel B. Smith, Esq., ("Smith") noted that the City had taken the position in its initial opposition to the application that $450 was a reasonable rate for Smith. See City Memorandum of Law in Opposition, Docket Entry 661 ("City's Opp'n") at 15. The City also urged the adoption of a $400 hourly rate for Plaintiff's counsel Jon L. Norinsberg, Esq. ("Norinsberg"). Given the resolution of this action by the Offer of Judgment including reasonable counsel fees, these recommendations were significant and overlooked in fashioning the September 6 Order. Therefore, the motion to reconsider is granted.

### IV. The Fee Reduction is Modified

The 35% reduction in attorneys' fees determined in the September 6 Order reduced the rate for Smith and Norinsberg below that which the City posited was reasonable. A reduction of 25% will approximate the City's recommendations and, under the

circumstances set forth in the September 6 Order, upon reconsideration results in a reasonable attorneys' fee.

## V. Reconsideration of the *Arbor Hill* and *Johnson* Factors is Denied

Plaintiff has previously sought reconsideration based on new arguments that could have and should have been made earlier. *See Schoolcraft v. City of N.Y.*, 133 F. Supp. 3d 563, 571-72 (S.D.N.Y. 2015) (denying motion for reconsideration because plaintiff's arguments were not previously advanced); *Schoolcraft v. City of N.Y.*, No. 10 CIV. 6005 RWS, 2012 WL 2958176, at *5 (S.D.N.Y. July 20, 2012) (denying motion to reconsider in part because motion as based on new arguments). Plaintiff does so again here.

"[A] party requesting [reconsideration] is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings." *Church of Scientology Int'l v. Time Warner, Inc.*, No. 92 Civ. 3024 (PKL), 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997); *see also Ferring B.V. v. Allergan, Inc.*, No. 12 Civ. 2650 (RWS), 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (a party

5

seeking reconsideration may neither repeat "arguments already briefed, considered and decided," nor "advance new facts, issues or arguments not previously presented to the Court") (internal citations and quotation marks omitted).

Plaintiff argues for the first time that the Court applied the wrong standard in determining reasonable fees; specifically that the Court should not have: (1) followed the leading Second Circuit decision of *Arbor Hill*; (2) considered the *Johnson* factors; (3) considered the size of the law firms; or (4) considered the apparent reputational benefits to counsel as called for by *Arbor Hill*. *See* Norinsberg Team Reconsideration Memorandum of Law, Docket Entry 641 ("Norinsberg Br.") at 2-5, 6-10; Smith Team Reconsideration Memorandum of Law, Docket Entry 644 ("Smith Br.") at 14. For this argument, Plaintiff relies primarily on the Supreme Court opinions in *Blum v. Stenson*, 465 U.S. 886 (1984), and *Perdue v. Kenny A.*, 559 U.S. 542 (2010), and four district court decisions never before cited.

There were nine previous submissions on fees from the Norinsberg and Smith teams. *See* Docket Entries 560, 561, 605, 610, 620, 621, 624, 625, and 630. *Arbor Hill*, the *Johnson* factors, the size of the law firm, and the reputational benefits to counsel were all addressed by the City in its Opposition.

6

*See, e.g.*, City's Opp'n at 4-5, 48-51, 54-55. Plaintiff and the City both cited *Blum* and *Perdue*, but Plaintiff did not urge that those cases overruled *Arbor Hill* or any other authorities on which the City relied. *See* City's Opp'n at 4-5, 22, 47-48 (citing *Arbor Hill*, *Johnson*, *Blum*, and *Perdue*); Norinsberg Team Memorandum of Law on Fees, Docket Entry 561 ("Norinsberg Prior Br.") at 16, 19, 29 (citing *Blum* and *Perdue*); Smith Team Memorandum of Law on Fees, Docket Entry 620 ("Smith Prior Br.") at 30-31 (citing *Blum* and *Perdue*).

The Plaintiff's new argument impugning *Arbor Hill's* case-specific approach to determining reasonable fees is contrary to Plaintiff's prior submissions. The Smith team wrote: "As the Second Circuit has explained, this fact-finding 'contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel.'" Smith Prior Br. at 30 (quoting *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)). The Norinsberg team cited *Arbor Hill* favorably in its moving brief, and only the lower court's decision in *Arbor Hill* in its Reply. *See* Norinsberg Prior Br. at 20; Norinsberg Team Reply Memorandum of Law on Fees, Docket Entry 624 ("Norinsberg Prior Reply Br.") at 48.

7

The Second Circuit has reaffirmed *Arbor Hill* since *Perdue*, citing the two cases together and equating their methodologies:

> Both this Court and the Supreme Court have held that the lodestar - the product of a reasonable hourly rate and the reasonable number of hours required by the case - creates a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *see also Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010).

*Millea v. Metro-N. R.R.*, 658 F.3d 154, 166-67 (2d Cir. 2011); *see also Dunda v. Aetna Life Ins. Co.*, No. 6:15-CV-6232-MAT, 2016 WL 4831962 (W.D.N.Y. Sept. 15, 2016) (same). In other words, whether the methodology is called the "presumptively reasonable fee" as in *Arbor Hill* or the "lodestar" as in *Perdue*, the method is the same: calculation of reasonable hours times reasonable rates to arrive at a presumptively reasonable fee.

Courts in this Circuit have continued to explicitly apply the factors that Plaintiff claims have been ruled improper well after the Supreme Court decisions relied on by Plaintiff. In *Townsend v. Benjamin Enters.*, 679 F.3d 41, 59-60 (2d Cir. 2012), the Second Circuit affirmed the district court's hourly rate decision, which was based in part on the size of the law

8

firm. In *Finch v. N.Y. State Office of Children & Family Servs.*, 861 F. Supp.2d 145, 153 n.50 (S.D.N.Y. 2012) (Scheindlin, J.), the district court applied *Blum*, *Perdue*, and Second Circuit law, and concluded that a lower rate applied because plaintiff's counsel was a sole practitioner, noting that "[t]he size of the law firm is a significant factor in determining the relevant market rates." (citing *Reiter v. Metropolitan Transp. Auth. Of State of New York*, No. 01 Civ. 2762, 2007 WL 2775144 (S.D.N.Y. Sept, 25, 2007), in which the court noted that "the large firms listed on the [National Law Journal] survey have acquired a reputation that allows them to command high rates in the market. Many other firms, in particular smaller firms that may be providing equally capable services, simply do not command anywhere near such rates . . . ."). In the recent decision in *Garcia v. Chirping Chicken NYC, Inc.*, No. 15 Civ. 2335 (JBW)(CLP), 2016 U.S. Dist. LEXIS 32750, at *57-58 (E.D.N.Y. Mar. 11, 2016) (Pollak, J.), the Court applied the *Arbor Hill* method, including the *Johnson* factors, and noted the factor of potential reputational benefits to the attorney.

The motion to reconsider based on *Arbor Hill* and the application of the *Johnson* factors is denied.

**VI.   Reconsideration Based on the City's Summaries is Denied**

The Plaintiff has attacked the City's calculations and characterizations of the counsel's hours in four filings: two briefs on fees, a separate motion to strike, and a reply on the motion to strike. However, Plaintiff has not previously raised the errors which the Smith team now cites on reconsideration. In fact, the Smith team in reply discussed the deposition time and acknowledged that it warranted some reduction in rates, but never mentioned its new attacks on the same subject.

Plaintiff's counsel have had the City's Audit since April 8, 2016 and the coding worksheets since May 11, 2016. *See* Docket Entry 635; *see also* September 6 Order at *4, n.2. As the City previously stated, the Audit's "calculations are based on the time charges submitted by plaintiff, and could be confirmed or disputed by the parties or the Court by reference to the material submitted by Plaintiff. . . . If the Plaintiff believes that the calculations are in error, he can submit his own calculations." City Opp'n at 15. Yet Plaintiff alleged only a handful of minor, alleged discrepancies when litigating the fee motion, which amounted to typographical errors. *See* Reply Affirmation of Nathaniel B. Smith, Docket Entry 621 at ¶¶ 9-11; City's Surreply Memorandum of Law Opposing Fee Application,

10

Docket Entry 632 at 13. Although Smith now claims the mistake in briefing was so obvious that it was deliberate, his own team did not raise the issue even with their knowledge of their own time records until after the Court's ruling.

The Plaintiff chose to submit fee information in numerous different forms and formats, including in non-electronic form, and refused the City's request for production of the electronic files containing the data. *See* City's Letter Motion to Compel Fee Discovery, Docket Entry 576; Plaintiff's Letter Response to City's Letter Motion to Compel Fee Discovery, Docket Entry 577. In opposing Plaintiff's motion to strike the Audit, the City offered to have Judith Bronsther testify about her methods and processes, and thus be subjected to cross-examination, but Plaintiff never took up the offer. *See* City's Letter Regarding Motion to Strike, Docket Entry 635. Nor did the Plaintiff ever seek discovery from ASI or Bronsther, to which the City states it would have consented.

The time to challenge the accuracy of the Bronsther Report was before the completion of the submissions on the fee application, not after.

## VII. Conclusion

The motions to reconsider are granted. Upon reconsideration, the attorneys' fees will be reduced by 25%. The remaining requests for reconsideration are denied.

It is so ordered.

New York, NY
March 30, 2017

_____
ROBERT W. SWEET
U.S.D.J.